IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, GOVERNOR OF THE STATE OF TEXAS SUED IN HIS OFFICIAL CAPACITY; AND JOHN SCOTT, SECRETARY OF STATE OF TEXAS OF TEXAS SUED IN HIS OFFICIAL CAPACITY, <br><br> *Defendants*. | § § § § § § § § § § § § § § § | Case No. 3:21-cv-259-DCG-JES-JVB |

# EXHIBIT C

**ORIGINAL COMPLAINT,** *GUTIERREZ V. ABBOTT*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ROLAND GUTIERREZ; SARAH ECKHARDT; and the TEJANO DEMOCRATS, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, Governor of the State of Texas sued in his official capacity; and, JOSE A. ESPARZA, Deputy Secretary of State of Texas and acting Secretary of State of Texas sued in his official capacity. <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <u>1:21-CV-00769</u> <br> Complaint for Declaratory Judgment and Injunctive Relief |

---

**PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

---

## I.  INTRODUCTION

1. This is a redistricting lawsuit challenging the existing maps for the Texas House of Representatives and Texas Senate districts because they violate the 14th Amendment's "one person, one vote" principle. The current maps, which undisputedly violate that principle, must be reapportioned before the 2022 election cycle. However, the Texas Legislature cannot accomplish that reapportionment. As a matter of Texas constitutional law, the Legislature cannot reapportion until the first regular session after the census, which does not convene until January, 2023. Thus, for the 2022 election cycle, this Court has the exclusive obligation to create interim maps.

2. The Legislature's first valid opportunity to apportion State House and State Senate legislative districts commences "at its first regular session after the publication of each United

1

States decennial census." Tex. Const. art. III § 28. Only once that regular session ends, and then only if the Legislative Redistricting Board fails to act, may the Legislature apportion during a special session. The Census was not published before or during the 87th Regular Session in 2021; thus, the Legislature's first opportunity for apportionment is not until the 88th Regular Session in 2023. The plain text of the Texas Constitution prevents the Legislature from apportioning its State House or State Senate districts in a special session at this time. Therefore, this Court faces the necessary duty of ensuring a constitutional administration of the 2022 Texas election cycle by drawing an interim map.

**II.     PARTIES**

3.   Plaintiff Roland Gutierrez is a Texas State Senator, Texas citizen, and Texas registered voter. He lives in San Antonio and is a registered voter in Texas Senate District 19 and Texas House District 119. He is a minority voter who has consistently voted in elections and was elected State Senator for SD 19. He was sworn into office as a State Senator in January of 2021. He resides in and represents an overpopulated senate district and a malapportioned house district.

4.   Plaintiff Sarah Eckhardt is a Texas State Senator, Texas citizen and Texas registered voter. Senator Eckhardt lives in Austin, Texas and is a registered voter in Texas Senate District 14 and Texas House District 49. She is the former County Judge for Travis County. She has consistently voted in elections and was first elected in a special election in July of 2020. She resides and votes in an overpopulated State Senate district and State House district.

5.   Plaintiff Tejano Democrats is a statewide political organization of 2,100 members. They expend resources to educate voters about candidates for office and have a special focus on the needs of Mexican American voters and candidates. Tejano Democrats' members are registered

voters who vote consistently in Texas elections. Most of their members are minority voters. The Tejano Democrats have members in overpopulated State House and State Senate districts.

6. Defendant Greg Abbott, the 48th Governor of Texas, is the only elected official in the state of Texas that may order the Legislature into a special session. *See* TEX. CONST. art. IV, § 8. He is the chief executive officer of this State and issues executive orders and proclamations concerning election-related matters and election administration by and through the executive department of the Texas state government. The Governor is sued in his official capacity. He may be served at Office of the Governor, State Insurance Building, 1100 San Jacinto, Austin, Texas 78701.

7. Defendant Jose A. Esparza is the current Deputy Secretary of State and is acting as the current Texas Secretary of State until the Governor appoints a new Secretary of State. The Secretary of State is the chief election officer of this state. He supervises elections and has constitutional and statutory duties associated with redistricting and apportionment, including advising election authorities on boundaries of districts, election deadlines for new districts, and enforcement of certain election rules and laws. He may be served at 1019 Brazos St., Austin, TX 78701.

### III. JURISDICTION AND VENUE

8. Plaintiff's complaint arises under the United States Constitution and federal law. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) & (4), and 42 U.S.C. §§ 1983, 1988.

9. Venue is proper in the Western District of Texas. 28 U.S.C. § 1391(b)(1) because all defendants reside in this district.

10. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3

11. This is a constitutional challenge against the apportionment plans for statewide legislative bodies. The plaintiffs demand a three-judge panel pursuant to 28 U.S.C. § 2284.

**IV. FACTS**

**TEXAS LAW ON THE SCHEDULE FOR APPORTIONMENT**

12. The Texas Constitution outlines the schedule for apportionment of legislative districts:

> "Sec. 28. TIME FOR APPORTIONMENT; APPORTIONMENT BY LEGISLATIVE REDISTRICTING BOARD. The Legislature shall, at its first regular session after the publication of each United States decennial census, apportion the state into senatorial and representative districts...." Tex. Const. art. III, § 28

13. This provision prohibits the Legislature from apportioning districts until "the first *regular* session *after* the publication of each United States decennial census." *Id*.

14. This provision was adopted in 1947 by the 50th Texas Legislature. It was filed that year as Senate Joint Resolution 2 ("SJR 2") and, once enacted and ratified by the people, it amended the Texas Constitution.

15. SJR 2 was read for the first time and referred to the Committee on Constitutional Amendments on January 16, 1947. As introduced, SJR 2 did not differentiate between a regular and special session, but mandated that "the Legislature shall, at its first *Session* after the publication of each decennial census, apportion the state into senatorial and representative districts…" It also provided for the creation of a Legislative Redistricting Board should the Legislature fail to adopt apportionment plans.

16. But the Committee on Constitutional Amendments in the Senate substantively altered the provision, requiring that the Legislature apportion only after the first *regular* session after the decennial census. Acts 1947, 50th R.S., SJR 2.

4

17. The Texas Legislature passed the revised SJR 2 by a two-thirds vote in each chamber, and the amendment was sent to the voters for ratification.

18. On November 2, 1948, the voters of Texas overwhelmingly ratified SJR 2 by a greater than 3 to 1 margin — 528,158 votes for adoption compared to 153,704 votes against.

19. Timely legislative apportionments followed for three decades, until the 1970s. In 1971, the census was published during the pendency of the 62nd Regular Session.

20. During that Session, the Texas House adopted an apportionment plan, but the Texas Senate failed to do so, triggering the LRB's duty to apportion under Texas Constitution. Before the LRB met to adopt a Senate apportionment plan, Representative Tom Craddick successfully challenged the State House apportionment for violating the Texas whole county line rule (TEX. CONST. art. III, § 26), and the State House map's implementation was enjoined. When the LRB declined to apportion the House, a Senator sued, and the Texas Supreme Court compelled the LRB to apportion both the State House and the State Senate map.

21. In its opinion, the Texas Supreme Court construed the Constitution's limitations on the Legislature's power to apportion. The Court held: "[w]e are convinced that the overriding intent of the people in adopting Sec. 28 was to permit apportionment of the state into legislative districts at the _regular_ session of the Legislature which is convened in January following the taking of the census if the publication is either _before_ or _during the session_." *Mauzy v. Legis. Redistricting Bd.*, 471 S.W.2d 570, 573 (Tex. 1971) (orig. proceeding) (emphasis added).

22. Subsequent rulings in apportionment cases confirm the schedule of apportionment *Mauzy* outlined. In *Terrazas v. Ramirez*, the Supreme Court observed that "[a]lthough article III, section 28 of the Texas Constitution explicitly requires the Legislature to reapportion legislative districts in the first regular session after each United States decennial census is published, neither that

5

section nor any other constitutional provision prohibits the Legislature from acting in *later* special or regular sessions *after* the constitutional authority of the Legislative Redistricting Board has expired." *Terrazas v. Ramirez*, 829 S.W.2d 712, 726 (Tex. 1991) (emphasis added) (Hecht, J.).

23. Thus, a plain reading of Article III, § 28, its history, and Texas Supreme Court precedent create a specific schedule for apportionment. First, the census is published. Second, the Legislature must apportion at its next regular session after the census is published (or, if the census is published *during* the regular session, at that session). If the Legislature fails to act, the LRB can then act to apportion. Finally, after the expiration of the LRB's authority, the Legislature is free to act at either a regular or special session. *See Terrazas*, 829 S.W.2d at 726.

**CENSUS DELAYED**

24. Since the ratification of Article III, § 28 in 1951, the Census has been published during or before the immediate regular session following the census year.

25. That consistent and reliable streak of timely Census data ended in 2020. As a result, partial publication of the census was delayed until August 12, 2021 — after the regular session concluded and approximately 16 months before the next regular session would convene.

**GOVERNOR SUGGESTS A *SPECIAL* SESSION FOR APPORTIONMENT**

26. Notwithstanding the constitutional limitation on the Legislature's apportionment power, Governor Abbott has stated that he intends to call a *special* session after publication of the U.S. Census to apportion the state legislative districts.

27. Legislative committees have begun taking testimony of the demographic and population shifts in this last decade and have stated their intention to act swiftly to apportion legislative districts once called to do so by the Governor.

28. Legislative leaders in the Texas Senate have stated that they will begin hearings on state apportionment on September 6 and that a special session for apportionment will be called by the Governor on or about September 16, 2021.

29. The Texas Legislative Council, a support agency for the Legislature, has stated that, once the census is published, it will take two weeks to fully integrate the data into the proprietary redistricting software known as RedApl. By September 1, 2021, the data will be fully integrated, and mapping will begin.

30. Election deadlines for the 2022 election cycle are imminent. September 14, 2021 is the first day to file for a place on the primary ballot as a precinct chair. Other deadlines that will determine the scope of the next election are also swiftly approaching, including the state candidate filing period opening in mid-November and closing on December 13, 2021.

**MALAPPORTIONMENT**

31. The current statewide districting map for the State House and State Senate districts are malapportioned beyond what is permissible under federal and state law.

32. Plaintiff Roland Gutierrez resides in and votes in a State Senate district and State House district that are overpopulated or malapportioned.

33. Plaintiff Sarah Eckhardt resides in and votes in a State Senate district and State House district that are overpopulated or malapportioned.

34. Tejano Democrats has members in overpopulated State Senate and State House districts.

35. The Texas Senate map is malapportioned. The ideal population for a Texas State Senate district according to the 2020 Census is 940,178. Currently, SD 25 has 1,103,479 people and is overpopulated by 163,301 people or 17.37%. SD 28 is severely underpopulated and contains 796,007 people and is 144,171 people or -15.33% below the ideal Senate district population. This

7

is a "top to bottom" population deviation of 32.7%, far exceeding the 10% deviation allowable under law.

36. The Texas House map is also malapportioned. The ideal State House district is 194,303. HD 28 contains 297,064 people, which is 52.89% overpopulated. HD 76 is substantially underpopulated and is -24.71% below the ideal population. This is a "top to bottom" deviation of 77.6%, far exceeding what is allowable under law.

**INJURY**

37. The plaintiffs are injured because they are in malapportioned districts in violation of the U.S. Constitutional law.

V. **CAUSES OF ACTION & CLAIMS FOR RELIEF**

**MALAPPORTIONMENT**

38. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

39. Currently, redistricting plans for the Texas House of Representatives and Texas Senate exceed permissible population variances between the least populated district and the most populated district. The implementation of such variances or deviations from ideal population violate the rights of all voters and persons as guaranteed by the "one person, one vote" guarantee of the Fourteenth Amendment of the United States Constitution and protected by 42 U.S.C. § 1983. This is an action for declaratory judgment and preliminary and permanent injunctive relief to prevent the use of malapportioned plans.

VI. **REQUEST FOR INJUNCTIVE RELIEF**

40. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

41. Plaintiffs will likely succeed on the merits, because the Texas Constitution requires that the first opportunity for the Legislature to apportion is the *next* **regular** session *after* the publication

8

of the census, which will not convene until January 2023. Allowing the Legislature to apportion at a special session before that time upends the constitutional "time for apportionment" prescribed by Article III, § 28 of the Texas Constitution. Yet, the constitutional injuries of the districts must be remedied before the commencement of the 2022 election cycle. This Court must, therefore, adopt interim maps that comply with federal and state law for the 2022 election cycle for the State House and State Senate.

42. Plaintiffs will suffer immediate and irreparable injury by being forced to vote and reside in malapportioned districts for the State House and State Senate.

43. There is no harm to the State in ensuring that the districts that are currently up for election 2022 are apportioned pursuant to Texas and federal law.

44. The injunction is in the public interest, because without action by this court the plaintiffs will be forced to vote in malapportioned districts in violation of the "one person, one vote" guarantee.

45. Plaintiffs have no adequate, plain, or complete remedy other than seeking the adoption of an interim map in advance of the 2022 election cycle.

46. Plaintiffs request that the Court enter a mandatory injunction creating an interim map that complies with state and federal law in order to hold the 2022 elections in constitutionally sound State House and State Senate districts.

**VII.**     **PRAYER**

For the foregoing reasons, Plaintiffs respectfully request that Defendants be cited to appear and answer and that the Court take the following actions and grant the following relief:

A. Appropriate preliminary and permanent injunctive relief to which plaintiffs show themselves entitled;

B. Entry of a declaratory judgment as described above;

C. Attorneys' fees and court costs; and,

D. Any other or further relief in law or equity that the Court determines that plaintiffs are entitled to receive.

**DATED**: September 1, 2021

Respectfully,

By: /s/ *Martin Golando*

THE LAW OFFICE OF
MARTIN GOLANDO, PLLC
Texas Bar No. 24059153
2326 W. Magnolia
San Antonio, Texas 78201
Office: (210) 471-1185
Email: martin.golando@gmail.com

Wallace B. Jefferson
Texas Bar No. 00000019
wjefferson@adjtlaw.com
ALEXANDER DUBOSE & JEFFERSON LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
Telephone: (512) 482-9300
Facsimile: (512) 482-9303

Attorneys for Plaintiffs