UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

**LEAGUE OF UNITED LATIN AMERICAN CITIZENS**, *et al.*,

        *Plaintiffs*,

V.

**GREG ABBOTT,** Governor of the State of Texas Sued in his Official Capacity; and,

**JOHN SCOTT,** Secretary of the State of Texas Sued in his Official Capacity;

        *Defendants*

No. 3:21-cv-259-DCG-JES-JVB

**EXPEDITED RESPONSE OF RESPONDENT DAMON JAMES WILSON,**

**IN OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE**

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW Respondent Damon James Wilson, the Plaintiff in *Wilson v. The State of Texas*, No. 1:21-cv-943-RP-JES-JVB (W.D.Tex., Austin Division), and, in accordance with this Court order dated November 10, 2021 (Dkt.#9), files this *Expedited Response in Opposition* to the motion filed by the Defendants herein to consolidate (Dkt.#7), and in this connection would respectfully show unto the Court as follows:

**PRELIMINARY MATTER CONCERNING NOTICE**

Respondent Damon James Wilson is the Plaintiff in *Wilson v. The State of Texas*, No. 1:21-cv-943-RP-JES-JVB (W.D.Tex., Austin Division). Undersigned counsel for Respondent Wilson has not entered an appearance in the instant case, and he therefore has not been receiving notice of the filing of any pleadings in this case or of the orders of the Court in the instant case through the Court's CM/ECF electronic filing system. While undersigned counsel was

informally made aware of the intention of Defendants herein to file their motion to consolidate prior to it being filed; and undersigned counsel did receive from Defendants' counsel a copy of the Defendants' motion to consolidate *via* private email after it was filed; he did not receive, through the Court's CM/ECF electronic filing system, a copy or or notice of the Court's order directing persons who are not parties in this action to file briefs on an expedited basis concerning this matter. Instead, on Veteran's Day, November 11, 2021, undersigned counsel received from Defendants' counsel what they, Defendants' counsel, characterized as "a courtesy copy" of the Court's order for expedited briefing via private email. Undersigned counsel provides these facts not for purposes of lodging a complaint, but rather to alert the Court that it is unclear whether other persons who are not parties in the instant case, and whose rights or interests may be adversely affected by the Court's disposition of the Defendants' motion, have received notice of either the Defendants' motion to consolidate or of the Court's order for expedited briefing.

## RESPONDENT WILSON'S OBJECTIONS

The question presented by Defendants' motion to consolidate is essentially whether the "first-filed" rule should be "mechanically" applied to cause consolidation of several cases pending in the Austin Division of the Western District of Texas, with a single case pending in the El Paso Division of the same District Court. Because the parties, witnesses, and facts that would be litigated in *League of United Latin American Citizens ("LULAC") v. Abbott* have no particularly significant connections to the City of El Paso, Texas; and because the parties that would be consolidated with *LULAC v. Abbott* share and have far more extensive connections to the City of Austin, Texas; the Defendants' motion should be denied.

Furthermore, in light of the fact that the Court in any single, consolidated case hearing the subject matter of electoral redistricting will likely need to appoint and rely on expert

personnel employed the Texas Legislative Council for purposes of navigating the "Red-Apple" redistricting software; the Defendants' motion, if granted, would further aggravate the inconvenience attributable to the consolidation sought by Defendants in their motion. In short, Respondent Wilson contends the *forum non conveniens* doctrine warrants denial of Defendants' motion to consolidate in the present case, and he suggests the Court should, *sua sponte*, transfer the venue of *LULAC v. Abbott* and consolidate it with one or another of the several cases pending in the Austin Division of the Western District of Texas. *Mills v. Beech Aircraft Corp., Inc.*, 886 F.3d 758, 761 (5th Cir. 1989)(District Courts are vested with authority to transfer venue *sua sponte*).

## APPLICABLE LAW

The "first-to-file" rule is a discretionary doctrine. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 ("Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts."); *accord*, *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir.1997); and, *Hart v. Donastia, LLC*, 290 F.Supp. 3d 627, 630 (W.D. Tex., El Paso Div., 2018). Factors relevant to the decision of whether to transfer venue of a case under 28 U.S.C. § 1404(a), for the purpose of considering proper "venue," apply to the separate question of whether a Court should adhere to the "first-filed" rule. *See*, *Hart v. Donastia, LLC*, *supra,* 290 F.Supp. 3d at 633, *citing Mission Insurance Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983); and, *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).

Interests that would weigh in favor of transferring venue include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems

that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc); *Hart v. Donastia, LLC*, *supra,* 290 F.Supp. 3d at 634.

## RELEVANT PRIOR PROCEEDINGS

As a pure matter of chronology, the "first-filed" federal case challenging the Texas legislature's electoral redistricting after the 2020 federal decennial census was *Gutierrez v. Abbott*, No. 1:21-cv-769-RP-JES-JVB (filed Sept. 1, 2021). By order dated November 10, 2021, Judge Pitman, on behalf of the Three-Judge Panel assigned to *Gutierrez*, denied the motion of Defendants Abbott and Scott to consolidate four other pending Texas electoral redistricting cases with *Gutierrez*. *Id.*, 1:21-CV-769-RP-JES-JVB (Dkt.#27).[1]

The "second-filed" federal case challenging the Texas legislature's electoral redistricting after the 2020 federal decennial census is the instant case, *LULAC v. Abbott*. The Plaintiff's complaint in *LULAC v. Abbott* was filed in the El Paso Division of the U.S. District Court for the Western District of Texas on October 18, 2021, *before* the Texas Legislature had adopted its congressional redistrict map, S.B. 6, Plan C2193.

The "third-filed" federal case challenging the Texas legislature's electoral redistricting after the 2020 federal decennial census, *Wilson v. The State of Texas*, No. 1:21-cv-943-RP-JES-JVB (W.D.Tex.), was filed in the Austin Division of the U.S. District Court for the Western District of Texas on October 18, 2021. It was filed approximately 20 minutes after the Texas Legislature adopted its congressional redistrict map, S.B. 6, Plan C2193.

---

[1] The "four cases" that Defendants Abbott and Scott sought to consolidate with *Gutierrez* were: the instant case, *LULAC v. Abbott*; *Voto Latino v. Scott*, No. 1:21-cv-965- RP-JES-JVB (W.D. Tex., Austin Division, filed Oct. 25, 2021); *Mexican American Legislative Caucus ("MALC") v. The State of Texas*, No. 1:21-cv-988- RP-JES-JVB (W.D. Tex., Austin Division, filed Nov. 3, 2021); and, *Brooks v. Abbott,* No. 1:21-cv-965- RP-JES-JVB (W.D. Tex., Austin Division, filed Nov. 3, 2021). The motion to consolidate filed by Defendants Abbott and Scott in *Gutierrez did not* include Respondent Wilson's case, *Wilson v. The State of Texas*, No. 1:21-cv-943-RP-JES-JVB (W.D. Tex., Austin Division).

The remaining three federal cases which may be affected by the Defendants' motion to consolidate, were all filed after *Wilson v. The State of Texas*; all were filed in the Austin Division of the U.S. District Court for the Western District of Texas; and all, like *Wilson v. The State of Texas*, have been assigned to Three-Judge Panels comprised of Judges Pitman, Smith and Brown. *See*, *Voto Latino v. Scott*, No. 1:21-cv-965- RP-JES-JVB (W.D. Tex., Austin Division, filed Oct. 25, 2021); *MALC v. The State of Texas*, No. 1:21-cv-988- RP-JES-JVB (W.D. Tex., Austin Division, filed Nov. 3, 2021); and, *Brooks v. Abbott,* No. 1:21-cv-965- RP-JES-JVB (W.D. Tex., Austin Division, filed Nov. 3, 2021).

## LACK OF SIGNIFICANT CONNECTIONS OF THE PARTIES, WITNESSES AND FACTS IN *LULAC v. ABBOTT,* TO THE CITY OF EL PASO, TEXAS.

The original complaint filed in *LULAC v. Abbott* reveals the "organizational" plaintiffs and the "individual-capacity" plaintiffs in *LULAC* have few if any particular connections to the City of El Paso, Texas. Most if not all of the organizational plaintiffs in *LULAC* profess to advocate for persons "statewide" and "throughout the State of Texas," or in "the Texas Rio Grande Valley."[2] Another organizational plaintiff in *LULAC* states its members "reside primarily in Houston, Texas."[3] Similarly, the individual-capacity plaintiffs in *LULAC*, according to their original complaint, do not allege they have any particular connections to El Paso, Texas. Rather, they state they reside in San Antonio, Corpus Christi, Austin, and Louise, Texas.[4]

The two counsel of record for the *LULAC* plaintiffs, Nina Perales and Samantha T. Serna, share law offices in San Antonio, Texas.[5] Although they do not oppose Defendants' motion, as a

---

[2] *LULAC's Original Complaint*, No. 3:21-cv-259-DCG-JES-JVB (Dkt.#1, pages 4-9, ¶¶ 11-18, and 20).
[3] *Id*., (Dkt.#1, page 7, ¶19).
[4] *Id*., (Dkt.#1, page 9, ¶¶ 21-25).
[5] Docket Sheet, *LULAC v. Abbott*, No. 3:21-cv-259-DCG-JES-JVB.

matter of proximity, the location of their offices in San Antonio, in relation to El Paso, Texas, as compared Austin, Texas, suggests that even they would be subjected to greater inconvenience if Defendants' motion was granted in the instant case.

## THE SIGNIFICANT CONNECTIONS OF THE PARTIES, WITNESSES AND FACTS, IN THE REMAINING CASES SOUGHT TO BE CONSOLIDATED BY DEFENDANTS

Undoubtedly, not only the Defendant-Parties in the cases which Defendants seek to consolidate in their motion to consolidate, but also the members of the Texas legislature who would be deposed or testify on the trial of these case, have significant connections to the City of Austin, Texas. Presumably, the Executive Defendants (the Governor, Lieutenant Governor and Secretary of State) actually reside in Travis County, Texas; and the members of the Texas legislature, who would be witnesses or deponents in the actions which Defendants seek to consolidate, presumably are acquainted with the availability of temporary lodging in Austin, Texas, due to their official duties during legislative sessions there.

The plaintiffs and counsel for plaintiffs in the "Austin cases," which Defendants seek to consolidate with *LULAC*, mostly reside or have offices located great distances from El Paso, Texas. While the same circumstance would generally be true with regard to Austin, Texas, in some cases; as a matter of degree, the centralized location of Austin, as the forum for litigating all cases in a single consolidated case, would mitigate the travel expenses and other costs incurred by most plaintiffs and their respective counsel.

## THE COURT'S LIKELY RELIANCE ON EXPERT PERSONNEL EMPLOYED BY THE TEXAS LEGISLATIVE COUNCIL IN AUSTIN, TEXAS

Respondent Wilson also suggests the Court's decision on Defendants' motion to consolidate should be influenced by the proverbial "lamp of experience." In litigation following the re-redistricting of Texas' congressional districts in 2003, the "first-filed" case in that proceeding was filed in the Marshall, Texas, Division of the U.S. District Court for the Eastern District of Texas. *Session v. Perry*, No. 2:03-cv-354-TJW (filed Oct. 12, 2003). The Three-Judge Panel in *Session v. Perry* was comprised of Judges Ward, Higginbotham and Rosenthal, and numerous later-filed cases were consolidated with *Session v. Perry*.

Although the "first-filed" case in 2003, *Session*, was filed in Marshall, Texas, the Three-Judge Panel in the case quickly realized it would need the aid of expert personnel employed the Texas Legislative Council for purposes of navigating the "Red-Apple" redistricting software. Accordingly, when scheduling the first in-person status conference for November 3, 2003, the Court in *Session* "propose[d] that the trial be held in Austin, Texas, given the resources available there." *Id*., No. 2:03-cv-354-TJW (Dkt.#19)(Oct. 30, 2003). Following the status conference on November 3, 2003, the Court in *Session* on November 5, 2003, entered an order directing that the trial of the case would take place in Austin, Texas; and on December 5, 2003, the Court appointed three employees of the Texas Legislative Council, as technical advisors, to assist the Court in the case. *Id*., No. 2:03-cv-354-TJW (Dkt.##22 and 114).

Employees of the Texas Legislative Council presumably reside in the Austin, Texas, area. Were Defendants' motion to consolidate be granted in the instant case; and should the Court desire the aid of employees of the Texas Legislative Council prior to or during its

deliberations; those employees, by their court-appointment, would be significantly inconvenienced by relocating their residences, even temporarily, to El Paso, Texas.

## CONCLUSION

The Three-Judge Panel assigned to *LULAC*, and the Three-Judge Panel assigned to the cases which Defendants seek to consolidate with *LULAC* in their motion, are distinguishable only by the fact that Judge Guaderrama has been assigned as a Member of the Three-Judge Panel in *LULAC*, and Judge Pitman's assignment as a Member of the Three-Judge Panel in *Wilson v. The State of Texas*, No. 1:21-cv-943-RP-JES-JVB (W.D.Tex., Austin Division); *Voto Latino v. Scott*, No. 1:21-cv-965- RP-JES-JVB (W.D. Tex., Austin Division); *MALC v. The State of Texas*, No. 1:21-cv-988- RP-JES-JVB (W.D. Tex., Austin Division); and, *Brooks v. Abbott,* No. 1:21-cv-965- RP-JES-JVB (W.D. Tex., Austin Division).  Thus, the Court's decision on Defendants' motion to consolidate in the instant case will resolve whether Judge Guaderrama presides over the consolidated cases at El Paso, Texas, or whether Judge Pitman presides over the consolidated cases at Austin, Texas. Given the inconvenience to Judge Guaderrama were the Court to seek aid and professional expertise from employees of the Texas Legislative Council located in Austin, Texas, it makes no sense to grant Defendants' motion to consolidate in view of the fact that Judge Pitman already presides in Austin, Texas.

The Defendants' motion should be denied, and the Court should consider *sua sponte* whether to transfer LULAC to the Austin Division for consolidation with one or another of the several cases pending in the Austin Division of the Western District of Texas. All "convenience factors" weigh heavily against granting Defendants' motion to consolidate the "Austin cases" with the *LULAC* case in El Paso. As previously mentioned, these factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the

attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc); *Hart v. Donastia, LLC*, *supra,* 290 F.Supp. 3d at 634 ("the Fifth Circuit [has] endorsed use of the convenience factors [contained in 28 U.S.C. §1404]… when deciding whether to apply the first-to-file Rule.").

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants' opposed motion to consolidate, as filed in this case, will be **DENIED**.

Respectfully submitted,

*/s/ Richard Gladden*
Texas Bar No. 07991330
1204 West University Dr., Suite 307
Denton, Texas 76201
940/323-9300 (voice)
940/539-0093 (facsimile)
richscot1@hotmail.com (email)
*Attorney-in-Charge for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that on November 11, 2021, a true copy of this pleading was served on all Defendants by use of the Court's CM/ECF electronic filing system, *via* their Attorney of Record, **Patrick K. Sweeten**; on the *LULAC* plaintiffs using the Court's CM/ECF electronic filing system, *via* their Attorney of Record, **Nina Perales**; and on all attorneys of record representing the plaintiffs in the remaining, pending cases sought to be consolidated by Defendants' motion, by email, using the email addresses listed on the docket sheets of each of their respective cases, to wit: **Abba Khanna** (Attorney of Record for Respondent *Voto Latina*, et al. (akhanna@elias.law); **Sean J. McCaffity** (Attorney of Record for Respondent *MALC*

(smccaffity@textrial.com); and, **Jesse Gaines** (Attorney of Record for Respondent *Brooks*, *et al*. (gainesjesse@ymail.com).

/s/*Richard Gladden*