UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**DAMON JAMES WILSON**, for himself
and on behalf of all others similarly situated,

*Plaintiff*,

V.

**THE STATE OF TEXAS**;

**GREG ABBOTT**, in his Official Capacity
as Governor of the State of Texas;

No. 1:21-cv-00943-RP

**DADE PHELAN**, in his Official Capacity
as Speaker of the Texas House of Representatives;

**DAN PATRICK**, in his Official Capacity
as Lieutenant Governor and Presiding Officer
Of the Texas Senate; and,

**JOHN B. SCOTT**, in his Official Capacity
as Texas Secretary of State;

*Defendants*

**PLAINTIFF'S OPPOSED MOTION FOR**

**CERTIFICATION OF CLASS ACTION**

COMES NOW Plaintiff Damon James Wilson, Individually and on Behalf of Others Similarly Situated and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and Local Rule CV-23 and Appendix A of the Rules of the U.S. District Court for the Western District of Texas, files this *Opposed Motion for Certification of Class Action* and in this connection would respectfully show unto the Court as follows:

1

**(1)**

This action is brought by Plaintiff as a class action, on his own behalf and on behalf of all others similarly situated, under the provisions of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). The Plaintiff hereby moves the Court, prior to consideration of any dispositive motions filed by Plaintiff, to certify this case as a class action pursuant to Rule 23(b)(1) and (2).[1]

**(2)**

Rule 23(c)(1)(A) provides that "the court must determine by order whether to certify [an] action as a class action" at "an early practical time after a person sues…as a class representative." In the present case Plaintiff requests that the Court consider and decide this motion at it earliest convenience for a particular reason. The Plaintiff contemplates filing a motion for summary judgment in this case in the very near future and, were the Court to consider and decide any dispositive motion in Plaintiff's favor prior to certification, such a decision would potentially create a risk of protracted litigation concerning whether subsequent review of the Court's certification ruling is barred by the "one-way intervention" doctrine. *Waste Mgmt. Holdings, Inc. v. Mowbray,* 208 F.3d 288, 299 n. 7 (1st Cir.2000) ("[W]e do not pass upon the appropriateness of delaying a class certification ruling until after acting upon an individual plaintiff's summary judgment motion. We note, however, that this sequencing raises serious questions, and we urge district courts to exercise caution before deciding to embrace it."); *Costello v. Beavex, Inc.*, 810 F.3d 1045, 1058 (7th Cir. 2016) ("Plaintiffs, by moving for class certification and partial summary judgment at the same time, came dangerously close to precluding review of the class certification decision. Had the district court chosen to decide Plaintiffs' motion for partial summary judgment prior to deciding class certification, the rule against one-way intervention may have precluded certification.").

---

[1] APPENDIX A (4), Local Rules, U.S.D.C.,W.D. Tex.

**(2)**

In this suit Plaintiff seeks a declaratory judgment and a permanent injunction predicated on claims that his federal constitutional right to equal representation in the U.S. House of Representatives has been violated by the Defendants' legal fiction that has unconstitutionally designated him as an "inhabitant" of a location at which he was confined on April 1, 2020, rather than where he was, as a matter of federal constitutional law, an "inhabitant" on that date.

**(3)**

In this suit Plaintiff does not seek compensatory damages and no compensatory damages will be sought on behalf of the putative class. The putative class would be "geographically" limited to inmates involuntarily confined in state prisons operated and maintained by the State of Texas either directly or indirectly through private entities; and the relief sought by Plaintiff is, and would be on behalf of the putative class, "temporally" limited to the duration of a permanent injunctive.[2]

**(4)**

The class to be represented by Plaintiff in this action, and of which Plaintiff is himself a member, consists of all inmates: a) who are involuntarily confined by the Defendant State of Texas in its state prisons for a term of confinement less than life; b) who have been designated by Defendants for purposes of federal representation in the U.S. House of Representatives as "inhabitants" of the location where they were confined on April 1, 2020; and, c) who have not been designated by Defendants as inhabitants, for congressional representational purposes, at the location of the domiciles that they maintained immediately prior to their terms of confinement, and to which they have always intended to return after their release from confinement.[3]

---

[2] APPENDIX A (2), Local Rules, U.S.D.C.,W.D. Tex.
[3] APPENDIX A (2), Local Rules, U.S.D.C.,W.D. Tex.

**(5)**

The exact number of members of the class, as identified and described, is not known, but Plaintiff estimates that there are not less than 50,000 members and perhaps as many as 100,000 members or more. The class is thus so numerous that joinder of individual members is impracticable.[4]

**(6)**

As disclosed by federal litigation commenced in Texas after the 2010 decennial census, the State of Texas, in 2011, just as it has in the present case, unconstitutionally moved the location of inmate-residences from where they were domiciled, to locations at which they were confined on "Census Day" (April 1, 2020). As a result, and as was shown by uncontroverted evidence in the record of that prior litigation, under Texas' former congressional redistricting plan (Plan C185, as enacted in 2011) inmates domiciled in the more densely populated urban areas of Dallas and Harris Counties were displaced by the State of Texas' decision to draw electoral districts that did not recognize 49,437 inmates to be "inhabitants" of those two counties alone. *Perez v. Texas*, No. 5:11-cv-00360-OLG (W. D. Tex.), *Plaintiff's Response in Opposition to State's Motion to Dismiss*, 6-7, and Exhibits 7 and 8 (State's Written Admissions)(filed Aug. 23, 2011)(ECM Dkt.# 226, 226-7, and 226-8. Although more than a decade has elapsed since the decennial census of 2010, these figures support Plaintiff's estimation that the putative class to be certified in the present case would consist of not less than 50,000 members.[5]

**(7)**

There are common questions of law and fact in this action that relate to, and affect, the rights of each member of the putative class; and the relief sought by Plaintiff is common to the

---

[4] F.R.CIV.P. 23(a)(1).
[5] APPENDIX A (5)(a), Local Rules, U.S.D.C.,W.D. Tex.

entire class.[6] Namely, the common questions of law involve whether the federal constitutional rights of Plaintiff and the putative class members to equal representation in the U.S. Congress have been violated by the Defendants' allocation of class members to a location at which they were confined on April 1, 2020, rather than where they were, as a matter of federal constitutional law, "inhabitants" on that date.[7]

**(8)**

The claims of Plaintiff, who is representative of the class, are typical of the claims of the class, in that the merit of the claims of all putative class members, and of Plaintiff, depend on a showing that the acts and omissions of Defendants establish the federal constitutional violations Plaintiff has alleged and whether Plaintiff and the class members are entitled to the relief sought.[8] There is no conflict between Plaintiff and other members of the class with respect to this action, or with respect to the claims for relief set forth in Plaintiff's original complaint.[9] Furthermore, the claims of the putative class will not require subclasses presently or in the future.[10]

**(9)**

This action should be certified as a class action for the reason that the prosecution of separate actions by individual members of the class would create a risk of varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants, all of whom oppose the interests of the class.[11]

---

[6] F.R.CIV.P. 23(a)(2); APPENDIX A (5)(b), Local Rules, U.S.D.C.,W.D.Tex.
[7] APPENDIX A (5)(b), Local Rules, U.S.D.C.,W.D.Tex.
[8] F.R.CIV.P. 23(a)(3); APPENDIX A (5)(c), Local Rules, U.S.D.C.,W.D.Tex.
[9] APPENDIX A (5)(d)(i), Local Rules, U.S.D.C.,W.D.Tex.
[10] APPENDIX A (5)(d)(ii), Local Rules, U.S.D.C.,W.D.Tex.
[11] F.R.CIV.P. 23(b)(1)(A).

**(10)**

This action would be properly maintained as a class action, in that the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications.[12] Additionally, separate actions by individual members of the class would substantially impair or impede the ability of class members to protect their respective interests.[13]

**(11)**

This action would be properly maintained as a class action inasmuch as the Defendants, all of whom oppose the class, have acted or refused to act, as more specifically alleged in Plaintiff's original complaint (on grounds which are applicable to the class), and have by reason of such conduct made appropriate final injunctive relief and corresponding declaratory relief with respect to the entire class, as sought in this action.[14] No settlement negotiations have taken place between Plaintiff on an individual basis and Defendants;[15] however, in Plaintiff's view such negotiations would be utterly futile and there is no likelihood of settlement by Defendant with Plaintiff.

**(12)**

There are several other pending actions which are factually related to Plaintiff's cause of action in the present case.[16] However, none of these other pending actions have alleged the "prison gerrymandering" legal theory that has been alleged by Plaintiff in his original complaint. These other pending actions are: *Gutierrez v. Abbott*, No. 1:21-cv-00769-RP-JES-JVB (W.D.

---

[12] F.R.CIV.P. 23(b)(1)(B).
[13] F.R.CIV.P. 23(b)(1)(B).
[14] F.R.CIV.P. 23(b)(2).
[15] APPENDIX A (9), Local Rules, U.S.D.C.,W.D.Tex.
[16] APPENDIX A (6), Local Rules, U.S.D.C.,W.D.Tex.

Tex., filed Sept. 1, 2021); *LULAC v. Abbott*, No. 3:21-cv-259, ECF 1 (W.D. Tex., filed Oct. 18, 2021); *John T. Morris v. Texas*, No. 4:21-cv-3456, ECF 1 (S.D. Tex., filed Oct. 20, 2021) *Voto Latino v. Scott*, No. 1:21-cv-965-RP, ECF 1 (W.D. Tex., filed Oct. 25, 2021); *MALC v. Texas*, No. 1:21-cv-988-RP, ECF 1 (W.D. Tex., filed Nov. 3, 2021); and, *Brooks v. Abbott*, No. 1:21-cv-991-LY, ECF 1 (W.D. Tex., filed Nov. 3, 2021). On November 5, 2021, the Defendants in the instant case filed a motion to consolidate this case, as well as the foregoing actions (with the exception of *John T. Morris v. Texas, supra*) with *Gutierrez v. Abbott, supra,* No. 1:21-cv-00769-RP-JES-JVB (Dkt.#26).

**(13)**

The Defendants in their motion to consolidate filed in *Gutierrez v. Abbott, supra,* have argued in support of their motion (in *Gutierrez*) that "conservation of judicial resources" warrants consolidation of all pending actions related to Texas electoral redistricting, including the present case. *Gutierrez v. Abbott, supra,* No. 1:21-cv-00769-RP-JES-JVB (Dkt.#26, at pages 9-10)("This factor [conservation of judicial resources] weighs in favor of consolidation because it will prevent unnecessary litigation."). The same interest in conserving the Court's limited judicial resources applies with equal if not greater force to the present motion to certify Plaintiff's case as a class action.

**(14)**

Undersigned counsel for the Plaintiff has discussed and thoroughly explained to the Plaintiff the nature of a class action and potential advantages and disadvantages to him by proceeding in a class action rather than individually.[17] After conferring with Plaintiff in this manner, undersigned counsel assures the Court that Plaintiff fully comprehends those matters, and advises the Court that Plaintiff has consented to the filing of this motion for class

---

[17] APPENDIX A (7), Local Rules, U.S.D.C.,W.D.Tex.

certification.[18] The Plaintiff, as the representative party for the class, is able to, and will, fairly and adequately protect the interests of the class.

**(15)**

The Attorney-in-Charge for the Plaintiff in the present case, Richard Gladden, was licensed to practice law by the State Bar of Texas in May of 1990. Although he is not presently representing and he has not previously at any time represented a class in any other class action,[19] he is highly experienced with complex federal litigation.[20] He has shown himself capable of providing excellent representation, particularly in the area of litigation arising under 42 U.S.C. §1983, as lead counsel in numerous cases before this District Court;[21] before other U.S. District Courts in Texas;[22] before the U.S. Court of Appeals for the Fifth Circuit;[23] as well as before the U. S. Supreme Court.[24] With regard to litigation involving the right to federal representation in the U.S. Congress, Mr. Gladden served as Attorney-in-Charge for plaintiffs Walter Session, Frenchie Henderson, and others (the "Cherokee County Plaintiffs"), arising from the State of Texas' re-redistricting of its congressional districts in 2003. *Session v. Perry*, 298 F. Supp. 2d 451 (E.D. Tex. 2004), *on remand sub. nom.*, *Henderson v. Perry*, 399 F. Supp. 756 (E. D. Tex. 2005). The nature of the federal constitutional claim presented by Mr. Gladden on behalf of the plaintiffs in *Session v. Perry*, *supra,* was the subject of a subsequently published law review article, Gladden, *The Federal Constitutional Prohibition Against "Mid-Decade" Congressional*

---

[18] This "discussion and thorough explanation," as well as Plaintiff's consent to class certification, is currently in the form of written correspondence exchanged between Plaintiff and undersigned counsel. Plaintiff's counsel intends to reduce Plaintiff's written consent into the form of a written declaration, and file the declaration with the Court as an exhibit to a forthcoming pleading to be filed within 10 days.
[19] APPENDIX A (5)(d)(iv-v), Local Rules, U.S.D.C.,W.D.Tex.
[20] APPENDIX A (5)(d)(iii), Local Rules, U.S.D.C.,W.D.Tex.
[21] *E.g.*, *Jennings v. Owens*, 585 F.Supp.2d 881 (W.D.Tex. 2008)(opinion per Pitman, Magistrate Judge); *Littlepage v. Trejo*, No. 1:17-cv-190-RP (W.D.Tex.2017)(Dkt.#32)(memo. op. granting summary judgment per Pitman, District Judge).
[22] *E.g.*, *Elliott v. Linnell*, 561 F.Supp.2d 714 (E.D. Tex. 2007).
[23] *Duarte v. the City of Lewisville, Texas*, 759 F.3d 514 (5th Cir. 2014).
[24] *See*, *Leatherman v. Tarrant County Narcotics Intel. & Coordination Unit*, 507 U.S. 163 (1993).

*Redistricting: Its State Constitutional Origins, Subsequent Development, and Tenuous Future*, 37 Rutgers L.J. 1133 (2005-2006). Should he be appointed as Attorney-in-Charge for the class in the present case, Mr. Gladden would actively conduct and be directly responsible for the litigation. For these reasons, Plaintiff moves the Court to appoint Mr. Gladden as class counsel pursuant to Rule 23(g).

**(16)**

As the means to notify the class members in this case in the event the Court grants certification,[25] Plaintiff proposes that a written notice be prominently placed by Defendants or their designated agents in the common areas of each state prison in Texas, which areas are accessible to Texas' inmates, and to the extent such prisons are directly operated and maintained by the State of Texas or indirectly operated and maintained by the State of Texas through any private entity. The Plaintiff proposes that such notices should be posted without unnecessary delay by Defendants, or by their designated agents, upon this Court's certification of the class. Furthermore, Plaintiff proposes that no security deposit should be required for the costs of producing such notices, as would be incurred by Plaintiff, or for the costs of complying with an order of the Court directing that such notices be posted, as would be incurred by Defendants.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this opposed motion to certify this case as a class action will in all things be granted.

    Respectfully submitted,

    <u>*/s/ Richard Gladden*</u>
    Texas Bar No. 07991330
    1204 West University Dr., Suite 307
    Denton, Texas 76201
    940/323-9300 (voice)

---

[25] APPENDIX A (8), Local Rules, U.S.D.C.,W.D.Tex.

940/539-0093 (facsimile)
richscot1@hotmail.com (email)
*Attorney-in-Charge for Plaintiff*

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule CV-7(g) of the U.S. District Court for the Western District of Texas, this is to certify that on November 8, 2021, I conferred by email with Patrick K. Sweeten, Attorney of Record for all Defendants, and I hereby certify that I have been authorized by Mr. Sweeten to inform the Court that the Defendants **DO OPPOSE** this motion.

*/s/ Richard Gladden*

## CERTIFICATE OF SERVICE

This is to certify that a true copy of this pleading was served on all Defendants by email (and not by use of the Court's ECF system), *via* their Attorney of Record, Patrick K. Sweeten, on this 8th day of November, 2021, because Defendants have not yet entered a formal appearance in this case. Although Defendants have not yet formally entered an appearance in this case, in a pleading filed by Defendants in a related case they have acknowledged their receipt of the Plaintiff's original complaint herein. *Gutierrez v. Abbott*, No. 1:21-cv-00769-RP-JES-JVB; *Defendants' Reply in Support of First Motion to Consolidate*, 1 (Dkt.#25)(filed Nov. 1, 2021)("[O]ver the weekend, Defendants were served with process in a fourth redistricting lawsuit, *Wilson v. Texas*, No. 1:21-cv-943, ECF 1 (W.D. Tex. Oct. 18, 2021)").

*/s/Richard Gladden*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**DAMON JAMES WILSON**, for himself
and on behalf of all others similarly situated,

*Plaintiff*,

V.

**THE STATE OF TEXAS**;

No. 1:21-cv-00943-RP

**GREG ABBOTT**, in his Official Capacity
as Governor of the State of Texas;

**DADE PHELAN**, in his Official Capacity
as Speaker of the Texas House of Representatives;

**DAN PATRICK**, in his Official Capacity
as Lieutenant Governor and Presiding Officer
Of the Texas Senate; and,

**JOHN B. SCOTT**, in his Official Capacity
as Texas Secretary of State;

*Defendants*

## ORDER

On this day came on to be considered in the above captioned and numbered cause *Plaintiff's Opposed Motion for Certification of Class Action.* The Court, having carefully considered the motion, is of the opinion that the motion is well-taken and should be, and therefore is hereby, **GRANTED,** and this action is hereby certified as a class action pursuant to the provisions of Fed. R. Civ. P. 23(a), and Fed. R. Civ. P. 28(b)(1) and (2).

The Court finds that Plaintiff's pleadings have specifically identified the questions of law and fact that are common to his claims and of the members of the class he seeks to represent. Because the parties' pleadings have enabled the Court to conduct, and the

1

Court has conducted, a rigorous analysis which has satisfied it that the prerequisites of class certification have been met by Plaintiff, the Court finds that no evidentiary hearing is required on Plaintiff's motion. *Ellis v. Costco Wholesale Corp.*, 240 F.R.D. 627, 635 (N. D. Cal. 2007).

The court finds that the questions of law and fact common to the members of the class exist and predominate over any questions affecting only individual members. The Court further finds that a class action in this case would be superior to all other available methods for the fair and efficient adjudication of the controversy.

The Court finds that the Plaintiff is represented by experienced and fully qualified counsel, Richard Gladden, who will fairly and adequately protect the interests of the class. Accordingly, the Court hereby appoints Richard Gladden as class counsel pursuant to Fed. R. Civ. P. 23(g).

Accordingly, **IT IS HEREBY ORDERED** that the class certified to be represented by Plaintiff in this action shall consist of all Texas prison inmates: a) who are involuntarily confined by the Defendant State of Texas in a prison for a term of confinement less than life; b) who have been designated by Defendants for purposes of federal representation in the U.S. House of Representatives as "inhabitants" of the location where they were confined on April 1, 2020; and, c) who have not been designated by Defendants as inhabitants, for congressional representational purposes, at the location of the domiciles that the class members maintained immediately prior to their terms of confinement, and to which on April 1, 2021, the class members intended to return after their release from confinement.

**IT IS FURTHER ORDERED** that without unnecessary delay a written notice of this class certification shall be prominently placed by Defendants or their designated agents in the common areas of each state prison operated or maintained by the State of Texas. The said common areas shall be accessible to the general population confined in such prisons, to the extent the prisons are directly operated and maintained by the State of Texas or indirectly operated and maintained by the State of Texas through any private entity or third party acting in concert with the State of Texas.

Counsel for the Plaintiff and the Defendants are directed to confer and agree, if possible, to the content of such notice in conformity with the class described herein and the claims alleged by Plaintiff in his original complaint. In the event the Plaintiff and Defendants are unable to agree to the content of such notice, Plaintiff within twenty-one (21) days of the date of this order shall prepare and file with this Court the notice he proposes, which shall be subject to objection by Defendants, and which shall thereafter be subject to approval, if appropriate, by this Court. No security deposit by Plaintiff shall be required for the costs of producing such written notices, or the costs of Defendants complying with this order, but Plaintiff shall bear the costs of producing such notices and shall have the responsibility of delivering the said notices to Defendants or their designated agents for the purpose stated.

**IT IS SO ORDERED**.

**SIGNED** this ____ day of _____, 2021.

_____
HON. ROBERT PITMAN
U.S. DISTRICT JUDGE

3