UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| VOTO LATINO, ROSALINDA RAMOS ABUABARA, AKILAH BACY, ORLANDO FLORES, MARILENA GARZA, CECILIA GONZALES, AGUSTIN LOREDO, CINIA MONTOYA, ANA RAMÓN, JANA LYNNE SANCHEZ, JERRY SHAFER, DEBBIE LYNN SOLIS, ANGEL ULLOA, and MARY URIBE;<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN SCOTT, in his official capacity as Texas Secretary of State, and GREGORY WAYNE ABBOTT, in his official capacity as the Governor of Texas;<br><br>　　　　　　　Defendants. | Civil Action<br><br>Case No. 1:21-cv-00965-RP-JES-JVB |

**PLAINTIFFS' MOTION FOR RECONSIDERATION
OF ORDER CONVENING THREE-JUDGE COURT AND FOR REMAND
TO THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS**

Pursuant to Federal Rule of Civil Procedure 60(b)(1), (4), and (6), Plaintiffs respectfully request (a) reconsideration of Chief Judge Owen's November 8 *sua sponte* Order convening a three-judge district court to hear this case pursuant to 28 U.S.C. § 2284, ECF No. 13, and (b) the remand of this case to the U.S. District Court for the Western District of Texas.

Section 2284 provides for a three-judge court only "when an action is filed challenging the *constitutionality* of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a) (emphasis added). This case, however, involves a purely *statutory* challenge to Senate Bill 6, the Texas law establishing new congressional districts based on the 2020 census. *See* ECF No. 1 ¶¶ 1, 8, 127–136. Plaintiffs bring no constitutional claims and challenge only congressional districts. *See id.* There is therefore no statutory authority to

convene a three-judge district court to hear this matter, and it should be returned to Judge Pitman to hear the case as a single judge of the U.S. District Court for the Western District of Texas.

While there has been some recent debate in the Fifth Circuit about the scope of the three-judge court requirement in statutory challenges to *state legislative maps*, all eleven judges to address the issue were unanimous that Section 2284 does not provide for a three-judge court to hear purely statutory challenges to congressional maps. *See Thomas v. Reeves*, 961 F.3d 800, 802 (5th Cir. 2020) (en banc) (Costa, J., concurring) (arguing on behalf of six judges that § 2284 "require[s] a three-judge court only for constitutional challenges" to both state and federal maps); *id.* at 811 (Willett, J., concurring) (arguing on behalf of five judges that § 2284 may require a three-judge court for statutory challenges to state legislative maps, but agreeing that "only *constitutional* challenges to *federal* maps require three judges").

This case is an exclusively statutory challenge, not a constitutional challenge, and it challenges only the federal, congressional map. *See* ECF No. 1 ¶¶ 1, 8, 127–136. It therefore falls outside the scope of § 2284 under either reading offered by the concurrences in *Thomas*. *See also Chestnut v. Merrill*, 356 F. Supp. 3d 1351, 1354 (N.D. Ala. 2019) ("A claim solely alleging a Section 2 violation falls outside a plain reading of § 2284.").

That Section 2284 does not provide for a three-judge court to hear a statutory challenge to congressional maps is dispositive. The three-judge court requirement is "'a serious drain upon the federal judicial system'" and must "be narrowly construed." *Sands v. Wainwright*, 491 F.2d 417, 421 (5th Cir. 1973) (quoting *Phillips v. United States*, 312 U.S. 246, 250 (1941)). Three-judge courts therefore may be "convened only where compelled by the express terms of the statute." *United States v. Texas*, 523 F. Supp. 703, 725 (E.D. Tex. 1981). And they are to be used "only and strictly as Congress has prescribed." *Nixon v. Richey*, 513 F.2d 430, 446 (D.C. Cir. 1975).

Moreover, these limitations are jurisdictional. "Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007). Statutes "delineating the classes of cases . . . falling within a court's adjudicatory authority" therefore serve as limits on federal courts' "subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). That is just what § 2284 does in laying out which cases a three-judge court may hear. *See* 28 U.S.C. § 2284(a). As a result, where a case falls outside of the three-judge court statute, "there is no . . . jurisdiction" for a three-judge court to hear the case. *Wilson v. Gooding*, 431 F.2d 855, 858 (5th Cir. 1970); *see also Castañon v. United States*, 444 F. Supp. 3d 118, 128 (D.D.C. 2020) (referring to § 2284 as the three-judge court's "statutory jurisdictional grant"). Once the three-judge court's jurisdiction has been properly invoked in a case, it may be able to "exercise a brand of supplemental jurisdiction" over additional questions in that same case. *See Castañon*, 444 F. Supp. 3d at 129. But that does not excuse the requirement that there be adequate statutory authority to place the case before the three-judge court in the first instance.[*]

---

[*] This issue—that a three-judge court lacks jurisdiction over cases falling *outside* the three-judge court statute—is separate from the issue debated in the concurrences in *Thomas* of whether an ordinary district court lacks jurisdiction over cases falling *within* the three-judge court statute. *See Thomas*, 961 F.3d at 804 n.5 (Costa, J., concurring); *id.* at 826 (Willett, J., concurring). The issue debated in *Thomas* was whether an ordinary district court could hear a case falling within the three-judge court statute. Other federal statutes, including 28 U.S.C. § 1331's grant of federal-question jurisdiction, empower ordinary district courts to hear federal constitutional and statutory challenges to apportionment. The question was therefore whether § 2284 *strips* ordinary district courts of such jurisdiction by requiring a three-judge court. In contrast, there is no other source of authority for three-judge courts to hear cases, like this one, falling *outside* the three-judge court statute. Three-judge district courts have no independent existence or authority and are "convened" only when necessary and authorized to hear an action within the scope of § 2284, so their authority is necessarily limited by that same statute. *See* 28 U.S.C. § 2284(a).

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court reconsider its November 8 *sua sponte* Order convening a three-judge district court, and remand this case to Judge Pitman for decision as a single judge of the U.S. District Court for the Western District of Texas.

Dated: November 12, 2021.                    Respectfully submitted,

*/s/ Renea Hicks*
Renea Hicks
Attorney at Law
Texas Bar No. 09580400
Law Office of Max Renea Hicks
P.O. Box 303187
Austin, Texas 78703-0504
(512) 480-8231
rhicks@renea-hicks.com

Abha Khanna*
**ELIAS LAW GROUP LLP**
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177
akhanna@elias.law

Aria C. Branch*
David R. Fox*
Kathryn E. Yukevich*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
abranch@elias.law
dfox@elias.law
kyukevich@elias.law

Kevin J. Hamilton*
**PERKINS COIE LLP**
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
khamilton@perkinscoie.com

*Counsel for Plaintiffs*

*Admitted *Pro Hac Vice*

4

**CERTIFICATE OF CONFERENCE**

I certify that on November 12, 2021, counsel for the Plaintiffs conferred with Counsel for Defendants about the forgoing motion. Defendants are opposed to the relief sought.

*/s/ Renea Hicks*

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the forgoing document was filed electronically (via CM/ECF) on November 12, 2021. I further certify that shortly after filing, I will cause a copy of the forgoing document to be served by email on counsel for Defendants (Patrick Sweeten, Jack DiSorbo, Will Thompson, and Elizabeth Saunders), who have not yet appeared in this case.

*/s/ Renea Hicks*