# EXHIBIT 6-D

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 18, 2013

The Honorable Kel Seliger
Texas Senate
Post Office Box 12068
Austin, Texas 78711

The Honorable Drew Darby
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768

Dear Senator Seliger and Representative Darby:

You recently received a letter from Jose Garza, the Mexican-American Legislative Caucus's redistricting counsel, concerning pending legislative proposals to adopt the 2012 court-ordered interim redistricting plans as the State's permanent redistricting maps. Mr. Garza's letter contains multiple statements and misrepresentations that do not merit a response. But to prevent you from being misled, I will provide you more information about a few of the issues raised by Mr. Garza.

First, Mr. Garza notes that federal judges in Washington, D.C. have ruled that two of the redistricting plans adopted by the Legislature were created "with a discriminatory purpose." Indeed, they did. In fact, the D.C. court concluded that all three maps were tainted by evidence of discriminatory purpose. That is exactly why you should take action. The Legislature has both the opportunity and the obligation to remove that specter of discrimination. That is why I have been counseling leadership that the best way to remedy the violations found by the D.C. court is to adopt the court-drawn interim plans as the State's permanent redistricting maps.

Evidently Mr. Garza believes that the interim maps crafted by three federal judges are burdened by discriminatory purpose or other violations of the Voting Rights Act. The interim maps were not drawn by or voted on by the Texas Legislature. I don't believe – as Mr. Garza does – that the federal judges ordered the 2012 elections to proceed under maps that incorporated racial discrimination. And indeed, the interim maps remedy every legal violation found by the D.C. court.

Mr. Garza faults my proposed resolution to the protracted and contentious redistricting litigation, calling it an "end-run around the judicial process on redistricting." If he is accusing me of attempting to avoid further litigation, I confess.

POST OFFICE BOX 12548, AUSTIN, TEXAS 78711-2548 TEL:(512)463-2100 WWW.OAG.STATE.TX.US
An Equal Employment Opportunity Employer · Printed on Recycled Paper

DEF2017_0004676

April 18, 2013
Page 2

Far from being an "end-run around the judicial process," my proposed solution recognizes that the Constitution gives to states the prerogative – and primary responsibility – for redistricting. The Supreme Court has repeatedly emphasized that redistricting is first and primarily a legislative function belonging to the states. *See, e.g., LULAC v. Perry*, 548 U.S. 399, 414-15 (2006). The Texas Legislature – not a federal court – should have the ultimate word on the State's redistricting maps. You should reject Mr. Garza's solicitation to abdicate Texas' sovereign responsibility. You should not cede to federal courts a responsibility that is first and foremost yours. At this moment, you have control. After the session, you lose control.

Mr. Garza also states that enacting the interim plans would occur "without meaningful input from the minority community." That is wrong. Mr. Garza ignores the fact that the interim maps were drawn with the input and approval of a significant number of the minority groups challenging the State's redistricting maps – even if he himself held out for more. You should also know that Mr. Garza and MALC participated in the interim map-drawing process by submitting their own proposed interim plans – they were rejected by the federal court. Moreover, any legislative approval of the interim plans should – and will – be done through the normal legislative process, which will include full public notice and hearing for the very purpose of gaining "meaningful input" from all Texans, including the minority community.

He also suggests that passing the interim maps will inject additional delay and confusion into the election process. To the contrary, the interim maps have already met with the approval of the federal judges overseeing the redistricting litigation and are the very same maps that Texans voted under during the 2012 election cycle. On the other hand, MALC's proposed interim plans, which if made permanent would significantly alter current legislative districts, have already been rejected by the federal judges who crafted the interim plans. If MALC continues to push for overreaching alterations to the maps, the only certainty is prolonged litigation.

Contrary to Mr. Garza's suggestion, the surest way to ensure continuous redistricting litigation and inject further delay is for you to do nothing. If you fail to pass the interim maps, it will likely take several years to resolve the current redistricting litigation (and ensuing appeals), ensuring that Texas' elections will for years to come be mired in confusion or delay or both. As I stated in my March 8 letter to House Speaker Joe Straus, the best way to decrease voter confusion and to end unnecessary litigation would be to enact legislation that makes the 2012 interim plans drawn by the San Antonio district court the State's permanent redistricting maps.

Sincerely,

Greg Abbott
Attorney General of Texas

cc:   Lieutenant Governor David Dewhurst
      Speaker Joe Straus
      Senator Rodney Ellis
      Senator Sylvia Garcia

April 18, 2013
Page 3

Senator Juan "Chuy" Hinojosa
Senator Eddie Lucio, Jr.
Senator Jose Rodriguez
Senator Carlos Uresti
Senator Leticia Van de Putte
Senator Royce West
Senator Judith Zaffirini
Senator Joan Huffman
Senator Kirk Watson
Senator Robert Duncan
Representative Todd Hunter
Representative Yvonne Davis
Representative Brandon Creighton
Representative Jim Keffer
Representative Rene Oliveira
Representative Joe Pickett
Representative Senfronia Thompson
Representative Sylvester Turner
Representative Larry Gonzales
Representative Trey Martinez Fischer

DEF2017_0004678