# Exhibit A

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TEXAS
 2                    SAN ANTONIO DIVISION

 3
    LA UNION DEL PUEBLO ENTERO,    .
 4  ET AL,                         .
                                   .
 5            PLAINTIFFS,           .
         vs.                       . DOCKET NO. 5:21-CV-844-XR
 6                                 .
    GREGORY W. ABBOTT, ET AL,      .
 7                                 .
              DEFENDANTS.          .
 8

 9

10         TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS
             BEFORE THE HONORABLE XAVIER RODRIGUEZ
11                UNITED STATES DISTRICT JUDGE
                      NOVEMBER 16, 2021
12

13

14

15

16  APPEARANCES:
    FOR THE PLAINTIFFS:   SEAN MORALES DOYLE, ESQUIRE
17                        BRENNAN CENTER FOR JUSTICE
                          120 BROADWAY
18                        SUITE 1750
                          NEW YORK, NY 10271
19

20                        UZOMA NKWONTA, ESQUIRE
                          ELIAS LAW GROUP LLP
21                        10 G STREET NE, SUITE 600
                          WASHINGTON DC 20002
22

23

24

25
```

1           THE COURT:  So all the plaintiffs have heard that,
2  whether you want to try to amend in light of that.  I'm not
3  saying you have to, but again, I'm trying to get us to the
4  merits without more motion to dismiss diversions.
5           And so if you want to rely just on your existing
6  allegations, that may or may not meet the Fifth Circuit.  I'll
7  hear the State's -- or I'll see whether or not the State's
8  arguments about how the Fifth Circuit was not well-informed,
9  but this is easily curable by you-all just adding more
10 sentences to your amended complaint is what I'm trying to
11 emphasize.
12          Next one.  In the motion to dismiss the defense are
13 asserting that there's no private cause of action under
14 Section 2 of the Voting Rights Act.
15          So I'm assuming this is another hard one for
16 Mr. Thompson?
17          MR. SWEETEN:  Your Honor, anything on the motions to
18 dismiss is Mr. Thompson today.  Thank you.
19          THE COURT:  So, Mr. Thompson, so in Shelby County the
20 chief justice talked about injunctive relief is available in
21 appropriate places to block voting laws from going into
22 effect.  And the chief justice said both the federal
23 government and individuals have sued to enforce Section 2.
24          It sure appears that the chief justice believes
25 there's a private cause of action.

1  MR. THOMPSON: I have to respectfully disagree, Your
2 Honor. I think the chief justice was actually very careful to
3 say that they "have" sued, not that it was "proper" for them
4 to have sued.
5  Just a few months ago Justice Gorsuch flagged --
6  THE COURT: We're not talking about Justice Gorsuch
7 and his -- that's all -- we're not going there.
8  We're talking about what a majority opinion held.
9  MR. THOMPSON: Well, then, Your Honor, I'll point out
10 that in the majority opinion from the Supreme Court they have
11 consistently said things like, "We assume without deciding
12 that Section 2 creates a private cause of action," which they
13 are able to do because it's not a jurisdictional requirement.
14  There is no holding from the majority of the United
15 States Supreme Court saying that there is, in fact, a private
16 cause of action under Section 2.
17  THE COURT: I disagree. That part of the motion to
18 dismiss is denied.
19  With regard to defendants asserting there's no
20 private cause of action under Section 208 of the Voting Rights
21 Act. So, Mr. Thompson, 52 U.S.C., Section 10302 says,
22 "Whenever the Attorney General or an aggrieved person
23 institutes a proceeding," so how is there no private cause of
24 action?
25  MR. THOMPSON: Sure.