# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br>*Plaintiffs*, <br><br>v. <br><br>GREG ABBOTT, *et al.*, <br><br>*Defendants*. | § § § § § § § § § § § | Case No. 3:21-cv-00259 <br> [Lead Case] |
| ROY CHARLES BROOKS, *et al.*, <br><br>*Plaintiffs*, <br><br>v. <br><br>GREG ABBOTT, *et al.*, <br><br>*Defendants*. | § § § § § § § § § § § | Case No. 1:21-cv-00991 <br> [Consolidated Case] |

## DEFENDANTS' RESPONSE TO THE BROOKS PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION HEARING

On Thanksgiving eve, the Brooks Plaintiffs filed a fifty-four page preliminary-injunction motion that attached eighty exhibits, including an expert report and twelve declarations. *See* ECF 39. Not content with gaining a four-day advantage from their surprise pre-holiday filing, the Brooks Plaintiffs simultaneously filed a motion for expedited briefing and consideration of the former motion. *See* ECF 40. In the motion to expedite, Plaintiffs demand that the Court require Defendants to respond by December 6. But they still want the full seven days to file a reply brief, requesting that any reply be filed by December 13. Plaintiffs also ask that the Court set hearing on the motion shortly after.

The motion to expedite should be denied for three reasons. First, Plaintiffs' attempt to rush these proceedings would not allow sufficient time for the State Defendants to respond to Plaintiffs' expansive preliminary-injunction motion and would prevent full consideration of the issues. Second,

1

expedited briefing and consideration would be inherently inefficient. Many of these seven redistricting cases challenge the same maps and the same districts, and other plaintiff groups have indicated that they intend to seek preliminary-injunctive relief. Rather than take up each preliminary injunction one by one, the Court should address these issues at the upcoming status conference, and order a uniform schedule for motions seeking preliminary relief. Third, expedited briefing would be futile. Plaintiffs seek to expedite because they believe they need to obtain relief before the primary elections. But the elections have already begun. Expediting briefing on Plaintiffs preliminary-injunction motion will not alleviate their concern because it has already come to pass.

**I.    Expedited Briefing Would Deny Defendants an Adequate Opportunity to Respond**

Plaintiffs ask this Court to grant the extraordinary and emergency relief of preliminarily enjoining a statute adopted by the Texas Legislature based on alleged Section 2 effects and intentional-discrimination claims. Their lengthy preliminary-injunction filing, accompanied by eighty exhibits, including numerous maps and redistricting data, twelve declarations, and an expert report that purportedly analyzes election data in Fort Worth, was first provided to the Defendants on the night of November 24. Yet the same night of their voluminous filing, Plaintiffs also made the extraordinary request to have the Defendants file an expedited response to their preliminary-injunction motion.

Plaintiffs attempts to expedite this matter are not without intention. Given the scope of the issues raised in their request it would deprive the State Defendants of a reasonable opportunity to fully analyze and refute Plaintiffs' claims that a Republican majority Legislature somehow acted in an intentionally discriminatory manner by creating a Republican Senate District in a Republican County.

In addition, Rule 65(a)(1) of the Federal Rules of Civil Procedure requires that notice be given to the adverse party before the preliminary injunction may issue. The Fifth Circuit has interpreted this Rule to require "a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted." *PCI Trans., Inc. v. Ft. Worth & W.R. Co.*,

418 F.3d 535, 546 (5th Cir. 2005). Further, the notice requirement applies beyond merely informing the adverse party of the application for preliminary injunction, but extends to the bases relied on by the party seeking injunctive relief. Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2949 (3d ed. 2010 & Apr. 2021 Update) (in the preliminary-injunction context, "notice and an adequate opportunity to respond is carefully honored by the courts"). As the Fifth Circuit explains: "It goes without saying that the requirements of a fair hearing include notice of the claims of the opposing party and an opportunity to meet them." *Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc.*, 446 F.2d 353, 356 (5th Cir. 1971) (quoting *FTC v. Nat'l Lead Co.*, 352 U.S. 419, 427 (1957)).

Expedited consideration would deny Defendants the notice and fair opportunity to respond to which they are entitled under the law. That is especially true given the expansive motion and exhibits Plaintiffs filed. The Court should deny Plaintiffs' motion to expedite.

## II. Expedited Briefing Would Lead to Inefficient, Piecemeal Decisions

Instead of ordering expedited briefing, the Court should comprehensively take up related scheduling issues at the December 7 status conference. *See* ECF 25. Other plaintiff groups have advised Defendants that they also intend to seek preliminary-injunctive relief. Because these cases challenge the same maps and many of the same districts, it is very likely that future preliminary-injunction motions will overlap. In fact, at least two other plaintiffs specifically challenge SD 10—the subject of the Brooks Plaintiffs' motion. *See Texas State Conference of the NAACP v. Abbott*, No. 1:21-cv-1006, ECF 1 ¶¶ 121–23 (W.D. Tex. Nov. 5, 2021); *Fair Maps Texas Action Committee v. Abbott*, No. 1:21-cv-1038, ECF 1 ¶¶ 119–27 (W.D. Tex. Nov. 16, 2021); *see also LULAC v. Abbott*, No. 3:21-cv-259, ECF 1 ¶¶ 93–95, 105–12 (W.D. Tex. Oct. 18, 2021) (challenging the Senate map generally).

To avoid the confusion that would result from piecemeal preliminary-injunction litigation, the Court should address which other plaintiffs intend to file similar motions and establish a uniform schedule for discovery, briefing, and argument on those motions. A uniform preliminary-injunction

3

schedule would be particularly appropriate in light of the fact that these seven federal redistricting lawsuits have been consolidated before the three-judge panel. The primary purpose of consolidation is to ensure that the several cases proceed uniformly, and do not conflict with one another. A uniform discovery and briefing schedule would ensure all issues concerning preliminary-injunctive relief will proceed in an efficient and orderly fashion. Coordination on challenges to particular districts would only lend more efficiency and uniformity to the ligation process.

### III.     Expedited Briefing Would Be Futile

Finally, Plaintiffs' central stated reason for seeking expedited briefing—to attempt to obtain relief before the election begins—is invalid because the electoral process has already begun. As Plaintiffs note, the candidate-filing period is already underway, and ends on December 13. *See* Texas Secretary of State, *Important 2022 Election Dates*, https://www.sos.state.tx.us/elections/voter/important-election-dates.shtml#2022. Thus, even on Plaintiffs' proposed schedule, the candidate filing period will have ended before this Court could issue a decision. If the Brooks Plaintiffs want to obtain relief before such deadlines, it is already too late, and their request is futile.

Had the Brooks Plaintiffs truly wanted to obtain timely preliminary relief, they could have moved sooner. Instead, they waited three weeks after filing their complaint, more than four weeks since Governor Abbott signed the law they challenge, and more than five weeks since the Legislature passed it. *Compare* ECF 40, with *Brooks v. Abbott*, No. 1:21-cv-991, ECF 1 (W.D. Tex. Nov. 3, 2021).[1]

Even on Plaintiffs' theory, there is no need to rush. They "request that the Court re-set the deadlines for candidate filing period for SD10 to allow for a hearing and adjudication of Plaintiffs' motion." ECF 40 at 1. Defendants oppose such relief, of course, but by requesting amended deadlines, Plaintiffs undermine their own point. If the Court can reset deadlines, Plaintiffs' concern for meeting

---

[1] *See* Texas Legislature Online: History, Senate Bill 4, 87th Leg., 3d C.S., https://capitol.texas.gov/BillLookup/History.aspx?LegSess=873&Bill=SB4.

4

those deadlines is overstated.

*     *     *

In short, Plaintiffs identify no legitimate reason why expedited briefing on their preliminary-injunction motion is necessary. To the contrary, expedited briefing would deny Defendants notice and an adequate opportunity respond, would prematurely take up the issue of preliminary relief before the other plaintiff groups bring overlapping motions, and would not alleviate Plaintiffs' own concern that relief issue before the election begins. Instead of granting Plaintiffs' motion, the Court should take up the issue of forthcoming preliminary-injunction motions at the December 7 status conference and establish a uniform discovery, briefing, and argument schedule for this motion and all others seeking preliminary-injunctive relief. That course of action would be consistent with the aims of uniformity, efficiency, and orderliness that are the bases of these cases being consolidated.

## CONCLUSION

Defendants respectfully request the Court deny Plaintiffs' Motion for Preliminary Injunction Hearing. ECF 40. In addition, for the reasons outlined above, the State Defendants ask the Court to:

(1) Hold Defendants' obligation to respond to Plaintiffs' motion in abeyance, or alternatively, extend the date by which they must respond in order to provide them sufficient time;

(2) Take up the issue of scheduling at the December 7 status conference; and

(3) Establish a uniform preliminary-injunction schedule for discovery, briefing, and argument with respect to all parties who intend to seek preliminary injunctive relief.

| | |
|---|---|
| Date: December 1, 2021 | Respectfully submitted. |
| | |
| KEN PAXTON | /s/ Patrick K. Sweeten |
| Attorney General of Texas | PATRICK K. SWEETEN |
| | Deputy Attorney General for Special Litigation |
| BRENT WEBSTER | patrick.sweeten@oag.texas.gov |
| First Assistant Attorney General | Tex. State Bar No. 00798537 |
| | |
| | WILLIAM T. THOMPSON |
| OFFICE OF THE ATTORNEY GENERAL | Deputy Chief, Special Litigation Unit |
| P.O. Box 12548 (MC-009) | will.thompson@oag.texas.gov |
| Austin, Texas 78711-2548 | Tex. State Bar No. 24088531 |
| Tel.: (512) 463-2100 | |
| Fax: (512) 457-4410 | **COUNSEL FOR DEFENDANTS** |

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on December 1, and that all counsel of record were served by CM/ECF.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN