UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT,** *et al.*,<br><br>*Plaintiffs,*<br>v.<br><br>**GREG ABBOTT,** *in his official capacity as Governor of the State of Texas*, **JOSE A. ESPARZA,** *in his official capacity as Deputy Secretary of the State of Texas*,<br><br>*Defendants.* | EP-21-CV-00259-DCG-JES-JVB<br>[Lead Case] |

## ORDER DENYING IN PART DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants Greg Abbott and Jose Esparza's "Motion to Dismiss, for a More Definite Statement, or to Strike" ("Motion") (ECF No. 12). In their Motion, the Defendants assert that Plaintiffs' claims under Section 2 of the Voting Rights Act must be dismissed because "[t]hey do not have a private cause of action to enforce Section 2." We disagree. Insofar as it addresses a cause of action by private parties to enforce Section 2, the motion to dismiss is DENIED.

The Defendants candidly acknowledge that "[t]he Supreme Court has never decided whether Section 2 contains an implied private cause of action" but "has often '[a]ssum[ed], for present purposes, that there exists a private right of action to enforce' Section 2" (citing *City of Mobile v. Bolden*, 446 U.S. 55, 60 (1980) (plurality opinion)). Strictly speaking, the Defendants are correct in averring that whether the VRA "furnishes an implied cause of action under § 2" is

- 1 -

"'an open question.' *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2350 (2021) (Gorsuch, J., concurring)."

The United States has filed a "Statement of Interest" (ECF No. 46) urging this three-judge court to deny dismissal on this ground. The Statement of Interest makes the following representation, which we have no reason to refute:

> Throughout decades of Section 2 litigation challenging redistricting plans and voting restrictions in Texas and elsewhere, courts have never denied a private plaintiff the ability to bring Section 2 claims. *See, e.g.*, *LULAC v. Perry*, 548 U.S. 399 (2006); *Houston Lawyers' Ass'n v. Att'y Gen.*, 501 U.S. 419 (1991); [*Thornburg v.*] *Gingles*, 478 U.S. [30 (1986)]; *Veasey* [*v. Abbott*], 830 F.3d [216 (5th Cir. 2016) (en banc)]; *Terrazas v. Clements*, 581 F. Supp. 1329 (N.D. Tex. 1984) (three-judge court).

*Id.* at 3–4. The United States adds that "although the Supreme Court has not addressed an express challenge to private Section 2 enforcement, the Court's precedent permits no other holding." We agree, at least to the extent that it would be ambitious indeed for a district court—even a three-judge court—to deny a private right of action in the light of precedent and history.

We also suspect that the Defendants misconstrue *Alexander v. Sandoval*, 532 U.S. 275, 288–89 (2001), in which the Court held up the text of 42 U.S.C. § 2000d as paradigmatic rights-creating language. That language seems to mirror Section 2's.[1]

Absent contrary direction from a higher court, we decline to break new ground on this particular issue. The Defendants' motion to dismiss for want of a private cause of action to enforce Section 2 of the Voting Rights Act is therefore **DENIED**.

---

[1] *Compare* 42 U.S.C. § 2000d ("No person . . . shall, on the ground of race, color, or national origin, be . . . subjected to discrimination under any program or activity receiving Federal financial assistance."), *with* 52 U.S.C. § 10301(a) ("No . . . standard, practice, or procedure shall be imposed or applied by any State . . . in a manner which results in a denial or abridgement of the right of any citizen . . . to vote on account of race or color . . . .").

So ORDERED and SIGNED on this 3rd day of December 2021 on behalf of the Three-Judge Panel.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE