# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, *in his official capacity as Governor of the State of Texas*, and JOHN SCOTT, *in his official capacity as Secretary of State of Texas*,<br>    *Defendants*. | § § § § § § § § § § § § | Case No. 3:21-cv-259-DCG-JES-JVB<br>[Lead Case] |
| DAMON JAMES WILSON,<br>    *Plaintiff*,<br><br>v.<br><br>THE STATE OF TEXAS, *et al.*,<br>    *Defendants*. | § § § § § § § § | Case No. 1:21-cv-943-RP-JES-JVB<br>[Consolidated Case] |
| VOTO LATINO, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>JOHN SCOTT, *in his official capacity as Secretary of State of Texas*, and GREG ABBOTT, *in his official capacity as Governor of the State of Texas*,<br>    *Defendants*. | § § § § § § § § § § § | Case No. 1:21-cv-965-RP-JES-JVB<br>[Consolidated Case] |
| MEXICAN AMERICAN LEGISLATIVE CAUCUS,<br>    *Plaintiff*,<br><br>v.<br><br>THE STATE OF TEXAS, *et al.*,<br>    *Defendants*. | § § § § § § § § § | Case No. 1:21-cv-988-RP-JES-JVB<br>[Consolidated Case] |

1

| | | |
|---|---|---|
| ROY CHARLES BROOKS, *et al.*,<br>　　　*Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, *in his official capacity as Governor of the State of Texas*, and JOHN SCOTT, *in his official capacity as Secretary of State of Texas*,<br>　　　*Defendants*. | §§§§§§§§§§§ | Case No. 1:21-cv-991-LY-JES-JVB<br>[Consolidated Case] |
| TEXAS STATE CONFERENCE OF THE NAACP,<br>　　　*Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, *in his official capacity as Governor of the State of Texas*, and JOHN SCOTT, *in his official capacity as Secretary of State of Texas*,<br>　　　*Defendants*. | §§§§§§§§§§§§ | Case No. 1:21-cv-1006-RP-JES-JVB<br>[Consolidated Case] |
| FAIR MAPS TEXAS ACTION COMMITTEE, *et al.*,<br>　　　*Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, *in his official capacity as Governor of the State of Texas*, and JOHN SCOTT, *in his official capacity as Secretary of State of Texas*,<br>　　　*Defendants*. | §§§§§§§§§§§§ | Case No. 1:21-cv-1038-RP-JES-JVB<br>[Consolidated Case] |

**RESPONSE IN OPPOSITION TO CLASS CERTIFICATION [ECF 5]**

## Table of Contents

Introduction ........................................................................................................................................... 4

Background ........................................................................................................................................... 4

Legal Standard ...................................................................................................................................... 6

Argument ............................................................................................................................................... 6

    I.    Class certification is improper because of lack of standing. ............................................ 6

    II.    Plaintiffs do not satisfy the standards for certifying a class under 23(b). ...................... 7

        A.    Rule 23(b)(1)(A) does not provide a basis for certification. ..................................... 8

        B.    Rule 23(b)(1)(B) certification is not applicable to Wilson's claims. ........................ 9

        C.    Rule 23(b)(2) does not provide any basis for certification. ................................... 10

    III.    The Proposed Class is vague and not ascertainable. ...................................................... 11

    IV.    The Rule 23(a) Factors Have Not Been Met .................................................................. 13

        A.    Wilson failed to establish numerosity. .................................................................... 13

        B.    Commonality and typicality have not been established. ....................................... 14

        C.    Wilson is not an adequate class representative. ...................................................... 15

Conclusion .......................................................................................................................................... 16

#### INTRODUCTION

The Court should deny Plaintiff Damon James Wilson's motion to certify a class. He has not made the significant showings required for class certifications. As an initial matter, Wilson has not demonstrated that he has standing to bring this suit, as Defendants explained in their motion to dismiss. *See* ECF 44 at 3–6. Without standing, Wilson cannot pursue his claims at all, much less on behalf of a class.

Wilson also has not satisfied the requirements of Rule 23. First, Wilson's proposed class definition is vague and unascertainable. Second, Wilson has not produced class-wide evidence to satisfy Rule 23(a)'s four threshold requirements—numerosity, commonality, typicality, and adequacy—or any of Rule 23(b)'s prerequisites. Third, even taking Wilson's assertions at face value, he has not satisfied those crucial requirements. The Court should deny class certification.

#### BACKGROUND

This is a redistricting case, but Plaintiffs' claims have nothing to do with voting. Plaintiff Damon James Wilson complains about (1) the federal Census Bureau counting him as a resident of a state prison, (2) the Texas Legislature using that information when redistricting, and (3) a federal congressman being less responsive to Wilson's hypothetical future communications.

Wilson is not eligible to vote (and he does not allege otherwise) because he has "been finally convicted of a felony" and has not "fully discharged [his] sentence" or "been pardoned or otherwise released from the resulting disability to vote." Tex. Elec. Code § 11.002(a)(4). Wilson's conviction for family-violence assault, enhanced due to his prior convictions, qualifies as a felony. *See* Tex. Penal Code § 22.01(b)(2); *Wilson v. State*, No. 05-13-00874-CR, 2014 WL 5338510, at *1 (Tex. App.—Dallas Oct. 21, 2014, no pet.).[1] TDCJ projects that he will be released in February of 2031. *See* ECF 1 ¶ 7.

---

[1] *See Inmate Information Details*, Texas Department of Criminal Justice (last visited November 9, 2021), https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=05608188; *Texas v. Wilson*, Judgment of Conviction (291st Tex. Dist. Ct. June 6, 2013), available at

4

Wilson does not allege that he will ever vote in an election affected by this round of redistricting. Wilson claims to reside in Grand Prairie, Texas, but on April 1, 2020—the day relevant to the federal census—Wilson was confined in a Texas prison: the Clements Unit in Amarillo. *See* ECF 1 at ¶¶ 2–3. In keeping with a Department of Commerce regulation and its historical practice, the Census Bureau counted Wilson as a resident of Amarillo. *See id.* ¶ 5; Final 2020 Census Residence Criteria and Residence Situations, 83 Fed. Reg. 5525 (Feb. 8, 2018).[2] According to this regulation, prisoners like Wilson are treated as residing where they are incarcerated. *See id.* at 5527–28.

When apportioning Texas's congressional seats among districts, the Texas Legislature uses the Census Bureau's data. Wilson characterizes this use of census data as "assign[ing]" him "the status of a person residing in, and an 'inhabitant' of, Texas Congressional District 13," which "encompasses the location where Plaintiff was confined" but "does not encompass the location of his permanent domicile." ECF 1 ¶ 7. In reality, however, the statute creating the congressional map does not "assign[]" anyone any "status" or "resid[ence]." It lists the geographic areas that make up each congressional district.[3] It does not say anything about who should be considered a resident of which district.

Even if SB 6 could be interpreted to say something about Wilson's residence when the census was conducted, it would not say anything about Wilson's residence now. Wilson has moved to a different prison. He is currently confined in the Jester III Unit in Richmond. *See* ECF 1 ¶ 3.

---

https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (search by Case Number "F1330651").
[2] The Final Census Residence Criteria and Residence Situations are available as an exhibit to the Defendants' motion to dismiss. *See* ECF 44-3.
[3] *See generally* Senate Bill 6, 87th Leg. 3d C.S., art. II (Oct. 18, 2021), https://capitol.texas.gov/tlodocs/873/billtext/pdf/SB00006F.pdf.

## LEGAL STANDARD

Before certifying a class, a district court "must conduct a rigorous analysis of the Rule 23 prerequisites." *Yates v. Collier*, 868 F.3d 354, 362 (5th Cir. 2017). This "rigorous analysis" requires the court to "look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law to make a meaningful determination of the certification issues." *Id.* Notably, "Rule 23 does not set forth a mere pleading standard," and the "rigorous analysis" it requires often "will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Thus, Plaintiffs must "be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation" and to satisfy at least one of Rule 23(b)'s provisions "through evidentiary proof." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (cleaned up).

## ARGUMENT

**I.   Class certification is improper because of lack of standing.**

This Court lacks subject matter jurisdiction over Wilson's claims, as explained in the defendants' motion to dismiss. *See* ECF 44 at 3–6. This means the Court also lacks jurisdiction to certify a plaintiff class. *See, e.g.*, *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 318–19 (5th Cir. 2002) (Smith, J.); *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 769 (5th Cir. 2020) ("[I]f it is the *class representative* who presents a standing problem, then *that* standing issue must be addressed first, prior to deciding class certification.").

Even if Wilson's allegations were sufficient to establish standing, at this stage, he would need to support them with evidence. "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Thus, at the preliminary-injunction stage, for example, a plaintiff "must make a 'clear showing' that

[he has] standing" because "a preliminary injunction 'may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017) (Smith, J.). Because a plaintiff seeking class certification must present "evidentiary proof," *Comcast*, 569 U.S. at 33, standing at this stage requires "evidentiary proof" as well.

The only evidence Wilson submits is his own five-page declaration. *See* ECF 55, Ex. A (p. 42 of 46 in the combined pdf). That declaration does not even mention the "responsiveness" theory of standing that was the focus of Wilson's complaint. *See* ECF 44 at 3–5 (arguing that Wilson's "responsiveness" allegations are insufficient to support standing).

Moreover, absent class members would lack standing for similar reasons. Although this Court need not decide the standing of absent class members if it denies certification on other grounds, *see Rivera*, 283 F.3d at 319 n.6 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612 (1997)), it cannot certify a class without deciding that issue. No class may be certified that contains members lacking Article III standing. *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006); *see also Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010) ("A class must therefore be defined in such a way that anyone within it would have standing." (quotation marks omitted)); *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 770-71 (5th Cir. 2020) (Oldham, J., concurring) (explaining that a court must assess Article III standing to certify a class).

Wilson does not even argue, much less prove, that a properly defined class would be composed solely of members with standing to sue. His proposed class definition would include prisoners regardless of how responsive their preferred congressmen are those prisoners' requests and interests. *See* ECF 5 at 3 (defining the proposed class).

**II.     Plaintiffs do not satisfy the standards for certifying a class under 23(b).**

Wilson invokes Rule 23(b)(1)(A)–(B) and Rule 23(b)(2) of the Federal Rules of Civil Procedure to support his putative class. ECF 5 ¶¶ 10–12. Because Wilson failed to make an adequate showing

7

that his proposed class fits within the scope of Rules 23(b)(1) or 23(b)(2), this Court should deny the motion to certify.

### A. Rule 23(b)(1)(A) does not provide a basis for certification.

Wilson first looks to Rule 23(b)(1)(A) for certification. ECF 5 ¶ 10. Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure authorizes class certification where "(1) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class."

"Incompatible standards of conduct" means "the situation in which different results in separate actions would impair the opposing party's ability to pursue a uniform continuing course of conduct." Wright, Miller, Kane, *et al.*, 7AA Fed. Prac. & Proc. Civ. § 1773 (3d ed.); *see Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 614 (1997). "[I]t is not enough that there is a possibility that separate litigation will result in inconsistent adjudications." 5 Moore's Federal Practice § 23.41 (2021). Rather, certification under Rule 23(b)(1)(A) is appropriate "only in the event that inconsistent judgments in separate suits would trap the party opposing the class in the 'inescapable legal quagmire of not being able to comply with one such judgment without violating the terms of another.'" *McBirney v. Autrey*, 106 F.R.D. 240, 245 (N.D. Tex. May 31, 1985) (quoting *Walker v. City of Houston*, 341 F. Supp. 1124, 1131 (S.D. Tex. 1971)); *see also Sembach v. McMahon Coll., Inc.*, 86 F.R.D. 188, 192 (S.D. Tex. 1980) (same); *Abbent v. Eastman Kodak Co.*, No. 90-3436, 1992 WL 1472751, at *12 (D.N.J. Aug. 28, 1992) (the rule is properly invoked to prevent "conflicting obligations"). The court looks to whether a separate lawsuit between Defendants and each proposed class member could, in the event of different judgments, "force [Defendants] to comply with one court order yet violate another court order." *Corley v. Entergy Corp.*, 222 F.R.D. 316, 320 (E.D. Tex. 2004), *aff'd sub nom. Corley v. Orangefield Indep. Sch. Dist.*, 152 F. App'x 350 (5th Cir. 2005). If not, class certification must be denied.

Showing conflicting obligations requires "more than a risk that separate judgments would oblige the opposing party to pay damages to some class members but not to others or to pay them different amounts." Wright & Miller, 7AA Fed. Prac. & Proc. Civ. § 1773. The same is true for the non-monetary relief sought here. "[I]f the mere threat of inconsistent jury verdicts enabled certification under 23(b)(1)(A), every case involving multiple plaintiffs could fall into this category. This would cast too broad a net." 2 Newberg § 4 (5th ed.). As one court put it in refusing to certify a class, a plaintiff may prevail against "one defendant and not [against] another, but that possibility does not place him in the position of complying with one judgment while violating another." *McBirney*, 106 F.R.D. at 245. Imagining Wilson is successful in his suit shows why inconsistent judgments will not occur. Wilson seeks purely negative injunctive relief: an injunction prohibiting Defendants from holding an election under Plan C2193. ECF 1 at 19, ¶ (f). (Wilson's counsel recently disclaimed any intent to propose a specific replacement map.) There is thus no risk that any injunction awarded to Wilson would conflict with any injunction that could be awarded in any future suit filed by another member of the putative class. Similarly, any declaratory judgment related to Wilson's residence, *see id.* at 19, ¶ (e), would not conflict with any declaratory judgment related to any other prisoner's residence. Because Wilson cannot satisfy the requirements of Rule 23(b)(1)(A), this Court should not certify Wilson's putative class under that provision.

### B. Rule 23(b)(1)(B) certification is not applicable to Wilson's claims.

Wilson also seeks certification under Rule 23(b)(1)(B). ECF 5 ¶¶ 1, 10. That provision, however, is not applicable to the type of claims that Wilson brings. Rule 23(b)(1)(B) provides that a class action may be maintained when separate actions could result in a determination that "as a practical matter would be dispositive of the interests of the other [class] members . . . or substantially impede their ability to protect their interests." "The classic example of a (b)(1)(B) class action is a limited fund case: a situation in which many litigants have claims against a single asset and the asset's

total value is unlikely to satisfy all the claims. If the claims are adjudicated individually, the fund will run out before the claimants do." 2 Newberg on Class Actions, § 4:18 (5th ed.). There is no limited fund here, and Wilson does not point to *any* determination that "as a practical matter would be dispositive" of other inmates' purported rights.

To the extent that Wilson intends to rely upon res judicata or collateral estoppel effects of a ruling as the basis for arguing a substantial impediment requiring certification, multiple courts have held that such interests are insufficient to justify certification under Rule 23(b)(1)(B). *See Tilley v. TJX Cos., Inc.*, 345 F.3d 34, 40-44 (1st Cir. 2003) ("We adopt the majority view and hold that the certification of a class under Rule 23(b)(1)(B) cannot rest solely on an anticipated stare decisis effect."); *see also McBirney v. Autrey*, 106 F.R.D. 240, 246 (N.D. Tex. May 31, 1985) (same) (collecting cases). This Court should not certify a class under Rule 23(b)(1)(B).

### C. Rule 23(b)(2) does not provide any basis for certification.

Finally, Wilson seeks certification under Rule 23(b)(2), which applies where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); ECF 5 ¶ 11. That language has two relevant requirements when a proposed class seeks class-wide injunctive relief: (1) the "class members must have been harmed in essentially the same way" and (2) "the injunctive relief sought must be specific." *M.D. v. Stukenberg*, 675 F.3d 832, 845 (5th Cir. 2012).

Wilson cannot show that the putative class members "have been harmed in essentially the same way," *id.*, because whether and to what extent a particular prisoner's particular congressman is responsive depends on individualized facts, not any actions Defendants may take that could "apply generally to the class." Fed. R. Civ. P. 23(b)(2). For example, Defendants' motion to dismiss discussed the Governor's power to order a general election. *See* ECF 44 at 13 (citing Tex. Elec. Code

10

§ 3.003(a)(1)). But Wilson provides no evidence that ordering a general election would harm all members of the class, much less do so "in essentially the same way." *M.D.*, 675 F.3d at 845. Wilson also has not explained how an injunction preventing the use of Plan C2193 would redress his alleged injury, much less proved that such an injunction would help "the class as a whole." Fed. R. Civ. P. 23(b)(2).

Moreover, Wilson has not shown that class-wide litigation will promote the interests of efficiency, the very goal of class-action litigation. *See General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 159 (1982) ("[M]aintenance of respondent's action as a class action did not advance 'the efficiency and economy of litigation which is the principal purpose of the procedure.'") (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974)). If Wilson were correct about being entitled to an injunction against the use of Plan C2139 for his individual claim (he is not), and if Wilson were correct about absent class members benefiting from such an injunction (he is not), then there would still be no need for a class. There is no reason to certify a class if relief on an individual claim would, as a practical matter, have the same effect as granting relief on a class claim. *See Shull v. Columbus Mun. Separate Sch. Dist.*, 338 F. Supp. 1376, 1378 (N.D. Miss. Feb. 25, 1972) ("The court's holding makes it unnecessary to determine the issue of whether the action sub judice is one properly to be considered as a class action . . . for the reason that all students in plaintiff's class will benefit from the court's adjudication that the policy in question is unconstitutional and the restrain placed upon its enforcement by the school district.").

### III. The Proposed Class is vague and not ascertainable.

Wilson's definition is vague and based on the state of mind of each putative class member, not objective criteria. Wilson defines his proposed class as "himself" and "all inmates: a) who are involuntarily confined by the Defendant State of Texas in its state prisons for a term of confinement less than life; b) who have been designated by Defendants for purposes of federal representation in

11

the U.S. House of Representatives as 'inhabitants' of the location where they were confined on April 1, 2020; and, c) who have not been designated by Defendants as inhabitants, for congressional representational purposes, at the location of the domiciles that they maintained immediately prior to their terms of confinement, and to which they have always intended to return after their release from confinement." ECF 5 ¶ 4. Because Wilson's proposed class is not ascertainable based upon objective terms, the Court should not certify the proposed class.

The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23. *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) (Smith, J.). The inquiry is whether it is administratively feasible for the court to determine whether a particular individual is a member, which requires that the class be defined in objective terms that are capable of present ascertainment. *Johnson v. Kansas City Southern*, 224 F.R.D. 382, 388 (S.D. Miss. 2004) (quoting *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)); 7A Wright, Miller & Kate, Federal Practice and Procedure Civil 2d § 1760, at 121 (1986); Manual for Complex Litigation 2d § 30.14 at 213 (1985)) (cleaned up); *see also Seeligson v. Devon Energy Prod. Co.*, 753 F. App'x 225 (5th Cir. 2018) (per curiam) (requiring the class to be adequately defined and clearly ascertainable).

Wilson's class definition turns on prisoners' "domiciles that they maintained immediately prior to their terms of confinement, and to which they have *always intended* to return after their release from confinement." ECF 5 ¶ 4 (emphasis added). The phrase "domiciles that they maintained immediately prior" and "to which they have always intended to return" are vague and are not sufficiently definite to provide notice of who will be bound by any judgment that could issue. Absent individualized inquiries into the intentions and state of mind of each putative class member, making the proposed class inappropriate for certification. *See DeBremacker v. Short*, 433 F.2d 733 (5th Cir. 1970) (refusing to certify a class of residents of a state who were active in the "peace movement" because of the

uncertainty of the meaning of "peace movement"); *see also* G. Shaw, *Class Ascertainability*, 124 Yale L.J. 2354, 2381 (May 2015).

Classes "defined by subjective criteria, such as by a person's state of mind, fail the objectivity requirement." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659-60 (7th Cir. 2015) (citations omitted). There are no objective criteria to determine how putative class members perceive "domiciles that they maintained" or whether putative class members "have always intended to return" to those domiciles. The inability to ascertain the class based on the definition poses practical and due process problems with identifying things like who should receive notice and who will be bound by a final judgment. Because Wilson has failed to adequately define a definite, ascertainable class, this Court should not certify his proposed class.

## IV. The Rule 23(a) Factors Have Not Been Met

The Court should deny class certification for another independent reason: Wilson has not satisfied Rule 23(a). In fact, he has failed to prove any of the four threshold requirements: numerosity, commonality, typicality, and adequacy.

### A. Wilson failed to establish numerosity.

Under Rule 23(a)(1), a class may be certified only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "The numerosity requirement . . . is designed to prevent members of a small class from being unnecessarily deprived of their rights without a day in court." *Leal v. Paramount Restaurants Grp., Inc.*, 2:12-CY-038-J., 2013 WL 1363616, at *3 (N.D. Tex. Apr. 4, 2013). "A plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members." *Ibe v. Jones*, 836 F.3d 516, 528 (5th Cir. 2016) (internal quotation marks and brackets omitted).

Without providing class-wide evidence, Wilson asserts that his proposed class has over 50,000 members. ECF 5 ¶¶ 5–6. Wilson cannot simply stand on a generalization he contends he extrapolated

from admissions related to issues in a different redistricting lawsuit that Wilson concedes took place over a decade ago. ECF 5 ¶ 6. Wilson does not explain how he estimates the number of prisoners who satisfy his class definition in light of the fact that the class definition turns on prisoners' subjective intentions regarding domicile. *See supra* Part III. "Speculation that a class is numerous is insufficient to prove numerosity." *Abrams v. Kelsey-Seybold Med. Grp., Inc.*, 178 F.R.D. 116, 128 (S.D. Tex. 1997).

### B.   Commonality and typicality have not been established.

The second requirement of Rule 23(a) is that a plaintiff show "there are questions of law or fact common to the class." *Wal-Mart Stores*, 564 U.S. at 345 (citing Fed. R. Civ. P. 23(a)(2)). This requirement is "easy to misread" because "[a]ny competently crafted class complaint literally raises common 'questions.'" *Id.* at 349 (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 131–32 (2009)). "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* at 350 (quoting Nagareda, *supra*, 132). "Rule 23(a)(2) requires that all of the class member's claims depend on a common issue of law or fact whose resolution 'will resolve an issue that is central to the validity of each one of the [class member's] claims in one stroke.'" *M.D.*, 675 F.3d at 840 (quoting *Wal-Mart*, 131 S. Ct. at 2551).

Wilson purports to identify one common question of law:

> whether the federal constitutional rights of Plaintiff and the putative class members to equal representation in the U.S. Congress have been violated by the Defendants' allocation of class members to a location at which they were confined on April 1, 2020, rather than where they were, as a matter of federal constitutional law, 'inhabitants' on that date.

ECF 5 ¶ 7. That does not suffice. As discussed above, Wilson's argument for his rights being violated turns on the alleged responsiveness of his congressman, *see supra* Part I, but that is not a common question across the putative class. Certification would require the Court to analyze the responsiveness of different congressmen to different potential requests from different constituents.

14

This same defect undermines typicality. To determine whether Rule 23(a)'s typicality requirement is satisfied, "the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002). Wilson's claim cannot be typical because the "essential characteristics" of his claim will focus on unique issues regarding his congressman's responsiveness to him.

### C.  Wilson is not an adequate class representative.

Adequacy encompasses three separate but related inquiries (1) "the zeal and competence of the representative[s'] counsel;" (2) "the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees"; and (3) the risk of "conflicts of interest between the named plaintiffs and the class they seek to represent." *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005) (quoting *Berger v. Compaq Comp. Corp.*, 279 F.3d 313, 313–14 (5th Cir. 2002)). The adequacy inquiry "serves to uncover conflicts of interest between the named plaintiffs and the class they seek to represent." *Amchem Prods., Inc.*, 521 U.S. at 594.

Courts are required to place the burden of demonstrating adequacy on the plaintiffs. The Fifth Circuit has explicitly stated that any presumption that the class representative is adequate "inverts the well-established rule that the party seeking certification bears the burden of establishing all elements of rule 23(a)." *Berger*, 257 F.3d at 481 (5th Cir. 2001). "Even more unsettling," when such a presumption occurs is that doing so "ignores the constitutional dimensions of the adequacy requirement, which implicates the due process rights of all members who will be bound by the judgment." *Id.* Rather than presuming adequacy, the Fifth Circuit has described "[t]he adequacy requirement [as one that] mandates an inquiry into . . . the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d 470, 484 (5th Cir. 1982).

15

To meet Rule 23 requirements, the court must find that the relationship between class representatives and their counsel are adequate to protect the interests of absent class members. *Stirman*, 280 F.3d at 562. Class representatives must satisfy the court that they, and not counsel, are directing the litigation. *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005). A simple determination that no conflicts exist to preclude certification, "is not a sufficiently 'rigorous' analysis to demonstrate that [the class representative] is an adequate representative." *Stirman*, 280 F.3d at 563.

Wilson failed to establish that he is adequate to protect the interests of absent class members. First, Wilson's own declaration demonstrates that he has knowledge of this lawsuit only by virtue of information provided to him by his attorney. ECF 55 at 44. Wilson's own statement about his willingness to serve as the class representative is a single statement: "Should I be approved by the Court as the representative party for the class, I will fairly and adequately protect the interests of the class at all times." *Id.* That conclusory statement, alone, is insufficient to demonstrate the "active role" required by Fifth Circuit precedent. *Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d at 484.

Further, Wilson's counsel admits that he has never represented a class in any other class action." ECF 5 ¶ 15. Certifying a class with inexperienced counsel threatens the interests of absent class members, who may prefer counsel more experienced counsel but will be left without a choice.

## Conclusion

Wilson has failed to meet the requirements necessary to certify a class. This Court should deny the motion to certify.

| | |
|---|---|
| Date: December 3, 2021 | Respectfully submitted. |
| KEN PAXTON<br>Attorney General of Texas | PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>Tex. State Bar No. 00798537 |
| BRENT WEBSTER<br>First Assistant Attorney General | WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>Tex. State Bar No. 24088531 |

/s/ *Eric A. Hudson*
ERIC A. HUDSON
Senior Special Counsel
Tex. State Bar No 24059977

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
eric.hudson@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on December 3, 2021, and that all counsel of record were served by CM/ECF.

/s/ *Eric A. Hudson*
ERIC A. HUDSON