FILED
December 03, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: \_\_\_Michael Trujillo\_\_\_
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS,** *et al.*, <br><br> *Plaintiffs*, <br> v. <br><br> **GREG ABBOTT,** *in his official capacity as Governor of the State of Texas*, *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § § | **EP-21-CV-00259-DCG-JES-JVB** <br> **[Lead Case]** |
| **DAMON JAMES WILSON**, *for himself and on behalf of all others similarly situated*, <br><br> *Plaintiffs*, <br> v. <br><br> **STATE OF TEXAS,** *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § § | **Case No. 1:21-CV-00943-RP-JES-JVB** <br> **[Consolidated Case]** |

## ORDER DISMISSING COMPLAINT

Plaintiff Damon Wilson seeks declaratory and injunctive relief as well as class certification.  Wilson, an inmate of the Texas Department of Criminal Justice, was counted in the population of Congressional District 13, where he was incarcerated on census day.  He urges that he should instead be counted as residing in Congressional District 30, where he lived before incarceration and where he still maintains his permanent domicile.  But before this Court may consider the merits of Wilson's position, he must first show that he has standing to sue.  Because Wilson cannot vote, he has not shown that he suffers the injury-in-fact needed for standing.  We therefore dismiss his complaint without prejudice.

Standing is a constitutional prerequisite for this Court to assert jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To demonstrate standing, a plaintiff must show (1) an "injury in fact," (2) a "causal connection between the injury and the conduct complained of," and (3) a likelihood that the injury will be "redressed by a favorable decision." *Id.* at 560–61 (citations omitted). Because Wilson has shown no injury-in-fact, we do not reach the other elements.

In the context of redistricting, plaintiffs typically meet the injury-in-fact requirement by establishing that an action by the state has reduced the power of their votes relative to the votes of others.[1] That pattern is particularly striking in the context of claims that, like this one, challenge the practice of counting prisoners as residents of the districts where they are incarcerated.[2] But Wilson cannot make the same showing. As he concedes, Texas's felony disenfranchisement law prevents him from voting in any district in Texas. He thus has no "voting power" to dilute.

Wilson seeks to overcome that difficulty by pointing out that "[n]on-voters . . . retain a stake in the outcome of federal policy debates." ECF No. 55 at 26. That is surely true, but it does not explain why Wilson's ability to influence or benefit from federal policy is any less than it would be if he were considered a resident of the district where he is domiciled. Wilson further alleges that the State's policy "has adversely affected . . . the responsivity of the U.S. Representative who would otherwise serve as Plaintiff's duly elected Member of Congress."

---

[1] *See, e.g., Reynolds v. Sims*, 377 U.S. 533, 555 (1964) (decrying the "debasement or dilution of the weight of a citizen's vote"); *Evenwel v. Abbott*, 136 S. Ct. 1120, 1125 (2016) (discussing plaintiffs' contention that "basing apportionment on total population dilutes their votes").

[2] *See Perez v. Texas*, No. 11-ca-360, 2011 WL 9160142, at *3 (W.D. Tex. Sept. 2, 2011) (describing the relevant plaintiffs as voters whose districts are overpopulated when one considers prison inmates as residing at their permanent domiciles); *Calvin v. Jefferson Cnty. Bd. of Comm'rs*, 172 F. Supp. 3d 1292, 1298 (N.D. Fla. 2016) (similar); *Davidson v. City of Cranston*, 188 F. Supp. 3d 146, 146 (D.R.I.), *rev'd*, 837 F.3d 135 (1st Cir. 2016) (similar).

ECF No. 44 at 4.  Even accepting this as true, the contention is too speculative to support an injury-in-fact.  *Cf. Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

Because Wilson has no voting power to diminish, and because he points to no other concrete injury-in-fact, this Court lacks jurisdiction to consider his claim.  Plaintiff Damon Wilson's Complaint is therefore **DISMISSED** without prejudice.

**So ORDERED and SIGNED on this <u>3rd</u> day of December 2021 on behalf of the Three-Judge Panel.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**