# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT, MI FAMILIA VOTA, AMERICAN GI FORUM, LA UNION DEL PUEBLO ENTERO, MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS, TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION, WILLIAM C. VELASQUEZ INSTITUTE, FIEL HOUSTON INC., TEXAS ASSOCIATION OF LATINO ADMINISTRATORS AND SUPERINTENDENTS, PROYECTO AZTECA, REFORM IMMIGRATION FOR TEXAS ALLIANCE, WORKERS DEFENSE PROJECT, EMELDA MENENDEZ, GILBERTO MENENDEZ, JOSE OLIVARES, FLORINDA CHAVEZ, JOEY CARDENAS, PAULITA SANCHEZ, JO ANN ACEVEDO, DAVID LOPEZ, DIANA MARTINEZ ALEXANDER, and JEANDRA ORTIZ, | CIVIL ACTION NO. 3:21-cv-00259-DCG-JES-JVB [Lead case] |
| *Plaintiffs*, v. | |
| GREG ABBOTT, in his official capacity as Governor of the State of Texas; JOSE A. ESPARZA, in his official capacity as Deputy Secretary of the State of Texas, | |
| *Defendants*. | |
| _____ | |
| VOTO LATINO, ROSALINDA RAMOS | |

| | |
|---|---|
| ABUABARA, AKILAH BACY, ORLANDO FLORES, MARILENA GARZA, CECILIA GONZALES, AGUSTIN LOREDO, CINIA MONTOYA, ANA RAMÓN, JANA LYNNE SANCHEZ, JERRY SHAFER, DEBBIE LYNN SOLIS, ANGEL ULLOA, and MARY URIBE,<br><br>    *Plaintiffs*,<br><br>v.<br><br>JOHN SCOTT, in his official capacity as Texas Secretary of State, and GREGORY WAYNE ABBOTT, in his official capacity as the Governor of Texas,<br><br>    *Defendants*. | CIVIL ACTION NO.<br>1:21-cv-00965-RP-JES-JVB<br>[Consolidated case] |
| MEXICAN AMERICAN LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES,<br><br>    *Plaintiffs*,<br><br>v.<br><br>STATE OF TEXAS, GREG ABBOTT, GOVERNOR OF THE STATE OF TEXAS, in his official capacity, and JOHN SCOTT, SECRETARY OF STATE OF TEXAS, in his official capacity,<br>    *Defendants*. | CIVIL ACTION NO.<br>1:21-cv-00988-RP-JES-JVB<br>[Consolidated case] |
| ROY CHARLES BROOKS, FELIPE GUTIERREZ, PHYLLIS GOINES, EVA BONILLA, CLARA FAULKNER, DEBORAH SPELL, and BEVERLY POWELL,<br><br>    *Plaintiffs*, | CIVIL ACTION NO.<br>1:21-cv-0099-LY-JES-JVB<br>[Consolidated case] |

| | |
|---|---|
| v. )<br>)<br>GREG ABBOTT, in his official capacity as )<br>Governor of Texas; JOHN SCOTT, in his )<br>official capacity as Secretary of State of )<br>Texas, )<br>)<br>  *Defendants*. )<br>) | |
| TEXAS STATE CONFERENCE OF )<br>THE NAACP, )<br>)<br>  *Plaintiff*, )<br>)<br>v. )<br>)<br>GREG ABBOTT, in his official capacity as )<br>Governor of Texas; JOHN SCOTT, in his )<br>official capacity as Secretary of State of )<br>Texas, )<br>)<br>  *Defendants*. )<br>) | CIVIL ACTION NO.<br>1:21-cv-01006-RP-JES-JVB<br>[Consolidated case] |
| FAIR MAPS TEXAS ACTION )<br>COMMITTEE, OCA-GREATER )<br>HOUSTON, NORTH TEXAS CHAPTER )<br>OF THE ASIAN PACIFIC ISLANDER )<br>AMERICANS PUBLIC AFFAIRS )<br>ASSOCIATION, EMGAGE, KHANAY )<br>TURNER, ANGELA RAINEY, AUSTIN )<br>RUIZ, AYA ENELI, SOFIA SHEIKH, )<br>JENNIFER CAZARES, NILOUFAR )<br>HAFIZI, LAKSHMI RAMAKRISHNAN, )<br>AMATULLA CONTRACTOR, DEBORAH )<br>CHEN, ARTHUR RESA, SUMITA )<br>GHOSH, and ANAND KRISHNASWAMY, )<br>  *Plaintiffs*, )<br>)<br>v. )<br>)<br>GREG ABBOTT, in his official capacity as )<br>Governor of Texas; JOHN SCOTT, in his )<br>official capacity as Secretary of State of )<br>Texas, ) | CIVIL ACTION NO.<br>1:21-cv-01038-RP-JES-JVB<br> [Consolidated case] |

3

|  |  |
|---|---|
| *Defendants.* ) <br> ) <br> ) <br> ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> STATE OF TEXAS and JOHN SCOTT, in ) <br> his official capacity as Texas Secretary of ) <br> State, ) <br> ) <br> *Defendants.* ) <br> ) <br> ) <br> DAMON JAMES WILSON, for himself and ) <br> on behalf of others similarly situated, ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> THE STATE OF TEXAS, et al., ) <br> ) <br> *Defendants.* ) <br> ) <br> ) <br> TREY MARTINEZ FISCHER, Texas State ) <br> Representative (HD 116), ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> GREG ABBOTT, in his official capacity as ) <br> Governor of the State of Texas; JOHN ) <br> SCOTT, in his official capacity as Secretary ) <br> of the State of Texas, ) <br> ) <br> *Defendants.* ) <br> ) <br> ) | <br><br><br><br><br><br><br><br>CIVIL ACTION NO.<br>3:21-cv-00299-RP-JES-JVB<br>[Consolidated case]<br><br><br><br><br><br><br><br><br><br><br><br><br>CIVIL ACTION NO.<br>1:21-cv-00943-RP-JES-JVB<br>[Consolidated Case]<br><br><br><br><br><br><br><br><br><br><br><br><br>CIVIL ACTION NO.<br>3:21-cv-00306-DCG-JES-JVB<br>[Consolidated Case] |

## PLAINTIFFS' PROPOSED SCHEDULING ORDER

Plaintiffs submit this response to the Court's December 8, 2021 Order Requiring Parties to File a Proposed Scheduling Order, ECF No. 75. After multiple conferences in good faith, the parties have been unable to reach agreement on proposed dates except as to the preliminary injunction motion. Plaintiffs therefore file this Proposed Scheduling Order, which represents Plaintiffs' position on an appropriate schedule for this case.

The key components of Plaintiffs' proposed schedule are the following:

- No preliminary injunction motions other than the one previously filed by the *Brooks* Plaintiffs. After considering the scheduling and timing issues discussed at the December 7 conference, and in the interest of allowing for a prompt resolution of the ultimate merits of their claims, Plaintiffs in the other cases have decided not to move for preliminary relief.

- A Rule 26(f) Conference next week, to allow for the immediate start to discovery on the merits. The Court expressed surprise at the December 7 conference that discovery had not already begun. Plaintiffs agree that discovery should begin immediately, particularly with only a single, relatively narrow motion for preliminary relief pending. Defendants' counsel refused to provide availability for a Rule 26(f) conference before January 7, 2022. Plaintiffs are willing to accommodate Defendants' counsel's schedule within reason, but they believe that the conference should be held next week so that discovery on the merits can begin.

- Trial commencing October 3, 2022, or October 11, 2022, and in any event early enough to allow for completion of trial before Election Day on November 8, 2022. At the December 7 conference, both parties referred to a December 2022 trial. But the Court expressed concern about whether that schedule would allow for sufficient time for adjudication of this matter before the start of the Texas Legislature's 88th regular session in January 2023. On reflection, Plaintiffs agree with that concern. Plaintiffs also believe that by declining to seek additional preliminary relief and by proposing to commence discovery immediately in accordance with the schedule proposed herein, an early October trial date becomes possible.

Based on the parties' conferrals, Plaintiffs believe that Defendants will propose a trial starting on November 10, 2022. Plaintiffs are concerned that such a start date may still be too late to allow resolution sufficiently before the start of the Legislature's 88th regular session, particularly considering the November and December holidays. Plaintiffs are also concerned about

5

a trial immediately after Election Day, because significant portions of Plaintiffs' claims involve the close analysis of election results, and a November 10 trial would come before complete precinct level results are available, much less analyzed, but after overall results are available, injecting confusion into the factual record. Plaintiffs believe that a pre-Election Day trial coupled with an opportunity for supplemental briefing and judicial notice regarding the results of the November 2022 election (as Plaintiffs propose below) is a better way to handle that issue.

If the Court decides to set trial for November or later, however, Plaintiffs request that the Court correspondingly extend the close of discovery and other deadlines from the dates proposed below. During the parties' conferrals, Defendants proposed to close discovery on August 5, 2022, even though on Defendants' schedule, trial would not start until November 10. Plaintiffs do not believe this is reasonable. While Plaintiffs are willing to accept a more compressed discovery schedule in exchange for an October trial date, if trial will not occur until later, the discovery period should remain open longer.

The text that follows is based on the Court's December 8 Order, with additions underlined and deletions shown stricken out, and with a brief explanation following certain items. A clean proposed order is attached as **Exhibit A**.

**Preliminary Injunction Schedule**

1. All motions for a preliminary injunction shall be filed by **December 13, 2021**. The Brooks Plaintiffs have filed their Motion for Preliminary Injunction. No other party intends to file a Motion for Preliminary Injunction. Responses to a motion for preliminary injunction are due **December 20, 2021** ~~days after such a motion is filed~~. Replies are due **December 23, 2021** ~~days after the deadline to file a response~~.

EXPLANATION: The parties are in agreement on these dates, which are from the Court's December 7 Order setting a briefing schedule for the *Brooks* Plaintiffs' Preliminary Injunction Motion, ECF No. 70.

2. If the parties intend on calling expert witnesses at a preliminary injunction hearing, then all parties asserting claims for relief shall **FILE** their designation of potential witnesses, designation of testifying experts, and list of proposed exhibits, and shall **SERVE** on all parties, but not file the material required by Federal Rule of Civil Procedure 26(a)(2)(B) by **January 7, 2022**. Parties resisting claims for relief shall **FILE** their designation of potential witnesses, designation of testifying experts, and list of proposed exhibits, and shall **SERVE** on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) by **January 14, 2022**. All designations of rebuttal experts shall be **FILED** no later than **January 19, 2022**. Parties are not required to list exhibits they intend to use for impeachment purposes.

EXPLANATION: The parties are in agreement on this schedule.

3. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion specifically stating the basis for the objection and identifying the objectionable testimony, not later than **14** days of receipt of the written report of the expert's proposed testimony, or not later than **7** days of the expert's deposition, if a deposition is taken, whichever is later.

EXPLANATION: The parties are in agreement on this schedule.

4. The parties shall complete all discovery related to motions for a preliminary injunction by **January 21, 2022**. For purposes of the preliminary injunction hearing scheduled on January 25, 2022, the *Brooks* Plaintiffs and the State Defendants agree to deposition limitations of 5 depositions per side during the discovery period outlined above and no written discovery for purposes of the preliminary injunction, other than subpoenas to third parties. The parties agree that if necessary due to significant scheduling impediments, that depositions in lieu of live testimony for unavailable witnesses may be taken by agreement and reasonable advance notice between January 19 and January 24th.

EXPLANATION: The parties are in agreement on this schedule and these provisions to govern discovery relating to the *Brooks* Plaintiffs' Preliminary Injunction Motion.

**Trial Schedule**

1. The parties shall conduct their Rule 26(f) conference no later than **December 21, 2021**.

EXPLANATION: Plaintiffs believe that discovery should commence immediately.

2. Initial disclosures required by Rule 26(a) shall be exchanged no later than **January 4, 2022**.

EXPLANATION: This is 14 days after the proposed Rule 26(f) conference, in accordance with Federal Rule of Civil Procedure 26(a)(1)(C).

    3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by **May 2, 2022**.

EXPLANATION: Plaintiffs believe that the parties agree on this date.

    4. All parties asserting claims for relief shall **FILE** their ~~designation of potential witnesses,~~ designation of testifying experts~~, and list of proposed exhibits~~, and shall **SERVE** on all parties, but not file the material required by Federal Rule of Civil Procedure 26(a)(2)(B) by **June 1, 2022**. Parties resisting claims for relief shall **FILE** their ~~designation of potential witnesses,~~ designation of testifying experts, ~~and list of proposed exhibits,~~ and shall **SERVE** on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) by **July 1, 2022**. All designations of rebuttal experts shall be **FILED**, and both rebuttal reports and reports of rebuttal experts, along with associated materials required by Federal Rule of Civil Procedure 26(a)(2)(B), shall be **SERVED**, no later than **July 15, 2022**.

EXPLANATION: The parties agree that disclosures of expert witnesses should be separated from, and set earlier than, disclosures of fact witnesses and proposed exhibits. Plaintiffs have therefore modified this paragraph to address expert witnesses only. This schedule allows sufficient time for depositions to be taken of experts after rebuttal reports are served but before the close of discovery.

    5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion specifically stating the basis for the objection and identifying the objectionable testimony, not later than **August 22, 2022** ~~days of receipt of the written report of the expert's proposed testimony, or not later than __ days of the expert's deposition, if a deposition is taken, whichever is later~~. Any responses to such objections shall be filed by **September 12, 2022**.

EXPLANATION: Plaintiffs propose these deadlines to correspond with the deadlines for dispositive motions.

    6. The parties shall complete all discovery on or before **August 5, 2022**. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

EXPLANATION: Plaintiffs propose this deadline based on their proposal of an early October trial date. If the Court were to order a later trial date, Plaintiffs request that the Court correspondingly extend the discovery period, and the other deadlines.

    7. All dispositive motions shall be filed no later than **August 22, 2022**. Responses to dispositive motions shall be due no later than **September 12, 2022**. Replies in support of dispositive motions shall be due no later than **September 21, 2022**.

EXPLANATION: These deadlines are intended to provide sufficient time for the parties to brief dispositive motions following the close of discovery. If the Court desires additional time between the filing of dispositive motions and the start of trial, Plaintiffs request that the court move all three of these dates earlier, while keeping the same number of days between them and the trial date the same.

    8. The parties will exchange and file the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) no later than 14 days before trial.

EXPLANATION: Plaintiffs propose adding this paragraph to address the timing of the disclosure of "may call" and "will call" fact witnesses and proposed exhibits, which Plaintiffs proposed removing from paragraph 4 above.

    9. Trial will begin on **October 3, 2022** or **October 11, 2022**, and in any event, on a date that will allow for completion of trial before November 8, 2022.

EXPLANATION: An early October 2022 trial would allow sufficient time for resolution of the case before the Texas Legislature's 88th regular session begins on January 10, 2023.

    10. The parties may supplement the trial evidence with data from the November 8 election that is subject to judicial notice, and briefing on such data's legal significance, by **November 22, 2022**.

EXPLANATION: If one or more of the Parties believes the November 8 election results are relevant to their claims, this deadline allows for that party to bring the official results to the Court's attention, and provide an explanation of their relevance.

Dated: December 15, 2021.                    Respectfully submitted,

*/s Renea Hicks*
Renea Hicks
Attorney at Law
Texas Bar No. 09580400
**Law Office of Max Renea Hicks**
P.O. Box 303187
Austin, Texas 78703-0504
(512) 480-8231
rhicks@renea-hicks.com

Abha Khanna*
**ELIAS LAW GROUP LLP**
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177
akhanna@elias.law

David R. Fox*
Kathryn E. Yukevich*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
dfox@elias.law
kyukevich@elias.law

Kevin J. Hamilton*
**PERKINS COIE**
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
khamilton@perkinscoie.com

*Counsel for Voto Latino Plaintiffs*

**Admitted Pro Hac Vice*

/s/ Nina Perales
Nina Perales
Texas Bar No. 24005046
MALDEF
110 Broadway Street, #300
San Antonio, TX 78205
(210) 224-5476
Fax: (210) 224-5382
   Samantha Serna
   Texas Bar No. 24090888
   Fatima Menendez*
   Texas Bar No. 24090260
   Kenneth Parreno
   Massachusetts BBO No. 705747
   110 Broadway, Suite 300
   San Antonio, TX 78205

*Counsel for LULAC Plaintiffs*

/s/ Sean J. McCaffity
SOMMERMAN, MCCAFFITY,
QUESADA &GEISLER, L.L.P.
George (Tex) Quesada
State Bar No. 16427750
Email: quesada@textrial.com
Sean J. McCaffity
State Bar No. 24013122
Email: smccaffity@textrial.com
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461
214/720-0720 (Telephone)
214/720-0184 (Facsimile)

-and-

Joaquin Gonzalez
Texas Bar No. 24109935
1055 Sutton Dr.
San Antonio, TX 78228
jgonzalez@malc.org

*Counsel for MALC Plaintiffs*

/s/ Chad W. Dunn
Chad W. Dunn (Tex. Bar No. 24036507)
Brazil &amp; Dunn
4407 Bee Caves Road
Building 1, Ste. 111
Austin, TX 78746
(512) 717-9822
chad@brazilanddunn.com

Mark P. Gaber*
Mark P. Gaber PLLC
P.O. Box 34481
Washington, DC 20
(715) 482-4066
mark@markgaber.com

Jesse Gaines* (Tex. Bar. No. 07570800)
P.O. Box 50093
Fort Worth, TX 76105
817-714-9988
gainesjesse@ymail.com

*Admitted pro hac vice

*Counsel for Brooks Plaintiffs*


/s/ Lindsey B. Cohan
Lindsey B. Cohan
Texas Bar No. 24083903
DECHERT LLP
515 Congress Avenue, Suite 1400
Austin, TX 78701
(512) 394-3000
lindsey.cohan@dechert.com

Jon Greenbaum
Ezra D. Rosenberg
Pooja Chaudhuri
Sofia Fernandez Gold
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600

*jgreenbaum@lawyerscommittee.org*
*erosenberg@lawyerscommittee.org*
*pchaudhuri@lawyerscommittee.org*
*sfgold@lawyerscommittee.org*

Neil Steiner
Brian Raphel
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
*neil.steiner@dechert.com*
brian.raphel@dechert.com

Robert Notzon
Texas Bar No. 00797934
THE LAW OFFICE OF ROBERT NOTZON
1502 West Avenue
Austin, Texas 78701
(512) 474-7563
*robert@notzonlaw.com*

Janette M. Louard
Anthony P. Ashton
Anna Kathryn Barnes
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-577
*jlouard@naacpnet.org*
*aashton@naacpnet.org*
*abarnes@naacpnet.org*
*Attorneys appearing of counsel*

*Counsel for NAACP Plaintiffs*


*/s/ Noor Taj*
Noor Taj
P.A. State Bar No. 309594*
Allison J. Riggs
N.C. State Bar No. 40028*
Hilary Harris Klein
N.C. State Bar No. 53711*
Mitchell Brown
N.C. State Bar No. 56122*

13

Southern Coalition for Social Justice
1415 West Highway 54, Suite 101
Durham, NC 27707
Telephone: 919-323-3380
Fax: 919-323-3942
Allison@southerncoalition.org
Noor@scsj.org
hilaryhklein@scsj.org
mitchellbrown@scsj.org

David A. Donatti
TX Bar No. 24097612
Ashley Harris
TX Bar No. 24078344
Thomas Buser-Clancy
TX Bar No. 24123238
Andre I. Segura
TX Bar No. 24107112
ACLU Foundation of Texas, Inc.
P.O. Box 8306
Houston, TX 77288
Tel. (713) 942-8146 Fax. (713) 942-8966
ddonnati@aclutx.org
aharris@aclutx.org
tbuser-clancy@aclutx.org
asegura@aclutx.org


Jerry Vattamala
N.Y. State Bar No. 4426458*
Susana Lorenzo-Giguere
N.Y. State Bar No. 2428688*
Patrick Stegemoeller
N.Y. State Bar No. 5819982*
ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932 (phone)
(212) 966 4303 (fax)
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org
pstegemoeller@aaldef.org

*Admitted Pro Hac Vice
Counsel for Fair Maps Texas Plaintiffs

PAMELA S. KARLAN
Principal Deputy Assistant Attorney General
Civil Rights Division

*/s/ Daniel J. Freeman*
T. CHRISTIAN HERREN, JR.
TIMOTHY F. MELLETT
DANIEL J. FREEMAN
JANIE ALLISON (JAYE) SITTON
MICHELLE RUPP
JACKI L. ANDERSON
JASMIN LOTT
HOLLY F.B. BERLIN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for United States of America*


*/s/ Richard Gladden*
Richard Gladden
Texas Bar No. 07991330
1204 W. University Dr. Suite 307
Denton, Texas 76201
940.323.9300 (voice)
940.539.0093 (fax)
richscot1@hotmail.com (email)

*Counsel for Plaintiff Wilson*

*/s/ Martin Golando*
The Law Office of Martin Golando, PLLC
Texas Bar No. 24059153
2326 W. Magnolia Ave.
San Antonio, Texas 78201
Office: (210) 471-1185
Fax: (210) 405-6772
Email: martin.golando@gmail.com

*Counsel for Plaintiff Martinez Fischer*