# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT, MI FAMILIA VOTA, AMERICAN GI FORUM, LA UNION DEL PUEBLO ENTERO, MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS, TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION, WILLIAM C. VELASQUEZ INSTITUTE, FIEL HOUSTON INC., TEXAS ASSOCIATION OF LATINO ADMINISTRATORS AND SUPERINTENDENTS, PROYECTO AZTECA, REFORM IMMIGRATION FOR TEXAS ALLIANCE, WORKERS DEFENSE PROJECT, EMELDA MENENDEZ, GILBERTO MENENDEZ, JOSE OLIVARES, FLORINDA CHAVEZ, JOEY CARDENAS, PAULITA SANCHEZ, JO ANN ACEVEDO, DAVID LOPEZ, DIANA MARTINEZ ALEXANDER, and JEANDRA ORTIZ, | CIVIL ACTION NO. 3:21-cv-00259-DCG-JES-JVB [Lead case] |
| *Plaintiffs*, v. | |
| GREG ABBOTT, in his official capacity as Governor of the State of Texas; JOSE A. ESPARZA, in his official capacity as Deputy Secretary of the State of Texas, | |
| *Defendants*. | |
| _____ | |
| VOTO LATINO, ROSALINDA RAMOS ABUABARA, AKILAH BACY, ORLANDO FLORES, MARILENA GARZA, CECILIA GONZALES, | CIVIL ACTION NO. 1:21-cv-00965-RP-JES-JVB |

| | | |
|---|---|---|
| AGUSTIN LOREDO, CINIA MONTOYA, ANA RAMÓN, JANA LYNNE SANCHEZ, JERRY SHAFER, DEBBIE LYNN SOLIS, ANGEL ULLOA, and MARY URIBE, | ) ) ) ) ) | [Consolidated case] |
| *Plaintiffs*, | ) ) | |
| v. | ) ) ) | |
| JOHN SCOTT, in his official capacity as Texas Secretary of State, and GREGORY WAYNE ABBOTT, in his official capacity as the Governor of Texas, | ) ) ) ) ) ) | |
| *Defendants*. | ) ) ) | |
| _____ | ) ) | |
| MEXICAN AMERICAN LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES, | ) ) ) ) | CIVIL ACTION NO. 1:21-cv-00988-RP-JES-JVB  [Consolidated case] |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | |
| STATE OF TEXAS, GREG ABBOTT, GOVERNOR OF THE STATE OF TEXAS, in his official capacity, and JOHN SCOTT, SECRETARY OF STATE OF TEXAS, in his official capacity, *Defendants*. | ) ) ) ) ) ) ) ) | |
| _____ | ) ) | |
| ROY CHARLES BROOKS, FELIPE GUTIERREZ, PHYLLIS GOINES, EVA BONILLA, CLARA FAULKNER, DEBORAH SPELL, and BEVERLY POWELL, | ) ) ) ) ) ) | CIVIL ACTION NO. 1:21-cv-0099-LY-JES-JVB  [Consolidated case] |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | |

2

| | |
|---|---|
| GREG ABBOTT, in his official capacity as Governor of Texas; JOHN SCOTT, in his official capacity as Secretary of State of Texas, <br><br> *Defendants*. | ) ) ) ) ) ) ) |
| TEXAS STATE CONFERENCE OF THE NAACP, <br><br> *Plaintiff*, <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of Texas; JOHN SCOTT, in his official capacity as Secretary of State of Texas, <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 1:21-cv-01006-RP-JES-JVB [Consolidated case] |
| FAIR MAPS TEXAS ACTION COMMITTEE, OCA-GREATER HOUSTON, NORTH TEXAS CHAPTER OF THE ASIAN PACIFIC ISLANDER AMERICANS PUBLIC AFFAIRS ASSOCIATION, EMGAGE, KHANAY TURNER, ANGELA RAINEY, AUSTIN RUIZ, AYA ENELI, SOFIA SHEIKH, JENNIFER CAZARES, NILOUFAR HAFIZI, LAKSHMI RAMAKRISHNAN, AMATULLA CONTRACTOR, DEBORAH CHEN, ARTHUR RESA, SUMITA GHOSH, and ANAND KRISHNASWAMY, <br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of Texas; JOHN SCOTT, in his official capacity as Secretary of State of Texas, <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 1:21-cv-01038-RP-JES-JVB [Consolidated case] |

3

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff,* | ) CIVIL ACTION NO. |
| | ) 3:21-cv-00299-RP-JES-JVB |
| v. | ) [Consolidated case] |
| | ) |
| STATE OF TEXAS and JOHN SCOTT, in his official capacity as Texas Secretary of State, | ) |
| | ) |
| *Defendants.* | ) |
| | |
| DAMON JAMES WILSON, for himself and on behalf of others similarly situated, | ) |
| | ) CIVIL ACTIO NO. |
| *Plaintiff,* | ) 1:21-cv-00943-RP-JES-JVB |
| | ) [Consolidated Case] |
| v. | ) |
| | ) |
| THE STATE OF TEXAS, et al., | ) |
| | ) |
| *Defendants.* | ) |
| | |
| TREY MARTINEZ FISCHER, Texas State Representative (HD 116), | ) |
| | ) |
| *Plaintiff,* | ) CIVIL ACTION NO. |
| | ) 3:21-cv-00306-DCG-JES-JVB |
| v. | ) [Consolidated Case] |
| | ) |
| GREG ABBOTT, in his official capacity as Governor of the State of Texas; JOHN SCOTT, in his official capacity as Secretary of the State of Texas, | ) |
| | ) |
| *Defendants.* | ) |

4

## [PROPOSED] SCHEDULING ORDER

**Preliminary Injunction Schedule**

1. All motions for a preliminary injunction shall be filed by **December 13, 2021**. The Brooks Plaintiffs have filed their Motion for Preliminary Injunction. No other party intends to file a Motion for Preliminary Injunction. Responses to a motion for preliminary injunction are due **December 20, 2021**. Replies are due **December 23, 2021**.

2. If the parties intend on calling expert witnesses at a preliminary injunction hearing, then all parties asserting claims for relief shall **FILE** their designation of potential witnesses, designation of testifying experts, and list of proposed exhibits, and shall **SERVE** on all parties, but not file the material required by Federal Rule of Civil Procedure 26(a)(2)(B) by **January 7, 2022**. Parties resisting claims for relief shall **FILE** their designation of potential witnesses, designation of testifying experts, and list of proposed exhibits, and shall **SERVE** on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) by **January 14, 2022**. All designations of rebuttal experts shall be **FILED** no later than **January 19, 2022**. Parties are not required to list exhibits they intend to use for impeachment purposes.

3. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion specifically stating the basis for the objection and identifying the objectionable testimony, not later than **14** days of receipt of the written report of the expert's proposed testimony, or not later than **7** days of the expert's deposition, if a deposition is taken, whichever is later.

4. The parties shall complete all discovery related to motions for a preliminary injunction by **January 21, 2022**. For purposes of the preliminary injunction hearing scheduled on January 25, 2022, the *Brooks* Plaintiffs and the State Defendants agree to deposition limitations of 5 depositions per side during the discovery period outlined above and no written discovery for purposes of the preliminary injunction, other than subpoenas to third parties. The parties agree that if necessary due to significant scheduling impediments, that depositions in lieu of live testimony for unavailable witnesses may be taken by agreement and reasonable advance notice between January 19 and January 24th.

**Trial Schedule**

1. The parties shall conduct their Rule 26(f) conference no later than **December 21, 2021**.

2. Initial disclosures required by Rule 26(a) shall be exchanged no later than **January 4, 2022**.

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by **May 2, 2022**.

4. All parties asserting claims for relief shall **FILE** their designation of testifying experts-and shall **SERVE** on all parties, but not file, the material required by Federal Rule of Civil Procedure 26(a)(2)(B) by **June 1, 2022**. Parties resisting claims for relief shall **FILE** their designation of testifying experts, and shall **SERVE** on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) by **July 1, 2022**. All designations of rebuttal experts shall be **FILED**, and both rebuttal reports and reports of rebuttal experts, along with associated materials required by Federal Rule of Civil Procedure 26(a)(2)(B), shall be **SERVED** associated materials required by Federal Rule of Civil Procedure 26(a)(2)(B) shall be **SERVED**, no later than **July 15, 2022**.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion specifically stating the basis for the objection and identifying the objectionable testimony, not later than **August 22, 2022**. Any responses to such objections shall be filed by **September 12, 2022**.

6. The parties shall complete all discovery on or before **August 5, 2022**. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed no later than **August 22, 2022**. Responses to dispositive motions shall be due no later than **September 12, 2022**. Replies in support of dispositive motions shall be due no later than **September 21, 2022**.

8. The parties will exchange and file the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) no later than 14 days before trial.

9. Trial will begin on **October 3, 2022** or **October 11, 2022**, and in any event, on a date that will allow for completion of trial before November 8, 2022.

10. The parties may supplement the trial evidence with data from the November 8 election that is subject to judicial notice, and briefing on such data's legal significance, by **November 22, 2022**.

So **ORDERED AND SIGNED** on this ____ day of December 2021.

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

*And on behalf of:*

**Jerry E. Smith**

**United States Circuit Judge**
**U.S. Court of Appeal, Fifth Circuit**

*-and-*

**Jeffrey V. Brown**
**United States District Judge**
**Southern District of Texas**