# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § | Case No. 3:21-cv-00259 <br> [Lead Case] |
| VOTO LATINO, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOHN SCOTT, *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § | Case No. 1:21-cv-00965 <br> [Consolidated Case] |
| MEXICAN AMERICAN LEGISLATIVE CAUCUS, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE STATE OF TEXAS, *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § | Case No. 1:21-cv-00988 <br> [Consolidated Case] |
| ROY CHARLES BROOKS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § | Case No. 1:21-cv-00991 <br> [Consolidated Case] |

| | | |
|---|---|---|
| TEXAS STATE CONFERENCE OF THE NAACP, <br><br> *Plaintiff*, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § § | Case No. 1:21-cv-01006 <br> [Consolidated Case] |
| FAIR MAPS TEXAS ACTION COMMITTEE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § § | Case No. 1:21-cv-01038 <br> [Consolidated Case] |
| UNITED STATES OF AMERICA, <br><br> *Plaintiff*, <br><br> v. <br><br> THE STATE OF TEXAS, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § § | Case No. 3:21-cv-00299 <br> [Consolidated Case] |

**DEFENDANTS' PROPOSED SCHEDULE**

On December 8, the Court ordered the parties to file a joint proposed schedule concerning two phases of litigation: motions for preliminary injunctive relief, and trial generally. *See* ECF 75. The only plaintiffs to file such a motion are the Brooks Plaintiffs, *see* ECF 39. At first, the other plaintiffs indicated that they intended to seek further preliminary relief, but they have since indicated they do not intend to do so. Defendants' proposed schedule addresses dates for the two phases contemplated for these consolidated cases: discovery and argument on the Brooks Plaintiffs preliminary-injunction

1

motion, and discovery for and trial of each of the plaintiffs' claims on the merits. A clean version of the proposed order is attached to this filing as Exhibit A.

Hearing on the Brooks Plaintiffs' motion is set for January 25, 2022. *See* ECF 77. The deadlines related to discovery and trial of that motion are agreed to by Defendants and the Brooks Plaintiffs. Language the parties added to the Court's template is underlined.

**Preliminary Injunction Schedule**

1. All motions for a preliminary injunction shall be filed by **12/13/21**. Responses to a motion for preliminary injunction are due **12/20/21**. Replies are due **12/23/21**.

2. If the parties intend on calling expert witnesses at a preliminary injunction hearing, then all parties asserting claims for relief shall **FILE** their designation of potential witnesses, designation of testifying experts, and list of proposed exhibits, and shall **SERVE** on all parties, but not file the material required by Federal Rule of Civil Procedure 26(a)(2)(B) by **01/7/22**. Parties resisting claims for relief shall **FILE** their designation of potential witnesses, designation of testifying experts, and list of proposed exhibits, and shall **SERVE** on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) by **01/14/22**. All designations of rebuttal experts shall be **FILED** no later than **01/19/22**.

3. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion specifically stating the basis for the objection and identifying the objectionable testimony, not later than **14 days** of receipt of the written report of the expert's proposed testimony, or not later than **7 days** of the expert's deposition, if a deposition is taken, whichever is later.

4. The parties shall complete all discovery related to motions for a preliminary injunction by **01/21/22**. For purposes of the preliminary injunction hearing scheduled on January 25, 2022, the Brooks Plaintiffs and the State Defendants agree to deposition limitations of 5 depositions per side during the discovery period outlined above and no written discovery for purposes of the preliminary injunction, other than subpoenas to third parties. The parties agree that if necessary due to significant scheduling impediments, that depositions in lieu of live testimony for unavailable witnesses may be taken by agreement and reasonable advance notice between January 19 and January 24.

As to the trial schedule, the parties were able to reach agreement or near agreement on many of the dates listed below. However, the parties' proposals differ in several significant respects. First, and most importantly, Defendants propose a trial date of **November 10, 2022**. This date constitutes a one-month advancement of the parties' original proposition: that the trial occur in early December of 2022. A one-month advancement is appropriate given the Plaintiffs' recent decision to not seek

preliminary injunctive relief.

Plaintiffs propose a trial date of **October 3 or October 11, 2022**, but that date would pose several substantive concerns. Setting trial in October would impose substantial burdens on state and local election officials—likely witnesses for either side—who will be in the midst of administering the 2022 general elections. The same is true as a general matter for legislators, who would quite literally be in the middle of their elections. A trial date following election day would alleviate these concerns with no prejudice to either side. Setting trial in October would also impose an unduly compressed timeline for dispositive motions. Under Plaintiffs' proposed schedule, dispositive motions will not be fully-briefed until **September 21, 2022**. If trial were to start on October 3, there would be less than two weeks for the Court to hear and decide those dispositive motions. Setting trial in November would allow for a more meaningful period of briefing, arguing, and consideration of dispositive motions. Finally, it is premature to set dates with respect to post-trial briefing regarding the November elections, but to the extent such briefing would be relevant and the Court ultimately determines to order such briefing, a later trial date would better serve that objective by allowing more time to analyze the results.

It must be remembered that when the parties recommended December 2022 as an initial trial date, they understood that they were proposing an *already-compressed* schedule. The State Defendants believe the trial can be moved up a month in response to there not being any further requests for preliminary-injunctive relief, but moving it up two months would simply not be workable.

Plaintiffs argue that the discovery period should be extended if trial is set in November, but the State Defendants do not oppose this request. In conversations with counsel, the State Defendants suggested a discovery deadline of August 5, 2022, but in light of Plaintiffs' concern, now suggest a discovery deadline of **August 19, 2022**.

Finally, Plaintiffs disagree with Defendants' proposal that the Rule 26(f) conference occur and initial disclosures be exchanged following the intervening holidays. Defendants are committing much

3

time and effort into defending against the Brooks' Plaintiffs preliminary-injunction motion. This is a substantive obligation the plaintiffs do not have. Given this substantial exigency, and the intervening holiday period, it is appropriate to conduct the Rule 26(f) conference and begin discovery in full at the beginning of the new year. The parties will have ample time to conduct discovery in this case, especially in light of the State Defendants' agreement to extend the discovery deadline.

The parties disagree on a few other miscellaneous dates, like the dates for designating experts, but those disagreements follow from the original difference on trial dates. In light of these concerns, the Defendants submit the following dates to govern the trial of Plaintiffs' claims on the merits. As before, language the parties added to the Court's template is underlined.

**Trial Schedule**

1. The parties shall conduct their Rule 26(f) conference no later than **01/07/2022**.

2. Initial disclosures required by Rule 26(a) shall be exchanged no later than **01/21/2022**.

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by **05/02/2022**.

4. All parties asserting claims for relief shall **FILE** their designation of testifying experts and shall **SERVE** on all parties, but not file the material required by Federal Rule of Civil Procedure 26(a)(2)(B) by **06/06/2022**. Parties resisting claims for relief shall **FILE** their designation of testifying experts and shall **SERVE** on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) by **07/22/2022**. All designations of rebuttal experts and rebuttal reports shall be **FILED** no later than **08/05/2022.**

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion specifically stating the basis for the objection and identifying the objectionable testimony, no later than **08/15/2022.** Any responses to objections shall be **FILED** no later than **09/19/2022**.

6. The parties shall complete all discovery on or before **08/19/2022**. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed no later than **08/29/2022**. Responses to dispositive motions shall be due no later than **09/19/2022.** Replies in support of dispositive motions shall be due no later than **10/03/2022**.

8. The parties will exchange their designations of "may call" and "will call" witnesses and lists of proposed exhibits and exhibits no later than two weeks before the start of trial.

9. The final pretrial conference will take place on November 9, 2021. Trial will begin the next day, November 10, 2021.

Date: December 15, 2021

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410

Respectfully submitted.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
patrick.sweeten@oag.texas.gov
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
will.thompson@oag.texas.gov
Tex. State Bar No. 24088531

**COUNSEL FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I certify that I conferred with the several plaintiff groups respecting this proposed schedule. Defendants and the Brooks Plaintiffs agree on the preliminary injunction schedule. Defendants and the other plaintiffs agree on many of the dates proposed here, but were ultimately unable to agree on several dates, especially the date of trial.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on December 15, 2021, and that all counsel of record were served by CM/ECF.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN