UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | EP-21-CV-00259-DCG-JES-JVB |
| GREG ABBOTT, *in his official capacity as Governor of the State of Texas, et al.*, | § § § § | [Lead Case] |
| *Defendants.* | § § § | |
| DAMON JAMES WILSON, *for himself and on behalf of all others similarly situated,* | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Case No. 1:21-CV-00943-RP-JES-JVB |
| STATE OF TEXAS, *et al.*, | § § § | [Consolidated Case] |
| *Defendants.* | § § § | |
| VOTO LATINO, *et al.*, | § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Case No. 1:21-CV-00965-RP-JES-JVB |
| JOHN SCOTT, *in his official capacity as Texas Secretary of State, et al.*, | § § § § | [Consolidated Case] |
| *Defendants.* | § § § | |
| MEXICAN AMERICAN LEGISLATIVE CAUCUS, *Texas House of Representatives,* | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 1:21-CV-00988-RP-JES-JVB |
| STATE OF TEXAS, *et al.*, | § § § | [Consolidated Case] |
| *Defendants.* | § § | |

| | | |
|---|---|---|
| ROY CHARLES BROOKS, *et al.*, <br><br> *Plaintiffs*, <br> v. <br><br> GREG ABBOTT, *in his official capacity as Governor of the State of Texas, et al.* <br><br> *Defendants.* | § § § § § § § § § § § § | Case No. 1:21-CV-00991-LY-JES-JVB <br> [Consolidated Case] |
| TEXAS STATE CONFERENCE OF THE NAACP, <br><br> *Plaintiff*, <br> v. <br><br> GREG ABBOTT, *in his official capacity as Governor of the State of Texas, et al.*, <br><br> *Defendants.* | § § § § § § § § § § § § § | Case No. 1:21-CV-01006-RP-JES-JVB <br> [Consolidated Case] |
| FAIR MAPS TEXAS ACTION COMMITTEE, *et al.*, <br><br> *Plaintiffs*, <br> v. <br><br> GREG ABBOTT, *in his official capacity as Governor of the State of Texas, et al.*, <br><br> *Defendants.* | § § § § § § § § § § § § § | Case No. 1:21-CV-01038-RP-JES-JVB <br> [Consolidated Case] |
| UNITED STATES OF AMERICA, <br><br> *Plaintiff*, <br> v. <br><br> STATE OF TEXAS, *et al.* <br><br> *Defendants.* | § § § § § § § § § § § § | Case No. 3:21-CV-00299-DCG-JES-JVB <br> [Consolidated Case] |

| | |
|---|---|
| **TREY MARTINEZ FISCHER,** § | |
| § | |
| *Plaintiff,* § | |
| v. § | |
| § | Case No. 3:21-CV-00306-DCG-JES-JVB |
| **GREG ABBOTT,** *in his official capacity as* § | [Consolidated Case] |
| *Governor of the State of Texas, et al.* § | |
| § | |
| *Defendants.* § | |
| § | |

## SCHEDULING ORDER

In accordance with Federal Rule of Civil Procedure 16, the Three-Judge Court issues the following Scheduling Order:

**Preliminary Injunction Schedule**

1. All motions for a preliminary injunction shall be filed by **December 13, 2021**. Responses are due **December 20, 2021**. Replies are due **December 23, 2021**.

2. All parties asserting claims for relief shall **FILE** their designation of potential witnesses, designation of testifying experts, and list of proposed exhibits, and shall **SERVE** on all parties, but not file the material required by Federal Rule of Civil Procedure 26(a)(2)(B) by **January 7, 2022**. Parties resisting claims for relief shall **FILE** their designation of potential witnesses, designation of testifying experts, and list of proposed exhibits, and shall **SERVE** on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) by **January 14, 2022**. All designations of rebuttal experts shall be **FILED** no later than **January 19, 2022**. Parties are not required to list exhibits they intend to use for impeachment purposes.

3. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion specifically stating the basis for the objection and identifying the objectionable testimony, not later than **fourteen (14) days** of receipt of the written report of the expert's proposed testimony, or not later than **seven (7) days** of the expert's deposition, if a deposition is taken, whichever is later.

4. The parties shall complete all discovery related to motions for a preliminary injunction by **January 21, 2022**.

5. For the preliminary injunction hearing scheduled for January 25, 2022, on the *Brooks* Plaintiffs' "Motion for a Preliminary Injunction as to Senate District 10," there shall be a **deposition limit of five (5) depositions per side** during the discovery period between the date of this Order and January 21, 2022. Furthermore, there shall be **no written discovery** for purposes of the preliminary injunction, other than subpoenas to third

parties. If necessary due to significant scheduling impediments, parties may take depositions in lieu of live testimony for unavailable witnesses. Any such deposition in lieu of live testimony must be taken by agreement between the parties and reasonable advance notice must be given between January 19 and January 24, 2022.

**Trial Schedule**

1. The parties shall conduct their Rule 26(f) conference no later than **January 7, 2022**.

2. Initial disclosures required by Rule 26(a) shall be exchanged no later than **January 21, 2022**.

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by **April 14, 2022**.

4. All parties asserting claims for relief shall **FILE** their designation of testifying experts and shall **SERVE** on all parties, but not file the material required by Federal Rule of Civil Procedure 26(a)(2)(B) by **May 13, 2022**. Parties resisting claims for relief shall **FILE** their designation of testifying experts and shall **SERVE** on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) by **June 10, 2022**. All designations of rebuttal experts shall be **FILED**, and both rebuttal reports and reports of rebuttal experts, along with associated materials required by Federal Rule of Civil Procedure 26(a)(2)(B), shall be **SERVED**, no later than **June 24, 2022**.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion specifically stating the basis for the objection and identifying the objectionable testimony not later than **July 29, 2022**. Any responses to such objections shall be filed by **August 24, 2022**.

6. The parties shall complete all discovery on or before **July 15, 2022**. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed no later than **July 25, 2022**. Responses to dispositive motions shall be filed no later than **August 15, 2022**. Replies in support of dispositive motions shall be filed no later than **August 29, 2022**.

8. The parties shall exchange and file the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) no later than **September 12, 2022**.

9. This case is set for **TRIAL** before the Three-Judge Court on **September 27, 2022 at 9:00 a.m.** in Courtroom Number 812, on the Eighth Floor of the United States Courthouse, 525 Magoffin Avenue, El Paso, Texas.[1] The Court is blocking out the weeks of

---

[1] At a later date, the Court may also announce a pretrial conference.

September 27 and October 3, 2022 for trial in the event they are needed. The attorneys and witnesses should do the same.

10. The parties may supplement the trial evidence with data, that is subject to judicial notice, from the November 8, 2022 election. Any party choosing to provide such supplemental evidence must also provide briefing on the legal significance of that evidence. All supplemental evidence and briefing is due by **November 22, 2022**.

So ORDERED and SIGNED on this 17th day of December 2021.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

*And on behalf of:*

| Jerry E. Smith | | Jeffrey V. Brown |
| United States Circuit Judge | *-and-* | United States District Judge |
| U.S. Court of Appeal, Fifth Circuit | | Southern District of Texas |