IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY W. ABBOTT, et al., <br><br> Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) (consolidated cases) |

## THE UNITED STATES' UNOPPOSED MOTION TO AMEND THE SCHEDULING ORDER AND MEMORANDUM IN SUPPORT

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, the United States respectfully moves this Court to amend its Scheduling Order to accommodate the observance of two religious holidays. The Scheduling Order sets trial in this case for two weeks in September and October of 2022. But two of the scheduled trial days fall on Jewish high holidays—Rosh Hashanah and Yom Kippur. Thus, the United States seeks to amend the Scheduling Order to replace the trial dates that fall on those religious holidays with some alternative dates, without modifying any of the other deadlines. The United States has conferred with counsel for the other Plaintiffs and Defendants in this case, and they do not oppose this motion.

### BACKGROUND

The United States filed its complaint on December 6, 2021, challenging redistricting plans for the Texas House of Representatives and the Texas delegation to the U.S. House of Representatives. *See* Compl., *United States v. Texas*, No. 3:21-CV-00299 (W.D. Tex. Dec. 6,

2021), ECF No. 1.  On December 10, 2021, the United States' case was consolidated with the above-captioned case.  *See* Order Consolidating Case, ECF No. 83.

On December 17, 2021, the Court issued a Scheduling Order under Rule 16 of the Federal Rules of Civil Procedure.  *See* Scheduling Order, ECF No. 96.  Pursuant to the Scheduling Order, "[t]he Court is blocking out the weeks of September 27 and October 3, 2022 for trial in the event they are needed." *Id.* at 4-5.

Two of the trial dates set forth in the Scheduling Order fall on Jewish holidays.  The trial start date, September 27, 2022, is the last day of Rosh Hashanah.  That holiday begins at sunset on September 25 and ends at sunset on September 27, 2022.  And one other scheduled trial day—October 5, 2022—falls on Yom Kippur.  That holiday begins at sunset on October 4 and ends at sunset on October 5, 2022.

## LEGAL STANDARD

Rule 16(b)(4) of the Federal Rules of Civil Procedure governs modifications to scheduling orders.  It sets forth that "[a] schedule [issued under Rule 16] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Four factors typically govern whether "good cause" exists: (1) "the explanation for" the requested amendment, (2) "the importance of the [amendment]," (3) "potential prejudice in allowing the [amendment]," and (4) "the availability of a continuance to cure such prejudice."  *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (citations omitted) (alterations in original). Good cause requires that the "party seeking relief [] show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *Id.* at 535 (citation omitted). And trial courts are given "broad discretion to preserve the integrity and purpose of the pretrial order." *Id* (citation omitted)*.*

# ARGUMENT

In this case, all four factors described above militate in favor of amending the Scheduling Order:

*First*, the United States requests an amendment to the Scheduling Order because of the observance of Rosh Hashanah and Yom Kippur.  Courts have often moved trial dates to accommodate the observance of immovable religious holidays.  *See, e.g.*, *United States v. Turner*, 203 F.3d 1010, 1016 (7th Cir. 2000) (explaining that "the [district] court reset the trial date from September 21 to September 22, 1998" "[b]ased on the government's request that the trial date be moved to accommodate the observance of a religious holiday"); *United States v. Ferguson*, 565 F. Supp. 2d 32, 42 (D.D.C. 2008) (explaining that the court granted an unopposed motion to continue a "September 11, 2007 trial date because trial would conflict with Rosh Hashanah and Yom Kippur"); *see also In re Rosen*, No. 2:16-BK-24731-ER, 2018 WL 3197699, at *1 (Bankr. C.D. Cal. June 26, 2018) (explaining that the court approved the parties' scheduling stipulation that accommodated, *inter alia*, "conflicts of both sides pertaining to religious holidays").  The Court should do the same here, especially when the United States is seeking an amendment to the Scheduling Order mere days after the Court issued it.

*Second*, the requested amendment is important because essential parties—one lead counsel and potentially some witnesses—likely would not be able to attend trial on the religious holidays.  *Cf. Muslow v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. College*, No. 19-11793, 2021 WL 4243317, at *2 (E.D. La. May 19, 2021) (finding good cause when a party's counsel could not attend trial due to surgery).  Thus, factor two counsels in favor of relief here.

*Third*, Defendants, who do not oppose the requested relief, would not be prejudiced by amending the Scheduling Order to accommodate the religious holidays.  Prejudice would not

occur because this matter is in the early stages of litigation, and neither the discovery deadline nor the deadline for dispositive motions has passed. *Cantu v. Wayne Wilkens Trucking, LLC*, No. SA-19-CV-1067-XR, 2020 WL 3132410, at *4 (W.D. Tex. June 11, 2020) ("In assessing this factor, courts 'consider the timing of the request vis-à-vis the case's procedural posture; if the discovery period has expired or the case is essentially too far along, courts generally find prejudice to the defendant.'") (citation omitted). Further, the requested relief would not change any of the other deadlines in the Scheduling Order. Nor would it "significantly alter the nature of the suit." *Id.* (citation omitted).

*Finally,* the fourth factor "weighs in favor of granting" relief when trial is not "imminent" and deadlines can be easily reset. *Id*. at *5. Here, trial is nine months away, and the two trial dates at issue can be easily changed this far in advance. Thus, the requested amendment would not unnecessarily delay trial or disrupt the progression of the case.

Therefore, good cause exists to replace the trial dates that fall on religious holidays with alternative dates, without modifying any of the other deadlines in the Scheduling Order.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court amend its Scheduling Order to replace the scheduled trial dates that fall on religious holidays with alternative dates.

Pursuant to Local Rule CV-7(f), a proposed order, which eliminates September 27 and October 5, 2022, as trial dates and adds alternative dates, is attached hereto.

Date:  December 22, 2021

        PAMELA S. KARLAN
        Principal Deputy Assistant Attorney General
        Civil Rights Division

        */s/ Timothy F. Mellett*
        T. CHRISTIAN HERREN, JR.
        TIMOTHY F. MELLETT
        DANIEL J. FREEMAN
        JANIE ALLISON (JAYE) SITTON
        MICHELLE RUPP
        JACKI L. ANDERSON
        JASMIN LOTT
        HOLLY F.B. BERLIN
        Attorneys, Voting Section
        Civil Rights Division
        U.S. Department of Justice
        950 Pennsylvania Avenue NW
        Washington, DC 20530
        (202) 353-0099
        timothy.f.mellett@usdoj.gov

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule CV-7(g), I hereby certify that on December 21, 2021, I met and conferred with counsel for Defendants regarding this motion. Counsel for Defendants advised that they do not object to the relief sought in the above motion. Likewise, on December 21, I met and conferred with counsel for Plaintiffs in this consolidated case, and they do not oppose the relief set forth above.

*/s/ Timothy F. Mellett*
Timothy F. Mellett
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530
(202) 353-0099
timothy.f.mellett@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on December 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to counsel of record.

                                              */s/ Jacki L. Anderson*
                                              Jacki L. Anderson
                                              Civil Rights Division
                                              U.S. Department of Justice
                                              950 Pennsylvania Ave, NW
                                              Washington, DC 20530
                                              (202) 353-5447
                                              jacki.anderson@usdoj.gov