UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS,** *et al.*, | § § § § | |
| *Plaintiffs*, | § | |
| v. | § § | EP-21-CV-00259-DCG-JES-JVB |
| **GREG ABBOTT,** *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § § | [Lead Case] |
| *Defendants*. | § § | |
| **ROY CHARLES BROOKS,** *et al.*, | § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Case No. 1:21-CV-00991-LY-JES-JVB |
| **GREG ABBOTT,** *in his official capacity as Governor of the State of Texas*, *et al.* | § § § | [Consolidated Case] |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

In their Motion to Dismiss the Brooks Plaintiffs' Claims (ECF No. 43), Defendants assert that those Plaintiffs have not plausibly alleged standing. We agree with respect to Plaintiff Deborah Spell and in regard to Plaintiff Beverly Powell's standing to bring Counts 3 and 5 but not with respect to the remaining Plaintiffs and claims. Insofar as it addresses the Brooks Plaintiffs' standing to sue, the motion to dismiss is GRANTED IN PART and DENIED IN PART.

In determining whether to dismiss a complaint, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citations and quotation marks omitted). Where, as

here, the motion to dismiss implicates subject-matter jurisdiction, the nonmoving party bears the burden of showing that jurisdiction exists. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). If necessary, this Court may look beyond the complaint to consider undisputed facts presented in the record or may even resolve disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). But because the complaint alone, when read favorably to Plaintiffs, is sufficient to resolve the issue of standing for purposes of this motion, we do not reach elsewhere in the record.

Standing is necessary for this Court to have subject-matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiffs must show (1) an injury in fact, (2) a causal connection between the injury and the defendant's conduct, and (3) a likelihood that a favorable decision will redress the injury. *Id*. at 560–61.

Defendants put forward three primary objections to Plaintiffs' standing, mostly centering on whether Plaintiffs have demonstrated an injury in fact. Thus, to survive the motion to dismiss for want of standing, Plaintiffs must allege facially plausible facts showing that they are injured by Defendants' challenged redrawing of Senate District ("SD") 10. Standing analysis proceeds plaintiff-by-plaintiff and claim-by-claim. *See, e.g.*, *In re Gee*, 941 F.3d 153, 171 (5th Cir. 2019). That means each Plaintiff must show standing for each claim.

First, Defendants point out that, though most Plaintiffs allege they are registered voters, they do not allege that they plan to vote in any elections, making it speculative to conclude that their voting power will be diminished by newly enacted maps. Mot. to Dismiss at 13–14, ECF No. 43. But Fifth Circuit precedent has held that it is "enough" that "each voter resides in a district where their vote has been cracked or packed." *Harding v. Cnty. of Dallas*, 948 F.3d 302, 307 (5th Cir. 2020). Because Plaintiffs have alleged that they are voters who (apart from

Plaintiff Spell) reside in the relevant districts, they have not failed to allege standing on this basis.[1]

Second, Defendants urge that Plaintiff Powell, the incumbent state senator in SD 10, has not demonstrated standing because she does not allege that she is a registered voter or that she intends to seek reelection, and because she does not allege membership in a racial minority. Mot. to Dismiss at 14–15. Even if, *arguendo*, it would be speculative to assume that an incumbent elected official is likely to seek reelection,[2] we take judicial notice of the fact that the office of Defendant John Scott now lists Powell as a candidate for reelection.[3] That objection to her standing is thus defeated.

As for Powell's lack of membership in a racial minority, the issue is closer. It is not unusual for elected officials to bring suit alleging racial discrimination in their own districts.

---

[1] The contrary authority cited by Defendants is inapposite. The ruling in *Townley v. Miller*, 722 F.3d 1128 (9th Cir. 2013), concerned the counting of Nevada votes cast for "None of these candidates"; the court deemed some plaintiffs to lack standing because they did not allege an intent ever to cast such votes, *see id.* at 1133. The decisions in *Yazzie v. Hobbs*, 977 F.3d 964 (9th Cir. 2020), and *Gallagher v. New York State Board of Elections*, 496 F. Supp. 3d 842 (S.D.N.Y. 2020), concerned procedures for counting mail-in votes, but the plaintiffs failed to allege that they had voted or would vote in a way that those procedures would injure them, *see Yazzie*, 977 F.3d at 967; *Gallagher*, 496 F. Supp. 3d at 850–51. In *Dimaio v. Democratic National Committee*, 520 F.3d 1299 (11th Cir. 2008), the plaintiff complained about the Democratic Party's primary rules but did not allege, or even imply, that he had voted or would vote in that party's primary, *see id.* at 1302.

Thus, all of these cases required the plaintiffs to allege that they would vote in a particular way or at a particular time. Even if they were binding precedent on this Court, none of these rulings contradicts the inference that registered voters (particularly those who bring voting rights lawsuits) will likely vote at some point during the decade in which the proposed map would be in effect.

[2] The (nonbinding) authority cited by Defendants does not require this conclusion. *See Dominguez v. District of Columbia*, 536 F. Supp. 2d 18, 24–25 (D.D.C. 2008) (dismissing a challenge to election procedures from a plaintiff who had never held or sought public office); *Green Party of Ark. v. Daniels*, No. 4:09-CV-695, 2010 WL 11646587, at *3 (E.D. Ark. Apr. 15, 2010) (ruling that the defendant in a challenge to political party registration rules was entitled to discovery on whether one plaintiff intended to run for office).

[3] *See Candidate Information*, TEX. SEC'Y STATE, https://candidate.texas-election.com/Elections/getQualifiedCandidatesInfo.do [https://perma.cc/S8DX-SE8G].

*See, e.g., Perez v. Texas*, No. 11-CA-360, 2011 WL 9160142, at *7 (W.D. Tex. Sept. 2, 2011) (three-judge court).  We are not aware, however, of any case in which non-Hispanic white officials sued on the theory that they were injured by the diminishment of Hispanic and black voting power within their district.  In the absence of clearer authority, we are mindful of *United States v. Hays*, 515 U.S. 737 (1995), where plaintiffs of different races challenged a district in Louisiana as an impermissible racial gerrymander, *see id*. at 739; Tr. of Oral Arg., *Hays*, Nos. 94-558, 94-627, 1995 WL 243450, at *30 (U.S. Apr. 19, 1995).  The Court held that the plaintiffs did not have standing because they did not live in the district, but it did not remark as to their race.  *See Hays*, 515 U.S. at 745.  To the contrary, the Court noted that "[w]here a plaintiff resides in a racially gerrymandered district . . . the plaintiff has been denied equal treatment because of the legislature's reliance on racial criteria, and therefore has standing to challenge the legislature's action."[4]  *Id*. at 744–45.  Because Powell has alleged that she resides in the district at issue, and given that she seeks reelection there, she has made a sufficient showing of standing to bring her claims of intentional racial discrimination under the Voting Rights Act and the Fourteenth Amendment.

The same reasoning does not necessarily apply to Powell's standing to bring a discriminatory-results claim.  Where they are a minority, non-Hispanic whites may bring such claims.  *See, e.g., Harding*, 948 F.3d at 307.  But Powell does not allege that her race is

---

[4] Other articulations of the injury inflicted by racial gerrymandering are similarly race-neutral. *See, e.g.*, *Shaw v. Reno*, 509 U.S. 630, 647 (1993) ("A reapportionment plan that includes in one district individuals who belong to the same race, but who are otherwise widely separated by geographical and political boundaries, and who may have little in common with one another but the color of their skin, bears an uncomfortable resemblance to political apartheid.  It reinforces the perception that members of the same racial group—regardless of their age, education, economic status, or the community in which they live—think alike, share the same political interests, and will prefer the same candidates at the polls.").  Language such as this suggests that racial gerrymandering injures all citizens of the affected district, even those whose racial group is electorally strengthened.

disadvantaged; instead, she joins the other Plaintiffs in claiming that Defendants have diluted black and Hispanic votes in violation of the Voting Rights Act as interpreted in *Thornburg v. Gingles*, 478 U.S. 30 (1986). That case and its progeny speak less in terms of the broad injury inflicted on all voters who live in a racially gerrymandered district and more in terms of "[m]inority voters" who seek to "elect their preferred candidates." *Id*. at 48. That suggests that to show standing, a plaintiff must be a racial minority within the relevant geographic context, and Powell does not allege that she is one. In the absence of contrary authority, we thus conclude that Powell has failed to carry her burden to show standing to bring Count 5. Similarly, because Powell does not allege an abridgment of her right to vote, we are aware of no authority suggesting that she would have standing to bring Count 3.

Third, Defendants maintain that certain Plaintiffs lack standing because they have not alleged that they would live in their preferred version of SD 10. Mot. to Dismiss at 15. Defendants also contend that Plaintiffs living outside SD 10 fail to allege that they were excluded on the basis of race. These objections fail with regard to all but one Plaintiff. Plaintiffs Brooks, Gutierrez, Goines, Bonilla, Faulkner, and Powell all allege that they live in benchmark SD 10. Compl. at 4, *Brooks v. Abbott*, No. 1:21-CV-00991-LY-JES-JVB (W.D. Tex.), ECF No. 1. Plaintiffs Gutierrez, Goines, and Bonilla, all of whom are minorities, allege that they live in SD 9 under the new plan. The complaint refers repeatedly to exclusion of black and Hispanic voters from SD 10 for impermissible reasons; it requests relief that would require the district to be redrawn. *Id*. at 15. And as for how it would be redrawn, the complaint alleges that benchmark SD 10 has existed essentially unchanged since 2001, is close to ideal population, and does not suffer from the same racial defects as does the new SD 10. *Id.* at 8. A favorable reading of the complaint thus suggests that Plaintiffs seek a new version of SD 10 largely similar

Case 3:21-cv-00259-DCG-JES-JVB Document 119 Filed 12/30/21 Page 6 of 6

to the benchmark in which those Plaintiffs allege they live. It is therefore not speculative to infer, for purposes of this pleadings stage, that Plaintiffs would live in their preferred version of SD 10.

The one exception is Plaintiff Spell, who does not live in benchmark SD 10 or the newly enacted SD 10. *Id.* at 4. She instead resides in SD 22, a large district that borders SD 10. Without resorting to speculation, we are unable to discern how she has been injured by the redrawing of SD 10 or how a redrawing more in line with the benchmark would redress that injury. She has not adequately alleged standing.

For the reasons explained, Defendants' motion to dismiss is **GRANTED** with regard to all claims brought by Plaintiff Spell and to Plaintiff Powell's claims under Counts 3 and 5. Those claims are **DISMISSED WITHOUT PREJUDICE**. With regard to all other Plaintiffs, and with respect to Plaintiff Powell's remaining claims, Defendants' motion to dismiss is **DENIED** insofar as it addresses standing. This order does not prejudice the possibility that one or more Plaintiffs will be shown to lack standing at a later stage in the litigation.

**So ORDERED and SIGNED on this   30th   day of December 2021.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

*And on behalf of:*

| | | |
|---|---|---|
| **Jerry E. Smith**<br>**United States Circuit Judge**<br>**U.S. Court of Appeals, Fifth Circuit** | *-and-* | **Jeffrey V. Brown**<br>**United States District Judge**<br>**Southern District of Texas** |