UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICANCITIZENS, *et al.*, | § § § | |
| *Plaintiffs*, | § § | Case No. 3:21-cv-0259 |
| v. | § § | [Lead Case] |
| GREG ABBOTT, *et al.*, | § § § | |
| *Defendants*. | § § | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants, Greg Abbott, in his official capacity as Governor of Texas, and John Scott, in his official capacity as Secretary of State, file this original answer to the Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief (ECF 69).

**ANSWER**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief except those expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief. Titles that are reproduced in this Answer are included for organizational purposes only, and Defendants do not admit any matter contained therein.

**I. INTRODUCTION**

1.     Defendants admit that Plaintiffs appear to be seeking declaratory and  injunctive relief, asserting purported claims under the Fourteenth Amendment and the Voting Rights Act, and asserting claims challenging redistricting plans for the Texas House, Texas Senate, Congress and State Board of

Education. Defendants deny that Plaintiffs are entitled to relief on any of their claims. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

2.      Admit.

3.      Defendants admit that Texas's demographics have changed over the past decade. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations or characterizations made in this paragraph and, therefore, deny them.

4.      Defendants admit that according to census data, the total Hispanic or Latino population of Texas increased by 1,980,796 between 2010 and 2020, and the total White (non-Hispanic or Latino) alone population of Texas increased by 187,252 between 2010 and 2020. Defendants deny any remaining allegations in this paragraph.

5.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

6.      Defendants admit that as a result of population changes in Texas since the prior census, the Texas Legislature needed to reapportion the districts for the Texas House, Senate, and congressional districts in response to the release of the 2020 census data, an issue it addressed by passing lawful new redistricting maps. Defendants deny that any elections will be conducted under prior redistricting maps for Congress, the Texas House, or the Texas Senate and, therefore, deny the remaining allegations in this paragraph.

7.      Defendants admit that the 87th Texas Legislature passed House Bill 1 adopting PlanH2316 on October 15, 2021, Senate Bill 4 adopting PlanS2168 on October 15, 2021, Senate Bill 6 adopting PlanC2193 on October 18, 2021, and Senate Bill 7 adopting PlanE2106 on October 15, 2021. Defendants admit that Governor Abbott signed these bills on October 25, 2021. Defendants deny any remaining allegations in this paragraph.

8.      Defendants deny all allegations in this paragraph and its subparts.

9.      Deny.

10.     Defendants deny all allegations in this paragraph and that Plaintiffs are entitled to the relief requested.

## II. JURISDICTION

11.     Defendants admit venue is proper in this district. Defendants deny that Plaintiffs' causes of action referenced in this paragraph are meritorious and deny that Plaintiffs can meet their burden to demonstrate this Court's jurisdiction over all claims and relief sought in this case. Defendants deny any remaining allegations in this paragraph.

## III. PLAINTIFFS

12.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

14.     Defendants deny the allegation in this paragraph of "dilution of Latino voting strength" and any allegation of injury from this alleged dilution. Defendants deny the allegation in this paragraph that "Defendants could have created additional Latino citizen voting age majority districts but failed to do so, or weakened districts through manipulation of their composition to reduce Latino opportunity to elect their candidates of choice." Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

15.     Deny.

16.     Defendants deny the allegation in this paragraph that "Defendants overpopulated districts in the newly-enacted Texas House plan to favor the interests of voters in areas of West Texas and the

High Plains, Anglo voters and Anglo incumbents over the interests of voters in El Paso and the Upper Rio Grande and Latino voters." Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

17.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm LULAC, voters, or potential voters. Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

18.     Defendants deny the allegations made against them in the final sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

19.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm SVREP, voters, or potential voters. Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

20.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm Mi Familia Vota, voters, or potential voters. Defendants deny the allegation in this paragraph that "Defendants either could have created an additional Latino majority district but failed to do so, or weakened districts by manipulating their composition to reduce Latino opportunity to elect their candidates of choice." Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

21.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm Mi Familia Vota, voters, or potential voters. Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

23.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm GI Forum, voters, or potential voters. Defendants deny the allegation in this paragraph that "Defendants either could have created additional Latino citizen voting age majority districts buts failed to do so, or weakened districts by manipulating their composition to reduce Latino opportunity to elect their candidates of choice." Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

24.     Deny.

25.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and any contention that they harm GI Forum, voters, or potential voters. Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

28.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and any contention that they harm LUPE, voters, or potential voters. Defendants deny the allegation in this paragraph that "Defendants either could have created additional Latino citizen voting age majority districts but failed to do so, or weakened districts by manipulating their composition to reduce Latino opportunity to elect their candidates of choice." Defendants additionally deny the final

sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

29.     Deny.

30.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm LUPE, voters, or potential voters. Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

32.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm MABA-TX, voters, or potential voters. Defendants deny the allegation in this paragraph that "Defendants either could have created additional Latino citizen voting age majority districts but failed to do so, or weakened districts by manipulating their composition to reduce Latino opportunity to elect their candidates of choice." Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

33.     Deny.

34.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm MABA-TX, voters, or potential voters. Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

35.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

36.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm Texas HOPE, voters, or potential voters. Defendants deny this allegation in this paragraph that "Defendants either could have created additional Latino citizen voting age majority districts but failed to do so, or weakened districts by manipulating their composition to reduce Latino opportunity to elect their candidates of choice." Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

37.     Deny.

38.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm Texas HOPE, voters, or potential voters. Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

39.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm WCVI, voters, or potential voters. Defendants deny the allegation in this paragraph that "Defendants either could have created additional Latino citizen voting age majority districts but failed to do so, or weakened districts by manipulating their composition to reduce Latino opportunity to elect their candidates of choice." Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

40.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm WCVI, voters, or potential voters. Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

41.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

42.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm FIEL, voters, or potential voters. Defendants deny the allegation in this paragraph that "Defendants either could have created additional Latino citizen voting age majority districts but failed to do so, or weakened districts by manipulating their composition to reduce Latino opportunity to elect their candidates of choice." Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

43.     Deny.

44.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm FIEL, voters, or potential voters. Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

45.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

46.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm TALAS, voters, or potential voters. Defendants deny the allegation in this paragraph that "Defendants either could have created additional Latino citizen voting age majority districts but failed to do so, or weakened districts by manipulating their [sic] to reduce Latino opportunity to elect their candidates of choice." Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

47.     Deny.

48.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm TALAS, voters, or potential voters. Defendants additionally deny the final sentence

in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

49.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm Proyecto Azteca, voters, or potential voters. Defendants deny the allegation in this paragraph that "Defendants either could have created additional Latino citizen voting age majority districts but failed to do so, or weakened districts by manipulating their composition to reduce Latino opportunity to elect their candidates of choice." Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

50.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm Proyecto Azteca, voters, or potential voters. Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

51.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

52.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm RITA, voters, or potential voters. Defendants deny the allegation in this paragraph that "Defendants either could have created additional Latino citizen voting age majority districts but failed to do so, or weakened districts by manipulating their composition to reduce Latino opportunity to elect their candidates of choice." Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

53.     Deny.

54.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm RITA, voters, or potential voters. Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

56.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm WDP, voters, or potential voters. Defendants deny the allegation in this paragraph that "Defendants either could have created additional Latino citizen voting age majority districts but failed to do so, or weakened districts by manipulating their composition to reduce Latino opportunity to elect their candidates of choice." Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

57.     Deny.

58.     Defendants deny all allegations in this paragraph that the challenged redistricting plans are unlawful and harm WDP, voters, or potential voters. Defendants additionally deny the final sentence in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

59.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

60.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

61.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

62.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

63.     Defendants deny that any elections will be conducted under the benchmark Senate plan S2100 and, therefore, deny the allegation in this paragraph that districts are "unconstitutionally overpopulated." Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

64.     Defendants deny that any elections will be conducted under the benchmark House plan H2100 or Senate plan S2100 and, therefore, deny the allegation in this paragraph that districts "are unconstitutionally overpopulated." Defendants deny the allegation in this paragraph that "Defendants should have created an additional Latino citizen voting age majority Senate district but failed to do so" and that this injured Plaintiff Sanchez. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

65.     Defendants deny that any elections will be conducted under the benchmark House plan H2100 or Senate plan S2100 and, therefore, deny the allegation in this paragraph that districts "are unconstitutionally overpopulated." Defendants deny the allegation in this paragraph that "Defendants should have created an additional Latino citizen voting age majority Senate district but failed to do so" and that this injured Plaintiff Acevedo. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

66.     Defendants deny the allegation in this paragraph that "Defendants should have created an additional Latino citizen voting age majority congressional district and SBOE district but failed to do so" and that this injured Plaintiff Lopez. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

67.     Defendants deny the allegation in this paragraph that "Defendants should have created an additional Latino citizen voting age majority congressional district but failed to do so" and that this

injured Plaintiff Martinez Alexander. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

68.      Defendants deny that any elections will be conducted under the benchmark congressional plan C2100 or Senate plan S2100 and, therefore, deny the allegation in this paragraph that districts "are unconstitutionally overpopulated." Defendants deny the allegation in this paragraph that Plaintiff Ortiz is injured by residing in CD35. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

69.      Deny.

70.      Defendants deny that any elections will be conducted under old redistricting maps for Congress, the Texas House, or the Texas Senate and, therefore, deny that the plaintiffs are or will be injured by the use of those maps. Defendants deny any remaining allegations in this paragraph.

### IV. DEFENDANTS

71.      Admit.

72.      Defendants admit that John Scott is the Secretary of State of Texas. Defendants admit that Texas Election Code § 31.001(a) states: "The secretary of state is the chief election officer of the state." Defendants admit that Secretary Scott is sued in his official capacity. Defendants deny all remaining allegations in this paragraph.

### V. FACTS

73.      This paragraph consists of Plaintiffs' characterizations of court decisions. Those decisions speak for themselves. Defendants deny Plaintiffs' characterizations of those decisions to the extent they are inconsistent with the decisions themselves.

74.      Defendants deny the first sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

75.     Defendants admit a poll tax previously existed in the State. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

76.     The last sentence of this paragraph purports to quote a Texas newspaper, which speaks for itself. Defendants deny Plaintiffs' characterization of the newspaper to the extent it is inconsistent with what the newspaper actually said. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

77.     This paragraph contains Plaintiffs' characterizations of court decisions. Those decisions speak for themselves. Defendants deny Plaintiffs' characterizations of those decisions to the extent they are inconsistent with the decisions themselves. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

78.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

79.     This paragraph contains Plaintiffs' characterization of court decisions. Those decisions speak for themselves. Defendants deny Plaintiffs' characterization of those decisions to the extent they are inconsistent with the decisions themselves. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

80.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

81.     Deny.

82.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, deny them.

83.     This paragraph consists of Plaintiffs' characterizations of a court decision. That decision speaks for itself. Defendants deny Plaintiffs' characterizations of the decision to the extent they are inconsistent with the decision itself.

84.     Defendants deny the first sentence in this paragraph. The remainder of this paragraph consists of Plaintiffs' characterizations of court decisions. Those decisions speak for themselves. Defendants deny Plaintiffs' characterizations of those decisions to the extent they are inconsistent with the decisions themselves.

85.     This paragraph consists of Plaintiffs' characterizations of court decisions. Those decisions speak for themselves. Defendants deny Plaintiffs' characterizations of those decisions to the extent they are inconsistent with the decisions themselves.

86.     This paragraph consists of Plaintiffs' characterizations of court decisions. Those decisions speak for themselves. Defendants deny Plaintiffs' characterizations of those decisions to the extent they are inconsistent with the decisions themselves.

87.     This paragraph consists of Plaintiffs' characterizations of a court decision. That decision speaks for itself. Defendants deny Plaintiffs' characterizations of the decision to the extent they are inconsistent with the decisions itself.

88.     Admit.

89.     This paragraph consists of Plaintiffs' characterizations of court decisions. Those decisions speak for themselves. Defendants deny Plaintiffs' characterizations of those decisions to the extent they are inconsistent with the decisions themselves.

90.     Plaintiffs admit the first sentence of this paragraph. The remainder of this paragraph consists of Plaintiffs' characterizations of court decisions. Those decisions speak for themselves. Defendants deny Plaintiffs' characterizations of those decisions to the extent they are inconsistent with the decisions themselves.

91.     Defendants admit that districts were redrawn in 2019 pursuant to federal court intervention. Defendants deny the remaining allegations in this paragraph.

92.     Defendants admit that President Trump issued a "Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak" on March 13, 2020. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, deny them.

93.     Admit.

94.     Admit.

95.     Defendants admit that the 87th Texas Legislature approved new maps for Texas's House, Senate, congressional, and State Board of Education districts based on 2020 census data. Defendants deny any remaining allegations in this paragraph.

96.     Admit.

97.     Defendants admit that according to census data, the total Hispanic or Latino population of Texas is 11,441,717; the increase in the total Hispanic or Latino population in Texas between 2010 and 2020 accounted for 49.5% of the total population growth in Texas during that time; the total Hispanic or Latino population of Texas is 39.3% of the total population of Texas; and the total White (non-Hispanic or Latino) alone population of Texas was 45.3% of the total population of Texas in 2010 and is now 39.7% of the total population of Texas in 2020. Defendants admit that according to the most recent American Community Survey data, the Hispanic or Latino citizen voting age population of Texas is 29.9% of the total citizen voting age population of Texas. Defendants deny any remaining allegations in this paragraph.

98.     Defendants deny the allegation in the first sentence of this paragraph. Defendants admit that, based on census data, between 2010 and 2020 the total Hispanic or Latino population of Bexar County increased by 184,000; the total White (non-Hispanic or Latino) alone population of Bexar County

increased by 16,609; the total Hispanic or Latino population of Dallas County increased by 151,895; the total White (non-Hispanic or Latino) alone population of Dallas County decreased by 59,706; the total Hispanic or Latino population of Harris County increased by 363,169; and the total White (non-Hispanic or Latino) alone population of Harris County decreased by 40,053. Defendants deny any remaining allegations in this paragraph.

99.     Admit.

100.    Admit.

101.    Admit.

102.    Defendants admit that the Texas Legislature passed Senate Bill 1—an act "relating to election integrity and security, including by preventing fraud in the conduct of elections in this state; increasing criminal penalties; creating criminal offenses" on August 31, 2021, during the second called special session of the 87th Texas Legislature. Defendants deny Plaintiffs' characterization of Senate Bill 1, which speaks for itself, and any remaining allegations in this paragraph.

103.    Defendants admit that, on September 7, 2021, Governor Abbott issued a proclamation announcing that he would convene a third special legislative session to consider, among other things: "Legislation relating to the apportionment of the State of Texas into districts used to elect members of the Texas House of Representatives, the Texas Senate, the State Board of Education, and the United States House of Representatives." Defendants admit that the third called special session of the 87th Texas Legislature began on September 20, 2021. Defendants deny any remaining allegations in this paragraph.

104.    This paragraph purports to quote a publication, which itself purports to quote the Lieutenant Governor of Texas, and includes Plaintiffs' characterizations of that publication. The publication speaks for itself. Defendants deny Plaintiffs' characterizations of the publication to the extent they are inconsistent with what the publication actually said. Defendants lack knowledge or information

sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

105.    Defendants admit that the Texas Legislature passed House Bill 1 adopting Plan H2316 on October 15, 2021, Senate Bill 4 adopting Plan S2168 on October 15, 2021, Senate Bill 6 adopting Plan C2193 on October 18, 2021, and Senate Bill 7 adopting Plan E2106 on October 15, 2021. Defendants deny any remaining allegations in this paragraph.

Texas House Plan

106.    Admit.

107.    Defendants admit that the Texas House of Representatives' Redistricting Committee held a public hearing on House Bill 1, which began on October 4, 2021. Defendants admit that Representative Hunter introduced a committee substitute on October 5, 2021, which was adopted and reported favorably by the Redistricting Committee on October 5, 2021. Defendants deny the remaining allegations in this paragraph.

108.    Admit.

Texas Senate and SBOE Plans

109.    Admit.

110.    Admit.

111.    Defendants admit that Senator Huffman published an amendment to Senate Bill 4 to DistrictViewer on September 23, 2021. Defendants deny any remaining allegations in this paragraph.

112.    Admit.

113.    Admit.

114.    Admit.

Congressional Plan

115.    Admit.

116.     Defendants admit the first sentence in this paragraph. Defendants admit that the Senate Special Committee on Redistricting held a public hearing on Senate Bill 6 on October 4, 2021. Defendants admit that committee amendments were considered by the Senate Special Committee on Redistricting at the public hearing held on Senate Bill 6 on October 4, 2021. Defendants deny that the public hearing on Senate Bill 6 held on October 4, 2021, was limited to considering committee amendments. Defendants admit that, on October 4, 2021, the Senate Committee on Redistricting adopted Committee Amendment 1 (Plan C2112) and incorporated it into a committee substitute, and approved reporting the committee substitute back to the Senate with the recommendation that it pass. Defendants admit that the Senate passed Senate Bill 6 on October 8, 2021. Defendants admit that the Texas House of Representatives received Senate Bill 6 on October 8, 2021, and that it was referred that day to the Texas House of Representatives' Redistricting Committee. Defendants deny any remaining allegations in this paragraph.

117.     Admit.

118.     Admit.

119.     Admit.

120.     Admit.

121.     Deny.

122.     Defendants admit that Senator Huffman published an amendment to Senate Bill 4 to DistrictViewer on September 23, 2021, and that the Senate Special Committee on Redistricting held a public hearing on Senate Bill 4 on September 24, 2021. Defendants admit that the Texas House of Representatives' Redistricting Committee held a public hearing on House Bill 1, which began on October 4, 2021. Defendants admit that Representative Hunter introduced a committee substitute on October 5, 2021, which was adopted and reported favorably by the Redistricting Committee on October 5, 2021. Defendants admit that the Texas House of Representatives' Committee on

Redistricting held a public hearing on Senate Bill 6 pursuant to notice posted on October 12, 2021, which provided notice that registration to testify virtually at the hearing would close twelve hours prior to the start time of the hearing and that no prior registration was required to testify in person. Defendants admit that the Texas House adopted amendments to Senate Bill 6 on October 16, 2021. Defendants deny the remaining allegations in this paragraph.

123.     Defendants deny the first sentence of this paragraph. The second sentence of this paragraph purports to quote a publication, which itself purports to quote Senator Joan Huffman, and includes Plaintiffs' characterizations of that publication. The publication speaks for itself. Defendants deny Plaintiffs' characterizations of the publication to the extent they are inconsistent with what the publication actually said.

124.     This paragraph purports to quote a publication, which itself purports to quote Representative Todd Hunter, and includes Plaintiffs' characterizations of that publication. The publication speaks for itself. Defendants deny Plaintiffs' characterizations of the publication to the extent they are inconsistent with what the publication actually said.

125.     Deny.

126.     Defendants deny that the adopted plans for the Texas House, Senate, congressional, and State Board of Education districts violate minority voting rights and that deficiencies were identified that needed to be corrected. Defendants deny any remaining allegations in this paragraph.

Texas House Plan

127.     Deny.

128.     Defendants admit that, at the October 4, 2021 hearing on House Bill 1, Representative Hunter announced that he would limit his bill layout to one hour. Defendants deny the remaining allegations in this paragraph.

19

129.     Defendants admit that the Texas House of Representatives' Redistricting Committee, after holding a public hearing that was called to order at 9:09 a.m. on October 4, 2021, and continued throughout the day and into the early hours of October 5, 2021, recessed at 1:22 a.m. on October 5, 2021. Defendants admit that, at 1:10 p.m. on October 5, 2021, the committee reconvened and voted to adopt a committee substitute for House Bill 1. Defendants admit that the committee voted to report House Bill 1, as substituted, favorably to the full House, and that the meeting was adjourned at 1:26 p.m. on October 5, 2021. Defendants deny any remaining allegations in this paragraph.

130.     Admit.

131.     Admit.

Texas Senate and SBOE Plans

132.     Defendants admit that the Senate Special Committee on Redistricting published notice of a public hearing on Senate Bill 4 and Senate Bill 7 setting a hearing on both bills for September 24, 2021. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, deny them.

133.     Defendants admit that Senator Huffman published an amendment to Senate Bill 4 to DistrictViewer on September 23, 2021, and that the Senate Special Committee on Redistricting held a public hearing on Senate Bill 4 on September 24, 2021.

134.     Defendants admit that the Senate Special Committee on Redistricting held public hearings on Senate Bill 4 and Senate Bill 7 on September 24 and 25, 2021. Defendants admit that the Senate Special Committee on Redistricting voted to report the committee substitute for Senate Bill 4 and Senate Bill 7 to the Senate with the recommendation that they pass at a public hearing on September 28, 2021. Defendants deny any remaining allegations in this paragraph.

135.     Admit.

136.     Defendants admit the first sentence of this paragraph. Defendants admit that, at the October 11, 2021 hearing on Senate Bill 4 and Senate Bill 7, Representative Hunter announced that he would limit his bill layout for each bill to thirty minutes. Defendants deny any remaining allegations in this paragraph.

137.     Defendants deny the last sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, deny them.

138.     Defendants admit that the Texas House of Representatives' Redistricting Committee voted to report Senate Bill 4 and Senate Bill 7 favorably to the full House on October 11, 2021. Defendants deny any remaining allegations in this paragraph.

<u>Congressional Plan</u>

139.     Defendants admit that the Texas House of Representatives' Committee on Redistricting published notice of a public hearing on Senate Bill 6 on October 12, 2021, setting the hearing for October 13, 2021, which provided notice that registration to testify virtually at the hearing would close twelve hours prior to the start time of the hearing and that no prior registration was required to testify in person. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, deny them.

140.     Defendants admit that, at the October 13, 2021 hearing on Senate Bill 6, Representative Hunter announced that he would limit his bill layout to one hour and that the committee would consider committee amendments after public testimony. Defendants admit that the Texas House of Representatives' Redistricting Committee voted on October 13, 2021, to report Senate Bill 6 favorably to the House. Defendants deny any remaining allegations in this paragraph.

<u>Texas House Representatives Plan</u>

141.    Defendants admit that Plan H2100 includes 150 Texas House districts, 33 of which have a greater than 50% Hispanic CVAP (not accounting for the margin of error). Defendants deny any remaining allegations in this paragraph.

142.    Defendants admit that Plan H2316, which was approved by the Texas Legislature, includes 150 Texas House districts, 30 of which have a greater than 50% Hispanic CVAP (not accounting for the margin of error). Defendants deny any remaining allegations in this paragraph.

143.    Deny.

144.    Deny.

145.    Deny.

146.    Deny.

147.    Deny.

148.    Deny.

149.    Deny.

150.    Deny.

151.    Deny.

152.    Deny.

153.    Deny.

154.    Deny.

155.    Deny.

156.    Deny.

157.    Deny.

Texas Senate Plan

158.    Defendants admit that Plan S2100 includes 31 Texas Senate districts, 7 of which have a greater than 50% Hispanic CVAP (not accounting for the margin of error). Defendants admit that Plan S2168,

which was approved by the Texas Legislature, includes 31 Texas Senate districts, 7 of which have a greater than 50% Hispanic CVAP (not accounting for the margin of error). Defendants deny any remaining allegations in this paragraph.

159.    Deny.

160.    Deny.

161.    Deny.

162.    Deny.

163.    Deny.

SBOE Plan

164.    Defendants admit that Plan E2100 includes 15 Texas State Board of Education districts, 3 of which have a greater than 50% Hispanic CVAP (not accounting for the margin of error). Defendants admit that Plan E2106, which was approved by the Texas Legislature, includes 15 Texas State Board of Education districts, 3 of which have a greater than 50% Hispanic CVAP (not accounting for the margin of error). Defendants deny any remaining allegations in this paragraph.

165.    Deny.

166.    Deny.

167.    Deny.

168.    Deny.

Congressional Plan

169.    Defendants admit that Plan C2100 includes 36 congressional districts, 8 of which have a greater than 50% Hispanic CVAP (not accounting for the margin of error). Defendants admit that Plan C2193, which was approved by the Texas Legislature, includes 38 congressional districts, 7 of which have a greater than 50% Hispanic CVAP (not accounting for the margin of error). Defendants deny any remaining allegations in this paragraph.

170.    Deny.

171.    Deny.

172.    Deny.

173.    Deny.

174.    Deny.

175.    Deny.

176.    Deny.

177.    Deny.

178.    Deny.

179.    Deny.

180.    Deny.

181.    This paragraph includes Plaintiffs' characterizations of a court decision. That decision speaks for itself. Defendants deny Plaintiffs' characterizations of the decision to the extent they are inconsistent with the decisions itself. Defendants deny any remaining allegations in this paragraph.

182.    Deny.

183.    Deny.

184.    Deny.

185.    Deny.

186.    Defendants admit this paragraph contains an incomplete quotation from Article III, Section 39 of the Texas Constitution.

187.    Admit.

188.    Admit.

189.    Admit.

190.    Admit.

191.    Defendants deny that any elections will be conducted under the benchmark plans for Congress, the Texas House, and the Texas Senate, as well as any remaining allegations in this paragraph.

192.    Defendants deny that any elections will be conducted under the benchmark plans for Congress, the Texas House, and the Texas Senate and, therefore, deny the allegations in this paragraph.

193.    Defendants deny that any elections will be conducted under the benchmark plans for Congress, the Texas House, and the Texas Senate and, therefore, deny the allegations in this paragraph.

194.    Defendants deny that any elections will be conducted under the benchmark plans for Congress, the Texas House, and the Texas Senate and, therefore, deny the allegations in this paragraph.

195.    Defendants deny that any elections will be conducted under the benchmark plans for Congress, the Texas House, and the Texas Senate and, therefore, deny the allegations in this paragraph.

196.    Defendants deny that any elections will be conducted under the benchmark plans for Congress, the Texas House, and the Texas Senate and, therefore, deny the allegations in the first sentence of this paragraph. Defendants deny any remaining allegations in this paragraph.

## VI. CAUSES OF ACTION

### COUNT 1

*Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution*

*(racial discrimination)*

197.    Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

198.    Deny.

199.    Deny.

### COUNT 2

Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution

(unconstitutional population deviations)

200.    Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

201.    Defendants admit that the Supreme Court's opinion in *Reynolds v. Sims*, 377 U.S. 533, 568 (1964) states: "We hold that, as a basic constitutional standard, the Equal Protection Clause requires that the seats in both houses of a bicameral state legislature must be apportioned on a population basis." Defendants deny any remaining allegations in this paragraph.

202.    Deny.

203.    Deny.

204.    Deny.

## COUNT 3

*Section 2 of the Voting Rights Act*

205.    Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

206.    This paragraph consists of Plaintiffs' characterizations of 52 U.S.C. § 10301. That statute speaks for itself. Defendants deny Plaintiffs' characterizations of that statute to the extent they are inconsistent with the statute itself.

207.    Deny.

208.    Deny.

## VII.

## REQUEST FOR THREE JUDGE COURT

209.    This paragraph does not contain an allegation against Defendants requiring an answer.

## VIII.

## ATTORNEY'S FEES

210.    Deny.

## IX.

## PRAYER

211.   Defendants deny that Plaintiffs are entitled to any of the relief requested herein.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby assert the following affirmative and other defenses to which they may be entitled:

1. The Court lacks subject-matter jurisdiction to consider all claims asserted in Plaintiffs' First Amended Complaint.

2. Plaintiffs lack standing to assert all claims asserted in their First Amended Complaint.

3. Plaintiffs have failed to state a claim upon which relief can be granted.

4. Defendants assert all applicable immunities to Plaintiffs' claims, including but not limited to their entitlement to Eleventh Amendment and sovereign immunity.

5. Pursuant to 42 U.S.C. § 1988(b), Defendants will be entitled to recover their attorney's fees if they are the prevailing party.

6. Defendants reserve the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

## PRAYER

Defendants pray that:

1. Plaintiffs' claims be dismissed with prejudice;

2. Plaintiffs take nothing by this action; and

3. Defendants recovers all costs, including attorney's fees, and such other and further relief to which they are entitled.

Date: January 3, 2022

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Respectfully submitted.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**Counsel for Defendants**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been sent by electronic notification through ECF by the United States District Court, Western District of Texas, El Paso Division, on January 3, 2022, to counsel of record.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN