IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LULAC, et. al., | § § § | |
| *Plaintiffs* | § § | |
| Eddie Bernice Johnson, Sheila Jackson-Lee Alexander Green, and Jasmine Crockett | § § § § § | |
| *Intervenors* | § § | |
| v. | § § § | Case No.: EP-21-CV-00259-DCG-JES-JVB [Lead Case] |
| GREG ABBOTT, in his official capacity As Governor of Texas, et. al. | § § § § | |
| *Defendants* | | |

## INTERVENORS EDDIE BERNICE JOHNSON, SHEILA JACKSON- LEE, ALEXANDER GREEN, AND JASMINE CROCKETT RESPONSE TO DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE

**Defendants incorrectly assert that Intervenors have failed to establish a Right to Intervene.**

Defendants incorrectly assert that Intervenors have failed to establish a right to intervene. A party seeking to intervene as of right must satisfy four requirements: (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*,732 F.2d 452, 463 (5th Cir.) (en banc) (quoting *International Tank Terminals, Ltd. v. M/V Acadia Forest*,579 F.2d 964, 967 (5th Cir. 1978)). Intervenors have demonstrated the elements for intervention as will be shown. This has a legal effect. The Eleventh Circuit has stated that, "[o]nce these prerequisites to intervention are

1

established, the court has no discretion to deny the motion." *United States v. Georgia,* 19 F.3d 1388, 1393 (11th Cir. 1994) (per curiam).  Because Intervenors clearly establish each element, this Court should grant its Motion.

I.  **Intervenors may intervene as a matter of right pursuant to Rule 24(a)(2).**

Intervenors may intervene as a matter of right.  A party may intervene as a matter of right if the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24.  In a similar issue, the Northern District of Florida permitted Congresswoman Brown to intervene in a redistricting case as a matter of right because her congressional district was being challenged. *Johnson v. Mortham*, 915 F. Supp. 1529, 1538 (N.D. Fla. 1995). The court noted Congresswoman Brown had personal interest in the litigation and she had "a direct, substantial, and legally protectable interest in the litigation." *Id*. at 1538.  The court quoted the Fifth Circuit to note that "[e]lected officials have personal interests in their office sufficient to give them standing when the district they represent is subject to a constitutional challenge." *See League of United Latin Am. Citizens, Council No. 4434 v. Clements ("LULAC I"),* 884 F.2d 185, 188 (5th Cir. 1989)[1].  Those courts determined because of the nature of the interest it was irrelevant whether another party was able to represent the Congresspersons interest. Constitutional challenges of the areas where the Congresspersons districts are located are being made in this litigation and the Congresspersons themselves also make constitutional claims relating to their districts.

II.  **As Members of Congress and the state house of representatives, Plaintiff- Intervenors' issues go without adequate protection.**

Not only does Intervenors have a direct, substantial, and legally protectable interest in this case, that interest is not protected by any other party.  As the Northern District of Florida found,

2

Congresspersons whose districts are challenged have a personal interest and may intervene as of right without regard to whether another entity could represent them. *Johnson*, 915 F. Supp. at 1538. The *Johnson* court did as the 3-Judge panel did in the Texas 2011 case, it permitted Congresswoman Brown and the NAACP to intervene in that case. The logic is that another cannot adequately represent the interest of elected officials is stronger when the group at issue is a non-partisan association instead of the government. Yet, Defendants ignore the teaching of *Johnson* and assume that organizations that represent African-Americans must necessarily and completely represent the interests of all other African-Americans. ECF 116 at 4-5, 8, 10, This is apparently in disregard of the fact that in this very same litigation we have the Mexican-American Legal Defense Fund, the Mexican-American Legislative Caucus (MALC) and Representative Trey Martinez-Fischer, a member of MALC. Importantly Martinez-Fischer filed on the 13th of December, only 2 days prior to these Intervenors. He is a State Representative as is Intervenor Crockett. Defendants go so far as to term the notion that Intervenors may have concerns particular to them or more expansive than other African-Americans in Texas as "illogical." *Id.* at 10. We have long since been warned that treating individuals as monoliths destroys "the dignity of the individual" and encourages and opens "the door to discriminatory actions against other minority groups in the passions of tomorrow." *Korematsu* v. *United States*, 323 U.S. 214, 240 (1944) (Murphy, J., dissenting). Defendants note that there is such a difference between the pleadings between the applicant intervenors and the NAACP that they may not agree with what was filed. ECF 116 at 10 n.6.

"Where the other parties may agree to injunctions or settlement not in the interests of intervenors, intervenors have a right to protect themselves." *Sierra Club, Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir. 1994). But Defendants elide another crucial point. Only Intervenors

3

challenge the changes made to Congressional District 7 or the racial gerrymanders as described in the proposed complaint. ECF 91 25, 28-9. This is just one such difference with the contentions of other plaintiffs. The logic of Defendants' claims would extend so far as to prevent the bringing of claims that no other party presents. Whether lead counsel heads another organization in the litigation is not relevant. Defendants would rewrite Rule 24(a) to be a rule to prevent guilty Defendants from having to answer for their behavior in court. This Court should decline to rewrite the rule.

### III. Intervenors have timely filed their complaint.

It is also imperative to note that Plaintiffs-Intervenors filed their complaint timely.[3] "Federal courts should allow intervention where no one would be hurt, and the greater justice could be attained." *Doe,* 256 F.3d at 375. "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervener, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir. 1994)(emphasis added). "The timeliness of a motion to intervene should be determined on a case-by-case basis." *Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996). The facts of the instant case strongly urge intervention.

In considering the timeliness of Intervenors' motion, this Court should consider that it issued an order to consolidate case 3:21-CV-00306-DCG-JES-JVB on December 15, 2021. ECF 92. It should be noted that the consolidated case was only filed two days prior on December 13, 2021. 3:21-CV-00306-DCG-JES-JVB ECF 1. Accordingly, this Court must determine whether the instant motion is timely given that it was filed a mere two days after a motion was filed to consolidate another case case and less than 30 days after the original cases were consolidated. This Court should, therefore, find the motion to be timely. All the more so considering counsel for

4

Defendants informed counsel for Intervenors that if the Congresspersons filed a complaint, Defendants would move to consolidate. In the interest of judicial economy and mindful that Courts "should discourage premature intervention[s] that wastes judicial resources," Plaintiffs-Intervenors chose intervention in the same manner they did last time—after the venue was established. *Espy*, 18 F.3d at 1206. Intervenors' complaint was thus filed timely.

**VII. The Court should grant permissive intervention to the Intervenors as no party is prejudiced.**

Because the Intervenors have demonstrated that they are entitled to intervention of right, they are surely deserving of permissive intervention. A court may permit a party to intervene on a timely motion that establishes that party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). This intervention may not "unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* Mindful that federal "courts should allow intervention where no one would be hurt and the greater justice could be attained," (*Espy,* 18 F.3d at 1205) this Court should grant Intervenors permissive intervention as well as the intervention as of right.

    **1. Unique circumstances exist militating in favor of intervention.**

The very nature of this case militates in favor of intervention. The current case is not a run of the mill litigation. It is a case challenging the State's redistricting plan. And the challenge is being made by sitting legislators[45]. Because of the teaching of the Johnson court, that special connection to the districts strongly militates in favor of intervention. Moreover, no party is prejudiced by the inclusion of Intervenors. Defendants premise their contention that they will be prejudiced principally on assumptions made about Intervenors' future litigation strategy. These assumptions are unfounded. Defendants state that, "[t]he addition of four more parties undermines prior negotiations that took place between the parties where many issues were agreed upon.[6]" ECF

5

116 at 5. One might refer to this as Defendants 'scheduling order.' Yet, Defendants acknowledged in open court that it was aware of Plaintiff-Intervenor's interest in the case and were preparing for possible intervention. Intervenors further call to the Court's attention that the Certificate of Conference for Intervenors' Complaint notes that the State represented to counsel that if a lawsuit was filed, they would move to join it.  ECF 91.

Because Intervenors timely filed their Complaint and no party will be prejudiced by its intervention, this Court should grant Intervenors Motion to Intervene as a right. Alternatively, this Court should grant Intervenors Motion to Intervene permissively.

Dated: January 5, 2022

Respectfully Submitted,

/s/ Gary Bledsoe
The Bledsoe Law Firm PLLC
State Bar No. 02476500
6633 Highway 290 East #208
Austin, Texas 78723-1157
Telephone: 512-322-9992
Fax: 512-322-0840
gbledsoe@thebledsoelawfirm.com
Garybledsoe@sbcglobal.net
Attorney for Plaintiff-Intervenors Eddie Bernice Johnson, Sheila Jackson-Lee, Alexander Green and Jasmine Crockett