# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| LULAC, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of Texas, *et al.*, <br><br> *Defendants.* | Case No.: 3:21-CV-00259-DCG-JES-JVB <br> [Lead Case] |
| ROY CHARLES BROOKS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of Texas, *et al.*, <br><br> *Defendants.* | Case No.1-21-CV-00991-DCG-JES-JVB <br> [Consolidated Case] |

### JOINT ADVISORY REGARDING BROOKS PLAINTIFFS' PRELIMINARY INJUNCTION HEARING

Pursuant to the Court's Order, ECF No. 126, the parties have conferred and believe that the 3.5 days the Judges have reserved (through mid-day January 28, 2022) should be sufficient for the hearing on Brooks Plaintiffs' motion for a preliminary injunction.

With respect to the division of that time, the parties have the following positions:

*Plaintiffs' Position*: As the party bearing the burden of proof, Brooks Plaintiffs do not believe a strict 50/50 split of time is appropriate, and may need more than 1.75 days to complete their presentation of evidence. Plaintiffs believe they could streamline their presentation through the admission of expert reports, with shorter direct examinations of experts focused on the key

conclusions. In that case, Plaintiffs believe they could complete their presentation of evidence in half the time allotted by the Court (with each party's examination time counting against their own portion of the time). With respect to Defendants' hearsay objection, the Fifth Circuit has held that "hearsay evidence," including sworn declarations like the expert reports in this case, are admissible at the preliminary injunction stage. *Sierra Club, Lone Star Chapter v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1991). Moreover, expert reports are admissible under the Rule 807 residual exception. Plaintiffs propose the same approach the three-judge court adopted in *Perez v. Abbott*, in which the expert reports were admitted under Rule 807 subject to the expert's adoption of the report under oath and subject to cross examination. *See* Ex. 1 (Order, *Perez v. Abbott*, No. 11-CA-360-OLG-JES-XR (July 3, 2017)).

*Defendants' Position*: Defendants contend that equal time should be allotted to both sides, and the Court should impose equal time limitations per side. Although the Brooks Plaintiffs bear the burden of proof, that does not justify imposing unequal time limits. Defendants would be prejudiced in their defense if they are not allocated sufficient time to present their case. Moreover, Defendants cannot know exactly what evidence they must present (and therefore how long they may need) until Plaintiffs have presented all of their evidence and rested their case. Both sides should have equal opportunity, and equal responsibility, to present a streamlined and efficient case to the Court.

Defendants do not consent to the admission of expert reports, which are inadmissible hearsay and contain objectionable and impermissible material. *See, e.g.*, Fed. R. Civ. P. 43(a) (generally requiring that testimony must be taken in open court); *Sierra Club*, 992 F.2d at 551 (permitting, but not requiring, courts to admit hearsay evidence and issue preliminary injunctions "without an evidentiary hearing when the facts are not disputed"). Little efficiency will be gained

under Plaintiffs' proposal because they still intend to conduct live direct examinations of their experts at the hearing. *Cf.* Fed. R. Evid. 807(a)(2) (holding that the residual exception applies only where other evidence cannot be "obtain[ed] through reasonable efforts"). Conversely, under Plaintiffs' proposal, Defendants would be denied the opportunity to observe and, if necessary, object to expert testimony, and the Court would be denied the opportunity to hear Plaintiffs' experts explain their opinions under oath in front of the tribunal.

| | |
|---|---|
| January 11, 2022 | Respectfully submitted, |
| | Chad W. Dunn (Tex. Bar No. 24036507)<br>Brazil & Dunn<br>4407 Bee Caves Road<br>Building 1, Ste. 111<br>Austin, TX 78746<br>(512) 717-9822<br>chad@brazilanddunn.com |
| | */s/ Mark P. Gaber*<br>Mark P. Gaber*<br>Mark P. Gaber PLLC<br>P.O. Box 34481<br>Washington, DC 20043<br>(715) 482-4066<br>mark@markgaber.com |
| | Jesse Gaines* (Tex. Bar. No. 07570800)<br>P.O. Box 50093<br>Fort Worth, TX 76105<br>817-714-9988<br>gainesjesse@ymail.com |
| | *Admitted *pro hac vice* |
| | *Counsel for Plaintiffs* |

3

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

_/s/ Patrick K. Sweeten_
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**Counsel for Defendants**

## CERTIFICATE OF SERVICE

I certify that all counsel of record were served a copy of the foregoing this 11th day of January, 2022, via the Court's CM/ECF system.

*/s/ Mark P. Gaber*
Mark P. Gaber
