**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, *in his official capacity as Governor of the State of Texas*, and JOHN SCOTT, *in his official capacity as Secretary of State of Texas*,<br>    *Defendants*. | § § § § § § § § § § § § § | Case No. 3:21-cv-259-DCG-JES-JVB<br>[Lead Case] |
| DAMON JAMES WILSON,<br>    *Plaintiff*,<br><br>v.<br><br>THE STATE OF TEXAS, *et al.*,<br>    *Defendants*. | § § § § § § § § § | Case No. 1:21-cv-943-RP-JES-JVB<br>[Consolidated Case] |
| VOTO LATINO, *et al.,*<br>    *Plaintiffs*,<br><br>v.<br><br>JOHN SCOTT, *in his official capacity as Secretary of State of Texas*, and GREG ABBOTT, *in his official capacity as Governor of the State of Texas*,<br>    *Defendants*. | § § § § § § § § § § § § | Case No. 1:21-cv-965-RP-JES-JVB<br>[Consolidated Case] |
| MEXICAN AMERICAN LEGISLATIVE CAUCUS,<br>    *Plaintiff*,<br><br>v.<br><br>THE STATE OF TEXAS, *et al.*,<br>    *Defendants*. | § § § § § § § § § § | Case No. 1:21-cv-988-RP-JES-JVB<br>[Consolidated Case] |

| | | |
|---|---|---|
| ROY CHARLES BROOKS, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, *in his official capacity as Governor of the State of Texas*, and JOHN SCOTT, *in his official capacity as Secretary of State of Texas*,<br>    *Defendants*. | § § § § § § § § § § § § § | Case No. 1:21-cv-991-LY-JES-JVB<br>[Consolidated Case] |
| TEXAS STATE CONFERENCE OF THE NAACP,<br>    *Plaintiff*,<br><br>v.<br><br>GREG ABBOTT, *in his official capacity as Governor of the State of Texas*, and JOHN SCOTT, *in his official capacity as Secretary of State of Texas*,<br>    *Defendants*. | § § § § § § § § § § § § § § | Case No. 1:21-cv-1006-RP-JES-JVB<br>[Consolidated Case] |
| FAIR MAPS TEXAS ACTION COMMITTEE, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, *in his official capacity as Governor of the State of Texas*, and JOHN SCOTT, *in his official capacity as Secretary of State of Texas*,<br>    *Defendants*. | § § § § § § § § § § § § § § | Case No. 1:21-cv-1038-RP-JES-JVB<br>[Consolidated Case] |
| UNITED STATES OF AMERICA<br>    *Plaintiff*,<br><br>v.<br><br>STATE OF TEXAS, *et al.*,<br>    *Defendants*. | § § § § § § § § § § | Case No. 3:21-CV-00299-DCG-JES-JVB<br>[Consolidated Case] |

| | |
|---|---|
| TREY MARTINEZ FISCHER §<br>    *Plaintiff,* §<br> §<br>v. §<br> §<br>GREG ABBOTT, *in his official capacity as* §<br>*Governor of the State of Texas, et al.,* §<br>    *Defendants.* § | Case No. 1:21-cv-1038-RP-JES-JVB<br>[Consolidated Case] |

## ADVISORY REGARDING ACCESS TO REDAPPL SOFTWARE

At last month's status conference, this Court asked counsel for the State Defendants about the availability of RedAppl for use at the trial of this matter. As the Court is aware, the Texas Legislative Council ("TLC") developed and administers the RedAppl GIS program. RedAppl, short for redistricting application, is a Texas-specific software designed to store and display various demographic data, and use that data to draw electoral maps. TLC also provided access to the RedAppl system to the Court for use by the parties to the litigation in the *Perez v. Texas*, Case No. 5:11-cv-00360.

In response to the Court's inquiry, counsel for the State Defendants met with representatives of TLC who maintain RedAppl. As it did in the prior redistricting session, TLC is capable of providing this Court, and the parties to this action, access to RedAppl. TLC has two primary options that will allow the Court to use the RedAppl software during the September and October trial presentations. They include:

1. **Remote Access** – TLC has two remote access options the Court can utilize to employ RedAppl at the September trial. First, TLC can send this Court a link to RedAppl's external portal. Through this link, the Court could access the program for use on its own computers. TLC could also train and assist court staff in advance, to allow them to utilize the program and could also be on call to provide technical assistance as

      requested. A second remote access method would involve TLC loaning the Court a dedicated computer with the necessary RedAppl programs already downloaded and installed. Like the first remote method, TLC staff could train and assist court staff to utilize the program and could be on call to provide technical assistance. In either scenario, TLC has offered to provide court staff with both technical assistance and advance one-on-one training between TLC employees and Court staff regarding how to utilize RedAppl applications for purposes of trial presentation.

2. **In Person Assistance** – Additionally, TLC technicians could attend the trial proceedings in person between September 28, 2022 and October 8, 2022 in El Paso and set up computer terminal displays during the trial for any party that requested it. TLC technicians can be present throughout trial to operate RedAppl and pull up any information needed by the Court or the parties. According to TLC, the technicians can deliver the same level of assistance to this Court during the proceeding as they did in *Perez v. Texas*, Case No. 5:11-cv-00360, if needed.

With respect to the upcoming January 25, 2022 hearing, the Brooks Plaintiffs advised they do not intend to utilize RedAppl in their presentation. As a result, the State Defendants have advised TLC they will not be needed for purposes of the hearing. In the event the State decides to utilize RedAppl for purposes of the preliminary injunction proceeding, it can do so using its own RedAppl portal and does not intend to seek the assistance of the TLC at the January preliminary injunction proceeding. Since neither party intends to use RedAppl at this hearing, TLC does not plan to attend the preliminary injunction proceedings, unless the Court itself requests it.

Texas Legislative Council advised that they stand ready to assist the Court and address any concerns the Court may have. In that regard, TLC suggests a phone call between its staff and

court staff to discuss the above options and effectuate whatever course of action the Court deems to be the most helpful in preparation for the September 28, 2022 trial.

| | |
|---|---|
| Date: January 13, 2022 | Respectfully submitted. |
| | |
| KEN PAXTON | /s/ Patrick K. Sweeten |
| Attorney General of Texas | PATRICK K. SWEETEN |
| | Deputy Attorney General for Special Litigation |
| BRENT WEBSTER | patrick.sweeten@oag.texas.gov |
| First Assistant Attorney General | Tex. State Bar No. 00798537 |
| | |
| | WILLIAM T. THOMPSON |
| OFFICE OF THE ATTORNEY GENERAL | Deputy Chief, Special Litigation Unit |
| P.O. Box 12548 (MC-009) | will.thompson@oag.texas.gov |
| Austin, Texas 78711-2548 | Tex. State Bar No. 24088531 |
| Tel.: (512) 463-2100 | |
| Fax: (512) 457-4410 | **COUNSEL FOR DEFENDANTS** |

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on January 13, 2022, and that all counsel of record were served by CM/ECF.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN