UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br>  *Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, *et al.*,<br>  *Defendants*. | § § § § § § § § § | Case No. 3:21-cv-259-DCG-JES-JVB<br>[Lead Case] |
| DAMON JAMES WILSON,<br>  *Plaintiff*,<br><br>v.<br><br>THE STATE OF TEXAS, *et al.*,<br>  *Defendants*. | § § § § § § § § | Case No. 1:21-cv-943-RP-JES-JVB<br>[Consolidated Case] |

**DEFENDANTS' REPLY SUPPORTING THEIR
MOTION TO STRIKE OR DISMISS WILSON'S AMENDED COMPLAINT**

This Court has already held that Plaintiff Wilson lacks standing. *See* ECF 63. His latest filings provide no reason to revisit that ruling. Conclusory assertions about absent third parties cannot establish standing, especially in a voting-rights case brought by a non-voter. Defendants respectfully request that the Court grant their motion to strike or dismiss. *See* ECF 112.

**ARGUMENT**

**I.    Wilson Articulates No Basis for Standing**

This Court granted Defendants' first motion to dismiss based on Wilson's lack of standing: "Because Wilson has no voting power to diminish, and because he points to no other concrete injury-in-fact, this Court lacks jurisdiction to consider his claim." ECF 63 at 3. As a non-voting felon, Wilson "has no 'voting power' to dilute." *Id.* at 2. And though he may be interested in "federal policy debates," Wilson has not plausibly alleged that his "ability to influence or benefit from federal policy is any less than it would be if he were considered a resident of the district where he is domiciled." *Id.*

Wilson's amended complaint does nothing to cure this jurisdictional defect because Wilson does not and cannot plausibly allege that the new congressional map injures him. Wilson complains that the congressman representing the area where he is allegedly domiciled will not be sufficiently responsive, but that speculative assertion has nothing to do with the challenged map. For example, Wilson worries that this hypothetical future congressman will treat Wilson as being domiciled elsewhere, *see* ECF 86 at 15–16, despite Wilson's insistence that he is domiciled in that district. Wilson alleges no facts suggesting this will actually happen, much less that it will happen because of a redistricting map that says nothing about Wilson's domicile. *See* ECF 112 at 5; ECF 44 at 3.

Similarly, Wilson suggests he will not receive communications from the congressman he prefers because a federal statute prohibits use of the "franking" privilege to "send any mass mailing outside the congressional district from which the Member was elected." 39 U.S.C. § 3210(a)(7); *see* ECF 86 at 17. But that prohibition turns on the address to which the mail is sent, not the domicile of the recipient. It does not establish that the new congressional map injures Wilson.

Nor does Wilson allege any relationship between a congressman's responsiveness and any concrete interest affected by federal policy. That independently precludes standing. *See* ECF 112 at 6–7; ECF 44 at 4–5. Wilson offers no response to this point.[1]

## II. Wilson Does Not State a Claim on the Merits

On the merits, Wilson acknowledges that various precedents undermine his claim. *See* ECF 134 at 13–14. "[T]here is no federal requirement" that Texas "count . . . prisoners as residents of whatever county they lived in prior to incarceration." *Perez v. Texas*, No. 5:11-cv-360, 2011 WL 9160142, at *12 (W.D. Tex. Sept. 2, 2011). The *Perez* court could not find "any case where any court

---

[1] Wilson does not substantively respond to Defendants' traceability, redressability, or immunity arguments. *See* ECF 134 at 14–15. A conclusory assertion that "that the State of Texas, for whom [Defendants] act in an official capacity, is responsible for the conduct about which Plaintiff complains" does not establish jurisdiction to sue the State, which is not a party, much less jurisdiction to sue the officials named here. *Id.* at 15. As Defendants previously explained, Wilson does not allege that they have enforcement roles that affect the responsiveness of federal congressmen. *See* ECF 112 at 12–15.

has concluded that such prison counts violate the mandates of the one person, one vote principle." *Id.* at 25. No such opinion has come out since then.

Wilson relies on *Evenwel v. Abbott*, 578 U.S. 54 (2016), but it does not help him. In that case, the Supreme Court held that a State may draw legislative districts based on total population rather than eligible-voting population because "'the Constitution's plain objective'" for the House of Representatives is "'equal representation for *equal numbers of people*,'" *id.* at 68 (quoting *Wesberry v. Sanders*, 376 U.S. 1, 18 (1964)). Wilson does not claim that he is not being counted or that districts do not have equal numbers of people. He just does not like where he was allegedly counted, an issue *Evenwel* does not address.

Wilson also argues that his claims are different than the claims *Perez* rejected ten years because the *Perez* plaintiffs "were 'voters,' not a prison inmate who was ineligible to vote[.]" ECF 134 at 14. True, but those plaintiffs made the same claim that Wilson makes: that the population of various districts should be adjusted based on the "misapplication of the prison population[.]" 2011 WL 9160142, at *12. The Court rejected that claim then for the same reason it must be rejected on the merits here: "the U.S. Census Bureau counts" prisoners as the residents of the place where they are incarcerated, and "the Texas Constitution requires use of the census count as the basis for redistricting." *Id.* Moreover, that the *Perez* plaintiffs were voters makes Wilson's complaint weaker, not stronger. The *Perez* plaintiffs were alleging that the strength of their votes was being diluted. Wilson cannot make a similar allegation. *See* ECF 63 at 2.

### III. Wilson Has Abandoned His Claims Against the Speaker and the Lieutenant Governor

Wilson does not dispute that the Court should dismiss his claims against Speaker Phelan and Lieutenant Governor Patrick. On the contrary, his response "abandons his claims" against those defendants. ECF 134 at 16. Because Wilson has not amended his complaint to drop them as

defendants, however, the Court should dismiss the claims against Speaker Phelan and Lieutenant Governor Patrick.

## CONCLUSION

Defendants respectfully request that the Court dismiss Wilson's claims for lack of subject-matter jurisdiction or failure to state a claim.

Date: January 18, 2022

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Respectfully submitted.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

ERIC A. HUDSON
Senior Special Counsel, Special Litigation Unit
Tex. State Bar No. 24059977

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
eric.hudson@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on January 18, 2022, and that all counsel of record were served by CM/ECF.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN