UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LULAC, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of Texas, *et al.*, <br><br> *Defendants.* | Case No.: 3:21-CV-00259-DCG-JES-JVB <br> [Lead Case] |
| ROY CHARLES BROOKS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of Texas, *et al.*, <br><br> *Defendants.* | Case No.1-21-CV-00991-DCG-JES-JVB <br> [Consolidated Case] |

**BROOKS PLAINTIFFS' MOTION IN LIMINE**

The Brooks Plaintiffs respectfully submit this motion in limine with respect to the expected testimony of Senator Joan Huffman for the Defendants. Defendants have indicated that they intend to call Senator Huffman in defense of Senate Bill 4 ("SB4"). In discovery, Defendants have invoked legislative privilege to shield from discovery the intent and motives of the Legislature in enacting SB4. During her deposition, Senator Huffman stated that she intended to invoke legislative privilege to the fullest extent possible. Ex. 1 (Tr. of Deposition of J. Huffman) at 14:18-24 ("Q: But for the purpose of your record, I just want to make sure it's clear: Are you invoking legislative privilege today? A. Yes. Q: Okay. And are you invoking it to the fullest extent possible? A. Yes."). She declined, on that basis, to answer questions about the intent and motive of herself,

1

her staff, or other legislators in enacting SB4, other than those that had been publicly stated during the legislative process. *See, e.g.*, *id.* 30:11-16 ("Q: Is there anything about the particular motivation behind the Senate District 10 part of the senate plan that you can testify about today that hasn't already been said – said publicly without invoking the legislative privilege? A. No, sir."). As such, Senator Huffman has "refuse[d] to participate in any discovery that would allow [Plaintiffs] to challenge" her assertions regarding the intent behind the drawing of SD10. *Singleton v. Merrill*, 2:21-CV-1291-AMM, 2021 WL 5979516, at *7-8 (N.D. Ala. Dec. 16, 2021).

Plaintiffs expect that Senator Huffman will be asked to testify regarding her intent or motives, and those of her staff and other legislators, in enacting SB4 and particularly in drawing SD10. But legislative privilege cannot be used as both sword and shield. *See Powell v. Ridge*, 247 F.3d 520, 525 (3d. Cir. 2001). Senator Huffman cannot invoke legislative privilege to shield her nonpublic intent or motivations, nor those of her staff or other legislators, while at the same time selectively sharing those same nonpublic motives, without waiving legislative privilege. *E.g.*, *Singleton v. Merrill*, 2021 WL 5979516, at *7-8. (finding that legislators cannot "seek to use their unique position as HB1's principal drafters as a sword to defend the law on its merits, but intermittently seek to retreat behind the shield of legislative privilege when it suits them").

To avoid prejudicing Plaintiffs by allowing Senator Huffman to wield her privilege as both a shield and a sword, Plaintiffs move to require Defendants, as they examine Senator Huffman, to provide a cite to the public record for any assertion offered regarding the intent or motivations behind the drawing of SD10 that they claim does not waive legislative privilege. Doing so will permit the Court to assess whether any assertion of intent offered by Senator Huffman has any basis in the public legislative record.

Plaintiffs expressly reserve the right to challenge Senator Huffman's assertion of legislative privilege—a qualified privilege that is frequently pierced in redistricting cases[1]—including whether it is waived by her voluntary appearance to testify in defense of SB4 at this hearing. *See Singleton*, 2021 WL 5979516 at *7-8 (finding that Alabama legislators' participation in litigation for the purpose defending their intent and motive in enacting redistricting waived their legislative privilege and immunity").

January 26, 2022

Respectfully submitted,

*/s/ Chad W. Dunn*
Chad W. Dunn (Tex. Bar No. 24036507)
Brazil & Dunn
4407 Bee Caves Road
Building 1, Ste. 111
Austin, TX 78746
(512) 717-9822
chad@brazilanddunn.com

Mark P. Gaber*
Mark P. Gaber PLLC
P.O. Box 34481
Washington, DC 20043
(715) 482-4066
mark@markgaber.com

Jesse Gaines* (Tex. Bar. No. 07570800)
P.O. Box 50093
Fort Worth, TX 76105
817-714-9988
gainesjesse@ymail.com

Molly E. Danahy*
P.O. Box 26277
Baltimore, MD 21211
(208) 301-1202
danahy.molly@gmail.com

---

[1] *See, e.g.*, *Page v. Va. State Bd. of Elections*, 15 F. Supp. 3d 657 (E.D. Va. 2014); *Singleton*, 2021 WL 5979516, at *7-8.

3

Sonni Waknin*
10300 Venice Blvd. # 204
Culver City, CA 90232
732-610-1283
sonniwaknin@gmail.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I certify that all counsel of record were served a copy of the foregoing this 26th day of January, 2022, via the Court's CM/ECF system.

                                              */s/ Chad W. Dunn*
                                              Chad W. Dunn