UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS**, *et al.*, | § § § | |
| *Plaintiffs*, | § § | EP-21-CV-00259-DCG-JES-JVB |
| **EDDIE BERNICE JOHNSON**, *et al.*, | § § | [Lead Case] |
| *Plaintiff-Intervenors*, | § § | |
| v. | § § | |
| **GREG ABBOTT,** *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § | |
| *Defendants.* | § § | |
| **ROY CHARLES BROOKS**, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Case No. 1:21-CV-00991-LY-JES-JVB |
| **GREG ABBOTT**, *in his official capacity as Governor of the State of Texas*, *et al.* | § § § | [Consolidated Case] |
| *Defendants.* | § § § | |

## ORDER DENYING MOTION FOR A PRELIMINARY INJUNCTION

This Order comes in the consolidated Texas redistricting cases.  Before the Court is the Brooks Plaintiffs' "Motion for a Preliminary Injunction as to Senate District 10" ("Motion") (ECF No. 39), filed on November 24, 2021.  On December 20, 2021, Defendants filed an "Opposition to the Brooks Plaintiffs' Motion for Preliminary Injunction" ("Response") (ECF No. 102).  Three days later, the Brooks Plaintiffs filed a reply brief (ECF No. 108).  The Court held an evidentiary hearing on the Motion, which lasted from January 25 – January 28, 2022.

- 1 -

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, a plaintiff must demonstrate that (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [their] favor"; and (4) "an injunction is in the public interest." *Id.* at 20.

In their Motion, the Brooks Plaintiffs seek preliminary relief for a subset of their claims raised in their Complaint.[1] Specifically, the Brooks Plaintiffs argue that, in violation of Section 2 of the Voting Rights Act as well as the Fourteenth and Fifteenth Amendments of the United States Constitution, Texas intentionally discriminated against racial minorities in Texas State Senate District 10 ("SD10") when the State redrew the boundaries of SD10 during the 2021 redistricting cycle. *See* Mot. at 24–41. The Brooks Plaintiffs further assert that Texas racially gerrymandered SD10 in violation of the Fourteenth Amendment. *See id.* at 41–44.

In response, Texas argues that redistricting SD10 was a partisan exercise devoid of racial considerations or motivations. *See* Resp. at 26–34. Texas contends the Brooks Plaintiffs cannot establish, and have not established, that Texas intentionally discriminated against the minority electorate in SD10, *see id.* at 26–42, or that race was the predominant factor motivating the Texas Legislature's decision to redraw SD10, *see id.* at 43–46. Thus, Texas asserts that the Brooks Plaintiffs have failed to carry their burden to show likelihood of success on the merits. And even if the Brooks Plaintiffs did show likelihood of success on the merits, Texas argues that a preliminary injunction is not in the public interest because primary elections in Texas are already underway and a preliminary injunction at this stage in the election cycle would fly in the

---

[1] At the preliminary injunction stage, the Brooks Plaintiffs do not argue that, in redistricting State Senate District 10, Texas caused discriminatory results in violation of Section 2 of the Voting Rights Act—a claim raised by the Brooks Plaintiffs in their Complaint. *Brooks v. Abbott*, No. 1:21-CV-00991-LY-JES-JVB (W.D. Tex. 2021), ECF No. 1 at 25–27.

face of the Supreme Court's admonishment that "lower federal courts should ordinarily not alter the election rules on the eve of an election." *RNC v. DNC*, 140 S. Ct. 1205, 1207 (2020) (per curiam); Resp. at 47–50.

After careful consideration of the parties' arguments and four days of testimony and evidentiary submissions, and for reasons to be stated in a forthcoming opinion, the Court finds that the Brooks Plaintiffs have not satisfied the requirements necessary to obtain a preliminary injunction.

**IT IS THEREFORE ORDERED** that the Brooks Plaintiffs' "Motion for a Preliminary Injunction as to Senate District 10" (ECF No. 39) is **DENIED**.

**So ORDERED and SIGNED this 1st day of February 2022.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

*And on behalf of:*

| | | |
|---|---|---|
| **Jerry E. Smith** | *-and-* | **Jeffrey V. Brown** |
| **United States Circuit Judge** | | **United States District Judge** |
| **U.S. Court of Appeals, Fifth Circuit** | | **Southern District of Texas** |