UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| Eddie Bernice Johnson, Sheila Jackson-Lee, Alexander Green, and Jasmine Crockett | § § § | Case No. 3:21-cv-0259 [Lead Case] |
| *Plaintiff-Intervenors*, | § § | |
| v. | § § | |
| GREG ABBOTT, *et al.*, | § § § | |
| *Defendants*. | § | |

## **DEFENDANTS' ANSWER TO PLAINTIFF-INTERVENORS' COMPLAINT**

Governor Greg Abbott, Lieutenant Governor Dan Patrick, Speaker of the Texas House of Representatives Dade Phelan, Texas Secretary of State John Scott, all in their official capacities, along with the State of Texas (collectively "Defendants"), file this original answer to the Complaint of Plaintiff-Intervenors Eddie Bernice Johnson, Sheila Jackson Lee, Alexander Green, and Jasmine Crockett (ECF 91-1).

### ANSWER

Defendants deny every allegation contained in the Intervenors' Complaint except for those expressly admitted. *See* Fed. R. Civ. P. 8(b). The headings and paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiff-Intervenors' Complaint. Titles that are reproduced in this Answer are included for organizational purposes only, and Defendants do not admit any matter contained therein.

1

## BACKGROUND

1.        Defendants admit that Plaintiff-Intervenors seek declaratory and injunctive relief; invoke the Fourteenth Amendment, Fifteenth Amendment, and the Voting Rights Act as bases for their claims; and challenge Plan C2193, which is the redistricting plan that has been enacted for Texas's congressional districts. Defendants admit that Plaintiff-Intervenors Johnson, Jackson Lee, and Green are current members of Congress. Defendants deny that Plaintiff-Intervenors are entitled to relief on any of their claims. Defendants lack knowledge or information sufficient to form a belief about Crockett's residence or the Plaintiff-Intervenors' voting history or intentions and therefore deny those allegations. Defendants deny the remaining allegations in this paragraph.

2.        Defendants deny that the ideal district population following the 2020 census was 766,000 persons and that the benchmark 9th Congressional District was 3,611 persons above the optimum number of persons for a congressional district in Texas. Defendants deny the that any plan passed by the Legislature was "heavily infected with an intent to discriminate" and deny all other allegations in this paragraph.

3.        Defendants admit that CD9's current configuration includes areas in Fort Bend, Brazoria, and Harris Counties (including portions of benchmark CD18 and CD29) that were not part of CD18's benchmark configuration and that portions of benchmark CD18 in Fort Bend County are now part of Congressional District 22. Defendants lack knowledge or information sufficient to form a belief about the precincts that Barbara Jordan represented in the 1970s and therefore deny those allegations. Defendants deny all other remaining allegations in this paragraph.

4.        Defendants admit that some areas that were previously located within the 30th Congressional District are now located within Congressional District 6 under Plan C2193. Given Plaintiff-Intervenors' failure to specify the source of the demographic data on which they rely with regard to CD30, Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff-

Intervenors' contention that "the 30th was reduced from an above 50 percent Black Citizen Voting Age Majority District to a below 50 percent Black Citizen Voting Age Majority District" and, therefore, deny this allegation. Defendants deny the remaining allegations in this paragraph.

5. Denied.

6. Defendants admit that Plaintiff-Intervenors seek a court-imposed redistricting plan. They deny the remaining allegations in this paragraph.

## I. JURISDICTION

7. Defendants deny that Plaintiff-Intervenors' causes of action are meritorious and deny that Plaintiff-Intervenors can meet their burden to demonstrate this Court's jurisdiction over all claims and relief sought in this case. They admit that the Court would have jurisdiction over a properly pleaded claim arising under the cited statutes.

8. Admit.

9. Defendants admit that Plaintiff-Intervenors seek declaratory and injunctive relief. Defendants deny that Plaintiff-Intervenors are entitled to any such relief.

## II. PARTIES

10. Defendants admit that some voters in Congressional District 30 are black, Latino, or both. Defendants lack knowledge or information sufficient to form a belief about Johnson's residence or status as a registered voter. The allegations regarding Johnson's zeal and performance in office are statements of opinion that do not require a response; to they extent one is required, Defendants respond that they lack knowledge or information sufficient to form a belief about those allegations.

11. Defendants admit that some voters in Congressional District 18 are black, Latino, or both. Defendants lack knowledge or information sufficient to form a belief about Jackson Lee's residence or status as a registered voter. The allegations regarding Jackson Lee's zeal, performance in office, and veracity in pursuing particular policies are statements of opinion that do not require a response; to the

extent one is required, Defendants lack knowledge or information sufficient to form a belief about those allegations.

12. Defendants admit that some voters in Congressional District 9 are black, Latino, Asian-American, or a combination thereof. Defendants lack knowledge or information sufficient to form a belief as to Green's residence or status as a registered voter. The allegations regarding Green's judiciousness and zeal are statements of opinion that that do not require a response; to the extent that one is required, Defendants lack knowledge or information sufficient to form a belief about those allegations. Defendants lack knowledge or information sufficient to form a belief about the extent to which Green's former positions contribute to his ability to represent Congressional District 9, but they admit that he previously served as an elected justice of the peace in Harris County and as president of the NAACP's Houston branch.

13. Defendants admit that Crockett serves in the Texas House of Representatives and that she introduced Plans C2139 and C2177, which, had they passed, would have resulted in a Congressional District 30 that differs from its present shape. Given Plaintiff-Intervenors' failure to specify the source of the demographic data on which they rely with regard to CD30, Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff-Intervenors' contention that the changes advanced by Crockett "would have permitted [CD30] to continue as a 50 percent African-American Citizen Voting Age population district" and, therefore, deny this allegation. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore deny them.

14. Defendants deny that the State of Texas is a "political subdivision." Defendants admit that currently the State of Texas is subject to Section 2 the Voting Rights Act. Defendants deny all remaining allegations in this paragraph.

15. Admit.

16. Defendants admit that the current Lieutenant Governor of Texas was duly elected and that Plaintiff-Intervenors are suing him in his official capacity. This paragraph consists of Plaintiffs-Intervenors' characterizations of Article IV, Section 16, of the Texas Constitution, which speaks for itself. Defendants deny that the Lieutenant Governor's name is "Daniel Patrick."

17. Admit.

18. Defendants admit that the current Secretary of State of Texas was duly appointed and that Plaintiff-Intervenors are suing him in his official capacity. They deny that the Secretary's name is "John B. Scott Hope."

### III. FACTS

19. Defendants admit that Crockett is a candidate for Representative from Congressional District 30 in the 2022 election. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, deny them.

20. Defendants deny that Section 2 of the Voting Rights Act of 1965 is currently codified at 42 U.S.C. § 1973. Furthermore, this paragraph consists of Plaintiffs-Intervenors' characterizations of Section 2. That statute speaks for itself. Defendants deny Plaintiff-Intervenors' characterizations of that statute to the extent they are inconsistent with the statute itself.

21. Defendants admit that Texas's congressional apportionment increased from 32 to 36 seats following the 2010 census and from 36 to 38 seats following the 2020 census. Defendants lack knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph and, therefore, deny them.

22. Denied.

23. Defendants admit that Plaintiff-Intervenor Crockett unsuccessfully submitted an amendment, Plan C2139, to the proposed congressional plan. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore deny them.

24. It is unnecessary for the Defendants to deny the allegation that Exhibit B constitutes a representation from Todd Hunter that the Congressional district map proposed by the Texas Senate would not be "a basis for creating the Congressional Plan voted on by the House;" Exhibit B speaks for itself in containing no such explicit statement and no statement from which a reasonable person could infer such a representation. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore deny them.

25. Defendants admit that the boundaries of Congressional Districts 7 and 18 were adjusted during the redistricting process. Defendants deny the remaining allegations in this paragraph.

26. Defendants admit that Plan C2193 created one new district in in the Houston area and no new districts in the Dallas-Fort Worth area. Defendants deny the remaining allegations in this paragraph.

27. Denied.

28. Denied.

29. Defendants admit that Plan C2193 placed some voters that previously resided in the 9th Congressional District into the 7th Congressional District. Defendants deny the remaining allegations in this paragraph.

30. Defendants admit that a majority of residents in Congressional Districts 9, 18, and 30 are non-Anglo and that a majority of residents in Congressional District 24 are Anglo. Given Plaintiff-Intervenors' failure to specify the source of the demographic data on which they rely with regard to CD30, Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff-Intervenors' contention that "[t]he new plan reduced the Black Citizen Voting Age population of the 30th from 51 percent to 48 percent" and, therefore, deny this allegation. For the same reason, Defendants deny that CD32's "overall non-white population increased from 53.1 percent to 67.8." Defendants deny all remaining allegations in this paragraph.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Jackson Lee "prevailed recently in Latino precincts when opposed by opponents with Spanish surnames" and, therefore, deny this allegation. Defendants deny the remaining allegations in this paragraph.

32. Defendants do not understand the final sentence in this paragraph and therefore lack information or knowledge sufficient to form a belief about its truth. Defendants deny the remaining allegations in this paragraph.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Defendants admit that no amendments were accepted that were not agreed upon by all affected congresspersons and that proposed changes were required to be based on the proposed map. Defendants do not have knowledge or information sufficient to form a belief as to what other Congressional representatives said to Jackson Lee. Defendants deny the remaining allegations in this paragraph.

39. Defendants admit that a conference committee reconciled differences in the congressional plans passed by the Texas House and by the Texas Senate, that none of the Senate conferees were black or Latino, that the conference committee's plan was passed by the Legislature and signed by the Governor, and that the plan will govern the 2022 election cycle. Defendants deny the remaining allegations in this paragraph.

40. Defendants admit that several individuals, including legislators who are racial or ethnic minorities, opposed Plan C2193 and alleged that it would have a discriminatory effect. Defendants deny the remaining allegations in this paragraph.

41. Defendants admit that some legislators opposed Plan C2193. Defendants deny the remaining allegations in this paragraph.

42. Denied.

43. Defendants admit that the Legislature "had before it or was aware of" Congressional redistricting plan alternatives. Defendants deny the remaining allegations in this paragraph.

44. Admit.

45. Defendants admit that Section 5 of the Voting Rights Act no longer applies to Texas. The *Texas v. United States* decision, 887 F. Supp. 2d 133 (D.D.C. 2012), speaks for itself. Defendants deny Plaintiff-Intervenors' characterizations of the decision to the extent they are inconsistent with the decision itself.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Defendants are unable to determine which special session and which "interim plan" these allegations refer to and therefore lack knowledge or information sufficient to form a belief about the truth of those allegations. They deny the remaining allegations in this paragraph.

51. Denied.

52. Denied.

## CAUSES OF ACTION

### Count I

53. Defendants incorporate their answers to the preceding paragraphs.

54. Denied.

### Count II

54. Defendants incorporate their answers to the preceding paragraphs.

55. Denied.

### Count III

56. Defendants incorporate their answers to the preceding paragraphs.

57. Denied. To the extent that the allegation is supposed to refer to Plan C2193 rather than the "2011 redistricting plans," denied.

### Count IV

58. Defendants incorporate their answers to the preceding paragraphs.

59. Denied.

### Count V

60. Defendants incorporate their answers to the preceding paragraphs.

61. Denied.

### Count VI

62. Defendants incorporate their answers to the preceding paragraphs.

63. Defendants admit that redrawing the boundaries of the congressional districts affected those congressional districts. Defendants deny the remaining allegations in this paragraph.

64. Denied.

65. Defendants admit that none of the Senate conferees were black or Latino. Defendants deny that none of the House conferees were Latino. Defendants deny the remaining allegations in this paragraph.

66. Denied.

67. Denied.

## BASIS FOR EQUITABLE RELIEF

68. Denied.

69. Denied.

## ATTORNEYS' FEES

70. Denied.

## PRAYER

Defendants deny that Plaintiffs are entitled to any of the relief they request.

## **DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES**

Defendants assert the following affirmative and other defenses to which they may be entitled:

1. The Court lacks subject-matter jurisdiction to consider all claims asserted in Plaintiffs-Intervenors' Complaint.

2. Plaintiff-Intervenors lack standing to assert all claims asserted in their Complaint.

3. Plaintiff-Intervenors have failed to state a claim upon which relief can be granted.

4. Defendants assert all applicable immunities to Plaintiff-Intervenors' claims, including but not limited to their entitlement to Eleventh Amendment immunity, sovereign immunity, and legislative immunity.

5. Defendants will be entitled to recover their attorney's fees as the prevailing party under 42 U.S.C. § 1988(b).

6. Defendants reserve the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

<table>
<tr><td>Date: February 1, 2022</td><td>Respectfully submitted.</td></tr>
<tr><td>

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

</td><td>

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**Counsel for Defendants**

</td></tr>
</table>

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent by electronic notification through ECF by the United States District Court, Western District of Texas, El Paso Division, on February 1, 2022, to counsel of record.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN