# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § § | Case No. 3:21-cv-00259 <br> [Lead Case] |
| ROY CHARLES BROOKS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § § | Case No. 1:21-cv-00991 <br> [Consolidated Case] |

## DEFENDANTS' ANSWER TO THE BROOKS PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants, Greg Abbott in his official capacity as Governor of Texas, and John Scott, in his official capacity as Secretary of State of Texas, (the "State Defendants"), file this Original Answer to the Complaint for Declaratory and Injunctive Relief, *Brooks v. Abbott*, No. 1:21-cv-991, ECF 1 (W.D. Tex. Nov. 3, 2021), filed by Roy Charles Brooks and co-plaintiffs (the "Brooks Plaintiffs").

### ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in the Brooks Plaintiffs' Complaint except those expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of the Complaint. Those titles are reproduced from the Brooks Plaintiffs' Complaint for organizational purposes only,

1

and do not constitute admissions on behalf of the State Defendants.

The State Defendants respond to the specifically numbered allegations of the Complaint for Declaratory and Injunctive Relief as follows:

## I. INTRODUCTION

1. Denied.

2. Denied.

3. The State Defendants' lack knowledge or sufficient information to form a belief about the truth of the Brooks Plaintiffs' allegations that Tarrant County's population is 57% non-Anglo, and that its voting-age population is 53% non-Anglo, and therefore deny them. The State Defendants deny any remaining allegations in this paragraph.

4. The State Defendants admit that Senator Kel Seliger voted in favor of Floor Amendment 2, concerning the proposed Plan S2132. The State Defendants deny any remaining allegations in this paragraph.

5. Denied.

6. This paragraph contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

## II. JURISDICTION AND VENUE

7. This paragraph contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, the State Defendants admit that venue is proper in this district. The State Defendants also admit that Brooks Plaintiffs purport to bring claims pursuant to 28 U.S.C. §§ 1331, 1343, 1357, 42 U.S.C. § 1983, and 52 U.S.C. § 10301 *et seq*, but they deny that any violation occurred. The State Defendants further deny that the Brooks Plaintiffs' causes of action referenced in this paragraph are meritorious and deny

that Plaintiffs can meet their burden of proof to demonstrate this Court's jurisdiction over all claims and relief sought in this case. Defendants deny any remaining allegations in this paragraph.

### III. PARTIES

8. This paragraph contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, the State Defendants admit that the Brooks Plaintiffs are challenging S2168. The State Defendants lack knowledge or sufficient information to form a belief about the truth of the Brooks Plaintiffs' allegation that the Brooks Plaintiffs are registered voters and reside in Senate District 10 and Senate District 22, and therefore deny it. The State Defendants deny any remaining of the allegations in this paragraph.

9. The State Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

10. The State Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

11. The State Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

12. The State Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

13. The State Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

14. The State Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

15. The State Defendants admit that Beverly Powell is the incumbent state senator for SD10, and that she resides in SD10 under the benchmark map and S2168. The State Defendants deny any

remaining allegations in this paragraph.

16. The State Defendants admit that Greg Abbott is the Governor of Texas. The remainder of this paragraph contains quotations from the Texas Election Code, which speak for themselves. The State Defendants deny any remaining allegations in this paragraph to the extent the quotations or the Brooks Plaintiffs' characterization of the quotations is inconsistent with the statutes.

17. The State Defendants admit that John Scott is the Secretary of State of Texas. The remainder of this paragraph contains quotations from the Texas Election Code, which speak for themselves. The State Defendants deny any remaining allegations in this paragraph to the extent the quotations or the Brooks Plaintiffs' characterization of the quotations is inconsistent with the statutes.

## IV. FACTS

18. This paragraph discusses the federal-court opinion in *United States v. Texas*, 887 F. Supp. 2d 133, 166 (D.D.C. 2012). That opinion speaks for itself, although the State Defendants deny any allegations relating to that case to the extent they are inconsistent with the opinion. The State Defendants deny any remaining allegations in this paragraph.

19. This paragraph discusses the federal-court opinion in *United States v. Texas*, 887 F. Supp. 2d 133, 166 (D.D.C. 2012). That opinion speaks for itself, although the State Defendants deny any allegations relating to that case to the extent they are inconsistent with the opinion. The State Defendants deny any remaining allegations in this paragraph.

20. This paragraph discusses the federal-court opinion in *United States v. Texas*, 887 F. Supp. 2d 133, 166 (D.D.C. 2012). That opinion speaks for itself, although the State Defendants deny any allegations relating to that case to the extent they are inconsistent with the opinion. The State Defendants deny any remaining allegations in this paragraph.

21. This paragraph discusses the federal-court opinion in *United States v. Texas*, 887 F. Supp. 2d 133, 166 (D.D.C. 2012). That opinion speaks for itself, although the State Defendants deny any

allegations relating to that case to the extent they are inconsistent with the opinion. The State Defendants deny any remaining allegations in this paragraph.

22. This paragraph discusses the federal-court opinion in *United States v. Texas*, 887 F. Supp. 2d 133, 166 (D.D.C. 2012). That opinion speaks for itself, although the State Defendants deny any allegations relating to that case to the extent they are inconsistent with the opinion. The State Defendants deny any remaining allegations in this paragraph.

23. The State Defendants admit that then-Attorney General Greg Abbott sent a letter to the House and Senate Redistricting Chairs regarding the opinion in *United States v. Texas*. The remainder of this paragraph consists of quotations from that letter, which speak for themselves. The State Defendants deny any allegations relating to that letter to the extent they are inconsistent with the same. The State Defendants deny any other allegation in this paragraph not previously admitted.

24. The State Defendants admit that Senator Joan Huffman was the Chair of the Senate Redistricting Committee this year and that she was a member of the Senate Redistricting Committee in 2011 and 2013. The State Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them.

25. The State Defendants admit that the State Defendants were ordered to pay attorney fees in the *Davis v. Perry* litigation. The remainder of this paragraph discusses federal-court proceedings and opinions, which speak for themselves. The State Defendants deny any allegations relating to that these proceedings and opinions to the extent they are inconsistent with the same. The State Defendants deny any other allegation in this paragraph not previously admitted.

26. Admit.

27. The State Defendants admit that the State of Texas received the initial P.L. 94-171 data on August 12, 2021 (as distinguished from the full redistricting toolkit, which was received on September 16, 2021). The State Defendants lack knowledge or sufficient information to form a belief about the

truth of the Brooks Plaintiffs' allegations regarding other States, and therefore deny them.

28. The State Defendants admit that the State of Texas grew in population between 2010 and 2020 and that minorities represented a large portion of this growth. The remainder of this paragraph discusses data from the U.S. Census, which speaks for itself. The State Defendants deny any allegations relating to the U.S. Census data to the extent they are inconsistent with the same. The State Defendants deny any other allegation in this paragraph except were previously admitted and any emphasis used or characterization of those allegations by the Brooks Plaintiffs.

29. The paragraph discusses data from the U.S. Census, which speaks for itself. The State Defendants deny any allegations relating to the U.S. Census data to the extent they are inconsistent with the same. The State Defendants deny any other allegation in this paragraph not previously admitted.

30. This paragraph discusses data from the U.S. Census, which speaks for itself. The State Defendants deny any allegations relating to the U.S. Census data to the extent they are inconsistent with the same. The State Defendants also deny any emphasis used or characterization of those allegations by the Brooks Plaintiffs.

31. This paragraph discusses data from the U.S. Census, which speaks for itself. The State Defendants deny any allegations relating to the U.S. Census data to the extent they are inconsistent with the same. The State Defendants also deny any emphasis used or characterization of those allegations by the Brooks Plaintiffs

32. This paragraph discusses data from the U.S. Census, which speaks for itself. The State Defendants deny any allegations relating to the U.S. Census data to the extent they are inconsistent with the same. The State Defendants also deny any emphasis used or characterization of those allegations by the Brooks Plaintiffs. To the extent that this paragraph contains any other allegations requiring a response, denied.

33. This paragraph discusses data from the U.S. Census, which speaks for itself. The State Defendants deny any allegations relating to the U.S. Census data to the extent they are inconsistent with the same. The State Defendants also deny any emphasis used or characterization of those allegations by the Brooks Plaintiffs. To the extent that this paragraph contains any other allegations requiring a response, denied.

34. This paragraph discusses data from the U.S. Census, which speaks for itself. The State Defendants deny any allegations relating to the U.S. Census data to the extent they are inconsistent with the same. The State Defendants also deny any emphasis used or characterization of those allegations by the Brooks Plaintiffs. To the extent that this paragraph contains any other allegations requiring a response, denied.

35. The State Defendants admit that, as of the 2020 Census and with respect to the benchmark map, SD10 has an Anglo CVAP of 53.8 percent. The remainder of this paragraph discusses data from the U.S. Census, which speaks for itself. The State Defendants deny any allegations relating to the U.S. Census data to the extent they are inconsistent with the same. The State Defendants also deny any emphasis used or characterization of those allegations by the Brooks Plaintiffs. To the extent that this paragraph contains any other allegations requiring a response, denied.

36. The State Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph, and therefore deny them.

37. The State Defendants admit that Wendy Davis won the state senate seat for SD 10 as a Democrat in 2008 and 2012. The State Defendants also admit that Beverly Powell won the state senate seat for SD 10 as a Democrat in 2018. The State Defendants lack knowledge or sufficient information to form a belief about the truth of any remaining allegations in this paragraph, and therefore deny them.

38. Denied.

39. The State Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

40. The State Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

41. Admit.

42. The State Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

43. The State Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

44. The State Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

45. The State Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

46. The State Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

47. The State Defendants lack knowledge or sufficient information to form a belief about the truth of the allegation in the last sentence of this paragraph, and therefore deny it.. The State Defendants deny any remaining allegations in this paragraph.

48. Denied.

49. Denied.

50. The State Defendants admit that Senator Joan Huffman was the Chair of the Senate Redistricting Committee this year and that she was a member of the Senate Redistricting Committee in 2011. The State Defendants also admit that Senator Huffman attended committee meetings related to redistricting. This paragraph discusses federal-court opinions, which speak for themselves. The

State Defendants deny any allegations relating to those opinions to the extent they are inconsistent with the same. The State Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them.

51. The State Defendants are unable to tell what the Brooks Plaintiffs' mean by their allegation that Senator Huffman was "well aware" of the pertinent federal-court decision, and therefore deny it. The State Defendants admit that Senator Huffman stated that she is "probably" aware of the pertinent federal-court decision. The State Defendants deny any remaining allegations in this paragraph.

52. The State Defendants admit that then-Attorney General Greg Abbott sent a letter concerning the 2012 federal-court decision. The State Defendants deny the characterization of that fact in this paragraph.

53. The State Defendants admit that Senator Huffman served on the 2013 Senate Redistricting Committee and attended meetings where the *United States v. Texas* decision may have been discussed. The State Defendants also admit that a voter was held on whether to adopt the remedial map originally imposed in that litigation. The State Defendants deny any remaining allegations in this paragraph and the Brooks Plaintiffs' characterization of them.

54. The State Defendants admit Senator Huffman attended several redistricting committee hearings in which the State Demographer addressed demographic trends. The State Defendants deny any remaining allegations in this paragraph and the Brooks Plaintiffs' characterization of them.

55. Denied.

56. The State Defendants admit that the Senate Redistricting Committee held hearings where witnesses had the opportunity to speak. The State Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them.

57. The State Defendants admit that Senator Powell participated in a meeting with Senator

9

Huffman, Anna Mackin, and Sean Opperman, during which Senator Powell attempted to show Senator Huffman maps of SD10 with racial shading. The State Defendants lack knowledge or sufficient information to form a belief about the truth of the allegation that "Anna Mackin displayed in-depth knowledge of the decision—a fact obvious from her decade of extensive involvement in Texas redistricting, including *Perez v. Abbott*" and therefore deny it. The State Defendants deny any remaining allegations in this paragraph.

58. The State Defendants admit that Senator Powell wrote a letter to Senator Huffman with several attachments, including maps of SD10. which speak for themselves. The State Defendants therefore deny any allegations relating to the letter and attachments to the extent they are inconsistent with the same. The State Defendants deny any remaining allegations in this paragraph and the Brooks Plaintiffs' characterization of them.

59. The State Defendants admit that Senator Powell sent the members of the Senate, House, and House Redistricting Committee several attachments and maps, which speak for themselves. The State Defendants therefore deny any allegations relating to the letter and attachments to the extent they are inconsistent with the same. The State Defendants deny any remaining allegations in this paragraph and the Brooks Plaintiffs' characterization of them.

60. The State Defendants admit that Senator Powell questioned Senator Huffman on the Senate floor concerning the composition of SD10. The State Defendants deny any remaining allegations in this paragraph.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. The State Defendants admit that admit that Senator Kel Seliger chaired the Senate Redistricting Committee in 2011 and 2013, and that he voted in favor of Floor Amendment 2, concerning the proposed Plan S2132. This paragraph contains a quote from Senator Seliger, which speaks for itself. The State Defendants deny any related allegations or characterizations of those allegations to the extent they are inconsistent with Senator Seliger's statement. The State Defendants deny any remaining allegations in this paragraph.

67. The State Defendants admit that Representative Turner purports to have placed maps on each member's desk. The State Defendants deny any remaining allegations in this paragraph.

68. Denied.

69. The State Defendants admit that the maps showing S2101—the introduced plan—were shown in the Senate Redistricting Committee hearing. The State Defendants also admit that Senator Huffman proposed Plan S2108. The State Defendants deny any remaining allegations and Brooks Plaintiffs' characterization of any allegations.

70. Denied.

71. Denied.

72. The last sentence of this paragraph contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, the State Defendants admit that Senator Huffman stated that she "probably" read the 2012 court decision. The State Defendants also admit that Senator Huffman served on the 2011 and 2013 Senate Redistricting Committee.. The State Defendants deny any other allegations in this paragraph.

73. This paragraph contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. This paragraph contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

79. . This paragraph discusses data from the U.S. Census, as it pertains to S2134, which speaks for itself. The State Defendants deny any allegations relating to the U.S. Census data to the extent they are inconsistent with the same. The State Defendants also deny any emphasis used or characterization of those allegations by the Brooks Plaintiffs. To the extent that this paragraph contains any other allegations requiring a response, denied.

80. Denied.

81. The State Defendants deny the allegations in the first sentence. The State Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them.

82. Denied.

83. This paragraph cites several federal court decisions, and those speak for themselves. The State Defendants deny any allegations in this paragraph to the extent that are inconsistent with those federal court decisions. The State Defendants deny any remaining allegations in this paragraph.

84. Denied.

85. The State Defendants deny the allegations in the first sentence of this paragraph. The State Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them.

86. This paragraph contains citations to a report, which speaks for itself. The State Defendants deny any allegations in this paragraph to the extent that they are inconsistent with or mischaracterize the cited report. To the extent that this paragraph contains any other allegations requiring a response, denied.

87. This paragraph contains citations to a report, which speaks for itself. The State Defendants deny any allegations in this paragraph to the extent that they are inconsistent with or mischaracterize the cited report. To the extent that this paragraph contains any other allegations requiring a response, denied.

88. This paragraph contains citations to a report, which speaks for itself. The State Defendants deny any allegations in this paragraph to the extent that they are inconsistent with or mischaracterize the cited report. To the extent that this paragraph contains any other allegations requiring a response, denied.

89. This paragraph contains citations to a report, which speaks for itself. The State Defendants deny any allegations in this paragraph to the extent that they are inconsistent with or mischaracterize the cited report. To the extent that this paragraph contains any other allegations requiring a response, denied.

90. This paragraph contains citations to a report, which speaks for itself. The State Defendants deny any allegations in this paragraph to the extent that they are inconsistent with or mischaracterize the cited report. To the extent that this paragraph contains any other allegations requiring a response, denied.

91. The State Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph, and therefore deny them.

92. This paragraph contains citations to a report, which speaks for itself. The State Defendants deny any allegations in this paragraph to the extent that they are inconsistent with or mischaracterize

the cited report. To the extent that this paragraph contains any other allegations requiring a response, denied.

93. The State Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this district.

94. The State Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

95. Denied.

96. The State Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

97. Denied.

98. The State Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

99. Denied.

100. The State Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

101. Denied.

102. This paragraph contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

103. This paragraph contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

104. The State Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. This paragraph contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

## V. Requested Relief

Paragraphs (a)–(i) of this section contain Brooks Plaintiff's recitation of the relief sought in this action, assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that Paragraphs (a)–(i) contain any allegations requiring a response, the State Defendants deny those allegations in their entirety. The State Defendants further denies that Brooks Plaintiffs are entitled to any relief from this Court.

### Defendants' Affirmative and Other Defenses

The State Defendants hereby assert the following affirmative and other defenses to which they may be entitled:

1. The Court lacks subject-matter jurisdiction to consider all claims asserted in the Brooks Plaintiffs' First Amended Complaint.

2. The Brooks Plaintiffs lack standing to assert all claims asserted in their First Amended Complaint.

3. The Brooks Plaintiffs have failed to state a claim upon which relief can be granted.

4. Defendants assert all applicable immunities to the Brooks Plaintiffs' claims, including but not limited to their entitlement to Eleventh Amendment immunity, sovereign immunity, and legislative immunity.

5. Pursuant to 42 U.S.C. § 1988(b), Defendants will be entitled to recover their attorney's fees if they are the prevailing party.

6. Defendants reserve the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

Date: February 1, 2022

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
patrick.sweeten@oag.texas.gov
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
will.thompson@oag.texas.gov
Tex. State Bar No. 24088531

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on February 1, 2022, and that all counsel of record were served by CM/ECF.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN