UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS**, *et al.*, <br><br> *Plaintiffs*, <br> v. <br><br> **GREG ABBOTT,** *in his official capacity as Governor of the State of Texas*, *et al.*, <br><br> *Defendants.* | **EP-21-CV-00259-DCG-JES-JVB** <br> **[Lead Case]** |
| **DAMON JAMES WILSON**, *for himself and on behalf of all others similarly situated*, <br><br> *Plaintiffs*, <br> v. <br><br> **STATE OF TEXAS,** *et al.*, <br><br> *Defendants.* | **Case No. 1:21-CV-00943-RP-JES-JVB** <br> **[Consolidated Case]** |

### ORDER DENYING LEAVE TO AMEND AND DISMISSING ACTION

Plaintiff Damon Wilson has amended his complaint for declaratory and injunctive relief as well as class certification. Wilson, an inmate of the Texas Department of Criminal Justice, was counted as a resident of Congressional District ("CD") 13, where he was incarcerated on census day. He urges that he should instead be counted as residing in CD 30, where he maintains his permanent domicile. Without reaching the merits, we dismissed Wilson's complaint for lack of standing, reasoning that he had not shown an injury in fact. Order Dismissing Compl., ECF No. 63. Wilson has since amended his complaint (ECF 86), but that complaint should be stricken from the record because Wilson failed to request leave of this Court before filing it.

- 1 -

Construing the amended complaint as a request for leave to amend, we deny that request as futile and render final judgment in favor of Defendants.

I.

Defendants move to strike Wilson's amended complaint on the grounds that he was not entitled to file it, and we agree that he was not. Defs.' Mot. to Strike & Alternative Mot. to Dismiss, ECF No. 112. Federal Rule of Civil Procedure 15(a) allows parties to timely amend their complaint once as of right, and Defendants do not dispute that Wilson's amendment was timely. Rather, Defendants point to *Whitaker v. City of Houston*, 963 F.2d 831 (5th Cir. 1992), which lays out the Fifth Circuit's approach to amendments to complaints that have been dismissed. That case sets forth two possibilities. If a court dismisses a complaint, but does not dismiss the underlying *action*, then the plaintiff may amend with leave of court. *Id.* at 835. But where the court dismisses the action, either explicitly or by implication, amendment is not possible. *Id.* Though Rule 15 has been amended since *Whitaker* was decided, the amendments were not material to *Whitaker*'s reasoning and that case still binds us. *See, e.g.*, *Aaes v. 4G Cos.*, 558 F. App'x 423, 425 (5th Cir. 2014).

Our previous order did not explicitly dismiss Wilson's action. Order Dismissing Compl. The dismissal was without prejudice, and Defendants point to no language in our order that gives "clear indication" of our "intention to dismiss an entire action." *Louisiana v. Litton Mortg. Co.*, 50 F.3d 1298, 1302 (5th Cir. 1995). We described Wilson's theory as "speculative," but that conclusion does not eliminate the possibility that Wilson could cure the defects we identified. Thus, while Wilson's complaint was dismissed, his action was not.

But while Wilson was not precluded from amending, he *was* required to seek leave of the Court prior to amending, and he did not do so. He offers no contrary reading of *Whitaker* that

would allow him to escape that conclusion. Because it was made without leave of this Court, his amendment should be stricken.

II.

Courts often construe amended complaints as requests for leave to amend and, in the interest of expeditious administration of justice, we adopt that same course here.[1]

As noted in our previous dismissal, standing is a constitutional prerequisite for this Court's jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To demonstrate standing, a plaintiff must show, as relevant here, an "injury in fact" that is traceable to the defendant's conduct. *Id.* Redistricting plaintiffs usually meet that requirement by showing that the state's redrawing of district lines has "diluted" their voting power relative to other voters. But because Texas law prevents felons from voting, Wilson cannot make the same showing.

Wilson complains instead that Texas's decision has adversely affected his ability to influence and benefit from federal policy[2] by impairing his communication with the member of Congress representing CD 30. Logically, this must mean that Wilson would have been better able to communicate with that congresswoman if Texas had counted him toward the population total of CD 30.

Despite Wilson's new allegations, that theory remains decidedly speculative. Wilson

---

[1] *See, e.g.*, *Neu Sec. Servs., LLC v. Bad Day Fabrication, LLC*, No. A-15-CA-149-SS, 2015 WL 1636869, at *2 (W.D. Tex. Apr. 10, 2015); *Jacuzzi, Inc. v. Franklin Elec. Co.*, No. CIV.A.33:07-CV-1090D, 2008 WL 2185209, at *4 (N.D. Tex. May 27, 2008) ("A number of courts have construed the filing of an unauthorized amended complaint as an implied motion for leave to amend." (collecting cases)); *see also Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 449 (5th Cir. 1995) (observing that the lower court construed plaintiff's first amended complaint as a motion for leave to amend its complaint).

[2] We note in passing that nothing in this order or the previous one stands for the existence of a "constitutionally protected ability to influence or benefit from federal policy." Pl.'s First Am. Compl. at 14, ECF No. 86. That plaintiffs may demonstrate standing by showing that an interest of theirs has been impaired is quite different from saying that that interest is a matter of constitutional right.

cites a report that found members of Congress "never read 'out-of-district' . . . mail because the systems in their offices usually verify immediately whether a message originated from their district" (emphasis added).  TIM HYSOM, COMMUNICATING WITH CONGRESS 27 (2008).  Wilson does not physically reside in CD 30.  He may still be able to send and receive mail at a CD 30 address, but whether that is the case does not depend on Texas's decision whether to count him toward the population total of CD 30 or CD 13.  Thus, Wilson continues to lack a factual basis for asserting that the conduct he complains of impaired his ability to have his communications considered by the representative of CD 30.

Wilson also complains that it is harder for the representative from CD 30 to communicate with him through mass mailings, as members of Congress may not send such mailings to districts other than their own.  *See* 39 U.S.C. § 3210(a)(7).  But that difficulty owes entirely to Wilson's physical location and not at all to Texas's decision not to count him as a resident of CD 30.  Once again, whether Wilson can receive mail in CD 30 depends on factors other than the conduct he complains of.  Wilson is correct that he may show standing based on predictable actions by third parties, *see DOC v. New York*, 139 S. Ct. 2551, 2565 (2019), but none of the actions that he expects the congresswoman from CD 30 to take or not take would be caused by Defendants' failure to count him toward the population of that district.

And while the above defects sound mostly in traceability, it remains doubtful that Wilson has alleged an injury-in-fact at all.  CD 13 is entitled to a representative of its own, as is the district where Wilson is presently incarcerated.  Nothing in Wilson's pleadings suggests that he suffers an injury by having to have his mail read by that member of Congress rather than the one from CD 30.  Nor is there any suggestion that Wilson suffers an injury by receiving mass mailings from that representative and not the one representing CD 30.  Wilson notes that his

politics differ from those of the congressman representing CD 13.  Pl.'s First Am. Compl. at 14.  But while Wilson might prefer to communicate effectively with certain members of Congress and not others, that preference is not a legally protected interest.  All of these observations demonstrate that Texas's decision to count Wilson as a resident of one district and not another does not pose any cognizable injury to his ability to influence or benefit from federal policy.

Because Wilson continues to point to no concrete injury-in-fact, much less one traceable to Defendants, this Court lacks jurisdiction to consider his claim.  His proposed amended complaint does not cure that defect.  It appears to the Court that Wilson has pleaded his best case and that further amendment would be futile.[3]  Plaintiff Damon Wilson's Motion to Amend is therefore **DENIED** and his action is **DISMISSED**.  By deeming further proceedings futile, this order also expresses the Court's intention to dismiss Wilson's action and enter an appealable final judgment against him.  Cf. Litton Mortg. Co., 50 F.3d at 1302.

So ORDERED and SIGNED on this __8th__ day of February 2022.

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

*And on behalf of:*

| | | |
|---|---|---|
| **Jerry E. Smith**<br>**United States Circuit Judge**<br>**U.S. Court of Appeals, Fifth Circuit** | *-and-* | **Jeffrey V. Brown**<br>**United States District Judge**<br>**Southern District of Texas** |

---

[3] *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) ("[A] district court need not grant a futile motion to amend."); *see also Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) ("Granting leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'"); *US Bank Nat'l Ass'n as Tr. for Registered Holders of Aegis Asset Backed Sec. Tr. Mortg. Pass-Through Certificates, Series 2005-1 v. Richardson*, 829 F. App'x 13, 15 (5th Cir. 2020) ("Because any amendment would be futile, the [plaintiffs] pled their best case."); *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) ("A plaintiff has pleaded her best case after she is apprised of the insufficiency of her complaint.") (internal quotes omitted)).