IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., <br><br>  Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, et al., <br><br>  Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) <br> (consolidated cases) |

**MOTION FOR ENTRY OF AGREEMENTS GOVERNING DISCOVERY**

The United States hereby moves for entry of a Confidentiality and Protective Order (Protective Order), an Order Regarding the Disclosure of Privileged Information (Rule 502 Order), and an Order Regarding Discovery of Electronically Stored Information (ESI Order). The parties have met and conferred regarding these documents. All parties to the consolidated litigation consent to the entry of the Protective Order and Rule 502 Order. As described below, all parties to the consolidated litigation also agree on the content of the ESI Order except for a single provision governing privilege logs.

**Confidentiality and Protective Order**

The United States moves for entry of a Protective Order, attached hereto as Exhibit 1, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule CV-26. The parties to the above-captioned consolidated litigation have met and conferred and anticipate production of confidential, sensitive, or private documents or information in the course of this action. Good cause exists to enter the proposed Protective Order, in order to expedite discovery, protect

confidential information, enable the parties to prepare for dispositive motions and trial, and address the handling of confidential material during and after the conclusion of this litigation. The United States therefore respectfully requests entry of the proposed Protective Order.

**Order Regarding the Disclosure of Privileged Information**

The United States also moves for entry of a Rule 502 Order, attached hereto as Exhibit 2. Good cause exists to enter the proposed Rule 502 Order, in order to expedite discovery, protect privileged information, and streamline resolution of privilege waiver disputes. The United States therefore respectfully requests entry of the proposed Rule 502 Order.

**Order Regarding Discovery of Electronically Stored Information**

The United States moves for entry of an ESI Order, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule CV-26. The parties to the above-captioned consolidated litigation have met and conferred and anticipate production of electronically stored information (ESI) in the course of this action. Good cause exists to enter an ESI Order in order to facilitate the just, speedy, and cost-efficient conduct of discovery involving ESI and privilege, and to promote—to the fullest extent possible—the resolution of disputes regarding the discovery of ESI without Court intervention.

All parties to the consolidated litigation agree on the content of the ESI Order except for Paragraph IX(B)(5), which governs privilege logs. The United States, Private Plaintiffs, and Plaintiff-Intervenors respectfully request the Court to enter an ESI Order containing the following version of Paragraph IX(B)(5), including the underlined language:

> Privilege logs may be produced on a rolling basis, but, in any event, no later than 30 days after each associated production. If any log is produced less than 30 days before the close of discovery, the receiving party shall have thirty (30) days from the date of receipt to review and register complaints about said log(s), and shall have the right to have those complaints resolved and have any non-privileged documents produced, regardless of the date of the close of fact discovery.

Defendants respectfully request the Court to enter an ESI Order containing the following version of Paragraph IX(B)(5) which omits the language underlined above:

> Privilege logs may be produced on a rolling basis. If any log is produced less than 30 days before the close of discovery, the receiving party shall have thirty (30) days from the date of receipt to review and register complaints about said log(s), and shall have the right to have those complaints resolved and have any non-privileged documents produced, regardless of the date of the close of fact discovery.

Because all parties agree on all other aspects of the ESI Order, the parties respectfully request the Court to enter one of two versions of the otherwise-identical ESI Order. A copy of the proposed ESI Order containing Plaintiffs' version of Paragraph IX(B)(5) is attached hereto as Exhibit 3A. A copy of the proposed ESI Order containing Defendants' version of Paragraph IX(B)(5) is attached hereto as Exhibit 3B.

Dated: February 28, 2022

        PAMELA S. KARLAN
        Principal Deputy Assistant Attorney General
        Civil Rights Division

        */s/ Holly F.B. Berlin*
        T. CHRISTIAN HERREN, JR.
        TIMOTHY F. MELLETT
        DANIEL J. FREEMAN
        JANIE ALLISON (JAYE) SITTON
        MICHELLE RUPP
        JACKI L. ANDERSON
        JASMIN LOTT
        HOLLY F.B. BERLIN
        Attorneys, Voting Section
        Civil Rights Division
        U.S. Department of Justice
        950 Pennsylvania Avenue NW
        Washington, DC 20530

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 28, 2022, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record

*/s/ Holly F.B. Berlin*
Holly F.B. Berlin
Voting Section
Civil Rights Division
U.S. Department of Justice
holly.berlin@usdoj.gov