# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREG ABBOTT, et al.,<br><br>Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB)<br>(consolidated cases) |

**[PROPOSED] STIPULATED ORDER REGARDING THE DISCLOSURE OF PRIVILEGED INFORMATION**

Pursuant to Rules 502(d)-(e) of the Federal Rules of Evidence and the stipulated agreement of the Parties, this Stipulated Order Regarding the Disclosure of Privileged Information ("Order") is made by and between counsel for all Private Plaintiffs, [1] counsel for the

---

[1] Counsel for Private Plaintiffs includes counsel for the League of United Latin American Citizens, Voto Latino, Southwest Voter Registration Education Project, Mi Familia Vota, American GI Forum of Texas, La Union del Pueblo Entero, Mexican American Bar Association of Texas, Texas Hispanics Organized for Political Education, William C. Velasquez Institute, Fiel Houston, Inc., Texas Association of Latino Administrators and Superintendents, Proyecto Azteca, Reform Immigration for Texas Alliance, Workers Defense Project, Emelda Menendez, Gilberto Menendez, Jose Olivares, Florinda Chavez, Joey Cardenas, Paulita Sanchez, Jo Ann Acevedo, David Lopez, Diana Martinez Alexander, Jeandra Ortiz, Damon James Wilson, Roy Charles Brooks, Akilah Bacy, Orlando Flores, Marilena Garza, Cecilia Gonzales, Agustin Loredo, Cinia Montoya, Ana Ramon, Jana Lynne Sanchez, Jerry Shafer, Debbie Lynn Solis, Angel Ulloa, Mary Uribe, Mexican American Legislative Caucus, Rosalinda Ramos Abuabara, Felipe Gutierrez, Phyllis Goines, Eve Bonilla, Clara Faulkner, Deborah Spell, Beverly Powell, Texas State Conference of the NAACP, Fair Maps Texas Action Committee, OCA-Greater Houston, North Texas Chapter of the Asian Pacific Islander American Public Affairs Association, Emgage, Turner Khanay, Angela Rainey, Austin Ruiz, Aya Eneli, Sofia Sheikh, Jennifer Cazares, Niloufar Hafizi, Lakshmi Ramakrishnan, Amatulla Contractor, Deborah Chen, Arthur Resa, Sumita Ghosh, Anand Krishnaswamy, Trey Martinez Fischer, Congresswoman Veronica Escobar, Congresswoman Eddie Bernice Johnson, Congresswoman Sheila Jackson Lee, Congressman Alexander Green, and Jasmine Crockett.

1

United States, and counsel for all Defendants[2] (collectively, the "Parties"), and with the Court being fully advised as to the same, it is hereby **ORDERED**:

**I.      Applicability**

This Order shall be applicable to all communications, documents, tangible things, and electronically stored information ("ESI") (collectively, "Material" or "Materials") produced, made available for inspection, or otherwise disclosed by any of the Parties to this litigation. This Order applies to the Parties; their counsel; and their agents, assignees, and contractors, including but not limited to expert witnesses and litigation consultants.

**II.     Production of Discovery Materials Containing Potentially Privileged Information**

A.   The disclosure of any privileged Material, or Material otherwise protected or exempted from disclosure, shall not operate as a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, work product protection, or governmental privileges, if:

1.   The disclosure is inadvertent and made in connection with this litigation; and

2.   The holder of the privilege or protection took reasonable precautions to prevent disclosure and took reasonably prompt measures to rectify the error.

B.   Any Party receiving Material that it believes may have been inadvertently produced that includes privileged or protected information shall promptly notify the producing

---

[2] Counsel for Defendants includes counsel for Greg Abbott, in his official capacity as the Governor of Texas; Jose Esparza, in his official capacity as the Deputy Secretary of State of Texas; the State of Texas; Dade Phelan, in his official capacity as the Speaker of the Texas House of Representatives; Dan Patrick, in his official capacity as the Lieutenant Governor and the Presiding Officer of the Texas Senate; and John Scott, in his official capacity as the Texas Secretary of State.

Party. Within 14 days after such notification, the producing Party may request in writing that such materials be returned or destroyed. Upon such written request—except in the event that the Party or Parties receiving the request dispute the claim of privilege or protection—any materials that the producing Party deems to contain inadvertently disclosed materials shall be promptly returned to the producing Party or destroyed. All copies—electronic or otherwise—shall likewise be returned or destroyed, and the Parties agree that no further copies of the inadvertently disclosed Material will be made.

C. If the producing Party does not request the return or destruction of material within 14 days after receiving notice under Paragraph II(B) that it produced potentially privileged material, the producing Party waives any claim of privilege or protection as to the material.

D. If inadvertently produced privileged or protected material is contained within an item that contains otherwise discoverable Material, the Parties recognize that the Party receiving the request may not be able to return or destroy only the portion of the item containing privileged or protected Material. In the event that the Party receiving the request is not able to reasonably separate the privileged or protected material for destruction or return, the Party receiving the request shall destroy or return the privileged or protected information along with the discoverable portions of the Material, and the producing Party shall provide the requesting Party with a replacement copy of the Material that is not privileged or protected, and is otherwise discoverable, within 14 days of sending the request for return or destruction of the inadvertently disclosed Material.

3

E. A producing Party that discovers or otherwise becomes aware without receiving notice from another Party under Paragraph II(B) that it has inadvertently produced privileged or protected Material must notify the receiving Party or Parties promptly in writing within 14 days after it becomes aware of such inadvertent production, that such Material has been produced. Upon receiving written notice from the producing Party that privileged or protected material has been produced—and except in the event that the receiving Party disputes the claim of privilege or protection—the receiving Party shall return or destroy all such Material under the terms and timelines of Paragraphs II(B)-(D).

F. In the event that a receiving Party disputes the producing Party's assertions of privilege or protection with respect to the disclosed Material, such material shall be sequestered and retained by and under the control of the receiving Party for the purpose of seeking determination of the issue from the Court. If the Court determines that privilege or protection has been waived or that the Material at issue is not subject to any applicable privilege or protection, the receiving Party may use the material for any purposes otherwise permitted by rule or law. If the Court determines that the inadvertently disclosed Material is subject to an applicable privilege or protection, the receiving Party must return or destroy the Material at issue, as provided in Paragraphs II(B)-(E).

G. On receipt of a notice under Paragraph II(B) or II(E), any analyses, memoranda, or notes which were generated by the receiving Party based upon such produced Material shall not be used, shall be placed in sealed envelopes or otherwise sequestered in relevant part, and shall be destroyed if (1) the receiving Party does not contest that the Material is privileged or (2) the Court rules that the Material is privileged. Such

4

analyses, memoranda or notes may be removed from the sealed envelopes and returned to its intended purpose only if the producing Party agrees in writing that the Material is not privileged, or the Court rules that the Material is not privileged. If copies of inadvertently produced Materials are located or stored on the receiving Party's Backup System(s), those copies need not be affirmatively removed but, rather, the receiving Party may overwrite those copies according to its normal records management procedures.

H.  The inadvertent production of privileged or protected Material is not a waiver of the privilege or protection from discovery in this case or in any other proceeding, except as expressly provided in Paragraph II.C.

Based on the foregoing, IT IS SO ORDERED.

DATED: _____

_____
HON. DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

*And on behalf of*:

Jerry E. Smith                                          Jeffrey V. Brown
United States Circuit Judge          -and-              United States District Judge
U.S. Court of Appeals, Fifth Circuit                    Southern District of Texas

5