# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § | |
| *Plaintiffs,* | § § | |
| EDDIE BERNICE JOHNSON, *et al.*, | § § | Case No. 3:21-cv-00259 |
| *Plaintiff-Intervenors,* | § § | [Lead Case] |
| V. | § § | |
| GREG ABBOTT, *et al.*, | § § | |
| *Defendants.* | § § | |

## MOTION TO DISMISS IN PART

TABLE OF CONTENTS

Table of Contents ............................................................................................................................. i
Table of Authorities ........................................................................................................................ ii
Introduction ..................................................................................................................................... 1
Standard ........................................................................................................................................... 1
Argument ......................................................................................................................................... 2
    I.   The Intervenors Lack Standing to Sue the Lieutenant Governor and the Speaker of the House ............................................................................................................................... 2
        A.   The alleged injury is not traceable to the Lieutenant Governor and the Speaker of the House. .................................................................................................................. 2
        B.   Judgment against these defendants cannot redress the alleged injury. ................................. 3
    II.   Legislative Immunity Bars the Claims Against the Lieutenant Governor and the Speaker of the House ............................................................................................................................ 4
    III.   Sovereign Immunity Bars the Intervenors' Constitutional Claims ............................................ 5
        A.   The State of Texas is immune from the Intervenors' constitutional claims. ......................... 5
        B.   The Lieutenant Governor and Speaker are immune from the Intervenors' constitutional claims. ............................................................................................................................. 5
    IV.   Section 1983 Does Not Create a Claim Against States ................................................................. 7
Conclusion ....................................................................................................................................... 7
Certificate of Service ........................................................................................................................ 8

TABLE OF AUTHORITIES

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Abbott*,
  956 F.3d 696 (5th Cir. 2020)...................................................................................................6

*Ala. State Conf. of the NAACP v. Alabama*,
  949 F.3d 647 (11th Cir. 2020) ................................................................................................6

*Bogan v. Scott-Harris*,
  523 U.S. 44 (1998)...................................................................................................................4

*Bryan v. City of Madison*,
  213 F.3d 267 (5th Cir. 2000)...................................................................................................4

*City of Austin v. Paxton*,
  943 F.3d 993 (5th Cir. 2019)...............................................................................................2, 5

*Dombrowski v. Eastland*,
  387 U.S. 82 (1967)...................................................................................................................4

*Empower Texans, Inc. v. Geren*,
  388 F. Supp. 3d 738 (W.D. Tex. 2019), *vacated as moot*, 977 F.3d 367 (5th Cir.
  2020).........................................................................................................................................4

*FW/PBS, Inc. v. City of Dallas*,
  493 U.S. 215 (1990).................................................................................................................2

*Green Valley Special Util. Dist. v. City of Schertz*,
  996 F.3d 460 (5th Cir. 2020) (en banc) ................................................................................6

*Home Builders Ass'n of Miss., Inc. v. City of Madison*,
  143 F.3d 1006 (5th Cir. 1998) ................................................................................................1

*Williams ex rel. J.E. v. Reeves*,
  954 F.3d 729 (5th Cir. 2020)...................................................................................................6

*Jacobson v. Fla. Sec'y of State*,
  974 F.3d 1236 (11th Cir. 2020) .............................................................................................3

*Jagnadan v. Giles*,
  538 F.2d 1166 (5th Cir. 1976) ................................................................................................5

*Lewis v. Gov. of Ala.*,
  944 F.3d 1287 (11th Cir. 2019) (en banc) ............................................................................. 3

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ......................................................................................................... 2, 3

*Mexicana v. Indiana*,
  No. 2:11-cv-482, 2013 WL 4088690 (N.D. Ind. Aug. 13, 2013) ......................................... 3

*Mi Familia Vota v. Abbott*,
  977 F.3d 461 (5th Cir. 2020) ............................................................................................... 6

*Morris v. Livingston*,
  739 F.3d 740 (5th Cir. 2014) ............................................................................................... 6

*Muskrat v. United States*,
  219 U.S. 346 (1911) ............................................................................................................ 2

*Nova Health Sys. v. Gandy*,
  416 F.3d 1149 (10th Cir. 2005) .......................................................................................... 3

*OCA-Greater Hous. v. Texas*,
  867 F.3d 604 (5th Cir. 2017) ............................................................................................... 6

*Okpalobi v. Foster*,
  244 F.3d 405 (5th Cir. 2001) (en banc) ..................................................................... 2, 3, 6

*Planned Parenthood Gulf Coast, Inc. v. Phillips*,
  5 F.4th 568 (5th Cir. 2021) ................................................................................................. 5

*Raj v. LSU*,
  714 F.3d 322 (5th Cir. 2018) ........................................................................................... 5, 6

*Ramming v. United States*,
  281 F.3d 158 (5th Cir 2001) ................................................................................................ 1

*Seminole Tribe of Fla. v. Florida*,
  517 U.S. 44 (1996) .............................................................................................................. 5

*Spokeo, Inc. v. Robbins*,
  578 U.S. 330 (2016) ............................................................................................................ 2

*Tenny v. Brandhove*,
  341 U.S. 367 (1951) ............................................................................................................ 4

*United States v. Brewster*,
  408 U.S. 501 (1972) ............................................................................................................ 4

*Va. Off. for Prot. & Advoc. v. Stewart*,
   563 U.S. 247 (2011) ................................................................................................................. 6

*Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*,
   294 F.3d 684 (5th Cir. 2002) ..................................................................................................... 5

*Will v. Mich. Dep't of State Police*,
   491 U.S. 58 (1989) ..................................................................................................................... 7

**Statutes**

42 U.S.C. § 1983 ............................................................................................................................. 7

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) .................................................................................................................. 1

**INTRODUCTION**

The Intervenors assert constitutional and Voting Rights Act claims as permissive intervenors. Without moving to do so, they have added two new legislators as defendants to this well-underway lawsuit. The Intervenors have sued (among others) the State of Texas, the Lieutenant Governor, and the Speaker of the House. ECF 91-1 ¶¶ 14, 16–17. But these three defendants have no place in this lawsuit.

For one thing, the Intervenors lack standing to sue the Lieutenant Governor and the Speaker. The Intervenors' alleged injury is not traceable to these defendants, and a judgment against them could not redress the injury. What is more, legislative immunity bars the claims against the Lieutenant Governor and the Speaker of the House. Independent of these reasons, the constitutional claims are barred altogether by sovereign immunity. And the constitutional claims against the State of Texas also fail because § 1983 does not create a claim against states themselves.

This Court lacks jurisdiction over all the claims against the Lieutenant Governor and the Speaker, and the Court lacks jurisdiction over the constitutional claims against the State of Texas. Defendants thus ask that the claims be dismissed accordingly. FED. R. CIV. P. 12(b)(1).

**STANDARD**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject matter jurisdiction." FED. R. CIV. P. 12(b)(1). The Court must dismiss "when [it] lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir 2001). It is the plaintiff who must prove subject-matter jurisdiction. *Id.*

**ARGUMENT**

I. **The Intervenors Lack Standing to Sue the Lieutenant Governor and the Speaker of the House**

The Supreme Court has long recognized that "standing is perhaps the most important of the jurisdictional doctrines." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (quotation omitted). At the pleading stage, plaintiffs must "clearly . . . allege facts demonstrating each element" of standing. *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 339 (2016) (quotation omitted). These are (1) an actual or imminent, concrete and particularized injury-in-fact (2) that is fairly traceable to the challenged action of the defendant and (3) that is likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The lack of any one element is fatal to a plaintiff's standing. Here, the Intervenors lack both the second and third elements.

A. **The alleged injury is not traceable to the Lieutenant Governor and the Speaker of the House.**

The Intervenors cannot show that their purported injury is traceable to the Lieutenant Governor or the Speaker. It is not enough for a plaintiff's injury to be traced to the challenged law. Rather, a plaintiff's injury must be "fairly . . . trace[able] to the challenged action of the defendant." *Lujan*, 504 U.S. at 560. The Fifth Circuit has recognized that the "Article III standing analysis and *Ex parte Young* analysis significantly overlap." *City of Austin v. Paxton*, 943 F.3d 993, 1002 (5th Cir. 2019). Thus, the inquiry turns on whether the defendant enforces the challenged law.[1] In other words, "a plaintiff may not sue a state official who is without any power to enforce the complained-of statute." *Okpalobi v. Foster*, 244 F.3d 405, 426 (5th Cir. 2001) (en banc) (citing *Muskrat v. United States*, 219 U.S. 346 (1911)).

Yet that is precisely what the Intervenors are trying to do. The Intervenors cannot trace their alleged injury to the Lieutenant Governor or the Speaker. The Intervenors challenge the "2021

---

[1] *See* discussion *infra* Argument § III.B.

Congressional redistricting plan C293." ECF 91-1 ¶¶ 54, 55 [*sic*], 57, 59, 61, 67. They argue that the redistricting plan violates Section 2 of the Voting Rights Act, the Fourteenth Amendment, and the Fifteenth Amendment. *Id.* ¶¶ 54, 55 [*sic*], 57, 59.

But neither of these two defendants have any role—or take any "action"—in enforcing and carrying out the "2021 Congressional redistricting plan C293," otherwise known as SB6.[2] *See Lujan*, 504 U.S. at 560. Rather, these "defendants are powerless to enforce" SB 6. *See Okpalobi*, 244 F.3d at 426. The Lieutenant Governor and Speaker have no role in enforcing SB6. *See id.*; *see also Mexicana v. Indiana*, No. 2:11-cv-482, 2013 WL 4088690, at *8, *11–12 (N.D. Ind. Aug. 13, 2013) (dismissing suit against the county-sheriff defendants since, like the state itself, there was no connection between the sheriffs and the enforcement of the challenged law, and thus no traceability for Article III standing).

So even though the Intervenors may trace their purported injury to "the challenged action" (the enforcement of SB6), it is not a "challenged action of the defendant[s]." *See Lujan*, 504 U.S. at 560. Therefore, the Intervenors lack standing to sue the Lieutenant Governor and Speaker.

### B.  Judgment against these defendants cannot redress the alleged injury.

The Intervenors have also failed to show that their purported injury is redressable by a judgment against either of these defendants. The redressability issue goes hand-in-hand with the traceability issue. An injury is redressable when defendants have the "power to redress the asserted injuries"; otherwise, there is "no case or controversy . . . that will permit [such defendants] to maintain [an] action in federal court." *Okpalobi*, 244 F.3d at 427. Put differently, "it must be the effect of the court's judgment on the defendant—not an absent third party—that redresses the plaintiff's injury." *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1254 (11th Cir. 2020) (quoting *Lewis v. Gov. of Ala.*, 944 F.3d 1287, 1301 (11th Cir. 2019) (en banc)); *see Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1159 (10th Cir.

---

[2]  *See* An Act Relating to the Composition of the Districts for the Election of Members of the United States House of Representatives from the State of Texas, 87th Leg., 3d C.S., S.B.6 (2021). To the extent Intervenors complain of defendants' role in simply passing SB6 into law, *see infra* Argument § II discussing legislative immunity.

3

2005).

Again, neither of these defendants have anything to do with the enforcement of SB6. Thus, there is no command that this Court could give them that would redress the Intervenors' complained-of injury. For this reason too, the Intervenors lack standing as to the Lieutenant Governor and the Speaker.

## II. Legislative Immunity Bars the Claims Against the Lieutenant Governor and the Speaker of the House

State legislators are entitled to "absolute immunity from civil liability for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 46 (1998). Legislative immunity is interpreted "broadly." *Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967). It "attaches to all actions taken 'in the sphere of legitimate legislative activity,' and 'all acts that occur in the regular course of the legislative process.'" *Empower Texans, Inc. v. Geren*, 388 F. Supp. 3d 738, 743 (W.D. Tex. 2019), *vacated as moot*, 977 F.3d 367 (5th Cir. 2020) (quoting *Tenny v. Brandhove*, 341 U.S. 367, 376 (1951), and *United States v. Brewster*, 408 U.S. 501, 525 (1972)); *see also Bryan v. City of Madison*, 213 F.3d 267, 272 (5th Cir. 2000) (explaining that immunity applies to all "duties that are functionally legislative").

The Intervenors do not allege that the Lieutenant Governor or the Speaker acted unlawfully. Rather, one is left to infer that they are parties because they participated in the legislative process that resulted in SB6. *See* ECF 91-1 ¶ 1 ("Plaintiff-Intervenors bring this action . . . against the State of Texas to challenge the 2021 Congressional Plan C2193 adopted by the Texas State Legislature."). The complaint identifies the Lieutenant Governor as "the President of the Texas Senate," *id.* ¶ 16, and it identifies the Speaker as "the presiding officer over the Texas House of Representatives," *id.* ¶ 17. These two defendants are relevant to this case only in their legislative capacities. Hence they are immune. *See Empower Texans*, 388 F. Supp. 3d at 742. So for this additional reason, the Court should dismiss the complaint as to the Lieutenant Governor and the Speaker of the House.

**III.     Sovereign Immunity Bars the Intervenors' Constitutional Claims**

**A.     The State of Texas is immune from the Intervenors' constitutional claims.**

Even if the Intervenors had standing, the State of Texas enjoys sovereign immunity from their constitutional claims. *See* ECF 1 ¶ 1. Under the Eleventh Amendment, sovereign immunity limits federal-court jurisdiction. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002) (citing *Seminole Tribe*). Namely, state "sovereign immunity bars private suits against nonconsenting states in federal court." *City of Austin*, 943 F.3d at 997. Sovereign immunity may be waived, but waiver must be clear. *Jagnadan v. Giles*, 538 F.2d 1166, 1177 (5th Cir. 1976).

Because the State of Texas is a sovereign entity, it is immune from suit unless there is waiver or abrogation by federal law. As to the Intervenors' constitutional claims, there has been neither. Indeed, Intervenors bring their constitutional claims under § 1983, ECF 91-1 ¶ 57, but "Congress has not abrogated state sovereign immunity . . . under § 1983." *Raj v. LSU*, 714 F.3d 322, 328 (5th Cir. 2018). And the Intervenors cannot avail themselves of the *Ex Parte Young* exception,[3] which applies only "to state officials"—"not to the states themselves." *Planned Parenthood Gulf Coast, Inc. v. Phillips*, 5 F.4th 568, 577 (5th Cir. 2021). Therefore, the constitutional claims against the State of Texas should be dismissed.

**B.     The Lieutenant Governor and Speaker are immune from the Intervenors' constitutional claims.**

Likewise, the Lieutenant Governor and the Speaker of the House are not proper parties for the Intervenors' constitutional claims. State sovereign immunity "prohibits suits against state officials or agencies that are effectively suits against a state." *City of Austin*, 943 F.3d at 997. Under *Ex parte Young*, a plaintiff may nonetheless sue "individual state officials as defendants in their official

---

[3]   *See* discussion *infra* Argument § III.B.

capacities." *Green Valley Special Util. Dist. v. City of Schertz*, 996 F.3d 460, 471 (5th Cir. 2020) (en banc) (per Smith, J.) (quoting *Raj*, 714 F.3d at 328). This is based on a fictional "premise that a state official is 'not the State for sovereign-immunity purposes.'" *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 735 (5th Cir. 2020) (quoting *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011)).

But *Ex parte Young* applies only when "the official has a sufficient 'connection' with the enforcement of the allegedly unconstitutional law." *Mi Familia Vota v. Abbott*, 977 F.3d 461, 467 (5th Cir. 2020). To "substantiate[] the required connection," a plaintiff must show that the official has "the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Okpalobi*, 244 F.3d at 416; *accord Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014). "Otherwise, the suit is effectively against the state itself and thus barred by the Eleventh Amendment and sovereign immunity." *In re Abbott*, 956 F.3d 696, 708 (5th Cir. 2020).

Here, the Intervenors do not allege that the Lieutenant Governor or the Speaker can enforce SB6—much less that they have shown a willingness to. Instead, the complaint focuses on their legislative roles, *see* ECF 91-1 ¶¶ 16–17, but crucially, "[t]he power to promulgate law is not the power to enforce it." *In re Abbott*, 956 F.3d at 709; *accord Mi Familia Vota*, 977 F.3d at 467. For these reasons, the Intervenors cannot overcome sovereign immunity for their constitutional claims.

\*   \*   \*

Texas, the Lieutenant Governor, and the Speaker also enjoy sovereign immunity from the Intervenors' statutory claims. Current Fifth Circuit precedent maintains that the Voting Rights Act has abrogated state sovereign immunity for Section 2 claims. *OCA-Greater Hous. v. Texas*, 867 F.3d 604, 614 (5th Cir. 2017). Defendants respectfully contend that the decision is wrong. *See* ECF 239 at 17; *see also Ala. State Conf. of the NAACP v. Alabama*, 949 F.3d 647, 655 (11th Cir. 2020) (Branch, J., dissenting) ("Congress did not unequivocally abrogate state sovereign immunity under Section 2 of the Voting Rights Act."). But this Court must apply *OCA-Greater Houston* absent contrary direction by

either the en banc Fifth Circuit or the Supreme Court of the United States.

## IV. Section 1983 Does Not Create a Claim Against States

Finally, Intervenors may not bring constitutional claims against the State of Texas because § 1983 does not create a claim against states. Rather, it allows suits against "[e]very person who" takes certain actions, 42 U.S.C. § 1983, but "a State is not a 'person' within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989). And yet the Intervenors purportedly assert constitutional claims against the State itself. *See* ECF 91-1 ¶ 14 ("Defendant the State of Texas is . . . responsible for the actions of its officials with regard to state-wide redistricting."). The Court should dismiss the constitutional claims against the State of Texas for this additional reason.

## CONCLUSION

Defendants respectfully ask that the Court grant their motion to dismiss the constitutional claims against the State of Texas and all the claims against the Lieutenant Governor and the Speaker of the House.

Date: March 14, 2022

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Respectfully submitted.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

ARI M. HERBERT
Assistant Attorney General, Special Litigation Unit
Tex. State Bar No. 24126093

JACK B. DISORBO
Assistant Attorney General, Special Litigation Unit
Tex. State Bar No. 24120804

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on March 14, 2022, and that all counsel of record were served by CM/ECF.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN