IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., | |
| Plaintiffs, | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) |
| v. | (consolidated cases) |
| GREG ABBOTT, et al., | |
| Defendants. | |

## MOTION TO MODIFY SCHEDULING ORDER

The United States respectfully moves to modify the December 17, 2021 Scheduling Order, ECF No. 96, for good cause shown pursuant to Federal Rule of Civil Procedure 16(b)(4), to permit each side to take up to 60 depositions totaling no more than 325 hours. This dual cap would allow State Defendants to take a larger number of depositions than the United States and Private Plaintiffs believe to be necessary in this case, while protecting the United States and Private Plaintiffs against the potential burden of defending hundreds of short depositions.

In a January 28, 2022 Joint Advisory, the Parties notified the Court that they were unable to reach agreement regarding the appropriate number of fact depositions to be allowed in this case. Jnt. Advisory at 1, ECF No. 175. The United States and Private Plaintiffs proposed that each side be permitted 45 fact depositions, leaving in place the durational limits under Rule 30(d). *See id.* at 1. The State Defendants proposed that each side be permitted 315 hours of fact depositions, with no limit on the number of depositions taken. *See id.* at 2.

The United States attempted to resolve this dispute by proposing a dual cap, under which the parties would agree to both a maximum number of depositions and a maximum number of total hours of deposition time.  The State Defendants recently consented to a similar proposal in other pending Voting Rights Act litigation.  *See* Consent Mot., *La Unión del Pueblo Enetero*, No. 5:21-cv-844 (W.D. Tex. Mar. 4, 2022), ECF No. 308; Text Order, *La Unión del Pueblo Enetero*, No. 5:21-cv-844 (W.D. Tex. Mar. 7, 2022).  Nonetheless, the State Defendants have declined to accept a limit on the number of fact depositions in this case.

Good cause exists to authorize each side (Plaintiffs and Defendants) to take up to 60 depositions totaling no more than 325 hours.  This is an exceptionally complex matter, in which the United States and several groups of Private Plaintiffs and Plaintiff-Intervenors challenge four statewide redistricting plans as violating Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, and the U.S. Constitution.  A 325-hour cap would allow the United States and Private Plaintiffs to take up to 45, 7-hour depositions.  Moreover, a 60-deposition cap would allow State Defendants to conduct more than 45 depositions, while recognizing that each deposition taken— and not merely each hour of deposition time—imposes a burden on the parties and witnesses. *See* Fed. R. Civ. P. 30, 1993 Advisory Comm. Notes (recognizing that a limit on the number of depositions promotes development of "a mutual cost-effective plan for discovery").  State Defendants have provided no basis to exempt this matter from the basic framework of the Federal Rules.  *See* Fed. R. Civ P. 30(a)(2)(A)(i) (requiring leave to take a deposition, absent a stipulation, if "the deposition would result in more than 10 depositions being taken").  Nonetheless, the United States' proposal endeavors to meet the apparent impetus for State Defendants' opposition to the United States and Private Plaintiffs' initial proposal of 45 fact depositions per side.

For the reasons set forth the above, the United States respectfully requests that the Court enter an order authorizing the United States and Private Plaintiffs collectively to take up to 60 fact depositions totaling no more than 325 hours and authorizing the Defendants to do the same. A copy of a proposed order is attached hereto.

Dated: March 24, 2022

PAMELA S. KARLAN
Principal Deputy Assistant Attorney General
Civil Rights Division


*/s/ Daniel J. Freeman*
T. CHRISTIAN HERREN, JR.
TIMOTHY F. MELLETT
DANIEL J. FREEMAN
JANIE ALLISON (JAYE) SITTON
MICHELLE RUPP
JACKI L. ANDERSON
JASMIN LOTT
HOLLY F.B. BERLIN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

## CERTIFICATE OF CONFERRAL

I hereby certify that on March 10 and 17, 2022, I sought to meet and confer with counsel for the State Defendants concerning the subject of this motion.  On March 17, State Defendants rejected the proposed compromise outlined in this motion and reiterated their position that an hours-only deposition limit with an unlimited number of depositions is appropriate in these consolidated cases.

*/s/ Daniel J. Freeman*
Daniel J. Freeman
Voting Section
Civil Rights Division
U.S. Department of Justice
daniel.freeman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2022, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

*/s/ Daniel J. Freeman*
Daniel J. Freeman
Voting Section
Civil Rights Division
U.S. Department of Justice
daniel.freeman@usdoj.gov