IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § § § | Case No. 3:21-cv-00259 <br> [Lead Case] |

## DEFENDANTS' CROSS MOTION
## TO MODIFY SCHEDULING ORDER

Defendants respectfully request that the Court modify the Scheduling Order of December 17, *see* ECF 96, to allow each side 315 hours of fact depositions without limit on the number of depositions taken. There are several reasons why there is good cause for this modification to be allowed. *See* Fed. R. Civ. P. 16(b)(4).

On March 24, 2022, the United States moved to modify the December 17, 2021 Scheduling Order. ECF 206. The United States seeks to allow each side no more than 60 depositions totaling up to 325 hours. ECF 206 at 1. This dual cap does not account for the unique nature of this case. As the United States admits, "[t]his is an exceptionally complex matter" involving "challenge[s] [to] four *statewide* redistricting plans." ECF 206 at 2 (emphasis added). And the Supreme Court has explained that where, as here, "plaintiffs' alleged harm is the dilution of their votes, that injury is district specific." *Gill v. Whitford*, 138 S. Ct 1916, 1929 (2018). In other words, this case requires a district-by-district analysis. Since these "challenge[s]" are "statewide," that means that every single district across the entire state of Texas must be analyzed—each Texas House District (150 in total); each Texas Senate District (31 in total); each Texas State Board of Education District (15 in total); and each congressional district (38 in total), for a grand total of 234 districts.

True, in other pending litigation, the State Defendants consented to caps on both the number of depositions and the total hours of deposition time. *See* Consent Mot., *La Unión del Pueblo Enetero*, No. 5:21-cv-844 (W.D. Tex. Mar. 4, 2022), ECF No. 308; Text Order, *La Unión del Pueblo Enetero*, No. 5:21-cv-844 (W.D. Tex. Mar. 7, 2022) (granting the consent motion). But that litigation involves a challenge to several provisions in Senate Bill 1 (SB1), Texas's new voter integrity law. Thus, the parties (and eventually the court) must analyze whether the challenged provisions violate each plaintiff's rights.

Yet this redistricting matter calls for a much greater breadth of information. Simply put, the State Defendants will need to depose more witnesses than in the SB1 litigation. In this matter, much of the relevant information will be district-specific, which will in turn require local fact witnesses with knowledge of the particular dynamics of each district. In other words, there will not be witnesses who can speak with personal knowledge to relevant information about each one of the 234 districts at issue. Instead, it is likely that some witnesses will have a small amount of information that is nonetheless critical because it is unique to a particular district (or set of districts) and unavailable from other sources. Furthermore, there are 61 plaintiffs in these consolidated redistricting cases including the 3 intervenors. Across these, there are 120 unique persons or entities listed in plaintiffs' initial disclosures. And that is not to count anyone who may later become a witness in accordance with each plaintiff's reserved right to disclose such witnesses in supplemental filings.

For these reasons, the State Defendants contend that a simple hour limitation is most prudent. That will ensure that the State Defendants may depose everyone they need while still protecting the United States from undue burden. The United States is correct that the Federal Rules promote the development of a mutually cost-effective discovery plan. ECF 206 at 2. But that does not mean that pure hour limits are never appropriate. Indeed, some cases call for just that. *See, e.g.*, *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:05-cv-291 (DF), 2018 WL 11348369, at *1 (E.D. Tex. Dec. 10, 2008) (ruling

in a consolidated matter that each party be limited simply to 175 hours of depositions per action, totaling up to 525 hours of deposition time per party, including fact witnesses, expert witnesses, and Rule 30(b)(6) witnesses). Likewise, in this consolidated matter with 234 districts at issue, an hour limitation on depositions is appropriate.

Therefore, the State Defendants respectfully ask that the Court modify the December 17, 2021 Scheduling Order to permit each side 315 hours of fact depositions without limit on the number of depositions taken. But if this Court is inclined to place a limitation on the total number of depositions, the State Defendants respectfully ask that the Court allow each side 75 depositions totaling no more than 325 hours.

Date: March 31, 2022

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Respectfully submitted.

*/s Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on March 31, 2022, and that all counsel of record were served by CM/ECF.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN