# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al.,<br><br>               Plaintiffs,<br><br>     v.<br><br>GREGORY W. ABBOTT, et al.,<br><br>               Defendants. | Civil Action No. 3:21-cv-259<br>(DCG-JES-JVB)<br>(consolidated cases) |

**UNITED STATES' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the United States of America requests that Defendants the State of Texas and John Scott identify and produce the documents and items requested below for inspection and copying and deliver copies to counsel for the United States by February 11, 2021. This request is continuing in nature, as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

**INSTRUCTIONS AND DEFINITIONS**

1. "Defendants" mean the State of Texas and John Scott, in his capacity as the Texas Secretary of State, along with any of their predecessors in office; past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, or agents; and any other persons or entities acting or purporting to act on their behalf or subject to their control.

2. "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence, and it

includes but is not limited to any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages, social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

3. "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4. "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5. "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6. "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7. "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021. *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8. In responding to these requests, please produce all responsive documents in the Defendants' possession, custody, or control. This means that Defendants must produce all responsive documents within their actual possession, custody, or control, as well as such documents which Defendants have the legal right to obtain on demand or the practical ability to obtain from a non-party to this action, including but not limited to any and all documents that they and their counsel and other agents have actually reviewed.

9. All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10. All references in these requests to any entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11. In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response. Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope. Words used in the singular include the plural.

12. Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13. Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14. Documents should be produced in a form consistent with any agreement concerning production format entered in this action.

15. Each document produced should be categorized by the number of the document request in response to which it is produced.

16. No portion of a request may be left unanswered because an objection is raised to another part of that request. If Defendants object to any portion of a document request, they must state with specificity the grounds of any objections. Any ground not stated will be waived.

17. For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the privilege claim.

18. If Defendants contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such documents as are available without undertaking what Defendants contend to be an unreasonable request; (b) describe with particularity the efforts made by Defendants or on their behalf to produce such

4

documents; and (c) state with particularity the grounds upon which Defendants contend that additional efforts to produce such documents would be unreasonable.

19. If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

20. In the event that a responsive document has been destroyed or has passed out of Defendants' possession, custody, or control, please identify the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

21. These requests are continuing in nature. Defendants' response must be supplemented and any additional responsive material disclosed if responsive material becomes available after Defendants serve their response. Defendants must also amend their responses to these requests if they learn that an answer is in some material respect incomplete or incorrect. If Defendants expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, they are requested to state this fact in each response.

22. For document request numbers 10-13 below, there is no time period limitation. Unless otherwise specified, all other document requests concern the period of time from January 1, 2019, to the present.

**REQUESTS FOR PRODUCTION**

1. All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered. This request includes but is not limited to:

   a. the origination(s) or source(s) of any such redistricting proposal;

   b. the impetus, rationale, background, or motivation for any such redistricting proposal;

   c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship, or changing census geography;

   d. the pairing of any incumbents in any such redistricting proposal;

   e. any redistricting amendment, whether partial or total, to each such proposal;

   f. negotiations regarding any redistricting proposal; and

   g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.	All documents relating to the redistricting process for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to planning, timing, hearings, outreach, publicity, public participation, deadlines, limitations, and persons or entities involved.

3.	All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.	All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.	All documents relating to redistricting for the Texas delegation to the U.S. House of Representatives or the Texas House exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or

operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6. All other documents relating to redistricting for the Texas delegation to the U.S. House of Representatives or the Texas House from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7. All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House, any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.  All documents relating to payment for services, agreements of representation, or contracts with any consultant, any political operative, any expert, any law firm, any attorney, any vendor, or any other person or entity relating to redistricting for the Texas delegation to the U.S. House of Representatives or the Texas House.

9.  All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

10. All documents that Defendants may use to support the contention that Congressional District 23 and the Dallas-Fort Worth Congressional districts were not enacted with a discriminatory purpose, to the extent that Defendants take that position.

11. All documents that Defendants may use to support the contention that Congressional District 23, the Harris County Congressional configuration, House District 118, House District 31, and the El Paso and West Texas House configuration do not have discriminatory results, as defined by Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, to the extent that Defendants take that position.

12. All documents responsive to, identified in, or relied upon in responding to any interrogatory served upon Defendants by the United States in relation to this action.

13. All documents responsive to, identified in, or relied upon in responding to any request for admission served upon Defendants by the United States in relation to this action.

Date:  January 12, 2022

    Respectfully submitted,

    PAMELA S. KARLAN
    Principal Deputy Assistant Attorney General
    Civil Rights Division

    /s/ *Jacki L. Anderson*
    T. CHRISTIAN HERREN, JR.
    TIMOTHY F. MELLETT
    DANIEL J. FREEMAN
    JANIE ALLISON (JAYE) SITTON
    MICHELLE RUPP
    JACKI L. ANDERSON
    JASMIN LOTT
    HOLLY F.B. BERLIN
    Attorneys, Voting Section
    Civil Rights Division
    U.S. Department of Justice
    950 Pennsylvania Avenue NW
    Washington, DC 20530

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 12, 2022, I served a true and correct copy of the foregoing via electronic mail on all counsel of record.

      /s/ *Jacki L. Anderson*
Jacki L. Anderson
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530
(202) 307-2767
jacki.anderson@usdoj.gov