# EXHIBIT 8

March 23, 2022     4:30 PM

# State Supreme Court hears arguments on whether Texas House map violates the state constitution

**At issue is the late-night Cameron County amendment carried by Rep. J.M. Lozano, who refused to say where he got it; the state says MALC doesn't have standing but Justice Boyd says that argument is "hard to swallow"**

After Wednesday morning arguments on whether the state constitution was violated during last year's redistricting process, the *Texas Supreme Court* will now consider whether a three-judge state district court was right to find that it does have jurisdiction to consider issues surrounding the way part of South Texas was sliced up by lawmakers.

The Texas House map splits Cameron County twice, extending out in different directions to other counties, seemingly in violation of a longstanding constitutional rule unique to Texas House districts. That's after a controversial late-night amendment carried by Rep. **J.M. Lozano**, R-Portland, was adopted creating the districts for Cameron County and surrounding areas. On the House floor that night, Rep. Lozano refused to say where he got the idea for the amendment.

Sources have indicated the language of the amendment was provided by Rep. **Dustin Burrows**, R-Lubbock. And at that moment, several GOP members privately told *Quorum Report* that they were being lobbied personally by Gov. **Greg Abbott**'s Chief of Staff **Luis Saenz** to vote in favor of it. Saenz has denied that. But it would make sense given that the GOP, led by Gov. Abbott in particular, has sought to capitalize on gains in South Texas in recent election cycles.

The *Mexican American Legislative Caucus* filed suit in state court arguing that the plain language of the *Texas Constitution*'s "county line rule" requires that two Texas House districts should be wholly contained in Cameron County because of the current population distribution in the region. MALC and others are also pursuing legal action in federal court.

A key question in the state proceedings revolves around an argument simmering for about a year among political professionals in Austin: *Is the Legislature only allowed under the state's foundational document to initiate redistricting in the first regular session following publication of the census or can lawmakers also do it at other times as well?*

Of course, in 2021 the GOP leadership started and completed the apportionment during a special session because census data, delayed by the pandemic, was not transmitted by the feds to state governments in time for the legislature to tackle it during the regular session. The work product was

so rushed that at one point, *Texas House Redistricting* Chairman **Todd Hunter**, R-Corpus Christi, told members of his committee there might be time for expert invited testimony *after* the panel voted to send the maps to the House floor.

During this morning's arguments, former Texas Supreme Court Chief Justice **Wallace Jefferson**, representing the plaintiffs, argued that for now it really doesn't matter if lawmakers again take up redistricting in 2023.

"The problem is that even if they act in 2023...the issue today is that these maps are unconstitutional," said Jefferson, a Republican who was appointed to the court by then-Gov. **Rick Perry.**

Among the state's arguments made by lawyer **Lenora Pettit** with Attorney General **Ken Paxton**'s office was that the plaintiffs, including MALC and Rep. **Alex Dominguez**, do not even have standing to raise these issues.

But several justices including **Brett Busby**, **Jeff Boyd**, and **Evan Young** sounded skeptical.

In fact, Justice Boyd said he found that argument from Paxton's office "hard to swallow." Boyd said key constitutional issues are at stake and "I hear the state saying, 'so sorry, nobody gets the right to raise that issue."

Pettit said that the Legislature will have to do redistricting again in 2023 anyway because that's when the next regular session will unfold in Austin. If redistricting is not completed in that session, she argued, the *Legislative Redistricting Board* will draw lines as soon as that summer.

Under questioning from justices, though, Pettit acknowledged that lawmakers have not committed to drawing maps again in 2023. "That's not in the record," she said, but added that it could be presumed because of what the Texas Constitution says about the timeline for redistricting.

Here is the relevant language from the [Texas Constitution, Art 3 Sec 28](Texas Constitution, Art 3 Sec 28):

*The Legislature shall, at its first regular session after the publication of each United States decennial census, apportion the state into senatorial and representative districts, agreeable to the provisions of Sections 25 and 26 of this Article. In the event the Legislature shall at any such first regular session following the publication of a United States decennial census, fail to make such apportionment, same shall be done by the Legislative Redistricting Board of Texas, which is hereby created, and shall be composed of five (5) members, as follows: The Lieutenant Governor, the Speaker of the House of Representatives, the Attorney General, the Comptroller of Public Accounts and the Commissioner of the General Land Office, a majority of whom shall constitute a quorum.*

Pettit also reminded the court that her boss, Paxton, serves on the LRB – at least for now – and it is his opinion that that the maps must be redone in 2023 to satisfy those constitutional requirements. It is probably worth noting here that the state's population – especially in urban and suburban areas – continues to grow and shift so rapidly that there could be substantive changes to lines drawn 24 months from now.

MALC pushed back on the state's arguments once again after the court hearing had concluded.

"For decades, the Mexican American Legislative Caucus has fought for the freedom to vote and a fair opportunity for all Texas voters to elect their candidate of choice," said **Sean McCaffity**, MALC Redistricting Counsel. "Courts have long recognized MALC's ability to challenge discriminatory maps and seek redress in our justice system. Yet today, the state made strained and unmeritorious jurisdictional arguments to avoid dealing with the reality that they have inarguably violated the Texas Constitution's 'county line rule.'"

By Scott Braddock

*IID 30969*

© **Copyright March 23, 2022, Harvey Kronberg, www.quorumreport.com, All rights are reserved**