# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION



| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS**, *et al.*, | § § § | |
| *Plaintiffs,* | § § | |
| **EDDIE BERNICE JOHNSON**, *et al.*, | § § § | **EP-21-CV-00259-DCG-JES-JVB** [Lead Case] |
| *Plaintiff-Intervenors,* | § § | |
| v. | § § | & |
| **GREG ABBOTT**, *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § | **All Consolidated Cases** |
| *Defendants.* | § § | |

## ORDER MODIFYING SCHEDULING ORDER

Before the Court are the United States' "Motion to Modify Scheduling Order" (ECF No. 206), Defendants' "Cross Motion to Modify Scheduling Order" (ECF No. 211), and Defendants' "Opposition to the United States' Motion to Modify Scheduling Order" (ECF No. 212). The United States and Defendants both request that the Court modify the Scheduling Order (ECF No. 96) to include instructions on the number and/or timing of depositions that Plaintiffs and Defendants will be permitted to take during discovery. The parties principally disagree over how to frame the deposition limits: Should there be a cap on the number of depositions and total hours of deposition testimony? (The United States' request.) Or should there only be a cap on the total hours? (Defendants' request.)

After due consideration of the parties' arguments, the Court finds that good cause exists to modify the Scheduling Order. The Court modifies the Scheduling Order to permit no more than 75 depositions or no more than 325 hours of deposition testimony.

Accordingly, **IT IS ORDERED** that the United States' "Motion to Modify Scheduling Order" (ECF No. 206) is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants' "Cross Motion to Modify Scheduling Order" (ECF No. 211) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the Scheduling Order (ECF No. 96) shall be modified to include the following:

**Number and Timing of Depositions**

Pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i), the parties may depose any person, including any party, without further leave of the Court unless the depositions would result in more than 75 depositions or more than 325 hours of deposition testimony being taken under Rule 30 by the Plaintiffs collectively, or by the Defendants collectively. Further, the parties may depose any expert witness disclosed by an opposing party pursuant to Rule 26(a)(2) without regard to these limitations, but otherwise in accordance with the terms of Rule 30. This modification of the Scheduling Order shall not alter or amend any of the dates and deadlines in the Scheduling Order, including the July 15, 2022 deadline for completion of all fact discovery.

So ORDERED and SIGNED on this 7ᵗʰ day of April 2022.

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**

*And on behalf of:*

Jerry E. Smith
**United States Circuit Judge**       *-and-*       Jeffrey V. Brown
**U.S. Court of Appeals, Fifth Circuit**          **United States District Judge**
                                                   **Southern District of Texas**