**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § § | |
| *Plaintiffs,* | § § | |
| | § § | Case No. 3:21-cv-00259 |
| V. | § § | [Lead Case] |
| GREG ABBOTT, *et al.*, | § § | |
| *Defendants.* | § § | |
| UNITED STATES OF AMERICA, | § § | |
| *Plaintiff,* | § § | |
| | § § | Case No. 3:21-cv-00299 |
| V. | § § | [Consolidated Case] |
| STATE OF TEXAS, *et al.*, | § § | |
| *Defendants.* | § § | |

**EXHIBIT A**

**RULE 45 SUBPOENAS SENT TO TEXAS DEPARTMENT**
**OF PUBLIC SAFETY BY THE UNITED STATES**

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Western District of Texas

| | | |
|---|---|---|
| La Union del Pueblo Entero, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   5:21-cv-844 (XR) & consol. cases |
| State of Texas, et. al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              Texas Department of Public Safety

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:   See Attachment A

| Place:  Texas Department of Public Safety 5805 North Lamar Austin, Texas 78752 | Date and Time: 04/20/2022 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic & Audiovisual Recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  By April 18, 2022, all documents, if any, that the designee relied on to prepare for testimony as to matters within their knowledge and as to matters known by or reasonably available to the Texas Department of Public Safety

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/06/2022

                     *CLERK OF COURT*

                                        OR

                                                 /s/ Michael E. Stewart

| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
|---|---|

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ the United States of America _____ , who issues or requests this subpoena, are:

Michael Stewart, Civil Rights Division, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, DC 20530
Email: michael.stewart3@usdoj.gov; Phone: 202-598-7233

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, counsel for the United States and Consolidated Plaintiffs will take the oral deposition of the Texas Department of Public Safety, testifying through an individual designated by the Texas Department of Public Safety to testify on its behalf, concerning the Topics for Oral Examination listed below.  The deposition shall commence at 9:00 a.m. on April 20, 2022, at the Texas Department of Public Safety, 5805 North Lamar, Austin, Texas 78752.  The deposition shall be recorded by stenographic means and may also be recorded by additional audiovisual means, and shall take place before a notary public or other person authorized by law to administer oaths.

The person designated as deponent shall be prepared to testify as to matters within their knowledge and as to matters known by or reasonably available to the Texas Department of Public Safety.  This notice serves to inform the Texas Department of Public Safety that it has a duty to make such designation.

The United States further requests that the Texas Department of Public Safety produce by April 18, 2022 all documents, if any, that the designee relied on to prepare for testimony as to matters within their knowledge and as to matters known by or reasonably available to the Texas Department of Public Safety.  For the purpose of this deposition, "document" is defined to be synonymous in meaning and scope as the term "document" is used under Federal Rule of Civil Procedure 34 and the phrase "writings and recordings" is defined in Federal Rule of Evidence 1001, and includes, but is not limited to, any computer discs, tapes, printouts and emails, and databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-

identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

**Topics for Oral Examination**

1. The subject matter and nature of the contents of all fields of data produced to the United States in this litigation from the Department of Public Safety's driver license or identification card database.  For avoidance of doubt, those fields are:

    a.  DL/ID/UNL or EC Number

    b.  Person ID

    c.  First Name

    d.  Last Name

    e.  Middle Name

    f.  Suffix

    g.  Date of Birth

    h.  Social Security Number

    i.  Permanent Street Address 1

    j.  Permanent Street Address 2

    k.  Permanent City

    l.  Permanent State

    m.  Permanent Zip Code

    n.  Permanent Zip Code Ext.

    o.  Permanent County

    p.  Permanent Country

    q.  Mailing Street Address 1

A-2

r.  Mailing Street Address 2

s.  Mailing City

t.  Mailing State

u.  Mailing Zip Code

v.  Mailing Zip Code Ext.

w.  Mailing Country

x.  Sex

y.  Disabled Veteran

z.  Homebound

aa. AKA Name

bb. AKA DL/ID Number

cc. Card Status

dd. Card Type

ee. License Confiscated

ff.  Reported Deceased

2.  The practices and procedures by which records in the Department of Public Safety's driver license, identification card, and election identification certificate database are maintained and updated, including when individuals are first issued a Texas identification document, when individuals exchange one type of Texas identification document for another, when individuals surrender a Texas identification document or have a Texas identification document revoked, when individuals who previously resided in Texas return to reside in Texas from another state, when individuals may have multiple forms of identification or multiple records, and any other circumstances

A-3

that may produce data anomalies in individuals' records that may impact the ability of

voters to provide identification document numbers required by SB 1 or the ability of

the State to match information required by SB 1 and provided by voters to State

records.

3.  The nature, circumstances, processes, procedures, directions or instructions for,

reasoning or rationale for, basis for, and general contents of any import, export,

match, comparison, copying, exchange, or other communication of data between the

Department of Public Safety's driver license, identification card, and election

identification certificate database and the Texas Election Administration Management

(TEAM) database maintained by the Office of the Texas Secretary of State, including

on a recurring or a non-recurring basis.  This includes, but is not limited to, any

import, export, match, comparison, copying, exchange, or other communication of

data on or around December 20, 2021.

4.  The existence, processes, procedures, rules, practices, timing, and effectiveness of

maintenance practices, accuracy testing, validation testing, or other procedures for

determining or ensuring the consistency and accuracy of records in the Department of

Public Safety's driver license or identification card database.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2022, I served a true and correct copy of the foregoing via electronic mail on all counsel of record.

*/s/ Michael E. Stewart*
Michael E. Stewart
Voting Section
Civil Rights Division
U.S. Department of Justice
michael.stewart3@usdoj.gov

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Western District of Texas

| | |
|---|---|
| La Union del Pueblo Entero, et al. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   5:21-cv-844 (XR) & consol. cases |
| State of Texas, et. al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                          Texas Department of Public Safety

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:   See Attachment A

| Place:  Office of the United States Attorney for the Western District of Texas, 903 San Jacinto Blvd., Suite 334, Austin, Texas 78701 | Date and Time:<br>04/20/2022 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic & Audiovisual Recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: By April 18, 2022, all documents, if any, that the designee relied on to prepare for testimony as to matters within their knowledge and as to matters known by or reasonably available to the Texas Department of Public Safety

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/18/2022

| *CLERK OF COURT* | |
|---|---|
| | OR |
| | /s/ Michael E. Stewart |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ the United States of America _____ , who issues or requests this subpoena, are:

Michael Stewart, Civil Rights Division, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, DC 20530
Email: michael.stewart3@usdoj.gov; Phone: 202-598-7233

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
　(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or
　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, counsel for the United States and Consolidated Plaintiffs will take the oral deposition

of the Texas Department of Public Safety, testifying through an individual designated by the

Texas Department of Public Safety to testify on its behalf, concerning the Topics for Oral

Examination listed below.  The deposition shall commence at 9:00 a.m. on April 20, 2022, at the

Office of the United States Attorney for the Western District of Texas, 903 San Jacinto Blvd.,

Suite 334, Austin, Texas 78701.  The deposition shall be recorded by stenographic means and may

also be recorded by additional audiovisual means, and shall take place before a notary public or other

person authorized by law to administer oaths.

The person designated as deponent shall be prepared to testify as to matters within their

knowledge and as to matters known by or reasonably available to the Texas Department of

Public Safety.  This notice serves to inform the Texas Department of Public Safety that it has a

duty to make such designation.

The United States further requests that the Texas Department of Public Safety produce by

April 18, 2022 all documents, if any, that the designee relied on to prepare for testimony as to

matters within their knowledge and as to matters known by or reasonably available to the Texas

Department of Public Safety.  For the purpose of this deposition, "document" is defined to be

synonymous in meaning and scope as the term "document" is used under Federal Rule of Civil

Procedure 34 and the phrase "writings and recordings" is defined in Federal Rule of Evidence

1001, and includes, but is not limited to, any computer discs, tapes, printouts and emails, and

databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic,

machine-readable, or other material, of whatever nature and in whatever form, including all non-

identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

## Topics for Oral Examination

1. The subject matter and nature of the contents of all fields of data produced to the United States in this litigation from the Department of Public Safety's driver license or identification card database. For avoidance of doubt, those fields are:

   a. DL/ID/UNL or EC Number

   b. Person ID

   c. First Name

   d. Last Name

   e. Middle Name

   f. Suffix

   g. Date of Birth

   h. Social Security Number

   i. Permanent Street Address 1

   j. Permanent Street Address 2

   k. Permanent City

   l. Permanent State

   m. Permanent Zip Code

   n. Permanent Zip Code Ext.

   o. Permanent County

   p. Permanent Country

   q. Mailing Street Address 1

A-2

A-3

    r.  Mailing Street Address 2

    s.  Mailing City

    t.  Mailing State

    u.  Mailing Zip Code

    v.  Mailing Zip Code Ext.

    w.  Mailing Country

    x.  Sex

    y.  Disabled Veteran

    z.  Homebound

    aa. AKA Name

    bb. AKA DL/ID Number

    cc. Card Status

    dd. Card Type

    ee. License Confiscated

    ff. Reported Deceased

2. The practices and procedures by which records in the Department of Public Safety's driver license, identification card, and election identification certificate database are maintained and updated, including when individuals are first issued a Texas identification document, when individuals exchange one type of Texas identification document for another, when individuals surrender a Texas identification document or have a Texas identification document revoked, when individuals who previously resided in Texas return to reside in Texas from another state, when individuals may have multiple forms of identification or multiple records, and any other circumstances

that may produce data anomalies in individuals' records that may impact the ability of

voters to provide identification document numbers required by SB 1 or the ability of

the State to match information required by SB 1 and provided by voters to State

records.

3.   The nature, circumstances, processes, procedures, directions or instructions for,

reasoning or rationale for, basis for, and general contents of any import, export,

match, comparison, copying, exchange, or other communication of data between the

Department of Public Safety's driver license, identification card, and election

identification certificate database and the Texas Election Administration Management

(TEAM) database maintained by the Office of the Texas Secretary of State, including

on a recurring or a non-recurring basis.  This includes, but is not limited to, any

import, export, match, comparison, copying, exchange, or other communication of

data on or around December 20, 2021.

4.   The existence, processes, procedures, rules, practices, timing, and effectiveness of

maintenance practices, accuracy testing, validation testing, or other procedures for

determining or ensuring the consistency and accuracy of records in the Department of

Public Safety's driver license or identification card database.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2022, I served a true and correct copy of the foregoing via electronic mail on all counsel of record.

*/s/ Michael E. Stewart*
Michael E. Stewart
Voting Section
Civil Rights Division
U.S. Department of Justice
michael.stewart3@usdoj.gov
