**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al.,<br><br>        Plaintiffs<br><br>   v.<br><br>GREG ABBOTT, et al.,<br><br>        Defendants. | Civil Action<br><br>Lead Case No.:<br>   3:21-CV-00259-DCG-JES-JVB |
| VOTO LATINO, et al.,<br><br>        Plaintiffs<br><br>   v.<br><br>JOHN SCOTT, et al.,<br><br>        Defendants. | Consolidated Case No.:<br>   1:21-CV-00965-RP-JES-JVB |

**VOTO LATINO PLAINTIFFS' UNOPPOSED MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiffs Voto Latino, Rosalinda Ramos Abuabara, Akilah Bacy, Orlando Flores, Marilena Garza, Cecilia Gonzales, Agustin Loredo, Cinia Montoya, Ana Ramón, Jana Lynne Sanchez, Jerry Shafer, Debbie Lynn Solis, Angel Ulloa, and Mary Uribe (collectively, "Voto Latino Plaintiffs"), by and through their undersigned counsel, respectfully move this Court for leave to file an Amended Complaint consistent with this Motion. The Amended Complaint is attached as **Exhibit A**, and a redline showing changes from the original Complaint is attached as **Exhibit B**. This is Plaintiffs' first motion to amend their complaint. Counsel for Defendants have stated that they do not oppose this Motion.

Voto Latino Plaintiffs seek to make two changes. First, Voto Latino Plaintiffs seek to add a claim that House Bill 1, the enacted redistricting plan for the Texas House of Representatives, violates Section 2 of the Voting Rights Act. Specifically, Voto Latino Plaintiffs allege that House Bill 1 unlawfully dilutes the votes of Black and Latino voters in Tarrant and Harris Counties, because an additional Black and Latino coalition district could be drawn in Tarrant County, and an additional Latino-majority district could be drawn in Harris County, all while maintaining compactness and without eliminating any districts in which non-white voters already have a reasonable opportunity to elect their candidates of choice. Second, Voto Latino Plaintiffs revise, update, and clarify certain other allegations elsewhere in their complaint, to better reflect Voto Latino Plaintiffs' requested relief and their understanding of the facts.

These amendments will not delay the case or prejudice any Defendant, particularly because challenges to House Bill 1 are already part of these consolidated cases. Accordingly, under the liberal standard of Fed. R. Civ. P. 15(a)(2), Voto Latino Plaintiffs submit that this Motion should be granted.

## BACKGROUND

Voto Latino Plaintiffs' original complaint alleges that Senate Bill 6—the Texas *Congressional* redistricting plan adopted in late 2021—violates Section 2 of the Voting Rights Act because it illegally packs and cracks Black and Latino communities, resulting in the dilution of Black and Latino votes. Voto Latino Plaintiffs now seek to amend their complaint to add a Section 2 challenge to the 2021 Texas *House of Representatives* redistricting plan enacted as House Bill 1. In the Proposed Amended Complaint, Plaintiffs allege that House Bill 1 unlawfully cracks and packs Black and Latino voters in Tarrant County, and Latino voters in Harris County.

This case is one of nine consolidated actions challenging the Congressional and state legislative maps enacted by the Texas legislature in late 2021:

In *LULAC v. Abbott*, No. 3:21-cv-00259, the plaintiffs allege that the Texas House, Senate, and Congressional maps enacted in 2021 violate Section 2 of the Voting Rights Act and the Equal Protection Clause of the Fourteenth Amendment.

In *United States v. Texas*, No. 3:21-cv-00299, the United States alleges that the 2021 Congressional Plan enacted in Senate Bill 6, as well as the 2021 Texas House plan enacted in House Bill 1, violate Section 2 of the Voting Rights Act.

In *Fischer v. Abbott*, No. 3:21-cv-00306, the plaintiff challenges the Congressional map under Section 2 and the 14th Amendment.

In *Mexican American Legislative Caucus (MALC) v. Texas*, No. 1:21:cv-00988, the plaintiff challenges the House, Congressional, and State Board of Education (SBOE) maps under Section 2 as well as the 14th and 15th Amendments to the United States Constitution.

In *Brooks v. Abbott*, No. 1:21-cv-00991, the plaintiffs challenge the Texas Senate map under Section 2 and the 14th Amendment.

In *Texas State Conference of the NAACP v. Abbott*, No. 1:21-cv-01006, the plaintiff challenges the House, Senate, and Congressional maps under Section 2 and the 14th Amendment.

In *Fair Maps Texas Action Committee v. Abbott*, No. 1:21-cv-01038, the plaintiffs challenge the House, Senate, and Congressional maps under Section 2 and the 14th and 15th Amendments.

And in *Escobar v. Abbott*, No. 3:22-cv-00022, the plaintiff challenges the Congressional map under Section 2 and the Equal Protection Clause.

These actions have been consolidated for all purposes before this court under Federal Rule of Civil Procedure 42(a)(2).[1] ECF No. 16; ECF No. 83; ECF No. 137.

In November 2021, the Defendants moved to dismiss the Voto Latino Plaintiffs' Complaint on the grounds that Plaintiffs lack standing and do not have a private cause of action under Section 2. That motion is fully briefed, and this Court rejected the Defendants' latter argument in December 2021. ECF No. 58. The motion to dismiss on standing grounds under Rule 12(b)(1) remains pending and is ripe for review. Voto Latino Plaintiffs' proposed amended complaint would moot one portion of the pending motion to dismiss, by adding express allegations that individual plaintiffs intend to vote in the future. *See* ECF No. 22 at 7-9; Ex. A ¶¶ 17-29. The proposed amended complaint would not otherwise affect the motion to dismiss, and would not moot the pending motion to dismiss as to the unchanged portions of the complaint. Discovery in this matter is ongoing and is scheduled to be completed by July 15, 2022. ECF No. 96.

This is Voto Latino Plaintiffs' first motion to amend their complaint. Voto Latino Plaintiffs conferred with Defendants regarding this Motion and the Defendants did not consent to the motion or the related relief requested.

## ARGUMENT

Leave to amend the Complaint to include Voto Latino Plaintiffs' Section 2 claim against House Bill 1 and to clarify other allegations should be granted.

Under Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave when justice so requires." *Id*. "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise

---

[1] *Wilson v. Texas*, No. 3:21-cv-00943, was consolidated before this court but has since been dismissed. ECF No. 188.

in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (collecting cases). "A district court must provide a substantial reason to deny a party's request for leave to amend, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Brown v. Taylor*, 911 F.3d 235, 246 (5th Cir. 2018) (quotation marks and alteration omitted). In addition, "[a] court may weigh in the movant's favor any prejudice that will arise from denial of leave to amend," but that consideration is *only* necessary "if there are [otherwise] substantial reasons to deny the amendment." *Dussouy*, 660 F.2d at 598. "Otherwise, rule 15(a) requires the trial judge to grant leave to amend whether or not the movant shows prejudice." *Id.*

Voto Latino Plaintiffs' proposed amendment will not delay proceedings and no party will be prejudiced. The Court's Scheduling Order, ECF No. 96, explicitly contemplates that motions to amend pleadings or to join additional parties may be filed by no later than April 14, 2022. Voto Latino Plaintiffs' motion comes within this timeframe and the proposed amendment does not significantly broaden the issues already before the Court. This case has been consolidated with eight other cases challenging Texas's legislative districts, and multiple plaintiffs in the consolidated actions are already challenging House Bill 1 under Section 2 of the Voting Rights Act and the Fourteenth Amendment of the United States Constitution. Those consolidated cases already include claims substantially similar to Voto Latino Plaintiffs' additional claims, including a claim for an additional Latino opportunity House district in Harris County, *see* ECF No. 69 ¶ 145, and multiple claims in Tarrant County, *see, e.g.*, Compl., *Fair Maps Tex. Action Comm. v. Abbott*, Civ. Action No. 1:21-cv-01038, ECF No. 1 ¶¶ 119-127. The proposed amendment also should not have any substantial impact on the scope of discovery: The State Defendants are already

participating in discovery concerning House Bill 1, and discovery is in relatively early stages. Under the Court's Scheduling Order in this matter, discovery is not scheduled to close until July 15, 2022—three months from now—affording the parties ample time to conduct whatever additional discovery may be necessary to litigate Plaintiffs' proposed new claim.

The proposed amended complaint will also have little effect on Defendants' pending motion to dismiss existing claims on standing grounds—it will moot one argument in that pending motion, by expressly alleging that each individual plaintiff intends to vote, but it will not otherwise affect Defendants' standing arguments.

For these reasons, granting this Motion will not cause any undue prejudice to Defendants and none of the limited reasons why leave to amend might properly be denied apply. *See Dussouy*, 660 F.2d at 598.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Unopposed Motion for Leave to File an Amended Complaint should be granted.

Dated: April 14, 2022                                  Respectfully submitted,

*/s/ Renea Hicks*
Renea Hicks
Attorney at Law
Texas Bar No. 09580400

Law Office of Max Renea Hicks
P.O. Box 303187
Austin, Texas 78703-0504
(512) 480-8231
rhicks@renea-hicks.com

Abha Khanna*
**ELIAS LAW GROUP LLP**
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177
akhanna@elias.law

Aria Branch*
David Fox*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
abranch@elias.law
dfox@elias.law

Kevin J. Hamilton*
**PERKINS COIE LLP**
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
khamilton@perkinscoie.com

*Counsel for Plaintiffs*

*Admitted pro hac vice*

## CERTIFICATE OF CONFERENCE

Counsel for the Voto Latino Plaintiffs confer with counsel for the Defendants in a good-faith attempt to resolve the subject matter of this Motion, and counsel for the Defendants indicated that they do not oppose the Motion.

/s/ Renea Hicks

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on April 14, 2022, and that all counsel of record were served by CM/ECF.

/s/ Renea Hicks