UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, et al., <br><br> *Defendants*. | § § § § § § § § § § § § | CIVIL ACTION NO. <br> 21-CV-00259-DCG-JES-JVB <br> [lead case] |
| VERONICA ESCOBAR, U.S. Representative of the 16th congressional district of Texas; and, RAMSEY ENGLISH CANTU. <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of the State of Texas; JOHN SCOTT, in his official capacity as Secretary of the State of Texas, <br><br> *Defendants*. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 3:22-CV-00022 <br> [consolidated case] |

PLAINTIFF VERONICA ESCOBAR'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Local Rule CV-15, and the scheduling order of this court, Plaintiff Escobar seeks leave to file an amended complaint in the above-styled cause in response to the Defendants Rule 12(b)6 filed on April 13, 2022.

Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff moves to file the Amended Complaint within the time permitted by the Court in the scheduling order on file in this cause. Allowing Plaintiff to file the Amended Complaint would serve justice and promote judicial efficiency. Further, there would be no substantial or undue prejudice, bad faith, undue delay, or futility. Through the Amended Complaint, Plaintiff seeks to answer some of the objections raised by the Defendants in their 12(b)6 motion. In addition, Plaintiff seeks to offer the Court and the Defendants more clarity and meatier allegations on the nature of her claims. Finally, the Plaintiff seeks to add an individual voter who resides in Congressional District 23 in order to answer some of the objections of the defendants.

The U.S. Supreme Court determined that "[i]n the absence of . . . undue delay, bad faith or dilatory motive . . . undue prejudice . . . futility of amendment, etc.--the leave sought should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court may only deny leave to amend "for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *Simmons v. Sabine River Auth. Louisiana*, 732 F.3d 469, 478 (5th Cir. 2013) (quotation omitted). None of these factors exists here.

The facts described in the Amended Complaint are well-known to Defendants as they are largely formulated from public statements or public documents in the control of the Defendants or their agents. Discovery has begun in this cause, but only a few depositions have been held. Those depositions were performed in preparation for the preliminary injunction hearing held in January. The large majority of depositions and discovery is yet to be commenced or completed. The

amendment is sought in an attempt to answer the objections raised by the defendants in their 12(b)6 motion. (Dkt. 223). Thus, there is no prejudice or bad faith on behalf of any party.

There have not been repeated failures, as yet, on the part of the plaintiff to cure deficiencies. In fact, this first amended complaint is brought in the hopes of ending any perceived deficiencies on behalf of the Plaintiff's complaint. There is no undue delay, because the plaintiff is acting within the time allotted by the local rules, Federal Rule 15, and the scheduling order of this Court. The Amendment is not clearly futile as the plaintiff has averred facts that, if proven, would redress her injuries.

The Plaintiff has contacted the Defendants on their position on the motion. The Defendants haven't yet taken a position on the motion. Plaintiff is hopeful that they will not oppose.

DATED: April 14, 2022                                    Respectfully submitted,

*/s/ Martin Golando*
MARTIN GOLANDO
Attorney at Law
State Bar No. 24059153
2326 W. Magnolia
San Antonio, Texas 78201
(210) 471-1185
Martin.Golando@gmail.com
Attorney for Trey Martinez Fischer

## CERTIFICATE OF SERVICE

I certify that on this, the 14th day of April, 2022 in accordance with the Federal Rules of Civil Procedure, a true and correct copy of the foregoing document was served, via ECF, to the counsel of record in this cause of action.

*/s/ Martin Golando*
Martin Golando