IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>3:21-cv-00259-DCG-JES-JVB<br>[Consolidated Action: Lead Case] |

### LULAC PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR FIRST AMENDED COMPLAINT

Plaintiffs League of United Latin American Citizens, *et al.* ("LULAC PLaintiffs") file this motion for leave to amend their First Amended Complaint (Dkt. 69), pursuant to Federal Rule of Civil Procedure 15 and the Court's December 17, 2021 Scheduling Order. *See* Dkt. 96 at 4. LULAC Plaintiffs request leave to file their Second Amended Complaint, attached as Exhibit 1, to: (1) remove their malapportionment claim regarding the benchmark maps for the Texas House of Representatives ("Texas House"), Texas Senate, and Congress; (2) add the State of Texas as a defendant for LULAC Plaintiffs' claims brought under Section 2 of the federal Voting Rights Act of 1965; (3) include a claim that Defendants weakened Latino voting strength in Texas House District 90, in violation of the Fourteenth Amendment of the U.S. Constitution and Section 2 of the federal Voting Rights Act of 1965; (4) provide more detail regarding the geographic areas challenged in their First Amended Complaint; and (5) address minor typographical errors in their First Amended Complaint. LULAC Plaintiffs' request for leave to

1

amend is based on further factual development since their filing suit, and granting the request will serve the interests of efficiency and justice.

## PROCEDURAL HISTORY

LULAC Plaintiffs filed the instant suit on October 18, 2021, asserting that the redistricting maps enacted by the 87th Texas Legislature for the Texas House, Texas Senate, Texas SBOE, and Congress violated Section 2 of the federal Voting Rights Act of 1965 and the U.S. Constitution.  Dkt. 1.  On December 7, 2021, pursuant to Rule 15(a)(1) and Local Rule CV-15, LULAC Plaintiffs filed their First Amended Complaint.  *See* Dkt. 69.

On December 17, 2021, the Court entered a scheduling order that, among other things, requires all parties to move to amend or supplement their pleadings by April 14, 2022.  Dkt. 96 at 4.

## ARGUMENT

Rule 15 provides that "a party may amend its pleading [with] the court's leave" and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A district court may deny leave to amend only "for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment."  *Simmons v. Sabine River Auth. Louisiana*, 732 F.3d 469, 478 (5th Cir. 2013) (quotation omitted).

None of these factors exist here.  Notably, LULAC Plaintiffs move for leave to file their Second Amended Complaint within the time permitted by the Court's December 17, 2021 Scheduling Order, and amendment will not prolong the instant proceeding in light of the scheduled trial date.  *See Perez v. Texas*, 970 F. Supp. 2d 593, 599, 604 (W.D. Tex. 2013) (granting plaintiffs leave to amend and supplement complaints where motions timely filed

pursuant to court's scheduling order).  Accordingly, there is no bad faith, dilatory motive or undue delay as a result of LULAC Plaintiffs' proposed amendment.  *See id.*; *c.f. Bell v. Dallas County*, 491 F. App'x. 498, 498-99 (5th Cir. 2012) (per curiam) (concluding that waiting two years to request leave to amend constituted undue delay).  Nor does LULAC Plaintiffs' request to amend follow repeated failures to cure deficiencies in their prior pleadings, as Defendants declined to move to dismiss LULAC Plaintiffs' operative complaint and filed an answer following their only previous amendment.  *See* Dkt. 120.

Moreover, amendment does not unduly prejudice Defendants.  Indeed, LULAC Plaintiffs' proposed amendment omits a claim previously asserted regarding the benchmark redistricting plans for the Texas House, Texas Senate, and Congress, and it adds detail regarding the geographic areas implicated in the other claims asserted in the operative complaint—claims Defendants had notice of since LULAC Plaintiffs brought the instant suit in October 2021.  *See* Dkt. 1.  Thus, granting leave to amend serves the interest of efficiency in the instant suit.  And although LULAC Plaintiffs assert claims regarding Texas House District 90 for the first time in their Second Amended Complaint, *see* Ex. 1 ¶¶ 7, 145, 181, 189, Defendants have been on notice of a potential challenge regarding that district since at least November 3, 2021, when Plaintiff Mexican American Legislative Caucus ("MALC") filed its complaint alleging that Plan H2316 dilutes the ability of Latinos to elect the candidate of their choice in House District 90.  *See MALC v. Texas*, 1:21-cv-988 (W.D. Tex.), Dkt. 1 ¶¶ 119-25.  Similarly, MALC named the State of Texas as a defendant in its suit, *id.* ¶ 3, and the United States has also brought suit against the State of Texas, *United States v. Texas*, 3:21-cv-299 (W.D. Tex.), Dkt. 1 ¶ 12; thus, because the State of Texas is already a named defendant in the consolidated action, the addition of the State

3

of Texas as a defendant to LULAC Plaintiffs' Second Amended Complaint will not unduly prejudice Defendants—including the State of Texas.

Finally, LULAC Plaintiffs' proposed amendment is not "clearly futile," because the allegations in the Second Amended Complaint support the asserted claims for relief. *See De La Garza Gutierrez v. Pompeo*, 741 F. App'x 994, 1000 (5th Cir. 2018) (per curiam); *see also Jaraba v. Blinken*, --- F. Supp. 3d ----, ----, 2021 WL 5144733, at *9 (W.D. Tex Oct. 25, 2021).

Accordingly, LULAC Plaintiffs respectfully request that the Court grant them leave to file their Second Amended Complaint.

Dated: April 14, 2022                           Respectfully submitted,

*/s/ Nina Perales*
Nina Perales
Samantha Serna
Fátima Menendez
Kenneth Parreno
Mexican American Legal Defense and Educational Fund (MALDEF)
110 Broadway Street, Suite 300
San Antonio, TX 78205
(210) 224-5476
Fax: (210) 224-5382

*Counsel for LULAC Plaintiffs*

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on April 12, 2022, counsel for LULAC Plaintiffs conferred with counsel for Defendants and other Plaintiffs regarding their planned amended complaint. At that time, counsel for Defendants responded that "adding new district challenges and additional allegations related to your Larios claims at this stage imperils an already truncated schedule. That said, you may show us as unopposed to your motion for leave to file an amended complaint." Counsel for other Plaintiffs indicated they do not oppose the motion. On April 14, 2022, counsel for LULAC Plaintiffs again conferred with counsel for Defendants and other Plaintiffs regarding additional changes they planned for their amended complaint. Counsel for the United States indicated they do not oppose the motion. Defendants and the remaining plaintiffs did not respond with their position before the filing of this motion.

/s/ Nina Perales
Nina Perales

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that she has electronically submitted a true and correct copy of the above and foregoing via the Court's electronic filing system on the 14th day of April 2022.

/s/ Nina Perales
Nina Perales