# EXHIBIT 2

United States District Court
Western District of Texas
El Paso Division

LEAGUE OF UNITED LATIN
AMERICAN CITIZENS, *et al.*,
   Plaintiffs,

v.

GREG ABBOTT, *et al.*,
   Defendants.

Case 3:21-cv-259-DCG-JES-JVB

**Defendant John Scott's Objections and Answers
to LULAC's First Set of Interrogatories**

Defendant John Scott, in his official capacity as Secretary of State of Texas ("SOS"), objects to and, subject to those objections, answers Plaintiff LULAC's first set of interrogatories.

Date: March 24, 2022

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
patrick.sweeten@oag.texas.gov
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
will.thompson@oag.texas.gov
Tex. State Bar No. 24088531

CHRISTOPHER D. HILTON
Chief, General Litigation Unit
chris.hilton@oag.texas.gov
Tex. State Bar No. 24087727

JEFFREY M. WHITE
Special Counsel
jeff.white@oag.texas.gov
Tex. State Bar No. 24064380

KATHLEEN T. HUNKER
Special Counsel
kathleen.hunker@oag.texas.gov

Tex. State Bar No. 24118415

LEIF A. OLSON
Special Counsel
leif.olson@oag.texas.gov
Tex. State Bar No. 24032801

COURTNEY CORBELLO
Assistant Attorney General
courtney.corbello@oag.texas.gov
Tex. State Bar No. 24097533

JACK B. DISORBO
Assistant Attorney General
jack.disorbo@oag.texas.gov
Tex. State Bar No. 24120804

**COUNSEL FOR THE DEFENDANTS**

## Certificate of Service

I certify that on March 24, 2022, these objections and answers were served on all counsel of record by email, including these counsel for LULAC:

Nina Perales
nperales@maldef.org

Samantha Serna
sserna@maldef.org

Kenneth Parreno
kparreno@maldef.org

Fatima Menendez
fmenendez@maldef.org

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN

## Recurring Objections

1.  SOS objects to each interrogatory to the extent that it seeks information that was prepared for or in anticipation of litigation, constitutes attorney work product, contains attorney-client communications, or is otherwise protected by legislative privilege, deliberative process privilege, or any other applicable privilege, protection, doctrine, or immunity.

2.  SOS objects to each interrogatory to the extent that it seeks information that is publicly available or otherwise equally available or uniquely or equally available from third parties.

3.  SOS objects to each interrogatory to the extent that it seeks information that does not specifically refer to the events which are the subject matter of this litigation and to the extent that it seeks information not relevant to the subject matter of this litigation.

4.  SOS objects to each interrogatory to the extent that it seeks information not in SOS's possession, custody, or control. To the extent an interrogatory seeks information from individuals or entities who are not parties to this lawsuit and are not under SOS's direction and control, those requests are subject to the rules governing third-party discovery, including Federal Rule of Civil Procedure 45.

5.  SOS objects to each interrogatory that directs it to "state with particularity all facts," "identify and describe all facts," or something similar. SOS is not required at this stage of the case to marshal its evidence. *See* Fed. R. Civ. P. 33. It therefore answers these interrogatories with sufficient information to disclose the bases for its defenses. *See, e.g., TIG Ins. Co. v. Woodsboro Farmers Co-op.,* No. 5:18-cv-191, 2020 WL 12573285, at *2 (S.D. Tex. Apr. 7, 2020); *Linde v. Arab Bank, PLC,* No. 04-cv-2799, 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012). *See also Faykus-Orr v. Liberty Life Assur. Co. of Boston,* No. 3:06-cv-0750, 2006 WL 3734213, at *4 (N.D. Tex. Dec. 18, 2006) ("Defendant is not required to marshal plaintiff's evidence for her.")

6.  SOS objects to each interrogatory that directs it to "identify all documents, electronically stored information or other tangible things" or something similar. SOS is not required at this stage of the case to marshal its evidence. *See* Fed. R. Civ. P. 33. It therefore answers these interrogatories with sufficient information to disclose the bases for its defenses. *See, e.g., TIG Ins. Co. v. Woodsboro Farmers Co-op.,* No. 5:18-cv-191, 2020 WL 12573285, at *2 (S.D. Tex. Apr. 7, 2020); *Linde v. Arab Bank, PLC,* No. 04-cv-2799, 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012). *See also Faykus-Orr v. Liberty Life Assur. Co. of Boston,* No. 3:06-cv-0750, 2006 WL 3734213, at *4 (N.D.

Tex. Dec. 18, 2006) ("Defendant is not required to marshal plaintiff's evidence for her.").

7.  These responses and objections are made without waiving further objections to, or admitting the relevancy or materiality of, the information requested. All answers are given without prejudice to SOS's right to introduce or object to the discovery of documents, facts, or information discovered later. SOS likewise does not waive the right to object to (1) the evidentiary use of the information contained in these responses and objections or (2) discovery requests relating to these objections and responses.

8.  SOS will provide its responses based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. SOS objects to and will refrain from extending or modifying words employed in the requests to comport with expanded definitions or instructions. SOS will answer the requests to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Western District of Texas.

9.  SOS objects to Definition 13's inclusion of "purporting to act" as unduly burdensome and calling for responses outside the bounds of the discovery rules. One who purports to act on another person's behalf is not that person's agent or representative, and including such persons in this definition therefore necessarily includes persons who have neither the right nor the authority to act on behalf of SOS and over whom SOS exercises no control and for whom it bears no responsibility. SOS therefore answers these interrogatories as if "purporting to act" is omitted from this definition.

10. SOS further objects to Definition 13's inclusion of "staff member" as vague and therefore unduly burdensome and calling for responses outside the bounds of discovery. First, the term is undefined; it could mean, among other things, persons in leadership positions within the Office of the Secretary of State or all employees of that Office. Second, a person's position as a "staff member," whichever definition is used, does not necessarily imbue that person with the authority—express or implied, apparent or actual—to act on behalf of SOS on particular matters. SOS therefore answers these interrogatories as if "staff member" is omitted from this definition.

11. SOS further objects to Definition 13's inclusion of "attorney," which is undefined and therefore unduly vague and calling for responses outside the bounds of discovery. To the extent that the term is meant to include attorneys at law, SOS objects that this causes the interrogatories to seek information protected by the attorney-client and work-product privileges.

12. SOS further objects to Definition 13's inclusion of "other representative" as vague and therefore unduly burdensome and calling for responses outside the bounds of discovery. First, the term is undefined; it could mean, among other things, persons designated by SOS to perform a particular task or persons who are employed by the Secretary of State's Office. Second, that a person is an "other representative," whichever definition is used, does not necessarily imbue that person with the authority—express or implied, apparent or actual—to act on behalf of SOS on particular matters. SOS therefore answers these interrogatories as if "other representative" is omitted from this definition.

### Objections and Answers to Interrogatories

**Interrogatory No. 1:** Please provide, for each of the redistricting plans C2100, C2193, S2100, S2168, H2100, H2316, E2100 and E2106, your definition of the term "Latino opportunity district," including whether that definition includes a specific numerical threshold of population, or other data, as well as a description of that threshold.

**Answer to Interrogatory No. 1:** SOS objects on the grounds that the redistricting legislation was passed by the Texas Legislature, not by SOS. SOS objects that this interrogatory is unduly vague. None of the cited redistricting plans uses the term "Latino opportunity district," and the interrogatory does not specify an individual who used the term or a context in which the term was used. In general, the term can have different meanings based on context. Without such a context, no meaningful response is possible. Subject to these objections:

There is not a one-size-fits-all definition of the term "Latino opportunity district." It is SOS's understanding that in some contexts, the term "Latino opportunity district" can be used to refer to a district that meets the test announced in *Thornburg v. Gingles* and explained in subsequent precedent. Those cases explain numerical thresholds relevant to the *Gingles* test. SOS notes that the Supreme Court may clarify or change the *Gingles* test in current or future cases. In other contexts, the term "Latino opportunity district" can be used to include any district in which there is a sufficient opportunity for Latino voters' "candidate of choice" to be elected. In other contexts, the term "Latino opportunity district" can be used to refer to any district in which Latino voters do not "have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice." 52 U.S.C. § 10301(b).

**Interrogatory No. 2:** Please identify, by district number, each district within each of the following redistricting plans that you contend is a Latino opportunity district and state with particularity all facts supporting your contention that the district is a Latino opportunity district: C2100, C2193, S2100, S2168, H2100, H2316, E2100 and E2106.

> **Answer to Interrogatory No. 2:** SOS objects on the grounds that the redistricting legislation was passed by the Texas Legislature, not by SOS. SOS further objects that this interrogatory is unduly vague and ambiguous because it does not define or give a context for the term "Latino opportunity district." As explained above, the term "Latino opportunity district" can be used in different ways in different contexts. SOS further objects that this interrogatory is vague as to time because it does not state whether it seeks an answer for the benchmark plans as of when the new plans were adopted, when the benchmark plans were adopted, or some other time. SOS further objects that the interrogatory is unduly burdensome and not justified by the needs of this case. Requiring SOS to form an opinion about the application of *Gingles* to every district in eight different maps to answer this interrogatory is not justified, especially with regard to districts that are not being challenged. Subject to these objections:
>
> It is SOS's understanding that under at least one definition of "Latino opportunity district," every district in each of those plans is a Latino opportunity district because none of the districts violates Section 2 of the Voting Rights Act. *See* 52 U.S.C. § 10301. Each district affords a Latino voter the same opportunity to participate in the process of electing the voter's chosen candidate as is afforded to a voter who is not Latino. To the extent LULAC intends this interrogatory to use the *Gingles*-based definition of "Latino opportunity district" discussed above, SOS objects that the interrogatory is premature, overbroad, and unduly burdensome. The expert disclosure deadline is June 10, 2022, *see* Dkt. 96, and the expert witnesses have not yet completed their analyses.

**Interrogatory No. 3:** Please identify, by district number, each district within each of the following redistricting plans C2100, C2193, S2100, S2168, H2100, H2316, E2100 and E2106 that you contend is required by Section 2 of the Voting Rights Act of 1965 and state with particularity all facts supporting your contention that the district is required by Section 2 of the Voting Rights Act of 1965.

> **Answer to Interrogatory No. 3:** SOS objects that the interrogatory is vague. For purposes of this answer SOS interprets the interrogatory as referring to the interpretation of Section 2 of the Voting Rights Act found

in current precedent, but SOS notes that that precedent may change. The interrogatory is also vague with regard to what it means for a district to be "required" (*e.g.*, does the precise shape of the district have to be compelled by Section 2?). SOS further objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that the interrogatory is premature; the expert disclosure deadline is June 10, 2022, *see* Dkt. 96, and the expert witnesses have not yet completed their analyses. Moreover, requiring SOS to form an opinion about the application of Section 2 to every district in eight different maps is overbroad and not justified by the needs of this case, especially with regard to districts that are not being challenged. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature.

**Interrogatory No. 4:** In Paragraph 121 of your Answer to LULAC Plaintiffs' First Amended Complaint (Dkt. 120) (hereinafter "Answer"), you deny that "[t]he 87th Texas Legislature's adoption of Plans H2316, S2168, C2193 and E2106 included departures from normal procedures and departures from normal substantive considerations in redistricting." Please (a) identify and describe all facts supporting your denial, including but not limited to identifying legislation that is comparable to the bills containing redistricting plans H2316, S2168, C2193 and E2106 in that the legislation was characterized by similarly "normal procedures" and "normal substantive considerations;" (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

   **Answer to Interrogatory No. 4:** SOS objects to the use of the terms "normal procedures" and "normal substantive considerations" as vague insofar as they involve questions of law. SOS further objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Subject to those objections:

   To SOS's knowledge, each of these redistricting plans was adopted according to the procedures required by the Texas Constitution, the rules of the

Texas House of Representatives, and the rules of the Texas Senate. Further, each redistricting plan was adopted following timetables applicable to all bills introduced during a special session. Each redistricting plan was adopted following procedures and practices employed in previous redistricting proceedings, including consultation with incumbents, public hearings, soliciting and gathering public input and comment, making data and map-drawing tools available to the public, publication of draft maps, and introduction and consideration of substitutions and amendments.

Members of the Legislature publicly listed many substantive considerations supporting adoption of the bills containing redistricting plans H2316, S2168, C2193 and E2106. For example, Senator Huffman, the chair of the Senate Redistricting Committee, publicly listed some "of the criteria [she] used in proposing and considering new districts": "complying with all applicable law including the Constitution, the Voting Rights Act, and the requirement to equalize district populations based on the 2020 census"; "keeping political subdivisions together"; "keeping communities of interest together"; "preserving the cores of existing districts"; "creating geographically compact districts"; "addressing partisan considerations"; "protecting incumbents"; "and when possible honoring reasonable requests made by incumbent members." Dkt. 39-53 at 4–5.

**Interrogatory No. 5:** In Paragraph 143 of your Answer, you deny that "the Latino population of Texas is sufficiently numerous and geographically compact to constitute the majority of the [Citizen Voting Age Population] in at least 36 Texas House districts—or at least three more Latino opportunity districts than in the benchmark map." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

**Answer to Interrogatory No. 5:** SOS objects that this interrogatory is vague due to its undefined use of "Latino opportunity district," a term that is used in different ways. SOS further objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Further, the expert disclosure deadline is June 10,

2022, *see* Dkt. 96, and the expert witnesses have not yet completed their analyses. Subject to those objections:

SOS does not know the LULAC Plaintiffs' definition of "Latino opportunity district" but assumes they mean to allege that the Legislature could have and should have drawn 36 districts that would have satisfied the *Gingles* test. SOS was not involved in drawing districts and is not aware of any proposed map that would accomplish that result consistent with traditional redistricting criteria and legal requirements.

**Interrogatory No. 6:** In Paragraph 145 of your Answer, you deny that, "in Harris County, where the Latino population has increased by 363,169 over the past decade, the Latino population is sufficiently numerous and geographically compact to constitute the majority of the [Citizen Voting Age Population] in at least one additional House district. However, Plan H2316 fails to create an additional Latino citizen voting age majority House district there." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

> **Answer to Interrogatory No. 6:** SOS objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Additionally, the expert disclosure deadline is June 10, 2022, *see* Dkt. 96, and the expert witnesses have not yet completed their analyses. Subject to those objections:

> SOS was not involved in drawing districts and is not aware of any proposed map that would create an additional Latino-CVAP-majority district in Harris County consistent with traditional redistricting and legal requirements.

**Interrogatory No. 7:** In Paragraph 146 of your Answer, you deny that "the Latino population along the I-35 corridor in Caldwell, Hays and Travis counties is sufficiently numerous and geographically compact to constitute the majority of Hispanic [Citizen Voting Age Population] in a House district. However, Plan H2316 fails to create a Latino citizen voting age majority House district in that area." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of

each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

**Answer to Interrogatory No. 7:** SOS objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Further, the expert disclosure deadline is June 10, 2022, and the expert witnesses have not yet completed their analyses. Subject to those objections:

SOS was not involved in drawing districts and is not aware of any proposed map that would create an additional Latino-CVAP-majority district along the I-35 corridor in Caldwell, Hays, and Travis counties consistent with traditional redistricting criteria and legal requirements.

**Interrogatory No. 8:** In Paragraph 150 of your Answer, you deny that "Plan H2316 weakens Latino voting strength in House District 118 in Bexar County while simultaneously increasing Latino voting strength in nearby House Districts 117 and 124, two existing Latino opportunity districts in the county. Plan H2316 weakens House District 118 by manipulating population into and out of House District 117, 118 and 124 based on race, and strips Latino voters in HD118 of the opportunity to elect their candidate of choice." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

**Answer to Interrogatory No. 8:** SOS objects that this interrogatory is vague due to its undefined use of "Latino opportunity district," a term that is used in different ways. It is also vague due to its undefined use of the terms "Latino voting strength," "weaken," and "candidate of choice." SOS further objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that

providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Subject to those objections:

According to publicly available records, Representative Hunter publicly explained that his goals included "legal compliance" and that "race cannot be the predominant factor in drawing maps." [1] Representative Hunter also publicly explained that he followed "traditional redistricting criteria," including "ma[king] sure all districts are contiguous," "tr[ying] our best to avoid . . . incumbent pairings," "tr[ying] to draw districts based on precinct lines and avoid splits as much as possible," and "tr[ying] to draw districts as compact as possible."[2] According to the Texas Legislative Council, House District 118's citizen voting age population is 56.4% Hispanic and only 35.5% white. [3]

**Interrogatory No. 9:** In Paragraph 151 of your Answer, you deny that "Plan H2316 weakens Latino voting strength in House District 31 in the Rio Grande Valley by manipulating precincts into and out of the district based on race, and strips Latino voters in HD31 of the opportunity to elect their candidate of choice." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

> **Answer to Interrogatory No. 9:** SOS objects that this interrogatory is vague due to its undefined use of "Latino voting strength" and "candidate of choice." SOS further objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Subject to those objections:

---

[1] House Journal, 87th Leg., 3d C.S. at S2 (Oct. 12, 2021), https://journals.house.texas.gov/HJRNL/873/PDF/87C3DAY04CBSUPPLEMENT.PDF
[2] House Journal, 87th Leg., 3d C.S. at S3 (Oct. 12, 2021), https://journals.house.texas.gov/HJRNL/873/PDF/87C3DAY04CBSUPPLEMENT.PDF
[3] Texas Legislative Council, Plan H2316 Map Report Package at 36 of 63, https://data.capitol.texas.gov/dataset/71af633c-21bf-42cf-ad48-4fe95593a897/resource/e8a63cb9-001b-4b1f-a7f8-9106ccc80706/download/planh2316_map_report_package.pdf.

According to publicly available records, Representative Hunter publicly explained that his goals included "legal compliance" and that "race cannot be the predominant factor in drawing maps." [4] Representative Hunter also publicly explained that he followed "traditional redistricting criteria," including "ma[king] sure all districts are contiguous," "tr[ying] our best to avoid . . . incumbent pairings," "tr[ying] to draw districts based on precinct lines and avoid splits as much as possible," and "tr[ying] to draw districts as compact as possible." [5] According to the Texas Legislative Council, House District 31's citizen voting age population is 66.6% Hispanic and only 30.7% white. [6]

**Interrogatory No. 10:** In Paragraph 152 of your Answer, you deny that Plan H2316 "weakens Latino voting strength in House District 37 in the Rio Grande Valley by manipulating precincts into and out of the district based on race, and strips Latino voters in HD37 of the opportunity to elect their candidate of choice." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

> **Answer to Interrogatory No. 10:** SOS objects that this interrogatory is vague due to its undefined use of "Latino voting strength" and "candidate of choice." SOS further objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Subject to those objections:
>
> According to publicly available records, Representative Hunter publicly explained that his goals included "legal compliance" and that "race cannot be the predominant factor in drawing maps." [7] Representative Hunter also

---

[4] *See* fn.1.

[5] *See* fn.2.

[6] Texas Legislative Council, Plan H2316 Map Report Package at 33 of 63, https:// data.capitol.texas.gov/dataset/71af633c-21bf-42cf-ad48-4fe95593a897/resource/ e8a63cb9-001b-4b1f-a7f8-9106cce80706/download/planh2316_map_report_ package.pdf.

[7] *See* fn.1.

publicly explained that he followed "traditional redistricting criteria," including "ma[king] sure all districts are contiguous," "tr[ying] our best to avoid . . . incumbent pairings," "tr[ying] to draw districts based on precinct lines and avoid splits as much as possible," and "tr[ying] to draw districts as compact as possible."[8] According to the Texas Legislative Council, House District 37's citizen voting age population is 77.8% Hispanic and only 20.3% white.[9]

**Interrogatory No. 11:** In Paragraph 157 of your Answer, you deny that, as to House Districts 69, 71, 72, 74, 75, 77, 78, 79, 81, 82, 83, 84, 86, 87 and 88 in Plan H2316, "Defendants deliberately favored Anglo voters over Latino voters for the purpose of preserving Anglo voting influence and Anglo incumbency, and thwarting the emergence of an additional House district in which Latino voters have the opportunity to elect their candidate of choice—even as the rate of Anglo population growth in West Texas lags behind that of Latino population growth. The population deviations between West Texas House districts are not supported by any legitimate, consistently applied state policy and are tainted by discrimination." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

**Answer to Interrogatory No. 11:** SOS objects that this interrogatory is vague due to its undefined use of "favored," "Anglo voting influence," and "candidate of choice." SOS further objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Subject to those objections:

According to publicly available records, Representative Hunter publicly explained that his goals included "legal compliance" and that "race cannot

---

[8] _See_ fn.2.

[9] Texas Legislative Council, Plan H2316 Map Report Package at 34 of 63, https://data.capitol.texas.gov/dataset/71af633c-21bf-42cf-ad48-4fe95593a897/resource/e8a63cb9-001b-4b1f-a7f8-9106cce80706/download/planh2316_map_report_package.pdf.

be the predominant factor in drawing maps."[10] Representative Hunter also publicly explained that he followed "traditional redistricting criteria," including "ma[king] sure all districts are contiguous," "tr[ying] our best to avoid . . . incumbent pairings," "tr[ying] to draw districts based on precinct lines and avoid splits as much as possible," and "tr[ying] to draw districts as compact as possible."[11] In addition, Representative Hunter publicly explained why House District 76 was removed from the El Paso area: "El Paso District 76, it's a collapsed seat, yes, it is. El Paso or South Texas unfortunately had to lose a district due to loss of population in these areas and in slower growth zones. In response, as many of you know, new District 76 was drawn in Fort Bend County to accommodate the significant minority growth which is 33 percent Asian, 22 percent African American, 22 percent Hispanic."[12] Moreover, data available through the Texas Legislative Council reflects that many underpopulated districts have citizen voting age populations that are predominantly minority. For example, of the 12 house districts with the least population (less than 185,000), 4 are majority Hispanic by CVAP, 4 are majority black by CVAP, 2 have no majority race by CVAP, and only 2 are majority white by CVAP.[13]

**Interrogatory No. 12:** In Paragraph 159 of your Answer, you deny that "the Latino population of Texas is sufficiently numerous and geographically compact to comprise the majority of the [Citizen Voting Age Population] in at least 9 Senate districts—or at least two additional Latino citizen voting age majority Senate districts compared to the benchmark map." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

---

[10] House Journal, 87th Leg., 3d C.S. at S2 (Oct. 12, 2021), https://journals.house.texas.gov/HJRNL/873/PDF/87C3DAY04CBSUPPLEMENT.PDF

[11] House Journal, 87th Leg., 3d C.S. at S3 (Oct. 12, 2021), https://journals.house.texas.gov/HJRNL/873/PDF/87C3DAY04CBSUPPLEMENT.PDF

[12] Chairman Todd Hunter, House Redistricting Committee Hearing (Oct. 4, 2021), https://tlchouse.granicus.com/MediaPlayer.php?view_id=46&clip_id=22557.

[13] Texas Legislative Council, Plan H2316 Map Report Package at 33–37 of 63, https://data.capitol.texas.gov/dataset/71af633c-21bf-42cf-ad48-4fe95593a897/resource/e8a63cb9-001b-4b1f-a7f8-9106cce80706/download/planh2316_map_report_package.pdf.

**Answer to Interrogatory No. 12:** SOS objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Further, the expert disclosure deadline is June 10, 2022, *see* Dkt. 96, and the expert witnesses have not yet completed their analyses. Subject to those objections:

SOS was not involved in drawing districts and is not aware of any proposed map that would create nine Latino-CVAP-majority senate districts consistent with traditional redistricting criteria and legal requirements.

**Interrogatory No. 13:** In Paragraph 160 of your Answer, you deny that, "in South/Central Texas, between San Antonio and Austin along the I-35 corridor, the Latino population is sufficiently numerous and geographically compact to constitute the majority of the [Citizen Voting Age Population] in at least one additional Latino majority Senate district. However, Plan S2168 fails to create an additional Latino citizen voting age majority Senate district there." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

**Answer to Interrogatory No. 13:** SOS objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Further, the expert disclosure deadline is June 10, 2022, *see* Dkt. 96, and the expert witnesses have not yet completed their analyses. Subject to those objections:

SOS was not involved in drawing districts and is not aware of any proposed map that would create a Latino-CVAP-majority senate district consistent with traditional redistricting criteria and legal requirements in South/Central Texas, between San Antonio and Austin along the I-35 corridor.

**Interrogatory No. 14:** In Paragraph 161 of your Answer, you deny that, "in the Dallas/Ft. Worth Metroplex, the Latino population is sufficiently numerous and geographically compact to constitute the majority of the [Citizen Voting Age Population] in at least one additional Latino majority Senate district. However, Plan S2168 fails to create an additional Latino citizen voting age majority Senate district there." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

> **Answer to Interrogatory No. 14:** SOS objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Further, the expert disclosure deadline is June 10, 2022, *see* Dkt. 96, and the expert witnesses have not yet completed their analyses. Subject to those objections:
>
> SOS was not involved in drawing districts and is not aware of any proposed map that would create a Latino-CVAP-majority senate district consistent with traditional redistricting criteria and legal requirements in the Dallas/Ft. Worth Metroplex.

**Interrogatory No. 15:** In Paragraph 163 of your Answer, you deny that "Plan S2168 manipulates district boundaries in SD27 with the purpose of reducing Latino voting strength and making it more difficult for Latinos to elect their preferred candidates. Plan S2168 purposefully weakens Latino voting strength in Senate District 27, which is located in South Texas along the Gulf Coast, by manipulating precincts into and out of the district based on race, and reduces the ability [of] Latino voters in SD27 to elect their candidate of choice." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

> **Answer to Interrogatory No. 15:** SOS objects that this interrogatory is vague due to its undefined use of "Latino voting strength," "weakens,"

"preferred candidates," and "candidate of choice." SOS further objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Subject to those objections:

According to publicly available records, Senator Huffman publicly stated that she did not use "racial shading" when drawing the Senate map. Dkt. 39-41 at A-5; *see also id.* at A-31 ("We only shaded for partisan, as I've explained, not racial."). Senator Huffman also publicly explained that she "did not make map decisions based on racial determinations." *Id.* at A-21. According to the Texas Legislative Council, Senate District 27's citizen voting age population is 78.3% Hispanic and only 19.4% white.[14] Senator Lucio, a Hispanic incumbent who represented Senate District 27, voted in favor of the Senate map.[15]

**Interrogatory No. 16:** In Paragraph 166 of your Answer, you deny that, "[i]n Harris County, the Latino population is sufficiently numerous and geographically compact to constitute the majority of the [Citizen Voting Age Population] in an SBOE district. However, Plan E2106 fails to create a Latino citizen voting age majority district there." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

**Answer to Interrogatory No. 16:** SOS objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Further, pursuant to the scheduling order entered (Dkt.96),the expert disclosure deadline is June 10, 2022, and the

---

[14] Texas Legislative Council, Plan S2168 Map Report Package at 15 of 39, https://data.capitol.texas.gov/dataset/70836384-f10c-423d-a36e-748d7e000872/resource/e771ce59-d3af-46e7-beb4-f845a4196489/download/plans2168_map_report_package.pdf.

[15] Senate Journal, 87th Leg., 3d C.S. at 61–62 (Oct. 4, 2021), https://journals.senate.texas.gov/sjrnl/873/pdf/87S310-04-F.PDF.

expert witnesses have not yet completed their analyses. Subject to those objections:

SOS was not involved in drawing districts and is not aware of any proposed map that would create a Latino-CVAP-majority SBOE district consistent with traditional redistricting criteria and legal requirements in Harris County.

**Interrogatory No. 17:** In Paragraph 168 of your Answer, you deny that "Plan E2106 manipulates the district boundaries of ED3—a district in South Texas—with the purpose of reducing Latino voting strength and making it more difficult for Latinos to elect their preferred candidates. Defendants also purposefully manipulated district boundaries in South Texas on the basis of race to limit Latino electoral opportunity in ED2 and ED3." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

**Answer to Interrogatory No. 17:** SOS objects that this interrogatory is vague due to its undefined use of "Latino voting strength," "preferred candidates," and "limit Latino electoral opportunity." SOS further objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Subject to those objections:

According to publicly available records, legislators publicly explained priorities behind the SBOE map, including "following all applicable law, equalizing population across districts, preserving political subdivisions and communities of interest when possible, preserving the cores of previous districts to the extent possible, and achieving geographic compactness."[16] According to the Texas Legislative Council, SBOE District 2's citizen voting age population is 71.5% Hispanic and only 24.5% white.[17] According

---

[16] House Journal, 87th Leg., 3d C.S. at S138 (Oct. 15, 2021), https://journals.house.texas.gov/HJRNL/873/PDF/87C3DAY06CSUPPLEMENT.PDF.

[17] Texas Legislative Council, Plan E2106 Map Report Package at 13 of 25, https://data.capitol.texas.gov/dataset/ad1ae979-6df9-4322-98cf-6771cc67f02d/resource/335ccdc1-9fa5-47a9-8156-d8d4b6e75c60/download/plane2106_map_report_package.pdf.

to the Texas Legislative Council, SBOE District 3's citizen voting age population is 57.8% Hispanic and only 31.8% white.[18]

**Interrogatory No. 18:** In Paragraph 171 of your Answer, you deny that "[t]he Latino population of Texas is sufficiently numerous and geographically compact to comprise the majority of the [Citizen Voting Age Population] in at least three additional congressional districts compared to the benchmark maps." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

> **Answer to Interrogatory No. 18:** SOS objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Further, the expert disclosure deadline is June 10, 2022, *see* Dkt. 96, and the expert witnesses have not yet completed their analyses. Subject to those objections:

> SOS was not involved in drawing districts and is not aware of any proposed map that would create three additional Latino-CVAP-majority congressional districts consistent with traditional redistricting criteria and legal requirements.

**Interrogatory No. 19:** In Paragraph 172 of your Answer, you deny that, "[i]n Harris County, the Latino population is sufficiently numerous and geographically compact to comprise the majority of the [Citizen Voting Age Population] in at least one additional Latino majority congressional district. However, Plan C2193 fails to create an additional Latino majority congressional district there." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

---

[18] *Id.*

**Answer to Interrogatory No. 19:** SOS objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Further, the expert disclosure deadline is June 10, 2022, *see* Dkt. 96, and the expert witnesses have not yet completed their analyses. Subject to those objections:

SOS was not involved in drawing districts and is not aware of any proposed map that would create an additional Latino-CVAP-majority congressional district in Harris County consistent with traditional redistricting criteria and legal requirements.

**Interrogatory No. 20:** In Paragraph 173 of your Answer, you deny that, "[i]n the Dallas-Fort Worth area, the Latino population is sufficiently numerous and geographically compact to comprise the majority of the [Citizen Voting Age Population] in a congressional district. However, Plan C2193 fails to create an additional Latino citizen voting age majority congressional district there." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

**Answer to Interrogatory No. 20:** SOS objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Further, the expert disclosure deadline is June 10, 2022, *see* Dkt. 96, and the expert witnesses have not yet completed their analyses. Subject to those objections:

SOS was not involved in drawing districts and is not aware of any proposed map that would create an additional Latino-CVAP-majority congressional district in the Dallas-Fort Worth area consistent with traditional redistricting criteria and legal requirements.

**Interrogatory No. 21:** In Paragraph 174 of your Answer, you deny that, "[i]n South/Central Texas, in an area along the I-35 corridor from Bexar to Travis

counties, the Latino population is sufficiently numerous and geographically compact to comprise the majority of the [Citizen Voting Age Population] in a congressional district. The benchmark congressional redistricting plan continued such a district: CD35. However, Plan C2193 fails to create a Latino citizen voting age majority congressional district there." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

**Answer to Interrogatory No. 21:** SOS objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Further, the expert disclosure deadline is June 10, 2022, *see* Dkt. 96, and the expert witnesses have not yet completed their analyses. Subject to those objections:

SOS was not involved in drawing districts and is not aware of any proposed map that would create an additional Latino-CVAP-majority congressional district in South/Central Texas, in an area along the I-35 corridor from Bexar to Travis counties, consistent with traditional redistricting criteria and legal requirements.

**Interrogatory No. 22:** In Paragraph 175 of your Answer, you deny that, "[a]lso in South/Central Texas, in an area including Nueces, San Patricio, Bee, Goliad, Karnes, Gonzales, Caldwell, Bastrop and Travis counties, the Latino population is sufficiently numerous and geographically compact to comprise the majority of the [Citizen Voting Age Population] in a congressional district. However, Plan C2193 fails to create an additional Latino citizen voting age majority congressional district there." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

**Answer to Interrogatory No. 22:** SOS objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative priv-

ilege, attorney-client privilege, attorney work-product doctrine, or deliber-ative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information re-quested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Further, the expert disclosure deadline is June 10, 2022, *see* Dkt. 96, and the expert witnesses have not yet completed their analyses. Subject to those objections:

SOS was not involved in drawing districts and is not aware of any pro-posed map that would create an additional Latino-CVAP-majority congres-sional district in South/Central Texas, in an area including Nueces, San Patricio, Bee, Goliad, Karnes, Gonzales, Caldwell, Bastrop and Travis counties, consistent with traditional redistricting criteria and legal require-ments.

**Interrogatory No. 23:** In Paragraph 177 of your Answer, you deny that, "[i]n South Texas, Plan C2193 weakens Latino voting strength in Congressional District 15 by intentionally 'packing' Latino voters into neighboring Congres-sional District 34. Defendants manipulated district boundaries in CD15 with the purpose of reducing Latino voting strength and making it more difficult for Latinos to elect their preferred candidates." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) iden-tify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

**Answer to Interrogatory No. 23:** SOS objects that this interrogatory is vague due to its undefined use of "Latino voting strength," "weakens," "packing," and "preferred candidates." SOS further objects to this inter-rogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doc-trine, or deliberative-process privilege. SOS also objects that it is not re-quired to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Further, the expert disclosure deadline is June 10, 2022, *see* Dkt. 96, and the expert witnesses have not yet completed their analyses. Subject to those objections:

According to publicly available records, legislators publicly explained pri-orities behind the congressional map, including "complying with all appli-cable law, including the Constitution, the Voting Rights Act, the require-ment to equalize district populations based on the 2020 census, keeping

political subdivisions together, keeping communities of interest together, preserving the cores of existing districts, creating geographically compact districts, addressing partisan considerations, protecting incumbents, and, when possible, honoring reasonable requests made by incumbent members."[19] According to the Texas Legislative Council, Congressional District 15's citizen voting age population is 73.8% Hispanic and only 23.0% white.[20] That is virtually indistinguishable from Congressional District 15's citizen voting age population under the benchmark plan, which was 73.9% Hispanic and only 21.8% white.[21] According to the Texas Legislative Council, Congressional District 34's citizen voting age population is 86.6% Hispanic and only 12.0% white.[22]

**Interrogatory No. 24:** In Paragraph 178 of your Answer, you deny that "Plan C2193 also weakens the Latino voting strength in Congressional District 23 by intentionally manipulating precincts into and out of the district based on race, and denies Latino voters in CD23 of the opportunity to elect their candidate of choice." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

> **Answer to Interrogatory No. 24:** SOS objects that this interrogatory is vague due to its undefined use of the terms "Latino voting strength," "weakens," and "candidate of choice." SOS further objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the

---

[19] House Journal, 87th Leg., 3d C.S. at S157–S158 (Oct. 16, 2021), https://journals.house.texas.gov/HJRNL/873/PDF/87C3DAY07CSUPPLEMENT.PDF.

[20] Texas Legislative Council, Plan C2193 Map Report Package at 16 of 48, https://data.capitol.texas.gov/dataset/b806b39a-4bab-4103-a66a-9c99bcaba490/resource/b916a06b-b7e3-42fe-997c-d06f97cd1724/download/planc2193_map_report_package.pdf.

[21] Texas Legislative Council, Red-116 for Plan C2100 at 1 of 2, https://data.capitol.texas.gov/dataset/d76b111c-63a8-4868-b937-2f689d61060b/resource/91bf40d6-4dde-49ae-bd59-e94241f0adb6/download/planc2100r116_acs1519.pdf.

[22] Texas Legislative Council, Plan C2193 Map Report Package at 16 of 48, https://data.capitol.texas.gov/dataset/b806b39a-4bab-4103-a66a-9c99bcaba490/resource/b916a06b-b7e3-42fe-997c-d06f97cd1724/download/planc2193_map_report_package.pdf.

information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Subject to those objections:

According to publicly available records, legislators publicly explained priorities behind the congressional map, including "complying with all applicable law, including the Constitution, the Voting Rights Act, the requirement to equalize district populations based on the 2020 census, keeping political subdivisions together, keeping communities of interest together, preserving the cores of existing districts, creating geographically compact districts, addressing partisan considerations, protecting incumbents, and, when possible, honoring reasonable requests made by incumbent members."[23] According to the Texas Legislative Council, Congressional District 23's citizen voting age population is 57.8% Hispanic and only 35.1% white.[24]

**Interrogatory No. 25:** Please state the name, address, email address and telephone number of any and all individuals who were responsible for creating, drawing or proposing, either directly or by making suggestions to another, the boundaries of any district in each of the following redistricting plans: C2193, E2106, H2316 or S2168.

> **Answer to Interrogatory No. 25:** SOS objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that the interrogatory is overbroad and not justified by the needs of this case, especially with regard to districts that are not being challenged and unofficial proposals. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. SOS further objects that this interrogatory is unduly burdensome because much of the requested information is equally available to the LULAC Plaintiffs through public records. Subject to those objections:

---

[23] House Journal, 87th Leg., 3d C.S. at S157–S158 (Oct. 16, 2021), https://journals.house.texas.gov/HJRNL/873/PDF/87C3DAY07CSUPPLEMENT.PDF.

[24] Texas Legislative Council, Plan C2193 Map Report Package at 16 of 48, https://data.capitol.texas.gov/dataset/b806b39a-4bab-4103-a66a-9c99bcaba490/resource/b916a06b-b7c3-42fc-997c-d06f97cd1724/download/planc2193_map_report_package.pdf.

According to publicly available records, legislators have publicly stated that they received submissions from other members of the Texas Legislature.[25] Further, it is SOS's understanding that legislators are often assisted by staff and that at least some staff were involved in drawing or proposing, either directly or indirectly, the boundaries of a district. Based on publicly available records, specific individuals include Senator Huffman, Sean Opperman, Anna Mackin, Representative Hunter, and Adam Foltz.[26] District Viewer, which is available at https://dvr.capitol.texas.gov/, displays maps drawn or proposed by various legislators. Other individuals and groups were also able to draw or propose maps, including through Red Appl.

**Interrogatory No. 26:** In Paragraph 147 of your Answer, you deny that "the Latino population in Ector and Midland counties is sufficiently numerous and geographically compact to constitute the majority of the [Citizen Voting Age Population] in a House district. However, Plan H2316 fails to create a Latino citizen voting age majority House district in that area." Please (a) identify and describe all facts supporting your denial; (b) state the name, address, email address and telephone number of each person who has knowledge of those facts; (c) identify all documents, electronically stored information or other tangible things that support that denial; and (d) state the name, address, email address and telephone number of each person who has each document.

**Answer to Interrogatory No. 26:** SOS objects to this interrogatory exceeds the number of interrogatories allowed under Federal Rule of Civil Procedure 33(a)(1). SOS further objects to this interrogatory to the extent that it seeks disclosure of information subject to legislative privilege, attorney-client privilege, attorney work-product doctrine, or deliberative-process privilege. SOS also objects that it is not required to marshal its evidence at this stage and that providing all of the information requested is unduly burdensome, especially in light of the fact that SOS is not a member of the Legislature. Further, the expert disclosure deadline is June 10, 2022, *see* Dkt. 96, and the expert witnesses have not yet competed their analysis. Subject to those objections:

SOS was not involved in drawing districts and is not aware of any proposed map that would create an additional Latino-CVAP-majority district

---

[25] *See, e.g.,* House Journal, 87th Leg., 3d C.S. at S1 (Oct. 12, 2021), https://journals.house.texas.gov/HJRNL/873/PDF/87C3DAY04CBSUPPLEMENT.PDF ("We received quite a few member submissions. . . . We have attempted to accommodate many members' submissions. . . .").

[26] *See, e.g.,* Dkt. 39-51 at 12; House Journal, 87th Leg., 3d C.S. at S13 (Oct. 12, 2021), https://journals.house.texas.gov/HJRNL/873/PDF/87C3DAY04CBSUPPLEMENT.PDF.

in Ector and Midland Counties consistent with traditional redistricting criteria and legal requirements. According to the Texas Legislative Council, House District 81's citizen voting age population is 51.9% Hispanic and only 41.5% white.[27] House District 81 includes Ector County.

---

[27] Texas Legislative Council, Plan H2316 Map Report Package at 35 of 63, https://data.capitol.texas.gov/dataset/71af633c-21bf-42cf-ad48-4fe95593a897/resource/e8a63cb9-001b-4b1f-a7f8-9106cce80706/download/planh2316_map_report_package.pdf.