# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| League of United Latin American | ) | |
| Citizens, et al. | ) | |
| *Plaintiffs* | ) | |
| v. | ) | Civil Action No, 3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) | |
| *Defendants* | ) | |

**TEXAS LEGISLATIVE COUNCIL'S OBJECTIONS AND RESPONSES TO THE
UNITED STATES' SUBPOENA FOR DOCUMENTS AND RECORDS**

TO:   Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C. 20530; jasmin.lott@usdoj.gov; (202) 307-6321

Pursuant to the Federal Rules of Civil Procedure, the Texas Legislative Council ("TLC") hereby serves Objections and Responses to the United States' Subpoena for Documents and Records ("Subpoena").

Date: March 28, 2022                   Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

MURTAZA F. SUTARWALLA
Deputy Attorney General for Legal
Counsel

1

JOSHUA R. GODBEY
Division Chief
Financial Litigation and Charitable
Trusts Division

/s/ Lea N. Brigtsen
LEA N. BRIGTSEN
Assistant Attorney General Texas
State Bar No. 24054504
Telephone: (512) 475-4476
lea.brigtsen@oag.texas.gov

Financial Litigation and Charitable
Trusts Division
Office of the Attorney General
P.O. Box 12548 (MC-017)
Austin, Texas 78711-2548
Facsimile: (512) 477-2348

**Counsel for Texas Legislative Council**

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2022, the attached Texas Legislative
Council's Objections and Responses to the Unites States' Subpoena for
Documents and Records was served on opposing counsel via electronic email.

/s/ Lea N. Brigtsen
LEA N. BRIGTSEN
Assistant Attorney General Texas

## OBJECTIONS RELEVANT TO EACH REQUEST

TLC asserts that each of the following objections applies to each request in the Subpoena. The objections are provided below to avoid repeating the objections to definitions, scope, and other similar issues that affect each request.

Currently, there is no protective order in place between the United States Department of Justice ("DOJ") and TLC. To the extent that discoverable documents are identified and require additional protections to prevent public disclosure, those documents will be withheld and described in the responses but will not be produced until a protective order is entered by the Court.

TLC is a nonpartisan legislative agency of the State of Texas established under Chapter 323 of the Texas Government Code. TLC offers all Texas legislators legal services, research services, information technology services such as providing a system to the legislators in which the legislators may transmit, store, or maintain records, printing services, and other legislative services. As a legislative agency, TLC is afforded legislative privilege protection. Section 306.008 specifically establishes TLC's legislative privilege and codifies the attorney-client privilege for TLC's attorneys and staff. Tex. Gov. Code § 306.008. Pursuant to Section 323.017 of the Texas Government Code, all communications relating to a legislative request for "information, advice, or opinions" from a TLC employee are confidential and subject to legislative privilege. Tex. Gov. Code § 323.017. Pursuant to Section 323.018 of the Texas Government Code, all records relating to requests of TLC for the "drafting of proposed legislation or for assistance, information, advice, or opinion" are protected by legislative privilege and not public information. Tex. Gov. Code § 323.018.

Pursuant to Section 323.021(1) of the Texas Government Code, a "member of the legislature, the lieutenant governor, an officer of the house or senate, or a legislative agency, office, or committee that uses a system made available by the council to transmit, store, or maintain records possesses, maintains, or controls the records for purposes of litigation." TLC objects to the United States' requests to the extent they seek information in the possession, custody, or control of the parties in the lawsuit or information previously sought in the United States' subpoenas served on individual legislators and legislative staff. Any non-privileged responsive information sought from these individuals would be produced in response to the

previously served discovery requests or subpoenas. It would be duplicative and overly burdensome to require TLC to produce this same information. Further, these documents are statutorily the legislators', not TLC's. Thus, the proper vehicle to request this information is from the legislators themselves, not TLC.

TLC further objects to the extent the requests seek information on TLC's system that is transmitted, stored, or maintained by the other Texas legislators or their legislative staff and are not subject to the United States' subpoenas or other discovery requests directed at parties because this information is not relevant to the parties' claims or defenses, not proportionate to the needs of the case, and it would be unduly burdensome to require TLC to provide this information. Further, these documents are statutorily the legislators', not TLC's. Thus, the proper vehicle to request this information is from the legislators themselves, not TLC.

Given TLC's statutory role in providing services to the legislators in connection with performing their duties as legislators, much of the requested information relates directly to legislative activities and is subject to legislative privilege. Further, TLC provides legal services to the legislators and to the extent the requests seek this protected information, TLC asserts that this information is protected by the attorney-client privilege and attorney-work product doctrine.

TLC objects to the timeframe of January 1, 2019 to the present in the subpoena as overly broad. The claims and defenses in the litigation pertain to redistricting maps that were drawn using data that was released in 2021. The Census Bureau released basic apportionment totals on April 26, 2021, and only released the detailed population data by race and ethnicity needed for redistricting on August 21, 2021. Thus, requesting documents beginning in January 1, 2019 is overly broad, will likely produce irrelevant information, and is disproportionate to the needs of the case.

Pursuant to Rule 45(d)(1), the party issuing the subpoena must take reasonable steps to avoid imposing an undue burden or expense on a party subject to a subpoena. Here, the requests are so overly broad that much of the information sought is not relevant to the parties' claims or defenses in the litigation or proportional to the needs of the case. Requiring nonparty TLC to run overly broad searches and review 1000s of documents based on these overly broad requests will impose an undue burden or significant expense on TLC. Accordingly, if the requests

are not revised to reasonable requests, TLC will seek reimbursement of reasonable costs and attorneys' fees.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

TLC objects to the definitions of "Legislator or their staff" and "Member of the U.S. House of Representatives or their staff", "individual person", "entity", and "organization". See ¶¶2-3, 9-10. The proposed definitions and instructions are overly broad and inaccurate. They improperly group all persons and entities having any relation to a particular person or entity or organization when that individual person is independent of those other persons or entities. TLC objects to including these other persons or entities without specifically providing by name.

TLC further objects to the extent the definition of "document" in Instruction 1 requires the production of drafts of documents prepared by TLC without the direction of the Texas legislature. As part of its nonpartisan duty to support the redistricting process, TLC prepared a variety of guides and reports intended to assist the legislature in the redistricting process. The claims and defenses in the litigation pertain to redistricting maps that were drawn using reports and guidance provided by TLC, but do not relate to unreleased drafts of those reports or guidance documents. Requesting these documents is overly broad, will likely produce irrelevant information, and is disproportionate to the needs of the case.

TLC does not agree to the search terms proposed by the United States and further objects to the proposed search terms as overly broad, not proportional to the needs of the case, and likely to produce irrelevant information not related to the parties' claims or defenses in the litigation. For example, the proposed search terms for Request No. 1 seek all documents with a version of the word "redistrict" without any additional limitations and the proposed search terms for Request No. 3 seeks all documents with the word "district" or "map" without any other limitation. These search terms are merely fishing expeditions without a focus on the actual controversy of the litigation. TLC objects to the search terms because requiring TLC to run these searches and review 1000s of irrelevant documents is unduly burdensome and will force TLC to incur unnecessary and unreasonable expense.

As noted above, TLC objects to the prescribed time period in Instruction 21 which provides that the relevant time period is January 1, 2019, to the present. This litigation pertains to redistricting of maps that were drawn using data that was released in 2021. Accordingly, the time period beginning in January 1, 2019 is seeking irrelevant information that does not relate to the litigation at issue and overly broad.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**Document Request 1.** All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal, draft proposal, or proposed amendment, or draft amendment drawn, discussed, or considered. This request includes but is not limited to:

    a. documents relating to the origination(s) or source(s) of any such redistricting proposal;

    b. documents relating to the impetus, rationale, background, or motivation for any such redistricting proposal;

    c. documents relating to the development, consideration, or revision of any such redistricting proposal, including but not limited to shapefiles, map images, any other files or datasets used in mapping software, RED reports not available on DistrictViewer, PAR reports, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to voter registration, Spanish surname voter registration, Spanish surname turnout, and reconstituted election results), compactness analyses, precinct or VTD information, precinct or VTD splits, city and council splits, partisan indices, party affiliation, population shifts, district population analyses, population deviations, or changing census geography;

    d. documents relating to the pairing of incumbents;

    e. documents relating to the comparison of redistricting proposals;

f. documents relating to negotiations regarding any redistricting proposal;

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact of any such redistricting proposal or the potential implementation of such proposal, including (1) on voters who are member of racial, ethnic, or language minority groups; (2) on districts in which voters who are members of racial or language minority groups make up a majority of the eligible voter population (3) on districts that provide voters who are members of racial, ethnic, or language minority groups with the opportunity to elect their preferred candidates; (4) on districts in which an opportunity is emerging for voters who are members of racial, ethnic, or language minority groups to elect their preferred candidates; or (5) voter turnout, including any specific analysis of Spanish surname voter turnout or turnout among any racial, ethnic, or language minority group;

h. all documents relating to whether any redistricting proposal complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses; and

i. all other reports or analyses relating to redistricting proposals that drafted, discussed, examined, or reviewed by the Texas Legislative Council or its personnel.

**Objections and Response:** TLC objects to Request 1 as overly broad because it seeks "all documents relating to any redistricting proposal" without any limitations. Conducting a search of this scope without any reasonable limitation is overly broad, disproportionate to the needs of the case, and will lead to irrelevant documents. TLC is not a party to this litigation and should not be required to search and produce all documents relating to any redistricting proposal when the litigation itself is only focused on certain redistricting proposals. Such a facially overbroad request creates an undue burden on TLC to conduct a search of this scope without any reasonable limitation.

TLC further objects to Request 1 to the extent it seeks documents sought in the United States' subpoenas that have been previously served on individual legislators and staff or documents sought in discovery requests to the parties in the

litigation. Pursuant to Section 323.021 of the Texas Government Code, legislative members use TLC's systems to transmit, store, or maintain the records of their office. At all times, the legislative members have custody, control, and possession of those records and the information is statutorily the legislators' for purposes of litigation. These documents are subject to legislative privilege as well as attorney client privilege. Any non-privileged responsive documents sought from these individuals would be produced in response to their individual subpoenas. It is duplicative and overly burdensome to require TLC to produce these same documents.

TLC further objects to the extent Request 1 seeks documents transmitted, stored, or maintained for the other Texas legislators or their legislative staff that are not currently subject to subpoenas. These documents are subject to legislative privilege as well as attorney client privilege. These documents are not relevant to the parties' claims or defenses, not proportionate to the needs of the case, and it would be unduly burdensome to require TLC to provide these documents.

TLC further objects to Request 1 because it seeks documents that may be subject to legislative privilege, attorney-client privilege, attorney-work product privilege, or are protected from disclosure by Texas Government Code §§ 306.008, 323.017, and 323.018. Specifically, documents concerning "analyses, from any source", "negotiations regarding any redistricting proposal", and "documents relating to the development, consideration, or revision of any such redistricting proposal" are likely to encompass documents that are protected by legislative privilege, attorney client privilege, or the attorney-work product doctrine.

Request 1 seeks "the origination(s)" and "the impetus, rationale, background, or motivation" of legislative proposals which impermissibly seeks to expose thought processes and mental impressions making them subject to legislative privilege. Requesting analyses that were "considered by" the Legislature, "draft in the development or revision of" redistricting proposals, "negotiations" and "calculations, reports, audits, estimates, projections, or other analyses" are similarly subject to legislative privilege.

To the extent Request 1 seeks legal analysis concerning the "effect or impact" of redistricting proposals or compliance with the Voting Rights Act, TLC

objects on the basis that the request seeks information that is protected by the attorney-client privilege or attorney work product doctrine.

TLC further objects to Request 1 because it is overly broad in that it seeks all documents relating to any redistricting proposal for the Texas delegation, including "all other reports or analyses that were drafted, discussed, examined, or reviewed" by the TLC. As discussed above, TLC provides legislative, legal services, copying services, and other information technology services to the Texas Legislature. The documents requested may be subject to the legislative privilege, attorney client privilege, or work-product doctrine. Further, TLC objects to this request to the extent the request seeks reports or analyses concerning these services that are not relevant to any of the claims or defenses in the case.

TLC also objects to this request to the extent it seeks nonparty TLC to produce publicly available documents that are equally accessible to Plaintiff, a party in this litigation. The publicly available data includes maps, data sets, election analyses, amendments, information concerning the pairing of incumbents, and other general information concerning redistricting. This information is available at https://redistricting.capitol.texas.gov/, https://dvr.capitol.texas.gov/, and https://data.capitol.texas.gov/topic/redistricting. To the extent the request seeks such information specifically considered by specific legislators, the request calls for information subject to the legislative privilege, attorney-client privilege, attorney-work product privilege, or protected from disclosure by Texas Government Code §§ 306.008, 323.017, and 323.018.

TLC is conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of the response deadline of March 30, 2022, to the extent they are not withheld based upon any of the foregoing privileges or objections. If responsive documents subject to privilege, objection, or both, are identified during this process, this response will be supplemented to reflect that such documents are being withheld.

**Document Request 2**. All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to workshops, trainings, planning, timing, hearings, outreach,

publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

**Objections and Response**: TLC objects to Request 2 as overly broad because it seeks "all documents relating to the redistricting process" without any limitations. Conducting a search of this scope without any reasonable limitation is overly broad, disproportionate to the needs of the case, and will lead to irrelevant documents. TLC is not a party to this litigation and should not be required to search and produce all documents relating to redistricting. Such a facially overbroad request creates an undue burden on TLC to conduct a search of this scope without any reasonable limitation. This overly broad request will undoubtedly apply to many documents that are irrelevant to the claims and defenses in this litigation.

TLC further objects to Request 2 to the extent it seeks documents sought in the United States' subpoenas that have been previously served on individual legislators and staff or documents sought in discovery requests to the parties in the litigation. Pursuant to Section 323.021 of the Texas Government Code, legislative members use TLC's systems to transmit, store, or maintain the records of their office. At all times, the legislative members have custody, control, and possession of those records and the information is statutorily the legislators' for purposes of litigation. These documents are subject to legislative privilege as well as attorney client privilege and attorney-work product privilege. Any non-privileged responsive documents sought from these individuals would be produced in response to their individual subpoenas. It is duplicative and overly burdensome to require TLC to produce these same documents.

TLC further objects to the extent Request 2 seeks documents transmitted, stored, or maintained for the other Texas legislators or their legislative staff that are not currently subject to subpoenas. These documents are subject to legislative privilege as well as attorney client privilege and attorney-work product privilege. These documents are not relevant to the parties' claims or defenses, not proportionate to the needs of the case, and it would be unduly burdensome to require TLC to provide these documents.

TLC further objects to Request 2 because it seeks documents that are subject to legislative privilege, attorney-client privilege, attorney-work product privilege, or are protected from disclosure by Texas Government Code §§ 306.008, 323.017,

and 323.018. Specifically, "all documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives" are likely to encompass documents that are protected by legislative privilege, attorney client privilege, or the attorney-work product doctrine.

Specifically, Request 2 seeks documents relating to the planning, deadlines, and limitations of the redistricting process. These documents seek mental impressions and legislative strategy which are protected by the legislative privilege. To the extent this request seeks mental impressions and work product of attorneys providing legal advice concerning deadlines and limitations of the redistricting process, these documents are protected by the attorney-client privilege and work product doctrine.

TLC also objects to this request to the extent it seeks TLC to produce publicly available documents that are equally accessible to Plaintiff, a party in this litigation. The publicly available data includes information that may be found at the following websites: https://senate.texas.gov/index.php; https://house. texas.gov/; https://capitol.texas.gov/Home.aspx; https://redistricting.capitol.texas.gov/, https://dvr.capitol.texas.gov/, https://data.capitol.texas.gov/topic/redistricting; https://redistricting.capitol.texas.gov/req, and https://redistricting.capitol.texas.gov/publications.

TLC is conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of the response deadline of March 30, 2022, to the extent they are not withheld based upon any of the foregoing privileges or objections. If responsive documents subject to privilege, objection, or both, are identified during this process, this response will be supplemented to reflect that such documents are being withheld.

**Document Request 3**. All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

**Objections and Response:** TLC objects to Request 3 to the extent it seeks documents sought in the United States' subpoenas that have been previously

served on individual legislators and staff or documents sought in discovery requests to the parties in the litigation. Pursuant to Section 323.021 of the Texas Government Code, legislative members use TLC's systems to transmit, store, or maintain the records of their office. At all times, the legislative members have custody, control, and possession of those records and the information is statutorily the legislators' for purposes of litigation. These documents are subject to legislative privilege as well as attorney client privilege and attorney-work product privilege. Any non-privileged responsive documents sought from these individuals would be produced in response to their individual subpoenas. It is duplicative and overly burdensome to require TLC to produce these same documents.

TLC further objects to the extent Request 3 seeks documents transmitted, stored, or maintained for the other Texas legislators or their legislative staff that are not currently subject to subpoenas. These documents are subject to legislative privilege as well as attorney client privilege and attorney-work product privilege. These documents are not relevant to the parties' claims or defenses, not proportionate to the needs of the case, and it would be unduly burdensome to require TLC to provide these documents.

TLC further objects to Request 3 because it seeks documents that are subject to legislative privilege, attorney-client privilege, attorney-work product privilege, deliberative process privilege, or are protected from disclosure by Texas Government Code §§ 306.008, 323.017, and 323.018. Specifically, "calculations, reports, audits, estimates, projects or other analyses" are likely to encompass documents that are protected by legislative privilege, attorney client privilege, or the attorney-work product doctrine. Documents used for the purpose of drafting legislation are at the heart of the legislative privilege and as such are protected by this privileged. Moreover, to the extent the request seeks analyses of attorneys providing legal advice, these documents are protected by the attorney-client privilege or work product doctrine.

TLC also objects to Request 3 because it is overly broad in seeking "all documents relating to voting patterns in Texas elections". The United States' claims in the litigation are limited to certain districts in the Texas House of Representatives map and Congressional map. To the extent the request seeks documents relating to the districts not at issue, TLC objects to those documents as not relevant.

TLC also objects to this request to the extent it seeks TLC to produce publicly available documents that are equally accessible to Plaintiff, a party in this litigation. The publicly available data includes information that may be found at the following websites: https://redistricting.capitol.texas.gov/, https://dvr.capitol.texas.gov/, and https://data.capitol.texas.gov/topic/redistricting.

TLC is conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of the response deadline of March 30, 2022, to the extent they are not withheld based upon any of the foregoing privileges or objections. If responsive documents subject to privilege, objection, or both, are identified during this process, this response will be supplemented to reflect that such documents are being withheld.

**Document Request 4**. All documents relating to the criteria, requirements, priorities, or guidelines used or proposed to be used in redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives.

**Objections and Response**: TLC objects to Request 4 to the extent it seeks documents sought in the United States' subpoenas that have been previously served on individual legislators and staff or documents sought in discovery requests to the parties in the litigation. Pursuant to Section 323.021 of the Texas Government Code, legislative members use TLC's systems to transmit, store, or maintain the records of their office. At all times, the legislative members have custody, control, and possession of those records and the information is statutorily the legislators' for purposes of litigation. These documents are subject to legislative privilege as well as attorney client privilege and attorney-work product privilege. Any non-privileged responsive documents sought from these individuals would be produced in response to their individual subpoenas. It is duplicative and overly burdensome to require TLC to produce these same documents.

TLC further objects to the extent Request 4 seeks documents transmitted, stored, or maintained for the other Texas legislators or their legislative staff that are not currently subject to subpoenas. These documents are subject to legislative privilege as well as attorney client privilege and attorney-work product privilege. These documents are not relevant to the parties' claims or defenses, not

proportionate to the needs of the case, and it would be unduly burdensome to require TLC to provide these documents.

TLC further objects to Request 4 because it seeks documents that are subject to legislative privilege, attorney-client privilege, attorney-work product privilege, deliberative process privilege, or are protected from disclosure by Texas Government Code §§ 306.008, 323.017, and 323.018. Specifically, "criteria, requirements", or "guidelines used or proposed to be used in redistricting" are likely to encompass documents that are protected by legislative privilege, attorney client privilege, or the attorney-work product doctrine. Documents used for the purpose of drafting legislation are at the heart of the legislative privilege and as such are protected by this privileged. Moreover, to the extent the request seeks analyses of attorneys providing legal advice, these documents are protected by the attorney-client privilege or work product doctrine.

TLC also objects to this request to the extent it seeks nonparty TLC to produce publicly available documents that are equally accessible to Plaintiff, a party in this litigation. The publicly available data includes information that may be found at the following websites: https://redistricting.capitol.texas.gov/reqs and https://redistricting.capitol.texas.gov/publications.

TLC is conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of the response deadline of March 30, 2022, to the extent they are not withheld based upon any of the foregoing privileges or objections. If responsive documents subject to privilege, objection, or both, are identified during this process, this response will be supplemented to reflect that such documents are being withheld.

**Document Request 5**. All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Texas Legislative Council, the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator or their staff, the House Committee on Redistricting or members and staff thereof, the Senate Special Committee on Redistricting or members and staff thereof, the Conference Committee regarding Senate Bill 6 or members and staff thereof, any member of the U.S. House of

Representatives or their staff, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

**Objections and Response:** TLC objects to Request 5 as overly broad because it seeks "all documents relating to redistricting" without any limitations. Although the request appears at first blush to be bound by specific persons and entities, the end of the request provides that the request applies to "any political action committee", "any lobbyist", "any political activist or operative", "any other governmental entity", "any local elected official in Texas", "any consultant", "any expert", "any law firm or attorney", "any vendor", "any other political or community group or organization", or "any member of the public". These last phrases essentially swallow the entire the request making it "all documents relating to redistricting" "exchanged between, among, with, or within" anyone at all. Conducting a search of this scope without any reasonable limitation is overly broad, disproportionate to the needs of the case, and will lead to irrelevant documents. TLC is not a party to this litigation and should not be required to search and produce all documents relating to redistricting. Such a facially overbroad request creates an undue burden on TLC to conduct a search of this scope without any reasonable limitation.

TLC objects to Request 5 to the extent it seeks documents sought in the United States' subpoenas that have been previously served on individual legislators and staff or documents sought in discovery requests to the parties in the litigation. Pursuant to Section 323.021 of the Texas Government Code, legislative members use TLC's systems to transmit, store, or maintain the records of their office. At all times, the legislative members have custody, control, and possession of those records and the information is statutorily the legislators' for purposes of litigation. These documents are subject to legislative privilege as well as attorney client

privilege and attorney-work product privilege. Any non-privileged responsive documents sought from these individuals would be produced in response to their individual subpoenas. It is duplicative and overly burdensome to require TLC to produce these same documents.

TLC further objects to the extent Request 5 seeks documents transmitted, stored, or maintained for the other Texas legislators or their legislative staff that are not currently subject to subpoenas. These documents are subject to legislative privilege as well as attorney client privilege and attorney-work product privilege. These documents are not relevant to the parties' claims or defenses, not proportionate to the needs of the case, and it would be unduly burdensome to require TLC to provide these documents.

TLC further objects to Request 5 because it seeks documents that are subject to legislative privilege, attorney-client privilege, attorney-work product privilege, or are protected from disclosure by Texas Government Code §§ 306.008, 323.017, and 323.018. Specifically, the request seeks "communications" between legislators and TLC that are likely to encompass documents that are protected by legislative privilege to the extent they seek communications relating to deliberations by legislators concerning pending bills. Similarly, to the extent the request seeks communications between the office of the Governor, the office of the Representative, the office of the Secretary of State, and other similar parties, these documents similarly are protected by legislative privilege as state officials outside the legislative branch are still entitled to legislative privilege when performing legislative functions. Further, communications between the legislators and TLC that concern legal advice may be protected by the attorney-client privilege and attorney-work product doctrine.

TLC also objects to this request to the extent it seeks nonparty TLC to produce publicly available documents that are equally accessible to Plaintiff, a party in this litigation. The publicly available data includes information that may be found at the following websites: https://redistricting.capitol.texas.gov/reqs; https://redistricting.capitol.texas.gov/publications; https://redistricting.capitol.texas.gov/, https://dvr.capitol.texas.gov/, and https://data.capitol.texas.gov/topic/redistricting.

TLC is conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of the response deadline of March 30, 2022, to the extent they are not withheld based upon any of the foregoing privileges or objections. If responsive documents subject to privilege, objection, or both, are identified during this process, this response will be supplemented to reflect that such documents are being withheld.

**Document Request 6**. All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives in the possession, custody, or control of the Texas Legislative Council, including documents located on any email server or on any shared or network drive, such as the "X-Drive" space assigned to individual legislators or their staff and the "Y-Drive" space shared between legislators or their staff. This request includes emails, memoranda, correspondence, calendar invitations, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, public statements, or other communications.

**Objections and Response**: TLC objects to Request 6 because it is facially overly broad in that it seeks "all other documents relating to redistricting" without any limitations. Conducting a search of this scope without any reasonable limitation is overly broad, disproportionate to the needs of the case, and will lead to irrelevant documents. TLC is not a party to this litigation and should not be required to search and produce all other documents relating to redistricting. Such a facially overbroad request creates an undue burden on TLC to conduct a search of this scope without any reasonable limitation.

TLC further objects to Request 6 to the extent it seeks documents sought in the United States' subpoenas that have been previously served on individual legislators and staff or documents sought in discovery requests to the parties in the litigation. Pursuant to Section 323.021 of the Texas Government Code, legislative members use TLC's systems to transmit, store, or maintain the records of their office. At all times, the legislative members have custody, control, and possession of those records and the information is statutorily the legislators' for purposes of litigation. These documents are subject to legislative privilege as well as attorney client privilege and attorney-work product privilege. Any non-privileged responsive documents sought from these individuals would be produced in response to their

individual subpoenas. It is duplicative and overly burdensome to require TLC to produce these same documents.

TLC further objects to the extent Request 6 seeks documents transmitted, stored, or maintained for the other Texas legislators or their legislative staff that are not currently subject to subpoenas. These documents are subject to legislative privilege as well as attorney client privilege and attorney-work product privilege. These documents are not relevant to the parties' claims or defenses, not proportionate to the needs of the case, and it would be unduly burdensome to require TLC to provide these documents.

TLC further objects to Request 6 because it seeks documents that are subject to legislative privilege, attorney-client privilege, attorney-work product privilege, or are protected from disclosure by Texas Government Code §§ 306.008, 323.017, and 323.018. Specifically, "presentations, studies, advocacy, letters, or other communications" are likely to encompass documents that are protected by legislative privilege, attorney client privilege, or the attorney-work product doctrine. This request seeks the metal impressions of legislators concerning legislation which is covered by the legislative privilege. Further, to the extent the request seeks mental impressions and legal advice of attorneys, those documents are protected by the attorney-client privilege and work product privilege.

TLC also objects to this request to the extent it seeks nonparty TLC to produce publicly available documents that are equally accessible to Plaintiff, a party in this litigation. The publicly available data includes information that may be found at the following websites: https://redistricting.capitol.texas.gov/reqs; https://redistricting.capitol.texas.gov/publications; https://redistricting.capitol.texas.gov/, https://dvr.capitol.texas.gov/, and https://data.capitol.texas.gov/topic/redistricting.

TLC is conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of the response deadline of March 30, 2022, to the extent they are not withheld based upon any of the foregoing privileges or objections. If responsive documents subject to privilege, objection, or both, are identified during this process, this response will be supplemented to reflect that such documents are being withheld.

**Document Request 7**. All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Texas Legislative Council, the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator or their staff, the House Committee on Redistricting or members and staff thereof, the Senate Special Committee on Redistricting or members and staff thereof, the Conference Committee regarding Senate Bill 6 or members and staff thereof, any member of the U.S. House of Representatives or their staff, any candidate for the Texas House, any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

**Objections and Response**: TLC objects to Request 7 as overly broad because it seeks "all documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language, minority status, or United States citizenship" without any limitations. Although the request appears at first blush to be bound by specific persons and entities, the end of the request provides that the request applies to "any political action committee", "any lobbyist", "any political activist or operative", "any other governmental entity", "any consultant" "any expert", "any law firm or attorney", "any vendor", "any other group or organization", or "any member of the public". These last phrases essentially undue the limitations at the beginning and swallow the entirety of the request. Conducting a search of this scope without any reasonable limitation is overly broad, disproportionate to the needs of the case, and will lead to irrelevant documents. TLC is not a party to this litigation and should not be required to search and produce all documents relating to redistricting. Such a facially overbroad request creates an undue burden on TLC to conduct a search of this scope without any reasonable limitation.

TLC further objects to Request 7 to the extent it seeks documents sought in the United States' subpoenas that have been previously served on individual legislators and staff or documents sought in discovery requests to the parties in the litigation. Pursuant to Section 323.021 of the Texas Government Code, legislative members use TLC's systems to transmit, store, or maintain the records of their office. At all times, the legislative members have custody, control, and possession of those records and the information is statutorily the legislators' for purposes of litigation. These documents are subject to legislative privilege as well as attorney client privilege and attorney-work product privilege. Any non-privileged responsive documents sought from these individuals would be produced in response to their individual subpoenas. It is duplicative and overly burdensome to require TLC to produce these same documents.

TLC further objects to the extent Request 7 seeks documents transmitted, stored, or maintained for the other Texas legislators or their legislative staff that are not currently subject to subpoenas. These documents are subject to legislative privilege as well as attorney client privilege and attorney-work product privilege. These documents are not relevant to the parties' claims or defenses, not proportionate to the needs of the case, and it would be unduly burdensome to require TLC to provide these documents.

TLC further objects to Request 7 to the extent it seeks documents that are subject to legislative privilege, attorney-client privilege, attorney-work product privilege, or are protected from disclosure by Texas Government Code §§ 306.008, 323.017, and 323.018. To the extent the request seeks communications between TLC and legislators, communications concerning or relating to deliberations by legislators about pending bills and their other legislative duties are legislative acts protected by the legislative privilege. Similarly, to the extent the request seeks communications between the office of the Governor, the office of the Representative, the office of the Secretary of State, and other similar parties, these documents similarly are protected by legislative privilege as state officials outside the legislative branch are still entitled to legislative privilege when performing legislative functions. Further, communications between the legislators and TLC that concern legal advice may be protected by the attorney-client privilege and attorney-work product doctrine.

TLC is conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of the response deadline of March 30, 2022, to the extent they are not withheld based upon any of the foregoing privileges or objections. If responsive documents subject to privilege, objection, or both, are identified during this process, this response will be supplemented to reflect that such documents are being withheld.

**Document Request 8**. All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Michael Best Strategies, any legislator or their staff, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

**Objections and Response**:

TLC objects to Request 8 as overly broad to the extent that it seeks "all documents relating to payment for services", "agreements of employment", "agreements of confidentiality", "any other type of contract relating to redistricting" and includes "any consultant", "any political operative", "any expert"," "any other attorney", "any other vendor" or "any other person or entity". Conducting a search of this scope that could essentially include any person or entity without any reasonable limitation is overly broad, disproportionate to the needs of the case, and will lead to irrelevant documents. The request does not indicate how these documents are related to the claims or defenses of the litigation.

TLC further objects to Request 8 seeking documents relating to redistricting that include "the Office of the Texas Attorney General", "any other law firm", and "any other attorney" to the extent it seeks documents protected by attorney-client privilege or the attorney-work product doctrine.

TLC further objects to Request 8 to the extent the request seeks documents that are protected by the legislative privilege. Documents relating to services

provided by third parties for a legislative purpose are protected by the legislative privilege.

TLC is conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of the response deadline of March 30, 2022, to the extent they are not withheld based upon any of the foregoing privileges or objections. If responsive documents subject to privilege, objection, or both, are identified during this process, this response will be supplemented to reflect that such documents are being withheld.