# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SHANNON PEREZ, ET AL, | § |
| Plaintiffs, | § |
| v. | § Civ. No. SA-11-CV-360-OLG-JES-XR |
| RICK PERRY, ET AL. | § |
| Defendant. | § |

## ORDER

On this day the Court considered Plaintiff-Intervenor African-American Congress members's (hereinafter "Plaintiff") motion to compel deposition testimony from Representative Drew Darby, Chairman of the Texas House Redistricting Committee. Doc. No. 1069. After careful consideration, the motion is GRANTED IN PART and DENIED IN PART.

## ANALYSIS

On May 20, 2014, Plaintiff's counsel took Chairman Darby's deposition. Chairman Darby, acting on the advice of counsel, declined to answer numerous questions on the grounds of legislative privilege or attorney-client privilege. Thereafter, Plaintiff filed the instant motion to compel in which it contends that neither privilege applies. Doc. No. 1069.

Much of Plaintiff's questioning pertains to matters covered by legislative privilege. Plaintiff's queries focused largely on whether Chairman Darby had reviewed certain documents or whether he had taken certain steps to investigate certain minority group complaints. *See* Doc. No. 1084. Ex. 2 (Rep. Darby Depo). Another line of inquiry dealt with whether Chairman Darby had conversations with other legislators about the plans. *Id.* at 155:22 ("Did you -- did you have

1

a discussion with any other legislator about whether the map violated Section 2, C235?"). These questions are necessarily directed at eliciting responses that pertain to either Chairman Darby's thought processes or the communications he had with other legislators. Plaintiff argues that Chairman Darby refused to proffer sufficient facts to show that his responses would be privileged. However, the very nature of the questions posed to Chairman Darby indicates that any putative responses would pertain to privileged material. Finally, in a hearing on this motion Plaintiff's counsel raised in passing the argument that the legislative privilege should not apply here. Although the legislative privilege is a qualified one, Plaintiff has not met its burden of establishing that the factors outlined in *Rodriguez v. Pataki*, 293 F. Supp. 2d 302, 304 (S.D.N.Y. 2003) weigh in favor of discarding the privilege in this case.

The same analysis does not apply to questions pertaining to the recess meeting that occurred between the Republican Caucus and a representative from OAG. Although Chairman Darby initially asserted the legislative privilege with respect to this line of questioning, he did not do so with respect to the follow-up questions. Rep. Darby Depo. at 138-40 (objecting on attorney-client privilege grounds only). With respect to the questions for which he did not assert legislative privilege, such a legislative privilege objection is considered waived. *See Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993); *see also United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir. 1982) (Noting that blanket assertions of privilege are disfavored and finding that "[t]he privilege must be specifically asserted with respect to particular documents").

That does not resolve the issue because Chairman Darby declined to answer the majority of these questions on the grounds of the attorney-client privilege. *See* Rep. Darby Depo at p. 137-140. In a prior segment of his deposition, Chairman Darby admitted that the Texas Office

2

of the Attorney General ("OAG") "is not the attorney for the Republican Caucus." Rep. Darby Depo at 108:6-9. This is consistent with OAG's long-standing position in this case that it does not represent all individual legislators. Nevertheless, the State contends that communications that occurred during the Republican Caucus meeting are covered by the common legal interest extension of the attorney-client privilege. Doc. No. 1084 at p. 7. Specifically, the State argues that the Republican Caucus "members had a common legal interest in seeing the maps upheld." *Id.*

It is well settled that the party asserting the privilege has the burden of establishing its applicability. *See Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985). "Disclosure of attorney-client communications to a third party who lacks a common legal interest waives the attorney-client privilege." *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 134 (E.D. Tex. 2003) (citing *In re Auclair*, 961 F.2d 65, 69 (5th Cir. 1992). Inasmuch as Chairman Darby does not recall who was physically present at the meeting, he has not established that the communications were sufficiently confidential such that attorney client privilege would apply on the basis of a common legal interest. Darby Depo. at 107:4-16 (Testimony that Chairman Darby lacked recollection of who was at the meeting). "The assertor of the privilege must have a reasonable expectation of confidentiality, either that the information disclosed is intrinsically confidential, or by showing that he had a subjective intent of confidentiality." *United States v. Robinson*, 121 F.3d 971, 976 (5th Cir. 1997). Chairman Darby has not shown that all individuals present at the Republican Caucus meeting shared a common legal interest because he has not identified who was present. Notably, Chairman Darby could not even foreclose the possibility that a Democratic representative or staffer was present. *Id.* at 107:8-10 (testifying that there may have been a "small one [Democrat] the back or something").

3

Courts construe the attorney-client privilege narrowly. *See United States v. Pipkins*, 528 F.2d 559, 562 (5th Cir. 1976). It would be an undue extension of the privilege to apply the common legal interest doctrine where the party asserting the privilege has not demonstrated that everyone present shared such an interest. Stated differently, mere speculation that everyone at the meeting shared a cognizable common interest is insufficient to establish that the privilege applies. Consequently, Chairman Darby has not met his burden of establishing that the attorney-client privilege applies to the Republican Caucus meeting. The Court therefore ORDERS Chairman Darby to respond to questions pertaining to this meeting.

## CONCLUSION

In light of the foregoing analysis, Plaintiffs' motion to compel is GRANTED with respect to questions pertaining to the Republican Caucus meeting. It is DENIED with respect to all other forms of questioning.

SIGNED this 11th day of July, 2014.

/S/
_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE
[On behalf of the three judge panel]

4