UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS,** *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| **EDDIE BERNICE JOHNSON,** *et al.*, | § § | |
| *Plaintiff-Intervenors*, | § § | **EP-21-CV-00259-DCG-JES-JVB** [Lead Case] |
| v. | § § | |
| **GREG ABBOTT,** *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § | |
| *Defendants*. | § § | |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § | |
| *Plaintiff*, | § § | |
| v. | § § § | **Case No. 3:21-CV-00299-DCG-JES-JVB** [Consolidated Case] |
| **STATE OF TEXAS,** *et al.* | § § | |
| *Defendants*. | § § § | |

**ORDER**

The United States requests an order compelling Texas to produce documents from the Office of the Attorney General ("OAG"), the Office of the Governor ("OOG"), and any other agency known to the State to possess documents responsive to its request for production. It is the position of the United States that this discovery is permissible as party discovery under Rule 34 of the Federal Rules of Civil Procedure. Texas contends that only the Secretary of State is subject to party discovery in this lawsuit. After careful consideration of the Parties' arguments, the Court GRANTS the United States' Motion to Compel.

- 1 -

## I. BACKGROUND

The United States filed its Complaint against the State of Texas and Texas Secretary of State John Scott on December 6, 2021. *United States v. Texas*, No. 3:21-cv-00299 (W.D. Tex. 2021), ECF No. 1. The Court later consolidated that action with the above-captioned lead case.

Discovery is ongoing. On January 12, 2022, under Rule 34, the United States sent Texas its first request for production of documents. Mot. Ex. 1. As part of that request, the United States is seeking party discovery from Texas executive agencies, including from OAG and OOG. Texas has refused to produce responsive documents from either agency. So, on April 1, 2022, the United States filed the present motion to compel production of responsive documents.

The United States argues that there are a few independent reasons to compel the State of Texas to produce responsive documents from State executive agencies. Two of those reasons: One, Texas has demonstrated control over the items sought. Mot. at 5–6. Two, OAG and OOG are part of "the State of Texas" for the purposes of this litigation. *Id.* at 6–7.

Texas counters principally by arguing that the Governor and Attorney General are not parties to this lawsuit and their respective agencies are not part of the State of Texas for the purposes of this redistricting litigation. Resp. 2–6. As to whether Texas has "control" over the materials, within the meaning under Rule 34, the State argues it does not because OAG and OOG are not parties. *Id.* at 2–5. Flowing from this, Texas contends, is that the discovery the United States seeks is not proper under Rule 34, but may be proper under Rule 45. *Id.* at 10.

## II. DISCUSSION

Under Rule 34, one party may request another party to "produce . . . items in [its] possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Party discovery is, of course, subject to certain limitations. Fed. R. Civ. P. 26(b). Permissible discovery covers relevant, nonprivileged information that is proportional to the needs of the case, considering, among other

things, "the importance of the issues at stake," "the parties' relative access to relevant information," and "the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1).

The State of Texas, as a party to this case, must produce documents it has in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The definitions of "possession" and "control" under Rule 34 are broad. They "include[] more than actual possession or control of the materials; [Rule 34] also contemplates a party's legal right or practical ability to obtain the materials from a nonparty to the action." *Mir v. L-3 Commc'ns Integrated Sys., LP*, 319 F.R.D. 220, 230 (N.D. Tex. 2016). It is up to the United States, as the requesting party, to establish Texas has control over the documents it seeks. *Id.* at 231.

The United States meets its burden. In the many examples the United States points to, Texas has demonstrated its control over documents held by non-party agencies or officials. For example, in *La Unión del Pueblo Entero v. Abbott*, the defendants acknowledge that they will produce ESI held by the Texas Department of Public Safety. No. 5:21-cv-844 (W.D. Tex. Dec. 23, 2022), ECF No. 162. In *Texas v. Holder*, No. 1:12-cv-00128 (D.D.C. 2012), privilege logs show the State searched for documents held by OOG, the Department of Public Safety, and the Texas Legislative Council. Mot. Ex. 5. In *Veasey v. Perry*, No. 2:13-cv-193 (S.D. Tex. 2014), Texas stated that it "produced numerous documents on behalf of the Secretary of State, the Department of Public Service, the Governor's Office, the Lieutenant Governor's Office, and the Texas Legislature." Mot. Ex. 7. Texas has shown its practical ability to obtain documents from a number of state executive agencies.

The State's counter is unpersuasive. Texas says its actions in *Texas* and *Veasey* are irrelevant because those were not redistricting cases. Resp. 3–4. But that is a distinction without

a difference.  Texas does not explain why we should view "control," within the meaning of Rule 34, differently based on the cause of action.  If there are differences in the reach of party discovery based on the cause of action, those differences will come from limitations imposed by Rule 26(b).  Furthermore, the fact that Texas reserved the right to dispute discovery requests in *LUPE*, *id.*, or that the United States later sent a Rule 45 subpoena to secure participation in depositions, Reply at 2, fares no better at explaining why Texas lacks control over the documents of executive agencies other than the Secretary of State.

The Court finds that Texas has control over documents and ESI that are held by OOG, OAG, and any other executive agency known to the State to be in the possession, custody, or control of relevant documents.[1]  Because Texas has control over these items, it must produce the items responsive to the United States' Rule 34 production request.

Moreover, even if Texas did not have control over the items, it would have to produce them because OAG and OOG are part of the State of Texas for the purposes of discovery in this redistricting litigation.  That does not mean OAG and OOG are parties to this case.  No one disputes that.  But the State of Texas is a party, and the question is: What constitutes "the State of Texas" for the purposes of party discovery?

Texas contends "the scope of *the State* is limited to the Secretary of State."  Resp. at 5.  This would impose an impossible situation on the United States.  Even though the Secretary of State may have had limited to no involvement in drawing and passing the challenged maps, *see,*

---

[1] We also agree with the last three-judge court to hear Texas redistricting cases that the State "may be presumed to have 'control' over ESI contained on official state government servers."  *Perez v. Perry*, No. SA-11-CV-360-OLG-JES-XR, 2014 WL 1796661, at *1 (W.D. Tex. May 6, 2014).  The logic of this also extends to physical documents held by state executive agencies and their officials.

*e.g.*, Reply Ex. 2 at 10, under Texas's theory the Secretary of State is the only state executive agency the United States can obtain party discovery from.

The State positions its theory as one naturally extending from limitations on which state agencies or officials could provide relief from a violation of the Voting Rights Act ("VRA"). Resp. at 5–6. Texas points to the provision in the VRA that authorizes the United States to bring an action against a "State" or "State or local election officials." 52 U.S.C. § 10308(d). To Texas, this provision directs the United States to sue only state defendants that it could obtain relief from, and (the argument goes) it consequently defines who is a party for the purposes of Rule 34 discovery. Resp. at 5–6.

While section 10308(d) may limit which defendants the United States could obtain relief from, that does not necessarily limit the scope of state agencies or officials from whom discovery may be sought under Rule 34. The focus on section 10308(d) is myopic. Redistricting cases are complex, and the Court must take into account the inherent mismatch between the actors that may cause a violation of the VRA and those actors that could provide relief from a violation.

The recognition of this mismatch is built in to the VRA. Section 2 prohibits *a state* from "impos[ing] or appl[ying]" a "standard, practice or procedure" that is intentionally discriminatory or discriminatory in effect. 52 U.S.C. § 10301(a). To determine whether a state has violated section 2, a court must look to the totality of the circumstances and that will often require examining information outside the possession, custody, or control of the agency or official that could provide relief. *See, e.g.*, *id.* § 10301(b); *Thornburg v. Gingles*, 478 U.S. 30, 44–45 (1986). Moreover, the state agencies and actors responsible (in one way or another) for imposing or applying voting laws challenged under section 2 are quite often different from those who could provide relief from a violation of the VRA. Congress recognized this when it

authorized the United States to bring an action against "the State," separate from "State or local election officials," *id.* § 10308(d), and when it defined the prohibited conduct with reference to a polity—"any State or political subdivision"—not a state official, *id.* § 10301(a).

For the purposes of party discovery in this redistricting litigation, "the State of Texas" is made up of state executive agencies or officials who have information that is relevant to the factual basis for the claim. *See Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 127–29 (D.D.C. 2005). That class is far broader than only the Secretary of State. *See North Dakota v. United States*, No. 1:19-cv-150, 2021 WL 6278456, at *3–4 (D.N.D. Mar. 24, 2021) (discussing multiple cases); *United States v. UBS Sec. LLC*, 1:18-CV-6339 (RPK) (PK), 2020 WL 7062789, at *6 (E.D.N.Y. Nov. 30, 2020). And, as already discussed, Texas has control over documents held by state executive agencies, so Rule 34 discovery is proper.

Texas's position is also impractical. It would effectively mean that the United States could obtain only a minuscule portion of the universe of relevant documents by party discovery. Reply at 1 ("Defendants have to date produced only 84 documents, all from the files of the Texas Secretary of State"). Such an outcome would seriously frustrate the United States' ability to enforce the Voting Rights Act—a power undeniably granted to it by Congress. *See United States v. AT&T Co.*, 461 F. Supp. 1314, 1333 (D.D.C. 1978) (noting the impact that a narrow definition of a government party would have on the vindication of policy objectives prescribed by Congress). That is not an outcome this Court will endorse.

### III.  CONCLUSION

The United States' "Motion to Compel Production of Documents from the State of Texas" (ECF No. 213) is **GRANTED**. Texas shall produce any nonprivileged, responsive documents and ESI held by the Office of the Attorney General, the Office of the Governor, and any other State executive agency known to the State to possess such documents and ESI.

**So ORDERED and SIGNED this 16th day of May 2022.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**

*And on behalf of:*

| | | |
|---|---|---|
| **Jerry E. Smith** | | **Jeffrey V. Brown** |
| **United States Circuit Judge** | *-and-* | **United States District Judge** |
| **U.S. Court of Appeals, Fifth Circuit** | | **Southern District of Texas** |