UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS,** *et al.*, | § § § § | |
| *Plaintiffs*, | § § | |
| **EDDIE BERNICE JOHNSON,** *et al.*, | § § | EP-21-CV-00259-DCG-JES-JVB [Lead Case] |
| *Plaintiff-Intervenors*, | § § | & |
| v. | § § | All Consolidated Cases |
| **GREG ABBOTT,** *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § § | |
| *Defendants.* | § | |

## ORDER

The United States and private Plaintiffs issued deposition subpoenas to certain State Representatives. Citing state legislative privilege, those State Representatives ask the Court to quash the deposition subpoenas, or issue a protective order that would limit the subject matter the United States and private Plaintiffs could inquire about. The Court concludes that issues of state legislative privilege are not yet ripe for decision. Concluding as much, the Court DENIES the motions and outlines procedures for depositions and assertions of legislative privilege.

### I. BACKGROUND

Both the United States and private Plaintiffs subpoenaed Texas Representatives Ryan Guillen, Brooks Landgraf, and John Lujan (the "Legislators") to testify at a deposition in this case. Dkts. 259 Exs. B–D and 271 Exs. A–C. The depositions are currently scheduled to take place on May 24 and 25. *Id.*; Dkt. 280 n.1. In response to those subpoenas, and after failed negotiations on the matter, Dkt. 259 Ex. A, the Legislators filed motions to quash or modify the deposition subpoenas or, in the alternative, for a protective order, Dkts. 259 and 278.

## II.  DISCUSSION

No doubt state legislators enjoy broad immunity from suit for actions they take during the course of their legislative duties.  *Tenney v. Brandhove*, 341 U.S. 367, 377–78 (1951).  Such an immunity has long been recognized.  *E.g.*, *id.* at 372–76; *Bogan v. Scott-Harris*, 523 U.S. 44, 54–55 (1998).  But the questions confronting this Court are ones of state legislative privilege, not immunity.

State legislative privilege is a federal common law privilege, "applied through Rule 501 of the Federal Rules of Evidence."  *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Parish Gov't*, 849 F.3d 615, 624 (5th Cir. 2017) (quotation omitted).  The privilege "is, at best, one which is qualified."  *Id.* (quoting *Perez v. Perry*, No. SA-11-CV-360-OLG-JES, 2014 WL 106927, at *2 (W.D. Tex. Jan. 8, 2014)); *see also United States v. Gillock*, 445 U.S. 360, 373 (1980) (recognizing the privilege as limited in the context of a federal criminal prosecution).  It "must be strictly construed and accepted only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth."  *Jefferson Cmty.*, 849 F.3d at 624 (quoting *Perez*, 2014 WL 106927, at *1).

At this juncture, the Court is not positioned to rule on what information may or may not be the subject of state legislative privilege.  Whether state legislative privilege attaches is fact- and context-specific; for the purposes of depositions, "it depends on the question being posed."[1]  *Perez v. Perry*, No. SA-11-CV-360-OLG-JES, Dkt. 102 at 5 (W.D. Tex. Aug. 1, 2011).  Here, no questions have been asked, and no answers given.  Suffice it to say, the privilege is not so broad as to compel the Court to quash the deposition subpoenas, modify them, or enter a protective

---

[1] It is worth noting that this is consistent with the manner in which depositions normally proceed. Questions are asked, objections are raised, answers are given.  *E.g.*, Fed. R. Civ. P. 30(c)(2).

order prohibiting questions about topics that are not strictly within the public record. *See, e.g.*, *Veasey v. Perry*, No. 2:13-cv-193, Dkt. 341, at 1 (S.D. Tex. Jun. 18, 2014); *Texas v. Holder*, 1:12-cv-128-RMC-DST-RLW, Dkt. 84 (D.D.C. Apr. 20, 2012) (refusing to grant blanket protective order); *Perez*, No. SA-11-CV-360-OLG-JES, Dkt. 102.

With respect to questions about the Legislators' motive or intent, which the Legislators vehemently argue will seek information protected by state legislative privilege, *see generally* Dkts. 259 and 278, the Court is of the opinion that those issues are not yet directly raised. As said, state legislative privilege may be limited—that is, it is not coextensive with state legislative immunity. *E.g.*, *Jefferson Cmty.*, 849 F.3d at 624; *Rodriguez v. Pataki*, 280 F. Supp. 2d 89, 94–104 (S.D.N.Y. 2003). Whether state legislative privilege applies will depend on more detailed and nuanced facts than those currently before the Court.

It should also be said that the Court recognizes it should proceed with great caution when discussing the intent of *the legislature* through the actions of individual *legislators*. It is true, as the Legislators argue, that "[e]vidence of any one legislator's intent cannot be conflated with the legislature's purpose as a whole." Mot., Dkt. 278 at 9. Individual legislators often have different motivations for voting in favor of a bill. *See, e.g.*, *Brunovich v. DNC*, 141 S. Ct. 2321, 2349–50 (2021); *United States v. O'Brien*, 391 U.S. 367, 383–84 (1968); *Am. Trucking Assocs., Inc. v. Alviti*, 14 F.4th 76, 90 (1st Cir. 2021). But that does not mean evidence of individual motive is necessarily irrelevant to the question of the legislature's motive. *Alviti*, 14 F.4th at 90; *LULAC v. Abbott*, No. 3:21-CV-259-DCG-JES-JVB, 2022 WL 1410729, at *22 n.13 (W.D. Tex. May 4, 2022). If evidence of intent were to come to light, and if it were not subject to state legislative privilege, the Court is well positioned to give that evidence whatever weight it is due. *See LULAC*, 2022 WL 1410729, at *22 n.13.

In any event, there are other purposes for deposing the Legislators. They may have relevant, non-privileged information about topics "such as political behavior, the history of discrimination, and socioeconomic disparities." Resp., Dkt. 271 at 11. They may have "firsthand knowledge of any number of issues—from discrimination within their home districts, to legislator responsiveness to communities of color, to the alternative maps considered during the redistricting process." Resp., Dkt. 272 at 6. Texas contends that even if the Legislators have relevant, non-privileged information, the burden imposed on the Legislators by having to sit for a deposition outweighs the benefit of obtaining that information. Reply, Dkt. 277 at 8 (citing Fed. R. Civ. P. 45(d)(3)(A)(iv)).

The Court is persuaded that there are likely to be relevant areas of inquiry that fall outside of topics potentially covered by state legislative privilege. Furthermore, the Court does not think the burden of having to sit for a deposition outweighs the relevant information the United States and private Plaintiffs may obtain. *Cf. United States v. Gillock*, 445 U.S. 360, 373 (1980) (citing *United States v. Nixon*, 418 U.S. 683 (1974)) ("We recognize that denial of a privilege to a state legislator may have some *minimal* impact on the exercise of his legislative function." (emphasis added)). There is no reason, at this time, to quash or modify the deposition subpoenas, or to issue a protective order placing limits on the subject matter.

Accordingly, the Court adopts the following procedure, originally used by the last three-judge court to hear Texas redistricting cases:

(1) Parties should proceed with depositions and the deponents must appear and testify even if it appears likely that legislative privilege may be invoked in response to certain questions.

(2) Deponents may invoke legislative privilege in response to particular questions, but the deponent invoking the privilege must then answer the question in full. The response will be subject to the privilege.

- 5 -

(3) The portions of deposition transcripts containing questions and answers subject to the privilege shall be deemed to contain confidential information and shall therefore be subject to the "Consent Confidentiality and Protective Order" (Dkt. 202) previously entered in this case.

(4) If a party wishes to use any portion of deposition testimony that is subject to legislative privilege, that party must seal those portions and submit them to the Court for *in camera* review, along with a motion to compel.[2]

(5) Any such motion to compel shall be filed by **August 1, 2022**. Though the Court sets this deadline, it encourages the parties to file earlier, if at all possible.

*Perez v. Perry*, No. SA-11-CV-360-OLG-JES, Dkt. 102 at 5–6 (W.D. Tex. Aug. 1, 2011).

**In adopting this approach, the Court warns the parties that *any* public disclosure of information to which a privilege has been asserted may result in sanctions, including the striking of pleadings. All counsel are ORDERED to spare no effort to ensure that no individual—whether they be counsel, court reporter, videographer, witness, or any other person hearing or having access to information subject to privilege—disseminates information subject to privilege to any person not permitted to handle that information or in any manner (*e.g.*, disclosure to media, posting on social media).**

Finally, nothing in this Order should be construed as deciding any issue of state legislative privilege. The Court will be better positioned to make decisions on state legislative privilege if the issue comes more squarely before the Court—that is, if the Court is presented with specific questions and specific invocations of state legislative privilege.

---

[2] A motion to compel shall be filed for the purpose of asserting why information, to which a privilege objection has been raised, should be disclosed because it is not subject to the privilege, the privilege has been waived, or the privilege should not be enforced.

### III.  CONCLUSION

The Legislators' "Motion to Quash or Modify Deposition Subpoenas and Motion for Protective Order" (ECF No. 259) and "Motion to Quash or Modify Private Plaintiffs' Deposition Subpoenas and Motion for Protective Order" (ECF No. 278) are **DENIED**.

**So ORDERED and SIGNED this 18th day of May 2022.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

*And on behalf of:*

| | | |
|---|---|---|
| **Jerry E. Smith** | | **Jeffrey V. Brown** |
| **United States Circuit Judge** | *-and-* | **United States District Judge** |
| **U.S. Court of Appeals, Fifth Circuit** | | **Southern District of Texas** |