IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GREG ABBOTT, et al.,<br><br>　　　　　Defendants. | Civil Action No. 3:21-cv-259<br>(DCG-JES-JVB)<br>(consolidated cases) |

**UNITED STATES' OPPOSITION TO LEGISLATORS'
EMERGENCY MOTION TO STAY DEPOSITIONS PENDING APPEAL**

A stay pending appeal is unwarranted when movants cannot establish the *Nken* factors. This Court has denied a motion to quash deposition subpoenas issued to State Representatives Ryan Guillen, Brooks Landgraf, and John Lujan ("the Legislators"), just as several other federal courts have denied requests for blanket motions to quash deposition subpoenas in statewide Voting Rights Act enforcement actions. Under the safeguards established by this Court, the Legislators will suffer no irreparable harm in the absence of a stay. However, if a stay is granted, the United States and Private Plaintiffs would be significantly harmed because they would be unable to conduct reasonable discovery in a timely manner, endangering their ability to prepare their cases, as well as this Court's trial schedule. Thus, the public interest in enforcement of the Voting Rights Act counsels against a stay. The Legislators' motion should be denied, and depositions should go forward next week.

**I.  BACKGROUND**

The United States has alleged that the State of Texas violated Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, by enacting and implementing the 2021 Congressional Redistricting Plan and 2021 State House Redistricting Plan. U.S. Compl. ¶¶ 162-167, *United States v. Texas*, No. 3:21-cv-299 (W.D. Tex. Dec. 6, 2021), ECF No. 1. With respect to the State House, the United States alleges that House District (HD) 118 in Bexar County; HD 31 in South Texas; and the districts in El Paso County and West Texas have discriminatory results. U.S. Compl. ¶¶ 104-146. On April 20, 2022, the United States served a subpoena for the deposition testimony of Representative Ryan Guillen, who represents HD 31. *See* Guillen Subpoena, ECF No. 262-2. On May 3, 2022, the United States served two additional subpoenas for the deposition testimony of Representative Brooks Landgraf, who represents HD 81, *see* Landgraf

1

Subpoena, ECF No. 262-3, and of Representative John Lujan, who represents HD 118, *see* Lujan Subpoena, ECF No. 262-4.  The depositions are scheduled for May 24 and 25.

The Legislators sought to quash the deposition subpoenas entirely on legislative privilege grounds, Mot. to Quash, ECF No. 262, but this Court denied that request.  *See* Order, ECF No. 282.  In so doing, the Court ordered that the Legislators' answers to deposition questions "will be subject to the [legislative] privilege," if invoked, and directed that the relevant portions of the deposition transcripts will then be placed under seal unless and until a party moves to unseal specific testimony.  *See* Order at 5.  The Legislators then moved for a stay of the Order denying their motion to quash, pending appeal.  Mot. to Stay, ECF No. 283.

## II.     LEGAL STANDARD

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).  Four factors govern a motion for a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Id.* at 434 (quotation marks omitted).  More than a "possibility" of relief and of irreparable injury is required.  *Id.* at 434-35.

## III.    ARGUMENT

The Legislators have failed to establish the requirements for a stay.  Under *Nken*, this Court's well-reasoned order is not likely to be reversed on appeal, and no irreparable harm will come to deponents under this Court's protective procedures.  On the other hand, with less than two months remaining in discovery, a stay of legislator depositions pending appeal would bar

2

meaningful inquiry into the legislative maps challenged here.  Thus, the public interest weighs against the stay request, which should be denied.

    **A. The Legislators Have Not Made a Strong Showing that They are Likely to Succeed on the Merits.**

The Legislators cannot bear their burden to make a strong showing that they are likely to succeed on the merits.  This Court correctly recognized that "there is no reason, at this time, to quash or modify the deposition subpoenas."  Order at 4.  This decision follows the general principle that "[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."  *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *see also, e.g.*, *Sw. Bell Tel., L.P. v. UTEX Commc'ns Corp.*, No. 1:07-cv-435, 2009 WL 8541000, at *3 (W.D. Tex. Sept. 30, 2009); *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 92 (N.D. Tex. 1994).  Indeed, multiple courts have rejected similar attempts to halt depositions of Texas legislators based on legislative privilege.  *See, e.g.*, *Perez v. Perry*, No. 5:11-cv-360 at 5-6 (W.D. Tex. Aug. 1, 2011) (three-judge court), ECF No. 102; *Perez v. Perry*, No. 5:11-cv-360, 2014 WL 106927, at *2 (W.D. Tex. Jan. 8, 2014) (three-judge court); *Texas v. Holder*, No. 1:12-cv-128 at 3 (D.D.C. Apr. 20, 2012) (three-judge court), ECF No. 84; *Veasey v. Perry*, No. 2:13-cv-193 (S.D. Tex. June 18, 2014), ECF No. 341.  And the same is true here.  This Court has addressed the Legislators' privilege claims and found them inadequate to halt deposition testimony.  For the reasons already articulated by this Court, the Legislators are unlikely to succeed on the merits of their appeal.

The Legislators now lay out the same series of cases that they already presented in their motion to quash and that were previously considered by this Court.  *Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252 (1977), does not hold that legislators can never be deposed; rather, the Court noted that plaintiffs in that case had been

3

"allowed, both during the discovery phase and at trial, to question Board members fully about materials and information available to them at the time of the decision" and merely concluded that there had been "no abuse of discretion" in barring specific questions of legislators already on the stand at trial, under "the circumstances of this case." *Id.* at 270 n.20.  Although *Arlington Heights* described cases in which legislators are called to the stand as "extraordinary," the State previously called a legislator to testify in this very case, *see LULAC v. Abbott*, No. 3:21-cv-259, 2022 WL 1410729, at *7 (W.D. Tex. May 4, 2022) (three-judge court), so this case meets that description already.

The other cases the Legislators rely on are similarly inapposite.  *See, e.g.*, *United States v. Nixon*, 418 U.S. 683 (1974) (examining executive privilege); *Am. Trucking Assocs., Inc. v. Alviti*, 14 F.4th 76, 88-89 (1st Cir. 2021) (concluding evidence of state lawmaker's subjective intent concerning bridge tolls was unlikely to be significant); *Lee v. City of Los Angeles*, 908 F.3d 1175, 1188 (9th Cir. 2018) (holding "the factual record in [the] case [fell] short of justifying" depositions of city officials); *In re Hubbard*, 803 F.3d 1298, 1312-13 (11th Cir. 2013) (finding the subpoenas at issue "d[id] not serve an important federal interest"); *EEOC v. Wash. Suburban Sanitary Comm'n*, 631 F.3d 174, 182 (4th Cir. 2011) (explaining that subpoena did not "threaten[]" legislative privilege).  On the other hand, the Legislators fail to address this Court's recognition that "there are likely to be relevant areas of inquiry that fall outside of topics potentially covered by state legislative privilege." Order at 4.  Merely raising "serious legal question[s]," Mot. to Stay at 4, does not excuse the Legislators from presenting "a substantial

4

case on the merits." *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23 (5th Cir. 1992). The Legislators cannot make the requisite showing.[1]

### B. The Legislators Will Not be Irreparably Harmed Absent a Stay.

Absent a stay, the Legislators will not be irreparably harmed. Simply sitting for a deposition will not result in irreparable harm, both because of the breadth of "relevant, non-privileged information" they possess, Order at 4, and the protective procedures in place to address matters potentially subject to a state legislative privilege, Order at 4-5.[2] Thus, there can be no irreparable harm here, where the Court informed counsel that they may be sanctioned for public dissemination of any part of the deposition testimony, over which privilege is asserted, without its approval. *See* Order at 6. And before using any part of the deposition testimony that is subject to legislative privilege, a party "must seal those portions and submit them to the Court

---

[1] The Legislators' appeal also presents complex jurisdictional questions that further weigh against the requisite strong showing that they are likely to succeed on appeal. *See, e.g.*, *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106, 111-13 (2009); *United States v. Ryan*, 402 U.S. 530, 532 (1971); *Am. Trucking Ass'ns v. Alviti*, 14 F.4th 76, 84 (1st Cir. 2021); *A-Mark Auction Galleries, Inc. v. Am. Numismatic Ass'n*, 233 F.3d 895, 897-99 (5th Cir. 2000); *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 877 (5th Cir. Unit A 1981); *see also In re Application of Chevron Corp.*, 709 F. Supp. 2d 283, 300 (S.D.N.Y. 2010) ("In evaluating a litigant's likelihood of success on appeal, a court is obliged to consider the likelihood that the Court of Appeals has jurisdiction over the order appealed from.").

[2] *See also, e.g.*, *A Place for Mom v. Perkins*, 475 F. Supp. 3d 1217, 1234 (W.D. Wash. 2020) (explaining that "maintaining the exhibits under seal is necessary. . . to avoid the irreparable harm"); *Nikon Corp. v. GlobalFoundries United States, Inc.*, No. 17-mc-80071, 2017 WL 4865549, at *2 (N.D. Cal. Oct. 26, 2017) (declining to find irreparable harm because "any disclosure would be subject to the protective order issued in this case"); *Boston Sci. Corp. v. Lee*, No. 13-13156, 2014 WL 1946687, at *8 (D. Mass. May 14, 2014) (concluding that "the parties have addressed any possibility of future harm in this regard by filing their subsequent submissions under seal"); *Tyree v. Cnty. of Summit*, No. 5:12-cv-2627, 2013 WL 1285887, at *2 (N.D. Ohio Mar. 26, 2013) (explaining that any harm "[wa]s mitigated by the fact that the Court ha[d] ordered that [a] deposition [would] remain under seal once it [was] taken").

for in camera review, along with a motion to compel." *Id.* at 5.  There is no real risk of irreparable harm in the absence of a stay.[3]

### C. Issuance of a Stay Will Substantially Injure the United States and Other Parties Interested in the Proceeding.

At the same time, the issuance of a stay would injure the United States and the Private Plaintiffs.  First, "it would be inherently unfair to require [the United States and the private plaintiffs] to continue to litigate this matter forward toward motion practice with an uncertainty surrounding whether [they] would ultimately have access to these records." *Tyree*, 2013 WL 1285887, at *2.  Second, staying depositions would "substantially injure" the United States and the private plaintiffs because it would harm "the[ir] need for a timely resolution of [their] claims." *New York v. U.S. Dep't of Commerce*, 339 F. Supp. 3d 144, 150 (S.D.N.Y. 2018).  Any delay in these depositions risks the Plaintiffs' ability to gather the information necessary to conduct other needed depositions and discovery, to complete discovery in accord with the discovery cutoff in July, to meet motion practice deadlines, and to prepare their case presentation by the fast-approaching trial date.  For these reasons, the United States and Private Plaintiffs would be significantly harmed by a stay.[4]

---

[3] The Legislators further suggest that being deposed would be burdensome, given their "public duties," Mot. at 7.  But being deposed would not pose such a burden, especially given that the next regular session of the Texas Legislature is not until January 2023.  *See* Tex. Gov. Code § 301.001.  Moreover, even if the discovery sought here were burdensome—which it is not—that would still not be sufficient to prove irreparable harm.  *See M.D. v. Perry*, No. C-11-84, 2011 WL 7047039, at *2 (S.D. Tex. July 21, 2011) (explaining "[t]he prospect of burdensome . . . discovery alone is not sufficient to demonstrate 'irreparable injury'").

[4] The Legislators wrongly argue that the United States will not be harmed by a stay because it has "other discovery to take." Mot. at 7.  But the United States needs resolution now on the issue of whether it can depose legislators because it plans to take additional legislator depositions before the close of discovery.  And delaying the three depositions at issue here pushes back all of the legislator depositions.  Even if that were not the case, the potential availability of "alternative[]" ways to prove racial discrimination "should not be used to discount the relevancy

### D. The Public Interest Counsels Against a Stay.

Finally, the public interest counsels against a stay. Here, the United States and the private plaintiffs seek to enforce the Voting Rights Act prohibition on racial discrimination in elections. The Fourteenth and Fifteenth Amendments guarantee citizens the right to vote free of discrimination on the basis of race, a right "preservative of all rights." *Harper v. Va. Bd. of Elections*, 383 U.S. 663, 667 (1966) (citation omitted). Thus, "compliance with the Voting Rights Act so that all citizens may participate equally in the electoral process serves the public interest by reinforcing the core principles of our democracy." *Rivera Madera v. Lee*, No. 1:18-CV-152, 2019 WL 2077037, at *2 (N.D. Fla. May 10, 2019) (citation omitted). This Court should deny the stay, which would threaten relief that is in the public interest.[5]

### IV.   CONCLUSION

For the reasons set forth above, the United States requests that this Court deny the Legislators' motion to stay.

---

of the evidence sought." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323, 340 (E.D. Va. 2015).

[5] The Court has struck the appropriate balance in protecting both legislative privilege and the ability to enforce the Voting Rights Act with the standard it adopted. *See United States v. Gillock*, 445 U.S. 360, 373 (1980) (holding that "where important federal interests are at stake . . . , comity yields" and no privilege is afforded to state legislators seeking to withhold relevant testimony).

Dated: May 19, 2022

          PAMELA S. KARLAN
          Principal Deputy Assistant Attorney General
          Civil Rights Division

          */s/ Jacki L. Anderson*
          T. CHRISTIAN HERREN, JR.
          TIMOTHY F. MELLETT
          DANIEL J. FREEMAN
          JANIE ALLISON (JAYE) SITTON
          MICHELLE RUPP
          JACKI L. ANDERSON
          JASMIN LOTT
          HOLLY F.B. BERLIN
          Attorneys, Voting Section
          Civil Rights Division
          U.S. Department of Justice
          950 Pennsylvania Avenue NW
          Washington, DC 20530

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 19, 2022, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

                                                  */s/ Daniel J. Freeman*
                                                  Daniel J. Freeman
                                                  Voting Section
                                                  Civil Rights Division
                                                  U.S. Department of Justice
                                                  daniel.freeman@usdoj.gov