IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

|  |  |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>3:21-cv-00259-DCG-JES-JVB<br>[Consolidated Action: Lead Case] |

**PRIVATE PLAINTIFFS' RESPONSE TO LEGISLATORS' EMERGENCY MOTION TO STAY LEGISLATORS' DEPOSITIONS PENDING APPEAL**

In their instant motion to stay, State Representatives Ryan Guillen, Brooks Landgraf, and John Lujan (collectively, the "Legislators") seek a stay pending appeal based on their failed argument that, as legislators, they may not be deposed by the Private Plaintiffs[1] and the United States. Dkt. 282 (denying Legislators' motions to quash deposition subpoenas). As an initial matter, the Legislators' motion fails because the Fifth Circuit lacks jurisdiction over the Legislators' appeal. Furthermore, the Court's firm rejection of the Legislators' argument was well-founded: the Fifth Circuit has unambiguously stated that, unlike legislative *immunity* from suit, legislative *privilege* is, at most, a qualified privilege. *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Parish Gov't*, 849 F.3d 615, 624 (5th Cir. 2017). And in so holding, the *Jefferson* court cited favorably to the privilege analysis in the three-judge panel's decision in the last round of redistricting litigation, *see id.*, which also set forth the same procedure that the

---

[1] Private Plaintiffs are LULAC Plaintiffs, the Texas NAACP, MALC, Voto Latino, the Fair Maps Plaintiffs, the Black Congresspersons, State Representative Martinez-Fischer, Congresswoman Escobar, and the Brooks Plaintiffs

1

Court adopts here regarding depositions, and which other courts in this Circuit have unanimously followed since. The Legislators attempt to manufacture a "serious legal question" on the issue of legislative privilege by relying on cases from other circuits and inapposite analysis of legislative *immunity*, but in doing so they ignore the unanimous conclusion in this Circuit that legislative privilege does not bar deposing state legislators. As such, the Legislators' argument fails on the merits, and also fails to raise a serious legal issue. And because the Legislators lack a right not to be deposed, and the Court has outlined a procedure to preserve the Legislators' qualified privilege (to the extent that it applies), the Legislators will not be injured—much less *irreparably* injured—absent a stay.

By contrast, should a stay be granted, Private Plaintiffs will be injured and the public interest undermined. Accordingly, Private Plaintiffs respectfully request that the Court deny the Legislators' motion to stay their depositions pending appeal.

## I. ARGUMENT

### A. Legal Standard

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quotation omitted). The movant "bears the burden of showing that a stay is justified." *United States v. Transocean Deepwater Drilling, Inc.*, 537 F. App'x 358, 360 (5th Cir. 2013). To determine the propriety of a stay pending appeal, courts consider the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 433 (quotation omitted). Under this test, "the first two factors 'are the most critical.'" *Transocean*, 537 F.

App'x at 360 (quoting *Nken*, 556 U.S. at 434). Although the Fifth Circuit has recognized an exception to this four-part test when there is a serious legal question, the movant must still show that "the balance of equities *heavily* favors a stay." *Weingarten Realty Invs. v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011) (emphasis added).

For the reasons discussed below, the Legislators fail to meet their burden here.

B. The Legislators Fail to Show that a Stay Pending Appeal is Warranted

1. The Legislators are not Likely to Succeed on the Merits, and They do not Present a Serious Legal Question in Their Motion.

   a. The Fifth Circuit Lacks Jurisdiction to Consider the Legislators' Appeal.

The Legislators' appeal to the Fifth Circuit is unlikely to succeed on the merits because the Fifth Circuit has no jurisdiction to review this Court's interlocutory order denying the motion to quash. Courts of Appeals' jurisdiction is generally limited to review of "final decisions of the district courts of the United States." 28 U.S.C. § 1291. "A final decision 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Hall v. Hall*, 138 S. Ct. 1118, 1123–24 (2018) (quoting *Ray Haluch Gravel Co. v. Cent. Pension Fund*, 571 U.S. 177, 183 (2014)). The Court's order denying the motion to quash is not "final" in that sense—litigation in this Court continues. And as the Fifth Circuit has held, the fact that the subpoenas at issue in the Legislators' appeal are directed at non-parties does nothing to change that. *A-Mark Auction Galleries, Inc. v. Am. Numismatic Ass'n*, 233 F.3d 895, 898 (5th Cir. 2000) (holding that a discovery order concerning enforcement of a non-party subpoena was not "a separate final order under § 1291" and thus was not immediately appealable by the non-party); *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397 (5th Cir. 1993) ("A discovery order, even one directed at a non-party, is not a final order and hence not appealable.").

3

The "collateral order doctrine" expands the final judgment rule to allow the immediate appeal of "a 'small class' of collateral rulings that, although they do not end the litigation, are appropriately deemed 'final.'" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Cohen v. Beneficial Ind. Loan Corp.*, 337 U.S. 541, 545-46 (1949)). But the collateral order doctrine does not apply here either. It is a "well-settled rule in this circuit that discovery orders may not be appealed under the" collateral order doctrine. *A-Mark*, 233 F.3d at 899. That includes discovery orders that require third parties to turn over information. *Id.*[2] It also includes orders to turn over information protected by the attorney-client privilege. *Mohawk Indus.*, 558 U.S. at 114 ("[T]he collateral order doctrine does not extend to disclosure orders adverse to the attorney-client privilege."). As the Supreme Court explained in *Mohawk*, a party that wishes to challenge such an order without disclosing the purportedly privileged information must "defy [the] disclosure order" and risk being held in contempt, which would allow for an immediate appeal. *Id.* at 111. The Court explained that "the limited benefits of applying the blunt, categorical instrument of § 1291 collateral order appeal to privilege-related disclosure orders simply cannot justify the likely institutional costs." *Id.* at 112. And it reiterated that "[t]he class of collaterally appealable orders must remain narrow and selective in its membership." *Id.* at 113 (quotation marks omitted).

This rule prohibiting the immediate appeal of an order to turn over privileged information is fully applicable to claims of governmental and legislative privilege. *See Am. Trucking Ass'ns v. Alviti*, 14 F.4th 76, 84 (1st Cir. 2021) (legislative and deliberative process privilege);

---

[2] In contrast, a district court's *denial* of a discovery request directed at a third party is immediately appealable, at least where the underlying litigation is pending in a different circuit, because there would otherwise be no way to appeal the district court's ruling. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 816 (5th Cir. 2004). But here, the Court's order allowed discovery to proceed, so this exception does not apply.

4

*Corporación Insular de Seguros v. Garcia*, 876 F.2d 254, 257–59 (1st Cir. 1989) (legislative privilege); *Newton v. NBC*, 726 F.2d 591, 593–94 (9th Cir. 1984) ("government privilege"), *Nat'l Super Spuds, Inc. v. New York Mercantile Exch.*, 591 F.2d 174, 176–81 (2d Cir. 1979) ("governmental privilege").  That makes sense.  The Supreme Court's reasoning in *Mohawk* with respect to the attorney-client privilege applies equally to legislative and governmental privileges: the issue can be reviewed after final judgment, and a litigant who feels strongly about his or her privilege claim can defy the discovery order and obtain immediate review via contempt.  *Mohawk*, 558 U.S. at 111.  Moreover, the strongest argument for allowing an immediate appeal here—that the privilege "provides a right not to disclose the privileged information in the first place" that is violated absent immediate review—was equally present in *Mohawk* and found wanting.  *Id.* at 109.  The Supreme Court held that between the possibility of contempt, protective orders, and other means of review, the attorney-client privilege was adequately protected absent immediate appeal under the collateral order doctrine.  *Id.* at 109–12.  If that was adequate to protect materials covered by the attorney-client privilege, as the Supreme Court held in *Mohawk*, it is surely adequate to protect legislative privilege, which is "at best . . . qualified" rather than absolute.  *Jefferson*, 849 at 624 (quoting *Perez v. Perry*, No. SA-11-CV-360-OLG-JES, 2014 WL 106927, at *2 (W.D. Tex. Jan. 8, 2014)).[3]

---

[3] In a line of cases decided decades before *Mohawk*, the Fifth Circuit allowed "immediate appeal by a governmental entity where the government is not a party to the lawsuit and asserts some governmental privilege to resist release of the subpoenaed material." *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 877 (5th Cir. 1981) (citing *Cates v. LTV Aerospace Corp.*, 480 F.2d 620, 622 (5th Cir. 1973)). None of those cases involved legislative privilege. *See id.* at 879 ("'executive' or 'official information' privilege"); *Cates*, 480 F.2d at 622 ("executive privilege"); *Carr v. Monroe Mfg. Co.*, 431 F.2d 384, 386 (5th Cir. 1970) (state-law privilege covering unemployment records). And as the Fifth Circuit explained in *Branch*, the reasoning in this line of cases—"that forced disclosure would irretrievably breach the claim of privilege and render an appeal from final judgment meaningless"—was, even at the time, difficult to square with the Supreme Court's approach to the collateral order doctrine. *Branch*, 638 F.2d at 878 (quoting *Cates*, 431 F.2d at 387). The Supreme Court's subsequent decision in *Mohawk* has eliminated any doubt, however, by expressly holding that an interest in not disclosing purportedly privileged information does not render an order collateral. The *Branch* line of cases is therefore no longer good law, and the Fifth Circuit has not applied it since *Mohawk* was decided. *See, e.g.*, *United States v. Tanksley*,

Although the Fifth Circuit has held that *Mohawk* does not bar the extension of the collateral order doctrine to claims of First Amendment privilege, *see Whole Woman's Health v. Smith*, 896 F.3d 362, 368 (5th Cir. 2018), that reasoning is inapplicable to legislative privilege. The legislative privilege does not carry the weighty constitutional interests inherent in the First Amendment privilege. *See Whole Woman's Health*, 896 F.3d at 368 ("[Appellant's] claimed privileges, if applicable, go to the heart of the constitutional protection of religious belief and practice as well as citizens' right to advocate sensitive policies in the public square."). The "at best . . . qualified" legislative privilege, *Jefferson*, 849 F.3d at 624, does not carry the "substantial public interest" inherent in the First Amendment privilege. *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1155 (9th Cir. 2010) (noting that the First Amendment privilege is "a privilege of constitutional dimensions" and "[t]he right at issue here—freedom of political association—is of a high order").

Finally, the Legislators have not indicated whether they will also seek mandamus review of the Court's order, but the Fifth Circuit does not have jurisdiction to entertain a mandamus petition in this case. The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (emphasis added). The Supreme Court has explained that "the express terms of the Act confine the power [under the Act] to issuing process 'in aid of' [a court's] existing statutory jurisdiction; the Act does not enlarge that jurisdiction." *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (2009) (quoting 28 U.S.C. § 1651(a)); *see also United States v. Denedo*, 556 U.S. 904, 914 (2009) ("The authority to issue a writ under the All Writs Act is not a font of jurisdiction."); *United States v.*

---

848 F.3d 347, 350 (5th Cir. 2017) ("If . . . a Supreme Court decision 'expressly or implicitly' overrules one of our precedents, we have the authority and obligation to declare and implement this change in the law.").

6

*Alkaramla*, 872 F.3d 532, 534 (7th Cir. 2017) (noting that the All Writs Act "simply authorizes a federal court to issue writs in aid of jurisdiction it already has"). The All Writs Act "extends to the potential jurisdiction of the appellate court where an appeal is not then pending but may be later perfected." *FTC v. Dean Foods Co.*, 384 U.S. 597, 603 (1966).

The Fifth Circuit has no jurisdiction over this case that could be "aid[ed]" by issuing a writ of mandamus. There is no "potential jurisdiction" in the Fifth Circuit for this case, and no appeal "may later be perfected" in that court. *Id.* Only the Supreme Court has jurisdiction over an appeal in this case, because the complaint seeks injunctive relief in a case required to be heard by a three-judge district court, and thus the Supreme Court has appellate jurisdiction. *See* 28 U.S.C. §§ 1253, 2284; *see also* 28 U.S.C. § 1291 (divesting courts of appeals of jurisdiction "where a direct review may be had in the Supreme Court). An appellate court that could never hear an appeal of a district court's final judgment has no jurisdiction to protect by issuing a writ of mandamus.

It does not matter that the order from which the Legislators seek relief is not an order granting or denying an injunction. *See* 28 U.S.C. § 1253. The question under the All Writs Act is not whether a particular court has appellate jurisdiction over the order being challenged—the All Writs Act only comes to bear when the challenged order is *not* immediately appealable by statute. If the Legislators seek mandamus relief, they would not be *appealing* the discovery order, and so whether the discovery order has the effect of an injunction under § 1253 is beside the point. Under the All Writs Act, the question is whether an "existing statutory authority," *Clinton*, 526 U.S. at 534-35, would grant the Fifth Circuit the *potential* to have appellate jurisdiction over a final judgment in the case, and whether that future jurisdiction would be aided by issuing a writ now to protect that future jurisdiction. The only "existing statutory authority"

7

granting appellate jurisdiction in this case is § 1253, which places exclusive appellate jurisdiction with the Supreme Court.

In any event, the Legislators' motion makes no showing that the requirements of mandamus are met. To obtain a writ of mandamus, "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires." *Kerr v. United States Dist. Court for Northern Dist. of Cal.*, 426 U.S. 394, 403 (1976). Here, however, the Legislators have another means of obtaining immediate review: they can defy the Court's order and subject themselves to an immediately appealable contempt finding. *See U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.,* 444 F.3d 462, 473–74 (6th Cir. 2006) (denying mandamus because third-party "has a clear alternate route to achieve review of this order. If HCA seeks to challenge the propriety of the district court's order, it may disobey the order and suffer a contempt citation."); *Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Arizona*, 881 F.2d 1486 (9th Cir. 1989) ("Typically, a nonparty aggrieved by a discovery order must subject himself to civil contempt to gain appellate review."). Moreover, the Legislators' entitlement to relief is not "clear and indisputable." *Kerr*, 426 U.S. at 403. As explained below, the Court's ruling was correct, and certainly not the "judicial 'usurpation of power'" that would be required to justify a writ of mandamus. *Id.* at 380.

b. The Legislators' Arguments Fail on the Merits.

The Legislators' motion for stay asserts that they are likely to succeed on merits "[f]or all of the reasons already briefed." Dkt. 283 at 3. But in denying the Legislators' motions to quash, the Court emphasized that the legislative privilege is, at best, qualified and concluded that the legislative "privilege is not so broad as to compel the Court to quash the deposition subpoenas[.]" *Id.* at 2. The Court further noted that it would rule on the issue of legislative

privilege when "presented with specific questions and specific invocations of state legislative privilege," *id.* at 5. After all, "[w]hether state legislative privilege attaches is fact- and context-specific" and, "for the purposes of depositions, it depends on the question being posed.'" *Id.* at 2 (quoting *Perez v. Perry*, No. SA-11-CV-360-OLG-JES, Dkt. 102 at 5 (W.D. Tex. Aug. 1, 2011)).

The Legislators concede that they have put forth no new arguments on the merits. For the reasons already outlined by the Court in its order denying the Legislators' motions to quash, and the reasons briefed by Private Plaintiffs and the United States on those motions, Dkts. 271 and 272, the Legislators' motion to stay should be denied.

    c. **The Legislators Fail to Present a Serious Legal Question Warranting a Stay.**

The Legislators also argue that the issue here—whether the legislative privilege shields them from being deposed—presents a serious legal question meriting a stay. It does not.

The Fifth Circuit has resolved whether state legislators can be deposed and the Legislators' reliance on cases outside of this Circuit is unavailing. In *Jefferson*—a case that the Legislators' motion fails to acknowledge—the Fifth Circuit emphasized that the "legislative privilege for state lawmakers is, at best, one which is qualified." 849 F.3d at 624 (quoting *Perez*, 2014 WL 106927, at *1). To that end, the court noted that the "privilege 'must be strictly construed and accepted only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means of ascertaining the truth.'" *Id.* (quoting *Perez*, 2014 WL 106927, at *1). Indeed, since *Perez*, courts in this Circuit have unanimously applied the same analysis to the legislative privilege, with many allowing legislators to be deposed. *See, e.g.*, *Gilby v. Hughes*, 471 F. Supp. 3d 763, 767 (W.D. Tex. 2020); *TitleMax of Tex., Inc. v. City of Dallas*, No.

9

3:21-cv-1040, 2022 WL326566, at *5 (N.D. Tex. Feb. 3, 2022); *Jackson Mun. Airport Auth. v. Bryant*, No. 3:16-CV-246-CWR-FKB, 2017 WL 6520967, at *6 (S.D. Miss. Dec. 19, 2017); *Harding v. Cty. of Dallas, Texas*, No. 3:15-CV-0131-D, 2016 WL 7426127, at *5 (N.D. Tex. Dec. 23, 2016); *Veasey v. Perry*, No. 2:13-CV-193, 2014 WL 1340077, at *2 (S.D. Tex. Apr. 3, 2014) (all citing *Perez*); *see also Texas v. Holder*, 1:12-cv-128-RMC-DST-RLW, Dkt. 84 (D.D.C. Apr. 20, 2012). *Jefferson* necessarily forecloses the possibility that the legislative privilege prohibits state legislators from sitting for depositions, just as the Court concluded in its order on the Legislators' motions to quash. Dkt. 282 at 2–3. The Legislators point to no authority in this Circuit that suggests that the legislative privilege categorically bars depositions of state legislators.[4]

The Legislators attempt to muddy the waters by relying on cases related to legislative *immunity* to argue that state legislators may not be deposed. *See* Dkt. 283 at 5–6. But again, the Fifth Circuit has been perfectly clear: whereas "legislative immunity for state legislators is absolute, the legislative privilege for state lawmakers is, at best, one which is qualified." *Jefferson*, 849 F.3d at 624 (quoting *Perez*, 2014 WL 106927, at *1). Emphasizing this conceptual distinction, the *Jefferson* court also noted that, unlike legislative immunity, the legislative "privilege cannot bar the adjudication of a claim." *Id.* The Fifth Circuit's distinction between legislative immunity and legislative privilege forecloses any "serious legal question" in an appeal. *See* Dkt. 282 at 3 (citing *Jefferson*, 849 F.3d at 624) (noting that the legislative

---

[4] Moreover, many of the cases on which the Legislators rely do not stand for that proposition. For example, although foreclosing a specific request to depose local officials regarding legislative intent, some of the courts have not prohibited depositions of legislators regarding unprivileged matters. *See, e.g.*, *Lee v. City of Los Angeles*, 908 F.3d 1175, 1186-88 (9th Cir. 2018); *see also In re Hubbard*, 803 F.3d 1298, 1311 (11th Cir. 2015) (noting that legislative privilege applied to entirety of discovery request because "[n]one of the relevant information sought in this case could have been outside of the legislative privilege"); *E.E.O.C. v. Wash. Suburban Sanitary Comm'n*, 631 F.3d 174, 183 (4th Cir. 2011) (noting that possibility that deposition may "wander into impermissible terrain is not sufficient reason to halt [an otherwise] permissible inquiry").

privilege "is not coextensive with state legislative immunity"). *Cf. United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983) (concluding serious legal question is present where the court has "been cited to no definitive ruling that would guide us in this case"). Accordingly, the Legislators' argument on this point is without merit.

2. The Legislators Will Not Suffer Irreparable Injury Absent a Stay.

Having failed to establish a right to avoid their depositions, the Legislators cannot be injured by the lack of a stay.[5]

To the extent that the Legislators argue that the potential release of privileged information will result in irreparable injury, that argument is also unavailing, as the Court has set forth a procedure to preserve the privilege. *See* Dkt. 282 at 4–5. To establish their claimed irreparable injury, the Legislators rely on inapposite cases, either because those cases dealt with a trial court's decision to *deny* the application of a privilege, *see In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 756 (D.C. Cir. 2014), or involved discovery disputes that did not implicate legislative privilege, *see In re United States*, 542 F. App'x 944, 946 (Fed. Cir. 2013) (deposition of executive branch official)*; In re U.S. Dep't of Educ.*, 25 F.4th 692, 705 (9th Cir. 2022) (same). Here, by contrast, the Court has outlined a procedure to preserve the Legislators' privilege —a process that is identical to the last round of redistricting litigation in Texas—and, as discussed above, there is no question that state legislators may be deposed. *See Perez v. Perry*, No. SA-11-CV-360-OLG-JES, Dkt. 102 at 5–6; *see also Jefferson*, 849 F.3d at 624. Accordingly, the Legislators suffer no harm to their ability to assert legislative privilege.

---

[5] The Legislators again rely, in part, on the notion that legislative immunity should protect them from participating in any deposition. But legislative immunity is not implicated here, as the Legislators are not being sued in this case. *See Jefferson*, 849 F.3d at 624. Relatedly, there is no burden on the Legislators to defend themselves in the instant litigation because they cannot be held liable.

Finally, the Legislators' assertion that they are burdened by participating in depositions is also insufficient to show irreparable injury. The Texas Legislature is not in session. Moreover, the Legislators are public officials, they participated in the redistricting process, and they have knowledge of facts that is not otherwise available. Given that legislators were deposed in the last round of Texas redistricting litigation, the Legislators were well aware of the possibility of being deposed in this round, thereby minimizing any burden of a potential deposition. *See Perez*, 2014 WL 106927, at *3.

Accordingly, the Legislators have failed to show that they will suffer irreparable injury absent a stay.

3. <u>Issuance of a Stay Will Harm Private Plaintiffs.</u>

Even when a party that seeks a stay satisfies the first two factors in the stay inquiry (and the Legislators have not here), the Court must assess the harm to the non-movant and determine where public interest lies. *See Nken*, 556 U.S. at 435.

The Legislators claim Private Plaintiffs will not be harmed by a stay of the Legislators' depositions because Private Plaintiffs "have other discovery to take" and that Private Plaintiffs "should have never subpoenaed the legislators as their *very first* deponents." Dkt. 283 at 7. The Legislators also fault Private Plaintiffs for not having "offered any reason why they cannot pursue [ ] alternative discovery" pending appeal. *Id*.

First, the Legislators cite no binding authority that constrains the order in which a party must subpoena deponents. Despite the Legislators' attempts to shift the burden onto Private Plaintiffs to demonstrate a pursuit of alternative discovery, the Legislators carry the burden of demonstrating circumstances that justify issuance of a stay. *See Transocean*, 537 F. App'x at

12

360. In any event, the Legislators have provided limited responses to document subpoenas in this case, and Plaintiffs' plan to pursue depositions is reasonable.

Second, discovery in this matter closes in fewer than 60 days. Dkt. 96. With such a limited discovery window, Private Plaintiffs will be harmed by a stay of the Legislators' depositions and by the length of time an appeal may take, particularly where the Legislators do not have a likelihood of success on the merits. The Court has permitted each side 75 depositions (or no more than 325 hours of deposition testimony), Dkt. 220, and a stay would limit Private Plaintiffs' ability to make full use of those depositions while at the same time adhering to the trial schedule set by the Court, *see* Dkt. 96; *see also Transocean*, 537 F. App'x at 364 (considering the length of time an appeal could take).

Finally, the Legislators cite inapposite cases to support their argument that Private Plaintiffs are not harmed by a stay. *See In re Perry*, 60 S.W.3d 857 (Tex. 2001) (addressing legislative immunity); *Austin Lifecare, Inc. v. City of Austin*, No. A-11-CA-875-LY, 2012 WL 12850268, at *2 (W.D. Tex. Mar. 20, 2012) (quashing deposition subpoena where plaintiffs sought only to inquire into state legislators' motives); *Baylor Univ. Med. Ctr.*, 711 F.2d at 39 (granting stay where there was an open legal question).

Accordingly, this factor weighs against a stay.

4. A Stay is Not in the Public Interest.

The last factor is where the public interest lies. Where, as here, a movant fails to demonstrate a likelihood of success on the merits, "there is little reason to invoke the general public policy of preserving judicial resources from the risk of reversal [and] the public interest in speedy resolution of disputes prevails." *Weingarten*, 661 F.3d at 913.

The Legislators claim "[i]t harms the public to put their legislators to the choice of forfeiting their legislative immunity and privilege and sitting for a deposition, thereby subjecting legislators to defending themselves not only at the ballot box but also here in litigation." Dkt. 283 at 8. In support of their argument, the Legislators rely on *Baylor*, in which the denial of the requested stay would have resulted in the loss of hospital funding for Medicaid and Medicare recipients. Dkt. 283 at 8. The Legislators' alleged harm to the public in "forfeiting their legislative immunity and privilege," even if true (and it is not) can hardly be compared to the public harm in the loss of hospital funding to provide medical care for Medicaid and Medicare recipients that was addressed in *Baylor*. Dkt. 283 at 8. The Legislators have failed to carry their burden that public interest favors a stay, and the public interest in speedy resolution of disputes by the district court weighs in Private Plaintiffs' favor. *See Kennedy v. Pioneer Nat. Res. Co.*, No. MO:20-CV-86-DC-RCG, 2021 WL 2843843, at *4 (W.D. Tex. Apr. 15, 2021).

## II.  CONCLUSION

For the foregoing reasons, Private Plaintiffs respectfully request that the Court deny the Legislators' motion to stay their depositions pending appeal. Dkt. 283.

Dated: May 19, 2022

*s/ Nina Perales*
Nina Perales
Texas Bar No. 24005046
Samantha Serna
Texas Bar No. 24090888
Fátima Menendez
Texas Bar No. 24090260
Kenneth Parreno*
Massachusetts Bar No. 705747
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, TX 78205
(210) 224-5476

*Admitted *pro hac vice*

*ATTORNEYS FOR LULAC PLAINTIFFS*

s/ David R. Fox
Renea Hicks
Texas Bar No. 09580400
LAW OFFICE OF MAX RENEA HICKS
P.O. Box 303187
Austin, Texas 78703-0504
(512) 480-8231
*rhicks@renea-hicks.com*

Aria C. Branch*
David R. Fox*
ELIAS LAW GROUP LLP
10 G Street NE, Suite 600
Washington, D.C. 20002
(202) 968-4490
*abranch@elias.law*
*dfox@elias.law*

*Admitted *pro hac vice*

*ATTORNEYS FOR VOTO LATINO PLAINTIFFS*

s/ Chad W. Dunn
Chad W. Dunn
Texas Bar No. 24036507
BRAZIL & DUNN
4407 Bee Caves Road
Building 1, Suite 111
Austin, TX 78746
(512) 717-9822
*chad@brazilanddunn.com*

Mark P. Gaber*
MARK P. GABER PLLC
P.O. Box 34481
Washington, DC 20043
(715) 482-4066
*mark@markgaber.com*

15

Jesse Gaines
Tex. Bar. No. 07570800
P.O. Box 50093
Fort Worth, TX 76105
(817) 714-9988
*gainesjesse@ymail.com*

Molly E. Danahy*
P.O. Box 26277
Baltimore, MD 21211
(208) 301-1202
*danahy.molly@gmail.com*

Sonni Waknin*
10300 Venice Blvd. # 204
Culver City, CA 90232
(732) 610-1283
*sonniwaknin@gmail.com*

*Admitted *pro hac vice*

*ATTORNEYS FOR BROOKS PLAINTIFFS*


*s/ Noor Taj*
Noor Taj*
PA State Bar No. 309594
Allison J. Riggs*
NC State Bar No. 40028
Hilary Harris Klein*
NC State Bar No. 53711
Mitchell Brown*
NC State Bar No. 56122
SOUTHERN COALITION FOR SOCIAL JUSTICE
1415 West Highway 54, Suite 101
Durham, NC 27707
(919) 323-3380
*noor@scsj.org*
*allison@southerncoalition.org*
*hilaryhklein@scsj.org*
*mitchellbrown@scsj.org*

David A. Donatti
Texas Bar No. 24097612

16

Ashley Harris
Texas Bar No. 24078344
Thomas Buser-Clancy
Texas Bar No. 24123238
Andre I. Segura
Texas Bar No. 24107112
ACLU FOUNDATION OF TEXAS, INC.
P.O. Box 8306
Houston, TX 77288
(713) 942-8146
*ddonnati@aclutx.org*
*aharris@aclutx.org*
*tbuser-clancy@aclutx.org*
*asegura@aclutx.org*

Jerry Vattamala*
NY State Bar No. 4426458
Susana Lorenzo-Giguere*
NY State Bar No. 2428688
Patrick Stegemoeller*
N.Y. State Bar No. 5819982
ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932
*jvattamala@aaldef.org*
*slorenzo-giguere@aaldef.org*
*pstegemoeller@aaldef.org*

*Admitted *pro hac vice*

*ATTORNEYS FOR FAIR MAPS PLAINTIFFS*


s/ Lindsey B. Cohan
Lindsey B. Cohan
Texas Bar No. 24083903
DECHERT LLP
515 Congress Avenue, Suite 1400
Austin, TX 78701
(512) 394-3000
*lindsey.cohan@dechert.com*

Jon Greenbaum*

Ezra D. Rosenberg*
Pooja Chaudhuri*
Sofia Fernandez Gold*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
*jgreenbaum@lawyerscommittee.org*
*erosenberg@lawyerscommittee.org*
*pchaudhuri@lawyerscommittee.org*
*sfgold@lawyerscommittee.org*

Neil Steiner*
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
*neil.steiner@dechert.com*

Robert Notzon
Texas Bar No. 00797934
THE LAW OFFICE OF ROBERT
NOTZON
1502 West Avenue
Austin, Texas 78701
(512) 474-7563
*robert@notzonlaw.com*

Gary Bledsoe
Texas Bar No. 02476500
THE BLEDSOE LAW FIRM PLLC
6633 Highway 290 East #208
Austin, Texas 78723-1157
(512) 322-9992
*gbledsoe@thebledsoelawfirm.com*
*Attorney only as to Texas NAACP's claims related to Texas state senate and state house plans*

Janette M. Louard
Anthony P. Ashton
Anna Kathryn Barnes
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive

Baltimore, MD 21215
(410) 580-577
*jlouard@naacpnet.org*
*aashton@naacpnet.org*
*abarnes@naacpnet.org*
*Attorneys appearing of counsel*

*Admitted pro hac vice*

*ATTORNEYS FOR THE TEXAS STATE CONFERENCE OF NAACP*

*s/ George Quesada*
George (Tex) Quesada
Texas Bar No. 16427750
Sean J. McCaffity
Texas Bar No. 24013122
SOMMERMAN, MCCAFFITY, QUESADA & GEISLER, L.L.P.
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461
(214) 720-0720
*quesada@textrial.com*
*smccaffity@textrial.com*

Joaquin Gonzalez
Texas Bar No. 24109935
Attorney at Law
1055 Sutton Dr.
San Antonio, TX 78228
*jgonzalez@malc.org*

*ATTORNEYS FOR MEXICAN AMERICAN LEGISLATIVE CAUCUS PLAINTIFFS*

Gary Bledsoe
Texas Bar No. 02476500
THE BLEDSOE LAW FIRM PLLC
6633 Highway 290 East #208
Austin, Texas 78723-1157
Telephone: 512-322-9992
*gbledsoe@thebledsoelawfirm.com*

*ATTORNEY FOR CONGRESSPERSONS*

*s/ Martin Golando*
Martin Golando
Texas State Bar No. 24059153
Attorney at Law
2326 W. Magnolia
San Antonio, Texas 78201
(210) 471-1185
*Martin.Golando@gmail.com*

*ATTORNEY FOR TREY MARTINEZ FISCHER AND VERONICA ESCOBAR*

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2022, the foregoing document was filed electronically (via CM/ECF), and that all counsel of record were served by CM/ECF.

*s/ Nina Perales*