**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al., <br><br> Plaintiffs <br><br> v. <br><br> GREG ABBOTT, et al., <br><br> Defendants. | Civil Action <br><br> Lead Case No.: <br>  3:21-CV-00259-DCG-JES-JVB |
| ROSALINDA RAMOS ABUABARA, et al., <br><br> Plaintiffs <br><br> v. <br><br> JOHN SCOTT, et al., <br><br> Defendants. | Consolidated Case No.: <br>  1:21-CV-00965-RP-JES-JVB |

**PLAINTIFFS' MOTION**
**FOR LEAVE TO JOIN ADDITIONAL PLAINTIFFS**

Plaintiffs Rosalinda Ramos Abuabara, Akilah Bacy, Orlando Flores, Marilena Garza, Cecilia Gonzales, Agustin Loredo, Cinia Montoya, Ana Ramón, Jana Lynne Sanchez, Jerry Shafer, Debbie Lynn Solis, Angel Ulloa, and Mary Uribe (the "Abuabara Plaintiffs), by and through their undersigned counsel, respectfully move this Court for leave to join additional parties Luz Maria Moreno and Maria Montes ("Proposed Plaintiffs") as plaintiffs in this action under Fed. R. Civ. P. 20(a)(1) & 21. Defendants have indicated that they oppose this motion.

Attached to this Motion as **Exhibit A** is the Abuabara Plaintiffs' Proposed Second Amended Complaint. Attached as **Exhibit B** is a redline showing changes from the Abuabara Plaintiffs' First Amended Complaint.

## BACKGROUND

The Abuabara Plaintiffs' Amended Complaint alleges that Senate Bill 6—the Texas Congressional redistricting plan—and House Bill 1—the Texas House of Representatives redistricting plan, both enacted in late 2021, violate Section 2 of the Voting Rights Act because they illegally pack and cracks Black and Latino communities, resulting in the dilution of Black and Latino votes. This case has been consolidated with nine others before this Court, each raising similar or related claims concerning Texas's 2021 redistricting.

On May 23, 2022, the Court issued an Order addressing motions to dismiss the complaints of several of the plaintiffs in these consolidated cases. Dkt. 307. As relevant to this case, the Court (1) dismissed Voto Latino as a plaintiff for lack of standing and (2) concluded that Plaintiffs only have standing to challenge the districts where they reside. *Id.* at 20, 22-25. The Court also, in addressing the claims of the United States, the Texas NAACP, MALC, and the Fair Maps plaintiffs, clarified what is required to successfully plead a Section 2 vote dilution claim under *Thornburg v. Gingles*, 478 U.S. 30 (1986). *Id.* at 29-52.

The Court's Order granted the Abuabara Plaintiffs 14 days to further amend their complaint. *Id.* at 5. Pursuant to that Order, the Abuabara Plaintiffs file their Second Amended Complaint as an attachment to this Motion. The Second Amended Complaint clarifies the Abuabara Plaintiffs' claims and the districts they believe have been drawn unlawfully. In addition to amending their claims, the Abuabara Plaintiffs seek to join two additional parties as plaintiffs in this action: Luz Moreno and Maria Montes.

Proposed Plaintiffs live in parts of Texas where the Abuabara Plaintiffs allege the dilution of Latino votes, but no other Plaintiff currently resides. Luz Moreno lives in Enacted CD27 under Senate Bill 6. In their Second Amended Complaint, the Abuabara Plaintiffs allege that Senate Bill 6 dilutes the votes of Latino voters in CD27 by submerging them in a majority-white district where white voters vote as a bloc to prevent Latino voters from electing their candidates of choice. Existing Plaintiffs Marilena Garza and Cinia Montoya also reside in CD27, but Proposed Plaintiff Moreno lives in a different portion of CD27 from Plaintiffs Garza and Montoya. The Abuabara Plaintiffs' demonstration maps show that the portion of CD27 where Proposed Plaintiff Moreno lives could be placed into a new, Latino-majority CD10, which would remedy the dilution of Plaintiff Moreno's vote.

Proposed Plaintiff Maria Montes lives in Enacted CD29 under Senate Bill 6. The Abuabara Plaintiffs' Second Amended Complaint alleges that Senate Bill 6 dilutes the votes of Latino voters in Harris County by unnecessarily packing them into Enacted CD29. The Abuabara Plaintiffs' demonstration maps remedy this by unpacking CD29, allowing Ms. Montes the opportunity to elect her candidates of choice without having her vote diluted by residing in a packed district, while also placing Plaintiffs Jerry Shafer and Agustin Loredo, who live just outside Enacted CD29 in a majority-white district, in a majority-Latino district in which they would have the opportunity to elect their candidates of choice.

## ARGUMENT

In the Court's May 23 order on motions to dismiss, the Court granted the Abuabara Plaintiffs leave to amend their complaint. Plaintiffs believe that this grant of leave to amend includes leave to add additional parties. *See, e.g.*, *McLellan v. Miss. Power & Light Co.*, 526 F.2d 870, 872–73 (5th Cir. 1976), *vacated in part on other grounds*, 545 F.2d 919 (5th Cir. 1977) (en

banc). Out of an abundance of caution, however, the Abuabara Plaintiffs file this motion for leave to add Proposed Plaintiffs as additional plaintiffs under Rule 20.

Proposed Plaintiffs satisfy the standard for joinder under Rule 20 and no party will be prejudiced by the joinder of these additional parties.[1] The Court should therefore grant leave to add Luz Moreno and Maria Montes as plaintiffs in this action.

Federal Rule of Civil Procedure 20(a)(1) permits the joinder of plaintiffs in one action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." *Id.* "Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Acevedo*, 600 F.3d at 521. "Generally, as long as both prongs of the test are met, permissive joinder of plaintiffs is at the option of the plaintiffs." *Id.* (internal quotation marks and alteration omitted). Where the two-prong test is satisfied, district courts should refuse joinder only to "avoid[] prejudice and delay, ensur[e] judicial economy, or safeguard[] principles of fundamental fairness." *Id.* (citations omitted); *see also Vera*, 980 F. Supp. at 255 (Rule 15(a)'s liberal standard for amendment applies for adding new parties under either Rule 15(a) or Rule 21). Under the Federal Rules of Civil Procedure, "the

---

[1] Rule 21, titled "Misjoinder and Nonjoinder of Parties," provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). "[T]he same basic standard for adding or dropping a party will apply whether the pleader moves under Rule 15(a) or Rule 21." 6 Fed. Prac. & Proc. Civ. § 1474 (3d ed.); *see also Vera v. Bush*, 980 F. Supp. 254, 255 (S.D. Tex. 1997) ("the same standard applies for adding new parties under either Rule 15(a) or Rule 21")

4

impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (citing Fed. R. Civ. P. 20).

Proposed Plaintiffs satisfy Rule 20's two-prong test. First, the Proposed Plaintiffs' claims arise out of "the same transaction, occurrence, or series of transactions or occurrences" as those of the existing Abuabara Plaintiffs. Specifically, their claims arise out of the legislative redistricting process that led to the passage of Senate Bill 6, which the Abuabara Plaintiffs allege dilutes minority votes in violation of Section 2 of the Voting Rights Act. And second, there are multiple questions of law and fact common to the claims. Proposed Plaintiffs are pursuing the same legal theories as the existing Abuabara Plaintiffs and relying on many of the same facts, except that Proposed Plaintiffs are challenging the districts where they live, where no other Plaintiff currently resides.

No party will be prejudiced by adding Proposed Plaintiffs at this juncture in the litigation and doing so will not delay the proceedings. The Proposed Plaintiffs join in the claims already pursued by other Plaintiffs in this action, and assert claims related to the same congressional districts, based on the same demonstration maps, that the other Abuabara Plaintiffs were already pursuing. The parties are already actively engaged in fact discovery on these claims, and the Abuabara Plaintiffs have served their opening expert reports. Adding Proposed Plaintiffs now will not necessitate any meaningful additional fact or expert discovery, as Defendants have sought only limited fact discovery from individual plaintiffs, which the Proposed Plaintiffs will promptly provide. And Defendants' pending Motion to Dismiss (Dkt. 288), to the extent not addressed by the Court's May 23 Order, is mooted by the Abuabara Plaintiffs' Second Amended Complaint. The addition of these Proposed Plaintiffs therefore will have no effect on that motion.

## **CONCLUSION**

For the foregoing reasons, the Abuabara Plaintiffs' Motion for Leave to join additional parties in their Second Amended Complaint should be granted.

Dated: June 6, 2022

Renea Hicks
Attorney at Law
Texas Bar No. 09580400
Law Office of Max Renea Hicks
P.O. Box 303187
Austin, Texas 78703-0504
(512) 480-8231
rhicks@renea-hicks.com

Respectfully submitted,

*/s/ Abha Khanna*
Abha Khanna*
**ELIAS LAW GROUP LLP**
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177
akhanna@elias.law

David Fox*
Francesca Gibson*
Richard A. Medina*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
dfox@elias.law
fgibson@elias.law
rmedina@elias.law

Kevin J. Hamilton*
**PERKINS COIE LLP**
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
khamilton@perkinscoie.com

*Counsel for Plaintiffs*

*Admitted pro hac vice

## CERTIFICATE OF CONFERENCE

Counsel for the Plaintiffs conferred with counsel for the Defendants in a good-faith attempt to resolve the subject matter of this Motion, and counsel for the Defendants indicated that they oppose the Motion.

*/s/ Abha Khanna*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on June 6, 2022, and that all counsel of record were served by CM/ECF.

*/s/ Abha Khanna*