UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LULAC, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of Texas, *et al.*,<br><br>*Defendants.* | Case No.: 3:21-CV-00259-DCG-JES-JVB<br>[Lead Case] |
| ROY CHARLES BROOKS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of Texas, *et al.*,<br><br>*Defendants.* | Case No.1-21-CV-00991-DCG-JES-JVB<br>[Consolidated Case] |

**BROOKS PLAINTIFFS' MOTION FOR LEAVE TO JOIN ADDITIONAL PARTIES**

Plaintiffs Roy Charles Brooks, Felipe Gutierrez, Phyllis Goines, Eva Bonilla, Clara Faulkner, Deborah Spell, Sandra M. Puente, Jose R. Reyes, Shirley Anna Fleming, Louie Minor Jr., and Norma Cavazos (the "Brooks Plaintiffs"), by and through undersigned counsel, respectfully move this court for leave to join additional parties Lydia Alcalan and Martin Saenz ("Proposed Plaintiffs") as plaintiffs in this action, and additional party the State of Texas ("Proposed Defendant]") as a defendant in this action under Fed. R. Civ. P. 20(a)(1), 20(a)(2), and 21. Counsel for Brooks Plaintiffs' reached out to State Defendants to obtain their position on the motion, but were unable to ascertain their position in time to file this motion.

1

Attached to this Motion as Exhibit A is the Brooks Plaintiffs' Proposed Second Amended Complaint.

## BACKGROUND

Brooks Plaintiffs' Amended Complaint alleges that Senate Bill 4, enacting the Texas Senate redistricting plan, is intentionally discriminatory in violation of Section 2 of the Voting Rights Act, the Equal Protection Clause of the Fourteenth Amendment, and the Fifteenth Amendment, that the use of race predominated in drawing Texas Senate District 10 in violation of the Equal Protection Clause of the Fourteenth Amendment, and that SB4 has a discriminatory effect on Black and Hispanic voters in Tarrant County in violation of Section 2 of the Voting Rights Act. Brooks' Plaintiffs' Amended Complaint further alleges that Senate Bill 6, enacting the Texas Congressional redistricting plan, has a discriminatory effect on Black and Hispanic voters in the Dallas-Fort Worth and Houston areas, in violation of Section 2 of the Voting Rights Act. Finally, Brooks Plaintiffs' Amended Complaint alleges that House Bill 1, enacting the Texas House redistricting plan, intentionally discriminates against Black and Latino voters in Bell County, in violation of Section 2 of the Voting Rights Act, the Equal Protection Clause of the Fourteenth Amendment, and the Fifteenth Amendment, and that HB1 has a discriminatory effect on Black and Latino votes in Bell County in violation of violates Section 2 of the Voting Rights Act. Likewise, Brooks Plaintiffs' Amended Complaint alleges that the configuration of HD 118 in HB 1 has a discriminatory effect against Latino voters in violation of Section 2 of the Voting Rights Act. Brooks Plaintiffs' case has been consolidated with nine others before this Court, each raising related claims concerning Texas's 2021 redistricting.

On May 23, 2022, the Court issued an Order addressing motions to dismiss the complaints of several of the plaintiffs in these consolidated cases. Dkt. 307. In so doing, the Court clarified

what is required to successfully plead a Section 2 vote dilution claim under *Thornburg v. Gingles*, 478 U.S. 30 (1986). *Id.* at 29-52. The Court also confirmed that the State of Texas is a proper party for Section 2 statutory claims, where Congress has abrogated state sovereign immunity. *Id.* at 25.

The Court subsequently extended the time for Brooks Plaintiffs to file amended complaints consistent with the Court's ruling on the motions to dismiss. Text Order of May 31, 2022. Pursuant to that Order, the Brooks Plaintiffs file their Second Amended Complaint as an attachment to this Motion. The Second Amended Complaint clarifies the Brooks' Plaintiffs claims, includes additional allegations regarding the *Gingles* preconditions, and adds parties consistent with Court's ruling on the motions to dismiss.

Proposed Plaintiffs live in parts of Texas where the Brooks Plaintiff allege that SB6 dilutes Latino votes. Lydia Alcalan is a Latina citizen and is registered to vote. She resides in CD 6 in Plan C2193. Her voting strength is diluted in violation of Section 2 of the Voting Rights Act by the cracking of Black and Latino voters in the Dallas Fort Worth area in a manner that permits white bloc voting to prevent candidates of choice of Black and Latino voters from being elected. Alternative district configurations are possible in which Black and Latino voters, who vote cohesively, would form the majority of eligible voters in a congressional district in which they could elect their candidates of choice. For example, under Plan C2163, Proposed Plaintiff Alcalan would reside in CD37, a district that is majority Latino CVAP. Under Plan C2167, Proposed Plaintiff Alcalan would reside in CD6, a district that is majority Black and Latino CVAP. By contrast, under the enacted Plan C2193, Proposed Plaintiff Alcalan resides in a majority Anglo district in which Black and Latino voters cannot elect their candidate of choice. Proposed Plaintiff Alcalan has voted in past elections and intends to vote in the 2022 and future elections.

Proposed Plaintiff Martin Saenz is a Latino citizen and is registered to vote. He resides in CD 6 in Plan C2193. His voting strength is diluted in violation of Section 2 of the Voting Rights Act by the cracking of Black and Latino voters in the Dallas Fort Worth area in a manner that permits white bloc voting to prevent candidates of choice of Black and Latino voters from being elected. Alternative district configurations are possible in which Black and Latino voters, who vote cohesively, would from a majority of eligible voters in a congressional district in which they could elect their candidate of choice. For example, under Plan C2163, Proposed Plaintiff Saenz would reside in CD37, a district that is majority Latino CVAP. Under Plan C2167, Proposed Plaintiff Saenz would reside in CD6, a district that is majority Black and Latino CVAP. By contrast, under enacted Plan C2193, Proposed Plaintiff Saenz resides in a majority Anglo district in which Black and Latino voters cannot elect their candidate of choice. Proposed Plaintiff Saenz has voted in past elections and intends to vote in the 2022 and future elections.

Proposed Defendant is sued only with respect to the Section 2 statutory claims stated herein, for which Congress has abrogated sovereign immunity.

**ARGUMENT**

In its Text Order of May 31, 2022, the Court granted Brooks Plaintiffs additional time to file an amended complaint that conforms to the Court's Order of May 23, addressing State Defendants motions to dismiss other consolidated parties' complaints. Brooks Plaintiffs understood the Court's grant of leave to amend to include leave to add additional parties. Out of an abundance of caution, Brooks Plaintiffs nonetheless file this motion for leave to add the proposed parties referenced herein, pursuant to Rules 20 and 21.

All proposed parties satisfy the standard for joinder under Rule 20 and no party will be prejudiced by the joinder of these additional parties, including the State of Texas, which is already a party in the consolidated action.

Rule 20(a)(1) permits the joinder of plaintiffs where they "assert any right of relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and where "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Rule 20(a)(2) permits the joinder of defendants where "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and where "any question of law or fact common to all defendants will arise in the action." *Id.* 20(a)(2). The failure to join a party "is not a ground for dismissing an action." *Id.* 21. Under the Rules "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (citing Fed. R. Civ. P. 20).

Proposed Plaintiffs and Proposed Defendant satisfy Rule 20's two prong test. Proposed Plaintiffs claims arise out the same transaction or occurrence as those of existing Plaintiffs, namely the legislative redistricting process that resulted in the enactment of SB 6, which Brooks Plaintiffs allege dilutes the votes of Black and Latino voters in Dallas Fort Worth in violation of Section 2 of the Voting Rights Act. Further, the questions of law and fact with respect to Proposed Plaintiffs' claims are nearly identical to those as the other Brooks Plaintiffs. Proposed Plaintiffs are pursuing the same legal theories and claims as existing Brooks Plaintiffs and are relying largely on the same facts, except with respect to the precise locations in which Proposed Plaintiffs reside. Further, the Brooks Plaintiffs allege the same right to relief against the State of Texas as they do with respect

to the other State Defendants in this action, arising out of the legislature's enactment of SB4, SB6, and HB1. And again, the questions of law or fact with respect to Plaintiff claims against the State of Texas are nearly identical to those with respect to the other State Defendants in this action.

No party will be prejudiced by adding Proposed Plaintiffs and doing so will not delay the proceedings. Proposed Plaintiffs join in the claims already pursued by Brooks Plaintiffs in this action, and assert claims related to the same congressional districts, based on the same facts with respect to the *Gingles* preconditions, and the same demonstration maps that the other Brooks Plaintiffs are already pursuing. Adding proposed Plaintiffs will not necessitate any meaningful additional fact or expert discovery, and there remains sufficient time under the existing discovery schedule to accommodate the same type of discovery Defendants have sought from the Brooks Plaintiffs. Further, no party will be prejudiced by adding the State of Texas, which is already a defendant in this consolidated case, as a defendant to Brooks Plaintiffs' statutory Section 2 claims. And because Defendants' pending Motion Dismiss (Dkt. 286) is mooted by Brooks Plaintiffs Second Amended Complaint, the addition of the proposed parties will have no effect on that motion.

## CONCLUSION

For the foregoing reasons, Brooks Plaintiffs respectfully request that the Court grant their Motion for Leave to Join Additional Parties.

June 6, 2022                                         Respectfully submitted,

*/s/ Chad W. Dunn*
Chad W. Dunn (Tex. Bar No. 24036507)
Brazil & Dunn
4407 Bee Caves Road
Building 1, Ste. 111
Austin, TX 78746
(512) 717-9822

chad@brazilanddunn.com

*/s/ Mark P. Gaber*
Mark P. Gaber*
Mark P. Gaber PLLC
P.O. Box 34481
Washington, DC 20043
(715) 482-4066
mark@markgaber.com

Jesse Gaines* (Tex. Bar. No. 07570800)
P.O. Box 50093
Fort Worth, TX 76105
817-714-9988
gainesjesse@ymail.com

Molly E. Danahy*
P.O. Box 26277
Baltimore, MD 21211
(208) 301-1202
danahy.molly@gmail.com

Sonni Waknin*
10300 Venice Blvd. # 204
Culver City, CA 90232
732-610-1283
sonniwaknin@gmail.com


*Admitted *pro hac vice*

*Counsel for Plaintiffs*

7

CERTIFICATE OF SERVICE

The undersigned here by certifies that a true and correct copy of the foregoing has been served on all counsel of record this 6th day of June, 2022, via the Court's CM/ECF system.

*/s/ Mark P. Gaber*
Mark P. Gaber