IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br>*Plaintiffs,* <br><br>V. <br><br>GREG ABBOTT, *et al.*, <br><br>*Defendants.* | § § § § § § § § § § § § § | Case No. 3:21-cv-00259 <br> [Lead Case] |
| UNITED STATES OF AMERICA, <br><br>*Plaintiff,* <br><br>V. <br><br>STATE OF TEXAS, *et al.*, <br><br>*Defendants.* | § § § § § § § § § § § § § | Case No. 3:21-cv-00299 <br> [Consolidated Case] |

**MOTION BY TEXAS HOUSE MEMBERS AND LEGISLATIVE EMPLOYEES TO QUASH DEPOSITION SUBPOENAS AND MOTION FOR PROTECTIVE ORDER**

Plaintiffs have subpoenaed 13 additional Texas House Members and current and former House employees to testify by deposistion. The newly subpoenaed legislators and legislative employees now move to quash the deposition subpoenas and, alternatively, for a protective order, so that they may preserve their legislative immunity and privilege arguments for appeal.[1] They adopt the

---

[1] Movants here include Texas Representative and Chairman of the House Redistricting Committee Todd Hunter, Representative Daniel Huberty, Representative Jacey Jetton, Representative J.M. Lozano, and Representative Andrew Murr; legislative staff members Adam Foltz, Angie Flores, and Jay Dyer; and former legislative staff members Colleen Garcia and Mark Bell. *See* Exs. D-O (subpoenas and correspondence regarding subpoenas). Plaintiffs have also subpoenaed the Speaker of the Texas House, Representative Dade Phelan, House General Counsel, Margo Cardwell, and House Parliamentarian, Sharon Carter, to testify by deposition. *See* Exs. A-C (Phelan, Cardwell, Carter subpoenas). Speaker Phelan, Counsel Cardwell, and Parliamentarian Carter will

arguments briefed by Texas House Members Ryan Guillen, Brooks Landgraf, and John Lujan, already involved in these proceedings as third-party movants. This Court previously denied those Representatives' motion to quash deposition subpoenas, and an appeal is pending in the Fifth Circuit regarding the same. *See* Order, ECF 282; *see LULAC et al. v. Guillen et al.*, No. 22-50407 (5th Cir.).

## BACKGROUND

Plaintiffs previously subpoenaed three Texas House Members to testify by deposition. The Texas House Members moved to quash the subpoenas and requested a protective order in the alternative. *See* Legislators' Mot. to Quash U.S. Subpoenas, ECF 259; Reply in Support of Mot. to Quash U.S. Subpoenas, ECF 277; Legislators' Mot. to Quash Pls. Subpoenas, ECF 278. The Court denied the legislators' motion, finding that it was "not [yet] positioned to rule on what information may or may not be the subject of state legislative privilege." Order 2, ECF 282. The Court ordered a deposition procedure requiring the legislators to appear for depositions, "even if it appears likely that legislative privilege may be invoked in response to certain questions." *Id.* at 4-5. During depositions, "[d]eponents may invoke legislative privilege in response to particular questions, but the deponent invoking the privilege must then answer the question in full. The response will be subject to the privilege." *Id.* Portions of transcripts containing answers subject to privilege are subject to the existing protective order. *Id.* And "[i]f a party wishes to use any portion of deposition testimony that is subject to legislative privilege," the Court will review the testimony *in camera* as part of motions to compel. *Id.* An appeal of that order is now pending, which the Texas House Members have asked to hold in abeyance pending the forthcoming depositions and any other appealable future orders related to the scope of legislative immunity and privilege.

---

be filing a separate motion to quash those deposition subpoenas based on arguments unique to their roles within the House.

Since this Court's order denying the initially subpoenaed Texas House Members' motion to quash, Plaintiffs have issued or intend to issue an additional 13 deposition subpoenas. *See* Exs. A-O (deposition subpoenas and correspondence regarding deposition subpoenas). From the House alone, Plaintiffs intend to depose 16 House members and employees and have reserved their right to subpoena additional deponents.

**ARGUMENT**

**I.     Legislators Daniel Huberty, Todd Hunter, Jacey Jetton, J.M. Lozano, and Andrew Murr**

Representatives Huberty, Hunter, Jetton, Lozano, and Murr adopt the arguments already briefed by fellow Texas House Members Guillen, Landgraf, and Lujan. *See* Legislators' Mot. to Quash U.S. Subpoenas, ECF 259; Reply in Support of Mot. to Quash U.S. Subpoenas, ECF 277; Legislators' Mot. to Quash Pls. Subpoenas, ECF 278. They also seek, in the alternative, a protective order consistent with the procedure ultimately adopted in the last redistricting cycle, which would permit legislative privilege objections that, once raised, relieve the legislator from answering questions over the objection. *See* Fed. R. Civ. P. 30(c)(2) (deponent may choose not to answer "when necessary to preserve a privilege"); *Perry v. Perez*, 2014 WL 106927, at *3 (W.D. Tex. Jan. 8, 2014) ("the deponent may choose not to answer specific questions, citing the [legislative] privilege").

For the reasons already briefed, deposing sitting legislators at this time in this case cannot be reconciled with the twin safeguards of legislative immunity and privilege. *See Tenney v. Brandhove*, 341 U.S. 367, 372-77 (1951); *Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967). But here, deposing legislators was plaintiffs' first stop. Such discovery tactics even for *local policymakers* are reserved for "extraordinary instances." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 (1977) (noting that, even then, such testimony "frequently will be barred by privilege"); *see also, e.g.*, *In re Perry*, 60 S.W.3d 857, 861-62 (Tex. 2001) (relying on *Arlington Heights* for rule that "all other available evidentiary sources must first be exhausted before extraordinary circumstances will be considered"). Requiring legislators

to sit for depositions in such circumstances deviates from the approaches of other courts, including in redistricting cases. *See, e.g.*, *Lee v. City of Los Angeles*, 908 F.3d 1175, 1187-88 (9th Cir. 2018) ("we have likewise concluded that plaintiffs are generally barred from deposing local legislators, even in 'extraordinary circumstances'"); *Marylanders for Fair Representation v. Schaefer*, 144 F.R.D. 292, 299 (D. Md. 1992) ("entirely barr[ing]" "any inquiry" in redistricting challenge).

This Court has denied the similar motions to quash by Representatives Guillen, Landgraf, and Lujan, and an appeal is pending in the Fifth Circuit regarding the same. *See* Order, ECF 282; *see LULAC et al. v. Guillen et al.*, No. 22-50407 (5th Cir.). The newly subpoenaed legislators request an order on their present motion so that, if it too is denied, they can join the pending Fifth Circuit appeal by Representatives Guillen, Landgraf, and Lujan.

## II. Additional Legislative Staff

Plaintiffs have also subpoenaed or intend to subpoena the following current and former House staff members to testify by deposition:

(1) Adam Foltz: Current House legislative employee, who served as the House mapdrawer. Ex. M (Foltz subpoena).

(2) Colleen Garcia: Former House legislative employee, who served as the Redistricting Committee General Counsel and Chief Committee Clerk. Ex. O (Garcia subpoena).

(3) Angie Flores: Current House legislative employee, who serves as Chief of Staff to Chairman Todd Hunter and as the Redistricting Committee Director. Ex. N (Flores subpoena).

(4) Mark Bell: Former House legislative employee, who served as former Deputy Chief of Staff to Speaker Phelan. Ex. D (6/3/2022 email from D. Freeman).

(5) Jay Dyer: Current House legislative employee, who serves as Deputy Chief of Staff and Policy Director to Speaker Phelan. Ex. D (6/3/2022 email from D. Freeman).

These current and former staff members adopt arguments made by the Texas House Members regarding legislative privilege, *supra*. They may also invoke legislative privilege to safeguard the independence of the legislative process, derivative of the Members' legislative privilege. *See United States v. Gravel*, 408 U.S. 606, 618 (1972) ("Speech or Debate Clause applies not only to a Member but also to

4

his aides insofar as the conduct of the latter would be a protected legislative act"); *accord* Tex. Gov't Code §306.008(a). Requiring legislators or their staff to divulge legislatively privileged information is beyond the scope of discovery for "nonprivileged matter[s]," Fed. R. Civ. P. 26(b)(1), and in contradiction to Rule 45(d)(3)(A)(iii)'s protection against subpoenas targeting "privileged or other protected matter." In the alternative, the House employees they seek a protective order permitting deponents to object to particular questions on privilege grounds, which would then relieve the deponents from answering those privileged questions in whole or in part, in accordance with Rule 30(c)(2). *See Perry*, 2014 WL 106927, at *3 ("the deponent may choose not to answer specific questions, citing the [legislative] privilege").

This Court has denied similar arguments in the previous motion filed by Representatives Guillen, Landgraf, and Lujan. *See* Order, ECF 282. The newly subpoenaed legislative staff members request an order on their present motion so that, if it too is denied, they can join the pending Fifth Circuit appeal.

## CONCLUSION

Movants adopt arguments previously made by Representatives Guillen, Landgraf, and Lujan regarding the propriety of proceeding with legislative depositions at this time and, alternatively, move for a protective order.

| | |
|---|---|
| Date: June 14, 2022 | Respectfully submitted, |
| | */s/ Taylor A.R. Meehan* |
| Adam K. Mortara | J. Michael Connolly |
| LAWFAIR LLC | Taylor A.R. Meehan |
| 125 South Wacker, Suite 300 | Frank H. Chang |
| Chicago, IL 60606 | Jeffrey S. Hetzel |
| Tel: (773) 750-7154 | CONSOVOY MCCARTHY PLLC |
| mortara@lawfairllc.com | 1600 Wilson Blvd., Suite 700 |
| | Arlington, VA 22209 |
| | Tel: (703) 243-9423 |
| | mike@consovoymccarthy.com |
| | taylor@consovoymccarthy.com |
| | frank@consovoymccarthy.com |
| | jhetzel@consovoymccarthy.com |
| | *Counsel for Movants* |
| | */s/ Patrick K. Sweeten* |
| KEN PAXTON | PATRICK K. SWEETEN |
| Attorney General of Texas | Deputy Attorney General for Special Litigation |
| | Tex. State Bar No. 00798537 |
| BRENT WEBSTER | |
| First Assistant Attorney General | WILLIAM T. THOMPSON |
| | Deputy Chief, Special Litigation Unit |
| | Tex. State Bar No. 24088531 |
| | JACK B. DISORBO |
| | Assistant Attorney General, Special Litigation Unit |
| | Tex. State Bar No. 24120804 |
| | OFFICE OF THE ATTORNEY GENERAL |
| | P.O. Box 12548 (MC-009) |
| | Austin, Texas 78711-2548 |
| | Tel.: (512) 463-2100 |
| | Fax: (512) 457-4410 |
| | patrick.sweeten@oag.texas.gov |
| | will.thompson@oag.texas.gov |
| | jack.disorbo@oag.texas.gov |
| | *Counsel for Movants and State Defendants* |

## CERTIFICATE OF CONFERENCE

I certify that counsel conferred with counsel for the United States and plaintiffs regarding the subject of this motion. Counsel for the United States indicated it opposed any motion to quash or modify the subpoena, which confirms opposition to the relief sought here.

*/s/ Taylor A.R. Meehan*
TAYLOR A.R. MEEHAN

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on June 14, 2022, and that all counsel of record were served by CM/ECF.

*/s/ Taylor A.R. Meehan*
TAYLOR A.R. MEEHAN