# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § § § | Case No. 3:21-cv-00259 <br> [Lead Case] |
| ROSALINDA RAMOS ABUABARA, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> JOHN SCOTT, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § § § | Case No. 1:21-cv-00965 <br> [Consolidated Case] |

**RESPONSE TO ABUABARA PLAINTIFFS' CORRECTED MOTION
FOR LEAVE TO JOIN ADDITIONAL PLAINTIFFS**

# TABLE OF CONTENTS

Table of Contents .................................................................................................................................. i
Introduction .......................................................................................................................................... 1
Background ........................................................................................................................................... 1
Argument ............................................................................................................................................... 2
    I.   The Abuabara Plaintiffs Ignore the Relevant Standard ............................................... 2
    II.  There Is No Good Cause to Add New Plaintiffs at This Late Date ......................... 4
Conclusion ............................................................................................................................................. 7
Certificate of Service ............................................................................................................................ 8

**INTRODUCTION**

Defendants respectfully request that the Court deny the Abuabara Plaintiffs' corrected motion for leave to join additional plaintiffs. *See* ECF 317. The Abuabara Plaintiffs bear the burden of establishing good cause because the scheduling order's deadline for joining additional parties has passed. But they have neither shown good cause nor even attempted to do so.

**BACKGROUND**

The Abuabara Plaintiffs originally filed suit in October 2021. *See Voto Latino v. Scott*, No. 1:21-cv-965, ECF 1 (W.D. Tex. Oct. 24, 2021).[1] Shortly thereafter, Defendants filed a motion to dismiss challenging their standing, including because the Abuabara Plaintiffs did not "reside in a number of the districts that [they] purport[ed] to challenge." *Id.*, ECF 20 at 1.

After the case was consolidated with other redistricting challenges, *see id.*, ECF 22, the Court entered a scheduling order. The Court required the parties to "file all motions to amend or supplement pleadings or to join additional parties by **April 14, 2022**." *LULAC v. Abbott*, No. 3:21-cv-965, ECF 96 at 4 (W.D. Tex. Dec. 17, 2021) (emphasis in original).

Months later, the Abuabara Plaintiffs amended their complaint, but they did not cure the standing defects. *See* ECF 235.[2] Accordingly, Defendants filed another motion to dismiss incorporating their previous standing arguments. *See* ECF 288 at 1–2. In an order considering both standing and the merits related to numerous complaints, the Court granted in part and denied in part Defendants' motion to dismiss the Abuabara Plaintiffs' claims. *See* ECF 307 at 5. The Court recognized that certain plaintiffs might want to amend or supplement their allegations in light of its ruling but also recognized that the scheduling order would prevent them from doing so. Accordingly, it ordered that

---

[1] These plaintiffs were originally known as the "Voto Latino Plaintiffs," but the Court dismissed Voto Latino's claims. *See* ECF 307 at 20. Voto Latino is not listed in the latest proposed complaint, *see* ECF 317-1, and the plaintiffs have started referring to themselves as the "Abuabara Plaintiffs." ECF 317 at 1.

[2] For the remainder of this response, ECF citations refer to the present, consolidated docket for the main case unless otherwise noted.

1

"[n]otwithstanding the Court's scheduling order, all Plaintiffs shall have fourteen days to amend their complaints in response to this order." ECF 307 at 60. The Court did not alter the scheduling order's already-passed deadline "to join additional parties." ECF 96 at 4.

## ARGUMENT

The Court should deny the Abuabara Plaintiffs' motion for two reasons. First, they forfeited any arguments in favor of good cause under Rule 16(b) by failing to brief the relevant legal standard. Second, on these facts, there is no good cause for their untimely effort to add new plaintiffs to an already-massive case nearing the close of discovery.

### I. The Abuabara Plaintiffs Ignore the Relevant Standard

The Abuabara Plaintiffs failed to identify, much less satisfy, the good-cause standard governing the addition of new plaintiffs at this late date. As a result, the Court should deny the motion for leave to join additional plaintiffs.

Under the Court's scheduling order, any party desiring "to join additional parties" had to do so "by **April 14, 2022**." ECF 96 at 4 (emphasis in original). Although the Court amended the scheduling order to permit the plaintiffs "to amend their complaints in response to [its] order" on certain motions to dismiss, ECF 307 at 60, it did not alter the scheduling order's deadline for adding new parties. *See* ECF 96 at 4.

Because the "scheduling order deadline has expired," adding new plaintiffs can occur "[o]nly upon the movant's demonstration of good cause to modify the scheduling order." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *accord Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Abuabara Plaintiffs bear the "burden to establish good cause." *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (placing the burden on the party who "requested the continuance").

The Abuabara Plaintiffs do not argue that they can satisfy the good-cause standard. Indeed, they do not acknowledge the good-cause standard at all. They do not even cite Rule 16. *See generally* ECF 317.

Instead, the Abuabara Plaintiffs focus on Rule 20 and a "two-prong test" under that rule. ECF 317 at 4–5. Satisfying Rule 20 is necessary—but not sufficient—for plaintiffs seeking to proceed jointly. "[E]ven if this test [under Rule 20] is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). That such concerns can prevent a joinder that is timely under a scheduling order establishes *a fortiori* that Rule 20 does not entitle the Abuabara Plaintiffs to add new plaintiffs out of time in violation of the scheduling order.[3]

By "fail[ing] to identify the relevant legal standard and instead only discuss[ing the wrong] Federal Rule of Civil Procedure," the Abuabara Plaintiffs have "forfeited" any relevant arguments in favor of adding new plaintiffs. *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 735 (5th Cir. 2018). In *Innova*, the plaintiff's "motion to amend its second amended complaint was filed out of time," so "Rule 16(b) applie[d]." *Id.* That meant the plaintiff had to "show good cause to modify the scheduling order and grant leave to amend." *Id.* But the plaintiff "fail[ed] to identify the relevant legal standard and instead only discusse[d] Federal Rule of Civil Procedure 15." *Id.* Having "fail[ed] to argue or even to identify the legal standard relevant to whether the district court abused its discretion in denying the [plaintiff's] motion for leave to amend out of time," the plaintiff "ha[d] forfeited this argument." *Id.*

---

[3] The Abuabara Plaintiffs also include a footnote seemingly arguing that the Rule 20 standard matches the standards for Rules 15(a) and 21. *See* ECF 317 at 4 n.2. Even if that is true, it does not help them here. Rule 16(b), not any of the rules the plaintiffs cite, imposes the threshold good-cause requirement for untimely efforts to add a new plaintiff in violation of the scheduling order. "The court considers the more liberal standards of Rule 15(a) or Rule 21 only if the movant satisfies the requirements of Rule 16(b)." *McCombs v. Allwaste Recovery Sys., Inc.*, No. 3:98-cv-0489, 1999 WL 102816, at *1 (N.D. Tex. Feb. 24, 1999) (Fitzwater, J.).

3

The same analysis applies here. The Abuabara Plaintiffs are seeking to untimely add new plaintiffs, so they have to satisfy the good-cause standard in Rule 16(b). Having failed to argue or even identify the proper standard, they have forfeited any argument under that standard. The Court should deny the Abuabara Plaintiffs' motion for this reason.

## II.   There Is No Good Cause to Add New Plaintiffs at This Late Date

Even if the Abuabara Plaintiffs had not forfeited arguments under Rule 16(b), they would not be able to show good cause. "Four factors are relevant to good cause: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). The Abuabara Plaintiffs do not satisfy any of them here.

First, the Abuabara Plaintiffs provide no "explanation for the failure to timely move for leave to" add new plaintiffs. *Id.* The first factor necessarily "weigh[s] against" the movant when the motion "offers effectively no explanation." *S&W Enters., L.L.C.*, 315 F.3d at 536; *accord Fahim*, 551 F.3d at 348 ("accept[ing] the district court's determination that no good cause was shown" because "offer[ing] no explanation for [the] failure to timely move for leave" "weigh[s] heavily against" the movant).

The closest the Abuabara Plaintiffs come to explaining their untimely motion is the reference, in the background section of their motion, to this Court's previous ruling on standing. *See* ECF 317 at 2 (citing ECF 307). But the standing issues are not new. Defendants have consistently raised these standing issues for months. For example, Defendants' motion to dismiss the Abuabara Plaintiffs' original complaint says, on its very first page, "the Individual Plaintiffs do not allege . . . that they reside in a number of the districts that Plaintiffs purport to challenge." *Voto Latino v. Scott*, No. 1:21-cv-965, ECF 20 at 1 (W.D. Tex. Nov. 16, 2021). The Abuabara Plaintiffs received notice that

4

Defendants were raising this issue no later than the motion to dismiss being filed on November 16, 2021, almost *five months* before the deadline to add new plaintiffs.

If further notice were needed (it was not), this Court's first ruling on standing provided it. On December 30, 2021, three-and-a-half months before the deadline to add new plaintiffs, this Court issued an order explaining that Plaintiff Spell had "not adequately alleged standing" because she "does not live in benchmark SD 10 or the newly enacted SD 10." ECF 119 at 6. The Abuabara Plaintiffs must have been aware that they could not challenge districts in which they did not live well before the deadline for adding new plaintiffs.

That the Court recently reaffirmed these principles of standing should not have surprised the Abuabara Plaintiffs. When the Court explained that "[a] person has standing to bring [various redistricting] claims only where she resides, votes, and personally suffers such injuries," it cited well-established, binding precedent. *See* ECF 307 at 15 & n.9. Thus, the Court's ruling on standing provides no explanation for the Abuabara Plaintiffs' failure to timely add any new plaintiffs.

Second, the Abuabara Plaintiffs cannot show that "the importance of" adding new plaintiffs provides good cause to excuse the current plaintiffs' tardiness. *Fahim*, 551 F.3d at 348. A plaintiff can often demonstrate importance by showing that an amendment would allow a particular plaintiff to substantively strengthen her claim. In *Fahim*, for example, the plaintiff sought to add a new claim for damages after the defendant moved to dismiss her existing claim on the ground that it did not allow for recovery of damages. *See id.* at 347. Although the Court did not allow the amendment, it recognized that "[t]he second factor . . . weighed in [the plaintiff's favor because the requested amendment was clearly important to" the plaintiff. *Id.* at 348.

This case is far different. Article III standing prevents the current Abuabara Plaintiffs from challenging districts in which they do not reside. Adding new plaintiffs would not change that reality for the current Abuabara Plaintiffs. Nothing about the presence of new plaintiffs would strengthen

the claims of the current plaintiffs. On the contrary, adding new plaintiffs would simply expand the scope of the case.

Third, the "potential prejudice in allowing" new plaintiffs at this late date is significant. *Fahim*, 551 F.3d at 348. The Abuabara Plaintiffs' motion is premised on the idea that new plaintiffs would have standing to pursue claims that the current plaintiffs do not have standing to pursue. *See* ECF 317 at 3. Allowing new, untimely claims is inherently prejudicial to Defendants. *See Sw. Bell Tel.*, 364 F.3d at 547 (noting "the prejudice to [the defendant] in allowing untimely additional counterclaims"). Moreover, the new plaintiffs "would assert a different cause of action" (i.e., they would challenge districts the current plaintiffs cannot challenge), meaning Defendants "would be required to conduct additional discovery" relative to what they would have to do against the current plaintiffs only. *S&W Enters., L.L.C.*, 315 F.3d at 536–37.

Adding new plaintiffs necessarily broadens the scope of expert discovery because additional districts would be at issue. The Abuabara Plaintiffs contend that the proposed plaintiffs will pursue the same challenges that the current plaintiffs were already pursuing, *see* ECF 317 at 5, but that is true only if one counts challenges that the current plaintiffs have lacked standing to pursue. From a defendant's perspective, there is a significant difference between defending against a challenge no plaintiff had standing to bring and defending against a challenge a new plaintiff has standing to bring. To the extent the Abuabara Plaintiffs would add new plaintiffs with standing (which appears to be the premise of their motion), the prejudice to Defendants is substantial.

Moreover, fact discovery closes on July 15, 2022. *See* ECF 325 at 1; ECF 96 at 4. By the time the Court decides the Abuabara Plaintiffs' motion, Defendants will be left with insufficient time to serve any new written discovery on the new plaintiffs, should that be necessary. *See* Fed. R. Civ. P. 33(b)(2) (30 days to respond to interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (30 days to respond to requests for production); Fed. R. Civ. P. 36(a)(3) (30 days to respond to requests for admission).

6

Depositions for other witnesses are quickly filling the calendar. The parties have requested or scheduled over seventy depositions between June 10 and August 3.

Fourth, "a continuance" does not appear to be "availabl[e] . . . to cure such prejudice." *Fahim*, 551 F.3d at 348. The Court has already denied a motion to stay, *see* ECF 246, and repeatedly warned the parties that "no trial setting will be vacated because of information obtained in post-deadline discovery." ECF 325 at 2; ECF 96 at 4. Even when a continuance might be available, a district court can decide "that a continuance would unnecessarily delay the trial." *S&W Enters., L.L.C.*, 315 F.3d at 537. In such circumstances, "[t]he fourth factor weighs against" the movant. *Id.*

Considering these four factors together, the Abuabara Plaintiffs cannot demonstrate good cause to allow the untimely addition of new plaintiffs.

## CONCLUSION

Defendants respectfully ask the Court to deny the Abuabara Plaintiffs' motion for leave to join additional plaintiffs.

| | |
|---|---|
| Date: June 14, 2022 | Respectfully submitted. |
| KEN PAXTON<br>Attorney General of Texas<br><br>BRENT WEBSTER<br>First Assistant Attorney General | /s/ Patrick K. Sweeten<br>PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>Tex. State Bar No. 00798537<br><br>WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>Tex. State Bar No. 24088531<br><br>ARI M. HERBERT<br>Assistant Attorney General, Special Litigation Unit<br>Tex. State Bar No. 24126093<br><br>JACK B. DISORBO<br>Assistant Attorney General, Special Litigation Unit<br>Tex. State Bar No. 24120804<br><br>OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Fax: (512) 457-4410<br>patrick.sweeten@oag.texas.gov<br>will.thompson@oag.texas.gov<br>ari.herbert@oag.texas.gov<br>jack.disorbo@oag.texas.gov<br><br>**COUNSEL FOR DEFENDANTS** |

**CERTIFICATE OF SERVICE**

I certify that a tffrue and accurate copy of the foregoing document was filed electronically (via CM/ECF) on June 14, 2022, and that all counsel of record were served by CM/ECF.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN