# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § § | |
| *Plaintiffs,* | § § | Case No. 3:21-cv-00259 [Lead Case] |
| v. | § § | |
| GREG ABBOTT, *et al.*, | § § § | |
| *Defendants.* | § | |
| ROY CHARLES BROOKS, *et al.*, | § § | |
| *Plaintiffs,* | § § § | |
| | § § | Case No. 1:21-cv-00991 [Consolidated Case] |
| v. | § § | |
| GREG ABBOTT, *et al.*, | § § | |
| *Defendants.* | § | |

**RESPONSE TO BROOKS PLAINTIFFS' MOTION
FOR LEAVE TO JOIN ADDITIONAL PARTIES**

## TABLE OF CONTENTS

Table of Contents ..................................................................................................................................i

Introduction..........................................................................................................................................1

Background...........................................................................................................................................1

Argument ..............................................................................................................................................2

    I.    The Brooks Plaintiffs Ignore the Relevant Standard .................................................2

    II.   There Is No Good Cause to Add New Parties at This Late Date ............................4

        A.    Proposed Plaintiffs     5

        B.    Proposed Defendant     7

Conclusion ............................................................................................................................................8

Certificate of Service............................................................................................................................9

**INTRODUCTION**

Defendants respectfully request that the Court deny the Brooks Plaintiffs' motion for leave to join additional parties. *See* ECF 320. The Brooks Plaintiffs bear the burden of establishing good cause because the scheduling order's deadline for joining additional parties has passed. But they have neither shown good cause nor even attempted to do so.

**BACKGROUND**

The Brooks Plaintiffs originally filed suit in early November 2021. *See Brooks v. Abbott*, No. 1:21-cv-991, ECF 1 (W.D. Tex. Nov. 3, 2021). Shortly thereafter, the case was consolidated with other redistricting challenges, *see id.*, ECF 14, and the Court entered a scheduling order. It required the parties to "file all motions to amend or supplement pleadings or to join additional parties by **April 14, 2022**." *LULAC v. Abbott*, No. 3:21-cv-965, ECF 96 at 4 (W.D. Tex. Dec. 17, 2021) (emphasis in original).

In the meantime, Defendants moved to dismiss the Brooks Plaintiffs' claims, including for lack of standing. *See* ECF 43 at 13–15.[1] The Court partially granted and partially denied that motion on December 30, 2021, three-and-a-half months before the deadline to add new parties. That order explained that Plaintiff Spell had "not adequately alleged standing" because she "does not live in benchmark SD 10 or the newly enacted SD 10." ECF 119 at 6. The Brooks Plaintiffs were on notice that they could not challenge districts in which they did not live well before the deadline for adding new parties.

Months later, the Brooks Plaintiffs amended their complaint to add additional claims, but they did not cure the standing defects. *See* ECF 240. Accordingly, Defendants filed another motion to dismiss raising standing arguments. *See* ECF 320 at 11–13. Even with those new claims, however, the

---

[1] For the remainder of this response, ECF citations refer to the present, consolidated docket for the main case unless otherwise noted.

1

Brooks Plaintiffs did not name the State of Texas as a defendant in their First Amended Complaint. *See* ECF 240.

More recently, the Court decided motions to dismiss relating to other plaintiffs' complaints. *See* ECF 307. The Court recognized that certain plaintiffs might want to amend or supplement their allegations in light of its ruling but also recognized that the scheduling order would prevent them from doing so. Accordingly, it ordered that "[n]otwithstanding the Court's scheduling order, all Plaintiffs shall have fourteen days to amend their complaints in response to this order." ECF 307 at 60. The Court did not alter the scheduling order's already-passed deadline "to join additional parties." ECF 96 at 4.

Despite this, the Brooks Plaintiffs have now moved for leave to join additional parties. They seek to add new plaintiffs challenging a new congressional district and the State of Texas as a new defendant. *See* ECF 320.

## ARGUMENT

The Court should deny the Brooks Plaintiffs' motion for two reasons. First, they forfeited any arguments in favor of good cause under Rule 16(b) by failing to brief the relevant legal standard. Second, on these facts, there is no good cause for their untimely effort to add new parties to an already-massive case nearing the close of discovery. Neither the proposed new plaintiffs nor the proposed new defendant should be added.

### I. The Brooks Plaintiffs Ignore the Relevant Standard

The Brooks Plaintiffs failed to identify, much less satisfy, the good-cause standard governing the addition of new parties at this late date. As a result, the Court should deny the motion for leave to join additional parties.

Under the Court's scheduling order, any party desiring "to join additional parties" had to do so "by **April 14, 2022**." ECF 96 at 4 (emphasis in original). Although the Court amended the

scheduling order to permit the plaintiffs "to amend their complaints in response to [its] order" on certain motions to dismiss, ECF 307 at 60, it did not alter the scheduling order's deadline for adding new parties. *See* ECF 96 at 4.

Because the "scheduling order deadline has expired," adding new parties can occur "[o]nly upon the movant's demonstration of good cause to modify the scheduling order." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *accord Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Brooks Plaintiffs bear the "burden to establish good cause." *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (placing the burden on the party who "requested the continuance").

The Brooks Plaintiffs do not argue that they can satisfy the good-cause standard. Indeed, they do not acknowledge the good-cause standard at all. They do not even cite Rule 16. *See generally* ECF 320.

Instead, the Brooks Plaintiffs focus on Rule 20 and a "two prong test" under that rule. ECF 320 at 5. Satisfying Rule 20 is necessary—but not sufficient—for joinder. "[E]ven if this test [under Rule 20] is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). That such concerns can prevent a joinder that is timely under a scheduling order establishes *a fortiori* that Rule 20 does not entitle the Brooks Plaintiffs to add new parties out of time in violation of the scheduling order.[2]

---

[2] The Brooks Plaintiffs also quote Rule 21 for the proposition that "[t]he failure to join a party 'is not a ground for dismissing an action,'" ECF 320 at 5, but that is irrelevant. Defendants are opposing an untimely effort to add new parties, not seeking dismissal of an entire action based on failure to join a party. In any event, arguments about Rule 21 cannot help the Brooks Plaintiffs here. Rule 16(b), not Rule 21, imposes the threshold good-cause requirement for untimely efforts to add a new parties in violation of the scheduling order. "The court considers the more liberal standards of Rule 15(a) or Rule 21 only if the movant satisfies

3

By "fail[ing] to identify the relevant legal standard and instead only discuss[ing the wrong] Federal Rule of Civil Procedure," the Brooks Plaintiffs have "forfeited" any relevant arguments in favor of adding new parties. *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 735 (5th Cir. 2018). In *Innova*, the plaintiff's "motion to amend its second amended complaint was filed out of time," so "Rule 16(b) applie[d]." *Id.* That meant the plaintiff had to "show good cause to modify the scheduling order and grant leave to amend." *Id.* But the plaintiff "fail[ed] to identify the relevant legal standard and instead only discusse[d] Federal Rule of Civil Procedure 15." *Id.* Having "fail[ed] to argue or even to identify the legal standard relevant to whether the district court abused its discretion in denying the [plaintiff's] motion for leave to amend out of time," the plaintiff "ha[d] forfeited this argument." *Id.*

The same analysis applies here. The Brooks Plaintiffs are seeking to untimely add new parties, so they have to satisfy the good-cause standard in Rule 16(b). Having failed to argue or even identify the proper standard, they have forfeited any argument under that standard. The Court should deny the Brooks Plaintiffs' motion for this reason.

## II.    There Is No Good Cause to Add New Parties at This Late Date

Even if the Brooks Plaintiffs had not forfeited arguments under Rule 16(b), they would not be able to show good cause. "Four factors are relevant to good cause: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). The Brooks Plaintiffs do not satisfy any of them here. Defendants respectfully request that the Court deny the Brooks Plaintiffs' efforts to add new plaintiffs and a new defendant.

---

the requirements of Rule 16(b)." *McCombs v. Allwaste Recovery Sys., Inc.*, No. 3:98-cv-0489, 1999 WL 102816, at *1 (N.D. Tex. Feb. 24, 1999) (Fitzwater, J.).

4

### A. Proposed Plaintiffs

The Brooks Plaintiffs propose to add two new plaintiffs, but they have not demonstrated that any of the four good-cause factors favors them.

First, the Brooks Plaintiffs provide no "explanation for the failure to timely move for leave to" add new plaintiffs. *Id.* The first factor necessarily "weigh[s] against" the movant when the motion "offers effectively no explanation." *S&W Enters., L.L.C.*, 315 F.3d at 536; *accord Fahim*, 551 F.3d at 348 ("accept[ing] the district court's determination that no good cause was shown" because "offer[ing] no explanation for [the] failure to timely move for leave" "weigh[s] heavily against" the movant).

Although they do not say so expressly, the Brooks Plaintiffs may want to add the two proposed plaintiffs to support a challenge to congressional district 6 ("CD 6"). *Compare* ECF 320-1 ¶ 13 (proposed Second Amended Complaint challenging CD 6), *with* ECF 240 ¶ 13 (First Amended Complaint not challenging CD 6). But the Brooks Plaintiffs do not explain why a desire to include a challenge CD 6 is good cause for failing to add these proposed plaintiffs in a timely fashion. The Brooks Plaintiffs have long known that they would not be able to challenge districts in which they did not live. As this Court explained months before the deadline to add new plaintiffs, a plaintiff "has not adequately alleged standing" if she "does not live in benchmark [version of a district] or the newly enacted" version of the district. ECF 119 at 6. When the Court recently reaffirmed that "[a] person has standing to bring [various redistricting] claims only where she resides, votes, and personally suffers such injuries," it cited well-established, binding precedent. *See* ECF 307 at 15 & n.9. Thus, the Court's recent ruling on standing provides no explanation for the Brooks Plaintiffs' failure to timely add any new plaintiffs. *Cf.* ECF 320 at 2–3 (citing ECF 307).

Second, the Brooks Plaintiffs cannot show that "the importance of" adding new plaintiffs provides good cause to excuse the current plaintiffs' tardiness. *Fahim*, 551 F.3d at 348. A plaintiff can often demonstrate importance by showing that an amendment would allow a particular plaintiff to

5

substantively strengthen her claim. In *Fahim*, for example, the plaintiff sought to add a new claim for damages after the defendant moved to dismiss her existing claim on the ground that it did not allow for recovery of damages. *See id.* at 347. Although the Court did not allow the amendment, it recognized that "[t]he second factor . . . weighed in [the plaintiff's favor because the requested amendment was clearly important to" the plaintiff. *Id.* at 348.

This case is far different. Article III standing prevents the current Brooks Plaintiffs from challenging districts in which they do not reside, including CD 6. Adding new plaintiffs would not change that reality for the current Brooks Plaintiffs. Nothing about the presence of new plaintiffs would strengthen the claims of the current plaintiffs. On the contrary, adding new plaintiffs would simply expand the scope of the case.

Third, the "potential prejudice in allowing" new plaintiffs at this late date is significant. *Fahim*, 551 F.3d at 348. The Brooks Plaintiffs' motion appears to be premised on the idea that new plaintiffs would have standing to pursue claims that the current plaintiffs do not have standing to pursue. *See* ECF 320 at 3–4. Allowing new, untimely claims is inherently prejudicial to Defendants. *See Sw. Bell Tel.*, 364 F.3d at 547 (noting "the prejudice to [the defendant] in allowing untimely additional counterclaims"). Moreover, the new plaintiffs "would assert a different cause of action" (i.e., they would challenge districts the current plaintiffs cannot challenge), meaning Defendants "would be required to conduct additional discovery" relative to what they would have to do against the current plaintiffs only. *S&W Enters., L.L.C.*, 315 F.3d at 536–37.

Adding new plaintiffs necessarily broadens the scope of expert discovery because additional districts would be at issue. Moreover, fact discovery closes on July 15, 2022. *See* ECF 325 at 1; ECF 96 at 4. By the time the Court decides the Brooks Plaintiffs' motion, Defendants will be left with insufficient time to serve any new written discovery on the new plaintiffs, should that be necessary. *See* Fed. R. Civ. P. 33(b)(2) (30 days to respond to interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (30 days

6

to respond to requests for production); Fed. R. Civ. P. 36(a)(3) (30 days to respond to requests for admission). Depositions for other witnesses are quickly filling the calendar. The parties have requested or scheduled over seventy depositions between June 10 and August 3.

Fourth, "a continuance" does not appear to be "availabl[e] . . . to cure such prejudice." *Fahim*, 551 F.3d at 348. The Court has already denied a motion to stay, *see* ECF 246, and repeatedly warned the parties that "no trial setting will be vacated because of information obtained in post-deadline discovery." ECF 325 at 2; ECF 96 at 4. Even when a continuance might be available, a district court can decide "that a continuance would unnecessarily delay the trial." *S&W Enters., L.L.C.*, 315 F.3d at 537. In such circumstances, "[t]he fourth factor weighs against" the movant. *Id.*

Considering these four factors together, the Brooks Plaintiffs cannot demonstrate good cause to allow the untimely addition of new plaintiffs.

### B.     Proposed Defendant

The Brooks Plaintiffs also propose to add the State of Texas as a new defendant, but they have not shown good cause for failing to do so before the scheduling order's deadline. The four good-cause factors weigh against allowing the untimely addition of a new defendant in this case.

First, the Brooks Plaintiffs provide no "explanation for the failure to timely move for leave to" add the State as a defendant. *Fahim*, 551 F.3d at 348. As explained above, the first factor necessarily "weigh[s] against" the movant when the motion "offers effectively no explanation." *S&W Enters., L.L.C.*, 315 F.3d at 536.

The closest the Brooks Plaintiffs come to explaining their untimely motion is the reference, in the background section of their motion, to this Court's motion-to-dismiss decision regarding other plaintiffs' claims, which "confirmed that the State of Texas is a proper party for Section 2 statutory claims, where Congress has abrogated state sovereign immunity." ECF 320 at 3 (citing ECF 307 at 25). But such "confirm[ation]" cannot explain the untimeliness of the Brooks Plaintiffs' motion. The

7

pre-existing Fifth Circuit precedent allowing such a claim was sufficiently clear that the State did not dispute its binding effect in this Court. *See* ECF 307 at 25; ECF 80 at 9 n.1. Even if the Brooks Plaintiffs were unaware of that precedent, that would not provide good cause for failing to timely join an additional defendant.

Second, the Brooks Plaintiffs cannot show that "the importance of" adding the State as a Defendant provides good cause to excuse the late filing of their motion. *Fahim*, 551 F.3d at 348. Indeed, they have not explained why adding the State is important at all, especially in light of the fact that they have already named two state officials as defendants. That the Brooks Plaintiffs saw no need to name the State as a defendant before now suggests that the State's inclusion is not in fact important.

Third, it is hard to address the "potential prejudice in allowing" a new defendant at this late date because the Brooks Plaintiffs have not explained why they want to add the State as a defendant. *Fahim*, 551 F.3d at 348. To the extent adding the State as a defendant would result in additional discovery or briefing, that would be prejudicial, both to the State and the current defendants. In any event, even "the absence of prejudice to the nonmovant . . . is insufficient to establish the 'good cause' standard under Rule 16(b)." *Duenas v. Hyatt Corp.*, No. 3:07-cv-11447, 2008 WL 2673779, at *2 (N.D. Tex. June 25, 2008) (O'Connor, J.).

Fourth, it seems that a continuance is unavailable for the reasons explained above. *See Fahim*, 551 F.3d at 348.

## CONCLUSION

Defendants respectfully ask the Court to deny the Brooks Plaintiffs' motion for leave to join additional parties.

8

| | |
|---|---|
| Date: June 14, 2022 | Respectfully submitted. |
| KEN PAXTON<br>Attorney General of Texas | /s/ Patrick K. Sweeten<br>PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>Tex. State Bar No. 00798537 |
| BRENT WEBSTER<br>First Assistant Attorney General | WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>Tex. State Bar No. 24088531 |
| | ARI M. HERBERT<br>Assistant Attorney General, Special Litigation Unit<br>Tex. State Bar No. 24126093 |
| | JACK B. DISORBO<br>Assistant Attorney General, Special Litigation Unit<br>Tex. State Bar No. 24120804 |
| | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Fax: (512) 457-4410<br>patrick.sweeten@oag.texas.gov<br>will.thompson@oag.texas.gov<br>ari.herbert@oag.texas.gov<br>jack.disorbo@oag.texas.gov |

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on June 14, 2022, and that all counsel of record were served by CM/ECF.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN