# EXHIBIT 1

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Texas

| | |
|---|---|
| League of United Latin American Citizens, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Greg Abbott, et al. | ) |
| *Defendant* | ) |

Civil Action No.   3:21-cv-259-DCG-JES-JVB

(If the action is pending in another district, state where: )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Representative Steve Allison
Texas Capitol Extension, 1100 Congress Ave., Room E1.512, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701 | Date and Time:<br><br>03/11/2022 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/09/2022

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    /s/ Jasmin Lott
                                                         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   the United States of America                                                               , who issues or requests this subpoena, are:

Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530    Email:  jasmin.lott@usdoj.gov   Phone:  202-307-6321

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, et al., <br><br> Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) (consolidated cases) |

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## DEFINITIONS AND INSTRUCTIONS

1.     "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.    "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.    "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.    "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.    "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.      All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.      In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

**DOCUMENT REQUESTS**

1.      All documents relating to any redistricting proposal for the Texas delegation to

the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1,

Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or

considered.  This request includes but is not limited to:

     a.   the origination(s) or source(s) of any such redistricting proposal;

     b.   the impetus, rationale, background, or motivation for any such redistricting

        proposal;

     c.   all drafts in the development or revision of any such redistricting proposal,

        including but not limited to shapefiles, files or datasets used in mapping

        software, each RED report, each PAR report, demographic data (including but

        not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age

        Population, Black Citizen Voting Age Population, Voting Age Population,

        Hispanic Voting Age Population, and Black Voting Age Population), election

        data (including but not limited to reconstituted election analyses), and files

        related to precinct names, precinct lines, split precincts, partisan indexes,

        population shifts, population deviations, voter registration, Spanish Surname

        Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or

        changing census geography;

     d.   the pairing of any incumbents in any such redistricting proposal;

     e.   any redistricting amendment, whether partial or total, to each such proposal;

     f.   negotiations regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.  All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3.  All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.  All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.  All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.     All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.     All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.     All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.     All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Texas

| | |
|---|---|
| League of United Latin American Citizens, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Mark Bell
      Texas Capitol, 1100 Congress Ave., Room 2W.13, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas 903 San Jacinto Blvd., Suite 334 Austin, TX 78701 | Date and Time: 03/21/2022 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/17/2022

          *CLERK OF COURT*
                                                    OR
          _____          _____
          *Signature of Clerk or Deputy Clerk*       /s/ Jasmin Lott
                                                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   the United States of America                                                       , who issues or requests this subpoena, are:

Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530    Email: jasmin.lott@usdoj.gov   Phone:  202-307-6321

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, et al., <br><br> Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) (consolidated cases) |

**ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

**<u>DEFINITIONS AND INSTRUCTIONS</u>**

1.      "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.     "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.     "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.     "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.     "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.      All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.      In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.    All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

    a.   the origination(s) or source(s) of any such redistricting proposal;

    b.   the impetus, rationale, background, or motivation for any such redistricting proposal;

    c.   all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

    d.   the pairing of any incumbents in any such redistricting proposal;

    e.   any redistricting amendment, whether partial or total, to each such proposal;

    f.   negotiations regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.      All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3.      All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.      All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.      All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.      All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.      All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.      All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.      All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Texas

| | | |
|---|---|---|
| League of United Latin American Citizens, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   Representative Tom Craddick
       Texas Capitol, 1100 Congress Ave., Room 1W.9, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701 | Date and Time:<br><br>03/07/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     02/04/2022

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Michelle Rupp |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     the United States of America                                        , who issues or requests this subpoena, are:

Michelle Rupp, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530   Email:  michelle.rupp@usdoj.gov   Phone:  202-305-0565

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

|  |  |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, et al., <br><br> Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) (consolidated cases) |

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1.      "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.      "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.      "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.      "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.     All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.     In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

3

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.    If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.    In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.    These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.    Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.     All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

    a.   the origination(s) or source(s) of any such redistricting proposal;

    b.   the impetus, rationale, background, or motivation for any such redistricting proposal;

    c.   all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

    d.   the pairing of any incumbents in any such redistricting proposal;

    e.   any redistricting amendment, whether partial or total, to each such proposal;

    f.   negotiations regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.    All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3.    All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.    All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.    All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

7

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.    All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.    All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.      All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.      All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Texas

| League of United Latin American Citizens, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Representative Tom Craddick
Texas Capitol, 1100 Congress Ave., Room 1W.9, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701 | Date and Time:<br><br>03/07/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     02/04/2022

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| | | /s/ Michelle Rupp |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     the United States of America                                                                    , who issues or requests this subpoena, are:

Michelle Rupp, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530    Email:  michelle.rupp@usdoj.gov   Phone:  202-305-0565

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Print       Save As...       Add Attachment              Reset

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS (LULAC), et al.,

Plaintiffs,

v.

GREG ABBOTT, et al.,

Defendants.

Civil Action No. 3:21-cv-259
(DCG-JES-JVB)
(consolidated cases)

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## DEFINITIONS AND INSTRUCTIONS

1.      "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.      "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.      "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.      "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.     All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.     In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.      All documents relating to any redistricting proposal for the Texas delegation to

the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1,

Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or

considered.  This request includes but is not limited to:

      a.   the origination(s) or source(s) of any such redistricting proposal;

      b.   the impetus, rationale, background, or motivation for any such redistricting
       proposal;

      c.   all drafts in the development or revision of any such redistricting proposal,
       including but not limited to shapefiles, files or datasets used in mapping
       software, each RED report, each PAR report, demographic data (including but
       not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age
       Population, Black Citizen Voting Age Population, Voting Age Population,
       Hispanic Voting Age Population, and Black Voting Age Population), election
       data (including but not limited to reconstituted election analyses), and files
       related to precinct names, precinct lines, split precincts, partisan indexes,
       population shifts, population deviations, voter registration, Spanish Surname
       Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or
       changing census geography;

      d.   the pairing of any incumbents in any such redistricting proposal;

      e.   any redistricting amendment, whether partial or total, to each such proposal;

      f.   negotiations regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.     All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3.     All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.     All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.     All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.     All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.     All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.     All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.     All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Texas

| | | |
|---|---|---|
| League of United Latin American Citizens, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) |  ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Representative Tom Craddick
      Texas Capitol, 1100 Congress Ave., Room 1W.9, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas 903 San Jacinto Blvd., Suite 334 Austin, TX 78701 | Date and Time: 03/07/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:      02/04/2022

*CLERK OF COURT*
                                             OR

_____            /s/ Michelle Rupp
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      the United States of America                                      , who issues or requests this subpoena, are:

Michelle Rupp, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530   Email:  michelle.rupp@usdoj.gov   Phone:  202-305-0565

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

| Print | Save As... | Add Attachment | | Reset |

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS (LULAC), et al.,

Plaintiffs,

v.

GREG ABBOTT, et al.,

Defendants.

Civil Action No. 3:21-cv-259
(DCG-JES-JVB)
(consolidated cases)

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## DEFINITIONS AND INSTRUCTIONS

1.      "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.      "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.      "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.      "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.      All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.      In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

4

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.      All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

a.  the origination(s) or source(s) of any such redistricting proposal;

b.  the impetus, rationale, background, or motivation for any such redistricting proposal;

c.  all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

d.  the pairing of any incumbents in any such redistricting proposal;

e.  any redistricting amendment, whether partial or total, to each such proposal;

f.  negotiations regarding any redistricting proposal; and

g.   all calculations, reports, audits, estimates, projections, or other analyses, from

any source, relating to the effect or impact, of any kind—including on (1)

Texas minority voters, (2) existing or emerging minority opportunity districts,

or (3) voter turnout (including Spanish Surname Voter Turnout)—that could

result from the implementation of any such redistricting proposal.

2.      All documents relating to the redistricting process for the Texas House or the

Texas delegation to the U.S. House of Representatives, including but not limited to planning,

timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations,

staffing, and persons or entities involved.

3.      All documents relating to voting patterns in Texas elections with respect to race,

ethnicity, or language minority status, including but not limited to any calculations, reports,

audits, estimates, projections, or other analyses.

4.      All documents relating to whether House Bill 1, Senate Bill 6, or any other

redistricting proposal drawn, discussed, or considered with respect to the Texas House or the

Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act,

including but not limited to any calculations, reports, audits, estimates, projections, or other

analyses.

5.      All documents relating to redistricting for the Texas House or the Texas

delegation to the U.S. House of Representatives exchanged between, among, with, or within the

Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of

State, the Office of the Attorney General, any legislator, the House Committee on Redistricting

or members thereof, the Senate Special Committee on Redistricting or members thereof, the

Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.     All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.     All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.      All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.      All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Western District of Texas

| | |
|---|---|
| League of United Latin American Citizens, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Jay Dyer
      Texas Capitol, 1100 Congress Ave., Room 2W.13, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701 | Date and Time:<br><br>03/21/2022 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:      02/17/2022

|                              CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | /s/ Jasmin Lott<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      the United States of America _____ , who issues or requests this subpoena, are:

Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530    Email:  jasmin.lott@usdoj.gov   Phone:  202-307-6321

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

|  |  |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, et al., <br><br> Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) (consolidated cases) |

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1.      "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.      "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.      "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.      "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.     All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.     In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

4

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.      All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

    a.  the origination(s) or source(s) of any such redistricting proposal;

    b.  the impetus, rationale, background, or motivation for any such redistricting proposal;

    c.  all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

    d.  the pairing of any incumbents in any such redistricting proposal;

    e.  any redistricting amendment, whether partial or total, to each such proposal;

    f.  negotiations regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.    All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3.    All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.    All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.    All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.      All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.      All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

       8.     All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

       9.     All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | | |
|---|---|---|
| League of United Latin American Citizens, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Adam Foltz
     1331 Okeeffe Ave, Apt 210, Sun Prairie, WI 53590

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701 | Date and Time:<br><br>03/11/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/09/2022

| | | |
|---|---|---|
| | *CLERK OF COURT* | |
| | | OR |
| _____ | | /s/ Jasmin Lott<br>_____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   the United States of America _____ , who issues or requests this subpoena, are:

Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530    Email:  jasmin.lott@usdoj.gov   Phone:  202-307-6321

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS (LULAC), et al.,

Plaintiffs,

v.

GREG ABBOTT, et al.,

Defendants.

Civil Action No. 3:21-cv-259
(DCG-JES-JVB)
(consolidated cases)

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## DEFINITIONS AND INSTRUCTIONS

1.      "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.     "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.     "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.     "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.     "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.      All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.      In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.      All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

    a.   the origination(s) or source(s) of any such redistricting proposal;

    b.   the impetus, rationale, background, or motivation for any such redistricting proposal;

    c.   all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

    d.   the pairing of any incumbents in any such redistricting proposal;

    e.   any redistricting amendment, whether partial or total, to each such proposal;

    f.   negotiations regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.   All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3.   All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.   All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.   All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.      All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.      All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.      All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.      All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Texas

| | | |
|---|---|---|
| League of United Latin American Citizens, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Colleen Garcia
     Texas Capitol Extension, 1100 Congress Ave., Room E2.158, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701 | Date and Time:<br><br>03/21/2022 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/18/2022

        *CLERK OF COURT*

                               OR

| _____ | /s/ Jasmin Lott |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   the United States of America                                                                                    , who issues or requests this subpoena, are:

Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530    Email:  jasmin.lott@usdoj.gov   Phone:  202-307-6321

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                      *Server's signature*

                                         _____
                                                       *Printed name and title*

                                         _____
                                                         *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREG ABBOTT, et al.,<br><br>Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) (consolidated cases) |

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## DEFINITIONS AND INSTRUCTIONS

1.      "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.      "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.      "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.      "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.      All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.      In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

4

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.      All documents relating to any redistricting proposal for the Texas delegation to

the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1,

Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or

considered.  This request includes but is not limited to:

      a.   the origination(s) or source(s) of any such redistricting proposal;

      b.   the impetus, rationale, background, or motivation for any such redistricting
          proposal;

      c.   all drafts in the development or revision of any such redistricting proposal,
          including but not limited to shapefiles, files or datasets used in mapping
          software, each RED report, each PAR report, demographic data (including but
          not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age
          Population, Black Citizen Voting Age Population, Voting Age Population,
          Hispanic Voting Age Population, and Black Voting Age Population), election
          data (including but not limited to reconstituted election analyses), and files
          related to precinct names, precinct lines, split precincts, partisan indexes,
          population shifts, population deviations, voter registration, Spanish Surname
          Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or
          changing census geography;

      d.   the pairing of any incumbents in any such redistricting proposal;

      e.   any redistricting amendment, whether partial or total, to each such proposal;

      f.   negotiations regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.  All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3.  All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.  All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.  All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.      All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.      All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

8

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.      All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.      All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | | |
|---|---|---|
| League of United Latin American Citizens, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Representative Ryan Guillen
    Texas Capitol, 1100 Congress Ave., Room 1W.3, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas 903 San Jacinto Blvd., Suite 334 Austin, TX 78701 | Date and Time: 04/04/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    03/04/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | /s/ Jasmin Lott |
| | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    the United States of America _____ , who issues or requests this subpoena, are:

Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530    Email:  jasmin.lott@usdoj.gov   Phone:  202-307-6321

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                            *Server's signature*

                                                            _____
                                                            *Printed name and title*

                                                            _____
                                                            *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS (LULAC), et al.,

Plaintiffs,

v.

GREG ABBOTT, et al.,

Defendants.

Civil Action No. 3:21-cv-259
(DCG-JES-JVB)
(consolidated cases)

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## DEFINITIONS AND INSTRUCTIONS

1.      "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.     "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.     "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.     "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.     "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.     All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.     In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.      All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

   a.   the origination(s) or source(s) of any such redistricting proposal;

   b.   the impetus, rationale, background, or motivation for any such redistricting proposal;

   c.   all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

   d.   the pairing of any incumbents in any such redistricting proposal;

   e.   any redistricting amendment, whether partial or total, to each such proposal;

   f.   negotiations regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from

any source, relating to the effect or impact, of any kind—including on (1)

Texas minority voters, (2) existing or emerging minority opportunity districts,

or (3) voter turnout (including Spanish Surname Voter Turnout)—that could

result from the implementation of any such redistricting proposal.

2.     All documents relating to the redistricting process for the Texas House or the

Texas delegation to the U.S. House of Representatives, including but not limited to planning,

timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations,

staffing, and persons or entities involved.

3.     All documents relating to voting patterns in Texas elections with respect to race,

ethnicity, or language minority status, including but not limited to any calculations, reports,

audits, estimates, projections, or other analyses.

4.     All documents relating to whether House Bill 1, Senate Bill 6, or any other

redistricting proposal drawn, discussed, or considered with respect to the Texas House or the

Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act,

including but not limited to any calculations, reports, audits, estimates, projections, or other

analyses.

5.     All documents relating to redistricting for the Texas House or the Texas

delegation to the U.S. House of Representatives exchanged between, among, with, or within the

Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of

State, the Office of the Attorney General, any legislator, the House Committee on Redistricting

or members thereof, the Senate Special Committee on Redistricting or members thereof, the

Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.      All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.      All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.     All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.     All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Texas

| | |
|---|---|
| League of United Latin American Citizens, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | )                                                          ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Senator Joan Huffman
     Texas Capitol, 1100 Congress Ave., Room 1E.15, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701 | Date and Time:<br><br>03/21/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  02/18/2022

| CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Jasmin Lott |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   the United States of America                                              , who issues or requests this subpoena, are:

Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530   Email:  jasmin.lott@usdoj.gov   Phone:  202-307-6321

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                   _____
                                              *Printed name and title*

                                   _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS (LULAC), et al.,

Plaintiffs,

v.

GREG ABBOTT, et al.,

Defendants.

Civil Action No. 3:21-cv-259
(DCG-JES-JVB)
(consolidated cases)

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## DEFINITIONS AND INSTRUCTIONS

1.      "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.      "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.      "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.      "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.     All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.     In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.      All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

   a.   the origination(s) or source(s) of any such redistricting proposal;

   b.   the impetus, rationale, background, or motivation for any such redistricting proposal;

   c.   all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

   d.   the pairing of any incumbents in any such redistricting proposal;

   e.   any redistricting amendment, whether partial or total, to each such proposal;

   f.   negotiations regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.     All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3.     All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.     All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.     All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.      All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.      All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.     All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.     All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Western District of Texas

|  |  |
|---|---|
| League of United Latin American Citizens, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) |
|  | ) (If the action is pending in another district, state where: |
| *Defendant* | )                                                                ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Representative Todd Hunter
    Texas Capitol, 1100 Congress Ave., Room 1W.5, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701 | Date and Time:<br><br>03/11/2022 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/09/2022

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | /s/ Jasmin Lott<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   the United States of America , who issues or requests this subpoena, are:

Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530   Email: jasmin.lott@usdoj.gov   Phone:  202-307-6321

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;

   **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

   **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, et al., <br><br> Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) (consolidated cases) |

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1.      "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.      "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.      "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.      "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.      All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.      In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

4

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.     All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

   a.   the origination(s) or source(s) of any such redistricting proposal;

   b.   the impetus, rationale, background, or motivation for any such redistricting proposal;

   c.   all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

   d.   the pairing of any incumbents in any such redistricting proposal;

   e.   any redistricting amendment, whether partial or total, to each such proposal;

   f.   negotiations regarding any redistricting proposal; and

      g.   all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.     All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3.     All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.     All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.     All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.      All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.      All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.      All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.      All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | | |
|---|---|---|
| League of United Latin American Citizens, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Representative Jacey Jetton
       Texas Capitol Extension, 1100 Congress Ave., Room E2.716, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701 | Date and Time:<br><br>03/21/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:      02/18/2022

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Jasmin Lott |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      the United States of America                                                                                    , who issues or requests this subpoena, are:

Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530    Email: jasmin.lott@usdoj.gov   Phone: 202-307-6321

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

|  |  |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al.,<br><br>     Plaintiffs,<br><br>   v.<br><br>GREG ABBOTT, et al.,<br><br>     Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) (consolidated cases) |

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## DEFINITIONS AND INSTRUCTIONS

1. "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

2.      "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.      "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.      "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.       "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.       "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.       In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.       All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.       All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.       In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.    All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

    a.   the origination(s) or source(s) of any such redistricting proposal;

    b.   the impetus, rationale, background, or motivation for any such redistricting proposal;

    c.   all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

    d.   the pairing of any incumbents in any such redistricting proposal;

    e.   any redistricting amendment, whether partial or total, to each such proposal;

    f.   negotiations regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.      All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3.      All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.      All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.      All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.      All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.      All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the

Texas House, any campaign to represent Texas in the U.S. House of Representatives, any

national political party, any state political party organization, any local political party

organization, any national congressional campaign committee, any national organization

dedicated to supporting state legislative candidates, the National Republican Redistricting Trust,

the National Democratic Redistricting Committee, any political action committee, any lobbyist,

any political activist or operative, any other governmental entity, any consultant, any expert, any

law firm or attorney, any vendor, any group or organization, or any member of the public.

8.      All documents relating to payment for services; agreements of representation,

consultation, employment, services, confidentiality, or common interest; or any other type of

contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of

Representatives that include any of the following individuals or entities: Adam Foltz, Akin

Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political

operative, any expert, the Office of the Texas Attorney General, any other law firm, any other

attorney, any other vendor, or any other person or entity.

9.      All non-privileged documents relating to the instant lawsuit or preceding

investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| League of United Latin American Citizens, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) |
| | )    (If the action is pending in another district, state where: |
| *Defendant* | )                                    ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Representative Ken King
      Texas Capitol Extension, 1100 Congress Ave., Room E2.808, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701 | Date and Time:<br><br>           03/30/2022 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     02/28/2022

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | /s/ Jasmin Lott<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    the United States of America                                   , who issues or requests this subpoena, are:

Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530    Email:  jasmin.lott@usdoj.gov    Phone:  202-307-6321

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

|  |  |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREG ABBOTT, et al.,<br><br>Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) (consolidated cases) |

**ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

**DEFINITIONS AND INSTRUCTIONS**

1.      "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.     "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.     "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.     "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.     "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.     All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.     In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

3

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.      All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

     a.   the origination(s) or source(s) of any such redistricting proposal;

     b.   the impetus, rationale, background, or motivation for any such redistricting proposal;

     c.   all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

     d.   the pairing of any incumbents in any such redistricting proposal;

     e.   any redistricting amendment, whether partial or total, to each such proposal;

     f.   negotiations regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.      All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3.      All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.      All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.      All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.      All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.      All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.     All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.     All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Texas

| | | |
|---|---|---|
| League of United Latin American Citizens, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Representative Tom Craddick
    Texas Capitol, 1100 Congress Ave., Room 1W.9, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701 | Date and Time:<br><br>03/07/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    02/04/2022

| *CLERK OF COURT* | |
|---|---|
| | OR |
| | /s/ Michelle Rupp |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    the United States of America                                   , who issues or requests this subpoena, are:

Michelle Rupp, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530   Email:  michelle.rupp@usdoj.gov   Phone:  202-305-0565

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Print    Save As...    Add Attachment    Reset

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS (LULAC), et al.,

Plaintiffs,

v.

GREG ABBOTT, et al.,

Defendants.

Civil Action No. 3:21-cv-259
(DCG-JES-JVB)
(consolidated cases)

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## DEFINITIONS AND INSTRUCTIONS

1.      "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.      "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.      "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.      "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.      All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.      In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.      All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

   a.   the origination(s) or source(s) of any such redistricting proposal;

   b.   the impetus, rationale, background, or motivation for any such redistricting proposal;

   c.   all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

   d.   the pairing of any incumbents in any such redistricting proposal;

   e.   any redistricting amendment, whether partial or total, to each such proposal;

   f.   negotiations regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.      All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3.      All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.      All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.      All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.      All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.      All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.     All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.     All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Western District of Texas

| | | |
|---|---|---|
| League of United Latin American Citizens, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Representative Brooks Landgraf
   Texas Capitol Extension, 1100 Congress Ave., Room E1.324, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701 | Date and Time:<br>03/21/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/18/2022

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| | | /s/ Jasmin Lott |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   the United States of America                                        , who issues or requests this subpoena, are:

Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530   Email: jasmin.lott@usdoj.gov   Phone:  202-307-6321

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

|  |  |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>GREG ABBOTT, et al.,<br><br>    Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) (consolidated cases) |

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1.  "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

2. "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3. "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4. "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5. "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.      All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.      In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

3

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.     All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

    a.   the origination(s) or source(s) of any such redistricting proposal;

    b.   the impetus, rationale, background, or motivation for any such redistricting proposal;

    c.   all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

    d.   the pairing of any incumbents in any such redistricting proposal;

    e.   any redistricting amendment, whether partial or total, to each such proposal;

    f.   negotiations regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.      All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3.      All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.      All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.      All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.      All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.      All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.      All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.      All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Western District of Texas

| | |
|---|---|
| League of United Latin American Citizens, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | )                                ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Representative Jose Manuel Lozano, Jr.
      Texas Capitol, 1100 Congress Ave., Room 1W.4, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701 | Date and Time:<br><br>        03/30/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    _02/28/2022_

          *CLERK OF COURT*
                                  OR

| | |
|---|---|
| | /s/ Jasmin Lott |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     the United States of America                                     , who issues or requests this subpoena, are:

Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C. 20530    Email: jasmin.lott@usdoj.gov   Phone: 202-307-6321

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS (LULAC), et al.,

Plaintiffs,

v.

GREG ABBOTT, et al.,

Defendants.

Civil Action No. 3:21-cv-259
(DCG-JES-JVB)
(consolidated cases)

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1.      "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

2.      "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.      "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.      "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.      All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.      In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.      All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

   a.   the origination(s) or source(s) of any such redistricting proposal;

   b.   the impetus, rationale, background, or motivation for any such redistricting proposal;

   c.   all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

   d.   the pairing of any incumbents in any such redistricting proposal;

   e.   any redistricting amendment, whether partial or total, to each such proposal;

   f.   negotiations regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.    All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3.    All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.    All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.    All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.     All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.     All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.     All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.     All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | | |
|---|---|---|
| League of United Latin American Citizens, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Anna Mackin
 Texas Capitol, Sam Houston Building, 1100 Congress Ave., Room SHB 450, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas<br> 903 San Jacinto Blvd., Suite 334<br> Austin, TX 78701 | Date and Time:<br><br>03/11/2022 5:00 pm |
|---|---|

 ❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

 The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/09/2022

 *CLERK OF COURT*

 OR

_____         _____
 *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   the United States of America _____ , who issues or requests this subpoena, are:

Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530    Email:  jasmin.lott@usdoj.gov   Phone:  202-307-6321

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:21-cv-259-DCG-JES-JVB

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS (LULAC), et al.,

Plaintiffs,

v.

GREG ABBOTT, et al.,

Defendants.

Civil Action No. 3:21-cv-259
(DCG-JES-JVB)
(consolidated cases)

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

### DEFINITIONS AND INSTRUCTIONS

1.      "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.      "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.      "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.      "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.      All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.      In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.      All documents relating to any redistricting proposal for the Texas delegation to

the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1,

Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or

considered.  This request includes but is not limited to:

    a.   the origination(s) or source(s) of any such redistricting proposal;

    b.   the impetus, rationale, background, or motivation for any such redistricting

       proposal;

    c.   all drafts in the development or revision of any such redistricting proposal,

       including but not limited to shapefiles, files or datasets used in mapping

       software, each RED report, each PAR report, demographic data (including but

       not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age

       Population, Black Citizen Voting Age Population, Voting Age Population,

       Hispanic Voting Age Population, and Black Voting Age Population), election

       data (including but not limited to reconstituted election analyses), and files

       related to precinct names, precinct lines, split precincts, partisan indexes,

       population shifts, population deviations, voter registration, Spanish Surname

       Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or

       changing census geography;

    d.   the pairing of any incumbents in any such redistricting proposal;

    e.   any redistricting amendment, whether partial or total, to each such proposal;

    f.   negotiations regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2. All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3. All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4. All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5. All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.      All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.      All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.      All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.      All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Texas

| | | |
|---|---|---|
| League of United Latin American Citizens, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Representative Tom Craddick
   Texas Capitol, 1100 Congress Ave., Room 1W.9, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701 | Date and Time:<br><br>03/07/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    02/04/2022

| CLERK OF COURT | |
|---|---|
| | OR |
| | /s/ Michelle Rupp |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    the United States of America                                    , who issues or requests this subpoena, are:

Michelle Rupp, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530   Email:  michelle.rupp@usdoj.gov   Phone:  202-305-0565

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, et al., <br><br> Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) (consolidated cases) |

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1.      "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

2.      "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.      "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.      "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.     All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.     In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.      All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

     a.   the origination(s) or source(s) of any such redistricting proposal;

     b.   the impetus, rationale, background, or motivation for any such redistricting proposal;

     c.   all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

     d.   the pairing of any incumbents in any such redistricting proposal;

     e.   any redistricting amendment, whether partial or total, to each such proposal;

     f.   negotiations regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.      All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3.      All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.      All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.      All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.      All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.      All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.      All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.      All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| League of United Latin American Citizens, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) |
| *Defendant* | ) (If the action is pending in another district, state where: ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Representative Andrew Murr
     Texas Capitol Extension, 1100 Congress Ave., Room E1.308, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas 903 San Jacinto Blvd., Suite 334 Austin, TX 78701 | Date and Time: 03/11/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/09/2022

CLERK OF COURT

OR

_____          /s/ Jasmin Lott
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   the United States of America                                    , who issues or requests this subpoena, are:

Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530   Email: jasmin.lott@usdoj.gov   Phone:  202-307-6321

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

|  |  |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, et al., <br><br> Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) (consolidated cases) |

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## DEFINITIONS AND INSTRUCTIONS

1.     "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.      "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.      "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.      "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.      All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.      In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.      Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.      Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.      Each document produced should be categorized by the number of the document request in response to which it is produced.

15.      No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.      For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.      If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.      All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

    a.   the origination(s) or source(s) of any such redistricting proposal;

    b.   the impetus, rationale, background, or motivation for any such redistricting proposal;

    c.   all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

    d.   the pairing of any incumbents in any such redistricting proposal;

    e.   any redistricting amendment, whether partial or total, to each such proposal;

    f.   negotiations regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2. All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3. All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4. All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5. All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.      All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.      All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.      All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.      All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Western District of Texas

| | | |
|---|---|---|
| League of United Latin American Citizens, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Sean Opperman
Texas Capitol, Sam Houston Building, 1100 Congress Ave., Room SHB 450, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701 | Date and Time:<br><br>03/11/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/09/2022

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | /s/ Jasmin Lott<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   the United States of America _____ , who issues or requests this subpoena, are:

Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530    Email:  jasmin.lott@usdoj.gov   Phone:  202-307-6321

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS (LULAC), et al.,

Plaintiffs,

v.

GREG ABBOTT, et al.,

Defendants.

Civil Action No. 3:21-cv-259
(DCG-JES-JVB)
(consolidated cases)

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## DEFINITIONS AND INSTRUCTIONS

1.     "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.      "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.      "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.      "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.     All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.     In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.    All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

    a.   the origination(s) or source(s) of any such redistricting proposal;

    b.   the impetus, rationale, background, or motivation for any such redistricting proposal;

    c.   all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

    d.   the pairing of any incumbents in any such redistricting proposal;

    e.   any redistricting amendment, whether partial or total, to each such proposal;

    f.   negotiations regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2. All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3. All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4. All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5. All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.     All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.     All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.      All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.      All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| League of United Latin American Citizens, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   Representative Tom Craddick
Texas Capitol, 1100 Congress Ave., Room 1W.9, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| | |
|---|---|
| Place:  US Attorney's Office for the Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701 | Date and Time:<br><br>03/07/2022 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/04/2022

*CLERK OF COURT*

OR

_____        /s/ Michelle Rupp
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   the United States of America                                  , who issues or requests this subpoena, are:

Michelle Rupp, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530   Email:  michelle.rupp@usdoj.gov   Phone:  202-305-0565

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____                  _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS (LULAC), et al.,

Plaintiffs,

v.

GREG ABBOTT, et al.,

Defendants.

Civil Action No. 3:21-cv-259
(DCG-JES-JVB)
(consolidated cases)

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## DEFINITIONS AND INSTRUCTIONS

1.     "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.     "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.     "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.     "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.     "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.      All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.      In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.      All documents relating to any redistricting proposal for the Texas delegation to

the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1,

Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or

considered.  This request includes but is not limited to:

    a.   the origination(s) or source(s) of any such redistricting proposal;

    b.   the impetus, rationale, background, or motivation for any such redistricting
proposal;

    c.   all drafts in the development or revision of any such redistricting proposal,
including but not limited to shapefiles, files or datasets used in mapping
software, each RED report, each PAR report, demographic data (including but
not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age
Population, Black Citizen Voting Age Population, Voting Age Population,
Hispanic Voting Age Population, and Black Voting Age Population), election
data (including but not limited to reconstituted election analyses), and files
related to precinct names, precinct lines, split precincts, partisan indexes,
population shifts, population deviations, voter registration, Spanish Surname
Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or
changing census geography;

    d.   the pairing of any incumbents in any such redistricting proposal;

    e.   any redistricting amendment, whether partial or total, to each such proposal;

    f.   negotiations regarding any redistricting proposal; and

g.   all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.   All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3.   All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.   All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.   All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.      All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.      All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.      All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.      All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| League of United Latin American Citizens, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Speaker Dade Phelan
     Texas Capitol, 1100 Congress Ave., Room 2W.13, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas | Date and Time: |
|---|---|
| 903 San Jacinto Blvd., Suite 334 Austin, TX 78701 | 03/21/2022 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/17/2022

CLERK OF COURT

                                           OR

_____            _____
*Signature of Clerk or Deputy Clerk*              /s/ Jasmin Lott
                                               *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   the United States of America _____ , who issues or requests this subpoena, are:

Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530    Email:  jasmin.lott@usdoj.gov   Phone:  202-307-6321

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

   ❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

   ❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

                                         _____
                                             *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, et al., <br><br> Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) (consolidated cases) |

**ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

**<u>DEFINITIONS AND INSTRUCTIONS</u>**

1.      "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.     "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.     "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.     "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.     "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.     All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.     In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

3

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope. Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request. If you object to any portion of a document request, you must state with specificity the grounds of the objection. Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## <u>DOCUMENT REQUESTS</u>

1.      All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

   a.   the origination(s) or source(s) of any such redistricting proposal;

   b.   the impetus, rationale, background, or motivation for any such redistricting proposal;

   c.   all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

   d.   the pairing of any incumbents in any such redistricting proposal;

   e.   any redistricting amendment, whether partial or total, to each such proposal;

   f.   negotiations regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2. All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3. All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4. All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5. All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.      All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.      All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.      All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.      All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | | |
|---|---|---|
| League of United Latin American Citizens, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:21-cv-259-DCG-JES-JVB |
| Greg Abbott, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   Julia Rathgeber
      Texas Capitol, 1100 Congress Ave., Room 2W.13, Austin, TX 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: US Attorney's Office for the Western District of Texas<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701 | Date and Time:<br><br>03/21/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:      02/17/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Jasmin Lott |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      the United States of America                                        , who issues or requests this subpoena, are:

Jasmin Lott, U.S. Department of Justice, Civil Rights Division, Voting Section, 950 Pennsylvania Ave. NW, 4CON 8th Floor, Washington, D.C.  20530    Email:  jasmin.lott@usdoj.gov   Phone:  202-307-6321

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                              *Server's signature*

                                         _____
                                              *Printed name and title*

                                         _____
                                              *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS (LULAC), et al.,

Plaintiffs,

v.

GREG ABBOTT, et al.,

Defendants.

Civil Action No. 3:21-cv-259
(DCG-JES-JVB)
(consolidated cases)

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the United States of America the documents and electronically stored information described below in your possession, custody, or control.

## DEFINITIONS AND INSTRUCTIONS

1.      "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages (such as Slack, Signal, Snapchat, Telegram, and Wickr), social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

1

2.      "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

3.      "Member of the U.S. House of Representatives" means a past or present elected member of the United States House of Representatives, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4.      "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas Senate or the Texas State Board of Education.

5.      "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6.      "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021.  *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

7.      "House Bill 1" means the legislation setting forth the district boundaries for the Texas House that Governor Abbott signed into law on October 25, 2021.  *See* H.B. 1, 87th Leg., 3d Spec. Sess. (Tex. 2021).

8.      In responding to these requests, please produce all responsive documents in your possession, custody, or control.  This means that you must produce all responsive documents within your actual possession, custody, or control, as well as such documents which you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

9.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10.     All references in these requests to an entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11.     In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.  Construe the terms "and" and "or" either

disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.  Words used in the singular include the plural.

12.     Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13.     Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

14.     Each document produced should be categorized by the number of the document request in response to which it is produced.

15.     No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of the objection.  Any ground not stated will be waived.

16.     For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

17.     If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or subsection thereof, then in response to the appropriate request: (a) produce all such documents as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with

particularity the efforts made by you or on your behalf to produce such documents; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents would be unduly burdensome.

18.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

19.     In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

20.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

21.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019, to the present.

## DOCUMENT REQUESTS

1.  All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House, including but not limited to House Bill 1, Senate Bill 6, and any other Congressional or House redistricting proposal drawn, discussed, or considered.  This request includes but is not limited to:

   a.  the origination(s) or source(s) of any such redistricting proposal;

   b.  the impetus, rationale, background, or motivation for any such redistricting proposal;

   c.  all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data (including but not limited to Citizen Voting Age Population, Hispanic Citizen Voting Age Population, Black Citizen Voting Age Population, Voting Age Population, Hispanic Voting Age Population, and Black Voting Age Population), election data (including but not limited to reconstituted election analyses), and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, or changing census geography;

   d.  the pairing of any incumbents in any such redistricting proposal;

   e.  any redistricting amendment, whether partial or total, to each such proposal;

   f.  negotiations regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, or (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

2.     All documents relating to the redistricting process for the Texas House or the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, staffing, and persons or entities involved.

3.     All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

4.     All documents relating to whether House Bill 1, Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas House or the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

5.     All documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative

Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6.     All other documents relating to redistricting for the Texas House or the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7.     All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship that were exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the House Committee on Redistricting or members thereof, the Senate Special Committee on Redistricting or members thereof, the Conference Committee regarding Senate Bill 6 or members thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House,

any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

8.      All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives that include any of the following individuals or entities: Adam Foltz, Akin Gump Strauss Hauer & Feld LLP, Michael Best Strategies, any consultant, any political operative, any expert, the Office of the Texas Attorney General, any other law firm, any other attorney, any other vendor, or any other person or entity.

9.      All non-privileged documents relating to the instant lawsuit or preceding investigation of Texas by the U.S. Department of Justice.