# EXHIBIT 4

# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50407

---

LEAGUE OF UNITED LATIN AMERICAN CITIZENS; SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT; MI FAMILIA VOTA; AMERICAN GI FORUM OF TEXAS; LA UNION DEL PUEBLO ENTERO; MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS; TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION; WILLIAM C. VELASQUEZ INSTITUTE; FIEL HOUSTON, INCORPORATED; TEXAS ASSOCIATION OF LATINO ADMINISTRATORS AND SUPERINTENDENTS; EMELDA MENENDEZ; GILBERTO MENENDEZ; JOSE OLIVARES; FLORINDA CHAVEZ; JOEY CARDENAS; SANDRA PUENTE; JOSE R. REYES; SHIRLEY ANNA FLEMING; LOUIE MINOR, JR.; NORMA CAVAZOS; PROYECTO AZTECA; REFORM IMMIGRATION FOR TEXAS ALLIANCE; WORKERS DEFENSE PROJECT; PAULITA SANCHEZ; JO ANN ACEVEDO; DAVID LOPEZ; DIANA MARTINEZ ALEXANDER; JEANDRA ORTIZ,

*Plaintiffs—Appellees*,

SHEILA JACKSON LEE; ALEXANDER GREEN; JASMINE CROCKETT; EDDIE BERNICE JOHNSON,

*Intervenor Plaintiffs—Appellees*,

versus

GREG ABBOTT

*Defendant*,

Ryan Guillen, *Texas House Member*; Brooks Landgraf, *Texas House Member*; John Lujan, *Texas House Member*,

*Movants—Appellants*,

_____

Voto Latino; Rosalinda Ramos Abuabara; Akilah Bacy; Orlando Flores; Marilena Garza; Cecilia Gonzales; Agustin Loredo; Cinia Montoya; Ana Ramon; Jana Lynne Sanchez; Jerry Shafer; Debbie Lynn Solis; Angel Ulloa; Mary Uribe,

*Plaintiffs—Appellees*,

v.

John Scott, et al.,

*Defendants*,

Ryan Guillen, *Texas House Member*; Brooks Landgraf, *Texas House Member*; John Lujan, *Texas House Member*,

*Appellants*,

_____

Mexican American Legislative Caucus,

*Plaintiff—Appellee*,

versus

State of Texas, et al.,

*Defendants*,

Ryan Guillen, *Texas House Member*; Brooks Landgraf, *Texas House Member*; John Lujan, *Texas House Member*,

*Appellants,*

———————————————

Roy Charles Brooks; Felipe Gutierrez; Phyllis Goins; Eva Bonilla; Clara Faulkner; Deborah Spell; Beverly Powell,

*Plaintiffs—Appellees,*

versus

Greg Abbott, et al.,

*Defendants,*

Ryan Guillen, *Texas House Member*; Brooks Landgraf, *Texas House Member*; John Lujan, *Texas House Member*,

*Appellants,*

———————————————

Texas State Conference of the NAACP

*Plaintiff—Appellee,*

versus

Greg Abbott

*Defendant,*

Ryan Guillen, *Texas House Member*; Brooks Landgraf, *Texas House Member*; John Lujan, *Texas House Member*,

No. 22-50407

*Appellants*,

_____

Fair Maps Texas Action Committee; OCA-Greater Houston; North Texas Chapter of the Asian Pacific Islander Americans Public Affairs Association; Emgage; Turner Khanay; Angela Rainey; Austin Ruiz; Aya Eneli; Sofia Sheikh; Jennifer Cazares; Niloufar Hafizi; Lakshmi Ramakrishnan; Amatulla Contractor; Deborah Chen; Arthur Resa; Sumita Ghosh; Anand Krishnaswamy,

*Plaintiffs—Appellees*,

versus

Greg Abbott, et al.,

*Defendants*,

Ryan Guillen, *Texas House Member*; Brooks Landgraf, *Texas House Member*; John Lujan, *Texas House Member*,

*Appellants*,

_____

United States of America

*Plaintiff—Appellee*,

versus

State of Texas, et al.,

*Defendants*,

Ryan Guillen, *Texas House Member*; Brooks Landgraf, *Texas House Member*; John Lujan, *Texas House Member*,

                                                                *Appellants*,

_____

Trey Martinez Fischer,

                                                                *Plaintiff—Appellee*,

versus

John Scott, *in his official capacity as Secretary of State of Texas*, et al.,

                                                                *Defendants*,

Ryan Guillen, *Texas House Member*; Brooks Landgraf, *Texas House Member*; John Lujan, *Texas House Member*,

                                                                *Appellants*,

_____

Veronica Escobar, *U.S. Representative of the 16th Congressional District of Texas*,

                                                                *Plaintiff—Appellee*,

versus

Greg Abbott, *in his official capacity as Governor of the State of Texas*, et al.,

                                                                *Defendants*,

Ryan Guillen, *Texas House Member*; Brooks Landgraf, *Texas House Member*; John Lujan, *Texas House Member*,

No. 22-50407

*Appellants.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CV-259
USDC No. 1:21-CV-965
USDC No. 1:21-CV-988
USDC No. 1:21-CV-991
USDC No. 1:21-CV-1006
USDC No. 1:21-CV-1038
USDC No. 3:21-CV-299
USDC No. 3:21-CV-306
USDC No. 3:22-CV-22

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

STEPHEN A. HIGGINSON:

This is a redistricting case. Movants-Appellants ("Movants") are members of the Texas House of Representatives. After receiving deposition subpoenas, Movants asked the three-judge district court to either quash the subpoenas or issue a protective order limiting the subject matter that they could be asked about, citing state legislative privilege. The district court denied the motion, concluding that the legislative privilege issue was not yet ripe. The district court also outlined procedures for the depositions that were intended to protect the legislative privilege if it arose. Movants then asked this court to stay the depositions pending appeal. That request is DENIED.[1]

---

[1] We conclude that we have jurisdiction over this motion. *See In re Hubbard*, 803 F.3d 1298, 1305 (11th Cir. 2015) ("[O]ne who unsuccessfully asserts a governmental privilege may immediately appeal a discovery order where he is not a party to the lawsuit." (citing *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 879 (5th Cir. 1981)); *see also Whole Woman's Health v. Smith*, 896 F.3d 362, 367-69 (5th Cir. 2018).

Judge Willett concurs in the judgment because he is unconvinced that we have jurisdiction under the collateral order doctrine. *See Mohawk Indus., Inc. v. Carpenter*, 558

No. 22-50407

\* \* \*

Four factors govern our decision whether to issue a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34.

Movants have not shown that they are likely to succeed on the merits. Both this court and the Supreme Court have confirmed that the state legislative privilege is not absolute. *See Jefferson Cmty. Health Care Centers, Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017) ("[T]he legislative privilege for state lawmakers is, at best, one which is qualified." (citation omitted)); *United States v. Gillock*, 445 U.S. 360, 361 (1980) ("Recognition of an evidentiary privilege for state legislators for their legislative acts would impair the legitimate interest of the Federal Government in enforcing its criminal statutes with only speculative benefits to the state legislative process."). Here, the district court did not deny that state legislative privilege might apply to this case. Indeed, it emphatically stated that "nothing in this Order should be construed as deciding any issue of state legislative privilege." Rather, the district court simply concluded that "there are likely to be relevant areas of inquiry that fall outside of topics potentially covered by state legislative privilege" and that the issues relating

---

U.S. 100, 108 (2009) (noting that "we have generally denied review of pretrial discovery orders" (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 377 (1981)). Judge Willett believes that *Whole Woman's Health v. Smith* is distinguishable because it concerned a very different type of privilege, one resting on the First Amendment. 896 F.3d 362, 367-69 (5th Cir. 2018).

7

to the privilege were "not yet ripe for decision," since "no questions have been asked, and no answer given." Given *Jefferson Community Health* and *Gillock*, we agree with the district court that "the [state legislative] privilege is not so broad as to compel the [district court] to quash the deposition subpoenas, modify them, or enter a protective order prohibiting questions about topics that are not strictly within the public record." The district court is taking an admirably deliberate and cautious approach to the legislative privilege issue, and movants are not likely to show that the court erred by denying their motion to quash.[2]

Movants also have not shown that they will be irreparably injured absent a stay. Rather, the district court's vigilant and narrow order goes to great lengths to protect Movants. The district court's order provided that when Movants are being deposed, they "may invoke legislative privilege in response to particular questions." And while the deponent "must then answer the question in full," their "response will be subject to the privilege." These privileged responses will be "deemed to contain confidential

---

[2] Movants mischaracterize the district court's order in their motion, suggesting that it "ignore[s] legislative privilege" and applies a "Texas redistricting exception to legislative privilege." The district court in fact carefully considered the issue of legislative privilege and neutrally followed the law of this circuit. Movants also mischaracterize the law of other circuits in their brief. Like us and the Supreme Court, the First, Ninth and Eleventh Circuits all recognize that the state legislative privilege is qualified. *See Am. Trucking Associations, Inc. v. Alviti*, 14 F.4th 76, 88 (1st Cir. 2021) ("We need not reject altogether the possibility that there might be a private civil case in which state legislative immunity must be set to one side because the case turns so heavily on subjective motive or purpose."); *Lee v. City of Los Angeles*, 908 F.3d 1175, 1188 (9th Cir. 2018) (rejecting plaintiffs' request for a "categorical exception" to the privilege and basing its holding on that case's "factual record"); *In re Hubbard*, 803 F.3d 1298, 1311 (11th Cir. 2015) ("To be sure, a state lawmaker's legislative privilege must yield in some circumstances."). Moreover, none of these cases involved the kind of extensive procedural safeguards designed to protect the privilege that, as discussed below, the district court implemented in this case.

information" and subject to the district court's previously issued "Consent Confidentiality and Protective Order." A party that wishes to use any privileged testimony must submit that testimony "to the [district court] for *in camera* review, along with a motion to compel" asserting that the testimony "is not subject to the privilege, the privilege has been waived, or the privilege should not be enforced." The district court also warned the parties "that *any* public disclosure of information to which a privilege has been asserted may result in sanctions." Given these carefully crafted procedures, Movants will not be irreparably injured absent a stay. The district court is ready and willing to protect the state legislative privilege if and when the issue arises.

The state legislative privilege must be protected when it arises; at the same time, the privilege must not be used as a cudgel to prevent the discovery of non-privileged information or to prevent the discovery of the truth in cases where the federal interests at stake outweigh the interests protected by the privilege. *See Jefferson Cmty. Health*, 849 F.3d at 624; *Gillock*, 445 U.S. at 361; *see also Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 (1977) (explaining that "[t]he legislative or administrative history may be highly relevant" in Equal Protection cases and that "[i]n some extraordinary instances[,] the members [of the relevant governmental entity] might be called to the stand at trial to testify concerning the purpose of the official action, although even then such testimony frequently will be barred by privilege"). As highlighted above, the district court's approach to this case has been admirably prudent, cautious, vigilant, and narrow. Thus, as to the fourth *Nken* factor, we conclude that the district court's approach to the case thus far accords with the public interest.

\* \* \*

IT IS ORDERED that Appellants' opposed motion to stay district court depositions pending appeal is DENIED.

No. 22-50407

IT IS FURTHER ORDERED that Appellants' opposed alternative motion to stay depositions pending the Supreme Court's decision in U.S.S.C. No. 21-1086, *Merrill v. Milligan*, is DENIED.

IT IS FURTHER ORDERED that Appellants' opposed motion for a temporary administrative stay pending consideration of motion is DENIED.

# United States Court of Appeals

**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

May 20, 2022

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

   No. 22-50407   League of United Latin Amer v. Guillen
                       USDC No. 3:21-CV-259
                       USDC No. 1:21-CV-965
                       USDC No. 1:21-CV-988
                       USDC No. 1:21-CV-991
                       USDC No. 1:21-CV-1006
                       USDC No. 1:21-CV-1038
                       USDC No. 3:21-CV-299
                       USDC No. 3:21-CV-306
                       USDC No. 3:22-CV-22

Enclosed is an order entered in this case.

                                Sincerely,

                                LYLE W. CAYCE, Clerk

                                By: _____
                                Laney L. Lampard, Deputy Clerk
                                504-310-7652

Mr. Gary Lynn Bledsoe
Mr. Noah Bokat-Lindell
Ms. Aria Branch
Mr. Kembel Scott Brazil
Mr. Frank Hyok Chang
Ms. Pooja Chaudhuri
Ms. Jeannette Clack
Ms. Lindsey Beth Cohan
Ms. Molly Danahy
Mr. Chad Wilson Dunn
Mr. Daniel Joshua Freeman
Mr. Mark P. Gaber
Mr. Martin Golando
Mr. Kevin J. Hamilton
Mr. Thomas M. Herrin
Mr. Renea Hicks
Ms. Denise Marie Hulett
Ms. Katherine Elmlinger Lamm
Ms. Taylor A.R. Meehan
Mr. Adam K. Mortara

Mr. Robert Stephen Notzon  
Ms. Nina Perales  
Mr. George A. Quesada  
Ms. Bonnie Ilene Robin-Vergeer  
Mr. Ezra D. Rosenberg  
Mr. Andre Segura  
Mr. Neil A. Steiner  
Mr. Patrick K. Sweeten  
Mr. Jerry Vattamala