IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>GREG ABBOTT, et al.,<br><br>  Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) (consolidated cases) |

**[PROPOSED] ORDER GRANTING THE UNITED STATES' MOTION TO ENFORCE THIRD-PARTY SUBPOENAS *DUCES TECUM***

Upon consideration of the United States' Motion to Enforce Third-Party Subpoenas *Duces Tecum* and the Legislators' opposition thereto, the Motion is GRANTED.

The Legislators are hereby ORDERED to produce documents relating to underlying facts concerning the 2021 Texas State House Redistricting Plan and the 2021 Texas Congressional Redistricting Plan, including those set forth on pages 1-25, 232-255, and 315-356 of the Document Index accompanying the United States' Motion to Enforce Third-Party Subpoenas *Duces Tecum*, ECF No. __.

The Legislators are hereby ORDERED to produce logistical documents, such as calendar entries and other scheduling materials; talking points; and retainer agreements and invoices, including those set forth on pages 48, 49-50, 51-52, 256, 257-258, 259, 303-309, and 311-314 of the United States' Document Index.

The Legislators are hereby ORDERED to produce documents over which attorney-client privilege or work product protection is asserted that involve communications with third parties,

including those set forth on pages 92 and 282-287 of the United States' Document Index, to the extent no other privilege validly applies under the terms of this Order.

The Legislators are hereby ORDERED to produce documents over which attorney-client privilege is asserted but whose privilege log entries do not specify that legal advice was sought or provided, including those set forth on pages 53-71 of the United States' Document Index, to the extent no other privilege validly applies under the terms of this Order.

The Legislators are hereby ORDERED to produce for in-camera inspection documents over which attorney-client privilege or work product protection is asserted that involve legislative attorneys, Butler Snow attorneys, or the map drawing consultants hired by Butler Snow, including those set forth on pages 72-85, 86-91, and 216-231 of the United States' Document Index.

The Legislators are hereby ORDERED to produce documents over which work product protection is asserted that were created in the ordinary course of legislative business, including those set forth on pages 93-153 of the United States' Document Index, to the extent no other privilege validly applies under the terms of this Order.

The Legislators are hereby ORDERED to produce documents over which work product protection is asserted that were drafted years before litigation in this case was anticipated, including those set forth on pages 288-290 of the United States' Document Index, to the extent no other privilege validly applies under the terms of this Order.

The Legislators are hereby ORDERED to produce documents over which work product protection is asserted but whose privilege log entries do not state that they were created in anticipation of litigation, including those set forth on pages 154-215 of the United States' Document Index, to the extent no other privilege validly applies under the terms of this Order.

The Legislators are hereby ORDERED to produce documents over which legislative privilege is asserted that involve communications with non-legislative outsiders, including those set forth on pages 291-301 of the United States' Document Index, to the extent no other privilege validly applies under the terms of this Order.

The Legislators are hereby ORDERED to produce documents over which legislative privilege is asserted that are not related to legislation, like draft public statements and media strategy documents; documents created after the enactment of the 2021 redistricting legislation; and employment communications, including those set forth on pages 303-309, 310, and 311-314 of the United States' Document Index, to the extent no other privilege validly applies under the terms of this Order.

The Legislators are hereby ORDERED to produce documents over which legislative privilege is asserted that relate to the 2021 Congressional Redistricting Plan, including those set forth on pages 357-362 of the United States' Document Index, to the extent no other privilege validly applies under the terms of this Order.

The Legislators are ORDERED to produce documents over which the deliberative process privilege is asserted, including the document set forth on page 302 of the United States' Document Index, to the extent no other privilege validly applies under the terms of this Order.

The Legislators are hereby ORDERED to produce these documents within 7 days of this Order.

So ORDERED and SIGNED on this _____ day of \_\_\_\_ 2022

                                                      _____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

*And on behalf of:*

| | | |
|---|---|---|
| Jerry E. Smith<br>United States Circuit Judge<br>U.S. Court of Appeals<br>Fifth Circuit | -and- | Jeffrey V. Brown<br>United States District Judge<br>Southern District of Texas |