IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Case No. 3:21-cv-00259 [Lead Case] |
| GREG ABBOTT, *et al.*, | § § | |
| *Defendants*. | § § § | |

**STIPULATED ORDER REGARDING LEGISLATIVE
DEPOSITION PROTOCOL**

All parties, including counsel for third-party legislators and legislative employees, jointly stipulate to the following deposition protocol:

1. This Order governs the depositions and deposition transcripts and video of all legislators or legislative employees who have been subpoenaed by the U.S. Department of Justice and other redistricting plaintiffs to appear at depositions who intend to assert legislative privilege.

2. **Deposition Attendance:** A limited number of counsel may attend such depositions remotely, only if counsel complies with the following:

    a. **Platform and technological requirements:** Any remote depositions will be hosted on a Zoom Government platform, to be provided by the Texas Office of the Attorney General or the U.S. Department of Justice.

        i. Any remote depositions will require a virtual waiting room, whereby only counsel who have provided appropriate notice, as described below, and who have otherwise complied with this protocol may be permitted to join the deposition.

1

      ii. Any remote depositions will require a password. The password and any related information for joining depositions remotely is deemed confidential under the parties' Confidentiality and Protective Order.

      iii. If parties wish to use a virtual breakout room, those parties are responsible for facilitating that virtual breakout room.

b. **Notice:** Any counsel who intends to attend a deposition remotely must notify deponent's counsel by 4 p.m. CST the day before the deposition.

c. **Qualifications and number of attendees:** In addition to compliance with all other provisions of this protocol, the following limitations apply to remote attendees who are not the non-party deponent or counsel associated with the non-party deponent.

      i. Remote attendees are limited to licensed attorneys for each party. No other staff, interns, or other individuals—including but not limited to experts, trial consultants, and the like, who are not also licensed attorneys for a party—are permitted to attend remotely. If any such individuals are found to have attended a deposition remotely, that will be deemed a violation of this order and the protective orders in this case by counsel and/or the party with whom the individual is associated.

      ii. No more than 2 licensed attorneys for each party may attend remotely.

d. **Remote attendance:**

      i. Counsel attending remotely must join from a private office or home. Joining a remote deposition from conference rooms, shared offices, or other communal spaces violates this protocol and will result in exclusion from the deposition.

      ii. Cameras for any counsel attending remotely will remain on at all times during which the deponent is examined. All counsel attending remotely must be on a dedicated camera. If counsel joins a remote deposition without disclosing their appearance by dedicated camera, that will result in exclusion from the deposition.

      iii. Recording of the deposition by anyone other than the appointed court reporter and videographer is strictly forbidden. If any such recording is found to have occurred, that will be deemed a violation of this order and the protective orders entered in this case by counsel and/or the party with whom the individual is associated.

      iv. Counsel attending remotely shall remain on mute at all times, except for objections or examination of the witness, and counsel shall otherwise take measures to avoid disrupting the in-person deposition.

      v. Legislators or legislative employees who intend to assert legislative privilege shall not bear any additional costs associated with remote attendance.

e. **Remote examination:** Any counsel who must attend a deposition remotely, in accordance with the above, and who plans to examine the witness will endeavor to make available 3 hard copies of exhibits to be used in the deposition. Other counsel attending the deposition in-person may transport such hard copies on behalf of counsel attending remotely. Alternatively, exhibits may be mailed in sealed internal envelopes, to be opened on the record only when / if such exhibits are introduced, to the location where non-party depositions are noticed to occur: Texas Office of the Attorney General, Price Daniel Building, c/o William T. Thompson, P.O. Box 12548, Austin, Texas 78711-2548 or to 209 W. 14th Street (Price Daniel Building 7th floor), Austin, Texas.

    f. **Technical issues:** The in-person deposition generally will not be delayed for technical issues experienced by those joining remotely. If technical issues arise for counsel participating remotely who intends to examine the deponent, the deposition will not be delayed in excess of 30 minutes (in total) to resolve all such issues. Any additional time used to resolve any such technical issues will be counted as on-the-record time. Counsel participating remotely shall bear any costs incurred on account of any technical difficulties related to that counsel's participation.

3. **Supplemental confidentiality provisions:** Counsel hereby agree to the following supplemental confidentiality protections for legislator testimony pending any subsequent ruling on a motion to compel. These supplemental confidentiality provisions are in addition to those in the existing Confidentiality and Protective Order (ECF 202). To the extent there is a conflict between these supplemental provisions and the existing Confidentiality and Protective Order, these supplemental provisions govern with respect to legislators or legislative employees who assert legislative privilege.

    a. Any testimony given over a legislative privilege objection during legislative depositions subject to this protocol will be designated "HIGHLY CONFIDENTIAL – PRIVILEGED MATERIAL" and portions of deposition transcripts and video containing such testimony will be likewise marked, unless and until all parties including the deponent agree or the Court orders otherwise.

    b. In such cases the court reporter shall be informed of the existing Confidentiality and Protective Order, as supplemented by these terms, and shall be required to operate in a manner consistent with all such orders, including marking relevant pages of the transcript "HIGHLY CONFIDENTIAL – PRIVILEGED MATERIAL." Likewise, for videotaped depositions, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of

  the videotape are subject to the existing Confidentiality and Protective Order, as supplemented by these terms. Any recordings shall be marked along the lines of: "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative protective orders and protocols in this matter or pursuant to written stipulation of the parties or order of the Court."

c. Counsel agree they will keep any electronic or hard copies of such materials secure and accessible only to those who may view materials designated "HIGHLY CONFIDENTIAL – PRIVILEGED MATERIAL."

d. Unless otherwise ordered by the Court or permitted in writing by the counsel for the legislative deponent, the subpoenaing party may disclose any such material designated "HIGHLY CONFIDENTIAL – PRIVILEGED MATERIAL" only to the following:

  i. Counsel of record appearing in this action or the licensed attorney who attended the deposition remotely;

  ii. Paralegal or similar litigation support staff, for the sole purpose of assisting counsel in this action, consistent with the limited permissible use of confidential information in the existing Confidentiality and Protective Order; paralegal or similar litigation support staff does not include interns;

  iii. The Court and Court personnel, as prescribed by the Court's order regarding motions to compel the disclosure of legislatively privileged information, including the filing of such information under seal for *in camera* review;

      iv. Court reporters, stenographers and videographers retained to record the legislative testimony taken in this action who are aware of and agree to this protocol;

      v. Any other person with the prior written consent of the legislators' counsel or by order of the Court.

Such material may not be disclosed to any other individual unless and until the Court rules that such material is not privileged, and only then in accordance with other applicable Protective Order provisions.

  e. As prescribed by the existing Confidentiality and Protective Order, all material with a confidentiality designation including deposition testimony marked "HIGHLY CONFIDENTIAL – PRIVILEGED MATERIAL," including any transcripts, must be returned or destroyed upon the termination of this action.

4. Nothing herein shall prevent or restrict deponents' use or disclosure of their discovery material.

5. Nothing herein shall be deemed a waiver of Party's right to object to the use of any discovery material, including on the basis of privilege, or otherwise limiting or waiving the Court order that deposition testimony subject to a legislative privilege objection is inadmissible and cannot be used in this case absent a successful motion to use such material after submitting it under seal for *in camera* review.

Jointly submitted,

| | |
|---|---|
| PAMELA S. KARLAN<br>Principal Deputy Assistant Attorney General<br>Civil Rights Division<br><br>*/s/ Daniel J. Freeman*<br>T. CHRISTIAN HERREN, JR.<br>TIMOTHY F. MELLETT<br>DANIEL J. FREEMAN<br>JANIE ALISON (JAYE) SITTON<br>MICHELLE RUPP<br>JACKI L. ANDERSON<br>JASMIN LOTT<br>HOLLY F.B. BERLIN<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br><br>*/s/ David R. Fox*<br>Abha Khanna*<br>**ELIAS LAW GROUP LLP**<br>1700 Seventh Ave, Suite 2100<br>Seattle, WA 98101<br>Telephone: (206) 656-0177<br>akhanna@elias.law<br><br>Aria C. Branch*<br>David R. Fox*<br>Francesca Gibson*<br>Richard A. Medina*<br>**ELIAS LAW GROUP LLP**<br>10 G Street NE, Suite 600<br>Washington, D.C. 20002<br>Telephone: (202) 968-4490<br>abranch@elias.law<br>dfox@elias.law<br>fgibson@elias.law<br>rmedina@elias.law<br><br>Kevin J. Hamilton*<br>**PERKINS COIE LLP**<br>1201 Third Avenue<br>Suite 4900<br>Seattle, WA 98101-3099 | */s/ Patrick K. Sweeten*<br>PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>Tex. State Bar No. 00798537<br><br>WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>Tex. State Bar No. 24088531<br><br>JACK B. DISORBO<br>Assistant Attorney General, Special Litigation Unit<br>Tex. State Bar No. 24120804<br><br>OFFICE OF THE ATTORNEY GENERAL<br><br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Fax: (512) 457-4410<br>patrick.sweeten@oag.texas.gov<br>will.thompson@oag.texas.gov<br>jack.disorbo@oag.texas.gov<br><br>*Counsel for Defendants, House Members and Employees, Senate Members and Employees*<br><br>*/s/ Taylor A.R. Meehan*<br>Patrick N. Strawbridge**<br>J. Michael Connolly<br>Taylor A.R. Meehan*<br>Frank H. Chang*<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Blvd., Suite 700<br>Arlington, VA 22209<br>Tel: (703) 243-9423<br>patrick@consovoymccarthy.com<br>mike@consovoymccarthy.com<br>taylor@consovoymccarthy.com<br>frank@consovoymccarthy.com |

7

Telephone: (206) 359-8000
khamilton@perkinscoie.com

Renea Hicks
Attorney at Law
Texas Bar No. 09580400
**Law Office of Max Renea Hicks**
P.O. Box 303187
Austin, Texas 78703-0504
(512) 480-8231
rhicks@renea-hicks.com

*Counsel for Abuabara Plaintiffs*

Adam K. Mortara*
LAWFAIR LLC
125 South Wacker, Suite 300
Chicago, IL 60606
Tel: (773) 750-7154
mortara@lawfairllc.com

* Admitted *pro hac vice*
** *Pro hac vice* motion forthcoming

*Counsel for House Members and Employees*


*Admitted *pro hac vice*

/s/ *Noor Taj*
Noor Taj*
P.A. State Bar No. 309594
Allison J. Riggs*
N.C. State Bar No. 40028
Hilary Harris Klein*
N.C. State Bar No. 53711
Mitchell Brown*
N.C. State Bar No. 56122
SOUTHERN COALITION FOR SOCIAL JUSTICE
1415 West Highway 54, Suite 101
Durham, NC 27707
Telephone: 919-323-3380
Fax: 919-323-3942
Allison@southerncoalition.org
Noor@scsj.org
hilaryhklein@scsj.org
mitchellbrown@scsj.org

David A. Donatti
TX Bar No. 24097612
Ashley Harris
Texas Bar No. 24078344
Thomas Buser-Clancy
Texas Bar No. 24123238
Andre I. Segura
Texas Bar No. 24107112
ACLU FOUNDATION OF TEXAS, INC.
P.O. Box 8306
Houston, TX 77288
Tel. (713) 942-8146 Fax. (713) 942-8966

ddonnati@aclutx.org
aharris@aclutx.org
tbuser-clancy@aclutx.org
asegura@aclutx.org

Jerry Vattamala*
N.Y. State Bar No. 4426458
Susana Lorenzo-Giguere*
N.Y. State Bar No. 2428688
Patrick Stegemoeller*
N.Y. State Bar No. 5819982
Asian American Legal Defense and Education Fund

99 Hudson Street, 12th Floor
New York, NY 10013
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org
pstegemoeller@aaldef.org

Yurij Rudensky*
New York Bar No. 5798210
BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
Tel: (646) 292-8310
Fax: (212) 463-7308
yurij.rudensky@nyu.edu

**Admitted pro hac vice*

ATTORNEYS FOR FAIR MAPS PLAINTIFFS


*ATTORNEYS FOR THE TEXAS STATE CONFERENCE OF NAACP:*

*/s/ Lindsey B. Cohan*
Lindsey B. Cohan
Texas Bar No. 24083903
DECHERT LLP
515 Congress Avenue, Suite 1400
Austin, TX 78701
(512) 394-3000
*lindsey.cohan@dechert.com*

Jon Greenbaum*
Ezra D. Rosenberg*
Pooja Chaudhuri*
Sofia Fernandez Gold*
Alexander S. Davis*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
*jgreenbaum@lawyerscommittee.org*
*erosenberg@lawyerscommittee.org*
*pchaudhuri@lawyerscommittee.org*
*sfgold@lawyerscommittee.org*
*adavis@lawyerscommittee.org*

Neil Steiner*
Margaret Mortimer*
Nicholas Gersh*
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
*neil.steiner@dechert.com*
*margaret.mortimer@dechert.com*
*nicholas.gersh@dechert.com*

Robert Notzon
Texas Bar No. 00797934
THE LAW OFFICE OF ROBERT NOTZON
1502 West Avenue
Austin, Texas 78701
(512) 474-7563
*robert@notzonlaw.com*

Gary Bledsoe
Texas Bar No. 02476500
THE BLEDSOE LAW FIRM PLLC
6633 Highway 290 East #208
Austin, Texas 78723-1157
(512) 322-9992
*gbledsoe@thebledsoelawfirm.com*
*Attorney only as to Texas NAACP's claims*
*related to Texas state senate and state house plans*

Anthony P. Ashton*
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive

Baltimore, MD 21215
(410) 580-577
aashton@naacpnet.org

Janette M. Louard
Anna Kathryn Barnes
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-577
jlouard@naacpnet.org
abarnes@naacpnet.org
*Attorneys appearing of counsel*

*Admitted *pro hac vice*


*/s/ Sean J. McCaffity*
George (Tex) Quesada
State Bar No. 16427750
Email: quesada@textrial.com

Sean J. McCaffity
SOMMERMAN, MCCAFFITY,
QUESADA &GEISLER, L.L.P.
State Bar No. 24013122
Email: smccaffity@textrial.com
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461
214/720-0720 (Telephone)
214/720-0184 (Facsimile)

-and-

Joaquin Gonzalez
Texas Bar No. 24109935
1055 Sutton Dr.
San Antonio, TX 78228
jgonzalez@malc.org

*Counsel for MALC Plaintiffs*


*/s/ Nina Perales*
Nina Perales
Samantha Serna
Fátima Menendez
Kenneth Parreno

Mexican American Legal Defense
and Educational Fund (MALDEF)
Massachusetts Bar No. 705747
110 Broadway, Suite 300
San Antonio, TX 78205
(210) 224-5476
Fax: (210) 224-5382

*Counsel for LULAC Plaintiffs*


*/s/ Martin Golando*
The Law Office of Martin Golando, PLLC
Texas Bar No. 24059153
2326 W. Magnolia Ave.
San Antonio, Texas 78201
Office: (210) 471-1185
Fax: (210) 405-6772
Email: martin.golando@gmail.com

*Counsel for Representative Trey Martinez Fischer*
  *& Representative Escobar*


*/s/ Nickolas A. Spencer*
Gary Bledsoe
Texas Bar No. 02476500
THE BLEDSOE LAW FIRM PLLC
6633 Highway 290 East #208
Austin, Texas 78723-1157
(512) 322-9992

Nickolas A. Spencer
Spencer & Associates, PLLC.
9100 Southwest Freeway, Suite 122
Houston, TX 77074
nas@naslegal.com
713-863-1409

*Counsel for Intervenors*


*/s/ Chad W. Dunn*
Chad W. Dunn (Tex. Bar No. 24036507)
Brazil & Dunn
4407 Bee Caves Road
Building 1, Ste. 111
Austin, TX 78746

(512) 717-9822
chad@brazilanddunn.com

Mark P. Gaber*
Mark P. Gaber PLLC
P.O. Box 34481
Washington, DC 20043
(715) 482-4066
mark@markgaber.com

Jesse Gaines* (Tex. Bar. No. 07570800)
P.O. Box 50093
Fort Worth, TX 76105
817-714-9988
gainesjesse@ymail.com

Molly E. Danahy*
P.O. Box 26277
Baltimore, MD 21211
(208) 301-1202
danahy.molly@gmail.com

Sonni Waknin*
10300 Venice Blvd. # 204
Culver City, CA 90232
732-610-1283
sonniwaknin@gmail.com

*Admitted *pro hac vice*

*Counsel for Brooks Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § § § | Case No. 3:21-cv-00259 <br> [Lead Case] |

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY**
**LEGISLATIVE DEPOSITION PROTOOL**

I, _____, am a licensed attorney whose law firm or legal organization is representing _____. I have read the deposition protocol for depositions of legislators or legislative employees subpoenaed by the U.S. Department of Justice and other redistricting plaintiffs, during which the Court's deposition procedure (ECF 282) will apply. I understand the terms thereof and agree to be bound by those terms. With regard to attendance, I understand that this notice permits only my remote attendance, and that my remote attendance is conditioned on compliance with all provisions of the remote deposition protocol. With regard to the confidentiality of the deposition and resulting transcript, I understand that any testimony given over a legislative privilege objection is to remain Highly Confidential as prescribed by the protocol unless and until the Court orders otherwise, or until the parties—including the deponent—agree that such designation can be removed.

Signed:

_____

Date:

_____