IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*,<br><br>    *Defendants*. | CIVIL ACTION NO.<br>3:21-cv-00259-DCG-JES-JVB<br>[Consolidated Action: Lead Case] |

### SUPPLEMENTAL BRIEF IN SUPPORT OF LULAC PLAINTIFFS' MOTION FOR LEAVE TO FILE EXHIBIT UNDER SEAL

Pursuant to the Court's order (Dkt. 342), LULAC Plaintiffs provide supplemental evidence in support of LULAC Plaintiffs' Motion for Leave to File Exhibit Under Seal (Dkt. 326) in connection with their Third Amended Complaint (Dkt. 338), LULAC Plaintiffs submit the following:

In support of their motion, LULAC Plaintiffs submit a declaration from Juanita Valdez-Cox, member and Executive Director of associational plaintiff La Union del Pueblo Entero ("LUPE").[1]

Ms. Valdez-Cox's declaration discusses the very real possibility of harm both to LUPE's members as well as the organization if its members are named publicly in this lawsuit. Publicity

---

[1] Due to the compressed timeline to provide additional evidence, staffing constraints, and the numerous depositions scheduled prior to the close of discovery in this case on July 15, 2022, counsel for LULAC Plaintiffs focused their efforts on securing a declaration from the association with the greatest number of members who fear violence and retaliation from public disclosure of their membership.

1

related to this case has been widespread, including coverage of LULAC Plaintiffs' claims that the redistricting plans discriminate against Latinos. *See* LULAC Plaintiffs' Motion for Leave to File Exhibit Under Seal (Dkt. 326). Moreover, Ms. Valdez-Cox's declaration describes past occasions on which LUPE members were harassed and intimidated as a result of their association with LUPE. Ex. A, Declaration of Juanita Valdez-Cox; *see also Am. C.R. Union v. Martinez-Rivera*, No. 2:14-CV-026-AM-CW, 2015 WL 13650010, at *2 (W.D. Tex. Sept. 10, 2015) (holding a party may demonstrate the applicability of a First Amendment privilege against membership disclosure through affidavits which "describe harassment and intimidation of a group's known members"). In light of the publicity surrounding this lawsuit, and the past history of harassment and intimidation of LUPE members when their association with LUPE was public, members are "fearful or reluctant to personally undertake any visible involvement in the efforts" of LUPE to secure fair redistricting maps on their behalf. *See Am. Civil Rights Union v. Martinez-Rivera*, No. 2:14-CV-026-AM-CW, 2015 WL 13650010, at *2–3 (W.D. Tex. Sept. 10, 2015); *see also* Ex. A.

Associational plaintiffs' members also do not expect their names to be disclosed to third parties. *See* Ex. A; *see also Am. Civil Rights Union* at *3 (finding prima facie showing of First Amendment privilege where sworn declaration explains fear or reluctance of members to undertake visible involvement of organization's efforts). As Ms. Valdez-Cox's declaration indicates, there is a great risk of a possible chilling effect that results from the violation of members' expectation that their identity not be revealed. *See* Ex. A.

When involved in controversial cases, Latino civil rights advocates risk intimidation and threats of violence.[2] In 2008, a Raleigh man was convicted of sending death threats to NCLR

---

[2] *See* "Hispanic Activists Cite an Uptick in Threats of Violence," Boston.Com, November 7,

2

and a Muslim advocacy group and sent to federal prison for 45 days.[3] In 2010, a New Jersey man pleaded guilty to sending threats of violence and death by email to leaders of MALDEF, LULAC, and NCLR in order to "dissuade the groups from acting on behalf of issues important to Latinos."[4] He was sentenced to 50 months in prison and three years supervised release for threats including telling his targets they were "dead meat" and would be found "in the obits."[5]

As noted in their reply, LULAC Plaintiffs alleged detailed information sufficient to establish the associational standing of LULAC associational plaintiffs without having to name specific members in the complaint. Dkt. 350. Given the very real possibility of harassment and intimidation, sealing the exhibit at issue carefully balances the interests of public disclosure and protecting the First Amendment rights of LULAC Plaintiffs' associational members. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419-20 (5th Cir. 2021).

Accordingly, LULAC Plaintiffs respectfully request that the Court grant their Motion for Leave to File Exhibit Under Seal. Dkt. 362.

Dated: June 22, 2022   Respectfully submitted,

*/s/ Nina Perales*
Nina Perales
Samantha Serna
Fátima Menendez
Kenneth Parreno

---

2008, http://archive.boston.com/news/nation/washington/articles/2008/11/07/hispanic_civil_rights_activists_cite_rise_in_threats_of_violence/?page=full
[3] *Id*.
[4] *See* "N.J. man pleads guilty to threats," Washington Post, October 20, 2010, http://www.washingtonpost.com/wp-dyn/content/article/2010/10/20/AR2010102005926.html.
[5] *See* "New Jersey Man Sentenced for Threatening Employees of National Latino Civil Rights Organizations," U.S. Department of Justice, 4/18/11, https://www.justice.gov/opa/pr/new-jersey-man-sentenced-threatening-employees-national-latino-civil-rights-organizations

Mexican American Legal Defense and Educational Fund (MALDEF)
110 Broadway Street, Suite 300
San Antonio, TX 78205
(210) 224-5476
Fax: (210) 224-5382

*Counsel for LULAC Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that she has electronically submitted a true and correct copy of the above and foregoing via the Court's electronic filing system on the 22nd day of June 2022.

*/s/ Nina Perales*
Nina Perales

4