IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § | |
| *Plaintiffs,* | § § | |
| EDDIE BERNICE JOHNSON, *et al.*, | § § § | Case No. 3:21-cv-00259 |
| *Plaintiff-Intervenors,* | § § | [Lead Case] |
| V. | § § | |
| GREG ABBOTT, *et al.*, | § § § | |
| *Defendants.* | § | |

**OPPOSITION TO MOTION FOR LEAVE**

The LULAC, NAACP, and Abuabara plaintiffs move for leave to file a twenty-five page brief in support of their motion to compel. ECF 369. The Court should deny the motion because plaintiffs do not need a 150% extension to file a motion to compel addressing thirty-seven documents.

"Courts generally look with disfavor on motions to exceed page limits for briefs or memoranda, and grants to exceeds such limits are the exception." *Elliot v. QF Circa 37, LLC*, No. 3:16-cv-288, 2017 WL 5138291, at *1 (S.D. Cal. Nov. 3, 2017). "Excessive briefs are ill-advised considering the strains on judicial dockets and potential prejudice to the opposing party." *Id.*

So too here. Plaintiffs seek a substantial departure from the ten-page limit applying to discovery or case management motions. *See* Local Rule 7(C)(1). Counsel attempts to justify the extension on the bases that (i) plaintiffs need to "fully address each of the privileges Abbott asserts," and (ii) it is warranted by the "consolidated nature of the motion." Neither justification is sufficient.

Plaintiffs simply do not need twenty-five pages to address a relatively minor privilege dispute. By contrast, the United States recently moved to compel certain privileged documents withheld in connection with subpoenas send to legislators and legislative staff. Although that privilege log involved

1

1,931 entries, the United States sought leave only to file a thirteen page motion. Defendants did not oppose that reasonable request. ECF 347. Indeed, Defendants have consistently agreed to reasonable page-extension requests in the course of this litigation. *See* ECF 35, 224, 269, 270, 293, 332, 335, 339, 346, 347. Here, however, the number of documents and complexity of the issues presented is small. Plaintiffs do not need twenty-five pages to address thirty-seven documents.

Nor does the fact that the LULAC, NAACP, and Abuabara plaintiffs intend to file the motion jointly warrant page extension. The issues presented affect these plaintiffs groups exactly the same; there is no reason why the inclusion of additional parties should affect the substance of the argument. Similarly, Defendants recently filed a joint opposition to the NAACP, Fair Maps, and LULAC plaintiffs' motions to seal. ECF 328. Although Defendants responded to three motions, the similarity of issues allowed Defendants to file one brief, the length of which was nine pages.

The motion for leave should be denied for the additional reason that the motion to compel is baseless. The majority of the documents plaintiffs seek are drafts of Governor Abbott's proclamation calling the third special session—prepared by attorneys—or messages sending those drafts to lawyers and other Office of the Governor staff . Those documents are plainly subject to the attorney-client or attorney work product privileges. Counsel attempted to confer with counsel for plaintiffs in an attempt to limit the scope of the issues presented to the Court, but to no avail. Ex. A.

Moreover, these documents are irrelevant to plaintiffs' claims. The drafting of a proclamation calling a special session in no way bears on issues of vote dilution or intentional discrimination. When asked why counsel thought these documents were relevant, he responded: "[T]hey pertain to the process and/or circumstances surrounding the enactment of the challenged redistricting legislation." Ex. A. The Court should deny the motion for leave for the additional reason that the granting of additional pages will further complicate the unnecessary presentation of this discovery dispute.

## CONCLUSION

Defendants respectfully request that the Court deny plaintiffs' motion for leave.

| | |
|---|---|
| Date: June 27, 2022 | Respectfully submitted. |
| | |
| KEN PAXTON<br>Attorney General of Texas | /s/ Patrick K. Sweeten<br>PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>Tex. State Bar No. 00798537 |
| BRENT WEBSTER<br>First Assistant Attorney General | |
| | WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>Tex. State Bar No. 24088531 |
| | JACK B. DISORBO<br>Assistant Attorney General, Special Litigation Unit<br>Tex. State Bar No. 24120804 |
| | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Fax: (512) 457-4410<br>patrick.sweeten@oag.texas.gov<br>will.thompson@oag.texas.gov<br>jack.disorbo@oag.texas.gov |
| | **COUNSEL FOR DEFENDANTS** |

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on June 27, 2022, and that all counsel of record were served by CM/ECF.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN