| | |
|---|---|
| **From:** | Jack DiSorbo |
| **To:** | Kenneth Parreno; Nina Perales |
| **Cc:** | dfox@elias.law; pchaudhuri@lawyerscommittee.org; Patrick Sweeten; Will Thompson; Courtney Corbello |
| **Subject:** | RE: LULAC v. Abbott, 3:21-cv-259: Final Meet and Confer Regarding Documents Withheld by Defendant Abbott |
| **Date:** | Friday, June 24, 2022 11:54:31 AM |

Kenneth,

I appreciate your response, though disagree with the sentiments expressed. I think future conferral on this subject will unfortunately be unavailing. I am disappointed that we were unable to limit the dispute presented to the Court, but will endeavor to continue working well together going forward.

We oppose your motion for leave to file a 25 page brief.

Jack

---

**From:** Kenneth Parreno <Kparreno@MALDEF.org>
**Sent:** Thursday, June 23, 2022 9:20 PM
**To:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Nina Perales <nperales@MALDEF.org>
**Cc:** dfox@elias.law; pchaudhuri@lawyerscommittee.org; Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Will Thompson <Will.Thompson@oag.texas.gov>; Courtney Corbello <Courtney.Corbello@oag.texas.gov>
**Subject:** RE: LULAC v. Abbott, 3:21-cv-259: Final Meet and Confer Regarding Documents Withheld by Defendant Abbott

Hi Jack,

Thank you for your response. I did not see a response in your email to our request that you provide Defendants' position on our joint motion to exceed the page limit for our joint motion to compel. We would appreciate a response regarding that request by tomorrow (Friday, June 24, 2022) at 12pm CT.

We will hold off on filing our joint motion to compel until tomorrow afternoon (Friday, June 24, 2022). If, after reviewing my email, you would still like to meet to discuss your position on these documents, we're available tomorrow (Friday, June 24, 2022) before 1pm CT to discuss. If you would like to meet, please let me know what time would work for you.

After reviewing your email, our position remains that all of the documents I identified in my prior email should be disclosed, and that the privileges you assert over those documents do not apply, for the reasons already articulated across our multiple meetings and letters. Regarding the 23 documents you have identified, the Supplemental Privilege Log, along with further elaboration in your email, offers no more than conclusory and boilerplate statements that "legal advice" was given. In any event, these documents concern (a) facts, not legal advice, (b) advice on political, strategic, or policy issues, and/or (c) were not created in anticipation of litigation. Moreover, for any document that was shared outside of the Office of the Governor, any claim of attorney-client privilege or work product doctrine has been waived.

Regarding the relevance of the 23 documents you listed, given their subject matter, they pertain to the process and/or circumstances surrounding the enactment of the challenged redistricting legislation, and some documents contain communications that may reveal the intent of the legislators who enacted that legislation, especially given that at least some of the documents have been shared with legislative staff. Thus, the documents may be relevant to both the intent- and effects-based claims brought by Plaintiffs.

As I said, please let me know if you'd like to meet tomorrow, and let me know whether you oppose Plaintiffs' joint motion to exceed the page limit.

Thanks,
Kenneth


Kenneth Parreno
Staff Attorney
MALDEF | www.maldef.org
110 Broadway, Suite 300, San Antonio, Texas 78205
t 210.224.5476 / f 210.224.5382
kparreno@maldef.org

---

**From:** Jack DiSorbo [mailto:Jack.DiSorbo@oag.texas.gov]
**Sent:** Thursday, June 23, 2022 7:11 AM
**To:** Kenneth Parreno; Nina Perales
**Cc:** dfox@elias.law; pchaudhuri@lawyerscommittee.org; Patrick Sweeten; Will Thompson; Courtney Corbello
**Subject:** RE: LULAC v. Abbott, 3:21-cv-259: Final Meet and Confer Regarding Documents Withheld by Defendant Abbott

Kenneth and Nina,

Thank you for your email. I want to briefly address my hope that through additional discussion we can limit the scope of our disagreement. To be sure, for some documents, I think our positions are too far apart to reach agreement. But I don't think the same is true for others. In particular, consider the documents "related to draft proclamation of special session." These documents are quite literally drafts of a proclamation calling a third special session. They were prepared by attorneys and other OOG staff, as the privilege log indicates. In preparing these drafts, and by advising on their preparation, OOG attorneys gave legal advice as to the required content of these drafts, and their compliance with applicable law. These drafts were then sent in "confidential communications" to members of the OOG staff, including attorneys. These messages themselves also contained commentary and other legal advice regarding the drafts. All of this information is provided in the privilege log.

If I recall correctly, your previous objections regarding these entries were that you were unable to ascertain (i) whether attorneys were involved in the preparing of the documents and sending of the messages, and (ii) the subject and purpose of the documents and communications. We have endeavored to provide that additional information here. Do you have additional objections to these entries? I struggle to see how the attorney client and attorney work product privileges would not apply here. Moreover, I do not understand how these documents are at all related to the LULAC, NAACP, and Abuabara plaintiffs' claims. What is your relevance basis for seeking these documents? Consider whether it would be more expedient to present your motion without these entries (understanding of course that you may want to maintain your objections to those entries without moving to compel them). I think we would all prefer to avoid presenting unnecessary argument to the Court.

For reference, the documents and communications related to the draft proclamation are as follows: DOC_0356555, DOC_0356556, DOC_0356557, DOC_0356571, DOC_0356578, DOC_0356579, DOC_0356580, DOC_0356581, DOC_03565802, DOC_0356583, DOC_0356584, DOC_0356585, DOC_0356590, DOC_0356591, DOC_0356592, DOC_0356593, DOC_0356594, DOC_0356595, DOC_0356596, DOC_0356597, DOC_0356604, DOC_0356609, and DOC_0356610.

I would appreciate the opportunity to confer regarding these documents. Do you have time in the next few days? You may be aware that I'm in Representative Lujan's deposition today. As I stated, I honestly think we may be able to come to an understanding on these documents (which constitute the majority of the entries on the log).

Jack

---

Jack DiSorbo
Assistant Attorney General, Special Litigation Unit
Office of the Attorney General
Work: (512) 936-1067
Cell: (713) 628-7407
Jack.DiSorbo@oag.texas.gov

---

**From:** Kenneth Parreno <Kparreno@MALDEF.org>
**Sent:** Wednesday, June 22, 2022 3:41 PM
**To:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Will Thompson <Will.Thompson@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Courtney Corbello <Courtney.Corbello@oag.texas.gov>
**Cc:** dfox@elias.law; pchaudhuri@lawyerscommittee.org; Nina Perales <nperales@MALDEF.org>
**Subject:** LULAC v. Abbott, 3:21-cv-259: Final Meet and Confer Regarding Documents Withheld by Defendant Abbott

Counsel,

Thank you for providing a Supplemental Privilege Log for Defendant Abbott (see attached) in response to the document requests of LULAC Plaintiffs, Abuabara Plaintiffs, and Texas NAACP ("Plaintiffs"). I write to address two matters related to the Supplemental Privilege Log, and request a response to both matters by 5pm CT tomorrow, June 23, 2022.

First, it is our understanding that you are withholding the documents listed in the attached Supplemental Privilege Log based on your assertions of one or more of the following: legislative privilege, deliberative-process privilege, attorney-client privilege, and work product doctrine. In our meet and confers and correspondence, Plaintiffs have taken the position that these privileges do not apply, for the reasons explained in those meetings and correspondence. In light of the disagreement over whether Abbott may withhold documents based on the privileges he asserts, and our meetings and correspondence attempting to resolve the disagreement, Plaintiffs intend to file a joint motion to compel tomorrow at 5pm CT, seeking disclosure of all documents listed in the Supplemental Privilege Log except for the following: DOC_0356558, DOC_0356559, DOC_0356575, and DOC_0356576. As one last effort to resolve this matter without Court intervention, we are reaching out to determine which, if any, of the documents you would produce in light of our position on the asserted privileges. Please indicate your position on Plaintiffs' request for these documents by 5pm CT tomorrow (Thursday, June 23, 2022).

Second, pursuant to Local Rule 7(C), Plaintiffs intend to file a motion for leave to exceed the page limit for a discovery-related motion, seeking to file a motion to compel that shall not exceed 25 pages, exclusive of the caption, signature block, etc. Plaintiffs seek this page-limit extension to address fully each of the privileges Abbott asserts, and the extension is necessary given the consolidated nature of the motion. Please let us know whether you oppose Plaintiffs' motion for leave to exceed the page limit.

Kenneth Parreno
Staff Attorney
MALDEF | www.maldef.org
110 Broadway, Suite 300, San Antonio, Texas 78205
t 210.224.5476 / f 210.224.5382
kparreno@maldef.org

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.