UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY W. ABBOTT et al.,<br><br>Defendants. | Civil Action No. 3:21-cv-259<br>(DCG-JES-JVB)<br>(consolidated cases) |

**TEXAS STATE CONFERENCE OF THE NAACP'S FIRST REQEUST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Texas State Conference of the NAACP ("Texas NAACP") requests that Defendants State of Texas, Gregory Abbott, John Scott, Jose Esparza, Dade Phelan, and Dan Patrick identify and produce the documents and items requested below for inspection and copying and deliver copies to counsel for the Texas NAACP by April 4, 2022. This request is continuing in nature, as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

**INSTRUCTIONS AND DEFINITIONS**

1. "Defendants" mean the State of Texas, Gregory Abbott, in his capacity as the Texas Governor, John Scott, in his capacity as the Texas Secretary of State, Jose Esparza, in his capacity as the Deputy Texas Secretary of State, Dade Phelan, in his capacity as the Speaker of the Texas House, Dan Patrick, in his capacity as Lieutenant Governor, along with any of their predecessors in office; past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, or agents; and any other persons or entities acting or purporting to act on their behalf or subject to their control.

1

2. "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence, and it includes but is not limited to any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages, social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

3. "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

4. "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area.

5. "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

6. "Redistricting Plans" means collectively the redistricting plans for the Texas Senate (S2168), the Texas House (H2316), and the U.S. Congress (C2193).

7. These document requests are served jointly on all Defendants for convenience only but constitute separate requests for each to the extent there are response documents in possession, custody, or control of one Defendant but not the others. To the extent any documents are produced by one Defendant but not the others, please ensure this is indicated.

8. In responding to these requests, please produce all responsive documents in the Defendants' possession, custody, or control. This means that Defendants must produce all responsive documents within their actual possession, custody, or control, as well as such documents which Defendants have the legal right to obtain on demand or the practical ability to obtain from a non-party to this action, including but not limited to any and all documents that they and their counsel and other agents have actually reviewed.

9. All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

10. All references in these requests to any entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

11. In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response. Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope. Words used in the singular include the plural.

12. Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

13. Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; documents attached to each other should not be separated; all emails or documents maintained in electronic form should be produced with all associated metadata and the appropriate load file(s); documents stored as excel files or as a database should be produced in their native format; each page should be given a discrete production number; and color copies of documents should be produced where color is necessary to interpret or understand the contents.

14. For the avoidance of doubt, these requests are not intended to require the production of personally identifiable information.

15. Documents should be produced in a form consistent with any agreement concerning production format entered in this action.

16. Each document produced should be categorized by the number of the document request in response to which it is produced.

17. No portion of a request may be left unanswered because an objection is raised to another part of that request. If Defendants object to any portion of a document request, they must state with specificity the grounds of any objections. Any ground not stated will be waived.

18. For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, including a

description of the basis of the claimed privilege and all information necessary for Texas NAACP to assess the privilege claim.

19. If Defendants contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such documents as are available without undertaking what Defendants contend to be an unreasonable request; (b) describe with particularity the efforts made by Defendants or on their behalf to produce such documents; and (c) state with particularity the grounds upon which Defendants contend that additional efforts to produce such documents would be unreasonable.

20. If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

21. In the event that a responsive document has been destroyed or has passed out of Defendants' possession, custody, or control, please identify the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

22. These requests are continuing in nature. Defendants' response must be supplemented and any additional responsive material disclosed if responsive material becomes available after Defendants serve their response. Defendants must also amend their responses to these requests if they learn that an answer is in some material respect incomplete or incorrect. If Defendants expect to obtain further information or expect the accuracy of a response given to

change between the time responses are served and the time of trial, they are requested to state this fact in each response.

23. Texas NAACP expressly reserves the right to supplement these requests to the extent permitted by the applicable rules and under applicable law.

24. Unless otherwise specified, all other document requests concern the period of time from January 1, 2019, to the present.

## **REQUESTS FOR PRODUCTION**

1. All Documents created or received by any Defendant Relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives, the Texas House, or the Texas Senate at any stage of the redistricting process, including but not limited to the Redistricting Plans. This request specifically includes but is not limited to:

    a.    the origination or source of any redistricting proposal;

    b.    the impetus, rationale, background, or motivation for the Redistricting Plans;

    c.    all drafts in the development or revision of any of the Redistricting Plans, including but not limited to shapefiles, files, or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship, changing census geography, or any other measure used to evaluate the Redistricting Plans;

      d.      all Documents Relating to the pairing of any incumbents in any such Redistricting proposal;

      e.      all Documents Relating to any Redistricting amendment, whether partial or total, to each such proposal;

      f.      all Documents Relating to negotiations regarding any Redistricting proposal;

      g.      any concept maps or other pre-drafting Documents provided to, shown to, or discussed with Defendants;

      h.      any academic or expert materials, including but not limited to essays, histories, analyses of past Redistricting proposals in Texas or elsewhere, articles, or litigation documents viewed or consulted;

      i.      all calculations, reports, audits, estimates, projections, or other analysis, from any source, Relating to any effect or impact of the Redistricting proposals of any kind – including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, and (3) voter turnout (including Spanish Surname Voter Turnout) – that could result from the implementation of any such redistricting proposal;

      j.      all calculations, reports, audits, estimates, projections, or other analysis, from any source, Relating to the total population or eligible voter population of Texas and the number of majority party seats that might be provided for in any Redistricting proposal; and

7

  k. all correspondence to or from any Defendant, via e-mail, text, or any other means of communicating in which any redistricting proposal was discussed.

2. All Documents Relating to the redistricting process for the Texas delegation to the U.S. House of Representatives, the Texas House, or the Texas Senate, such as Documents dealing with planning, timing, hearings, staffing, training, outreach, public participation, deadlines, limitations, and persons or entities. This request specifically includes but is not limited to:

  a. all correspondence within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, and the Office of the Attorney General Relating to the Redistricting Plans;

  b. all correspondence between or among Defendants Relating to the Redistricting Plans;

  c. all correspondence with third parties, such as the Texas Public Policy Foundation, True the Vote, the Texas Demographic Center, or any other third-party organization, consultant, expert, law firm, vendor, or other political party, community group, or organization;

  d. all correspondence with constituents, including public commentary, imagery, or social media posts (whether still maintained on any Defendants' social media account or since deleted and including any comments made by Defendants on their own posts or other social media users' posts);

  e. a list of all individuals requesting to, invited to, permitted to, or considered to testify in the Texas Senate and the Texas House Relating to the Redistricting process or the Redistricting Plans;

f. all transcripts of all testimony given in the Texas House and Texas Senate Relating to the Redistricting Plans, including all written testimony and comments received by mail, email, legislative portal, or by other means;

g. all notices published or transmitted to individuals or the public about Redistricting Plan hearings and the scheduling of such hearings;

h. all Documents Relating to the process by which proposed amendments were reviewed by Republican Legislators or officials before they could be considered by the entire Texas Senate or Texas House;

i. all Documents Relating to the disregarding of the "delegation rule" that permitted delegations to agree on the maps that impact them;

j. all Documents Relating to the involvement with or comments on the Redistricting Plans by the Republican Party or any division, sub-division, or local branch of the Republican Party, including the Republican Party of Texas, the Harris County Republican Party, the Dallas County Republican Party, the Tarrant County Republican Party, and the Travis County Republican Party;

k. all Documents Relating to the placement, or lack thereof, of African-American, Latinx, Asian, or other minority Senators and African-American, Latinx, Asian, or other minority Representatives within the Texas Senate and Texas House committees on election and redistricting matters;

l. all Documents Relating to the use of Voting Age Population, Citizen Voting Age Population, and/or Total Population with regard to the Redistricting Plans or the drawing of any district;

  m. all Documents Relating to whether the Redistricting Plans comply with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses;

  n. all Documents Relating to or providing guidance on what is required in order to ensure compliance with the Voting Rights Act or the United States Constitution;

  o. all Documents Relating to legislative seats or congressional seats considered protected under Section 2 of the Voting Rights Act;

  p. all Documents Relating to the group or groups considered protected under Section 2 of the Voting Rights Act;

  q. all Documents Relating to whether coalition districts are recognized under Section 2 of the Voting Rights Act;

  r. all Documents Relating to any discussion of any coalition, disagreement, or division between African American and Latino voters; and

  s. all Documents referencing a distinction, or lack of distinction, between minority voters and Democratic voters.

3. All Documents Relating to any legislation discussed, considered, or passed where such legislation related to:

  a. race, racism, critical race theory, the history of slavery, or the treatment and discussion of racial minorities, including as relates to those who identify as white, Anglo, Caucasian, or European-American;

  b. the process or standards by which bail amounts are determined for individuals accused of crimes, the process and standards by which these

individuals are released on bail, and the standards for who is allowed to post bail; and

c.     rules, regulations, penalties, and other guidance relating to elections.

4.     For January 1, 2010 until the present, all committee rules, legislative counsel rules, procedural memos, and guidelines for the Texas House and Texas Senate committees on elections, state affairs, and redistricting or any conference committee appointed to address bills being passed through any of these committees.

5.     For January 1, 2017 until the present, the legislative agenda and legislative priorities for each Defendant.

6.     All Documents Relating to Redistricting for the Texas delegation to the U.S. House of Representatives, the Texas House, or the Texas Senate exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any Legislator, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House or Texas Senate, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House or Texas Senate, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

  7. All other Documents Relating to Redistricting for the Texas delegation to the U.S. House of Representatives, the Texas House, or the Texas Senate from July 1, 2021 to the present, including but not limited to Redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

  8. All Documents Relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any Legislator, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House or Texas Senate, any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House or Texas Senate, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

  9. All Documents Relating to payment for services, agreements of representation, or contracts with any consultant, any political operative, any expert, any law firm, any attorney, any vendor, or any other person or entity related to the Restricting Plans. This request specifically includes but is not limited to:

        a.        All Documents Relating to the availability of any attorney to provide assistance to Defendants on Redistricting matters before the legislature; and

        b.        All Documents Relating to plans for any person or entity to be present in or near the legislature during or near the time of any committee hearing on Redistricting or during or near the time of Floor debate on redistricting.

10. All Documents that Defendants may use to support any contention that the Redistricting Plans were not enacted with a discriminatory purpose, to the extent that Defendants take that position.

11. For any time period, all Documents that Defendants may use to support the contention that the Redistricting Plans configurations do not have discriminatory results, as defined by 52 U.S.C. § 10301, to the extent that Defendants take that position.

12. For any time period, all Documents produced to other parties in the above captioned dispute.

13. For any time period, all Documents responsive to, identified in, or relied upon in responding to any interrogatory served upon Defendants by Texas NAACP Relating to this action.

14. For any time period, all Documents responsive to, identified in, or relied upon in responding to any request for admission served upon Defendants by Texas NAACP Relating to this action.

Dated: March 3, 2022

                      Respectfully submitted,

*/s/ Lindsey B. Cohan*
Lindsey B. Cohan
Texas Bar No. 24083903
DECHERT LLP
515 Congress Avenue, Suite 1400
Austin, TX 78701
(512) 394-3000
*lindsey.cohan@dechert.com*

Jon Greenbaum*
Ezra D. Rosenberg*
Pooja Chaudhuri*
Sofia Fernandez Gold*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
*jgreenbaum@lawyerscommittee.org*
*erosenberg@lawyerscommittee.org*
*pchaudhuri@lawyerscommittee.org*
*sfgold@lawyerscommittee.org*

Neil Steiner*
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
*neil.steiner@dechert.com*

Robert Notzon
Texas Bar No. 00797934
THE LAW OFFICES OF ROBERT NOTZON
1502 West Avenue
Austin, TX 78701
(512) 474-7563
*robert@notzonlaw.com*

Janette M. Louard
Anthony P. Ashton
Anna Kathryn Barnes

14

NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-5777
*jlouard@naacpnet.org*
*aashton@naacpnet.org*
*abarnes@naacpnet.org*
*Attorneys appearing of counsel*

*\*Admitted pro hac vice*

## **CERTIFICATE OF SERVICE**

I certify that on March 3, 2022, the foregoing First Requests for Production were sent by email to all counsel of record.

>/s/ *Lindsey B. Cohan*
>LINDSEY COHAN
>
>*Counsel for Plaintiff Texas NAACP*