IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GREGORY W. ABBOTT, et al.,<br><br>　　　　Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB)<br>(consolidated cases) |

## *VOTO LATINO* PLAINTIFFS'
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs in *Voto Latino v. Scott*, No. 1:21-cv-00965 (the "*Voto Latino*" Plaintiffs) request that Defendants the State of Texas and John Scott identify and produce the documents and items requested below for inspection and copying and deliver copies to counsel for the *Voto Latino* Plaintiffs by April 18, 2022. This request is continuing in nature, as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

### DEFINITIONS

1.  Pursuant to Local Rule CV-26(b), the following definitions apply to all discovery requests:

    a.  Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

    b.  Document. The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

1

c. Identify (With Respect to Persons). When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

d. Identify (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

e. Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

f. Person. The term "person" means any natural person or business, legal or governmental entity or association.

g. Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

2. In addition, as authorized by Local Rule CV-26(b). the following definitions specific to this particular litigation apply to these discovery requests:

a. "Challenged Congressional Districts" means any and all of the following Texas Congressional Districts: 2, 5-6, 8, 12, 16, 20-21, 23-27, 29, 30, 32, 34-36, and 38.

b. "Defendants" mean the Gregory Abbott, in his capacity as Governor of Texas, and John Scott, in his capacity as the Texas Secretary of State, along with any of their

predecessors in office; past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, or agents; and any other persons or entities acting or purporting to act on their behalf or subject to their control.

    c.    "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

    d.    "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, a single legislative district, or districts within a geographic area. Unless otherwise specified, the term does not include consideration of the alignment of district boundaries for the Texas House, the Texas Senate, or the Texas State Board of Education.

    e.    "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

    f.    "Senate Bill 6" means the legislation setting forth the district boundaries for the Texas delegation to the U.S. House of Representatives that Governor Greg Abbott signed into law on October 25, 2021. *See* S.B. 6, 87th Leg., 3d Spec. Sess. (Tex. 2021).

g. "United States' First Request for the Production of Documents" means the request for the production of documents served on Defendants by the United States on January 12, 2022.

**INSTRUCTIONS**

1. In responding to these requests, please produce all responsive documents in the Defendants' possession, custody, or control. This means that Defendants must produce all responsive documents within their actual possession, custody, or control, as well as such documents which Defendants have the legal right to obtain on demand or the practical ability to obtain from a non-party to this action, including but not limited to any and all documents that they and their counsel and other agents have actually reviewed.

2. All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

3. All references in these requests to any entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

4. In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response. Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope. Words used in the singular include the plural. Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

5. Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

6. Documents should be produced in a form consistent with the Court's Stipulated Order Regarding Discovery of Electronically Stored Information, ECF No. 203.

7. Each document produced should be categorized by the number of the document request in response to which it is produced, unless the documents are produced as they are kept in the usual course of business.

8. No portion of a request should be left unanswered because an objection is raised to another part of that request. If Defendants object to any portion of a document request, please state with specificity the grounds of any objections. Plaintiffs will treat any ground not stated as waived.

9. For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the privilege claim.

10. If Defendants contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such documents as are available without undertaking what Defendants contend to be an unreasonable request; (b) describe with particularity the efforts made by Defendants or on their behalf to produce such documents; and (c) state with particularity the grounds upon which Defendants contend that additional efforts to produce such documents would be unreasonable.

11.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

12.     In the event that a responsive document has been destroyed or has passed out of Defendants' possession, custody, or control, please identify the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

13.     These requests are continuing in nature. Defendants' response must be supplemented and any additional responsive material disclosed if responsive material becomes available after Defendants serve their response. Defendants must also amend their responses to these requests if they learn that an answer is in some material respect incomplete or incorrect. If Defendants expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, they are requested to state this fact in each response.

14.     Unless otherwise specified, all other document requests concern the period of time from January 1, 2019, to the present.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**[1] All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives, including but not limited to Senate Bill 6, and any other Congressional redistricting proposals drawn, discussed, or considered. This request includes, but is not limited to:

---

[1] This request is identical to Request No. 1 in the United States' Requests for the Production of Documents, except that it is limited to redistricting relating to the U.S. House of Representatives.

      a.      the origination(s) or source(s) of any such redistricting proposal;

      b.      the impetus, rationale, background, or motivation for any such redistricting proposal;

      c.      all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship, or changing census geography;

      d.      the pairing of any incumbents in any such redistricting proposal;

      e.      any redistricting amendment, whether partial or total, to each such proposal;

      f.      negotiations regarding any redistricting proposal; and

      g.      all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

**REQUEST NO. 2**:[2] All documents relating to the redistricting process for the Texas delegation to the U.S. House of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public participation, deadlines, limitations, and persons or entities involved.

---

[2] This request is identical to Request No. 2 in the United States' Requests for the Production of Documents, except that it is limited to redistricting relating to the U.S. House of Representatives.

**REQUEST NO. 3**:[3] All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

**REQUEST NO. 4**:[4] All documents relating to whether Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

**REQUEST NO. 5**:[5] All documents relating to redistricting for the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

---

[3] This request is identical to Request No. 3 in the United States' Requests for the Production of Documents.
[4] This request is identical to Request No. 4 in the United States' Requests for the Production of Documents, except that it is limited to redistricting relating to the U.S. House of Representatives.
[5] This request is identical to Request No. 5 in the United States' Requests for the Production of Documents, except that it is limited to redistricting relating to the U.S. House of Representatives.

**REQUEST NO. 6**:[6] All other documents relating to redistricting for the Texas delegation to the U.S. House of Representatives from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

**REQUEST NO. 7**:[7] All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

**REQUEST NO. 8**:[8] All documents relating to payment for services, agreements of representation, or contracts with any consultant, any political operative, any expert, any law firm,

---

[6] This request is identical to Request No. 6 in the United States' Requests for the Production of Documents, except that it is limited to redistricting relating to the U.S. House of Representatives.
[7] This request is identical to Request No. 7 in the United States' Requests for the Production of Documents, except that it is limited to redistricting relating to the U.S. House of Representatives.
[8] This request is identical to Request No. 8 in the United States' Requests for the Production of Documents, except that it is limited to redistricting relating to the U.S. House of Representatives.

9

any attorney, any vendor, or any other person or entity relating to redistricting for the Texas delegation to the U.S. House of Representatives.

**REQUEST NO. 9**: All non-privileged documents relating to the instant lawsuit, including all consolidated lawsuits, or any investigation of Texas by the U.S. Department of Justice relating to redistricting from 2020 to the present, including but not limited to all documents produced to the U.S. Department of Justice as part of any such investigation.

**REQUEST NO. 10**: All documents that Defendants may use to support the contention that the Challenged Congressional Districts were not enacted with a discriminatory purpose, to the extent that Defendants take that position.

**REQUEST NO. 11**: All documents that Defendants may use to support the contention that the Challenged Congressional Districts do not have discriminatory results, as defined by Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, to the extent that Defendants take that position.

**REQUEST NO. 12**: All documents relating to comments or communications from the public relating to redistricting for the Texas delegation to the U.S. House of Representatives

**REQUEST NO. 13**: All documents responsive to, identified in, or relied upon in responding to any interrogatory served upon Defendants by any plaintiff in these actions.

**REQUEST NO. 14**: All documents responsive to, identified in, or relied upon in responding to any request for admission served upon Defendants by any plaintiff in these actions.

**REQUEST NO. 15**: All documents relating to the history of official voting-related discrimination in Texas from 1990 to the present.

**REQUEST NO. 16**: All documents relating to the use of racial appeals in political campaigns in Texas from 1990 to the present.

**REQUEST NO. 17**: All documents relating to submissions to the United States Department of Justice seeking preclearance of election practices or procedures, and all correspondence from the Department of Justice relating to requests for preclearance, from January 1, 2000 to present.

**REQUEST NO. 18**: All documents relating to complaints or reports made by any person, organization, or official relating to discrimination or alleged discrimination based on race, ethnicity, or national origin in the administration or implementation of any laws, practices, or procedures relating to voting in Texas, from January 1, 2010 to the present, including but not limited to any actions taken by you in response to the complaints or reports and the final resolution of the complaints or reports.

**REQUEST NO. 19**: All documents produced by Defendants to any party in response to any request for the production of documents in these actions.

**REQUEST NO. 20**: All documents produced to Defendants by any third-party in response to a subpoena in these actions.

| | |
|---|---|
| Dated: March 17, 2022 | Respectfully submitted,<br><br>*/s/ David R. Fox*<br>Renea Hicks<br>Attorney at Law<br>Texas Bar No. 09580400<br>**Law Office of Max Renea Hicks**<br>P.O. Box 303187<br>Austin, Texas 78703-0504<br>(512) 480-8231<br>rhicks@renea-hicks.com<br><br>Abha Khanna*<br>**ELIAS LAW GROUP LLP**<br>1700 Seventh Ave, Suite 2100<br>Seattle, WA 98101<br>Telephone: (206) 656-0177<br>akhanna@elias.law<br><br>David R. Fox*<br>Kathryn E. Yukevich*<br>**ELIAS LAW GROUP LLP**<br>10 G Street NE, Suite 600<br>Washington, D.C. 20002<br>Telephone: (202) 968-4490<br>dfox@elias.law<br>kyukevich@elias.law<br><br>Kevin J. Hamilton*<br>**PERKINS COIE**<br>1201 Third Avenue<br>Suite 4900<br>Seattle, WA 98101-3099<br>Telephone: (206) 359-8000<br>khamilton@perkinscoie.com<br><br>*Counsel for* Voto Latino *Plaintiffs*<br><br><br>*Admitted *pro hac vice* |

12

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2022, I served a true and correct copy of the foregoing via electronic mail on all counsel of record.

*/s/ David R. Fox*
