# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Case No. 3:21-cv-00259 [Lead Case] |
| GREG ABBOTT, *et al.*, | § § § | |
| *Defendants.* | § § § | |

---

## DEFENDANTS' OBJECTIONS AND RESPONSES TO NAACP'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:     Plaintiff Texas State Conference of the NAACP ("Texas NAACP"), by and through its attorney of record, Lindsey B. Cohan, Dechert LLP, 515 Congress Avenue, Suite 1400, Austin, TX 78701.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants, Greg Abbott, in his official capacity as Governor of Texas, John Scott, in his official capacity as Secretary of State, Jose Esparza, in his official capacity as Deputy Secretary of State, Dade Phelan, in his official capacity as Speaker of the Texas House of Representatives, and Dan Patrick, in his official capacity as Lieutenant Governor of Texas, provide these Objections and Responses to the Texas NAACP's First Request for Production of Documents.

Date: April 4, 2022                     Respectfully submitted.

KEN PAXTON                           */s/ Patrick K. Sweeten*
Attorney General of Texas            PATRICK K. SWEETEN
                                     Deputy Attorney General for Special Litigation
BRENT WEBSTER                        Tex. State Bar No. 00798537
First Assistant Attorney General
                                     WILLIAM T. THOMPSON
                                     Deputy Chief, Special Litigation Unit
                                     Tex. State Bar No. 24088531

Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**Counsel for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2022, the attached Objections and Responses to the Texas NAACP's Subpoena for Documents and Records was served on opposing counsel via electronic mail to the foregoing:

Gary Bledsoe (garybledsoe@sbcglobal.net)
Ezra Rosenberg (erosenberg@lawyerscommittee.org)
Lindsey Cohan (lindsey.cohan@dechert.com)

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation

## OBJECTIONS RELEVANT TO EACH REQUEST

Defendants assert that each of the following objections applies specifically to each request. In the interest of brevity, these objections are offered here to avoid unnecessary repetition of objections to definitions, scope, and similar issues that afflict each request. These objections are as follows:

Texas NAACP filed an amended complaint, dismissing the Lieutenant Governor and Speaker of the House as defendants. Thus, they are not parties to this dispute, and these requests are not properly directed at them.

There is currently a protective order in place between the parties. To the extent that documents may be identified that are discoverable but are not contemplated by the current protective order, any such documents that are identified will be withheld and described in the responses, with the clarification that such production will first require entry of a protective order before the documents may be disclosed.

The Federal Rules allow only for discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The twin demands for relevancy and proportionality "are related but distinct requirements." *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). Thus, if the information sought is irrelevant to the party's claims or defenses, "it is not necessary to determine whether it would be proportional if it *were* relevant." *Walker v. Pioneer Prod. Servs., Inc.*, No. CV 15-0645, 2016 WL 1244510, at *3 (E.D. La. Mar. 30, 2016). Conversely, "relevance alone does not translate into automatic discoverability" because "[a]n assessment of proportionality is essential." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019). Accordingly, Defendants object to these requests to the extent that the information sought is either irrelevant or disproportionate.

Given Defendants' role as the Governor of Texas and Secretary of State of Texas, and the scope of the requests, much of the requested production is subject to the deliberative process privilege. This privilege covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of the Interior v. Klamath Water Users Prot. Ass'n*, 532 U.S. 1, 8 (2001) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)). It "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions.'" *Id.* at 8–9 (quoting *Sears, Roebuck & Co.*, 421 U.S. at 151). Under this privilege, deliberative and predicational oral and written communications, as well as related facts, are protected from disclosure. *See, e.g., Swanston v. City of Plano*, No. 4:19-cv-412, 2020 WL 4732214, at *2 (E.D. Tex. Aug. 14, 2020) (citing *Skelton v. U.S. Postal Serv.*, 678 F.2d 35, 38 (5th Cir. 1982)).

In addition, given that the requested production directly relates to legislative activities, much of the requested production is subject to legislative privilege. That privilege traces its roots to before the founding of the Republic, as it has "taproots in the Parliamentary struggles of the Sixteenth and Seventeenth Centuries." *Tenney v. Brandhove*, 341 U.S. 372 (1951). The privilege protects not only legislators, but their staff and aides as well. *See Gravel v. United States*, 408 U.S. 606, 615–16 (1972). And requesting communications between the office of the Governor, the office of the Lieutenant Governor, the office of the Secretary of State, and other similar parties, their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has

repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)). Here, Plaintiff's attempt to compel disclosure of a legislator's "thought processes or the communications [he] had with other legislators" through Defendant's official-capacity role falls within the well-established contours of legislative privilege. *Perez v. Perry*, No. 5:11-cv-360, 2014 WL 3495414 (W.D. Tex. July 11, 2014).

The inadvertent production or disclosure of any privileged documents or information shall not constitute or be deemed to be a waiver of any applicable privilege with respect to such document or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. Defendants reserve the right not to produce documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. Defendants likewise do not waive the right to object, on any and all grounds, to (1) the evidentiary use of documents produced in response to these requests; and (2) discovery requests relating to those documents.

A portion of the requested production is also irrelevant to Plaintiff's claims and is thus identified individually below. But a much larger portion of the request is not proportional to the needs of the case. The proportionality language was inserted into Rule 26(b) in 2015 "to emphasize the need for proportionality," *Prasad v. George Washington Univ.*, 323 F.R.D. 88, 91 (D.D.C. 2017), and "highlight[] its significance," *Mannina v. D.C.*, 334 F.R.D. 336, 339 n.4 (D.D.C. 2020); *see also* Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary at 6, Supreme Court of the United States,[1] ("Rule 26(b)(1) crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality[.]"). As the Advisory Committee explained, this addition of overt "proportional" language was meant to better reflect the intent of the 1983 amendments, which were designed "to deal with the problem of over-discovery." Fed. R. Civ. P. 26(b) advisory committee's note (2015) (quoting the 1983 advisory notes). However, this "clear focus of the 1983 provisions may have been softened, although inadvertently, by the amendments made in 1993." *Id.* Thus, the 2015 amendment sought to "restore[] the proportionality factors to their original place in defining the scope of discovery" and reinforce the parties' obligation "to consider these factors in making discovery requests, responses, or objections." *Id.* As fully restored, the proportionality requirement "relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 672 (2019). Accordingly, Defendants object to Plaintiff's requests to the extent that they fall short of this more stringent proportionality standard.

These responses and objections are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information or documents requested. All answers are given without prejudice to Defendants' rights to object to the discovery of any documents, facts, or information discovered after the date hereof. Likewise, these responses and objections are not intended to be, and shall not be construed as, agreement with Plaintiff's characterization of any facts, circumstances, or legal obligations. Defendants reserve the right to contest any such characterization as inaccurate and object to the Requests insofar as they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

---

[1] https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf

Defendants will provide responses based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. Defendants object to and will refrain from extending or modifying any words employed in the Requests to comport with any expanded definitions or instructions. Defendants will answer the Requests to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Western District of Texas.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Defendants object to the definition of "Defendants" which includes *every* past or present employee, staff, interns, representative, designee, attorney, advisor, consultant, contractor, or agent of the State of Texas. Such a definition is unduly burdensome and significantly overbroad as it is not limited in any way, much less to those persons who were involved in the redistricting process during the 87th Legislative Session. Defendants further object to this definition's inclusion of "attorneys" to the extent it calls for documents from that source that are subject to attorney-client and/or work product privilege. Defendants also object to this definition's inclusion of any "persons…purporting to act" on behalf of Defendants. A person "purporting" to be an agent of the State of Texas does not make them an agent of the State of Texas by any rational reasoning. As such, this inclusion is nonsensical and will not be considered during Defendants' search of responsive discovery.

Defendants object to the definition of "document" to the extent that it calls for documents protected from disclosure by legislative privilege, attorney-client privilege, attorney work-product privilege, deliberative process privilege, or any other applicable privilege.

Defendants object to the definitions of "Legislator," "Member of the U.S. House of Representatives," "individual person," "entity," and "organization," *see* ¶¶ 2–3, 9–10 because they are overbroad and inaccurate. They improperly group all persons and entities having any relation to a particular person or entity, when in fact the particular person or entity is independent of those related persons or entities. Defendants object to the implied application to any related persons or entities without specific enumeration.

Defendants object to Plaintiff's demand in ¶16 (p.4) that "Each document produced should be categorized by the number of the document request in response to which it is produced." Federal Rule of Civil Procedure 34(b)(2)(E)(i) clearly permits a party to "produce documents as they are kept in the usual course of business *or*…organize and label them to correspond to the categories in the request." Defendants do not agree to waive this option, nor any other option they are permitted to use in responding to these requests under Federal Rule of Civil Procedure 34 or any other Federal or local rule.

Defendants object to Plaintiff's demand in ¶19 (p.4-5) that Defendants produce an "unduly burdensome" log wherever such objection is raised in response to a request. Neither the local rules nor Federal Rules require such a log and Defendants will not agree to supply such a log.

Defendant objects to Plaintiff's instruction in ¶ 24 that "unless otherwise specified, all document requests concern the period of time from January 1, 2019 to the present." Requiring documents between January 1, 2019 and December 31, 2021 is overbroad, irrelevant and unlikely to lead to the discovery of admissible evidence. The special Legislative session in which the maps Plaintiff challenges were drawn occurred in September and October of 2021. There is no basis for demanded documents

created a year or more from that time period. Moreover, because the 3rd Special Session ended in October 2021, Plaintiff's requests for documents beyond October 2021 are similarly overbroad, irrelevant, and unlikely to lead to the discovery of admissible evidence. Plaintiff's claims require only evidence as to how and why the redistricting maps were drawn at the time of their drawing. In the interest of compromise, but without waiving these objections, Defendant will limit its search of documents to the time period of January 1, 2021 to October 25, 2021. Any documents created after the Governor signed the bill are necessarily irrelevant.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

1.      All Documents created or received by any Defendant Relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives, the Texas House, or the Texas Senate at any stage of the redistricting process, including but not limited to the Redistricting Plans. This request specifically includes but is not limited to:

     a.      the origination or source of any redistricting proposal;

     b.      the impetus, rationale, background, or motivation for the Redistricting Plans;

     c.      all drafts in the development or revision of any of the Redistricting Plans, including but not limited to shapefiles, files, or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship, changing census geography, or any other measure used to evaluate the Redistricting Plans;

     d.      all Documents Relating to the pairing of any incumbents in any such Redistricting proposal;

     e.      all Documents Relating to any Redistricting amendment, whether partial or total, to each such proposal;

     f.      all Documents Relating to negotiations regarding any Redistricting proposal;

g.  any concept maps or other pre-drafting Documents provided to, shown to, or discussed with Defendants;

h.  any academic or expert materials, including but not limited to essays, histories, analyses of past Redistricting proposals in Texas or elsewhere, articles, or litigation documents viewed or consulted;

i.  all calculations, reports, audits, estimates, projections, or other analysis, from any source, Relating to any effect or impact of the Redistricting proposals of any kind – including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, and (3) voter turnout (including Spanish Surname Voter Turnout) – that could result from the implementation of any such redistricting proposal;

j.  all calculations, reports, audits, estimates, projections, or other analysis, from any source, Relating to the total population or eligible voter population of Texas and the number of majority party seats that might be provided for in any Redistricting proposal; and

k.  all correspondence to or from any Defendant, via e-mail, text, or any other means of communicating in which any redistricting proposal was discussed.

**OBJECTIONS**:

For brevity, Defendants incorporate by reference the general objections stated above.

Defendant objects to this request because it seeks documents that are subject to legislative privilege, attorney–client privilege, attorney work-product privilege, deliberative-process privilege, or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501. In particular, requesting analyses "from any source" is likely to encompass documents that are protected by legislative privilege. So too will documents related to "negotiations regarding any redistricting proposal." Requesting the origination(s)" and "the impetus, rationale, background or motivation" of certain legislative proposals would impermissibly expose thought processes and mental impressions, which are also subject to legislative privilege. Requesting analyses that were "considered" by Legislators, "drafts in the development or revision of" redistricting proposals, "negotiations," and "calculations, reports, audits, estimates, projections, or other analyses" would be subject to legislative privilege for the same reason.

Defendant further objects to this request because it asks them to gather publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendant directs Plaintiffs to the Texas Legislative Council's Capitol Data Portal,[2] where such information may be found. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involves, such information may be found at the Texas Senate[3] and Texas House of Representatives[4] websites, as well as on the Texas Legislature Online ("TLO") website.[5] Insofar as the request seeks such information specifically considered by Defendant, the request calls for information subject to the legislative privilege.

Defendant objects to this request requiring documents "developed, seen, discussed or considered by *any person*," which is overbroad and vague. The responding party is the Secretary of State, therefore, any documents searched for, and produced, will be limited to those "developed, seen, discussed or considered by" Defendant John Scott, in his official capacity as the Secretary of State.

Defendant further objects to the phrase "but not limited to" as vague and overbroad. Defendant cannot precisely discern what other documents this phrase encompasses and, therefore, will use reasonable understanding of this request to search for any documents outside of those categories Plaintiff specifically delineates.

Lastly, insofar as the request seeks legal analysis concerning the "effect or impact" of redistricting proposals on "minority voters," "existing or emerging minority opportunity districts," or "voter turnout," it seeks information that may be subject to the attorney–client privilege or constitute attorney work product.

**RESPONSE**:

Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

2.     All Documents Relating to the redistricting process for the Texas delegation to the U.S.

House of Representatives, the Texas House, or the Texas Senate, such as Documents dealing with

planning, timing, hearings, staffing, training, outreach, public participation, deadlines, limitations,

---

[2] https://data.capitol.texas.gov/organization/tlc.
[3] https://senate.texas.gov/index.php.
[4] https://house.texas.gov/.
[5] https://capitol.texas.gov/Home.aspx.

and persons or entities. This request specifically includes but is not limited to:

a. all correspondence within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, and the Office of the Attorney General Relating to the Redistricting Plans;

b. all correspondence between or among Defendants Relating to the Redistricting Plans;

c. all correspondence with third parties, such as the Texas Public Policy Foundation, True the Vote, the Texas Demographic Center, or any other third-party organization, consultant, expert, law firm, vendor, or other political party, community group, or organization;

d. all correspondence with constituents, including public commentary, imagery, or social media posts (whether still maintained on any Defendants' social media account or since deleted and including any comments made by Defendants on their own posts or other social media users' posts);

e. a list of all individuals requesting to, invited to, permitted to, or considered to testify in the Texas Senate and the Texas House Relating to the Redistricting process or the Redistricting Plans;

f. all transcripts of all testimony given in the Texas House and Texas Senate Relating to the Redistricting Plans, including all written testimony and comments received by mail, email, legislative portal, or by other means;

g. all notices published or transmitted to individuals or the public about Redistricting Plan hearings and the scheduling of such hearings;

h. all Documents Relating to the process by which proposed amendments were reviewed by Republican Legislators or officials before they could be considered by the entire Texas Senate or Texas House;

i.      all Documents Relating to the disregarding of the "delegation rule" that permitted delegations to agree on the maps that impact them;

j.      all Documents Relating to the involvement with or comments on the Redistricting Plans by the Republican Party or any division, sub-division, or local branch of the Republican Party, including the Republican Party of Texas, the Harris County Republican Party, the Dallas County Republican Party, the Tarrant County Republican Party, and the Travis County Republican Party;

k.      all Documents Relating to the placement, or lack thereof, of African-American, Latinx, Asian, or other minority Senators and African-American, Latinx, Asian, or other minority Representatives within the Texas Senate and Texas House committees on election and redistricting matters;

l.      all Documents Relating to the use of Voting Age Population, Citizen Voting Age Population, and/or Total Population with regard to the Redistricting Plans or the drawing of any district;

m.      all Documents Relating to whether the Redistricting Plans comply with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses;

n.      all Documents Relating to or providing guidance on what is required in order to ensure compliance with the Voting Rights Act or the United States Constitution;

o.      all Documents Relating to legislative seats or congressional seats considered protected under Section 2 of the Voting Rights Act;

p.      all Documents Relating to the group or groups considered protected under Section 2 of the Voting Rights Act;

q.     all Documents Relating to whether coalition districts are recognized   under Section 2 of the Voting Rights Act;

r.     all Documents Relating to any discussion of any coalition, disagreement, or division between African American and Latino voters; and

s.     all Documents referencing a distinction, or lack of distinction, between minority voters and Democratic voters.

**OBJECTIONS**:

For brevity, Defendants incorporate by reference the general objections stated above.

Defendants object to this request because it calls for documents that are subject to the legislative privilege. The request seeks documents relating to the "planning" and "timing" of the redistricting process. These go to mental impressions and legislative strategy, which are at the core of the legislative privilege. Requesting all documents and amendments that were "considered by" the individual Legislators and "calculations, reports, audits, estimates, projections, or other analyses" would be subject to legislative privilege for the same reason.

Defendant further objects to this request because it asks them to gather publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendant directs Plaintiffs to the Texas Legislative Council's Capitol Data Portal,[6] where such information may be found. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involves, such information may be found at the Texas Senate[7] and Texas House of Representatives[8] websites, as well as on the Texas Legislature Online ("TLO") website.[9] The requests also seek data from Defendants' social media accounts, which is also publicly-available.

Lastly, insofar as the request seeks legal analysis concerning the "effect or impact" of redistricting proposals on "minority voters," "existing or emerging minority opportunity districts," or "voter turnout," Section 2, opportunity districts, or other legal subjects, it seeks information that may be subject to the attorney–client privilege or constitute attorney work product.

---

[6] https://data.capitol.texas.gov/organization/tlc.
[7] https://senate.texas.gov/index.php.
[8] https://house.texas.gov/.
[9] https://capitol.texas.gov/Home.aspx.

**RESPONSE**:

Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

3.      All Documents Relating to any legislation discussed, considered, or passed where such legislation related to:

   a.      race, racism, critical race theory, the history of slavery, or the treatment and discussion of racial minorities, including as relates to those who identify as white, Anglo, Caucasian, or European-American;

   b.      the process or standards by which bail amounts are determined for individuals accused of crimes, the process and standards by which these individuals are released on bail, and the standards for who is allowed to post bail; and

   c.      rules, regulations, penalties, and other guidance relating to elections.

**OBJECTIONS**:

For brevity, Defendants incorporate by reference the general objections stated above.

Defendants object to this request because it calls for documents that are irrelevant to Plaintiff's claims in this case. Specifically, it is unclear without further specification why documents relating to critical race theory, the history of slavery, or the process of determining bail amounts would be relevant. Texas's redistricting determinations are not subject to any alternative standard of review based on prior racial history, state legislation, or bail process.

Defendant also objects to this request because it calls for documents that are subject to the legislative privilege. The request seeks documents relating to the "consideration" and "discussion" of legislation. These go to mental impressions, legislative strategy, and legislative process, which are at the core of the legislative privilege.

**RESPONSE**:

Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based upon any of the foregoing privileges or objections.

Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

4.      For January 1, 2010 until the present, all committee rules, legislative counsel rules, procedural memos, and guidelines for the Texas House and Texas Senate committees on elections, state affairs, and redistricting or any conference committee appointed to address bills being passed through any of these committees.

**OBJECTIONS**:

For brevity, Defendants incorporate by reference the general objections stated above.

Defendants object to this request because it asks them to gather publicly-available documents that are equally accessible to Plaintiff. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involves, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. See https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House); https://capitol.texas.gov/Home.aspx (TLO).

Defendant also objects to this request because insofar as it calls for legislative documents not within the public-record, it calls for documents that are subject to the legislative privilege. The request seeks documents relating to the "consideration" and "discussion" of legislation. These go to mental impressions, legislative strategy, and legislative process, which are at the core of the legislative privilege.

Defendant further objects to the request because it seeks all documents extending to "the present." As explained above, documents created after October 25, 2021, are necessarily irrelevant.

**RESPONSE**:

5.      For January 1, 2017 until the present, the legislative agenda and legislative priorities for each Defendant.

**OBJECTIONS**:

For brevity, Defendants incorporate by reference the general objections stated above.

Defendants object to this request because it is overbroad. The request calls for "the legislative priorities," without any qualifications (other than the listed recipients). That is an extremely broad request and will necessarily apply to make documents that are irrelevant to Plaintiff's claims in this case.

Defendants also object to this request because it calls for documents that are subject to the legislative privilege. Among others, documents concerning "legislative agenda and legislative priorities" go to the legislators' mental impressions and motivations concerning pending legislation, which is clearly covered by the privilege. Of course, communications and deliberations by legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991).

Defendant further objects to the request because it seeks all documents extending to "the present." As explained above, documents created after October 25, 2021, are necessarily irrelevant.

**RESPONSE**:

Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

6.  All Documents Relating to Redistricting for the Texas delegation to the U.S. House of Representatives, the Texas House, or the Texas Senate exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any Legislator, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House or Texas Senate, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House or Texas Senate, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or

attorney, any vendor, any other political or community group or organization, or any member of the public.

**OBJECTIONS**:

For brevity, Defendants incorporate by reference the general objections stated above.

Defendants object to this request because it is overbroad. The request calls for "all documents relating to redistricting for the Texas House or Texas delegation to the U.S. House of Representatives," without any qualifications (other than the listed recipients). That is an extremely broad request and will necessarily apply to make documents that are irrelevant to Plaintiff's claims in this case.

Defendants also object to this request because it calls for documents that are covered by the legislative privilege. First, with respect to communications between legislators, it is clear that communications and deliberations by legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). And requesting communications between the office of the Governor, the office of the Lieutenant Governor, the office of the Secretary of State, and other similar parties, their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)).

Defendants also object to this request because it calls for documents that are irrelevant to Plaintiff's claims in this case. Specifically, it is unclear without further specification why documents relating to redistricting exchanged between candidates, political parties, lobbyists, and the other third parties mentioned would be relevant.

**RESPONSE**:

Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

7.     All other Documents Relating to Redistricting for the Texas delegation to the U.S. House of Representatives, the Texas House, or the Texas Senate from July 1, 2021 to the present, including but not limited to Redistricting criteria, public statements, correspondence, calendar invitations,

scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

**OBJECTIONS**:

For brevity, Defendants incorporate by reference the general objections stated above.

Defendants object to this request because it is overbroad. The request calls for "all documents relating redistricting for the Texas House or Texas delegation to the U.S. House of Representatives," without any qualifications (other than the listed recipients). That is an extremely broad request and will necessarily apply to make documents that are irrelevant to Plaintiff's claims in this case.

Defendants also object to this request because it calls for documents that are subject to the legislative privilege. Among others, documents concerning "presentations," "redistricting criteria," and "meeting minutes" go to the legislators' mental impressions and motivations concerning pending legislation, which is clearly covered by the privilege. Of course, communications and deliberations by legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991).

Defendant further objects to the request because it seeks all documents extending to "the present." As explained above, documents created after October 25, 2021, are necessarily irrelevant.

**RESPONSE**:

Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

8.    All Documents Relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any Legislator, the Texas Legislative Council, any member of the U.S. House of Representatives, any

candidate for the Texas House or Texas Senate, any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House or Texas Senate, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

**OBJECTIONS**:

For brevity, Defendants incorporate by reference the general objections stated above.

Defendants object to this request because it is overbroad. The request calls for "all documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes," without any qualifications (other than the listed recipients). That is an extremely broad request and will likely apply to make documents that are irrelevant to Plaintiff's claims in this case.

Defendants also object to this request because it calls for documents that are covered by the legislative privilege. First, with respect to communications between legislators, it is clear that communications and deliberations by legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). And requesting communications between the office of the Governor, the office of the Lieutenant Governor, the office of the Secretary of State, and other similar parties, their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)).

Defendants also object to this request because it calls for documents that are irrelevant to Plaintiff's claims in this case. Specifically, it is unclear without further specification why documents relating to demographic enumerations or estimates exchanged between candidates, political parties, lobbyists, and the other third parties mentioned would be relevant.

**RESPONSE**:

Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

9.      All Documents Relating to payment for services, agreements of representation, or contracts with any consultant, any political operative, any expert, any law firm, any attorney, any vendor, or any other person or entity related to the Restricting Plans. This request specifically includes but is not limited to:

    a.      All Documents Relating to the availability of any attorney to provide assistance to Defendants on Redistricting matters before the legislature; and

    b.      All Documents Relating to plans for any person or entity to be present in or near the legislature during or near the time of any committee hearing on Redistricting or during or near the time of Floor debate on redistricting.

**OBJECTIONS**:

For brevity, Defendants incorporate by reference the general objections stated above.

Defendants object to this request because it is substantially overbroad. Absolutely no limitation is provided on this request as evidenced by the use of the phrase "any other person or entity." That request is substantially overbroad, unduly burdensome and not proportional to the needs of the case.

In addition, Defendants object to this request because it calls for documents that are subject to the legislative privilege and the attorney-client privilege. Documents relating to services provided by third parties for a legislative purpose are subject to the legislative privilege. *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)). And documents relating to Defendants and any legal representation, by the Office of the Texas Attorney General or otherwise, is subject to the attorney-client privilege.

**RESPONSE**:

Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld

10.    All Documents that Defendants may use to support any contention that the Redistricting

Plans were not enacted with a discriminatory purpose, to the extent that Defendants take that position.

**OBJECTIONS**:

For brevity, Defendants incorporate by reference the general objections stated above.

Defendants object to this request because it calls for documents that are covered by the legislative privilege. First, to the extent this request seeks communications between legislators regarding the enactment of the above-mentioned Congressional Districts, communications and deliberations by legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). Second, this request makes no limitation on the documents requested, which indicates Plaintiff expects production of the impetus, rationale, background, or motivation of certain legislative proposals. To the extent this is so, this request is objectionable as seeking the exposure of legislative thought processes and mental impressions, which are also subject to legislative privilege.

Defendants further object to the extent this request seeks documents or communications subject to attorney-client and/or attorney work product privilege. Defendants utilized counsel during the process of enacting the above-mentioned Redistricting Plans and the documents related to that endeavor are privileged.

Defendants further object to this request as nonsensical as written. This request demands Defendants produce documents that prove a negative. This is harassing and unduly burdensome on Defendants to the extent it requires them to produce every document pertaining in any way to the redistricting process specified above to prove there is nothing that supports the contention that the districts were enacted with a discriminatory purpose. In addition, Defendants are not required to marshal evidence in defense of Plaintiff's claims at this stage. Defendants will disclose evidence supporting their defenses in due course and in compliance with Federal and local Rules, and any Court orders.

Defendants also object to the overbroad nature of the phrase "discriminatory purpose." It is Defendants understanding from Plaintiff's complaint that its claim of discriminatory purpose

is limited to a *racial* discriminatory purpose. Defendants' search for documents responsive to this request will, therefore, be limited in the same manner.

**RESPONSE**:

Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

11. For any time period, all Documents that Defendants may use to support the contention that the Redistricting Plans configurations do not have discriminatory results, as defined by 52 U.S.C. § 10301, to the extent that Defendants take that position.

**OBJECTIONS**:

For brevity, Defendants incorporate by reference the general objections stated above.

Defendants object to this request because it calls for documents that are covered by the legislative privilege. First, to the extent this request seeks communications between legislators regarding the enactment of the above-mentioned Districts, communications and deliberations by legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). Second, this request makes no limitation on the documents requested, which indicates Plaintiff expects production of the impetus, rationale, background, or motivation of certain legislative proposals. To the extent this is so, this request is objectionable as seeking the exposure of legislative thought processes and mental impressions, which are also subject to legislative privilege.

Defendants further object to the extent this request seeks documents or communications subject to attorney-client and/or attorney work product privilege. Defendants utilized counsel during the process of enacting the above-mentioned Districts and the documents related to that endeavor are privileged.

Defendants further object to this request as nonsensical as written. This request demands Defendants produce documents that prove a negative. This is harassing and unduly burdensome on Defendants to the extent it requires them to produce every document pertaining in any way to the districts specified above to prove there is nothing that supports the contention that the districts were enacted with a discriminatory purpose. In addition, Defendants are not required to marshal evidence in defense of Plaintiff's claims at this stage. Defendants will disclose evidence supporting their defenses in due course and in compliance with Federal and local Rules, and any Court orders.

Defendants also object to the overbroad nature of the phrase "discriminatory purpose." It is Defendants understanding from Plaintiff's complaint that its claim of discriminatory purpose is limited to a *racial* discriminatory purpose. Defendants' search for documents responsive to this request will, therefore, be limited in the same manner.

Defendant further objects to the request because it seeks all documents for "any time period." As explained above, documents created after October 25, 2021, are necessarily irrelevant.

**RESPONSE**:

Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld

12. For any time period, all Documents produced to other parties in the above captioned

dispute.

**OBJECTIONS**:

For brevity, Defendants incorporate by reference the general objections stated above.

Defendants object to this request on the basis that documents produced to other parties are not necessarily responsive to Plaintiff's requests. These redistricting cases involve many different parties, with many different claims, whose challenges encompass many different districts. Requesting all documents produced to all parties is unduly burdensome will not reasonably aid the development of Plaintiff's particular claims. Defendants will not produce documents pursuant to this request absent a clarification of the scope of the documents desired, with an appropriate explanation of why the precise documents requested are relevant to Plaintiff's claims in this case.

Defendants object to the extent this request seeks documents subject to withholding based on legislative, work product and/or attorney-client privilege.

**RESPONSE**:

Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

13. For any time period, all Documents responsive to, identified in, or relied upon in responding to any interrogatory served upon Defendants by Texas NAACP Relating to this action.

**OBJECTIONS**:

> For brevity, Defendants incorporate by reference the general objections stated above.

> Defendants object to this request on the basis that documents produced to other parties are not necessarily responsive to Plaintiff's requests. These redistricting cases involve many different parties, with many different claims, whose challenges encompass many different districts. Requesting all documents produced to all parties is unduly burdensome will not reasonably aid the development of Plaintiff's particular claims. Defendants will not produce documents pursuant to this request absent a clarification of the scope of the documents desired, with an appropriate explanation of why the precise documents requested are relevant to Plaintiff's claims in this case.

> Defendants object to the extent this request seeks documents subject to withholding based on legislative, work product and/or attorney-client privilege.

**RESPONSE**:

> Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

14. For any time period, all Documents responsive to, identified in, or relied upon in responding to any request for admission served upon Defendants by Texas NAACP Relating to this action.

**OBJECTIONS**:

> For brevity, Defendants incorporate by reference the general objections stated above.

> Defendants object to this request on the basis that documents produced to other parties are not necessarily responsive to Plaintiff's requests. These redistricting cases involve many different parties, with many different claims, whose challenges encompass many different districts. Requesting all documents produced to all parties is unduly burdensome will not reasonably aid the development of Plaintiff's particular claims. Defendants will not produce documents pursuant to this request absent a clarification of the scope of the documents

desired, with an appropriate explanation of why the precise documents requested are relevant to Plaintiff's claims in this case.

Defendants object to the extent this request seeks documents subject to withholding based on legislative, work product and/or attorney-client privilege.

**RESPONSE**:

Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.