UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Movant,<br><br>  v.<br><br>ERIC WIENCKOWSKI,<br><br>  Respondent. | Misc. No. _____ (____) |

### UNITED STATES' NOTICE OF MOTION TO COMPEL
### ERIC WIENCKOWSKI'S COMPLIANCE WITH NON-PARTY SUBPOENA

The United States, by and through its undersigned counsel, hereby moves to compel compliance with the non-party subpoena duly issued to and served upon Eric Wienckowski. As explained fully in the accompanying memorandum of law, Eric Wienckowski should be compelled to comply with the subpoena and to produce the records sought therein.

| | |
|---|---|
| PAMELA S. KARLAN<br>Principal Deputy Assistant Attorney General<br>Civil Rights Division | DAMIAN WILLIAMS<br>United States Attorney for the<br>Southern District of New York |
| _/s/ Holly F.B. Berlin_<br>T. CHRISTIAN HERREN, JR.<br>TIMOTHY F. MELLETT<br>DANIEL J. FREEMAN<br>JANIE ALLISON (JAYE) SITTON<br>MICHELLE RUPP<br>JACKI L. ANDERSON<br>JASMIN LOTT<br>HOLLY F.B. BERLIN<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530 | By:   _/s/ David J. Kennedy_<br>DAVID J. KENNEDY<br>Assistant U.S. Attorney<br>86 Chambers Street, 3rd Floor<br>New York, NY 10007<br>Tel.: (212) 637-2733<br>david.kennedy2@usdoj.gov |

*Counsel for Movant United States*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Movant,<br><br>    v.<br><br>ERIC WIENCKOWSKI,<br><br>    Respondent. | Misc. No. _____ (____) |

# MEMORANDUM OF LAW OF THE UNITED STATES
# IN SUPPORT OF ITS MOTION TO COMPEL
# ERIC WIENCKOWSKI'S COMPLIANCE WITH NON-PARTY SUBPOENA

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2733
Fax: (212) 637-0033
Email: david.kennedy2@usdoj.gov

DAVID J. KENNEDY
    Assistant United States Attorney
HOLLY F.B. BERLIN
DANIEL J. FREEMAN
    Attorneys, Voting Section
    Civil Rights Division
— Of Counsel —

## TABLE OF CONTENTS

I. FACTUAL AND PROCEDURAL BACKGROUND……………………………………1

II. LEGAL STANDARD………………………………………………………………… 2

III. ARGUMENT………………………………………………………………………….. 3

    A. The Subpoenaed Documents Are Relevant…………………………………… 3

    B. Mr. Wienckowski Has Waived Any Claims of Privilege……………………... 4

    C. Mr. Wienckowski's Claims of Privilege Fail on the Merits……………….... 5

        1. Work-Product Protections Do Not Extend to Legislative Work…………….. 5

        2. Mr. Wienckowski Cannot Invoke the Trial Preparation Expert Exemption…. 6

        3. Mr. Wienckowski Has Failed to Establish Attorney-Client Privilege……….. 7

        4. Legislative Privilege Does Not Apply to Documents in
           Mr. Wienckowski's Possession…………………………………………… 8

IV. CONCLUSION……………………………………………………………………. 11

The United States, by and through its undersigned attorneys, respectfully submits this memorandum of law in support of its motion to compel the compliance of Eric Wienckowski with a non-party subpoena served pursuant to Federal Rule of Civil Procedure 45.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On December 6, 2021, the United States filed a Voting Rights Act enforcement action challenging Texas's 2021 Congressional and State House redistricting plans in the U.S. District Court for the Western District of Texas.  *See* Declaration of Holly F.B. Berlin, June 15, 2022 ("Berlin Decl."), at Ex. 1 (U.S. Compl., *United States v. Texas*, No. 3:21-cv-299 (W.D. Tex. Dec. 6, 2021), ECF No. 1); *see also* Berlin Decl. at Ex. 2 (U.S. Am. Compl., *LULAC v. Abbott*, No. 3:21-cv-259 (W.D. Tex. June 6, 2022), ECF No. 318).  The United States' case was then consolidated with *LULAC v. Abbott*, No. 3:21-CV-259 (W.D. Tex.), another challenge to Texas's statewide redistricting plans.  *See* Berlin Decl. at Ex. 3 (Order, *LULAC v. Abbott*, No. 3:21-cv-259 (W.D. Tex. Dec. 10, 2021), ECF No. 83.)  In its complaint, the United States alleges that the 2021 Texas House plan has a discriminatory result and that the Texas Congressional plan has a discriminatory purpose and discriminatory result, in violation of Section 2 of the Act, 52 U.S.C. § 10301.  *See* U.S. Am. Compl. ¶¶ 3-4.  Discovery is ongoing and closes July 15, 2022.

During the 2021 redistricting process, Texas House Redistricting Committee Chair Representative Todd Hunter hired Butler Snow LLP, a law firm with an extensive public policy practice, to assist with his redistricting work.  *See* Berlin Decl. at Ex. 4 (Tex. House Comm. Tr.), at 18.  In turn, Butler Snow hired Eric Wienckowski to provide cartographical support. Representative Hunter publicly acknowledged that his initial proposed redistricting plan for the Texas House was drawn, in part, by Butler Snow.  *See id.*

1

On May 3, 2022, the United States served a subpoena on Mr. Wienckowski requiring production of, among other things, "documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives or the Texas House." Berlin Decl. at Ex. 5 (Wienckowski Subpoena), at 6. Through counsel, Mr. Wienckowski sent responses and objections to the United States' subpoena on May 17, 2022. Berlin Decl. at Ex. 6 (Wienckowski Responses and Objections). The deadline to produce responsive documents was June 2, 2022. On June 3, 2022, Butler Snow, now counsel for Mr. Wienckowski, orally informed the United States that Mr. Wienckowski would refuse either to produce any responsive documents or to provide a privilege log.

This Court should grant the United States' motion to compel. Mr. Wienckowski has documents that are highly relevant to the United States' claims in this case, and he has failed to articulate a valid basis to withhold them.

## II.     LEGAL STANDARD

A subpoena recipient who is not prepared simply to provide the requested material must serve on the requesting party "a written objection to" producing the documents requested. Fed. R. Civ. P. 45(d)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). "A person withholding subpoenaed information under a claim that it is privileged" is required to "expressly make the claim" and "describe the nature of the withheld documents" such that "the parties [may] assess the claim." Fed. R. Civ. P. 45(e)(2)(A)(i)-(ii). The party withholding documents has the burden to establish they are privileged or protected. *See United States v. Construction Prods. Research*, 73 F.3d 464, 473 (2d Cir. 1996). "At any time, on notice to the commanded person, the serving

party may move the court for the district where compliance is required for an order compelling production . . . ." Fed. R. Civ. P. 45(d)(2)(B)(i).

## III. ARGUMENT

Mr. Wienckowski's Responses and Objections to the United States' subpoena fail to establish grounds to withhold responsive documents. Mr. Wienckowski lists boilerplate overbreadth and relevance objections that do not provide a basis for withholding documents.[1] Mr. Wienckowski also claims broad privileges—without sufficient factual bases—that do not apply to third-party redistricting consultants.[2] The Court should require immediate disclosure of documents responsive to the United States' requests.

### A. The Subpoenaed Documents Are Relevant.

The United States seeks documents related to Texas's redistricting in the possession of Mr. Wienckowski, a consultant cartographer. These documents are likely to include—at minimum—draft maps and communications between Mr. Wienckowski and others about the

---

[1] Mr. Wienckowski's objections include assertions that the information requested is "irrelevant," Ex. 3 at 4, "disproportionate," *id.*, and "publicly available," *id.* at 6; that the subpoena requests "all documents" in a given category, *id.* at 7, documents "created after October 25, 2021," *id.* at 5, and documents created before "the fall of 2021," *id.*; that the subpoena does "not list an end date," *id.* at 12, and "falls short of [a] more stringent proportionality standard," *id.* at 4; and that it is "harassing" to request employment-related contracts between particular individuals and the government, *id.* at 11. None of these objections establish grounds for withholding responsive documents. *See, e.g., Freydl v. Meringolo*, 09 Civ. 7196 (BSJ) (KNF), 2011 WL 2566087, at *4 (S.D.N.Y. June 16, 2011) ("Asserting boilerplate objections to every request made in the plaintiff's . . . first set of requests for production of documents, without . . . producing any document, amounts to a blanket refusal to participate in discovery and is 'a paradigm of discovery abuse.'" (quoting *Jacoby v. Hartford Life & Acc. Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009)).

[2] For example, Mr. Wienckowski writes that "[a]dditional privileges, including but not limited to, attorney-client privilege, the attorney work product doctrine, and deliberative process *may also be implicated* by DOJ's request." Berlin Decl. Ex. 6, at 3 (emphasis added). The United States disagrees that its requests implicate the named privileges, but more importantly, Mr. Wienckowski's vague invocations of a laundry list of privileges are insufficient to meet his burden and justify the withholding of responsive documents.

3

map-drawing process. Draft redistricting plans and the data and instructions given for creating those plans are highly relevant to whether "invidious discriminatory purpose was a motivating factor" in drawing the ultimately enacted maps. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977). Similarly, these materials bear on whether "the policy underlying the State's . . . use of the contested practice or structure is tenuous" under the discriminatory results test as to redistricting for both Congress and the Texas House. *Thornburg v. Gingles*, 478 U.S. 30, 45 (1986) (citation omitted). Courts have consistently found that legislative materials are relevant in Voting Rights Act enforcement actions. *See NAACP v. E. Ramapo Cent. Sch. Dist.*, No. 17 Civ. 8943 (CS) (JCM), 2018 WL 11260468, at *2 (S.D.N.Y. Apr. 27, 2018); *Rodriguez v. Pataki*, 280 F. Supp. 2d 89, 101-02 (S.D.N.Y. 2003); *see also, e.g.*, *S.C. State Conf. of NAACP v. McMaster*, No. 3:21-cv-03302, 2022 WL 425011, at *6 (D.S.C. Feb. 10, 2022); *League of Women Voters of Mich. v. Johnson*, No. 17-14148, 2018 WL 2335805, at *6 (E.D. Mich. May 23, 2018); *Veasey v. Perry,* No. 2:13-cv-193, 2014 WL 1340077, at *2 (S.D. Tex. Apr. 3, 2014); *Perez v. Perry*, 891 F. Supp. 2d 808, 833 n.94 (W.D. Tex. 2012) (three-judge court). The requested materials are likewise relevant here.

      **B.**     **Mr. Wienckowski Has Waived Any Claims of Privilege.**

Courts have consistently "refused to uphold a claim of privilege in response to a subpoena when no privilege log has been produced in compliance with Federal Rule of Civil Procedure 45(d)(2)." *OneBeacon Ins. Co. v. Forman Int'l, Ltd.*, No. 1:04cv2271 (RWS), 2006 WL 3771010, at *7 (S.D.N.Y. Dec. 13, 2006); *see also Kai USA Ltd. v. Camillus Cutlery Co. (In re Application for Subpoena to Kroll)*, 224 F.R.D. 326, 328-29 (E.D.N.Y. 2004) (rejecting an attorney's "blanket statement" that all subpoenaed documents are privileged as "insufficient to prove the essential elements of the attorney-client privilege" and requiring compliance with the

subpoena.).  "[W]ithholding materials otherwise subject to disclosure" due to a party's assertion of "a claim of privilege or work product protection" absent notice to the requesting party "is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection."  Fed. R. Civ. P. 26(b)(5), Advisory Committee Notes (1993 Amend.).  Mr. Wienckowski's complete failure to produce a privilege log waives his privilege claims.

## C. Mr. Wienckowski's Claims of Privilege Fail on the Merits.

Even if Mr. Wienckowski's privilege claims were not waived, he is not entitled to the privileges he has claimed.

### 1. Work-Product Protections Do Not Extend to Legislative Work.

Mr. Wienckowski supported the State of Texas's legislative process, not its litigation defense, and so his materials are not protected by the work-product doctrine.

To establish work-product protection, a subpoena recipient must first show the document was created "in anticipation of litigation," in other words "because of" the prospect of litigation, such that the document would not have been created otherwise.  *United States v. Adlman*, 134 F.3d 1194, 1202-03 (2d Cir. 1998).  Nothing in Mr. Wienckowski's objections suggests that he was employed in anticipation of litigation.  Instead, available materials—including a privilege log from another subpoena recipient—indicate that Mr. Wienckowski was employed to draft the redistricting plans that became law in House Bill 1 and Senate Bill 6.  *See* Berlin Decl. Ex. 7 (Privilege Log of Adam Foltz).[3]  Since these redistricting plans would have been "prepared in the

---

[3] Adam Foltz is a political operative hired at the direction of Representative Todd Hunter, Chair of the House Redistricting Committee.  *See, e.g.*, Alexa Ura, *Texas Appears to Be Paying a Secretive Republican Political Operative $120,000 Annually to Work Behind the Scenes on Redistricting*, Texas Tribune (Sep. 29, 2021), https://perma.cc/847D-RB9K.  Mr. Foltz's privilege log indicates that he communicated with Mr. Bryan regarding redistricting.

5

ordinary course of business or [ ] would have been created in essentially similar form irrespective of the litigation," the plans and related documents were "not in anticipation of litigation," and therefore the "work-product privilege does not apply." *Adlman*, 134 F.3d at 1202.[4]  Furthermore, use of outside counsel as an insulating layer between the Legislature and outside map-drawers suggests that "relevant and non-privileged facts remain hidden" and that "production of those facts is essential" to this litigation.  *Hickman v. Taylor*, 329 US. 495, 511 (1947).  Because Mr. Wienckowski's work was legislative, not legal, documents related to that work are not entitled to work-product protection.

### 2. Mr. Wienckowski Cannot Invoke the Trial Preparation Expert Exemption.

Federal Rule of Civil Procedure 26(b)(4)(D) provides that "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial."  This exemption does not apply to Mr. Wienckowski for three reasons.

First, by its terms, Rule 26(b)(4)(D) does not apply to the requested materials.  The United States does not currently seek interrogatory responses from, or a deposition of, Mr. Wienckowski.  *See Livingston v. City of Chicago*, No. 16-cv-10156, 2021 WL 3487347, at *4 (N.D. Ill. Aug. 9, 2021) ("The plain language of [Rule 26(b)(4)(D)] applies only to 'interrogatories or depositions,' and not to requests for documents."); *Evans Indus., Inc. v. Lexington Ins. Co.*, No. 07-cv-6423, 2008 WL 11353736, at *1 (E.D. La. July 10, 2008)

---

[4] It would be perverse to say that Texas's persistent history of racial discrimination in redistricting—which has necessitated litigation to vindicate the rights of minority voters—somehow transforms redistricting materials into protected work product.  To the contrary, "a series of official actions taken for invidious purposes" is itself evidence of intentional discrimination.  *Arlington Heights*, 429 U.S. at 267.

6

("[Defendant] is requesting production of documents [from plaintiffs' expert], tangible items which Rule 26 does *not* prohibit.") (emphasis in original).

Second, experts employed by non-party Butler Snow—and indirectly by non-party Representative Hunter—are not "employed by another party," as set forth in the rule. *See Curtis Park Grp., LLC v. Allied World Specialty Ins. Co.*, No. 20-cv-552, 2021 WL 1022703, at *7 (D. Colo. Mar. 17, 2021) (citing *Durflinger v. Artiles*, 727 F.2d 888, 891 (10th Cir. 1984)); *see also Underpinning & Foundation Skanska, Inc. v. Berkley Regional Ins. Co.*, No. 07-cv-2758, 2009 WL 511307, at *1 (E.D.N.Y. Feb. 27, 2009); *Ark. River Power Auth. v. The Babcock and Wilcox Co.*, 310 F.R.D. 492, 497-98 (D. Colo. 2015) (collecting cases nationwide and stating "the court has not found[] any case in which a non-party has been permitted to invoke Rule 26(b)(4)(D) in a case where it was not a party.")).

Third, Mr. Wienckowski was not retained in anticipation of litigation or to prepare for trial, nor has any party designated him as an expert witness. Instead, he was an "active participant in the events which form the subject matter of this litigation"—namely, the passage of a redistricting plan alleged to have discriminatory purpose and result—and the United States is therefore "entitled to whatever discovery" it "may deem appropriate." *Marylanders for Fair Representation, Inc. v. Schaefer*, 144 F.R.D. 292, 303 (D. Md. 1992) (three-judge court).

### 3. Mr. Wienckowski Has Failed to Establish Attorney-Client Privilege.

To assert attorney-client privilege, a party "must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." *Pritchard v. County of Erie (In re County of Erie)*, 473 F.3d 413, 419 (2d Cir. 2007). "The party asserting the privilege . . . bears the burden of establishing its essential elements." *United States v. Mejia*, 655 F.3d 126, 132 (2d

7

Cir. 2011). Further, "a general allegation or blanket assertion that [attorney-client] privilege should apply is insufficient to warrant protection." *P. & B. Marina, Ltd. Partnership v. Logrande*, 136 F.R.D. 50, 54 (E.D.N.Y. 1991).

Mr. Wienckowski has not shown that his documents relating to the 2021 Texas redistricting process reflect communications "for the purpose of obtaining or providing legal advice." *Pritchard*, 473 F.3d at 419. "If what is sought is not legal advice but only [map-drawing] service . . . or if the advice sought is the [cartographer's] rather than the lawyer's, no privilege exists." *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961) (articulating this point in the context of accounting services). Mr. Wienckowski's general assertion of attorney-client privilege, with no facts to support it, falls short of the showing needed to benefit from the privilege.

### 4. Legislative Privilege Does Not Apply to Documents in Mr. Wienckowski's Possession.

Legislative privilege is a qualified, "not absolute," evidentiary privilege that is "a question of federal common law." *Rodriguez*, 280 F. Supp. 2d at 94, 96. To assert legislative privilege, a recipient must show that a requested document "reflect[s] [legislative] deliberations and motivations." *ACORN v. Cnty. of Nassau*, No. 05-CV-2301, 2009 WL 2923435, at *4 (E.D.N.Y. Sept. 10, 2009). Mr. Wienckowski has not identified with specificity any responsive documents that are communications with legislators. Nor has he identified which, if any, of these documents contain "deliberations and motivations" of those legislators. *See* Berlin Decl. Ex. 7, at 3, 5-11 (invoking legislative privilege without reference to specific documents in his possession). Mr. Wienckowski has not carried his burden, and, for that reason, any documents withheld on the basis of legislative privilege should be produced.

Additionally, some of the documents the United States has requested are categorically not subject to legislative privilege based on the documents' content, even if they reflect communications with legislators. Technical advice, such as directions for how to use map-drawing software, read maps, and use demographic information in conjunction with mapping, is not protected from disclosure. *See Rodriguez*, 280 F. Supp. 2d at 101 (rejecting a legislative privilege claim by a task force that provided technical assistance on redistricting); *see also Committee for a Fair and Balanced Map v. Ill. State Bd. of Elections*, No. 11-cv-5065, 2011 WL 4837508, at *10 (N.D. Ill. Oct. 12, 2011) (concluding that "the identities of experts and/or consultants retained to assist in drafting the [ ] Map" were not privileged). Additionally, communications transmitting population demographic data and other statistics consist of primarily factual information. Courts have declined to apply legislative privilege to apply to factual documents. *Manzi v. DiCarlo*, 982 F. Supp. 125, 131 (E.D.N.Y. 1997); *Fair and Balanced Map*, 2011 WL 4837508, at *10. Mr. Wienckowski has not made an adequate showing to invoke legislative privilege at all. But at a minimum, technical advice and factual information in his possession must be disclosed.

Finally, even if this Court were to determine that the qualified legislative privilege applies to some documents held by Mr. Wienckowski, the United States' interest in enforcing the constitutional prohibition on intentional racial discrimination in voting and the uniquely probative nature of the withheld documents must overcome assertions of a "qualified" legislative privilege as to documents concerning the 2021 Congressional redistricting plan. The factors typically applied to determine when legislative privilege must yield uniformly favor disclosure. Specifically, courts have analyzed,

> (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the

> role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

*Rodriguez*, 280 F. Supp. 2d at 100-01 (internal citation and quotation marks omitted).  The documents sought are highly relevant, and they are a unique source of evidence because officials "seldom, if ever, announce on the record . . . their desire to discriminate against a racial minority."  *Smith v. Town of Clarkton, N.C.*, 682 F.2d 1055, 1064 (4th Cir. 1982).  The seriousness of litigation to enforce the constitutional protection against racial discrimination in voting is beyond question, and the role of the government in this matter is clear.  Finally, disclosure of legislative documents in past Voting Rights Act litigation establishes that production of such materials has not rendered Texas officials timid.  *See, e.g.*, *Veasey*, 2014 WL 134007, at *2.  This Court should, at a minimum, order Mr. Wienckowski to produce all documents in his possession, custody, or control that address the allegedly intentionally-discriminatory 2021 Texas Congressional redistricting.

10

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court order Eric Wienckowski to produce all responsive documents for which his Responses and Objections have failed to establish a claim of privilege. Given that fact discovery ends on July 15, 2022, the United States respectfully requests that the Court order production within seven days of the date of the Court's order.

Dated:    June 15, 2022

New York, New York


| | |
|---|---|
| PAMELA S. KARLAN<br>Principal Deputy Assistant Attorney General<br>Civil Rights Division | DAMIAN WILLIAMS<br>United States Attorney for the<br>Southern District of New York |
| _/s/ Holly F.B. Berlin_<br>T. CHRISTIAN HERREN, JR.<br>TIMOTHY F. MELLETT<br>DANIEL J. FREEMAN<br>JANIE ALLISON (JAYE) SITTON<br>MICHELLE RUPP<br>JACKI L. ANDERSON<br>JASMIN LOTT<br>HOLLY F.B. BERLIN<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530 | By:   _/s/ David J. Kennedy_<br>DAVID J. KENNEDY<br>Assistant U.S. Attorney<br>86 Chambers Street, 3rd Floor<br>New York, NY 10007<br>Tel.: (212) 637-2733<br>david.kennedy2@usdoj.gov |

*Counsel for Movant United States*

## **CERTIFICATE OF CONFERRAL**

      I hereby certify that on June 3, 2022, counsel for the United States met and conferred with Scott Field, counsel for Eric Wienckowski concerning the subject of this motion. Counsel was unwilling to meaningfully discuss the matter and indicated that no documents were forthcoming.

                                                    */s/ Daniel J. Freeman*

                                                    Daniel J. Freeman
                                                    Voting Section
                                                    Civil Rights Division
                                                    U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify on June 15, 2022, copies of the foregoing Motion to Compel and the attached memorandum and proposed order were served via electronic mail on counsel for Eric Wienckowski:

Scott K. Field
Butler Snow
1400 Lavaca Street, Suite 1000
Austin, TX 78701
scott.field@butlersnow.com

                                                */s/ Daniel J. Freeman*

                                                Daniel J. Freeman
                                                Voting Section
                                                Civil Rights Division
                                                U.S. Department of Justice