IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS (LULAC), et al.,

                Plaintiffs,

      v.

GREG ABBOTT, et al.,

                Defendants.

Civil Action No. 3:21-cv-259
(DCG-JES-JVB)
(consolidated cases)

**[PROPOSED] SUBSTITUTE MEMORANDUM OF LAW OF THE UNITED
STATES IN SUPPORT OF ITS MOTION TO COMPEL ERIC
WIENCKOWSKI'S COMPLIANCE WITH NON-PARTY SUBPOENA**

The United States, by and through its undersigned attorneys, respectfully submits this memorandum of law in support of its motion to compel the compliance of Eric Wienckowski with a non-party subpoena served pursuant to Federal Rule of Civil Procedure 45.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On December 6, 2021, the United States filed a Voting Rights Act enforcement action challenging Texas's 2021 Congressional and State House redistricting plans in the U.S. District Court for the Western District of Texas.  *See* U.S. Compl., ECF No. 1, *United States v. Texas*, No. 3:21-cv-299 (W.D. Tex. Dec. 6, 2021), ECF No. 1; U.S. Am. Compl., ECF No. 318.  The United States' case was then consolidated with *LULAC v. Abbott*, No. 3:21-CV-259 (W.D. Tex.), another challenge to Texas's statewide redistricting plans.  *See* Order, ECF No. 83.  In its complaint, the United States alleges that the 2021 Texas House plan has a discriminatory result and that the Texas Congressional plan has a discriminatory purpose and discriminatory result, in violation of Section 2 of the Act, 52 U.S.C. § 10301.  *See* U.S. Am. Compl. ¶¶ 3-4.  Discovery is ongoing and closes July 15, 2022.

During the 2021 redistricting process, Texas House Redistricting Committee Chair Representative Todd Hunter hired Butler Snow LLP, a law firm with an extensive public policy practice, to assist with his redistricting work.  *See* Declaration of Holly F.B. Berlin, June 15, 2022 ("Berlin Decl."), Ex. 4, *United States v. Wienckowski*, No. 3:22-mc-219 (W.D. Tex.), ECF No. 10-4 (Tex. House Comm. Tr.), at 18.  In turn, Butler Snow hired Eric Wienckowski to provide cartographical support.  Representative Hunter publicly acknowledged that his initial proposed redistricting plan for the Texas House was drawn, in part, by Butler Snow.  *See id.*

On May 3, 2022, the United States served a subpoena on Mr. Wienckowski requiring production of, among other things, "documents relating to any redistricting proposal for the

Texas delegation to the U.S. House of Representatives or the Texas House."  Berlin Decl. Ex. 5, ECF No. 10-5 (Wienckowski Subpoena), at 6.  Through counsel, Mr. Wienckowski sent responses and objections to the United States' subpoena on May 17, 2022.  Berlin Decl. Ex. 6, ECF No. 10-6 (Wienckowski Responses and Objections).  The deadline to produce responsive documents was June 2, 2022.  On June 3, 2022, Butler Snow, now counsel for Mr. Wienckowski, orally informed the United States that Mr. Wienckowski would refuse either to produce any responsive documents or to provide a privilege log.

This Court should grant the United States' motion to compel.  Mr. Wienckowski has documents that are highly relevant to the United States' claims in this case, and he has failed to articulate a valid basis to withhold them.

## II.   LEGAL STANDARD

A subpoena recipient who is not prepared simply to provide the requested material must serve on the requesting party "a written objection to" producing the documents requested.  Fed. R. Civ. P. 45(d)(2)(B).  "An objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(C).  "A person withholding subpoenaed information under a claim that it is privileged" is required to "expressly make the claim" and "describe the nature of the withheld documents" such that "the parties [may] assess the claim."  Fed. R. Civ. P. 45(e)(2)(A)(i)-(ii).  The party withholding documents has the burden to establish they are privileged or protected.  *See Hodges, Grant & Kaufmann v. IRS*, 768 F.2d 719, 721 (5th Cir. 1985).  "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production."  Fed. R. Civ. P. 45(d)(2)(B)(i).

## III.    ARGUMENT

Mr. Wienckowski's Responses and Objections to the United States' subpoena fail to establish grounds to withhold responsive documents.  Mr. Wienckowski lists boilerplate overbreadth and relevance objections that do not provide a basis for withholding documents.[1] Mr. Wienckowski also claims broad privileges—without sufficient factual bases—that do not apply to third-party redistricting consultants.[2]  The Court should require immediate disclosure of documents responsive to the United States' requests.

### A.    The Subpoenaed Documents Are Relevant.

The United States seeks documents related to Texas's redistricting in the possession of Mr. Wienckowski, a consultant cartographer.  These documents are likely to include—at minimum—draft maps and communications between Mr. Wienckowski and others about the map-drawing process.  Draft redistricting plans and the data and instructions given for creating

---

[1] Mr. Wienckowski's objections include assertions that the information requested is "irrelevant," Ex. 3 at 4, "disproportionate," *id.*, and "publicly available," *id.* at 6; that the subpoena requests "all documents" in a given category, *id.* at 7, documents "created after October 25, 2021," *id.* at 5, and documents created before "the fall of 2021," *id.*; that the subpoena does "not list an end date," *id.* at 12, and "falls short of [a] more stringent proportionality standard," *id.* at 4; and that it is "harassing" to request employment-related contracts between particular individuals and the government, *id.* at 11.  None of these objections establish grounds for withholding responsive documents.  *See Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. Nov. 12, 2014) ("General objections such as the ones asserted by [Defendant] are meaningless and constitute a waste of time for opposing counsel and the court.  In the face of such objections, it is impossible to know whether information has been withheld and, if so, why.  This is particularly true in cases like this where multiple 'general objections' are incorporated into many of the responses with no attempt to show the application of each objection to the particular request." (quoting *Weems v. Hodnett*, No. 10-cv-1452, 2011 WL 3100554, at *1 (W.D. La. July 25, 2011))).

[2] For example, Mr. Wienckowski writes that "[a]dditional privileges, including but not limited to, attorney-client privilege, the attorney work product doctrine, and deliberative process *may also be implicated* by DOJ's request."  Berlin Decl. Ex. 6, at 3 (emphasis added).  The United States disagrees that its requests implicate the named privileges, but more importantly, Mr. Wienckowski's vague invocations of a laundry list of privileges are insufficient to meet his burden and justify the withholding of responsive documents.

those plans are highly relevant to whether "invidious discriminatory purpose was a motivating factor" in drawing the ultimately enacted maps. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977). Similarly, these materials bear on whether "the policy underlying the State's . . . use of the contested practice or structure is tenuous" under the discriminatory results test as to redistricting for both Congress and the Texas House. *Thornburg v. Gingles*, 478 U.S. 30, 45 (1986) (citation omitted). Courts have consistently found that legislative materials are relevant in Voting Rights Act enforcement actions. *See Veasey v. Perry*, No. 2:13-cv-193, 2014 WL 1340077, at *2 (S.D. Tex. Apr. 3, 2014); *Perez v. Perry*, 891 F. Supp. 2d 808, 833 n.94 (W.D. Tex. 2012) (three-judge court); *see also, e.g.*, *S.C. State Conf. of NAACP v. McMaster*, No. 3:21-cv-03302, 2022 WL 425011, at *6 (D.S.C. Feb. 10, 2022); *League of Women Voters of Mich. v. Johnson*, No. 17-14148, 2018 WL 2335805, at *6 (E.D. Mich. May 23, 2018); *NAACP v. E. Ramapo Cent. Sch. Dist.*, No. 17 Civ. 8943, 2018 WL 11260468, at *2 (S.D.N.Y. Apr. 27, 2018). The requested materials are likewise relevant here.

### A.   Mr. Wienckowski Has Waived Any Claims of Privilege.

Courts have consistently "refused to uphold a claim of privilege in response to a subpoena when no privilege log has been produced in compliance with Federal Rule of Civil Procedure 45(d)(2)." *OneBeacon Ins. Co. v. Forman Int'l, Ltd.*, No. 1:04cv2271, 2006 WL 3771010, at *7 (S.D.N.Y. Dec. 15, 2006); *see also Agee v. Wayne Farms, LLC*, No. 2:06cv268, 2007 WL 2903208, at *3 (S.D. Miss. Oct. 1, 2007) ("[F]ailure to provide a privilege log is, on its own, sufficient to warrant a finding that any privilege, even if it had been established . . . has been waived."). "[W]ithholding materials otherwise subject to disclosure" due to a party's assertion of "a claim of privilege or work product protection" absent notice to the requesting party "is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be

viewed as a waiver of the privilege or protection." Fed. R. Civ. P. 26(b)(5), Advisory Committee

Notes (1993 Amend.). Mr. Wienckowski's complete failure to produce a privilege log waives

his privilege claims.

     **B.**    **Mr. Wienckowski's Claims of Privilege Fail on the Merits.**

     Even if Mr. Wienckowski's privilege claims were not waived, he is not entitled to the

privileges he has claimed.

     **1.**   **Work-Product Protections Do Not Extend to Legislative Work.**

     Mr. Wienckowski supported the State of Texas's legislative process, not its litigation

defense, and so his materials are not protected by the work-product doctrine.

     To establish work-product protection, a subpoena recipient must first show the document

was created "in anticipation of litigation," *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir.

1981) (citations omitted), in other words "because of" the prospect of litigation, such that the

document would not have been created otherwise. *United States v. Adlman*, 134 F.3d 1194,

1202-03 (2d Cir. 1998). Nothing in Mr. Wienckowski's objections suggests that he was

employed in anticipation of litigation. Instead, available materials—including a privilege log

from another subpoena recipient—indicate that Mr. Wienckowski was employed to draft the

redistricting plans that became law in House Bill 1 and Senate Bill 6. *See* Berlin Decl. Ex. 7,

ECF No. 10-7 (Privilege Log of Adam Foltz).[3] Since these redistricting plans would have been

"prepared in the ordinary course of business or [ ] would have been created in essentially similar

form irrespective of the litigation," the plans and related documents were not "in anticipation of

---

[3] Adam Foltz is a political operative hired at the direction of Representative Todd Hunter, Chair
of the House Redistricting Committee. *See, e.g.*, Alexa Ura, *Texas Appears to Be Paying a
Secretive Republican Political Operative $120,000 Annually to Work Behind the Scenes on
Redistricting*, Texas Tribune (Sep. 29, 2021), https://perma.cc/847D-RB9K. Mr. Foltz's
privilege log indicates that he communicated with Mr. Wienckowski regarding redistricting.

litigation," and therefore the "work-product privilege does not apply." *Adlman*, 134 F.3d at 1202

(citation omitted); *see also Lloyd's of London v. Lowen Valley View, LLC*, No. 3:16-cv-465,

2017 WL 2504954, at *2 (N.D. Tex. June 9, 2017) (noting that documents that "would have been

created without regard to whether litigation was expected to ensue" are "not in anticipation of

litigation").[4]  Furthermore, use of outside counsel as an insulating layer between the Legislature

and outside map-drawers suggests that "relevant and non-privileged facts remain hidden" and

that "production of those facts is essential" to this litigation. *Hickman v. Taylor*, 329 U.S. 495,

511 (1947).  Because Mr. Wienckowski's work was legislative, not legal, documents related to

that work are not entitled to work-product protection.

### 2.  Mr. Wienckowski Cannot Invoke the Trial Preparation Expert Exemption.

Federal Rule of Civil Procedure 26(b)(4)(D) provides that "a party may not, by

interrogatories or deposition, discover facts known or opinions held by an expert who has been

retained or specially employed by another party in anticipation of litigation or to prepare for

trial."  This exemption does not apply to Mr. Wienckowski for three reasons.

First, by its terms, Rule 26(b)(4)(D) does not apply to the requested materials.  The

United States does not currently seek interrogatory responses from, or a deposition of, Mr.

Wienckowski. *See Evans Indus., Inc. v. Lexington Ins. Co.*, No. 07-cv-6423, 2008 WL

11353736, at *1 (E.D. La. July 10, 2008) ("[Defendant] is requesting production of documents

[from plaintiffs' expert], tangible items which Rule 26 does *not* prohibit.") (emphasis in

---

[4] It would be perverse to say that Texas's prior history of racial discrimination in redistricting—which has necessitated litigation to vindicate the rights of minority voters—somehow transforms redistricting materials into protected work product.  To the contrary, "a series of official actions taken for invidious purposes" is itself evidence of intentional discrimination. *Arlington Heights*, 429 U.S. at 267.

original); *Livingston v. City of Chicago*, No. 16-cv-10156, 2021 WL 3487347, at *4 (N.D. Ill. Aug. 9, 2021) ("The plain language of [Rule 26(b)(4)(D)] applies only to 'interrogatories or deposition[s],' and not to requests for documents." (citations omitted)).

Second, experts employed by non-party Butler Snow—and indirectly by non-party Representative Hunter—are not "employed by another party," as set forth in the rule.  *See Curtis Park Grp., LLC v. Allied World Specialty Ins. Co.*, No. 20-cv-552, 2021 WL 1022703, at *7 (D. Colo. Mar. 17, 2021) (citing *Durflinger v. Artiles*, 727 F.2d 888, 891 (10th Cir. 1984)); *see also Underpinning & Foundation Skanska, Inc. v. Berkley Regional Ins. Co.*, No. 07-cv-2758, 2009 WL 511307, at *1 (E.D.N.Y. Feb. 27, 2009); *Ark. River Power Auth. v. The Babcock and Wilcox Co.*, 310 F.R.D. 492, 497-98 (D. Colo. 2015) (collecting cases nationwide and stating "the court has not found[] any case in which a non-party has been permitted to invoke Rule 26(b)(4)(D) in a case where it was not a party.").

Third, Mr. Wienckowski was not retained in anticipation of litigation or to prepare for trial, nor has any party designated him as an expert witness.  Instead, he was an "active participant in the events which form the subject matter of this litigation"—namely, the passage of a redistricting plan alleged to have discriminatory purpose and result—and the United States is therefore "entitled to whatever discovery" it "may deem appropriate."  *Marylanders for Fair Representation, Inc. v. Schaefer*, 144 F.R.D. 292, 303 (D. Md. 1992) (three-judge court).

### 3.  Mr. Wienckowski Has Failed to Establish Attorney-Client Privilege.

To assert attorney-client privilege, a client "must prove: (1) that he made a confidential communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding."  *EEOC v. BDO USA, LLP*, 876 F.3d 690, 695 (5th Cir. 2017) (emphasis and citation omitted).  "The burden is on the

7

party asserting the privilege to demonstrate how each document satisfies all the elements of the privilege. A general allegation of privilege is insufficient to meet this burden." *SEC v. Microtune, Inc.*, 258 F.R.D. 310, 315 (N.D. Tex. 2009) (citation omitted).

Mr. Wienckowski has not shown that his documents relating to the 2021 Texas redistricting process reflect communications "for the purpose of obtaining or providing legal assistance." *BDO USA, LLP*, 876 F.3d at 696 (quoting *In re Cty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007)). "If what is sought is not legal advice but only [map-drawing] service . . . or if the advice sought is the [cartographer's] rather than the lawyer's, no privilege exists." *Tonti Mgmt. Co., Inc. v. Soggy Doggie, LLC*, No. 19-13134, 2020 WL 9172077, at *5 (E.D. La. June 25, 2020) (citing *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961) (articulating this point in the context of accounting services)). Mr. Wienckowski's general assertion of attorney-client privilege, with no facts to support it, falls short of the showing needed to benefit from the privilege.

### 4. Legislative Privilege Does Not Apply to Documents in Mr. Wienckowski's Possession.

Legislative privilege is a qualified, not absolute, "evidentiary privilege governed by federal common law." *Jefferson Cmty. Health Care Centers, Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017) (internal quotation marks and citation omitted). To assert legislative privilege, a recipient must show that a requested document "contains or involves opinions, motives, recommendations or advice about legislative decisions between legislators or between legislators and their staff." *Jackson Mun. Airport Auth. v. Bryant*, No. 3:16-cv-246, 2017 WL 6520967, at *7 (S.D. Miss. Dec. 19, 2017) (citations omitted). Mr. Wienckowski has not identified with specificity any responsive documents that are communications with legislators. Nor has he identified which, if any, of these documents contain "opinions, motives,

recommendations, or advice" of those legislators.  *See* Berlin Decl. Ex. 7, at 3, 5-11 (invoking

legislative privilege without reference to specific documents in his possession).  Mr.

Wienckowski has not carried his burden, and, for that reason, any documents withheld on the

basis of legislative privilege should be produced.

Additionally, some of the documents the United States has requested are categorically not

subject to legislative privilege based on the documents' content, even if they reflect

communications with legislators.  Technical advice, such as directions for how to use map-

drawing software, read maps, and use demographic information in conjunction with mapping, is

not protected from disclosure.  *See United States v. El Paso Cty.*, 682 F.2d 530, 542 (5th Cir.

1982); *Chemtech Royalty Assocs. v. United States*, No. 06-258, 2009 WL 854358, at *3-*6

(M.D. La. Mar. 30, 2009); *see also Rodriguez v. Pataki*, 280 F. Supp. 2d 89, 101 (S.D.N.Y. July

28, 2003) (rejecting a legislative privilege claim by a task force that provided technical

assistance on redistricting); *Committee for a Fair and Balanced Map v. Ill. State Bd. of

Elections*, No. 11-cv-5065, 2011 WL 4837508, at *10 (N.D. Ill. Oct. 12, 2011) (concluding that

"the identities of experts and/or consultants retained to assist in drafting the [ ] Map" were not

privileged).  Additionally, communications transmitting population demographic data and other

statistics consist of primarily factual information.  Legislative privilege "does not apply to

documents containing factually based information used in the decision-making process or

disseminated to legislators or committees," and "materials and information available [to

lawmakers] at the time a decision was made."  *La Unión Del Pueblo Entero v. Abbott (LUPE)*,

No. 5:21-cv-844, 2022 WL 1667687, at *2 (W.D. Tex. May 25, 2022), *appeal docketed sub nom.

LULAC v. Hughes*, No. 22-50435 (5th Cir. May 27, 2022), ECF No. 426 (quotation marks

omitted); *Fair and Balanced Map*, 2011 WL 4837508, at *10.  Mr. Wienckowski has not made

an adequate showing to invoke legislative privilege at all.  But at a minimum, technical advice and factual information in his possession must be disclosed.

Finally, even if this Court were to determine that the qualified legislative privilege applies to some documents held by Mr. Wienckowski, the United States' interest in enforcing the constitutional prohibition on intentional racial discrimination in voting and the uniquely probative nature of the withheld documents must overcome assertions of a "qualified" legislative privilege as to documents concerning the 2021 Congressional redistricting plan.  The factors typically applied to determine when legislative privilege must yield uniformly favor disclosure. Specifically, courts have analyzed

> (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the "seriousness" of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

*Perez v. Perry*, No. 11-360, 2014 WL 106927, at *2 (W.D. Tex. Jan. 8, 2014) (citing *Rodriguez*, 280 F. Supp. 2d at 101).  The documents sought are highly relevant, and they are a unique source of evidence because officials "seldom, if ever, announce on the record . . . their desire to discriminate against a racial minority."  *Smith v. Town of Clarkton, N.C.*, 682 F.2d 1055, 1064 (4th Cir. 1982).  The seriousness of litigation to enforce the constitutional protection against racial discrimination in voting is beyond question, and the role of the government in this matter is clear.  Finally, disclosure of legislative documents in past Voting Rights Act litigation establishes that production of such materials has not rendered Texas officials timid.  *See, e.g.*, *Veasey*, 2014 WL 1340077, at *4.  This Court should, at a minimum, order Mr. Wienckowski to produce all documents in his possession, custody, or control that address the allegedly intentionally-discriminatory 2021 Texas Congressional redistricting.

## IV.    CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court order

Eric Wienckowski to produce all responsive documents for which his Responses and Objections

have failed to establish a claim of privilege.  Given that fact discovery ends on July 15, 2022, the

United States respectfully requests that the Court order production within seven days of the date

of the Court's order.

Dated: June 28, 2022

PAMELA S. KARLAN
Principal Deputy Assistant Attorney General
Civil Rights Division


*/s/ Holly F.B. Berlin*
T. CHRISTIAN HERREN, JR.
TIMOTHY F. MELLETT
DANIEL J. FREEMAN
JANIE ALLISON (JAYE) SITTON
MICHELLE RUPP
JACKI L. ANDERSON
JASMIN LOTT
HOLLY F.B. BERLIN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al.,<br><br>     Plaintiffs,<br><br>    v.<br><br>GREG ABBOTT, et al.,<br><br>     Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB)<br>(consolidated cases) |

**[PROPOSED] ORDER GRANTING MOTION TO
SUBSTITUTE MEMORANDUM OF LAW**

Upon consideration of the United States' Motion to Substitute Memorandum of Law, the

Court finds that good cause exists to grant the motion.  The United States' motion is GRANTED.

So ORDERED and SIGNED this ___ day of _____, 2022.

_____
HON. DAVID G. GUADERRAMA
UNITED STATES DISTRICT JUDGE

*And on behalf of:*

Jerry E. Smith              Jeffrey V. Brown
United States Circuit Judge    *-and-*    United States District Judge
U.S. Court of Appeals, Fifth Circuit       Southern District of Texas