# EXHIBIT 1

No. 22-50435

# In the United States Court of Appeals for the Fifth Circuit

La Union Del Pueblo Entero, Et al,

*Plaintiffs*

v.

Gregory W. Abbott, in his Official Capacity as Governor of Texas, Et al,

*Defendants*

LULAC Texas; Vote Latino; Texas Alliance for Retired Americans; Texas AFT; United States of America,

*Plaintiffs-Appellees*

v.

Senator Bryan Hughes; Senator Paul Bettencourt; Briscoe Cain, Texas Representative; Andrew Murr, Texas Representative,

*Appellants.*

On Appeal from the United States District Court
for the Western District of Texas, San Antonio Division

## APPELLANTS' OPENING BRIEF

| | |
|---|---|
| Ken Paxton<br>Attorney General of Texas | Judd E. Stone II<br>Solicitor General |
| Brent Webster<br>First Assistant Attorney General | Lanora C. Pettit<br>Principal Deputy Solicitor General<br>Lanora.Pettit@oag.texas.gov |
| Office of the Attorney General<br>P.O. Box 12548 (MC 059)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1700<br>Fax: (512) 474-2697 | William F. Cole<br>Assistant Solicitor General<br><br>Counsel for Appellants |

The State Legislators noticed this appeal on May 26. ROA.10450-51. Counsel for the parties conferred and agreed that, to ensure an orderly appellate process, plaintiffs would not oppose a stay pending appeal, and the Legislators would not oppose a request to expedite that appeal. ROA.10458-60. The district court reluctantly granted that motion. ROA.10461-62. But it threatened to impose sanctions if the Legislators do not prevail on appeal, stating that "assuming that the Court of Appeals finds that the vast majority of documents are in fact not privileged, this Court may impose sanctions as required by Fed. R. Civ. P. 26(g)." *See* ROA.10461.

## Summary of Argument

**I.** The legislative privilege shields legislators from discovery in private, civil litigation into the motives for their legislative acts. *Helstoski*, 442 U.S. at 489; *Tenney*, 341 U.S. at 376. Three of this Court's sister circuits have held that the legislative privilege protects state legislators from any such third-party discovery seeking to probe individual legislators' intent in passing legislation. *Alviti*, 14 F.4th at 88-90; *Lee*, 908 F.3d at 1186-88; *Hubbard*, 803 F.3d at 1311-12. Application of those precedents should have led to the denial of plaintiffs' motion to compel. There is no dispute here that plaintiffs' third-party discovery aims to discover the Legislators' individual motivations regarding the passage of S.B. 1. *See* ROA.9096-97. And, as in *Alviti*, *Lee*, and *Hubbard*, neither plaintiffs' claim under section 2 of the Voting Rights Act—nor any of the others—depends on upon proving, with direct evidence, discriminatory intent of these four Legislators who may not represent the intentions of the Legislature as a whole.