# Exhibit C

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*,<br><br>    *Defendants*. | CIVIL ACTION NO.<br>3:21-cv-00259-DCG-JES-JVB<br>[Consolidated Lead Case] |

## LULAC PLAINTIFFS' AMENDED FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT JOHN SCOTT

TO:    Defendant John Scott, in his official capacity as Secretary of the State of Texas, by and through his counsel of record, Patrick K. Sweeten and Eric Hudson, Office of the Attorney General, P.O. Box 12548, Austin, TX 78711.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, League of United Latin American Citizens *et al.* ("LULAC Plaintiffs") request that the above-named Defendant produce the documents requested in Section IV below in accordance with the Federal Rules of Civil Procedure, orders stipulated by the parties or entered by the Court, and the Definitions and Instructions set forth below. Further, the above-named Defendant is directed to supplement these responses and production as provided by the same Rules. Unless counsel for the parties make another agreement, documents are to be produced at the offices of the Mexican American Legal Defense and Educational Fund, Inc., 110 Broadway, Suite 300, San Antonio, Texas 78205.

1

Your responses, any objections and all responsive documents within your custody, possession or control must be served on the undersigned attorneys within thirty (30) days after the date of the service of this request.  This request is continuing in nature as provided by Rule 26(e) of the Federal Rules of Civil Procedure.

## I. DEFINITIONS

Pursuant to Local Rule CV-26(b), the full text of the definitions and rules of construction set forth in this paragraph is deemed incorporated by reference into all discovery requests, but shall not preclude (i) the definition of other terms specific to the particular litigation, (ii) the use of abbreviations, or (iii) a more narrow definition of a term defined in this paragraph.  This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.   The following definitions apply to all discovery requests:

(1)    Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(2)    Document.  The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

(3)    Identify (With Respect to Persons).  When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4)    Identify (With Respect to Documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(5)    Parties.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

2

This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6)      Person.  The term "person" means any natural person or business, legal or governmental entity or association.

(7)      Concerning.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

In addition to definitions set forth in Local Rule CV-26(b), the following definitions apply to all discovery requests:

(8)      Latino opportunity district.  The term "Latino opportunity district" has the same meaning as in the opinion of the court in *Abbott v. Perez*, 138 S. Ct. 2305 (2018).

(9)      Latino or Hispanic. The terms "Hispanic" or "Latino" refers to a person of Cuban, Mexican, Puerto Rican, South or Central American, or other Spanish culture or origin regardless of race.[1]

(10)     HVAP.  The term "HVAP" means Hispanic Voting Age Population.

(11)     HCVAP.  The term "HCVAP" means Hispanic Citizen Voting Age Population.

(12)     SSVR.  The term "SSVR" means Spanish Surname Voter Registration.

(13)     SSTO.  The term "SSTO" means Spanish Surname Turnout. This is the number of Spanish surnamed voters who cast votes in an election.  If expressed as a percent, this is the percent of all votes cast that were cast by Spanish surnamed voters.

(14)    As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any documents or information that might be deemed outside its scope by another construction.

(15)    The term "relating to" shall have its usual meaning and shall also specifically mean reflecting, related to, referring to, describing, representing, evidencing or constituting.

(16)     Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to

---

[1] U.S. Census, "Hispanic or Latino Origin," available at
https://www.census.gov/quickfacts/fact/note/US/RHI725219#:~:text=for%20racial%20categories.-,Definition,%E2%80%A2Puerto%20Rican

secure the document or copy thereof from any persons or public or private entity having physical control thereof.

(17)   "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or a written transcription which is a substantially verbatim recital or an oral statement made by a person which is contemporaneously recorded.

(18)   "You" and "your" shall mean Defendant John Scott, in his official capacity as the Secretary of State, as well as all other persons acting or purporting to act on behalf of Defendant John Scott, including any attorney, staff member or other representative.

(19)   The plural of any word used herein includes the singular, and the singular includes the plural.

(20)   The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

(21)   87th Texas Legislature.  The term "87th Texas Legislature" means all sessions of the 87th Texas Legislature, including but not limited to the regular session and the special sessions.

(22)  "Senate Bill 4" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(23)  "Senate Bill 6" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(24)  "Senate Bill 7" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(25)  "Legislator" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

(26)  "Staff."  The term "staff" means an individual or group of individuals charged with carrying out the work of your legislative office or campaign, whether paid or volunteer.

4

## II. INSTRUCTIONS

A.      Regarding documents called for by these requests as to which you claim a privilege or which you contend are not subject to production, please provide a list that describes each document and states with respect to each such document:

1.  the type of document (*e.g.*, letter, memorandum, report, etc.);

2.  the date;

3.  the title;

4.  the number of pages;

5.  the name and address of the author or addressor;

6.  the names and address or addresses of any persons who have received and/or who have obtained a copy of the document;

7.  the subject matter of the document;

8.  the factual and legal basis of the claim or privilege or ground of non-production asserted with respect to the document; and

9.  any other information which, without revealing the information which is itself privileged or protected, will enable the plaintiffs to assess the application of the privilege asserted.

B.      If you contend that you are unable to produce fully and completely the documents requested herein, or any portion thereof, after exercising due diligence to locate those documents, please so state, specifying the basis for such limited production, the reasons for the inability to produce the documents requested, whether said documents have been destroyed and why, and whatever information or knowledge that you have related to the location of such documents.

C.      In the event that a responsive document has been destroyed or has passed out of your possession, custody, or control, please identify the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

D.      If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any portion of these requests, then in response to each such request you shall:

      1.   Produce all documents and requested information that may be provided without undertaking what you contend to be an unreasonable burden; and

      2.   Set forth the specific steps that would be required to obtain and produce all additional responsive documents and explain why you contend that each of those additional steps would be unreasonably burdensome.

E.      Unless the context clearly requires otherwise, this request for documents includes all documents within your custody or control; those within the custody or control of each of your attorneys, agents, associates and/or employees; and those to which any of these persons has access.

F.       Documents should be produced in a form consistent with any agreement concerning production format entered in this action.

G.       If the documents are provided on an FTP site, all documents must be produced in a way that makes clear the exact location on the FTP site of materials responsive to each numbered request.

H.     Any reference to an "Interrogatory" or "Interrogatories," unless otherwise indicated, shall be construed to indicate reference to "Plaintiff LULAC's First Set of Interrogatories to Defendant John Scott," which was served on Defendant John Scott on February 15, 2022.

I.     All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

J.     All references in these requests to any entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

K.     Organize all documents to correspond to each request below or be produced in the order as they are kept in the ordinary course of business.  For all items produced, identify the names of the person from whom such files were provided.

L.     Respond to each request separately and label or otherwise designate which documents are responsive to each request.  If a document is responsive to more than one request, identify each of the requests as to which that document is responsive.

M.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the document should be

exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

N.      Unless otherwise specified, all document requests concern the period of time from January 1, 2019 to the present.

O.      These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.  If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you are requested to state this fact in each response.

## III. WARNINGS

A.      A failure to produce the documents requested on time or in good faith may result in sanctions being imposed against you under Rule 37 of the Federal Rules of Civil Procedure.

B.      An evasive or incomplete production will be treated as a failure to produce the requested documents.

C.      No portion of a request may be left unanswered because an objection is raised to another part of that request.  If you object to any portion of a document request, you must state with specificity the grounds of any objections.  Any ground not stated will be waived.

## IV.  REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1

All documents relating to any redistricting proposal for the Texas Senate, including but not limited to Plan S2168, Senate Bill 4, any draft or introduced amendments to Senate Bill 4, or any

other Texas Senate redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

    a. the origination(s) or source(s) of any such redistricting proposal;

    b. the impetus, rationale, background or motivation for any such redistricting proposal;

    c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

    d. the pairing of any incumbents in any such redistricting proposal;

    e. any amendment, whether partial or total, to each such redistricting proposal;

    f.  negotiations regarding any redistricting proposal; and

    g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) voter turnout (including Spanish Surname Voter Turnout), (4) the likelihood of success for Republican candidates in an HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2**

All documents relating to any redistricting proposal for the Texas State Board of Education ("SBOE"), including but not limited to Plan E2106, Senate Bill 7, any draft or introduced amendments to Senate Bill 7, or any other Texas SBOE redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

     a. the origination(s) or source(s) of any such redistricting proposal;

     b. the impetus, rationale, background or motivation for any such redistricting proposal;

     c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

     d. the pairing of any incumbents in any such redistricting proposal;

     e. any amendment, whether partial or total, to each such redistricting proposal;

     f.  negotiations regarding any redistricting proposal; and

     g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) voter turnout (including Spanish Surname Voter Turnout), (4) the likelihood of success for Republican candidates in an

HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3**

All documents relating to the process by which a member of the Legislature would propose, offer, introduce, consider, review, evaluate, amend, propose changes to, vote on, invite testimony about, receive testimony about, consider testimony on or comment on redistricting plans or any amendments to redistricting plans for the United States House of Representatives, Texas House of Representatives, Texas Senate or Texas SBOE, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, notetaking, staffing and persons or entities involved.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4**

All documents relating to voting patterns in Texas elections with respect to race, ethnicity or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, information related to racially polarized voting or other analyses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**

For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas Senate developed, seen, discussed or considered by any person complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6**

For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas SBOE developed, seen, discussed or considered by any person complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**

All documents relating to standards or instructions for redistricting in compliance with applicable laws, including the U.S. Constitution and the Voting Rights Act, including but not limited to any communications, memoranda, legal cases, analyses, trainings or presentations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**

All documents relating to redistricting of the Texas Senate or the Texas SBOE exchanged between, among, with, or within:  the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any legislator's staff, any SBOE member, any SBOE member's staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the office of U.S. Representative from Texas, any candidate for the Texas House, any candidate for the Texas Senate, any candidate for the SBOE, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any professor, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**

All other documents relating to redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE from January 1, 2020 to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters or other communications.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**

All documents relating to apportionment of population that is not total population for redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE from January 1, 2020 to the present, including but not limited to redistricting criteria, public statements, correspondence, emails, meeting minutes, call logs, notes, presentations, studies, advocacy, letters or other communications.  "Apportionment of population that is not total population" includes but is not limited to apportionment of citizen voting age population and apportionment of legal resident population.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**

All documents relating to redistricting and Thomas Hofeller, Jerad Najvar, Andy Taylor or Eric Opiela, from January 1, 2018 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**

All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship relating to redistricting of the Texas Senate or Texas SBOE that were exchanged between, among, with or within:  the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any legislator's staff, any SBOE member, any SBOE member's staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas Senate, any candidate for the Texas SBOE, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any professor, any expert, any law firm or attorney, any vendor, any group or organization or any member of the public.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**

All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting of the Texas Senate or Texas SBOE, including but not limited to any of the following individuals or entities: Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any professor, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**

Please produce any and all documents relied on for or which you may use to support your answer to Interrogatory No. 1.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**

Please produce any and all documents relied on for or which you may use to support your answer to Interrogatory No. 2.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 3.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 17**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 4.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 18**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 5.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 19**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 6.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 7.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 8.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 9.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 23**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 10.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 11.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 12.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 13.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 14.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 15.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 29**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 16.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 30**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 17.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 31**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 18.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 19.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 33**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 20.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 34**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 21.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 35**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 22.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 23.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 37**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 24.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 38**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 25.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 39**

Please produce any and all documents identified in or relied on for or which you may use to support your answer to Interrogatory No. 26.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40**

All documents responsive to, identified in or relied on in responding to any request for admission served upon Defendants by LULAC Plaintiffs in relation to this action.

**RESPONSE:**

DATED:  March 7, 2022                                 Respectfully submitted,

                                                                     MEXICAN AMERICAN LEGAL DEFENSE
                                                                       AND EDUCATIONAL FUND

                                                                     */s/ Nina Perales*
                                                                     Nina Perales
                                                                     Texas Bar No. 24005046
                                                                     110 Broadway Street, #300
                                                                     San Antonio, TX 78205
                                                                     (210) 224-5476
                                                                     Fax: (210) 224-5382
                                                                     Samantha Serna
                                                                     Texas Bar No. 24090888
                                                                     Fatima Menendez*
                                                                     Texas Bar No. 24090260
                                                                     Kenneth Parreno*
                                                                     Massachusetts BBO No. 705747
                                                                     110 Broadway, Suite 300
                                                                     San Antonio, TX 78205

                                                                     * *Admitted pro hac vice*


                                                                     *Counsel for LULAC Plaintiffs*

**Certificate of Service**

        The undersigned counsel hereby certifies that she served a true and correct copy of the above to all counsel of record on the 7th day of March 2022.


                                             */s/ Nina Perales*
                                             Nina Perales