**Exhibit D**

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Case No. 3:21-cv-0259 [Lead Case] |
| GREG ABBOTT, *et al.*, | § § § | |
| *Defendants*. | § § | |

## DEFENDANT JOHN SCOTT'S OBJECTIONS AND RESPONSES TO LULAC PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:   LULAC Plaintiffs, by and through its attorney of record, Nina Perales, Mexican American Legal Defense and Educational Fund, 110 Broadway Street #300, San Antonio, TX 78205

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant John Scott, in his official capacity as Secretary of the State of Texas, provides these Objections and Responses to LULAC's First Request for Production of Documents to Defendant John Scott.

Date: April 4, 2022

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410

patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**Counsel for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2022, the attached Objections and Responses to LULAC's First Request for Production of Documents to Defendant John Scott was served on opposing counsel via electronic mail to the foregoing:

Nina Perales (nperales@maldef.org);
Samantha Serna (sserna@maldef.org);
Kenneth Parreno (kparreno@maldef.org);
Fatima Menendez (fmenendez@maldef.org).

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation

### OBJECTIONS RELEVANT TO EACH REQUEST

Defendant asserts that each of the following objections applies specifically to each request. In the interest of brevity, these objections are offered here to avoid unnecessary repetition of objections to definitions, scope, and similar issues that afflict each request. These objections are as follows:

There is currently a protective order in place between the parties. To the extent that documents may be identified that are discoverable but are not contemplated by the current protective order, any such documents that are identified will be withheld and described in the responses, with the clarification that such production will first require entry of a protective order before the documents may be disclosed.

The Federal Rules allow for discovery of only "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The twin demands for relevancy and proportionality "are related but distinct requirements." *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). Thus, if the information sought is irrelevant to the party's claims or defenses, "it is not necessary to determine whether it would be proportional if it *were* relevant." *Walker v. Pioneer Prod. Servs., Inc.*, No. CV 15-0645, 2016 WL 1244510, at *3 (E.D. La. Mar. 30, 2016). Conversely, "relevance alone does not translate into automatic discoverability" because "[a]n assessment of proportionality is essential." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019). Accordingly, Defendant objects to these requests to the extent that the information sought is either irrelevant or disproportionate.

Given Defendant's role as the Secretary of State of Texas, and the scope of the requests, much of the requested production is subject to the deliberative-process privilege. This privilege covers "documents reflecting advisory opinions, recommendations[,] and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of the Interior v. Klamath Water Users Prot. Ass'n*, 532 U.S. 1, 8 (2001) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)). It "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions.'" *Id.* at 8–9 (quoting *Sears, Roebuck & Co.*, 421 U.S. at 151). Under this privilege, deliberative and predicational oral and written communications, as well as related facts, are protected from disclosure. *See, e.g., Swanston v. City of Plano*, No. 4:19-cv-412, 2020 WL 4732214, at *2 (E.D. Tex. Aug. 14, 2020) (citing *Skelton v. U.S. Postal Serv.*, 678 F.2d 35, 38 (5th Cir. 1982)).

In addition, given that the requested production directly relates to legislative activities, much of the requested production is subject to legislative privilege. That privilege traces its roots to before the founding of the Republic, as it has "taproots in the Parliamentary struggles of the Sixteenth and Seventeenth Centuries." *Tenney v. Brandhove*, 341 U.S. 372 (1951). The privilege protects not only legislators, but their staff and aides as well. *See Gravel v. United States*, 408 U.S. 606, 615–16 (1972). And requesting communications between the office of the Governor, the office of the Lieutenant Governor, the office of the Secretary of State, and other similar parties, their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)). Here, Plaintiffs' attempt to compel disclosure of a legislator's "thought processes or the communications [he] had with other

legislators" through Defendant's official-capacity role falls within the well-established contours of legislative privilege. *Perez v. Perry*, No. 5:11-cv-360, 2014 WL 3495414 (W.D. Tex. July 11, 2014).

The inadvertent production or disclosure of any privileged documents or information shall not constitute or be deemed to be a waiver of any applicable privilege with respect to such document or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. Defendant reserves the right not to produce documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. Defendant likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of documents produced in response to these requests; and (2) discovery requests relating to those documents.

A portion of the requested production is also irrelevant to Plaintiffs' claims and is thus identified individually below. But a much larger portion of the request is not proportional to the needs of the case. The proportionality language was inserted into Rule 26(b) in 2015 "to emphasize the need for proportionality," *Prasad v. George Washington Univ.*, 323 F.R.D. 88, 91 (D.D.C. 2017), and "highlight[] its significance," *Mannina v. D.C.*, 334 F.R.D. 336, 339 n.4 (D.D.C. 2020); *see also* Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary at 6, Supreme Court of the United States,[1] ("Rule 26(b)(1) crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality[.]"). As the Advisory Committee explained, this addition of overt "proportional" language was meant to better reflect the intent of the 1983 amendments, which were designed "to deal with the problem of over-discovery." Fed. R. Civ. P. 26(b) advisory committee's note (2015) (quoting the 1983 advisory notes). But this "clear focus of the 1983 provisions may have been softened, although inadvertently, by the amendments made in 1993." *Id.* The 2015 amendment sought to "restore[] the proportionality factors to their original place in defining the scope of discovery" and reinforce the parties' obligation "to consider these factors in making discovery requests, responses, or objections." *Id.* As fully restored, the proportionality requirement "relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 672 (2019). Accordingly, Defendant objects to Plaintiffs' requests to the extent that they fall short of this more stringent proportionality standard.

These responses and objections are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information or documents requested. All answers are given without prejudice to Defendant's right to object to the discovery of any documents, facts, or information discovered after the date hereof. Likewise, these responses and objections are not intended to be, and shall not be construed as, agreement with Plaintiffs' characterization of any facts, circumstances, or legal obligations. Defendant reserves the right to contest any such characterization as inaccurate and object to the Requests insofar as they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

Defendant will provide responses based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. Defendant objects to and will refrain from extending or modifying any words employed in the Requests to comport with any expanded definitions or

---

[1] https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf.

instructions. Defendant will answer the Requests to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Western District of Texas.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendant objects to the definition of "document" to the extent that it calls for documents protected from disclosure by legislative privilege, attorney–client privilege, attorney work-product privilege, deliberative-process privilege, or any other applicable privilege.

Defendant objects to the definition of "control" because it is overbroad. The definition improperly defines "control" to include having "the right to secure the document or copy thereof from any . . . public or private entity having physical control thereof," which could be read to include—for example—the right to secure a document by a Freedom of Information Act request. Defendant objects to this definition insofar as LULAC Plaintiffs seek publicly available documents that are equally accessible to LULAC Plaintiffs. Defendant further objects to this definition including "the right to secure the document or copy thereof from any . . . public or private entity having physical control thereof," as being outside the scope of the requirements of Federal Rule of Civil Procedure 34. Defendant will respond to Plaintiff's requests by reading the definition of "control" consistent with Rule 34.

Defendant objects to the definition of "you" and "your" because it includes "persons. . . purporting to act on behalf of Defendant John Scott." A person "purporting" to be an agent of Defendant does not necessarily make him an agent of Defendant by any rational understanding. As such, this is inclusion is nonsensical and will not be considered during Defendant's search of responsive discovery. Defendant further objects to this definition's inclusion of "any attorney" to the extent it calls for documents from that source that are subject to the attorney–client or work-product privilege.

Defendant objects to the definition of "Legislator" because it is overbroad and inaccurate. The definition improperly groups all persons and entities having any relation to a particular person or entity, when in fact the particular person or entity is independent of those related persons or entities. Defendant objects to the implied application to any related persons or entities without specific enumeration. Defendant further objects to the definition of "Legislator" because it includes "persons or entities . . . purporting to act" on behalf of the Legislator. A person "purporting" to be an agent of a Legislator does not necessarily make him an agent of that Legislator by any rational understanding. As such, this is inclusion is nonsensical and will not be considered during Defendant's search of responsive discovery.

Defendant objects to Plaintiffs' instruction in §II.E (p.6) that "this request for documents includes . . . those within the custody or control of each your attorneys, agents, associates and/or employees; and those to which any of these persons have access" to the extent that it calls for documents protected from disclosure by legislative privilege, attorney–client privilege, attorney work-product privilege, deliberative-process privilege, or any other applicable privilege.

Defendant objects to Plaintiffs' instruction in §II.I (p.7) that "references . . . to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position and all other persons or

entities acting or purporting to act on the individual person's behalf or subject to the control of such a person." Defendant objects to this instruction to the extent that it calls for documents protected from disclosure by legislative privilege, attorney–client privilege, attorney work-product privilege, deliberative-process privilege, or any other applicable privilege. Defendant further objects to this instruction because of the inclusion of "persons or entities . . . purporting to act on the individual person's behalf." A person "purporting" to be an agent of a person does not necessarily make him an agent of that person by any rational understanding. As such, this is inclusion is nonsensical and will not be considered during Defendant's search of responsive discovery.

Defendant objects to Plaintiffs' instruction in §II.J (p.7) that "references . . . to any entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control." Defendant objects to this instruction to the extent that it calls for documents protected from disclosure by legislative privilege, attorney–client privilege, attorney work-product privilege, deliberative-process privilege, or any other applicable privilege. Defendant further objects to this instruction because of the inclusion of "persons or entities . . . purporting to act on behalf of such an organization or subject to its control." A person "purporting" to be an agent of an entity does not necessarily make him an agent of that entity by any rational understanding. As such, this is inclusion is nonsensical and will not be considered during Defendant's search of responsive discovery.

Defendant objects to Plaintiffs' instruction in §II.K (p.7) to "[o]rganize all documents to correspond to each request below or be produced in the order as they are kept in the ordinary course of business" insofar as the demand diverges from the requirements of the Federal Rules. Federal Rule of Civil Procedure 34(b)(2)(E)(i) permits a party to "produce documents as they are kept in the usual course of business"—not in the *order* they are kept in the ordinary course of business. Defendant does not agree to waive this option, nor any other option permitted for responding to these requests under Federal Rule of Civil Procedure 34 or any other Federal or local rule.

Defendant objects to Plaintiffs' instruction in §II.L (p.7) to "label or otherwise designate which documents are responsive to each request." Federal Rule of Civil Procedure 34(b)(2)(E)(i) clearly permits a party to "produce documents as they are kept in the usual course of business *or* . . . organize and label them to correspond to the categories in the request." Defendant does not agree to waive this option, nor any other option permitted for responding to these requests under Federal Rule of Civil Procedure 34 or any other Federal or local rule.

Defendant objects to Plaintiffs' instruction in §II.N (p.8) that "unless otherwise specified, all document requests concern the period of time from January 1, 2019 to the present." Requiring documents between January 1, 2019 and December 31, 2021 is overbroad, irrelevant and unlikely to lead to the discovery of admissible evidence. The special Legislative session in which the maps Plaintiffs challenge were drawn occurred in September and October of 2021. There is no basis for demanded documents created a year or more from that time period. Moreover, because the 3rd Special Session ended in October 2021, Plaintiffs' requests for documents beyond October 2021 are similarly overbroad, irrelevant, and unlikely to lead to the discovery of admissible evidence. Plaintiffs' claims require only evidence as to how and why the redistricting maps were drawn at the time of their

drawing. In the interest of compromise, but without waiving these objections, Defendant will limit its search of documents to the time period of January 1, 2021 to October 25, 2021. Any documents created after the Governor signed the bill are necessarily irrelevant.

Defendant objects to Plaintiffs' instruction in §II.O (p.8) that, "[i]f [Defendant] expects to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, [Defendant is] requested to state this fact in each response." This request is beyond the scope of requirements under Federal Rule of Civil Procedure 34. Defendant does not agree to expand Rule 34 in this way.

## OBJECTIONS TO WARNINGS

Defendant objects to Plaintiff's warning in §III.A (p.8) regarding a "failure to produce the documents requested on time" to the extent that it contradicts Defendant's reserved right to produce documents on a rolling basis in the case that a search is still ongoing.

Defendant objects to Plaintiff's warning in §III.B (p.8) that an "incomplete production will be treated as a failure to produce the requested documents." Defendant reserves the right to produce documents on a rolling basis in the case that a search is still ongoing.

### OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

1.      All documents relating to any redistricting proposal for the Texas Senate, including but not limited to Plan S2168, Senate Bill 4, any draft or introduced amendments to Senate Bill 4, or any other Texas Senate redistricting proposal developed, seen, introduced, discussed or considered by any person. This request includes but is not limited to documents relating to:

   a.   the origination(s) or source(s) of any such redistricting proposal;

   b.   the impetus, rationale, background or motivation for any such redistricting proposal;

   c.   all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations,

voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing census geography;

d.   the pairing of any incumbents in any such redistricting proposal;

e.   any amendment, whether partial or total, to each such redistricting proposal;

f.   negotiations regarding any redistricting proposal; and

g.   all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) voter turnout (including Spanish Surname Voter Turnout), (4) the likelihood of success for Republican candidates in an HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant objects to this request because it seeks documents that are subject to legislative privilege, attorney–client privilege, attorney work-product privilege, deliberative-process privilege, or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501. In particular, requesting analyses "from any source" is likely to encompass documents that are protected by legislative privilege. So too will documents related to "negotiations regarding any redistricting proposal." Requesting "the origination(s)" and "the impetus, rationale, background or motivation" of certain legislative proposals would impermissibly expose thought processes and mental impressions, which are also subject to legislative privilege. Requesting analyses that were "considered" by Legislators, "drafts in the development or revision of" redistricting proposals, "negotiations," and "calculations, reports, audits, estimates, projections, or other analyses" would be subject to legislative privilege for the same reason.

Defendant further objects to this request because it asks them to gather publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendant directs Plaintiffs to the Texas Legislative Council's Capitol Data Portal,[2] where such information may be found. Insofar as the request seeks information on the attendance and date of hearings, and persons

---

[2] https://data.capitol.texas.gov/organization/tlc.

and entities involves, such information may be found at the Texas Senate[3] and Texas House of Representatives[4] websites, as well as on the Texas Legislature Online ("TLO") website.[5] Insofar as the request seeks such information specifically considered by Defendant, the request calls for information subject to the legislative privilege.

Defendant objects to this request requiring documents "developed, seen, discussed or considered by *any person*," which is overbroad and vague. The responding party is the Secretary of State, therefore, any documents searched for, and produced, will be limited to those "developed, seen, discussed or considered by" Defendant John Scott, in his official capacity as the Secretary of State.

Defendant further objects to the phrase "but not limited to" as vague and overbroad. Defendant cannot precisely discern what other documents this phrase encompasses and, therefore, will use reasonable understanding of this request to search for any documents outside of those categories Plaintiffs specifically delineate.

Lastly, insofar as the request seeks legal analysis concerning the "effect or impact" of redistricting proposals on "minority voters," "existing or emerging minority opportunity districts," or "voter turnout," it seeks information that may be subject to the attorney–client privilege or constitute attorney work product.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

2.   All documents relating to any redistricting proposal for the Texas State Board of Education ("SBOE"), including but not limited to Plan E2106, Senate Bill 7, any draft or introduced amendments to Senate Bill 7, or any other Texas SBOE redistricting proposal developed, seen, introduced, discussed or considered by any person. This request includes but is not limited to documents relating to:

   a.   the origination(s) or source(s) of any such redistricting proposal;

   b.   the impetus, rationale, background or motivation for any such redistricting proposal;

---

[3] https://senate.texas.gov/index.php.
[4] https://house.texas.gov/.
[5] https://capitol.texas.gov/Home.aspx.

c.  all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing census geography;

d.  the pairing of any incumbents in any such redistricting proposal;

e.  any amendment, whether partial or total, to each such redistricting proposal;

f.  negotiations regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) voter turnout (including Spanish Surname Voter Turnout), (4) the likelihood of success for Republican candidates in an HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant objects to this request because it seeks documents that are subject to legislative privilege, attorney–client privilege, attorney work-product privilege, deliberative-process privilege, or protected from disclosure by Texas Government Code § 323.017, which is privileged under Fed. R. Evid. 501. In particular, requesting analyses "from any source" is likely to encompass documents that are protected by legislative privilege. So too will documents related to "negotiations regarding any redistricting proposal." Requesting "the origination(s)" and "the impetus, rationale, background or motivation" of certain legislative proposals would impermissibly expose thought processes and mental impressions, which are also subject to legislative privilege. Requesting analyses that were "considered" by Legislators, "drafts in the development or revision of" redistricting proposals, "negotiations," and "calculations, reports, audits, estimates, projections, or other analyses" would be subject to legislative privilege for the same reason.

Defendant further objects to this request because it asks them to gather publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendant directs Plaintiffs to the Texas Legislative Council's Capitol Data Portal,[6] where such information may be found. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involves, such information may be found at the Texas Senate[7] and Texas House of Representatives[8] websites, as well as on the Texas Legislature Online ("TLO") website.[9] Insofar as the request seeks such information specifically considered by Defendant, the request calls for information subject to the legislative privilege.

Defendant objects to this request requiring documents "developed, seen, discussed or considered by *any person*," which is overbroad and vague. The responding party is the Secretary of State, therefore, any documents searched for, and produced, will be limited to those "developed, seen, discussed or considered by" Defendant John Scott, in his official capacity as the Secretary of State.

Defendant further objects to the phrase "but not limited to" as vague and overbroad. Defendant cannot precisely discern what other documents this phrase encompasses and, therefore, will use reasonable understanding of this request to search for any documents outside of those categories Plaintiffs specifically delineate.

Lastly, insofar as the request seeks legal analysis concerning the "effect or impact" of redistricting proposals on "minority voters," "existing or emerging minority opportunity districts," or "voter turnout," it seeks information that may be subject to the attorney–client privilege or constitute attorney work product.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

3.      All documents relating to the process by which a member of the Legislature would propose,

offer, introduce, consider, review, evaluate, amend, propose changes to, vote on, invite testimony

about, receive testimony about, consider testimony on or comment on redistricting plans or any

---

[6] https://data.capitol.texas.gov/organization/tlc.
[7] https://senate.texas.gov/index.php.
[8] https://house.texas.gov/.
[9] https://capitol.texas.gov/Home.aspx.

amendments to redistricting plans for the United States House of Representatives, Texas House of Representatives, Texas Senate or Texas SBOE, including but not limited to planning timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, notetaking, staffing and persons or entities involved.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant objects to this request because it calls for documents that are subject to the legislative privilege. The request seeks documents relating to the "planning" and "timing" of the redistricting process. These go to mental impressions and legislative strategy, which are at the core of the legislative privilege.

Defendant further objects to this request because it asks them to gather publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendant directs Plaintiffs to the Texas Legislative Council's Capitol Data Portal,[10] where such information may be found. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate[11] and Texas House of Representatives[12] websites, as well as on the Texas Legislature Online ("TLO") website.[13] Insofar as the request seeks such information specifically considered by Defendant, the request calls for information subject to the legislative privilege.

Defendant further objects to the phrase "but not limited to" as vague and overbroad. Defendant cannot precisely discern what other documents this phrase encompasses and, therefore, will use reasonable understanding of this request to search for any documents outside of those categories Plaintiffs specifically delineate.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

---

[10] https://data.capitol.texas.gov/organization/tlc.
[11] https://senate.texas.gov/index.php.
[12] https://house.texas.gov/.
[13] https://capitol.texas.gov/Home.aspx.

4.      All documents relating to voting patterns in Texas elections with respect to race, ethnicity or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, information related to racially polarized voting or other analyses.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Insofar as this request asks for calculations, reports, audits, estimates, projections, or other analyses used as part of the redistricting process, Defendant objects that such a request calls for documents that are subject to the legislative privilege. Documents used for the purpose of formulating legislation are at the core of the legislative privilege.

Defendant also objects to this request because it is facially overbroad. It calls for "all" documents relating to voting patterns, without any temporal limitation (other than the one included in the instructions) or further specification. For this reason, documents relating to voting patterns in Texas may well be irrelevant to Plaintiffs' claims—which are limited to several districts in the Texas House of Representatives map and Congressional map.

Defendant further objects to this request insomuch as it asks for "or other analyses." This phrase is vague and ambiguous. Because Defendant cannot discern what "other analyses" Plaintiffs are referring to, Defendant will not consider this phrase in searching for, and producing, responsive documents.

Defendant further objects to the phrase "but not limited to" as vague and overbroad. Defendant cannot precisely discern what other documents this phrase encompasses and, therefore, will use reasonable understanding of this request to search for any documents outside of those categories Plaintiffs specifically delineate.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

5.      For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas Senate developed, seen, discussed or considered by any person complies with the Voting Rights Act, including but not limited to any calculation, reports, audits, estimates, projections, memoranda, or analyses.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant objects to this request because, by its very nature, it calls for documents that are subject to the attorney–client privilege, the legislative privilege, and constitute attorney work product. Legal analysis concerning whether any redistricting bills comply with the VRA will necessarily implicate these privileges.

Defendant objects to this request requiring documents "developed, seen, discussed or considered by *any person*," which is overbroad and vague. The responding party is the Secretary of State, therefore, any documents searched for, and produced, will be limited to those "developed, seen, discussed or considered by" Defendant John Scott, in his official capacity as the Secretary of State.

Defendant further objects to the phrase "but not limited to" as vague and overbroad. Defendant cannot precisely discern what other documents this phrase encompasses and, therefore, will use reasonable understanding of this request to search for any documents outside of those categories Plaintiffs specifically delineate.

Defendant further objects to the request because it seeks all documents extending to "the present." As explained above, documents created after October 25, 2021, are necessarily irrelevant.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

6.     For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas SBOE developed, seen, discussed or considered by any person complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant objects to this request because, by its very nature, it calls for documents that are subject to the attorney–client privilege, the legislative privilege, and constitute attorney work product. Legal analysis concerning whether any redistricting bills comply with the VRA will necessarily implicate these privileges.

Defendant objects to this request requiring documents "developed, seen, discussed or considered by *any person*," which is overbroad and vague. The responding party is the Secretary of State, therefore, any documents searched for, and produced, will be limited to those "developed, seen, discussed or considered by" Defendant John Scott, in his official capacity as the Secretary of State.

Defendant further objects to the phrase "but not limited to" as vague and overbroad. Defendant cannot precisely discern what other documents this phrase encompasses and, therefore, will use reasonable understanding of this request to search for any documents outside of those categories Plaintiffs specifically delineate.

Defendant further objects to the request because it seeks all documents extending to "the present." As explained above, documents created after October 25, 2021, are necessarily irrelevant.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

7.  All documents relating to standards or instructions for redistricting in compliance with applicable laws, including the U.S. Constitution and the Voting Rights Act, including but not limited to any communications, memoranda, legal cases, analyses, trainings or presentations.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant objects to this request because, by its very nature, it calls for documents that are subject to the attorney–client privilege, the legislative privilege, and constitute attorney work product. Legal analysis concerning whether any redistricting bills comply with the VRA will necessarily implicate these privileges.

Defendant further objects to the phrase "but not limited to" as vague and overbroad. Defendant cannot precisely discern what other documents this phrase encompasses and,

therefore, will use reasonable understanding of this request to search for any documents outside of those categories Plaintiffs specifically delineate.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

8.      All documents relating to redistricting of the Texas Senate or the Texas SBOE exchanged between, among, with, or within: the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any legislator's staff, any SBOE member, any SBOE member's staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the office of U.S. Representative from Texas, any candidate for the Texas House, any candidate for the Texas Senate, any candidate for the SBOE, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any professor, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant objects to this request because it is overbroad. The request calls for "[a]ll documents relating to redistricting of the Texas Senate or the Texas SBOE," without any qualifications (other than the listed recipients). That is an extremely broad request and will necessarily apply to many documents that are irrelevant to Plaintiffs' claims in this case.

Defendant also objects to this request because it calls for documents that are covered by the legislative privilege. First, with respect to communications between legislators, it is clear that communications and deliberations by legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). And requesting communications between the office of the Secretary of State and other similar parties, their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)).

Defendant also objects to this request because it calls for documents that are irrelevant to Plaintiffs' claims in this case. Specifically, it is unclear without further specification why documents relating to redistricting exchanged between candidates, political parties, lobbyists, and the other third parties mentioned would be relevant.

Defendant objects to this request to the extent it seeks documents outside of Defendant's possession, custody, or control.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

9.      All other documents relating to redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE from January 1, 2020 to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters or other communications.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant objects to this request because it is overbroad. The request calls for "[a]ll documents relating to redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE," without any qualifications (other than the listed recipients and date range). That is an extremely broad request and will necessarily apply to many documents that are irrelevant to Plaintiffs' claims in this case.

Defendant also objects to this request because it calls for documents that are subject to the legislative privilege. Among others, documents concerning "presentations," "redistricting criteria," and "meeting minutes" go to the legislators' mental impressions and motivations concerning pending legislation, which is clearly covered by the privilege. Of course, communications and deliberations by legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991).

Defendant further objects to the phrase "but not limited to" as vague and overbroad. Defendant cannot precisely discern what other documents this phrase encompasses and, therefore, will use reasonable understanding of this request to search for any documents outside of those categories Plaintiffs specifically delineate.

Defendant further objects to this request insomuch as it asks for "or other communications." This phrase is vague and ambiguous. Because Defendant cannot discern what "other communications" Plaintiffs are referring to, Defendant will not consider this phrase in searching for, and producing, responsive documents.

Defendant further objects to the request because it seeks all documents extending to "the present." As explained above, documents created after October 25, 2021, are necessarily irrelevant.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

10.   All documents relating to apportionment of population that is not total population for

redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE from

January 1, 2020 to the present, including but not limited to redistricting criteria, public statements,

correspondence, emails, meeting minutes, call logs, notes, presentations, studies, advocacy, letters or other communications. "Apportionment of population that is not total population" includes but is not limited to apportionment of citizen voting age population and apportionment of legal resident population.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant objects to this request because it is overbroad. The request calls for "[a]ll documents relating to apportionment of population that is not total population for redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE," without any qualifications (other than the listed recipients and date range). That is an extremely broad request and will necessarily apply to many documents that are irrelevant to Plaintiffs' claims in this case.

Defendant also objects to this request because it calls for documents that are subject to the legislative privilege. Among others, documents concerning "presentations," "redistricting criteria," and "meeting minutes" go to the legislators' mental impressions and motivations concerning pending legislation, which is clearly covered by the privilege. Of course, communications and deliberations by legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991).

Defendant further objects to the phrase "but not limited to" as vague and overbroad. Defendant cannot precisely discern what other documents this phrase encompasses and, therefore, will use reasonable understanding of this request to search for any documents outside of those categories Plaintiffs specifically delineate.

Defendant further objects to this request insomuch as it asks for "or other communications." This phrase is vague and ambiguous. Because Defendant cannot discern what "other communications" Plaintiffs are referring to, Defendant will not consider this phrase in searching for, and producing, responsive documents.

Defendant further objects to the request because it seeks all documents extending to "the present." As explained above, documents created after October 25, 2021, are necessarily irrelevant.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections.

Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

11.     All documents relating to redistricting and Thomas Hofeller, Jerad Najvar, Andy Taylor or

Eric Opiela, from January 1, 2018 to the present.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant objects to this request because it is overbroad. The request calls for "[a]ll documents relating to redistricting and Thomas Hofeller, Jerad Najvar, Andy Taylor or Eric Opiela," without any qualifications (other than the listed recipients and date range). That is an extremely broad request and will necessarily apply to many documents that are irrelevant to Plaintiffs' claims in this case.

Defendant also objects to this request because, by its very nature, it calls for documents that are subject to the attorney–client privilege, the legislative privilege, and constitute attorney work product.

Defendant objects to this request as overbroad in scope of time. Requiring documents between January 1, 2018 and December 31, 2020 is overbroad, irrelevant and unlikely to lead to the discovery of admissible evidence. The special Legislative session in which the maps Plaintiffs challenge were drawn occurred in September and October of 2021. There is no basis for demanded documents created a year or more from that time period. Moreover, because the 3rd Special Session ended in October 2021, Plaintiffs' requests for documents beyond October 2021 are similarly overbroad, irrelevant, and unlikely to lead to the discovery of admissible evidence. Plaintiffs' claims require only evidence as to how and why the redistricting maps were drawn at the time of their drawing. In the interest of compromise, but without waiving these objections, Defendant will limit its search of documents to the time period of January 1, 2021 to October 25, 2021.

Defendant further objects to this request insomuch as it asks for "or other communications." This phrase is vague and ambiguous. Because Defendant cannot discern what "other communications" Plaintiffs are referring to, Defendant will not consider this phrase in searching for, and producing, responsive documents.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant

to this process, this response will be supplemented to reflect that such documents are being withheld.

12.     All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship relating to redistricting of the Texas Senate or Texas SBOE that were exchanged between, among, with or within: the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any legislator's staff, any SBOE member, any SBOE member's staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas Senate, any candidate for the Texas SBOE, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any professor, any expert, any law firm or attorney, any vendor, any group or organization or any member of the public.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant objects to this request because it is overbroad. The request calls for "[a]ll documents relating to enumerations or estimates by the U.S. Census Bureau or Texas

Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship relating to redistricting of the Texas Senate or Texas SBOE," without any qualifications (other than the listed recipients). That is an extremely broad request and will likely apply to many documents that are irrelevant to Plaintiffs' claims in this case.

Defendant also objects to this request because it calls for documents that are covered by the legislative privilege. First, with respect to communications between legislators, it is clear that communications and deliberations by legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). And requesting communications between the office of the Secretary and other similar parties, their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)).

Defendant also objects to this request because it calls for documents that are irrelevant to Plaintiffs' claims in this case. Specifically, it is unclear without further specification why documents relating to demographic enumerations or estimates exchanged between candidates, political parties, lobbyists, and the other third parties mentioned would be relevant.

Defendant objects to this request to the extent it seeks documents outside of Defendant's possession, custody, or control.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

13.   All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting of the Texas Senate or Texas SBOE, including but not limited to any of the following individuals or entities: Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any employee thereof, Michael Best Consulting LLC

or any employee thereof, any consultant, any political operative, any expert, any professor, the Office

of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any

other person or entity.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant objects to this request because it is substantially overbroad. Absolutely no limitation is provided on this request as evidenced by the use of the phrase "any other person or entity." That request is substantially overbroad, unduly burdensome, and not proportional to the needs of the case.

Defendant also objects to this request because, by its very nature, it calls for documents that are subject to the attorney-client privilege, the legislative privilege, and constitute attorney work product. Legal analysis concerning whether HB1, SB6, or other related redistricting bills comply with the VRA will necessarily implicate these privileges. Documents relating to services provided by third parties for a legislative purpose are subject to the legislative privilege. *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)). And documents relating to Defendant and any legal representation, by the Office of the Texas Attorney General or otherwise, is subject to the attorney-client privilege.

Defendant further objects to the phrase "but not limited to" as vague and overbroad. Defendant cannot precisely discern what other documents this phrase encompasses and, therefore, will use reasonable understanding of this request to search for any documents outside of those categories Plaintiffs specifically delineate.

Defendant further objects to this request insomuch as it asks for contracts with "any other person or entity." This phrase is vague and ambiguous. Because Defendant cannot discern what "other person or entity" Plaintiffs are referring to, Defendant will make a reasonable determination of what this phrase means in searching for, and producing, responsive documents.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

14.    Please produce any and all documents relied on for or which you may use to support your answer to Interrogatory No. 1.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

15.    Please produce any and all documents relied on for or which you may use to support your answer to Interrogatory No. 2.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

16.     Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 3.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

17.     Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 4.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

18.    Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 5.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

19.    Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 6.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

20.    Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 7.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

21.    Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 8.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

22.     Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 9.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.
>
> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.
>
> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

23.     Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 10.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.
>
> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.
>
> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

24.     Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 11.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

25.     Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 12.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Section I and II.

> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

26.    Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 13.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

27.    Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 14.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

28.     Please produce any and all documents relied on for or which you may use to support your answer to Interrogatory No. 15.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

29.     Please produce any and all documents relied on for or which you may use to support your answer to Interrogatory No. 16.

**OBJECTIONS**:

For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

30.     Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 17.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

31.     Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 18.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

32.     Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 19.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed
> immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in
> Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on
> legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged
> documents and communications on a rolling basis, within a reasonable time of this response
> to the extent they are not withheld based on any of the foregoing privileges or objections.
> Should responsive documents subject to privilege, objection, or both, be identified pursuant
> to this process, this response will be supplemented to reflect that such documents are being
> withheld.

33.     Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 20.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed
> immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in
> Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on
> legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged
> documents and communications on a rolling basis, within a reasonable time of this response
> to the extent they are not withheld based on any of the foregoing privileges or objections.
> Should responsive documents subject to privilege, objection, or both, be identified pursuant
> to this process, this response will be supplemented to reflect that such documents are being
> withheld.

34.     Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 21.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

35.     Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 22.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

36.     Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 23.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

37.     Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 24.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

38.     Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 25.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

39.     Please produce any and all documents relied on for or which you may use to support your

answer to Interrogatory No. 26.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

40.     All documents responsive to, identified in or relied on in responding to any request for

admission served upon Defendants by LULAC Plaintiffs in relation to this action.

**OBJECTIONS**:

> For the sake of brevity, Defendant incorporates, by reference, the objections detailed immediately above in Sections I, II, and III.

> Defendant also incorporates all objections made to this interrogatory as they are found in Defendant's Interrogatory Responses and any amended responses.

> Defendant objects to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

**RESPONSE**:

> Defendant has conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.