

**Exhibit E**

**National Headquarters**
MALDEF Nonprofit Center
634 S. Spring Street, 12th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Atlanta**
**Program Office**
500 W. Lanier Ave.
Suite 908
Fayetteville, GA 30215
*Tel:* 470.878.0785

**Chicago**
**Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
*Tel:* 312.427.0701
*Fax:* 312.427.0691

**Los Angeles**
**Regional Office**
634 S. Spring Street,
11th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Sacramento**
**Program Office**
1512 14th Street
Sacramento, CA 95814
*Tel:* 916.444.3031
*Fax:* 916.444.7207

**San Antonio**
**Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
*Tel:* 210.224.5476
*Fax:* 210.224.5382

**Washington, D.C.**
**Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
*Tel:* 202.293.2828

April 26, 2022

Patrick K. Sweeten
Deputy Attorney General for Special Litigation
Eric A. Hudson
Senior Special Counsel
Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, TX  78711-2548

**RE:  Defendants' Discovery Objections, *LULAC v. Abbott*,
No.  3:21-cv-259-DCG-JES-JVB (W.D. Tex.)**

Dear Counsel,

I write to respond to your clients' objections to certain discovery requests propounded by LULAC Plaintiffs in their First Set of Interrogatories and First Set of Requests for Production of Documents.[1]  I send this letter in advance of our meet and confer in the hope that we can narrow some of the areas of disagreement between the parties.[2]

**I.       Defendants' Relevance and Proportionality Objections are Unfounded.**

Defendants Greg Abbott and John Scott improperly assert relevance and proportionality objections to each of LULAC Plaintiffs' discovery requests.

---

[1]  Specifically, this letter concerns the objections raised in:  Defendant Greg Abbott's March 24, 2022 Objections and Answers to LULAC's First Set of Interrogatories ("Abbott Interrogatories Objections"); Defendant John Scott's March 24, 2022 Objections and Answers to LULAC's First Set of Interrogatories ("Scott Interrogatories Objections"); Defendant Abbott's April 4, 2022 Objections and Responses to LULAC Plaintiffs' First Request for Production of Documents ("Abbott RFP Objections"); and Defendant Scott's April 4, 2022 Objections and Responses to LULAC Plaintiffs' First Request for Production of Documents ("Scott RFP Objections").

[2]  On April 21, 2022, LULAC Plaintiffs filed their Second Amended Complaint, adding the State of Texas as a defendant.  Dkt. 237.  No discovery has been propounded on the State of Texas as of the date of this letter.  For ease of readability, unless otherwise noted, any use of "Defendants" in this letter shall refer to Defendants Greg Abbott and John Scott, upon whom LULAC Plaintiffs have served discovery requests.

Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). "Relevant information encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *St. Pierre v. Dearborn Nat'l Life Ins. Co.*, No. 3:19-cv-223-DCG, 2020 WL 6122555, at *3 (W.D. Tex. Apr. 14, 2020). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Id.* (quotation omitted).

Measured against the scope of relevance and proportionality, Defendants' objections lack merit. LULAC Plaintiffs have asserted claims for which legislative intent is highly relevant, and documents regarding proposed redistricting plans and amendments, data related to those plans, and communications and analyses related to proposed plans or amendments—or the process by which those plans or amendments would be considered—are all plainly relevant to intent. Additionally, documents exchanged between candidates, political parties, lobbyists, and other third parties may shed light on the intent of legislators or any influence those individuals may have had over the redistricting process. Further, as Defendants have claimed, "this case requires a district-by-district analysis. Since these challenges are statewide, that means that every single district across the entire state of Texas must be analyzed[.]" Dkt. 211 at 1 (cleaned up). Thus, according to Defendants, the instant suit calls for a great "breadth of information," and "much of the relevant information will be district-specific." *Id.* at 2. Given the need for this "breadth of information," LULAC Plaintiffs' discovery requests are relevant and proportional, and Defendants must withdraw their relevance and proportionality objections.

## II.   Defendants' Privilege Objections are Improper.

Defendants assert objections based on various and incorrect claims of privilege to every discovery request. Defendants claim that certain requested documents are subject to the legislative privilege, Texas Government Code § 323.017, the deliberative-process privilege, the attorney-client privilege, and the attorney work-product privilege. But Defendants are incorrect.

First, Defendants improperly assert legislative privilege objections to LULAC Plaintiffs' discovery requests. As to each of LULAC Plaintiffs' requests for production of documents, Defendants—members of the executive branch—assert that, "given that the requested production directly relates to legislative activities, much of the requested production is subject to legislative privilege," Abbott RFP Objections at 3; Scott RFP Objections at 3, and they similarly invoke legislative privilege as to each of LULAC Plaintiffs' interrogatories, Abbott Interrogatories Objections at 3; Scott Interrogatories Objections at 3. Regarding the application of legislative privilege to individuals outside of the legislative branch, Defendants Abbott and Scott state that "the Supreme Court has repeatedly recognized that 'officials outside the legislative branch are entitled to

legislative *immunity* when they perform legislative functions.'"  Abbott RFP Objections at 3, 17, 22; Scott RFP Objections at 3, 17, 22 (emphasis added).  Thus, according to Defendants, they may assert legislative privilege over documents and answers responsive to LULAC Plaintiffs' discovery requests.

However, courts in the Fifth Circuit have rejected that position.  As the Fifth Circuit has made clear, common-law legislative privilege is "an evidentiary privilege, 'governed by federal common law, as applied through Rule 501 of the Federal Rules of Evidence.'"  *Jefferson Cmty. Health Care Cntrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017) (quoting *Perez v. Perry*, No. SA-11-cv-360, 2014 WL 106927, at *1 (W.D. Tex. Jan. 8, 2014)).  And regarding this privilege, courts in this Circuit—including the three-judge court in the prior round of Texas redistricting litigation—have consistently held that "neither the Governor, nor the Secretary of State or the State of Texas has standing to assert the legislative privilege on behalf of any legislator or staff member."  *Perez*, 2014 WL 106927, at *1; *see also Gilby v. Hughes*, 471 F. Supp. 3d 763, 768 (W.D. Tex. 2020); *TitleMax of Tex., Inc. v. City of Dallas*, No. 3:21-cv-1040, 2022 WL326566, at *6 (N.D. Tex. Feb. 3, 2022).  That is because "[l]egislative privilege is a personal one and may be waived or asserted" by only each individual legislator. *Gilby*, 471 F. Supp. 3d at 768 (citing *Perez*, 2014 WL 106927, at *1).  Nor, of course, are Defendants entitled to assert the legislative privilege on their own behalf for documents within their own agencies, as they are members of the executive branch—*not* the legislative branch.[3]  *See, e.g.*, *Perez*, 2014 WL 106927, at *2.  Accordingly, Defendants cannot invoke legislative privilege to object to LULAC Plaintiffs' discovery requests.

Nor does Texas Government Code § 323.017—upon which Defendants rely as a basis for asserting legislative privilege—counsel otherwise, as it is inapplicable in this case.[4]  "Federal Rule of Evidence 501 provides that federal common law of privilege

---

[3] Defendants' mistaken invocation of legislative privilege appears to have resulted, at least in part, from a conflation of legislative *immunity* and legislative *privilege*, applying case law regarding the former to the latter.  *See, e.g.*, Abbott RFP Objections at 3, 17, 22; Scott RFP Objections at 3, 17, 22.  But as the Fifth Circuit has emphasized, the two are distinct concepts. *Jefferson Cmty.*, 849 F.3d at 624 (citing *Perez*, 2014 WL 106927, at *2).  Indeed, while legislative immunity is absolute, legislative privilege for state lawmakers is qualified, and the "privilege 'must be strictly construed and accepted only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth.'"  *Id.* (quoting *Perez*, 2014 WL 106927, at *1).  Thus, even if Defendants could invoke legislative privilege—and they cannot—they have failed to show why such a qualified privilege applies to any of the responses here.  *See Perez*, 2014 WL 106927, at *2 ("It is well settled that the party asserting the privilege has the burden of establishing its applicability.").

[4] Section 323.017 of the Texas Government Code provides, among other things:

> Communications, including conversations, correspondence, and electronic communications, between a member of the legislature or the lieutenant governor, an officer of the house or senate, a legislative agency, office, or committee or a member of the staff of any of those officers or entities and an assistant or employee of the council that relate to a request by the officer or entity for information, advice, or

applies in general in federal cases." *Hobart v. City of Stafford*, 784 F. Supp. 2d 732, 764 n.22 (S.D. Tex. 2011); *see also TitleMax*, 2022 WL326566, at *2. The instant suit is pending in federal court and arises under federal causes of action. *See* Dkt. 237. Accordingly, "the Court must apply the federal common law as to legislative privilege, even though the privilege as applied under Texas law may offer more protection" to individuals who invoke it. *TitleMax*, 2022 WL326566, at *4. As such, Texas Government Code § 323.017 is inapplicable here, and Defendants cannot object to LULAC Plaintiffs' discovery requests on the basis of legislative privilege.

Accordingly, Defendants must withdraw their assertions of legislative privilege and privilege under Texas Government Code § 323.017.

Second, Defendants incorrectly invoke the deliberative-process privilege. Although the "[d]eliberative-process privilege protects candid discussions *within* the executive branch needed for optimum administrative decision making," that "rationale does not support privilege for communication where the agency is not the decision maker and the separation of powers veil has been pierced." *Gilby*, 471 F. Supp. 3d at 767 (emphasis added). "At issue here is not the internal decision-making processes of the executive branch, but instead a part of the legislative process." *Id.* By invoking the deliberative-process privilege in the context of legislative decisionmaking, Defendants essentially "ask[] the court to expand deliberative-process privilege to protect legislators' need for flexibility to obtain candid input about pending legislation from the Executive Branch that will ultimately enforce, implement, or provide interpretations of law." *Id.* (cleaned up). That position, however, "is inconsistent with the purposes of both legislative privilege and deliberative-process privilege." *Id.* at 767–68. Accordingly, Defendants may not object to LULAC Plaintiffs' discovery requests based on the deliberative-process privilege and must withdraw their assertions of that privilege.

LULAC Plaintiffs are willing to confer about any remaining privilege concerns that Defendants may maintain, should any exist, as well as how such claims can be fairly evaluated.

### III.   Defendants' Objections to Definitions in LULAC Plaintiffs' Discovery Requests are Without Merit.

Defendants object to the definition of "you" or "your" and "Legislator" in LULAC Plaintiffs' discovery requests because they include the phrase "purporting to act," asserting that the phrase is nonsensical, unduly burdensome, and calls for responses outside the bounds of the discovery rules—and therefore will not be considered in their search for responsive discovery. *See* Abbott Interrogatories Objections at 4; Scott Interrogatories Objections at 4; Abbott RFP Objections at 5; Scott RFP Objections at 5.

---

opinions from an assistant or employee of the council are confidential and subject to legislative privilege.

Tex. Gov't Code § 323.017(a).

However, Defendants' objection is without merit.   Notably, in Defendants' own discovery requests to LULAC Plaintiffs, "you" or "your" is defined as:

> "Plaintiff," "you," and "your" refers to League of United Latin American Citizens, Southwest Voter Registration Education Project, Mi Familia Vota, American GI Forum, La Union Del Pueblo Entero, Mexican American Bar Association of Texas, Texas Hispanics Organized for Political Education, William C. Velasquez Institute, Fiel Houston Inc., Texas Association of Latino Administrators and Superintendents, Proyecto Azteca, Reform Immigration for Texas Alliance, Workers Defense Project, Emelda Menendez, Gilberto Menendez, Jose Olivares, Florinda Chavez, Joey Cardenas, Paulita Sanchez, Jo Ann Acevedo, David Lopez, Diana Martinez Alexander, and Jeandra Ortiz, and any representative acting or *purporting to act* on their behalf, including but not limited to employees, attorneys, consultants, agents, and any other representative.

State Defendants' First Set of Interrogatories to LULAC Plaintiffs at 3 (emphasis added); *see also* State Defendants' First Request For Production To LULAC Plaintiffs at 3. Given Defendants' use of the same phrase in their own discovery requests, they concede that "purporting to act" is neither nonsensical nor unduly burdensome nor calling for responses outside the bounds of discovery.  Accordingly, Defendants must withdraw their objections and accept the phrase in their search for responsive discovery.

Additionally, Defendants object to the definition of "you" or "your" in LULAC Plaintiffs' interrogatories because it includes the phrase "staff member," claiming that the inclusion of "staff member" is vague and unduly burdensome.  *See* Abbott Interrogatories Objections at 4; Scott Interrogatories Objections at 4.   However, Defendants' objections are without merit, as they fail to articulate how the inclusion of the word "staff member" is unduly burdensome.  *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) ("A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive."). Moreover, where terms are not defined, Defendants "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories," *id.* at 491 (quotation omitted), just as they do in other portions of their responses to LULAC Plaintiffs' discovery requests, *see, e.g.*, Abbott RFP Objections at 9 (objecting to "but not limited to" as vague and overbroad but nevertheless stating that they "will use reasonable understanding of this request to search for any documents").  Accordingly, Defendants must withdraw their objections to LULAC Plaintiffs' definition of "you" and "your" and fully respond to LULAC Plaintiffs' discovery requests.

IV.    **Defendants' Assertions that LULAC Plaintiffs' Discovery Requests are Overbroad, Vague, or Unduly Burdensome are Without Merit.**

Defendants improperly assert that a number of LULAC Plaintiffs' discovery requests are overbroad, vague, or unduly burdensome.

First, Defendants' object in a boilerplate fashion to the definitions included in LULAC Plaintiffs' discovery requests. As to each of LULAC Plaintiffs' discovery requests, Defendants note they "object[] to and will refrain from extending or modifying any words employed in the Requests to comport with any expanded definitions or instructions." Abbott Interrogatories Objections at 4; Scott Interrogatories Objections at 4; Abbott RFP Objections at 4; Scott RFP Objections at 4. However, Defendants do not articulate the basis of their objection, thereby failing to meet their burden of "show[ing] how each discovery request is . . . objectionable." *See St. Pierre*, 2020 WL 6122555, at *2. Moreover, Defendants' recurring objections are also improper because they fail to indicate whether Defendants are withholding documents pursuant to their objections. *See* Fed. R. Civ. P. 34(b)(2)(C); *see also VeroBlue Farms USA Inc. v. Wulf*, --- F.R.D. ----, ----, 2021 WL 5176839, at *8 (N.D. Tex. Nov. 8, 2021). Accordingly, Defendants must withdraw these objections and respond to LULAC Plaintiffs' discovery requests consistent with the definitions set forth therein.

Second, Defendants improperly objected to LULAC Plaintiffs' instructions to search for documents from January 1, 2019 to the present, instead limiting their search to January 1, 2021 to October 25, 2021. Abbott RFP Objections at 6; Scott RFP Objections at 6. Testimony during the preliminary injunction hearing in this action revealed that legislators met prior to 2021 to discuss redistricting. Accordingly, documents prior to January 1, 2021 may provide evidence of legislators' intent and the development of the redistricting process, which is more than enough to satisfy the relevancy standard. *See St. Pierre*, 2020 612255, at *3. Moreover, Defendants fail to explain how LULAC Plaintiffs' instructed period of time is unduly burdensome. Accordingly, Defendants must withdraw their objections to the instructed period of time and fully respond to LULAC Plaintiffs' Interrogatories and Requests for Production to Defendants.

Third, regarding the requests for certain documents "developed, seen, discussed or considered by any person," Defendants improperly limit the scope of their responses.[5] More specifically, Defendants assert that, because only Abbott and Scott respond to these requests, "any documents searched for, and produced, will be limited to those 'developed, seen, discussed or considered'" by Abbott in his capacity as governor or Scott in his capacity as Secretary of State. *See, e.g.*, Abbott RFP Objections at 9. But that justification is unavailing. After all, "Rule 34 provides that, subject to the relevancy limitations of Rule 26, a party may serve on any other party a request 'to produce . . . items in the responding party's possession, custody, or control,'" and "a party can 'control' documents that are within the possession or custody of a non-party." *Perez v. Perry*, No. SA-11-cv-360, 2014 WL 1796661, at *1 (W.D. Tex. May 6, 2014) (quoting Fed. R. Civ. P. 34(a)(1)(A)); *see also St. Pierre*, 2020 WL 612255, at *4. Because Defendants may have in their possession, custody, or control documents that they

---

[5] As to this issue, Defendants object to LULAC Plaintiffs' Document Requests #1, 2, 5 and 6.

themselves may not have "developed, seen, discussed or considered," but that are nevertheless relevant to the case, Defendants must withdraw their objection and conduct a search for documents to the full extent called for by LULAC Plaintiffs' requests.

Fourth, Defendants make additional improper objections to LULAC Plaintiffs' Document Request #4.  Document Request #4 for both Abbott and Scott seeks:  "All documents relating to voting patterns in Texas elections with respect to race, ethnicity or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, information related to racially polarized voting or other analyses." Regarding this request, Defendants assert that "documents relating to voting patterns in Texas may well be irrelevant to Plaintiffs' claims—which are limited to several districts in the Texas House of Representatives map and Congressional map."  Abbott RFP Objections at 13; Scott Objections at 13.  That objection is improper for several reasons. Most significantly, because LULAC Plaintiffs challenge all redistricting plans for both their district-specific *and statewide* effects on Latino voting strength, *see* Dkt. 237 ¶¶ 177–78, voting trends across the state are relevant to their claims—a fact that, as noted above, Defendants have already acknowledged earlier in this case, *see* Section I; *see also* Dkt. 211 at 1–2.  Moreover, Defendants fail to mention LULAC Plaintiffs' claims regarding the Texas Senate or Texas State Board of Education, suggesting that Defendants may not conduct searches regarding those claims in response to this request. Finally, Defendants fail to indicate the extent to which they will withhold documents or decline to search for documents in connection with this objection.  *VeroBlue Farms*, --- F.R.D. at ----, 2021 WL 5176839, at *8.

Additionally, regarding Request #4, Defendants improperly object to the phrase "or other analyses" as vague and ambiguous.  Regarding this objection, Defendants state that they "cannot discern what 'other analyses Plaintiffs are referring to" and therefore "will not consider this phrase in searching for, and producing, responsive documents." Abbott RFP Objections at 13; Scott Objections at 13.  But again, to the extent that Defendants considered the phrase vague or ambiguous, they were obligated to exercise reason and common sense in interpreting the phrase and, in any event, if they believed "that the request is vague," they "should [have] attempted to obtain clarification prior to objecting on this ground."  *Heller*, 303 F.R.D. at 491–92.  For example, "other analyses" could be voter polls or scholarly articles.  Accordingly, Defendants must withdraw these objections to Request #4 and conduct a search consistent with the full scope of that request.

Sixth, Defendants incorrectly object to the phrase "or other communications" in LULAC Plaintiffs' Document Requests #9 and 10.[6]  Those requests call for certain documents including but not limited to "public statements, correspondence, emails, meeting minutes, call logs, presentations, studies, advocacy, letters or other communications."  *See, e.g.*, Abbott RFP Objections at 18–19 (Request #10); *see also id.*

---

[6] Defendants also object to the phrase in Document Request #11.  Abbott RFP Objections at 20; Scott RFP Objections at 20.  However, because Document Request #11 does not contain the phrase "or other communications," the objection is inapplicable to that request.

at 17 (identical language in Request #9 but for the addition of "calendar invitations"). Defendants assert that the phrase "or other communications" is ambiguous and, as a result, fail to consider the phrase in searching for or producing responsive documents. *See, e.g.*, *id.* at 19.   However, LULAC Plaintiffs provide a definition for the term "communication" in their discovery requests, affording Defendants the necessary context to comprehend the request.   And in any event, as with Request #4, Defendants should have attempted to obtain clarification prior to objecting on this ground. *See Heller*, 303 F.R.D. at 491–92.   Accordingly, Defendants must withdraw this objection and conduct a search consistent with the full scope of Document Requests #9 and 10.

* * *

LULAC Plaintiffs reserve the right to raise additional issues with Defendants' objections either during the parties' meet and confer or at a later meeting, as necessary.   I look forward to speaking with you about these matters and hope that the parties can narrow the scope of disagreement or reach an amicable resolution without seeking Court intervention.

Sincerely,

Nina Perales
Vice President of Litigation

*Counsel for LULAC Plaintiffs*