# Exhibit G

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § | |
| *Plaintiffs,* | § § | Case No. 3:21-cv-00259 |
| v. | § § | [Lead Case] |
| GREG ABBOTT, *et al.*, | § § | |
| *Defendants.* | § | |

| | | |
|---|---|---|
| VOTO LATINO, *et al.*, | § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Case No. 1:21-cv-00965 |
| GREG ABBOTT, *et al.*, | § § | [Consolidated Case] |
| *Defendants.* | § § | |

### OBJECTIONS AND RESPONSES TO VOTO LATINO PLAINTIFFS'
### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:   Voto Latino Plaintiffs, by and through its attorneys of record, Renea Hicks, P.O. Box 303187, Austin, Texas 78703-0504; Abha Khanna, Elias Law Group LLP, 1700 Seventh Ave, Suite 2100, Seattle, WA 98101; and Kevin J. Hamilton, Perkins Coie, 1201 Third Avenue, Suite 4900, Seattle, WA 98101-3099

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Greg Abbott, in his official capacity as Governor of Texas, and John Scott, in his capacity as the Texas Secretary of State, provide these Objections and Responses to Voto Latino's First Request for Production of Documents to Defendants.

Date: April 18, 2022

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Respectfully submitted.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**Counsel for Defendants**


## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2022, the attached Objections and Responses to Voto Latino Plaintiffs' First Request for Production of Documents to Defendants was served on opposing counsel via electronic mail to the foregoing:

David Fox: dfox@elias.law
Renea Hicks: Rhicks@renea-hicks.com
Abha Khanna: akhanna@elias.law
Aria Branch: abranch@perkinscoie.com
Kevin Hamilton: khamilton@perkinscoie.com

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation

## OBJECTIONS RELEVANT TO EACH REQUEST

Defendants asserts that each of the following objections applies specifically to each request. In the interest of brevity, these objections are offered here to avoid unnecessary repetition of objections to definitions, scope, and similar issues that afflict each request. These objections are as follows:

There is currently a protective order in place between the parties. To the extent that documents may be identified that are discoverable but are not contemplated by the current protective order, any such documents that are identified will be withheld and described in the responses, with the clarification that such production will first require entry of a protective order before the documents may be disclosed.

The Federal Rules allow for discovery of only "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The twin demands for relevancy and proportionality "are related but distinct requirements." *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). Thus, if the information sought is irrelevant to the party's claims or defenses, "it is not necessary to determine whether it would be proportional if it *were* relevant." *Walker v. Pioneer Prod. Servs., Inc.*, No. CV 15-0645, 2016 WL 1244510, at *3 (E.D. La. Mar. 30, 2016). Conversely, "relevance alone does not translate into automatic discoverability" because "[a]n assessment of proportionality is essential." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019). Accordingly, Defendants object to these requests to the extent that the information sought is either irrelevant or disproportionate.

Given Defendants' roles as Governor and Secretary of State, and the scope of the requests, much of the requested production is subject to the deliberative-process privilege. This privilege covers "documents reflecting advisory opinions, recommendations[,] and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of the Interior v. Klamath Water Users Prot. Ass'n*, 532 U.S. 1, 8 (2001) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)). It "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions.'" *Id.* at 8–9 (quoting *Sears, Roebuck & Co.*, 421 U.S. at 151). Under this privilege, deliberative and predecisional oral and written communications, as well as related facts, are protected from disclosure. *E.g.*, *Swanston v. City of Plano*, No. 4:19-cv-412, 2020 WL 4732214, at *2 (E.D. Tex. Aug. 14, 2020) (citing *Skelton v. U.S. Postal Serv.*, 678 F.2d 35, 38 (5th Cir. 1982)).

In addition, given that the requested production directly relates to legislative activities, much of the requested production is subject to legislative privilege. That privilege traces its roots to before the founding of the Republic, as it has "taproots in the Parliamentary struggles of the Sixteenth and Seventeenth Centuries." *Tenney v. Brandhove*, 341 U.S. 372 (1951). The privilege protects not only legislators, but their staff and aides as well. *See Gravel v. United States*, 408 U.S. 606, 615–16 (1972). And requesting communications between the office of the Governor, the office of the Lieutenant Governor, the office of the Secretary of State, and other similar parties, their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)). Here, Plaintiffs' attempt to compel disclosure of a legislator's "thought processes or the communications [he] had with other

legislators" through Defendants' official-capacity roles falls within the well-established contours of legislative privilege. *Perez v. Perry*, No. 5:11-cv-360, 2014 WL 3495414 (W.D. Tex. July 11, 2014).

The inadvertent production or disclosure of any privileged documents or information shall not constitute or be deemed to be a waiver of any applicable privilege with respect to such document or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. Defendants reserve the right not to produce documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. Defendants likewise do not waive the right to object, on any and all grounds, to (1) the evidentiary use of documents produced in response to these requests; and (2) discovery requests relating to those documents.

A portion of the requested production is also irrelevant to Plaintiffs' claims and is thus identified individually below. But a much larger portion of the request is not proportional to the needs of the case. The proportionality language was inserted into Rule 26(b) in 2015 "to emphasize the need for proportionality," *Prasad v. George Washington Univ.*, 323 F.R.D. 88, 91 (D.D.C. 2017), and "highlight[] its significance," *Mannina v. D.C.*, 334 F.R.D. 336, 339 n.4 (D.D.C. 2020); *see also* Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary at 6, Supreme Court of the United States,[1] ("Rule 26(b)(1) crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality[.]"). As the Advisory Committee explained, this addition of overt "proportional" language was meant to better reflect the intent of the 1983 amendments, which were designed "to deal with the problem of over-discovery." Fed. R. Civ. P. 26(b) advisory committee's note (2015) (quoting the 1983 advisory notes). But this "clear focus of the 1983 provisions may have been softened, although inadvertently, by the amendments made in 1993." *Id.* The 2015 amendment sought to "restore[] the proportionality factors to their original place in defining the scope of discovery" and reinforce the parties' obligation "to consider these factors in making discovery requests, responses, or objections." *Id.* As fully restored, the proportionality requirement "relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 672 (2019). Accordingly, Defendants object to Plaintiffs' requests to the extent that they fall short of this more stringent proportionality standard.

These responses and objections are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information or documents requested. All answers are given without prejudice to Defendants' right to object to the discovery of any documents, facts, or information discovered after the date hereof. Likewise, these responses and objections are not intended to be, and shall not be construed as, agreement with Plaintiffs' characterization of any facts, circumstances, or legal obligations. Defendants reserve the right to contest any such characterization as inaccurate and object to the Requests insofar as they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

Defendants will provide responses based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. Defendants object to and will refrain from extending or modifying any words employed in the Requests to comport with any expanded definitions or

---

[1] https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf.

4

instructions. Defendants will answer the Requests to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Western District of Texas.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendants object to the definitions of "document" and "communication" to the extent that either calls for documents protected from disclosure by legislative privilege, attorney–client privilege, attorney work-product privilege, deliberative-process privilege, or any other applicable privilege.

Defendants object to the definition of "Defendants" because it includes "persons or entities . . . purporting to act on their behalf." A person "purporting" to be an agent of Defendants does not necessarily make him an agent of Defendants. This term is illogical and will not be considered during Defendants' search of responsive discovery. Defendants further object to this definition's inclusion of "attorneys" to the extent it calls for documents from that source that are subject to the attorney–client or work-product privilege.

Defendants object to the definition of "Legislator" because it is overbroad and inaccurate. The definition improperly groups all persons and entities having any relation to a particular person or entity, when in fact the particular person or entity is independent of those related persons or entities. Defendants object to the implied application to any related persons or entities without specific enumeration. Defendants further object to the definition of "Legislator" because it includes "persons or entities . . . purporting to act" on behalf of the Legislator. A person "purporting" to be an agent of a Legislator does not necessarily make him an agent of that Legislator. This term is illogical and will not be considered during Defendants' search of responsive discovery.

Defendants object to Plaintiffs' Instruction No. 1 (p.4) to the extent it suggests documents within Defendants' possession, custody or control are "documents which Defendants have the legal right to obtain on demand or the practical ability to obtain from a nonparty to this action." This statement, as written, appears to have no limitation on it and is, therefore, vague and overbroad. This could be read to include—for example—the right to secure a document by a Freedom of Information Act request. Defendants object to this definition insofar as Plaintiffs seek publicly available documents that are equally accessible to Plaintiffs. Defendants further object to this instruction's inclusion of this statement as being outside the scope of the requirements of Federal Rule of Civil Procedure 34. Defendants will respond to Plaintiffs' requests by considering what is in its "actual possession, custody, or control" consistent with Rule 34.

Defendants object to Plaintiffs' Instructions No. 2-3 (p.4) to the extent they include attorneys as a type of individual or entity. Defendants object insomuch as this inclusion calls for documents protected from disclosure by legislative privilege, attorney–client privilege, attorney work-product privilege, deliberative-process privilege, or any other applicable privilege. Defendants further object to this instruction because of the inclusion of "persons or entities . . . purporting to act on the individual person's behalf" or "on behalf of such an organization." A person or entity "purporting" to be an agent of a person does not necessarily make him or it an agent of that person. That term is illogical and will not be considered during Defendants' search of responsive discovery.

Defendants object to Plaintiffs' Instruction No. 8 wherein Plaintiffs claim they "will treat any ground [for objection] not stated as waived." Such is not within Plaintiffs' purview, but rather, is a matter for

the Court to determine. As such, Defendants will not concede that they have "waived" any objections on the basis that Plaintiffs believe it to be so.

Defendants object to Plaintiffs' Instruction No. 13 (p.6) that, "[i]f Defendants expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, Defendants are requested to state this fact in each response." This request is beyond the scope of requirements under Federal Rule of Civil Procedure 34. Defendants do not agree to expand Rule 34 in this way.

Defendants object to Plaintiffs' Instruction No. 14 (p.6) that "unless otherwise specified, all document requests concern the period of time from January 1, 2019 to the present." Requiring documents between January 1, 2019 and December 31, 2021 is overbroad, irrelevant and unlikely to lead to the discovery of admissible evidence. The special Legislative session in which the maps Plaintiffs challenge were drawn occurred in September and October of 2021. There is no basis for demanded documents created a year or more from that time period. Moreover, because the 3rd Special Session ended in October 2021, Plaintiffs' requests for documents beyond October 2021 are similarly overbroad, irrelevant, and unlikely to lead to the discovery of admissible evidence. Plaintiffs' claims require only evidence as to how and why the redistricting maps were drawn at the time of their drawing. In the interest of compromise, but without waiving these objections, Defendants will limit their search of documents to the time period of January 1, 2021 to October 25, 2021. Any documents created after the Governor signed the bill are irrelevant.

### OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

1.     All documents relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives, including but not limited to Senate Bill 6, and any other Congressional redistricting proposals drawn, discussed, or considered. This request includes but is not limited to documents relating to:

   a.   the origination(s) or source(s) of any such redistricting proposal;

   b.   the impetus, rationale, background or motivation for any such redistricting proposal;

   c.   all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing census geography;

   d.   the pairing of any incumbents in any such redistricting proposal;

   e.   any amendment, whether partial or total, to each such redistricting proposal;

   f.   negotiations regarding any redistricting proposal; and

   g.   all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, (3) voter turnout (including Spanish Surname Voter Turnout)—that could result from the implementation of any such redistricting proposal.

**OBJECTIONS**:

   For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. Defendants further object to this request to the extent that it requires Defendants to search and examine any and all emails directed to or from SOS or OOG employees dating to January of 2019. SOS and OOG employ hundreds of employees across many different divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. Defendants are prepared to meet and confer concerning both custodians and reasonable search terms.

Defendants object to this request because it calls for the production of documents either: (a) subject to legislative, attorney-client, attorney work-product, or deliberative process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Fed. R. Evid. 501. In particular, requesting analyses "from any source" is encompasses documents protected by legislative privilege. Furnishing "the origination(s)" and "the impetus, rationale, background, or motivation" of certain legislative proposals would impermissibly expose thought processes and mental impressions, which are also subject to legislative privilege. Analyses that were "considered by" the Legislature, "drafts in the development or revision of" redistricting proposals, redistricting-related "negotiations," and "calculations, reports, audits, estimates, projections, or other analyses" would all be subject to legislative privilege for the same reason.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendants directs Plaintiffs to publicly-accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, https://lrl.texas.gov/collections/journals/journals.cfm.

Defendants further object to the phrase "but not limited to" as vague and overbroad. Defendants cannot precisely discern what other documents this phrase encompasses and, therefore, will use reasonable understanding of this request to search for any documents outside of those categories Plaintiffs specifically delineate.

Last, insofar as the request seeks legal analysis concerning the "effect or impact" of redistricting proposals on "minority voters," "existing or emerging minority opportunity districts," or "voter turnout," it seeks information subject to the attorney-client privilege or constituting attorney work product.

**RESPONSE**:

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

2.      All documents relating to the redistricting process for the Texas delegation to the U.S. House

of Representatives, including but not limited to planning, timing, hearings, outreach, publicity, public

participation, deadlines, limitations, and persons or entities involved.

**OBJECTIONS**:

For the sake of brevity, Defendants incorporates, by reference, the objections detailed immediately above.

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. Defendants further object to this request to the extent that it requires Defendants to search and examine any and all emails directed to or from SOS or OOG employees dating to January of 2019. SOS and OOG employ hundreds of employees across many different divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. Defendants are prepared to meet and confer concerning both custodians and reasonable search terms.

Defendants object to this request because it calls for the production of documents either: (a) subject to legislative, attorney-client, attorney work-product, or deliberative process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Fed. R. Evid. 501.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendants direct Plaintiffs to publicly-accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history for Senate Bill 6 is publicly available. *See* Texas Legislature Online, *available at* https://legiscan.com/TX/bill/SB6/2021/X3.

- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, https://lrl.texas.gov/collections/journals/journals.cfm.

- Defendants also object to this request because it seeks publicly available documents that are equally accessible to Plaintiff. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See* https://capitol.texas.gov/Home.aspx (TLO); https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House).

- Defendants further object to the phrase "but not limited to" as vague and overbroad. Defendants cannot precisely discern what other documents this phrase encompasses and, therefore, will use reasonable understanding of this request to search for any documents outside of those categories Plaintiffs specifically delineate.

Defendants also object to this request because it is facially overbroad. It calls for "all" documents relating to the redistricting process for the Texas delegation without temporal limitation (other than the one included in the instructions) or further specification. Further, it seeks documents relating to districts Plaintiffs are not challenging, which are therefore irrelevant to Plaintiff's claims.

**RESPONSE**:

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

3.      All documents relating to voting patterns in Texas elections with respect to race, ethnicity, or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

**OBJECTIONS**:

For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably

specific, and unduly burdensome. For example, Plaintiffs challenge only the Congressional Maps in its lawsuit, yet it seeks *all documents* relating to voting patterns in Texas. That same breadth is applied to information based upon race, ethnicity, and language minority status. Additionally, at bottom, the requests are not reasonably cabined to information necessary and proportional to litigate the claims brought by Plaintiffs, and thus, are unduly burdensome and improper. Defendants will limit their search to only those documents relating to Congressional maps.

Defendants further object to this request to the extent that it requires Defendants to search and examine any and all emails directed to or from SOS or OOG employees dating to January of 2019. SOS and OOG employ hundreds of employees across many different divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. Defendants are prepared to meet and confer concerning both custodians and reasonable search terms.

Defendants object to this request because it calls for the production of documents either: (a) subject to legislative, attorney-client, attorney work-product, or deliberative process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Fed. R. Evid. 501.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendants directs Plaintiffs to publicly-accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture   activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history for Senate Bill 6 is publicly available. *See* Texas Legislature Online, *available at* https://legiscan.com/TX/bill/SB6/2021/X3.

- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, https://lrl.texas.gov/collections/journals/journals.cfm.

Defendants also object to this request because it seeks publicly available documents that are equally accessible to Plaintiff. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See* https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House); https://capitol.texas.gov/Home.aspx (TLO).

Defendants also object to this request because it is facially overbroad. It calls for "all" documents relating to the redistricting process for the Texas delegation without temporal limitation (other than the one included in the instructions) or further specification. Further, it seeks documents relating to districts Plaintiffs are not challenging, which are therefore irrelevant to Plaintiffs' claims.

Insofar as this request asks for calculations, reports, audits, estimates, projections, or other analyses used as part of the redistricting process, Defendants object that such a request calls for documents that are subject to the legislative privilege. Documents used for the purpose of formulating legislation are at the core of the legislative privilege.

Defendants further object to the phrase "but not limited to" as vague and overbroad. Defendants cannot precisely discern what other documents this phrase encompasses and, therefore, will use reasonable understanding of this request to search for any documents outside of those categories Plaintiffs specifically delineate.

**RESPONSE**:

Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

4.    All documents relating to whether Senate Bill 6, or any other redistricting proposal drawn, discussed, or considered with respect to the Texas delegation to the U.S. House of Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, or other analyses.

**OBJECTIONS**:

For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. For example, Plaintiffs challenge only the Congressional Maps in its lawsuit, yet it seeks *all documents* relating to any other redistricting proposal in Texas. At bottom, the requests are not reasonably cabined to information necessary and proportional to litigate the claims brought by Plaintiffs, and thus, are unduly burdensome and improper. Defendants will limit their search to only those documents relating to Congressional maps.

Defendants further object to this request to the extent that it requires Defendants to search and examine any and all emails directed to or from SOS or OOG employees dating to January

of 2019. SOS and OOG employ hundreds of employees across many different divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. Defendants are prepared to meet and confer concerning both custodians and reasonable search terms.

Defendants object to this request because it calls for the production of documents either: (a) subject to legislative, attorney-client, attorney work-product, or deliberative process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Fed. R. Evid. 501. Asking for documents relating to whether redistricted maps comply with the Voting Rights Act is designed to impinge on these privileges, and thus, it is facially objectionable.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendants directs Plaintiffs to publicly-accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture  activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history for Senate Bill 1 is publicly available. *See* Texas Legislature Online, *available at* https://capitol.texas.gov/BillLookup/History.aspx?LegSess=872&Bill=SB1.

- Bill history for Senate Bill 6 is publicly available. *See* Texas Legislature Online, *available at* https://legiscan.com/TX/bill/SB6/2021/X3.

- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, https://lrl.texas.gov/collections/journals/journals.cfm.

Defendants also object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See* https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House); https://capitol.texas.gov/Home.aspx (TLO).

**RESPONSE**:

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant

to this process, this response will be supplemented to reflect that such documents are being withheld.

5.      All documents relating to redistricting for the Texas delegation to the U.S. House of Representatives exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public..

**OBJECTIONS**:

For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above..

To the extent that this request seeks information from the Texas Legislature, the Lieutenant Governor, and other non-party groups and associations, the Defendants have no care, custody, or control over documents that may be held by those non-party actors. *See, e.g. Spallone v. United States*, 493 U.S. 265, 276 (1990).

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. For example, Plaintiffs challenge only the Congressional Maps in its lawsuit, yet it seeks *all documents* relating to any other redistricting proposal in Texas. At bottom, the requests are not reasonably cabined to information necessary and proportional to litigate the claims brought by Plaintiffs, and thus, are unduly burdensome and improper.

Defendants further object to this request to the extent that it requires Defendants to search and examine any and all emails directed to or from SOS or OOG employees dating to January

of 2019. SOS and OOG employ hundreds of employees across many different divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. Defendants are prepared to meet and confer concerning both custodians and reasonable search terms.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendants directs Plaintiffs to publicly-accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture   activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history for Senate Bill 6 is publicly available. *See* Texas Legislature Online, *available at* https://legiscan.com/TX/bill/SB6/2021/X3.

- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, https://lrl.texas.gov/collections/journals/journals.cfm.

Defendants also object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See* https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House); https://capitol.texas.gov/Home.aspx (TLO).

Defendants also object to this request because it calls for documents that are covered by the legislative privilege. Communications and deliberations between legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). Further, a request for communications between the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, and similar entities, along with their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)).

Defendants further object to this request because it calls to produce documents either: (a) attorney-client, attorney work-product, or deliberative process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Fed. R. Evid. 501.

**RESPONSE**:

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

6.      All other documents relating to redistricting for the Texas delegation to the U.S. House of Representatives or the Texas House from July 1, 2021, to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

**OBJECTIONS**:

For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

To the extent that this request seeks information from the U.S. House of Representatives or other non-party groups, the Defendants have no care, custody, or control over documents that may be held by those non-party actors. *See, e.g. Spallone v. United States*, 493 U.S. 265, 276 (1990).

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. For example, Plaintiffs challenge only the Congressional Maps in its lawsuit, yet it seeks *all documents* relating to any other redistricting proposal in Texas. At bottom, the requests are not reasonably cabined to information necessary and proportional to litigate the claims brought by Plaintiffs, and thus, are unduly burdensome and improper.

Defendants further object to this request to the extent that it requires Defendants to search and examine any and all emails directed to or from SOS or OOG employees dating to January of 2019. SOS and OOG employ hundreds of employees across many different divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. Defendants are prepared to meet and confer concerning both custodians and reasonable search terms.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas

Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendants directs Plaintiffs to publicly-accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture  activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history for Senate Bill 6 is publicly available. *See* Texas Legislature Online, *available at* https://legiscan.com/TX/bill/SB6/2021/X3.

- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, https://lrl.texas.gov/collections/journals/journals.cfm.

Defendants also object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See* https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House); https://capitol.texas.gov/Home.aspx (TLO).

Defendants also object to this request because it calls for documents that are covered by the legislative privilege. Communications and deliberations between legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). Further, a request for communications between the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, and similar entities, along with their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)).

Defendants further object to this request because it calls to produce documents either: (a) attorney-client, attorney work-product, or deliberative process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Fed. R. Evid. 501.

**RESPONSE**:

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

7.     All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

**OBJECTIONS**:

For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

Defendants object to this request because it is overbroad. The request calls for "all documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes," without any qualifications (other than the listed recipients). A request that broad necessarily encompasses documents irrelevant to Plaintiff's claims. Gathering and reviewing the volume of documents responsive to such a request would impose a burden disproportionate to any benefit that might be derived from their production.

To the extent that this request seeks information from the Texas Legislature, the Lieutenant Governor, and other non-party groups and associations, the Defendants have no care, custody, or control over documents that may be held by those non-party actors. *See, e.g. Spallone v. United States*, 493 U.S. 265, 276 (1990).

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. For example, Plaintiffs challenge only the Congressional Maps in its lawsuit, yet it seeks *all documents* relating to any other redistricting proposal in Texas. At bottom, the requests are not reasonably cabined to information necessary and proportional to litigate the claims brought by Plaintiffs, and thus, are unduly burdensome and improper.

Defendants further object to this request to the extent that it requires Defendants to search and examine any and all emails directed to or from SOS or OOG employees dating to January of 2019. SOS and OOG employ hundreds of employees across many different divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. Defendants are prepared to meet and confer concerning both custodians and reasonable search terms.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendants directs Plaintiffs to publicly-accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture   activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history for Senate Bill 6 is publicly available. *See* Texas Legislature Online, *available at* https://legiscan.com/TX/bill/SB6/2021/X3.

- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, https://lrl.texas.gov/collections/journals/journals.cfm.

Defendants also object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See* https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House); https://capitol.texas.gov/Home.aspx (TLO).

Defendants also object to this request because it calls for documents that are covered by the legislative privilege. Communications and deliberations between legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). Further, a request for communications between the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, and similar entities, along with their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)).

Defendants further object to this request because it calls to produce documents either: (a) attorney-client, attorney work-product, or deliberative process privilege, or (b) protected from

disclosure by Texas Government Code § 323.017, which are therefore privileged under Fed. R. Evid. 501.

Defendants also object to this request because it calls for irrelevant documents. Specifically, the purported relevance of documents relating to demographic enumerations or estimates potentially exchanged between candidates, political parties, lobbyists, and the other third parties mentioned is altogether unclear

**RESPONSE**:

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

8.    All documents relating to payment for services, agreements of representation, or contracts with any consultant, any political operative, any expert, any law firm, any attorney, any vendor, or any other person or entity relating to redistricting for the Texas delegation to the U.S. House of Representatives.

**OBJECTIONS**:

For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

To the extent that this request seeks information from the Texas Legislature, the Lieutenant Governor, and other non-party groups and associations, the Defendants have no care, custody, or control over documents that may be held by those non-party actors. *See, e.g. Spallone v. United States*, 493 U.S. 265, 276 (1990).

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. For example, Plaintiffs challenge only the Congressional Maps in its lawsuit, yet it seeks *all documents* relating to any other redistricting proposal in Texas. At bottom, the requests are not reasonably cabined to information necessary and proportional to litigate the claims brought by Plaintiffs, and thus, are unduly burdensome and improper.

Defendants further object to this request to the extent that it requires Defendants to search and examine any and all emails directed to or from SOS or OOG employees dating to January of 2019. SOS and OOG employ hundreds of employees across many different divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. Defendants are prepared to meet and confer concerning both custodians and reasonable search terms.

Defendants also object to this request because it calls for documents that are covered by the legislative privilege. Communications and deliberations between legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). Further, a request for communications between the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, and similar entities, along with their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)).

In addition, Defendants object to this request because it calls for documents subject to the attorney-client privilege. Documents relating to services provided by third parties for a legislative purpose are subject to the legislative privilege. *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)). And documents relating to Defendants' legal representation, by the Office of the Texas Attorney General or otherwise, are subject to the attorney-client privilege.

**RESPONSE**:

Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

9. All non-privileged documents relating to the instant lawsuit, including all consolidated lawsuits, or any investigation of Texas by the U.S. Department of Justice relating to redistricting from 2020 to the present, including but not limited to all documents produced to the U.S. Department of Justice as part of any such investigation.

**OBJECTIONS**:

For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

Defendants object to this request because it is overbroad. It is unclear from the face of this request why "all documents relating" to this lawsuit, the consolidated lawsuits or the DOJ's preceding investigation would be relevant to Plaintiffs' claims. And insofar as these documents relate to DOJ's investigation, these documents are more likely to be within the care, custody, or control of the United States. If such materials are more commonly held by others, including

state and local law enforcement agencies, production should be requested from them rather than from an individual legislator. Given the availability of these documents from other sources, the burden of requiring Defendants to collect them far exceeds any benefit that might result. *See Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (stating that courts should "consider what information is available to the requesting party from other sources" when analyzing "the benefit side of the ledger").

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. For example, Plaintiffs challenge only the Congressional Maps in its lawsuit, yet it seeks *all documents* relating to the lawsuit. Moreover, the portion of the request targeted at all non-privileged document *relating to the instant lawsuit* is necessarily duplicative of each and every one of the foregoing and following requests. Defendants object to searching for documents pursuant to this request absent reasonable limitation by Plaintiffs.

Further, Defendants object that this request is vague. To the extent that Plaintiffs refers to an "investigation of Texas" the phrase is undefined and does not put Defendants on reasonable notice of what materials they should look for or who may hold such materials.

**RESPONSE**:

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

10. All documents that Defendants may use to support the contention that the Challenged Congressional Districts were not enacted with a discriminatory purpose, to the extent that Defendants take that position.

**OBJECTIONS**:

For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

Defendants object to this request because it is overbroad. The request calls for "[a]ll documents" without any qualifications (other than the challenged districts). That is an extremely broad request and will necessarily apply to many documents that are irrelevant to Plaintiffs' claims in this case.

Defendants further object to this request because it asks them to gather publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the

pairing of incumbents, and other general information, Defendants directs Plaintiffs to the Texas Legislative Council's Capitol Data Portal,[2] where such information may be found. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involves, such information may be found at the Texas Senate[3] and Texas House of Representatives[4] websites, as well as on the Texas Legislature Online ("TLO") website.[5] Insofar as the request seeks such information specifically considered by Defendants, the request calls for information subject to the legislative privilege.

Defendants also object to this request because it calls for documents that are subject to the legislative privilege. Documents concerning the enactment of the Challenged Congressional Districts necessarily goes to the legislators' mental impressions and motivations in creating legislation, which is clearly covered by the privilege. Communications and deliberations by legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991).

Further, Defendants object to this request because it purports to require them to marshal evidence in advance of deadlines set by the Federal Rules of Civil Procedure and by this Court. Defendants will disclosure witnesses and evidence as provided by the rules and Court order.

**RESPONSE**:

Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

11.     All documents that Defendants may use to support the contention that the Challenged Congressional Districts do not have discriminatory results, as defined by Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, to the extent that Defendants take that position.

**OBJECTIONS**:

For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

Defendants object to this request because it is overbroad. The request calls for "[a]ll documents" without any qualifications (other than the challenged districts). That is an

---

[2] https://data.capitol.texas.gov/organization/tlc.
[3] https://senate.texas.gov/index.php.
[4] https://house.texas.gov/.
[5] https://capitol.texas.gov/Home.aspx.

extremely broad request and will necessarily apply to many documents that are irrelevant to Plaintiffs' claims in this case.

Defendants further object to this request because it asks them to gather publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants directs Plaintiffs to the Texas Legislative Council's Capitol Data Portal,[6] where such information may be found. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involves, such information may be found at the Texas Senate[7] and Texas House of Representatives[8] websites, as well as on the Texas Legislature Online ("TLO") website.[9] Insofar as the request seeks such information specifically considered by Defendants, the request calls for information subject to the legislative privilege.

Defendants also object to this request because it calls for documents that are subject to the legislative privilege. Documents concerning the enactment of the Challenged Congressional Districts necessarily goes to the legislators' mental impressions and motivations in creating legislation, which is clearly covered by the privilege. Communications and deliberations by legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991).

Further, Defendants object to this request because it purports to require them to marshal evidence in advance of deadlines set by the Federal Rules of Civil Procedure and by this Court. Defendants will disclosure witnesses and evidence as provided by the rules and Court order.

12.   All documents relating to comments or communications from the public relating to redistricting for the Texas delegation to the U.S. House of Representatives.

**OBJECTIONS**:

For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

Defendants object to this request because it is overbroad. The request calls for "[a]ll documents relating to comments or communications from the public" without any qualifications. That is an extremely broad request and will likely apply to many documents that are irrelevant to Plaintiffs' claims in this case.

---

[6] https://data.capitol.texas.gov/organization/tlc.
[7] https://senate.texas.gov/index.php.
[8] https://house.texas.gov/.
[9] https://capitol.texas.gov/Home.aspx.

Defendants further object to this request because it asks them to gather publicly available documents that are equally accessible to Plaintiffs. Insofar as the request seeks information on the attendance and date of hearings, testimony given, and persons and entities involved, such information may be found at the Texas Senate[10] and Texas House of Representatives[11] websites, as well as on the Texas Legislature Online ("TLO") website.[12]

Defendants also object to this request because it calls for documents that are subject to the legislative privilege. Documents concerning commentary sent by the public to the 87th Legislature, which would have been considered by Defendants in enacting legislation, necessarily goes to the legislators' mental impressions and motivations in creating legislation, which is clearly covered by the privilege. Communications and deliberations by legislators about public commentary on pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991).

Defendants also object to this request because it calls for documents that are irrelevant to Plaintiffs' claims in this case. Specifically, it is unclear without further specification why all public testimony on any non-Challenged Congressional Districts would be relevant.

Defendants object to this request to the extent it seeks documents outside of Defendants' possession, custody, or control.

**RESPONSE**:

Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

13.   All documents responsive to, identified in, or relied upon in responding to any interrogatory served upon Defendants by any plaintiff in these actions.

**OBJECTIONS**:

For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

Defendants also incorporate all objections made to the interrogatories referenced in this request as they are found in Defendants' Interrogatory Responses and any amended responses.

---

[10] https://senate.texas.gov/index.php.
[11] https://house.texas.gov/.
[12] https://capitol.texas.gov/Home.aspx.

Defendants object to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

Defendants also object to this request because it is overbroad and calls for documents that are irrelevant to Plaintiffs' claims in this case. Specifically, it is unclear without further specification why documents used to respond to "*any* interrogatory" in the consolidate suit would be necessary where many of the other suits therein are unrelated to Plaintiffs' claims in this case. Defendants will not include any documents considered in responding to interrogatories that are unrelated to the Challenged Congressional Districts.

Defendants object to this request because it fails to connect the documents it seeks to Plaintiffs' claims. The different plaintiff groups in this case challenge many different maps and districts. As such, Plaintiffs have no need to receive all responses and documents produced to *all* party discovery in this case. Defendants object to producing documents in response to this request absent reasonable limitation by Plaintiffs.

14.   Please documents responsive to, identified in, or relied upon in responding to any request for admission served upon Defendants by any plaintiff in these actions.

**OBJECTIONS**:

For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

Defendants also incorporate all objections made to the interrogatories referenced in this request as they are found in Defendants' Responses to Requests for Admission and any amended responses.

Defendants object to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

Defendants also object to this request because it is overbroad and calls for documents that are irrelevant to Plaintiffs' claims in this case. Specifically, it is unclear without further specification why documents used to respond to "*any* request for admission" in the consolidate suit would be necessary where many of the other suits therein are unrelated to Plaintiffs' claims in this case. Defendants will not include any documents considered in responding to requests for admission that are unrelated to the Challenged Congressional Districts.

Defendants object to this request because it fails to connect the documents it seeks to Plaintiffs' claims. The different plaintiff groups in this case challenge many different maps and districts. As such, Plaintiffs have no need to receive all responses and documents produced to *all* party discovery in this case. Defendants object to producing documents in response to this request absent reasonable limitation by Plaintiffs.

15.    Please documents relating to the history of official voting-related discrimination in Texas from 1990 to the present.

**OBJECTIONS**:

    For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

    Defendants further object to the overbroad and vague nature of the phrase "history of official voting-related discrimination in Texas." Defendants are unable to discern what Plaintiffs intend to encompass with this phrase.

    Defendants also object that this request calls for documents that are irrelevant to Plaintiffs' claims in this case. Plaintiffs challenge the Texas Congressional maps drawn during the 87th Legislative session in September – October 2021. Whatever broad "history" of discrimination Plaintiffs believe Texas has as to "voting" is unrelated to Plaintiffs' burden or Defendants' defenses in this case.

    To the extent this request is seeking the requested documents insomuch as they were considered during the drawing and/or enactment of the Challenged Congressional Districts, Defendants object that this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

    Because this request is overbroad, vague, and largely irrelevant to Plaintiffs' claims, Defendants will not search for or produce documents pursuant to this request absent reasonable limitation.

16.    Please documents relating to the use of racial appeals in political campaigns in Texas from 1990 to the present.

**OBJECTIONS**:

    For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

    Defendants further object to the overbroad and vague nature of the phrase "racial appeals in political campaigns." Defendants are unable to discern what Plaintiffs intend to encompass with this phrase. To the extent Plaintiffs want specific representations made by individuals campaigning for a legislative seat, Defendants are not in actual custody, possession, or control of such documents.

    Defendants also object that this request calls for documents that are irrelevant to Plaintiffs' claims in this case. Plaintiffs challenge the Texas Congressional maps drawn during the 87th

Legislative session in September – October 2021. Whatever broad "history" of discrimination Plaintiffs believe Texas has as to "voting" is unrelated to Plaintiffs' burden or Defendants' defenses in this case.

To the extent this request is seeking the requested documents insomuch as they were considered during the drawing and/or enactment of the Challenged Congressional Districts, Defendants object that this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

Because this request is overbroad, vague, and largely irrelevant to Plaintiffs' claims, Defendants will not search for or produce documents pursuant to this request absent reasonable limitation.

17.    All documents relating to submissions to the United States Department of Justice seeking preclearance of election practices or procedures, and all correspondence from the Department of Justice relating to requests for preclearance, from January 1, 2000 to present.

**OBJECTIONS**:

For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

Defendants also object to this request because it is overbroad and calls for documents that are irrelevant to Plaintiffs' claims in this case. It is unclear why any documents related to preclearance would be necessary to Plaintiffs' claims in this case regarding the 87th Legislative session's enactment of S.B. 6, which was not subject to preclearance. Defendants will not respond to this request based on the aforementioned.

Because this request is overbroad, vague, and largely irrelevant to Plaintiffs' claims, Defendants will not search for or produce documents pursuant to this request absent reasonable limitation.

18.    All documents relating to complaints or reports made by any person, organization, or official relating to discrimination or alleged discrimination based on race, ethnicity, or national origin in the administration or implementation of any laws, practices, or procedures relating to voting in Texas, from January 1, 2010 to the present, including but not limited to any actions taken by you in response to the complaints or reports and the final resolution of the complaints or reports.

**OBJECTIONS**:

For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

Defendants object to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

Defendants also object to this request because it is overbroad and calls for documents that are irrelevant to Plaintiffs' claims in this case. Specifically, it is unclear without further specification why documents regarding complaints or reports related to discrimination in "the administration or implementation of *any* laws, practices, or procedures relating to voting in Texas" would be necessary where Plaintiffs clearly only challenge a specific group of Congressional Districts enacted during the Third Special, 87th Legislative Session.

Based on the aforementioned, Defendants, will limit their search to "complaints or reports made by any person, organization, or official relating to discrimination or alleged discrimination" related to the Challenged Congressional Districts, other than those in the consolidated suit, from January 1, 2021 to October 25, 2021.

**RESPONSE**:

Defendants have conducted a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response to the extent they are not withheld based on any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

19.   All documents produced by Defendants to any party in response to any request for the production of documents in these actions.

**OBJECTIONS**:

For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

Defendants also incorporate all objections made to the interrogatories referenced in this request as they are found in Defendants' Responses to Requests for Production and any amended responses.

Defendants object to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

Defendants also object to this request because it is overbroad and calls for documents that are irrelevant to Plaintiffs' claims in this case. Specifically, it is unclear without further specification why documents used to respond to "*any* request for admission" in the consolidate suit would

be necessary where many of the other suits therein are unrelated to Plaintiffs' claims in this case. Defendants will not include any documents considered in responding to requests for production that are unrelated to the Challenged Congressional Districts.

Defendants object to this request because it fails to connect the documents it seeks to Plaintiffs' claims. The different plaintiff groups in this case challenge many different maps and districts. As such, Plaintiffs have no need to receive all responses and documents produced to *all* party discovery in this case. Defendants object to producing documents in response to this request absent reasonable limitation by Plaintiffs.

20.     All documents produced to Defendants by any third-party in response to a subpoena in these actions.

**OBJECTIONS**:

For the sake of brevity, Defendants incorporate by reference the objections detailed immediately above.

Defendants also incorporate all objections made to the subpoenas referenced in this request as they are found in any original or amended responses to the subpoenas.

Defendants object to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney–client privilege.

Defendants also object to this request because it is overbroad and calls for documents that are irrelevant to Plaintiffs' claims in this case. Specifically, it is unclear without further specification why documents used to respond to "*any* subpoena" in the consolidate suit would be necessary where many of the other suits therein are unrelated to Plaintiffs' claims in this case. Defendants will not include any documents produced in response to subpoenas that are unrelated to the Challenged Congressional Districts.

Defendants object to this request because it fails to connect the documents it seeks to Plaintiffs' claims. The different plaintiff groups in this case challenge many different maps and districts. As such, Plaintiffs have no need to receive all responses and documents produced to *all* party discovery in this case. Defendants object to producing documents in response to this request absent reasonable limitation by Plaintiffs.