**Exhibit H**



David R. Fox | dfox@elias.law | 202-968-4546
10 G Street NE, Suite 600 | Washington, DC 20002

April 25, 2022

**VIA EMAIL**

Jack DiSorbo
Assistant Attorney General
Special Litigation Unit
209 W. 14th St. Room 703i
Austin, TX 78701
jack.disorbo@oag.texas.gov

Courtney Corbello
Assistant Attorney General
General Litigation Division
MC-019, PO Box 12548
Austin, TX 78711-2548
courtney.corbello@oag.texas.gov

Dear Jack and Courtney:

This letter follows up on our Friday afternoon conference regarding the *Voto Latino* Plaintiffs' first requests for the production of documents. Thank you for taking the time to talk.

**General Issues**

We discussed the following generally applicable issues:

- There is no meaningful distinction between requests as to which you said you "have conducted" a search and requests as to which you said you "will conduct" a search—in each case, you have not completed your search for responsive documents, and will continue to search in good faith, including but not limited to pursuant to search terms and custodians that we will discuss further during a future conference.

- You will provide privilege logs detailing any documents withheld based on your various privilege objections within 30 days of the associated production. You are not taking the position that any privileged documents are non-responsive due to their privilege.

- You will collect and produce documents from the Secretary of State's and Governor's offices.

- You will not generally collect or produce publicly available information, but you understand that the existence of publicly available information does not excuse you from collecting and producing other responsive information that is not publicly available.

- We will discuss the appropriate date range in connection with particular search terms and custodians. As I explained, for some requests, such as requests relating to the legislative

April 25, 2022
Jack DiSorbo and Courtney Corbello
Page 2

- process, the period during which redistricting legislation was being considered (i.e., January 2021 to the end of the third special session on October 19) may be an appropriate time period, but for other requests, such as requests relating to discrimination or voting patterns, there will be relevant information outside of that time period.

- You explained that you are not withholding documents based on your relevance and proportionality objections except where your responses expressly state that you will not produce a particular category of documents. We will address your general concerns about relevance and burden in connection with our discussion of search terms and custodians.

- With respect to the definition of "Legislator," you will interpret the term "Legislator" to include legislative staff. You object to including former staff and individuals purporting to act on behalf of legislators but without actual authority.

**Particular Requests**

- **Request No. 3**, for documents related to voting patterns in Texas: I asked why you were limiting your search to documents about congressional races, and in particular whether you were taking the position that only voting in congressional races is relevant to issues like racially polarized voting for the congressional map. You stated that you were not taking that position, and you agreed that you would consult with your team and revisit this objection. Please let us know as soon as possible of your revised position regarding this request.

- **Request No. 6**: You will drop your objection to producing documents relating to the Texas House plan, now that the *Voto Latino* plaintiffs are asserting claims relating to the Texas House.

- **Request No. 7**, for documents relating to U.S. Census Bureau or Texas Demographic Center information: You acknowledged that most demographic data is not specific to any particular district or plan, and you agreed that you would not withhold documents merely because they do not reference or specifically relate to a particular district or plan. You also agreed that you would not withhold documents based on your relevance objection regarding documents exchanged between candidates, political parties, lobbyists, and the other third parties mentioned.

- **Request No. 8**, regarding payments for services, agreements, and contracts: You explained that your searches will not be limited to email messages. Please confirm whether there is a centralized repository of these sorts of contracting and payment documents within either the Secretary of State's or the Governor's office.

April 25, 2022
Jack DiSorbo and Courtney Corbello
Page 3

- **Request No. 9**, regarding documents produced to the Department of Justice as part of any pre-suit investigation: You explained that as far as you knew, no such production was made. You agreed to confirm that fact.

- **Request Nos. 10 and 11**, regarding documents you may use to support particular contentions: You clarified that you are refusing to produce documents in response to both of these requests on the ground that requiring you to marshal your evidence is premature. Please confirm whether you are standing on your objection to producing documents responsive to these requests—that is, whether you are refusing to produce whatever documents you presently know about and intend to use to support these contentions, subject to later supplementation.

- **Request No. 12**, for comments from the public regarding congressional redistricting: You explained that you would soon produce such documents from the Governor's office, which had a relatively small volume of such documents, but that we would need to agree on search terms for the Secretary of State's office. I suggested that your objection to producing comments that did not relate to challenged districts seemed like it would unnecessarily increase the burden, as compared with producing all such comments, and you said you would consider that issue in the context of search terms.

- **Request No. 13**, regarding documents responsive to, identified in, or relied upon in responding to interrogatories: You explained that your objection was to producing documents to the *Voto Latino* plaintiffs relating to other parties' interrogatories. I explained that because the cases will involve consolidated depositions and a consolidated trial, the *Voto Latino* plaintiffs need access to the full universe of documents produced by Defendants to the plaintiffs in any of the consolidated actions. I added that this would not seem to impose any additional burden on Defendants. This same issue arises with respect to **Request No. 14** (regarding requests for admission) and **Request No. 19** (regarding document requests), and you agreed that you would discuss the issue with your team and get back to us.

- **Request No. 15**: You acknowledged that the phrase "history of official voting-related discrimination in Texas" is not itself vague, and that such materials are relevant to the totality of the circumstances analysis for our §2 claims. You explained that the difficulty lies in identifying what materials so qualify, but you agreed that you would discuss appropriate search terms and custodians for this request. I noted that this request and **Request No. 16** will require a longer time period, as specified in the requests, and we agreed to discuss that issue in connection with search terms and custodians.

- **Request No. 16**: You acknowledged that racial appeals in political campaigns are relevant to our §2 claims and agreed to discuss search terms and custodians to identify responsive documents.

April 25, 2022
Jack DiSorbo and Courtney Corbello
Page 4

- **Request No. 17**, for pre-clearance submissions to the Department of Justice: I explained that these materials are relevant regarding the history of discrimination and that there should be no burden in producing them as Texas should have the materials already compiled. You disputed the relevance of the materials, but you agreed that you would investigate whether Texas has this information available to it, and in what form, and will get back to us with that information.

- **Request No. 18**, regarding complaints about voting-related discrimination: I explained that our request is not limited to complaints about the redistricting laws themselves, but rather extends to complaints about voting-related discrimination in Texas in any form, which is relevant to the totality-of-the-circumstances analysis in our §2 claims. You agreed to discuss this issue with your team and get back to us with a revised position on the request.

- **Request No. 20**, for documents produced to Defendants in response to any third-party subpoena: You explained that you have not yet served any subpoenas but agreed that if you do serve any subpoenas, you will produce to us any documents that you receive in response.

We will be in touch in the next several days to set up another conference to discuss the items you agreed to follow-up on, and to discuss search terms and custodians. In addition, as I mentioned on Friday, we will be serving a second set of document requests this week, principally to add the Texas House to our existing requests, now that we have amended our complaint to include claims related to the Texas House.

Sincerely,

David R. Fox

CC: Patrick Sweeten, Will Thompson, Ari Herbert, Abha Khanna, Aria C. Branch, Kevin J. Hamilton, Max Renea Hicks, Francesca Gibson, Richard Medina