IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, et al., <br><br> Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) <br> (consolidated cases) |

**UNITED STATES' REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE OF ERIC WIENCKOWSKI AND THOMAS BRYAN WITH NON-PARTY SUBPOENAS**

The United States seeks documents in the possession of Thomas Bryan and Eric Wienckowski ("Respondents"), demographers who drafted maps during the 2021 Texas redistricting process. Respondents seek to shield the unknown documents they possess, based on alternating claims of employment "in anticipation of litigation" and employment "to assist legislators in performing their legislative functions." Bryan Opp. 9, 16, ECF No. 390. Both cannot be true, and neither assertion entitles Respondents to the protections they claim.

I. THE UNITED STATES SEEKS RELEVANT DOCUMENTS.

Respondents do not dispute that redistricting documents are relevant to the United States' claims. Bryan Opp. at 5. Rather, they seek to cabin the requests to the period between the release of Census redistricting data and passage of the challenged plans. *Id.* But preparatory work can be relevant to the intent and result of the challenged plans. *See* Bryan Engagement Let. ¶ 1, ECF No. 390-2, at 15-17 (modeling and dataset development); *cf. Whitford v. Gill*, 218 F. Supp. 3d 837, 847 (W.D. Wis. 2016) (three-judge court) (describing preparatory data modeling), *vacated*, 138 S. Ct. 1916 (2018).[1] Post-enactment materials may also be discovered. *See Perez v. Perry*, No. 5:11-cv-360, 2014 WL 3359324, at *2 (W.D. Tex. July 9, 2014) (three-judge court) (allowing discovery of post enactment documents [that] specifically refer back to the pre-enactment process). This Court should reject Respondents' relevance arguments.

II. RESPONDENTS CANNOT SUBSTANTIATE PRIVILEGES OR PROTECTIONS WITHOUT DESCRIBING DOCUMENTS.

Respondents claim that they have provided sufficient information to "enable the parties to assess the claim[s]" of privilege that they assert, Bryan Opp. 5-7 (quoting Fed. R. Civ. P.

---

[1] The Legislature also began redistricting work long before the release of redistricting data. *See, e.g.*, Tex. H. Comm. on Redistricting, *Notice of Public Hearing* (Feb. 28, 2019), https://perma.cc/A2W8-H853; Tex. S. Select Comm. on Redistricting, *Notice of Public Hearing* (Oct. 29, 2019), https://perma.cc/2JR6-CH8R.

1

45(d)(2)), but they have provided neither a privilege log nor a description of the materials withheld.  *See, e.g.*, Wienckowski Objections 5-12, ECF No. 386-6 (describing only the documents requested).  Thus, they have failed to "describe the nature of the withheld documents, communications, or tangible things," as Rule 45 requires.  Fed. R. Civ. P. 45(e)(2)(A)(ii).  "Blanket assertions of a privilege are unacceptable," *United Investors Life Ins. Co. v. Nationwide Life Ins. Co.*, 233 F.R.D. 483, 486 (N.D. Miss. 2006), and this Court has already rejected blanket prohibitions on discovery, *see* Order, ECF No. 282; *see also In re Hubbard*, 803 F.3d 1298, 1311 (11th Cir. 2015) (excusing failure to provide logs only for a claim that was "at its core and in its entirety an inquiry into the subjective motivation that lawmakers had in passing legislation").  Respondents' "steadfast[] refus[al] to provide a privilege log that includes a description of the withheld documents" warrants this Court exercising its "substantial discretion to find a waiver of the asserted privileges for failing to produce a complete privilege log."  *Barnett v. Deere & Co.*, No. 2:15cv2, 2016 WL 10179585, at *3 (S.D. Miss. April 5, 2016) (collecting cases).[2]

### III.  RESPONDENTS CANNOT ESTABLISH THE PRIVILEGES AND PROTECTIONS THEY CLAIM.

#### A.  Respondents Did Not Work in Anticipation of Litigation.

Respondents helped Texas Legislators craft redistricting plans; their work was not in anticipation of the instant litigation.  Respondents rely heavily on the engagement letter between Butler Snow LLP and Thomas Bryan, which states "The nature and history of redrawing political boundaries at the statewide level is such that litigation may result in the process and thus we are

---

[2] Although Respondents' begrudgingly acknowledge that "a privilege log may ultimately be required," Bryan Opp. 7, this Court should not afford them a second opportunity to provide "facts that would suffice to establish each element of the privilege or immunity that is claimed." *Chemtech Royalty Assocs. v. United States*, No. 05-944, 2009 WL 854358, at *3 (M.D. La. March 30, 2009).  Respondents' intransigence—paired with the extraordinary speed of this litigation—warrants an order compelling production of all responsive documents.

2

retaining you in anticipation of litigation." Bryan Engagement Let. ¶ 1. But stating that litigation "may result" neither transforms a map-drawer into a litigation consultant nor shows that "the *primary* motivating purpose behind the creation of the document was to aid in possible future litigation." *In re Kaiser Aluminum and Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000). Respondents were "active participant[s] in the preparation of the redistricting plan," and so they are subject to discovery requests even if hired by attorneys. *Marylanders for Fair Representation, Inc. v. Schaefer*, 144 F.R.D. 292, 302-03 (D. Md. 1992) (three-judge court).[3] Further, Butler Snow does not appear to have directed its client, Representative Hunter, to initiate a litigation hold. *See, e.g.*, Hunter Privilege Log (Ex. 1) (failing to identify preserved official email or text messages); *see also Spanish Peaks Lodge, LLC v. Keybank Nat. Ass'n*, No. 10-cv-453, 2012 WL 895465, at *2 (W.D. Pa. Mar. 15, 2012); *Ashton v. Knight Transp., Inc.*, 772 F. Supp.2d 772, 800 (N.D. Tex. 2011) ("A duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation.").[4]

### B. The Trial-Preparation Expert Exemption Is Inapplicable.

This Court should reject Respondents' invitation to extend the trial preparation expert exemption beyond its plain text. Respondents have not been "retained or specially employed by another party." Fed. R. Civ. P. 26(b)(4)(D). The exemption does not apply to this motion.

---

[3] "[T]he legislature could *always* have a reasonable belief that any of its enactments would result in litigation," but that alone does not trigger work product protections. *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (three-judge court); *see also United States v. Davis*, 636 F.2d 1028, 1040-42 (5th Cir. 1981) (applying this principle to tax returns). *See generally United States v. El Paso Cnty.*, 682 F.2d 530, 542, 544 (5th Cir. 1982) (holding that analysis "not designed to prepare a specific case for trial or negotiation" is not protected).

[4] Even if Respondents could avail themselves of work product protections—and they cannot—the United States could not assess the showing needed to overcome protections for particular documents without reviewing a privilege log. *See* Bryan Opp. 9-11 (describing standards applicable to "ordinary" work product "opinion" work product). None has been produced.

3

Respondents appear to acknowledge that the trial preparation expert exemption applies only to experts retained by a party to the litigation. *See, e.g.*, *Ark. River Power Auth. v. The Babcock and Wilcox Co.*, 310 F.R.D. 492, 497-98 (D. Colo. 2015). They nonetheless contend that the exemption applies because Butler Snow's client, Representative Todd Hunter, is "a representative of Defendant the State of Texas." Bryan Opp. 12. But Representative Hunter has disclaimed party status in seeking to shield himself from discovery. *See* Mot. to Quash, ECF No. 333. Moreover, this Court has already determined that for purposes of discovery, the State of Texas is limited to executive branch agencies and officials. *See* Order at 6, ECF No. 279.

The trial preparation expert exemption is also limited to interrogatories and depositions, which does not apply to the document subpoenas at issue. *See, e.g.*, *Evans Indus., Inc. v. Lexington Ins. Co.*, No. 07-cv-6423, 2008 WL 11353736, at *1 (E.D. La. July 10, 2008).[5] The out-of-circuit cases on which Respondents rely are either distinguishable, *see Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14 CIV. 1559, 2015 WL 4597546 (S.D.N.Y. July 30, 205) (addressing the identity of an expert), or unreasoned, *see Wells Fargo Bank, N.A. v. ANC Vista I, LLC*, No. 2:14-cv-00840, 2015 WL 557069 (D. Nev. Feb. 11, 2016). The exemption is inapplicable here.

### C.  Attorney-Client Privilege Does Not Apply to Respondents' Documents.

Respondents set out the elements of an attorney-client privilege claim and admit that the privilege only applies to documents provided to an attorney for the purposes of the provision of legal advice, Bryan Opp. at 14, but they fail to acknowledge that Respondents' responsibilities range far beyond the provision of legal advice, Bryan Engagement Let. ¶ 1. Butler Snow hired Respondents to analyze data and draw district maps, which are political and legislative functions,

---

[5] The United States has not issued subpoenas for the depositions of Respondents as of this filing, but the United States has contacted counsel to preserve that option, in the event that other depositions do not yield necessary information regarding the redistricting maps.

4

not legal duties. Just as "a lawyer may not render communications between the attorney's client and [an] accountant privileged just by placing an accountant on his or her payroll," *Ferko v. NASCAR, Inc.*, 218 F.R.D. 125, 135 (E.D. Tex. 2003), Butler Snow could not render Respondents' documents privileged by hiring them as consultants.[6] Respondents cannot show that every responsive document they possess is subject to the attorney-client privilege.

### D. Blanket Legislative Privilege Does Not Apply to Respondents' Documents

Finally, Respondents claim protection under the legislative privilege, Bryan Opp. 16-17, but fail to acknowledge that facts and data concerning public proposals—including statistical analysis—are not privileged. *See, e.g.*, *Comm. For a Fair & Balanced Map v. Ill. State Bd. of Elections*, No. 11-cv- 5065, 2011 WL 4837508, at *9 (N.D. Ill. Oct. 11, 2011). Nor do Respondents address whether the qualified legislative privilege ought to yield to important federal interests, such as those presented by the United States' discriminatory intent claim against the 2021 Congressional plan. *See, e.g.*, *Perez v. Perry*, No. 11-360, 2014 WL 106927, at *2 (W.D. Tex. Jan. 8, 2014) (three-judge court). Respondents have made an inadequate showing to withhold documents based on legislative privilege.

### IV. CONCLUSION

For the reasons set out above, the United States respectfully requests that this Court grant the United States' motion to enforce subpoenas issued to Respondents.

---

[6] *See also Baldus v. Members of the Wis. Gov. Accountability Bd.*, 843 F. Supp. 2d 955, 960-61 (E.D. Wis. 2012) (three-judge court) ("Neither this Court, the parties in the case, nor Wisconsin's citizens have the interest or time to endure the litigation tactics being used by public officials or their private counsel in what has quickly become a poorly disguised attempt to cover up a process that should have been public from the outset, despite the Legislature's concerted efforts to mask the process behind the closed doors of a private law firm.").

Dated: July 6, 2022

        */s/ Holly F.B. Berlin*
T. CHRISTIAN HERREN, JR.
TIMOTHY F. MELLETT
DANIEL J. FREEMAN
JANIE ALLISON (JAYE) SITTON
MICHELLE RUPP
JACKI L. ANDERSON
JASMIN LOTT
HOLLY F.B. BERLIN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 6, 2022, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

                */s/ Daniel J. Freeman*
                Daniel J. Freeman
                Voting Section
                Civil Rights Division
                U.S. Department of Justice
                daniel.freeman@usdoj.gov