UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| League of United Latin American Citizens, et al., *Plaintiffs,* Eddie Bernice Johnson, *et al.*, *Plaintiff-Intervenors,* v. Greg Abbott, in his official capacity as Governor of the State of Texas, et al., *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:21-cv-259-DCG-JES-JVB [Lead Case] |
| United States of America, *Plaintiff,* v. State of Texas, *et al.* *Defendants.* | ) ) ) ) ) ) ) ) ) | No. 3:21-cv-299-DCG-JES [Consolidated Case] |

### **NON-PARTY TEXAS LEGISLATIVE COUNCIL'S EMERGENCY MOTION TO RECONSIDER ORDER (DKT 377) AND FOR PROTECTIVE ORDER**

Non-Party Texas Legislative Council ("TLC") respectfully requests the Court reconsider its Order on Defendants and Subpoena Recipients' Motion to Quash or, in the alternative, Motion for Protective Order, issued June 27, 2022 (Dkt. 377).

1

1. On February 28, 2022, TLC received a third-party subpoena for documents from the U.S. Department of Justice ("DOJ") related to the above-captioned lawsuit. Dkt. 218-5 (the "Subpoena).

2. On March 28, 2022, TLC served twenty-two (22) pages of detailed and extensive objections to the Subpoena. Dkt. 244-2 (the "Objections").

3. On April 7, 2022, Defendants and Subpoena Recipients (the "Movants") filed a Motion to Quash or, in the Alternative, Motion for Protective Order, seeking an order quashing the Subpoena or a protective order limiting the scope of the Subpoena. Dkt. 219 (the "Motion").

4. On April 14, 2022, the DOJ objected to the Motion (Dkt. 227), and on April 21, 2022, the Movants filed a reply (Dkt. 242).

5. At no time did either Movants or the DOJ identify in their briefing to the Court the fact that TLC had in fact served extensive and detailed Objections to the Subpoena. Accordingly, on April 21, 2022, TLC filed a Notice to the Court (the "Notice") to clarify the record related to the Subpoena. *See* Dkt. 244 (also attached hereto as Exhibit 1).

6. The Notice explained that in its March 28, 2022 Objections, TLC had objected to the DOJ's requests for documents from TLC on many of the same grounds as identified in Defendants' Motion. *See* Ex. 1 at ¶ 3; *see also id.* at 244-1 (Objections).

7.      The Notice further explained, as stated further in its Objections, that as a legislative agency, TLC is afforded legislative privilege protection. Sections 306.008 and 323.017 specifically establish TLC's legislative privilege and codifies the attorney-client privilege for TLC's attorneys and staff. Tex. Gov. Code §§ 306.008 and 323.017. Pursuant to Section 323.017 of the Texas Government Code, all communications relating to a legislative request for "information, advice, or opinions" from a TLC employee are confidential, subject to legislative privilege, and may be subject to attorney-client privilege. Tex. Gov. Code § 323.017. Pursuant to Section 323.018 of the Texas Government Code, all records relating to requests of TLC for the "drafting of proposed legislation or for assistance, information, advice, or opinion" are protected by legislative privilege and not public information. Tex. Gov. Code § 323.018. *See id.* at ¶ 4.

8.      The Notice further explained that Section 323.021 of the Texas Government Code establishes that:

> a member of the legislature, the lieutenant governor, . . . or a . . . office . . . or committee that uses a system made available by [TLC] to transmit, store, or maintain records . . . possesses, maintains, or controls the records for purposes of litigation . . . .

Section 323.021 establishes that TLC is not the custodian of information possessed, maintained, and controlled by Texas legislative offices and committees. TLC's Objections state that certain documents are statutorily the

3

legislators', not TLC's, and thus, the proper vehicle to request this information is from the legislators themselves, not TLC. *See id.* at ¶ 5.

9. The Notice further clarified and provided an example of a Directive that each Texas state legislator and the lieutenant governor has signed that, among other things:

(A) clarifies that TLC acts as extensions of each legislative office when performing services for the office;

(B) defines the legislative privilege relationship between the legislative office and TLC;

(C) defines the attorney-client relationship between the legislative office and TLC;

(D) clarifies that the legislator or lieutenant governor, as appropriate, is the custodian of records in the context of litigation; and

(E) directs TLC to assert all applicable privileges and obligations of confidentiality on behalf of the legislative office. *See, e.g.,* Exhibit 1 at 244-2 [Directive for Dade Phelan].

10. The Notice furthermore stated that "for all intents and purposes, TLC effectively joins Defendants and the subpoena recipients in their request that the TLC subpoena be quashed, modified, or alternatively for a protective order to be entered." Exhibit 1 at ¶ 7.

11. On June 27, 2022, the Court issued an Order granting a protective order and otherwise modifying the Subpoena. Dkt. 377 at 1. In the Order, the Court stated, "TLC has not objected to the subpoena it received." *Id*. at 4.

12. As explained herein, and in its Notice filed with this Court on April 21, 2022, TLC has objected to the Subpoena. *See* Dkt. 244 at ¶ 3, Dkt. 244-1, and Exhibit 1.

13. In addition, Element (2) of the Court's June 27, 2022 Order requires TLC to "consult any other legislators with shared TLC folders for which the TLC has access to determine which items, if any, in those folders those legislators seek to withhold pursuant to legislative privilege." Dkt. 377 at 10. TLC already has instructions from each one of its legislative clients to "assert all applicable privileges . . . on behalf of [their] office when an individual or entity from outside [their] office requests information maintained by the council that relates to privileged . . . services provided by the council to [their] office, unless [they] provide [their] consent for disclosure of the information." *See* Exhibit 1 at 244-2 (attached to Notice); *see also* Declaration of Jon Heining ("Heining Decl") at ¶ 6.

14. Furthermore, TLC provides information technology support to the entire legislative branch of Texas government. Element (1) of the Order makes the 26 legislators who moved to quash TLC's subpoena responsible for turning over their own ESI. Element (2) requires TLC to "produce all responsive

5

documents and ESI for which no privilege is asserted . . . ." And, Element (3) requires TLC to produce "all other responsive documents and ESI that it has access to . . . ." Dkt. 377 at 9-10. Taken as a whole, these instructions appear to deputize TLC to review and produce to the DOJ all information relating to redistricting that is maintained on legislative computer systems with only certain exceptions: a monumental task that would result in the review and production of information created and maintained by legislators whose interests are aligned in interest with the DOJ, legislators aligned in interest with the State but from whom DOJ has expressed no interest in obtaining discovery, and, more concerning, parties to the case, including Senator Powell, Representative Martinez-Fischer, and the members of the Mexican-American Legislative Caucus. *See* Heining Decl. at ¶ 7.

15. Moreover, all of TLC's information technology staff is currently working feverishly to meet its August deadline to upgrade and deploy the legislature's IT systems in anticipation of the upcoming 2023 legislative session. This deadline is necessary in order to ensure that all systems are adequately tested for the purpose of avoiding disruption to the state's legislative process. In addition, the number of TLC's staff capable of reviewing documents for discovery purposes is miniscule. The agency simply does not have the capacity to search and review redistricting-related documents for the approximately 750 individual users who comprise the universe of non-movant

Texas legislators and their staffs. TLC would also have to review each document to determine whether privileges could apply and consult with its legislative clients about how TLC would appropriately assert those privileges. Such a mandate would be highly burdensome, and DOJ has not demonstrated good cause under Federal Rule of Civil Procedure 45(e). *See* Heining Decl. at ¶ 8. In the event that the court determines that such a mandate is necessary to achieve justice, TLC should be given not less than 45 days to accomplish this task and its costs should be reimbursed by DOJ.

16. Because this Court did not have the benefit of the full record when rendering its decision, TLC respectfully requests the Court to reconsider its Order, and set a hearing with counsel for non-party TLC if it has further questions. TLC also respectfully requests a protective order that would relieve TLC from having to comply with DOJ's highly burdensome and unnecessarily broad subpoena request, consistent with the Objections served on the DOJ in March.

Dated: July 7, 2022          Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

JUSTIN GORDON
Interim Division Chief
Financial Litigation and Charitable Trusts Division

*/s/ Alyssa Bixby-Lawson*
ALYSSA BIXBY-LAWSON
Assistant Attorney General
State Bar No. 24122680
Tel: (210) 270-1118
Alyssa.Bixby-Lawson@oag.texas.gov

Financial Litigation and Charitable Trusts Division
Office of the Attorney General
P.O. Box 12548/Mail Stop 017
Austin, TX 78711-2548
Division Fax: (512) 477-2348

*Counsel for Non-Party Texas Legislative Council*

## CERTIFICATE OF CONFERENCE

I certify that counsel conferred with counsel for the United States regarding the subject of this motion. Counsel for the United States indicated it opposed any motion to reconsider or protective order, which confirms opposition to the relief sought here.

*/s/ Alyssa Bixby-Lawson*
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2022, the foregoing *Non-Party Texas Legislative Council's Emergency Motion to Reconsider Order (Dkt. 377) and for Protective Order* was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Alyssa Bixby-Lawson*
Assistant Attorney General