UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| League of United Latin American Citizens, et al.<br>*Plaintiffs*<br><br>v.<br><br>Greg Abbott, et al.<br>*Defendants* | )<br>)<br>)<br>)<br>)   Civil Action No. 3:21-cv-259-DCG-JES-<br>)   JVB<br>)<br>)<br>) |

## DECLARATION OF JON HEINING

I, Jon Heining, having personal knowledge of the facts stated herein, declare and state as follows:

1. I am General Counsel for the Texas Legislative Council ("TLC"), which is a nonpartisan legislative agency of the State of Texas established under Chapter 323 of the Texas Government Code. TLC serves as a source of impartial services, research, and information to the Texas Legislature and the legislative agencies of Texas.

2. On February 28, 2022, TLC received a subpoena for documents from the United States Department of Justice ("DOJ") related to the above-captioned lawsuit. TLC is not a party to the lawsuit.

3. On March 28, 2022, TLC served twenty-two (22) pages of detailed and extensive objections to the Subpoena.

4. On April 7, 2022, Defendants and Subpoena Recipients filed a Motion to Quash or, in the Alternative, Motion for Protective Order, seeking an order quashing the Subpoena or a protective order limiting the scope of the Subpoena.

5. On June 27, 2022, the Court issued an Order granting a protective order and otherwise modifying the Subpoena.

    a. Element (1) of the Order makes the 26 legislators who moved to quash TLC's subpoena responsible for turning over their own ESI;

    b. Element (2) of the Order requires TLC to "produce all responsive documents and ESI for which no privilege is asserted . . . ."; and

1

    c. Element (3) requires TLC to produce "all other responsive documents and ESI that it has access to . . . ."

6. Element (2) of the Court's June 27, 2022 Order requires TLC to "consult any other legislators with shared TLC folders for which the TLC has access to determine which items, if any, in those folders those legislators seek to withhold pursuant to legislative privilege." However, TLC already has instructions from each one of its legislative clients to "assert all applicable privileges . . . on behalf of [their] office when an individual or entity from outside [their] office requests information maintained by the council that relates to privileged . . . services provided by the council to [their] office, unless [they] provide [their] consent for disclosure of the information."

7. Furthermore, TLC provides information technology support to the entire legislative branch of Texas government. Complying with the Court's Order would require TLC to review and produce to the DOJ all information relating to redistricting that is maintained on legislative computer systems with only certain exceptions. This is a monumental task that would result in the review and production of information created and maintained by legislators whose interests are aligned in interest with the DOJ, legislators aligned in interest with the State but from whom DOJ has expressed no interest in obtaining discovery, and parties to the case itself, including Senator Powell, Representative Martinez-Fischer, and the members of the Mexican-American Legislative Caucus.

8. All of TLC's information technology staff is currently working feverishly to meet its August deadline to upgrade and deploy the legislature's IT systems in anticipation of the upcoming 2023 legislative session. This deadline is necessary in order to ensure that all systems are adequately tested for the purpose of avoiding disruption to the state's legislative process.

9. The number of TLC's staff capable of reviewing documents for discovery purposes is miniscule. The agency simply does not have the capacity to search and review redistricting-related documents for the approximately 750 individual users who comprise the universe of non-movant Texas legislators and their staffs. TLC would also have to review each document to determine whether privileges could apply and consult with its legislative clients about how TLC would appropriately assert those privileges. Such a mandate would be highly burdensome to TLC and its staff.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

Executed on July 7, 2022

Jon Heining

2