IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| THE LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, et al., <br><br> Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) <br> (consolidated cases) |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO
TEXAS LEGISLATIVE COUNCIL'S MOTION FOR RECONSIDERATION**

Reconsideration of this Court's June 27 Order resolving the Defendants' and 26 Legislators' motion to quash the United States' document subpoena to the Texas Legislative Council (TLC) is neither appropriate nor necessary. The motion for reconsideration raises no new arguments or facts that would call the Court's Order into question and relies on a misreading of that Order and the underlying record, and the Court should therefore deny the motion. In addition, the United States will engage with the TLC to address the concerns raised in the motion; such direct discussions are a more expedient means of mitigating the burdens of subpoena compliance and accommodating resource constraints.

## BACKGROUND

The background of this motion is laid out in this Court's June 27 Order, ECF No. 377. In brief, the United States served a third-party document subpoena on the TLC on February 28, 2022. *See* TLC Subpoena, ECF No. 227-1. Defendants and twenty-six legislators who also received document subpoenas filed a motion to quash the TLC subpoena or for a protective

1

order.  *See* Def. & Subpoena Recipients' Mot. to Quash, ECF No. 219.  The motion was fully briefed.  *See* U.S. Opp., ECF No. 227; Def. & Subpoena Recipients' Reply, ECF No. 242.  The TLC did not file a motion to quash or for a protective order, but on the same day that State Defendants and Legislators filed their reply, the TLC filed a notice stating that "for all intents and purposes, TLC effectively joins Defendants and the subpoena recipients in their request that the TLC subpoena be quashed, modified, or alternatively for a protective order to be entered."  TLC Notice, ECF No. 244.

This Court granted a protective order to the twenty-six legislators who filed the motion and modified the subpoena to establish procedures by which legislators could review and assert legislative privilege "as to individual documents in the shared TLC folders assigned to them," both for the twenty-six legislators who filed the motion and other legislators with shared TLC folders.  June 27 Order at 9-10.  However, the Court did not quash the subpoena in its entirety.  Rather, this Court ordered that the "TLC shall produce all other responsive documents that it has access to, *i.e.* all electronic folders not assigned to individual legislators."  *Id.* at 10.  The TLC's motion for reconsideration follows.  *See* TLC Mot., ECF No. 415.

## LEGAL STANDARD

A motion for reconsideration of a discovery order is evaluated under Federal Rule of Civil Procedure 54(b).  *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017); *see also McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018).  Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Whether to grant reconsideration under Rule 54(b) is "committed to the discretion

2

of the District Court." *Austin*, 864 F.3d at 337 (quoting *Saint Annes Dev. Co. v. Trabich*, 443 F. App'x 829, 832 (4th Cir. 2011)). This discretion should "be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Tolleson v. Livingston*, No. 2:12-cv-201, 2014 WL 1386319, at *2 (S.D. Tex. Apr. 9, 2014) (citing *Calpetco 1981 v. Marshall Exploration, Inc.,* 989 F.2d 1408, 1414-15 (5th Cir. 1993)).

**ARGUMENT**

The TLC has not demonstrated any grounds for reconsideration of this Court's June 27 Order. The TLC argues reconsideration is appropriate "[b]ecause this Court did not have the benefit of the full record when rendering its decision," TLC Mot. ¶ 16, but it bases that conclusion on a misconstruction of the Court's order and the parties' briefing. And even if the TLC had identified a gap in the record, it would have made no difference to the outcome, because TLC's argument merely rehashes arguments this Court considered and correctly rejected in deciding Defendants' and Legislators' motion. With respect to the logistical concerns the TLC raises, the United States offered to meet and confer with the TLC to assist in reasonably targeting its searches and productions. Further action by this Court is neither necessary nor the most expedient path forward to address the TLC's concerns.

The TLC's contention that this Court did not base its June 27 Order on the full record relies on two faulty premises. First, the TLC states that "[a]t no time did either Movants or the DOJ identify in their briefing to the Court the fact that TLC had in fact served extensive and detailed Objections to the Subpoena." TLC Mot. ¶ 5. And second, the TLC suggests that the Court incorrectly concluded that "TLC ha[d] not objected to the subpoena it received." TLC Mot. ¶¶ 11-12. Neither premise is consistent with the record.

Contrary to the TLC's argument that no party alerted the Court that the TLC had served objections, the United States explicitly stated in its opposition to the Defendants' and Legislators' Motion that "[t]he TLC . . . served objections on the United States on March 28 . . . ." U.S. Opp. at 2. It is therefore simply not correct that "at no time" did the parties explain in their briefing that the TLC had served such objections. To the extent the TLC faults the parties for failing to restate the "extensive and detailed" objections it made, it has not identified any basis for asserting that any party was required to do so, much less why the United States would be obligated to press the TLC's objections in its opposition to the motion. Moreover, and as the TLC's motion for reconsideration makes clear, the TLC placed the relevant portion of those objections on the record in the Notice it filed with the Court on April 21, well before this Court's resolution of the motion. *See* TLC Mot. ¶¶ 5-10.

The TLC also misconstrues the Court's statement that the TLC "has not objected" to the Subpoena to mean that the TLC did not serve objections on the United States. The Court simply and accurately stated that the TLC had not filed an objection or motion in this Court. Thus, the only motion before the Court was Defendants' and Legislators' motion to quash. *See* June 27 Order at 4. In the next sentence, the Court stated, "Texas is *objecting* on behalf of itself and 26 legislators and their staff." *Id.* (emphasis added). This use of "objecting" was plainly referring to filing a motion with the Court. This accurate statement does not warrant reconsideration.

In any event, the TLC has raised only arguments already encompassed within the State Defendants' and Legislators' motion and disposed of by the June 27 Order. In the Notice, the TLC told the Court that it "effectively join[ed] Defendants and the subpoena recipients in their request." TLC Notice ¶ 7; TLC Mot. ¶ 10. Now on reconsideration, the TLC presses state statutory arguments about legislative privilege and its custodianship of legislative records, based

4

on Tex. Gov. Code §§ 306.008, 323.017, 323.018, and 323.021.  TLC Mot. ¶¶ 7-8.  But the Court considered these exact privilege and custodianship arguments in resolving the original motion, noting that "[t]he movants spen[t] much of their briefing explaining how state law, specifically Texas Government Code § 323.021, places the shared-drive files in the individual legislators' 'possession, custody, and control for purposes of litigation.'"  June 27 Order at 7-9.  Denial of reconsideration is appropriate where the movant "provides no new arguments or new evidence to warrant reconsideration."  *Moctezuma v. Islas*, No. 4:18-cv-342, 2020 WL 1984326, at *2 (E.D. Tex. Apr. 27, 2020); *see also, e.g.*, *Kezar v. State Farm Lloyds*, No. 1:17-cv-389, 2018 WL 6027115, at *2 (W.D. Tex. Nov. 16, 2018); *Gregory v. Baucum*, No. 7:16-cv-00103, 2018 WL 10096597, at *1 (N.D. Tex. Feb. 23, 2018).

While reconsideration of the June 27 Order is not appropriate, the United States understands the TLC's logistical concerns regarding document review and production.  TLC Mot. ¶¶ 13-15.  The United States does not intend to impose unnecessary burdens on the TLC.  In light of the impending close of discovery, the ongoing legislative depositions, and the rapidly approaching trial date in this matter, the United States cannot agree to a further extension of the response timeline for a document subpoena served over five months ago.  However, the United States will engage with the TLC in order to assist the TLC to target its document search and production obligations appropriately, and to avoid any unnecessary burdens.  Direct negotiations between the parties will be the most expedient way to resolve the TLC's concerns, which do not require further intervention from the Court or reconsideration of its June 27 Order.

## CONCLUSION

For the foregoing reasons, the Court should deny the TLC's Emergency Motion to Reconsider Order and For Protective Order, ECF No. 415.

Date:  July 14, 2022

        */s/ Michael E. Stewart*
        T. CHRISTIAN HERREN, JR.
        TIMOTHY F. MELLETT
        DANIEL J. FREEMAN
        JANIE ALLISON (JAYE) SITTON
        JACKI L. ANDERSON
        JASMIN LOTT
        HOLLY F.B. BERLIN
        MICHAEL E. STEWART
        Attorneys, Voting Section
        Civil Rights Division
        U.S. Department of Justice
        950 Pennsylvania Avenue NW
        Washington, D.C. 20530
        (800) 253-3931
        michael.stewart3@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on July 14, 2022, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

              */s/ Michael E. Stewart*
              Michael E. Stewart
              Civil Rights Division
              U.S. Department of Justice
              950 Pennsylvania Ave, NW
              Washington, DC 20530
              (800) 253-3931
              michael.stewart3@usdoj.gov