

**National Headquarters**
MALDEF Nonprofit Center
634 S. Spring Street, 12th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Atlanta
Program Office**
500 W. Lanier Ave.
Suite 908
Fayetteville, GA 30215
*Tel:* 470.878.0785

**Chicago
Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
*Tel:* 312.427.0701
*Fax:* 312.427.0691

**Los Angeles
Regional Office**
634 S. Spring Street,
11th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Sacramento
Program Office**
1512 14th Street
Sacramento, CA 95814
*Tel:* 916.444.3031
*Fax:* 916.444.7207

**San Antonio
Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
*Tel:* 210.224.5476
*Fax:* 210.224.5382

**Washington, D.C.
Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
*Tel:* 202.293.2828

July 5, 2022

Patrick K. Sweeten
Deputy Attorney General for Special Litigation
Office of the Attorney General
William T. Thompson
Deputy Chief, Special Litigation Unit
Jack DiSorbo
Assistant Attorney General, Special Litigation Unit
P.O. Box 12548 (MC-009)
Austin, TX  78711-2548

Taylor A.R. Meehan
Consovoy McCarthy PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209

**RE:  Meet and Confer Letter Regarding June 17, 2022 Privilege Log for LULAC Plaintiffs' Document Subpoenas,**
*LULAC v. Abbott*, No. 3:21-cv-259-DCG-JES-JVB (W.D. Tex.)

Dear Counsel,

On April 13, 2022, LULAC Plaintiffs served document subpoenas on House Speaker Dade Phelan, Lieutenant Governor Dan Patrick, Senator Joan Huffman, Representative Todd Hunter, Representative Brooks Landgraf, Representative J.M. Lozano, Representative Jacey Jetton, and Representative Ryan Guillen (together, "Respondents").  On April 27, 2022, Respondents served their responses and objections to LULAC Plaintiffs' document subpoenas.  On May 13, 2022, Respondents produced some documents in response to LULAC Plaintiffs' subpoenas.  On June 17, 2022, Respondents served a privilege log in connection with that production (the "Privilege Log").

LULAC Plaintiffs seek the production of several documents listed in the Privilege Log.  Additionally, LULAC Plaintiffs seek clarification regarding the information included for several entries.  All documents at issue in this letter are listed in Exhibits A, C, and D.  Further, LULAC Plaintiffs seek confirmation that Respondents will

produce documents consistent with the definitions and instructions set forth in LULAC Plaintiffs' document subpoenas.

This letter serves as a meet and confer regarding the production of all documents listed in Exhibits A to J, as well as other objections Respondents assert against the definitions and instructions in LULAC Plaintiffs' document subpoenas. In light of the forthcoming close of discovery, please respond to this letter by July 8, 2022.

I. **Documents at Issue in the United States' Motion to Enforce Third-Party Subpoenas** *Duces Tecum* **(Dkt. 351).**

As an initial matter, LULAC Plaintiffs seek all documents that both are listed in Exhibit A and are subject of the United States' Motion to Enforce Third-Party Subpoenas *Duces Tecum*, Dkt. 351, which remains pending before the Court. Regarding those documents, LULAC Plaintiffs assert similar arguments as those put forth by the United States in its motion to enforce and reply in support of that motion, Dkts. 351 and 394, as well as the arguments asserted in the Joint Motion of Plaintiffs LULAC, *et al.*, Abuabara, *et al.*, and Texas NAACP to Compel Production of Documents from Defendant Abbott, Dkt. 380.

Additionally, LULAC Plaintiffs assert that Lieutenant Governor Patrick's ability to invoke the legislative privilege—to the extent that such an ability even exists—does not encompass several of the documents over which he asserts that privilege. Lieutenant Governor Patrick is a member of the executive branch, not of the legislative branch. Tex. Const., art. IV, § 1. Because "[t]he separation of powers doctrine prohibits one branch of government from exercising a power belonging inherently to another," Lieutenant Governor Patrick's authority in the legislative sphere—and thus his ability to invoke the legislative privilege—is, at most, limited to the areas enumerated under the Texas Constitution.[1] *See In re Turner*, 627 S.W.3d 654, 660 (Tex. 2021) (quotation omitted); *see also* Tex. Const., art. II, § 1. The Texas Constitution specifies:

> The Lieutenant Governor shall by virtue of his office be President of the Senate, and shall have, when in *Committee of the Whole*, a right to debate and vote on all questions; and when the Senate is equally divided to give the casting vote.

Tex. Const., art. IV, § 16(b) (emphasis added). However, the Lieutenant Governor's authority does not include drafting, revising, or proposing changes to legislation—the subject of several of the communications in the Privilege Log. *See* Ex. A. Further, none of the communications involved legislation pending before the Committee of the Whole Senate; instead, the redistricting plans were considered by the Senate Redistricting Committee, and some of the Lieutenant Governor's entries even explicitly state that they

---

[1] LULAC Plaintiffs also reserve the right to assert that, because the Lieutenant Governor is a member of the executive branch, he cannot invoke the legislative privilege at all.

are communications "regarding [the] Senate Redistricting Committee hearing." As such, the Lieutenant Governor's communications are not meaningfully different than communications with lobbyists or other third parties, and the legislative privilege therefore does not apply to those communications. *See Gilby v. Hughes*, 471 F. Supp. 3d 763, 768 (W.D. Tex. 2020). Accordingly, those documents must be disclosed.

Further, for some entries, the Privilege Log lists authors or recipients who appear not to have been included in the privilege log provided to the United States in connection with its motion to enforce. For example, unlike the privilege log provided to the United States, the Privilege Log lists the "State of Texas" as the author of the following documents: DOC_0001982, DOC_0006868, and DOC_0006873. To the extent that these additional individuals are not "legislator[s], legislative aide[s], or staff member[s]," the legislative privilege, attorney-client privilege, and/or work product doctrine have been waived, and those documents must be disclosed. *See Perez v. Perry*, No. SA-11-cv-360-OLG-JES-XR, 2014 WL 106927, at *2 (W.D. Tex. Jan. 8, 2014); *see also Perez v. Perry*, No. SA-11-cv-360-OLG-JES-XR, 2014 WL 3495414, at *2 (W.D. Tex. July 11, 2014); *Finalrod IP, LLC v. John Crane, Inc.*, No. MO:15-CV-097-DC, 2019 WL 13074600, at *2 (W.D. Tex. Mar. 22, 2019).

In light of LULAC Plaintiffs' assertions, please indicate which, if any, of the documents that both are listed in Exhibit A and are subject of the United States' motion to enforce, Dkt. 351, that you intend to produce. If you do not intend to produce any such documents, please state so.

II. **Clarification of Certain Individuals and Documents Listed in the Privilege Log.**

LULAC Plaintiffs also seek clarification regarding the information listed for some of the entries in the Privilege Log.

First, the Privilege Log lists a number of individuals who appear not to have been legislators or legislative staff at the time certain documents were created or shared. *See* Ex. B. For each of the following, please indicate during what time period, if any, the individual was an employee of the Texas Legislature:

- Ashley Brooks
- Sophia Copeland
- John Gibbs
- Michael Hankins
- Lewis Luckenbach
- Jared May
- Allison Schmitz
- Zachary Stephenson
- Alelhie Lila Valencia

- James Whitehorne
- Sarah Wilcox

Relatedly, for some entries, the Privilege Log lists one of the following as an author:

- ATC
- ikt429
- JSA
- KAG
- o0600bq
- S7625AF
- SO
- torim

Please provide the full name of each of the above individuals, and for each entry that lists one of the above as an author, indicate whether the individual was an employee of the Texas Legislature at the time the document was created.

Second, the Privilege Log lists "State of Texas" as the author of several documents. *See* Ex. B. Please specify which executive agency (or official or employee thereof), if any, "State of Texas" refers to, including but not limited to the Office of the Governor.

Third, for several documents, the Privilege Log lists the following description (or some variant thereof): "Confidential bill draft and related materials regarding redistricting legislation." *See* Ex. C. These entries fail to specify what "related materials" means, thereby falling short of Rule 45's obligation of describing the nature of the documents in a way that "will enable the parties to assess the claim" of privilege. Fed. R. Civ. P. 45(e)(2)(A)(ii). Because "related materials" may fall outside of the scope of the privileges asserted, *see infra*, Section IV, please provide further detail regarding what these "related materials" are, including but not limited to whether these materials reflect data relating to redistricting legislation.

Fourth, and relatedly, at least 55 entries contain the following phrase (or some variant thereof): "Confidential document relating to draft redistricting legislation for House districts." Ex. D. These entries also fail to describe the nature of the document in a way that enables LULAC Plaintiffs to assess the asserted privileges. Accordingly, please provide further detail regarding the nature of these documents, including but not limited to whether these documents contain data relating to redistricting legislation.

Case 3:21-cv-00259-DCG-JES-JVB   Document 445-6   Filed 07/18/22   Page 5 of 7

Page 5 of 7

### III. Discrepancies Between Privilege Logs for LULAC Plaintiffs and the United States.

In addition to the inclusion of additional authors for some entries in the Privilege Log, *see supra*, Section I, there are multiple—and potentially material—discrepancies regarding the "Description" field for entries in the Privilege Log, compared to the privilege log served on the United States. For example, Entry 393 (DOC_0002023) has the following description: "Confidential bill draft and related materials, regarding draft redistricting legislation, including input from attorneys relating to proposed redistricting legislation." For the United States, however, the privilege log states that DOC_0002023 contains "[d]ata relating to draft redistricting legislation for congressional districts, including input from attorneys relating to proposed redistricting legislation." As another example, Entry 1053 (DOC_0352895) has the following description: "Draft maps, draft bills and amendments, data, analyses, and other confidential materials created and/or retained for the purpose of creating and/or considering draft redistricting legislation." For the United States, however, the privilege log states that DOC_0352895 contains "[t]alking points, notes, data, and other materials regarding draft redistricting legislation relating to House districts."

For these and other documents for which there is a similar discrepancy, please indicate which, if any, of the entries in the Privilege Log do not contain a draft bill or amendment, and which, if any, of the entries contain data related to redistricting legislation.

### IV. Additional Documents that LULAC Plaintiffs Seek.

Based on the arguments referenced and articulated in Section I, other documents listed in the Privilege Log must be produced. *See* Ex. A. Those documents should be disclosed because, among other reasons:

- They reflect communications with third parties (based on the information currently available to LULAC Plaintiffs), thereby waiving the legislative privilege, attorney-client privilege, and/or work product doctrine. Ex. B.
- They reflect communications with or are documents of Lieutenant Governor Patrick, who, as noted in Section I, may not invoke the legislative privilege here. Ex. E.
- They reflect advice on political, strategic, or policy issues, thereby falling outside of the scope of the attorney-client privilege. Ex. F.
- They contain data or other factually based information that is not protected by the legislative privilege, attorney-client privilege, and/or work product doctrine. Ex. G.

*Advancing Latino Civil Rights for over 50 Years*
www.maldef.org

- Their primary purpose was for the enactment of legislation, not to aid in possible future litigation, and therefore they are not protected by the work product doctrine. Ex. H.
- They are invoices, contracts, or retention letters not subject to any protection, for the reasons articulated in the United States' motion to enforce. Ex. I.
- They are calendar invitations not subject to any protection, for the reasons articulated in the United States' motion to enforce. Ex. J.

Additionally, to the extent that the legislative privilege can be asserted over any of the documents identified above, the privilege nevertheless should yield. *See Perez*, 2014 WL 106927, at *2. The legislative privilege should also yield for the documents listed in Entries 681 (DOC_0002747) and 683 (DOC_0002749). For each of these documents, the *Perez* factors weigh heavily in favor of disclosure, because (1) the evidence is relevant and vital to LULAC Plaintiffs' claims, (2) the evidence would speak to whether there was intent to discriminate against racial minorities and whether the redistricting plans had a discriminatory effect, (3) there is substantial public interest in the instant suit, (4) there is no question regarding the government's role in this litigation, and (5) disclosure would not chill governmental employees (and even if it would, the other factors strongly outweigh this factor).

Accordingly, please indicate which, if any, of the documents listed in Exhibits A to J that you intend to produce.[2] If you do not intend to produce any such documents, please state so.

V.  **Respondents Must Search for and Produce Documents in Possession of Former Staff.**

In their subpoenas, LULAC Plaintiffs note that references to an individual person include, among other things "any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, [or] predecessors in office or position." *See e.g.*, Ex. K at 10. Respondents object that Rule 45 does not require them "to search for or produce documents in the possession of former employees, interns, and other agents" or of "former legislators." *See, e.g.*, Ex. L at 7, 8. However, Rule 45 requires the production of all non-privileged, responsive documents in the "possession, custody, or control" of Respondents. Thus, at a minimum, Respondents must search for and produce documents in their "possession, custody, or control" even if any such document was or remains in the possession of a former legislator, employee, staff member, intern, or agent.

---

[2] LULAC Plaintiffs reserve the right to assert additional reasons not mentioned in this letter to support the disclosure of any document included in the Privilege Log, including but not limited to any assertion made in light of any clarification that results from the requests in Sections II and III above.

Accordingly, please confirm that Respondents are searching for and producing all such responsive, non-privileged documents.

* * *

LULAC Plaintiffs reserve the right to raise additional issues with the Privilege Log and Respondents' other objections to LULAC Plaintiffs' document subpoenas, as necessary. We hope that the parties can narrow the scope of disagreement or reach an amicable resolution without seeking Court intervention. We look forward to your response by July 8, 2022.

Sincerely,

*Nina Perales*

Nina Perales
Fátima Menendez
Kenneth Parreno
Mexican American Legal Defense and
Educational Fund (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205

*Counsel for LULAC Plaintiffs*