IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY W. ABBOTT et al., <br><br> Defendants. <br> ------------------------------------------------------------- <br> FAIR MAPS TEXAS ACTION COMMITTEE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT et al., <br><br> Defendants. | Civil Action No. 3:21-cv-00259 <br><br> (Lead Case) <br><br><br><br><br><br><br> Civil Action No. 3:21-cv-01038 <br><br> (Consolidated case) |

**FAIR MAPS PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANTS**

Fair Maps Plaintiffs ("Fair Maps" or "Plaintiffs") brought suit to challenge the House, Senate, and Congressional redistricting plans recently enacted by the Texas Legislature, alleging violations of the Voting Rights Act and the United States Constitution. Fair Maps allege, among other things, that the Texas Legislature enacted the redistricting plans with the intent to

1

discriminate against racial minorities, and assert that the totality of circumstances shows that those minorities have less opportunity to participate in the political process and to elect representatives of their choice. In furtherance of these claims, Fair Maps served their requests for production of documents on Defendants. These document requests were substantially similar to those made by Plaintiffs LULAC, Texas NAACP, and Abuabara Plaintiffs, as described in those Plaintiffs' Joint Motion to Compel ("Private Plaintiffs' Joint Motion"). Dkt. 380.

Based on overbroad claims of privilege, Defendants withheld a number of responsive documents from their response to all Plaintiffs' requests. Defendants withheld documents that fell into two categories: (1) documents related to Defendant Governor Abbott's ("Gov. Abbott") proclamation calling the special legislative session in which the Texas Legislature enacted the challenged redistricting legislation, and (2) documents related to draft redistricting legislation. However, Gov. Abbott—a member of the executive branch—has shared several of these documents with the legislative branch, and many of these documents were created to aid in calling the third special session or in enacting legislation—not for or in anticipation of litigation. Accordingly, the privileges Gov. Abbott asserts over those documents do not apply—or if they ever did, they have since been waived.

Plaintiffs were no exception, receiving (upon information and belief) identical productions and an identical privilege log from Gov. Abbott in response to their request. To preserve their rights, Fair Maps Plaintiffs make a separate motion to compel. In the interest of judicial economy and to minimize any costs associated with this motion, Fair Maps Plaintiffs incorporate by reference the arguments made in the other Plaintiffs' Joint Motion, Dkt. 380, which are briefly summarized below in Sections II.A-F.

After multiple "meet and confer" exchanges between the parties and correspondence

outlining Fair Maps' positions did not resolve the parties' dispute, Fair Maps now respectfully request that the Court compel disclosure of those documents.

## I. BACKGROUND

On April 12, 2022, Fair Maps served its first set of document requests on Defendants. Ex. A. These requests were substantially similar to those made by NAACP Plaintiffs. *See* Dkt. 380-3 (Exhibit B to Motion to Compel). On May 12, Defendants responded with a letter asserting various objections to those requests, including broad claims of the legislative privilege, deliberative-process privilege, attorney-client privilege, and that the requests were irrelevant and outside the scope of Federal Rule of Civil Procedure 26. Ex. B. Defendants also produced documents with Bates numbers STATE-REDISTRICTING_000001−000669 as responsive to Fair Maps Texas's First Request for Production of Documents. Ex. C. Defendants did not serve any privilege log on Fair Maps with this production.

Fair Maps responded on June 15, challenging Defendants privilege assertions and their basis for withholding documents for purported lack of relevance, and offering to meet and confer on these issues. Ex. D. Fair Maps requested clarification on whether and how Defendants had searched for documents, including whether any were being withheld in areas where Defendants represented they were still searching. *Id.* Additionally, Fair Maps explained their belief that assertions of legislative privilege and deliberative privilege were overbroad and that documents and communications between Defendants and other third parties were relevant, contrary to Defendants' objections. *Id.* Fair Maps also noted that they had not received any privilege log from Defendants' to date. *Id.* at 3.

On June 22, Fair Maps requested a meet and confer to discuss the parties' discovery requests and responses and attached to their email (among other items) Fair Maps' June 15 letter

responding to Defendants responses and objections. Ex. E. Defendants and Fair Maps Plaintiffs met and conferred two days later, but during this call Defendants represented that they were not prepared to discuss their responses and objections to Fair Maps' requests and would have to follow up at a later time. Fair Maps, and specifically Fair Maps counsel Hilary Klein (who was the main point of contact on discovery issues), requested that Defendants follow up regarding Defendants' failure to provide a privilege log in response to Fair Maps' document requests, and (as is relevant here) to clarify the scope of Defendants' other relevance objections. Following the meet and confer, Defendants emailed Fair Maps' counsel later that day addressing some of the issues raised by Fair Maps and providing (for the first time to Fair Maps) a privilege log. Ex. G.

Defendants' June 24 email was directed to Ms. Klein but did not include her as a recipient. Ex. G. Ms. Klein, having not received any response to her June 24 inquiry, emailed Defendants on July 7 to follow up on the issues she inquired about during the meet and confer that were not addressed. Ex. F (July 7 Klein email). Defendants responded in an email, attaching their June 24 correspondence, and acknowledging the omission of Ms. Klein as an original recipient. Ex. F (July 8 Herbert email). On July 14, 2022, Ms. Klein notified Defendants of Fair Maps' intent to file a motion to compel on substantially the same grounds as the other plaintiffs in Dkt. No. 380 with the understanding that (having opposed that motion) Defendants' position was unchanged, but offering to meet and confer nonetheless. Ex. F (July 14 Klein email). Plaintiffs and Defendants thereafter met and conferred from July 18−21 over the phone and via email, and were able to resolve some, but not all of the issues of disagreement between the parties. *See generally* Exs F & I[1]. Defendants agreed to remove privilege designations and produce documents that were produced

---

[1] Exhibit I has been redacted of information unrelated to the issues addressed in this Motion that are subject to the May 18, 2022 Protective Order, Dkt. 282, in order to avoid unnecessarily sealing this Motion and in the interest of judicial economy. If directed by the Court, Plaintiffs would be happy to file under seal an unredacted version of this correspondence.

to the other Plaintiffs in response to their motion to compel at Dkt. 380 (which Fair Maps has now excluded from this Motion), but asserted their position was otherwise unchanged from what they included in their Response to the other plaintiffs' Motion at Dkt. 380. Ex. F (at 18 & 19 July DiSorbo emails).[2]

## II. LEGAL STANDARD

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if the other party "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 34 permits parties to serve upon each other "a request within the scope of Rule 26(b)" to produce certain items "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Rule 26 requires a party that asserts a privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and to do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). "It is well settled that the party asserting the privilege has the burden of establishing its applicability." *Perez v. Perry*, No. SA-11-CV-360-OLG-JES-XR, 2014 U.S. Dist. LEXIS 94276, at *15 (W.D. Tex. July 11, 2014) (citing *Hodges, Grant & Kaufman v. United States*, 768 F.2d 719, 721 (5th Cir. 1985)). Conclusory assertions are "insufficient to carry out the proponent's burden of establishing" privilege. *E.E.O.C. v. BDO*

---

[2] The parties continued on July 20 and 21 (are continuing to meet and confer) on one outstanding issue with respect to Fair Maps Request For Production No. 5, and Fair Maps reserves the right to file any motion to compel documents relevant to this request.

*USA, L.L.P.*, 876 F.3d 690, 696 (5th Cir. 2017) (citing *United States v. Chen*, 99 F.3d. 1495, 1502 (9th Cir. 1996).

When a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

### III.   ARGUMENT

#### A. Gov. Abbott is not a Legislator and Thus Cannot Withhold Documents Based on the Legislative Privilege.

In the interest of judicial efficiency, Plaintiffs incorporate by reference the arguments made in support of this ground in Private Plaintiffs' Joint Motion. Dkt. 380 at 7-15. In brief, Gov. Abbott inappropriately asserts the legislative privilege over several documents in the Supplemental Privilege Log.[3] Gov. Abbott lacks standing to assert the legislative privilege, because he is not a legislator, cannot invoke the privilege on behalf of legislators, and cannot invoke the privilege on his own behalf. *Perez v. Perry*, No. SA-11-cv-360, 2014 U.S. Dist. LEXIS 1838, at *16 (W.D. Tex. Jan. 8, 2014); *La Union Del Pueblo Entero (LUPE) v. Abbott*, No. SA-21-CV-00844-XR, 2022 U.S. Dist. LEXIS 93601, at *20-21 (W.D. Tex. May 25, 2022); *In re Turner*, 627 S.W.3d 654, 659-60. Even if Gov. Abbott could invoke the privilege, notwithstanding these deficiencies, the privilege should yield here because all five factors considered by courts in this Circuit—(1)

---

[3] Of the documents Plaintiffs seek, Gov. Abbott asserts the legislative privilege over: DOC_356555, DOC_0356556, DOC_0356557, DOC_0356569, DOC_0356571, DOC_0356578, DOC_0356579, DOC_0356580, DOC_0356581, DOC_0356582, DOC_0356583, DOC_0356584, DOC_0356585, DOC_0356590, DOC_0356591, DOC_0356592, DOC_0356593, DOC_0356604, DOC_0356609, and DOC_0356610. Ex. H.

6

the relevance of the evidence sought to be protected; (2) the availability of other evidence; (3) the seriousness of the litigation and issues involved; (4) the role of the government in the litigation; and (5) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable—weigh in favor of disclosure here. *Perez*, 2014 U.S. Dist. LEXIS 1838, at *19; Dkt. 282 at 2 (quoting *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Parish Gov't*, 849 F.3d 615, 624 (5th Cir. 2017)); *see also LUPE*, 2022 U.S. Dist. LEXIS 93601, at *27-30; *Veasey v. Perry*, No. 2:13–CV–193, 2014 U.S. Dist. LEXIS 54935, at *9-14 (S.D. Tex. 2014); *Baldus v. Brennan*, No. 11-CV-562, 11-CV-1011, 2011 U.S. Dist. LEXIS 142338, at *8 (E.D. Wis. Dec. 8, 2011).

### B. Deliberative-Process Privilege

In the interest of judicial efficiency, Plaintiffs incorporate by reference the arguments made in Private Plaintiffs' Joint Motion. Dkt. 380 at 15-20. In brief, Defendants also improperly invoke the deliberative-process privilege as to these documents.[4] The deliberative-process privilege does not cover documents that Gov. Abbot's office sent to or received from members of the Legislature or their staff. *See Gilby v. Hughes*, 471 F. Supp. 3d 763, 768 (W.D. Tex. 2020). Furthermore, Defendants' Privilege Log fails adequately to support any claim to deliberative-process privilege with any declarations from agency officials explaining the basis of the privilege claim. *See Ascom Hasler Mailing Sys., Inc. v. USPS*, 267 F.R.D. 1, 4 (D.D.C. 2010). Additionally, the deliberative-process privilege may only be invoked by an agency head after a personal review, which the record does not support here. *See In re McKesson Governmental Entities Average Wholesale Price Litig.*,

---

[4] Of the documents Plaintiffs seek, Gov. Abbott asserts the deliberative-process privilege over: DOC_0356555, DOC_0356556, DOC_0356557, DOC_0356559, DOC_0356569, DOC_0356571, DOC_0356578, DOC_0356579, DOC_0356580, DOC_0356581, DOC_0356582, DOC_0356583, DOC_0356584, DOC_0356585, DOC_0356590, DOC_0356591, DOC_0356592, DOC_0356593, DOC_0356594, DOC_0356595, DOC_0356596, DOC_0356597, DOC_0356604, DOC_0356609, and DOC_0356610. Ex. H.

264 F.R.D. 595, 601 (N.D. Cal. 2009). Gov. Abbott has also improperly invoked the deliberative-process privilege concerning documents that followed the enactment at issue, since documents must be pre-decisional and deliberative in order for the privilege to attach. *See Doe v. City of San Antonio*, No. SA-14-CV-102-XR, 2014 U.S. Dist. LEXIS 161434, at *4-5 (W.D. Tex. Nov. 17, 2014); *Senate of the Com. of Puerto Rico on Behalf of Judiciary Comm. v. United States Dep't of Just.*, 823 F.2d 574, 584–85 (D.C. Cir. 1987). Finally, even if Gov. Abbott could claim the deliberative-process privilege, notwithstanding these deficiencies, the privilege should yield here because the factors considered when determining whether deliberative-process privilege should yield are similar to those courts consider when determining whether the legislative privilege should yield, and those factors cut in Plaintiffs' favor here. *See Harding v. Cnty. of Dallas*, No. 3:15-CV-0131-D, 2016 U.S. Dist. LEXIS 177937, at *33-34 (N.D. Tex. Dec. 23, 2016); *In re Sealed Case*, 121 F.3d 729, 737–38 (D.C. Cir. 1997).

### C. Attorney-Client Privilege

In the interest of judicial efficiency, Plaintiffs incorporate by reference the arguments made in Private Plaintiffs' Joint Motion. Dkt. 380 at 20-23. Briefly, Defendants incorrectly withhold several documents based on the attorney-client privilege.[5] Gov. Abbott fails to meet his burden to show that the privilege applies, instead making only boilerplate assertions. *See BDO USA, L.L.P.*, 876 F.3d at 695 (5th Cir. 2017). Gov. Abbott has also failed to show that the substance of the communications fall within the privilege. *See LUPE*, 2022 U.S. Dist. LEXIS 93601, at *31-32.

---

[5] Of the documents Plaintiffs seek, Gov. Abbott asserts attorney-client privilege over: DOC_356555, DOC_0356556, DOC_0356557, DOC_0356558, DOC_0356559, DOC_0356569, DOC_0356571, DOC_0356575, DOC_0356576, DOC_0356578, DOC_0356579, DOC_0356580, DOC_0356581, DOC_0356582, DOC_0356583, DOC_0356584, DOC_0356585, DOC_0356590, DOC_0356591, DOC_0356592, DOC_0356593, DOC_0356594, DOC_0356595, DOC_0356596, DOC_0356597, DOC_0356604, DOC_0356609, and DOC_0356610. Ex. H.

Additionally, the documents Gov. Abbott seeks to withhold concern advice on political, strategic, or policy issues and must be disclosed. *See Baldus v. Brennan*, No. 11-CV-1011 JPS-DPW, 2011 U.S. Dist. LEXIS 146869, at *11-12 (E.D. Wis. Dec. 20, 2011). Gov. Abbott has also waived the privilege concerning many of these documents. *Perez*, 2014 U.S. Dist. LEXIS 94276, at *14-16. Because Gov. Abbott has waived the privilege as to many of these documents and none of them were made for a privileged purpose, he cannot withhold them on that basis here.

### D. Work Product Doctrine

In the interest of judicial efficiency, Plaintiffs incorporate by reference the arguments made in Private Plaintiffs' Joint Motion. Dkt. 380 at 23-25. Briefly, Defendants' assertions of the work product doctrine are also unavailing.[6] Defendants assert the work product doctrine over the same two categories of documents as the other privileges: (1) documents related to calling the third special session and drafting a proclamation to do so, and (2) documents related to drafts of the redistricting legislation. Gov. Abbott provides no information to show that the primary purpose of the documents is instead to aid in possible future litigation. *See Harding*, 2016 U.S. Dist. LEXIS 177937, at *30-32; *Bethune-Hill v. Virginia State Bd. of Elections*, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015). Accordingly, Gov. Abbott may not withhold the documents based on the work product doctrine.

### E. Gov. Abbott Must Provide All Documents Referenced in Dropbox

In the interest of judicial efficiency, Plaintiffs incorporate by reference the arguments made in Private Plaintiffs' Joint Motion. Dkt. 380 at 25-26. Briefly, the Privilege Log makes clear that

---

[6] Of the documents Plaintiffs seek, Gov. Abbott asserts the work product doctrine over: DOC_356555, DOC_0356556, DOC_0356557, DOC_0356558, DOC_0356559, DOC_0356569, DOC_ 0356571, DOC_0356575, DOC_0356576, DOC_0356578, DOC_0356579, DOC_0356580, DOC_0356581, DOC_0356582, DOC_0356583, DOC_0356584, DOC_0356585, DOC_0356590, DOC_0356591, DOC_0356592, DOC_0356593, DOC_0356594, DOC_0356595, DOC_0356596, DOC_0356597, DOC_0356604, DOC_0356609, and DOC_0356610. Ex. H.

Gov. Abbott has failed to disclose—or include in the log—all responsive information within his custody, possession, or control in response to Plaintiffs' document requests. *See* Ex. H. The descriptions for DOC_0356598 and DOC_0356600—"Confidential communication from Senate Redistricting Committee regarding materials related to draft redistricting legislation" and sent by "Senate Redistricting & Jurisprudence Committee (via Dropbox)"—indicate that the communications contain links to other documents or folders. *Id.* However, the Privilege Log does not indicate whether any documents linked to in the communication—*i.e.*, that were accessible "via Dropbox"—are listed in the log or have been withheld. When invited to clarify whether they had attempted to access the Dropbox links, Defendants declined to do so. *See* Ex. I (at 19 July Klein email and DiSorbo response). This clearly does not satisfy Defendants' requirement to ascertain what documents are in their custody or control, and the fact that documents were made available to them through this link indicates that these Dropbox documents were accessible (and thus under their "control"); it thus immaterial whether they were in the possession or custody of a non-party. *See Perez v. Perry*, No. SA-11-CV-360-OLG-JES, 2014 WL 1796661, at *12 (W.D. Tex. May 6, 2014); *In re White Tail Oilfield Servs.*, No. 11-0009, 2012 U.S. Dist. LEXIS 146321, at *6 (E.D. La. Oct. 11, 2012) (granting motion to compel where withholding party disclaimed not knowing how to download information at issue).

For the same reasons set forth above in Section II. B-D, none of the privileges Gov. Abbott asserts can justify withholding these documents. Accordingly, Gov. Abbott must produce any document accessible via any Dropbox link in DOC_0356598 and DOC_0356600—along with listing any other individuals who had access to those Dropbox links or the documents accessible through those links,

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion

to compel.

Dated: July 21, 2022                    Respectfully submitted,

*/s/ Noor Taj*
Noor Taj
P.A. State Bar No. 309594*
Allison J. Riggs
N.C. State Bar No. 40028*
Hilary Harris Klein
N.C. State Bar No. 53711*
Mitchell Brown
N.C. State Bar No. 56122*
Katelin Kaiser
N.C. State Bar No. 56799*
SOUTHERN COALITION FOR SOCIAL JUSTICE
1415 West Highway 54, Suite 101
Durham, NC 27707
Telephone: 919-323-3380
Fax: 919-323-3942
Allison@southerncoalition.org
Noor@scsj.org
hilaryhklein@scsj.org
mitchellbrown@scsj.org
katelin@scsj.org

David A. Donatti
TX Bar No. 24097612
Ashley Harris
TX Bar No. 24078344
Thomas Buser-Clancy
TX Bar No. 24123238
Adriana Pinon
TX Bar No. 24089768
ACLU FOUNDATION OF TEXAS, INC.
P.O. Box 8306
Houston, TX 77288
Tel. (713) 942-8146 Fax. (713) 942-8966
ddonnati@aclutx.org
aharris@aclutx.org
tbuser-clancy@aclutx.org
apinon@aclutx.org

Jerry Vattamala
N.Y. State Bar No. 4426458*
Susana Lorenzo-Giguere

11

N.Y. State Bar No. 2428688*
Patrick Stegemoeller
N.Y. State Bar No. 5819982*
ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932 (phone)
(212) 966 4303 (fax)
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org
pstegemoeller@aaldef.org

Yurij Rudensky*
N.Y. State Bar No. 5798210
BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
rudenskyy@brennan.law.nyu.edu

*Admitted Pro Hac Vice

*Counsel for Fair Maps Texas Plaintiffs*

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on June 24, July 14, 15, 18-21 2022, counsel for Fair Maps Plaintiffs conferred with counsel for Defendants concerning the subject of the instant motion. Counsel for Defendants stated that they opposed the relief sought.

*/s/ Noor Taj*
Noor Taj

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that she has electronically submitted a true and correct copy of the above and foregoing via the Court's electronic filing system on the 21st day of July 2022.

*/s/ Noor Taj*
Noor Taj