# EXHIBIT A

Exhibit to Fair Maps Motion to Compel

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY W. ABBOTT et al., <br><br> Defendant(s). <br> -------------------------------------------------------- <br> FAIR MAPS TEXAS ACTION COMMITTEE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT et al., <br><br> Defendant(s). | Civil Action No. 3:21-cv-00259 <br><br> (Lead Case) <br><br><br><br><br> Civil Action No. 3:21-cv-01038 <br><br> (Consolidated case) |

**FAIR MAPS PLAINTIFFS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs Fair Maps Texas Action Committee, OCA-Greater Houston, North Texas APAPA, Emgage, Khanay Turner, Angela Rainey, Austin Ruiz, Aya Eneli, Sofia Sheikh, Jennifer Cazares, Niloufar Hafizi, Lakshmi Ramakrishnan, Amatullah Contractor, Deborah Chen, Arthur Resa, Sumita Ghosh, and Anand Krishnaswamy (together, "Fair Maps Plaintiffs") serve this First Request for Production to Defendant(s) Gregory Abbott and John Scott, sued in their official capacities. Defendant(s) must serve their responses upon the undersigned counsel within thirty (30) days. Defendant(s) must supplement their responses as required by the Federal Rules of Civil Procedure and any orders entered by the Court.

1

## DEFINITIONS

1. "Defendant(s)," "you," and "your" refer to Gregory Abbott, in his official capacity as the governor of the State of Texas, and John Scott, in his official capacity as the Secretary of the State of Texas, as well as their predecessors in office and any representative acting or purporting to act on their behalf or subject to their control, including but not limited to past or present employees, agents, interns, attorneys, advisors, consultants, and/or contractors.

2. "Legislator" means a past or present elected member of the Texas House of Representatives or the Texas Senate, including such member's past or present employees, agents, attorneys, advisors, consultants, contractors, and/or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control on behalf of any committee or other body of which the elected member is part.

3. "Document" means any writing of any kind, source, or authorship, regardless of how it may be recorded, stored, or reproduced. The term includes both originals and all non-identical copies thereof, as well as all drafts, revisions, and amendments, regardless of whether adopted. The term also includes but is not limited to handwritten, typewritten, printed, photocopied, photographic, and electronically recorded matter. For purposes of illustration and not limitation, the term includes: contracts, agreements, communications, reports, charges, complaints, correspondence, letters, emails, social media postings, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, journals, diaries, schedules, charts, graphs, worksheets, spreadsheets, reports, notebooks, note charts, handwritten notes, plans, drawings, sketches, maps, brochures, pamphlets, advertisements, circulars, press releases, summaries or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of

consultants, bills, statements, invoices, affidavits, schedules, audio recordings, video recordings, transcriptions, and photographs.

4. "Redistricting" means any consideration of the alignment of district boundaries for an entire legislative body, any single legislative district, or districts within a geographic area.

5. "Identify" when referring:

   a. to a person, means to state the person's full name, present or last known address, telephone number, and email address;

   b. to an organization or entity, means to state its full name, present or last known address, telephone number, fax number, and email address;

   c. to a document, means to describe its contents; to identify when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody, or control of the document;

   d. to a statement or communication, means to describe its contents; to identify when, where, and how it was made; to identify who made it and who was present when it was made; and to identify who has present or last known possession, custody, or control of any recording of the statement or communication;

   e. to a social media account, means to provide the username of the account, identify all persons who control or have access to the account, and provide the date(s) of the relevant activity on the account.

6. "Relating to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

7. "Redistricting Plans" means collectively the redistricting plans for the Texas Senate (S2168), the Texas House (H2316), the U.S. Congress (C2193), and the Board of Education (E2106).

## INSTRUCTIONS

8. This First Request for Production is served jointly on all Defendant(s) for convenience only. It is to be construed as a separate request for each.

9. In responding to these requests, please produce all responsive document in your possession, custody, or control, including documents reviewed by Defendant(s) which Defendant(s) have the legal right and/or the practical ability to obtain from a non-party to this action.

10. All references in these requests to an individual person include their employees and agents past and present, including attorneys, advisors, consultants, contractors, predecessors, and all other persons or entities acting or purporting to act their behalf or subject to the control of such person.

11. All references in these requests to any entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

12. In construing these document requests, apply the broadest construction, so as to produce the most comprehensive response.

a. Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope.

b. Words used in the singular include the plural and vice-versa.

c. Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

d. "Persons" can include entities, incorporated and not, and "entities" can include persons and associations thereof. A reference to a person or entity includes their agents past and present.

13. Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; documents attached to each other should not be separated; all emails or documents maintained in electronic form should be produced with all associated metadata and the appropriate load file(s); documents stored as Excel files or as a database should be produced in their native format; each page should be given a discrete production number; and color copies of documents should be produced where color is necessary to interpret or understand the contents.

14. For the avoidance of doubt, these requests are not intended to require the production of sensitive personally identifiable information.

15. Documents should be produced in a form consistent with any agreement concerning production format entered in this action.

16. Each document produced should be categorized by the number of the document request in response to which it is produced.

17. No portion of a request may be left unanswered because an objection is raised to another part of that request. If Defendant(s) object to any portion of a document request, they must state with specificity the grounds of any objections. Any ground not stated will be waived.

18. For any document withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document individually and containing all information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for Fair Maps Plaintiffs to assess the privilege claim.

19. If Defendant(s) contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any document request or any subsection thereof, then in response to the appropriate document request: (a) produce all such documents as are available without undertaking what Defendant(s) contend to be an unreasonable request; (b) describe with particularity the efforts made by Defendant(s) or on their behalf to produce such documents; and (c) state with particularity the grounds upon which Defendant(s) contend that additional efforts to produce such documents would be unreasonable.

20. If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the documents should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

21. In the event that a responsive document has been destroyed or has passed out of Defendant(s)' possession, custody, or control, please identify the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the

circumstances under which it has become unavailable, and, if known, its current location and custodian.

22. These requests are continuing in nature. Defendant(s)' responses must be supplemented and any additional responsive material disclosed if responsive materials become available after Defendant(s) serve their response. Defendant(s) must also amend their responses to these requests if they learn that an answer is in some material respect incomplete or incorrect. If Defendant(s) expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, they are requested to state this fact in each response.

23. Fair Maps Plaintiffs expressly reserve the right to supplement these requests to the extent permitted by the applicable rules and under applicable law.

## **REQUESTS FOR PRODUCTION**

1. All documents created or received by any Defendant relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives, the Texas House, or the Texas Senate at any stage of the 2021 redistricting process, including but not limited to the Redistricting Plans. This request specifically includes but is not limited to:

    a. the origination or source of any redistricting proposal;

    b. the impetus, rationale, background, or motivation for the redistricting proposal;

    c. all drafts in the development or revision of any of the redistricting proposals, including but not limited to shapefiles, files, or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter

7

      Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship, changing census geography, or any other measure used to evaluate the redistricting proposal;

d. all correspondence between or among Defendant(s) relating to the redistricting proposal;

e. all documents relating to the pairing of any incumbents in any such redistricting proposal;

f. all documents relating to any amendment, whether partial or total, to each such proposal;

g. all documents relating to negotiations regarding any redistricting proposal;

h. any concept maps or other pre-drafting documents provided to, shown to, or discussed with Defendant(s);

i. any academic or expert materials, including but not limited to essays, histories, analyses of past redistricting proposals in Texas or elsewhere, articles, or litigation documents viewed or consulted;

j. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to any effect or impact of the redistricting proposals of any kind – including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, and (3) voter turnout (including Spanish Surname Voter Turnout) – that could result from the implementation of any such redistricting proposal;

k. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the total population or eligible voter population of Texas and the

number of majority party seats and minority party seats that might be provided for in any redistricting proposal; and

l. all correspondence with third parties, such as the Texas Public Policy Foundation, True the Vote, the Texas Demographic Center, or any other third-party organization, consultant, expert, law firm, vendor, or other political party, community group, or organization relating to any redistricting proposal.

2. All documents relating to the 2021 redistricting process for the Texas delegation to the U.S. House of Representatives, the Texas House, or the Texas Senate, such as documents dealing with planning, timing, hearings, staffing, training, outreach, public participation, deadlines, limitations, and persons or entities. This request specifically includes but is not limited to:

a. all correspondence within the Office of the Governor, and the Office of the Secretary of State relating to the redistricting process;

b. all correspondence between or among Defendant(s) relating to the redistricting process;

c. all correspondence with third parties, such as the Texas Public Policy Foundation, True the Vote, the Texas Demographic Center, or any other third-party organization, consultant, expert, law firm, vendor, or other political party, community group, or organization relating to the redistricting process;

d. all correspondence with constituents, including public commentary, imagery, or social media posts (whether still maintained on any Defendant(s)' social media account or since deleted and including any comments made by Defendant(s) on

9

their own posts or to other social media users' posts) relating to the redistricting process, review of redistricting proposals and adoption of the Redistricting Plans;

e. a list of all individuals requested to, invited to, permitted to, or considered to testify in the Texas Senate and the Texas House relating to the redistricting process, redistricting proposals or the Redistricting Plans, in any forum and form, including in-person, virtually, orally, and in writing;

f. all transcripts of testimony given to Defendant(s) and legislators relating to the redistricting process, redistricting proposals, and the Redistricting Plans;

g. all written testimony and comments received by mail, email, legislative portal, or by other means;

h. all notices published or transmitted to individuals or the public about the redistricting hearings and the scheduling of such hearings;

i. all documents relating to the process by which proposed amendments were reviewed by Republican Legislators or officials before they could be considered by the entire Texas Senate or Texas House;

j. all documents relating to the process by which proposed amendments were reviewed by Democratic Legislators or officials before they could be considered by the entire Texas Senate or Texas House;

k. all documents relating to the "delegation rule" that permitted delegations to agree on the maps that impact them;

l. all documents relating to the involvement with or comments on the Redistricting Plans by the Republican Party of any division, sub-division, or local branch of the Republican Party, including the Republican Party of Texas, the Harris County

      Republican Party, the Dallas County Republican Party, the Tarrant County Republican Party, the Fort Bend County Republican Party, the Bell County Republican Party, and the Collin County Republican Party;

m. all documents relating to the placement, or lack thereof, of African-American, Latino, Asian, and AAPI Representatives within the Texas Senate and Texas House committees on election and redistricting matters;

n. all documents relating to the use of Voting Age Population, Citizen Voting Age Population, and/or Total Population with regard to the Redistricting Plans or the drawing of any district;

o. all documents relating to the growth, diminishment, or stagnation of populations of white, African-American, Latino, AAPI, or other minority residents and/or voters in Texas as a whole or in counties, municipalities, or metropolitan areas within Texas;

p. all documents relating to whether the Redistricting Plans comply with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections or other analyses;

q. all documents relating to or providing guidance on what is required in order to ensure compliance with the Voting Rights Act or the United States Constitution;

r. all documents relating to legislative or congressional seats considered protected under Section 2 of the Voting Rights Act;

s. all documents relating to the group or groups considered protected under Section 2 of the Voting Rights Act;

      t. all documents relating to whether "coalition districts" are recognized under Section 2 of the Voting Rights Act;

      u. all documents relating to any discussion of any coalition, disagreement, or division between African American, Latino, or AAPI voters; and

      v. all documents referencing a distinction, or lack of distinction, between minority voters and Democratic voters;

3. For the period spanning January 1, 2010 until the present, all committee rules, legislative counsel rules, procedural memos, and guidelines for the Texas House and Texas Senate committees on elections, state affairs, and redistricting or any conference committee appointed to address bills being passed through any of these committees.

4. For the period spanning January 1, 2017 until the present, the legislative agenda and legislative priorities for each Defendant.

5. All documents relating to redistricting for the Texas delegation to the U.S. House of Representatives, the Texas House, or the Texas Senate exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any Legislator, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House or Texas Senate, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House or Texas Senate, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action

committee, any lobbying entity, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

6. All other documents relating to Redistricting for the Texas delegation to the U.S. House of Representatives, the Texas House, or the Texas Senate from July 1, 2021 to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

7. All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any Legislator, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House or Texas Senate, any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House or Texas Senate, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbying entity, any political activist or operative, any other government entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

13

8. All documents relating to payment for services, agreements of representation, or contracts with any consultant, any political operative, any expert, any law firm, any attorney, any vendor, or any other person or entity related to the Redistricting Plans. This request specifically includes but is not limited to:

   a. all documents relating to the availability of any attorney to provide assistance to Defendant(s) on redistricting matters before the Legislature; and

   b. all documents relating to plans for any person or entity to be present in or near the Legislature during or near the time of any committee hearing on redistricting or during or near the time of Floor debate on redistricting.

9. All documents that Defendant(s) may use to support any contention that the Redistricting Plans were not enacted with a discriminatory purpose, to the extent that Defendant(s) take that position.

10. For any time period, all documents that Defendant(s) may use to support the contention that the Redistricting Plans configurations do not have discriminatory results, as defined by 52 U.S.C. § 10301, to the extent that Defendant(s) take that position.

11. For any time period, all documents produced to other parties in the above captioned dispute.

April 12, 2022

Respectfully submitted,

*/s/ Noor Taj*
Noor Taj
P.A. State Bar No. 309594*
Allison J. Riggs

N.C. State Bar No. 40028*

Hilary Harris Klein
N.C. State Bar No. 53711*
Mitchell Brown
N.C. State Bar No. 56122*
Southern Coalition for Social Justice
1415 West Highway 54, Suite 101
Durham, NC 27707
Telephone: 919-323-3380
Fax: 919-323-3942
Allison@southerncoalition.org
Noor@scsj.org
hilaryhklein@scsj.org
mitchellbrown@scsj.org
David A. Donatti
TX Bar No. 24097612
Ashley Harris
TX Bar No. 24078344
Thomas Buser-Clancy
TX Bar No. 24123238
Andre I. Segura
TX Bar No. 24107112
ACLU Foundation of Texas, Inc.
P.O. Box 8306
Houston, TX 77288
Tel. (713) 942-8146 Fax. (713) 942-8966
ddonnati@aclutx.org
aharris@aclutx.org
tbuser-clancy@aclutx.org
asegura@aclutx.org

Jerry Vattamala
N.Y. State Bar No. 4426458*
Susana Lorenzo-Giguere
N.Y. State Bar No. 2428688*
Patrick Stegemoeller
N.Y. State Bar No. 5819982*
ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 966-5932 (phone)
(212) 966 4303 (fax)
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org
pstegemoeller@aaldef.org

*Admitted Pro Hac Vice*

*Counsel for Fair Maps Texas Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on April 12, 2022, the foregoing was served on all counsel of record via electronic mail.

*/s/ Noor Taj*

Noor Taj