# EXHIBIT B

Exhibit to Fair Maps Motion to Compel

**Hilary Harris Klein**

| | |
|---|---|
| **From:** | Jack DiSorbo <Jack.DiSorbo@oag.texas.gov> |
| **Sent:** | Thursday, May 12, 2022 4:05 PM |
| **To:** | Noor Taj; Hilary Harris Klein; ddonatti@aclutx.org; tbuser-clancy@aclutx.org; jvattamala@aaldef.org; pstegemoeller@aaldef.org; Allison Riggs; Mitchell D. Brown; aharris@aclutx.org; asegura@aclutx.org; slorenzo-giguere@aaldef.org |
| **Cc:** | Patrick Sweeten; Will Thompson; Ari Herbert; Courtney Corbello; Ryan Kercher |
| **Subject:** | [External]LULAC v. Abbott, No. 3:21-cv-259 (Redistricting), Fair Maps' first RFPs |
| **Attachments:** | Responses and Objections - Fair Maps RFPs.pdf |

Good afternoon Counsel,

Attached are Defendants' responses and objections to the Fair Maps plaintiffs' first set of RFPs. You should receive a message from Adrian Skinner later today, inviting you to access responsive documents.

Sincerely, Jack DiSorbo

---

Jack DiSorbo
Assistant Attorney General, Special Litigation Unit
Office of the Attorney General
Work: (512) 936-1067
Cell: (713) 628-7407
Jack.DiSorbo@oag.texas.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § | |
| *Plaintiffs,* | § § | Case No. 3:21-cv-00259 |
| V. | § | [Lead Case] |
| GREG ABBOTT, *et al.*, | § § § | |
| *Defendants.* | § | |
| FAIR MAPS TEXAS ACTION COMMITTEE, *et al.*, | § § § | |
| *Plaintiffs,* | § § | Case No. 1:21-cv-01038 |
| V. | § § | [Consolidated Case] |
| GREG ABBOTT, *et al.*, | § § § | |
| *Defendants.* | § § | |

**DEFENDANTS' RESPONSES AND OBJECGTIONS TO
FAIR MAPS PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

**TO:** **Fair Maps Texas Action Committee (including its constituent organizations), OCA-Greater Houston, North Texas APAPA, Emgage, Khanay Turner, Angela Rainey, Austin Ruiz, Aya Eneli, Sofia Sheikh, Jennifer Cazares, Niloufar Hafizi, Lakshmi Ramakrishnan, Amatulla Contractor, Deborah Chen, Arthur Resa, Sumita Ghosh, and Anand Krishnaswamy, by and through counsel Noor Taj, Southern Coalition for Social Justice, 1415 West Highway 54, Suite 101, Durham, NC 27707; David Donatti, ACLU Foundation of Texas, Inc., P.O. Box 8306, Houston, TX 77288; and Jerry Vattamala, Asian American Legal Defense and Education Fund, 99 Hudson Street, 12th Floor, New York, NY 10013, and to all counsel of record.**

Defendants Greg Abbott, in his official capacity as Governor of Texas, and John Scott, in his

official capacity as the Texas Secretary of State, provide these Objections as Responses to Plaintiffs Fair

Maps Texas Action Committee, OCA-Greater Houston, North Texas APAPA, Emgage, Khanay

Turner, Angela Rainey, Austin Ruiz, Aya Eneli, Sofia Sheikh, Jennifer Cazares, Niloufar Hafizi,

Ramakrishnan, Amatulla Contractor, Deborah Chen, Arthur Resa Sumita Ghosh, and Anand

Krishnaswamy (collectively, "Fair Maps Plaintiffs") pursuant to the Federal Rules of Civil Procedure.

Date: May 12, 2022

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was served in compliance with the Federal Rules of Civil Procedure upon the following via electronic mail on May 12, 2022:

Noor Taj
Southern Coalition for Social Justice
1415 West Highway 54, Ste. 101
Durham, NC 27707
noor@scsj.org

Allision J. Riggs
Southern Coalition for Social Justice
1415 West Highway 54, Ste. 101
Durham, NC 27707
allison@southerncoalition.org

Hilary Harris Klein
Southern Coalition for Social Justice
1415 West Highway 54, Ste. 101
Durham, NC 27707
hilaryhklein@scsj.org

Mitchell Brown
Southern Coalition for Social Justice
1415 West Highway 54, Ste. 101
Durham, NC 27707
mitchellbrown@scsj.org

David A. Donatti
ACLU Foundation of Texas, Inc.
PO Box 8306
Houston, TX 77288
ddonatti@aclutx.org

Ashley Harris
ACLU Foundation of Texas, Inc.
PO Box 8306
Houston, TX 77288
aharris@aclutx.org

Thomas Buser-Clancy
ACLU Foundation of Texas, Inc.
PO Box 8306
Houston, TX 77288
tbuser-clancy@aclutx.org

Andre I. Segura
ACLU Foundation of Texas, Inc.
PO Box 8306
Houston, TX 77288
asegura@aclutx.org

Jerry Vattamala
Asian American Legal Defense and Education Fund (AALDEF)
99 Hudson Street, 12th Floor
New York, NY 10013
jvattamala@aaldef.org

Susana Lorenzo-Giguere
Asian American Legal Defense and Education Fund (AALDEF)
99 Hudson Street, 12th Floor
New York, NY 10013
slorenzo-giguere@aaldef.org

Patrick Stegemoeller
Asian American Legal Defense and Education Fund (AALDEF)
99 Hudson Street, 12th Floor
New York, NY 10013
pstegemoeller@aaldef.org

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN

## OBJECTIONS RELEVANT TO EACH REQUEST

Defendants asserts that each of the following objections applies specifically to each request. In the interest of brevity, these objections are offered here to avoid unnecessary repetition of objections to definitions, scope, and similar issues that afflict each request. These objections are as follows:

There is currently a protective order in place between the parties. To the extent that documents may be identified that are discoverable but are not contemplated by the current protective order, any such documents that are identified will be withheld and described in the responses, with the clarification that such production will first require entry of a protective order before the documents may be disclosed.

The Federal Rules allow for discovery of only "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The twin demands for relevancy and proportionality "are related but distinct requirements." *Samsung Electronics Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). Thus, if the information sought is irrelevant to the party's claims or defenses, "it is not necessary to determine whether it would be proportional if it *were* relevant." *Walker v. Pioneer Prod. Servs., Inc.*, No. CV 15-0645, 2016 WL 1244510, at *3 (E.D. La. Mar. 30, 2016). Conversely, "relevance alone does not translate into automatic discoverability" because "[a]n assessment of proportionality is essential." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019). Accordingly, Defendants object to these requests to the extent that the information sought is either irrelevant or disproportionate.

Given Defendants' roles as Governor and Secretary of State, and the scope of the requests, much of the requested production is subject to the deliberative-process privilege. This privilege covers "documents reflecting advisory opinions, recommendations[,] and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of the Interior v. Klamath Water Users Prot. Ass'n*, 532 U.S. 1, 8 (2001) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)). It "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item

of discovery and front page news, and its object is to enhance 'the quality of agency decisions.'" *Id.* at 8–9 (quoting *Sears, Roebuck & Co.*, 421 U.S. at 151). Under this privilege, deliberative and predecisional oral and written communications, as well as related facts, are protected from disclosure. *E.g.*, *Swanston v. City of Plano*, No. 4:19-cv-412, 2020 WL 4732214, at *2 (E.D. Tex. Aug. 14, 2020) (citing *Skelton v. U.S. Postal Serv.*, 678 F.2d 35, 38 (5th Cir. 1982)).

In addition, given that the requested production directly relates to legislative activities, much of the requested production is subject to legislative privilege. That privilege traces its roots to before the founding of the Republic, as it has "taproots in the Parliamentary struggles of the Sixteenth and Seventeenth Centuries." *Tenney v. Brandhove*, 341 U.S. 372 (1951). The privilege protects not only legislators, but their staff and aides as well. *See Gravel v. United States*, 408 U.S. 606, 615–16 (1972). And requesting communications between the office of the Governor, the office of the Lieutenant Governor, the office of the Secretary of State, and other similar parties, their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)). Here, Plaintiffs' attempt to compel disclosure of a legislator's "thought processes or the communications [he] had with other legislators" through Defendants' official-capacity roles falls within the well-established contours of legislative privilege. *Perez v. Perry*, No. 5:11-cv-360, 2014 WL 3495414 (W.D. Tex. July 11, 2014).

The inadvertent production or disclosure of any privileged documents or information shall not constitute or be deemed to be a waiver of any applicable privilege with respect to such document or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. Defendants reserve the right not to produce documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. Defendants likewise do not waive the right to object, on any

and all grounds, to (1) the evidentiary use of documents produced in response to these requests; and (2) discovery requests relating to those documents.

A portion of the requested production is also irrelevant to Plaintiffs' claims and is thus identified individually below. But a much larger portion of the request is not proportional to the needs of the case. The proportionality language was inserted into Rule 26(b) in 2015 "to emphasize the need for proportionality," *Prasad v. George Washington Univ.*, 323 F.R.D. 88, 91 (D.D.C. 2017), and "highlight[] its significance," *Mannina v. D.C.*, 334 F.R.D. 336, 339 n.4 (D.D.C. 2020); *see also* Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary at 6, Supreme Court of the United States,[1] ("Rule 26(b)(1) crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality[.]"). As the Advisory Committee explained, this addition of overt "proportional" language was meant to better reflect the intent of the 1983 amendments, which were designed "to deal with the problem of over-discovery." Fed. R. Civ. P. 26(b) advisory committee's note (2015) (quoting the 1983 advisory notes). But this "clear focus of the 1983 provisions may have been softened, although inadvertently, by the amendments made in 1993." *Id.* The 2015 amendment sought to "restore[] the proportionality factors to their original place in defining the scope of discovery" and reinforce the parties' obligation "to consider these factors in making discovery requests, responses, or objections." *Id.* As fully restored, the proportionality requirement "relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 672 (2019). Accordingly, Defendants object to Plaintiffs' requests to the extent that they fall short of this more stringent proportionality standard.

In addition, Defendants' object to the temporal scope of these requests. Plaintiffs have not explained why they seek documents created before January 1, 2021, and any documents created after October 25, 2021—when the Governor signed the maps into law—are necessarily irrelevant. Defendants will therefore

---

[1] https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf.

limit their search to documents created during the time period listed above.

These responses and objections are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information or documents requested. All answers are given without prejudice to Defendants' right to object to the discovery of any documents, facts, or information discovered after the date hereof. Likewise, these responses and objections are not intended to be, and shall not be construed as, agreement with Plaintiffs' characterization of any facts, circumstances, or legal obligations. Defendants reserve the right to contest any such characterization as inaccurate and object to the Requests insofar as they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

Defendants will provide responses based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. Defendants object to and will refrain from extending or modifying any words employed in the Requests to comport with any expanded definitions or instructions. Defendants will answer the Requests to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Western District of Texas.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendants object to the definitions of "document" and "communication" to the extent that either calls for documents protected from disclosure by legislative privilege, attorney–client privilege, attorney work-product privilege, deliberative-process privilege, or any other applicable privilege.

Defendants object to the definition of "Defendants" because it includes "persons or entities . . . purporting to act on their behalf." A person "purporting" to be an agent of Defendants does not necessarily make him an agent of Defendants. This term is illogical and will not be considered during Defendants' search of responsive discovery. Defendants further object to this definition's inclusion of "attorneys" to the extent it calls for documents from that source that are subject to the attorney–client or work-product privilege.

Defendants object to the definition of "Legislator" because it is overbroad and inaccurate. The

definition improperly groups all persons and entities having any relation to a particular person or entity, when in fact the particular person or entity is independent of those related persons or entities. Defendants object to the implied application to any related persons or entities without specific enumeration. Defendants further object to the definition of "Legislator" because it includes "persons or entities . . . purporting to act" on behalf of the Legislator. A person "purporting" to be an agent of a Legislator does not necessarily make him an agent of that Legislator. This term is illogical and will not be considered during Defendants' search of responsive discovery.

Defendants object to Plaintiffs' Instruction No. 9 (p.4) to the extent it suggests documents within Defendants' possession, custody or control are "documents which Defendants have the legal right to obtain on demand or the practical ability to obtain from a nonparty to this action." This statement, as written, appears to have no limitation on it and is, therefore, vague and overbroad. This could be read to include— for example—the right to secure a document by a Freedom of Information Act request. Defendants object to this definition insofar as Plaintiffs seek publicly available documents that are equally accessible to Plaintiffs. Defendants further object to this instruction's inclusion of this statement as being outside the scope of the requirements of Federal Rule of Civil Procedure 34. Defendants will respond to Plaintiffs' requests by considering what is in its "actual possession, custody, or control" consistent with Rule 34.

Defendants object to Plaintiffs' Instructions No. 10-11 (p.4) to the extent they include attorneys as a type of individual or entity. Defendants object insomuch as this inclusion calls for documents protected from disclosure by legislative privilege, attorney–client privilege, attorney work-product privilege, deliberative-process privilege, or any other applicable privilege. Defendants further object to this instruction because of the inclusion of "persons or entities . . . purporting to act on the individual person's behalf" or "on behalf of such an organization." A person or entity "purporting" to be an agent of a person does not necessarily make him or it an agent of that person. That term is illogical and will not be considered during Defendants' search of responsive discovery.

Defendants object to Plaintiffs' Instruction No. 17 wherein Plaintiffs claim "[a]ny ground [for objection] not stated will be waived." Such is not within Plaintiffs' purview, but rather, is a matter for the Court to determine. As such, Defendants will not concede that they have "waived" any objections on the basis that Plaintiffs believe it to be so.

Defendants objection to Instruction 18 to the extent it requests that Defendants provide a privilege log with more information than that required by the Court's ESI order, ECF 203.

Defendants object to Plaintiffs' Instruction No. 22 (p.7) that, "[i]f Defendants expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, Defendants are requested to state this fact in each response." This request is beyond the scope of requirements under Federal Rule of Civil Procedure 34. Defendants do not agree to expand Rule 34 in this way.

## OBJECTIONS AND RESPONSES TO
## REQUESTS FOR PRODUCTION

1. All documents created or received by any Defendant relating to any redistricting proposal for the Texas delegation to the U.S. House of Representatives, the Texas House, or the Texas Senate at any stage of the 2021 redistricting process, including but not limited to the Redistricting Plans. This request specifically includes but is not limited to:

    a.  the origination or source of any redistricting proposal;

    b.  the impetus, rationale, background, or motivation for the redistricting proposal;

    c.  all drafts in the development or revision of any of the redistricting proposals, including but not limited to shapefiles, files, or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter

Turnout, citizenship, changing census geography, or any other measure used to evaluate the redistricting proposal;

d.   all correspondence between or among Defendant(s) relating to the redistricting proposal;

e.   all documents relating to the pairing of any incumbents in any such redistricting proposal;

f.   all documents relating to any amendment, whether partial or total, to each such proposal;

g.   all documents relating to negotiations regarding any redistricting proposal;

h.   any concept maps or other pre-drafting documents provided to, shown to, or discussed with Defendant(s);

i.   any academic or expert materials, including but not limited to essays, histories, analyses of past redistricting proposals in Texas or elsewhere, articles, or litigation documents viewed or consulted;

j.   all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to any effect or impact of the redistricting proposals of any kind – including on (1) Texas minority voters, (2) existing or emerging minority opportunity districts, and (3) voter turnout (including Spanish Surname Voter Turnout) – that could result from the implementation of any such redistricting proposal;

k.   all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the total population or eligible voter population of Texas and the number of majority party seats and minority party seats that might be provided for in any redistricting proposal; and

l.   all correspondence with third parties, such as the Texas Public Policy Foundation, True the Vote, the Texas Demographic Center, or any other third-party organization, consultant, expert, law firm, vendor, or other political party, community group, or organization relating to any redistricting proposal.

**OBJECTIONS:**

For the sake of brevity, Defendants incorporate, by reference, the objections detailed immediately above.

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. Defendants further object to this request to the extent that it requires Defendants to search and examine any and all emails directly to or from SOS or OOG employees for an undefined period of time. SOS and OOG employ hundreds of employees across many different divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. Defendants are prepared to meet and confer concerning both custodians and reasonable search terms.

Defendants further object to the unlimited time scope of this request. The special Legislative session in which the maps Plaintiffs challenge were drawn occurred in September and October of 2021. There is no basis for demanding documents created a year or more from that time period, as such a demand would be overbroad, irrelevant, and unlikely to lead to the discovery of admissible evidence. Moreover, because the 3rd Special Session ended in October 2021, any requests for documents beyond October 2021 are overbroad, irrelevant, and unlikely to lead to the discovery of admissible evidence. Any documents created after the Governor signed the bill are irrelevant. Plaintiffs' claims require only evidence as to how and why the redistricting maps were drawn at the time of their drawing. In the interest of compromise, but without waiving these objections, Defendants will limit their search of documents to the time period of January 1, 2021 to October 25, 2021.

Defendants object to this request because it calls for the production of documents either: (a) subject

to legislative, attorney-client, attorney work-product, or deliberative process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Fed. R. Evid. 501. In particular, requesting analyses "from any source" encompasses documents protected by legislative privilege. Furnishing "the origination" and "the impetus, rationale, background, or motivation" of certain legislative proposals would impermissibly expose thought processes and mental impressions, which are also subject to legislative privilege. Analyses that were "considered by" the Legislature, "drafts in the development or revision of" redistricting proposals, redistricting-related "negotiations," and "calculations, reports, audits, estimates, projections, or other analyses" would all be subject to legislative privilege for the same reasons.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shape files, files, or datasets used in mapping software, pairing of incumbents, amendments, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendants direct Plaintiffs to publicly-accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, https://lrl.texas.gov/collections/journals/journals.cfm

Defendants further object to the phrase "but not limited to" as vague and overbroad. Defendants cannot precisely discern what other documents this phrase encompasses and, therefore, will use reasonable understanding of this request to search for any documents outside of those categories

Plaintiffs specially delineate.

Last, insofar as the request seeks legal analysis concerning the "effect or impact" of redistricting proposals on "minority voters," "existing or emerging minority opportunity districts," or "voter turnout," it seeks information subject to the attorney-client privilege or constituting attorney work product.

**RESPONSE:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

2. All documents relating to the 2021 redistricting process for the Texas delegation to the U.S. House of Representatives, the Texas House, or the Texas Senate, such as documents dealing with planning, timing, hearings, staffing, training, outreach, public participation, deadlines, limitations, and persons or entities. This request specifically includes but is not limited to:

   a. all correspondence within the Office of the Governor, and the Office of the Secretary of State relating to the redistricting process;

   b. all correspondence between or among Defendant(s) relating to the redistricting process;

   c. all correspondence with third parties, such as the Texas Public Policy Foundation, True the Vote, the Texas Demographic Center, or any other third-party organization, consultant, expert, law firm, vendor, or other political party, community group, or organization relating to the redistricting process;

   d. all correspondence with constituents, including public commentary, imagery, or social media posts (whether still maintained on any Defendant(s)' social media account or since deleted

and including any comments made by Defendant(s) on their own posts or to other social media users' posts) relating to the redistricting process, review of redistricting proposals and adoption of the Redistricting Plans;

e.  a list of all individuals requested to, invited to, permitted to, or considered to testify in the Texas Senate and the Texas House relating to the redistricting process, redistricting proposals or the Redistricting Plans, in any forum and form, including in-person, virtually, orally, and in writing;

f.  all transcripts of testimony given to Defendant(s) and legislators relating to the redistricting process, redistricting proposals, and the Redistricting Plans;

g.  all written testimony and comments received by mail, email, legislative portal, or by other means;

h.  all notices published or transmitted to individuals or the public about the redistricting hearings and the scheduling of such hearings;

i.  all documents relating to the process by which proposed amendments were reviewed by Republican Legislators or officials before they could be considered by the entire Texas Senate or Texas House;

j.  all documents relating to the process by which proposed amendments were reviewed by Democratic Legislators or officials before they could be considered by the entire Texas Senate or Texas House;

k.  all documents relating to the "delegation rule" that permitted delegations to agree on the maps that impact them;

l.  all documents relating to the involvement with or comments on the Redistricting Plans by the Republican Party of any division, sub-division, or local branch of the Republican Party, including the Republican Party of Texas, the Harris County Republican Party, the Dallas

County Republican Party, the Tarrant County Republican Party, the Fort Bend County Republican Party, the Bell County Republican Party, and the Collin County Republican Party;

m. all documents relating to the placement, or lack thereof, of African-American, Latino, Asian, and AAPI Representatives within the Texas Senate and Texas House committees on election and redistricting matters;

n. all documents relating to the use of Voting Age Population, Citizen Voting Age Population, and/or Total Population with regard to the Redistricting Plans or the drawing of any district;

o. all documents relating to the growth, diminishment, or stagnation of populations of white, African-American, Latino, AAPI, or other minority residents and/or voters in Texas as a whole or in counties, municipalities, or metropolitan areas within Texas;

p. all documents relating to whether the Redistricting Plans comply with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections or other analyses;

q. all documents relating to or providing guidance on what is required in order to ensure compliance with the Voting Rights Act or the United States Constitution;

r. all documents relating to legislative or congressional seats considered protected under Section 2 of the Voting Rights Act;

s. all documents relating to the group or groups considered protected under Section 2 of the Voting Rights Act; all documents relating to whether "coalition districts" are recognized under Section 2 of the Voting Rights Act;

t. all documents relating to whether "coalition districts" are recognized under Section 2 of the Voting Rights Act;

u. all documents relating to any discussion of any coalition, disagreement, or division between

African American, Latino, or AAPI voters; and

v. all documents referencing a distinction, or lack of distinction, between minority voters and
Democratic voters.

**OBJECTIONS:**

For the sake of brevity, Defendants incorporate, by reference, the objections detailed immediately
above.

Defendants object to this request to the extent that the information sought is not proportional to
the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and
unduly burdensome. Defendants further object to this request to the extent that it requires
Defendants to search and examine any and all emails directly to or from SOS or OOG employees
for an undefined period of time. SOS and OOG employ hundreds of employees across many
different divisions, very few of whom have job responsibilities that relate in any way to the subject
matter of this request. Defendants are prepared to meet and confer concerning both custodians and
reasonable search terms.

Defendants further object to the unlimited time scope of this request. The special Legislative session
in which the maps Plaintiffs challenge were drawn occurred in September and October of 2021.
There is no basis for demanding documents created a year or more from that time period, as such
a demand would be overbroad, irrelevant, and unlikely to lead to the discovery of admissible
evidence. Moreover, because the 3rd Special Session ended in October 2021, any requests for
documents beyond October 2021 are overbroad, irrelevant, and unlikely to lead to the discovery of
admissible evidence. Any documents created after the Governor signed the bill are irrelevant.
Plaintiffs' claims require only evidence as to how and why the redistricting maps were drawn at the
time of their drawing. In the interest of compromise, but without waiving these objections,
Defendants will limit their search of documents to the time period of January 1, 2021 to October

25, 2021.

Defendants object to this request because it calls for the production of documents either: (a) subject to legislative, attorney-client, attorney work-product, or deliberative process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Fed. R. Evid. 501. In particular, requesting documents related to "whether the Redistricting Plans comply with the Voting Rights Act," "guidance on what is required in order to ensure compliance with the Voting Rights Act or the United States Constitution," "congressional seats considered protected under Section 2," "the group or groups considered protected under Section 2," "whether 'coalition districts' are recognized under Section 2," "any coalition, disagreement, or division between African American, Latino, or AAPI voters," and "a distinction, or lack of distinction, between minority voters and Democratic voters," would impermissibly expose thought processes and mental impressions, which are also subject to legislative privilege. Additionally, requested communications from "any other…law firm," and "guidance on what is required in order to ensure compliance with the Voting Rights Act or the United States Constitution" would be subject to the attorney-client and work product privileges.

Defendants also object to this request because it calls for documents that are covered by the legislative privilege. Communications and deliberations between legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). Further, a request for communications between the Office of the Governor, the Office of the Secretary of State, and similar entities, along with their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*,

446 U.S. 719, 731-34 (1980)).

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shape files, files, or datasets used in mapping software, pairing of incumbents, amendments, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendants direct Plaintiffs to publicly-accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, https://lrl.texas.gov/collections/journals/journals.cfm

- Bill history for Senate Bill 6 is publicly available. *See* Texas Legislature Online, *available at* https://legiscan.com/TX/bill/SB6/2021/X3.

- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, https://lrl.texas.gov/collections/journals/journals.cfm.

- Insofar as this request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See*

https://capitol.texas.gov/Home.aspx (TLO); https://senate.texas.gov/index/php (Senate); https://house.texas.gov/ (House).

Defendants further object to the phrase "but not limited to" as vague and overbroad. Defendants cannot precisely discern what other documents this phrase encompasses and, therefore, will use reasonable understanding of this request to search for any documents outside of those categories Plaintiffs specially delineate.

Defendants also object to this request because it is facially overbroad. It calls for "all" documents relating to the redistricting process for the Texas delegation, Texas House, or Texas Senate, without limitation.

**RESPONSE:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

3. For the period spanning January 1, 2010 until the present, all committee rules, legislative counsel rules, procedural memos, and guidelines for the Texas House and Texas Senate committees on elections, state affairs, and redistricting or any conference committee appointed to address bills being passed through any of these committees.

**OBJECTIONS:**

For the sake of brevity, Defendants incorporate, by reference, the objections detailed immediately above.

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. Defendants further object to this request to the extent that it requires Defendants to search and examine any and all emails directly to or from SOS or OOG employees for an undefined period of time. SOS and OOG employ hundreds of employees across many different divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. Defendants are prepared to meet and confer concerning both custodians and reasonable search terms.

Defendants further object to the overbroad time scope of this request. The special Legislative session in which the maps Plaintiffs challenge were drawn occurred in September and October of 2021. There is no basis for demanding documents created a year or more from that time period, as such a demand would be overbroad, irrelevant, and unlikely to lead to the discovery of admissible evidence. Moreover, because the 3rd Special Session ended in October 2021, any requests for documents beyond October 2021 are overbroad, irrelevant, and unlikely to lead to the discovery of admissible evidence. The special Legislative session in which the maps Plaintiffs challenge were drawn occurred in September and October of 2021. There is no basis for demanded documents created a dozen years from that time period. Any documents created after the Governor signed the bill are irrelevant. Plaintiffs' claims require only evidence as to how and why the redistricting maps were drawn at the time of their drawing. In the interest of compromise, but without waiving these objections, Defendants will limit their search of documents to the time period of January 1, 2021 to October 25, 2021.

Defendants object to this request because it calls for the production of documents either: (a) subject to legislative, attorney-client, attorney work-product, or deliberative process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Fed. R. Evid. 501.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shape files, files, or datasets used in mapping software, pairing of incumbents, amendments, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendants direct Plaintiffs to publicly-accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, https://lrl.texas.gov/collections/journals/journals.cfm

- Bill history for Senate Bill 6 is publicly available. *See* Texas Legislature Online, *available at* https://legiscan.com/TX/bill/SB6/2021/X3.

- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, https://lrl.texas.gov/collections/journals/journals.cfm.

- Insofar as this request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See* https://capitol.texas.gov/Home.aspx (TLO); https://senate.texas.gov/index/php (Senate); https://house.texas.gov/ (House).

Defendants also object to this request because it is facially overbroad. It calls for "all" documents relating to the redistricting process for the Texas delegation, Texas House, or Texas Senate, without temporal limitation. Further, it seeks documents relating to districts Plaintiffs do not challenge, which are therefore irrelevant to Plaintiff's claims.

**RESPONSE:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

4. For the period spanning January 1, 2017 until the present, the legislative agenda and legislative priorities for each Defendant.

**OBJECTIONS:**

For the sake of brevity, Defendants incorporate, by reference, the objections detailed immediately above.

Defendants object to this request to the extent that the information sought is not proportional to

the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. Defendants further object to this request to the extent that it requires Defendants to search and examine any and all emails directly to or from SOS or OOG employees for an undefined period of time. SOS and OOG employ hundreds of employees across many different divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. Defendants are prepared to meet and confer concerning both custodians and reasonable search terms.

Defendants object to this request because it calls for the production of documents either: (a) subject to legislative, attorney-client, attorney work-product, or deliberative process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Fed. R. Evid. 501.

Defendants further object to the overbroad time scope of this request. The special Legislative session in which the maps Plaintiffs challenge were drawn occurred in September and October of 2021. There is no basis for demanding documents created a year or more from that time period, as such a demand would be overbroad, irrelevant, and unlikely to lead to the discovery of admissible evidence. Moreover, because the 3rd Special Session ended in October 2021, any requests for documents beyond October 2021 are overbroad, irrelevant, and unlikely to lead to the discovery of admissible evidence. The special Legislative session in which the maps Plaintiffs challenge were drawn occurred in September and October of 2021. There is no basis for demanded documents created a dozen years from that time period. Any documents created after the Governor signed the bill are irrelevant. Plaintiffs' claims require only evidence as to how and why the redistricting maps were drawn at the time of their drawing. In the interest of compromise, but without waiving these objections, Defendants will limit their search of documents to the time period of January 1, 2021 to October 25, 2021.

Defendants further object to this request as facially overbroad, inasmuch as it seeks the entire legislative agenda and all legislative priorities for Defendants, regardless of whether such agendas or priorities relate in any way to Plaintiffs' claims.

**RESPONSE:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

5. All documents relating to redistricting for the Texas delegation to the U.S. House of Representatives, the Texas House, or the Texas Senate exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any Legislator, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas House or Texas Senate, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House or Texas Senate, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbying entity, any political activist or operative, any other governmental entity, any local elected official in Texas, any consultant, any expert, any law firm or attorney, any vendor, any other political or community group or organization,

or any member of the public.

**OBJECTIONS:**

For the sake of brevity, Defendants incorporate, by reference, the objections detailed immediately above.

Defendant objects to this request because it is overbroad. The request calls for "[a]ll documents relating to redistricting for the Texas delegation to the U.S. House of Representatives, the Texas House, or the Texas Senate," without any qualifications (other than the listed recipients). That is an extremely broad request and will necessarily apply to many documents that are irrelevant to Plaintiffs' claims in this case.

Defendants also object to this request because it calls for documents that are covered by the legislative privilege. Communications and deliberations between legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). Further, a request for communications between the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, and similar entities, along with their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 731-34 (1980)).

Defendants also object to this request because it calls for documents that are irrelevant to Plaintiffs' claims in this case. Specifically, it is unclear without further specification why documents relating to redistricting exchanged between candidates, political parties, lobbyists, and the other third parties mentioned would be relevant.

Defendant objects to this request to the extent it seeks documents outside of Defendants' possession, custody, or control.

**RESPONSE:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

6. All other documents relating to Redistricting for the Texas delegation to the U.S. House of Representatives, the Texas House, or the Texas Senate from July 1, 2021 to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters, or other communications.

**OBJECTIONS:**

For the sake of brevity, Defendants incorporate, by reference, the objections detailed immediately above.

Defendants also object to this request because it calls for documents that are covered by the legislative privilege. Communications and deliberations between legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). Further, a request for communications between the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, and similar entities, along with their staff or agents, encompasses

documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 731-34 (1980)).

Defendants further object to the overbroad time scope of this request. The special Legislative session in which the maps Plaintiffs challenge were drawn occurred in September and October of 2021. There is no basis for demanding documents created a year or more from that time period, as such a demand would be overbroad, irrelevant, and unlikely to lead to the discovery of admissible evidence. Moreover, because the 3rd Special Session ended in October 2021, any requests for documents beyond October 2021 are overbroad, irrelevant, and unlikely to lead to the discovery of admissible evidence. The special Legislative session in which the maps Plaintiffs challenge were drawn occurred in September and October of 2021. There is no basis for demanded documents created a dozen years from that time period. Any documents created after the Governor signed the bill are irrelevant. Plaintiffs' claims require only evidence as to how and why the redistricting maps were drawn at the time of their drawing. In the interest of compromise, but without waiving these objections, Defendants will limit their search of documents to the time period of January 1, 2021 to October 25, 2021.

Defendants further object to this request as facially overbroad, inasmuch as it constitutes a catch-all provision that that appears to ask for nothing more or less than "everything else you have not provided." Defendant further objects to the phrase "but not limited to" as vague and overbroad. Defendant cannot precisely discern what other documents this phrase encompasses and, therefore, will use reasonable understanding of this request to search for any documents outside of those categories Plaintiffs specifically delineate.

Defendants further object to the phrase "but not limited to" as vague and overbroad. Defendant cannot precisely discern what other documents this phrase encompasses and, therefore, will use reasonable understanding of tis request to search for any documents outside of those categories Plaintiffs specifically delineate.

Defendant further objects to this request insomuch as it asks for "or other communications." This phrase is vague and ambiguous. Because Defendant cannot discern what "other communications" Plaintiffs are referring to, Defendant will not consider this phrase in searching for, or producing, responsive documents.

**RESPONSE:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

7.   All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship exchanged between, among, with, or within the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any Legislator, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House or Texas Senate, any candidate to represent Texas in the U.S. House of Representatives, any campaign for the Texas House or Texas Senate, any campaign to represent Texas in the U.S. House of Representatives, any national political party, any

state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbying entity, any political activist or operative, any other government entity, any consultant, any expert, any law firm or attorney, any vendor, any group or organization, or any member of the public.

**OBJECTIONS:**

For the sake of brevity, Defendants incorporate, by reference, the objections detailed immediately above.

To the extent that this request seeks information from the Texas Legislature, the Lieutenant Governor, and other non-party groups and associations, the Defendants have no care, custody, or control over documents that may be held by those non-party actors. *See, e.g., Spallone v. United States*, 493 U.S. 265, 276 (1990).

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. Defendants further object to this request to the extent that it requires Defendants to search and examine any and all emails directly to or from SOS or OOG employees for an undefined period of time. SOS and OOG employ hundreds of employees across many different divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. Defendants are prepared to meet and confer concerning both custodians and reasonable search terms.

Defendants object to this request because it calls for the production of documents either: (a) subject to legislative, attorney-client, attorney work-product, or deliberative process privilege, or (b)

protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Fed. R. Evid. 501. In particular, this request specifically seeks documents shared with "any law firm or attorney."

Defendants also object to this request because it calls for documents that are covered by the legislative privilege. Communications and deliberations between legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). Further, a request for communications between the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, and similar entities, along with their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 731-34 (1980)).

**RESPONSE:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

8. All documents relating to payment for services, agreements of representation, or contracts with any consultant, any political operative, any expert, any law firm, any attorney, any vendor, or any other person or entity related to the Redistricting Plans. This request specifically includes but is not limited

to:

    a.  all documents relating to the availability of any attorney to provide assistance to Defendant(s) on redistricting matters before the Legislature; and

    b.  all documents relating to plans for any person or entity to be present in or near the Legislature during or near the time of any committee hearing on redistricting or during or near the time of Floor debate on redistricting.

**OBJECTIONS:**

For the sake of brevity, Defendants incorporate, by reference, the objections detailed immediately above.

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. Defendants further object to this request to the extent that it requires Defendants to search and examine any and all emails directly to or from SOS or OOG employees for an undefined period of time. SOS and OOG employ hundreds of employees across many different divisions, very few of whom have job responsibilities that relate in any way to the subject matter of this request. Defendants are prepared to meet and confer concerning both custodians and reasonable search terms. Defendants further object to this request as substantially overbroad, as it contains no limitations—e.g., "or any other person or entity related to the Redistricting Plans." This last term is also vague and ambiguous. Defendants will make a reasonable determination of what this phrase means in searching for, and producing, responsive documents.

Defendants object to this request because it calls for the production of documents either: (a) subject to legislative, attorney-client, attorney work-product, or deliberative process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Fed. R. Evid. 501. In particular, this request specifically seeks documents related to "any law

firm, and attorney," and "any attorney to provide assistance to Defendant(s)."

**RESPONSE:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

9. All documents that Defendant(s) may use to support any contention that the Redistricting Plans were not enacted with a discriminatory purpose, to the extent that Defendant(s) take that position.

**OBJECTIONS:**

For the sake of brevity, Defendants incorporate, by reference, the objections detailed immediately above.

Defendants object to this request to the extent it requires Defendants to marshal their evidence before the deadlines set forth by the Federal Rules of Civil Procedure and the Court's orders. Defendants will disclose such documents pursuant to the above obligations.

**RESPONSE:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

10. For any time period, all documents that Defendant(s) may use to support the contention that the Redistricting Plans configurations do not have discriminatory results, as defined by 52 U.S.C. § 10301, to the extent that Defendant(s) take that position.

**OBJECTIONS:**

For the sake of brevity, Defendants incorporate, by reference, the objections detailed immediately above.

Defendants object to this request to the extent it requires Defendants to marshal their evidence before the deadlines set forth by the Federal Rules of Civil Procedure and the Court's orders. Defendants will disclose such documents pursuant to the above obligations.

**RESPONSE:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

11. For any time period, all documents produced to other parties in the above captioned dispute.

**OBJECTIONS:**

Defendants object to phrase "For any time period" as vague inasmuch as it appears to conflict with the limiting phrase, "in the above captioned dispute."

Defendant incorporates all objections made in response to document requests made by other

parties. Defendants object to the extent this request seeks documents subject to withholding based on legislative, work-product, or attorney-client privilege.

**RESPONSE:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents and communications on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.