# EXHIBIT I

[Redacted of information subject to Protective Order]

Exhibit to Fair Maps Motion to Compel

| | |
|---|---|
| **From:** | Jack DiSorbo |
| **To:** | Hilary Harris Klein |
| **Cc:** | Munera Al-Fuhaid; Chris Shenton; Noor Taj; Ari Herbert |
| **Subject:** | RE: [External]LULAC v. Abbott, No. 3:21-cv-259 (Redistricting), Meet and confer re OOG documents |
| **Date:** | Thursday, July 21, 2022 1:00:27 PM |

Hello Hilary,

Thank you very much for this information. I will consult with my client regarding Mr. Munisteri, and revert back as soon as I can. I am hopeful we can resolve this and limit our dispute to the issued presented in the prior motion to compel.

Jack

**From:** Hilary Harris Klein <hilaryhklein@scsj.org>
**Sent:** Thursday, July 21, 2022 11:52 AM
**To:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Chris Shenton <chrisshenton@scsj.org>; Noor Taj <noor@scsj.org>; Ari Herbert <Ari.Herbert@oag.texas.gov>
**Subject:** RE: [External]LULAC v. Abbott, No. 3:21-cv-259 (Redistricting), Meet and confer re OOG documents

Hi Jack,

Thank you for this additional information. We are concerned that Steven Munisteri was not listed among custodians, especially given his hiring shortly before the redistricting regular session in 2021 and his connection to the groups referenced in Request 5. Can you explain why Mr. Munisteri was not included among custodians or represent that his role did not involve any responsibilities relevant to statewide redistricting (e.g., whether and when to call special sessions, map-drawing considerations, the Governor's approval) since he was hired? If that is not the case, can you state your willingness to do targeted limited searches of his documents (we are happy to confer on those searches) in response to Request 5?

Given that the above may require consultation with your client, we will go ahead and file our motion just on the privilege log issues that we have resolved below for the time being. We will not need to file that under seal or exceed the word limit.

Kind regards,

Hilary


Hilary Harris Klein
hilaryhklein@scsj.org

**From:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Sent:** Thursday, July 21, 2022 10:51 AM
**To:** Hilary Harris Klein <hilaryhklein@scsj.org>
**Cc:** Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Chris Shenton <chrisshenton@scsj.org>; Noor Taj <noor@scsj.org>; Ari Herbert <Ari.Herbert@oag.texas.gov>

**Subject:** RE: [External]LULAC v. Abbott, No. 3:21-cv-259 (Redistricting), Meet and confer re OOG documents

Hilary,

You have failed to address my first question. Please advise:

    i.    Which *State Defendant* you believe had third-party communications regarding redistricting;

    ii.    With whom you believe that State Defendant corresponded; and

    iii.    Whose deposition testimony you believe supports that belief.

[Redacted] You have failed to produce any specific reason why you believe OOG or SOS has communications that have not been disclosed to you. If I am mistaken, please point me to that evidence.

As to the OOG search, we continue to object to providing the full details of our communications with our client regarding this search, but are willing to provide some information if that would help you better understand. Subject to that explanation, in the course of our search, we identified any relevant OOG staff who may have possibly had documents or communications relating to redistricting. These persons—all of whom are listed in the privilege log—are as follows:

- Angela Colmenero (attorney);
- James Sullivan (attorney);
- Jeff Oldham (attorney);
- Luis Saenz;
- Gardner Pate;
- Jordan Hale;
- Sarah Hicks;
- Wes Hambrick;
- Courtney Hjaltman;
- Renae Eze;
- Mark Miner;
- Chris Warren;
- Nan Tolson;
- Sheridan Nolen;
- Kieran Hillis;
- Joseph Behnke;
- Marie Dahlmann;
- Greg Davidson; and
- Cobey Fletcher

For each of these persons, a search was conducted into all physical and electronic documents. For communications, broad search terms were used, designed to cover

anything remotely related to redistricting, such as "redistricting," "reapportion," "districts," "REDAPPL," "DistrictViewer," "House map," "Senate map," and so on. For both physical and electronic documents, we reviewed anything that could conceivably be considered responsive to Fair Maps' requests. As we have said before, all responsive non-privileged documents were produced, and privileged documents were listed in the privilege log we provided.

I understand you to contend that the OOG search may be underinclusive. If that remains your position, please specifically identify:

    i.    Which aspect of the search you contend is underinclusive; and

    ii.    What documents and/or communications you believe were not included, but should have been.

Finally, we still cannot take a position on your motion to seal and motion to exceed the page limit. We have outstanding inquiries about the deposition testimony and Request 5, and the resolution of those inquiries are likely to affect your need to file your motion under seal and your need to exceed the 10-page limit.

Sincerely,

Jack

---

**From:** Hilary Harris Klein <hilaryhklein@scsj.org>
**Sent:** Thursday, July 21, 2022 9:24 AM
**To:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Chris Shenton <chrisshenton@scsj.org>; Noor Taj <noor@scsj.org>; Ari Herbert <Ari.Herbert@oag.texas.gov>
**Subject:** RE: [External]LULAC v. Abbott, No. 3:21-cv-259 (Redistricting), Meet and confer re OOG documents

Jack,

Do I understand correctly that you are no longer asserting privilege over all information relevant to the scope of your searches? If so, please provide more information so we can understand the scope of those searches, such as the custodians identified and terms applied that lead you to believe those searches would have captured third-party communications, as requested below on Tuesday. We have been going back and forth on this for days, and you are repeatedly asking for explanations that have already been provided to you about our concerns, with the result of delaying the filing of our motion significantly.

Also, can you please provide your position on the sealing motion and the motion to exceed the word limit as requested below?

Kind regards,

Hilary

Hilary Harris Klein
hilaryhklein@scsj.org

---

**From:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Sent:** Thursday, July 21, 2022 10:05 AM
**To:** Hilary Harris Klein <hilaryhklein@scsj.org>
**Cc:** Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Chris Shenton <chrisshenton@scsj.org>; Noor Taj <noor@scsj.org>; Ari Herbert <Ari.Herbert@oag.texas.gov>
**Subject:** RE: [External]LULAC v. Abbott, No. 3:21-cv-259 (Redistricting), Meet and confer re OOG documents

**HIGHLY CONFIDENTIAL – Email contains information subject to Protective Order**

Hilary,

Thank you for your response. [Redacted] Perhaps I misunderstand your point. Can you confirm which *State Defendant* you believe communicated about redistricting, with whom, and which deposition testimony you believe supports that belief?

Also, I truly think we can informally resolve the disagreement regarding Request 5. What is it that you think you need to be more assured that our search would have covered any third-party communications relating to redistricting? I can give a full custodian list if that would help. I could also potentially give more information on the actual searches that were run.

Lastly, as to relevance, I will reiterate what I said during on Zoom call: Although we dispute the relevance of OOG redistricting communications with third-parties, we ran a search that would have captured these communications, and have not withheld any such communications based on irrelevance. As indicated in the privilege log, the only such communications were with the Census Bureau and Senator Huffman's staff. Further, I believe that those communications have since been produced to Fair Maps. There simply are no other communications.

Thank you,

Jack

---

**From:** Hilary Harris Klein <hilaryhklein@scsj.org>
**Sent:** Wednesday, July 20, 2022 6:29 PM
**To:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>

**Cc:** Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Chris Shenton <chrisshenton@scsj.org>; Noor Taj <noor@scsj.org>; Ari Herbert <Ari.Herbert@oag.texas.gov>
**Subject:** RE: [External]LULAC v. Abbott, No. 3:21-cv-259 (Redistricting), Meet and confer re OOG documents

**HIGHLY CONFIDENTIAL – Email contains information subject to Protective Order**

Hi Jack,

[Redacted] To us, this highlights that third parties were involved throughout the process, and we would like to understand the scope to which that might be true for the State Defendants. I cannot tell you exactly which communications your clients may have had and with whom as you request below because the whole point of Request 5 was an effort to learn this information.

You have asserted below that you have conducted a "search reasonably calculated to find such documents and communications" but have declined on privilege grounds to provide any more details as to that search. The custodian field in the "State_Redistricting" productions do not provide insight into this. We are also not aware of any cover letter that has identified those documents produced that are responsive specifically to Request 5, so do not have that information to inform the scope of your searches either. This, in conjunction with Defendants assertions in your objections that third-party communications are "irrelevant," has concerned us and sought us to seek assurances as to the scope of your search and that it would have captured third-party communications. We therefore intend to ask the Court to (1) confirm that information about the scope of Defendants searches is not subject to privilege as you contend, and thus can and should be discussed with us as part of a good-faith effort to resolve this dispute and (2) confirm the relevance of the third-party documents requested in Request 5 to inform on the appropriateness of the scope of such a search. We believe this is an appropriate next step and in-line with the overall requirements and objectives of the Federal Rules. *See, e.g., Ruiz-Bueno v. Scott*, No. 2:12-cv-0809, 2013 U.S. Dist. LEXIS 162953, at *16 (S.D. Ohio Nov. 15, 2013) (("[W]hen plaintiffs expressed some skepticism about the sufficiency" of defendants' responses, "defendants' counsel should have been forthcoming with information not only about why the results were as they were, but how defendants looked for responsive documents.").

As for the sealing motion – the above information in the first paragraph of this email (which we intend to include in the motion) is subject to the May 18 Protective Order and thus requires sealing. And as to the word limit, our motion is approximately 13 pages (excluding caption, signature, and certificates), 3.5 of which involve Request 5 and the rest of which include introduction, background, and briefly summarize the 26-page motion at Dkt. 380 for the Court.

If your position on any of these matters has changed, please let me know as soon as possible. We remain concerned about delaying any further, but I can make myself available tomorrow 8:30 – 9:30 am before we file the motion if you would like to discuss further.

Kind regards,

Hilary

Hilary Harris Klein
hilaryhklein@scsj.org

**From:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Sent:** Wednesday, July 20, 2022 6:23 PM
**To:** Hilary Harris Klein <hilaryhklein@scsj.org>
**Cc:** Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Chris Shenton <chrisshenton@scsj.org>; Noor Taj <noor@scsj.org>; Ari Herbert <Ari.Herbert@oag.texas.gov>
**Subject:** RE: [External]LULAC v. Abbott, No. 3:21-cv-259 (Redistricting), Meet and confer re OOG documents

Hello Hilary,

I'm afraid we can't take a position on your motion to seal because we still do not understand your position regarding Request 5. Will you please advise:

i. Who you believe OOG (or some other state agency) was corresponding with;
ii. The general subject of the communication; and
iii. Whose deposition testimony you believe supports this.

We have asked a few times for specific information you believe supports the existence of these communications, and Fair Maps has been unable to point to any such information. Moreover, we have represented that we conducted a search for all relevant custodians that would have identified any such third-party communications. If you contend that our search may not have covered some communications, please identify:

i.  The communication you believe was not covered; and

ii. The reason why you believe the search did not cover it.

Regarding your motion to exceed the page limit, can you please explain why you need excess pages? We previously discussed that much of the argument would incorporate by reference previous arguments. I do not understand why you would need more than ten pages to file what is largely a redundant brief. In any event, please advise on how much over the 10-page limit you request.

Thank you,

Jack

---

**From:** Hilary Harris Klein <hilaryhklein@scsj.org>
**Sent:** Wednesday, July 20, 2022 9:29 AM
**To:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Chris Shenton <chrisshenton@scsj.org>; Noor Taj <noor@scsj.org>; Ari Herbert <Ari.Herbert@oag.texas.gov>
**Subject:** RE: [External]LULAC v. Abbott, No. 3:21-cv-259 (Redistricting), Meet and confer re OOG documents

Hi Jack,

By way of follow-up regarding Request 5, we intend to include this request in the motion to compel to be filed later today. To address your question, and as discussed in our meet and confer on Monday, [Redacted] Accordingly, we have reason to believe this might also be the case with OOG but, without understanding the scope of your searches or review, are unable to substantiate whether (in light of your relevance objections) Defendants conducted a search reasonably calculated to identify these highly-relevant communications. We appear to be talking in circles, as I understand from the below that you are asserting privilege over the scope of your searches, and we thus will seek direction from the Court on that issue. If your position on privilege has changed, please let me know. We are concerned about timing given the close of discovery and the delay in filing our motion that we have already agreed to for the purposes of meeting and conferring with Defendants, and thus we intend to file no later than this evening if possible.

As I also mentioned in our meet and confer on Monday, we are likely to file this within a motion to seal given the reference to legislator depositions, so please confirm your position on that sealing as previously requested. We also may have to exceed the word limit, and ask for your position on that as well.

Thank you,

Hilary

Hilary Harris Klein
hilaryhklein@scsj.org

---

**From:** Hilary Harris Klein <hilaryhklein@scsj.org>
**Sent:** Tuesday, July 19, 2022 7:47 PM
**To:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Chris Shenton <chrisshenton@scsj.org>; Noor Taj <noor@scsj.org>; Ari Herbert <Ari.Herbert@oag.texas.gov>
**Subject:** Re: [External]LULAC v. Abbott, No. 3:21-cv-259 (Redistricting), Meet and confer re OOG documents

Thanks for your response Jack. We will be filing the motion, at least as to the privilege and drop box issues. I have to confer with my team as to Request 5. In my experience, sharing custodians and search terms is not unusual in discovery matters, but I see that you may prefer the court weigh in on the issue if you have concerns about privilege, which I understand.

I am available to speak this evening or tomorrow morning before the deposition if there are any other issues to address that have not been discussed already. I appreciate your engaging in this dialogue and that we were able to resolve some of the initial issues we reached out about initially.

Hilary Harris Klein
hilaryhklein@scsj.org

**From:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Sent:** Tuesday, July 19, 2022, 7:31 PM
**To:** Hilary Harris Klein <hilaryhklein@scsj.org>
**Cc:** Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Chris Shenton <chrisshenton@scsj.org>; Noor Taj <noor@scsj.org>; Ari Herbert <Ari.Herbert@oag.texas.gov>
**Subject:** RE: [External]LULAC v. Abbott, No. 3:21-cv-259 (Redistricting), Meet and confer re OOG documents

Good evening Hilary,

Thank you for your responses on points one and four.

As to the alleged third-party communications, I can only say so much without revealing attorney-client communications and attorney mental impressions. Subject to that explanation, however, I can confirm that we identified any custodians within OOG that could possibly have documents and communications relating to redistricting. We conducted a fulsome search of documents in their custody, including emails and other messaging applications. All relevant documents and communications were identified and either produced or withheld and listed in the privilege log.

Please let me know if that addresses that subject. I am still a little confused as to what communications exactly you believe may exist. If you can give us a better idea of the bases of your beliefs, we can probably give you a more accurate response as to our knowledge of any such communications.

As to the Dropbox documents, our position remains the same as expressed in the response to the prior motion to compel.

I will be in a deposition (in this case) tomorrow, so I will have limited availability. But please let me know before you file your motion, because there may be subjects to discuss before you do so.

Thank you,

Jack

---

Jack DiSorbo
Assistant Attorney General, Special Litigation Unit
Office of the Attorney General
Work: (512) 936-1067
Cell: (713) 628-7407
Jack.DiSorbo@oag.texas.gov

**From:** Hilary Harris Klein <hilaryhklein@scsj.org>
**Sent:** Tuesday, July 19, 2022 12:21 PM
**To:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Chris Shenton <chrisshenton@scsj.org>; Noor Taj <noor@scsj.org>
**Subject:** RE: [External]LULAC v. Abbott, No. 3:21-cv-259 (Redistricting), Meet and confer re OOG documents

Jack

Thank you for your email. Regarding to your first point, we received the production and will be removing those from the list of documents we seek to compel.

Regarding your second point, during the meet and confer we understood that OOG had confirmed they did not have access to the Dropbox documents. From the below, it sounds like your clients either don't know if they have access / control over such documents or have not tried to find out. Can you please clarify which is accurate? If the latter, the scope of documents includes documents within a party's "control" even if within possession or custody of a non-party. *See Perez v. Perry*, No. SA-11-CV-360-OLG-JES, 2014 WL 1796661, at *1 (W.D. Tex. May 6, 2014).

Regarding your third point, can you provide more detail on how your search was reasonably calculated to find such third-party documents and communications (e.g., custodians and search terms) as you state below? We do not want to move unnecessarily to compel documents that may not exist, but we do not have the information available to us to confirm that is the case without more detail and, given that we are aware third parties were involved in the process more broadly, have a basis for believing these communications do exist according to the information we have currently.

Regarding your fourth point re FOIA, thank you for confirming, we intend to drop this from our motion to compel.

We do not want to delay our motion much more but do want to ensure we have an accurate understanding of your position. We therefore respectfully request the above clarifications by tomorrow (Wednesday) COB.

Kind regards,

Hilary


Hilary Harris Klein
hilaryhklein@scsj.org

**From:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Sent:** Monday, July 18, 2022 2:40 PM
**To:** Hilary Harris Klein <hilaryhklein@scsj.org>; Chris Shenton <chrisshenton@scsj.org>
**Cc:** Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>
**Subject:** [External]LULAC v. Abbott, No. 3:21-cv-259 (Redistricting), Meet and confer re OOG documents

Hilary,

This email is to memorialize the meet and confer that we just had. You, me, Munera, and Chris (all copied here) were present.

We discussed the Fair Maps plaintiffs intent to file a motion compel relating to the OOG privilege log, and similar to the motion to compel filed as ECF 380. We agreed that both parties would refer incorporate prior briefing as best practicable.

I clarified several positions on Defendants' behalf.

> As indicated in Defendants' response to plaintiffs' motion to compel, ECF 423, we withdrew privilege assertions over the following documents: DOC_0356598, DOC_0356600, DOC_0356606, DOC_0356560, DOC_0356561, DOC_0356586, DOC_0356587, and DOC_0356588. See ECF 423 at 4 n.1. We produced those documents to the LULAC, NAACP, and Abuabara plaintiffs, as well as DOC_0356599 with redactions for OOG internal annotations. We will produce those same documents to you by the end of the day.

> Also as indicated in the opposition, ECF 423 at 12–13, OOG does not have possession of the Dropbox documents. They were never downloaded and we are not aware if OOG even can access them.

> Regarding your Request 5, I confirm that—other than the entries described in the privilege log—OOG is not withholding any documents and communications relating to third-party conversations. Although we object to the request, we conducted a search reasonably calculated to find such documents and communications, and everything relevant was either produced or withheld and listed in the privilege log.

> Regarding our objection relating to FOIA, I confirm that Defendants are not withholding any documents based on this objection.

We also discussed that Fair Maps map move to compel certain third party communications you believe the State Defendants may be in possession. I explained that we are not currently withholding any such documents or communications. We agreed that if Fair Maps intends to move to compel those documents, you would discuss with me first the deposition testimony you may use in support of those arguments.

Separately, I would ask that you please let me know if you intend to pursue any

arguments different than those today. I think we had a productive conversation and we may be able to further limit any dispute presented to the Court.

Sincerely, Jack DiSorbo

---

Jack DiSorbo
Assistant Attorney General, Special Litigation Unit
Office of the Attorney General
Work: (512) 936-1067
Cell: (713) 628-7407
Jack.DiSorbo@oag.texas.gov