# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § | |
| *Plaintiffs,* | § § | |
| EDDIE BERNICE JOHNSON, *et al.*, | § § | Case No. 3:21-cv-00259 |
| *Plaintiff-Intervenors,* | § § | [Lead Case] |
| v. | § § § | |
| GREG ABBOTT, *et al.*, | § § § | |
| *Defendants.* | § | |
| MEXICAN AMERICAN LEGISLATIVE CAUCUS, *et al.*, | § § § | |
| *Plaintiffs,* | § § § | Case No. 1:21-cv-988 |
| v. | § § | [Consolidated Case] |
| STATE OF TEXAS, *et al*, | § § § | |
| *Defendants.* | § | |

**OPPOSITION TO MOTION FOR LEAVE
TO TAKE DEPOSITIONS OUT OF TIME**

## TABLE OF CONTENTS

Introduction ..................................................................................................................................... 1

Background ..................................................................................................................................... 1

Standard ........................................................................................................................................... 2

Argument ......................................................................................................................................... 3

    I.    The Lieutenant Governor ............................................................................................. 3

    II.   Senator Brian Birdwell ................................................................................................. 5

    III.  David Falk and Dr. Randy Stevenson ....................................................................... 6

    IV.  Congressman Kevin Brady .......................................................................................... 7

    V.   Eric Wienckowski and Thomas Bryan ...................................................................... 7

Conclusion ....................................................................................................................................... 8

Certificate of Service ...................................................................................................................... 9

## INTRODUCTION

MALC, on behalf of all plaintiffs, moves for leave to seek dozens of depositions out of time. ECF 433. Several depositions—on both sides—were timely requested, scheduled, but ultimately postponed for after the close of fact discovery due to witness unavailability or other extenuating circumstances. As such, Defendants and the relevant third parties do not oppose those depositions. But the plaintiffs also seek to take several depositions that they could have taken during the fact-discovery period, but failed to do so by their own fault. Specifically, these witnesses are: Eric Wienckowski, Thomas Bryan, Dr. Randy Stevenson, David Falk, the Lieutenant Governor, Congressman Kevin Brady, and Senator Brian Birdwell ("Third Parties"). Plaintiffs had ample opportunity to seek a deposition of the latter witnesses during the discovery period, but failed to do so. And unlike many of the depositions listed in the motion for leave, the parties did not agree to take the contested depositions out of time. Allowing those five depositions to proceed at this late stage would be both improper and highly prejudicial to the Third Parties and Defendants, who have had to prioritize discovery operations in light of the accelerated trial schedule, and the potential third-party deponents.

## BACKGROUND

On December 16, 2021, the Court issued a scheduling order setting a highly accelerated trial schedule. ECF 96 at 4-5. That order states, in pertinent part, "[t]he parties shall complete all discovery on or before July 15, 2022. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances[.]" *Id.* at 4.

The parties have already conducted many depositions. To date, thirty-two depositions of legislators or legislative staff have been taken. And by agreement, eight are scheduled for a later date. (Not to mention the depositions of dozens of other fact and expert witnesses.) The legislative witnesses include state representatives, state senators, a parliamentarian, various legislative staff, and map drawers. These depositions are summarized in the table below.

**Table 1. Summary of Legislator Depositions**

| | | | | | |
|---|---|---|---|---|---|
| 1. | Rep. Rafael Anchia | 06/13 | 21. | Anna Mackin | 07/11 |
| 2. | Rep. Abel Herrero | 06/15 | 22. | Rep. J.M. Lozano | 07/12 |
| 3. | Rep. Brooks Langraf | 06/21 | 23. | Rep. Toni Rose | 07/12 |
| 4. | Rep. Andrew Murr | 06/22 | 24. | Rep. Terry Canales | 07/13 |
| 5. | Sen. Kelley Hancock | 06/23 | 25. | Rep. Chris Turner | 07/13 |
| 6. | Rep. John Lujan | 06/23 | 26. | Sean Opperman | 07/13 |
| 7. | Sen. Roland Gutierrez | 06/27 | 27. | Rep. Jacey Jetton | 07/13 |
| 8. | Rep. Joe Moody | 06/27 | 28. | Adam Foltz | 07/14 |
| 9. | Rep. Claudia Ordaz-Perez | 06/27 | 29. | Rep. Todd Hunter | 07/15 |
| 10. | Colleen Garcia | 06/28 | 30. | Rep. Hugh Shine | 07/16 |
| 11. | Rep. Tracy King | 06/29 | 31. | Rep. Brad Buckley | 07/18 |
| 12. | Rep. Ryan Guillen | 06/29 | 32. | Rep. Terry Meza | 07/22 |
| 13. | Rep. Ina Minjarez | 06/30 | 33. | Rep. Jasmine Crockett | 07/26 |
| 14. | Rep. Dan Huberty | 06/30 | 34. | Sen. Joan Huffman | 07/28 |
| 15. | Rep. Trey Martinez Fischer | 07/01 | 35. | Sen. Paul Bettencourt | 07/29 |
| 16. | Rep. Ramon Romero | 07/01 | 36. | Jeff Archer | 07/29 |
| 17. | Angie Flores | 07/01 | 37. | Sharon Carter | 07/29 |
| 18. | Sen. Royce West | 07/07 | 38. | Cong. Sheila Jackson Lee | 08/02 |
| 19. | Rep. Senfronia Thompson | 07/07 | 39. | Rep. Armando Walle | TBD |
| 20. | Mark Bell | 07/07 | 40. | Rep. Liz Campos | TBD |

As explained below, for each of the following witnesses, Plaintiffs had abundant opportunity during the fact discovery period to timely seek their depositions and neglected to do so. As such, plaintiffs fall well short of establishing the "extraordinary circumstances" necessary to extend fact discovery. ECF 96 at 4.

## STANDARD

Rule 16(b)(4) governs modification of the scheduling order entered by the Court in this case. Plaintiffs' motion for leave for discovery out of time may be granted "only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4). The good cause standard requires the party seeking

2

relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. *S&W Enterprises, LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). Furthermore, this Court's Scheduling Order states that "Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances[.]" ECF 96 at 4. In this case, good cause to modify the scheduling order requires extraordinary circumstances. Plaintiffs bear the "burden to establish good cause." *See, e.g., Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015). And so this Court must consider whether movants could have requested these depositions before the discovery cut-off, but failed to act before the deadline due to inadvertence, mistake, or lack of diligence.

## ARGUMENT

Plaintiffs had sufficient opportunity to seek these depositions in a timely manner before the deadline for completion of fact discovery. They failed to do so. Plaintiffs have also failed to show good cause to modify the scheduling order. Plaintiffs only point to "the confluence of summer scheduling and the sheer number of significant witnesses that need to be deposed" as the reasons for requesting leave of Court to take the contested depositions out of time. ECF 433 at 4. This is not an extraordinary circumstance warranting this Court's intervention. *See* ECF 96 at 4. Ordering additional depositions at this late stage would be highly prejudicial to the Third Parties and Defendants and could negatively impact the trial schedule ordered by this Court.

I.   **The Lieutenant Governor**

Plaintiffs seek to depose Lieutenant Governor Dan Patrick after the fact discovery deadline has elapsed. ECF 433 at 3. They initially requested deposition dates for Lieutenant Governor Patrick and Senator Birdwell on June 9, 2022. *See* Ex. A (Email of 06/09). Counsel responded on June 13, 2022, offering to provide available dates for Senator Birdwell's deposition, objecting to the Lieutenant Governor's being deposed at all, and informing Plaintiffs that the Lieutenant Governor would move

to quash any deposition subpoena directed to him. *See id.* Plaintiffs did not reply to this email. On June 14, 2022, counsel again sought to meet and confer regarding the Plaintiffs' basis for seeking the Lieutenant Governor's deposition, emphasizing that his deposition should not take place. *See id.* ("For the groups who contend the Lieutenant Governor has information relevant to their claims, we would like to meet and confer to discuss the basis for your seeking his deposition. As I said in my initial email, we do not believe his deposition should go forward."). Plaintiffs did not reply to that email either. No plaintiff attempted to serve a deposition subpoena on the Lieutenant Governor before the close of fact discovery, and there has been no attempt since.

Plaintiffs present no reason why they could not have responded to counsel's emails, met and conferred about the Lieutenant Governor's deposition, or even send a subpoena before the fact discovery deadline. Plaintiffs claim that they "have been diligently working to conduct discovery in this case," ECF 433 at 4, but their active participation in the discovery process merely highlights that they could have pursued the Lieutenant Governor's deposition in a timely manner. Plaintiffs did not diligently seek to take the Lieutenant Governor's deposition. If Plaintiffs find themselves in a dilemma, it is because of their own delay. This Court should decline to extend discovery or allow the Lieutenant Governor's deposition to be taken out of time.

Even if Plaintiffs could seek the Lieutenant Governor's deposition at this late juncture, it would still be impermissible for them to take his deposition due to the high-ranking government official doctrine. *Texas v. Holder*, No. 1:12-cv-128, ECF 186 (D.D.C. June 14, 2012) (three judge court) ("To the extent that the Attorney General seeks to question the LG about non-privileged matters, such as the reasons why the LG made certain public statements about the purposes of S.B. 14 after the legislation was passed, the Attorney General has failed to show that the need to question the LG about those topics is substantial enough to overcome the High-Ranking Official Doctrine combined

4

with the federalism concerns set forth in *Nw. Austin Mun. Util. Dist. No. One. v. Holder*, 557 U.S. 193 (2009)."); *see also, e.g.*, *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995).

Indeed, Plaintiffs' request to depose the Lieutenant Governor is decidedly unusual. High-ranking government officials are rarely required to involuntarily provide deposition testimony. And on those infrequent occasions in which district courts have ordered such depositions to take place, courts of appeals have regularly overturned those orders. *See, e.g., In re United States*, 624 F.3d 1368, 1373 (11th Cir. 2010) (finding district court abused its discretion by requiring the testimony of a high-ranking government official and issuing a writ of mandamus); *In re U.S. Dep't of Educ.*, 25 F.4th 692, 706 (9th Cir. 2022) (issuing writ of mandamus directing district court to quash a subpoena for the deposition of a high-ranking government official); *see also United States v. Morgan*, 313 U.S. 409, 422 (1941); *FDIC*, 58 F.3d at 1060. As these courts have noted, exposing high-ranking government officials to involuntary depositions impedes their exercise of their official duties, imperils the separation of powers and provides an opportunity for harassment through the discovery process.

The "exceptional circumstances" that must exist to overcome these concerns and order the Lieutenant Governor to sit for a deposition are not present in this case. *In re FDIC*, 58 F.3d at 1060. Plaintiffs do not argue otherwise. Their motion offers no justification for deposing the Lieutenant Governor. *See generally* ECF 433. Plaintiffs have provided no reason to think that the Lieutenant Governor has unique firsthand knowledge essential to the Plaintiffs' legal claims and unavailable from an alternative, less intrusive source. *FDIC*, 58 F.3d at 1062. The Court should deny Plaintiffs' motion to take the Lieutenant Governor's deposition out of time for this additional reason.

**II.    Senator Brian Birdwell**

Plaintiffs seek the out of time deposition of Senator Brian Birdwell. Senator Birdwell made himself available for a deposition on July 6, 2022, and plaintiffs set the deposition for that date. But plaintiffs cancelled the deposition due to their counsel's unavailability. *See* Ex. B.

5

To be clear, Senator Birdwell was not responsible for the plaintiffs cancelling his deposition on the agreed date. When legislators have had to reschedule depositions due to pressing legislative business, they have been willing to agree to later dates. For example, Senator Paul Bettencourt's deposition was set in a timely manner, before the close of the discovery period, but later needed to reschedule due to legislative duties that arose. Of course, Senator Bettencourt has made himself available for an out of time deposition on July 29, 2022. *See* Ex. C (Email of 07/08). With regard to Senator Birdwell, however, no deposition has been rescheduled because Plaintiffs were responsible for the cancellation and never sought a new date. Plaintiffs' lack of diligence in seeking to reschedule Senator Birdwell's deposition is not good cause or an extraordinary circumstance deserving of this Court's intervention. This Court should deny the request to take Senator Birdwell's deposition out of time.

### III. David Falk and Dr. Randy Stevenson

MALC, on behalf of all plaintiffs, also seeks to depose David Falk and Dr. Randy Stevenson out of time. ECF 433 at 3 (table). These requested depositions are premature. State Defendants and the *Brooks* plaintiffs have an agreement governing the potential need to depose Mr. Falk and Dr. Stevenson. *See* Ex. D (Email of 06/21). The parties agreed that after review of "the expert reports," "expert disclosures," and "materials necessary to assess the expert reports," State Defendants will "make Mr. Falk and Mr. Stevenson available for a deposition if needed, including after the close of expert discovery in the event that is necessary." *See* Ex. D. The parties further agreed to work together "in the event production of additional materials is necessary." Ex. D.

At the very least, these deposition requests are premature in two ways. First, Plaintiffs have not yet assessed the expert disclosure data and materials. And second, the expert-discovery deadline has not yet passed. What's more, State Defendants never conceded that any depositions of Mr. Falk or Dr. Stevenson were in fact necessary. Therefore, this motion—with respect to Mr. Falk and Dr. Stevenson—represents an end-run around the proper channels for seeking expert discovery. After all,

6

Dr. Stevenson assisted Dr. John Alford in preparing an expert report for State Defendants. Plaintiffs need not depose Dr. Stevenson when they are already seeking the deposition of Dr. Alford. Any questions regarding the methods and materials used in Dr. Alford's formulation of his opinions can be asked of him at that deposition.

For these reasons, plaintiffs have not shown good cause or extraordinary circumstances. The Court should therefore deny the motion with respect to the Falk and Stevenson deposition requests.

### IV. Congressman Kevin Brady

Plaintiffs also seek the out-of-time deposition of Congressman Kevin Brady. ECF 433 at 3. As an initial matter, plaintiffs have already taken the deposition of Chris Gober, who represented Congressman Brady in connection with the draft redistricting legislation relating to the Texas congressional districts. Plaintiffs had the opportunity to ask questions regarding Congressman Brady, and so any further examination would be unnecessarily duplicative.

In addition, plaintiffs had ample time to seek Congressman Brady's deposition before the close of fact discovery, but did not initially request the deposition until July 8th—seven days until the close of discovery. Plaintiffs fail to explain this delay. Indeed, the very fact that both plaintiffs and State Defendants have already agreed to out-of-time legislator depositions demonstrates that plaintiffs failed to seek the deposition of Congressman Brady at the appropriate time. Plaintiffs have therefore failed to show extraordinary circumstances or good cause.

### V. Eric Wienckowski and Thomas Bryan

Finally, plaintiffs also seek the depositions of Eric Wienckowski and Thomas Bryan—consultants hired by Representative Todd Hunter's lawyers in connection with their providing legal advice to the Chairman concerning the redistricting legislation. Plaintiffs failed to seek their depositions before the close of discovery, and likewise failed to serve a deposition subpoena before that date. Mr. Bryan and Mr. Wienckowski expressly did not agree to be made available after the close of discovery.

7

Plaintiffs fail to excuse their delay. Indeed, they have known of Mr. Bryan and Mr. Wienckowski since at least April, when counsel served a privilege log including their names. Even so, they never served deposition subpoenas or arranged for their depositions before discovery closed. Plaintiffs cannot show extraordinary circumstances or good cause for these depositions to occur out of time.

### Conclusion

The Third Parties respectfully request that the Court deny Plaintiffs' amended motion for leave as to Eric Wienckowski, Thomas Bryan, Dr. Randy Stevenson, David Falk, the Lieutenant Governor, Congressman Kevin Brady, and Senator Brian Birdwell.

Date: July 22, 2022

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

JACK B. DISORBO
Assistant Attorney General, Special Litigation Unit
Tex. State Bar No. 24120804

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
jack.disorbo@oag.texas.gov

**COUNSEL FOR DEFENDANTS, THE LIEUTENANT GOVERNOR, SENATOR BIRDWELL, DAVID FALK, AND DR. RANDY STEVENSON**

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on July 22, 2022, and that all counsel of record were served by CM/ECF.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
