**From:** Mark Gaber
**To:** Jack DiSorbo; Patrick Sweeten
**Subject:** Re: Follow up
**Date:** Tuesday, June 21, 2022 6:45:46 PM

Jack--

Thanks. We don't agree that the subpoenas were improper, but I think we've said the same thing otherwise so believe we are in agreement.

Mark

**From:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Sent:** Tuesday, June 21, 2022 2:53 PM
**To:** Mark Gaber <mark@markgaber.com>; Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>
**Subject:** RE: Follow up

Mark,

Thank you for your response, and for meeting with us yesterday. I'm glad we were able to better understand the motivation for sending these subpoenas.

As we discussed on the call, with respect to our testifying experts, we intend to provide a full disclosure of all facts and data required to be provided by Rule 26(a)(2). We believe that the materials provided in that disclosure will allow the full opportunity to assess our experts' opinions. Our understanding of our agreement on this issue is as follows: First, we believe that our expert disclosures will provide materials necessary to assess the expert reports. Upon your review of those materials, should you determine that you need additional materials regarding the EI analyses, we will be happy to discuss providing them, and will work with you in the event production of additional materials is necessary. We will also agree to make Mr. Falk and Mr. Stevenson available for a deposition if needed, including after the close of expert discovery in the event that is necessary.

In exchange, as you say, the Brooks plaintiffs agree to withdraw the currently pending subpoenas.

And I find it necessary to note that Defendants maintain their position that Rule 45 subpoenas are not the proper vehicle for obtaining expert materials, and while we hope there will be no disagreements concerning such materials, we also note that any disagreements should be resolved using the ordinary Rule 26 process for disclosing and supplementing such materials. Defendants also reserve the right to object to any document requests we believe to be unnecessary or otherwise improper.

Please let me know if your understanding differs from the one explained above.

Best, Jack

---

**From:** Mark Gaber <mark@markgaber.com>
**Sent:** Tuesday, June 21, 2022 10:04 AM
**To:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>
**Cc:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Subject:** Re: Follow up

Hi, Patrick--

Thank you for meeting with me yesterday. My understanding is that you propose that Mr. Stevenson and Mr. Falk would be made available for deposition and additional document requests if, after receiving State Defendants' expert disclosures on July 18, we believe it to be needed. In addition, State Defendants agree that it may prove necessary to conduct any such discovery shortly after the August 3 expert discovery deadline and would agree to work with us to schedule it notwithstanding the deadline. In exchange, Brooks Plaintiffs would agree to withdraw the currently pending subpoenas.

If I have correctly memorialized the proposal, then it is agreeable to us.  Please let me know.

Thanks,
Mark

---

**From:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>
**Sent:** Tuesday, June 21, 2022 10:57 AM
**To:** Mark Gaber <mark@markgaber.com>
**Cc:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Subject:** Follow up

Mark,

We wanted to follow up when you are available to discuss the subpoenas you issued to Randy Stevenson and the one you intended to issue regarding David Falk.

Do you have some time today?

Please let us know what might work.

Best Regards,

Patrick K. Sweeten