IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.* <br><br> *Plaintiffs,* <br> V. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § | Case No. 3:21-cv-00259 <br> [Lead Case] |
| TEXAS STATE CONFERENCE OF THE NAACP, <br><br> *Plaintiff,* <br> V. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § § § | Case No. 1:21-cv-01006 <br> [Consolidated Case] |

### PLAINTIFF TEXAS NAACP'S OPPOSED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Texas NAACP, by and through their undersigned counsel, respectfully moves the Court, Pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file a Second Amended Complaint, a copy of which is attached as Exhibit A.[1] This Court's May 23, 2022 Memorandum Opinion ("Mem. Op.") (ECF No. 307) granted Texas NAACP leave to file an amended complaint in order to, among other things, establish Article III standing by identifying Texas NAACP members who reside in challenged districts. *See* Mem. Op. at 14. Texas NAACP did so on June 6, 2022 after identifying fifty members who reside in the challenged districts and areas affected by

---

[1] Exhibit B indicates the differences between the Second Amended Complaint and the First Amended Complaint, (ECF No. 461). Exhibit C contains the Declaration of Sophia Fernandez Gold.

the new redistricting plans. *See* First Amended Compl., ("FAC") (ECF No. 461). Even though Texas NAACP identified a member that lives in HD 57 before it filed its amended complaint, it inadvertently left that member out of the complaint and named only 49 members. *See* Declaration of Sofia Fernandez Gold ("Gold Decl.") ¶¶ 3–4; FAC ¶¶ 23–156. Texas NAACP informed Defendants of this omission and requested Defendants' consent to allow Texas NAACP to identify that member in its filing of the complaint under seal on July 22, in accordance with the Court's July 18 order on the various motions to seal. *See* Order Mot. to Seal (ECF 439); Gold Decl. ¶ 5. Defendants declined without explanation. *Id.* Texas NAACP seeks leave to amend its complaint solely to include the identity of the single member who lives in the newly enacted HD 57.

## ARGUMENT

### I. The Court Should Grant Leave to Amend Under Federal Rule of Civil Procedure 15.

Federal Rule of Civil Procedure 15(a)(2) provides that, among other things, a party may amend its pleading more than once with "the court's leave" and that "[t]he court should freely give leave [to amend] when justice so requires." FRCP 15(a) "evinces a bias in favor of granting leave to amend." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000). "Stated differently, district courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). "Absent a substantial reason such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (internal quotations omitted). Further, courts have denied motions for leave to amend if the amendment is futile—that is, when the amended complaint would fail to state a claim upon which relief could be granted. *See Mailing & Shipping Sys., Inc. v. Neopost USA, Inc.*, 292 F.R.D. 369, 377 (W.D. Tex.

2013); *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). There are no reasons to deny Texas NAACP's motion for leave to amend, much less "substantial" ones.

First, allowing this limited amendment would neither result in undue delay nor unduly prejudice the Defendants. The amendment is extremely narrow—it does not change *any* of Texas NAACP's substantive claims. The amendment would merely allow Texas NAACP to identify a member—who is not being joined as a plaintiff—who lives in the enacted HD 57. Such an amendment will likely not require any additional discovery—indeed, Defendants have not sought any discovery on the 49 listed members in the FAC. Texas NAACP's amendment also would not result in expensive, duplicative briefing. At most, the amendment would result in an additional motion to dismiss limited to the single issue of whether the named member establishes standing for HD 57. Yet even this is unlikely—Defendants have not challenged Texas NAACP's standing in any of the districts for which Texas NAACP named members in the FAC. *See, e.g.*, Br. at 3.

Second, there is no reason to believe that the Texas NAACP is acting in bad faith or has a dilatory motive. Texas NAACP just inadvertently omitted the identify of one of its members who resides in HD 57 in the FAC. Gold Decl. ¶¶ 3–4.

Third, Texas NAACP has not repeatedly failed to cure deficiencies. Texas NAACP filed the FAC in response to this Court's Memorandum Opinion and is seeking leave to modify that complaint to add one member (of 50 identified) that lives in one district to the FAC.

Fourth, the amendment is not futile: Texas NAACP is naming a member who lives and votes in HD 57 to allege standing, as it did with the other 49 members it named in the FAC—allegations that Defendants have not challenged as insufficient to establish standing. There are no substantial reasons to deny Texas NAACP's leave to amend.

II. **If Federal Rule of Civil Procedure 16(b) Applies—It Does Not—Good Cause Exists for Modifying the Scheduling Order.**

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "shall be freely given when justice so requires." "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enter., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). In such circumstances, "the party seeking untimely leave is required to show good cause for the amendment of the scheduling order," *Hayes v. Tex. Westmoreland Coal Co.*, 2018 WL 11408895, at *2 (W.D. Tex. Nov. 20, 2018) (internal quotations omitted), and "[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave," *S&W Enter.*, 315 F.3d at 536.

Here, Rule 16(b) does not apply, because Texas NAACP is not seeking to file an amended complaint in contravention of a scheduling order. Instead, Texas NAACP is seeking to amend the FAC in response to this Court's May 23 Memorandum Opinion, which modified the scheduling order to grant Texas NAACP leave to amend. *See* Mem. Op. at 60 (*"Notwithstanding the Court's scheduling order*, all Plaintiffs shall have fourteen days to amend their complaints in response to this order.") (emphasis added).

However, good cause exists to modify the scheduling order if the Court determines that Rule 16(b) applies. Courts weigh four factors when determining if good cause exists: (1) "the explanation for the failure to [timely move for leave to amend]"; (2) "the importance of the [amendment]"; (3) "potential prejudice in allowing the [amendment]"; and (4) "the availability of a continuance to cure such prejudice." *S&W Enter., L.L.C.*, 315 F.3d at 536. Each factor weighs in favor of Texas NAACP's request for leave.

First, Texas NAACP's explanation for failing to timely move for leave to amend is simple: the inadvertent mistake of counsel. Texas NAACP identified a member who resided in HD 57 on

4

or before June 3rd, 2022. Gold Decl. ¶ 4. Texas NAACP's counsel inadvertently did not include the identifying information of this member in the FAC, as it did for the 49 other members it named. *Id*. ¶ 4. Texas NAACP's counsel was not aware of this mistake until Defendants' Motion to Dismiss NAACP's Complaint (ECF 402). *Id*. ¶ 5. Shortly thereafter, Texas NAACP's counsel notified Defendants' counsel that it intended to amend its complaint to include the missing member. *Id*.[2]

Second, although extremely narrow, the amendment is important. In its memorandum opinion, the Court determined that Texas NAACP must identify members who reside in challenged districts in order to establish Article III standing. *See* Mem. Op. at 14. Thus, if leave is denied, it is possible that the Court will determine that Texas NAACP does not have standing to challenge

---

[2] Notably, this case is factually distinct from *S&W Enterprises*, which found that—under the specific facts of that case—an inadvertence explanation, among other things, was insufficient to modify a scheduling order. 315 F.3d at 536. In that case, plaintiffs pursued a tortious interference claim. *Id.* at 534. While the case was pending, and three months before the deadline for amendment of pleadings expired, the Texas Supreme Court decided *Wal–Mart Stores, Inc., v. Sturges*, 52 S.W.3d 711 (Tex. 2001), which clarified the elements that must be pled to allege tortious interference. *S&W Enter.*, 315 F.3d at 534–35. Three months after the deadline for amending pleadings, and six months after *Sturges* was decided, the plaintiff sought leave to amend "ostensibly to conform its pleadings to the requirements of *Sturges*," arguing that plaintiff's counsel had failed to understand the impact of *Sturges*. *Id*. at 535. The district court denied the leave to amend under the lenient standard of Rule 15(a), noting that plaintiff failed to provide an adequate explanation for the untimely amendment, and that the amendment would prejudice defendants because it would require more discovery and delay trial. *Id*. The Fifth Circuit affirmed the district's court denial for leave, but clarified that Rule 16(b), not Rule 15(a), governed the motion for leave to amend out-of-time. *Id*. at 536-37. The Fifth Circuit credited the district court's factual findings on delay and prejudice, and noted that in this circumstance, the "inadvertence" explanation for its "delayed analysis of *Sturges*. . . is tantamount to no explanation at all." *Id*. at 536. This case is nothing like *S&W*: there is no reason to believe the amendment would result in discovery or delay trial, the amendment changes nothing about the underlying legal theory of Texas NAACP's racial gerrymandering challenge to HD 57, and the "inadvertence" here, unlike in *S&W Enterprises*, is truly a clerical error, not an "inadvertence" of failing to understand dispositive case law.

HD 57 as an unconstitutional racial gerrymander, a claim that Texas NAACP substantively alleges. *See, e.g.*, FAC ¶¶ 314, 317, 372.

Third, allowing the amendment will not result in any prejudice to Defendants. As explained above, at most, Defendants might seek minimal discovery or extremely narrow briefing, but this is unlikely. In any event, a continuance allowing Defendants seek narrow discovery or briefing would cure any de-minimis prejudice to Defendants. Each of the factors that courts examine to determine if good cause exists weigh in Texas NAACP's favor. *See, e.g.*, *Neopost USA, Inc.*, 292 F.R.D. at 375–76 (finding good cause for modification of a scheduling order when, among other reasons, a request for leave to amend would not result in additional discovery or duplicative, time-consuming briefing, and a continuance would cure any prejudice).

## CONCLUSION

For the foregoing reasons, this Court should grant Texas NAACP's motion for leave to file a second amended complaint.

Dated: July, 25 2022

Respectfully submitted,

*/s Lindsey B. Cohan*
Lindsey B. Cohan
Texas Bar No. 24083903
DECHERT LLP
515 Congress Avenue, Suite 1400
Austin, TX 78701
(512) 394-3000
lindsey.cohan@dechert.com

Jon Greenbaum*
Ezra D. Rosenberg*
Pooja Chaudhuri*
Sofia Fernandez Gold*
Alexander S. Davis*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org
sfgold@lawyerscommittee.org
adavis@lawyerscommittee.org

Neil Steiner*
Nicholas Gersh*
Margaret Mortimer*
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
neil.steiner@dechert.com
nicholas.gersh@dechert.com
margaret.mortimer@dechert.com

Robert Notzon
Texas Bar No. 00797934
THE LAW OFFICE OF ROBERT
NOTZON
1502 West Avenue
Austin, Texas 78701
(512) 474-7563
robert@notzonlaw.com

Gary Bledsoe
Texas Bar No. 02476500
THE BLEDSOE LAW FIRM PLLC
6633 Highway 290 East #208
Austin, Texas 78723-1157
(512) 322-9992
gbledsoe@thebledsoelawfirm.com

*Attorney only as to Texas NAACP's claims related to Texas state senate and state house plans*

Anthony P. Ashton*
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-577
aashton@naacpnet.org

Janette M. Louard
Anna Kathryn Barnes
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-577
jlouard@naacpnet.org
abarnes@naacpnet.org

*Attorneys appearing of counsel*

*Admitted pro hac vice*

*ATTORNEYS FOR THE TEXAS STATE CONFERENCE OF NAACP*

## CERTIFICATE OF CONFERENCE

On July 18, 2022, counsel for Texas NAACP conferred with counsel for Defendants concerning the relief sought in this Motion. On July 20, 2022, counsel for Defendants advised that they opposed Texas NAACP's motion for leave to amend in order to identify a member that lives in HD 57.

*/s/ Lindsey B. Cohan*
Lindsey B. Cohan
*Counsel for Plaintiff Texas NAACP*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing and all attachments were served on counsel of record via the Court's ECF system on July 25, 2022.

*/s/ Lindsey B. Cohan*
Lindsey B. Cohan
*Counsel for Plaintiff Texas NAACP*