IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.* § § § *Plaintiffs,* § V. § § GREG ABBOTT, *et al.*, § § *Defendants.* § § | | Case No. 3:21-cv-00259 [Lead Case] |
| TEXAS STATE CONFERENCE OF THE NAACP, § § § § *Plaintiff,* § V. § § GREG ABBOTT, *et al.*, § § *Defendants.* § | | Case No. 1:21-cv-01006 [Consolidated Case] |

**PLAINTIFF TEXAS NAACP'S REPLY MEMOANDUM IN SUPPORT OF MALC'S MOTION FOR LEAVE FOR LIMITED DISCOVERY OUT OF TIME**

Texas NAACP files this reply memorandum in response to Defendants' opposition to MALC Plaintiffs' Motion for Leave for Limited Discovery Out of Time (ECF No. 433). This discovery motion was filed on July 15, by MALC, on behalf of all Plaintiff groups including Texas NAACP.

Texas NAACP took the lead in negotiating dates with OAG and outside counsel regarding the depositions of Congressman Kevin Brady and Senator Brian Birdwell. In their opposition to the motion, Defendants make certain assertions related to Texas NAACP's negotiations that are

1

simply not correct. For those reasons, Texas NAACP seeks to correct the record as to those negotiations.

In addition, Texas NAACP believes that it is entitled to take these out-of-time depositions because negotiations around these began before the fact discovery deadline on July 15. And both the Office of the Attorney General ("OAG") (counsel for Senator Birdwell) and Mr. Chris Gober (counsel for Congressman Brady) had agreed to work with Texas NAACP *prior to* the fact discovery deadline to set dates for both deponents. Now, Defendants have changed their position and oppose both depositions taking place. The Court should reject Defendants' position and allow Texas NAACP to take these depositions.

### **Congressman Kevin Brady**

Defendants assert that Texas NAACP sought the deposition of Congressman Brady too close to the close of fact discovery, Defs.' Opp. at 7, (ECF No. 466), something that neither Defendants nor counsel for Congressman Brady mentioned during the weeks of negotiations around scheduling Congressman Brady's deposition prior to Defendants filing their opposition brief. These are mischaracterizations.

On July 8, 2022, in response to an email from Texas NAACP's counsel asking whether OAG represented Congressman Brady, OAG informed that they did not and that Chris Gober represented Congressman Brady. Email from P. Sweeten to P. Chaudhuri, et al. (July 8, 2022) (Ex. 1[1]). That same day, counsel for Texas NAACP emailed Mr. Gober to request dates on which he was available for deposition. *See* Email from P. Chaudhuri to C. Gober (July 8, 2022) (Ex. 2). Mr.

---

[1] The attached exhibits are relevant emails to and from counsel in the case. All exhibits have been redacted to omit personal identifying information, such as personal cell phone numbers of counsel or others, and non-relevant discussions.

2

Gober did not reply. On July 12, 2022, counsel for Texas NAACP again contacted Mr. Gober to request dates on which he was available for deposition. *See* Email from S. Fernandez Gold to C. Gober (July 12, 2022) (Ex. 3). That email memorialized a verbal conversation between counsel for Texas NAACP and Mr. Gober, in which the latter suggested that Congressman Brady was available to sit for a deposition in August, after the July 15 close of fact discovery. *Id.* Mr. Gober did not reply to this email. Counsel for Texas NAACP sent another email to Mr. Gober on July 14 seeking agreement to depose Congressman Brady before the end of fact discovery. Email from S. Fernandez Gold to C. Gober (July 14, 2022) (Ex. 4). On July 15, Mr. Gober replied to counsel for Texas NAACP and suggested "Thursday, August 4 or Friday, August 5 in Houston . . . [t]hose are the earliest dates." Email from C. Gober to S. Fernandez Gold (July 15, 2022) (Ex. 5).

On July 19 and July 21, counsel for Texas NAACP again wrote to Mr. Gober to confirm the August 4 deposition date in advance of issuing a subpoena. *See* Email from S. Fernandez Gold to C. Gober (July 19, 2022) (Ex. 6); Email from S. Fernandez Gold to C. Gober (July 21, 2022) (Ex.7). Mr. Gober responded that if the deposition proceeds, August 4 would be the "best day" for the deposition to occur, but that he was not "foreclosing the chance that the State of Texas may challenge this subpoena." Email from C. Gober to S. Fernandez Gold (July 21, 2022) (Ex.8). This was a surprise to Texas NAACP, because neither Mr. Gober nor attorneys from OAG who had been informed of Texas NAACP's intention to depose Congressman Brady, had previously indicated that the that OAG would oppose taking Congressman Brady's deposition out of time.

Texas NAACP learned for the first time in the State's opposition to MALC's motion that OAG now opposed Congressman Brady's deposition, stating "plaintiffs failed to seek the deposition of Congressman Brady at the appropriate time." Defs.' Opp. at 7, (ECF No. 466). Texas NAACP has not heard from Congressman Brady as to the scheduling of his deposition since the

3

State filed its opposition. Nevertheless, Texas NAACP intends to send out a subpoena notice for August 4 in Houston, dates that Mr. Gober had previously informed would work for Congressman Brady prior to the fact discovery deadline.

### Senator Brian Birdwell

Defendants assert that Texas NAACP should not be allowed to depose Sen. Birdwell because "Plaintiffs were responsible for cancellation and never sought a new date." Defs.' Opp. at 7, (ECF No. 466). They claim that Texas NAACP acted with a "lack of diligence in seeking to reschedule Senator Birdwell's deposition." *Id*. These claims are wrong, as demonstrated below.

Counsel for Texas NAACP contacted OAG on June 30 requesting that Defendants reschedule Senator Birdwell's July 6 deposition due to a recent personal conflict and asking for alternative dates. Email from P. Chaudhuri to J. DiSorbo (July 5, 2022) (Ex. 9). Mr. DiSorbo was understanding, *id.*, and later that day, Mr. DiSorbo emailed Ms. Chaudhuri that "[w]e reached out to Senator Birdwell to inquire about his availability after July 15. . . he indicated that he does not believe he is available the rest of the month." Email from J. DiSorbo to P. Chaudhuri (July 5, 2022) (Ex.10). He also noted "our willingness to make Senator Birdwell available after the deadline will depend in part on whether you intend to seek other depositions after July 15." *Id*. Further, contrary to Defendants assertion that Texas NAACP somehow was not diligent in scheduling Sen. Birdwell's deposition, Mr. DiSorbo stated "I will follow-up [about the availability of Sen. Birdwell] as soon as I know more." *Id.*

Because counsel for Texas NAACP never heard back from the OAG's office about potential deposition dates for Sen. Birdwell, counsel for Texas NAACP sent an email on July 15 asking OAG for dates, and suggesting July 27 or July 30. Email from P. Chaudhuri to P. Sweeten and J. DiSorbo (July 15, 2022) (Ex. 11). Mr. DiSorbo notified counsel for Texas NAACP that

Senator Birdwell was unavailable on July 27 and July 30, without providing alternative dates. Email from J. DiSorbo to P. Chaudhuri et al., (July 20, 2022) (Ex. 12). On July 21, counsel for Texas NAACP followed up asking for potential dates, *see* Email from P. Chaudhuri to J. DiSorbo (July 21, 2022) (Ex. 13), and the next day Patrick Sweeten from OAG emailed that "[a]fter further internal discussions, we will oppose Senator Birdwell's deposition being taken out of time," Email from P. Sweeten to P. Chaudhuri (July 22, 2022) (Ex. 14).

Thus, contrary to Defendant's assertions that Texas NAACP was dilatory and not "diligent" in seeking dates for Sen. Birdwell's deposition, it was attorneys from the OAG's office that delayed, and it was Texas NAACP who waited for OAG to provide dates. Despite leading Texas NAACP's counsel along the primrose path to re-schedule the deposition, OAG reneged and changed their position entirely. Their attempts to argue that Plaintiffs waited too long to request deposition dates are thus unavailing.

## CONCLUSION

For the foregoing reasons, this Court should grant MALC's motion for leave for limited discovery out of time.

Dated: July 28, 2022

          Respectfully submitted,

          *s/s Lindsey B. Cohan*
          Lindsey B. Cohan
          Texas Bar No. 24083903
          DECHERT LLP
          515 Congress Avenue, Suite 1400
          Austin, TX 78701
          (512) 394-3000
          lindsey.cohan@dechert.com

Jon Greenbaum*
Ezra D. Rosenberg*
Pooja Chaudhuri*
Sofia Fernandez Gold*
Alexander S. Davis*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org
sfgold@lawyerscommittee.org
adavis@lawyerscommittee.org

Neil Steiner*
Nicholas Gersh*
Margaret Mortimer*
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
neil.steiner@dechert.com
nicholas.gersh@dechert.com
margaret.mortimer@dechert.com

Robert Notzon
Texas Bar No. 00797934
THE LAW OFFICE OF ROBERT NOTZON
1502 West Avenue
Austin, Texas 78701
(512) 474-7563
robert@notzonlaw.com

Gary Bledsoe
Texas Bar No. 02476500
THE BLEDSOE LAW FIRM PLLC
6633 Highway 290 East #208
Austin, Texas 78723-1157
(512) 322-9992
gbledsoe@thebledsoelawfirm.com
*Attorney only as to Texas NAACP's claims*

*related to Texas state senate and state house plans*

Anthony P. Ashton*
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-577
aashton@naacpnet.org

Janette M. Louard
Anna Kathryn Barnes
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-577
jlouard@naacpnet.org
abarnes@naacpnet.org
*Attorneys appearing of counsel*

*Admitted pro hac vice*

*ATTORNEYS FOR THE TEXAS STATE CONFERENCE OF NAACP*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing and all attachments were served on counsel of record via the Court's ECF system on July 28, 2022.

>/s/ Lindsey B. Cohan
>Lindsey B. Cohan
>*Counsel for Plaintiff Texas NAACP*