IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs,* <br><br> EDDIE BERNICE JOHNSON, *et al.*, <br><br> *Plaintiff-Intervenors,* <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § § § § § § | Case No. 3:21-cv-00259 <br> [Lead Case] |
| TEXAS STATE CONFERENCE OF THE NAACP, <br><br> *Plaintiff,* <br><br> v. <br><br> GREG ABBOTT, *et al*, <br><br> *Defendants.* | § § § § § § § § § § § § | Case No. 1:21-cv-1006 <br> [Consolidated Case] |

**OPPOSITION TO MOTION FOR LEAVE TO AMEND**

Texas NAACP seeks leave to amend its complaint to name an additional associational member. ECF 473 ("Motion"). Without that member, NAACP lacks standing to assert its claim as to House District 57, as Defendants explained in their motion to dismiss. ECF 402 at 3–4. The sole reason for this omission, NAACP concedes, is that it "inadvertently" failed to name the member. *E.g.*, Mot. at 2. But "inadvertence is tantamount to no explanation at all." *S&W Enterprises, LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). Both deadlines to seek leave to amend—the April 14th deadline as set forth in the original scheduling order, *see* ECF 96 at 4, and the June 6th supplemental deadline as set forth in the Court's opinion on the motions to dismiss, *see* ECF 307 at 60—have passed.

1

As such, Rule 16(b)(4) requires "good cause" to modify those Court-ordered deadlines. Because inadvertence is not good cause, and because the amendment would greatly prejudice Defendants, the motion for leave to amend should be denied.

## ARGUMENT

Rule 16(b)(4) of the Federal Rules of Civil Procedure restricts requests to extend court-ordered deadlines: "A schedule may be modified only for good cause and with the judge's consent." This rule applies to the instant motion for leave to amend, despite NAACP's assertion to the contrary. Fifth Circuit precedent in this regard is clear: "We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enterprises*, 315 F.3d at 536.

As an initial matter, NAACP had ample opportunity to amend its complaint. It could have amended its claim at the original April 14th deadline, ECF 96 at 4, but did not. NAACP *did*, however, amend its complaint after the Court's opinion on the motions to dismiss. *See* ECF 307 at 60; ECF 321 (NAACP amended complaint). But it failed to name an associational member who lives in HD57. No reason prevented NAACP from naming such a member in its first amended complaint.

To the contrary, the parties agree the sole reason for the omission is NAACP's inadvertence. Rule 16(b) requires more than this: "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises*, 315 F.3d at 536 (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). And it is well-established that inadvertence does not constitute good cause. *See, e.g.*, *Moreno v. Silvertip Completion Services Operating, LLC*, No. 7:19-cv-240, 2020 WL 6867056, at *2 (W.D. Tex. Nov. 13, 2020) (denying motion for leave to amend; "In determining whether good cause exists, courts have consistently held that mere inadvertence on the part of the movant and the

absence of prejudice to the nonmovant are insufficient to establish good cause."); *Mallory v. Lease Supervisors, LLC*, No. 3:17-cv-3063, 2019 WL 3253364, at *1 (N.D. Tex. July 19, 2019) (same); *FinServ Causalty Corp. v. Settlement Funding LLC*, No. 4:10-cv-264, 2015 WL 13769465, at *2 (S.D. Tex. Jan. 26, 2015) (denying motion for leave to amend; "Inadvertence or neglect is not good cause.").

Moreover, Defendants would be greatly prejudiced by the amendment. As noted above, without the amendment, NAACP has not named an associational member who lives in HD57, and thus lacks standing to bring claims respecting that district. *See* ECF 402 at 3–4. NAACP is the only plaintiff who brings claim as to HD57, so the amendment would force Defendants to defend against an entirely independent claim. Discovery about the associational member is not the issue; defending against the claim would require the development and presentation of factual and legal defenses, including taking the depositions of any witnesses NAACP may call to testify about HD57.

Amendment should also be denied because trial is less than two months away. All plaintiffs—NAACP included—have had nearly nine months to put forward the best version of their complaints, and multiple opportunities to amend. Further amendment at this late is inappropriate, and risks delaying the identification of the issues that need to be presented at trial.

As explained above, as to motions seeking leave to amend under Rule 16(b), "mere inadvertence on the part of the movant and the absence of prejudice to the nonmovant are insufficient to establish good cause." *Moreno*, 2020 WL 6867056, at *2. NAACP falls well short of showing good cause because its only excuse is inadvertence, and the proposed amendment would greatly prejudice Defendants. As such, the motion for leave to amend should be denied.

## Conclusion

Defendants respectfully request that the Court deny NAACP's motion for leave to amend.

| | |
|---|---|
| Date: July 28, 2022 | Respectfully submitted. |

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

/s/ *Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

JACK B. DISORBO
Assistant Attorney General, Special Litigation Unit
Tex. State Bar No. 24120804

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
jack.disorbo@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on July 28, 2022, and that all counsel of record were served by CM/ECF.

/s/ *Patrick K. Sweeten*
PATRICK K. SWEETEN