# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al., *Plaintiffs*, v. GREG ABBOTT et al., *Defendants*. | Civil Action No. 3:21-cv-00259 (Lead Case) |
| FAIR MAPS TEXAS ACTION COMMITTEE, et al., *Plaintiffs*, v. GREG ABBOTT et al., *Defendants*. | Civil Action No. 3:21-cv-01038 (Consolidated case) |

### FAIR MAPS TEXAS PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO AMEND AND FILE A SECOND AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b), Plaintiffs Fair Maps Texas Action Committee, OCA-Greater Houston, Emgage, Khanay Turner, Angela Rainey, Austin Ruiz, Aya Eneli, Sofia Sheikh, Niloufar Hafizi, Lakshmi Ramakrishnan, Amatullah Contractor, Deborah Chen, Arthur Resa, Sumita Ghosh, Anand Krishnaswamy, Peter Johnson, Zahra Syed, Chandrashekar Benakatti, Dona Murphey, Chetan Reddy, Sankar Muthukrishnan, Christina Lu, Jason Zhang, Chris Leal, Ashley Washington, and Sarika Maheshwari (collectively, "Fair Maps Plaintiffs"), by and through their undersigned counsel, hereby move for leave to file a Second

Amended Complaint, a copy which is attached as **Exhibit A**.[1] Fair Maps Plaintiffs move to seek leave to amend its Complaint for two reasons: (1) to correct a labeling error in the demonstrative House Map for Bell County, and (2) to correct a demonstrative map and its corresponding demographics chart for Congressional District 22. Defendants were first notified of these errors and their corresponding corrections on June 15, 2022, when Fair Maps Plaintiffs served Dr. Loren Collingwood's supplement expert report. Defendants do not oppose Plaintiffs' Motion for Leave to Amend.[2]

## ARGUMENT

### I. The Court Should Freely Grant Leave to Amend Fair Maps Plaintiffs' Complaint Under Federal Rule of Civil Procedure 15(a)(2).

Under Federal Rule of Civil Procedure Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." As a result, Rule 15(a) "evinces a bias in favor of granting leave to amend." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000). "Stated differently, district courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Moreover, "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely

---

[1] Exhibit A, the proposed Second Amended Complaint, is a redacted version containing names of certain associational members who are referred to pseudonymously. If granted leave to amend, Fair Maps Plaintiffs will file in accordance with this Court's July 18, 2022 Order, ECF No. 439.

[2] Defendants do not oppose Fair Maps Plaintiffs' Motion to Amend in order to (1) correct the labeling error regarding the demonstrative map of Bell County for House Districts 54 and 55, and (2) correct the demonstrative map of Congressional District 22 in the Fort Bend County region and corresponding demographic charts. The parties agree that the Amended Complaint does not moot any other issues raised in the Motion to Dismiss, ECF No. 401.

2

given.'" *Foman v. Davis*, 371 US 178, 182 (1962); *see also Mayeaux*, 376 F.3d at 425 (citing *Foman*).

    Here, Defendants do not oppose Fair Maps Plaintiffs' Motion. Moreover, Fair Maps Plaintiffs do not seek leave to amend their First Amended Complaint in bad faith, nor is there any dilatory motive or repeated failures to cure deficiencies. Fair Maps Plaintiffs move to amend their First Amended Complaint for two reasons. First, in Paragraph 116 of the First Amended Complaint, ECF No. 459, Plaintiffs inadvertently mislabeled House Districts 55 and 54 in the Bell County demonstrative map and, as such, intend to correct the labeling of these districts to demonstrate House District 54 is a majority-minority district. Second, Plaintiffs intend to swap out and include the correct Congressional District 22 in the Harris-Fort Bend demonstrative Congressional map and corresponding demographics chart to correspond with what was included in Plaintiffs' Expert Dr. Loren Collingwoods' supplemental expert report served on Defendants on June 15, 2022.

    At this time, Fair Maps Plaintiffs' and Defendants' Experts have relied on the corrected data and demonstrative maps regarding House Districts 54 and 55 in Bell County and Congressional District 22. These corrections were also noted and included in Fair Maps Plaintiffs' supplemental responses to Defendants' first set of interrogatories exchanged on July 15, 2022. On July 18, 2022, Defendants served the expert report of Dr. John Alford resisting Plaintiffs' claims for relief. In Dr. John Alford's Expert report, he specifically responds to the analysis provided in the reports and supplements by Dr. Collingwood. In addition, Fair Maps Plaintiffs have notified Defendants and the Court of its intention to amend its Complaint to correct these errors in its Opposition to Defendants' Motion to Dismiss, ECF No. 476, on July 26, 2022. Therefore, correcting these inadvertent errors in the Second Amended Complaint is not in bad faith or has a

dilatory motive, nor is it futile as the amendments will minimize any confusion proceeding into trial, and ensure the record is clear.

Moreover, there will be no prejudice against Defendants because these errors and corrections have been made available to Defendants since June 15, 2022. These amendments ensure consistency within Fair Maps Plaintiffs' pleadings and submitted discovery when proceeding to trial and for the record before the Court. And these amendments are not prejudicial to Defendants because Fair Maps Plaintiffs do not seek to change any of their claims or the theory of the case. *Cf. McCarty v. City of Southside Place,* No. 4:15-cv-01214, 2016 US Dist. LEXIS 182973, at *3 (SD Tex. Mar. 22, 2016) (denying Plaintiff's second motion to amend in part because it includes new causes of action and requests for relief). Finally, Defendants have had timely opportunity to review the corrections, confer with Fair Maps Plaintiffs about these corrections, and timely refute the Section 2 VRA claims related to these demonstrative maps by their Experts. And after conferring with Plaintiffs, Defendants do not oppose Fair Maps Plaintiffs' Motion for Leave to Amend in order to correct the First Amended Complaint for the reasons stated above. F.R.C.P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's *written consent* or the court's leave.") (emphasis added).

Accordingly, freely granting Fair Maps Plaintiffs' Unopposed Motion for Leave to Amend will ensure the record for this action is clear without error and, by doing so, there is no prejudice to Defendants.

## II. To the Extent that Federal Rule of Civil Procedure 16(b) Applies, Fair Maps Plaintiffs Have Good Cause to Modify the Scheduling Order to Amend their Complaint.

Given the accelerated nature of this case, the time to amend has passed under the Court's Scheduling Order, ECF Nos. 96, 325. Generally, F.R.C.P. Rule 16(b) governs the amendment of

pleadings after the scheduling order deadline has expired. *See S&W Enters. v. Southtrust Bank of Ala.,* 315 F.3d 533, 536 (5th Cir. 2003) ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."). But in its May 23, 2022 Opinion, this Court granted Fair Maps Plaintiffs 14-days to amend its Complaint "[n]otwithstanding the Court's Scheduling Order." ECF No. 307 at 60. Fair Maps Plaintiffs therefore filed their First Amended Complaint on June 7, 2022. ECF No. 322. Fair Maps Plaintiffs now only seek to correct errors in the First Amended Complaint, which was filed in response to the Court's May 23, 2022 Opinion.

Even if Rule 16(b) applies, however, the Court may still grant this Motion for Leave to Amend because Fair Maps Plaintiffs can show good cause to modify the scheduling order. Having shown good cause under Rule 16(b), the Court may then grant Fair Maps Plaintiffs' Motion to Amend under F.R.C.P. Rule 15. *See Le-Vel Brands, LLC v. DMS Nat. Health, LLC*, 2022 U.S. Dist. LEXIS 55528, at *5-18 (E.D. Tex. Mar. 28, 2022) (citing *Olivarez v. T-Mobile USA*, 997 F.3d 595, 602 (5th Cir. 2021)) (finding good cause and granting leave to amend under Rule 16(b) and 15(a)). "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Springboards to Educ. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019) (internal citation omitted).

As to the first factor, Fair Maps Plaintiffs' have complied with this Court's scheduling order as best as possible and have taken due diligence to inform Defendants of the two inadvertent errors within Fair Maps' First Amended Complaint. According to this Court's December 17, 2021 Scheduling Order, ECF No. 96, all motions to amend or supplement pleadings were required to be

filed by April 14, 2022. This pleading deadline was never modified in the Court's June 9, 2022 Order Modifying Scheduling Order, ECF No. 325. On February 5, 2022, Defendant's filed their first Motion to Dismiss Fair Maps' Complaint, and it was not until May 23, 2022, that this Court entered an Order granting in part and denying in part Defendant's Motion to Dismiss, ECF No. 307. Fair Maps Plaintiffs filed their First Amended Complaint on June 8, 2022. ECF No. 322. As stated above, Fair Maps Plaintiffs' Expert, Dr. Loren Collingwood, included a correctly labeled demonstrative map of House Districts 54 and 55 in Bell County in his supplemental expert report that was served on Defendants one week later on June 15, 2022. This corrected demonstrative map was also included in Fair Maps Plaintiffs' supplemental responses to Defendants' first set of interrogatories exchanged on July 15, 2022. The same is true regarding the demonstrative map of Congressional District 22. Defendants then filed their Motion to Dismiss Fair Maps Plaintiffs' First Amended Complaint on July 1, 2022, in which they raised arguments regarding these errors. ECF No. 401. Fair Maps Plaintiffs received an extension until July 27, 2022 to file their Opposition to Defendants' Motion to Dismiss. ECF No. 476. Fair Maps Plaintiffs notified Defendants and the Court of its intention to amend its First Amended Complaint to correct these errors in its Opposition to Defendants' Motion to Dismiss, ECF No. 476. Therefore, Fair Maps Plaintiffs have taken timely action to inform Defendants of the need to amend its Complaint.

As to the second factor, amending the First Amended Complaint is important because the Bell County House demonstrative map unintentionally mislabeled House Districts 54 and 55. It is necessary to correct this error, so it is clear that Fair Maps Plaintiffs intend House District 54 as the majority-minority district in the demonstrative map, which then moots Defendants' argument that Fair Maps Plaintiffs' demonstrative map does not create a majority-minority district in Bell County. ECF No. 401 at 7-8. As to Congressional District 22, it is important to correct the

demonstrative map for Congressional District 22 and its corresponding demographic table as the corrected version has been relied upon by Dr. Loren Collingwood, Fair Maps Plaintiffs Expert, as well as Defendants' Experts' Dr. John Alford and Mr. Sean Trende. The corrected demonstrative map for Congressional District 22 confirms that an additional opportunity district can be created so that voters of color can elect their candidate of choice in Fort Bend County. Therefore, it moots Defendants' argument that Fair Maps Plaintiffs failed to allege a Section 2 VRA claim because the incorrect demonstrative Congressional District 22 continues to be a Trump-supporting district, *see* ECF No. 401 at 17-18; ECF No. 458 at 58. Moreover, Plaintiffs' filed its First Amended Complaint on June 6, 2022, and since then, the parties have acknowledged these errors and proceeded to exchange discovery without issue. Correcting these errors in the Second Amended Complaint will minimize any confusion proceeding into trial, and ensure the record is clear.

As to the third and fourth factors, there will be no prejudice against Defendants because these errors and corrections have been made available since June 15, 2022. On that day, Fair Maps Plaintiffs' served Dr. Loren Collingwood's supplemental expert report, which included a properly labeled Bell County House demonstrative map and corrected demonstrative map and demographic table of Congressional District 22. Moreover, the corrected demonstrative maps were also included in Fair Maps Plaintiffs' supplemental responses to Defendants' first set of interrogatories exchanged on July 15, 2022. As stated above, Defendants do not oppose this Motion. Finally, there is no need for any continuances because Defendants have had timely opportunity to review and rebut the corrections.

Therefore, Fair Maps Plaintiffs have satisfied the Rule 16(b) standard, and the Court should grant Plaintiff's Motion to Amend and File a Second Amended Complaint under Rule 15(a)(2).

## **CONCLUSION**

For the preceding reasons, the Court should grant Fair Maps Plaintiffs' Unopposed Motion for Leave to Amend and File a Second Amended Complaint.

Date: August 1, 2022               Respectfully submitted,

*/s/ Noor Taj*
Noor Taj*
PA State Bar No. 309594
Allison J. Riggs*
NC. State Bar No. 40028
Hilary Harris Klein*
NC. State Bar No. 53711
Mitchell Brown*
NC. State Bar No. 56122
Katelin Kaiser*
NC. State Bar No. 56799
SOUTHERN COALITION FOR SOCIAL JUSTICE
1415 West Highway 54, Suite 101
Durham, NC 27707
Telephone: 919-323-3380
Fax: 919-323-3942
Allison@southerncoalition.org
Noor@scsj.org
hilaryhklein@scsj.org
mitchellbrown@scsj.org
katelin@scsj.org

David A. Donatti
TX Bar No. 24097612
Ashley Harris
Texas Bar No. 24078344
Thomas Buser-Clancy
Texas Bar No. 24123238
Andre I. Segura
Texas Bar No. 24107112
ACLU FOUNDATION OF TEXAS, INC.

PO Box 8306
Houston, TX 77288
Tel. (713) 942-8146 Fax. (713) 942-8966
ddonnati@aclutx.org
aharris@aclutx.org
tbuser-clancy@aclutx.org
asegura@aclutx.org

Jerry Vattamala*
NY State Bar No. 4426458
Susana Lorenzo-Giguere*
NY State Bar No. 2428688
Patrick Stegemoeller*
NY State Bar No. 5819982
ASIAN AMERICAN LEGAL DEFENSE AND
EDUCATION FUND
99 Hudson Street, 12th Floor
New York, NY 10013
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org
pstegemoeller@aaldef.org

Yurij Rudensky*
NY State Bar No. 5798210
BRENNAN CENTER FOR JUSTICE AT NYU
SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
rudenskyy@brennan.law.nyu.edu

*Admitted pro hac vice

*ATTORNEYS FOR FAIR MAPS PLAINTIFFS*

## CERTIFICATE OF CONFERENCE

On July 28, 2022, counsel for Fair Maps Plaintiffs conferred with counsel for Defendants concerning the relief sought in this Motion. On August 1, 2022, counsel for Defendants advised they do not oppose Fair Maps Plaintiffs' motion for leave to amend.

*/s/ Noor Taj*
Noor Taj

## CERTIFICATE OF SERVICE

I certify that on August 1, 2022, the foregoing document and exhibit were served on counsel of record via the Court's CM/ECF system.

*/s/Ashley Harris*
Ashley Harris