# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § § | |
| *Plaintiffs,* | § § | |
| EDDIE BERNICE JOHNSON, *et al.*, | § § | Case No. 3:21-cv-00259 |
| *Plaintiff-Intervenors,* | § § | [Lead Case] |
| v. | § § § | |
| GREG ABBOTT, *et al.*, | § § § | |
| *Defendants.* | § § | |
| MEXICAN AMERICAN LEGISLATIVE CAUCUS, *et al.*, | § § § | |
| *Plaintiffs,* | § § § | Case No. 1:21-cv-988 |
| v. | § § | [Consolidated Case] |
| STATE OF TEXAS, *et al*, | § § § | |
| *Defendants.* | § | |

**NOTICE OF WAIVER REGARDING PLAINTIFFS' MOTION FOR LEAVE**

MALC, on behalf of all plaintiffs, moves for leave to seek dozens of depositions out of time. ECF 433. Defendants opposed that motion in part, objecting to plaintiffs' motion insofar as it seeks the deposition of Eric Wienckowski, Thomas Bryan, Dr. Randy Stevenson, David Falk, the Lieutenant Governor, Congressman Kevin Brady, and Senator Brian Birdwell ("Third Parties"). ECF 466. The United States and Texas NAACP filed reply briefs. ECF 478, 486. Defendants and the Third Parties file this notice to advise the Court that plaintiffs have failed to respond to the arguments raised with respect to the Lieutenant Governor, Dr. Stevenson, and Mr. Falk. Those issues are therefore waived.

In their Opposition brief, Defendants and Third Parties explained that taking the Lieutenant

1

Governor's deposition at this late stage would be improper because (i) plaintiffs neither served a deposition subpoena on him during the fact-discovery period nor pursued his deposition through a request to counsel; and (ii) even if plaintiffs had timely sought the Lieutenant Governor's deposition, it would still be impermissible due to the high-ranking government official doctrine. Opp. at 3–5 (citing *Texas v. Holder*, No. 1:12-cv-128, ECF 186 (D.D.C. June 14, 2012)) (three judge court) (quashing deposition of Lieutenant Governor). Defendants and Third Parties also explained that the depositions of Dr. Stevenson and Mr. Falk are unnecessary because the information plaintiffs seek can be fully addressed in Dr. John Alford's deposition. Opp. at 6–7.

The Opposition was filed on July 22nd, meaning that any reply was due on July 29th. Local Rule CV-7(e). The United States and Texas NAACP filed replies, addressing arguments raised as to some of the witnesses at issue. *See* ECF 478 (as to Eric Wienckowski and Thomas Bryan); ECF 486 (as to Senator Birdwell and Congressman Brady). But no party filed a reply addressing the issues raised with respect to the Lieutenant Governor, Dr. Stevenson, or Mr. Falk. And although the CM/ECF system was down from July 28th at 6:00 pm CT to August 1st at 8:00 am CT, as of the filing of this notice, no plaintiff has sought leave to file a late reply. *See* https://www.txwd.uscourts. gov/2022/07/13/cm-ecf-will-be-unavailable-during-netxgen-conversion.

Plaintiffs waive the issues as to the latter three depositions by failing to address them. Federal courts routinely hold that a moving party waives an issue raised by an opposing party where the former fails to address the issue in a reply brief. *See, e.g.*, *In re Xyrem (Sodium Oxybate) Antitrust Litigation*, 555 F. Supp. 3d 829, 877, 879 (N.D. Cal. 2021) ("In their opposition, Plaintiffs clarified that the product hop allegations do not constitute a 'viable stand-alone' claim. Thus, on reply, Defendants no longer sought to dismiss the product hop allegations after. Opp'n at 29 n.11 (clarifying product hop); *see* Reply (no longer mentioning product hop). Accordingly, the Court need not address the product hop allegations.") (citing *Maciel v. Cate*, 731 F.3d 928, 932 n.4 (9th Cir. 2013) as "holding that failing to address

[an argument] in [ ] reply brief" forfeits the argument" and *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) as "collecting cases holding same."); *Amerifreight Systems, LLC v. Deli Mgmt., Inc.*, No. 1:20-cv-4373, 2021 WL 3913177, at *1 (N.D. Ill. May 25, 2021) ("Deli Management failed to address this argument in its reply brief, and so waived the issue.") (citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) for the proposition that "holding that failure to reply to an argument constitutes waiver."); *Garcia v. Dawahare*, No. 2:06-cv-695, 2006 WL 2583745, at *2 (D. Nev. Sept. 6, 2006) ("By failing to file a reply brief, Defendant[s'] arguments and evidence are essentially uncontested."); *Hardy v. City Optical Inc.*, 39 F.3d 765, 771 (7th Cir. 1994) (By failing to respond to an argument made in the opposition brief, the moving party "waives, as a practical matter, any objections not obvious to the court to specific points urged" by the opposing party.).

The motion for leave should be denied as to all of the Third Parties for the reasons explained in the Opposition brief. And as to the Lieutenant Governor, Dr. Stevenson, and Mr. Falk, the motion should be denied for the additional reason that plaintiffs failed to address the issues raised by Defendants and Third Parties. Opp. at 3–5, 6–7. This filing is to give notice that those issues are waived.

| | |
|---|---|
| Date: August 2, 2022 | Respectfully submitted, |
| KEN PAXTON<br>Attorney General of Texas | PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>Tex. State Bar No. 00798537 |
| BRENT WEBSTER<br>First Assistant Attorney General | WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>Tex. State Bar No. 24088531 |
| | */s/ Jack B. DiSorbo*<br>JACK B. DISORBO<br>Assistant Attorney General, Special Litigation Unit<br>Tex. State Bar No. 24120804 |
| | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100 |

3

Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
jack.disorbo@oag.texas.gov

**COUNSEL FOR DEFENDANTS, THE LIEUTENANT GOVERNOR, SENATOR BIRDWELL, DAVID FALK, AND DR. RANDY STEVENSON**

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on August 2, 2022, and that all counsel of record were served by CM/ECF.

*/s/ Jack B. DiSorbo*
JACK B. DISORBO