UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LULAC, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of Texas, *et al.*,<br><br>*Defendants.* | Case No.: 3:21-CV-00259-DCG-JES-JVB<br>[Lead Case] |
| ROY CHARLES BROOKS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of Texas, *et al.*,<br><br>*Defendants.* | Case No.1-21-CV-00991-DCG-JES-JVB<br>[Consolidated Case] |

**BROOKS PLAINTIFFS' RESPONSE TO STATE DEFENDANTS "NOTICE OF WAIVER REGARDING PLAINTIFFS' MOTION FOR LEAVE"**

On June 21, 2022, the Brooks Plaintiffs agreed to withdraw their timely-served subpoenas duces tecum to David Falk and Randy Stevenson and to revisit whether they wished to pursue those depositions and document subpoenas after having a chance to review State Defendants' expert reports, corresponding documents, and to depose State Defendants' disclosed experts. *See* Doc. 466-4 (email exchanges memorializing agreement).[1] State Defendants agreed that those

---

[1] As the Court will recall, Dr. Alford testified on cross examination during the preliminary injunction hearing that his analysis of racially polarized voting in his expert report was largely conducted by the Office of the Attorney General (he identified Mr. Falk) and his Rice University colleague (Dr. Stevenson).

1

depositions could occur after the formal close of discovery, as would be necessary in order to await the later-scheduled expert depositions.

In their opposition to the motion for out-of-time discovery, State Defendants acknowledged this agreement with the *Brooks* Plaintiffs and acknowledged that the *Brooks* Plaintiffs have not had occasion to determine their need to seek discovery and depositions from Mr. Falk and Mr. Stevenson pursuant to their agreement because Dr. Alford's deposition has not yet occurred. Doc. 466 (labeling request "premature"). Now, because a reply brief was not filed, State Defendants appear to contend that plaintiffs have waived their right to take discovery from Mr. Stevenson and Mr. Falk *at all*—seemingly an attempt to gain the Court's imprimatur to evade the agreement *they sought* from the *Brooks* Plaintiffs in order to avoid providing documents and testimony from Mr. Falk and Mr. Stevenson while the discovery period was still open.

This makes no sense. As State Defendants' acknowledge, the *Brooks* Plaintiffs have not yet had an opportunity to determine whether they need to pursue the depositions of, and documents from, Mr. Falk and Mr. Stevenson. They were included in the motion because the parties had agreed their depositions may occur after discovery closed and to ensure the Court was aware of that possibility. The *Brooks* Plaintiffs' right to seek the depositions of, and documents from, Mr. Stevenson and Mr. Falk could not have been waived by not filing a reply brief; the State Defendants themselves filed with the Court the parties' email exchange memorializing the agreement. Doc. 466-4. State Defendants have already agreed to make them available for deposition should *Brooks* Plaintiffs need to take them, and the Court was in receipt of that agreement. The substance of that agreement was not waived by not being presented to the Court a second time in a reply brief.

The Court should not countenance the State Defendants' effort to evade the agreement they made. The *Brooks* Plaintiffs worked in good faith to accommodate the State Defendants' request that their timely subpoenas be delayed until after the close of discovery. The *Brooks* Plaintiffs were not required to file a reply brief re-affirming the agreement the State Defendants themselves acknowledged in order to preserve their rights under that agreement. The State Defendants "Notice of Waiver" is not well taken and should be rejected.

To the extent the Court believes a reply brief was necessary to make these points, the *Brooks* Plaintiffs respectfully seek leave to file such a brief and for the Court to consider this Response that reply brief.

August 2, 2022

Respectfully submitted,

*/s/ Chad W. Dunn*
Chad W. Dunn (Tex. Bar No. 24036507)
Brazil & Dunn
4407 Bee Caves Road
Building 1, Ste. 111
Austin, TX 78746
(512) 717-9822
chad@brazilanddunn.com

*/s/ Mark P. Gaber*
Mark P. Gaber*
Mark P. Gaber PLLC
P.O. Box 34481
Washington, DC 20043
(715) 482-4066
mark@markgaber.com

Jesse Gaines* (Tex. Bar. No. 07570800)
P.O. Box 50093
Fort Worth, TX 76105
817-714-9988
gainesjesse@ymail.com

Molly E. Danahy*

3

P.O. Box 26277
Baltimore, MD 21211
(208) 301-1202
danahy.molly@gmail.com

Sonni Waknin*
10300 Venice Blvd. # 204
Culver City, CA 90232
732-610-1283
sonniwaknin@gmail.com


*Admitted *pro hac vice*

*Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

    The undersigned here by certifies that a true and correct copy of the foregoing has been served on all counsel of record this 2nd day of August, 2022, via the Court's CM/ECF system.

*/s/ Mark P. Gaber*
Mark P. Gaber