UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS**, *et al.*, | § § § § | |
| *Plaintiffs*, | § § | |
| **EDDIE BERNICE JOHNSON**, *et al.*, | § § § | EP-21-CV-00259-DCG-JES-JVB [Lead Case] |
| *Plaintiff-Intervenors*, | § § | |
| v. | § § | & |
| | § § | All Consolidated Cases |
| **GREG ABBOTT**, *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § § | |
| *Defendants*. | § § | |

## ORDER

The MALC Plaintiffs, on behalf of all the consolidated Plaintiffs, ("Plaintiffs") move to amend the Scheduling Order (ECF No. 96) to allow for a number of depositions to be taken after the close of fact discovery, which was on July 15, 2022. Mot. Leave, ECF No. 433 ("Motion"). Defendants oppose the Motion as it applies to seven potential deponents: Eric Wienckowski, Thomas Bryan, Randy Stevenson, David Falk, Lieutenant Governor Dan Patrick, Congressman Kevin Brady, and Senator Brian Birdwell.[1]  Resp., ECF No. 466, at 1.

Scheduling orders "may be modified only for good cause."[2]  FED. R. CIV. P. 16(b)(4). Courts consider four factors when determining whether a party has shown good cause:

---

[1] Defendants do not oppose depositions for a number of other individuals identified by Plaintiffs. Resp. at 1; *see also* Mot. at 2–4 (listing deponents).  Those depositions shall take place per the parties' agreements.

[2] The Court's "extraordinary circumstances" requirement, Scheduling Order, ECF No. 96 at 4, does not apply because Plaintiffs sought leave to extend the discovery period before the close of discovery.

  (1) the explanation for failure to timely comply with the scheduling order;

  (2) the importance of the modification;

  (3) potential prejudice in allowing the modification; and

  (4) the availability of a continuance to cure such prejudice.

*Springboards to Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1552.1 (2d ed. 1990)).

  This case requires voluminous discovery in a short amount of time. Both parties recognize this. Mot. at 1; Resp. at 1–2. And both parties admit that circumstances have made it difficult to complete fact discovery before July 15, 2022. Mot. at 4 (noting issues with "summer scheduling" and "sheer number of significant witnesses"); Resp. at 1 (noting issues with "witness []availability" and "extenuating circumstances"). Despite this undeniably difficult schedule, the parties appear to have been acting diligently to pursue depositions. *See generally* Mot.; Resp.; U.S. Reply, ECF No. 478; Texas NAACP Reply, ECF No. 486. When a party has acted diligently, a busy schedule can support a finding of good cause. *See Garza v. Webb County, Tex.*, 296 F.R.D. 511, 513 (S.D. Tex. 2014) (allowing deposition after deadline because "counsel was busy in a trial" and other "counsel was out of the country").

  For the reasons that follow, the Court concludes that Plaintiffs have shown good cause to modify the Scheduling Order and allow for depositions of Eric Wienckowski, Thomas Bryan, Congressman Kevin Brady, and Senator Brian Birdwell. The parties shall follow their

agreement as to Randy Stevenson and David Falk.  Plaintiffs have not shown good cause to allow a deposition of Lieutenant Governor Patrick after the close of fact discovery.

## I. THOMAS BRYAN AND ERIC WIENCKOWSKI[3]

Plaintiffs acted diligently in pursuing depositions of Thomas Bryan and Eric Wienckowski.  On July 6, 2022, before the close of fact discovery, the United States contacted counsel for Bryan and Wienckowski to ask about their availability for depositions.[4]  U.S. Reply Ex. 1; Bryan & Wienckowski Resp., ECF No. 434, at 3.  Counsel for Bryan and Wienckowski said that they would be unavailable for depositions until August 2022, two weeks after the close of fact discovery.  *See* Mot. at 2; U.S. Reply at 1; *Id.* Ex. 2 ("Assuming you're able to get the court to extend the deadline for fact discovery and the court allows discovery from these witnesses, I'll be glad to work with you on dates for their depositions.").  Considering these emails and the pending motions to compel, it's not surprising that Plaintiffs have not subpoenaed Bryan and Wienckowski.  Depending on the Court's decision on the motions to compel, the parties may agree that depositions would be fruitless.  *See* U.S. Reply at 2.  Or the parties may agree that the depositions should go forward.  *See id.* Ex. 2.  Based on these circumstances, the Court GRANTS the Motion as to Thomas Bryan and Eric Wienckowski.

## II. RANDY STEVENSON AND DAVID FALK

Parties have been discussing the possible depositions of Randy Stevenson and David Falk since at least June 21, 2022.  Resp. Ex. D.  According to Defendants, Plaintiffs' Motion is premature because the parties have an agreement to potentially make Stevenson and Falk

---

[3] The Court is aware of the pending motions to compel Eric Wienckowski's (ECF No. 384) and Thomas Bryan's (ECF No. 407) compliance with Federal Rule of Evidence 45 subpoenas.

[4] Defendants' claim that "Plaintiffs failed to seek their depositions before the close of discovery" appears to be, at best, misstated.  Resp. at 7.

available for depositions after the close of expert discovery.[5]  Resp. at 6–7; *Id.* Ex. D at 1 ("We will also agree to make Mr. Falk and Mr. Stevenson available for a deposition if needed, including after the close of expert discovery in the event that is necessary.").  No Plaintiff has disputed the existence or veracity of that agreement.  *See generally* Mot.; U.S. Reply; Texas NAACP Reply.  While the Court notes that Plaintiffs have been diligent in seeking depositions of Stevenson and Falk, considering the parties' agreement, the Court concludes that the Motion is premature as to Stevenson and Falk.  The Court DENIES the Motion, without prejudice, as to Randy Stevenson and David Falk.  The parties shall follow their agreement.

## III. LIEUTENANT GOVERNOR DAN PATRICK

Defendants point out that, on June 9, 2022, Plaintiffs, through the United States, sought potential deposition dates for Lieutenant Governor Patrick.  Resp. Ex. A at 3–4.  Defendants immediately noted their opposition.  *Id.* Ex. A.  On the record before the Court, it does not appear that Plaintiffs continued to seek a deposition of Lieutenant Governor Patrick.  *See, e.g.*, Resp. at 3–4 (noting Plaintiffs did not respond to emails regarding a potential deposition); Notice of Waiver.  And, as Defendants say, no Plaintiff makes an argument in support of allowing a deposition of Lieutenant Governor Patrick to occur after the close of fact discovery.  *See generally* Mot.; U.S. Reply; Texas NAACP Reply; Notice of Waiver.  The Court concludes that Plaintiffs have not shown good cause to amend the Scheduling Order to allow for a deposition of Lieutenant Governor Patrick.  The Court thus DENIES the Motion as to Lieutenant Governor Patrick.

---

[5] Expert discovery closed on August 3, 2022.  Order, ECF No. 325 at 1.

Defendants also assert that Plaintiffs have waived arguments as to Stevenson and Falk because they did not file a reply brief.  Notice of Waiver, ECF No. 499.

## IV. CONGRESSMAN KEVIN BRADY

Plaintiffs acted diligently in pursuing a deposition of Congressman Kevin Brady.[6] On July 8, 2022, before the end of fact discovery, the Texas NAACP sent a letter to Chris Gober (Congressman Brady's counsel) asking about Congressman Brady's availability for a deposition. Texas NAACP Reply at 2; *Id.* Ex. 2. Gober was initially not responsive. *Id.* at 3; *Id.* Exs. 2–4. When he finally responded on July 15, he suggested August 4 or 5 for potential deposition dates. *Id.* Ex. 5. The dates Gober offered suggest an agreement to allow Congressman Brady's deposition to occur after the close of fact discovery. In fact, the Texas NAACP didn't learn of the State Defendants' or Congressman Brady's opposition until Gober emailed the Texas NAACP on July 21, five days after the MALC Plaintiffs filed the present Motion. *Id.* at 3, Ex. 8. Based on these circumstances, the Court GRANTS the Motion as to Congressman Kevin Brady.

## V. SENATOR BRIAN BIRDWELL

Plaintiffs acted diligently in pursuing a deposition of Senator Birdwell. The parties originally scheduled a deposition of Senator Birdwell for July 6, 2022. Texas NAACP Reply at 4; *Id.* Ex. 9. Due to a conflict with one of Plaintiffs' attorneys, Plaintiffs sought to reschedule. *Id.* Ex. 9. Defendants claim that Plaintiffs were not diligent in pursuing a new deposition date. Resp. at 5–6. But Defendants had indicated, on July 5, that they were coordinating with Senator Birdwell. Texas NAACP Reply Ex. 10. Having not heard from Defendants, Plaintiffs reached out on July 15 and suggested potential deposition dates.[7] *Id.* Ex. 11. Five days later, Defendants

---

[6] Defendants contend that deposing Congressman Brady would be duplicative because Plaintiffs already deposed his redistricting counsel, Chris Gober. Resp. at 7. The Court concludes otherwise. Defendants fail to advance any real argument as to *why* depositions of two different individuals—one being a congressman, and the other not—would be duplicative. *See id.*

[7] Defendants maintain that "Plaintiffs . . . never sought a new date." Resp. at 6. That appears to be false. Texas NAACP Reply Ex. 9 ("Perhaps [Senator Birdwell] might be available the same week state [is] offering Sen. Huffman?"), Ex. 11 ("Might either July 27 or July 30 work.").

replied, saying Senator Birdwell was unavailable on those days. *Id.* Ex. 12. Defendants did not provide alternative dates and did not express an opposition to Senator Birdwell's deposition after the close of fact discovery. *Id.* The next day, on July 21, Defendants notified Plaintiffs of their opposition to taking Senator Birdwell's deposition. *Id.* Ex. 14. Based on these circumstances, the Court **GRANTS** the Motion as to Senator Birdwell.

## VI.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part the Plaintiffs' "Amended Motion for Leave for Limited Discovery Out of Time" (ECF No. 433).

The Court **DENIES** as **MOOT** the Plaintiffs' original "Motion for Leave for Limited Discovery Out of Time" (ECF No. 432).

**So ORDERED and SIGNED this 4th day of August 2022.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

*And on behalf of:*

| | | |
|---|---|---|
| **Jerry E. Smith** | | **Jeffrey V. Brown** |
| **United States Circuit Judge** | *-and-* | **United States District Judge** |
| **U.S. Court of Appeals, Fifth Circuit** | | **Southern District of Texas** |