IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.* | § § § § § § § § § § | |
| *Plaintiffs,* | | Case No. 3:21-cv-00259 [Lead Case] |
| V. | | |
| GREG ABBOTT, *et al.*, | | |
| *Defendants.* | | |
| TEXAS STATE CONFERENCE OF THE NAACP, | § § § § § § § § § § § § | |
| *Plaintiff,* | | Case No. 1:21-cv-01006 [Consolidated Case] |
| V. | | |
| GREG ABBOTT, *et al.*, | | |
| *Defendants.* | | |

### REPLY IN SUPPORT OF PLAINTIFF TEXAS NAACP'S OPPOSED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

In its Motion for Leave to File a Second Amended Complaint, (the "Motion" or "Mot."), (ECF No. 473), Texas NAACP sought leave under Rule 15 of the Federal Rules of Civil Procedures to narrowly amend its First Amended Complaint ("FAC"), (ECF No. 461)—which it filed in response to this Court's May 23, 2022 Memorandum Opinion ("Mem. Op."), (ECF No. 307)—to correct a scrivener's error: Texas NAACP inadvertently dropped a paragraph from its amended complaint that identified a Texas NAACP member who lives in the newly enacted HD 57. *See* Mot. at 1–2. As explained in the Motion, Rule 15—*not* rule 16—governs this motion, because Texas NAACP is not seeking to modify a scheduling order—Texas NAACP merely wishes to amend the FAC it filed in response to the Court's Memorandum Opinion. *Id*. at 4. In

1

their opposition, Defendants do not contest that Texas NAACP has leave to amend under Rule 15 (nor could they). Instead, Defendants' sole argument is that Rule 16—not Rule 15—applies, and that Texas NAACP lacks "good cause" to amend under Rule 16. Defendants' arguments fail.

## ARGUMENT

### I.  If Rule 16(b) Applies, Good Cause Exists for Modifying the Scheduling Order.

The Motion explains in detail why "good cause" exists for modifying the scheduling order if Rule 16(b) governs (it does not). Mot. at 4–6. Defendants' primary argument—based upon three inapposite district court decisions—is that an inadvertent mistake of counsel is always insufficient to establish "good cause" under Rule 16(b). *See* Opp. to Mot. for Leave to Am. ("Opp.") at 2–3, (ECF No. 488) (citing *Moreno v. Silvertip Completion Servs. Operating, LLC*, 2020 WL 6867056, at *2 (W.D. Tex. Nov. 13, 2020); *Mallory v. Lease Supervisors*, LLC, 2019 WL 3253364, at *1 (N.D. Tex. July 19, 2019); and *FinServ Casualty Corp. v. Settlement Funding LLC*, 2015 WL 13769465, at *2 (S.D. Tex. Jan. 26, 2015)). But the cases Defendants rely on are easily distinguishable—in each of the cases, unlike here, the moving parties inadvertently failed to analyze critical facts or law that were material to their claims and/or did not demonstrate any diligence in meeting filing deadlines. *See Moreno,* 2020 WL 6867056, at *2 ("Defendant offers no explanation for its *delayed analysis* into the underlying facts of its defenses. . . it is unclear why Defendant waited until approximately 3 months after the expiration of the deadline to explore the underlying facts of the case to identify potential defenses.") (emphasis added); *Mallory*, 2019 WL 3253364 at *4 (denying leave to amend where plaintiffs did not address Rule 16(b), and because, among other things, "[the plaintiffs] have failed to show that, *exercising reasonable diligence*, they could not have reasonably determined who their employers were and sought leave to amend to add them as [defendants] by the February 19, 2019 deadline") (emphasis added); *FinServ Casualty*

2

*Corp.*, 2015 WL 13769465, at *1–2 (denying leave to amend in a case that had been pending for 2 years, where counter-defendants did not file a timely answer to a counterclaim and subsequently sought leave to amend the untimely answer, and where "[c]ounter-defendants failed to address the Rule 16(b) standard" in their motion). Here, by contrast, this is simply a matter of Texas NAACP identifying in the Complaint (under seal) a member to support its standing to assert a claim that Defendants have already been defending on the merits. It in no way changes the analysis of the claims from either a plaintiff or defendant perspective. Texas NAACP worked diligently to quickly obtain the names (and permission to use those names) of 50 members who reside in challenged districts—a difficult task—and then inadvertently omitted a paragraph naming one of those 50 members. *See* Mot. at 1–2, 4–5. This is a case of diligence harmed by a scrivener's error that puts Defendants in no worse position than they would have been had the innocent error not occurred, not a case of neglect in raising substantive issues, combined with delay.

Defendants also argue that they will somehow be prejudiced because they will have to defend the racial gerrymandering claim at trial—seeming to concede that this amendment will not require additional briefing or discovery. Op. at 3. But the Defendants have been on notice of the substance of these claims since the filing of the original complaint and the FAC. *See* Mot. at 6. And Defendants' assertion that "defending against the claim would require the development and presentation of factual and legal defenses, including taking the depositions of any witnesses NAACP may call to testify about HD57," Op. at 3, is irrelevant: Defendants would have to develop those factual and legal arguments if the scrivener's error had not occurred. This is not an instance of the interjection of a new claim into the case by way of amendment. Rather, it is simply correcting an accidental omission which will allow Texas NAACP to proceed with a claim that Defendants were already defending on the merits to begin with.

Finally, Defendants argue that Texas NAACP's motion should be denied because Texas NAACP "had nearly nine months to put forward the best version of their complaint[]." *Id.* This is just wrong. Texas NAACP did not have "nine months" to amend its complaint to identify members to establish associational standing—Texas NAACP was only required to do so after the Court issued its May 23 Memorandum Opinion. Texas NAACP immediately did so, identifying dozens of its members who live in the affected district in just two weeks, but accidentally failed to include one it had identified, and did not realize this omission until Defendants' second motion to dismiss was filed. Defendants are in no worse position now than if the scrivener's error had not occurred, but Texas NAACP would be seriously prejudiced if the amendment were not allowed.

## CONCLUSION

For the reasons stated herein and in the Motion, this Court should grant Texas NAACP's Motion for Leave to File a Second Amended Complaint.

Dated:  August 4, 2022

                                                  Respectfully submitted,

                                                  */s Lindsey B. Cohan*
                                                  Lindsey B. Cohan
                                                  Texas Bar No. 24083903
                                                  DECHERT LLP
                                                  515 Congress Avenue, Suite 1400
                                                  Austin, TX 78701
                                                  (512) 394-3000
                                                  *lindsey.cohan@dechert.com*

Jon Greenbaum*
Ezra D. Rosenberg*
Pooja Chaudhuri*
Sofia Fernandez Gold*
Alexander S. Davis*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org
sfgold@lawyerscommittee.org
adavis@lawyerscommittee.org

Neil Steiner*
Nicholas Gersh*
Margaret Mortimer*
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
neil.steiner@dechert.com
nicholas.gersh@dechert.com
margaret.mortimer@dechert.com

Robert Notzon
Texas Bar No. 00797934
THE LAW OFFICE OF ROBERT
NOTZON
1502 West Avenue
Austin, Texas 78701
(512) 474-7563
robert@notzonlaw.com

Gary Bledsoe
Texas Bar No. 02476500
THE BLEDSOE LAW FIRM PLLC
6633 Highway 290 East #208
Austin, Texas 78723-1157
(512) 322-9992
gbledsoe@thebledsoelawfirm.com
*Attorney only as to Texas NAACP's claims*

5

*related to Texas state senate and state house plans*

Anthony P. Ashton*
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-577
aashton@naacpnet.org

Janette M. Louard
Anna Kathryn Barnes
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-577
jlouard@naacpnet.org
abarnes@naacpnet.org
*Attorneys appearing of counsel*

*Admitted pro hac vice*

*ATTORNEYS FOR THE TEXAS STATE CONFERENCE OF NAACP*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing and all attachments were served on counsel of record via the Court's ECF system on August 4, 2022.

>*/s/ Lindsey B. Cohan*
>Lindsey B. Cohan
>*Counsel for Plaintiff Texas NAACP*