# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § | |
| *Plaintiffs,* | § § | |
| EDDIE BERNICE JOHNSON, *et al.*, | § § | Case No. 3:21-cv-00259 |
| *Plaintiff-Intervenors,* | § § | [Lead Case] |
| v. | § § | |
| GREG ABBOTT, *et al.*, | § § | |
| *Defendants.* | § | |
| ROSALINDA RAMOS ABUABARA, *et al.* | § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Case No. 1:21-cv-00965 |
| | § | [Consolidated Case] |
| JOHN SCOTT, *et al.*, | § § | |
| *Defendants.* | § | |

## REPLY IN SUPPORT OF MOTION TO DISMISS

TABLE OF CONTENTS

Introduction ................................................................................................................................1

Argument ....................................................................................................................................1

I.    Plaintiffs Have Not Plausibly Alleged Cultural Compactness .............................................1

II.   Plaintiffs Fail to Satisfy *Gingles* as to Proposed CD10 ......................................................3

Conclusion .................................................................................................................................4

Certificate of Service..................................................................................................................5

## INTRODUCTION

The Abuabara Plaintiffs' Section 2 claims do not satisfy the pleading standards this Court has previously explained. In ruling on previous motions to dismiss, the Court has recognized the need for allegations of cultural compactness, but the Abuabara Plaintiffs have none. Similarly, the Court has already explained that plaintiffs must plausibly allege that a large majority of minority voters in a proposed district would support the same candidates, but the Abuabara Plaintiffs concede they omitted such allegations regarding Proposed CD10 from their Second Amended Complaint. Defendants respectfully request that the Court grant their motion to dismiss.

## ARGUMENT

### I.   Plaintiffs Have Not Plausibly Alleged Cultural Compactness

Defendants moved to dismiss the Abuabara Plaintiffs' *Gingles* claims because the Second Amended Complaint does not plausibly allege that the relevant minority populations are culturally compact. *See* ECF 399 at 2–7. Effectively conceding that their complaint does not directly plead cultural compactness, the Abuabara Plaintiffs argue they do not need to allege cultural compactness for multiple reasons. Each of their arguments is mistaken.

First, the Abuabara Plaintiffs argue that *LULAC* is factually and procedurally distinguishable from this case, *see* ECF 471 at 3–5, but that is irrelevant. Defendants did not ask this Court to rule as a matter of law that the Abuabara Plaintiffs' proposed districts are insufficiently compact as a matter of law based on a comparison to *LULAC*. Defendants cited *LULAC* for the proposition that cultural compactness is a requirement that the Abuabara Plaintiffs must address. *See, e.g.*, ECF 399 at 1. Because their complaint fails to address cultural compactness at all, there is no need (or way) to determine whether minority communities in this case would be more or less culturally compact than the communities at issue in *LULAC*.

Second, the Abuabara Plaintiffs urge the Court to base its ruling on well-pled factual allegations rather than Defendants' factual contentions, *see* ECF 471 at 5–6, but that does not help them because their complaint does not have factual allegations regarding cultural compactness. The Abuabara Plaintiffs highlight their allegations about political cohesion, *see* ECF 471 at 6, but that is not the same thing as cultural compactness. Allegations about "voting strength" and election outcomes do not establish cultural compactness. *LULAC*, 548 U.S. at 434.

The Abuabara Plaintiffs also point to allegations purporting to explain these "voting patterns" allegedly found at the state level. ECF 471 at 6. But cultural compactness should be addressed district by district, not statewide. As part of the first *Gingles* precondition, cultural compactness applies to "the population in the proposed district." ECF 307 at 31. Similarly, the Abuabara Plaintiffs point to alleged differences between white voters and minority voters that drive minority political cohesion. *See* ECF 471 at 6. But again, political cohesion is not cultural compactness, and cultural compactness is analyzed district by district.

Finally, the Abuabara Plaintiffs suggest that "Defendants waived [their cultural-compactness argument] by not raising it earlier" in "earlier-filed motions to dismiss," ECF 471 at 1, but that contradicts Rule 12. Defendants have raised cultural compactness as a reason that the Abuabara Plaintiffs failed to state a claim and that their complaint should be dismissed under Rule 12(b)(6). Failure-to-state-a-claim arguments are not waived simply because a defendant does not initially raise them in a motion to dismiss. *See* Fed. R. Civ. P. 12(h)(2). "Rule 12(h)(2) explicitly excepts from the consolidation requirement motions based on the defense of failure to state a claim upon which relief can be granted." *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007). The Abuabara Plaintiffs concede that Defendants can raise this failure-to-state-a-claim argument in various ways under Rule 12(h)(2) but suggest that a new motion to dismiss is improper under Rule 12(g)(2). *See* ECF 471 at 7. That contradicts Fifth Circuit precedent connecting the scope of Rule 12(g)(2) to the scope of

Rule 12(h)(2). "Rule 12(g) did not require consolidation here because Rule 12(h)(2) explicitly excepts from the consolidation requirement motions based on the defense of failure to state a claim upon which relief can be granted." *Belo*, 512 F.3d at 141. *Belo* stands for the proposition that "Rule 12(h)(2) allows the filing of a second motion" to dismiss for failure to state a claim. *Doe v. Columbia-Brazoria Indep. Sch. Dist. ex rel. Bd. of Trustees*, 855 F.3d 681, 686 (5th Cir. 2017).

The Abuabara Plaintiffs' effort to distinguish *Doe* is unavailing because *Doe*'s alternative holding regarding the lack of prejudice from any violation of Rule 12 does not make its first holding regarding the lack of a violation any less binding. *See* ECF 467 at 6. "This circuit follows the rule that alternative holdings are binding precedent and not obiter dictum." *Texas v. United States*, 809 F.3d 134, 178 n.158 (5th Cir. 2015) (Smith, J.) (quoting *United States v. Potts*, 644 F.3d 233, 237 n.3 (5th Cir. 2011)). In any event, the Abuabara Plaintiffs do not face any prejudice from the Court considering this motion to dismiss because, as even they concede, the Court would eventually have to consider the same argument at a later stage. *See Doe*, 855 F.3d at 686 (affirming consideration of a second motion to dismiss because the defendant "could have presented that same argument in a Rule 12(c) motion for judgment on the pleadings, which Rule 12(h) does not prohibit").

## II.   Plaintiffs Fail to Satisfy *Gingles* as to Proposed CD10

The Abuabara Plaintiffs' allegations regarding Proposed CD10 do not suffice. *See* ECF 399 at 7–8. The Abuabara Plaintiffs concede that they omitted "specific descriptions of Latino cohesion in illustrative CD10." ECF 471 at 10.

To be sure, the Abuabara Plaintiffs also highlight their assertion that "Latino voters in Proposed CD10 are politically cohesive and may elect their candidates of choice," ECF 471 at 9 (quoting ECF 356 ¶ 114), but claiming a group of voters is "cohesive" "is a '[t]hreadbare recital[] of [an] element[ ] of a cause of action'" that "isn't worth anything." ECF 307 at 38 (quoting *Iqbal*, 556 U.S. at 678). They also point to allegations regarding cohesion among "Latino voters *across Texas*," ECF 471

3

at 9, but this Court has already ruled that cohesion is analyzed "*in the proposed district*." ECF 307 at 41; *accord id.* at 33.

CONCLUSION

Defendants respectfully request that the Court grant their motion and dismiss the Abuabara Plaintiffs' Second Amended Complaint. Leave to amend should not be granted, especially with regard to cultural compactness, an issue on which the Abuabara Plaintiffs have not sought leave to amend in their response or by separate motion.

Date: August 8, 2022                    Respectfully submitted.

KEN PAXTON                              */s/ Patrick K. Sweeten*
Attorney General of Texas               PATRICK K. SWEETEN
                                        Deputy Attorney General for Special Litigation
BRENT WEBSTER                           Tex. State Bar No. 00798537
First Assistant Attorney General
                                        WILLIAM T. THOMPSON
                                        Deputy Chief, Special Litigation Unit
                                        Tex. State Bar No. 24088531

                                        RYAN D. WALTERS
                                        Special Counsel, Special Litigation Unit
                                        Tex. State Bar No. 24105085

                                        ARI M. HERBERT
                                        Assistant Attorney General, Special Litigation Unit
                                        Tex. State Bar No. 24126093

                                        */s/ Jack DiSorbo*
                                        JACK B. DISORBO
                                        Assistant Attorney General, Special Litigation Unit
                                        Tex. State Bar No. 24120804

                                        OFFICE OF THE ATTORNEY GENERAL
                                        P.O. Box 12548 (MC-009)
                                        Austin, Texas 78711-2548
                                        Tel.: (512) 463-2100
                                        Fax: (512) 457-4410

patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
ryan.walters@oag.texas.gov
ari.herbert@oag.texas.gov
jack.disorbo@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on August 8, 2022, and that all counsel of record were served by CM/ECF.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN

*/s/ Jack DiSorbo*
JACK B. DISORBO