# EXHIBIT 1

# Freeman, Daniel (CRT)

| | |
|---|---|
| **From:** | Freeman, Daniel (CRT) |
| **Sent:** | Thursday, July 7, 2022 10:44 PM |
| **To:** | Ari Herbert |
| **Subject:** | RE: LULAC v. Abbott, No. 3:21-cv-259 (Redistricting) - OAG Privilege Log |

Thank you Ari.  I hope that you had a nice Fourth as well.  - Dan

---

**From:** Ari Herbert <Ari.Herbert@oag.texas.gov>
**Sent:** Thursday, July 7, 2022 6:20 PM
**To:** Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>
**Subject:** [EXTERNAL] RE: LULAC v. Abbott, No. 3:21-cv-259 (Redistricting) - OAG Privilege Log

Dan,

Thanks for reaching out. We've made significant headway, but given how busy things are for everyone, it's taken us a bit longer than we had planned. As things stand, we're aiming to get you the privilege log by the end of next week. Of course, if we're able to complete the log before then, we will send it sooner rather than later.

Hope you had a nice Fourth.

Best,
Ari

---

**From:** Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>
**Sent:** Thursday, July 7, 2022 4:31 PM
**To:** Ari Herbert <Ari.Herbert@oag.texas.gov>
**Subject:** RE: LULAC v. Abbott, No. 3:21-cv-259 (Redistricting) - OAG Privilege Log

Ari,

I am writing to check in again regarding the OAG privilege log.  On June 22, you indicated that the log would be available in 2-3 weeks.  It's now been more than two weeks (but not yet three), and so I'm wondering if a status update is available.

Thanks,

Dan

---

**From:** Ari Herbert <Ari.Herbert@oag.texas.gov>
**Sent:** Wednesday, June 22, 2022 11:01 AM
**To:** Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>; Lott, Jasmin (CRT) <Jasmin.Lott@usdoj.gov>; Anderson, Jacki (CRT) <Jacki.Anderson@usdoj.gov>; Berlin, Holly (CRT) <Holly.Berlin@usdoj.gov>; Mellett, Timothy F (CRT) <Timothy.F.Mellett@usdoj.gov>; Sitton, Jaye (CRT) <Jaye.Sitton@usdoj.gov>; Rupp, Michelle (CRT) <Michelle.Rupp@usdoj.gov>
**Cc:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Will Thompson <Will.Thompson@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; Ryan Kercher

1

<Ryan.Kercher@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Elizabeth Saunders <Elizabeth.Saunders@oag.texas.gov>
**Subject:** [EXTERNAL] RE: LULAC v. Abbott, No. 3:21-cv-259 (Redistricting) - United States' RFPs

Dan,

That sounds good. Talk to you on Friday.

Best,
Ari

---

**From:** Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>
**Sent:** Wednesday, June 22, 2022 9:59 AM
**To:** Ari Herbert <Ari.Herbert@oag.texas.gov>; Lott, Jasmin (CRT) <Jasmin.Lott@usdoj.gov>; Anderson, Jacki (CRT) <Jacki.Anderson@usdoj.gov>; Berlin, Holly (CRT) <Holly.Berlin@usdoj.gov>; Mellett, Timothy F (CRT) <Timothy.F.Mellett@usdoj.gov>; Sitton, Jaye (CRT) <Jaye.Sitton@usdoj.gov>; Rupp, Michelle (CRT) <Michelle.Rupp@usdoj.gov>
**Cc:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Will Thompson <Will.Thompson@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; Ryan Kercher <Ryan.Kercher@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Elizabeth Saunders <Elizabeth.Saunders@oag.texas.gov>
**Subject:** RE: LULAC v. Abbott, No. 3:21-cv-259 (Redistricting) - United States' RFPs

Ari,

Let's pencil in 2 pm CST on Friday. I am available Friday between 1 pm and 4:30 pm CST, so if something comes up, please let me know an alternative time that will work for you and your colleagues.

We can use my zoom room: ███████████████████████.

Thanks,

Dan

---

**From:** Ari Herbert <Ari.Herbert@oag.texas.gov>
**Sent:** Wednesday, June 22, 2022 10:43 AM
**To:** Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>; Lott, Jasmin (CRT) <Jasmin.Lott@usdoj.gov>; Anderson, Jacki (CRT) <Jacki.Anderson@usdoj.gov>; Berlin, Holly (CRT) <Holly.Berlin@usdoj.gov>; Mellett, Timothy F (CRT) <Timothy.F.Mellett@usdoj.gov>; Sitton, Jaye (CRT) <Jaye.Sitton@usdoj.gov>; Rupp, Michelle (CRT) <Michelle.Rupp@usdoj.gov>
**Cc:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Will Thompson <Will.Thompson@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; Ryan Kercher <Ryan.Kercher@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Elizabeth Saunders <Elizabeth.Saunders@oag.texas.gov>
**Subject:** [EXTERNAL] RE: LULAC v. Abbott, No. 3:21-cv-259 (Redistricting) - United States' RFPs

Dan,

How does Friday afternoon look? We're free between 1:00pm and 5:00 pm Central (2:00pm and 6:00pm Eastern). Let us know a time that works for you.

Thanks,
Ari

---

**From:** Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>
**Sent:** Tuesday, June 21, 2022 3:12 PM
**To:** Ari Herbert <Ari.Herbert@oag.texas.gov>; Lott, Jasmin (CRT) <Jasmin.Lott@usdoj.gov>; Anderson, Jacki (CRT) <Jacki.Anderson@usdoj.gov>; Berlin, Holly (CRT) <Holly.Berlin@usdoj.gov>; Mellett, Timothy F (CRT) <Timothy.F.Mellett@usdoj.gov>; Sitton, Jaye (CRT) <Jaye.Sitton@usdoj.gov>; Rupp, Michelle (CRT) <Michelle.Rupp@usdoj.gov>
**Cc:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Will Thompson <Will.Thompson@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; Ryan Kercher <Ryan.Kercher@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Elizabeth Saunders <Elizabeth.Saunders@oag.texas.gov>
**Subject:** RE: LULAC v. Abbott, No. 3:21-cv-259 (Redistricting) - United States' RFPs

Understood.  Thank you.

Dan

---

**From:** Ari Herbert <Ari.Herbert@oag.texas.gov>
**Sent:** Tuesday, June 21, 2022 4:09 PM
**To:** Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>; Lott, Jasmin (CRT) <Jasmin.Lott@usdoj.gov>; Anderson, Jacki (CRT) <Jacki.Anderson@usdoj.gov>; Berlin, Holly (CRT) <Holly.Berlin@usdoj.gov>; Mellett, Timothy F (CRT) <Timothy.F.Mellett@usdoj.gov>; Sitton, Jaye (CRT) <Jaye.Sitton@usdoj.gov>; Rupp, Michelle (CRT) <Michelle.Rupp@usdoj.gov>
**Cc:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Will Thompson <Will.Thompson@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; Ryan Kercher <Ryan.Kercher@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Elizabeth Saunders <Elizabeth.Saunders@oag.texas.gov>
**Subject:** [EXTERNAL] RE: LULAC v. Abbott, No. 3:21-cv-259 (Redistricting) - United States' RFPs

Dan,

Apologies. We actually have an internal scheduling conflict. I'll get back to you with some times later today or tomorrow morning.

Thanks,
Ari

---

**From:** Ari Herbert
**Sent:** Tuesday, June 21, 2022 3:06 PM
**To:** 'Freeman, Daniel (CRT)' <Daniel.Freeman@usdoj.gov>; Lott, Jasmin (CRT) <Jasmin.Lott@usdoj.gov>; Anderson, Jacki (CRT) <Jacki.Anderson@usdoj.gov>; Berlin, Holly (CRT) <Holly.Berlin@usdoj.gov>; Mellett, Timothy F (CRT) <Timothy.F.Mellett@usdoj.gov>; Sitton, Jaye (CRT) <Jaye.Sitton@usdoj.gov>; Rupp, Michelle (CRT) <Michelle.Rupp@usdoj.gov>
**Cc:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Will Thompson <Will.Thompson@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Ryan Walters <Ryan.Walters@oag.texas.gov>; Ryan Kercher <Ryan.Kercher@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Zachary Berg

<Zachary.Berg@oag.texas.gov>; Elizabeth Saunders <Elizabeth.Saunders@oag.texas.gov>
**Subject:** RE: LULAC v. Abbott, No. 3:21-cv-259 (Redistricting) - United States' RFPs

Dan,

We're happy to meet and confer on this. Would tomorrow at 2:00 pm Central / 3:00 pm Eastern work for you? Thanks.

Best,
Ari

---

**From:** Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>
**Sent:** Tuesday, June 21, 2022 10:17 AM
**To:** Ari Herbert <Ari.Herbert@oag.texas.gov>; Lott, Jasmin (CRT) <Jasmin.Lott@usdoj.gov>; Anderson, Jacki (CRT) <Jacki.Anderson@usdoj.gov>; Berlin, Holly (CRT) <Holly.Berlin@usdoj.gov>; Mellett, Timothy F (CRT) <Timothy.F.Mellett@usdoj.gov>; Sitton, Jaye (CRT) <Jaye.Sitton@usdoj.gov>; Rupp, Michelle (CRT) <Michelle.Rupp@usdoj.gov>
**Cc:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Will Thompson <Will.Thompson@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Ryan Fisher <Ryan.Fisher@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Elizabeth Saunders <Elizabeth.Saunders@oag.texas.gov>
**Subject:** RE: LULAC v. Abbott, No. 3:21-cv-259 (Redistricting) - United States' RFPs

Ari,

Thank you for your message and for providing the OOG privilege log. We appreciate your willingness to produce privilege logs following the Court's order regarding discovery from the State of Texas on a rolling basis.

We would like to meet and confer regarding several entries on the OOG log that raise concerns. I preview them here, so that you may consider these issues prior to any discussion.

- Document 3: This entry lacks authors, senders, or recipients, such that we cannot assess the validity of assertions of attorney-client privilege, work product protections, legislative privilege, and deliberative process privilege. I also note that work product protections apply only to "documents and tangible things that are prepared in anticipation of litigation or for trial," Fed. R. Civ. P 26(b)(3)(A), and do not protect all attorney writings. *See, e.g.*, *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985). There is no indication that this document meets that requirement.
- Document 7: This entry lacks senders or recipients. Moreover, the legislative privilege does not attach to communications outside of the Legislative Branch. *See, e.g.*, *LUPE v. Abbott*, No. 5:21-cv-844, 2022 WL 1667687, at *3-6 (W.D. Tex. May 25, 2022).
- Documents 31 and 33: Angela Colmenero is Principal Deputy General Counsel to the Governor and does not represent any members of the Senate Special Committee on Redistricting. Therefore, the attorney-client privilege and attorney work product protection are inapplicable. Again, the legislative privilege does not attach to communications with Office of the Governor. And on the other hand, these inter-branch communications cannot constitute "intra-agency advice" subject to the deliberative process privilege. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975) (internal quotation marks and citation omitted).
- Document 32: Again, this entry lacks authors, senders, and recipients. To the extent that it reflects a communication from the Census Bureau, marked by OOG attorneys, it is not clear what client confidences could be reflected in the document to substantiate a claim of attorney-client privilege. On the other hand, there is no indication that this document was prepared in anticipation of litigation or for trial. And finally, there is no indication that the document is pre-decisional, as required for application of the deliberative process privilege.

4

- Documents 35: This entry describes a communication in 2022 concerning "draft redistricting legislation." This may be in error. Moreover, communications between the Governor and the Lieutenant Governor are not subject to legislative privilege, and within Texas's divided executive, it seems unlikely that they are subject to the deliberative process privilege. Even if they could be subject to the deliberative process privilege, the basic elements of the privilege are not present on the log.

Thank you for your time and attention. I look forward to discussing these matters soon. Please let me know a date later this week when you are available to meet and confer.

Dan

---

**From:** Ari Herbert <Ari.Herbert@oag.texas.gov>
**Sent:** Monday, June 20, 2022 6:21 PM
**To:** Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>; Lott, Jasmin (CRT) <Jasmin.Lott@usdoj.gov>; Anderson, Jacki (CRT) <Jacki.Anderson@usdoj.gov>; Berlin, Holly (CRT) <Holly.Berlin@usdoj.gov>; Mellett, Timothy F (CRT) <Timothy.F.Mellett@usdoj.gov>; Sitton, Jaye (CRT) <Jaye.Sitton@usdoj.gov>; Rupp, Michelle (CRT) <Michelle.Rupp@usdoj.gov>
**Cc:** Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Will Thompson <Will.Thompson@oag.texas.gov>; Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>; Munera Al-Fuhaid <Munera.Al-Fuhaid@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Ryan Fisher <Ryan.Fisher@oag.texas.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Zachary Berg <Zachary.Berg@oag.texas.gov>; Elizabeth Saunders <Elizabeth.Saunders@oag.texas.gov>
**Subject:** [EXTERNAL] LULAC v. Abbott, No. 3:21-cv-259 (Redistricting) - United States' RFPs

Counsel,

I'm following up on last week's discussion about privilege logs for documents withheld in connection with the United States' RFPs to the SOS and State of Texas. To briefly reiterate what we explained during the call and beforehand: prior to the Court's order on the motion to compel, Defendants did not believe they were required to search for documents outside of those belonging to the Secretary of State, and thus did not do so. Yet we promptly began that search after the Court's order. Soon after, we provided documents within the custody of the Office of the Governor. We also promptly began searching other documents according to the order.

As for the time within which to provide privilege logs, the Court's ESI order is clear: "Privilege logs may be produced on a rolling basis, but no later than 30 days after each associated production." ECF 203 at 16. Defendants are of course sensitive to the United States' concern that it be able to review and object to privilege logs before the close of discovery. But we do note that the ESI order directly contemplates this possibility: "If any log is produced less than 30 days before the close of discovery, the receiving party may, notwithstanding the date of the close of discovery, review and register complaints about said log(s) no later than 30 days after the date of receipt and shall have the right to have those complaints resolved and have any non-privileged documents produced." *Id.*

Even so, we will endeavor to provide the privilege logs sooner than the 30-day deadline. In line with that goal, please see the attached privilege log for the documents requested from the Office of the Governor.

Furthermore, having completed a thorough review, Defendants identified a number of responsive documents within the custody of the Office of the Attorney General, but have determined that all of those documents are subject to withholding based on applicable privileges—largely the attorney–client or attorney-work-product privileges. To the extent responsive documents are later identified, Defendants will supplement their responses and productions. And again, we will endeavor to produce privilege logs

associated with these documents as soon as we can. We estimate that we will be able to send these privilege logs no later than two to three weeks from now.

Sincerely,

**Ari M. Herbert**
Assistant Attorney General
Special Litigation Unit
OFFICE OF THE ATTORNEY GENERAL
(512) 936-1817 (office)
(512) 715-1255 (mobile)
ari.herbert@oag.texas.gov

*This message may be confidential or privileged under Government Code sections 552.101, 552.103, 552.107, and 552.111 and should not be disclosed without the express authorization of the Attorney General.*

**Freeman, Daniel (CRT)**

| | |
|---|---|
| **From:** | Jack DiSorbo <Jack.DiSorbo@oag.texas.gov> |
| **Sent:** | Thursday, May 19, 2022 3:16 PM |
| **To:** | Anderson, Jacki (CRT) |
| **Cc:** | Freeman, Daniel (CRT); Aaron Barnes; Lott, Jasmin (CRT); Mellett, Timothy F (CRT); Berlin, Holly (CRT); Rupp, Michelle (CRT); Patrick Sweeten; Eric Hudson; Kathleen Hunker; Sitton, Jaye (CRT) |
| **Subject:** | [EXTERNAL] RE: LULAC v. Abbott (Redistricting) - United States' Proposed Search Terms |

Good afternoon Jacki,

Thank you for your message. We are aware of the Court's order on the motion to compel. We are currently in the process of identifying whether there are any responsive documents within the custody of the entities described in the Court's order, including within OAG. As you are aware, and as we explained to counsel for the United States in the course of our discussion on this topic, we did not previously search for documents as to the United States' requests except those in the custody of the Secretary of State.

I can assure you that we will conduct this search promptly, and timely begin a rolling production of these documents. With respect to privilege logs, we will follow the deadline set forth in the Court's ESI Order, *see* ECF 203 at 16.

As to your revised proposed search terms, we will be happy to consider using these for documents within the possession of the Governor, Attorney General, or other executive agencies. With respect to the Secretary of State, however, we would ask that you consult with the private plaintiffs and propose joint search terms. You may be aware that the private plaintiffs recently sent Defendants joint proposed search terms. We ran those search terms on the SOS documents, which resulted in over 150,000 hits.

Given the high volume of documents, and the fact that any information the United States is seeking from the SOS is likely to be identical to the information the private plaintiffs are seeking, or at least substantially overlapping, joint search terms would make the search and review process more efficient for all involved parties. Searching the same set of documents twice would be unreasonably burdensome. We have consistently raised this issue in communications relating to the Secretary of State's documents.

Thank you as well for your reminder with respect to our obligations in responding to the United States' request for interrogatories. We will be sure to reach out if there's need to discuss any of these topics.

Sincerely, Jack DiSorbo

---

Jack DiSorbo
Assistant Attorney General, Special Litigation Unit
Office of the Attorney General

Work: (512) 936-1067
Cell: (713) 628-7407
Jack.DiSorbo@oag.texas.gov

---

**From:** Anderson, Jacki (CRT) <Jacki.Anderson@usdoj.gov>
**Sent:** Thursday, May 19, 2022 1:13 PM
**To:** Jack DiSorbo <Jack.DiSorbo@oag.texas.gov>
**Cc:** Freeman, Daniel (CRT) <Daniel.Freeman@usdoj.gov>; Aaron Barnes <Aaron.Barnes@oag.texas.gov>; Lott, Jasmin (CRT) <Jasmin.Lott@usdoj.gov>; Mellett, Timothy F (CRT) <Timothy.F.Mellett@usdoj.gov>; Berlin, Holly (CRT) <Holly.Berlin@usdoj.gov>; Rupp, Michelle (CRT) <Michelle.Rupp@usdoj.gov>; Patrick Sweeten <Patrick.Sweeten@oag.texas.gov>; Eric Hudson <Eric.Hudson@oag.texas.gov>; Kathleen Hunker <Kathleen.Hunker@oag.texas.gov>; Sitton, Jaye (CRT) <Jaye.Sitton@usdoj.gov>
**Subject:** RE: LULAC v. Abbott (Redistricting) - United States' Proposed Search Terms

Counsel,

We wanted to follow-up regarding the Court's Order, ECF No. 279, which compels the State of Texas to produce responsive documents from the Office of the Attorney General, the Office of the Governor, and any other State agency known to possess such responsive documents. When should the United States expect the State of Texas's first rolling document production, in light of the Court's order? We expect the State of Texas to begin an immediate rolling production, with privilege logs provided within 20 days. We want to ensure that the State of Texas is conducting a prompt and reasonable search of all documents that it knows to be responsive to the United States' First Request for the Production of Documents. To assist, we have attached updated search terms.

Additionally, we would like to remind the State of Texas that based on the Court's Order, ECF No. 279, it must respond to the United States' First Set of Interrogatories using information from the Office of the Governor and the Office of the Attorney General that is available to the answering officer or agent of the State.  *See* Fed. R. Civ. P. 33(b)(1)(B).

Please let us know if you would like to discuss.

Best,
Jacki