AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| League of United Latin American Citizens, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:21-cv-00259-DCG-JES-JVB |
| Greg Abbott, et al. | ) | |
| *Defendant* | ) | (If the action is pending in another district, state where: ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Senator Brian Birdwell
Texas Capitol, 1100 Congress Ave., Room E1.804, Austin, TX  78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attachment

| Place: MALDEF<br>110 Broadway, Suite 300<br>San Antonio, TX  78205 | Date and Time:<br>05/26/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  04/26/2022

CLERK OF COURT

OR

_____          s/Nina Perales
*Signature of Clerk or Deputy Clerk*          _____
                                            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:21-cv-00259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br>        *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*, <br><br>        *Defendants*. | CIVIL ACTION NO. <br> 3:21-cv-00259-DCG-JES-JVB <br> [Consolidated Lead Case] |

## ATTACHMENT A:  SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rules 30, 34 and 45 of the Federal Rules of Civil Procedure, you are commanded to produce at the time, date and place set forth in the Subpoena the following documents, electronically stored information or objections specified in Section IV below, and permit their inspection, copying, testing or sampling of the material in accordance with the Definitions and Instructions set forth below.  Further, you are directed to supplement this production as provided by the same Rules.  Unless counsel for the parties make another agreement, documents are to be produced at 110 Broadway, Suite 300, San Antonio, Texas 78205.

Your responses, any objections and all responsive documents within your custody, possession or control must be served on the undersigned attorneys by the date listed on the subpoena.

# I. DEFINITIONS

Pursuant to Local Rule CV-26(b), the full text of the definitions and rules of construction set forth in this paragraph is deemed incorporated by reference into all discovery requests, but shall not preclude (i) the definition of other terms specific to the particular litigation, (ii) the use of abbreviations, or (iii) a more narrow definition of a term defined in this paragraph. This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure. The following definitions apply to all discovery requests:

(1)    Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(2)    Document. The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

(3)    Identify (With Respect to Persons). When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4)    Identify (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(5)    Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6)    Person. The term "person" means any natural person or business, legal or governmental entity or association, or unincorporated association.

(7)    Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

In addition to definitions set forth in Local Rule CV-26(b), the following definitions apply to all discovery requests:

(8)     Latino opportunity district.  The term "Latino opportunity district" has the same meaning as in the opinion of the court in *Abbott v. Perez*, 138 S. Ct. 2305 (2018).

(9)     Latino or Hispanic.  The terms "Hispanic" or "Latino" refers to a person of Cuban, Mexican, Puerto Rican, South or Central American, or other Spanish culture or origin regardless of race.[1]

(10)    HVAP.  The term "HVAP" means Hispanic Voting Age Population.

(11)    HCVAP.  The term "HCVAP" means Hispanic Citizen Voting Age Population.

(12)    SSVR.  The term "SSVR" means Spanish Surname Voter Registration.

(13)    SSTO.  The term "SSTO" means Spanish Surname Turnout.  This is the number of Spanish surnamed voters who cast votes in an election.  If expressed as a percent, this is the percent of all votes cast that were cast by Spanish surnamed voters.

(14)    As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any documents or information that might be deemed outside its scope by another construction.

(15)    The term "relating to" shall have its usual meaning and shall also specifically mean reflecting, related to, referring to, describing, representing, evidencing or constituting.

(16)    Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

(17)    "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or a written transcription which is a substantially verbatim recital or an oral statement made by a person which is contemporaneously recorded.

(18)    "You" and "your" shall mean Brian Birdwell, as well as any and all other persons or entities acting or purporting to act on behalf of Brian Birdwell, including but not limited to any attorney, staff, employee, consultant, contractor, advisor, or agent.

---

[1] U.S. Census, "Hispanic or Latino Origin," available at
https://www.census.gov/quickfacts/fact/note/US/RHI725219#:~:text=for%20racial%20categories.-,Definition,%E2%80%A2Puerto%20Rican

(19)   The plural of any word used herein includes the singular, and the singular includes the plural.

(20)   The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

(21)   87th Texas Legislature.   The term "87th Texas Legislature" means all sessions of the 87th Texas Legislature, including but not limited to the regular session and the special sessions.

(22)   "House Bill 1" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(23)   "Senate Bill 4" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(24)   "Senate Bill 6" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(25)   "Senate Bill 7" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(26) "Legislator" or "member of the Texas Legislature" or "member of the Legislature" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

(27) "Staff."   The term "staff" means an individual or group of individuals charged with carrying out the work of your legislative office or campaign, whether paid or volunteer.

(28) "Map drawer."   The term "map drawer" means any individual who created, composed, drew or revised the boundaries of any district for a Texas redistricting plan, including but not limited to assigning geography into and out of any district using geographic information system (GIS) software.

## II. INSTRUCTIONS

A.      Regarding documents called for by these requests as to which you claim a privilege or which you contend are not subject to production, please provide a list that describes each document and that states with respect to each such document:

1.   the type of document (*e.g.*, letter, memorandum, report, etc.);

2.   the date;

3.   the title;

4.   the number of pages;

5.   the author or addressor;

6.   the names and address or addresses of any persons who have received and/or who have obtained a copy of the document;

7.    the subject matter of the document;

8.   the factual and legal basis of the claim or privilege or ground of non-production asserted with respect to the document; and

9.   any other information which, without revealing the information which is itself privileged or protected, will enable the plaintiffs to assess the application of the privilege asserted, pursuant to Rule 45(e)(2)(A).

B.      If you contend that you are unable to produce fully and completely the documents requested herein, or any portion thereof, after exercising due diligence to locate those documents, please so state, specifying the basis for such limited production, the reasons for the inability to produce the documents requested, whether said documents have been destroyed and why, and whatever information or knowledge that you have related to the location of such documents.

C.      In the event that a responsive document has been destroyed or has passed out of your possession, custody or control, please identify the following information with respect to each such document:   its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

D.      If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any portion of these requests, then in response to each such request you shall:

        1.   Produce all documents and requested information that may be provided without undertaking what you contend to be an unreasonable burden; and

        2.   Set forth the specific steps that would be required to obtain and produce all additional responsive documents and explain why you contend that each of those additional steps would be unreasonably burdensome.

E.      Unless the context clearly requires otherwise, this request for documents includes all documents within your custody or control; those within the custody or control of each of your attorneys, agents, associates and/or employees; and those to which any of these persons has access.

F.       Documents should be produced in a form consistent with any agreement concerning production format entered in this action.

G.       If the documents are provided on an FTP site, all documents must be produced in a way that makes clear the exact location on the FTP site of materials responsive to each numbered request.

H.     All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

I.     All references in these requests to any entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

J.     Organize all documents to correspond to each request below.  For all items produced, identify the names of the person from whom such files were provided.

K.     Respond to each request separately and label or otherwise designate which documents are responsive to each request.  If a document is responsive to more than one request, identify each of the requests as to which that document is responsive.

L.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the document should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

M.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019 to the present.

N.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that

an answer is in some material respect incomplete or incorrect.  If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you are requested to state this fact in each response.

## III. WARNINGS

A.     A failure to produce the documents requested on time without adequate excuse may result in the Court holding you in contempt under Rule 45(g) of the Federal Rules of Civil Procedure.

## IV.  DOCUMENTS TO BE PRODUCED

1. All documents relating to any redistricting proposal for the Texas Senate, including but not limited to Plan S2168, Senate Bill 4, any draft or introduced amendments to Senate Bill 4, or any other Texas Senate redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

2. All documents relating to any redistricting proposal for the Texas State Board of Education ("SBOE"), including but not limited to Plan E2106, Senate Bill 7, any draft or introduced amendments to Senate Bill 7, or any other Texas SBOE redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.


3.  All documents relating to any redistricting proposal for the Texas House of Representatives ("Texas House"), including but not limited to Plan H2316, House Bill 1, any draft or introduced amendments to House Bill 1, or any other Texas House redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population

deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f. communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal..

4. All documents relating to any redistricting proposal for the Texas delegation to the United States House of Representatives, including but not limited to Plan C2193, Senate Bill 6, any draft or introduced amendments to Senate Bill 6, or any other congressional redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population

deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.


5.  All documents relating to the process by which a member of the Legislature would propose changes to or comment on redistricting plans or any amendments to redistricting plans, prior to enactment of those plans, for the United States House of Representatives, Texas House of Representatives, Texas Senate or Texas SBOE.


6.   All documents relating to the process by which the Senate Special Committee on Redistricting would hear, consider, review, evaluate, amend, propose changes to, vote on, invite testimony about, receive testimony about, or consider testimony on redistricting plans or any amendments to redistricting plans for the United States House of Representatives, Texas House, Texas Senate or Texas SBOE, including but not limited to planning, timing, hearings, outreach,

publicity, public or expert participation, deadlines, limitations, notetaking, staffing or persons or entities involved.

7. All documents relating to voting behavior in Texas elections by race, ethnicity or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, information related to racially polarized voting or other analyses.

8. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas Senate complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

9. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas SBOE complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

10. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas House complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

11. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas delegation to the United States House of

Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

12. All documents relating to standards, requirements, norms, traditional practices or instructions for redistricting in compliance with applicable laws—including but not limited to the U.S. Constitution and the Voting Rights Act—including but not limited to any communications, memoranda, legal cases, analyses, trainings or presentations.

13. All documents relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives following the 2020 decennial Census and that were exchanged between, among, with or within:  the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any SBOE member or their staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives or their staff, any candidate for the office of U.S. Representative from Texas or their staff, any candidate for the Texas House or their staff, any candidate for the Texas Senate or their staff, any candidate for the SBOE or their staff, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, the National Republican

Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas or their staff, any consultant, any member of the faculty of a college or university, any expert, any law firm or attorney, or any vendor, any other political or community group or organization.

14. All documents relating to apportionment of population that is not total population for redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE from January 1, 2020 to the present, including but not limited to memoranda, public statements, correspondence, emails, meeting minutes, call logs, notes, presentations, studies, letters or other communications.  "Apportionment of population that is not total population" includes but is not limited to apportionment based on citizen voting age population.

15. All documents relating to redistricting and Thomas Hofeller, Jerad Najvar, Andy Taylor or Eric Opiela, from January 1, 2018 to the present.

16. All documents from January 1, 2021 to the present, relating to changes in population by race, ethnicity, language minority status, or United States citizenship and relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives that were exchanged between, among, with or within:  the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any SBOE member or their staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee

on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives or their staff, any candidate for the office of U.S. Representative from Texas or their staff, any candidate for the Texas House or their staff, any candidate for the Texas Senate or their staff, any candidate for the SBOE or their staff, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas or their staff, any consultant, any member of the faculty of a college or university, any expert, any law firm or attorney, or any vendor, any other political or community group or organization.

17. All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality or common interest; or any other type of contract relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives, including but not limited to documents referencing any of the following individuals or entities:  Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any

employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any member of the faculty of a college or university, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

18. All documents relating to communications relating to redistricting of Texas seats in the U.S. House of Representatives, the Texas House, the Texas Senate or the Texas SBOE between, among, with or within any of the following individuals or entities:  any member of the Texas Legislature, Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any member of the faculty of a college or university, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

19. Produce all documents reflecting communications related to selecting, vetting, reviewing or retaining any map drawer for any of the following redistricting plans:  C2193, H2316,  S2168 or E2106.

20. Produce all documents, relating to any opportunity for public testimony to the Texas Legislature or any committee or subcommittee thereof—including but not limited to any public notice or document relating to the amount of time allocated for public testimony or the date(s)

during which public testimony would be allowed—between January 1, 2019 and October 25, 2021 on redistricting of the Texas House, Senate, SBOE or congressional districts.

21. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan S2168: SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.

22. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas Senate districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021:  SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

23. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas Senate districts, from January 1, 2021 to the present:  SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.

24. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Senate District 27.

25. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas Senate district in Plan S2100, from January 1, 2021 to the present.

26. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan H2316: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145, HD146, HD147, HD148, HD149, or HD150.

27. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas House districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145,

HD146, HD147, HD148, HD149, and HD150.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

28. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas House districts, from January 1, 2021 to the present: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145, HD146, HD147, HD148, HD149, and  HD150.

29. Please produce all documents reflecting communications made between or among you, your staff and any other person, from January 1, 2021 to the present, relating to the redistricting of House District 31, 37, 90 or 118.

30. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas House district in Plan H2100, from January 1, 2021 to the present.

31. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan C2193: CD2, CD6, CD7, CD8, CD9,

CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.

32. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas congressional districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: CD2, CD6, CD7, CD8, CD9, CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

33. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas congressional districts from January 1, 2021 to the present: CD2, CD6, CD7, CD8, CD9, CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.

34. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Congressional District 15, 23 or 35.

35. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas congressional district in Plan C2100, from January 1, 2021 to the present.

36. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan E2106: ED2, ED3, ED4, ED6, or ED8.

37. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas SBOE districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: ED2, ED3, ED4, ED6, or ED8.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

38. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas SBOE districts, from January 1, 2021 to the present: ED2, ED3, ED4, ED6, or ED8.

39. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Texas SBOE District 2 or 3.

40. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas SBOE district in Plan E2100, from January 1, 2021 to the present.

DATED:  April 26, 2022                    Respectfully submitted,

                                          MEXICAN AMERICAN LEGAL DEFENSE
                                           AND EDUCATIONAL FUND

                                          */s/ Nina Perales*
                                          Nina Perales
                                          Texas Bar No. 24005046
                                          Samantha Serna
                                          Texas Bar No. 24090888
                                          Fatima Menendez
                                          Texas Bar No. 24090260
                                          Kenneth Parreno*
                                          Massachusetts BBO No. 705747
                                          110 Broadway Street, #300
                                          San Antonio, TX 78205
                                          (210) 224-5476
                                          Fax: (210) 224-5382

                                          * Admitted pro hac vice

                                          *Counsel for LULAC Plaintiffs*

**<u>Certificate of Service</u>**

    The undersigned counsel hereby certifies that she served a true and correct copy of the above to all counsel of record on the 26th day of April 2022.

                              *<u>/s/ Nina Perales</u>*
                              Nina Perales

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| League of United Latin American Citizens, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| Greg Abbott, et al. | ) |
| *Defendant* | ) |

Civil Action No.   3:21-cv-00259-DCG-JES-JVB

(If the action is pending in another district, state where:

)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Senator Bryan Hughes
      Texas Capitol, 1100 Congress Ave., Room 3E.8, Austin, TX  78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

        See attachment.

| Place: MALDEF | Date and Time: |
|---|---|
| 110 Broadway, Suite 300 San Antonio, TX  78205 | 05/26/2022 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:       04/26/2022

            *CLERK OF COURT*
                                                OR

_____          s/Nina Perales
  *Signature of Clerk or Deputy Clerk*       _____
                                               *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*       _____

_____ , who issues or requests this subpoena, are:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:21-cv-00259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS, *et al.*,

        *Plaintiffs*,

v.

GREG ABBOTT, in his official capacity as
Governor of the State of Texas, *et al.*,

        *Defendants*.

CIVIL ACTION NO.
3:21-cv-00259-DCG-JES-JVB
[Consolidated Lead Case]

## ATTACHMENT A:  SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rules 30, 34 and 45 of the Federal Rules of Civil Procedure, you are commanded to produce at the time, date and place set forth in the Subpoena the following documents, electronically stored information or objections specified in Section IV below, and permit their inspection, copying, testing or sampling of the material in accordance with the Definitions and Instructions set forth below.  Further, you are directed to supplement this production as provided by the same Rules.  Unless counsel for the parties make another agreement, documents are to be produced at 110 Broadway, Suite 300, San Antonio, Texas 78205.

Your responses, any objections and all responsive documents within your custody, possession or control must be served on the undersigned attorneys by the date listed on the subpoena.

# I. DEFINITIONS

Pursuant to Local Rule CV-26(b), the full text of the definitions and rules of construction set forth in this paragraph is deemed incorporated by reference into all discovery requests, but shall not preclude (i) the definition of other terms specific to the particular litigation, (ii) the use of abbreviations, or (iii) a more narrow definition of a term defined in this paragraph.  This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.   The following definitions apply to all discovery requests:

(1)    Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(2)     Document.  The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

(3)    Identify (With Respect to Persons).  When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4)    Identify (With Respect to Documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(5)     Parties.   The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6)     Person.  The term "person" means any natural person or business, legal or governmental entity or association, or unincorporated association.

(7)     Concerning.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

In addition to definitions set forth in Local Rule CV-26(b), the following definitions apply to all discovery requests:

(8)     Latino opportunity district.  The term "Latino opportunity district" has the same meaning as in the opinion of the court in *Abbott v. Perez*, 138 S. Ct. 2305 (2018).

(9)     Latino or Hispanic.  The terms "Hispanic" or "Latino" refers to a person of Cuban, Mexican, Puerto Rican, South or Central American, or other Spanish culture or origin regardless of race.[1]

(10)    HVAP.  The term "HVAP" means Hispanic Voting Age Population.

(11)    HCVAP.  The term "HCVAP" means Hispanic Citizen Voting Age Population.

(12)    SSVR.  The term "SSVR" means Spanish Surname Voter Registration.

(13)    SSTO.  The term "SSTO" means Spanish Surname Turnout.  This is the number of Spanish surnamed voters who cast votes in an election.  If expressed as a percent, this is the percent of all votes cast that were cast by Spanish surnamed voters.

(14)    As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any documents or information that might be deemed outside its scope by another construction.

(15)    The term "relating to" shall have its usual meaning and shall also specifically mean reflecting, related to, referring to, describing, representing, evidencing or constituting.

(16)    Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

(17)    "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or a written transcription which is a substantially verbatim recital or an oral statement made by a person which is contemporaneously recorded.

(18)    "You" and "your" shall mean Bryan Hughes, as well as any and all other persons or entities acting or purporting to act on behalf of Bryan Hughes, including but not limited to any attorney, staff, employee, consultant, contractor, advisor, or agent.

---

[1] U.S. Census, "Hispanic or Latino Origin," available at
https://www.census.gov/quickfacts/fact/note/US/RHI725219#:~:text=for%20racial%20categories.-,Definition,%E2%80%A2Puerto%20Rican

(19)   The plural of any word used herein includes the singular, and the singular includes the plural.

(20)   The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

(21)   87th Texas Legislature.  The term "87th Texas Legislature" means all sessions of the 87th Texas Legislature, including but not limited to the regular session and the special sessions.

(22)   "House Bill 1" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(23)   "Senate Bill 4" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(24)   "Senate Bill 6" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(25)   "Senate Bill 7" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(26)   "Legislator" or "member of the Texas Legislature" or "member of the Legislature" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

(27)   "Staff."  The term "staff" means an individual or group of individuals charged with carrying out the work of your legislative office or campaign, whether paid or volunteer.

(28)   "Map drawer."   The term "map drawer" means any individual who created, composed, drew or revised the boundaries of any district for a Texas redistricting plan, including but not limited to assigning geography into and out of any district using geographic information system (GIS) software.

## II. INSTRUCTIONS

A.     Regarding documents called for by these requests as to which you claim a privilege or which you contend are not subject to production, please provide a list that describes each document and that states with respect to each such document:

1.   the type of document (*e.g.*, letter, memorandum, report, etc.);

2.   the date;

3.   the title;

4.   the number of pages;

5.   the author or addressor;

6.   the names and address or addresses of any persons who have received and/or who have obtained a copy of the document;

7.    the subject matter of the document;

8.   the factual and legal basis of the claim or privilege or ground of non-production asserted with respect to the document; and

9.   any other information which, without revealing the information which is itself privileged or protected, will enable the plaintiffs to assess the application of the privilege asserted, pursuant to Rule 45(e)(2)(A).

B.     If you contend that you are unable to produce fully and completely the documents requested herein, or any portion thereof, after exercising due diligence to locate those documents, please so state, specifying the basis for such limited production, the reasons for the inability to produce the documents requested, whether said documents have been destroyed and why, and whatever information or knowledge that you have related to the location of such documents.

C.      In the event that a responsive document has been destroyed or has passed out of your possession, custody or control, please identify the following information with respect to each such document:   its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

D.      If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any portion of these requests, then in response to each such request you shall:

        1.   Produce all documents and requested information that may be provided without undertaking what you contend to be an unreasonable burden; and

        2.   Set forth the specific steps that would be required to obtain and produce all additional responsive documents and explain why you contend that each of those additional steps would be unreasonably burdensome.

E.      Unless the context clearly requires otherwise, this request for documents includes all documents within your custody or control; those within the custody or control of each of your attorneys, agents, associates and/or employees; and those to which any of these persons has access.

F.       Documents should be produced in a form consistent with any agreement concerning production format entered in this action.

G.       If the documents are provided on an FTP site, all documents must be produced in a way that makes clear the exact location on the FTP site of materials responsive to each numbered request.

H.     All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

I.     All references in these requests to any entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

J.     Organize all documents to correspond to each request below.  For all items produced, identify the names of the person from whom such files were provided.

K.     Respond to each request separately and label or otherwise designate which documents are responsive to each request.  If a document is responsive to more than one request, identify each of the requests as to which that document is responsive.

L.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the document should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

M.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019 to the present.

N.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that

an answer is in some material respect incomplete or incorrect.  If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you are requested to state this fact in each response.

## III. WARNINGS

A.      A failure to produce the documents requested on time without adequate excuse may result in the Court holding you in contempt under Rule 45(g) of the Federal Rules of Civil Procedure.

## IV.  DOCUMENTS TO BE PRODUCED

1. All documents relating to any redistricting proposal for the Texas Senate, including but not limited to Plan S2168, Senate Bill 4, any draft or introduced amendments to Senate Bill 4, or any other Texas Senate redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.


2.  All documents relating to any redistricting proposal for the Texas State Board of Education ("SBOE"), including but not limited to Plan E2106, Senate Bill 7, any draft or introduced amendments to Senate Bill 7, or any other Texas SBOE redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

9

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

3.  All documents relating to any redistricting proposal for the Texas House of Representatives ("Texas House"), including but not limited to Plan H2316, House Bill 1, any draft or introduced amendments to House Bill 1, or any other Texas House redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population

deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f. communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal..

4. All documents relating to any redistricting proposal for the Texas delegation to the United States House of Representatives, including but not limited to Plan C2193, Senate Bill 6, any draft or introduced amendments to Senate Bill 6, or any other congressional redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population

deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

5. All documents relating to the process by which a member of the Legislature would propose changes to or comment on redistricting plans or any amendments to redistricting plans, prior to enactment of those plans, for the United States House of Representatives, Texas House of Representatives, Texas Senate or Texas SBOE.

6.  All documents relating to the process by which the Senate Special Committee on Redistricting would hear, consider, review, evaluate, amend, propose changes to, vote on, invite testimony about, receive testimony about, or consider testimony on redistricting plans or any amendments to redistricting plans for the United States House of Representatives, Texas House, Texas Senate or Texas SBOE, including but not limited to planning, timing, hearings, outreach,

publicity, public or expert participation, deadlines, limitations, notetaking, staffing or persons or entities involved.

7. All documents relating to voting behavior in Texas elections by race, ethnicity or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, information related to racially polarized voting or other analyses.

8. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas Senate complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

9. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas SBOE complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

10. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas House complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

11. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas delegation to the United States House of

Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

12. All documents relating to standards, requirements, norms, traditional practices or instructions for redistricting in compliance with applicable laws—including but not limited to the U.S. Constitution and the Voting Rights Act—including but not limited to any communications, memoranda, legal cases, analyses, trainings or presentations.

13. All documents relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives following the 2020 decennial Census and that were exchanged between, among, with or within:  the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any SBOE member or their staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives or their staff, any candidate for the office of U.S. Representative from Texas or their staff, any candidate for the Texas House or their staff, any candidate for the Texas Senate or their staff, any candidate for the SBOE or their staff, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, the National Republican

Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas or their staff, any consultant, any member of the faculty of a college or university, any expert, any law firm or attorney, or any vendor, any other political or community group or organization.

14. All documents relating to apportionment of population that is not total population for redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE from January 1, 2020 to the present, including but not limited to memoranda, public statements, correspondence, emails, meeting minutes, call logs, notes, presentations, studies, letters or other communications.  "Apportionment of population that is not total population" includes but is not limited to apportionment based on citizen voting age population.

15. All documents relating to redistricting and Thomas Hofeller, Jerad Najvar, Andy Taylor or Eric Opiela, from January 1, 2018 to the present.

16. All documents from January 1, 2021 to the present, relating to changes in population by race, ethnicity, language minority status, or United States citizenship and relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives that were exchanged between, among, with or within:  the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any SBOE member or their staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee

on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives or their staff, any candidate for the office of U.S. Representative from Texas or their staff, any candidate for the Texas House or their staff, any candidate for the Texas Senate or their staff, any candidate for the SBOE or their staff, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas or their staff, any consultant, any member of the faculty of a college or university, any expert, any law firm or attorney, or any vendor, any other political or community group or organization.

17. All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality or common interest; or any other type of contract relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives, including but not limited to documents referencing any of the following individuals or entities: Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any

employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any member of the faculty of a college or university, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

18. All documents relating to communications relating to redistricting of Texas seats in the U.S. House of Representatives, the Texas House, the Texas Senate or the Texas SBOE between, among, with or within any of the following individuals or entities:  any member of the Texas Legislature, Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any member of the faculty of a college or university, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

19. Produce all documents reflecting communications related to selecting, vetting, reviewing or retaining any map drawer for any of the following redistricting plans:  C2193, H2316,  S2168 or E2106.

20. Produce all documents, relating to any opportunity for public testimony to the Texas Legislature or any committee or subcommittee thereof—including but not limited to any public notice or document relating to the amount of time allocated for public testimony or the date(s)

during which public testimony would be allowed—between January 1, 2019 and October 25, 2021 on redistricting of the Texas House, Senate, SBOE or congressional districts.

21. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan S2168: SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.

22. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas Senate districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021:  SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

23. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas Senate districts, from January 1, 2021 to the present:  SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.

24. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Senate District 27.

25. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas Senate district in Plan S2100, from January 1, 2021 to the present.

26. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan H2316: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145, HD146, HD147, HD148, HD149, or HD150.

27. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas House districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145,

HD146, HD147, HD148, HD149, and HD150.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

28. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas House districts, from January 1, 2021 to the present: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145, HD146, HD147, HD148, HD149, and  HD150.

29. Please produce all documents reflecting communications made between or among you, your staff and any other person, from January 1, 2021 to the present, relating to the redistricting of House District 31, 37, 90 or 118.

30. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas House district in Plan H2100, from January 1, 2021 to the present.

31. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan C2193: CD2, CD6, CD7, CD8, CD9,

CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.

32. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas congressional districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: CD2, CD6, CD7, CD8, CD9, CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

33. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas congressional districts from January 1, 2021 to the present: CD2, CD6, CD7, CD8, CD9, CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.

34. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Congressional District 15, 23 or 35.

35. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas congressional district in Plan C2100, from January 1, 2021 to the present.

36. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan E2106: ED2, ED3, ED4, ED6, or ED8.

37. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas SBOE districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: ED2, ED3, ED4, ED6, or ED8.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

38. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas SBOE districts, from January 1, 2021 to the present: ED2, ED3, ED4, ED6, or ED8.

39. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Texas SBOE District 2 or 3.

40. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas SBOE district in Plan E2100, from January 1, 2021 to the present.

DATED:  April 26, 2022                          Respectfully submitted,

                                                MEXICAN AMERICAN LEGAL DEFENSE
                                                 AND EDUCATIONAL FUND

                                                */s/ Nina Perales*
                                                Nina Perales
                                                Texas Bar No. 24005046
                                                Samantha Serna
                                                Texas Bar No. 24090888
                                                Fatima Menendez
                                                Texas Bar No. 24090260
                                                Kenneth Parreno*
                                                Massachusetts BBO No. 705747
                                                110 Broadway Street, #300
                                                San Antonio, TX 78205
                                                (210) 224-5476
                                                Fax: (210) 224-5382

                                                * Admitted pro hac vice

                                                *Counsel for LULAC Plaintiffs*

## **Certificate of Service**

The undersigned counsel hereby certifies that she served a true and correct copy of the above to all counsel of record on the 26th day of April 2022.


*/s/ Nina Perales*
Nina Perales

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Western District of Texas ▢

| | |
|---|---|
| League of United Latin American Citizens, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:21-cv-00259-DCG-JES-JVB |
| Greg Abbott, et al. | ) |
| *Defendant* | ) (If the action is pending in another district, state where: ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Senator Charles Perry
       Texas Capitol, 1100 Congress Ave., Room E1.806, Austin, TX  78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

           See attachment.

| Place: MALDEF | Date and Time: |
|---|---|
| 110 Broadway, Suite 300 San Antonio, TX  78205 | 05/26/2022 5:00 pm |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

         The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:       04/26/2022

                    *CLERK OF COURT*
                                                      OR
                                                                    s/Nina Perales
_____          _____
      *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  _____

_____ , who issues or requests this subpoena, are:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:21-cv-00259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                          _____
                                                    *Printed name and title*

                                          _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*,<br><br>   *Defendants*. | CIVIL ACTION NO.<br>3:21-cv-00259-DCG-JES-JVB<br>[Consolidated Lead Case] |

## ATTACHMENT A:  SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rules 30, 34 and 45 of the Federal Rules of Civil Procedure, you are commanded to produce at the time, date and place set forth in the Subpoena the following documents, electronically stored information or objections specified in Section IV below, and permit their inspection, copying, testing or sampling of the material in accordance with the Definitions and Instructions set forth below.  Further, you are directed to supplement this production as provided by the same Rules.  Unless counsel for the parties make another agreement, documents are to be produced at 110 Broadway, Suite 300, San Antonio, Texas 78205.

Your responses, any objections and all responsive documents within your custody, possession or control must be served on the undersigned attorneys by the date listed on the subpoena.

1

## I. DEFINITIONS

Pursuant to Local Rule CV-26(b), the full text of the definitions and rules of construction set forth in this paragraph is deemed incorporated by reference into all discovery requests, but shall not preclude (i) the definition of other terms specific to the particular litigation, (ii) the use of abbreviations, or (iii) a more narrow definition of a term defined in this paragraph.  This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.   The following definitions apply to all discovery requests:

(1)   Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(2)   Document.  The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

(3)   Identify (With Respect to Persons).  When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment.   Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4)   Identify (With Respect to Documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(5)   Parties.   The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6)   Person.   The term "person" means any natural person or business, legal or governmental entity or association, or unincorporated association.

(7)   Concerning.   The term "concerning" means relating to, referring to, describing, evidencing or constituting.

In addition to definitions set forth in Local Rule CV-26(b), the following definitions apply to all discovery requests:

(8)     Latino opportunity district.  The term "Latino opportunity district" has the same meaning as in the opinion of the court in *Abbott v. Perez*, 138 S. Ct. 2305 (2018).

(9)     Latino or Hispanic.  The terms "Hispanic" or "Latino" refers to a person of Cuban, Mexican, Puerto Rican, South or Central American, or other Spanish culture or origin regardless of race.[1]

(10)    HVAP.  The term "HVAP" means Hispanic Voting Age Population.

(11)     HCVAP.  The term "HCVAP" means Hispanic Citizen Voting Age Population.

(12)    SSVR.  The term "SSVR" means Spanish Surname Voter Registration.

(13)    SSTO.  The term "SSTO" means Spanish Surname Turnout.  This is the number of Spanish surnamed voters who cast votes in an election.  If expressed as a percent, this is the percent of all votes cast that were cast by Spanish surnamed voters.

(14)    As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any documents or information that might be deemed outside its scope by another construction.

(15)    The term "relating to" shall have its usual meaning and shall also specifically mean reflecting, related to, referring to, describing, representing, evidencing or constituting.

(16)    Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

(17)    "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or a written transcription which is a substantially verbatim recital or an oral statement made by a person which is contemporaneously recorded.

(18)    "You" and "your" shall mean Charles Perry, as well as any and all other persons or entities acting or purporting to act on behalf of Charles Perry, including but not limited to any attorney, staff, employee, consultant, contractor, advisor, or agent.

---

[1] U.S. Census, "Hispanic or Latino Origin," available at
https://www.census.gov/quickfacts/fact/note/US/RHI725219#:~:text=for%20racial%20categories.-,Definition,%E2%80%A2Puerto%20Rican

(19)   The plural of any word used herein includes the singular, and the singular includes the plural.

(20)   The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

(21)   87th Texas Legislature.  The term "87th Texas Legislature" means all sessions of the 87th Texas Legislature, including but not limited to the regular session and the special sessions.

(22)   "House Bill 1" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(23)   "Senate Bill 4" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(24)   "Senate Bill 6" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(25)   "Senate Bill 7" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(26)   "Legislator" or "member of the Texas Legislature" or "member of the Legislature" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

(27)   "Staff."  The term "staff" means an individual or group of individuals charged with carrying out the work of your legislative office or campaign, whether paid or volunteer.

(28)   "Map drawer."   The term "map drawer" means any individual who created, composed, drew or revised the boundaries of any district for a Texas redistricting plan, including but not limited to assigning geography into and out of any district using geographic information system (GIS) software.

## II. INSTRUCTIONS

A.      Regarding documents called for by these requests as to which you claim a privilege or which you contend are not subject to production, please provide a list that describes each document and that states with respect to each such document:

1.  the type of document (*e.g.*, letter, memorandum, report, etc.);

2.  the date;

3.  the title;

4.  the number of pages;

5.  the author or addressor;

6.  the names and address or addresses of any persons who have received and/or who have obtained a copy of the document;

7.   the subject matter of the document;

8.  the factual and legal basis of the claim or privilege or ground of non-production asserted with respect to the document; and

9.  any other information which, without revealing the information which is itself privileged or protected, will enable the plaintiffs to assess the application of the privilege asserted, pursuant to Rule 45(e)(2)(A).

B.      If you contend that you are unable to produce fully and completely the documents requested herein, or any portion thereof, after exercising due diligence to locate those documents, please so state, specifying the basis for such limited production, the reasons for the inability to produce the documents requested, whether said documents have been destroyed and why, and whatever information or knowledge that you have related to the location of such documents.

C.     In the event that a responsive document has been destroyed or has passed out of your possession, custody or control, please identify the following information with respect to each such document:   its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

D.     If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any portion of these requests, then in response to each such request you shall:

> 1. Produce all documents and requested information that may be provided without undertaking what you contend to be an unreasonable burden; and

> 2. Set forth the specific steps that would be required to obtain and produce all additional responsive documents and explain why you contend that each of those additional steps would be unreasonably burdensome.

E.     Unless the context clearly requires otherwise, this request for documents includes all documents within your custody or control; those within the custody or control of each of your attorneys, agents, associates and/or employees; and those to which any of these persons has access.

F.      Documents should be produced in a form consistent with any agreement concerning production format entered in this action.

G.      If the documents are provided on an FTP site, all documents must be produced in a way that makes clear the exact location on the FTP site of materials responsive to each numbered request.

H.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

I.      All references in these requests to any entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

J.      Organize all documents to correspond to each request below.  For all items produced, identify the names of the person from whom such files were provided.

K.      Respond to each request separately and label or otherwise designate which documents are responsive to each request.  If a document is responsive to more than one request, identify each of the requests as to which that document is responsive.

L.      If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the document should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

M.      Unless otherwise specified, all document requests concern the period of time from January 1, 2019 to the present.

N.      These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that

an answer is in some material respect incomplete or incorrect.  If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you are requested to state this fact in each response.

## III. WARNINGS

A.      A failure to produce the documents requested on time without adequate excuse may result in the Court holding you in contempt under Rule 45(g) of the Federal Rules of Civil Procedure.

## IV.  DOCUMENTS TO BE PRODUCED

1. All documents relating to any redistricting proposal for the Texas Senate, including but not limited to Plan S2168, Senate Bill 4, any draft or introduced amendments to Senate Bill 4, or any other Texas Senate redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

2.  All documents relating to any redistricting proposal for the Texas State Board of Education ("SBOE"), including but not limited to Plan E2106, Senate Bill 7, any draft or introduced amendments to Senate Bill 7, or any other Texas SBOE redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

3.  All documents relating to any redistricting proposal for the Texas House of Representatives ("Texas House"), including but not limited to Plan H2316, House Bill 1, any draft or introduced amendments to House Bill 1, or any other Texas House redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population

deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f. communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal..

4. All documents relating to any redistricting proposal for the Texas delegation to the United States House of Representatives, including but not limited to Plan C2193, Senate Bill 6, any draft or introduced amendments to Senate Bill 6, or any other congressional redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population

deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f. communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

5. All documents relating to the process by which a member of the Legislature would propose changes to or comment on redistricting plans or any amendments to redistricting plans, prior to enactment of those plans, for the United States House of Representatives, Texas House of Representatives, Texas Senate or Texas SBOE.

6. All documents relating to the process by which the Senate Special Committee on Redistricting would hear, consider, review, evaluate, amend, propose changes to, vote on, invite testimony about, receive testimony about, or consider testimony on redistricting plans or any amendments to redistricting plans for the United States House of Representatives, Texas House, Texas Senate or Texas SBOE, including but not limited to planning, timing, hearings, outreach,

publicity, public or expert participation, deadlines, limitations, notetaking, staffing or persons or entities involved.

7. All documents relating to voting behavior in Texas elections by race, ethnicity or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, information related to racially polarized voting or other analyses.

8. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas Senate complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

9. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas SBOE complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

10. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas House complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

11. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas delegation to the United States House of

Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

12. All documents relating to standards, requirements, norms, traditional practices or instructions for redistricting in compliance with applicable laws—including but not limited to the U.S. Constitution and the Voting Rights Act—including but not limited to any communications, memoranda, legal cases, analyses, trainings or presentations.

13. All documents relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives following the 2020 decennial Census and that were exchanged between, among, with or within:  the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any SBOE member or their staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives or their staff, any candidate for the office of U.S. Representative from Texas or their staff, any candidate for the Texas House or their staff, any candidate for the Texas Senate or their staff, any candidate for the SBOE or their staff, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, the National Republican

Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas or their staff, any consultant, any member of the faculty of a college or university, any expert, any law firm or attorney, or any vendor, any other political or community group or organization.

14. All documents relating to apportionment of population that is not total population for redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE from January 1, 2020 to the present, including but not limited to memoranda, public statements, correspondence, emails, meeting minutes, call logs, notes, presentations, studies, letters or other communications.  "Apportionment of population that is not total population" includes but is not limited to apportionment based on citizen voting age population.

15. All documents relating to redistricting and Thomas Hofeller, Jerad Najvar, Andy Taylor or Eric Opiela, from January 1, 2018 to the present.

16. All documents from January 1, 2021 to the present, relating to changes in population by race, ethnicity, language minority status, or United States citizenship and relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives that were exchanged between, among, with or within:  the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any SBOE member or their staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee

on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives or their staff, any candidate for the office of U.S. Representative from Texas or their staff, any candidate for the Texas House or their staff, any candidate for the Texas Senate or their staff, any candidate for the SBOE or their staff, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas or their staff, any consultant, any member of the faculty of a college or university, any expert, any law firm or attorney, or any vendor, any other political or community group or organization.

17. All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality or common interest; or any other type of contract relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives, including but not limited to documents referencing any of the following individuals or entities:  Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any

employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any member of the faculty of a college or university, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

18. All documents relating to communications relating to redistricting of Texas seats in the U.S. House of Representatives, the Texas House, the Texas Senate or the Texas SBOE between, among, with or within any of the following individuals or entities: any member of the Texas Legislature, Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any member of the faculty of a college or university, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

19. Produce all documents reflecting communications related to selecting, vetting, reviewing or retaining any map drawer for any of the following redistricting plans: C2193, H2316, S2168 or E2106.

20. Produce all documents, relating to any opportunity for public testimony to the Texas Legislature or any committee or subcommittee thereof—including but not limited to any public notice or document relating to the amount of time allocated for public testimony or the date(s)

during which public testimony would be allowed—between January 1, 2019 and October 25, 2021 on redistricting of the Texas House, Senate, SBOE or congressional districts.

21. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan S2168: SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.

22. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas Senate districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021:  SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

23. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas Senate districts, from January 1, 2021 to the present:  SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.

24. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Senate District 27.

25. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas Senate district in Plan S2100, from January 1, 2021 to the present.

26. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan H2316: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145, HD146, HD147, HD148, HD149, or HD150.

27. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas House districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145,

HD146, HD147, HD148, HD149, and HD150.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

28. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas House districts, from January 1, 2021 to the present: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145, HD146, HD147, HD148, HD149, and  HD150.

29. Please produce all documents reflecting communications made between or among you, your staff and any other person, from January 1, 2021 to the present, relating to the redistricting of House District 31, 37, 90 or 118.

30. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas House district in Plan H2100, from January 1, 2021 to the present.

31. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan C2193: CD2, CD6, CD7, CD8, CD9,

CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.

32. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas congressional districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: CD2, CD6, CD7, CD8, CD9, CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

33. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas congressional districts from January 1, 2021 to the present: CD2, CD6, CD7, CD8, CD9, CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.

34. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Congressional District 15, 23 or 35.

35. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas congressional district in Plan C2100, from January 1, 2021 to the present.

36. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan E2106: ED2, ED3, ED4, ED6, or ED8.

37. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas SBOE districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: ED2, ED3, ED4, ED6, or ED8.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

38. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas SBOE districts, from January 1, 2021 to the present: ED2, ED3, ED4, ED6, or ED8.

39. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Texas SBOE District 2 or 3.

40. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas SBOE district in Plan E2100, from January 1, 2021 to the present.

DATED:  April 26, 2022

Respectfully submitted,

MEXICAN AMERICAN LEGAL DEFENSE
 AND EDUCATIONAL FUND

*/s/ Nina Perales*
Nina Perales
Texas Bar No. 24005046
Samantha Serna
Texas Bar No. 24090888
Fatima Menendez
Texas Bar No. 24090260
Kenneth Parreno*
Massachusetts BBO No. 705747
110 Broadway Street, #300
San Antonio, TX 78205
(210) 224-5476
Fax: (210) 224-5382

* Admitted pro hac vice

*Counsel for LULAC Plaintiffs*

## **Certificate of Service**

The undersigned counsel hereby certifies that she served a true and correct copy of the above to all counsel of record on the 26th day of April 2022.

/s/ Nina Perales
Nina Perales

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| League of United Latin American Citizens, et al. | ) |
| --- | --- |
| *Plaintiff* | ) |
| v. | ) |
| Greg Abbott, et al. | ) |
| *Defendant* | ) |

Civil Action No.   3:21-cv-00259-DCG-JES-JVB

(If the action is pending in another district, state where:
                                                    )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Senator Donna Campbell
       Texas Capitol, 1100 Congress Ave., Room 3E.18, Austin, TX  78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

       See attachment

| Place: MALDEF 110 Broadway, Suite 300 San Antonio, TX  78205 | Date and Time: 05/26/2022 5:00 pm |
| --- | --- |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |

       The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:       04/26/2022

|  | CLERK OF COURT | OR |  |
| --- | --- | --- | --- |

                                                                              s/Nina Perales

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
                                                                              , who issues or requests this subpoena, are:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:21-cv-00259-DCG-JES-JVB

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*,<br><br>    *Defendants*. | CIVIL ACTION NO.<br>3:21-cv-00259-DCG-JES-JVB<br>[Consolidated Lead Case] |

## ATTACHMENT A:  SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rules 30, 34 and 45 of the Federal Rules of Civil Procedure, you are commanded to produce at the time, date and place set forth in the Subpoena the following documents, electronically stored information or objections specified in Section IV below, and permit their inspection, copying, testing or sampling of the material in accordance with the Definitions and Instructions set forth below.  Further, you are directed to supplement this production as provided by the same Rules.  Unless counsel for the parties make another agreement, documents are to be produced at 110 Broadway, Suite 300, San Antonio, Texas 78205.

Your responses, any objections and all responsive documents within your custody, possession or control must be served on the undersigned attorneys by the date listed on the subpoena.

1

# I. DEFINITIONS

Pursuant to Local Rule CV-26(b), the full text of the definitions and rules of construction set forth in this paragraph is deemed incorporated by reference into all discovery requests, but shall not preclude (i) the definition of other terms specific to the particular litigation, (ii) the use of abbreviations, or (iii) a more narrow definition of a term defined in this paragraph.  This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.   The following definitions apply to all discovery requests:

(1)    Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(2)     Document.  The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

(3)    Identify (With Respect to Persons).  When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4)    Identify (With Respect to Documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(5)     Parties.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6)     Person.  The term "person" means any natural person or business, legal or governmental entity or association, or unincorporated association.

(7)     Concerning.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

In addition to definitions set forth in Local Rule CV-26(b), the following definitions apply to all discovery requests:

(8)     Latino opportunity district.  The term "Latino opportunity district" has the same meaning as in the opinion of the court in *Abbott v. Perez*, 138 S. Ct. 2305 (2018).

(9)     Latino or Hispanic.  The terms "Hispanic" or "Latino" refers to a person of Cuban, Mexican, Puerto Rican, South or Central American, or other Spanish culture or origin regardless of race.[1]

(10)    HVAP.  The term "HVAP" means Hispanic Voting Age Population.

(11)     HCVAP.  The term "HCVAP" means Hispanic Citizen Voting Age Population.

(12)    SSVR.  The term "SSVR" means Spanish Surname Voter Registration.

(13)    SSTO.  The term "SSTO" means Spanish Surname Turnout.  This is the number of Spanish surnamed voters who cast votes in an election.  If expressed as a percent, this is the percent of all votes cast that were cast by Spanish surnamed voters.

(14)    As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any documents or information that might be deemed outside its scope by another construction.

(15)    The term "relating to" shall have its usual meaning and shall also specifically mean reflecting, related to, referring to, describing, representing, evidencing or constituting.

(16)    Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

(17)    "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or a written transcription which is a substantially verbatim recital or an oral statement made by a person which is contemporaneously recorded.

(18)    "You" and "your" shall mean Donna Campbell, as well as any and all other persons or entities acting or purporting to act on behalf of Donna Campbell, including but not limited to any attorney, staff, employee, consultant, contractor, advisor, or agent.

---

[1] U.S. Census, "Hispanic or Latino Origin," available at
https://www.census.gov/quickfacts/fact/note/US/RHI725219#:~:text=for%20racial%20categories.-,Definition,%E2%80%A2Puerto%20Rican

(19)   The plural of any word used herein includes the singular, and the singular includes the plural.

(20)   The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

(21)   87th Texas Legislature.  The term "87th Texas Legislature" means all sessions of the 87th Texas Legislature, including but not limited to the regular session and the special sessions.

(22)   "House Bill 1" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(23)   "Senate Bill 4" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(24)   "Senate Bill 6" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(25)   "Senate Bill 7" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(26) "Legislator" or "member of the Texas Legislature" or "member of the Legislature" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

(27) "Staff."  The term "staff" means an individual or group of individuals charged with carrying out the work of your legislative office or campaign, whether paid or volunteer.

(28) "Map drawer."  The term "map drawer" means any individual who created, composed, drew or revised the boundaries of any district for a Texas redistricting plan, including but not limited to assigning geography into and out of any district using geographic information system (GIS) software.

## II. INSTRUCTIONS

A.      Regarding documents called for by these requests as to which you claim a privilege or which you contend are not subject to production, please provide a list that describes each document and that states with respect to each such document:

1.   the type of document (*e.g.*, letter, memorandum, report, etc.);

2.   the date;

3.   the title;

4.   the number of pages;

5.   the author or addressor;

6.   the names and address or addresses of any persons who have received and/or who have obtained a copy of the document;

7.    the subject matter of the document;

8.   the factual and legal basis of the claim or privilege or ground of non-production asserted with respect to the document; and

9.   any other information which, without revealing the information which is itself privileged or protected, will enable the plaintiffs to assess the application of the privilege asserted, pursuant to Rule 45(e)(2)(A).

B.      If you contend that you are unable to produce fully and completely the documents requested herein, or any portion thereof, after exercising due diligence to locate those documents, please so state, specifying the basis for such limited production, the reasons for the inability to produce the documents requested, whether said documents have been destroyed and why, and whatever information or knowledge that you have related to the location of such documents.

C.      In the event that a responsive document has been destroyed or has passed out of your possession, custody or control, please identify the following information with respect to each such document:   its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

D.      If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any portion of these requests, then in response to each such request you shall:

1.   Produce all documents and requested information that may be provided without undertaking what you contend to be an unreasonable burden; and

2.   Set forth the specific steps that would be required to obtain and produce all additional responsive documents and explain why you contend that each of those additional steps would be unreasonably burdensome.

E.      Unless the context clearly requires otherwise, this request for documents includes all documents within your custody or control; those within the custody or control of each of your attorneys, agents, associates and/or employees; and those to which any of these persons has access.

F.       Documents should be produced in a form consistent with any agreement concerning production format entered in this action.

G.       If the documents are provided on an FTP site, all documents must be produced in a way that makes clear the exact location on the FTP site of materials responsive to each numbered request.

H.     All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

I.     All references in these requests to any entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

J.     Organize all documents to correspond to each request below.  For all items produced, identify the names of the person from whom such files were provided.

K.     Respond to each request separately and label or otherwise designate which documents are responsive to each request.  If a document is responsive to more than one request, identify each of the requests as to which that document is responsive.

L.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the document should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

M.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019 to the present.

N.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that

an answer is in some material respect incomplete or incorrect.  If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you are requested to state this fact in each response.

## III. WARNINGS

A.    A failure to produce the documents requested on time without adequate excuse may result in the Court holding you in contempt under Rule 45(g) of the Federal Rules of Civil Procedure.

## IV.  DOCUMENTS TO BE PRODUCED

1. All documents relating to any redistricting proposal for the Texas Senate, including but not limited to Plan S2168, Senate Bill 4, any draft or introduced amendments to Senate Bill 4, or any other Texas Senate redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

2. All documents relating to any redistricting proposal for the Texas State Board of Education ("SBOE"), including but not limited to Plan E2106, Senate Bill 7, any draft or introduced amendments to Senate Bill 7, or any other Texas SBOE redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.


3.  All documents relating to any redistricting proposal for the Texas House of Representatives ("Texas House"), including but not limited to Plan H2316, House Bill 1, any draft or introduced amendments to House Bill 1, or any other Texas House redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population

deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f. communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal..

4. All documents relating to any redistricting proposal for the Texas delegation to the United States House of Representatives, including but not limited to Plan C2193, Senate Bill 6, any draft or introduced amendments to Senate Bill 6, or any other congressional redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population

deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f. communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

5. All documents relating to the process by which a member of the Legislature would propose changes to or comment on redistricting plans or any amendments to redistricting plans, prior to enactment of those plans, for the United States House of Representatives, Texas House of Representatives, Texas Senate or Texas SBOE.

6. All documents relating to the process by which the Senate Special Committee on Redistricting would hear, consider, review, evaluate, amend, propose changes to, vote on, invite testimony about, receive testimony about, or consider testimony on redistricting plans or any amendments to redistricting plans for the United States House of Representatives, Texas House, Texas Senate or Texas SBOE, including but not limited to planning, timing, hearings, outreach,

publicity, public or expert participation, deadlines, limitations, notetaking, staffing or persons or entities involved.

7. All documents relating to voting behavior in Texas elections by race, ethnicity or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, information related to racially polarized voting or other analyses.

8. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas Senate complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

9. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas SBOE complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

10. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas House complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

11. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas delegation to the United States House of

Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

12. All documents relating to standards, requirements, norms, traditional practices or instructions for redistricting in compliance with applicable laws—including but not limited to the U.S. Constitution and the Voting Rights Act—including but not limited to any communications, memoranda, legal cases, analyses, trainings or presentations.

13. All documents relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives following the 2020 decennial Census and that were exchanged between, among, with or within: the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any SBOE member or their staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives or their staff, any candidate for the office of U.S. Representative from Texas or their staff, any candidate for the Texas House or their staff, any candidate for the Texas Senate or their staff, any candidate for the SBOE or their staff, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, the National Republican

Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas or their staff, any consultant, any member of the faculty of a college or university, any expert, any law firm or attorney, or any vendor, any other political or community group or organization.

14. All documents relating to apportionment of population that is not total population for redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE from January 1, 2020 to the present, including but not limited to memoranda, public statements, correspondence, emails, meeting minutes, call logs, notes, presentations, studies, letters or other communications.  "Apportionment of population that is not total population" includes but is not limited to apportionment based on citizen voting age population.

15. All documents relating to redistricting and Thomas Hofeller, Jerad Najvar, Andy Taylor or Eric Opiela, from January 1, 2018 to the present.

16. All documents from January 1, 2021 to the present, relating to changes in population by race, ethnicity, language minority status, or United States citizenship and relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives that were exchanged between, among, with or within:  the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any SBOE member or their staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee

on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives or their staff, any candidate for the office of U.S. Representative from Texas or their staff, any candidate for the Texas House or their staff, any candidate for the Texas Senate or their staff, any candidate for the SBOE or their staff, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas or their staff, any consultant, any member of the faculty of a college or university, any expert, any law firm or attorney, or any vendor, any other political or community group or organization.

17. All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality or common interest; or any other type of contract relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives, including but not limited to documents referencing any of the following individuals or entities:  Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any

employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any member of the faculty of a college or university, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

18. All documents relating to communications relating to redistricting of Texas seats in the U.S. House of Representatives, the Texas House, the Texas Senate or the Texas SBOE between, among, with or within any of the following individuals or entities:  any member of the Texas Legislature, Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any member of the faculty of a college or university, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

19. Produce all documents reflecting communications related to selecting, vetting, reviewing or retaining any map drawer for any of the following redistricting plans:  C2193, H2316,  S2168 or E2106.

20. Produce all documents, relating to any opportunity for public testimony to the Texas Legislature or any committee or subcommittee thereof—including but not limited to any public notice or document relating to the amount of time allocated for public testimony or the date(s)

during which public testimony would be allowed—between January 1, 2019 and October 25, 2021 on redistricting of the Texas House, Senate, SBOE or congressional districts.

21. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan S2168: SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.

22. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas Senate districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021:  SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

23. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas Senate districts, from January 1, 2021 to the present:  SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.

24. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Senate District 27.

25. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas Senate district in Plan S2100, from January 1, 2021 to the present.

26. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan H2316: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145, HD146, HD147, HD148, HD149, or HD150.

27. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas House districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145,

HD146, HD147, HD148, HD149, and HD150.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

28. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas House districts, from January 1, 2021 to the present: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145, HD146, HD147, HD148, HD149, and  HD150.

29. Please produce all documents reflecting communications made between or among you, your staff and any other person, from January 1, 2021 to the present, relating to the redistricting of House District 31, 37, 90 or 118.

30. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas House district in Plan H2100, from January 1, 2021 to the present.

31. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan C2193: CD2, CD6, CD7, CD8, CD9,

CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.

32. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas congressional districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: CD2, CD6, CD7, CD8, CD9, CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

33. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas congressional districts from January 1, 2021 to the present: CD2, CD6, CD7, CD8, CD9, CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.

34. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Congressional District 15, 23 or 35.

35. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas congressional district in Plan C2100, from January 1, 2021 to the present.

36. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan E2106: ED2, ED3, ED4, ED6, or ED8.

37. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas SBOE districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: ED2, ED3, ED4, ED6, or ED8.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

38. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas SBOE districts, from January 1, 2021 to the present: ED2, ED3, ED4, ED6, or ED8.

39. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Texas SBOE District 2 or 3.

40. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas SBOE district in Plan E2100, from January 1, 2021 to the present.

DATED:  April 26, 2022

Respectfully submitted,

MEXICAN AMERICAN LEGAL DEFENSE
 AND EDUCATIONAL FUND

*/s/ Nina Perales*
Nina Perales
Texas Bar No. 24005046
Samantha Serna
Texas Bar No. 24090888
Fatima Menendez
Texas Bar No. 24090260
Kenneth Parreno*
Massachusetts BBO No. 705747
110 Broadway Street, #300
San Antonio, TX 78205
(210) 224-5476
Fax: (210) 224-5382

* Admitted pro hac vice

*Counsel for LULAC Plaintiffs*

23

## **Certificate of Service**

The undersigned counsel hereby certifies that she served a true and correct copy of the above to all counsel of record on the 26th day of April 2022.


*/s/ Nina Perales*
Nina Perales

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | |
|---|---|
| League of United Latin American Citizens, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:21-cv-00259-DCG-JES-JVB |
| Greg Abbott, et al. | ) |
| *Defendant* | ) (If the action is pending in another district, state where: ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Senator Jane Nelson
Texas Capitol, 1100 Congress Ave., Room 1E.5, Austin, TX  78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attachment

| Place: MALDEF | Date and Time: |
|---|---|
| 110 Broadway, Suite 300 | |
| San Antonio, TX  78205 | 05/26/2022 5:00 pm |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    04/26/2022

| CLERK OF COURT | | |
|---|---|---|
| | OR | s/Nina Perales |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:21-cv-00259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS, *et al.*,

        *Plaintiffs*,

v.

GREG ABBOTT, in his official capacity as
Governor of the State of Texas, *et al.*,

        *Defendants*.

CIVIL ACTION NO.
3:21-cv-00259-DCG-JES-JVB
[Consolidated Lead Case]

## ATTACHMENT A:  SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rules 30, 34 and 45 of the Federal Rules of Civil Procedure, you are commanded to produce at the time, date and place set forth in the Subpoena the following documents, electronically stored information or objections specified in Section IV below, and permit their inspection, copying, testing or sampling of the material in accordance with the Definitions and Instructions set forth below.  Further, you are directed to supplement this production as provided by the same Rules.  Unless counsel for the parties make another agreement, documents are to be produced at 110 Broadway, Suite 300, San Antonio, Texas 78205.

Your responses, any objections and all responsive documents within your custody, possession or control must be served on the undersigned attorneys by the date listed on the subpoena.

# I. DEFINITIONS

Pursuant to Local Rule CV-26(b), the full text of the definitions and rules of construction set forth in this paragraph is deemed incorporated by reference into all discovery requests, but shall not preclude (i) the definition of other terms specific to the particular litigation, (ii) the use of abbreviations, or (iii) a more narrow definition of a term defined in this paragraph. This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure. The following definitions apply to all discovery requests:

(1)    Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(2)    Document. The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

(3)    Identify (With Respect to Persons). When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4)    Identify (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(5)    Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6)    Person. The term "person" means any natural person or business, legal or governmental entity or association, or unincorporated association.

(7)    Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

In addition to definitions set forth in Local Rule CV-26(b), the following definitions apply to all discovery requests:

(8)    Latino opportunity district.  The term "Latino opportunity district" has the same meaning as in the opinion of the court in *Abbott v. Perez*, 138 S. Ct. 2305 (2018).

(9)    Latino or Hispanic.  The terms "Hispanic" or "Latino" refers to a person of Cuban, Mexican, Puerto Rican, South or Central American, or other Spanish culture or origin regardless of race.[1]

(10)    HVAP.  The term "HVAP" means Hispanic Voting Age Population.

(11)    HCVAP.  The term "HCVAP" means Hispanic Citizen Voting Age Population.

(12)    SSVR.  The term "SSVR" means Spanish Surname Voter Registration.

(13)    SSTO.  The term "SSTO" means Spanish Surname Turnout.  This is the number of Spanish surnamed voters who cast votes in an election.  If expressed as a percent, this is the percent of all votes cast that were cast by Spanish surnamed voters.

(14)    As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any documents or information that might be deemed outside its scope by another construction.

(15)    The term "relating to" shall have its usual meaning and shall also specifically mean reflecting, related to, referring to, describing, representing, evidencing or constituting.

(16)    Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

(17)    "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or a written transcription which is a substantially verbatim recital or an oral statement made by a person which is contemporaneously recorded.

(18)    "You" and "your" shall mean Jane Nelson, as well as any and all other persons or entities acting or purporting to act on behalf of Jane Nelson, including but not limited to any attorney, staff, employee, consultant, contractor, advisor, or agent.

---

[1] U.S. Census, "Hispanic or Latino Origin," available at
https://www.census.gov/quickfacts/fact/note/US/RHI725219#:~:text=for%20racial%20categories.-,Definition,%E2%80%A2Puerto%20Rican

(19)   The plural of any word used herein includes the singular, and the singular includes the plural.

(20)   The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

(21)   87th Texas Legislature.  The term "87th Texas Legislature" means all sessions of the 87th Texas Legislature, including but not limited to the regular session and the special sessions.

(22)   "House Bill 1" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(23)   "Senate Bill 4" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(24)   "Senate Bill 6" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(25)   "Senate Bill 7" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(26) "Legislator" or "member of the Texas Legislature" or "member of the Legislature" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

(27) "Staff."  The term "staff" means an individual or group of individuals charged with carrying out the work of your legislative office or campaign, whether paid or volunteer.

(28) "Map drawer."  The term "map drawer" means any individual who created, composed, drew or revised the boundaries of any district for a Texas redistricting plan, including but not limited to assigning geography into and out of any district using geographic information system (GIS) software.

## II. INSTRUCTIONS

A.      Regarding documents called for by these requests as to which you claim a privilege or which you contend are not subject to production, please provide a list that describes each document and that states with respect to each such document:

1.   the type of document (*e.g.*, letter, memorandum, report, etc.);

2.   the date;

3.   the title;

4.   the number of pages;

5.   the author or addressor;

6.   the names and address or addresses of any persons who have received and/or who have obtained a copy of the document;

7.    the subject matter of the document;

8.   the factual and legal basis of the claim or privilege or ground of non-production asserted with respect to the document; and

9.   any other information which, without revealing the information which is itself privileged or protected, will enable the plaintiffs to assess the application of the privilege asserted, pursuant to Rule 45(e)(2)(A).

B.      If you contend that you are unable to produce fully and completely the documents requested herein, or any portion thereof, after exercising due diligence to locate those documents, please so state, specifying the basis for such limited production, the reasons for the inability to produce the documents requested, whether said documents have been destroyed and why, and whatever information or knowledge that you have related to the location of such documents.

C.      In the event that a responsive document has been destroyed or has passed out of your possession, custody or control, please identify the following information with respect to each such document:   its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

D.      If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any portion of these requests, then in response to each such request you shall:

1.  Produce all documents and requested information that may be provided without undertaking what you contend to be an unreasonable burden; and

2.  Set forth the specific steps that would be required to obtain and produce all additional responsive documents and explain why you contend that each of those additional steps would be unreasonably burdensome.

E.      Unless the context clearly requires otherwise, this request for documents includes all documents within your custody or control; those within the custody or control of each of your attorneys, agents, associates and/or employees; and those to which any of these persons has access.

F.       Documents should be produced in a form consistent with any agreement concerning production format entered in this action.

G.       If the documents are provided on an FTP site, all documents must be produced in a way that makes clear the exact location on the FTP site of materials responsive to each numbered request.

H.     All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

I.     All references in these requests to any entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

J.     Organize all documents to correspond to each request below.  For all items produced, identify the names of the person from whom such files were provided.

K.     Respond to each request separately and label or otherwise designate which documents are responsive to each request.  If a document is responsive to more than one request, identify each of the requests as to which that document is responsive.

L.     If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the document should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

M.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019 to the present.

N.     These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that

an answer is in some material respect incomplete or incorrect.  If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you are requested to state this fact in each response.

## III. WARNINGS

A.     A failure to produce the documents requested on time without adequate excuse may result in the Court holding you in contempt under Rule 45(g) of the Federal Rules of Civil Procedure.

## IV.  DOCUMENTS TO BE PRODUCED

1. All documents relating to any redistricting proposal for the Texas Senate, including but not limited to Plan S2168, Senate Bill 4, any draft or introduced amendments to Senate Bill 4, or any other Texas Senate redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

2. All documents relating to any redistricting proposal for the Texas State Board of Education ("SBOE"), including but not limited to Plan E2106, Senate Bill 7, any draft or introduced amendments to Senate Bill 7, or any other Texas SBOE redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

3.  All documents relating to any redistricting proposal for the Texas House of Representatives ("Texas House"), including but not limited to Plan H2316, House Bill 1, any draft or introduced amendments to House Bill 1, or any other Texas House redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population

deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal..

4.  All documents relating to any redistricting proposal for the Texas delegation to the United States House of Representatives, including but not limited to Plan C2193, Senate Bill 6, any draft or introduced amendments to Senate Bill 6, or any other congressional redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population

deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f. communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

5. All documents relating to the process by which a member of the Legislature would propose changes to or comment on redistricting plans or any amendments to redistricting plans, prior to enactment of those plans, for the United States House of Representatives, Texas House of Representatives, Texas Senate or Texas SBOE.

6. All documents relating to the process by which the Senate Special Committee on Redistricting would hear, consider, review, evaluate, amend, propose changes to, vote on, invite testimony about, receive testimony about, or consider testimony on redistricting plans or any amendments to redistricting plans for the United States House of Representatives, Texas House, Texas Senate or Texas SBOE, including but not limited to planning, timing, hearings, outreach,

publicity, public or expert participation, deadlines, limitations, notetaking, staffing or persons or entities involved.

7. All documents relating to voting behavior in Texas elections by race, ethnicity or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, information related to racially polarized voting or other analyses.

8. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas Senate complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

9. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas SBOE complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

10. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas House complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

11. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas delegation to the United States House of

Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

12. All documents relating to standards, requirements, norms, traditional practices or instructions for redistricting in compliance with applicable laws—including but not limited to the U.S. Constitution and the Voting Rights Act—including but not limited to any communications, memoranda, legal cases, analyses, trainings or presentations.

13. All documents relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives following the 2020 decennial Census and that were exchanged between, among, with or within:  the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any SBOE member or their staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives or their staff, any candidate for the office of U.S. Representative from Texas or their staff, any candidate for the Texas House or their staff, any candidate for the Texas Senate or their staff, any candidate for the SBOE or their staff, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, the National Republican

Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas or their staff, any consultant, any member of the faculty of a college or university, any expert, any law firm or attorney, or any vendor, any other political or community group or organization.

14. All documents relating to apportionment of population that is not total population for redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE from January 1, 2020 to the present, including but not limited to memoranda, public statements, correspondence, emails, meeting minutes, call logs, notes, presentations, studies, letters or other communications.  "Apportionment of population that is not total population" includes but is not limited to apportionment based on citizen voting age population.

15. All documents relating to redistricting and Thomas Hofeller, Jerad Najvar, Andy Taylor or Eric Opiela, from January 1, 2018 to the present.

16. All documents from January 1, 2021 to the present, relating to changes in population by race, ethnicity, language minority status, or United States citizenship and relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives that were exchanged between, among, with or within:  the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any SBOE member or their staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee

on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives or their staff, any candidate for the office of U.S. Representative from Texas or their staff, any candidate for the Texas House or their staff, any candidate for the Texas Senate or their staff, any candidate for the SBOE or their staff, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas or their staff, any consultant, any member of the faculty of a college or university, any expert, any law firm or attorney, or any vendor, any other political or community group or organization.

17. All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality or common interest; or any other type of contract relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives, including but not limited to documents referencing any of the following individuals or entities:  Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any

employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any member of the faculty of a college or university, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

18. All documents relating to communications relating to redistricting of Texas seats in the U.S. House of Representatives, the Texas House, the Texas Senate or the Texas SBOE between, among, with or within any of the following individuals or entities:  any member of the Texas Legislature, Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any member of the faculty of a college or university, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

19. Produce all documents reflecting communications related to selecting, vetting, reviewing or retaining any map drawer for any of the following redistricting plans:  C2193, H2316,  S2168 or E2106.

20. Produce all documents, relating to any opportunity for public testimony to the Texas Legislature or any committee or subcommittee thereof—including but not limited to any public notice or document relating to the amount of time allocated for public testimony or the date(s)

during which public testimony would be allowed—between January 1, 2019 and October 25, 2021 on redistricting of the Texas House, Senate, SBOE or congressional districts.

21. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan S2168: SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.

22. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas Senate districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021:  SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

23. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas Senate districts, from January 1, 2021 to the present:  SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.

24. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Senate District 27.

25. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas Senate district in Plan S2100, from January 1, 2021 to the present.

26. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan H2316: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145, HD146, HD147, HD148, HD149, or HD150.

27. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas House districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145,

HD146, HD147, HD148, HD149, and HD150.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

28. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas House districts, from January 1, 2021 to the present: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145, HD146, HD147, HD148, HD149, and  HD150.

29. Please produce all documents reflecting communications made between or among you, your staff and any other person, from January 1, 2021 to the present, relating to the redistricting of House District 31, 37, 90 or 118.

30. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas House district in Plan H2100, from January 1, 2021 to the present.

31. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan C2193: CD2, CD6, CD7, CD8, CD9,

CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.

32. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas congressional districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: CD2, CD6, CD7, CD8, CD9, CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

33. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas congressional districts from January 1, 2021 to the present: CD2, CD6, CD7, CD8, CD9, CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.

34. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Congressional District 15, 23 or 35.

35. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas congressional district in Plan C2100, from January 1, 2021 to the present.

36. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan E2106: ED2, ED3, ED4, ED6, or ED8.

37. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas SBOE districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: ED2, ED3, ED4, ED6, or ED8.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

38. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas SBOE districts, from January 1, 2021 to the present: ED2, ED3, ED4, ED6, or ED8.

39. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Texas SBOE District 2 or 3.

40. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas SBOE district in Plan E2100, from January 1, 2021 to the present.

DATED:  April 26, 2022

Respectfully submitted,

MEXICAN AMERICAN LEGAL DEFENSE
 AND EDUCATIONAL FUND

*/s/ Nina Perales*
Nina Perales
Texas Bar No. 24005046
Samantha Serna
Texas Bar No. 24090888
Fatima Menendez
Texas Bar No. 24090260
Kenneth Parreno*
Massachusetts BBO No. 705747
110 Broadway Street, #300
San Antonio, TX 78205
(210) 224-5476
Fax: (210) 224-5382

* Admitted pro hac vice

*Counsel for LULAC Plaintiffs*

**<u>Certificate of Service</u>**

The undersigned counsel hereby certifies that she served a true and correct copy of the above to all counsel of record on the 26th day of April 2022.


*<u>/s/ Nina Perales</u>*
Nina Perales

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

League of United Latin American Citizens, et al.
_____
*Plaintiff*
v.

Greg Abbott, et al.
_____
*Defendant*

)
)
)
)
)
)

Civil Action No.   3:21-cv-00259-DCG-JES-JVB

(If the action is pending in another district, state where:
_____ )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Representative Mike Schofield
     Texas Capitol, 1100 Congress Ave., Room E2.410, Austin, TX  78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

          See attachment

| Place: MALDEF 110 Broadway, Suite 300 San Antonio, TX  78205 | Date and Time: 05/26/2022 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   04/26/2022

                    *CLERK OF COURT*
                                                          OR
                                                               s/Nina Perales
_____        _____
  *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  _____
_____ , who issues or requests this subpoena, are:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:21-cv-00259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*, <br><br> *Defendants*. | CIVIL ACTION NO. <br> 3:21-cv-00259-DCG-JES-JVB <br> [Consolidated Lead Case] |

## ATTACHMENT A:  SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rules 30, 34 and 45 of the Federal Rules of Civil Procedure, you are commanded to produce at the time, date and place set forth in the Subpoena the following documents, electronically stored information or objections specified in Section IV below, and permit their inspection, copying, testing or sampling of the material in accordance with the Definitions and Instructions set forth below.  Further, you are directed to supplement this production as provided by the same Rules.  Unless counsel for the parties make another agreement, documents are to be produced at 110 Broadway, Suite 300, San Antonio, Texas 78205.

Your responses, any objections and all responsive documents within your custody, possession or control must be served on the undersigned attorneys by the date listed on the subpoena.

1

# I. DEFINITIONS

Pursuant to Local Rule CV-26(b), the full text of the definitions and rules of construction set forth in this paragraph is deemed incorporated by reference into all discovery requests, but shall not preclude (i) the definition of other terms specific to the particular litigation, (ii) the use of abbreviations, or (iii) a more narrow definition of a term defined in this paragraph.  This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.   The following definitions apply to all discovery requests:

(1)    Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(2)    Document.  The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

(3)    Identify (With Respect to Persons).  When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment.   Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4)    Identify (With Respect to Documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(5)    Parties.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6)    Person.  The term "person" means any natural person or business, legal or governmental entity or association, or unincorporated association.

(7)    Concerning.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

In addition to definitions set forth in Local Rule CV-26(b), the following definitions apply to all discovery requests:

(8)     Latino opportunity district.  The term "Latino opportunity district" has the same meaning as in the opinion of the court in *Abbott v. Perez*, 138 S. Ct. 2305 (2018).

(9)     Latino or Hispanic.  The terms "Hispanic" or "Latino" refers to a person of Cuban, Mexican, Puerto Rican, South or Central American, or other Spanish culture or origin regardless of race.[1]

(10)    HVAP.  The term "HVAP" means Hispanic Voting Age Population.

(11)     HCVAP.  The term "HCVAP" means Hispanic Citizen Voting Age Population.

(12)    SSVR.  The term "SSVR" means Spanish Surname Voter Registration.

(13)    SSTO.  The term "SSTO" means Spanish Surname Turnout.  This is the number of Spanish surnamed voters who cast votes in an election.  If expressed as a percent, this is the percent of all votes cast that were cast by Spanish surnamed voters.

(14)    As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any documents or information that might be deemed outside its scope by another construction.

(15)    The term "relating to" shall have its usual meaning and shall also specifically mean reflecting, related to, referring to, describing, representing, evidencing or constituting.

(16)    Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

(17)    "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or a written transcription which is a substantially verbatim recital or an oral statement made by a person which is contemporaneously recorded.

(18)    "You" and "your" shall mean Mike Schofield, as well as any and all other persons or entities acting or purporting to act on behalf of Mike Schofield, including but not limited to any attorney, staff, employee, consultant, contractor, advisor, or agent.

---

[1] U.S. Census, "Hispanic or Latino Origin," available at
https://www.census.gov/quickfacts/fact/note/US/RHI725219#:~:text=for%20racial%20categories.-,Definition,%E2%80%A2Puerto%20Rican

(19)   The plural of any word used herein includes the singular, and the singular includes the plural.

(20)   The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

(21)   87th Texas Legislature.  The term "87th Texas Legislature" means all sessions of the 87th Texas Legislature, including but not limited to the regular session and the special sessions.

(22)   "House Bill 1" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(23)   "Senate Bill 4" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(24)   "Senate Bill 6" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(25)   "Senate Bill 7" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(26)   "Legislator" or "member of the Texas Legislature" or "member of the Legislature" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

(27)   "Staff."  The term "staff" means an individual or group of individuals charged with carrying out the work of your legislative office or campaign, whether paid or volunteer.

(28)   "Map drawer."  The term "map drawer" means any individual who created, composed, drew or revised the boundaries of any district for a Texas redistricting plan, including but not limited to assigning geography into and out of any district using geographic information system (GIS) software.

## II. INSTRUCTIONS

A.     Regarding documents called for by these requests as to which you claim a privilege or which you contend are not subject to production, please provide a list that describes each document and that states with respect to each such document:

1.  the type of document (*e.g.*, letter, memorandum, report, etc.);

2.  the date;

3.  the title;

4.  the number of pages;

5.  the author or addressor;

6.  the names and address or addresses of any persons who have received and/or who have obtained a copy of the document;

7.   the subject matter of the document;

8.  the factual and legal basis of the claim or privilege or ground of non-production asserted with respect to the document; and

9.  any other information which, without revealing the information which is itself privileged or protected, will enable the plaintiffs to assess the application of the privilege asserted, pursuant to Rule 45(e)(2)(A).

B.     If you contend that you are unable to produce fully and completely the documents requested herein, or any portion thereof, after exercising due diligence to locate those documents, please so state, specifying the basis for such limited production, the reasons for the inability to produce the documents requested, whether said documents have been destroyed and why, and whatever information or knowledge that you have related to the location of such documents.

C.      In the event that a responsive document has been destroyed or has passed out of your possession, custody or control, please identify the following information with respect to each such document:   its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

D.      If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any portion of these requests, then in response to each such request you shall:

        1.   Produce all documents and requested information that may be provided without undertaking what you contend to be an unreasonable burden; and

        2.   Set forth the specific steps that would be required to obtain and produce all additional responsive documents and explain why you contend that each of those additional steps would be unreasonably burdensome.

E.      Unless the context clearly requires otherwise, this request for documents includes all documents within your custody or control; those within the custody or control of each of your attorneys, agents, associates and/or employees; and those to which any of these persons has access.

F.       Documents should be produced in a form consistent with any agreement concerning production format entered in this action.

G.       If the documents are provided on an FTP site, all documents must be produced in a way that makes clear the exact location on the FTP site of materials responsive to each numbered request.

H.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

I.      All references in these requests to any entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

J.      Organize all documents to correspond to each request below.  For all items produced, identify the names of the person from whom such files were provided.

K.      Respond to each request separately and label or otherwise designate which documents are responsive to each request.  If a document is responsive to more than one request, identify each of the requests as to which that document is responsive.

L.      If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the document should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

M.      Unless otherwise specified, all document requests concern the period of time from January 1, 2019 to the present.

N.      These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that

an answer is in some material respect incomplete or incorrect.  If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you are requested to state this fact in each response.

## III. WARNINGS

A.     A failure to produce the documents requested on time without adequate excuse may result in the Court holding you in contempt under Rule 45(g) of the Federal Rules of Civil Procedure.

## IV.  DOCUMENTS TO BE PRODUCED

1. All documents relating to any redistricting proposal for the Texas Senate, including but not limited to Plan S2168, Senate Bill 4, any draft or introduced amendments to Senate Bill 4, or any other Texas Senate redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

2. All documents relating to any redistricting proposal for the Texas State Board of Education ("SBOE"), including but not limited to Plan E2106, Senate Bill 7, any draft or introduced amendments to Senate Bill 7, or any other Texas SBOE redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

3.  All documents relating to any redistricting proposal for the Texas House of Representatives ("Texas House"), including but not limited to Plan H2316, House Bill 1, any draft or introduced amendments to House Bill 1, or any other Texas House redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population

deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f. communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal..

4. All documents relating to any redistricting proposal for the Texas delegation to the United States House of Representatives, including but not limited to Plan C2193, Senate Bill 6, any draft or introduced amendments to Senate Bill 6, or any other congressional redistricting proposal developed, seen, introduced, discussed or considered by any person. This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population

deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

5.  All documents relating to the process by which a member of the Legislature would propose changes to or comment on redistricting plans or any amendments to redistricting plans, prior to enactment of those plans, for the United States House of Representatives, Texas House of Representatives, Texas Senate or Texas SBOE.

6.  All documents relating to the process by which the House Committee on Redistricting would hear, consider, review, evaluate, amend, propose changes to, vote on, invite testimony about, receive testimony about, or consider testimony on redistricting plans or any amendments to redistricting plans for the United States House of Representatives, Texas House, Texas Senate or Texas SBOE, including but not limited to planning, timing, hearings, outreach, publicity,

public or expert participation, deadlines, limitations, notetaking, staffing or persons or entities involved.

7. All documents relating to voting behavior in Texas elections by race, ethnicity or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, information related to racially polarized voting or other analyses.

8. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas Senate complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

9. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas SBOE complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

10. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas House complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

11. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas delegation to the United States House of

Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

12. All documents relating to standards, requirements, norms, traditional practices or instructions for redistricting in compliance with applicable laws—including but not limited to the U.S. Constitution and the Voting  Rights Act—including but not limited to any communications, memoranda, legal cases, analyses, trainings or presentations.

13. All documents relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives following the 2020 decennial Census and that were exchanged between, among, with or within:  the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any SBOE member or their staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives or their staff, any candidate for the office of U.S. Representative from Texas or their staff, any candidate for the Texas House or their staff, any candidate for the Texas Senate or their staff, any candidate for the SBOE or their staff, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, the National Republican

Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas or their staff, any consultant, any member of the faculty of a college or university, any expert, any law firm or attorney, or any vendor, any other political or community group or organization.

14. All documents relating to apportionment of population that is not total population for redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE from January 1, 2020 to the present, including but not limited to memoranda, public statements, correspondence, emails, meeting minutes, call logs, notes, presentations, studies, letters or other communications.  "Apportionment of population that is not total population" includes but is not limited to apportionment based on citizen voting age population.

15. All documents relating to redistricting and Thomas Hofeller, Jerad Najvar, Andy Taylor or Eric Opiela, from January 1, 2018 to the present.

16. All documents from January 1, 2021 to the present, relating to changes in population by race, ethnicity, language minority status, or United States citizenship and relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives that were exchanged between, among, with or within:  the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any SBOE member or their staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee

on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives or their staff, any candidate for the office of U.S. Representative from Texas or their staff, any candidate for the Texas House or their staff, any candidate for the Texas Senate or their staff, any candidate for the SBOE or their staff, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas or their staff, any consultant, any member of the faculty of a college or university, any expert, any law firm or attorney, or any vendor, any other political or community group or organization.

17. All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality or common interest; or any other type of contract relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives, including but not limited to documents referencing any of the following individuals or entities:  Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any

employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any member of the faculty of a college or university, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

18. All documents relating to communications relating to redistricting of Texas seats in the U.S. House of Representatives, the Texas House, the Texas Senate or the Texas SBOE between, among, with or within any of the following individuals or entities:  any member of the Texas Legislature, Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any member of the faculty of a college or university, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

19. Produce all documents reflecting communications related to selecting, vetting, reviewing or retaining any map drawer for any of the following redistricting plans:  C2193, H2316,  S2168 or E2106.

20. Produce all documents, relating to any opportunity for public testimony to the Texas Legislature or any committee or subcommittee thereof—including but not limited to any public notice or document relating to the amount of time allocated for public testimony or the date(s)

during which public testimony would be allowed—between January 1, 2019 and October 25, 2021 on redistricting of the Texas House, Senate, SBOE or congressional districts.

21. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan S2168: SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.

22. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas Senate districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021:  SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

23. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas Senate districts, from January 1, 2021 to the present:  SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.

24.  Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Senate District 27.

25.  Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas Senate district in Plan S2100, from January 1, 2021 to the present.

26.  Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan H2316: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145, HD146, HD147, HD148, HD149, or HD150.

27.  Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas House districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145,

HD146, HD147, HD148, HD149, and HD150.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

28. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas House districts, from January 1, 2021 to the present: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145, HD146, HD147, HD148, HD149, and  HD150.

29. Please produce all documents reflecting communications made between or among you, your staff and any other person, from January 1, 2021 to the present, relating to the redistricting of House District 31, 37, 90 or 118.

30. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas House district in Plan H2100, from January 1, 2021 to the present.

31. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan C2193: CD2, CD6, CD7, CD8, CD9,

CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.

32. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas congressional districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: CD2, CD6, CD7, CD8, CD9, CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

33. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas congressional districts from January 1, 2021 to the present: CD2, CD6, CD7, CD8, CD9, CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.

34. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Congressional District 15, 23 or 35.

35. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas congressional district in Plan C2100, from January 1, 2021 to the present.

36. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan E2106: ED2, ED3, ED4, ED6, or ED8.

37. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas SBOE districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: ED2, ED3, ED4, ED6, or ED8.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

38. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas SBOE districts, from January 1, 2021 to the present: ED2, ED3, ED4, ED6, or ED8.

39. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Texas SBOE District 2 or 3.

40. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas SBOE district in Plan E2100, from January 1, 2021 to the present.

DATED: April 26, 2022

Respectfully submitted,

MEXICAN AMERICAN LEGAL DEFENSE
 AND EDUCATIONAL FUND

*/s/ Nina Perales*
Nina Perales
Texas Bar No. 24005046
Samantha Serna
Texas Bar No. 24090888
Fatima Menendez
Texas Bar No. 24090260
Kenneth Parreno*
Massachusetts BBO No. 705747
110 Broadway Street, #300
San Antonio, TX 78205
(210) 224-5476
Fax: (210) 224-5382

* Admitted pro hac vice

*Counsel for LULAC Plaintiffs*

**<u>Certificate of Service</u>**

The undersigned counsel hereby certifies that she served a true and correct copy of the above to all counsel of record on the 26th day of April 2022.


*<u>/s/ Nina Perales</u>*
Nina Perales

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas   ▾

| | |
|---|---|
| League of United Latin American Citizens, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| Greg Abbott, et al. | ) |
| *Defendant* | ) |

Civil Action No.   3:21-cv-00259-DCG-JES-JVB

(If the action is pending in another district, state where:

                                                    )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Senator Paul Bettencourt
Texas Capitol, 1100 Congress Ave., Room 3E.16, Austin, TX  78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attachment.

| Place: MALDEF | Date and Time: |
|---|---|
| 110 Broadway, Suite 300 San Antonio, TX  78205 | 05/26/2022 5:00 pm |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     04/26/2022

                    *CLERK OF COURT*

                                              OR

_____          s/Nina Perales
                                              _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  _____

_____ , who issues or requests this subpoena, are:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:21-cv-00259-DCG-JES-JVB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*

 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

 **(i)** fails to allow a reasonable time to comply;

 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

 **(iv)** subjects a person to undue burden.

 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*

 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

 **(i)** expressly make the claim; and

 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

|  |  |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*, <br><br> *Defendants*. | CIVIL ACTION NO. 3:21-cv-00259-DCG-JES-JVB [Consolidated Lead Case] |

### ATTACHMENT A:  SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rules 30, 34 and 45 of the Federal Rules of Civil Procedure, you are commanded to produce at the time, date and place set forth in the Subpoena the following documents, electronically stored information or objections specified in Section IV below, and permit their inspection, copying, testing or sampling of the material in accordance with the Definitions and Instructions set forth below.  Further, you are directed to supplement this production as provided by the same Rules.  Unless counsel for the parties make another agreement, documents are to be produced at 110 Broadway, Suite 300, San Antonio, Texas 78205.

Your responses, any objections and all responsive documents within your custody, possession or control must be served on the undersigned attorneys by the date listed on the subpoena.

# I. DEFINITIONS

Pursuant to Local Rule CV-26(b), the full text of the definitions and rules of construction set forth in this paragraph is deemed incorporated by reference into all discovery requests, but shall not preclude (i) the definition of other terms specific to the particular litigation, (ii) the use of abbreviations, or (iii) a more narrow definition of a term defined in this paragraph.  This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.   The following definitions apply to all discovery requests:

(1)    Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(2)     Document.  The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

(3)    Identify (With Respect to Persons).  When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment.   Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4)   Identify (With Respect to Documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(5)     Parties.   The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6)     Person.  The term "person" means any natural person or business, legal or governmental entity or association, or unincorporated association.

(7)     Concerning.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

In addition to definitions set forth in Local Rule CV-26(b), the following definitions apply to all discovery requests:

(8)    Latino opportunity district.  The term "Latino opportunity district" has the same meaning as in the opinion of the court in *Abbott v. Perez*, 138 S. Ct. 2305 (2018).

(9)    Latino or Hispanic.  The terms "Hispanic" or "Latino" refers to a person of Cuban, Mexican, Puerto Rican, South or Central American, or other Spanish culture or origin regardless of race.[1]

(10)    HVAP.  The term "HVAP" means Hispanic Voting Age Population.

(11)    HCVAP.  The term "HCVAP" means Hispanic Citizen Voting Age Population.

(12)    SSVR.  The term "SSVR" means Spanish Surname Voter Registration.

(13)    SSTO.  The term "SSTO" means Spanish Surname Turnout.  This is the number of Spanish surnamed voters who cast votes in an election.  If expressed as a percent, this is the percent of all votes cast that were cast by Spanish surnamed voters.

(14)    As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any documents or information that might be deemed outside its scope by another construction.

(15)    The term "relating to" shall have its usual meaning and shall also specifically mean reflecting, related to, referring to, describing, representing, evidencing or constituting.

(16)    Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

(17)    "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or a written transcription which is a substantially verbatim recital or an oral statement made by a person which is contemporaneously recorded.

(18)    "You" and "your" shall mean Paul Bettencourt, as well as any and all other persons or entities acting or purporting to act on behalf of Paul Bettencourt, including but not limited to any attorney, staff, employee, consultant, contractor, advisor, or agent.

---

[1] U.S. Census, "Hispanic or Latino Origin," available at
https://www.census.gov/quickfacts/fact/note/US/RHI725219#:~:text=for%20racial%20categories.-,Definition,%E2%80%A2Puerto%20Rican

(19)   The plural of any word used herein includes the singular, and the singular includes the plural.

(20)   The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

(21)   87th Texas Legislature.  The term "87th Texas Legislature" means all sessions of the 87th Texas Legislature, including but not limited to the regular session and the special sessions.

(22)   "House Bill 1" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(23)   "Senate Bill 4" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(24)   "Senate Bill 6" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(25)   "Senate Bill 7" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(26)   "Legislator" or "member of the Texas Legislature" or "member of the Legislature" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

(27)   "Staff."  The term "staff" means an individual or group of individuals charged with carrying out the work of your legislative office or campaign, whether paid or volunteer.

(28)   "Map drawer."   The term "map drawer" means any individual who created, composed, drew or revised the boundaries of any district for a Texas redistricting plan, including but not limited to assigning geography into and out of any district using geographic information system (GIS) software.

## II. INSTRUCTIONS

A.     Regarding documents called for by these requests as to which you claim a privilege or which you contend are not subject to production, please provide a list that describes each document and that states with respect to each such document:

1.   the type of document (*e.g.*, letter, memorandum, report, etc.);

2.   the date;

3.   the title;

4.   the number of pages;

5.   the author or addressor;

6.   the names and address or addresses of any persons who have received and/or who have obtained a copy of the document;

7.    the subject matter of the document;

8.   the factual and legal basis of the claim or privilege or ground of non-production asserted with respect to the document; and

9.   any other information which, without revealing the information which is itself privileged or protected, will enable the plaintiffs to assess the application of the privilege asserted, pursuant to Rule 45(e)(2)(A).

B.     If you contend that you are unable to produce fully and completely the documents requested herein, or any portion thereof, after exercising due diligence to locate those documents, please so state, specifying the basis for such limited production, the reasons for the inability to produce the documents requested, whether said documents have been destroyed and why, and whatever information or knowledge that you have related to the location of such documents.

C.      In the event that a responsive document has been destroyed or has passed out of your possession, custody or control, please identify the following information with respect to each such document:   its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

D.      If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any portion of these requests, then in response to each such request you shall:

1. Produce all documents and requested information that may be provided without undertaking what you contend to be an unreasonable burden; and

2. Set forth the specific steps that would be required to obtain and produce all additional responsive documents and explain why you contend that each of those additional steps would be unreasonably burdensome.

E.      Unless the context clearly requires otherwise, this request for documents includes all documents within your custody or control; those within the custody or control of each of your attorneys, agents, associates and/or employees; and those to which any of these persons has access.

F.       Documents should be produced in a form consistent with any agreement concerning production format entered in this action.

G.       If the documents are provided on an FTP site, all documents must be produced in a way that makes clear the exact location on the FTP site of materials responsive to each numbered request.

H.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

I.      All references in these requests to any entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

J.      Organize all documents to correspond to each request below.  For all items produced, identify the names of the person from whom such files were provided.

K.      Respond to each request separately and label or otherwise designate which documents are responsive to each request.  If a document is responsive to more than one request, identify each of the requests as to which that document is responsive.

L.      If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the document should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

M.      Unless otherwise specified, all document requests concern the period of time from January 1, 2019 to the present.

N.      These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that

an answer is in some material respect incomplete or incorrect.  If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you are requested to state this fact in each response.

## III. WARNINGS

A.     A failure to produce the documents requested on time without adequate excuse may result in the Court holding you in contempt under Rule 45(g) of the Federal Rules of Civil Procedure.

## IV.  DOCUMENTS TO BE PRODUCED

1. All documents relating to any redistricting proposal for the Texas Senate, including but not limited to Plan S2168, Senate Bill 4, any draft or introduced amendments to Senate Bill 4, or any other Texas Senate redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

2.  All documents relating to any redistricting proposal for the Texas State Board of Education ("SBOE"), including but not limited to Plan E2106, Senate Bill 7, any draft or introduced amendments to Senate Bill 7, or any other Texas SBOE redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

3.  All documents relating to any redistricting proposal for the Texas House of Representatives ("Texas House"), including but not limited to Plan H2316, House Bill 1, any draft or introduced amendments to House Bill 1, or any other Texas House redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population

deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f. communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal..

4. All documents relating to any redistricting proposal for the Texas delegation to the United States House of Representatives, including but not limited to Plan C2193, Senate Bill 6, any draft or introduced amendments to Senate Bill 6, or any other congressional redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population

deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f. communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

5. All documents relating to the process by which a member of the Legislature would propose changes to or comment on redistricting plans or any amendments to redistricting plans, prior to enactment of those plans, for the United States House of Representatives, Texas House of Representatives, Texas Senate or Texas SBOE.

6. All documents relating to the process by which the Senate Special Committee on Redistricting would hear, consider, review, evaluate, amend, propose changes to, vote on, invite testimony about, receive testimony about, or consider testimony on redistricting plans or any amendments to redistricting plans for the United States House of Representatives, Texas House, Texas Senate or Texas SBOE, including but not limited to planning, timing, hearings, outreach,

12

publicity, public or expert participation, deadlines, limitations, notetaking, staffing or persons or entities involved.

7. All documents relating to voting behavior in Texas elections by race, ethnicity or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, information related to racially polarized voting or other analyses.

8. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas Senate complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

9. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas SBOE complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

10. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas House complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

11. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas delegation to the United States House of

Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

12. All documents relating to standards, requirements, norms, traditional practices or instructions for redistricting in compliance with applicable laws—including but not limited to the U.S. Constitution and the Voting Rights Act—including but not limited to any communications, memoranda, legal cases, analyses, trainings or presentations.

13. All documents relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives following the 2020 decennial Census and that were exchanged between, among, with or within:  the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any SBOE member or their staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives or their staff, any candidate for the office of U.S. Representative from Texas or their staff, any candidate for the Texas House or their staff, any candidate for the Texas Senate or their staff, any candidate for the SBOE or their staff, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, the National Republican

Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas or their staff, any consultant, any member of the faculty of a college or university, any expert, any law firm or attorney, or any vendor, any other political or community group or organization.

14. All documents relating to apportionment of population that is not total population for redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE from January 1, 2020 to the present, including but not limited to memoranda, public statements, correspondence, emails, meeting minutes, call logs, notes, presentations, studies, letters or other communications.  "Apportionment of population that is not total population" includes but is not limited to apportionment based on citizen voting age population.

15. All documents relating to redistricting and Thomas Hofeller, Jerad Najvar, Andy Taylor or Eric Opiela, from January 1, 2018 to the present.

16. All documents from January 1, 2021 to the present, relating to changes in population by race, ethnicity, language minority status, or United States citizenship and relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives that were exchanged between, among, with or within:  the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any SBOE member or their staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee

on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives or their staff, any candidate for the office of U.S. Representative from Texas or their staff, any candidate for the Texas House or their staff, any candidate for the Texas Senate or their staff, any candidate for the SBOE or their staff, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas or their staff, any consultant, any member of the faculty of a college or university, any expert, any law firm or attorney, or any vendor, any other political or community group or organization.

17. All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality or common interest; or any other type of contract relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives, including but not limited to documents referencing any of the following individuals or entities:  Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any

employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any member of the faculty of a college or university, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

18. All documents relating to communications relating to redistricting of Texas seats in the U.S. House of Representatives, the Texas House, the Texas Senate or the Texas SBOE between, among, with or within any of the following individuals or entities: any member of the Texas Legislature, Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any member of the faculty of a college or university, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

19. Produce all documents reflecting communications related to selecting, vetting, reviewing or retaining any map drawer for any of the following redistricting plans: C2193, H2316, S2168 or E2106.

20. Produce all documents, relating to any opportunity for public testimony to the Texas Legislature or any committee or subcommittee thereof—including but not limited to any public notice or document relating to the amount of time allocated for public testimony or the date(s)

during which public testimony would be allowed—between January 1, 2019 and October 25, 2021 on redistricting of the Texas House, Senate, SBOE or congressional districts.

21. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan S2168: SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.

22. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas Senate districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021:  SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

23. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas Senate districts, from January 1, 2021 to the present:  SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.

24. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Senate District 27.

25. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas Senate district in Plan S2100, from January 1, 2021 to the present.

26. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan H2316: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145, HD146, HD147, HD148, HD149, or HD150.

27. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas House districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145,

HD146, HD147, HD148, HD149, and HD150.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

28. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas House districts, from January 1, 2021 to the present: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145, HD146, HD147, HD148, HD149, and  HD150.

29. Please produce all documents reflecting communications made between or among you, your staff and any other person, from January 1, 2021 to the present, relating to the redistricting of House District 31, 37, 90 or 118.

30. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas House district in Plan H2100, from January 1, 2021 to the present.

31. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan C2193: CD2, CD6, CD7, CD8, CD9,

CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.

32. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas congressional districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: CD2, CD6, CD7, CD8, CD9, CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

33. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas congressional districts from January 1, 2021 to the present: CD2, CD6, CD7, CD8, CD9, CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.

34. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Congressional District 15, 23 or 35.

35. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas congressional district in Plan C2100, from January 1, 2021 to the present.

36. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan E2106: ED2, ED3, ED4, ED6, or ED8.

37. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas SBOE districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: ED2, ED3, ED4, ED6, or ED8.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

38. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas SBOE districts, from January 1, 2021 to the present: ED2, ED3, ED4, ED6, or ED8.

39. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Texas SBOE District 2 or 3.

40. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas SBOE district in Plan E2100, from January 1, 2021 to the present.

DATED:  April 26, 2022                              Respectfully submitted,

MEXICAN AMERICAN LEGAL DEFENSE
 AND EDUCATIONAL FUND

*/s/ Nina Perales*
Nina Perales
Texas Bar No. 24005046
Samantha Serna
Texas Bar No. 24090888
Fatima Menendez
Texas Bar No. 24090260
Kenneth Parreno*
Massachusetts BBO No. 705747
110 Broadway Street, #300
San Antonio, TX 78205
(210) 224-5476
Fax: (210) 224-5382

* Admitted pro hac vice

*Counsel for LULAC Plaintiffs*

## **Certificate of Service**

The undersigned counsel hereby certifies that she served a true and correct copy of the above to all counsel of record on the 26th day of April 2022.


*/s/ Nina Perales*
Nina Perales

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas ▢ ▾

| | |
|---|---|
| League of United Latin American Citizens, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Greg Abbott, et al. | ) |
| *Defendant* | ) |

Civil Action No.   3:21-cv-00259-DCG-JES-JVB

(If the action is pending in another district, state where:
                                                            )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Senator Robert Nichols
       Texas Capitol, 1100 Congress Ave., Room E1.704, Austin, TX  78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

          See attachment

| Place: MALDEF 110 Broadway, Suite 300 San Antonio, TX  78205 | Date and Time: 05/26/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    04/26/2022

| *CLERK OF COURT* | OR | s/Nina Perales |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____

_____, who issues or requests this subpoena, are:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:21-cv-00259-DCG-JES-JVB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                                          _____
                                                    *Printed name and title*

                                          _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;

  **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

|  |  |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*, <br><br> *Defendants*. | CIVIL ACTION NO. <br> 3:21-cv-00259-DCG-JES-JVB <br> [Consolidated Lead Case] |

## ATTACHMENT A:  SUBPOENA FOR DOCUMENTS AND RECORDS

Pursuant to Rules 30, 34 and 45 of the Federal Rules of Civil Procedure, you are commanded to produce at the time, date and place set forth in the Subpoena the following documents, electronically stored information or objections specified in Section IV below, and permit their inspection, copying, testing or sampling of the material in accordance with the Definitions and Instructions set forth below.  Further, you are directed to supplement this production as provided by the same Rules.  Unless counsel for the parties make another agreement, documents are to be produced at 110 Broadway, Suite 300, San Antonio, Texas 78205.

Your responses, any objections and all responsive documents within your custody, possession or control must be served on the undersigned attorneys by the date listed on the subpoena.

# I. DEFINITIONS

Pursuant to Local Rule CV-26(b), the full text of the definitions and rules of construction set forth in this paragraph is deemed incorporated by reference into all discovery requests, but shall not preclude (i) the definition of other terms specific to the particular litigation, (ii) the use of abbreviations, or (iii) a more narrow definition of a term defined in this paragraph.  This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.   The following definitions apply to all discovery requests:

(1)    Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(2)     Document.  The term "document" means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

(3)    Identify (With Respect to Persons).  When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment.   Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4)    Identify (With Respect to Documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(5)     Parties.   The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6)     Person.  The term "person" means any natural person or business, legal or governmental entity or association, or unincorporated association.

(7)     Concerning.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

In addition to definitions set forth in Local Rule CV-26(b), the following definitions apply to all discovery requests:

(8)    Latino opportunity district.  The term "Latino opportunity district" has the same meaning as in the opinion of the court in *Abbott v. Perez*, 138 S. Ct. 2305 (2018).

(9)    Latino or Hispanic.  The terms "Hispanic" or "Latino" refers to a person of Cuban, Mexican, Puerto Rican, South or Central American, or other Spanish culture or origin regardless of race.[1]

(10)    HVAP.  The term "HVAP" means Hispanic Voting Age Population.

(11)    HCVAP.  The term "HCVAP" means Hispanic Citizen Voting Age Population.

(12)    SSVR.  The term "SSVR" means Spanish Surname Voter Registration.

(13)    SSTO.  The term "SSTO" means Spanish Surname Turnout.  This is the number of Spanish surnamed voters who cast votes in an election.  If expressed as a percent, this is the percent of all votes cast that were cast by Spanish surnamed voters.

(14)    As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any documents or information that might be deemed outside its scope by another construction.

(15)    The term "relating to" shall have its usual meaning and shall also specifically mean reflecting, related to, referring to, describing, representing, evidencing or constituting.

(16)    Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any persons or public or private entity having physical control thereof.

(17)    "Statement" means and includes any written or graphic statement signed or otherwise adopted or approved by the users in making it, any stenographic, mechanical, electrical or other recording or a written transcription which is a substantially verbatim recital or an oral statement made by a person which is contemporaneously recorded.

(18)    "You" and "your" shall mean Robert Nichols, as well as any and all other persons or entities acting or purporting to act on behalf of Robert Nichols, including but not limited to any attorney, staff, employee, consultant, contractor, advisor, or agent.

---

[1] U.S. Census, "Hispanic or Latino Origin," available at
https://www.census.gov/quickfacts/fact/note/US/RHI725219#:~:text=for%20racial%20categories.-,Definition,%E2%80%A2Puerto%20Rican

(19)   The plural of any word used herein includes the singular, and the singular includes the plural.

(20)   The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

(21)   87th Texas Legislature.  The term "87th Texas Legislature" means all sessions of the 87th Texas Legislature, including but not limited to the regular session and the special sessions.

(22)   "House Bill 1" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(23)   "Senate Bill 4" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(24)   "Senate Bill 6" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(25)   "Senate Bill 7" means the bill with that number in the third-called special session of the 87th Texas Legislature.

(26)   "Legislator" or "member of the Texas Legislature" or "member of the Legislature" means a past or present elected member of the Texas House of Representatives ("Texas House") or the Texas Senate, including such member's past or present employees, legislative office staff, district office staff, committee staff, caucus staff, campaign staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on the member's behalf or subject to the member's control or on behalf of any committee or other body of which the elected member is a member.

(27)   "Staff."  The term "staff" means an individual or group of individuals charged with carrying out the work of your legislative office or campaign, whether paid or volunteer.

(28)   "Map drawer."   The term "map drawer" means any individual who created, composed, drew or revised the boundaries of any district for a Texas redistricting plan, including but not limited to assigning geography into and out of any district using geographic information system (GIS) software.

## II. INSTRUCTIONS

A.      Regarding documents called for by these requests as to which you claim a privilege or which you contend are not subject to production, please provide a list that describes each document and that states with respect to each such document:

1.  the type of document (*e.g.*, letter, memorandum, report, etc.);

2.  the date;

3.  the title;

4.  the number of pages;

5.  the author or addressor;

6.  the names and address or addresses of any persons who have received and/or who have obtained a copy of the document;

7.   the subject matter of the document;

8.  the factual and legal basis of the claim or privilege or ground of non-production asserted with respect to the document; and

9.  any other information which, without revealing the information which is itself privileged or protected, will enable the plaintiffs to assess the application of the privilege asserted, pursuant to Rule 45(e)(2)(A).

B.      If you contend that you are unable to produce fully and completely the documents requested herein, or any portion thereof, after exercising due diligence to locate those documents, please so state, specifying the basis for such limited production, the reasons for the inability to produce the documents requested, whether said documents have been destroyed and why, and whatever information or knowledge that you have related to the location of such documents.

C.      In the event that a responsive document has been destroyed or has passed out of your possession, custody or control, please identify the following information with respect to each such document:   its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

D.      If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any portion of these requests, then in response to each such request you shall:

1.  Produce all documents and requested information that may be provided without undertaking what you contend to be an unreasonable burden; and

2.  Set forth the specific steps that would be required to obtain and produce all additional responsive documents and explain why you contend that each of those additional steps would be unreasonably burdensome.

E.      Unless the context clearly requires otherwise, this request for documents includes all documents within your custody or control; those within the custody or control of each of your attorneys, agents, associates and/or employees; and those to which any of these persons has access.

F.       Documents should be produced in a form consistent with any agreement concerning production format entered in this action.

G.       If the documents are provided on an FTP site, all documents must be produced in a way that makes clear the exact location on the FTP site of materials responsive to each numbered request.

H.      All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

I.      All references in these requests to any entity, governmental entity, or any other type of organization include its past or present officers, executives, directors, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents and all other persons or entities acting or purporting to act on behalf of such an organization or subject to its control.

J.      Organize all documents to correspond to each request below.  For all items produced, identify the names of the person from whom such files were provided.

K.      Respond to each request separately and label or otherwise designate which documents are responsive to each request.  If a document is responsive to more than one request, identify each of the requests as to which that document is responsive.

L.      If any requested document or other potentially relevant document is subject to destruction under any document retention or destruction program, the document should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court.

M.      Unless otherwise specified, all document requests concern the period of time from January 1, 2019 to the present.

N.      These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after you serve your response.  You must also amend your responses to these requests if you learn that

an answer is in some material respect incomplete or incorrect.  If you expect to obtain further information or expect the accuracy of a response given to change between the time responses are served and the time of trial, you are requested to state this fact in each response.

### III. WARNINGS

A.      A failure to produce the documents requested on time without adequate excuse may result in the Court holding you in contempt under Rule 45(g) of the Federal Rules of Civil Procedure.

### IV.  DOCUMENTS TO BE PRODUCED

1. All documents relating to any redistricting proposal for the Texas Senate, including but not limited to Plan S2168, Senate Bill 4, any draft or introduced amendments to Senate Bill 4, or any other Texas Senate redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f.  communications, including but not limited to negotiations, regarding any redistricting proposal; and

g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

2.  All documents relating to any redistricting proposal for the Texas State Board of Education ("SBOE"), including but not limited to Plan E2106, Senate Bill 7, any draft or introduced amendments to Senate Bill 7, or any other Texas SBOE redistricting proposal developed, seen, introduced, discussed or considered by any person.  This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f. communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

3. All documents relating to any redistricting proposal for the Texas House of Representatives ("Texas House"), including but not limited to Plan H2316, House Bill 1, any draft or introduced amendments to House Bill 1, or any other Texas House redistricting proposal developed, seen, introduced, discussed or considered by any person. This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population

deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f. communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal..

4. All documents relating to any redistricting proposal for the Texas delegation to the United States House of Representatives, including but not limited to Plan C2193, Senate Bill 6, any draft or introduced amendments to Senate Bill 6, or any other congressional redistricting proposal developed, seen, introduced, discussed or considered by any person. This request includes but is not limited to documents relating to:

a. the origination(s) or source(s) of any such redistricting proposal;

b. the impetus, rationale, background or motivation for any such redistricting proposal;

c. all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population

deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

d. the pairing of any incumbents in any such redistricting proposal;

e. any amendment, whether partial or total, to each such redistricting proposal;

f. communications, including but not limited to negotiations, regarding any redistricting proposal; and

g. all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) SSTO, (4) the likelihood of success for Republican or Democratic candidates in any HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

5. All documents relating to the process by which a member of the Legislature would propose changes to or comment on redistricting plans or any amendments to redistricting plans, prior to enactment of those plans, for the United States House of Representatives, Texas House of Representatives, Texas Senate or Texas SBOE.

6. All documents relating to the process by which the Senate Special Committee on Redistricting would hear, consider, review, evaluate, amend, propose changes to, vote on, invite testimony about, receive testimony about, or consider testimony on redistricting plans or any amendments to redistricting plans for the United States House of Representatives, Texas House, Texas Senate or Texas SBOE, including but not limited to planning, timing, hearings, outreach,

publicity, public or expert participation, deadlines, limitations, notetaking, staffing or persons or entities involved.

7. All documents relating to voting behavior in Texas elections by race, ethnicity or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, information related to racially polarized voting or other analyses.

8. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas Senate complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

9. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas SBOE complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

10. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas House complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

11. For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas delegation to the United States House of

Representatives complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

12. All documents relating to standards, requirements, norms, traditional practices or instructions for redistricting in compliance with applicable laws—including but not limited to the U.S. Constitution and the Voting Rights Act—including but not limited to any communications, memoranda, legal cases, analyses, trainings or presentations.

13. All documents relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives following the 2020 decennial Census and that were exchanged between, among, with or within:  the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any SBOE member or their staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives or their staff, any candidate for the office of U.S. Representative from Texas or their staff, any candidate for the Texas House or their staff, any candidate for the Texas Senate or their staff, any candidate for the SBOE or their staff, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, the National Republican

Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas or their staff, any consultant, any member of the faculty of a college or university, any expert, any law firm or attorney, or any vendor, any other political or community group or organization.

14. All documents relating to apportionment of population that is not total population for redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE from January 1, 2020 to the present, including but not limited to memoranda, public statements, correspondence, emails, meeting minutes, call logs, notes, presentations, studies, letters or other communications.  "Apportionment of population that is not total population" includes but is not limited to apportionment based on citizen voting age population.

15. All documents relating to redistricting and Thomas Hofeller, Jerad Najvar, Andy Taylor or Eric Opiela, from January 1, 2018 to the present.

16. All documents from January 1, 2021 to the present, relating to changes in population by race, ethnicity, language minority status, or United States citizenship and relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives that were exchanged between, among, with or within:  the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any SBOE member or their staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee

on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives or their staff, any candidate for the office of U.S. Representative from Texas or their staff, any candidate for the Texas House or their staff, any candidate for the Texas Senate or their staff, any candidate for the SBOE or their staff, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local elected official in Texas or their staff, any consultant, any member of the faculty of a college or university, any expert, any law firm or attorney, or any vendor, any other political or community group or organization.

17. All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality or common interest; or any other type of contract relating to redistricting of the Texas House, Texas Senate, Texas SBOE or Texas delegation to the United States House of Representatives, including but not limited to documents referencing any of the following individuals or entities:  Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any

employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any member of the faculty of a college or university, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

18. All documents relating to communications relating to redistricting of Texas seats in the U.S. House of Representatives, the Texas House, the Texas Senate or the Texas SBOE between, among, with or within any of the following individuals or entities: any member of the Texas Legislature, Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any member of the faculty of a college or university, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

19. Produce all documents reflecting communications related to selecting, vetting, reviewing or retaining any map drawer for any of the following redistricting plans: C2193, H2316, S2168 or E2106.

20. Produce all documents, relating to any opportunity for public testimony to the Texas Legislature or any committee or subcommittee thereof—including but not limited to any public notice or document relating to the amount of time allocated for public testimony or the date(s)

during which public testimony would be allowed—between January 1, 2019 and October 25, 2021 on redistricting of the Texas House, Senate, SBOE or congressional districts.

21. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan S2168: SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.

22. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas Senate districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021:  SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

23. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas Senate districts, from January 1, 2021 to the present:  SD2, SD8, SD9, SD10, SD12, SD14, SD16, SD19, SD21, SD22, SD23, SD 24, SD25, SD26, or SD27.

24. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Senate District 27.

25. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas Senate district in Plan S2100, from January 1, 2021 to the present.

26. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan H2316: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145, HD146, HD147, HD148, HD149, or HD150.

27. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas House districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145,

HD146, HD147, HD148, HD149, and HD150.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

28. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas House districts, from January 1, 2021 to the present: HD17, HD31, HD37, HD44, HD45, HD53, HD69, HD71, HD72, HD73, HD74, HD75, HD77, HD78, HD79, HD81, HD82, HD83, HD84, HD86, HD87, HD88, HD90, HD117, HD118, HD124, HD126, HD127, HD128, HD129, HD130, HD131, HD132, HD133, HD134, HD135, HD137, HD138, HD139, HD140, HD141, HD142, HD143, HD144, HD145, HD146, HD147, HD148, HD149, and  HD150.

29. Please produce all documents reflecting communications made between or among you, your staff and any other person, from January 1, 2021 to the present, relating to the redistricting of House District 31, 37, 90 or 118.

30. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas House district in Plan H2100, from January 1, 2021 to the present.

31. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan C2193: CD2, CD6, CD7, CD8, CD9,

CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.

32. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas congressional districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: CD2, CD6, CD7, CD8, CD9, CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

33. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas congressional districts from January 1, 2021 to the present: CD2, CD6, CD7, CD8, CD9, CD10, CD12 CD15, CD18, CD22, CD24, CD23, CD25, CD27, CD28, CD29, CD30, CD32, CD33, CD35, CD36 or CD38.

34. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Congressional District 15, 23 or 35.

35. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas congressional district in Plan C2100, from January 1, 2021 to the present.

36. Produce all documents, for the time period January 1, 2021 to the present, relating to the actual or potential creation of a Latino opportunity district in any geographic areas encompassed by any or all of the following districts in Plan E2106: ED2, ED3, ED4, ED6, or ED8.

37. Produce all draft and final versions of documents—including but not limited to tables, reports or maps—detailing or reflecting any boundary change to any of the following Texas SBOE districts, whether or not those versions resulted in any proposal during the 87th Texas Legislature in 2021, that you created, worked on or saw between the dates January 1, 2021 and October 25, 2021: ED2, ED3, ED4, ED6, or ED8.  This request includes all files saved to or stored in computer systems, including but not limited to the computer system provided by the Texas Legislative Council known as REDAPPL.

38. Produce all documents reflecting any change suggested, recommended or proposed by any person other than you or your staff to any of the following Texas SBOE districts, from January 1, 2021 to the present: ED2, ED3, ED4, ED6, or ED8.

39. Please produce all documents reflecting communications made during the 87th Legislature between or among you, your staff or any other person, from January 1, 2021 to the present, relating to the redistricting of Texas SBOE District 2 or 3.

40. Produce all documents reflecting or containing the criteria used to make changes to any boundary of any Texas SBOE district in Plan E2100, from January 1, 2021 to the present.

DATED:  April 26, 2022

Respectfully submitted,

MEXICAN AMERICAN LEGAL DEFENSE
  AND EDUCATIONAL FUND

*/s/ Nina Perales*
Nina Perales
Texas Bar No. 24005046
Samantha Serna
Texas Bar No. 24090888
Fatima Menendez
Texas Bar No. 24090260
Kenneth Parreno*
Massachusetts BBO No. 705747
110 Broadway Street, #300
San Antonio, TX 78205
(210) 224-5476
Fax: (210) 224-5382

* Admitted pro hac vice

*Counsel for LULAC Plaintiffs*

**<u>Certificate of Service</u>**

The undersigned counsel hereby certifies that she served a true and correct copy of the above to all counsel of record on the 26th day of April 2022.


*<u>/s/ Nina Perales</u>*
Nina Perales