

**National Headquarters**
MALDEF Nonprofit Center
634 S. Spring Street, 12th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Atlanta**
**Program Office**
500 W. Lanier Ave.
Suite 908
Fayetteville, GA 30215
*Tel:* 470.878.0785

**Chicago**
**Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
*Tel:* 312.427.0701
*Fax:* 312.427.0691

**Los Angeles**
**Regional Office**
634 S. Spring Street,
11th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Sacramento**
**Program Office**
1512 14th Street
Sacramento, CA 95814
*Tel:* 916.444.3031
*Fax:* 916.444.7207

**San Antonio**
**Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
*Tel:* 210.224.5476
*Fax:* 210.224.5382

**Washington, D.C.**
**Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
*Tel:* 202.293.2828

August 9, 2022

Patrick K. Sweeten
Deputy Attorney General for Special Litigation
Office of the Attorney General
William T. Thompson
Deputy Chief, Special Litigation Unit
Jack DiSorbo
Assistant Attorney General, Special Litigation Unit
P.O. Box 12548 (MC-009)
Austin, TX  78711-2548

Taylor A.R. Meehan
Frank Chang
Consovoy McCarthy PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209

**RE:  Meet and Confer Letter Regarding July 15, 2022 Privilege Log for LULAC Plaintiffs' Document Subpoenas,** *LULAC v. Abbott***, No. 3:21-cv-259-DCG-JES-JVB (W.D. Tex.)**

Dear Counsel,

Following up on our conversation by Zoom yesterday (August 8, 2022), I am writing to meet and confer regarding the July 15, 2022 privilege log (the "Privilege Log") in connection with document subpoenas served on the following individuals:  Representative Mike Schofield, Senator Bryan Hughes, Senator Paul Bettencourt, Senator Donna Campbell, Senator Jane Nelson, Senator Brian Birdwell, Senator Charles Perry, and Senator Robert Nichols (together, the "Legislators").  I am happy to set up a time to discuss by phone or Zoom anything raised in this letter.  Please respond to this letter by August 11, 2022.

On April 26, 2022, LULAC Plaintiffs served document subpoenas on the Legislators.  On May 26, 2022, counsel for the Legislators produced some documents to LULAC Plaintiffs in response to those document subpoenas, but did not timely produce a privilege log.

On June 28, 2022, counsel LULAC Plaintiffs met and conferred by email with counsel for the Legislators, requesting the privilege log in connection with the Legislators' production.  On July 1, 2022, the Legislators produced a partial privilege log—which contained 20 documents from only Senator Perry—and indicated they would supplement the privilege log at a later date.

On July 6, 2022, in response to their subpoenas, LULAC Plaintiffs received a link with documents from Senator Hughes, Senator Nelson, Senator Campbell and Representative Schofield.  On July 10, 2022, counsel for LULAC Plaintiffs emailed counsel for the Legislators requesting an update on the status of the supplemental privilege log.  On July 15, 2022, counsel for the Legislators served a supplemental privilege log (the Privilege Log), which listed documents for all Legislators.

LULAC Plaintiffs seek the production of several documents listed in the Privilege Log.  Additionally, LULAC Plaintiffs seek clarification regarding the information included for several entries.  All documents at issue in this letter are listed in Exhibit A.

This letter serves as a meet and confer regarding the production of all documents listed in Exhibits A.  In light of the forthcoming deadline to file a motion to compel in connection with the Privilege Log, we request that you respond to this letter by August 11, 2022.

## I.    Clarification of Certain Individuals and Documents Listed in the Privilege Log.

To further assess the Legislators' privilege assertions, LULAC Plaintiffs seek clarification regarding the information listed for some of the entries in the Privilege Log.

First, the Privilege Log lists (as authors or recipients) individuals who appear not to have been legislators or legislative staff at the time certain documents were created or shared.  *See* Ex. B.  For each of the following individuals listed in Exhibit B, please indicate during what time period, if any, the individual was an employee of the Texas Legislature:

- Brad Shields
- Rob Callan
- Bryan Dunaway

Second, the Privilege Log describes several documents as "internal notes" (including "Confidential internal notes on draft redistricting legislation").  *See* Ex. D. Because information in these "internal notes" may fall outside of the scope of the privileges asserted, please provide further detail regarding whether these "internal notes" contain underlying data or other fact-based information that is not subject to the legislative privilege, including data relating to redistricting legislation (including but not limited to demographic data, alternative maps, information on voting behavior, or data on

election performance). *See infra*, Section II; *see also* Dkts. 447 at 7-8, 11-12 and 521 at 9-10.

Third, the Privilege Log describes several other documents simply as "[c]onfidential communication[s]," including as "[C]onfidential communication[s] regarding draft redistricting legislation." *See* Ex. E. As with the documents listed in Exhibit D, the information in the communications listed in Exhibit E may fall outside of the scope of the privileges asserted. Accordingly, please provide further detail regarding whether these documents contain underlying data or other fact-based information that is not subject to the legislative privilege, including data relating to redistricting legislation (including but not limited to demographic data, alternative maps, information on voting behavior, or data on election performance). *See infra*, Section II; *see also* Dkts. 447 at 7-8, 11-12 and 521 at 9-10.

## II.    Improper Assertions of the Legislative Privilege

LULAC Plaintiffs seek several documents listed in the Privilege Log for largely the same reasons articulated in their previous motion to compel document subpoenas from legislators and other officials. *See* Dkt. 447. Those documents should be disclosed because, among other reasons:[1]

- They reflect communications with third parties—based on the information currently available to LULAC Plaintiffs—and/or reflect public information that was not a part of an internal exchange, thereby waiving the legislative privilege and/or attorney-client privilege. Exs. B and C; *see also* Dkts. 447 at 5-7, 12-13 and 521 at 5-6.
- They contain data or other facts that are not protected by the legislative privilege and/or attorney-client privilege. Exs. F (data) and G (maps); *see also* Dkts. 447 at 7-8, 11-12 and 521 at 9-10.
- The reflect calendar entries, which are not subject to any protection. Ex. H; *see* Dkt. 447 at 8, 12-13.
- They reflect communications that occurred after the enactment of the challenged redistricting plans, and therefore could not be an integral part of the legislative process.[2] Ex. I; *see also* Dkt. 521 at 8.

Additionally, to the extent that the legislative privilege can be asserted over any of the documents identified above or otherwise included in Exhibit A, the privilege should

---

[1] Additionally, to the extent that any supplemental information regarding the documents listed in Exhibits B and C indicate that these reasons apply, *see supra*, Section I, LULAC Plaintiffs intend to assert these reasons to support the disclosure of those documents.

[2] At a minimum, the legislative privilege does not apply to documents that were created after the date the challenged redistricting bills were sent to the Governor. All four challenged bills were sent to the Governor by October 19, 2021.

yield.  *See  Perez v. Perry*, No. SA-11-CV-360-OLG-JES-XR, 2014 WL 106927, at *2 (W.D. Tex. Jan. 8, 2014).  For each of these documents, the *Perez* factors weigh heavily in favor of disclosure, as articulated in LULAC Plaintiffs' previous motion to compel document subpoenas from legislators and other officials, as well as Private Plaintiffs' motion to compel portions of deposition testimony.  *See* Dkts. 447 at 8-10 and 521 at 11-15.

In light of the above, please indicate which, if any, documents listed in Exhibit A that you intend to produce.  If you do not intend to produce any documents absent an order of the Court, please state so.

* * *

LULAC Plaintiffs reserve the right to raise additional issues with the Privilege Log, as necessary, though will of course endeavor to meet and confer regarding any additional issues.  We hope that the parties can narrow the scope of disagreement or reach an amicable resolution without seeking Court intervention, and we look forward to your response by August 11, 2022.

Sincerely,

Nina Perales

Nina Perales
Kenneth Parreno
Mexican American Legal Defense and
Educational Fund (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205

*Counsel for LULAC Plaintiffs*