

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

August 12th, 2022

Nina Perales
Kenneth Parreno
Mexican American Legal Defense and
Educational Fund (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205

Re: Response to Letter of August 9th, 2022

Dear Counsel,

     We are in receipt of your letter of August 9th, 2022. This message addresses several subjects raised in that letter, all of which relate to the document production and privilege assertions of Representative Mike Schofield, Senator Bryan Hughes, Senator Charles Perry, Senator Jane Nelson, Senator Paul Bettencourt, and Senator Robert Nichols (the "Legislators"). As an initial matter, you note your upcoming deadline to file a motion to compel as to these Legislators. Letter at 2. As we have in past similar circumstances, we are willing to agree to extend that deadline in the interest of pursuing informal resolution of your concerns.

     In addition, we anticipate that some disagreements may remain in response to this letter. During the meet and confer referenced in your letter, we discussed the possibility of reaching a stipulation or informal agreement relating to these documents, in light of the Fifth Circuit's staying the district court order to compel on legislator documents. We think this would be an appropriate way to save both parties' resources. Many, if not all, of the issues presented here were also presented in the United States' motion to compel, and will be addressed by the appeal. It would be most efficient to apply that forthcoming order to these discussions as well. If that is something LULAC plaintiffs are open to, we would be happy to meet and discuss.

     To address specific points made in your letter, you seek additional information as to several individuals. Letter at 2.

- Rob Callan served as general counsel to Senator Charles Perry, leaving the office after the third called session of the 87th Legislature.
- Brad Shields and Bryan Dunaway are consultants, who have been employed at various times by Representative Schofield and Senator Bettencourt, respectively.

You seek additional information relating to legislators' personal notes on the draft redistricting legislation. Letter at 2-3. These notes relate to a number of different specific subjects, but all relate directly to the particular legislator's thoughts and mental impressions regarding the redistricting legislation. Additional information is not necessary because it is beyond debate that a legislator's personal notes regarding draft legislation are subject to legislative privilege. *See, e.g.*, *LUPE v. Abbott*, No. 5:21-cv-844, 2022 WL 1667687, at *6 (W.D. Tex. May 25, 2022) ("The State Legislators have additionally asserted the legislative privilege as to several internal documents such as notes and drafts of election legislation . . . These documents and communications are subject to the legislative privilege."), *stayed pending appeal*; *LULAC v. Abbott*, No. 3:21-cv-259, 2022 WL 2921793 at *4-5 (W.D. Tex. July 25, 2022) (applying legislative privilege to notes), *stayed pending appeal*. We understand you may take the position that the legislative privilege should yield here. But the applicability of the legislative privilege is not in question.

You also seek additional information relating to confidential communications exchanged solely between members of the legislators and their staff. Letter at 3. As is the case for personal notes, the substance of confidential communications relating to pending legislation is without question subject to the legislative privilege. *LUPE*, 2022 WL 1667687 at *6 ("communications with the State Legislators and their staff"); *LULAC*, 2022 WL 2921793 at *4-5 (applying the legislative privilege to legislator communications). Additional information as to the substance of the confidential communications is therefore unnecessary and improper.

You also assert that a number of privilege assertions are improper.
- As to communications with third parties, Letter Ex. B, we maintain that such communications are protected by the legislative privilege where, as here, they are made in confidence and in furtherance of a legislator's legislative duties;
- As to the assertion that two documents address only public information, Letter Ex. C, these are Senator Bettencourt's personal notes regarding a committee hearing. They reveal his thoughts and mental impressions regarding those proceedings, including his thoughts and mental impressions as to the draft redistricting legislation. Those notes are not public data;
- As to the assertion that data is not protected by the legislative and attorney-client privilege, Letter Ex. F and Ex. G, we maintain that such information is privileged where, as here, it is used expressly in furtherance of considering legislation or seeking or providing legal advice;
- As to the assertion relating to calendar entries, Letter Ex. H, this entry is for a meeting that was not publicly available. As such, it is a confidential meeting and the subject and participants of that meeting would reveal Senator Perry's thoughts and mental impressions relating to draft redistricting legislation;

- As to the date of certain communications, <u>Letter Exhibit I</u>. We disagree that documents sent on October 20 and October 25 are not subject to the legislative privilege. To address two specific points:
    - DOC_0357062 is listed as a communication sent on 05/10/2022. This is in error. The correct date the communication was sent is 10/20/2020.
    - DOC_0357128 is listed as a communication sent on 05/10/2022. This is in error. The correct date the communication was sent is 12/02/2020.

We also disagree that the legislative privilege should yield in these circumstances. *Compare* <u>Letter at 4</u>.

We appreciate your letter, and your continued efforts to resolve your concerns informally. If there are any additional subjects you would like to discuss in response to this letter, please let us know.

Sincerely,

*/s/ Jack DiSorbo*
Jack DiSorbo

Office of the Attorney General of Texas

Patrick K. Sweeten
Deputy Attorney General for Special Litigation

William T. Thompson
Deputy Chief, Special Litigation Unit

Jack DiSorbo
Assistant Attorney General, Special Litigation Unit

P.O. Box 12548 (MC-009)
Austin, TX 78711-2548