

**National Headquarters**
MALDEF Nonprofit Center
634 S. Spring Street, 12th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Atlanta
Program Office**
500 W. Lanier Ave.
Suite 908
Fayetteville, GA 30215
*Tel:* 470.878.0785

**Chicago
Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
*Tel:* 312.427.0701
*Fax:* 312.427.0691

**Los Angeles
Regional Office**
634 S. Spring Street,
11th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Sacramento
Program Office**
1512 14th Street
Sacramento, CA 95814
*Tel:* 916.444.3031
*Fax:* 916.444.7207

**San Antonio
Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
*Tel:* 210.224.5476
*Fax:* 210.224.5382

**Washington, D.C.
Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
*Tel:* 202.293.2828

August 11, 2022

Patrick K. Sweeten
Deputy Attorney General for Special Litigation
Office of the Attorney General
William T. Thompson
Deputy Chief, Special Litigation Unit
Jack DiSorbo
Assistant Attorney General, Special Litigation Unit
P.O. Box 12548 (MC-009)
Austin, TX  78711-2548

**RE: Follow Up on Meet and Confer Regarding the State of Texas's August 2, 2022 Supplemental Privilege Log for LULAC Plaintiffs' Request for Production of Documents, *LULAC v. Abbott*, No. 3:21-cv-259-DCG-JES-JVB (W.D. Tex.)**

Dear Counsel,

Following up on our conversation during our August 8, 2022 meet and confer, I am writing to request clarification on a few documents listed in the State of Texas's August 2, 2022 privilege log for the Office of the Attorney General (the "Supplemental Privilege Log"), as well as confirmation of your intention not to produce the documents included in that log. In light of the parties' prior correspondence and meet and confer, as well as the upcoming deadline to file a motion to compel, LULAC Plaintiffs request that you respond to this letter by Monday, August 15, 2022 at 12pm CT.

**I. Clarification of Certain Documents Listed in the Supplemental Privilege Log**

LULAC Plaintiffs request additional clarification regarding certain documents included in the Supplemental Privilege Log to assess whether the legislative privilege applies. Ex. 1. Documents that follow the enactment of the legislation do not fall within the scope of the legislative privilege. *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323, 343 (E.D. Va. 2015). Accordingly, at a minimum, the legislative privilege does not apply to documents that were created after the date the challenged redistricting bills were sent to the Governor.

The documents in Exhibit 1 all have the same creation date: October 19, 2021. That is the same date that the Texas Legislature sent Senate Bill 6 (Plan C2193) to the Governor. To determine whether the legislative privilege applies to these documents, LULAC Plaintiffs request that you indicate whether the documents in Exhibit 1 were created prior to or after Senate Bill 6 was sent to the Governor.

II. **Confirmation that the State Does Not Intend to Produce Documents in the Supplemental Privilege Log**

Our understanding following the August 8, 2022 meet and confer is that the State does not intend to produce any documents included in the Supplemental Privilege Log. However, out of an abundance of caution, LULAC Plaintiffs request confirmation whether that is the State's position, and offer up the following reasons why the documents they seek should be disclosed. Exhibit 2 lists all documents LULAC Plaintiffs seek.

As to the work product doctrine, LULAC Plaintiffs contend that the work product doctrine does not apply to any document listed in the log, as the documents were not created in anticipation of litigation. As the Court recently noted, "documents created in the ordinary course of government business" do not fall within the scope of the work product doctrine, and thus "the work product doctrine does not apply to documents pertaining to pending legislation[.]" Dkt. 526 (quotation omitted). Because the State represents that all documents relate to the challenged redistricting legislation, the work product doctrine does not apply to any of the documents.

As to the legislative privilege, the State (through the Office of the Attorney General) lacks standing to assert the legislative privilege. *See Perez v. Perry,* No. SA-11-CV-360-OLG-JES, 2014 WL 106927, at *1 (W.D. Tex. Jan. 8, 2014) ("[N]either the Governor, nor the Secretary of State or the State of Texas has standing to assert the legislative privilege on behalf of any legislator or staff member[.]"). Further, because the Office of the Attorney General is a member of the executive branch, any communication between it and a member of the Texas Legislature constitutes waiver. *See* Dkt. 526 at 2 n.3; *see also La Union Del Pueblo Entero (LUPE) v. Abbott*, No. SA-21-CV-00844-XR, 2022 WL 1667687, at *2 (W.D. Tex. May 25, 2022), *appeal docketed sub nom. LULAC v. Hughes*, No. 22-50435 (5th Cir. May 27, 2022) (noting that the Office of the Attorney General is an "outsider" for the purpose of determining waiver of legislative privilege). Accordingly, the Office of the Attorney General cannot assert the legislative privilege over any of the documents in the Supplemental Privilege Log.

As to the attorney-client privilege, the Office of the Attorney General cannot invoke that privilege because it is not a *client*. *See Alpert v. Riley*, 267 F.R.D. 202, 208 (S.D. Tex. 2010) ("Under both federal common law," "the client, not the client's attorney, holds the privilege."). Additionally, the primary purpose of each of the documents in the Supplemental Privilege is for pending legislation—that is, it is of a

policy, strategic, political, or technical nature. *See* Dkt. 526 at 9-10. Accordingly, the *primary* purpose of these documents is not for legal advice. Thus, the documents in the Supplemental Privilege Log should be disclosed.

Further, regarding different subsets of documents in the Supplemental Privilege Log, there are various reasons why the legislative privilege, attorney-client privilege, and/or work product doctrine do not apply, including:

- They contain data, alternative maps, or other facts that are not protected by the legislative privilege and/or attorney-client privilege. Exs. 3 (data), 4 (maps), and 5 (other fact-based information).
- They reflect communications that occurred after the enactment of the challenged redistricting plans, and therefore could not be an integral part of the legislative process. Exs. 1 (potentially post-enactment documents) and 6 (post-enactment documents).
- They are documents that were never shared with or received from a client. Ex. 7. To receive the protection of the attorney-client privilege, a document must be shared between a lawyer (or their subordinate) and a client. *See EEOC v. BDO USA, LLP*, 876 F.3d 690, 695 (5th Cir. 2017). Accordingly, documents that were never shared outside of the Office of the Attorney General do not fall within the scope of the privilege.
- They are talking points, which are outside the scope of the legislative privilege, attorney-client privilege, and the work product doctrine. Ex. 8.

Additionally, to the extent that the legislative privilege can be asserted over any of the documents identified above or otherwise included in Exhibit 2, the privilege should yield. *See Perez*, 2014 WL 106927, at *2. For each of these documents, the *Perez* factors weigh heavily in favor of disclosure, as articulated in LULAC Plaintiffs' previous motion to compel document subpoenas from legislators and other officials, as well as Private Plaintiffs' motion to compel portions of deposition testimony. *See* Dkts. 447 at 8-10 and 521-2 at 11-15.

In light of the above, please indicate which, if any, documents listed in Exhibit 2 that you intend to produce. If you do not intend to produce any documents absent an order of the Court, please state so.

\* \* \*

We look forward to your response by Monday, August 15, 2022 at 12pm CT.

Sincerely,

Nina Perales

Nina Perales
Kenneth Parreno
Mexican American Legal Defense and
Educational Fund (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205

*Counsel for LULAC Plaintiffs*