# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICANCITIZENS, *et al.*, | § § § | |
| *Plaintiffs*, | § § | Case No. 3:21-cv-0259 |
| v. | § § | [Lead Case] |
| GREG ABBOTT, *et al.*, | § § § | |
| *Defendants*. | § | |

### DEFENDANTS' OBJECTIONS AND RESPONSES TO THE LULAC PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT THE STATE OF TEXAS

TO:   Plaintiff LULAC, by and through its attorney of record, Nina Perales, Mexican American Legal Defense and Educational Fund, 110 Broadway Street #300, San Antonio, TX 78205

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant the State of Texas provides these Objections and Responses to the LULAC Plaintiffs' First Request for Production of Documents to Defendant the State of Texas.

Date: June 16, 2022

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

Jack B. Disorbo
Assistant Attorney General, Special Litigation Unit
Texas State Bar No. 24120804

ARI M. HERBERT
Assistant Attorney General, Special Litigation Unit
Texas State Bar No. 24126093

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
jack.disorbo@oag.texas.gov
ari.herbert@oag.texas.gov

**Counsel for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2022, the attached Objections and Responses to the LULAC Plaintiffs' First Request for Production of Documents to Defendant the State of Texas was served on opposing counsel via electronic mail to the foregoing:

Nina Perales
nperales@maldef.org
Samantha Serna
sserna@maldef.org
Fatima Menendez
fmenendez@maldef.org
Kenneth Parreno*
kparreno@maldef.org

Mexican American Legal Defense
and Educational Fund
110 Broadway St, #300
San Antonio, TX 78205
(210) 224-5476
(210) 224-5382 (fax)

*\* Admitted pro hac vice*

*Counsel for LULAC Plaintiffs*

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation

## GENERAL OBJECTIONS

Each of the following objections applies specifically to each request. In the interest of brevity, these objections are offered here to avoid unnecessary repetition of objections to definitions, scope, and other similar issues.

There is currently no protective order in place between the LULAC Plaintiffs and Defendants. To the extent that discoverable documents require additional protections to prevent public disclosure, Defendants will withhold those documents and describe them in the responses until entry of an appropriate protective order.

The Federal Rules allow for discovery only of "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). The twin demands for relevancy and proportionality "are related but distinct requirements." *Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). Thus, if the information sought is irrelevant to the party's claims or defenses, "it is not necessary to determine whether it would be proportional if it *were* relevant." *Walker v. Pioneer Prod. Servs., Inc.*, No. CV 15-0645, 2019 WL 1244510, at *3 (E.D. La. Mar. 30, 2019). Conversely, "relevance alone does not translate into automatic discoverability" because "[a]n assessment of proportionality is essential." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019). Accordingly, Defendants object to these requests to the extent that the information sought is either irrelevant or disproportionate.

The inadvertent production or disclosure of any privileged documents or information does not waive applicable privileges for those documents or information (or the contents or subject matter thereof) or for other documents or discovery now or later requested or produced. Defendants reserve the right not to produce documents that are in part privileged, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. Defendants likewise do not waive the right to object to (1) the evidentiary use of documents produced in response to these requests; or (2) any discovery requests relating to those documents.

A portion of the requested production is also irrelevant to the LULAC Plaintiffs' claims and is thus identified individually below. But a much larger portion of the request is not proportional to the needs of the case. The proportionality language was inserted into Rule 26(b) in 2015 "to emphasize the need for proportionality," *Prasad v. George Wash. Univ.*, 323 F.R.D. 88, 91 (D.D.C. 2017), and "highlight[] its significance," *Mannina v. D.C.*, 334 F.R.D. 336, 339 n.4 (D.D.C. 2020); *see also* Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary at 6, Supreme Court of the United States, ("Rule 26(b)(1) crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality[.]"). As the Advisory Committee explained, this addition of overt "proportional" language was meant to better reflect the intent of the 1983 amendments, which were designed "to deal with the problem of over-discovery." FED. R. CIV. P. 26(b) advisory committee's note (2015) (quoting the 1983 advisory notes). But this "clear focus of the 1983 provisions may have been softened, although inadvertently, by the amendments made in 1993." *Id.* Thus, the 2015 amendment sought to "restore[] the proportionality factors to their original place in defining the scope of discovery" and reinforce the parties' obligation "to consider these factors in making discovery requests, responses, or objections." *Id.* As fully restored, the proportionality requirement "relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 672

(2019). Accordingly, Defendants object to the LULAC Plaintiffs' requests to the extent that they fall short of this more stringent proportionality standard.

These responses and objections are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information or documents requested. All answers are given without prejudice to Defendants' rights to object to the discovery of any documents, facts, or information discovered after the date hereof. Likewise, these responses and objections are not intended to be, and shall not be construed as, agreement with Plaintiffs' characterization of any facts, circumstances, or legal obligations. Defendants reserve the right to contest any such characterization as inaccurate and object to the Requests insofar as they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

Defendants will respond based on terms as they are commonly understood and consistent with the Federal Rules of Civil Procedure. Defendants object to and will refrain from extending or modifying any words employed in the Requests to comport with any expanded definitions or instructions. Defendants will answer the Requests to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the Western District of Texas.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendants object to the definition of "document" to the extent that it calls for documents protected from disclosure by legislative, attorney–client, work-product, deliberative-process, or any other applicable privilege.

Defendants object to the definition of "Identify (With Respect to Persons)," *see* § I ¶ 3, to the extent that it exceeds Defendants' obligations under the Federal Rules of Civil Procedure to produce relevant, nonprivileged documents that are responsive to the LULAC Plaintiffs' requests.

Defendants object to the definition of "Identify (With Respect to Documents)," *see* § I ¶ 4, to the extent that it exceeds Defendants' obligations under the Federal Rules of Civil Procedure to produce relevant, nonprivileged documents that are responsive to the LULAC Plaintiffs' requests.

Defendants object to the definition of "Parties" and "defendant," *see* § I ¶ 5, insofar as it purports to seek information that is not within Defendants' care, custody, or control.

Defendants object to the definitions of "you," "your," "legislator," and "person," *see* § I ¶¶ 6, 18, 25, because they are overbroad and inaccurate. They improperly group all persons and entities having any relation to a particular person or entity, when in fact the particular person or entity is independent of those related persons or entities. Defendants object to the implied application to any related persons or entities without specific enumeration. Defendants also object to these definitions' inclusion of any "persons or entities" merely "purporting to act" on behalf of someone. A person "purporting" to act on someone's behalf is not necessarily in fact doing so. *See Purport*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("To profess or claim, esp. falsely"). It is improper to ask for information from those merely purporting to act on one's behalf if those persons are not in fact doing so. Defendants are not required to search for or produce documents in the possession of such persons, and Defendants object insofar as the instructions call to do so.

Defendants object to the definition of "and," *see* § I ¶ 14, insofar as the LULAC Plaintiffs mean for it to include both the conjunctive and disjunctive. That definition is unnatural and contravenes the ordinary sense of the word, whereas "or"—by contrast—is naturally understood to include both the conjunctive and disjunctive. *See And/or*, GARNER'S MODERN ENGLISH USAGE 50 (4th ed. 2016) ("If you are offered coffee or tea, you may pick either (or, in this case, neither), or you may for whatever reason order both.").

Defendants objects to the Plaintiffs' definition of "control," *see* § I ¶ 16, to the extent that it defines "control" to include those documents that Plaintiffs have equal or greater "right to secure," including to the extent that it asks Defendants to gather publicly available documents. Defendants also object to the extent that this instruction could be read to go beyond what the local rules of this Court and binding Fifth Circuit precedent demand.

Defendants object to Plaintiffs' instruction in § II.A insofar as it asks him to provide information about withheld documents that exceeds the scope of required information under the Federal Rules of Civil Procedure and as set forth in the agreed order entered by the Court about privilege logs. *See* ECF 203. Defendants will timely provide a privilege log for any withheld documents that complies with the Court's order and all other obligations under the Federal Rules of Civil Procedure.

Defendants object to Plaintiffs' instructions in §§ II.B–E to the extent that they ask him to provide information exceeding what the Federal Rules of Civil Procedure require. Defendants need not provide additional information concerning the existence of any nonprivileged, responsive documents. Defendants further object to these instructions insofar as they call for materials that are beyond the custody, care, or control of Defendants. Defendants will limit their responses, objections, and productions accordingly.

Defendants object to Plaintiffs' instructions in §§ II.F–G and II.J–K to the extent that they ask for documents to be produced or organized in a manner that exceeds, or in any other way diverges from, what the Federal Rules of Civil Procedure require.

Defendants object to Plaintiffs' instruction in in §§ II.H–I insofar as they call for material that is beyond the custody, care, or control of Defendants. Particularly, Defendants object to the inclusion of any "persons or entities" merely "purporting to act" on behalf of someone. A person "purporting" to act on someone's behalf is not necessarily in fact doing so. *See Purport*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("To profess or claim, esp. falsely"). It is improper to ask for information from those merely purporting to act on one's behalf if those persons are not in fact doing so. Defendants are not required to search for or produce documents in the possession of such persons.

Defendants object to Plaintiffs' instruction in § II.M that "[u]nless otherwise specified, all document requests concern the period of time from January 1, 2019 to the present." Searching for documents from January 1, 2019, to now is unduly burdensome and disproportionate to the needs of the case because it will inevitably result in the collection and review of many documents that are irrelevant, not responsive, privileged, or otherwise not proper for production. Indeed, the special Legislative session in which the maps Plaintiff challenges were drawn ran from September to October of 2021. And Governor Abbott signed the redistricting bills into law on October 25, 2021. Therefore, any documents predating the special Legislative session of September and October 2021 are necessarily irrelevant. Even supposing for the sake of argument that documents predating January 1, 2021 were relevant, in no event would documents predating the interim hearings from October 2020 be relevant. Likewise, Plaintiffs' requests for documents after October 25, 2021 are necessarily irrelevant. Plaintiffs' claims require evidence only as to how and why the redistricting maps were drawn. Therefore, documents from after the drawing and passage of HB1, SB4, SB6, or SB7 have no bearing on this litigation.

## OBJECTIONS TO WARNINGS

Defendants object to Plaintiffs' warnings, *see* §§ III.A–C, insofar as they seek to impose duties beyond what the Federal Rules of Civil Procedure require. Defendants will tailor their responses, objections, and productions in accordance with the Federal Rules of Civil Procedure and the local rules.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

<u>**Request for Production No. 1**</u>

All documents relating to any redistricting proposal for the Texas Senate, including but not limited to Plan S2168, Senate Bill 4, any draft or introduced amendments to Senate Bill 4, or any other Texas Senate redistricting proposal developed, seen, introduced, discussed or considered by any person. This request includes but is not limited to documents relating to:

    a.  the origination(s) or source(s) of any such redistricting proposal;

    b.  the impetus, rationale, background or motivation for any such redistricting proposal;

    c.  all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

    d.  the pairing of any incumbents in any such redistricting proposal;

    e.  any amendment, whether partial or total, to each such redistricting proposal;

    f.  negotiations regarding any redistricting proposal; and

    g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) voter turnout (including Spanish Surname Voter Turnout), (4) the likelihood of success for Republican candidates in an HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

<u>**Objections:**</u>

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome—particularly because it purports to seek "any" "redistricting proposal" that is even "discussed" by "any person" at all. This request is potentially limitless in scope.

Defendants further object to this request because it calls for documents either: (a) subject to the legislative, attorney–client, attorney-work-product, or deliberative-process privilege; or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Federal Rule of Evidence 501. Specifically, "analyses" "from any source" would include documents protected by legislative privilege. Furnishing "the origination(s)" and "the impetus, rationale, background[,] or motivation" of certain legislative proposals would impermissibly expose thought processes and mental impressions, which are also subject to legislative privilege. Analyses that were "considered by" the Legislature, "drafts in the development or revision of" redistricting proposals, redistricting-related "negotiations," and "calculations, reports, audits, estimates, projections, or other analyses" would all be subject to legislative privilege for the same reason.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendant directs Plaintiffs to publicly accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history is publicly available. *See* Texas Legislature Online, *available at* https://capitol.texas.gov/BillLookup/BillNumber.aspx.
- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, *available at* https://lrl.texas.gov/collections/journals/journals.cfm.

Lastly, insofar as the request seeks legal analysis concerning the "effect or impact" of redistricting proposals on "Latino voters," "existing or emerging Latino opportunity districts," "voter turnout," or "the likelihood of success for Republican candidates in an HVAP, HCVAP[,] or SSVR majority district," it seeks information subject to the attorney–client privilege or constituting attorney work product.

**<u>Response:</u>**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive

documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

**Request for Production No. 2**

All documents relating to any redistricting proposal for the Texas State Board of Education ("SBOE"), including but not limited to Plan E2106, Senate Bill 7, any draft or introduced amendments to Senate Bill 7, or any other Texas SBOE redistricting proposal developed, seen, introduced, discussed or considered by any person. This request includes but is not limited to documents relating to:

    a.  the origination(s) or source(s) of any such redistricting proposal;

    b.  the impetus, rationale, background or motivation for any such redistricting proposal;

    c.  all drafts in the development or revision of any such redistricting proposal, including but not limited to shapefiles, files or datasets used in mapping software, each RED report, each PAR report, demographic data, election data, and files related to precinct names, precinct lines, split precincts, partisan indexes, population shifts, population deviations, voter registration, Spanish Surname Voter Registration, voter affiliation, Spanish Surname Voter Turnout, citizenship or changing Census geography;

    d.  the pairing of any incumbents in any such redistricting proposal;

    e.  any amendment, whether partial or total, to each such redistricting proposal;

    f.  negotiations regarding any redistricting proposal; and

    g.  all calculations, reports, audits, estimates, projections, or other analyses, from any source, relating to the effect or impact, of any kind—including on (1) Latino voters, (2) existing or emerging Latino opportunity districts, (3) voter turnout (including Spanish Surname Voter Turnout), (4) the likelihood of success for Republican candidates in an HVAP, HCVAP or SSVR majority district—that could result from the implementation of any such redistricting proposal.

**Objections:**

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome—particularly because it purports to seek "any" "redistricting proposal" that is even "discussed" by "any person" at all. This request is potentially limitless in scope.

Defendants further object to this request because it calls for documents either: (a) subject to the legislative, attorney–client, attorney-work-product, or deliberative-process privilege; or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Federal Rule of Evidence 501. Specifically, "analyses" "from any source" would include documents protected by legislative privilege. Furnishing "the origination(s)" and "the impetus, rationale, background[,] or motivation" of certain legislative proposals would impermissibly expose thought processes and mental impressions, which are also subject to legislative privilege. Analyses that were "considered by" the Legislature, "drafts in the development or revision of" redistricting proposals, redistricting-related "negotiations," and "calculations, reports, audits, estimates, projections, or other analyses" would all be subject to legislative privilege for the same reason.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendant directs Plaintiffs to publicly accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history is publicly available. *See* Texas Legislature Online, *available at* https://capitol.texas.gov/BillLookup/BillNumber.aspx.
- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, *available at* https://lrl.texas.gov/collections/journals/journals.cfm.

Lastly, insofar as the request seeks legal analysis concerning the "effect or impact" of redistricting proposals on "Latino voters," "existing or emerging Latino opportunity districts," "voter turnout," or "the likelihood of success for Republican candidates in an HVAP, HCVAP[,] or SSVR majority district," it seeks information subject to the attorney–client privilege or constituting attorney work product.

**Response:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

## Request for Production No. 3

All documents relating to the process by which a member of the Legislature would propose, offer, introduce, consider, review, evaluate, amend, propose changes to, vote on, invite testimony about, receive testimony about, consider testimony on or comment on redistricting plans or any amendments to redistricting plans for the United States House of Representatives, Texas House of Representatives, Texas Senate or Texas SBOE, including but not limited to planning, timing, hearings, outreach, publicity, public or expert participation, deadlines, limitations, notetaking, staffing and persons or entities involved.

## Objections:

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome—particularly because it purports to seek not only those documents "relating to the process by which" a Legislator did in fact "propose" "amendments to redistricting plans"; but also documents "relating to the process by which" a Legislator "would"—i.e., might—"propose" an amendment. To the extent this request can be read that broadly, the request is potentially limitless in scope.

Defendants further object to this request because it calls for documents either: (a) subject to the legislative, attorney–client, attorney-work-product, or deliberative-process privilege; or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Federal Rule of Evidence 501. Specifically, documents merely "relating to the process by which" a Legislator "would propose" redistricting amendments would include documents protected by legislative privilege. Furnishing the "notetaking" of certain legislative proposals would impermissibly expose thought processes and mental impressions, which are also subject to legislative privilege. Coupled with the fact that this requests seeks anything merely even "relat[ed] to" the categories of information sought implicates the legislative privilege for each and every category of information for the same reason.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas

Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendant directs Plaintiffs to publicly accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history is publicly available. *See* Texas Legislature Online, *available at* https://capitol.texas.gov/BillLookup/BillNumber.aspx.
- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, *available at* https://lrl.texas.gov/collections/journals/journals.cfm.

Lastly, insofar as the request can be read to seek legal analysis concerning "redistricting plans or any amendments to redistricting plans," including from "persons or entities involved," it seeks information subject to the attorney–client privilege or constituting attorney work product.

**Response:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

**Request for Production No. 4**

All documents relating to voting patterns in Texas elections with respect to race, ethnicity or language minority status, including but not limited to any calculations, reports, audits, estimates, projections, information related to racially polarized voting or other analyses.

**Objections:**

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. For example, Plaintiffs seeks *all documents* relating to voting patterns in Texas without respect to districts being challenged. That same breadth is applied to information based upon race, ethnicity, and language-minority status. At bottom, the requests are not reasonably cabined to information necessary and proportional to litigate the claims brough the LULAC Plaintiffs, and thus are unduly burdensome and improper.

Defendants object to this request because it calls for documents either: (a) subject to legislative, attorney–client, attorney-work-product, or deliberative-process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Federal Rule of Evidence 501.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendant directs Plaintiffs to publicly accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history is publicly available. *See* Texas Legislature Online, *available at* https://capitol.texas.gov/BillLookup/BillNumber.aspx.
- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, *available at* https://lrl.texas.gov/collections/journals/journals.cfm.

Defendants also object to this request because it seeks publicly available documents that are equally accessible to Plaintiff. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See* https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House); https://capitol.texas.gov/Home.aspx (TLO).

Defendants also object to this request because it is facially overbroad. It calls for "all" documents relating to voting patterns" without temporal limitation (other than the one included in the instructions) or further specification. Further, it seeks documents relating to districts Plaintiffs are not challenging, which are therefore irrelevant to Plaintiffs' claims.

Insofar as this request asks for calculations, reports, audits, estimates, projections, or other analyses used as part of the redistricting process, Defendants object that such a request calls for documents that are subject to the legislative privilege. Documents used for the purpose of formulating legislation are at the core of the legislative privilege.

**Response:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

**Request for Production No. 5**

For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas Senate developed, seen, discussed or considered by any person complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

**Objections:**

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. For example, Plaintiffs seeks *all documents* relating to whether any redistricting plan for the Texas Senate complies with the VRA without respect to districts being challenged. At bottom, the requests are not reasonably cabined to information necessary and proportional to litigate the claims brough the LULAC Plaintiffs, and thus are unduly burdensome and improper.

Defendants object to this request because it calls for documents either: (a) subject to legislative, attorney–client, attorney-work-product, or deliberative-process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Federal Rule of Evidence 501. Specifically, this request seeks "all documents" even "relating to whether any redistricting plan" "complies with the" VRA, which would presumably include privileged attorney–client communications and attorney work product.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendant directs Plaintiffs to publicly accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history is publicly available. *See* Texas Legislature Online, *available at* https://capitol.texas.gov/BillLookup/BillNumber.aspx.
- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, *available at* https://lrl.texas.gov/collections/journals/journals.cfm.

Defendants also object to this request because it seeks publicly available documents that are equally accessible to Plaintiff. Insofar as the request seeks information on the attendance and

date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See* https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House); https://capitol.texas.gov/Home.aspx (TLO).

Defendants also object to the timeframe of this request. Searching for documents from January 1, 2021, to now is unduly burdensome and disproportionate to the needs of the case because it will inevitably result in the collection and review of many documents that are irrelevant, not responsive, privileged, or otherwise not proper for production. Indeed, the special Legislative session in which the maps Plaintiff challenges were drawn ran from September to October of 2021. And Governor Abbott signed the redistricting bills into law on October 25, 2021. Therefore, any documents predating the special Legislative session of September and October 2021 are necessarily irrelevant; and so too are any documents postdating Governor Abbott's signing the redistricting bills into law.

**Response:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

**Request for Production No. 6**

For the time period of January 1, 2021 to the present, all documents relating to whether any redistricting plan for the Texas SBOE developed, seen, discussed or considered by any person complies with the Voting Rights Act, including but not limited to any calculations, reports, audits, estimates, projections, memoranda, or analyses.

**Objections:**

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. For example, Plaintiffs seeks *all documents* relating to whether any redistricting plan for the Texas SBOE complies with the VRA without respect to districts being challenged. At bottom, the requests are not reasonably cabined to information necessary and proportional to litigate the claims brough the LULAC Plaintiffs, and thus are unduly burdensome and improper.

Defendants object to this request because it calls for documents either: (a) subject to legislative, attorney–client, attorney-work-product, or deliberative-process privilege, or (b)

protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Federal Rule of Evidence 501. Specifically, this request seeks "all documents" even "relating to whether any redistricting plan" "complies with the" VRA, which would presumably include privileged attorney–client communications and attorney work product.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendant directs Plaintiffs to publicly accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history is publicly available. *See* Texas Legislature Online, *available at* https://capitol.texas.gov/BillLookup/BillNumber.aspx.
- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, *available at* https://lrl.texas.gov/collections/journals/journals.cfm.

Defendants also object to this request because it seeks publicly available documents that are equally accessible to Plaintiff. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See* https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House); https://capitol.texas.gov/Home.aspx (TLO).

Defendants also object to the timeframe of this request. Searching for documents from January 1, 2021, to now is unduly burdensome and disproportionate to the needs of the case because it will inevitably result in the collection and review of many documents that are irrelevant, not responsive, privileged, or otherwise not proper for production. Indeed, the special Legislative session in which the maps Plaintiff challenges were drawn ran from September to October of 2021. And Governor Abbott signed the redistricting bills into law on October 25, 2021. Therefore, any documents predating the special Legislative session of September and October 2021 are necessarily irrelevant; and so too are any documents postdating Governor Abbott's signing the redistricting bills into law.

**Response:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

**Request for Production No. 7**

All documents relating to standards or instructions for redistricting in compliance with applicable laws, including the U.S. Constitution and the Voting Rights Act, including but not limited to any communications, memoranda, legal cases, analyses, trainings or presentations.

**Objections:**

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. For example, Plaintiffs seeks *all documents* "relating to standards or instructions for redistricting" without respect to temporal range or even the particular redistricting laws being challenged. At bottom, the requests are not reasonably cabined to information necessary and proportional to litigate the claims brough the LULAC Plaintiffs, and thus are unduly burdensome and improper.

Defendants object to this request because it calls for documents either: (a) subject to legislative, attorney–client, attorney-work-product, or deliberative-process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Federal Rule of Evidence 501. Specifically, this request seeks "all documents" including "any communications," "memoranda," "analyses, trainings[,] or presentations," which would presumably encompass privileged attorney–client communications and attorney work product.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendant directs Plaintiffs to publicly accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history is publicly available. *See* Texas Legislature Online, *available at* https://capitol.texas.gov/BillLookup/BillNumber.aspx.
- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, *available at* https://lrl.texas.gov/collections/journals/journals.cfm.

Defendants also object to this request because it seeks publicly available documents that are equally accessible to Plaintiff. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the

Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See* https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House); https://capitol.texas.gov/Home.aspx (TLO).

**Response:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

**Request for Production No. 8**

All documents relating to redistricting of the Texas Senate or the Texas SBOE exchanged between, among, with, or within: the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any legislator's staff, any SBOE member, any SBOE member's staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the office of U.S. Representative from Texas, any candidate for the Texas House, any candidate for the Texas Senate, any candidate for the SBOE, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas House, any campaign for the Texas Senate, any campaign for the SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any local

elected official in Texas, any consultant, any professor, any expert, any law firm or attorney, any vendor, any other political or community group or organization, or any member of the public.

**Objections:**

To the extent that this request seeks information from the Texas Legislature, the Governor, the Lieutenant Governor, and other non-party groups and associations, the Defendants have no care, custody, or control over documents that may be held by those non-party actors. *See, e.g., Spallone v. United States*, 493 U.S. 265, 276 (1990).

Defendants object to this request because it calls for documents either: (a) subject to legislative, attorney–client, attorney-work-product, or deliberative-process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Federal Rule of Evidence 501.

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. For example, Plaintiffs seeks *all documents* "relating to redistricting of the Texas Senate or the Texas SBOE" without respect to temporal range or even the particular redistricting laws being challenged. At bottom, the requests are not reasonably cabined to information necessary and proportional to litigate the claims brough the LULAC Plaintiffs, and thus are unduly burdensome and improper.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendant directs Plaintiffs to publicly accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history is publicly available. *See* Texas Legislature Online, *available at* https://capitol.texas.gov/BillLookup/BillNumber.aspx.
- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, *available at* https://lrl.texas.gov/collections/journals/journals.cfm.

Defendants also object to this request because it seeks publicly available documents that are equally accessible to Plaintiff. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature

Online ("TLO") website. *See* https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House); https://capitol.texas.gov/Home.aspx (TLO).

Defendants also object to this request because it calls for documents that are covered by the legislative privilege. Communications and deliberations between legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). Further, a request for communications between the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, and similar entities, along with their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Va. v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)).

**Response:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

**Request for Production No. 9**

All other documents relating to redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE from January 1, 2020 to the present, including but not limited to redistricting criteria, public statements, correspondence, calendar invitations, scheduling emails, meeting minutes, agendas, attendance sheets, call logs, notes, presentations, studies, advocacy, letters or other communications.

**Objections:**

To the extent that this request seeks information from Texas Senators, Texas Representatives, U.S. Congressmen, members of the Texas SBOE, and other non-party groups and associations, the Defendants have no care, custody, or control over documents that may be held by those non-party actors. *See, e.g., Spallone v. United States*, 493 U.S. 265, 276 (1990).

Defendants object to this request because it calls for documents either: (a) subject to legislative, attorney–client, attorney-work-product, or deliberative-process privilege, or (b)

protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Federal Rule of Evidence 501.

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. For example, Plaintiffs seeks *all documents* "relating to redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE" without respect to the particular redistricting laws being challenged. At bottom, the requests are not reasonably cabined to information necessary and proportional to litigate the claims brough the LULAC Plaintiffs, and thus are unduly burdensome and improper.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendant directs Plaintiffs to publicly accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history is publicly available. *See* Texas Legislature Online, *available at* https://capitol.texas.gov/BillLookup/BillNumber.aspx.
- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, *available at* https://lrl.texas.gov/collections/journals/journals.cfm.

Defendants also object to this request because it seeks publicly available documents that are equally accessible to Plaintiff. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See* https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House); https://capitol.texas.gov/Home.aspx (TLO).

Defendants also object to this request because it calls for documents that are covered by the legislative privilege. Communications and deliberations between legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). Further, a request for communications between the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, and similar entities, along with their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Va. v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)).

Defendants also object to the timeframe of this request. Searching for documents from January 1, 2020, to now is unduly burdensome and disproportionate to the needs of the case because it will inevitably result in the collection and review of many documents that are irrelevant, not responsive, privileged, or otherwise not proper for production. Indeed, the special Legislative session in which the maps Plaintiff challenges were drawn ran from September to October of 2021. And Governor Abbott signed the redistricting bills into law on October 25, 2021. Therefore, any documents predating the special Legislative session of September and October 2021 are necessarily irrelevant; and so too are any documents postdating Governor Abbott's signing the redistricting bills into law.

**Response:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

**Request for Production No. 10**

All documents relating to apportionment of population that is not total population for redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE from January 1, 2020 to the present, including but not limited to redistricting criteria, public statements, correspondence, emails, meeting minutes, call logs, notes, presentations, studies, advocacy, letters or other communications. "Apportionment of population that is not total population" includes but is not limited to apportionment of citizen voting age population and apportionment of legal resident population.

**Objections:**

To the extent that this request seeks information from Texas Senators, Texas Representatives, U.S. Congressmen, members of the Texas SBOE, and other non-party groups and associations, the Defendants have no care, custody, or control over documents that may be held by those non-party actors. *See, e.g., Spallone v. United States*, 493 U.S. 265, 276 (1990).

Defendants object to this request because it calls for documents either: (a) subject to legislative, attorney–client, attorney-work-product, or deliberative-process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Federal Rule of Evidence 501.

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. For example, Plaintiffs seeks *all documents* "relating to apportionment of population that is not total population for redistricting of the Texas Senate, Texas House, congressional seats in Texas or the Texas SBOE" without respect to the particular redistricting laws being challenged. At bottom, the requests are not reasonably cabined to information necessary and proportional to litigate the claims brough the LULAC Plaintiffs, and thus are unduly burdensome and improper.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendant directs Plaintiffs to publicly accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history is publicly available. *See* Texas Legislature Online, *available at* https://capitol.texas.gov/BillLookup/BillNumber.aspx.
- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, *available at* https://lrl.texas.gov/collections/journals/journals.cfm.

Defendants also object to this request because it seeks publicly available documents that are equally accessible to Plaintiff. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See* https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House); https://capitol.texas.gov/Home.aspx (TLO).

Defendants also object to this request because it calls for documents that are covered by the legislative privilege. Communications and deliberations between legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). Further, a request for communications between the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, and similar entities, along with their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Va. v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)).

Defendants also object to the timeframe of this request. Searching for documents from January 1, 2020, to now is unduly burdensome and disproportionate to the needs of the case because it will inevitably result in the collection and review of many documents that are irrelevant, not responsive, privileged, or otherwise not proper for production. Indeed, the special Legislative session in which the maps Plaintiff challenges were drawn ran from September to October of 2021. And Governor Abbott signed the redistricting bills into law on October 25, 2021. Therefore, any documents predating the special Legislative session of September and October 2021 are necessarily irrelevant; and so too are any documents postdating Governor Abbott's signing the redistricting bills into law.

**Response:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

**Request for Production No. 11**

All documents relating to redistricting and Thomas Hofeller, Jerad Najvar, Andy Taylor or Eric Opiela, from January 1, 2018 to the present.

**Objections:**

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. Specifically, Plaintiffs seeks *all documents* "relating to redistricting" and four individuals without respect to districts being challenged or even the redistricting laws being challenged. At bottom, the requests are not reasonably cabined to information necessary and proportional to litigate the claims brough the LULAC Plaintiffs, and thus are unduly burdensome and improper.

Defendants object to this request because it calls for documents either: (a) subject to legislative, attorney–client, attorney-work-product, or deliberative-process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Federal Rule of Evidence 501. Specifically, this request seeks "all documents" in any way "relating to redistricting" as a general matter and four individuals.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas

Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendant directs Plaintiffs to publicly accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history is publicly available. *See* Texas Legislature Online, *available at* https://capitol.texas.gov/BillLookup/BillNumber.aspx.
- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, *available at* https://lrl.texas.gov/collections/journals/journals.cfm.

Defendants also object to this request because it seeks publicly available documents that are equally accessible to Plaintiff. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See* https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House); https://capitol.texas.gov/Home.aspx (TLO).

Defendants also object to the timeframe of this request. Searching for documents from January 1, 2018, to now is unduly burdensome and disproportionate to the needs of the case because it will inevitably result in the collection and review of many documents that are irrelevant, not responsive, privileged, or otherwise not proper for production. Indeed, the special Legislative session in which the maps Plaintiff challenges were drawn ran from September to October of 2021. And Governor Abbott signed the redistricting bills into law on October 25, 2021. Therefore, any documents predating the special Legislative session of September and October 2021 are necessarily irrelevant; and so too are any documents postdating Governor Abbott's signing the redistricting bills into law.

**Response:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

**Request for Production No. 12**

All documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship relating to redistricting of the Texas Senate or Texas SBOE that were exchanged

between, among, with or within: the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, the Office of the Attorney General, any legislator, any legislator's staff, any SBOE member, any SBOE member's staff, the House Committee on Redistricting or any member or staff thereof, the Senate Special Committee on Redistricting or any member or staff thereof, the Conference Committee regarding the redistricting plan for the U.S. House of Representatives (Senate Bill 6) or any member thereof, the Texas Legislative Council, any member of the U.S. House of Representatives, any candidate for the Texas House, any candidate to represent Texas in the U.S. House of Representatives, any candidate for the Texas Senate, any candidate for the Texas SBOE, any campaign for the Texas House, any campaign to represent Texas in the U.S. House of Representatives, any campaign for the Texas Senate, any campaign for the Texas SBOE, any national political party, any state political party organization, any local political party organization, any national congressional campaign committee, any national organization dedicated to supporting state legislative candidates, the National Republican Redistricting Trust, the National Democratic Redistricting Committee, any political action committee, any lobbyist, any political activist or operative, any other governmental entity, any consultant, any professor, any expert, any law firm or attorney, any vendor, any group or organization or any member of the public.

**Objections:**

> Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. Specifically, the request calls for "all documents relating to enumerations or estimates by the U.S. Census Bureau or Texas Demographic Center related to population changes, race, ethnicity, language minority status, or United States citizenship relating to redistricting of the Texas Senate or Texas SBOE," without limitation to the districts being challenged or even the redistricting laws being challenged. A request that broad necessarily encompasses documents irrelevant to Plaintiffs' claims. Gathering and reviewing the volume of documents responsive to such a request would impose a burden disproportionate to any benefit that might be derived from their production. At bottom, the requests are not reasonably cabined to information necessary and proportional to litigate the claims brough the United States, and thus, are unduly burdensome and improper.

To the extent that this request seeks information from the Texas Legislature, the Governor, the Lieutenant Governor, and other non-party groups and associations, the Defendants have no care, custody, or control over documents that may be held by those non-party actors. *See, e.g.*, *Spallone v. United States*, 493 U.S. 265, 276 (1990).

Defendants object to this request because it calls for documents either: (a) subject to legislative, attorney–client, attorney-work-product, or deliberative-process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Federal Rule of Evidence 501.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendant directs Plaintiffs to publicly accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history is publicly available. *See* Texas Legislature Online, *available at* https://capitol.texas.gov/BillLookup/BillNumber.aspx.
- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, *available at* https://lrl.texas.gov/collections/journals/journals.cfm.

Defendants also object to this request because it seeks publicly available documents that are equally accessible to Plaintiff. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See* https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House); https://capitol.texas.gov/Home.aspx (TLO).

Defendants also object to this request because it calls for documents that are covered by the legislative privilege. Communications and deliberations between legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). Further, a request for communications between the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, and similar entities, along with their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Va. v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)).

Defendants also object to this request because it calls for irrelevant documents. Specifically, the purported relevance of documents relating to demographic enumerations or estimates potentially exchanged between candidates, political parties, lobbyists, and the other third parties mentioned is altogether unclear.

**Response:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

**Request for Production No. 13**

All documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting of the Texas Senate or Texas SBOE, including but not limited to any of the following individuals or entities: Anna Mackin, Sean Opperman, Adam Foltz, Forward Strategies LLC (Wisconsin) or any employee thereof, Chris Gober, Christopher D. Hilton, Matthew H. Frederick, Todd Disher, Butler Snow LLP or any employee thereof, Akin Gump Strauss Hauer & Feld LLP or any employee thereof, Michael Best Strategies or any employee thereof, Michael Best Consulting LLC or any employee thereof, any consultant, any political operative, any expert, any professor, the Office of the Attorney General of Texas, any other law firm, any other attorney, any other vendor, or any other person or entity.

**Objections:**

To the extent that this request seeks information from the Texas Legislature, the Governor, the Lieutenant Governor, and other non-party groups and associations, the Defendants have no care, custody, or control over documents that may be held by those non-party actors. *See, e.g.*, *Spallone v. United States*, 493 U.S. 265, 276 (1990).

Defendants object to this request because it calls for documents either: (a) subject to legislative, attorney–client, attorney-work-product, or deliberative-process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Federal Rule of Evidence 501.

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. For example, Plaintiffs seeks *all documents* relating to particular types of "contract[s] relating to redistricting of the Texas Senate or Texas SBOE" without respect to temporal range or even the particular redistricting laws being challenged. At bottom, the requests are not reasonably cabined to information necessary and proportional to litigate the claims brough the LULAC Plaintiffs, and thus are unduly burdensome and improper.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendant directs Plaintiffs to publicly accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history is publicly available. *See* Texas Legislature Online, *available at* https://capitol.texas.gov/BillLookup/BillNumber.aspx.
- Activity concerning specific legislation, including statements about legislation by individual  legislators, is publicly available. *See* Legislative Reference Library of Texas, *available at* https://lrl.texas.gov/collections/journals/journals.cfm.

Defendants also object to this request because it seeks publicly available documents that are equally accessible to Plaintiff. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See* https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House); https://capitol.texas.gov/Home.aspx (TLO).

Defendants also object to this request because it calls for documents that are covered by the legislative privilege. Communications and deliberations between legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). Further, a request for communications between the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, and similar entities, along with their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Va. v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)).

Defendants also object to this request because it calls for irrelevant documents. Specifically, the purported relevance of documents relating to payment for services; agreements of representation, consultation, employment, services, confidentiality, or common interest; or any other type of contract relating to redistricting of the Texas Senate or Texas SBOE, without respect even to temporal range or the particular redistricting laws being challenged, is altogether unclear.

**Response:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.

**Request for Production No. 14**

All documents responsive to, identified in or relied on in responding to any request for admission served upon Defendants by LULAC Plaintiffs in relation to this action.

**Objections:**

Defendants object to this request because it calls for documents either: (a) subject to legislative, attorney–client, attorney-work-product, or deliberative-process privilege, or (b) protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Federal Rule of Evidence 501.

Defendants object to this request to the extent that the information sought is not proportional to the needs of this case, overly broad, irrelevant to any claim or defense, not reasonably specific, and unduly burdensome. For example, Plaintiffs seeks *all documents* merely "responsive to" "any request for admission served upon Defendant by LULAC Plaintiffs" without respect to whether Defendants exercise custody or control over such documents. At bottom, the request is not reasonably cabined to information necessary and proportional to litigate the claims brough the LULAC Plaintiffs, and thus are unduly burdensome and improper.

Defendants further object to this request because it seeks publicly available documents that are equally accessible to Plaintiffs. Insofar as the request generally seeks shapefiles, data sets, reconstituted election analyses, amendments, information concerning the pairing of incumbents, and other general information, Defendants direct Plaintiffs to the Texas Legislative Council's Capitol Data Portal, https://data.capitol.texas.gov/organization/tlc, where such information may be found.

Additionally, Defendant directs Plaintiffs to publicly accessible sites containing the Texas Legislative Reference Library and the Texas House of Representatives and Texas Senate Journals that capture activity and statements by legislators concerning legislation under consideration by the Texas Legislature:

- Bill history is publicly available. *See* Texas Legislature Online, *available at* https://capitol.texas.gov/BillLookup/BillNumber.aspx.
- Activity concerning specific legislation, including statements about legislation by individual legislators, is publicly available. *See* Legislative Reference Library of Texas, *available at* https://lrl.texas.gov/collections/journals/journals.cfm.

Defendants also object to this request because it seeks publicly available documents that are equally accessible to Plaintiff. Insofar as the request seeks information on the attendance and date of hearings, and persons and entities involved, such information may be found at the Texas Senate and Texas House of Representatives websites, as well as on the Texas Legislature Online ("TLO") website. *See* https://senate.texas.gov/index.php (Senate); https://house.texas.gov/ (House); https://capitol.texas.gov/Home.aspx (TLO).

Defendants also object to this request to the extent it calls for documents that are covered by the legislative privilege. Communications and deliberations between legislators about pending bills are "legislative acts" protected by legislative privilege. *See Gravel v. United States*, 408 U.S. 606, 624-25 (1972); *Hughes v. Tarrant County*, 948 F.2d 918, 921 (5th Cir. 1991). Further, a request for communications between the Office of the Governor, the Office of the Lieutenant Governor, the Office of the Secretary of State, and similar entities, along with their staff or agents, encompasses documents that are protected by legislative privilege. Indeed, the Supreme Court has repeatedly recognized that "officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998) (citing *Supreme Court of Va. v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 731–34 (1980)).

**Response:**

Defendants are conducting a diligent search and will produce responsive, non-privileged documents on a rolling basis, within a reasonable time of this response, to the extent they are not withheld based upon any of the foregoing privileges or objections. Should responsive documents subject to privilege, objection, or both, be identified pursuant to this process, this response will be supplemented to reflect that such documents are being withheld.