

## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

August 15th, 2022

Nina Perales
Kenneth Parreno
Mexican American Legal Defense and Educational Fund (MALDEF)
110 Broadway, Suite 300 San Antonio, TX 78205

Re: Response to Letter of August 11th, 2022 Dear Counsel,

We are in receipt of your letter of August 11th, 2022. This message addresses several subjects raised in that letter, all of which relate to documents withheld by the Attorney General of Texas in connection with requests for production issued by LULAC plaintiffs.

You request additional information relating to several documents created on October 19th, 2021. Letter at 1-2; Letter Ex. 1. We confirm that these documents were created before Senate Bill 6—the bill establishing the new congressional districts—was passed.

You also seek information regarding Defendants' position on several issues. Letter at 2-3. Firstly, id. at 2, Defendants maintain that—as explained in the privilege log—these documents were created in anticipation of litigation and are therefore subject to the work product privilege. Secondly, id., Defendants maintain that legislators are entitled to the legislative privilege where they seek confidential legal advice in furtherance of their legislative responsibilities and that, as their legal representative, the Attorney General is entitled to assert the legislative privilege as his clients' direction. Thirdly, id. at 2, and similarly, we maintain that—as our clients' attorneys—we are entitled to assert the attorney client privilege when so directed. Fourthly, id. at 2-3, Defendants maintain that the primary purpose of each of the documents listed in the privilege log is to facilitate the provision of legal advice. The assertions of attorney client privilege are therefore proper.

You also raise a number of specific objections. Letter at 3. To briefly address those objections:

- As explained in our meet and confer, facts, data, and other such materials—see Letter Exs. 3-5, are not subject to disclosure when they are used directly in furtherance of providing legal advice, and where their disclosure would reveal the substance of the legal advice;

- The documents cited in <u>Exhibit 1</u> and <u>Exhibit 6</u> are subject to the attorney client, attorney work product, and legislative privileges;

- The documents cited in <u>Exhibit 7</u> are entitled to the attorney client privilege because—though not *themselves* shared with the client—they were used in order to formulate attorney-client communications, and their disclosures would reveal the substance of the communicated legal advice. And in any event, these documents are also subject to the attorney work product and legislative privileges;

- The draft talking points cited in <u>Exhibit 8</u> are subject to the attorney client and attorney work product privileges because they reflect legal advice from OAG to Senator Huffman and her staff regarding the substance of remarks made in the course of the passage of the redistricting bills, prepared in anticipation of litigation. And they are subject to the legislative privilege for the same reasons as previously explained and as addressed above.

Finally, we disagree that the legislative privilege should yield in these circumstances. <u>Letter at 3</u>. As such, and based on the above, Defendants do not presently intend to produce any of the documents listed in the OAG privilege log.

We appreciate your letter, and your continued efforts to resolve your concerns informally. If there are any additional subjects you would like to discuss in response to this letter, please let us know.

Sincerely,

Patrick Sweeten
Deputy Attorney General for
Special Litigation

Will Thompson
Deputy Chief, Special
Litigation Unit

Ari Herbert
Special Counsel

*/s/ Jack DiSorbo*
Jack DiSorbo
Assistant Attorney General

Office of the Texas Attorney General

*Counsel for Defendants*

P.O. Box 12548 (MC-009)
Austin, TX 78711-2548