IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LEAGUE OF UNITED LATIN AMERICAN
CITIZENS, *et al.*,

               *Plaintiffs*,

v.

GREG ABBOTT, in his official capacity as
Governor of the State of Texas, *et al.*,

               *Defendants*.

CIVIL ACTION NO.

3:21-cv-00259-DCG-JES-JVB

[Consolidated Action:  Lead Case]


**JOINT ADVISORY REGARDING THE COURT'S AUGUST 22, 2022 ORDER**

      Pursuant to the Court's order of August 22, 2022 (Dkt. 554), the parties[1] file this joint

advisory.

### I.      Plaintiffs' Statement of the Factual Background

      LULAC Plaintiffs brought the instant action on October 18, 2021, alleging that all four of

the statewide redistricting plans enacted by the Texas Legislature in 2021 violated the Voting

---

[1] The parties here are Plaintiffs LULAC, *et al.*, (Dkt. 338); Plaintiffs Abuabara, *et al.*, (Dkt. 356); Plaintiffs MALC, *et al.,* (Dkt. 319); Plaintiffs Brooks, *et al.,* (Dkt. 357); Plaintiff Texas State Conference of the NAACP (Dkt. 461); Plaintiffs Fair Maps Texas Action Committee, *et al.,* (Dkt. 302); Plaintiff United States of America (Dkt. 318); Plaintiff Martinez-Fischer, *et al.,* (Dkt. 504); Plaintiff-Intervenors Johnson, Jackson-Lee, Green and Crockett*,* (Dkt. 132); and Defendants Greg Abbott, *et al*.

Rights Act of 1965 and the Fourteenth Amendment of the U.S. Constitution.  *See* Dkt. 1.  Over the

next two months, the United States and the remainder of the Private Plaintiffs either filed actions

that were consolidated with this lawsuit or intervened in this lawsuit.  On December 17, 2021, the

Court issued a scheduling order, Dkt. 96, setting a trial schedule that it later amended on December

27, 2021, Dkt. 109.  Pursuant to those orders, trial is set to begin on September 28, 2022 and

conclude on October 8, 2022.

     Since January, the parties have engaged in discovery.  Although fact discovery closed on

July 15, 2022 and expert discovery closed on August 3, 2022, Dkt. 325, the parties by agreement

have continued to take depositions out of time, and a number of discovery-related motions remain

pending before or require further review from the Court:

**Private Plaintiffs**

| Motion | Dkt. No. | Date Motion Filed | Status | Discovery Still at Issue |
|---|---|---|---|---|
| Joint Motion of LULAC, Abuabara, and Texas NAACP Plaintiffs to Compel Production of Documents by Defendant Gov. Abbott | 380 | 6/27/2022 | Awaiting *in camera* review pursuant to the Court's August 10, 2022 Order, Dkt. 526. | Approximately 24 documents |
| LULAC Plaintiffs' Motion to Compel Documents from Third Parties (Lt. Gov. Patrick and certain legislators) | 447 | 7/19/2022 | Deadlines to file opposition and reply briefs stayed pending the earlier of (1) the Fifth Circuit lifting the stay of Dkt. 467 or (2) the Fifth Circuit's decision in *LULAC Texas v. Hughes*.[2] | Approximately 1,100 documents |

---

[2] *LULAC v. Hughes* (No. 22-50435) is an appeal before the Fifth Circuit involving a discovery dispute in separate litigation, *LUPE v. Abbott*, 5:21-cv-0844-XR (W.D. Tex.).  The case was argued and submitted to the Fifth Circuit on August 2, 2022.

2

| Private Plaintiffs' Motions to Compel Regarding Legislative Privilege Assertions in Depositions | 543, 555 | 8/9/2022, 8/15/2022, 8/19/2022 (amended motion) | The motion will be fully briefed as of August 29, 2022. | 17 depositions |
| LULAC Plaintiffs' Motion to Compel Documents (from additional legislators) | 540 | 8/15/2022 | Deadlines to file opposition and reply briefs stayed pending the earlier of (1) the 5th Cir. lifting the stay of Dkt. 467 or (2) the 5th Cir. decision in *LULAC Texas v. Hughes*. | Approximately 142 documents |
| LULAC Plaintiffs' Motion to Compel Document Production from the State of Texas (OAG) | 548 | 8/17/2022 | The motion will be fully briefed as of August 31, 2022. | 812 documents |

## The United States

| Motion | Dkt. No. | Date Motion Filed | Status | Discovery Still At Issue |
|---|---|---|---|---|
| Motion to Enforce Third-Party Subpoenas *Duces Tecum* | 351 | 6/17/2022 | The motion was granted 7/25/2022 at Dkt. No. 467 and stayed by the Fifth Circuit pending its decision in *LULAC Texas v. Hughes*. | Approximately 2,000 documents |
| Motion to Reopen the Landgraf and Murr Depositions and Compel Deposition Answers | 419 | 7/8/2022 | The motion is fully briefed as of 7/22/2022. | 2 depositions |

| Motion to Enforce Third-Party Subpoenas *Duces Tecum* [as to Chris Gober and the Gober Group] | 435 | 7/15/2022 | The motion is fully briefed as of 8/5/2022. | Approximately 750 documents |
|---|---|---|---|---|
| Motion to Reopen the Hunter Deposition and Compel Deposition Answers | 497 | 8/1/2022 | The motion is fully briefed as of 8/15/2022. | 1 deposition |
| Motion to Compel Legislative Deposition Testimony | 520 | 8/8/2022 | The motion is or will be fully briefed as of 8/26/2022. | 14 depositions |
| Motion to Enforce Order Compelling the Production of OAG Documents from the State of Texas | 527 | 8/10/2022 | The motion is fully briefed as of 8/24/2022. | 812 documents, including 19 for *in camera* review. |
| Motion to Compel Compliance with Subpoena to Representative Schofield | 532 | 8/12/2022 | Deadlines to file opposition and reply briefs stayed pending the earlier of (1) the Fifth Circuit lifting the stay of Dkt. 467 or (2) the Fifth Circuit's decision in *LULAC Texas v. Hughes*. | Approximately 60 documents |
| Second Motion to Compel Legislative Deposition Testimony | 538 | 8/15/2022 | The motion is or will be fully briefed as of 8/26/2022. | 3 depositions |

In addition, Plaintiffs are litigating two discovery disputes in fora outside of this District.

First, Private Plaintiffs subpoenaed for deposition two witnesses in the District of Columbia who

were involved in drawing the congressional plans; the witnesses moved to quash or limit those depositions, and that motion remains pending before the U.S. District Court for the District of Columbia. *In re Subpoenas to Adam Kincaid and the National Republican Redistricting Trust*, 1:22-mc-67 (D.D.C.).    Second, the United States subpoenaed documents from Dave's Redistricting App, a third-party redistricting application allegedly used by three individuals to draw maps for the U.S. House of Representatives and Texas State House of Representatives. Two of the individuals filed a motion in the U.S. District Court for the Western District of Washington to quash the subpoena. *Jetton et al. v. United States of America*, 2:22-mc-69 (W.D. Wa.). The motion is pending.

Furthermore, there remain additional discovery matters that may require Court intervention. First, LULAC Plaintiffs intend to file a motion to reopen the deposition of Senator Joan Huffman which will seek to compel Senator Huffman to answer questions over which she improperly asserted the attorney-client privilege. Second, pursuant to the Court's May 18, 2022 Order and the parties' subsequent agreement regarding that order, Dkts. 282 and 489, Private Plaintiffs intend to file an additional motion to compel regarding legislative privilege assertions in the August 18, 2022 deposition of Senator Brian Birdwell and anticipated September 6, 2022 deposition of Congressperson Kevin Brady. Third, pursuant to the Court's August 22, 2022 Order, Dkt. 553, the Abuabara and LULAC Plaintiffs await production by September 6, 2022 of documents by the Secretary of State's office, including the production of a random sample of 1,300 documents in one category, and may need to move to compel the production of additional such documents. Plaintiffs recently learned that Defendants provided inaccurate hit counts for the search terms at issue, which the Abuabara and LULAC Plaintiffs then included in their motion. The parties are conferring in an effort to resolve that issue, but Defendants have indicated that they

may move for additional time for their productions as a result.  Fourth, following this Court's order on May 16, 2022, Dkt. 279, the United States continues to await Defendants' supplemental response to the United States' First Interrogatories, which must include information from the Office of the Governor and the Office of the Attorney General that is available to the answering officer or agent of the State.  Fifth, the United States has scheduled a meet and confer for August 30, 2022 regarding the privilege logs of two non-parties who were involved in drawing the map for the Texas State House of Representatives.  The privilege logs were produced on August 19, 2022 following this Court's order on August 12, 2022, Dkt. 530.  Depending on the results of that meet and confer, the United States may file a motion to compel the production of more than 1,000 documents.

Finally, a number of motions to dismiss, the rulings on which may affect the scope of claims presented at trial, are fully briefed, including:  Defendants' Motion to Dismiss the LULAC Plaintiffs' Third Amended Complaint (Dkt. 398); Defendants' Motion to Dismiss the Abuabara Plaintiffs' Second Amended Complaint (Dkt. 399); Defendants' Motion to Dismiss the Fair Maps Plaintiffs' First Amended Complaint (Dkt. 401); Defendants' Motion to Dismiss Plaintiff MALC's Second Amended Complaint (Dkt. 396); Defendants' Motion to Dismiss the United States' Amended Complaint (Dkt. 397); Defendants' Motion to Dismiss Plaintiff-Intervenors' First Amended Complaint (Dkt. 225).  Defendants have yet to file Answers to the Complaints in any of those matters.

## II.    Plaintiffs' Position on Proceeding with the Current Trial Schedule

The **LULAC Plaintiffs** take the position that if the pending discovery disputes were resolved and LULAC Plaintiffs received any disclosures and testimony with enough time to prepare for trial, they could be ready to start trial on September 28, 2022.  However, it seems

increasingly unlikely that resolution of the pending discovery disputes—including any appeals and future disputes over privilege logs—will occur in the near future.   For example, the Fifth Circuit stayed the Court's July 25, 2022 Order enforcing the United States' subpoenas *duces tecum* to legislators, Lt. Gov. Dan Patrick, and legislative staff (Dkt. 467) pending a decision in *LULAC Texas v. Hughes*, and as noted in Section I, the briefing schedules for several other discovery disputes depend on the Fifth Circuit lifting that stay or issuing an opinion in *Hughes*.   Even if the Fifth Circuit issues a decision in *Hughes* in a week, on September 1, 2022, the parties will not finish briefing motions to enforce document subpoenas served on the Lt. Governor and legislators until September 13, 2022.   Even if the Court here were to rule swiftly, any ruling in favor of disclosure would require additional time for legislators' production of documents, potential *in camera* review by the Court of some documents, and document review by plaintiffs before the start of trial; this scenario excludes the possibility that such document production would reveal new facts requiring new (or reopening of) legislator depositions.

The **Abuabara Plaintiffs** agree with the LULAC Plaintiffs and others that the number of documents and depositions at issue in the ongoing discovery disputes make it unlikely that trial could feasibly proceed on all plaintiffs' claims as scheduled on September 28, 2022.   The Abuabara Plaintiffs also agree that the parties will require more than two weeks to try all of the claims at issue in these proceedings.

The **Brooks Plaintiffs, MALC Plaintiffs, and Plaintiff Texas NAACP** take the position that until the discovery issues are resolved and the documents and withheld testimony are disclosed, the case cannot proceed to trial.   The State's insistence on continuing to raise objections previously overruled in similar contexts is the cause of the present delay. *See* Dkt. 557.   The Court's ruling on the Brooks Application for Preliminary Injunction placed emphasis on the

importance of discovery in developing evidence on intent claims. *See also United States v. Nixon*, 418 U.S. 683, 709 (1974) ("the public . . . has a right to every man's evidence.") (internal quotations omitted).  The trial should not take place until all available evidence and testimony is available to the parties and the Court.

The **Fair Maps Plaintiffs** take the position that if the pending motions to dismiss and discovery disputes were resolved with enough time to allow adequate preparation, they could be ready to start trial on September 28, 2022.  If some of these matters remain unresolved, however, trial may be feasible but will create challenges, including requiring significant post-trial supplementation.  As critical information relating to the feasibility of trial is unfolding, Fair Maps Plaintiffs will coordinate with the other parties and the Court regarding trial and post-trial procedures.

**The United States** agrees that if the pending discovery matters are resolved in the near future, that it would be prepared to move forward with trial on September 28, 2022.  In particular, the United States believes that the legislative privilege issue must be resolved before it would be practicable to move forward with trial.  The longer the parties wait for a ruling from the Fifth Circuit in *LULAC Texas v. Hughes*, the less likely it becomes that the September 28 date would be feasible.

**Plaintiff Martinez Fischer** takes the same position as the LULAC plaintiffs regarding the likely need for a continuance of trial and for the same reasons.

The **Johnson, Jackson Lee, Green, Crockett Plaintiff-Intervenors** favor proceeding to trial.  That said, Plaintiff-Intervenors will not oppose the consensus of the other Plaintiff groups determining the most efficient trial schedule as a whole in the interest of judicial economy. Plaintiff-Intervenors do note that the Motion to Dismiss their First Amended Complaint (Dkt. 255)

remains outstanding, and resolution thereof will substantially impact Plaintiff-Intervenors position on trial readiness.  Plaintiff-Intervenors would also favor hybrid options such as trial depositions, bifurcated trial dates, and other options such as the Courts employed in prior redistricting cycles. Doing so allows the Court to take advantage of new information as it develops such as the November election and to-be-developed discovery while avoiding harm to the Court's existing schedule.

### III.        Defendants' Position on Proceeding with the Current Trial Schedule

Plaintiffs' insistence on receiving all of the discovery they are seeking is inconsistent with maintaining the current trial schedule. Many of the pending discovery issues relate to *Texas State LULAC v. Hughes*, No. 22-50435 (5th Cir.), but even a quick resolution of that appeal would seemingly be insufficient. Plaintiffs appear to be skeptical that a ruling by September 1, 2022 (less than a week from today) would give them enough time. But there is little reason to think the Fifth Circuit will decide the case that quickly. Although the Court granted a motion to expedite, that motion requested a decision by October 3, not September 1. *See* Unopposed Motion to Expedite the Appeal at 3, *Texas State LULAC v. Hughes*, No. 22-50435, Doc. 00516348059 (5th Cir. June 7, 2022).

In Defendants' view, the feasibility of the current trial schedule turns less on when discovery matters are resolved and more on the extent of additional discovery, if any, in which Defendants must participate. Defendants are diligently preparing for trial and plan to be prepared as scheduled. But the accelerated trial schedule is already tight. If the resolution of pending and anticipated discovery disputes requires Defendants to devote significant resources to additional discovery matters, effective trial preparation may be impossible. In short, Defendants are prepared

to proceed with trial, unless resolution of pending and forthcoming discovery matters will require Defendants to divert their attention.

Although the discovery period theoretically ended weeks ago, significant discovery is still occurring by agreement. For example, of the twenty-five experts disclosed by the nine Plaintiffs groups, four plaintiffs' experts and two defense experts have not yet been deposed. Standing alone, this is not a reason to move the trial schedule. *See* ECF 96 at 4. Defendants raise it to explain that both sides are already engaging in significant discovery during this trial-preparation period.

Plaintiffs point to pending discovery issues, many of which could require significant additional resources from the parties, and Defendants agree that more are on the horizon. For example, Plaintiffs mention motions to reopen the depositions of three different legislators, but the LULAC Plaintiffs have contacted defense counsel to confer about a planned motion to reopen the deposition of yet another legislator. At this point, Defendants do not know whether more such motions will be forthcoming.

Similarly, the Court recently ordered Defendants to review 28,973 documents captured by Plaintiffs' proposed search terms within fourteen days. *See* ECF 553 at 13, 16. After receiving the Court's order on Monday, Defendants have since learned that the parties appear to have inadvertently provided the Court incorrect information about the number of documents at issue due to confusion about the date ranges incorporated into the searches Plaintiffs requested. Applying the Plaintiffs' search terms to their proposed date ranges *more than doubles* the number of documents to be reviewed. Even if the tens of thousands of additional documents to review do not alter the Court's proportionality analysis, *see* ECF 553 at 13–15, they will, at minimum, increase the amount of time Defendants require for review, *see id.* at 15 ("[B]ecause trial in this case is rapidly approaching, the Court strongly encourages the parties to meet and confer before

Secretary Scott produces the documents to see if they can narrow the search parameters."). Consistent with the Court's direction, Defendants are conferring with Plaintiffs about this issue and will separately update the Court with a more detailed explanation of the issue as appropriate.

## IV.    Plaintiffs' Proposed Alternative Dates

Given the scope of the allegations in the instant action, and based on evidence obtained through discovery, Plaintiffs believe that a two-week trial will not afford sufficient opportunity to try all claims at issue.  In its August 24, 2022 Order, the Court stated that it is available for trial to proceed as late as October 14, 2022.  Dkt. 559.  Plaintiffs believe that at least the 15 days offered by the Court, and more likely additional time, including, in the view of some plaintiffs, up to four weeks, will be necessary to try the case.

Should the Court conclude that a September 28, 2022 start date is not feasible in light of the pending discovery disputes, Plaintiffs have identified the following proposed alternative starting periods for the Court's consideration:[3]

     a.   November 2022

     b.   March 2023

     c.   Early Summer 2023

The Abuabara Plaintiffs take the position that any rescheduled trial should ensure that relief can be granted to affect the 2024 elections. Given the Defendants' position below that an early summer 2023 trial would accommodate their concerns, the Abuabara Plaintiffs believe that any rescheduled trial should be set for spring 2023, and in any event no later than early summer 2023.

---

[3] The parties respectfully note that the trial in *LUPE v. Abbott*, 5:21-cv-0844-XR (W.D. Tex.)—in which counsel for several parties here also represent parties—is set to begin on July 17, 2023.

The **Brooks, and MALC Plaintiffs** take the position that any rescheduled trial should ensure that relief can be granted to affect the 2024 elections. Given the Defendants' position below that an early summer 2023 trial would accommodate their concerns, the Brooks and MALC Plaintiffs agree that any rescheduled trial should be set for early summer 2023.  The State has informed the Supreme Court of Texas that it will undertake redistricting for the Texas House and Senate in the upcoming legislative session that begins January 2023.  Were the September 28 trial setting to hold, the Court could rule in advance of the upcoming legislative session.  This would have been a clear benefit to all parties. But a ruling on only partial evidence does justice for none. A trial later this year would presumably preclude the Court from ruling before new legislative events in early 2023.  Anyway, this Court's order, should it grant relief, would not apply until the 2024 elections.  A trial in early summer 2023 would allow the Court to weigh any legislative changes made during the upcoming session and ensure enough time to (1) resolve all discovery disputes and (2) rule in sufficient time for the candidate filing period in December 2023.  For any discovery undertaken about the upcoming session, disclosure should take significantly less time because the Court will have finally resolved discovery related issues pertaining to each type of requested evidence.

The Fair Maps Plaintiffs take the position that any rescheduled trial should ensure that relief can be granted to affect the 2024 elections. Accordingly, given the Defendants' position below that an early summer 2023 trial would accommodate their concerns, the Fair Maps Plaintiffs believe that any rescheduled trial should be set no later than early summer 2023.

## V.        Defendants' Position on Alternative Trial Dates

If the trial is rescheduled, it should be set for early summer 2023. Defendants agree with the Brooks and MALC Plaintiffs that a rescheduled trial should not occur until after the Legislature's 88th Regular Session concludes.

Other Plaintiffs list March 2023 as an option, but that is in the middle of the Legislature's regular session. In March 2023, legislators will be attending to legislative business in Austin, including redistricting pursuant to their state constitutional obligation. *See* Tex. Const. art. III, § 28. Of course, legislators attending the session in Austin cannot simultaneously testify at a trial in El Paso. Beyond legislators, however, numerous other individuals—including staffers, experts, and attorneys—may be needed for the Legislature's redistricting process and this trial.[4]

By scheduling trial for early summer, the Court could secure two major benefits. First, as the Brooks and MALC Plaintiffs note, it would ensure that the trial accounts for the House and Senate maps that the Legislature will pass during the session. Second, it would ensure that the Court has the benefit of whatever guidance about the *Gingles* test that the Supreme Court provides in *Merrill v. Milligan*, No. 21-1086 (U.S.). *See* ECF 241.

Defendants understand that the SB1 trial is set for July 2023, but that should not be an obstacle to setting this trial. First, Judge Rodriguez, who has the SB1 case, has already indicated his willingness to schedule the SB1 trial around the redistricting trial. *See* Ex. A, Hearing Transcript at 60, *La Union Del Pueblo Entero v. Abbott*, No. 5:21-cv-844 (W.D. Tex. May 13, 2022). Second, even if the two trials conflicted, with eleven months of lead time, affected parties,

---

[4] November 2022 also does not seem feasible. At least some Plaintiffs seem to be seeking four weeks for trial. There are less than two-and-a-half weeks between Election Day (November 8) and Thanksgiving (November 24).

including the Defendants, should in that time be able to arrange for different lawyers to handle the different cases.

### VI.    Conclusion

The parties respectfully submit the foregoing joint advisory pursuant to the Court's August 22, 2022 Order.  Dkt. 554.

DATED:  August 26, 2022                        *s/ Nina Perales*
                                               Nina Perales
                                               Texas Bar No. 24005046
                                               Fátima Menendez
                                               Texas Bar No. 24090260
                                               Kenneth Parreno*
                                               Massachusetts Bar No. 705747
                                               MEXICAN AMERICAN LEGAL
                                               DEFENSE AND EDUCATIONAL FUND
                                               110 Broadway, Suite 300
                                               San Antonio, TX 78205
                                               (210) 224-5476

                                               *Admitted *pro hac vice*

                                               Nikolas Youngsmith*
                                               1016 16th Street NW, Suite 100
                                               Washington, DC 20036
                                               (202) 293-2828
                                               Fax: (202) 293-2848
                                               nyoungsmith@maldef.org

                                               *Admitted *pro hac vice*

                                               *Counsel for LULAC Plaintiffs*

                                               *SOMMERMAN, MCCAFFITY,*
                                               *QUESADA &GEISLER, L.L.P.*

                                               */s/ George (Tex) Quesada*
                                               George (Tex) Quesada
                                               State Bar No. 16427750
                                               Email: quesada@textrial.com
                                               Sean J. McCaffity

State Bar No. 24013122
Email: smccaffity@textrial.com
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461
214/720-0720 (Telephone)
214/720-0184 (Facsimile)
-and-
Joaquin Gonzalez
Texas Bar No. 24109935
1055 Sutton Dr.
San Antonio, TX 78228
jgonzalez@malc.org

*Counsel for MALC Plaintiffs*

*/s/ Abha Khanna*
Abha Khanna*
ELIAS LAW GROUP LLP
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177
akhanna@elias.law

Aria C. Branch*
David R. Fox*
Francesca Gibson*
Richard A. Medina*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
abranch@elias.law
dfox@elias.law
fgibson@elias.law
rmedina@elias.law

Kevin J. Hamilton*
**PERKINS COIE LLP**
1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
khamilton@perkinscoie.com

Renea Hicks
Attorney at Law

15

Texas Bar No. 09580400
**Law Office of Max Renea Hicks**
P.O. Box 303187
Austin, Texas 78703-0504
(512) 480-8231
rhicks@renea-hicks.com

*Counsel for Abuabara Plaintiffs*

*\*Admitted pro hac vice*

*/s/ Chad W. Dunn*
Chad W. Dunn (Tex. Bar No. 24036507)
Brazil & Dunn
4407 Bee Caves Road
Building 1, Ste. 111
Austin, TX 78746 (512) 717-9822
chad@brazilanddunn.com

*/s/ Mark P. Gaber*
Mark P. Gaber*
Mark P. Gaber PLLC P.O. Box 34481
Washington, DC 20043 (715) 482-4066
mark@markgaber.com

Jesse Gaines* (Tex. Bar. No. 07570800)
P.O. Box 50093
Fort Worth, TX 76105
817-714-9988 gainesjesse@ymail.com

Molly E. Danahy* P.O. Box 26277
Baltimore, MD 21211
(208) 301-1202
danahy.molly@gmail.com
Sonni Waknin*
10300 Venice Blvd. # 204
Culver City, CA 90232
732-610-1283
sonniwaknin@gmail.com
*Admitted pro hac vice

*Counsel for Brooks Plaintiffs*

s/ Lindsey B. Cohan
Lindsey B. Cohan
Texas Bar No. 24083903

16

DECHERT LLP
515 Congress Avenue, Suite 1400
Austin, TX 78701
(512) 394-3000
*lindsey.cohan@dechert.com*

Jon Greenbaum*
Ezra D. Rosenberg*
Pooja Chaudhuri*
Sofia Fernandez Gold*
Alexander S. Davis*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
*jgreenbaum@lawyerscommittee.org*
*erosenberg@lawyerscommittee.org*
*pchaudhuri@lawyerscommittee.org*
*sfgold@lawyerscommittee.org*
*adavis@lawyerscommittee.org*

Neil Steiner*
Margaret Mortimer*
Nicholas Gersh*
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
*neil.steiner@dechert.com*
*margaret.mortimer@dechert.com*
*nicholas.gersh@dechert.com*

Robert Notzon
Texas Bar No. 00797934
THE LAW OFFICE OF ROBERT
NOTZON
1502 West Avenue
Austin, Texas 78701
(512) 474-7563
*robert@notzonlaw.com*
 */s/ Gary Bledsoe*

17

Gary Bledsoe
Texas Bar No. 02476500
THE BLEDSOE LAW FIRM PLLC
6633 Highway 290 East #208
Austin, Texas 78723-1157
(512) 322-9992
*gbledsoe@thebledsoelawfirm.com*

*Attorney only as to Texas NAACP's claims
related to Texas state senate and state house
plans*

Anthony P. Ashton*
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-577
*aashton@naacpnet.org*

Janette M. Louard
Anna Kathryn Barnes
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-577
*jlouard@naacpnet.org*
*abarnes@naacpnet.org*
*Attorneys appearing of counsel*

*Counsel for the Texas State Conference of
NAACP*

*Admitted pro hac vice

*/s/ Martin Golando*
The Law Office of Martin
The Law Office of Martin Golando, PLLC
Texas Bar No. 24059153
2326 W. Magnolia Ave.
San Antonio, Texas 78201
Office: (210) 471-1185
Fax: (210) 405-6772
Email: martin.golando@gmail.com

*Counsel for Plaintiff Martinez Fischer*

/s/ Noor Taj
Noor Taj*
P.A. State Bar No. 309594
Allison J. Riggs*
N.C. State Bar No. 40028
Hilary Harris Klein*
N.C. State Bar No. 53711
Mitchell Brown*
N.C. State Bar No. 56122
Katelin Kaiser*
N.C. State Bar No. 56799
SOUTHERN COALITION FOR SOCIAL
JUSTICE
1415 West Highway 54, Suite 101
Durham, NC 27707
Telephone: 919-323-3380
Fax: 919-323-3942
Allison@southerncoalition.org
Noor@scsj.org
hilaryhklein@scsj.org
mitchellbrown@scsj.org
katelin@scsj.org

David A. Donatti
TX Bar No. 24097612
Ashley Harris
Texas Bar No. 24078344
Thomas Buser-Clancy
Texas Bar No. 24123238
Adriana Pinon
Texas Bar No. 24089768
ACLU FOUNDATION OF TEXAS, INC.
P.O. Box 8306
Houston, TX 77288
Tel. (713) 942-8146 Fax. (713) 942-8966
ddonnati@aclutx.org
aharris@aclutx.org
tbuser-clancy@aclutx.org
asegura@aclutx.org

Jerry Vattamala
N.Y. State Bar No. 4426458*
Susana Lorenzo-Giguere

19

N.Y. State Bar No. 2428688*
Patrick Stegemoeller**
N.Y. State Bar No. 5819982*
ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND
99 Hudson Street, 12th Floor
New York, NY 10013

Yurij Rudensky*
N.Y. State Bar No. 5798210
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
rudenskyy@brennan.law.nyu.edu
*Admitted pro hac vice

*Counsel for Fair Maps Plaintiffs*

PAMELA S. KARLAN
Principal Deputy Assistant Attorney General
Civil Rights Division

*/s/ Michelle Rupp*
T. CHRISTIAN HERREN, JR.
TIMOTHY F. MELLETT
DANIEL J. FREEMAN
JANIE ALLISON (JAYE) SITTON
MICHELLE RUPP
JACKI L. ANDERSON
JASMIN LOTT
HOLLY F.B. BERLIN
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

*Counsel for United States of America*

KEN PAXTON
Attorney General of Texas
BRENT WEBSTER
First Assistant Attorney General

20

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special
Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 12548 (MC-009)
Austin, Texas 78711-2548
Tel. (512) 463-2100
Fax. (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that she has electronically submitted a true and correct copy of the above and foregoing via the Court's electronic filing system on the 26th day of August 2022.

*/s/ Nina Perales*
Nina Perales