IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs*, <br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants*. | § § § § § § § § § § | Case No. 3:21-cv-259 <br> [Lead Case] |
| TREY MARTINEZ FISCHER, <br><br> *Plaintiff*, <br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § | Case No. 3:21-cv-306 <br> [Consolidated Case] |

**DEFENDANTS' ANSWER TO TREY MARTINEZ FISCHER'S
SECOND AMENDED COMPLAINT**

Defendants Greg Abbott, in his official capacity as Governor of Texas, and John Scott, in his official capacity as Secretary of State of Texas, ("Defendants") file this original answer to Plaintiff Trey Martinez Fischer's Second Amended Complaint (ECF 504).

## ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation in Plaintiff's Second Amended Complaint except for those expressly admitted here. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiff's Second Amended Complaint. Titles that are reproduced in this original answer are included for organizational purposes only, and Defendants do not admit any matter contained in reproduced titles.

## I. INTRODUCTION

1. Defendants lack sufficient knowledge or information to form a belief as to whether former U.S. Representative Henry B. Gonzalez contributed to the success of HemisFair '68, and therefore deny this allegation. Defendants admit that Hemisfair is located within a congressional district that includes part of Austin, and deny any remaining allegations in this paragraph.

2. Defendants admit that Governor Abbott signed SB6 into law on October 25, 2021, and that it provides for 38 congressional districts in Texas. Defendants admit that the HCVAP in CD 35 under the benchmark plan, C2100, was 52.6%, and that CD 35 is not a majority HCVAP district under SB6, according to the Texas Legislative Council. Defendants deny the remaining allegations in this paragraph.

3. Defendants admit that under Plan C2193, portions of Bexar County are located in CDs 20, 21, 23, 28, and 35. Defendants deny any remaining allegations in this paragraph.

4. Denied.

## II. JURISDICTION & VENUE

5.      Defendants admit that venue is proper in this district. Defendants deny that the cited statutes authorize Plaintiff's suit, deny that any violation of law occurred, and deny that Plaintiff is entitled to relief. Defendants admit that Plaintiff requested a three-judge district court. Defendants deny any remaining allegations in this paragraph.

## III. PARTIES

6.      This paragraph contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains allegations requiring a response, Defendants admit that Plaintiff is challenging CD35 in Plan C2193. Defendants lack knowledge or sufficient information to form a belief about the truth of Plaintiff's allegation that he is a registered voter in HD116 and CD35, and therefore deny it. Defendants deny the allegation of an "intentionally discriminatory choice to dilute the strength of Latino voters in CD35." Defendants deny any remaining allegations in this paragraph.

7.      Defendants admit that Greg Abbott is the Governor of Texas.

8.      Defendants admit that John Scott is the Secretary of State of Texas. Defendants deny any remaining allegations in this paragraph to the extent Plaintiff's characterization of the Secretary of State is inconsistent with law.

## IV. FACTS

9.      Defendants admit that Trey Martinez Fischer is the current Texas State Representative for HD 116. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them.

10.     Defendants admit that the State of Texas received the initial P.L. 94-171 data on August 12, 2021, and that the State of Texas received the full redistricting toolkit September 16, 2021. Defendants deny any remaining allegations not previously admitted.

11. Defendants admit that on September 7, 2021, Governor Abbot issued a proclamation announcing that he would convene a third special legislative session to consider, among other things: "Legislation relating to the apportionment of the State of Texas into districts used to elect members of the Texas House of Representatives, the Texas Senate, the State Board of Education, and the United States House of Representatives." Defendants deny any remaining allegations not previously admitted.

12. Defendants admit that the Texas Legislature passed Senate Bill 6 adopting Plan C2193 on October 18, 2021. Defendants admit that Governor Abbott signed this bill on October 25, 2021. Defendants admit that Senate Bill 6 becomes effective on January 18, 2022. Defendants deny any remaining allegations not previously admitted.

13. This paragraph discusses data from the Texas Legislative Council, which speaks for itself. Defendants admit that the HCVAP in CD35 under the benchmark plan, C2100, was 52.6%, according to the Texas Legislative Council. Defendants lack knowledge or sufficient information to form a belief about the truth of the rest of the allegations in this paragraph, and therefore deny.

14. Defendants lack knowledge or sufficient information to form a belief about the truth of the rest of the allegations in this paragraph, and therefore deny.

15. Denied.

16. Defendants admit that the Texas Demographic Center reported that the Travis County population increased by 265,922 between 2010 and 2020 and that the Bexar County population increased by 294,551 between 2010 and 2020. To the extent this paragraph contains allegations beyond those figures, Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations and therefore deny them.

17. Defendants lack knowledge or sufficient information to form a belief about the truth of the rest of the allegations in this paragraph, and therefore deny.

18. Defendants admit that the Texas Legislative Council reported that the Texas population increased by 3,999,944 between 2010 and 2020 and that the Texas Demographic Center reported the allegations in the second sentence of paragraph 18 of the Second Amended Complaint. To the extent this paragraph contains allegations beyond those figures, Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations and therefore deny them.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. This paragraph cites a federal court decision, which speaks for itself. Defendants deny any allegations in this paragraph to the extent they are inconsistent with that federal court decision or any decisions on appeal. Defendants deny any remaining allegations in this paragraph.

32. Denied.

33. Denied.

34. This paragraph cites a federal court decision, which speaks for itself. Defendants deny any allegations in this paragraph to the extent they are inconsistent with that federal court decision or any decisions on appeal. Defendants deny any remaining allegations in this paragraph.

35. This paragraph cites a prior court decision, which speaks for itself. Defendants deny any allegations in this paragraph to the extent they are inconsistent with that court decision or any decisions on appeal. Defendants deny any remaining allegations in this paragraph.

36. Denied.

37. Denied.

38. Defendants lack knowledge or sufficient information to form a belief about the truth of the rest of the allegations in this paragraph, and therefore deny.

39. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph, and therefore deny them.

40. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph, and therefore deny them.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

### SECTION 2 – LATINO VOTE DILUTION IN CENTRAL TEXAS

48. Denied.

49. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

50. Denied.

51. Defendants admit that Plan C2129 was offered as an amendment and failed to be adopted on October 8, 2021. To the extent that this paragraph contains any other allegations requiring a response, denied.

52. This paragraph discusses an data from an amendment offered on the floor of the Texas Senate, which speaks for itself. To the extent this paragraph contains any other allegations requiring a response, denied.

53. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

54. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

55. Defendants admit that in Plan C2129, CD 37 has 50.0% HCVAP, according to the RED-116 report from the Texas Legislative Council. Defendants admit that the report states it is based on ACS data from 2015–2019. To the extent this paragraph contains allegations beyond those figures, Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations and therefore deny them.

56. Defendants admit that the 2016–2020 ACS estimates were released on March 17, 2022, according to the U.S. Census Bureau.

57. Defendants admit that the Texas Legislative Council used data published by the U.S. Census Bureau with RedAppl, and that RedAppl is the state's redistricting software. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in this paragraph and therefore deny them.

58. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations and therefore deny them.

59. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

60. Denied.

61. Denied.

62. Denied.

63. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

64. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

65. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

66. Defendants admit that under Plan C2193, the HCVAP for CD28 is 69.5%, according to the Texas Legislative Council. the extent that this paragraph contains any other allegations requiring a response, denied.

67. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

68. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

69. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

70. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

71. Denied.

72. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

### Racially Polarized Coting in CD 37 in Plan C 2129

73. Denied.

74. Denied.

75. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegation, and therefore deny them.

76. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegation, and therefore deny them.

77. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

78. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegation, and therefore deny them.

79. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

80. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

81. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

82. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

83. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

84. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

85. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them

86. Denied.

87. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

88. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

94. Denied.

95. Denied.

96. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

97. Denied.

98. Denied.

99. Denied.

100. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

101. Denied.

102. Denied.

### Racially Polarized Voting in CD 35 in XGOL C 2001

103. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

104. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

105. Denied.

106. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

### Racial Polarization in CD 35 in Plan C 2193

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Defendants admit that Governor Abbott signed SB6 into law on October 25, 2021, which enacted Plan C2193. Defendants deny the remaining allegations in this paragraph.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

123. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

124. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

125. Defendants admit that the Texas Legislative Council has reported the information contained in paragraph 125 of the Second Amended Complaint. To the extent this paragraph contains allegations beyond those figures, Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations and therefore deny them.

126. Defendants admit that the Texas Legislative Council has reported the information contained in paragraph 126 of the Second Amended Complaint. To the extent this paragraph contains allegations beyond those figures, Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations and therefore deny them.

127. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

128. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

129. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

130. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

131. Denied.

132. Denied.

133. Denied.

## Intent Allegations

134. Denied.

135. Denied.

136. Defendants admit that the congressional map was drafted pursuant to a multi-step process and the Texas Legislature accepted input on the map from various individuals in multiple locations. To the extent this paragraph contains any other allegations requiring a response, denied.

137. Defendants admit that the congressional map was drafted pursuant to a multi-step process and the Texas Legislature accepted input on the map from various individuals in multiple locations. To the extent this paragraph contains any other allegations requiring a response, denied.

138. Defendants admit that the congressional map was drafted pursuant to a multi-step process and the Texas Legislature accepted input on the map from various individuals in multiple locations. To the extent this paragraph contains any other allegations requiring a response, denied.

139. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegation that "rumors abounded" and "rumors flowed", and therefore deny it. Defendants deny the remaining allegations.

140. Defendants admit that the congressional map was drafted pursuant to a multi-step process and the Texas Legislature accepted input on the map from various individuals in multiple locations. To the extent this paragraph contains any other allegations requiring a response, denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Defendants admit that in Plan C2100, eight of the 36 congressional districts are majority HCVAP, according to the Texas Legislative Council. To the extent this paragraph contains allegations beyond those figures, Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations and therefore deny them.

147. Defendants admit that in Plan C2193, seven of the 38 congressional districts are majority HCVAP, according to the Texas Legislative Council. To the extent this paragraph contains allegations beyond those figures, Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations and therefore deny them.

148. Denied.

149. Denied.

150. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in the first two sentences of paragraph 150, and therefore deny them. Defendants deny the remaining allegations in paragraph 150.

151. Denied.

152. Denied.

153. Denied.

154. Dnied.

155. This paragraph discusses data from the Texas Legislative Council, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

156. This paragraph discusses data from the Texas Legislative Council, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

157. This paragraph discusses data from the Texas Legislative Council, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

158. This paragraph discusses data from the Texas Legislative Council, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

159. Defendants admit that CD 35 includes parts of Bexar County and Travis County. Defendants deny the remaining allegations in this paragraph.

160. Defendants admit that the Alamo is located in CD 28. Defendants deny the remaining allegations in this paragraph.

161. Denied.

162. Defendants admit that Senator Gutierrez introduced Plan C 2129. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them.

163. Defendants lack knowledge or sufficient information to form a belief about whether Plan C 2124 represented in part an agreement between Congressman Cuellar and Congressman Gonzales and therefore deny this allegation. The remaining allegations in this paragraph are denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Defendants admit that Representative Todd Hunter is the Chair of the House Redistricting Committee. The remaining allegations in this paragraph are denied.

169. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

170. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

171. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

172. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

173. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

174. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

175. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

176. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

177. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

## V. CAUSES OF ACTION

### Count 1 – Section 2 of the Voting Rights Act

178. Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

179. Denied.

### Count 2 – Equal Protection Clause of the 14th Amendment to the U.S. Constitution

180. Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

181. Denied.

182. Denied.

## VI. Request for Injunctive Relief

183. Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Defendants deny that Plaintiffs are entitled to any of the relief requested herein.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Defendants deny that Plaintiffs are entitled to any of the relief requested herein.

## VII. Conclusion and Requests for Relief

147. Defendants deny that Plaintiffs are entitled to any of the relief requested herein.

**DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES**

1. This Court lacks subject-matter jurisdiction to consider all claims asserted in Plaintiff's Second Amended Complaint.

2. Plaintiff lacks standing to assert all claims asserted in his Second Amended Complaint.

3. Plaintiffs have failed to state a claim upon which relief can be granted.

4. Defendants assert all applicable immunities to Plaintiff's claims, including but not limited to their entitlement to Elevent Amendment and sovereign immunity.

5. Pursuant to 42 U.S.C. § 1988(b) and 52 U.S.C. § 10310(e), Defendants will be entitled to recover their attorney's fees if they are the prevailing party.

6. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it is inconsistent with the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

7. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it would exceed Congress's enforcement power under the 14th and 15th Amendments to the U.S. Constitution. Imposing liability here would not be congruent and proportional to the enforcement of the 14th Amendment or 15th Amendment.

8. Defendants reserve the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

| | |
|---|---|
| Date: August 31, 2022 | Respectfully submitted. |

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Tex. State Bar No. 24088531

MUNERA AL-FUHAID
Special Counsel, Special Litigation Unit
Tex. State Bar No. 24094501

*/s/ Ari M. Herbert*
ARI M. HERBERT
Special Counsel, Special Litigation Unit
Tex. State Bar No. 24126093

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
ari.herbert@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on August 31, 2022, and that all counsel of record were served by CM/ECF.

*/s/ Ari M. Herbert*
ARI M. HERBERT