

**National Headquarters**
MALDEF Nonprofit Center
634 S. Spring Street, 12th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Atlanta**
**Program Office**
500 W. Lanier Ave.
Suite 908
Fayetteville, GA 30215
*Tel:* 470.878.0785

**Chicago**
**Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
*Tel:* 312.427.0701
*Fax:* 312.427.0691

**Los Angeles**
**Regional Office**
634 S. Spring Street,
11th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Sacramento**
**Program Office**
1512 14th Street
Sacramento, CA 95814
*Tel:* 916.444.3031
*Fax:* 916.444.7207

**San Antonio**
**Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
*Tel:* 210.224.5476
*Fax:* 210.224.5382

**Washington, D.C.**
**Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
*Tel:* 202.293.2828

September 7, 2022

Patrick K. Sweeten
Deputy Attorney General for Special Litigation
Office of the Attorney General
William T. Thompson
Deputy Chief, Special Litigation Unit
P.O. Box 12548 (MC-009)
Austin, TX 78711-2548

**RE: Meet and Confer Letter Regarding August 16, 2022 Privilege Log for LULAC Plaintiffs' Document Subpoenas, *LULAC v. Abbott*, No. 3:21-cv-259-DCG-JES-JVB (W.D. Tex.)**

Dear Counsel,

I write to meet and confer regarding the August 16, 2022 privilege log (the "Privilege Log") in connection with the document subpoena served on Anna Mackin. I am happy to set up a time to discuss by phone or Zoom anything raised in this letter. Please respond to this letter by September 12, 2022.

On July 1, 2022, LULAC Plaintiffs served by email a document subpoena on Ms. Mackin. On July 11, 2022, LULAC Plaintiffs received some documents from Ms. Mackin, along with a letter setting forth objections to the document subpoena. On August 16, 2022, LULAC Plaintiffs received the Privilege Log in connection with that document production.

LULAC Plaintiffs seek the production of several documents listed in the Privilege Log. Additionally, LULAC Plaintiffs seek clarification regarding the information included for several entries. All documents at issue in this letter are listed in Exhibit A.

This letter serves as a meet and confer regarding the production of all documents listed in Exhibits A. In light of the forthcoming deadline to file a motion to compel in connection with the Privilege Log, we request that you respond to this letter by September 12, 2022.

## I. Clarification of Certain Individuals and Documents Listed in the Privilege Log.

To further assess Ms. Mackin's privilege assertions, LULAC Plaintiffs seek clarification regarding the information listed for some of the entries in the Privilege Log.

First, the Privilege Log lists (as authors or recipients) individuals who appear not to have been legislators or legislative staff at the time certain documents were created or shared. Multiple documents list as author "Wroe Jackson (Senator Huffman former general counsel)" and "Jeff Hillery (Senator Huffman former communications director)." Ex. B. Please confirm whether these individuals were employed by the Texas Legislature at the time the documents were created. Additionally, please confirm whether the following individuals also listed in Exhibit B were employed by the Legislature at the time the communications were made:

- Wendy Underhill
- Brad Lockerbie

Second, the Privilege Log describes several documents as "analysis" (including "Analysis of draft redistricting legislation relating to proposed districts, with related data"). *See* Ex. C. Because information in these analyses—including the "related data"—and other documents in Exhibit C may fall outside of the scope of the privileges asserted, please provide further detail regarding the extent to which these documents contain underlying data or other fact-based information that is not subject to the legislative privilege, including data relating to redistricting legislation (including but not limited to demographic data, alternative maps, information on voting behavior, or data on election performance). *See infra*, Section II; *see also* Dkts. 548 at 7–9, 13; 540 at 6–7; 447 at 13–15; and 467 at 24.

## II. Improper Assertions of the Legislative Privilege

LULAC Plaintiffs seek several documents listed in the Privilege Log for largely the same reasons articulated in their motions to compel document subpoenas from legislators and other officials. *See* Dkts. 548, 540, and 447. In addition, to the extent that LULAC Plaintiffs seek documents from Ms. Mackin that the United States has previously sought, LULAC Plaintiffs incorporate by reference and re-assert the United States' arguments with respect to those documents. *See* Dkts. 351, 394 and 532. Those overlapping documents are listed in Exhibit D.

LULAC Plaintiffs seek the documents in Exhibit A because, among other reasons:

- Ms. Mackin improperly asserts the work product doctrine over documents created while assisting the Legislature with redistricting legislation, despite the fact that the work product doctrine does not apply in such circumstances.  Ex. E; *see also* Dkt. 548 at 15–16.

- The documents reflect communications with third parties—based on the information currently available to LULAC Plaintiffs—and/or reflect public information, thereby waiving the legislative privilege and/or attorney-client privilege.  Ex. F; *see also* Dkts. 548 at 14 and 540 at 4–6.

- The documents contain data or other facts that are not protected by the legislative privilege and/or attorney-client privilege.  Ex. C; *see also* Dkts. 548 at 7–9, 13 and 540 at 6–7.

- The documents reflect calendar entries, which are not subject to any protection.  Ex. G; *see also* Dkt. 540 at 6.

- The documents are contracts, retention agreements, and invoices, which are not privileged.  Ex. H; *see also* Dkt. 447 at 11–12.

- The documents were created after the enactment of the redistricting legislation and therefore not subject to the legislative privilege.  Ex. I; *see also* Dkt. 540 at 7–8.

In addition, to the extent that the legislative privilege can be asserted over any of the documents identified above or otherwise included in Exhibit A, the privilege should yield.  *See Perez v. Perry*, No. SA-11-CV-360-OLG-JES-XR, 2014 WL 106927, at *2 (W.D. Tex. Jan. 8, 2014).  For each of these documents, the *Perez* factors weigh heavily in favor of disclosure, as articulated in LULAC Plaintiffs' previous motions to compel document subpoenas from legislators and other officials, as well as Private Plaintiffs' motion to compel portions of deposition testimony.  *See* Dkts. 548 at 9–11, 540 at 8–10, and 447 at 8–10.

In light of the above, please indicate which, if any, documents listed in Exhibit A that you intend to produce.  If you do not intend to produce any documents absent an order of the Court, please state so.

Case 3:21-cv-00259-DCG-JES-JVB   Document 582-5   Filed 09/15/22   Page 4 of 4
Ex. D - LULAC Plaintiffs Meet and Confer Letter

Page 4 of 4

***

LULAC Plaintiffs reserve the right to raise additional issues with the Privilege Log, as necessary, though will of course endeavor to meet and confer regarding any additional issues. We hope that the parties can narrow the scope of disagreement or reach an amicable resolution without seeking Court intervention, and we look forward to your response by September 12, 2022.

Sincerely,

*Nina Perales*

Nina Perales
Kenneth Parreno
Mexican American Legal Defense and
Educational Fund (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205

Nikolas Youngsmith
1016 16th Street NW, Suite 100
Washington, DC 20036

*Counsel for LULAC Plaintiffs*