**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs*, <br><br> V. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 3:21-cv-259 <br> [Lead Case] |
| FAIR MAPS TEXAS ACTION COMMITTEE, OCA-GREATER HOUSTON, EMGAGE, KHANAY TURNER, ANGELA RAINEY, AUSTIN RUIZ, AYA ENELI, SOFIA SHEIKH, NILOUFAR HAFIZI, LAKSMI RAMAKRISHNAN, AMATULLAH CONTRACTOR, DEBORAH CHEN, ARTHUR RESA, SUMITA GHOSH, ANAND KRISHNASWAMY, PETER JOHNSON, ZAHRA SYED, CHANDRASHEAR BENAKATTI, DONA MURPHEY, CHETAN REDDY, SANKAR MUTHUKRISHNAN, CHRISTINA LU, JASON ZHANG, CHRIS LEAL, ASHLEY WASHINGTON, AND SARIKA MAHESHWARI, <br><br> *Plaintiffs*, <br><br> V. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 3:21-cv-1038 <br> [Consolidated Case] |

**DEFENDANTS' ANSWER TO FAIR MAPS PLAINTIFFS'**
**SECOND AMENDED COMPLAINT**
**FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants Greg Abbott, in his official capacity as Governor of Texas, and John Scott, in his official capacity as Secretary of State of Texas, ("Defendants") file this original answer to Fair Maps Plaintiffs' Second Amended Complaint for Declaratory and Injunctive Relief (ECF 502).

**ANSWER**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation in Plaintiffs' Second Amended Complaint except for those expressly admitted here. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiffs' Second Amended Complaint. Titles that are reproduced in this original answer are included for organizational purposes only, and Defendants do not admit any matter contained in reproduced titles.

1.      Defendants admit that according to census data, the demographics of Texas have changed between 2010 and 2020. Defendants deny the remaining allegations in this paragraph.

2.      Denied.

3.      Denied.

4.      Defendants admit that Plaintiffs appear to be seeking declaratory and injunctive relief, asserting purported claims challenging redistricting plans for the Texas House, Texas Senate, and United States Congress. Defendants deny that Plaintiffs are entitled to relief on any of their claims. Defendants deny any remaining allegations in this paragraph.

**I. JURISDICTION**

5.      Defendants admit that Plaintiffs purport to bring claims pursuant to the Fourteenth and Fifteenth Amendments to the United States Constitution, 52 U.S.C. §§ 10301 and 1304, 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 2201 and 2202, but Defendants deny that any violation occurred. Defendants further deny that the Plaintiffs' causes of action referenced in this paragraph are meritorious and deny that Plaintiffs can meet their burden of proof

1

to demonstrate this Court's jurisdiction over all claims and relief sought in this case. Defendants deny any remaining allegations in this paragraph.

6.    Defendants admit that venue is proper in this district. Defendants deny that Plaintiffs' causes of action referenced in this paragraph are meritorious. Defendants deny any remaining allegations in this paragraph.

## II. PARTIES

7.    Defendants admit that the Action Committee purports to challenge the redistricting plans on behalf of its constituent organizations and their members. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them.

8.    Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

   a.    Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

   b.    Defendant deny the allegation of a "dilution of minority voting strength" in this paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them.

   c.    Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

   d.    Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

   e.    Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

f.      Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

g.      Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

9.     Denied.

10.    Defendants admit that the organizations and individuals are plaintiffs in this lawsuit and deny that their claims are meritorious.

11.    Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

12.    Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

a.      Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

b.      Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

13.    Denied.

14.    Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

a.      Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

b.      Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

c.      Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

d.      Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

e.      Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

15.    Denied.

16.    Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

17.    Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

18.    Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

19.    Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

20.    Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

21.    Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

22.    Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

23.    Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

24.    Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

25.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

26.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

27.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

28.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

29.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

30.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

31.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

32.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

33.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

34.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

35.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

36.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

37.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

38.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

39.     Denied.

40.     Defendants admit that Greg Abbott is the Governor of Texas. Defendants admit that Article IV, Section 1 of the Texas Constitution states that the "Governor" "shall be the Chief Executive Officer of the State[.]" Defendants admit that Section 3.003(a) of the Texas Election Code states that "[t]he governor shall order: (1) each general election for officers of the state government, members of the United States Congress, and electors for president and vice-president of the United States; (2) each election on a proposed constitutional amendment;  and (3)  each special election to fill a vacancy in the legislature or in congress." Defendants admit that Plaintiffs appear to be suing Governor Abbott in his official capacity.

41.     Defendants admit that John Scott is the Secretary of State of Texas and that he was appointed to his position by Governor Abbott on October 21, 2021. Defendants admit that Section 31.001 of the Texas Election Code states that the "secretary of state is the chief election officer of the state." Defendants admit that Section 31.004(a) of the Texas Election Code states that the "secretary of state shall  assist  and  advise  all  election  authorities  with  regard  to  the  application,  operation,  and interpretation of this code and of the election laws outside this code." Defendants admit that Plaintiffs appear to be suing Secretary Scott in his official capacity.

### III. FACTS

42.     Defendants admit that the U.S. Census Bureau released the initial P.L. 94-171 data on August 12, 2021 (as distinguished from the full redistricting toolkit, which was released on September 16, 2021), and that the U.S. Census Bureau released preliminary data on April 26, 2021.

43.     Defendants admit that according to U.S. census data, the Texas population increased by approximately four million people between 2010 and 2020 and that the demographics of the population changed during that time period. Defendants deny any remaining allegations in this paragraph.

44.     Defendants admit that according to U.S. census data, Harris, Fort Bend, Brazoria, Dallas, Tarrant, Collin, and Denton counties experienced population growth between 2010 and 2020. Defendants deny any remaining allegations in this paragraph.

45.     Denied.

46.     This paragraph cites to U.S. census data, which speaks for itself. Defendants deny any characterization or interpretation of the data which is inconsistent with the data itself.

47.     This paragraph cites a newspaper article, which speaks for itself. Defendants deny any characterization or interpretation of the data which is inconsistent with the U.S. census data.

48.     This paragraph discusses the district court opinion in *Veasey v. Perry*, 71 F. Supp. 3d 627, 700 (S.D. Tex. 2014). That opinion speaks for itself, although Defendants deny any allegations relating to that case to the extent they are inconsistent with the opinion. Defendants deny any remaining allegations in this paragraph.

49.     This paragraph discusses U.S. Census data, which speaks for itself. Defendants deny any characterization of the data which is inconsistent with the data itself.

50.     Denied.

51.     Denied.

52.     Defendants admit that Texas was subject to preclearance under Section 5 of the Voting Rights Act at the time the Texas Legislature passed the 2011 redistricting  maps. The remainder of this paragraph contains Plaintiffs' characterizations of a court decision. That decision speaks for itself.

Defendants deny Plaintiffs' characterizations of the decision to the extent they are inconsistent with the decision itself. Defendants deny any remaining allegations in this paragraph.

53.     This paragraph contains Plaintiffs' characterizations of a court decision. That decision speaks for itself. Defendants deny Plaintiffs' characterizations of the decision to the extent they are inconsistent with the decision itself. Defendants deny any remaining allegations in this paragraph.

54.     This paragraph contains Plaintiffs' characterizations of a court decision. That decision speaks for itself. Defendants deny Plaintiffs' characterizations of the decision to the extent they are inconsistent with the decision itself. Defendants deny any remaining allegations in this paragraph.

55.     This paragraph contains Plaintiffs' characterizations of a court decision. That decision speaks for itself. Defendants deny Plaintiffs' characterizations of the decision to the extent they are inconsistent with the decision itself. Defendants deny any remaining allegations in this paragraph.

56.     This paragraph contains Plaintiffs' characterizations of a court decision. That decision speaks for itself. Defendants deny Plaintiffs' characterizations of the decision to the extent they are inconsistent with the decision itself. Defendants deny any remaining allegations in this paragraph.

57.     This paragraph contains Plaintiffs' characterizations of a court decision. That decision speaks for itself. Defendants deny Plaintiffs' characterizations of the decision to the extent they are inconsistent with the decision itself. Defendants deny the remaining allegations in this paragraph.

58.     This paragraph contains Plaintiffs' characterizations of a court decision. That decision speaks for itself. Defendants deny Plaintiffs' characterizations of the decision to the extent they are inconsistent with the decision itself. Defendants deny any remaining allegations in this paragraph.

59.     This paragraph contains Plaintiffs' characterizations of a court decision. That decision speaks for itself. Defendants deny Plaintiffs' characterizations of the decision to the extent they are inconsistent with the decision itself. Defendants deny the remaining allegations in this paragraph.

60.     This paragraph contains Plaintiffs' characterizations of a court decision. That decision speaks for itself. Defendants deny Plaintiffs' characterizations of the decision to the extent they are inconsistent with the decision itself. Defendants deny the remaining allegations in this paragraph.

61.     Denied.

62.     Defendants admit that Plaintiffs allege to have sent the letters they cite in this paragraph. Defendants deny the remaining allegations in this paragraph.

63.     Defendants admit that Plaintiffs allege to have sent the letter they cite in the first sentence of this paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in the second and third sentences of this paragraph, and therefore deny them. Defendants admit that Plaintiffs allege to have sent the letter they cite in the third sentence of this paragraph. Defendants deny the remaining allegations in this paragraph.

64.     Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in this paragraph and therefore deny them.

65.     Defendants admit that the Texas Legislature heard public testimony about redistricting between January and March of 2021. Defendants deny the allegation in the second sentence of this paragraph.

66.     Denied.

67.     Admit.

68.     Admit.

69.     Denied.

70.     Defendants admit that the Legislature adopted the redistricting maps that Plaintiffs now challenge. Defendants deny the remaining allegations in this paragraph.

71.     Denied.

72.     Defendants admit that Senator Huffman stated in a legislative hearing that the maps were drawn "race blind." Defendants deny the remaining allegations in this paragraph.

73.     This paragraph appears to reference statements made by Senator Joan Huffman and Representative Todd Hunter, which speak for themselves. Defendants deny Plaintiffs' characterizations of Senator Huffman's or Representative Hunter's statements to the extent their characterizations are inconsisten with those statements.

74.     This paragraph contains Plaintiffs' characterizations of a court decision. That decision speaks for itself. Defendants deny Plaintiffs' characterizations of the decision to the extent they are inconsistent with the decision itself. This paragraph also references a statement made by Representative Todd Hunter, which speaks for itself. Defendants deny Plaintiffs' characterization of Representative Hunter's statements. Defendants admit that Voting Age Population refers to the portion of the population that is at least eighteen years old and that Citizen Voting Age Population refers to the portion of the population that is at least eighteen years old and a United States citizen. Defendants deny the remaining allegations in this paragraph.

75.     Denied.

76.     Denied.

77.     Defendants admit that Representative Todd Hunter filed House Bill 1, the redistricting plan for the Texas House, and that it was referred to the House Redistricting Committee on September 30, 2021. Defendants deny the remaining allegations in this paragraph.

78.     Defendants admit that the House Redistricting Committee held a public hearing on House Bill 1 on October 4, 2021. Defendants lack sufficient knowledge or information to form a belief as to the allegation in the second sentence of this paragraph, and therefore deny that allegation. This paragraph references statements made by Representative Todd Hunter, which speak for themselves. Defendants deny Plaintiffs' characterization of Representative Hunter's statements to the extent they

are inconsistent with the statements themselves. Defendants deny the remaining allegations in this paragraph.

79.     Denied.

80.     This paragraph references statements made by Representative Hunter and Representative Nicole Collier, which speak for themselves. Defendants deny Plaintiffs' characterization of their statements to the extent they are inconsistent with the statements themselves. Defendants deny the remaining allegations in this paragraph.

81.     Defendants lack sufficient knowledge or information to form a belief as to the allegation in the first sentence of this paragraph, and therefore deny that allegation. This paragraph also contains citations to the Texas Constitution, which speak for themselves. Defendants deny any remaining allegations in this paragraph.

82.     Denied.

83.     Defendants admit that Representative Hunter introduced a committee substitute on October 5, 2021, which was adopted and reported favorably by the Redistricting Committee on October 5, 2021. Defendants deny any remaining allegations in this paragraph.

84.     Defendants admit that the Texas House heard House Bill 1 on second reading on October 12, 2021. Defendants admit that the House passed House Bill 1 on the third reading and reported the bill to the Texas Senate on October 13, 2021. Defendants admit that the Senate Special Committee on Redistricting held a public hearing on House Bill 1 and reported the bill favorably, and that the full Senate adopted Plan H2316. This paragraph references legislative committee hearings, the minutes and transcripts for which are publicly available and speak for themselves. Defendants deny any characterizations inconsistent with those records. Defendants deny any remaining allegations in this paragraph.

85.     Denied.

86.     Defendants admit that Senator Huffman made the following statement on the Senate floor regarding the drawing of the Senate maps: "Sometimes we looked at county lines, sometimes precinct, actual the precincts highlighted. Sometimes we have it shaded for cities and sometimes we had it shaded for partisan numbers, sometimes they were Trump numbers, sometimes we had several political elections up from different years that we looked at and population numbers were almost always there. One thing we never had on was racial shading." Defendants deny any remaining allegations in this paragraph.

87.     Denied.

88.     Admit.

89.     Defendants admit that the Texas House of Representatives' Committee on Redistricting published notice of a public hearing on Senate Bill 6 on October 12, 2021, setting the hearing for October 13, 2021, which provided notice that registration to testify virtually at the hearing would close twelve hours prior to the start time of the hearing and that no prior registration was required to testify in person. Defendants admit that the Texas House of Representatives' Committee on Redistricting held a public hearing on October 13, 2021 at which it considered Senate Bill 6, and that it was reported favorably on October 13, 2021. Defendants deny the remaining allegations in this paragraph.

90.     Defendants admit that the House passed Senate Bill 6 on the second reading on October 16, 2021, and that some proposed amendments were rejected. Defendants admit that the House passed the amended bill on the third reading on October 17, 2021. Defendants admit that the Senate refused to concur on the House amendments that were adopted and the amended bill was referred to a conference committee. Defendants admit that the Senate and House conference committee reported plan C2193 on October 17, 2021. Defendants deny the remaining allegations in this paragraph.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Defendants admit that Fort Bend County includes House Districts 26, 27, 28, and 76. Defendants deny any remaining allegations in this paragraph.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    This paragraph references a statement made by Representative Jasmine Crockett, which speaks for itself. Defendants deny Plaintiffs' characterization of the statement to the extent it is inconsistent with the statement itself. Defendants deny any remaining allegations in this paragraph.

101.    This paragraph references a statement made by Representative Jacey Jetton, which speaks for itself. Defendants deny Plaintiffs' characterization of the statement to the extent it is inconsistent with the statement itself. Defendants deny the remaining allegations in this paragraph.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Defendants admit that in Plan H2316 Bell County contains House Districts 54 and 55. Defendants deny that, under the benchmark plan, Killeen, Texas, is kept together in House District 54.

108.    Defendants admit that in Plan H2316, part of Killeen is included in House District 54 and part of Killeen is included in House District 55. Defendants deny any remaining allegations in this paragraph.

109.    This paragraph references statements made by Representative Rafael Anchia and Representative Chris Turner, which speak for themselves. Defendants deny Plaintiffs' characterizations of the statements to the extent they are inconsistent with the statements themselves. Defendants lack knowledge as to whether Representative Turner distributed a racial shading map to each Representative and therefore deny this allegation. Defendants deny the remaining allegations in this paragraph.

110.    Defendants admit that Representative Davis's proposed floor amendment 18 was rejected. This paragraph references a statement by Representative Davis, which speaks for itself. Defendants deny Plaintiffs' characterization of her statement to the extent the characterization is inconsistent with the statement itself. Defendants deny any remaining allegations in this paragraph.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Defendants deny the allegations in the first sentence. Defendants admit that the numbers provided in paragraph 114 match some of the numbers provided in plaintiffs' expert report but do not admit the accuracy of those numbers. Defendants deny the remaining allegations in this paragraph.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Defendants admit that under Plan H2316, Collin County includes House Districts 61, 66, 67, 70, and 89, as well as House District 33, which also covers Rockwall County. Defendants deny the remaining allegations in this paragraph.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Defendants admit that under Plan S2168, Fort Bend County includes Senate Districts 13, 17, and 18. Defendants deny the remaining allegations in this paragraph.

132.    Denied.

133.    Denied.

134.    Defendants deny the allegations in the first sentence. Defendants admit that the numbers in paragraph 134 match some of the numbers provided in plaintiffs' expert report but do not admit the accuracy of those numbers. Defendants deny the remaining allegations in this paragraph.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Defendants admit that under Plan S2168, Tarrant County includes Senate Districts 9, 10, 12, 22, and 23. Defendants deny that under Plan S2168, Tarrant County includes Senate District 16. Defendants deny any remaining allegations in this paragraph.

139.    Denied.

140.     Denied.

141.     Defendants admit that on September 24, 2021, Mr. Michael Evans, Sr., the Mayor of Mansfield, Texas, testified before the Senate Redistricting Committee against SB 4. Defendants deny the remaining allegations in this paragraph.

142.     Defendants lack sufficient knowledge or information to form a belief as to the letter allegedly presented to the Senate Redistricting Committee by five members of the Fort Worth City Council, and therefore deny that allegation. Defendants deny any remaining allegations in this paragraph.

143.     Denied.

144.     Denied.

145.     Denied.

146.     Defendants deny the allegations in the first sentence. Defendants admit that the numbers in paragraph 146 match some of the numbers provided in plaintiffs' expert report but do not admit the accuracy of those numbers. Defendants deny the remaining allegations in this paragraph.

147.     Denied.

148.     Denied.

149.     Denied.

150.     Defendants admit that as a result of the 2020 Census, Texas gained two additional Congressional seats, totalling 38 seats in the U.S. House of Representatives. Defendants deny the remaining allegations in this paragraph.

151.     Denied.

152.     Denied.

153.     Defendants admit that under Plan C2193, Harris and Fort Bend County includes Congressional Districts 2, 7, 8, 9, 18, 22, 29, and 38. Defendants deny any remaining allegations in this paragraph.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Defendants admit that under Plan C2193, Dallas and Tarrant Counties include Congressional Districts 5, 6, 12, 24, 25, 26, 30, 32, and 33. Defendants admit that Collin County includes Congressional Districts 3, 4, and 32. Defendants admit that Denton County includes Congressional Districts 4, 13, 26, and 32. Defendants deny any remaining allegations.

162.    Denied.

163.    Denied.

164.    Defendants deny the allegations in the first sentence. Defendants admit that the numbers in paragraph 146 match some of the numbers provided in plaintiffs' expert report but do not admit the accuracy of those numbers. Defendants deny the remaining allegations in this paragraph.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, Defendants deny them.

176.    This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

## CAUSES OF ACTION

177.    Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

### Count I

178.    This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

179.    Denied.

180.    Denied.

### Count II

181.    This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

182.    This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

183.    Denied.

184.    Denied.

## Count III

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

## BASIS FOR EQUITABLE RELIEF

189.    Defendants deny that Plaintiffs are entitled to any of the relief requested herein.

190.    Denied.

## ATTORNEYS' FEES

191.    Defendants deny that Plaintiffs are entitled to any of the relief requested herein.

## PRAYER

Defendants deny that Plaintiffs are entitled to any of the relief requested herein.

A.    Defendants deny that Plaintiffs are entitled to any of the relief requested herein.

B.    Defendants deny that Plaintiffs are entitled to any of the relief requested herein.

C.    Defendants deny that Plaintiffs are entitled to any of the relief requested herein.

D.    Defendants deny that Plaintiffs are entitled to any of the relief requested herein.

E.    Defendants deny that Plaintiffs are entitled to any of the relief requested herein.

F.    Defendants deny that Plaintiffs are entitled to any of the relief requested herein.

### DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

1.    This Court lacks subject-matter jurisdiction to consider all claims asserted in Plaintiffs' Second Amended Complaint.

2.    Plaintiffs lack standing to assert all claims asserted in their Second Amended Complaint.

3.    Plaintiffs have failed to state a claim upon which relief can be granted.

4.   Defendants assert all applicable immunities to Plaintiffs' claims, including but not limited to their entitlement to Eleventh Amendment and sovereign immunity.

5.   Pursuant to 42 U.S.C. § 1988(b) and 52 U.S.C. § 10310(e), Defendants will be entitled to recover their attorney's fees if they are the prevailing parties.

6.   Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it is inconsistent with the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

7.   Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it would exceed Congress's enforcement power under the 14th and 15th Amendments to the U.S. Constitution. Imposing liability here would not be congruent and proportional to the enforcement of the 14th Amendment or 15th Amendment.

8.   Defendants reserve the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

Date: October 12, 2022                          Respectfully submitted.

KEN PAXTON                                       PATRICK K. SWEETEN
Attorney General of Texas                        Deputy Attorney General for Special Litigation
                                                 Tex. State Bar No. 00798537

BRENT WEBSTER
First Assistant Attorney General                 WILLIAM T. THOMPSON
                                                 Deputy Chief, Special Litigation Unit
                                                 Tex. State Bar No. 24088531

                                                 MUNERA AL-FUHAID
                                                 Special Counsel, Special Litigation Unit
                                                 Tex. State Bar No. 24094501

                                                 */s/  Ari M. Herbert*
                                                 ARI M. HERBERT
                                                 Special Counsel, Special Litigation Unit
                                                 Tex. State Bar No. 24126093

                                                 OFFICE OF THE ATTORNEY GENERAL
                                                 P.O. Box 12548 (MC-009)
                                                 Austin, Texas 78711-2548
                                                 Tel.: (512) 463-2100
                                                 Fax: (512) 457-4410
                                                 patrick.sweeten@oag.texas.gov
                                                 will.thompson@oag.texas.gov
                                                 munera.al-fuhaid@oag.texas.gov
                                                 ari.herbert@oag.texas.gov

                         **COUNSEL FOR DEFENDANTS**

                         **CERTIFICATE OF SERVICE**

        I certify that a true and accurate copy of the foregoing document was filed electronically (via

CM/ECF) on October 12, 2022, and that all counsel of record were served by CM/ECF.


                                        */s/  Ari M. Herbert*
                                        ARI M. HERBERT