IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*, <br><br> *Defendants*. | CIVIL ACTION NO. <br> 3:21-cv-00259-DCG-JES-JVB <br> [Consolidated Action: Lead Case] |

### LULAC PLAINTIFFS' MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF SEEKING SPECIFIC DOCUMENTS FROM DAVE'S REDISTRICTING, LLC

Plaintiffs LULAC, *et al.* ("LULAC Plaintiffs") respectfully request that the Court reopen discovery to allow them to serve a subpoena on a non-party custodian of specific, relevant documents in this case. Dave's Redistricting, LLC ("Dave's Redistricting") is an organization that hosts Dave's Redistricting App, a free online application to create, analyze and share redistricting maps. In his deposition, the State's expert witness, Sean Trende, testified that he had created two new majority-minority Texas congressional districts using Dave's Redistricting App. LULAC Plaintiffs have been unsuccessful in obtaining Mr. Trende's maps from the State and now move the Court for limited relief.

Fact discovery closed on July 15, 2022, and although expert discovery closed on August 3, 2022, the parties agreed to a deposition date of September 2, 2022 for Mr. Trende. During that deposition, Mr. Trende testified that he had previously drawn two additional majority-minority Texas congressional districts compared to the benchmark plan, and that he had used Dave's

1

Redistricting App to draw those districts. Following the deposition, LULAC Plaintiffs contacted counsel for Dave's Redistricting and confirmed that Dave's Redistricting had in its possession documents associated with Mr. Trende and related to Texas redistricting. However, despite requests from LULAC Plaintiffs, the State declined to provide any shapefiles or other documents Mr. Trende used or created on Dave's Redistricting App related to Texas redistricting. Unable to resolve this disagreement without Court intervention, LULAC Plaintiffs now respectfully move this Court to reopen discovery for the limited purpose of issuing a subpoena to Dave's Redistricting for the specific documents related to Mr. Trende and Texas redistricting. Exhibit A lists the documents sought by LULAC Plaintiffs' proposed subpoena.

## I. BACKGROUND

LULAC Plaintiffs brought suit to challenge the redistricting plans enacted by the 87th Texas Legislature, alleging violations of the Voting Rights Act and the United States Constitution. LULAC Plaintiffs allege, among other things, that the Texas Legislature enacted the redistricting plans with the intent to discriminate against Latinos, and assert that the totality of circumstances shows that Latinos have less opportunity to participate in the political process and to elect representatives of their choice. *See* Dkt. 338.

Pursuant to the Court's June 9, 2022 Scheduling Order, fact discovery closed on July 15, 2022, and expert discovery closed on August 3, 2022. Dkt. 325. On July 23, 2022, the State served Mr. Trende's expert report and related materials pursuant to Federal Rule of Civil Procedure 26(a)(2) and the agreement of the parties. Following negotiations, the parties agreed that Mr. Trende's deposition would take place on September 2, 2022.

During that deposition, Mr. Trende testified that, on December 14, 2020, he authored three tweets on Twitter in which he stated that he had "[b]een playing around with Texas maps,

and it's pretty easy to draw . . . two new minority opportunity districts by making 7 and 32 minority-majority[.]" *See* Ex. B; *see also* Ex. C at Tr. 146:6-147:1. Mr. Trende attested to the authenticity of the tweets, and provided more information regarding their substance. *See* Ex. C at Tr. 146:6-149:23. Of note, Mr. Trende stated that he drew the districts on Dave's Redistricting App, using "whatever" data "[Dave's Redistricting App] makes available." *Id.* at Tr. 147:5-8. Mr. Trende's December 14, 2020 tweets do not state that he had used Dave's Redistricting App to draw the districts. *See* Ex. B.

On September 7, 2022, counsel for LULAC Plaintiffs emailed counsel for Dave's Redistricting, inquiring whether Dave's Redistricting would consent to service of a document subpoena through counsel. Ex. D-2 at 7-8. On September 8, 2022, counsel for Dave's Redistricting confirmed that it consented to service by email of LULAC Plaintiffs' proposed document subpoena. *Id.* at 7.

On September 9, 2022, counsel for LULAC Plaintiffs emailed counsel for the State, requesting that the State produce the shapefiles for the districts referenced in Mr. Trende's deposition. Ex. D-1 at 7-8. LULAC Plaintiffs emphasized that those shapefiles form part of the facts or data considered by Mr. Trende in forming his opinions regarding the compactness of minority communities, as well as his opinion that the maps he analyzed are consistent with partisan motivations. *Id.* After not receiving a response, counsel for LULAC Plaintiffs emailed counsel for the State again on September 12, 2022, following up on the requests from her original email. *Id.* at 7. On September 13, 2022, counsel for the State responded that they were "looking into this," and "will get back to you as soon as possible." *Id.* at 6.

That same day, counsel for LULAC Plaintiffs emailed a litigation hold letter to counsel for Dave's Redistricting, seeking the preservation of documents and other information sought in LULAC Plaintiffs' proposed document subpoena.  Ex. E; *see also* Ex. A.

After receiving no response for a week from the State, on September 20, 2022, counsel for LULAC Plaintiffs emailed counsel for the State to inquire again whether the State would produce the requested shapefiles or, if not, whether it opposed LULAC Plaintiffs' proposed motion to reopen discovery for the purpose of obtaining the shapefiles from Dave's Redistricting. Ex. D-1 at 6.  Counsel for the State responded that same day, stating their view that the maps referenced in LULAC Plaintiffs' September 9, 2022 email were created before Mr. Trende's retention in this case and therefore did not constitute part of the underlying facts and data on which he relied for the instant lawsuit.  *Id.* at 5.  The State also represented that Mr. Trende no longer had possession of those maps.  *Id.*

On September 21, 2022, counsel for LULAC Plaintiffs informed the State by email that LULAC Plaintiffs would seek to reopen discovery for the purpose of subpoenaing Dave's Redistricting for those shapefiles.  *Id.* at 4.  That same day, the State emailed that it "it is our understanding that the maps are not saved in Mr. Trende's Dave's Redistricting App folder." *Id.* at 3-4.

On September 22, 2022, counsel for LULAC Plaintiffs emailed counsel for Dave's Redistricting, seeking confirmation that Dave's Redistricting had possession, custody, or control of documents responsive to the litigation hold letter.  Ex. D-2 at 5.  On September 27, 2022, counsel for Dave's Redistricting confirmed by email that Dave's Redistricting had files responsive to the litigation hold letter.  *Id.* at 3-4.  On September 28, 2022, counsel for LULAC Plaintiffs spoke with counsel for Dave's Redistricting by phone, and counsel for Dave's

4

Redistricting confirmed that Dave's Redistricting had placed a hold on those responsive documents.  Ex. D ¶ 4; *see also* Ex. D-2 at 4.  On September 29, 2022, counsel for Dave's Redistricting stated by email that Dave's Redistricting had identified five maps related to Mr. Trende and Texas redistricting, and represented at that time that all five maps were created on or after July 1, 2022.  Ex. D-2 at 2.

On September 30, 2022, counsel for LULAC Plaintiffs emailed counsel for the State, conveying the information regarding the five maps identified by Dave's Redistricting.  Ex. D-1 at 3.  LULAC Plaintiffs asked the State to provide a description of these maps and to indicate whether the State would produce these files in the event that the State had not already done so.  *Id.*  On October 3, 2022, counsel for the State responded, stating that the five maps "do not exist."  *Id.* at 2.

After LULAC Plaintiffs contacted the State about those five maps, counsel for Dave's Redistricting emailed counsel for LULAC Plaintiffs, stating that Dave's Redistricting "informed me that the earlier statement that there are five Texas maps connected to Mr. Trende's account created after July 1, 2022, was based on misreading of the data and is incorrect."  Ex. D-2 at 1.  In response, counsel for LULAC Plaintiffs asked counsel for Dave's Redistricting to confirm how many shapefiles or other documents related to Mr. Trende and Texas redistricting are in the possession, custody, or control of Dave's Redistricting, as well as when those documents were created.  *Id.*  Counsel for Dave's Redistricting responded, "I can't provide that information.  I can only say that we've preserved all documents subject to the litigation hold and are awaiting your subpoena."  *Id.*

On October 4, 2022, counsel for LULAC Plaintiffs emailed counsel for the State, seeking the State's position on the instant motion and indicating the scope of the documents sought by

5

LULAC Plaintiffs' proposed subpoena. Ex. D-1 at 1-2. Counsel for the State stated that it opposed the motion. *Id.* at 1.

After LULAC Plaintiffs' diligent efforts to obtain without Court intervention the documents specified in Exhibit A, and in light of the information regarding documents that are in the possession, custody, or control of Dave's Redistricting, this motion follows.

## II.  LEGAL STANDARD

Under Rule 16(b)(4), a scheduling order may be modified after a deadline has passed "for good cause and with the court's consent." *Gibson v. United States*, No. 1:18-CV-626-RP, 2021 WL 6617723, at *1 (W.D. Tex. Mar. 15, 2021). "When evaluating a request to modify a scheduling order after the pertinent deadline has passed, the Court must evaluate: (1) the explanation for the failure to timely move for a modification of the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Id.* (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

## III.  ARGUMENT

All four factors strongly favor reopening discovery for the limited purpose of serving LULAC Plaintiffs' proposed document subpoena on Dave's Redistricting. *See* Ex. A.

First, LULAC Plaintiffs could not have moved for modification of the scheduling order prior to the close of discovery. LULAC Plaintiffs first learned that Mr. Trende used his Dave's Redistricting App account to draw two additional minority opportunity Texas congressional districts during his September 2, 2022 deposition—*after* the close of fact discovery on July 15, 2022. *See Gibson*, 2021 WL 6617723, at *1 (concluding that first factor favors reopening discovery where information was obtained after pertinent discovery deadline).

Moreover, since learning that Mr. Trende used Dave's Redistricting App to draw additional minority opportunity districts, LULAC Plaintiffs have "been diligent in pressing [their] claims." *Le-Vel Brands, LLC v. DMS Nat. Health, LLC*, No. 4:20-CV-398-SDJ, 2022 WL 949952, at *3 (E.D. Tex. Mar. 28, 2022) (quotation omitted). On September 7, 2022—just days after the deposition—counsel for LULAC Plaintiffs reached out to counsel for Dave's Redistricting to arrange for service by email of their planned document subpoena, and subsequently took steps to ensure Dave's Redistricting preserved any documents related to Mr. Trende and Texas redistricting, *see* Ex. E. Meanwhile, on September 8, 2022, LULAC Plaintiffs requested the shapefiles referenced by Mr. Trende from the State. On the day after counsel for the State indicated that they did not believe Dave's Redistricting had possession of those shapefiles, counsel for LULAC Plaintiffs emailed counsel for Dave's Redistricting to confirm that it had possession, custody, or control of documents responsive to LULAC Plaintiffs' litigation hold letter. On September 30, 2022—the day immediately after counsel for Dave's Redistricting stated that there were five Texas maps created on or after July 1, 2022 in the possession of Dave's Redistricting—counsel for LULAC Plaintiffs contacted counsel for the State to request those documents. And on October 4, 2022—the day immediately after counsel for Dave's Redistricting stated that his earlier representation regarding the five Texas maps was incorrect, and that Dave's Redistricting could not provide information on how many documents were in its possession—counsel for LULAC Plaintiffs conferred with counsel for the State regarding the instant motion.

Thus, LULAC Plaintiffs have acted diligently not only to ensure that there are documents responsive to their proposed subpoena that should have been produced in connection with Mr. Trende's expert report—but also to obtain those documents without intervention of the Court.

Because LULAC Plaintiffs "could not have met the" July 15, 2022 fact discovery or August 3, 2022 expert discovery "deadline despite [their diligence]," the first factor favors reopening discovery. *TravelPass Grp., LLC v. Caesars Ent. Corp.*, No. 5:18-CV-153-RWS-CMC, 2021 WL 2492858, at *14 (E.D. Tex. May 4, 2021)

Second, the importance of the evidence sought also weighs strongly in favor of modifying the scheduling order. Mr. Trende, one of the State's expert witnesses, opined in his expert report that "[t]he plaintiffs' alternative maps typically function only by stitching together noncompact minority populations from disparate areas of the region." Ex. C at Tr. 152:5-12 . However, Mr. Trende stated in his tweets that "it's pretty easy to draw . . . two new minority opportunity districts by making [congressional districts] 7 and 32 minority-majority[.]" *See* Ex. D. Districts 7 and 32 are located in the Houston and Dallas areas respectively, where LULAC Plaintiffs claim that section 2 of the Voting Rights Act requires the creation of two new Latino majority congressional districts. "Given that the new information suggests that" Mr. Trende concluded that the minority populations in the Houston and Dallas areas are sufficiently compact that it is "easy" to create two new majority-minority congressional districts, the evidence sought by LULAC Plaintiffs is directly related to their claims in the case and thus "this factor weighs in [LULAC Plaintiffs'] favor." *Gibson*, 2021 WL 6617723, at *2.

The third and fourth factors—prejudice and the availability of a continuance to cure any prejudice—likewise favor modifying the Court's scheduling order. As of the time of this filing, the trial has not been rescheduled. *See* Dkt. 597 at 10 (noting that "the Court is no longer on the eve of trial"). As such, re-opening discovery for the limited purpose of issuing the proposed subpoena will not prejudice the State and will not add any delay. *Gibson*, 2021 WL 6617723, at *2 (finding third factor favored reopening discovery where trial had been cancelled); *see also*

*Brooks v. Home Depot U.S.A., Inc.*, No. CV H-20-3960, 2022 WL 195851, at *4 (S.D. Tex. Jan. 21, 2022) (reopening discovery where there was no trial "in the immediate future"). Moreover, reopening discovery will not require the State to re-brief any motion for summary judgment or opposition to such a motion because no party in the instant suit has moved for summary judgment, and this case is far from "ready for trial " given the pending discovery disputes. *Cf. Ryan v. United States Dep't of Com.*, No. 3:18-CV-558-DPJ-FKB, 2021 WL 3134909, at *3 (S.D. Miss. July 23, 2021) ("Given the extensive summary-judgment briefing and the ready status of this case, the [non-movant] has shown prejudice."). Furthermore, "given the uncertainty surrounding an upcoming trial date," "a continuance would be sufficient to cure any prejudice" to the State—"and in any event, [LULAC Plaintiffs'] need for additional discovery outweighs any prejudice to [the State]." *Gibson*, 2021 WL 6617723, at *2.

Accordingly, the four factors strongly favor modifying the scheduling order to permit LULAC Plaintiffs to serve Dave's Redistricting with a subpoena requesting documents related to Mr. Trende and Texas redistricting.

## IV. CONCLUSION

For the foregoing reasons, LULAC Plaintiffs respectfully request that the Court grant their motion and reopen discovery for the limited purpose of allowing LULAC Plaintiffs to serve Dave's Redistricting with a subpoena for specific documents related to Mr. Trende and Texas redistricting. *See* Ex. A.

Dated: October 17, 2022           Respectfully submitted,

                                  */s/ Nina Perales*
                                  Nina Perales
                                  Fátima Menendez
                                  Kenneth Parreno*
                                  Julia Longoria

Mexican American Legal Defense and Educational Fund (MALDEF)
110 Broadway Street, Suite 300
San Antonio, TX 78205
(210) 224-5476
Fax: (210) 224-5382

Nikolas Youngsmith*
1016 16th Street NW, Suite 100
Washington, DC 20036
(202) 293-2828
Fax: (202) 293-2848
nyoungsmith@maldef.org

*Admitted *pro hac vice*

*Counsel for LULAC Plaintiffs*

## CERTIFICATE OF CONFERENCE

I hereby certify that, on October 4, 2022, counsel for LULAC Plaintiffs conferred with counsel for the State concerning the subject of the instant motion. Counsel for the State opposed the relief sought.

                  */s/ Nina Perales*
                  Nina Perales

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that she has electronically submitted a true and correct copy of the above and foregoing via the Court's electronic filing system on the 17th day of October 2022.

                  */s/ Nina Perales*
                  Nina Perales