# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*, <br><br> *Defendants*. | CIVIL ACTION NO. <br> 3:21-cv-00259-DCG-JES-JVB <br> [Consolidated Lead Case] |

**ATTACHMENT A:  SUBPOENA FOR DOCUMENTS AND RECORDS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce to the Plaintiffs League of United Latin American Citizens, *et al.* ("LULAC Plaintiffs") the documents and electronically stored information described below in your possession, custody, or control.

**I. DEFINITIONS AND INSTRUCTIONS**

1. "Document" is defined to be synonymous in meaning and scope as the term "document" is used under Rule 34 of the Federal Rules of Civil Procedure and as the phrase "writings and recordings" is defined in Rule 1001 of the Federal Rules of Evidence and includes, but is not limited to, any computer files, memoranda, notes, letters, emails, printouts, instant messages, ephemeral messages, social media messages, text messages, or databases, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form,

1

including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original.

2. "Electronically Stored Information" or "ESI" is defined to be synonymous in meaning and scope as the term "electronically stored information" is used under Rule 34 of the Federal Rules of Civil Procedure and refers to any type of information that is created, used, and stored in digital form and accessible by digital means. ESI includes but is not limited to all data, digital documents, or other information contained on any media type, whether hard disk drive, cloud storage, or any other storage technology.

3. "Sean P. Trende" or "Sean Trende" or "Mr. Trende" is the Senior Elections Analyst for RealClearPolitics, is a nonresident fellow at the American Enterprise Institute, and is enrolled as a doctoral candidate in political science at Ohio State University. He is associated with at least the following email addresses: trende.3@osu.edu, trende.3@buckeyemail.osu.edu, and strende@realclearpolitics.com.

4. "Related to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

5. In responding to these requests, please produce all responsive documents and ESI in your possession, custody, or control. This means that you must produce all responsive documents and ESI within your actual possession, custody, or control, as well as such documents and ESI that you have the legal right to obtain on demand or the practical ability to obtain from a third party, including but not limited to any and all documents

and ESI that you and your counsel or other persons or entities acting or purporting to act on your behalf have actually reviewed.

6. All references in these requests to an individual person include any and all past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, predecessors in office or position, and all other persons or entities acting or purporting to act on the individual person's behalf or subject to the control of such a person.

7. In construing these requests, apply the broadest construction, so as to produce the most comprehensive response. Construe the terms "and" and "or" either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside that scope. Words used in the singular include the plural.

8. Words or terms used herein have the same intent and meaning regardless of whether the words or terms are depicted in lowercase or uppercase letters.

9. Documents should be produced in their entirety, without abbreviation, redaction, or expurgation; file folders with tabs or labels identifying documents responsive to these requests should be produced intact with the documents; and documents attached to each other should not be separated.

10. No portion of a request may be left unanswered because an objection is raised to another part of that request. If you object to any portion of a document request, you must state with specificity the grounds of the objection. Any ground not stated will be waived.

11. For any document or ESI withheld from production on a claim of privilege or work product protection, provide a written privilege log identifying each document and ESI

individually and containing all information required by Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, including a description of the basis of the claimed privilege and all information necessary for the United States to assess the claim of privilege.

12. If you contend that it would be unduly burdensome to obtain and provide all of the documents and ESI called for in response to any request or subsection thereof, then in response to the appropriate request: (a) produce all such documents and ESI as are available without undertaking what you contend to be an unduly burdensome request; (b) describe with particularity the efforts made by you or on your behalf to produce such documents and ESI; and (c) state with particularity the grounds upon which you contend that additional efforts to produce such documents and ESI would be unduly burdensome.

13. If any requested document or ESI or other potentially relevant document or ESI is subject to destruction under any document retention or destruction program, the documents and ESI should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by court order.

14. In the event that a responsive document or ESI has been destroyed or has passed out of your possession, custody, or control, please provide the following information with respect to each such document: its title, date, author(s), sender(s), recipient(s), subject matter, the circumstances under which it has become unavailable, and, if known, its current location and custodian.

15. These requests are continuing in nature.  Your response must be supplemented and any additional responsive material disclosed if responsive material becomes available after

you serve your response. You must also amend your responses to these requests if you learn that an answer is in some material respect incomplete or incorrect.

16. Unless otherwise specified, all requests concern the period of time from January 1, 2019 to the present.

## II. WARNINGS

1. A failure to produce the documents requested on time without adequate excuse may result in the Court holding you in contempt under Rule 45(g) of the Federal Rules of Civil Procedure.

## III.  DOCUMENTS TO BE PRODUCED

1. All redistricting maps or draft redistricting maps drawn by Sean P. Trende of any of the following:
    a. the Texas House of Representatives;
    b. the Texas Senate;
    c. the Texas State Board of Education; or
    d. the Texas delegation to the U.S. House of Representatives.

2. All redistricting maps or draft redistricting maps uploaded by Mr. Trende of any of the following:
    a. the Texas House of Representatives;
    b. the Texas Senate;
    c. the Texas State Board of Education; or
    d. the Texas delegation to the U.S. House of Representatives.

3. All redistricting maps or draft redistricting maps viewed by Mr. Trende of any of the following:

    a. the Texas House of Representatives;

    b. the Texas Senate;

    c. the Texas State Board of Education; or

    d. the Texas delegation to the U.S. House of Representatives.

4. All data relating to any user or other individual who viewed any map or draft map of any of the following drawn or uploaded by Mr. Trende:

    a. the Texas House of Representatives;

    b. the Texas Senate;

    c. the Texas State Board of Education; or

    d. the Texas delegation to the U.S. House of Representatives.

5. All information and data related to analysis of any map drawn, uploaded, or viewed by Mr. Trende, including but not limited to racial data, other demographic data, election data, proportionality data, competitiveness data, minority representation data, and compactness data.

6. All records, including metadata, related to the use of Dave's Redistricting App by Mr. Trende.

7. Any other document, data, or information associated with or concerning Sean P. Trende.

DATED:  October 17, 2022

Respectfully submitted,

MEXICAN AMERICAN LEGAL DEFENSE
 AND EDUCATIONAL FUND

*/s/ Nina Perales*
Nina Perales

Texas Bar No. 24005046
Fatima Menendez
Texas Bar No. 24090260
Kenneth Parreno*
Massachusetts BBO No. 705747
110 Broadway Street, #300
San Antonio, TX 78205
(210) 224-5476
Fax: (210) 224-5382

* Admitted pro hac vice

*Counsel for LULAC Plaintiffs*