# EXHIBIT E



**National Headquarters**
MALDEF Nonprofit Center
634 S. Spring Street, 12th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Atlanta
Program Office**
34 Peachtree Street, NW
Suite 2500
Atlanta, GA 30303
*Tel:* 678.559.1071
*Fax:* 678.559.1079

**Chicago
Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
*Tel:* 312.427.0701
*Fax:* 312.427.0691

**Los Angeles
Regional Office**
634 S. Spring Street,
11th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Sacramento
Program Office**
1512 4th Street
Sacramento, CA 95814
*Tel:* 916.444.3031
*Fax:* 916.444.7207

**San Antonio
Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
*Tel:* 210.224.5476
*Fax:* 210.224.5382

**Washington, D.C.
Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
*Tel:* 202.293.2828

September 13, 2022

Dave's Redistricting, LLC
5063 Harold Place NE
Seattle, WA 98105

Mason Kortz
Harvard Law School Cyberlaw Clinic
Berkman Klein Center for Internet & Society
1557 Massachusetts Avenue, 5th Floor,
Cambridge, MA 02138
mkortz@law.harvard.edu

**BY EMAIL AND U.S. MAIL**

RE: *LULAC, et al. v. Abbott, et al.*, Case No. 3:21-cv-00259;
**Preservation of Documents and Electronic Records**

To Whom It May Concern:

The Mexican American Legal Defense and Educational Fund
(MALDEF) represents the League of United Latin American
Citizens and other parties (herein the "LULAC Plaintiffs") in a
federal lawsuit against Greg Abbott, in his official capacity as
Governor of the State of Texas, and John Scott, in his official
capacity as Secretary of the State of Texas, in the U.S. District
Court for the Western District of Texas, El Paso Division
regarding the redistricting maps for the Texas House of
Representatives, Texas Senate, Texas State Board of Education
and United States House of Representatives enacted by the 87th
Texas Legislature.   Among other things, LULAC Plaintiffs
allege that the challenged redistricting maps violate the federal
Voting Rights Act and Constitution because the maps dilute the
voting strength of Latino voters.

I write on behalf of my clients to direct Dave's Redistricting,
LLC and Dave's Redistricting App to preserve certain
documents, electronic or magnetic data, and other tangible
things related to Sean P. Trende.

**DEFINITIONS**

In this letter, the terms "document," "electronic or magnetic data," and "tangible thing" mean the following:

Document. The term "document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or fainter directors, officer, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, resumes, logs, and worksheets.

Electronic or magnetic data. The term "electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The terms refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs, programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; shapefiles; maps; map files; datasets used in mapping software; demographic data; election data; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (*e.g.*, SIM cards), removable media (e.g, Zip drives, Jaz cartridges), microfiche, punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

Tangible thing.  The term "tangible thing" means a physical object that is not a document or electronic or magnetic data.

"Sean P. Trende" or "Sean Trende" or "Mr. Trende" is the Senior Elections Analyst for RealClearPolitics, is a nonresident fellow at the American Enterprise Institute, and is enrolled as a doctoral candidate in political science at Ohio State University.  He is associated with at least the following email addresses: trende.3@osu.edu, trende.3@buckeyemail.osu.edu, and strende@realclearpolitics.com.

"Related to" means referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, mentioning, or being in any way logically

or factually connected with the matter discussed, including any connection, direct or indirect, whatsoever with the requested topic.

## PRESERVATION NOTICE

LULAC Plaintiffs hereby notify you to preserve all evidence, including, but not limited to:

You must immediately suspend the normal retention and destruction policies for documents, electronic or magnetic data, and tangible things and must preserve and retain all documents, electronic or magnetic data, downloads and all tangible things relating to communications discussed in this letter. This includes the suspension of shredding, recycling, etc., disk defragmentation, electronic data shredding, server backup tape rotation, recycling or destruction of computer systems or storage devices, etc. You must also immediately take affirmative steps to prevent anyone with access to documents, electronic or magnetic data, and tangible things relating to the communications or transaction from hiding, modifying or destroying them.

The failure to preserve such documents, electronic or magnetic data, and tangible things can lead to adverse inferences being drawn against you and other appropriate sanctions and remedies.

You will be requested to produce responsive documents, electronic or magnetic data, monitoring equipment downloads and other tangible things. You have an obligation to take reasonable steps to ensure that all relevant documents, electronic or magnetic data, downloads and other tangible things are safeguarded and preserved until the resolution of this legal matter.

You are hereby directed to preserve the following categories of documents, electronic or magnetic data, and tangible things:

1.      All redistricting maps or draft redistricting maps drawn by Sean P. Trende of any of the following:

   a.   the Texas House of Representatives;
   b.   the Texas Senate;
   c.   the Texas State Board of Education; or
   d.   the Texas delegation to the U.S. House of Representatives.

2.      All redistricting maps or draft redistricting maps uploaded by Mr. Trende of any of the following:

   a.   the Texas House of Representatives;
   b.   the Texas Senate;
   c.   the Texas State Board of Education; or
   d.   the Texas delegation to the U.S. House of Representatives.

3.      All redistricting maps or draft redistricting maps viewed by Mr. Trende of any of the following:

    a.  the Texas House of Representatives;
    b.  the Texas Senate;
    c.  the Texas State Board of Education; or
    d.  the Texas delegation to the U.S. House of Representatives.

4.      All data relating to any user or other individual who viewed any map or draft map of any of the following drawn or uploaded by Mr. Trende:

    a.  the Texas House of Representatives;
    b.  the Texas Senate;
    c.  the Texas State Board of Education; or
    d.  the Texas delegation to the U.S. House of Representatives.

5.      All information and data related to analysis of any map drawn, uploaded, or viewed by Mr. Trende, including but not limited to racial data, other demographic data, election data, proportionality data, competitiveness data, minority representation data, and compactness data.

6.      All records, including metadata, related to the use of Dave's Redistricting App by Mr. Trende.

7.      Any other document, data, or information associated with or concerning Sean P. Trende.

* * *

Please confirm that you have undertaken all appropriate actions to comply with your document preservation obligations.

Respectfully,

*Nina Perales*

Nina Perales
Vice President of Litigation
Mexican American Legal Defense
and Educational Fund (MALDEF)

*Attorney for LULAC Plaintiffs*