## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| League of United Latin American Citizens, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> Greg Abbott, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § § | Case No. 3:21-cv-00259 <br> [Lead Case] |
| Roy Charles Brooks, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> Greg Abbott, *et al.*, <br><br> *Defendants.* | § § § § § § § § § | Case No. 1:21-cv-00991 <br> [Consolidated Case] |

### DEFENDANTS' ANSWER TO THE BROOKS PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUCTIVE RELIEF

Defendants, Greg Abbott in his official capacity as Governor of Texas; John Scott, in his official capacity as Secretary of State of Texas; and the State of Texas, (the "Defendants"), file this Answer to the Third Amended Complaint for Declaratory and Injunctive Relief, *LULAC v. Abbott*, No. 3:21-cv-259, ECF 612 (W.D. Tex. Oct. 13, 2022), filed by Roy Charles Brooks and co-plaintiffs (the "Brooks Plaintiffs").

### ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in the Brooks Plaintiffs' Third Amended Complaint except those expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of the

Third Amended Complaint. Those titles are reproduced from the Brooks Plaintiffs' Third Amended Complaint for organizational purposes only, and do not constitute admissions on behalf of the Defendants.

Defendants respond to the specifically numbered allegations of the Brooks Plaintiffs' Third Amended Complaint for Declaratory and Injunctive Relief as follows:

## I. INTRODUCTION

1. Defendants deny the allegations in Paragraph 1 of the Third Amended Complaint.

2. Defendants deny the allegations in Paragraph 2 of the Third Amended Complaint.

3. Defendants deny the allegations in Paragraph 3 of the Third Amended Complaint.

4. Defendants deny the allegations in Paragraph 4 of the Third Amended Complaint.

5. Brooks Plaintiffs do not identify the specific floor amendment for which Senator Kel Seliger is alleged to have supported. Defendants presume, based on the description, that Brooks Plaintiffs are referencing Floor Amendment 2, which pertained to the proposed Senate Plan S2132. To the extent that assumption is correct, Defendants admit that Senator Seliger voted in favor of Floor Amendment 2 when it was considered by the Texas Senate. The State Defendants deny any remaining allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6 of the Third Amended Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Third Amended Complaint.

8. Defendants admit that according to U.S. Census data, the Texas population increased by approximately four million people between 2010 and 2020. Defendants also admit that Texas gained 2 additional congressional seats. Defendants deny any remaining allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9 of the Third Amended Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Third Amended Complaint.

## II. JURISDICTION AND VENUE

11. Defendants admit that venue is proper in this district. Defendants also admit that Brooks Plaintiffs purport to bring claims pursuant to 28 U.S.C. §§ 1331, 1343, 1357, 42 U.S.C. § 1983, and 52 U.S.C. § 10301 *et seq.*, but Defendants deny that any violation occurred. Defendants further deny that the Plaintiffs' causes of action referenced in this Paragraph are meritorious and deny that Plaintiffs can meet their burden of proof to demonstrate this Court's jurisdiction over all claims and relief sought in this case. Defendants deny any remaining allegations in Paragraph 11.

## III. PARTIES

12. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12, and therefore deny them.

13. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 13, and therefore deny them.

14. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 14, and therefore deny them.

15. Defendants admit that Brooks Plaintiffs purport to bring this action under 42 U.S.C. § 1983 and 52 U.S.C. § 10301, but Defendants deny that any deprivation of rights or violation of the law occurred. Defendants further deny that the causes of action Brooks Plaintiffs referenced in this Paragraph are meritorious and deny that Plaintiffs can meet their burden of proof to demonstrate that they have standing for all claims and relief sought in this case. Defendants deny any remaining allegations in Paragraph 15.

16. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in this Paragraph about Plaintiff Roy Charles Brooks, and therefore deny them. Defendants deny any remaining allegations in Paragraph 16.

17. Defendants lack knowledge or sufficient information to form a belief about the truth of the

allegations in Paragraph 17, and therefore deny them.

18. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this Paragraph about Plaintiff Felipe Gutierrez, and therefore deny them. Defendants deny any remaining allegations in Paragraph 18.

19. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 19, and therefore deny them.

20. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this Paragraph about Plaintiff Phyllis Goines and therefore deny them. Defendants deny any remaining allegations in Paragraph 20.

21. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 21, and therefore deny them.

22. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this Paragraph about Plaintiff Eva Bonilla, and therefore deny them. Defendants deny any remaining allegations in Paragraph 22.

23. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 23, and therefore deny them.

24. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this Paragraph about Plaintiff Clara Faulkner, and therefore deny them. Defendants deny any remaining allegations in Paragraph 24.

25. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 25, and therefore deny them.

26. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this Paragraph about Plaintiff Deborah Spell, and therefore deny them. Defendants deny any remaining allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27 of the Third Amended Complaint.

28. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 28, and therefore deny them.

29. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this Paragraph about Plaintiff Sandra M. Puente, and therefore deny them. Defendants deny any remaining allegations in Paragraph 29.

30. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 30, and therefore deny them.

31. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this Paragraph about Plaintiff Jose R. Reyes, and therefore deny them. Defendants deny any remaining allegations in Paragraph 31.

32. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 32, and therefore deny them.

33. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this Paragraph about Plaintiff Shirley Anna Fleming, and therefore deny them. Defendants deny any remaining allegations in Paragraph 33.

34. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 34, and therefore deny them.

35. , Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this Paragraph about Plaintiff Louie Minor Jr., and therefore deny them. Defendants deny any remaining allegations in Paragraph 35.

36. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 36, and therefore deny them.

37. Defendants lack knowledge or sufficient information to form a belief about the truth of the

allegations in this Paragraph about Plaintiff Norma Cavazos, and therefore deny them. Defendants deny any remaining allegations in Paragraph 37.

38. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this Paragraph about Plaintiff Lydia Alcalan, and therefore deny them. Defendants deny any remaining allegations in Paragraph 38.

39. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 39, and therefore deny them.

40. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this Paragraph about Plaintiff Martin Saenz, and therefore deny them. Defendants deny any remaining allegations in Paragraph 40.

41. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 41, and therefore deny them.

42. Defendants admit that Greg Abbott is the Governor of Texas and that the Brooks Plaintiffs appear to be suing Governor Abbott in his official capacity. Defendants further admit that Tex. Elec. Code § 3.003, which states that the governor "shall order: (1) each general election for officers of the state government, members of the United States Congress, and electors for president and vice-president of the United States," includes the partial quote referenced by Brooks Plaintiffs in this Paragraph. Defendants deny any remaining allegations in Paragraph 42.

43. Defendants admit that John Scott is the Secretary of State of Texas and that the Brooks Plaintiffs appear to be suing Secretary Scott in his official capacity. Defendants admit that Tex. Elec. Code § 30.001(a), which states, "The secretary of state is the chief election officer of the state," includes the partial quote referenced by Brooks Plaintiffs in this Paragraph. Defendants also admit that Tex. Elec.  Code § 30.001(a), which states, "The secretary of state shall obtain and maintain uniformity in the application, operation, and interpretation of this code and of the election laws

outside this code," includes the partial quote referenced by Brooks Plaintiffs in this Paragraph. Defendants admit that Tex Elec. Code § 31.005(b), which states, "The secretary of state may order a person performing official functions in the administration of any part of the electoral processes to correct offending conduct if the secretary determines that the person is exercising the powers vested in that person in a manner that: (1) impedes the free exercise of a citizen's voting rights," includes the partial quote referenced by Brooks Plaintiffs in this Paragraph, but denies that the provision applies in the context of this litigation. Defendants admit that the Secretary of State "may prescribe a different form for an application for a place on the ballot" for certain types of candidates, Tex. Elec. Code § 141.031. Defendants also admit that for "a political party to be entitled to hold a primary election under [Tex. Elec. Code § 172.002], the state chair, not later than one year before general election day, must deliver written notice to the secretary of state that the party will hold a primary election in the general election year." Tex. Elec. Code § 172.002. Defendants deny any remaining allegations in Paragraph 43.

44. Defendants admit that Brooks Plaintiffs appear to be suing the State of Texas only with respect to statutory claims. Defendants deny any remaining allegations in Paragraph 44.

### IV. FACTS

### I.       Senate District 10

45. Defendants admit that the Texas Legislature conducted a reapportionment of state senate districts in 2011. Defendants further admit that in a vacated ruling, relying on a different standard not appliable in this case, *see United States v. Texas,* 887 F. Supp. 2d 133, 166 (D.D.C. 2012), a three-judge federal court included the partial quote Brooks Plaintiffs referenced in this Paragraph, but Defendants deny Brooks Plaintiffs' characterization of it. Defendants further deny that any discrimination occurred. Defendants deny any remaining allegations in Paragraph 45.

46. Defendants admit that in a in *Texas,* 887 F. Supp. 2d at 226, a three-judge federal court included

the partial quote Brooks Plaintiffs referenced in this Paragraph, but Defendants deny Brooks Plaintiffs' characterization of it. Defendants deny any remaining allegations in Paragraph 46.

47. Defendants admit that in *Texas,* 887 F. Supp. 2d at 228, a three-judge federal court included the partial quote Brooks Plaintiffs referenced in this Paragraph. Defendants deny any remaining allegations in Paragraph 47.

48. Defendants admit that in *Texas,* 887 F. Supp. 2d at 226, a three-judge federal court included the partial quote Brooks Plaintiffs referenced in this Paragraph, but Defendants deny Brooks Plaintiffs' characterization of it. Defendants deny any remaining allegations in Paragraph 48.

49. Defendants admit that in *Texas,* 887 F. Supp. 2d at 226, a three-judge federal court included the partial quote Brooks Plaintiffs referenced in this Paragraph, but Defendants deny Brooks Plaintiffs' characterization of it. Defendants deny any remaining allegations in Paragraph 49.

50. Defendants admit that Greg Abbott was the Attorney General of Texas on April 18, 2013. Defendants further admit that then-Attorney General Greg Abbott sent a letter to the House and Senate Redistricting Chairs regarding the opinion in *United States v. Texas*. Defendants deny any remaining allegations in Paragraph 50.

51. Defendants admit that Senator Joan Huffman was the chair of the Senate Redistricting Committee in 2021 and that she was a member of the Senate Redistricting Committee in 2011 and 2013. Brooks Plaintiffs do not identify the specific bill or floor amendment for which Senator Huffman is alleged to have supported. Defendants presume, based on the description, that Brooks Plaintiffs are referencing Senate Bill 4, which passed on third reading from the Texas Senate on June 14, 2013. To the extent that assumption is correct, Defendants admit that Senator Huffman voted in favor of Senate Bill 4 when it was considered by the Texas Senate. Defendants deny any remaining allegations in Paragraph 51.

52. Defendants admit that the State Defendants were ordered to pay attorney fees in the *Davis v.*

*Perry* litigation. Defendants deny any remaining allegations in Paragraph 52.

53. Defendants admit that under 13 U.S.C. § 141, commonly referred to as Public Law 94-171 or P.L. 94-171, the Secretary of Commerce must complete, report, and transmit to each state the detailed tabulations of population for specific geographic areas within each state. Defendants further admit that the State of Texas has used P.L.94-171 data to redraw district lines. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations about how other states use P.L.94-171 data, and therefore deny them. Defendants deny any remaining allegations in Paragraph 53.

54. Defendants admit that the U.S. Census Bureau released the initial P.L. 94-171 data, as legacy format summary files, on August 12, 2021. The U.S. Census Bureau did not release from the full redistricting toolkit until September 16, 2021. Defendants deny any remaining allegations in Paragraph 54.

55. Defendants admit that according to U.S. Census data, the Texas population increased by approximately four million people between 2010 and 2020. Defendants deny any remaining allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56 of the Third Amended Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Third Amended Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Third Amended Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Third Amended Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Third Amended Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Third Amended Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Third Amended Complaint.

63. Defendants lack knowledge or sufficient information to form a belief about the accuracy of the map illustrated in this Paragraph, and therefore deny any allegations pertaining to it. Defendants deny any remaining allegations in Paragraph 63.

64. Defendants admit that Wendy Davis won the state senate seat for SD10 as a Democrat in 2008 and 2012. Defendants also admit that Beverly Powell won the state senate seat for SD10 as a Democrat in 2018. Defendants lack knowledge or sufficient information to form a belief about the truth of any remaining allegations in Paragraph 64, and therefore deny them.

65. Defendants lack knowledge or sufficient information to form a belief about the accuracy of the map illustrated in this Paragraph, and therefore deny any allegations pertaining to it. Defendants deny any remaining allegations in Paragraph 65.

66. Defendants lack knowledge or sufficient information to form a belief about the accuracy of the map illustrated in this Paragraph, and therefore deny any allegations pertaining to it. Defendants deny any remaining allegations in Paragraph 66.

67. Defendants lack knowledge or sufficient information to form a belief about the accuracy of the map illustrated in this Paragraph, and therefore deny any allegations pertaining to it. Defendants deny any remaining allegations in Paragraph 67.

68. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 68, and therefore deny them.

69. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 69, and therefore deny them.

70. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 70, and therefore deny them.

71. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 71, and therefore deny them.

72. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 72, and therefore deny them.

73. Defendants lack knowledge or sufficient information to form a belief about the truth of the

allegations in Paragraph 73, and therefore deny them.

74. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegation in the last sentence of this paragraph, and therefore deny it. Defendants deny any remaining allegations in Paragraph 74.

75. Defendants lack knowledge or sufficient information to form a belief about the accuracy of the map illustrated in this Paragraph, and therefore deny any allegations pertaining to it. Defendants deny any remaining allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76 of the Third Amended Complaint.

77. Defendants admit that Senator Huffman was the chair of the Senate Redistricting Committee in 2021 and that she was a member of the Senate Redistricting Committee in 2011. The Defendants also admit that Senator Huffman attended some committee meetings related to redistricting. Defendants deny any remaining allegations in Paragraph 77.

78. Defendants are unable to tell what the Brooks Plaintiffs' mean by their allegation that Senator Huffman was "well aware" of the pertinent federal-court decision, and therefore deny it. Defendants deny any remaining allegations in Paragraph 78.

79. Defendants admit that then-Attorney General Greg Abbott sent a letter on April 18, 2013, regarding the federal court's opinion in *United States v. Texas* but deny Brooks Plaintiffs' characterization of it. Defendants deny any remaining allegations in Paragraph 79.

80. Defendants admit that Senator Huffman served on the 2013 Senate Redistricting Committee. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 80, and therefore deny them.

81. Defendants admit Senator Huffman attended several redistricting committee hearings in which the State Demographer addressed demographic trends but deny Brooks Plaintiffs' characterization of the hearings and the State Demographer's comments. Defendants deny any

remaining allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82 of the Third Amended Complaint.

83. Defendants admit that the Senate Redistricting Committee held hearings where witnesses had the opportunity to speak. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 83, and therefore deny them.

84. Defendants admit that Senator Powell participated in a meeting with Senator Huffman, Anna Mackin, and Sean Opperman, during which Senator Powell attempted to show Senator Huffman maps of SD10 with racial shading. Defendants deny Brooks Plaintiffs' characterization of the meeting and any remaining allegations in Paragraph 84.

85. Defendants admit that Senator Powell wrote a letter to Senator Huffman with several attachments, including maps of SD10, but Defendants deny Brooks' Plaintiffs' characterization of those documents. Defendants deny any remaining allegations in Paragraph 85.

86. Defendants admit that Senator Powell sent the members of the Texas Senate, Texas House, and House Redistricting Committee several attachments and maps, but deny Brooks Plaintiffs' characterization of those documents. Defendants deny any remaining allegations in Paragraph 86.

87. Defendants admit that Senator Powell questioned Senator Huffman on the Senate floor concerning the composition of SD10. Defendants deny any remaining allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88 of the Third Amended Complaint.

89. Defendants deny the allegations in Paragraph 89 of the Third Amended Complaint.

90. Defendants deny the allegations in Paragraph 90 of the Third Amended Complaint.

91. Defendants deny the allegations in Paragraph 91 of the Third Amended Complaint.

92. Defendants deny the allegations in Paragraph 92 of the Third Amended Complaint.

93. Defendants admit that Senator Seliger chaired the Senate Redistricting Committee in 2011 and 2013. Brooks Plaintiffs do not identify the specific floor amendment for which Senator Seliger is

alleged to have supported. Defendants presume, based on the description, that Brooks Plaintiffs are referencing Floor Amendment 2, which pertained to the proposed Senate Plan S2132. To the extent that assumption is correct, Defendants admit that Senator Seliger voted in favor of Floor Amendment 2 when it was considered by the Texas Senate. Defendants deny any remaining allegations in Paragraph 93.

94. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 94, and therefore deny them.

95. Defendants deny the allegations in Paragraph 95 of the Third Amended Complaint.

96. Defendants admit that the maps showing S2101—the introduced plan—were shown in the Senate Redistricting Committee hearing. Defendants also admit that Senator Huffman proposed Plan S2108. Defendants deny any remaining allegations in Paragraph 96.

97. Defendants deny the allegations in Paragraph 97 of the Third Amended Complaint.

98. Defendants deny the allegations in Paragraph 98 of the Third Amended Complaint.

99. Defendants admit that Senator Huffman served on the 2011 and 2013 Senate Redistricting Committee. Defendants deny any remaining allegations in Paragraph 99.

100. Defendants deny the allegations in Paragraph 100 of the Third Amended Complaint.

101. Defendants deny the allegations in Paragraph 101 of the Third Amended Complaint.

102. Defendants deny the allegations in Paragraph 102 of the Third Amended Complaint.

103. Defendants deny the allegations in Paragraph 103 of the Third Amended Complaint.

104. Defendants deny the allegations in Paragraph 104 of the Third Amended Complaint.

105. Defendants deny the allegations in Paragraph 105 of the Third Amended Complaint.

106. Defendants deny the allegations in Paragraph 106 of the Third Amended Complaint.

107. Defendants deny the allegations in Paragraph 107 of the Third Amended Complaint.

108. Defendants deny the allegations in Paragraph 108 of the Third Amended Complaint.

109. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 109, and therefore deny them.

110. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 110, and therefore deny them.

111. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 111, and therefore deny them.

112. Defendants deny the allegations in Paragraph 112 of the Third Amended Complaint.

113. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 113, and therefore deny them.

114. Defendants deny the allegations in Paragraph 114 of the Third Amended Complaint.

115. Defendants deny the allegations in Paragraph 115 of the Third Amended Complaint.

116. Defendants deny the allegations in Paragraph 116 of the Third Amended Complaint.

117. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 117, and therefore deny them.

118. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 118, and therefore deny them.

119. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 119, and therefore deny them.

120. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 120, and therefore deny them.

121. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 121, and therefore deny them.

122. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 122, and therefore deny them.

123. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 123, and therefore deny them.

124. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 124, and therefore deny them.

125. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 125, and therefore deny them.

## II.       Congressional Plan C2193

126. Defendants deny the allegations in Paragraph 126 of the Third Amended Complaint.

127. Defendants admit that according to U.S. Census data, the Texas population increased by approximately four million people between 2010 and 2020. Defendants deny any remaining allegations in Paragraph 127.

128. Defendants deny the allegations in Paragraph 128 of the Third Amended Complaint.

129. Defendants admit that Plan C2193 was enacted into law via Senate Bill 6. Defendants further admit that there are nine congressional districts whose boundaries fall entirely or partially within Dallas and Tarrant Counties. Defendants deny any remaining allegations in Paragraph 129.

130. Defendants deny the allegations in Paragraph 130 of the Third Amended Complaint.

131. Defendants deny the allegations in Paragraph 131 of the Third Amended Complaint.

132. Defendants lack knowledge or sufficient information to form a belief about the accuracy of the map illustrated in this Paragraph, and therefore deny any allegations pertaining to it. Defendants deny any remaining allegations in Paragraph 132.

133. Defendants lack knowledge or sufficient information to form a belief about the accuracy of the map illustrated in this Paragraph, and therefore deny any allegations pertaining to it. Defendants deny any remaining allegations in Paragraph 133.

134. Defendants deny the allegations in Paragraph 134 of the Third Amended Complaint.

135. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 135, and therefore deny them.

136. Defendants deny the allegations in Paragraph 136 of the Third Amended Complaint.

137. Defendants deny the allegations in Paragraph 137 of the Third Amended Complaint.

138. Defendants deny the allegations in Paragraph 138 of the Third Amended Complaint.

139. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 139, and therefore deny them.

140. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 140, and therefore deny them.

141. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 141, and therefore deny them.

142. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 142, and therefore deny them.

143. Defendants deny the allegations in Paragraph 143 of the Third Amended Complaint.

144. Defendants deny the allegations in Paragraph 144 of the Third Amended Complaint.

145. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 145, and therefore deny them.

146. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack

knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 146, and therefore deny them.

147. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 147, and therefore deny them.

148. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 148, and therefore deny them.

149. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 149, and therefore deny them.

150. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 150, and therefore deny them.

151. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 151, and therefore deny them.

152. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 152, and therefore deny them.

153. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 153, and therefore deny them.

154. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 154, and therefore deny them.

155. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 155, and therefore deny them.

156. Brooks Plaintiffs do not identify the elections about which they are making claims. Defendants therefore lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 156 and deny them.

157. Defendants deny the allegations in Paragraph 157 of the Third Amended Complaint.

158. Defendants deny the allegations in Paragraph 158 of the Third Amended Complaint.

159. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 159, and therefore deny them.

160. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 160, and therefore deny them.

161. Defendants deny the allegations in Paragraph 161 of the Third Amended Complaint.

162. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 162, and therefore deny them.

163. Defendants deny the allegations in Paragraph 163 of the Third Amended Complaint.

164. Defendants deny the allegations in Paragraph 164 of the Third Amended Complaint.

165. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 165, and therefore deny them.

166. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 166, and therefore deny them.

167. Brooks Plaintiffs do not identify to which ecological inference they refer; nor do Brooks Plaintiffs identify who conducted the ecological inference or the methodology. Defendants therefore lack knowledge or sufficient information to form a belief about the truth of the allegations in

Paragraph 167, and deny them.

168. Defendants deny the allegations in Paragraph 168 of the Third Amended Complaint.

169.  Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 169, and therefore deny them.

170. Defendants deny the allegations in Paragraph 170 of the Third Amended Complaint.

171. Defendants deny the allegations in Paragraph 171 of the Third Amended Complaint.

172. Defendants deny the allegations in Paragraph 172 of the Third Amended Complaint.

173. Defendants deny the allegations in Paragraph 173 of the Third Amended Complaint.

174. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 174, and therefore deny them.

175. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 175, and therefore deny them.

176. Defendants deny the allegations in Paragraph 176 of the Third Amended Complaint.

177. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 177, and therefore deny them.

178. Defendants deny the allegations in Paragraph 178 of the Third Amended Complaint.

179. Defendants deny the allegations in Paragraph 179 of the Third Amended Complaint.

180. Defendants deny the allegations in Paragraph 180 of the Third Amended Complaint.

181. Defendants deny the allegations in Paragraph 181 of the Third Amended Complaint.

182. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 182, and therefore deny them.

183. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 183, and therefore deny them.

184. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 184, and therefore deny them.

185. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 185, and therefore deny them.

186. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 186, and therefore deny them.

187. Defendants deny the allegations in Paragraph 187 of the Third Amended Complaint

188. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 188, and therefore deny them.

189. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 189, and therefore deny them.

190. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 190, and therefore deny them.

191. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 191, and therefore deny them.

### III. State House Plan

192. This Paragraph contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that Paragraph 192 contains any allegations requiring a response, Defendants deny them in their entirety.

193. This Paragraph contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that Paragraph 193 contains any allegations requiring a response, Defendants deny them in their entirety.

194. Defendants deny the allegations in Paragraph 194 of the Third Amended Complaint.

195. Defendants admit that according to the Texas Legislative Council's Red-116 report, and with

respect to the benchmark map, HD118 has a Hispanic CVAP of 68.2 percent. Defendants deny any remaining allegations in Paragraph 195.

196. Defendants admit that, according to the Texas Legislative Council's Red-202T report, and with respect to the benchmark map, HD118 has an SSVR of 59.5 percent. Defendants deny any remaining allegations in Paragraph 196.

197. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 197, and therefore deny them.

198. Defendants admit that, according to the Texas Legislative Council's Red-116 report, and with respect to the enacted map, HD118 has a Hispanic CVAP of 56.4 percent. Defendants deny any remaining allegations in Paragraph 198.

199. Defendants deny the allegations in Paragraph 199 of the Third Amended Complaint.

200. Defendants admit that, according to the Texas Legislative Council's Red-202T report, and with respect to the enacted map, HD118 has an SSVR of 47.6 percent. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations regarding SSTO statistics, and therefore deny them. Defendants deny any remaining allegations in Paragraph 200.

201. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations regarding SSTO statistics, and therefore deny them. Defendants deny any remaining allegations in Paragraph 201.

202. Defendants deny the allegations in Paragraph 202 of the Third Amended Complaint.

203. Defendants deny the allegations in Paragraph 203 of the Third Amended Complaint.

204. Defendants deny the allegations in Paragraph 204 of the Third Amended Complaint.

205. Defendants admit that Plan H2716 was voted out of the House Redistricting Committee by an 8 to 6 vote, with 1 absent, on October 5, 2021. Defendants deny any remaining allegations in Paragraph 205.

206. Defendants admit that, according to the Texas Legislative Council's Red-116 report and Red-202T report, and with respect to Plan H2176, HD118 has a Hispanic CVAP of 63.6 percent and an SSVR of 55.0 percent. Defendants deny any remaining allegations in Paragraph 206.

207. Defendants deny the allegations in Paragraph 207 of the Third Amended Complaint.

208. Defendants admit that Representative Jacey Jetton introduced Amendments 48 and 49 to modify House Districts in Bexar County, including HD118. Defendants deny any remaining allegations in Paragraph 208.

209. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 209, and therefore deny them.

210. Brooks Plaintiffs' Complaint fails to define what they mean by "objection." Defendants therefore lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 210, and deny them.

211. Defendants admit that the Texas House of Representatives passed Amendment 48 to HB1 by a vote of 84 Yeas, 58 Nays, and 1 Present. Defendants deny any remaining allegations in Paragraph 211.

212. Defendants deny the allegations in Paragraph 212 of the Third Amended Complaint.

213. Defendants admit that with respect to the benchmark plan, HD118 contained multiple neighborhoods in Bexar County but deny Brooks Plaintiffs' characterization of them. Defendants deny any remaining allegations in Paragraph 213.

214. Defendants deny the allegations in Paragraph 214 of the Third Amended Complaint.

215. Defendants admit that Representative Leo Pacheco was reelected in HD118. Defendants further admit that Representative Pacheco was preceded and followed by Republican John Lujan as the Representative of HD118. Defendants deny any remaining allegations in Paragraph 215.

216. Defendants lack knowledge or sufficient information to form a belief about the truth of the

allegations in Paragraph 216, and therefore deny them.

217. Brooks Plaintiffs do not identify to which ecological inference they refer; nor do Brooks Plaintiffs identify who conducted the ecological inference or the methodology. Defendants therefore lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 217, and deny them.

218. Defendants deny the allegations in the first sentence of this Paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 218, and therefore deny them.

219. Defendants deny the allegations in Paragraph 219 of the Third Amended Complaint.

220. Defendants admit that Republican Greg Abbott defeated Democrat Lupe Valdez in the 2018 general election for governor. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 220, and therefore deny them.

221. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 221, and therefore deny them.

222. Defendants deny that under Plan H2316, HD118's shape changed dramatically. Additionally, in both the benchmark plan and Plan H2316, HD118 contains communities in southern San Antonio and neighborhoods within Loop 410. Defendants deny any remaining allegations in Paragraph 222.

223. Defendants admit that HD118's boundary lines under Plan H2316 were not identical to HD118's boundary lines under the benchmark plan. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 223, and therefore deny them.

224. Defendants admit that under Plan H2316, HD118 gained some territory to the west, east, and north, when compared to the benchmark plan. Defendants deny any remaining allegation in Paragraph 224.

225. Defendants deny the allegations in Paragraph 225 of the Third Amended Complaint.

226. Defendants deny the first and last sentences of this Paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 226, and therefore deny them.

227. Defendants deny the allegations in Paragraph 227 of the Third Amended Complaint.

228. Defendants deny the allegations in Paragraph 228 of the Third Amended Complaint.

229. Defendants deny the allegations in Paragraph 229 of the Third Amended Complaint.

230. Defendants deny the allegations in Paragraph 230 of the Third Amended Complaint.

231. Defendants admit the allegations in Paragraph 231 of the Third Amended Complaint.

232. Defendants admit that under the benchmark plain, parts of the city of Killeen were situated in HD54. Defendants deny any remaining allegations in Paragraph 232.

233. Defendants admit that under the enacted map, parts of the city of Killeen are situated in HD54 and that parts of the city of Killeen are situated in HD55. Defendants deny any remaining allegations in Paragraph 233.

234. Brooks Plaintiffs do not identify the source of the population data it references in this Paragraph. Defendants therefore lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 234, and deny them.

235. Defendants deny the allegations in Paragraph 235 of the Third Amended Complaint. Defendants also note that Killeen and Harker Heights are separate cities.

236. Defendants deny the allegations in Paragraph 236 of the Third Amended Complaint.

237. Defendants admit that House District 554 surrounds House District 55. Defendants deny any remaining allegations in Paragraph 237 of the Third Amended Complaint.

238. Defendants deny the allegations in Paragraph 238 of the Third Amended Complaint.

239. Defendants deny the allegations in Paragraph 239 of the Third Amended Complaint.

240. Defendants admit that on October 4, 2021, House Committee meeting Representative Rafael Anchia asked questions about the configuration of House Districts in Killeen. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations regarding Representative Turner's actions, and therefore deny them. Defendants deny any remaining allegations in Paragraph 240.

241. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 241, and therefore deny them.

242. Defendants admit that Representative Yvonne Davis proposed Amendment 18 to modify the House Districts in Bell County. Defendants deny the remaining allegations in Paragraph 242.

243. Defendants admit that Amendment 18 was rejected by the House of Representatives by a count of 63 Yeas, 82 Nays, and 1 Present.

244. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 244, and therefore deny them.

245. Defendants deny the allegation in the first sentence of this Paragraph. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 245, and therefore deny them.

246. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 246, and therefore deny them.

247. Defendants deny the allegations in Paragraph 247 of the Third Amended Complaint.

248. Defendants deny the allegations in Paragraph 248 of the Third Amended Complaint.

249. Defendants deny the allegations in Paragraph 249 of the Third Amended Complaint.

250. Defendants deny the allegations in Paragraph 250 of the Third Amended Complaint.

251. Defendants deny the allegations in Paragraph 251 of the Third Amended Complaint.

252. Defendants lack knowledge or sufficient information to form a belief about the truth of the

allegations in Paragraph 252, and therefore deny them.

253. Defendants deny the allegations in Paragraph 253 of the Third Amended Complaint.

254. Defendants deny the allegations in the first sentence of this Paragraph. Brooks Plaintiffs do not identify to which ecological inference they refer; nor do Brooks Plaintiffs identify who conducted the ecological inference or the methodology. Defendants therefore lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 254, and deny them.

255. Defendants deny the allegations in the first sentence of this Paragraph. Brooks Plaintiffs do not identify to which ecological inference they refer; nor do Brooks Plaintiffs identify who conducted the ecological inference or the methodology. Defendants therefore lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 255, and deny them.

256. Defendants deny the allegations in Paragraph 256 of the Third Amended Complaint.

257. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 257, and therefore deny them.

258. Defendants deny the allegations in Paragraph 258 of the Third Amended Complaint.

259. Defendants deny the allegations in Paragraph 259 of the Third Amended Complaint.

260. Defendants deny the allegations in Paragraph 260 of the Third Amended Complaint.

## IV.    Causes of Action

### COUNT 1

***Intentional Racial Discrimination in Violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301 et seq., 42 U.S.C. § 1983 (SD10)***

261. Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

262. Defendants deny the allegation that Texas Senate Plan S2168, as reflected in SB4, was enacted with any intent to discriminate on the basis of race or national origin, that it has any discriminatory effect on that basis. Defendants further deny that the enacted changes to SD10 were in anyway intended to have any deleterious effects on minority voters. Defendants deny all remaining allegations in Paragraph 262 and Brooks Plaintiffs' characterization of them.

## COUNT 2

### *Intentional Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment (SD10)*

263. Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

264. Defendants deny the allegation that Texas Senate Plan S2168, as reflected in SB4, was enacted with any intent to discriminate on the basis of race or national origin, that it has any discriminatory effect on that basis. Defendants further deny that the enacted changes to SD10 were in anyway intended to have any deleterious effects on minority voters. Defendants deny all remaining allegations in Paragraph 264 and Brooks Plaintiffs' characterization of them.

## COUNT 3

### *Intentional Racial Discrimination in Violation of the Fifteenth Amendment (SD10)*

265. Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

266. Defendants deny the allegation that Texas Senate Plan S2168, as reflected in SB4, was enacted with any intent to discriminate on the basis of race or national origin, that it has any discriminatory effect on that basis. Defendants further deny that the enacted changes to SD10 were in anyway intended to have any deleterious effects on minority voters. Defendants deny all remaining allegations in Paragraph 266 and Brooks Plaintiffs' characterization of them.

## COUNT 4

### *Predominant use of race in violation of Equal Protection Clause of the Fourteenth Amendment (*Shaw *Violation) (SD10)*

267. Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

268. Defendants affirm that the drawing of SD10 was done exclusively through consideration of traditional redistricting criteria, including compactness, respect for communities of interest, respect for political subdivisions, and maximization of partisan advantage. Defendants deny that race was a consideration, much less the predominant consideration in the drawing of SD10. Defendants deny all remaining allegations in Paragraph 268 and Brooks Plaintiffs' characterization of them.

269. As noted above, Defendants deny that race was a consideration in the drawing of SD10 in the enacted map. Defendants have a good faith belief that the race-blind manner in which SD10 was drawn complies with Section 2 of the Voting Rights Act. Defendants deny all remaining allegations in Paragraph 269 and Brooks Plaintiffs' characterization of them.

270. As noted above, Defendants deny that race was a consideration in the drawing of SD10 in the enacted map. Because of the manner in which the enacted SD10 was drawn, including the race-blind manner in which it was drawn, Defendants have a good faith belief that the drafting complies with the Equal Protection Clause. Defendants deny all remaining allegations in Paragraph 270 and Brooks Plaintiffs' characterization of them.

## COUNT 5

### *Discriminatory Results in Violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301 et seq., 42 U.S.C. § 1983 (*State Senate/Tarrant County)

271. Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

272. Defendants deny the allegations in Paragraph 272 in the Third Amended Complaint.

273. Defendants deny the allegations in Paragraph 273 in the Third Amended Complaint.

274. Defendants deny the allegations in Paragraph 274 in the Third Amended Complaint.

275. Defendants deny the allegations in Paragraph 275 in the Third Amended Complaint.

276. This Paragraph contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that Paragraph 276 contains any allegations requiring a response, Defendants deny them in their entirety.

## COUNT 6

### *Discriminatory Results in Violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301 et seq., 42 U.S.C. § 1983* (Congress, Dallas/Fort Worth & Houston Areas)

277. Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

278. Defendants deny the allegations in Paragraph 278 in the Third Amended Complaint.

279. Defendants deny the allegations in Paragraph 279 in the Third Amended Complaint.

280. Defendants deny the allegations in Paragraph 280 in the Third Amended Complaint.

281. Defendants deny the allegations in Paragraph 281 in the Third Amended Complaint.

282. Defendants deny the allegations in Paragraph 282 in the Third Amended Complaint.

283. Defendants deny the allegations in Paragraph 283 in the Third Amended Complaint.

284. Defendants deny the allegations in Paragraph 284 in the Third Amended Complaint.

285. This Paragraph contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that Paragraph 285 contains any allegations requiring a response, Defendants deny them in their entirety.

## COUNT 7

### *Discriminatory Results in Violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301 et seq., 42 U.S.C. § 1983* (State House Districts 54 & 55 in Bell County, HD 118 in Bexar County)

286. Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

287. Defendants deny the allegations in Paragraph 287 in the Third Amended Complaint.

288. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 288, and therefore deny them.

289. Defendants deny the allegations in Paragraph 289 in the Third Amended Complaint.

290. Defendants deny the allegations in Paragraph 290 in the Third Amended Complaint.

291. Defendants deny the allegations in Paragraph 291 of the Third Amended Complaint.

292. Defendants deny the allegations in Paragraph 292 of the Third Amended Complaint.

293. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 293, and therefore deny them.

294. Defendants deny the allegations in Paragraph 294 of the Third Amended Complaint.

295. Defendants deny the allegations in Paragraph 295 of the Third Amended Complaint.

296. Defendants deny the allegations in Paragraph 296 of the Third Amended Complaint.

## COUNT 8

***Intentional Racial Discrimination in Violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301 et seq, 42 U.S.C. § 1983 (HD 54 & 55 in Bell County and HD 118 in Bexar County)***

297. Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

298. Defendants deny the allegation in Paragraph 298 of the Third Amended Complaint.

## COUNT 9

***Intentional Racial Discrimination in Violation of the Fourteenth Amendment to the United States Constitution (HD 54 & 55 in Bell County and HD 118 in Bexar County)***

299. Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

300. Defendants deny the allegations in Paragraph 300 of the Third Amended Complaint.

## COUNT 10

### *Intentional Racial Discrimination in Violation of the Fifteenth Amendment to the United States Constitution (HD 54 & 55 in Bell County and HD 118 in Bexar County)*

301. Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

302. Defendants deny the allegations in Paragraph 302 of the Third Amended Complaint.

## V.  REQUESTED RELIEF

Paragraphs (a) through (n) of this section contain Plaintiffs' recitation of the relief sought in this action, assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that Paragraphs (a) through (n) contain any allegations requiring a response, Defendants deny these allegations in their entirety. Defendants further deny that Plaintiffs are entitled to any relief from this Court.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

1.  This Court lacks subject-matter jurisdiction to consider all claims asserted in Plaintiffs' Third Amended Complaint.

2.  Plaintiffs lack standing to assert all claims asserted and relief requested in their Third Amended Complaint.

3.  Plaintiffs have failed to state a claim upon which relief can be granted.

4.  Defendants assert all applicable immunities to Plaintiffs' claims, including but not limited to their entitlement to Eleventh Amendment and sovereign immunity.

5.  Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it is inconsistent with the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

6.      Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it would exceed Congress's enforcement power under the 14th and 15th Amendments to the U.S. Constitution. Imposing liability here would not be congruent and proportional to the enforcement of the 14th Amendment or 15th Amendment.

7.      Pursuant to 42 U.S.C. § 1988(b) and 52 U.S.C. § 10310(e), Defendants will be entitled to recover their attorney's fees if they are the prevailing parties.

8.      Defendants reserve the right to amend these defenses or raise additional defenses as they become known to us during the development of this case.

Date: October 27, 2022

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410

Respectfully submitted.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
patrick.sweeten@oag.texas.gov
Tex. State Bar No. 00798537

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
will.thompson@oag.texas.gov
Tex. State Bar No. 24088531

KATHLEEN T. HUNKER
Special Counsel, Special Litigation Unit
kathleen.hunker@oga.texas.gov
Texas Bar No. 24118415

ZACHARY BERG
Special Counsel, Special Litigation Unit
zachary.berg@oag.texas.gov
Texas Bar. No. 24107706

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on October 27, 2022, and that all counsel of record were served by CM/ECF.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN