# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § § § § | Case No. 3:21-cv-00259 <br> [Lead Case] |
| UNITED STATES OF AMERICA, <br><br> *Plaintiff,* <br><br> v. <br><br> STATE OF TEXAS, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § § § § | Case No. 3:21-cv-00299 <br> [Consolidated Case] |

**THE LEGISLATORS' UNOPPOSED MOTION TO CLARIFY ORDER
AND, ALTERNATIVELY, OPPOSED MOTION TO STAY**

The legislators and legislative staff respectfully request this Court's clarification of its Order entered on November 17, 2022. ECF 642. That Order requires the production of certain documents by December 1, 2022. Those documents, however, are separately subject to a stay pending appeal entered by the Fifth Circuit. The documents that this Court reviewed *in camera* were withheld based on *both* attorney-client privilege *and* legislative privilege objections. With respect to the legislative privilege objections, the Fifth Circuit stayed the production of documents pending its further review of the legislative privilege issues. *See* Order of July 27, 2022, *LULAC v. Patrick*, No. 22-50662 (5th Cir.) (staying Order, ECF 467). The legislators therefore seek this Court's clarification that the documents need not be produced on December 1, 2022, because they are already subject to the stay pending appeal entered by the Fifth Circuit. The United States has indicated it does not oppose the request for clarification.

In the alternative, the legislators request a stay of this Court's order pending the legislators' already-filed appeal of the orders regarding the legislators' documents. The United States has indicated that it would oppose a stay.

## BACKGROUND

In June, the United States moved for an order compelling legislators and legislative staff to produce documents over attorney-client privilege, work product, and legislative privilege objections. *See* U.S. Mot., ECF 351. Given the nature of the documents—confidential communications during the legislative session regarding redistricting legislation, many of which were communications with outside counsel to assess the legal compliance of legislative proposals—nearly all documents withheld as attorney-client privileged were also withheld as legislatively privileged. *See* U.S. Index, ECF 351-7 (identifying multiple privilege objections for individual documents).

On July 25, 2022, this Court granted the United States' motion to compel in large part. *See* Order, ECF 467 ("July Order"). The Court mostly rejected the legislators' assertions of legislative

privilege, attorney-client privilege, and work product objections, while reserving judgment on whether a subset of documents could be withheld as attorney-client privileged until it could conduct its own *in camera* review. *Id.* at 27-29. The Court ordered the legislators to (1) produce documents previously withheld for legislative privilege within 7 days of the Order and (2) submit a subset of documents withheld for attorney-client privilege, in addition to legislative privilege objections, within 7 days of the Order for the Court's *in camera* review. *Id.*

On July 26, 2022, the legislators filed a notice of appeal of the Court's July Order. *See* Notice of Appeal, ECF 479; *see also Whole Woman's Health v. Smith*, 896 F.3d 362, 367-69 (5th Cir. 2018) (third-party interlocutory appeal of discovery order requiring production of documents over privilege objections). The legislators then sought a stay of the Court's July Order pending that appeal in the Fifth Circuit. *See* Emergency Mot. for Stay, *LULAC v. Patrick*, No. 22-50662 (5th Cir. July 27, 2022). The legislators' motion explained that the balance of harms weighed in favor of staying the production of documents including because the Fifth Circuit is simultaneously reviewing the same issues regarding the scope of legislative privilege, the attorney-client privilege, and the attorney work-product doctrine as applied to legislators' documents in *LULAC Texas v. Hughes*, No. 22-50435.

The Fifth Circuit granted the legislators' request for a stay. The Court ordered that this Court's July Order "compelling production of documents [be] STAYED pending further order." Stay Order, *LULAC v. Patrick*, No. 22-50662 (5th Cir. July 27, 2022). Since then, the parties have briefed and argued the related *Hughes* appeal and are awaiting a decision.

Meanwhile, the legislators submitted the identified subset of documents for this Court's further *in camera* review. *See* Notice, ECF 492. On November 17, 2022, having completed its *in camera* review, the Court ordered the disclosure of nearly all of the *in camera* reviewed documents by Thursday, December 1, 2022. Order, ECF 642 ("November Order"). All documents that this Court reviewed *in*

3

*camera* were withheld both as attorney-client privileged and legislatively privileged.[1] Accordingly, as the legislators understand the Fifth Circuit's stay, those documents are subject to the Fifth Circuit's legislative privilege stay and would not be disclosed until the stay is dissolved or the pending appeal is otherwise resolved.

**ARGUMENT**

**I.    The Legislators Request Clarification that the Order Does Not Apply to Documents Subject to the Fifth Circuit's Stay Order.**

The Fifth Circuit stayed this Court's earlier order compelling the production of documents that the legislators previously withheld as legislatively privileged. Order, ECF 467; Stay Order, *LULAC v. Patrick*, No. 22-50662 (5th Cir. July 27, 2022). The legislators understand that stay to apply to any document for which a legislative privilege objection was raised, except to the extent the legislators have withdrawn the legislative privilege objection. That would include documents that this Court recently reviewed *in camera* to the extent such documents were previously withheld for *both* legislative privilege *and* attorney-client privilege.[2]

Accordingly, the legislators request this Court's clarification of its recent Order, ECF 642, which would otherwise require the production of such documents by December 1, 2022. Because documents subject to this Court's *in camera* review were also withheld on legislative privilege grounds, and because the Fifth Circuit has stayed the production of documents withheld on legislative privilege grounds in light of the legislators' pending appeal and the related pending appeal in *Hughes*, the

---

[1] The index provided for the *in camera* review omits a legislative privilege objection for one document (DOC_0352072). *See* Index, ECF 492-1 at 62. That omission was inadvertent; the document was withheld as both legislatively privileged and attorney-client privileged as shown in the legislators' privilege log accompanying the United States' motion to compel, ECF 351-3 at 193. The document is an attachment with draft talking points by counsel attached to an internal email among legislative staff, which was also withheld as both legislatively privileged and attorney-client privileged.

[2] *See, e.g.*, Emergency Mot. for Stay at 8, *LULAC v. Patrick*, No. 22-50662 (5th Cir. July 27, 2022) ("For remaining documents that are both legislatively privileged and attorney-client privileged, those remain subject to this request for a stay pending *Hughes*.").

legislators request that the Court clarify that such documents need not be disclosed at this time. The legislators would then produce such documents when the Fifth Circuit's stay dissolves or the pending appeal is otherwise resolved. The United States has indicated that it does not oppose the requested clarification.

**II.    In the Alternative, the Legislators Request a Stay of the Court's Order Requiring the Production of Documents Pending the Legislators' Already-Filed Appeal.**

Alternatively, if the Court declines to clarify the Order so as not to require the immediate production of documents, the legislators seek a stay of the Order such that documents need not be produced until the pending appeal is resolved. A stay is warranted for substantially the same reasons as those that compelled the Fifth Circuit to issue a stay of the July Order to produce documents. The legislators are seeking the Fifth Circuit's further review of the legislative privilege and attorney-client privilege issues raised in this Court's July Order with respect to their documents. *See LULAC v. Patrick*, No. 22-50662 (appealing ECF 467). They intend to amend their notice of appeal so that last week's order is also included for completeness.

As the legislators argued with respect to the first stay pending their appeal, *see* Emergency Mot. for Stay at 10-15, *LULAC v. Patrick*, No. 22-50662 (5th Cir.), the Fifth Circuit is currently reviewing the same issues of privilege in the *Hughes* appeal.[3] A short stay is warranted to allow for further review of those important privilege issues implicated in this litigation, either in the legislators' interlocutory

---

[3]   That includes overlapping issues of attorney-client privilege. Questions of what is merely "factual" and what rises to a privileged "communication" are implicated both here and in the ongoing *Hughes* appeal. *Compare, e.g.*, July Order at 14, 21, ECF 467 (emphasizing that the attorney-client privilege "does not shield underlying facts" and that "just because attorneys are involved in the process does not automatically shield the work of such technical experts, nor does it necessarily protect all communications between the parties"), *and* November Order, ECF 642 (requiring production of communications with counsel), *with* Opening Br. at 46, *LULAC v. Hughes*, No. 22-50435 (5th Cir.) (requesting reversal of district court's finding that legal communications concerned "facts, not legal advice" and were therefore not privileged in *La Union Del Pueblo Entero v. Abbott*, 2022 WL 1667687, at *7 (W.D. Tex. May 25, 2022)).

5

appeal or by virtue of the forthcoming *Hughes* decision. With respect to the issues of attorney-client privilege, whether legislators' communications with outside counsel are in fact privileged raises a serious legal question about the permissible scope of third-party discovery, where the third parties are members of the Texas Legislature and their staff, communicating with the outside counsel they retained for the purpose of ensuring legally compliant legislation. Once those documents are disclosed, the proverbial "'cat is out of the bag.'" *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 761 (D.C. Cir. 2014) (Kavanaugh, J.). For a third party, a victory on appeal after disclosure is only a pyrrhic victory. *See Whole Woman's Health*, 896 F.3d at 367-68 (explaining that third-party's appeal of "forced discovery … is 'effectively unreviewable' on appeal from the final judgment").

For these reasons and those already briefed in the legislators' previous Fifth Circuit stay motion, which the legislators incorporate herein, a stay of the production of documents pending appeal is warranted. *See Nken v. Holder*, 556 U.S. 418, 426 (2009); *see also Tex. Democratic Party v. Abbott*, 961 F.3d 389, 397 (5th Cir. 2020) (where the balance of equities "weigh[] heavily in favor of granting the stay," only a "serious legal question" is required (emphasis omitted)). The equities overwhelmingly favor a stay, at least until the Fifth Circuit issues its opinion in *Hughes*. *See, e.g.*, *Campaign for S. Equal. v. Bryant*, 773 F.3d 55, 58 (5th Cir. 2014) (granting stay pending appeal given that Fifth Circuit would be assessing similar claims in related cases in the next month); *see also Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) ("federal appellate decision that is likely to have a substantial or controlling effect" is "good" or "excellent" reason for granting stay). Producing documents now would be uniquely inequitable if the *Hughes* decision later clarifies the scope of the applicable privileges, such that some or more documents need not be produced. If documents are produced before then, that bell cannot be un-rung. *See Whole Woman's Health*, 896 F.3d at 367-68; *In re E.E.O.C.*, 207 F. App'x 426, 430 (5th Cir. 2006) ("Assuming privilege exists, there is no adequate remedy on appeal for the revelation of this information."); *see also Dinler v. City of N.Y.*, 607 F.3d 923,

934 (2d Cir. 2010); *In re Pros. Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009). A stay, moreover, will not substantially harm Plaintiffs; the *Hughes* appeal has been briefed and argued and a decision is forthcoming. And a stay would be in the public interest. The Texas Legislature worked with outside counsel to ensure the passage of lawful redistricting plans with the expectation that requests for legal advice and the provision of legal advice regarding redistricting proposals would remain privileged. Uncertainty about when and to what extent the privilege applies in such circumstances is detrimental to "broader public interests in the observance of law and administration of justice." *Upjohn v. United States*, 449 U.S. 383, 389 (1981); *see also Tenney v. Brandhove*, 341 U.S. 367, 377 (1951) (legislative privilege protections are for "the public good").

## CONCLUSION

For the foregoing reasons, the legislators request clarification of this Court's November Order, clarifying that documents subject to the Fifth Circuit's stay do not need to be immediately disclosed. Alternatively, the legislators request a stay pending appeal.

Date: November 21, 2022

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
Tel: (703) 243-9423
patrick@consovoymccarthy.com

Respectfully submitted,

*/s/ Taylor A.R. Meehan*
Taylor A.R. Meehan
Frank H. Chang
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
Tel: (703) 243-9423
taylor@consovoymccarthy.com
frank@consovoymccarthy.com

Adam K. Mortara
LAWFAIR LLC
125 South Wacker, Suite 300
Chicago, IL 60606
Tel: (773) 750-7154
mortara@lawfairllc.com

*Counsel for the House legislators*

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas<br><br>BRENT WEBSTER<br>First Assistant Attorney General | */s/ Patrick K. Sweeten*<br>PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>Tex. State Bar No. 00798537<br><br>WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>Tex. State Bar No. 24088531<br><br>MUNERA A. AL-FUHAID<br>Special Counsel, Special Litigation Unit<br>Tex. State Bar No. 24094501<br><br>ZACHARY W. BERG<br>Special Counsel, Special Litigation Unit<br>Tex. State Bar No. 24107706<br><br>ARI M. HERBERT<br>Special Counsel, Special Litigation Unit<br>Tex. State Bar No. 24126093<br><br>OFFICE OF THE ATTORNEY GENERAL<br><br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Fax: (512) 457-4410<br>patrick.sweeten@oag.texas.gov<br>will.thompson@oag.texas.gov<br>munera.al-fuhaid@oag.texas.gov<br>zachary.berg@oag.texas.gov<br>ari.herbert@oag.texas.gov<br><br>*Counsel for Defendants and the Senate legislators* |

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on November 21, 2022, and that all counsel of record were served by CM/ECF and email.

*/s/ Taylor A.R. Meehan*
TAYLOR A.R. MEEHAN