UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>GREG ABBOTT, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB)<br>(consolidated cases) |

### **DECLARATION OF JEFFREY ARCHER**

I, Jeffrey Archer, having personal knowledge of the facts stated herein, declare and state as follows:

1. The Texas Legislative Council is a nonpartisan agency that supports the Texas legislature, including by providing bill drafting and redistricting services to every Texas state legislator and the lieutenant governor.

2. With regard to redistricting, the Texas Legislative Council only drafts legislative language or produces maps at the specific direction of legislators and their staff. The drafts themselves are recommendations made by Council staff for accomplishing the policy goals of the requesting legislative office that can be accepted or rejected by the legislator receiving the service.

3. Moreover, the Texas Legislative Council has been directed by every Texas state legislator and the lieutenant governor to "assert all applicable privileges . . . on behalf of [the legislator's] office when an . . . entity from outside [the legislator's] office requests information maintained by the council that relates to privileged . . . services provided by the council to [the legislator's] office, unless [the legislator] provides [their] consent for disclosure of the information."

4. Two examples of this directive are attached to this statement: one from Representative Trey Martinez Fischer, a party to this case, and one from Speaker Dade Phelan.

5. As executive director for the Texas Legislative Council, I am responsible for disclosing any record where privilege has been waived with respect to council

1

services. To my knowledge, no Texas state legislator or the lieutenant governor has waived any privilege concerning any council service that relates to this case.

6. While the Texas Legislative Council endeavors to document the legislator or legislative employee who requests Council services, the time constraints and workload demands associated with the exigencies of the legislative process occasionally prevent this documentation, thereby making it unavailable for a privilege log.

7. Legislative drafts and redistricting proposals created by the Texas Legislative Council at the request of legislators or their staff for the purpose of accomplishing their offices' policy goals are reviewed by council staff for compliance with the Texas Constitution and United States Constitution, and they are therefore subject to legal analyses and decisions based on the requirements of the respective constitutions. This legal analysis did not involve minority voting rights analysis.

8. Communications and documentation maintained by the Texas Legislative Council and related to the drafting of redistricting proposals, plans, and amendments are privileged, even if the plan or amendment itself becomes public.

9. RedAppl is a standalone redistricting application that creates and maintains metadata and other documentary information that is not intended to be exported into another format. It was therefore necessary to create documents in response to the United States' non-party subpoena to make that information available for potential disclosure. These documents were created after the passage of the challenged plans but contain information created before the passage of the challenged plans.

10. The Texas Legislative Council staff communicated less with clients in the legislature during this redistricting cycle based largely on the expectation—based on previous redistricting cycles—that the legislative privilege would be pierced. Accordingly, previous court decisions that pierced the legislative and attorney-client privileges as they apply to the Texas Legislative Council's services directly and adversely impacted the ability of the Texas Legislative Council to provide candid legal and legislative advice to its clients within the legislature.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

Executed on November 30, 2022

_____
Jeffrey Archer

## CLIENT DIRECTIVE REGARDING TEXAS LEGISLATIVE COUNCIL SERVICES

The Texas Legislative Council is within the legislative branch of Texas state government and employs legislative staff who are directed by the council's executive director and governed by a joint committee of the legislature. The legislature established the council under Chapter 323, Government Code, and the council represents and acts as an extension of the office of each individual legislator for legal services, research services, information technology services, printing services, and other legislative services.

Under Section 306.008(a), Government Code, the Texas Constitution, and federal common law, a communication is confidential and subject to legislative privilege if the communication is given privately, concerns a legislative activity or function of my office, and is between or among my office and any employee of, assistant to, or credentialed intern for the council. Under Section 306.008(b), Government Code, a communication is confidential and subject to attorney-client privilege if the communication is given privately, concerns a legislative activity or function of my office, is between or among my office and any council attorney or any council employee working at the direction of a council attorney, and is made in connection with a council attorney's provision of legal services to my office. Sections 323.017 and 323.018, Government Code, common law, the Rules of the Texas House of Representatives, if applicable, council rules, and council policies provide for additional expressions of these privileges and impose additional obligations of confidentiality on the council. Finally, under Section 323.021, Government Code, while my office uses council systems to transmit, store, or maintain the records of my office, I possess, maintain, or control those records for purposes of litigation and I am the custodian of those records for purposes of the public information law.

*I direct the council to assert all applicable privileges and obligations of confidentiality on behalf of my office when an individual or entity from outside my office requests information maintained by the council that relates to privileged or confidential services provided by the council to my office, unless I provide my consent for disclosure of the information.*

_____
Speaker of the House of Representatives Dade Phelan

1/21/2020
Date

*When signed, please transmit this document to the Texas Legislative Council, attention Jon Heining. Options for transmittal include interoffice mail, an e-mail to jon.heining@tlc.texas.gov, or a fax to (512) 463-0157.*

EXHIBIT A

**CLIENT DIRECTIVE REGARDING TEXAS LEGISLATIVE COUNCIL SERVICES**

The Texas Legislative Council is within the legislative branch of Texas state government and employs legislative staff who are directed by the council's executive director and governed by a joint committee of the legislature. The legislature established the council under Chapter 323, Government Code, and the council represents and acts as an extension of the office of each individual legislator for legal services, research services, information technology services, printing services, and other legislative services.

Under Section 306.008(a), Government Code, the Texas Constitution, and federal common law, a communication is confidential and subject to legislative privilege if the communication is given privately, concerns a legislative activity or function of my office, and is between or among my office and any employee of, assistant to, or credentialed intern for the council. Under Section 306.008(b), Government Code, a communication is confidential and subject to attorney-client privilege if the communication is given privately, concerns a legislative activity or function of my office, is between or among my office and any council attorney or any council employee working at the direction of a council attorney, and is made in connection with a council attorney's provision of legal services to my office. Sections 323.017 and 323.018, Government Code, common law, the Rules of the Texas House of Representatives, if applicable, council rules, and council policies provide for additional expressions of these privileges and impose additional obligations of confidentiality on the council. Finally, under Section 323.021, Government Code, while my office uses council systems to transmit, store, or maintain the records of my office, I possess, maintain, or control those records for purposes of litigation and I am the custodian of those records for purposes of the public information law.

*I direct the council to assert all applicable privileges and obligations of confidentiality on behalf of my office when an individual or entity from outside my office requests information maintained by the council that relates to privileged or confidential services provided by the council to my office, unless I provide my consent for disclosure of the information.*

_____
State Representative Trey Martinez Fischer

1-22-21
_____
Date

*When signed, please transmit this document to the Texas Legislative Council, attention Jon Heining. Options for transmittal include interoffice mail, an e-mail to jon.heining@tlc.texas.gov, or a fax to (512) 463-0157.*

**EXHIBIT B**