## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § | |
| *Plaintiffs,* | § § | |
| EDDIE BERNICE JOHNSON, SHEILA JACKSON-LEE, ALEXANDER GREEN, AND JASMINE CROCKETT, | § § § § | Case No. 3:21-cv-00259 [Lead Case] |
| *Plaintiff-Intervenors,* | § § § | |
| v. | § § | |
| GREG ABBOTT, *et al.*, | § § | |
| *Defendants.* | § | |

| | | |
|---|---|---|
| TEXAS STATE CONFERENCE OF THE NAACP, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 1:21-cv-01006 [Consolidated Case] |
| GREG ABBOTT, *et al.*, | § § | |
| *Defendants.* | § § | |

## DEFENDANTS' ANSWER TO PLAINTIFF TEXAS NAACP'S
## SECOND AMENDED COMPLAINT

Greg Abbott, in his official capacity as Governor of Texas, and John Scott, in his official capacity as Texas Secretary of State (collectively "Defendants") file this Answer to the Second Amended Complaint, *LULAC v. Abbott*, No. 3:21-cv-259, ECF 646 (W.D. Tex. Nov. 18, 2022), filed by the Texas State Conference of the NAACP (the "Plaintiff").

# ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation in Plaintiff's Second Amended Complaint except for those expressly admitted here. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiff's Second Amended Complaint. Titles that are reproduced in this original answer are included for organizational purposes only, and Defendants do not admit any matter contained in reproduced titles.

## INTRODUCTION

1. Denied.

2. Defendants admit that according to the 2020 census, Texas had the largest increase in absolute population of any state from 2010-2020. Defendants deny the remaining allegations in Paragraph 2.

3. Denied.

4. Denied.

5. Denied.

6. Defendants deny Plaintiff's characterization of federal case law. Defendants deny any remaining allegations in Paragraph 6.

7. Defendants admit that Plaintiff invokes the Voting Rights Act as a basis for its claim. Defendants deny that Plaintiff is entitled to such relief under that statute. Defendants deny the remaining allegations in Paragraph 7.

8. Denied.

9. Denied.

10. Defendants admit that Plaintiff seeks declaratory judgement; invokes the Fourteenth

Amendment, Fifteenth Amendment, and the Voting Rights Act as bases for its claims; and challenges Plan S2168 (state senate), Plan H2316 (state house), and Plan C2193 (U.S. Congress). Defendants deny the remaining allegations in Paragraph 10.

11. Defendants admit that Plaintiff seeks injunctive relief enjoining Plan S2168 (state senate), Plan H2316 (state house), and Plan C2193 (U.S. Congress). Defendants deny that Plaintiff is entitled to such relief.

## JURISDICTION AND VENUE

12. Defendants deny that Plaintiff has established jurisdiction for its claims. Defendants admit that Plaintiff alleges violations the statutes and constitutional provisions listed in this paragraph. Defendants deny any such violation has occurred. Defendants admit the remaining allegations in Paragraph 12.

13. Defendants admit that Plaintiff seeks declaratory and injunctive relief. Defendants deny that Plaintiff is entitled to such relief.

14. Denied.

## REQUEST FOR THREE-JUDGE PANEL

15. Admit.

## PARTIES

16. Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations, and therefore deny them.

17. Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations, and therefore deny them.

18. Defendants lack sufficient knowledge or information to form a belief about the truth of these

allegations, and therefore deny them.

19. Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations, and therefore deny them.

20. Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations, and therefore deny them.

21. Denied.

22. Denied.

23. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

24. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 24.

25. Defendants admit that, with the exception of enacted CD 14, the enacted districts referenced in Paragraph 25 are located, wholly or in part, in Harris County, Fort Bend County, or both counties. Defendants lack knowledge or sufficient information to form a belief about the alternative district configurations being referenced in Paragraph 25, and therefore deny all allegations related to those alternative configurations. Defendants deny all other remaining allegations in Paragraph 25.

26. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 26.

27. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

28. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 28.

29. Defendants admit that, with the exception of enacted CD 14, the enacted districts referenced in Paragraph 29 are located, wholly or in part, in Harris County, Fort Bend County, or both counties. Defendants lack knowledge or sufficient information to form a belief about the alternative district configurations being referenced in Paragraph 29, and therefore deny all allegations related to those alternative configurations. Defendants deny all other remaining allegations in Paragraph 29.

30. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

31. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 31.

32. Defendants admit that the enacted districts referenced in Paragraph 32 are located, wholly or in part, in Dallas County, Tarrant County, or both counties. Defendants lack knowledge or sufficient information to form a belief about the alternative district configurations being referenced in Paragraph 32, and therefore deny all allegations related to those alternative configurations. Defendants deny all other remaining allegations in Paragraph 32.

33. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

34. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 34.

35. Defendants admit that the enacted districts referenced in Paragraph 35 are located, wholly or in part, in Dallas County, Tarrant County, or both counties. Defendants lack knowledge or sufficient information to form a belief about the alternative district configurations being referenced in Paragraph 35, and therefore deny all allegations related to those alternative configurations. Defendants deny all other remaining allegations in Paragraph 35.

36. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

37. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 37.

38. Defendants admit that the enacted districts referenced in Paragraph 38 are located, wholly or in part, in Dallas County, Tarrant County, or both counties. Defendants lack knowledge or sufficient information to form a belief about the alternative district configurations being referenced in Paragraph 38, and therefore deny all allegations related to those alternative configurations. Defendants deny all other remaining allegations in Paragraph 38.

39. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

40. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 40.

41. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 41.

42. Defendants admit that enacted districts SD 13, SD 17, and SD 18 are located, wholly or in part, in Fort Bend County. Defendants deny that enacted districts SD 6 and SD 15 are located in Fort Bend County. Defendants lack knowledge or sufficient information to form a belief about the residence of TX NAACP Member F, and therefore deny this allegation. Defendants lack knowledge or sufficient information to form a belief about the alternative district configurations being referenced in Paragraph 42, and therefore deny all allegations related to those alternative configurations. Defendants deny all other remaining allegations in Paragraph 42.

43. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

44. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 44.

45. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 45.

46. Defendants admit that enacted districts SD 13, SD 17, and SD 18 are located, wholly or in part, in Fort Bend County. Defendants deny that enacted districts SD 6 and SD 15 are located in Fort Bend County. Defendants lack knowledge or sufficient information to form a belief about the residence of TX NAACP Member G, and therefore deny this allegation. Defendants lack knowledge or sufficient information to form a belief about the alternative district configurations being referenced in Paragraph 46, and therefore deny all allegations related to those alternative configurations. Defendants deny all other remaining allegations in Paragraph 46.

47. Defendants lack knowledge or sufficient information to form a belief about the truth of these

allegations, and therefore deny them.

48. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 48.

49. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 49.

50. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 50.

51. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

52. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 52.

53. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 53.

54. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

55. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those

allegations. Defendants lack knowledge or sufficient information to form a belief about the alternative district configurations being referenced in Paragraph 55, and therefore deny all allegations related to those alternative configurations. Defendants deny all other remaining allegations in Paragraph 55.

56. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

57. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 57.

58. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants lack knowledge or sufficient information to form a belief about the alternative district configurations being referenced in Paragraph 58, and therefore deny all allegations related to those alternative configurations. Defendants deny all other remaining allegations in Paragraph 58.

59. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

60. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 60.

61. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 61.

62. Defendants lack knowledge or sufficient information to form a belief about the truth of these

allegations, and therefore deny them.

63. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 63.

64. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 64.

65. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

66. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 66.

67. Defendants admit that, with the exception of enacted SD 30, the enacted districts referenced in Paragraph 67 are located, wholly or in part, in Tarrant County, Dallas County, or both counties. Defendants lack knowledge or sufficient information to form a belief about the residence of TX NAACP Member N, and therefore deny this allegation. Defendants lack knowledge or sufficient information to form a belief about the alternative district configurations being referenced in Paragraph 67, and therefore deny all allegations related to those alternative configurations. Defendants deny all other remaining allegations in Paragraph 67.

68. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that enacted HD 94 includes portions of Fort Worth, Arlington, Pantego, Dalworthington Gardens, and Bedford. Defendants deny all other remaining allegations in

Paragraph 68.

69. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

70. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 70.

71. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

72. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 72.

73. Defendants admit that, with the exception of enacted SD 30, the enacted districts referenced in Paragraph 73 are located, wholly or in part, in Tarrant County, Dallas County, or both counties. Defendants lack knowledge or sufficient information to form a belief about the residence of TX NAACP Member P, and therefore deny this allegation. Defendants lack knowledge or sufficient information to form a belief about the alternative district configurations being referenced in Paragraph 73, and therefore deny all allegations related to those alternative configurations. Defendants deny all other remaining allegations in Paragraph 73.

74. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

75. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those

allegations. Defendants admit that benchmark SD 10 was wholly contained within Tarrant County. Defendants admit that enacted SD 10 encompasses seven counties besides Tarrant County. Defendants deny all other remaining allegations in Paragraph 75.

76. Defendants admit that, with the exception of enacted SD 30, the enacted districts referenced in Paragraph 76 are located, wholly or in part, in Tarrant County, Dallas County, or both counties. Defendants lack knowledge or sufficient information to form a belief about the residence of TX NAACP Member Q, and therefore deny this allegation. Defendants lack knowledge or sufficient information to form a belief about the alternative district configurations being referenced in Paragraph 76, and therefore deny all allegations related to those alternative configurations. Defendants deny all other remaining allegations in Paragraph 76.

77. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that enacted HD 94 includes portions of Fort Worth, Arlington, Pantego, Dalworthington Gardens, and Bedford. Defendants deny all other remaining allegations in Paragraph 77.

78. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

79. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that benchmark SD 10 was wholly contained within Tarrant County. Defendants admit that enacted SD 10 encompasses seven counties besides Tarrant County. Defendants deny all other remaining allegations in Paragraph 79.

80. Defendants admit that, with the exception of enacted SD 30, the enacted districts referenced

in Paragraph 80 are located, wholly or in part, in Tarrant County, Dallas County, or both counties. Defendants lack knowledge or sufficient information to form a belief about the residence of TX NAACP Member R, and therefore deny this allegation. Defendants lack knowledge or sufficient information to form a belief about the alternative district configurations being referenced in Paragraph 80, and therefore deny all allegations related to those alternative configurations. Defendants deny all other remaining allegations in Paragraph 80.

81. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that enacted HD 94 includes portions of Fort Worth, Arlington, Pantego, Dalworthington Gardens, and Bedford. Defendants deny all other remaining allegations in Paragraph 81.

82. Defendants admit that the enacted districts referenced in Paragraph 82 are wholly located in Tarrant County. Defendants lack knowledge or sufficient information to form a belief about the residence of TX NAACP Member R, and therefore deny this allegation. Defendants lack knowledge or sufficient information to form a belief about the alternative district configurations being referenced in Paragraph 82, and therefore deny all allegations related to those alternative configurations. Defendants deny all other remaining allegations in Paragraph 82.

83. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

84. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that benchmark SD 10 was wholly contained within Tarrant County. Defendants admit that enacted SD 10 encompasses seven counties besides Tarrant County.

Defendants deny all other remaining allegations in Paragraph 84.

85. Defendants admit that, with the exception of enacted SD 30, the enacted districts referenced in Paragraph 85 are located, wholly or in part, in Tarrant County, Dallas County, or both counties. Defendants lack knowledge or sufficient information to form a belief about the residence of TX NAACP Member S, and therefore deny this allegation. Defendants lack knowledge or sufficient information to form a belief about the alternative district configurations being referenced in Paragraph 85, and therefore deny all allegations related to those alternative configurations. Defendants deny all other remaining allegations in Paragraph 85.

86. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that enacted HD 94 includes portions of Fort Worth, Arlington, Pantego, Dalworthington Gardens, and Bedford. Defendants deny all other remaining allegations in Paragraph 86.

87. Defendants admit that the enacted districts referenced in Paragraph 87 are wholly located in Tarrant County. Defendants lack knowledge or sufficient information to form a belief about the residence of TX NAACP Member S, and therefore deny this allegation. Defendants lack knowledge or sufficient information to form a belief about the alternative district configurations being referenced in Paragraph 87, and therefore deny all allegations related to those alternative configurations. Defendants deny all other remaining allegations in Paragraph 87.

88. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

89. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those

allegations. Defendants admit that benchmark SD 10 was wholly contained within Tarrant County. Defendants admit that enacted SD 10 encompasses seven counties besides Tarrant County. Defendants deny all other remaining allegations in Paragraph 89.

90. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 90.

91. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

92. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 92.

93. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

94. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 94.

95. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 95.

96. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

97. Defendants lack knowledge or sufficient information to form a belief about this individual's

residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 97.

98. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 98.

99. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

100. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 100.

101. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 101.

102. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

103. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 103.

104. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 104.

105. Defendants lack knowledge or sufficient information to form a belief about the truth of these

allegations, and therefore deny them.

106. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 106.

107. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

108. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that enacted SD 22 includes Arlington. Defendants deny all other remaining allegations in Paragraph 108.

109. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

110. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 110.

111. Defendants admit that the enacted districts referenced in Paragraph 111 are wholly located in Brazoria County. Defendants lack knowledge or sufficient information to form a belief about the residence of TX NAACP Member BB, and therefore deny this allegation. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration being referenced in Paragraph 111, and therefore deny all allegations related to that alternative configuration. Defendants deny all other remaining allegations in Paragraph 111.

112. Defendants lack knowledge or sufficient information to form a belief about the truth of these

allegations, and therefore deny them.

113. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that Bell County contains enacted HD 54 and enacted HD 55. Defendants admit that part of Killeen is included in enacted HD 54 and part of Killeen is included in enacted HD 55. Defendants deny all other remaining allegations in Paragraph 113.

114. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

115. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that Bell County contains enacted HD 54 and enacted HD 55. Defendants admit that part of Killeen is included in enacted HD 54 and part of Killeen is included in enacted HD 55. Defendants deny all other remaining allegations in Paragraph 115.

116. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

117. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that Bell County contains enacted HD 54 and enacted HD 55. Defendants admit that part of Killeen is included in enacted HD 54 and part of Killeen is included in enacted HD 55. Defendants deny all other remaining allegations in Paragraph 117.

118. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

119. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that Bell County contains enacted HD 54 and enacted HD 55. Defendants admit that part of Killeen is included in enacted HD 54 and part of Killeen is included in enacted HD 55. Defendants deny all other remaining allegations in Paragraph 119.

120. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

121. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that Bell County contains enacted HD 54 and enacted HD 55. Defendants admit that part of Killeen is included in enacted HD 54 and part of Killeen is included in enacted HD 55. Defendants deny all other remaining allegations in Paragraph 121.

122. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

123. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that Bell County contains enacted HD 54 and enacted HD 55. Defendants admit that part of Killeen is included in enacted HD 54 and part of Killeen is included in enacted HD 55. Defendants deny all other remaining allegations in Paragraph 123.

124. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

125. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those

allegations. Defendants deny all other remaining allegations in Paragraph 125.

126. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

127. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 127.

128. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

129. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that HD 65 is located in Denton County. Defendants deny all other remaining allegations in Paragraph 129.

130. Defendants admit that the enacted districts referenced in Paragraph 130 are located either wholly in Denton County or, in the case of enacted HD 64, in both Denton County and Wise County. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration being referenced in Paragraph 130, and therefore deny all allegations related to that alternative configuration. Defendants deny all other remaining allegations in Paragraph 130.

131. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

132. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that HD 65 is located in Denton County. Defendants deny all other

remaining allegations in Paragraph 132.

133. Defendants admit that the enacted districts referenced in Paragraph 133 are located either wholly in Denton County or, in the case of enacted HD 64, in both Denton County and Wise County. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration being referenced in Paragraph 133, and therefore deny all allegations related to that alternative configuration. Defendants deny all other remaining allegations in Paragraph 133.

134. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

135. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that HD 65 is located in Denton County. Defendants deny all other remaining allegations in Paragraph 135.

136. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

137. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that benchmark HD 66 and HD 67 were located in Collin County. Defendants admit that enacted HD 66 and HD 67 are located in Collin County. Defendants deny all other remaining allegations in Paragraph 137.

138. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

139. Defendants lack knowledge or sufficient information to form a belief about this individual's

residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that benchmark HD 66 and HD 67 were located in Collin County. Defendants admit that enacted HD 66 and HD 67 are located in Collin County. Defendants deny all other remaining allegations in Paragraph 139.

140. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

141. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that benchmark HD 66 and HD 67 were located in Collin County. Defendants admit that enacted HD 66 and HD 67 are located in Collin County. Defendants deny all other remaining allegations in Paragraph 141.

142. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

143. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 143.

144. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

145. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that both enacted HD 121 and enacted 123 encompass portions of San Antonio. Defendants deny all other remaining allegations in Paragraph 145.

146. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

147. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants admit that both enacted HD 121 and enacted 123 encompass portions of San Antonio. Defendants deny all other remaining allegations in Paragraph 147.

148. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

149. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 149.

150. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

151. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 151.

152. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

153. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration for HD 83 being referenced in Paragraph 153, and therefore deny all allegations

related to that alternative configuration. Defendants deny all other remaining allegations in Paragraph 153.

154. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

155. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration for HD 83 being referenced in Paragraph 155, and therefore deny all allegations related to that alternative configuration. Defendants deny all other remaining allegations in Paragraph 155.

156. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

157. Defendants lack knowledge or sufficient information to form a belief about this individual's residence, voter registration status, or intent to vote in future elections, and therefore deny those allegations. Defendants deny all other remaining allegations in Paragraph 157.

158. Admit.

159. Defendants admit that John Scott is the Secretary of State of Texas and that the Secretary oversees the Texas Elections Division. Defendants deny any remaining allegations in Paragraph 159.

SPECIFIC FACTUAL ALLEGATIONS

## A. *Statewide demographic shifts*

160. Defendants admit that Texas added 3,999,994 residents between 2010 and 2020, according to the 2020 Census. Defendants further admit that Texas was apportioned two additional seats in the

24

U.S. House of Representatives following the 2020 Census.

161. Admit.

162. Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations, and therefore deny them.

163. Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations, and therefore deny them.

164. Denied.

165. Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations, and therefore deny them.

166. Paragraph 166 contains conclusory statements about which Defendants lack sufficient knowledge or information to form a belief, and therefore deny all allegations related to such statements. Defendants deny any remaining allegations in Paragraph 166.

167. Denied.

168. Denied.

169. Denied.

**B.  *History of voting discrimination in Texas***

170. Denied.

171. Denied.

172. Defendants deny Plaintiff's characterization of the federal court cases in Paragraph 172. Defendants deny any remaining allegations in Paragraph 172.

173. Defendants deny Plaintiff's characterization of the federal court cases in Paragraph 173.

Defendants deny any remaining allegations in Paragraph 173.

174. Defendants admit that Texas was previously a covered jurisdiction under Section 5 of the Voting Rights Act. Defendants deny all remaining allegations in Paragraph 174.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Defendants deny Plaintiff's characterization of the federal court's opinion in *Veasey v. Abbott*, 888 F.3rd 719 (2018) in Paragraph 179. Defendants deny any remaining allegations in Paragraph 179.

## C. History of redistricting in Texas

180. Defendants deny Plaintiff's characterization of the federal court cases in Paragraph 180. Defendants deny any remaining allegations in Paragraph 180.

181. Defendants deny Plaintiff's characterization of the federal court cases in Paragraph 181. Defendants deny any remaining allegations in Paragraph 181.

182. Defendants deny Plaintiff's characterization of the federal court cases in Paragraph 182. Defendants deny any remaining allegations in Paragraph 182.

183. Defendants deny Plaintiff's characterization of *Texas v. United States*, 887 F. Supp. 2d 133 (D.D.C. 2012). Defendants deny any remaining allegations in Paragraph 183.

184. Defendants deny Plaintiff's characterization of *Perez v. Texas*, 2012 WL 13124275 (W.D. Tex. Mar. 19, 2012). Defendants deny any remaining allegations in Paragraph 184.

### D.  The development and passage of redistricting plans S2168, H2316, and C2193

185. Admit.

186. Admit.

187. Admit.

188. Defendants admit that the Texas Legislature passed all four of the redistricting maps during the Third Special Session and that Governor Abbott signed the maps into law on October 25, 2021. Defendants deny that the maps will necessarily "remain in place for the next decade." Defendants deny all remaining allegations in Paragraph 188.

189. Denied.

190. Defendants admit that the election integrity bill SB1 was passed during the first special session of the 87th Texas Legislature and was signed into law by Governor Abbott on September 7, 2021. Defendants deny the remaining allegations in Paragraph 190.

191. Denied.

192. Defendants admit that in Plan C2101, the residences of Representatives Jackson Lee and Green were placed in the same district. Defendants deny all remaining allegations in Paragraph 192.

193. Denied.

194. Denied.

195. Defendants admit that the Texas Legislature passed the redistricting bills before the end of the Third Special Session of the 87th Texas Legislature. Defendants deny all remaining allegations in Paragraph 195.

196. Denied.

### i. Legislative background on the Texas house plan

197. Admit.

198. Defendants admit that public hearings on HB1 were held on October 4, 2021. Defendants admit that some public hearings were held prior to that date, while other scheduled public hearings were cancelled. Defendants deny the remaining allegations in Paragraph 198.

199. Denied.

200. Denied.

201. Denied.

202. Defendants admit that all members of the Texas House were allowed to offer amendments to HB1 consistent with House rules. Defendants deny the remaining allegations in Paragraph 202.

203. Defendants admit that on October 5, 2021, the Texas House redistricting committee reported a committee substitute favorably. Defendants deny the remaining allegations in Paragraph 203.

204. Admit.

205. Admit.

206. Admit.

207. Admit.

### ii. Legislative background on the Texas senate plan

208. Defendants admit that SB 4 of the Third Special Session of the 87th Legislature was filed on September 18, 2021. Defendants deny the remaining allegations in Paragraph 208.

209. Admit.

210. Admit.

211. Denied.

212. Admit.

213. Defendants admit that the Texas Senate voted to suspend the printing rule for SB 4. Defendants admit that the Texas Senate passed SB 4 on October 4, 2021. Defendants deny the remaining allegations in Paragraph 213.

214. Defendants admit that public hearings on SB4 were held on October 11, 2021. Defendants deny the remaining allegations in Paragraph 214.

215. Denied.

216. Denied.

217. Denied.

218. Denied.

### iii. Legislative background on the congressional plan

219. Admit.

220. Admit.

221. Denied.

222. Denied.

223. Denied.

224. Defendants admit that a hearing on SB 6 was set for October 13, 2021. Defendants deny the remaining allegations in Paragraph 226.

225. Denied.

226. Defendants admit that multiple amendments to SB6 were passed on October 16, 2021.

Defendants deny the remaining allegations in Paragraph 226.

227. Defendants admit that a conference committee featuring five Texas House members and five Texas Senate members was formed in relation to SB 6. Defendants deny all other remaining allegations in Paragraph 227.

228. Defendants admit that the conference committee for SB 6 met on October 17, 2021. Defendants admit that Representative Senfronia Thompson was the only Democratic member of the conference committee and did not sign the committee report. Defendants deny all other remaining allegations in Paragraph 228.

229. Defendants deny that the time legislators had to examine the final version of SB 6 was inadequate. Defendants admit the remaining allegations in Paragraph 229.

230. Admit.

E. *Analysis of Texas's new plans S2168, H2316, and C2193*

231. Denied.

232. Denied.

233. Denied.

234. Denied.

235. Denied.

236. Denied.

237. Denied.

238. Denied.

239. Denied.

240. Denied.

### i.  State senate plan (S2168)

241. Admit.

242. Defendants lack knowledge or sufficient information to form a belief about these allegations, and therefore deny these allegations.

243. Denied.

244. Denied.

245. Denied.

246. Denied.

247. Denied.

248. Denied.

249. Denied.

### a.  Tarrant/Dallas senate districts

250. Defendants admit that a large portion of Fort Worth is located within Tarrant County. Defendants deny all other remaining allegations in Paragraph 250.

251. Defendants admit that of the Texas Senate districts in Tarrant/Dallas County, two are majority-minority districts, according to Texas Legislative Council CVAP estimates that were based on the 2015-2019 American Community Survey. Defendants deny the remaining allegations in Paragraph 251.

252. Denied.

253. Defendants admit that benchmark SD 10 was wholly contained within Tarrant County.

Defendants admit that enacted SD 10 encompasses seven counties besides Tarrant County. Defendants deny all other remaining allegations in Paragraph 253.

254. Defendants admit that enacted SD 22 includes Arlington. Defendants deny all other remaining allegations in Paragraph 254.

255. Denied.

256. Defendants admit that a portion of enacted SD 22 is located in Tarrant County. Defendants deny all other remaining allegations in Paragraph 256.

257. Defendants admit that Senator Kelly Hancock is a Republican and won in the 2018 General Election for SD 9. Defendants deny the remaining allegations in Paragraph 257.

258. Denied.

259. Denied.

260. Denied.

261. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration being referenced in Paragraph 261, and therefore deny these allegations.

262. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration being referenced in Paragraph 262, and therefore deny all allegations related to this alternative configuration. Defendants deny all other remaining allegations in Paragraph 262.

263. Defendants deny Plaintiff's characterization of *Texas v. United States*, 887 F. Supp. 2d 133 (D.D.C. 2012). Defendants deny any remaining allegations in Paragraph 263.

264. Denied.

265. Admit.

266. Denied.

267. Defendants admit that enacted SD 2 features all or part of seven counties, including Dallas County and Collin County. Defendants deny all other remaining allegations in Paragraph 267.

<u>*b.  Fort Bend County and adjacent senate districts*</u>

268. Denied.

269. Defendants admit that enacted districts SD 13, SD 17, and SD 18 are located, wholly or in part, in Fort Bend County. Defendants deny that enacted districts SD 6 and SD 15 are located in Fort Bend County. Defendants deny all other remaining allegations in Paragraph 269.

270. Defendants admit that some counties that were included in benchmark SD 18 are now included in enacted SD 17. Defendants deny all other remaining allegations in Paragraph 270.

271. Denied.

272. Denied.

273. Denied.

274. Denied.

275. Denied.

276. Denied.

277. Denied.

278. Denied.

## ii.  State house plan (H2316)

279. Admit.

280. Denied.

281. Denied.

282. Defendants admit that under the enacted plan there are six Texas House districts with a majority of black alone CVAP, according to Texas Legislative Council CVAP estimates that were based on the 2015-2019 American Community Survey. Defendants deny the remaining allegations in Paragraph 282.

283. Defendants admit that under the enacted plan there are 30 majority HCVAP districts, according to Texas Legislative Council CVAP estimates that were based on the 2015-2019 American Community Survey. Defendants deny the remaining allegations in Paragraph 283.

284. Denied.

285. Denied.

286. Denied.

287. Denied.

288. Denied.

289. Denied.

290. Denied.

291. Denied.

292. Denied.

293. Denied.

294. Denied.

   *a.  Tarrant County house district irregularities and potential majority-minority coalitions*

295. Denied.

296. Denied.

297. Denied.

298. Denied.

299. Defendants lack knowledge or sufficient information to form a belief about Plaintiff's intended meaning of "the last elections held in each of these districts." Defendants admit that Republican candidates won both the 2020 and 2022 General Elections in HD94 and HD96. Defendants deny the remaining allegations in Paragraph 299.

300. Defendants admit that Republican Tony Tinderholt won the 2020 General Election in HD 94. Defendants deny the remaining allegations in Paragraph 300.

301. Defendants admit that Republican David Cook won the 2020 General Election in HD 96. Defendants admit that a Republican has represented HD 96 since at least 2012. Defendants deny the remaining allegations in Paragraph 301.

302. Defendants admit that Republican Jeff Cason won the 2020 General Election in HD 92. Defendants deny the remaining allegations in Paragraph 302.

303. Denied.

304. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration being referenced in Paragraph 304, and therefore deny these allegations.

305. Denied.

306. Denied.

307. Denied.

308. Defendants lack knowledge or sufficient information to form a belief about the alternative

district configuration being referenced in Paragraph 308, and therefore deny these allegations.

309. Denied.

b.  *Wise and Denton Counties potential majority-minority coalition house districts*

310. Defendants admit that none of the benchmark districts listed in Paragraph 310 were majority-minority districts, according to Texas Legislative Council CVAP estimates that were based on the 2015-2019 American Community Survey. Defendants also admit that none of the enacted districts listed in Paragraph 310 are majority-minority districts according to the same data source.

311. Defendants admit that enacted districts HD 57, HD 63, and HD 65 are wholly contained within Denton County. Defendants deny the remaining allegations in Paragraph 311.

312. Denied.

313. Denied.

314. Denied.

315. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration being referenced in Paragraph, and therefore deny these allegations. Defendants deny all other remaining allegations in Paragraph 315.

316. Denied.

317. Denied.

318. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration being referenced in Paragraph 318, and therefore deny these allegations.

319. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration being referenced in Paragraph 319, and therefore deny these allegations.

320. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration being referenced in Paragraph 320, and therefore deny these allegations.

<u>*c.  Brazoria County potential coalition house district*</u>

321. Denied.

322. Defendants admit that the benchmark districts referenced in Paragraph 322 were located, wholly or in part, in Brazoria County. Defendants lack knowledge or sufficient information to form a belief about Plaintiff's intended meaning of "the last election." Defendants admit that Republican Dennis Bonnen won the 2018 General Election for HD 25 and that Republican Ed Thompson won the 2020 General Election for HD 29. Defendants deny all other remaining allegations in Paragraph 322.

323. Denied.

324. Denied.

325. Denied.

326. Defendants admit that neither HD25 nor HD29 are majority-minority districts under the enacted plan according to Texas Legislative Council CVAP estimates that were based on the 2015-2019 American Community Survey. Defendants lack knowledge or sufficient information to form a belief about the alternative district configurations being referenced in Paragraph 326, and therefore deny them.

327. Denied.

328. Denied.

329. Denied.

330. Defendants lack knowledge or sufficient information to form a belief about the alternative

district configuration being referenced in Paragraph 330, and therefore deny all allegations related to this alternative configuration. Defendants deny all other remaining allegations in Paragraph 330.

331. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration being referenced in Paragraph 331, and therefore deny all allegations related to this alternative configuration. Defendants deny all other remaining allegations in Paragraph 331.

### d.  Lubbock County potential coalition house district

332. Defendants admit that enacted districts HD83 and HD84 are located, wholly or in part, in Lubbock County. Defendants deny the remaining allegations in Paragraph 332.

333. Denied.

334. Denied.

335. Defendants admit that neither of enacted HD83 or HD84 are majority-minority districts according to Texas Legislative Council CVAP estimates that were based on the 2015-2019 American Community Survey. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration being referenced in Paragraph 335, and therefore deny all allegations related to this alternative configuration.

336. Denied.

337. Denied.

338. Denied.

339. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration being referenced in Paragraph 339, and therefore deny these allegations.

### iii.  Congressional plan (C2193)

340. Defendants admit that the Texas Congressional delegation will have 38 members following

the 2022 General Election. Defendants deny the remaining allegations in Paragraph 340.

341. Denied.

342. Denied.

343. Defendants admit that Republican Beth Van Duyne won the 2020 General Election in CD 24. Defendants deny the remaining allegations in Paragraph 343.

344. Defendants admit that Republican Ronald Wright won the 2020 General Election in CD 6. Defendants deny the remaining allegations in Paragraph 344.

345. Denied.

346. Denied.

347. Defendants admit that Republican Ted Poe represented CD 2 for 14 years before being succeeded by Republican Daniel Crenshaw. Defendants admit that Republican Daniel Crenshaw won the General Election in 2018 and 2020. Defendants deny the remaining allegations in Paragraph 347.

348. Denied.

349. Denied.

### a.   Dallas/Tarrant Counties potential coalition congressional districts

350. Denied.

351. Defendants lack knowledge or sufficient information to form a belief about which election the Plaintiff means by "the last election" being referenced in Paragraph 351, and therefore deny these allegations.

352. Denied.

353. Denied.

354. Denied.

355. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration being referenced in Paragraph 355, and therefore deny these allegations.

356. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration being referenced in Paragraph 356, and therefore deny all allegations related to this alternative configuration. Defendants deny all other remaining allegations in Paragraph 356.

357. Denied.

### b.  Harris/Fort Bend Counties potential coalition congressional districts

358. Denied.

359. Defendants admit that in the 2020 General Election, CDs 2, 14, and 22 elected Republicans and CDs 7,9, 18, and 29 elected Democrats. Defendants deny the remaining allegations in Paragraph 359.

360. Denied.

361. Denied.

362. Denied.

363. Denied.

364. Denied.

365. Defendants lack knowledge or sufficient information to form a belief about the alternative district configuration being referenced in Paragraph 365, and therefore deny all allegations related to this alternative configuration. Defendants deny the remaining allegations in Paragraph 365.

366. Defendants lack knowledge or sufficient information to form a belief about the alternative

district configuration being referenced in Paragraph 366, and therefore deny all allegations related to this alternative configuration. Defendants deny all other remaining allegations in Paragraph 366.

## COUNT I – 42 U.S.C. § 1983

### Racial gerrymandering in violation of the Fourteenth and Fifteenth Amendments to the United States Constitution

367. Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

368. Denied.

369. Denied.

370. Denied.

371. Denied.

372. Denied.

## COUNT II – 52 U.S.C. § 10301

### Vote dilution in violation of Section 2 of the Voting Rights Act

373. Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

374. Defendants admit Plaintiff accurately quotes portions of subsection (a) of Section 2 of the Voting Rights Act but deny that any violation of Section 2 has occurred. Defendants deny all remaining allegations in Paragraph 374.

375. Defendants deny Plaintiff's characterization of federal case law, including that the terms "cracking" and "packing" are featured in *Thornburg v. Gingles*. Defendants deny that an application of *Gingles* to the facts of this case in any way demonstrates that Defendants violated any provision of the Voting Rights Act.

376. Denied.

377. Denied.

378. Denied.

379. Denied.

380. Denied.

381. Denied.

### COUNT III – 52 U.S.C. § 10301 AND 42 U.S.C. § 1983

### Discriminatory purpose in violation of the Fourteenth Amendment to the United States Constitution and Section 2 of the Voting Rights Act

382. Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

383. Admit.

384. Admit.

385. Denied.

386. Denied.

387. Denied.

388. Denied.

389. Denied.

390. Denied.

391. Denied.

392. Denied.

### PRAYER FOR RELIEF

i. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

ii. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

iii. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

iv. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

v. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

vi. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

vii. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

viii. Defendants deny that Plaintiff is entitled to any of the relief requested herein.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

1. This Court lacks subject-matter jurisdiction to consider all claims asserted in Plaintiff's Second Amended Complaint.

2. Plaintiff lacks standing to assert all claims asserted in its Second Amended Complaint.

3. Plaintiff has failed to state a claim upon which relief can be granted.

4. Defendants assert all applicable immunities to Plaintiff's claims, including but not limited to their entitlement to Eleventh Amendment and sovereign immunity.

5. Pursuant to 42 U.S.C. § 1988(b) and 52 U.S.C. § 10310(e), Defendants will be entitled to recover their attorney's fees if they are the prevailing parties.

6. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it is inconsistent with the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

7. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it would exceed Congress's enforcement power under the 14th and 15th Amendments to the U.S. Constitution. Imposing liability here would not be congruent and proportional to the enforcement of the 14th Amendment or 15th Amendment.

8. Defendants reserve the right to assert additional affirmative and other defenses as they may

become apparent in the factual development of this case.

Date: December 5, 2022

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

WILLIAM T. THOMPSON
Acting Chief, Special Litigation Unit
Tex. State Bar No. 24088531

BRENT WEBSTER
First Assistant Attorney General

KATHLEEN T. HUNKER
Special Counsel
Tex. State Bar No. 24118415

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410

ARI M. HERBERT
Special Counsel
Tex. State Bar No. 24126093

*/s/ J. Aaron Barnes*
J. AARON BARNES
Special Counsel
Tex. State Bar No. 24099014

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Fax: (512) 457-4410
will.thompson@oag.texas.gov
kathleen.hunker@oag.texas.gov
ari.herbert@oag.texas.gov
aaron.barnes@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on December 5, 2022, and that all counsel of record were served by CM/ECF.

*/s/ J. Aaron Barnes*
J. AARON BARNES