UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS EL PASO DIVISION

| | | |
|---|---|---|
| MEXICAN AMERICAN LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES, | § § § § | Civil Action |
| Plaintiffs | § § | Case No. 21-cv-259-DCG-JES-JVB |
| v. | § § | |
| STATE OF TEXAS, GREG ABBOTT, GOVERNOR OF THE STATE OF TEXAS, in his official capacity, and JOHN SCOTT, SECRETARY OF STATE OF TEXAS, in his official capacity | § § § § § § § | |
| Defendants | § | |

**MOTION FOR RECONSIDERATION OF ORDER DISMISSING CLAIMS RELATED TO CONGRESSIONAL DISTRICT 15**

Plaintiff Mexican American Legislative Caucus ("MALC") files this Motion for Reconsideration of Order Dismissing Claims Related to Congressional District 15 (ECF No. 669) and would respectfully show the Court as follows:

**SUMMARY**

MALC is mindful of the heightened burden typically associated with motions to reconsider the Court's orders, particularly where, as here, MALC has had an opportunity to replead. Nevertheless, MALC believes that a limited reconsideration of the Court's December 6, 2022 Order that dismissed its claims regarding Congressional District 15 is warranted given the recent election and the results of that election, which appear to demonstrate quite clearly that the Texas Legislature's efforts to disenfranchise Latino voters in CD 15 were successful. It is only in light of recently created evidence by virtue of the November 2022 election results that MALC makes this request to reconsider.

Courts have long recognized that "Certain elections are more probative of unequal electoral opportunity than others. ***Temporally, recent elections are more probative than elections in the distant past.*** *See Uno v. City of Holyoke*, 72 F.3d 973, 990 (1st Cir.1995); *Meek v. Metro. Dade Cnty.*, Fla., 985 F.2d 1471, 1482–83 (11th Cir.1993). . . . ***Endogenous elections, or contests within the jurisdiction and for the particular office that is at issue, are more probative than exogenous elections****.*" *Rodriguez v. Harris Cty.*, 964 F. Supp. 2d 686, 759 (S.D. Tex. 2013), *aff'd sub nom. Gonzalez v. Harris Cty.*, 601 F. App'x 255 (5th Cir. 2015) (some internal citations omitted) (emphasis added).

Here, preliminary data from the November 2022 election results indicates that the Latino candidate of choice appears to have been Michelle Vallejo, receiving between 65 and 75 percent of the Latino vote. Consistent with the pattern of racially polarized voting found elsewhere in Texas, preliminary data shows that Anglos voted for her opponent Monica De La Cruz at approximately 85 to 95 percent. Because demographic and voter data indicates a significant turnout gap between Anglos and Latinos in Congressional District 15 ("CD 15"), a cohesive Latino vote for Vallejo was nonetheless defeated by a polarized and greater turnout electorate of Anglos. Based on preliminary estimates, it appears that if a modest 12% turnout gap exists between the two entities, then the Anglo candidate of choice would be able to consistently win the election with ~52.86% of the vote. This amount is remarkably close to the actual election results, which gave the Anglo candidate of choice – Monica De La Cruz – a 53.3% margin of victory.

These recent election results, coupled with the emphasis in the law on more temporally recent endogenous election results demonstrates that a valid and plausible claim for relief exists with respect to CD 15. MALC should not be prohibited from pursuing this claim given the recent facts and respectfully requests the Court enter an order vacating its previous dismissal of the CD

15 MALC claim.

## ARGUMENT AND AUTHORITIES

**A.  Standards governing reconsideration of the Court's orders.**

MALC recognizes that the Federal Rules of Civil Procedure do not expressly recognize a "motion for reconsideration." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *Bass v. U.S. Dept. of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). Such a motion is generally considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order. *Id.; Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). The rule under which the motion is considered is based on when the motion was filed. *Texas A & M Research Found,* v. *Magna Transp., Inc.,* 338 F.3d 394, 400 (5th Cir. 2003). If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60. *Id.*

A motion for reconsideration is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). To prevail on a motion under Rule 59(e), the movant must establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

MALC submits that the recent election results present new evidence not previously available that establishes a plausible claim for relief related to CD 15.

### B. Recent election results confirm the plausibility of the claim related to CD 15.

Preliminary ecological inference analysis of the 2022 CD 15 race (based on election returns pulled from county websites, which are still awaiting final certification by the State)[1] indicates that between 65 and 75 percent of Latinos voted for candidate Michelle Vallejo while between 85 and 95 percent of Anglos voted for her opponent, Monica De La Cruz (more precise estimates can be calculated once the official Spanish surname turnout numbers have been published by the Texas Secretary of State).

The most recent Census and ACS data indicates a significant gap in turnout between Anglos and Latinos in CD 15. The district has a 2020 HCVAP of 74.5% and Anglo CVAP of 22.3% (with negligible populations of other races and ethnicities). *See* Texas Legislative Council, *Red-116 for Plan C2193* (Apr. 18, 2022), available at https://data.capitol.texas.gov/dataset/planc2193/resource/553e114e-4165-4a86-8eed-8ea4baaf25f2. However, in the 2020 general election, Spanish Surname Voter Turnout in CD 15 comprised only 61.9% of the total turnout. *See* Texas Legislative Council, *Red-237T (20G) for Plan C2193*, available at https://data.capitol.texas.gov/dataset/planc2193/resource/bba98735-bd50-4289-902c-c37f4b0248a4. This suggests at least a 12% turnout gap between the two populations of eligible voters. If Latinos vote for a given candidate cohesively at a rate of 70% (over 2 to 1) and make up 61.9% of the voting population, but Anglos vote for the opposite

---

[1] Brooks County Elections, *Nov. 2022 Election Results* (last accessed Dec. 11, 2022) https://www.co.brooks.tx.us/upload/page/5156/Pct%20by%20Pct%20Report%2011082022.pdf; Guadalupe County Elections, *Nov. 2022 Election Results* (last accessed Dec. 11, 2022) https://www.co.guadalupe.tx.us/elections/PastElectionResults/2022/11/8/general_election_pctybypct.pdf; Hidalgo County Elections Department, *Nov. 2022 Election Results* (last accessed Dec. 11, 2022), https://www.hidalgocounty.us/DocumentCenter/View/61539/Precinct-Results-11-16-2022-02-11-11-PM; Jim Wells County Elections, *Nov. 2022 Election Results* (last accessed Dec. 11, 2022), https://drive.google.com/file/d/1A5wGcb1spe_fps2gXvt1RYzc_1yASmwB/view; Karnes County Elections, *Nov. 2022 Election Results* (last accessed Dec. 11, 2022), ; Live Oak County Elections, *Nov. 2022 Election Results* (last accessed Dec. 11, 2022), https://www.co.karnes.tx.us/upload/page/1033/official%20cumulative%2011.8.22.pdf; Wilson County Elections Departmen, *Nov. 2022 Election Results* (last accessed Dec. 11, 2022), https://www.co.wilson.tx.us/upload/page/2254/docs/Elections/11.08.22%20General/unofficial%20results.pdf.

candidate at a rate of 90% and make up 38.1% of the voting population, the Anglo candidate of choice would be able to win election with 52.86% of the vote ((38.1 * 0.9) + (61.9 * 0.3) = 52.86) – very near the 53.3% that Monica De La Cruz actually received in this election.

As MALC alleges in its complaint, this pairing of highly cohesive and high turnout Anglo counties and precincts with Latino regions that suffer chronically lower turnout due to a variety of historic and present barriers constitutes a systematic deprivation of equal voting rights in violation of Section 2 of the VRA, and has now led to the Latino community in CD 15 being unable to elect a candidate of choice in a non-hypothetical election.

### C. The Court's order was based on pleadings that did not have the benefit of the most relevant, recent election results.

The Court's December 6 Order dismisses MALC's claims related to CD 15 because MALC failed to "set forth specific demographic facts that, if proven, would show that the Latino-preferred candidate will usually lose due to Anglo bloc voting." *See* Order at 17 (ECF No. 669). Previously, MALC had taken a sampling of prior reconstituted exogenous election results and alleged that the election results sampled demonstrated that the alleged Latino candidate choice could only win 4 out of 8 elections instead of 8 out of 8 elections. MALC also alleged that sampling different election results would show a candidate success rate of only 30 to 40 percent in electing the Latino candidate of choice. MALC understands the Court's order to indicate that specific demographic facts related to specific elections and the recency of those elections could state a plausible claim for relief. Given the recent election results and the demographic facts that the preliminary election data from November 2022 reveal, MALC respectfully suggests the Court reconsider its order to either permit MALC to replead the CD 15 claim or to simply vacate the dismissal so that these facts can be developed and presented to the Court at trial.

Dated: December 16, 2022

Respectfully submitted,

SOMMERMAN, MCCAFFITY,
QUESADA &GEISLER, L.L.P.

*/s/ Sean J. McCaffity*
_____
George (Tex) Quesada
State Bar No. 16427750
Email:  quesada@textrial.com

Sean J. McCaffity
State Bar No. 24013122
Email:  smccaffity@textrial.com

3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas  75219-4461
214/720-0720 (Telephone)
214/720-0184 (Facsimile)

-and-

Joaquin Gonzalez
Texas Bar No. 24109935
1055 Sutton Dr.
San Antonio, TX  78228
jgonzalez@malc.org

***ATTORNEYS FOR MALC PLAINTIFFS***

## CERTIFICATE OF CONFERENCE

I certify by my signature below that I conferred with Will Thompson on behalf of the State Defendants with regard to the relief sought in this motion.   The State Defendants are opposed.

*/s/ Sean J. McCaffity*
_____

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Motion to Reconsider was filed and served via CM/ECF electronic service on December 14, 2022 to all counsel of record.

*/s/ Sean J. McCaffity*
_____