IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § | Case No. 3:21-cv-00259 <br> [Lead Case] |

**STATE DEFENDANTS' ADVISORY OF TRIAL AVAILABILITY**

Defendants Greg Abbott, in his official capacity as Governor of Texas, John Scott, in his official capacity as Texas Secretary of State, and the State of Texas (collectively, "State Defendants") file this Advisory in response to the Court's December 5, 2022, Notice and Order (ECF 665) requesting the Parties' trial availability for the weeks of February 27th; March 13th, 20th, and 27th; April 10th; and May 1st, 22nd, and 29th.

In light of the increasing demands of the legislative session, an earlier trial is more feasible than a later trial, though any trial during the session is in tension with Plaintiffs' preferred resolution of numerous outstanding discovery disputes. The availability of particular witnesses is outlined below.

**I.    Expert Witness Availability**

State Defendants' expert John Alford's greatest availability is in May, but he can adjust his schedule to provide for Tuesday-Friday trial availability in February and March. He has an April 13th-16th conference he cannot miss.

State Defendants' expert Sean Trende advises that the week of March 27th conflicts with family obligations, and that the week of May 1st conflicts with academic obligations. While his best availability is March 13th, and May 22nd and 29th, he can have some flexibility in the other proposed trial weeks.

1

**II.     Fact Witness Availability**

As the Court has noted, trying portions of this case during the legislative sessions presents challenges for witness availability. *See* ECF 665 at 1. Many of the witnesses in this case are legislators, or legislative staff. The 88th Regular Legislative Session runs from January 10 to May 28, 2023. As the Court knows, the legislative session becomes progressively busier across its duration, culminating in an often-frantic April and May. In contrast, the earlier months of the session often provide legislators and their staff more scheduling flexibility due to the lighter work week in the Senate, and focus on committee work in both houses.

Beyond the general problems of asking legislators to leave Austin for El Paso during a legislative session, some legislators' availability during session poses particular challenges. For example, Senator Huffman, current Senate Redistricting Committee chair and Senate Finance Chair, anticipates continuing to chair those committees in the upcoming legislative session. That means she will have a leading role in preparing the State's budget and the redistricting process for the senate and house maps. Illustrating the importance of participating in the session is Senator Huffman's perfect attendance record for voting across nearly 15 years of service in the Texas Senate. Scheduling Senator Huffman or her staff for testimony in El Paso is a manifestly easier task in February than in April or May.

The complexity of an in-session trial date is compounded by the anticipated redistricting process in the 2023 session. The Legislature will again take up House and Senate redistricting pursuant to obligations under the Texas Constitution. *See* Tex. Const. art. III, § 28. Nothing prohibits legislators from revisiting the congressional and SBOE maps as well, though it is not clear to State Defendants' counsel what various legislators will decide to do. The Office of the Attorney General, including at least some trial counsel, may provide legal advice during consideration of this additional redistricting legislation, as lawyers on both sides of this case did during the last session.

### III. Additional Factors Bearing on the Trial Schedule and State Defendants' Preparedness for Trial

Because the Court noted that it is "considering" whether to hold a trial during the legislative session, ECF 665 at 1, State Defendants note that the following outstanding issues may affect the Court's decision.

First, the discovery issues that led to the vacatur of the previous trial date remain outstanding. Whether, when, and how the Court resolves outstanding discovery issues will have a material impact on State Defendants' ability to prepare for trial.

When the parties submitted their Joint Advisory regarding the September trial date, there were multiple discovery motions awaiting ruling. *E.g.*, ECF 520, 521, 538, 539. Although the Court has ruled on a number of discovery matters, *see* ECF 578, 641, 642, discovery disputes have multiplied rather than subsided. ECF 582, 601, 617, 634, 635, 637, 644.

Unresolved discovery disputes in this case extend to a pair of Fifth Circuit cases. One of those cases, No. 22-50407, is in abeyance pending resolution of ongoing discovery disputes by the trial court. The other, No. 22-50662, is in abeyance pending the Fifth Circuit's resolution of materially similar issues in the SB1 litigation. *See LULAC v. Hughes*, No. 22-50435 (5th Cir.).

In addition, the United States' document subpoena to Dave's Redistricting App and State Defendants' motion to quash remain pending in the Western District of Washington. *See Jetton v. United States of America*, No. 2:22-mc-69 (W.D. Was.). The United States' and MALDEF's document subpoenas and the corresponding motion to quash likewise remain pending in the U.S. District Court for the District of Columbia. *See In re Adam Kincaid and the National Republican Redistricting Trust*, No. 1:22-mc-67 (D.D.C.).

State Defendants cannot predict when these matters will be resolved, but they note that court rulings would not be the end of the process. As the LULAC Plaintiffs previously explained in the context of document subpoenas, "Even if the Court here were to rule swiftly, any ruling in favor of

3

disclosure would require additional time for legislators' production of documents, potential in camera review by the Court of some documents, and document review by plaintiffs before the start of trial; this scenario excludes the possibility that such document production would reveal new facts requiring new (or reopening of) legislator depositions." ECF 556 at 7.

This is important because at least some of the private plaintiffs "take the position that until the discovery issues are resolved and the documents and withheld testimony are disclosed, the case cannot proceed to trial." ECF 566 at 7; *see also id.* at 8 ("The trial should not take place until all available evidence and testimony is available to the parties and the Court."). And the United States agrees "that the legislative privilege issue must be resolved before it would be practicable to move forward with trial." ECF 566 at 8.

Second, State Defendants note that essential pleadings disputes also remain unresolved. Although the Court has diligently addressed motions to dismiss, one such motion remains pending. *See* ECF 398. And MALC recently filed a motion to reconsider this Court's decision on a different motion to dismiss. *See* ECF 676 (seeking reconsideration of the ruling in ECF 669 regarding a congressional district). Holding a trial without pleadings being settled is not practicable.

Third, expert witnesses will presumably update their opinions based on the results from the 2022 general election held last month. *Cf.* ECF 676 at 2 (MALC arguing that the election data from November 2022 is more probative that previous election data). There is not yet any schedule or procedure for any potential additional expert disclosures or discovery.

Fourth, State Defendants also anticipate valuable guidance from the Supreme Court on the *Gingles* test in the upcoming ruling on *Merrill v. Milligan*, No. 21-1086 (U.S.). *See* ECF 566, 241. Having to go through trial multiple times because of a change in precedent would be the least desirable outcome for judicial efficiency.

### IV.     Conclusion

The extraordinary unavailability of legislative witnesses late in the legislative session precludes requiring them to testify in April or May. This strongly favors an earlier trial date (February 27, March 13, or March 20). If that is inconsistent with Plaintiffs' receiving all of the extensive (and, in State Defendants' view, improper) discovery that they have sought, then Plaintiffs should be put to a choice between a quick trial and more litigation about discovery.

Date: December 15, 2022                    Respectfully submitted.

KEN PAXTON                                  WILLIAM T. THOMPSON
Attorney General of Texas                   Acting Chief, Special Litigation Unit
                                            Tex. State Bar No. 24088531
BRENT WEBSTER
First Assistant Attorney General            Kathleen T. Hunker
                                            Special Counsel
                                            Tex. State Bar No. 24118414

                                            Ari M. Herbert
                                            Special Counsel
                                            Tex. State Bar No. 24126093

                                            J. Aaron Barnes
                                            Special Counsel
                                            Tex. State Bar No. 24099014

                                            /s/ Ryan G. Kercher
                                            RYAN G. KERCHER
                                            Deputy Chief, General Litigation Division
                                            Tex. State Bar No. 24060998

                                            OFFICE OF THE ATTORNEY GENERAL
                                            P.O Box 12548 (MC-009)
                                            Austin, Texas 78711-2548
                                            Telephone: (512) 463-2100
                                            Facsimile: (512) 457-4410
                                            will.thompson@oag.texas.gov
                                            kathleenhunker@oag.texas.gov
                                            ari.herbert@oag.texas.gov
                                            aaron.barnes@oag.texas.gov
                                            ryan.kercher@oag.txas.gov

                                            **COUNSEL FOR STATE DEFENDANTS**

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on December 15, 2022 and that all counsel of record were served by CM/ECF.

*/s/ Ryan G. Kercher*
RYAN G. KERCHER