IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, et al., <br><br> Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) <br> (consolidated cases) |

### THE UNITED STATES' RESPONSE TO THE STATE AND THE LEGISLATORS' MOTION FOR BRIEFING SCHEDULE

Earlier today, the State and the Legislators moved to modify the agreed-upon, Court-ordered schedule for the parties to file supplemental briefs addressing the impact of *Jackson Municipal Airport Authority v. Harkins*, 67 F.4th 678 (5th Cir. 2023), and *LULAC Texas v. Hughes*, 68 F.4th 228 (5th Cir. 2023), on pending discovery motions involving the legislative privilege. *See* Briefing Schedule Mot., ECF No. 716. That schedule is the product of careful negotiations between the parties. In relevant part, the schedule requires the United States, the Private Plaintiffs, and the Plaintiff-Intervenors to file opening briefs on June 23, 2023—which they did, *see, e.g.*, Opening Suppl. Br., ECF No. 708—and the State and the Legislators to file response briefs this Friday (July 28, 2023). *See* Briefing Schedule Order, ECF No. 703.

Last week, the Fifth Circuit vacated this Court's order granting the United States' motion to enforce its legislative documents subpoenas and remanded the appeal. *See* Unpublished Order, *LULAC v. Patrick*, No. 22-50662 (5th Cir. July 18, 2023), ECF No. 107-1. Following the *Patrick* remand, the State and the Legislators now seek to adjourn their response deadline by a

1

month and require the United States, the Private Plaintiffs, and Plaintiff-Intervenors to file yet another brief before the State and the Legislators file any substantive brief of their own, all to "reduce[] the number of briefs filed." Briefing Schedule Mot. ¶ 6; *see also id.* ¶ 9. The United States opposes that proposal because it delays the Court's consideration of all but one pending discovery motion, leads to an unfair outcome, and risks confusing differently situated motions. By contrast, the United States proposes maintaining the current supplemental briefing schedule as is and adding another round of short supplemental briefing to address the newly remanded, now-pending legislative documents motion. That approach will allow the Court to consider the vast majority of pending legislative privilege disputes a month sooner, hold the parties to their agreement, review differently situated motions separately, and still ensure efficiency through short briefs that incorporate any overlapping issues by reference.

The United States opposes the State and the Legislators' motion for a briefing schedule for four reasons.[1] *First*, the schedule modification proposed by the State and the Legislators would inject unnecessary delay into the Court's consideration of most pending disputes involving the legislative privilege. As the Court is aware, seven motions to compel filed by the United States concerning documents and deposition testimony over which the State and the Legislators claimed the legislative privilege have been fully briefed and pending since last December. *See* 1st Mot. to Compel Legis. Test., ECF No. 520; Mot. to Enforce OAG Docs. Order, ECF No. 527; Mot. to Compel Schofield Docs., ECF No. 532; 2d Mot. to Compel Legis. Test., ECF No. 541; 3d Mot. to Compel Legis. Test., ECF No. 600; 4th Mot. to Compel Legis. Test., ECF No. 636; Mot. to Compel TLC Docs., ECF No. 644; *see also* Reply to Mot. to

---

[1] The United States does not oppose the State and the Legislators' alternative request to file a 25-page response supplemental brief this Friday.

2

Compel TLC Docs., ECF No. 678 (last responsive brief). To address the impact of *Harkins* and *Hughes* on these motions, the Court ordered a supplemental briefing schedule ending August 11, 2023. *See* Briefing Schedule Order 2. The State and the Legislators now seek to delay the Court's consideration of these motions by a month. *See* Briefing Schedule Mot. ¶ 9 (proposing to extend the briefing schedule to end on September 8, 2023). Especially where the State and the Legislators have prolonged these proceedings through unprecedented refusals to produce documents or participate in depositions, *see* List of Disc. Disputes, ECF No. 708-1, the Court should not authorize further delay.

*Second*, the State and the Legislators' proposed modification is unfair based on the course of conduct by the parties. The current supplemental briefing schedule is the product of back-and-forth negotiations between the parties. *See* Counsel Emails (Ex. 1). The State and the Legislators specifically requested—and the United States, the Private Plaintiffs, and the Plaintiff-Intervenors agreed—to extend the deadline for the response briefs (July 28, 2023) to "mirror[] the time between" the issuance of *Hughes* (May 17, 2023) and the filing of the opening briefs by the United States, the Private Plaintiffs, and the Plaintiff-Intervenors (June 23, 2023). *Id.* at 5. But now the State and the Legislators seek to revise the agreement and get nine weeks (rather than four weeks) to devise their response. And in the interim, the State and Legislators' proposal would require the United States, the Private Plaintiffs, and the Plaintiff-Intervenors to draft and file yet another brief before the State and Legislators have to file anything of substance. *See* Briefing Schedule Mot. ¶ 9 (proposing that the United States, the Private Plaintiffs, and the Plaintiff-Intervenors to file another opening brief, this one addressing the legislative documents motion, by August 11, 2023). The United States believes that the State and the Legislators

should be required to fulfill their part of the bargain by filing their response this Friday, as originally agreed.

*Third*, the State and the Legislators' proposal needlessly risks conflating and confusing differently situated motions and issues.  The seven pending motions to compel are differently situated than the United States' earlier legislative documents motion.  *See* Legis. Docs. Mot.  The Court previously ruled on that latter motion, issuing a detailed, lengthy order on July 25, 2022 and reviewed hundreds of the underlying documents in the process.  *See* Legis. Docs. Order, ECF No. 467; *In-Camera* Review Order, ECF No. 642.  That order was appealed to the Fifth Circuit and the original motion is now pending before this Court again after the Fifth Circuit's July 18, 2023 vacate-and-remand order in the *Patrick* appeal.  *See* Unpublished Order 11.  But having reviewed and decided the legislative documents motion previously, the Court has a level of familiarity with the relevant documents that it may not have with the other seven pending motions.  The United States believes that the two sets of motions are differently situated and should therefore be briefed separately (*i.e.*, the seven pending motions to compel should be briefed separately from the remand on the legislative documents motion).

*Fourth*, to the extent there is overlap between the issues at play in the original legislative documents motion and the other seven legislative privilege motions now at issue, the parties can avoid redundant briefing by incorporating prior arguments by reference.  The parties can thus ensure efficiency in the Court's review by abiding by default page limits and incorporating by reference where possible.

Accordingly, the United States proposes two rounds of supplemental briefing.  The first round of supplemental briefing, which concerns all pending motions involving the legislative privilege except the newly pending legislative documents motion, should remain on the schedule

previously ordered. *See* Briefing Schedule Order. And the Court should order a second round of supplemental briefing to address the legislative documents motion. That round should proceed as follows:

- The United States, as well as Private Plaintiffs and Plaintiff-Intervenors (collectively), shall file supplemental opening briefs of no more than 10 pages by August 9, 2023.

- The State and the Legislators shall file supplemental response briefs of no more than 10 pages by August 31, 2023.

- The United States, as well as Private Plaintiffs and Plaintiff-Intervenors (collectively), shall file supplemental reply briefs of no more than 5 pages by September 21, 2023.

This approach would prevent needlessly prolonging the Court's consideration of nearly all pending motions involving the legislative privilege, avoid giving the State and the Legislators an inequitable period of time to devise the substance of their response, treat differently situated motions separately, and still ensure efficiency in the Court's review. A proposed order is attached.

Date: July 26, 2023

    KRISTEN CLARKE
    Assistant Attorney General
    Civil Rights Division

    */s/ Jaywin Singh Malhi*
    T. CHRISTIAN HERREN, JR.
    TIMOTHY F. MELLETT
    DANIEL J. FREEMAN
    MICHELLE RUPP
    JACKI L. ANDERSON
    HOLLY F.B. BERLIN
    JAYWIN SINGH MALHI
    Attorneys, Voting Section
    Civil Rights Division
    U.S. Department of Justice

6

        950 Pennsylvania Avenue NW
        Washington, D.C. 20530
        (800) 253-3931
        jaywin.malhi@usdoj.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that, on July 26, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and caused to be served by email a copy of this filing to counsel of record.

       */s/ Jaywin Singh Malhi*
Jaywin Singh Malhi
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530
(800) 253-3931
jaywin.malhi@usdoj.gov