# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al.,<br><br>          Plaintiffs,<br><br>   v.<br><br>GREG ABBOTT, et al.,<br><br>          Defendants. | Civil Action<br><br>Lead Case No.:<br>3:21-CV-00259-DCG-JES-JVB |
| ROSALINDA RAMOS ABUABARA, AKILAH BACY, ORLANDO FLORES, MARILENA GARZA, CECILIA GONZALES, AGUSTIN LOREDO, CINIA MONTOYA, ANA RAMÓN, JANA LYNNE SANCHEZ, JERRY SHAFER, DEBBIE LYNN SOLIS, ANGEL ULLOA, MARY URIBE, and LUZ MORENO,<br><br>          Plaintiffs,<br><br>   v.<br><br>JANE NELSON, in her official capacity as Texas Secretary of State, and GREGORY WAYNE ABBOTT, in his official capacity as the Governor of Texas,<br><br>          Defendants.[1] | Consolidated Case No.:<br>1:21-CV-00965-RP-JES-JVB |

---

[1] Jane Nelson replaced John Scott as Texas Secretary of State on January 5, 2023. *See* Fed. R. Civ. P. 25(d).

## SUPPLEMENTAL COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Rosalinda Ramos Abuabara, Akilah Bacy, Orlando Flores, Marilena Garza, Cecilia Gonzales, Agustin Loredo, Cinia Montoya, Ana Ramón, Jana Lynne Sanchez, Jerry Schafer, Debbie Lynn Solis, Angel Ulloa, Mary Uribe, and Luz Moreno file this Supplemental Complaint for Declaratory and Injunctive Relief against Defendants Jane Nelson in her capacity as Texas Secretary of State and Gregory Wayne Abbott in his capacity as Governor of the State of Texas, and allege as follows:

1. Plaintiffs' operative Third Amended Complaint in the above-captioned action was filed on October 13, 2022. The Third Amended Complaint alleges two causes of action: Count I alleges that Senate Bill 6, the implementing legislation for Texas's congressional district map, has the effect of denying Black and Latino voters an equal opportunity to participate in the political process and to elect candidates of their choice, in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. Count II alleges that House Bill 1, the implementing legislation for Texas's State House of Representatives district map, has the effect has the effect of denying Black and Latino voters an equal opportunity to participate in the political process and to elect candidates of their choice, in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301.

2. The allegations in Plaintiffs' Third Amended Complaint are hereby incorporated by reference.

3. House Bill 1, which is challenged in Count II of Plaintiffs' Third Amended Complaint, was enacted on October 25, 2021, and was used as the district map for the Texas House of Representatives in the 2022 election.

4. The current operative state House map was enacted by House Bill 1000, which adopted the same districts previously enacted by House Bill 1.

5. The Texas Constitution requires the Legislature to apportion state legislative districts in "the first regular session" after the publishing of the results of the federal census. Tex. Const. art. 3, § 28. In 2021, the census results were delayed until after the end of the last regularly scheduled legislative session. House Bill 1 was therefore passed during a subsequent special session.

6. Two lawmakers sued in state court, arguing that passing House Bill 1 during a special session violated this requirement of the Texas Constitution. To address this concern, the Legislature took up House redistricting again during the 2023 regular session.

7. House Bill 1000 explicitly incorporates House Bill 1 by reference, providing that "[t]he districts used to elect members of the Texas House of Representatives in 2022, established by [House Bill 1] are hereby ratified and adopted as the districts used to elect members of the Texas House of Representatives."

8. During consideration of House Bill 1000, Representative Yvonne Davis proposed two amendments which would have created two additional majority-minority districts, one in Bell County and another in Smith and Gregg counties. Both amendments failed.

9. House Bill 1000 passed the House on April 26, 2023. The Senate approved it on May 19, and Governor Abbott signed it into law on June 12.

10. All allegations relating to the deficiencies in House Bill 1 in Plaintiffs' Third Amended Complaint, including in Count II of the Third Amended Complaint, apply equally to the substantively identical House Bill 1000.

## CLAIM FOR RELIEF

11. Plaintiffs incorporate by reference all prior paragraphs of this Supplemental Complaint, as well as the allegations in the Third Amended Complaint, as though fully set forth herein.

12. Section 2 of the Voting Rights Act prohibits the enforcement of any voting qualification or prerequisite to voting or any standard, practice, or procedure that results in the denial or abridgement of the right of any U.S. citizen to vote on account of race, color, or membership in a language minority group. 52 U.S.C. § 10301(a).

13. The district boundaries created by House Bill 1000—which are identical to the districts adopted by House Bill 1—combine to "crack" and "pack" Latino Texans, resulting in the dilution of the electoral strength of the state's Latino and Black residents, in violation of Section 2 of the Voting Rights Act.

14. Latino and Black Texans in Tarrant County are sufficiently numerous and geographically compact to constitute a majority of eligible voters in one additional House district, for a total of five such districts in that county.

15. Latino voters in Harris County are sufficiently numerous and geographically compact to allow for an additional district in the county in which a majority of eligible voters are Latino.

16. In sum, under Section 2 of the Voting Rights Act, the Texas legislature was required (a) to create an additional district in Tarrant County in which Black and Latino Texans together have a reasonable opportunity to elect their candidates of choice, and (b) to create an additional district in Harris County in which Latino Texans have a reasonable opportunity to elect their candidates of choice. Not one of these additional districts would reduce the number of minority opportunity districts in their respective regions or in the enacted map as a whole.

17. Black and Latino voters in Tarrant County, and Latino voters in Harris County, are politically cohesive, and elections in the state reveal a clear pattern of racially polarized voting that allows the bloc of white voters usually to defeat minority-preferred candidates.

18. The totality of the circumstances establishes that the House map established by House Bill 1000 has the effect of denying Black and Latino voters an equal opportunity to participate in the political process and to elect candidates of their choice, in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, for the same reason that House Bill 1 did.

19. By engaging in the acts and omissions alleged herein, Defendants have acted and continue to act to deny Plaintiffs' rights guaranteed to them by Section 2 of the Voting Rights Act. Defendants will continue to violate those rights absent relief granted by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

a. Declare that House Bill 1000 violates Section 2 of the Voting Rights Act.

b. Order the adoption of a valid House redistricting plan that includes:

   i. An additional district in Tarrant County in which Black and Latino voters have a reasonable opportunity to elect their candidates of choice, without reducing the number of minority opportunity districts currently in the county; and

   ii. An additional district in the southeastern portion of Harris County in which Latino voters have a reasonable opportunity to elect their candidates of choice, without reducing the number of minority opportunity districts currently in the region.

c. Enjoin Defendants, as well as their agents and successors in office, from enforcing or giving any effect to the boundaries of the state House districts as drawn in House Bill 1000, including an injunction barring Defendants from conducting any further House elections under the current map.

d. Hold hearings, consider briefing and evidence, and otherwise take actions necessary to determine and order a valid plan for new state House districts in the State of Texas; and

e.  Grant such other or further relief the Court deems to be appropriate, including but not limited to an award of Plaintiffs' attorneys' fees and reasonable costs.

Dated: April 9, 2024

Respectfully submitted,

Renea Hicks  
Attorney at Law  
Texas Bar No. 09580400

Law Office of Max Renea Hicks  
P.O. Box 303187  
Austin, Texas 78703-0504  
(512) 480-8231  
rhicks@renea-hicks.com

/s/ David R. Fox  
David R. Fox*  
Richard A. Medina*  
**ELIAS LAW GROUP LLP**  
250 Massachusetts Avenue NW, Suite 400  
Washington, D.C. 20001  
Telephone: (202) 968-4490  
dfox@elias.law  
rmedina@elias.law

Abha Khanna*  
**ELIAS LAW GROUP LLP**  
1700 Seventh Ave, Suite 2100  
Seattle, WA 98101  
Telephone: (206) 656-0177  
akhanna@elias.law

*Counsel for Plaintiffs*

*Admitted *Pro Hac Vice*