**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., | |
| *Plaintiffs*, | Civil Action No. 3:21-cv-00259 (Lead Case) |
| v. | |
| GREGORY W. ABBOTT et al., | |
| *Defendants*. | |
| FAIR MAPS TEXAS ACTION COMMITTEE, OCA-GREATER HOUSTON, EMGAGE, KHANAY TURNER, ANGELA RAINEY, AUSTIN RUIZ, AYA ENELI, SOFIA SHEIKH, NILOUFAR HAFIZI, LAKSHMI RAMAKRISHNAN, AMATULLAH CONTRACTOR, DEBORAH CHEN, ARTHUR RESA, SUMITA GHOSH, ANAND KRISHNASWAMY, PETER JOHNSON, ZAHRA SYED, DONA MURPHEY, CHETAN REDDY, SANKAR MUTHUKRISHNAN, CHRISTINA LU, JASON ZHANG, CHRIS LEAL, ASHLEY WASHINGTON, and SARIKA MAHESHWARI, | Civil Action No. 3:21-cv-01038 (Consolidated case) |
| *Plaintiffs,* | |
| v. | |
| GREG ABBOTT, in his official capacity as Governor of the State of Texas; JANE NELSON, in her official capacity as the Secretary of State of Texas, | |
| *Defendants.* | |

**FAIR MAPS PLAINTIFFS' SUPPLEMENTAL COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Under Federal Rule of Civil Procedure 15(d), Plaintiffs Fair Maps Texas Action Committee, OCA-Greater Houston, Emgage, Khanay Turner, Angela Rainey, Austin Ruiz, Aya Eneli, Sofia Sheikh, Niloufar Hafizi, Lakshmi Ramakrishnan, Amatullah Contractor, Deborah Chen, Arthur Resa, Sumita Gosh, Anand Krishnaswamy, Peter Johnson, Zahra Syed, Chetan Reddy, Sankar Muthukrishnan, Christina Lu, Jason Zhang, Chris Leal, Ashley Washington, and Sarkia Maheshwari (together, "Plaintiffs") file this Supplemental Complaint for Declaratory and Injunctive Relief against Defendants Greg Abbott in his capacity as Governor of the State of Texas and Jane Nelson in her capacity as Texas Secretary of State[1] (together "Defendants"), and allege as follows:

1.      Plaintiffs' operative Second Amended Complaint in the above-captioned action was filed on August 3, 2022. ECF No. 502. The Second Amended Complaint alleges three causes of action: Count I alleges that House Plan 2316, Senate Plan 2168, and Congressional Plan 2193 violate Section 2 of the Voting Rights Act, 52 U.S.C. § 10301(b), because by intent and result, Black, Latino, and Asian American and Pacific Islander ("AAPI") voters have less opportunity under those plans than other members of the electorate to participate in the political process and to elect representatives of their choice in the challenged districts. Count II alleges that House Plan 2316, Senate Plan 2168, and Congressional Plan 2193 violate the Fourteenth and Fifteenth Amendments to the U.S. Constitution because they were adopted and implemented with the intent to discriminate statewide against Black, Latino, and AAPI voters by packing and cracking these communities to prevent them from electing their candidates of choice. Count III alleges House Plan 2316, Senate Plan 2168, and Congressional Plan 2193 violate the Equal Protection Clause of the Fourteenth Amendment because they constitute racial gerrymanders.

---

[1] On January 5, 2023, John Scott was replaced by Jane Nelson as Texas Secretary of State. *See* Fed. R. Civ. P. 25(d).

2.      The allegations in Plaintiffs' Second Amended Complaint are hereby incorporated by reference.

## SUPPLEMENTAL FACTS

3.      In the Fall of 2021, the 87th Texas Legislature enacted House Plan 2316, Senate Plan 2168, and Congressional Plan 2193 in a third special session called by Governor Greg Abbott to address redistricting following the U.S. Secretary of Commerce's release of Texas redistricting data.[2]

4.      These plans, and the voting districts they established, were operative in the 2022 General Election on November 8, 2022.

5.      Two Texas lawmakers brought action in state court, contending that the passage of state legislative plans in a *special* session violated Article 3, Section 28 of the Texas Constitution, which requires the Texas Legislature to apportion state legislative districts in "the first *regular* session" after publication of the results of the federal Census. Tex. Const. art. 3, § 28 (emphasis added).

6.      On January 11, 2023, at the start of the regular session of the 88th Legislature, the first regular session after publication of the federal census, the Texas Senate voted unanimously to address again legislative redistricting in light of this state constitutional requirement. The Texas House of Representatives followed suit.

*SB 375 Legislative History*

7.      The Texas Senate Redistricting Committee, chaired by Senator Joan Huffman, met on January 25, 2023, to discuss Senate Bill 375 ("SB 375"), providing for the ratification and

---

[2] The U.S. Census Bureau released the first population counts from the 2020 Census on April 26, 2021. It released detailed data in legacy format to the states approximately four months later, on August 12, 2021.

continued use of Senate Plan 2168 without any changes. Chair Huffman announced that the Senate Redistricting Committee would follow similar rules as it did in the third special session of the 87th Legislature. With less than 24-hour notice, the Committee offered virtual public regional hearings for three days, from January 26 to January 28, 2023. On March 23, 2023, SB 375 received a favorable report from the Senate Redistricting Committee without amendment.

8.      On April 3, 2023, SB 375 passed a second and third reading in the Texas Senate after a suspension of the rules. During the proceedings, Senator Carol Alvarado moved for an addendum to the Senate Journal to include a transcript of the second reading debate on the Committee Substitute for SB 4 from the 87th Legislature's third special session when the Texas Senate previously considered Senate Plan 2168 in 2021. There was no objection to Senator Alvarado's motion. On that motion, the transcript was included as an addendum with a statement that,

> the plan finally adopted in [SB 4] is identical to the senate redistricting plan contained in S.B. 375. The remarks from the previous senate are germane to the consideration of S.B. 375 and provide a more thorough explanation of the rationale for adopting the districts contained in the original redistricting plan.

9.      Also on April 3, 2023, Senator Alvarado and 11 other senators submitted a signed statement opposing SB 375. The opposition statement referenced concern related to specific districts, including the continued dismantling of former Senate District 10, and stated "this map [Senate Plan 2168] systematically diminishes the ability of African Americans, Hispanics, Asians, and other minorities to have electoral power in Texas."

10.     On May 19 and 22, 2023, the Texas House heard and passed SB 375 in a second and third reading respectively. The Bill became effective on June 18, 2023, without Governor Abbott's signature.

11.     As enacted, SB 375 explicitly ratifies the previously passed Senate Plan 2168 and directly references the original implementing legislation for Senate Plan 2168 from 2021 (Senate Bill 4), providing in relevant part that,

> the districts used to elect members of the Texas Senate in 2022, established by Chapter 5 (S.B. 4), Acts of the 87th Legislature, 3rd Called Session 2021 (PLANS2168 in the Texas Legislature's redistricting system), are hereby ratified and adopted as the permanent districts used to elect members of the Texas Senate.

12.     As enacted, SB 375 also specified that Senate Plan 2168 was "a continuation of the districts used for the election of the members of the Senate of the 88th Legislature."  Because Senate Plan 2168 was identical to the previously ratified map, SB 375 acknowledged that no new apportionment of the Senate had occurred, which otherwise requires senators to draw lots for new term lengths under Section 3, Article III of the Texas Constitution.

*HB 1000 Legislative History*

13.     The Texas House of Representatives Redistricting Committee, chaired by Representative Drew Darby, met on March 30, 2023, to discuss House Bill 1000 ("HB 1000"), providing for the ratification and continued use of House Plan 2316 without any changes. Chair Darby announced that the House Redistricting Committee would be provided with a copy of the legislative record from the last session and that they would vote on the bill and consider public testimony a week later. The following day, Chair Darby provided the House Redistricting Committee members a memorandum containing and explicitly incorporating the full legislative record created and considered during the 87th Legislature's third special session, including public comments and testimony and house floor debates.[3] On April 13, 2023, HB 1000 received a favorable report from the House Redistricting Committee without amendment.

---

[3] The House later approved a motion to include this record as an addendum to the House Journal on April 21, 2023.

14.     On April 26, 2023, HB 1000 passed its second reading in the Texas House. While introducing the legislation to the House, Chairman Darby stated: "Our purpose here today is to ratify the house map passed in 2021. HB 1000 ratifies and adopts HB 1 of the 87th legislature, Third Called Session in 2021." Representative Yvonne Davis proposed two amendments, Plan H2245 and Plan H2216, one of which would have created a majority-minority district in Bell County. Both amendments failed.

15.     On April 27, 2023, HB 1000 passed its third reading in the Texas House. Representative Neave Criado and 32 other representatives submitted a signed statement in the House Journal opposing HB 1000 because the "proposed house plan systematically diminishes the ability of African Americans, Hispanics, Asians, and other minorities to have electoral power in Texas," and noting that,

> [t]he concerns that were raised during the 87th Legislature regarding plan H2316 and have been incorporated herein to the record of HB 1000 remain as valid today as they were then, and we, the undersigned members believe that HB 1000 constitutes a violation of the federal Voting Rights Act and intentionally diminishes the equal opportunity of voters of color to participate in the electoral process in Texas.

16.     On May 19, 2023, the Texas Legislature passed HB 1000 ratifying House Plan 2316. Governor Abbott signed the ratification of House Plan 2316 on June 12, 2023.

17.     As enacted, HB 1000 explicitly incorporates the previously passed House Plan 2316 and references the implementing legislation for House Plan 2316 from 2021 (House Bill 1), providing in relevant part,

> The districts used to elect members of the Texas House of Representatives in 2022, established by Chapter 1 (H.B. 1), Acts of the 87th Legislature, 3rd Called Session, 2021 (PLANH2316 in the Texas Legislature's redistricting system), are hereby ratified and adopted as the districts used to elect members of the Texas House of Representatives.

18.     During the 2023 legislative process, the Texas Legislature was on full notice of the discriminatory impact that would result from the continued use of House Plan 2316 and Senate

Plan 2168. On April 27, 2023, counsel for Plaintiffs sent a letter to several members of the Texas Legislature, including the chairs and members of the Senate and House Redistricting Committees, providing evidence that the continued use of House Plan 2316 and Senate Plan 2168 will (1) impermissibly deny Black, Latino, and AAPI voters the opportunity to elect candidates of their choice in violation of Section 2 of the Voting Rights Act; and (2) dilute the collective voting strength of Black, Latino, and AAPI voters by packing and cracking voters into multiple districts in violation of the Fourteenth and Fifteenth Amendments of the U.S. Constitution.

19.      The ratification of House Plan 2316 and Senate Plan 2168 by the 88th Legislature under HB 1000 and SB 375 became effective on September 1, 2023, and the voting districts within these Plans were utilized in the 2024 Primary Election on March 5, 2024.[4]

20.      The legislators who passed HB 1000 and SB 375 adopted in full the 2021 legislative history and rationale for House Plan 2316 and Senate Plan 2168, despite being presented with evidence that continued use of those plans would impair the voting rights of Black, Latino, and AAPI voters. Accordingly, the intent, drafting, and circumstances of these plans' original enactment in 2021 remain relevant to the Texas Legislature's discriminatory intent, its use of race as a predominating redistricting criteria, and its failure to justify use of race or discriminatory districts through a compelling government interest. The ratification of Senate Plan 2168 and House Plan 2316 in 2023 does not remove the discriminatory taint in these plans; to the contrary, the Texas Legislature's failure to ameliorate the known harm in these plans further supports that the discriminatory impact of these plans was intended.

---

[4] The Texas Legislative Council has provided the following statement to its website: "The 88th Legislature passed HB1000 (PlanH2316) on May 19, 2023, and SB375 (PlanS2168) on May 22, 2023. The districts identified in these acts are the same as the current districts and continue to apply to future elections along with the current congressional (PlanC2193) and State Board of Education districts (PlanE2106)." Texas Redistricting, *The Texas Legislative Council*, available at: https://redistricting.capitol.texas.gov (last visited May 6, 2024).

## INCORPORATED CAUSES OF ACTION

21.     Plaintiffs incorporate by reference all prior paragraphs of this Supplemental Complaint and the allegations in the Second Amended Complaint, ECF No. 502, as though fully set forth herein, including the same Causes of Action, Basis for Equitable Relief, and claim of Attorneys' Fees.

22.     Because Counts I, II, and III of the Second Amended Complaint, ECF No. 502, reference House Plan 2316 and Senate Plan 2168, all allegations challenging these plans and their implementing legislation apply equally to SB 375 and HB 1000, and do not require modification as stated.

## SUPPLEMENTAL PRAYER FOR RELIEF

23.   Plaintiffs incorporate by reference all prior paragraphs of this Supplemental Complaint and the Second Amended Complaint, ECF No. 502, including the Prayers for Relief therein.

24.   Plaintiffs add as a supplemental prayer for relief (to supersede Prayer for Relief (C) in the Second Amended Complaint) only the following:

    If need be, an interim electoral plan for any elections occurring before a final
    determination on the merits.


Dated: May 7, 2024                           Respectfully Submitted,

                                             /s/ Hilary Harris Klein
  David A. Donatti                           Hilary Harris Klein*
  TX Bar No. 24097612                        N.C. State Bar No. 53711
  Ashley Harris                              Mitchell Brown*
  Texas Bar No. 24078344                     N.C. State Bar No. 56122
  Thomas Buser-Clancy                        SOUTHERN COALITION FOR SOCIAL JUSTICE
  Texas Bar No. 24123238                     5517 Durham Chapel Hill Blvd.
  ACLU FOUNDATION OF TEXAS, INC.             Durham, NC 27707
  P.O. Box 8306                              Telephone: 919-323-3380
  Houston, TX 77288                          Fax: 919-323-3942

Tel. (713) 942-8146 Fax. (713) 942-8966
ddonnati@aclutx.org
aharris@aclutx.org
tbuser-clancy@aclutx.org

Yurij Rudensky*
New York Bar No. 5798210
BRENNAN CENTER FOR JUSTICE
AT NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271
Tel:  (646) 292-8310
Fax: (212) 463-7308
rudenskyy@brennan.law.nyu.edu

hilaryhklein@scsj.org
mitchellbrown@scsj.org

Jerry Vattamala*
N.Y. State Bar No. 4426458
Susana Lorenzo-Giguere*
N.Y. State Bar No. 2428688
Patrick Stegemoeller*
N.Y. State Bar No. 5819982
ASIAN AMERICAN LEGAL DEFENSE AND
EDUCATION FUND
99 Hudson Street, 12th Floor
New York, NY 10013
jvattamala@aaldef.org
slorenzo-giguere@aaldef.org
pstegemoeller@aaldef.org

*Admitted pro hac vice

ATTORNEYS FOR FAIR MAPS PLAINTIFFS

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a true and accurate copy of the foregoing document was filed electronically using the CM/ECF system on May 7, 2024, which will notify and serve all counsel of record.

*/s/ Hilary Harris Klein*
Hilary Harris Klein