# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS,** *et al.*, | § § § | |
| *Plaintiffs,* | § § | **EP-21-CV-00259-DCG-JES-JVB** |
| **EDDIE BERNICE JOHNSON,** *et al.*, | § § | **[Lead Case]** |
| *Plaintiff-Intervenors,* | § § | **&** |
| **v.** | § § | **All Consolidated Cases** |
| **GREG ABBOTT,** in his official capacity as Governor of the State of Texas, *et al.*, | § § § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER[1]

The United States and a legion of private plaintiffs have alleged that the redistricting plans enacted by Texas following the 2020 census violate the Voting Rights Act ("VRA") and the United States Constitution. In this consolidated redistricting case, numerous discovery disputes have arisen regarding the invocation of the legislative privilege by Texas legislators and associated individuals. This Court resolved several such discovery disputes in its December 12, 2023 order, which applied the law on legislative privilege as articulated in *La Union del Pueblo Entero v. Abbott,* 68 F.4th 228 (5th Cir. 2023) ("*Hughes*"). *See* ECF No. 746.

Now before this Court are the United States' and LULAC plaintiffs' respective motions to unseal portions of deposition testimony given by the National Republican Redistricting Trust ("NRRT") and Adam Kincaid. *See* ECF No. 742 (United States); ECF No. 743 (LULAC).

As was true for our previous order, the Fifth Circuit's articulation of the legislative privilege in *Hughes* directly affects the instant discovery dispute. *See* ECF No. 746. So, the rulings regarding the legislative privilege contained in this Court's December 12, 2023, order remain

---

[1] Judge David C. Guaderrama respectfully dissents from this Memorandum Opinion and Order for essentially the same reasons he articulated in ECF No. 771. *See League of United Latin Am. Citizens v. Abbott*, No. EP-21-CV-00259-DCG-JES-JVB, --- F. Supp. 3d ----, 2023 WL 8880313, at *12–78 (W.D. Tex. Dec. 21, 2023) (Guaderrama, J., dissenting).

applicable to the parties' instant dispute.  *See id.*  We therefore incorporate those rulings and conclude as follows on the pending motions to compel:

## I.    The Legislative Privilege.

The United States asserts that legislative privilege is forfeited for portions of deposition testimony for which counsel failed timely to raise a privilege objection.  Theorizing that forfeiture triggers at the precise moment a deponent begins answering a question, the United States contends that all objections lodged after that moment are necessarily "untimely" and should be overruled. *See* ECF No. 749 at 1–2.

The United States' position is not entirely accurate.  Though it correctly observes that improperly lodged objections waive the legislative privilege,[2] an untimely objection is not always an indication that the deponent "selectively disclosed portions of the privileged" material. *Excel Corp.*, 197 F.3d at 206; *see also id.* at 206–07 & nn.12, 17.  Accordingly, if the privilege objection is raised shortly after the deponent began responding, we find that the privilege was properly asserted.  But, if the objection was only so untimely that the deponent provided a full answer and explanation of the question, or counsel raised it only after another question was asked, we find the privilege was waived.

Additionally, LULAC plaintiffs point to several assertions of the privilege over material that has already been released to the public.  *See* ECF No. 752 at 2; *see also* ECF Nos. 14–16, 18.  As explained in our previous order, the legislative privilege is waived only when legislators send privileged documents to third parties *outside* the legislative process.  *See* ECF No. 746 at 14 (quoting *Hughes*, 68 F.4th at 237).  Accordingly, we find that the privilege has been waived where privilege material has been made publicly available to third parties not brought into the legislative process.

Applying that rationale, the Court **ORDERS**:

- The United States' motion to compel legislative deposition testimony, ECF No. 742, and joined by LULAC, ECF No. 743, is granted in part and denied in part.

---

[2] *See* ECF No. 746 at 18 (citing *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 n.12 (5th Cir. 1999)).

As was the case with our prior ruling, *see generally* ECF No. 746, the Court has given individual, line-by-line, rulings for each invocation of the legislative privilege using the legend provided on the following page.

| CODE | DISPOSITION |
|------|-------------|
| **LP1** | For the reasons stated in the court's order, the court finds the legislative privilege applies and has not been waived. Legislative privilege applies because the document or communication was created, received, or gathered in the sphere of legitimate legislative activity. Privilege has not been waived because the document or communication has not been publicly revealed. Nor is this an extraordinary case in which the legislative privilege must yield. |
| **LP2** | For the reasons stated in the court's order, the court finds the legislative privilege applies and has not been waived. Legislative privilege applies because the document or communication was created, received, or gathered in the sphere of legitimate legislative activity at the direction of, instruction of, or for a legislator. Privilege has not been waived because the document or communication has not been publicly revealed. Nor is this an extraordinary case in which the legislative privilege must yield. |
| **LP3** | The legislative privilege has been waived because this document or communication is public information. |
| **LP4** | The legislative privilege does not apply to matters that are neither inherently legislative nor indicative of a legislator's motives, such as routine administrative or executive matters. |
| **Improper objection** | The state defendants have not made a proper objection because their invocation of the legislative privilege occurred after plaintiffs' question was posed. *See Nguyen v. Excel Corp.*, 197 F.3d 200, 206 n.12 (5th Cir. 1999). |
| **No response; No objection** | State defendants did not meet their burden of demonstrating that the privilege applies. |

**So ORDERED and SIGNED this 3rd day of June 2024.**

_____

**JERRY E. SMITH**
**UNITED STATES CIRCUIT JUDGE**

*And on behalf of:*

**Jeffrey V. Brown**
**United States District Judge**
**Southern District of Texas**

4

| Deponent | Page Number | Line Number | (I)(A) Fact-based Information | (I)(B) Privilege Log Information | (I)(C) Lack Knowl. or Refuse to Answer | (II) Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|
| Adam Kincaid | 98 | 18 | X | X | | X | LP2. |
| Adam Kincaid | 99 | 16 | X | X | | X | LP2. |
| Adam Kincaid | 100 | 16 | X | X | X | X | LP2. |
| Adam Kincaid | 101 | 2 | X | X | X | X | LP2. |
| Adam Kincaid | 101 | 19 | X | | | X | LP2. |
| Adam Kincaid | 129 | 21 | X | X | | X | LP2. |
| Adam Kincaid | 130 | 22 | | | | X | LP2. |
| Adam Kincaid | 131 | 18 | | | | X | LP2. |
| Adam Kincaid | 132 | 1 | X | X | | X | LP2. |
| Adam Kincaid | 132 | 17 | X | | | X | LP2. |
| Adam Kincaid | 262 | 3 | X | X | | X | LP2. |
| Adam Kincaid | 262 | 19 | X | X | | X | LP2. |
| Adam Kincaid | 263 | 19 | X | | | X | LP2. |
| Adam Kincaid | 264 | 6 | | | | X | LP2. |
| Adam Kincaid | 265 | 14 | | | X | X | LP2. |
| Adam Kincaid | 265 | 23 | | | | X | LP2. |
| Adam Kincaid | 287 | 13 | | | | X | LP2. |
| Adam Kincaid | 318 | 8 | X | X | | X | LP2. |
| Adam Kincaid | 318 | 24 | X | | | X | LP2. |
| NRRT | 27 | 12 | X | | | X | LP2. |
| NRRT | 27 | 20 | X | | | X | LP2. |
| NRRT | 30 | 22 | X | X | | X | LP2. |
| NRRT | 47 | 2 | X | | | X | LP2. |
| NRRT | 48 | 8 | | | | X | LP2. |
| NRRT | 48 | 22 | X | | | X | LP2. |
| NRRT | 127 | 1 | X | | X | X | LP2. |
| NRRT | 134 | 16 | X | | | X | LP2. |
| NRRT | 134 | 18 | X | | | X | LP2. |
| NRRT | 135 | 21 | X | | | X | LP2. |
| NRRT | 135 | 23 | X | | | X | LP2. |
| NRRT | 137 | 5 | X | | | X | LP2. |
| NRRT | 137 | 17 | X | | X | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 98:18 | 98:15-99:2 | Page: 98<br>15 Q.   Great.  The question was what did<br>16  you discuss with Senator Joan Huffman when you met<br>17  with her regarding Texas redistricting.<br>18        ATTORNEY HUNKER:  Again, objection<br>19        on legislative privilege grounds.  It's<br>20        under Document 282.<br>21        THE WITNESS:  We met with Senator<br>22        Huffman and Anna Makin, "we" being not<br>23        royal, but "we" being me and Chris to<br>24        discuss the congressional map that I had<br>25        produced under Chris's direction for<br>Page: 99<br>1        proposal to the Texas senate.  Texas<br>2        legislature. | 90:19-90:22, July 12, 2022<br><br>113:25-114:13, July 12, 2022<br><br>115:4-115:15, July 12, 2022<br><br>181:23-182:5, July 12, 2022 | | X | X | | | X | LP2. |
| 99:16 | 99:14-22 | Page: 99<br>14 Q.   What did you discuss with Senator<br>15  Huffman regarding the Unified map?<br>16        ATTORNEY HUNKER:  Again, objection<br>17        on legislative privilege grounds.<br>18        THE WITNESS:  We just walked<br>19        through the map, answered any questions<br>20        that she had about it and that Anna had<br>21        about it.  Generally, that's what the<br>22        conversation was about. | 90:19-90:22, July 12, 2022<br><br>113:25-114:13, July 12, 2022<br><br>115:4-115:15, July 12, 2022<br><br>181:23-182:5, July 12, 2022 | | X | X | | | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 100:16 | 100:11-24 | Page: 100<br>11 Q.    I'd like to ask you some detail<br>12 about the conversation with respect to Voting<br>13 Rights Act compliance.<br>14      What do you remember of that conversation<br>15 that touched on Voting Rights Act compliance?<br>16           ATTORNEY HUNKER:  Objection.<br>17      Legislative privilege.<br>18           ATTORNEY CYCON:  Objection, form.<br>19      THE WITNESS:  Within the Zoom<br>20      conversation that we had?<br>21 BY ATTORNEY PERALES:<br>22      Q.    That included Senator Huffman?<br>23      A.   I do not recall the conversation<br>24 going into the Voting Rights Act compliance. | 90:19-90:22,<br>July 12, 2022<br><br>113:25-114:13,<br>July 12, 2022<br><br>115:4-115:15,<br>July 12, 2022<br><br>181:23-182:5,<br>July 12, 2022 | | X | X | X | | X | LP2. |
| 101:2 | 100:25-101:13 | Page: 100<br>25      Q.   Do you remember the conversation<br>Page: 101<br>1 going into the use of race in the mapping?<br>2           ATTORNEY HUNKER:  Objection.<br>3      Legislative privilege to the extent his<br>4      answers require communications.<br>5      THE WITNESS:  I don't recall that<br>6      coming up in that specific conversation.<br>7      I have to think about it.  I recall a<br>8      conversation with Anna.  I don't recall<br>9      if it was that Zoom or a different one.<br>10      I don't know if Senator Huffman was<br>11      there.  So it's hard for me to tell you<br>12      which one it was.  I know we're dealing<br>13      with specific privileges, so... | 90:19-90:22,<br>July 12, 2022<br><br>113:25-114:13,<br>July 12, 2022<br><br>115:4-115:15,<br>July 12, 2022<br><br>181:23-182:5,<br>July 12, 2022 | | X | X | X | | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 101:19 | 101:15-25 | Page: 101<br>15  Q.   You anticipated my next question,<br>16  which was whether in any conversations with Anna<br>17  Makin you addressed the topic of Voting Rights Act<br>18  compliance.<br>19          ATTORNEY HUNKER:  Objection.<br>20      Legislative privilege.<br>21          THE WITNESS:  With my<br>22      conversations with Anna, she did not ask<br>23      me directly whether the map complied with<br>24      the Voting Rights Act or anything like<br>25      that.  No. | 90:19-90:22, July 12, 2022<br><br>113:25-114:13, July 12, 2022<br><br>115:4-115:15, July 12, 2022<br><br>181:23-182:5, July 12, 2022 | | X | | X | | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 129:21 | 129:18-130:7 | Page: 129<br>18 Q.   Tell me what was discussed in that<br>19 meeting.  It's September 11, so it's before the<br>20 Unified map.<br>21        ATTORNEY HUNKER:  Objection.<br>22        Legislative privilege.<br>23     Q.   You may answer.<br>24     A.   I think this goes to our<br>25 conversations before about the September 20 Unified<br>Page: 130<br>1 map.  I think this was at this point from my<br>2 recollection -- and this is what I was trying to<br>3 remember the first time around -- when Chris wanted<br>4 to walk through -- we were getting to closer to<br>5 final products and wanted to work through the<br>6 contours of it with Anna and with Senator Huffman,<br>7 I believe. | 90:19-90:22, July 12, 2022<br><br>113:25-114:13, July 12, 2022<br><br>115:4-115:15, July 12, 2022<br><br>181:23-182:5, July 12, 2022 | | X | X | | | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 130:22 | 130:19-131:14 | Page: 130<br>19 Q.   What specific feedback did Ms. Makin<br>20  give you in terms of configuration of the<br>21  districts?<br>22         ATTORNEY HUNKER:  Objection.<br>23      Legislative privilege.<br>24         THE WITNESS:  I recall a series of<br>25      questions.  I don't remember the contours<br>Page: 131<br>1      of those specifically, what those<br>2      questions were.  Everything was kind of a<br>3      blur during that period of time, to be<br>4      honest with you.<br>5         So the only thing that I recall<br>6      was a comment about how our version of<br>7      the congressional map looked a lot like<br>8      something they had developed on the<br>9      senate side for one of the districts.<br>10         And that's the only comment that<br>11      really jumps out to me from that entire<br>12      Zoom.  It was interesting only because we<br>13      had done things completely independently<br>14      from each other. | | | X | X | X | | X | LP2. |
| 131:18 | 131:16-20 | Page: 131<br>16 Q.    Do you recall whether it was a<br>17  majority minority district?<br>18         ATTORNEY HUNKER:  Objection.<br>19      Legislative privilege.<br>20         THE WITNESS:  It was not. | | | X | X | | | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 132:1 | 131:22-132:13 | Page: 131<br>22 Q.   Thank you.<br>23      Do you recall whether either you or Chris<br>24 described anything of your mapping methodology to<br>25 Ms. Makin in that meeting?<br>Page: 132<br>1          ATTORNEY HUNKER:  Objection to the<br>2      extent it calls for legislative<br>3      privilege.<br>4          THE WITNESS:  Again, I recall a<br>5      meeting that I had with Chris and Anna,<br>6      and I'm not sure if it's this one or a<br>7      different one, so I want to be clear<br>8      about that.  Since we're going around the<br>9      same thing, I want to answer this one.<br>10          I don't think Senator Huffman was<br>11      on this one, to be clear.  Anna had asked<br>12      me if I had used race data when drawing<br>13      the map, and I said no. | | | X | X | | X | LP2. |
| 132:17 | 132:15-23 | Page: 132<br>15 Q.   What does it mean not to use race<br>16 data specifically?<br>17          ATTORNEY HUNKER:  Objection to the<br>18      extent it calls for legislative<br>19      privilege.<br>20          THE WITNESS:  I had gotten<br>21      direction from Chris on what that meant<br>22      previously.  So that was why I was able<br>23      to answer that question for Anna then. | 129:9-129:16, July 12, 2022 | | X | X | X | | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 262:3 | 261:25-262:11 | Page: 261<br>25  Q.   And do you know if any information<br>Page: 262<br>1  that Mr. Gober relayed came from state legislators<br>2  or their staff?<br>3          ATTORNEY HUNKER:  Objection.<br>4   Legislative privilege to the extent the<br>5   answer would call for it.<br>6          THE WITNESS:  As I've testified<br>7   before, he would send me a file and tell<br>8   me he had gotten it from the legislature<br>9   and ask me to look at it, make<br>10    adjustments or not based off of the<br>11     feedback he had gotten. | 97:6-97:14, July 12, 2022<br><br>102:10-103:4, July 12, 2022<br><br>138:16-139:15, July 12, 2022<br><br>140:8-141:1, July 12, 2022<br><br>142:6-10, July 12, 2022<br><br>143:6-15, July 12, 2022 | X | X | X | | | X | LP3 to the extent the answer concerns Kinkaid's knowledge that Gober received at least one map originating from or produced by the Senate or the Senate redistricting staff.  *See* Gober Dep. 102:10-103:4, 138:6-139:15.<br><br>But for the foregoing, LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 262:19 | 262:13-263:13 | Page: 262<br>13  Q.   Okay.  And what -- you mentioned you<br>14  spoke with Senator Huffman and Ms. Makin during the<br>15  drawing of the unified congressional map.  What<br>16  political, strategic, or policy feedback did you<br>17  get from Senator Huffman or Ms. Makin that you<br>18  integrated in this map?<br>19        ATTORNEY HUNKER:  Objection.<br>20        Legislative privilege.<br>21        THE WITNESS:  The meeting that I<br>22     had with Senator Huffman was a<br>23     presentation meeting.  So what happened<br>24     was Chris and I walked through the map,<br>25     the Unified map, as it was at the time.<br>Page: 263<br>1      I guess it was -- again, I guess it was<br>2   11 and it's now 20 or something.  Like we<br>3   talked about, the dates are all fuzzy.<br>4        But when we met with Senator<br>5   Huffman, we just kind of walked through<br>6   it, why we had done what we did, what we<br>7   were thinking and answered any questions<br>8   she had, but I don't recall there being<br>9   many.<br>10        But any other conversations about<br>11     feedback or anything else would have been | 90:19-90:22, July 12, 2022<br><br>113:25-114:13, July 12, 2022<br><br>115:4-115:15, July 12, 2022<br><br>181:23-182:5, July 12, 2022 | | X | X | | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 263:19 | 263:15-264:1 | Page: 263<br>15 Q.   Okay.  And are you aware of any<br>16  political, strategic, or policy input that came<br>17  from Senator Huffman or Ms. Makin via Chris to you<br>18  as a confirm --<br>19          ATTORNEY HUNKER:  Objection.<br>20      Legislative privilege.<br>21          THE WITNESS:  Apart from, again,<br>22      what I said about receiving that files<br>23      from Chris and being told not to touch<br>24      this or to touch that, that was pretty<br>25      much the extent of my direction from<br>Page: 264<br>1      Mr. Gober. | 97:6-97:14, July 12, 2022<br><br>102:10-103:4, July 12, 2022<br><br>138:16-139:15, July 12, 2022<br><br>140:8-141:1, July 12, 2022<br><br>142:6-10, July 12, 2022<br><br>143:6-15, July 12, 2022 | X | X | X |  |  | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 264:6 | 264:3-265:10 | Page: 264<br>3 Q.   And can you recall what the this and<br>4  that were, things that you weren't supposed to<br>5  touch that came from state senate?<br>6         ATTORNEY HUNKER:  Objection.<br>7         Legislative privilege.<br>8         THE WITNESS:  Sure.  There's<br>9  various things we can go through here.  I<br>10  guess since this is legislative<br>11  privilege, I'll just talk through them,<br>12  because they are documented anyway.<br>13         The legislature had made changes<br>14  to 15 and took the 28 out of Hidalgo<br>15  County after we had submitted it to the<br>16  legislature.  And it came in the<br>17  legislature.  I don't know why they made<br>18  that change, and I didn't get any<br>19  rationale for it.<br>20         So I was told that the legislature<br>21  was happy with the 15 as they had drawn<br>22  it and not to mess with it.  So we didn't<br>23  mess with it.  Didn't get any other<br>24  rationale as to why.<br>25         There were amendments in Harris<br>Page: 265<br>1  County.  Those were amendments that were<br>2  adopted on the floor.  But those were<br>3  amendments I believe that were sent over<br>4  from the incumbent or from somewhere, I'm<br>5  not sure where.  Those were -- I was told<br>6  to work around them.<br>7         And the same thing with Dallas,<br>8  there were a couple edits there that I<br>9  was told this is what, you know, the | 97:6-97:14, July 12, 2022<br><br>102:10-103:4, July 12, 2022<br><br>138:16-139:15, July 12, 2022<br><br>140:8-141:1, July 12, 2022<br><br>142:6-10, July 12, 2022<br><br>143:6-15, July 12, 2022 | X | X | X | X | X | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 265:14 | 265:12-20 | Page: 265<br>12 Q.    And in Dallas, what was the "this"<br>13 at issue?<br>14         ATTORNEY HUNKER:  Objection.<br>15   Legislative privilege.<br>16         THE WITNESS:  The state wanted<br>17   to -- sorry.  The state wanted Texas 33<br>18   to be closer to its current footprint<br>19   than the 3 that we had created in the<br>20   Unified plan. | 97:6-97:14, July 12, 2022<br><br>102:10-103:4, July 12, 2022<br><br>138:16-139:15, July 12, 2022<br><br>140:8-141:1, July 12, 2022<br><br>142:6-10, July 12, 2022<br><br>143:6-15, July 12, 2022 | X | X | | | | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 265:23 | 265:22-266:6 | Page: 265<br>22  Q.   Okay.  Anything else?<br>23        ATTORNEY HUNKER:  I'm going to<br>24      object on legislative privilege.  To the<br>25      extent you can answer.<br>Page: 266<br>1        THE WITNESS:  Anything else.<br>2      Let's see here.<br>3        Those are the places where I<br>4      recall specific direction not to touch<br>5      this or to adjust that.  Does that make<br>6      sense? | 97:6-97:14, July 12, 2022<br><br>102:10-103:4, July 12, 2022<br><br>138:16-139:15, July 12, 2022<br><br>140:8-141:1, July 12, 2022<br><br>142:6-10, July 12, 2022<br><br>143:6-15, July 12, 2022 | X | X | | | | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 287:13 | 287:9-21 | Page: 287<br>9   Q.    We talked about Congressman Ellzey<br>10  and Congresswoman Van Duyne.  Did you get any other<br>11  political, strategic, or policy guidance from<br>12  Mr. Gober about drawing those particular districts?<br>13          ATTORNEY HUNKER:  I'm going to<br>14      object to the extent it calls for<br>15      legislative privilege.<br>16          THE WITNESS:  Other than what I've<br>17      said about 33 and that the legislature<br>18      wanted that in the current footprint, and<br>19      raising the Republican percentages in<br>20      6 and 24, those were -- those were the<br>21      primary objectives of those two seats. | 97:6-97:14, July 12, 2022<br><br>102:10-103:4, July 12, 2022<br><br>138:16-139:15, July 12, 2022<br><br>140:8-141:1, July 12, 2022<br><br>142:6-10, July 12, 2022<br><br>143:6-15, July 12, 2022 | X | X |  | X |  | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 318:8 | 318:6-21 | Page: 318<br>6  Q.    Did you ever talk with Anna Makin or<br>7  Sean Opperman or Senator Huffman about it?<br>8           ATTORNEY HUNKER:  I'm going on<br>9      legislative privilege.<br>10          THE WITNESS:  He was in the<br>11      background, and I didn't have any<br>12      conversations with Sean.  I spoke to Anna<br>13      and I spoke to Senator Huffman about the<br>14      congressional map.<br>15          As I testified before, I believe<br>16      they may have made a comment about how a<br>17      couple of -- one of the senate districts<br>18      looked like one of the congressional<br>19      seats we drew, and that was the extent of<br>20      my conversations over the Texas Senate<br>21      map from conception to enaction. | | | X | X | | | X | LP2. |
| 318:24 | 318:23-319:6 | Page: 318<br>23  Q.   Which senate district?<br>24          ATTORNEY HUNKER:  Objection.<br>25      Legislative privilege.<br>Page: 319<br>1          THE WITNESS:  I think at the time<br>2      it was Texas 7, became Texas 38.  It<br>3      overlapped a seat in Houston.<br>4          That was the one that we -- they<br>5      were marked with something similar to<br>6      what they had created. | | | X | X | | | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 27:12 | 27:3-14 | Page: 27<br>3  Q   Thank you.<br>4        Now, we can focus in on Texas congressional<br>5  districts.<br>6        You testified in your individual capacity<br>7  that while working on the redistricting plan for South<br>8  Texas, after you created the unified plan, that you<br>9  were instructed to use a version of CD15 that had come<br>10  from the Senate.<br>11       Do you recall that testimony?<br>12       MS. HUNKER:  Objection; legislative<br>13    privilege.<br>14       THE WITNESS:  Yes. | 97:6-97:14, July 12, 2022<br><br>102:10-103:4, July 12, 2022<br><br>138:16-139-15, July 12, 2022<br><br>140:8-141:1, July 12, 2022<br><br>142:6-10, July 12, 2022<br><br>143:6-15, July 12, 2022 | X | X | | X | | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 27:20 | 27:16-24 | Page: 27<br>16  Q   And did you then follow that instruction and<br>17  incorporate the Senate draft of CD15 in your<br>18  subsequent maps?<br>19         MR. CYCON:  Object to form.<br>20         MS. HUNKER:  Objection: legislative<br>21  privilege.<br>22         THE WITNESS:  I believe I took the map I was<br>23  given and worked off of that map at that point in<br>24  time. | 97:6-97:14, July 12, 2022<br><br>102:10-103:4, July 12, 2022<br><br>138:16-139-15, July 12, 2022<br><br>140:8-141:1, July 12, 2022<br><br>142:6-10, July 12, 2022<br><br>143:6-15, July 12, 2022 | X | X | X | X | | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 30:22 | 30:20-31:1 | Page: 30<br>20  Q   And did you understand the source of that<br>21  map to be the Texas Senate?<br>22       MS. HUNKER:  Objection: legislative<br>23    privilege to the extent the answer calls for it.<br>24       THE WITNESS:  Some of them, yes, or at least<br>25    a couple of them.  I can't remember the number.<br>Page: 31<br>1     I would not say "all." | 97:6-97:14, July 12, 2022<br><br>102:10-103:4, July 12, 2022<br><br>138:16-139-15, July 12, 2022<br><br>140:8-141:1, July 12, 2022<br><br>142:6-10, July 12, 2022<br><br>143:6-15, July 12, 2022 | X | X | X | X | | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 47:2 | 46:24-48:5 | Page: 46<br>24  Q   Would you say that it was an iterative<br>25  process with you drawing and the Senate drawing, going<br>Page: 47<br>1  back and forth, exchanging versions of CD15?<br>2      MS. HUNKER:  Objection to the extent it<br>3  calls for legislative privilege.<br>4      THE WITNESS:  I would say that it's not<br>5  specific to 15.  I think there were changes<br>6  across the state, and so again -- I can say the<br>7  same thing again.  We submitted unified to the<br>8  State.  Well, "we."  Chris submitted unified to<br>9  the State -- let me be specific about that -- and<br>10    then the Senate or whoever else was making<br>11    changes to it.<br>12        Chris would get a file, send it to me at<br>13    some point in time, ask me to look at it.  We<br>14    would probably hop on a Zoom, at least a couple<br>15    of them, and walk through what the changes were,<br>16    any political concerns that we may have had with<br>17    how a district got more Republican or less<br>18    Republican, that sort of thing, and we would --<br>19    Chris would give me directions on how to make<br>20    changes or not make changes.  I would do what I<br>21    could to make those changes where possible.<br>22        And then there were times where I would tell<br>23    him -- and I don't remember specifically what<br>24    they were, but I remember generally that there<br>25    were times where I would tell him it's impossible<br>Page: 48<br>1    to achieve X if we're going to do Y, the State's | 97:6-97:14, July 12, 2022<br><br>102:10-103:4, July 12, 2022<br><br>138:16-139-15, July 12, 2022<br><br>140:8-141:1, July 12, 2022<br><br>142:6-10, July 12, 2022<br><br>143:6-15, July 12, 2022 | X | X |  | X |  | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 48:8 | 48:7-12 | Page: 48<br>7 Q   Was that also the case with respect to CD15?<br>8        MS. HUNKER:  Objection to the extent to<br>9     calls for legislative privilege.<br>10        THE WITNESS:  Again, I think with 15, we got<br>11     to a spot where the State said to Chris this is<br>12     what we're going to go with. | 97:6-97:14, July 12, 2022<br><br>102:10-103:4, July 12, 2022<br><br>138:16-139:15, July 12, 2022<br><br>140:8-141:1, July 12, 2022<br><br>142:6-10, July 12, 2022<br><br>143:6-15, July 12, 2022 | X | X | | X | | X | LP2. |

ECF No. 743 Exhibit B

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 48:22 | 48:14-49:4 | Page: 48<br>14  Q   I guess I'm just wondering if that was<br>15  earlier in the process or later in the process,<br>16  whether, the first time you see the CD15, that's less<br>17  Republican than you drew it --<br>18      A   Sure.<br>19      Q   -- was that also the time when you were told<br>20  you can't touch this?<br>21      A   I don't recall that.  I don't --<br>22          MS. HUNKER:  Objection; legislative<br>23      privilege.<br>24          THE WITNESS:  I don't recall if it was the<br>25      first time that I was told that or not.  I do<br>Page: 49<br>1   know that the first time I got the map back, it<br>2   was significantly changed.  I don't recall at<br>3   what point in that process I was told not to<br>4   touch it anymore. | 97:6-97:14, July 12, 2022<br><br>102:10-103:4, July 12, 2022<br><br>138:16-139:15, July 12, 2022<br><br>140:8-141:1, July 12, 2022<br><br>142:6-10, July 12, 2022<br><br>143:6-15, July 12, 2022 | X | X | | X | | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 127:1 | 126:22-127:7 | Page: 126<br>22 Q  And during the House process, did you review<br>23  amendments as they were occurring to see if they met<br>24  preferences set by -- policy preferences set by<br>25  Mr. Gober's clients or any other political metrics?<br>Page: 127<br>1       MR. CHANG:  I'm going to object on<br>2  legislative privilege grounds.<br>3       THE WITNESS:  I don't recall the same<br>4  back-and-forth when it was over on the House side<br>5  versus when it was moving through the Senate.<br>6  Yeah, there may have been like one or two things<br>7  that he sent me, but I don't recall that, yeah. | 77:4-77:21, July 12, 2022 | X | X | | X | | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 137:5 | 137:2-13 | Page: 137<br>2  Q   The second Zoom, not the one with Senator<br>3  Huffman but the other one, do you remember what was<br>4  discussed during that Zoom?<br>5          MS. HUNKER:  I'm going to object on<br>6      legislative privilege grounds.<br>7          THE WITNESS:  There was a -- I believe the<br>8      second Zoom was -- so we had the Zoom with<br>9      Senator Huffman about a week out from unified.  I<br>10      believe there was another Zoom around the time<br>11      unified was sent over afterward, where I was<br>12      asked by Anna if I had used race data when<br>13      drawing the map, and I answered no. | | | X | X | | | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 137:17 | 137:15-20 | Page: 137<br>15 Q   Is there anything else you recall<br>16 discussing?<br>17       MS. HUNKER:  Again, objection on legislative<br>18       privilege grounds.<br>19       THE WITNESS:  No.  That's all I remember<br>20       about that conversation. | 90:19-90:22, July 12, 2022<br><br>113:25-114:13, July 12, 2022<br><br>115:4-115:15, July 12, 2022<br><br>181:23-182:5, July 12, 2022 | | | | X | | X | LP2. |

ECF No. 743 Exhibit B

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 134:16 134:18 | 134:13-24 | Page: 134<br>13  Q   Okay.  Did you provide any checks along the<br>14  way in terms of performance or other metrics as the<br>15  map was proceeding through the amendment process?<br>16       MR. CHANG:  Objection: legislative<br>17  privilege.<br>18       MS. HUNKER:  Same objection.<br>19       THE WITNESS:  Yeah, there were a couple of<br>20  amendments.  I don't remember which ones.  There<br>21  were a lot of amendments proposed, but Chris<br>22  would ask me can you look at amendment whatever,<br>23  and tell me what this would do to us in district<br>24  whatever it was related to. | 77:4-77:21, July 12, 2022 | X | X | | X | | X | LP2. |

| Privilege Objection | Context for Privilege Objection | Deposition Excerpt | Waived in Chris Gober Deposition | Legislative Privilege is a Personal Privilege | Waiver (Third Party) | Fact-based Information | No Otherwise Legislatively Privileged Information Elicited | Publicly Disclosed | Privilege Should Yield | RULING |
|---|---|---|---|---|---|---|---|---|---|---|
| 135:21 135:23 | 135:17-136:2 | Page: 135<br>17  Q   Okay.  Did you ever produce demographic<br>18  change sheets at all on either amendments or proposals<br>19  along the way you can identify?<br>20      MR. CYCON:  Object to form.<br>21      MR. CHANG:  Objection; legislative<br>22  privilege.<br>23      MS. HUNKER:  Same objection.<br>24      THE WITNESS:  I don't recall generating<br>25  change reports.  I do recall generating a change<br>Page: 136<br>1    report on the enacted plan.  I don't recall doing<br>2    that with any of the amendments or drafts. | | X | X | X | X | | X | LP2. |