IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, § § § § | | |
| *Plaintiffs,* § | | |
| v. § § | Case No. 3:21-cv-00259 [Lead Case] | |
| § § | | |
| GREG ABBOTT, *et al.*, § § | | |
| *Defendants.* § | | |

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § § | | |
| *Plaintiff,* § | | |
| v. § § | Case No. 3:21-cv-00299 [Consolidated Case] | |
| § § | | |
| GREG ABBOTT, *et al.*, § § | | |
| *Defendants.* § § | | |

**MOTION TO DISMISS IN PART
THE UNITED STATES'S SUPPLEMENTAL COMPLAINT**

### INTRODUCTION

"It goes without saying that disputes concerning repealed legislation are generally moot." *Houston Chron. Publ'g Co. v. League City*, 488 F.3d 613, 619 (5th Cir. 2007). In recognition of this basic restriction on Article III jurisdiction, the Fair Maps and Bacy plaintiffs duly supplemented their complaints to account for the 88th Legislature's supersession of the 2021 House Plan. *See* Dkt. 765 ¶ 6; Dkt. 777 ¶ 6. The United States has not followed suit. In fact, it has affirmatively refused to update its pleadings. *See* Ex. 1.

The United States should be held to its decision to discontinue its litigation efforts against Texas's house districts. It has been over a year since the 88th Legislature's actions mooted any claims against the 2021 House Plan. "At some point a court must decide that a plaintiff has had a fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

### ARGUMENT

**I. The United States's Claims Against Texas's 2021 House Plan Are Moot.**

As the Fifth Circuit recently observed, mootness issues "often arise[] where, as here, a statute or regulation is amended or repealed after plaintiffs bring a lawsuit challenging the legality of that statute or regulation." *Freedom from Religion Found. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023). When that happens, "mootness is the default." *Id*. "[T]here is no longer an ongoing controversy: the source of the plaintiff's prospective injury has been removed, and there is no 'effectual relief whatever' that the court can order." *Ozinga v. Price*, 855 F.3d 730, 734 (7th Cir. 2017) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)).

That default rule applies to the United States's claims against Texas's 2021 House Plan. The United States's operative complaint was filed in July of 2022. Dkt. 318. It alleges, among other things, that Texas's 2021 House Plan results in a denial or abridgment of the right to vote in violation of Section 2 of the Voting Rights Act. *Id*. at ¶ 199. The corresponding prayers for relief were, naturally, keyed to House Bill 1, which the 87th Texas Legislature enacted in a special session in the Fall of 2021. *Id*. at ¶ 200.

But House Bill 1 is no longer in effect. As the Fair Maps and Bacy plaintiffs acknowledge in their recently filed supplemental complaints, the 88th Legislature took up the issue of state legislative redistricting again in January of 2023. *See* Dkt. 765 ¶ 6; Dkt. 777 ¶ 6. Those proceedings culminated in the passage of HB1000, which superseded House Bill 1 as the operative implementing legislation for state house districts.

To be sure, House Bill 1000 ratifies the same districts approved by House Bill 1. But the similarity of the laws is beside the point. The United States is the master of its case, and it is incumbent on the United States to identify the particular statute it wishes to challenge. That is all the more so in this litigation, which boasts nine separate operative complaints, two supplemental complaints, and a menagerie of different kinds of redistricting claims. The "legal obstacle course," *Abbott v. Perez*, 585 U.S. 579, 587 (2018), of redistricting is complicated enough without the added vagary of which legislative act is at issue. Especially considering that some of the consolidated plaintiffs raise intentional discrimination claims, for which the identity of the legislative body responsible for enactment is paramount. *See id.* at 603; Dkt. 779 at 2–6.

## II. Dismissal Should be Without Leave to Amend.

Our judicial system "is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (quoting *Castro v. United States*, 540 U.S. 375, 386 (Scalia, J., concurring in part and concurring in judgment) (alteration marks omitted)). Courts honor this premise by acting as "passive instruments of government" that "decide only questions presented by the parties." *Id.* at 376 (quoting *United States v. Samuels*, 808 F.2d 1298, 1301 (8th Cir. 1987)). And while there are circumstances in which "a modest initiating role for a court is appropriate," those do not include situations in which a sophisticated party has intelligently waived an issue. *Id. See also Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 474 (5th Cir. 2020) (en banc) (Smith, J.) ("Just because we have discretion to address a forfeited argument that is *later asserted* doesn't mean that we can (or should) make a party's argument for it in the first place.").

2

Applied to the situation at hand, the party-presentation principle mandates that "once given an adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions" or that complaint must be finally dismissed. *Jacquez*, 801 F.2d at 793. Yet in this case, "the plaintiff was represented by counsel from the start." *Id*. And counsel has had every opportunity to update its pleadings. The Governor signed the 88th Legislature's HB1000 into law back in June of 2023. *See* Texas Legislative History Online, *HB1000*, available at https://tinyurl.com/24e7hjma. Since that time the United States has had ample opportunity to supplement its complaint to account for the new legal landscape. And indeed, on August 28, 2023, several plaintiffs alerted the State Defendants of their intent to amend their pleadings to address the 88th Legislature's actions. Dkt. 730 at 7. The Bacy and Fair Maps Plaintiffs finally did so in April and May of 2024, respectively. Dkt. 765; 777. But in July of 2024, the United States informed the State Defendants that it had decided not to follow suit. In an email to the parties, it stated that "[t]he United States does not intend to supplement or amend its complaint to address the 88th Legislature's reenactment of the redistricting plans initially passed by the 87th Legislature." Ex. 1.

The Court should therefore presume that the United States has pled its best case, and that there is no cause to provide additional opportunity to supplement. *Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985).

## Conclusion

Defendants respectfully move for dismissal without leave to amend the United States's claims against the 2021 House Plan.

Date: July 30, 2024

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Legal Strategy

Ryan D. Walters
Chief, Special Litigation Division

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
(512) 463-2100
ryan.kercher@oag.texas.gov
kathleen.hunker@oag.texas.gov
will.wassdorf@oag.texas.gov
lanora.pettit@oag.texas.gov
drew.mackenzie@oag.texas.gov

Respectfully submitted.

/s/ Ryan G. Kercher
RYAN G. KERCHER
Deputy Chief, Special Litigation Division
Tex. State Bar No. 24060998

Kathleen T. Hunker
Special Counsel
Tex. State Bar No. 24118415

William D. Wassdorf
Deputy Chief, General Litigation Division
Tex. State Bar No. 24103022

Lanora C. Pettit
Principal Deputy Solicitor General
Tex. State Bar No. 24115221

J. Andrew Mackenzie
Assistant Attorney General
Tex. State Bar No. 24138286

COUNSEL FOR STATE DEFENDANTS

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 30, 2024, I conferred with all counsel by email, and none were opposed to this motion.

*/s/ Ryan G. Kercher*
RYAN G. KERCHER

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on July 30, 2024, and that all counsel of record were served by CM/ECF.

*/s/ Ryan G. Kercher*
RYAN G. KERCHER