IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, et al., <br><br> Defendants. | Civil Action No. 3:21-cv-259 (DCG-JES-JVB) (consolidated cases) |

### **UNITED STATES' OPPOSITION TO TEXAS'S THIRD MOTION TO DISMISS**

State Defendants assert that this Court has lacked jurisdiction over the United States' challenge to Texas's House Plan for over a year and that this Court must bar the United States from amending its complaint, because the 2023 legislation that ratified and adopted the 2021 House Plan somehow mooted the United States' House claim. Tex. 3d Mot. to Dismiss, ECF No. 801. The United States' complaint alleges that certain state house districts do not allow minority voters to elect their candidates of choice in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. Those same districts remain in effect today. This Court should reject the State's motion.

### BACKGROUND

The United States' Amended Complaint, ECF No. 318, alleges that districts used to elect members of the Texas House have a discriminatory result—not a discriminatory intent—in violation of Section 2 of the Voting Rights Act. For instance, the United States has alleged that "[the] current House plan, adopted in 2021, eliminates Latino voters' opportunity to elect

representatives of their choice in District 118." U.S. Am. Compl. ¶ 119, ECF No. 318; *see also id.* ¶¶ 120-137 (detailing vote dilution). Ultimately, the Amended Complaint alleges that the "2021 House Plan results in a denial or abridgement of the right of citizens of the United States to vote on account of race, color, or membership in a language minority group, in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301." U.S. Am. Compl. ¶ 199; *see also id.* ¶ 200 ("Unless enjoined by order of this Court, Defendants will continue to violate Section 2 by administering, implementing, and conducting elections for . . . the Texas House using . . . the 2021 House Plan."); *id.* Prayer ¶¶ 3-4 (requesting relief against "the 2021 House Plan"). The Complaint references H.B. 1, 87th Tex. Leg., 3d Called Sess. (2021), https://perma.cc/ERD4-UY8H —2021 implementing legislation—only when describing the history of the 2021 House Plan. U.S. Am. Compl. ¶¶ 25, 118.

In 2023, the Texas Legislature enacted H.B. 1000 to ratify the districts contained in the 2021 House Plan, meeting a Texas constitutional requirement. *See* H.B. 1000, 88th Tex. Leg., Regular Sess. (2023), https://perma.cc/PT7J-7CQB; Alexa Ura, *Texas House Reaffirms the Political Maps It Drew in 2021*, Tex. Trib., Apr. 26, 2023, https://perma.cc/ZZ98-VVJF.[1] The Texas House rejected proposed amendments to the 2021 House Plan during consideration of H.B. 1000, and the Bill went into effect on September 1, 2023. Tex. H.B. 1000 (History), https://perma.cc/6JYU-WB24. In relevant part, H.B. 1000 states:

> The districts used to elect members of the Texas House of Representatives in 2022, established by Chapter 1 (H.B. 1), Acts of the 87th Legislature, 3rd Called Session, 2021 (PLANH2316 in the Texas Legislature's redistricting system), are hereby ratified and adopted as the districts used to elect members of the Texas House of Representatives.

---

[1] *See also* Tex. Const. art. III, § 28 ("The Legislature shall, at its first regular session after the publication of each United States decennial census, apportion the state into senatorial and representative districts."); *Abbott v. Mex. Am. Legis. Caucus*, 647 S.W.3d 681 (Tex. 2022).

H.B. 1000, § 2.  H.B. 1000 does not set out the geographic composition of each House district.  *See id.*; *cf.* H.B. 1, art. II, §§ 1-150.

Nearly a year after the effective date of H.B. 1000, State Defendants moved to dismiss the United States' claims against Texas's 2021 House Plan as moot.  Tex. 3d Mot. to Dismiss at 1-2.  State Defendants' further request for dismissal with prejudice is based on shaky ground:  an email setting out "current thinking," in which the United States indicated that it "does not intend to supplement or amend its complaint to address the 88th Legislature's reenactment of the redistricting plans initially passed by the 87th Legislature."  Email from Jaywin Malhi, U.S. Dep't of Justice, to Ryan Kercher, Off. of the Tex. Att'y Gen. (July 12, 2024), ECF No. 801-1.

## ARGUMENT

### I.     The United States' Challenge to the 2021 House Plan Is Not Moot.

This Court maintains jurisdiction over the United States' challenge to Texas's 2021 House Plan.  Section 2 of the Voting Rights Act establishes:

> No voting qualification or prerequisite to voting or standard, practice, or procedure *shall be imposed or applied* by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race [or language minority status].

52 U.S.C. § 10301(a) (emphasis added).  Thus, the Section 2 results test ultimately targets the manner in which a State or political subdivision conducts elections, not the legislation that put challenged qualifications, prerequisites, standards, practices, or procedures in place.  *Cf. Perez v. Abbott*, 970 F. Supp. 2d 593, 602 (W.D. Tex. 2013) (three-judge court) (concluding that sufficient overlap between successive maps precludes mootness).  Under H.B. 1000, the "2021 House Plan," U.S. Am. Compl. ¶¶ 199-200, remains in effect.  *See also* Tex. 3d Mot. to Dismiss at 2.  As H.B. 1000 notes, the map is unchanged, Tex. H.B. 1000, § 2, and the geographic composition of districts used to conduct elections for the Texas House continues to be defined by

2021 legislation.[2] Subsequent legislation that ratifies and readopts challenged election practices cannot moot a Section 2 enforcement action. *See, e.g.*, *Friends of the Earth, Inc. v. Laidlaw Env't Servs.*, 528 U.S. 167, 170 (2000) ("[T]he standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful *behavior* could not reasonably be expected to recur." (emphasis added)); *see also Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 374 (5th Cir. 2022) (holding that even a change to a challenged rule "will not moot the case if the government repeals the challenged action and replaces it with something substantially similar" (internal quotation marks and citation omitted)).

State Defendants' arguments ignore the language of the United States' complaint and the text of the State's own legislation. The United States' prayer for relief is not "keyed to House Bill 1." Tex. 3d Mot. to Dismiss at 1. It does not mention H.B. 1. *See* U.S. Am. Compl., Prayer ¶¶ 1-8. Moreover, no statute has been "amended or repealed." Tex. 3d Mot. to Dismiss at 1 (quoting *Freedom from Religion Found. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023)). The 2021 House Plan has merely been "ratified" by the Texas Legislature in its first regular session after publication of the decennial census, as required by the Texas Constitution. *See* Tex. H.B. 1000, § 2; *see also id.* § 1 (citing Tex. Const. art. III, § 28). Ultimately, the United States did not "challenge" a "particular statute." Tex. 3d Mot. to Dismiss at 2. The United States contends that districts still in use violate the Voting Rights Act, and there is no question that a "case or controversy [still] exists between" the United States and State Defendants on that matter.

---

[2] H.B. 1000 stands in notable contrast to 2013 redistricting legislation, which repealed and replaced 2011 plans. *See Perez*, 970 F. Supp. 2d at 598; *see also, e.g.*, S.B. 3, art. II, §§ 1-150, 83d Tex. Leg., 1st Called Sess. (2013), https://perma.cc/RX9J-AETT (setting out new geographic composition of House districts).

*Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017).

## II. Any Necessary Amendment Must Be Permitted.

Even if this Court were to dismiss the United States' claims against the 2021 House Plan—and it should not—any such order must afford leave to file a second amended complaint. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Denial of leave requires a finding of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of the amendment," *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013) (internal quotation marks and citation omitted), none of which are present here. "Merely because a claim was not presented as promptly as possible . . . does not vest the district court with authority to punish the litigant." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (internal quotation marks and citation omitted). Where the United States has a good faith basis not to amend, *see supra* Part I, and State Defendants have made no showing of prejudice or futility, there is no basis for this Court to dismiss the United States' claims against the 2021 House Plan with prejudice. After over two-and-a-half years of litigation, this Court should not terminate the United States' effort to vindicate the rights of minority voters based on a purported technicality.[3]

State Defendants' request for dismissal with prejudice rests on an incomplete recitation of an email between parties. It is true that the United States has no present intention of amending or supplementing the Amended Complaint. *See* Tex. 3d Mot. to Dismiss at 3. But the United States expressly cabined its communications with counsel for State Defendants by cautioning,

---

[3] The instant motion makes clear why the United States might avoid unnecessary amendment, which would afford State Defendants yet another opportunity to move to dismiss for failure to state a claim and yet more cause for delay. *See also* Tex. 3d Mot. to Dismiss Fair Maps, ECF No. 779; Tex. 3d Mot. to Dismiss Abuabara, ECF No. 785.

"Please note that these thoughts are tentative and subject to change as this case progresses." Malhi Email, *supra*. Should this Court conclude that the Amended Complaint articulates only a claim that is now moot, that would warrant reconsideration. State Defendants offer no valid basis for this Court to conclude alongside a determination of mootness that—under such circumstances—"the United States has pled its best case," Tex. 3d Mot. to Dismiss at 3, and deny an opportunity to amend. State Defendants' request for dismissal with prejudice should be denied.

## CONCLUSION

For the reasons set out above, this Court should deny State Defendants' third motion to dismiss.

Dated: August 13, 2024

                KRISTEN CLARKE
                Assistant Attorney General
                Civil Rights Division

                */s/ Daniel J. Freeman*
                R. TAMAR HAGLER
                TIMOTHY F. MELLETT
                DANIEL J. FREEMAN
                MICHELLE RUPP
                JACKI L. ANDERSON
                HOLLY F.B. BERLIN
                JAYWIN SINGH MALHI
                Attorneys, Voting Section
                Civil Rights Division
                U.S. Department of Justice
                950 Pennsylvania Avenue NW
                Washington, D.C. 20530
                (800) 253-3931
                daniel.freeman@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on August 13, 2024, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

                */s/ Daniel J. Freeman*
                Daniel J. Freeman
                Civil Rights Division
                U.S. Department of Justice
                950 Pennsylvania Ave, NW
                Washington, DC 20530
                (202) 305-4355
                daniel.freeman@usdoj.gov