UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § § § | |
| *Plaintiffs*, | | |
| EDDIE BERNICE JOHNSON, *et al.*, | § § § | EP-21-CV-00259-DCG-JES-JVB [Lead Case] |
| *Plaintiff-Intervenors*, | § § | & |
| v. | § § | All Consolidated Cases |
| GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*, | § § § § | |
| *Defendants.* | § | |

## ORDER DIRECTING THE PARTIES TO SUBMIT LETTER BRIEFS ADDRESSING THE EFFECT OF *PETTEWAY*

The United States and a legion of private plaintiffs have alleged that the redistricting plans enacted by Texas following the 2020 census violate the Voting Rights Act ("VRA") and the United States Constitution.

Before this Court are Texas's motions to dismiss the Bacy[1] Plaintiffs' and the Fair Maps Plaintiffs' respective Supplemental Complaints. *See* ECF Nos. 779 (Fair Maps), 785 (Bacy).[2] The gravamen of Texas's argument is that the plaintiffs rely on coalitions of racial or ethnic minorities. Texas avers that such coalitions do not give rise to viable VRA vote-dilution claims in part because such claims fail to allege facts "that would, if proven,

---

[1] Formerly the "Abuabara" plaintiffs. Plaintiff Rosalinda Ramos Abuabara moved to dismiss her claims on July 9, 2024. The remaining "Abuabara Plaintiffs"—now the "Bacy Plaintiffs"—continue to pursue the claims in their Third Amended Complaint (ECF No. 613) and Supplemental Complaint (ECF No. 765). *See* ECF No. 795.

[2] Texas submitted its motions on May 28 and June 6 of this year. Fair Maps and Bacy responded on June 18 (ECF No. 788) and June 20 (ECF No. 789), respectively. Texas replied on July 2 (ECF No. 794) and July 11 (ECF No. 797).

1

establish that the districts drawn by the 88th Legislature render the voting process 'not equally open to participation by members of a class of [protected] citizens.'"[3] The plaintiffs resist this conclusion, asserting that coalition districts are cognizable under Section 2 of the VRA. *See* ECF Nos. 788 at 9–19, 789 at 3–4.

Since the parties submitted their briefing, the en banc Fifth Circuit decided *Petteway v. Galveston County*, holding that "Section 2 . . . does not authorize separately protected minority groups to aggregate their populations for purposes of a vote dilution claim." 111 F.4th 596, 603 (5th Cir. 2024).

Given the manifest influence of *Petteway* on our resolution of Texas's motions, the parties are directed to submit letter briefs, not to exceed eight pages, addressing the applicability of No. 23-40582, *Petteway v. Galveston Cnty.*, 111 F.4th 596 (5th Cir. 2024). The letter briefs are due at noon on October 15, 2024. Each side is permitted, but not required, to submit a reply letter, not to exceed four pages, by noon on October 21, 2024.

**So ORDERED and SIGNED this 30 day of September 2024.**

**JERRY E. SMITH**
**UNITED STATES CIRCUIT JUDGE**

*And on behalf of:*

| **Jeffrey V. Brown** | -and- | **David C. Guaderrama** |
| **United States District Judge** | | **United States District Judge** |
| **Southern District of Texas** | | **Western District of Texas** |

---

[3] ECF No. 779 at 1 (quoting 52 U.S.C. § 10301(b)) (alteration in original); *see* ECF No. 785 at 1.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, not the document's internal pagination.