

## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

October 21, 2024

The Honorable Jerry E. Smith                                          *via CM/ECF*
United States Circuit Judge
U.S. Court of Appeals, Fifth Circuit

The Honorable David C. Guaderrama
Senior U.S. District Judge
United States District Court
Western District of Texas, El Paso Division

The Honorable Jeffrey V. Brown
United States District Judge
Southern District of Texas, Galveston Division

Re:     Defendants' Reply Brief Addressing the Effect of *Petteway*,
        Case No. 3:21-cv-00259, *League of United Latin American Citizens, et al. v. Greg Abbott, et al.*, USDC, W.D. Tex.—El Paso Division

To the Honorable Court:

Pursuant to this Court's Order of September 30, 2024, Defendants submit this reply to Plaintiffs' letter briefs addressing the effect of *Petteway* on the resolution of this matter.

## I.   *Petteway* is binding authority on this Court

Two Plaintiff groups—Brooks and Fair Maps—question the extent to which this Court, as a three-judge panel, is bound by Circuit Court decisions. Three Plaintiffs—Brooks, Fair Maps, and the NAACP—note the possibility that *Petteway* could be appealed to the Supreme Court and urge this Court to avoid issuing any ruling applying *Petteway* pending resolution of such an appeal.

The law of the case doctrine precludes both arguments. This Court has already decided in the course of this controversy that it is a panel of the Western District of Texas bound by the decisions of the Fifth Circuit. "Precedent in the Fifth Circuit is governed by a strict rule of orderliness, such that later panels of that court, and much less district courts within the circuit, cannot overturn decisions of prior panels." *LULAC v. Abbott*, 604 F. Supp. 3d 463, 493 (W.D. Tex. 2022); *see also LULAC v. Abbott*, No. 1:21-CV-00943, 2021 WL 5417402, at *2 (W.D. Tex.

Defendants' Reply Brief re Effect of *Petteway*
October 21, 2024
Page | 2

Nov. 19, 2021) (ordering consolidation pursuant to a finding that "all of the above-referenced cases are before the same court (the Western District of Texas)").

This Court has likewise already recognized that while "Fifth Circuit precedents can, of course, be overturned by intervening Supreme Court decisions . . . '[s]uch an intervening change in the law must be unequivocal, not a mere 'hint' of how the Court might rule in the future.'" *LULAC*, 604 F. Supp. 3d at 493 (quoting *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013)). This Court should not delay dismissal of Plaintiffs' coalition claims by placing the unexhausted appellate rights of a different set of plaintiffs in a different case above binding Fifth Circuit precedent.

## II.   *Petteway* Makes Trying or Repleading Plaintiffs' VRA Coalition Claims Wasteful and Futile

The Fair Maps Plaintiffs argue that this Court should delay applying *Petteway* to preclude their claims and instead simply press forward to trial, where "Fair Maps Plaintiffs can and will advance alternative theories" to support their claims with the help "of a more complete record." ECF No. 816 at 2, 3. The NAACP "seeks leave to amend its Complaint and as a part of that amendment, wishes to conform its expert proofs to the new law of this Circuit." ECF No. 817 at 2.

This Court should not allow the Fair Maps Plaintiffs to continue advancing clearly defective claims requiring considerable expert resources from both Plaintiffs and State Defendants on the theory that post-trial findings of fact and conclusions of law provide sufficient opportunity for the Court to make the decision it could make today. Post-trial briefing in this case will already be a monumental task for all parties, and for the Court. The Court should take this opportunity to streamline the case according to binding Fifth Circuit precedent.

Likewise, further amendment is unnecessary to preclude Plaintiffs' coalition claims. Five factors comprise this Court's test for determining whether to grant leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive on the part of the movant, 3) repeated failure to cure deficiencies by amendments previously allowed, 4) undue prejudice to the opposing party by virtue of allowance of the amendment, and 5) futility of amendment. *Southern v. United States*, 503 F. Supp. 2d 829, 833–34 (W.D. Tex. 2007) (quoting *Foman v. Davis,* 371 U.S. 178, 182, (1962)).

Over the course of this litigation, the NAACP has already filed two amended complaints. ECF Nos. 461, 646. The Fair Maps Plaintiffs have filed two amended complaints and a supplemental complaint (ECF Nos. 458, 502, 777), as have the Bacy Plaintiffs (ECF Nos. 235, 356, 765). LULAC has filed four amended complaints (ECF Nos. 69, 237, 338, 714), the Brooks Plaintiffs have filed two (ECF Nos. 236, 357), and the Intervenor Plaintiffs have filed one (ECF No. 209). *Petteway* renders any repleading Plaintiffs' VRA coalition claims futile. State Defendants urge this Court to first apply *Petteway* to preclude Plaintiffs' existing VRA coalition claims, and only then consider allowing further amendment or supplementation.

Defendants' Reply Brief re Effect of *Petteway*
October 21, 2024
Page | 3

### III.   Plaintiffs Rely on Coalition Theories Precluded by *Petteway*

Two Plaintiff groups—Intervenor Plaintiffs and the Bacy Plaintiffs—have attempted to minimize the preclusive effect of *Petteway* in this matter by downplaying the importance of coalition-based analyses for their claims. These attempts fail.

Counsel for the Intervenor Plaintiffs "emphasize that the claims brought by our clients do not rely on coalition-based Section 2 arguments." ECF No. 818 at 2. But Intervenor Plaintiffs' claims do rely on coalition-based Section 2 arguments. Intervenor Plaintiffs bring claims "under Section 2 of the Voting Rights Act." ECF No. 619 ¶ 1, 73. They seek to create three coalition districts—CD 9, 18, and 30. *Id.* ¶¶ 31, 35. And they support their claims with arguments that unmistakably rely on the now-defunct coalition-based framework. *Id.* ¶ 31 (alleging efforts to undermine "effective *minority* voter participation") (emphasis added); *Id.* ¶ 35 (alleging that "*Latinos and African-Americans* in Texas vote as a group and are politically cohesive") (emphasis added); *Id.* ¶¶ 68, 70, 72, 74, (incorporating all previous allegations to support each listed cause of action).

The Bacy plaintiffs allege that *Petteway* provides grounds to dismiss "only one of the Bacy Plaintiffs' claims: their challenge to the Texas House districts in Tarrant County." ECF No. 814 at 1. In fact, this set of plaintiffs seeks to create five coalition districts. ECF No. 613, ¶¶ 136–40 (CD 25); ¶¶ 143–48 (CD 33); ¶¶ 150–59 (CD 12); ¶¶ 163–73 (CD 29); and ¶¶ 189–95 (HD 94). Their most recent pleading avers that in two instances, these coalition districts are merely "alternative, coalition demonstrative districts." ECF No. 814 at 2 (citing ECF No. 613 ¶¶ 139–40 in reference to proposed CD 33 and ¶¶ 165–66 in reference to alternative plans for enacted CD 29).

But Bacy Plaintiffs' previous pleadings reveal that for proposed CD33, both sets of demonstrative maps rely on minority coalitions. *See* ECF No. 613 ¶ 140 ("Under Plaintiffs' first demonstration map, Plaintiff Cecilia Gonzales would reside in Proposed CD33, a 58.1 percent Black *and* Latino district") (emphasis added); *Id.* ¶ 142 ("Under Plaintiffs' second demonstration map, Plaintiff Cecilia Gonzales would reside in Proposed CD33, a 53.1 percent Black *and* Latino district) (emphasis added). Bacy Plaintiffs' preferred method of modifying enacted CD29 involves "Proposed CD29, a compact district with a voting-eligible population that is 53.2 percent Black *and* Latino." *Id.* ¶ 167 (emphasis added). And as Bacy Plaintiffs' supplemental complaint makes clear, both causes of action in their operative third amended complaint rely on allegations that Texas's maps have "the effect of denying Black *and* Latino voters" equal opportunity under Section 2. ECF No. 765 ¶ 1 (emphasis added). Far from providing grounds for dismissal of "only one of the Bacy Plaintiffs' claims," *Petteway* makes obsolete the fundamental legal basis on which these Plaintiffs base their suit. ECF No. 814 at 1.

### IV.   *Petteway* Requires Dismissal of Plaintiffs' VRA Coalition Claims

Accordingly, State Defendants reiterate their request that this Court dismiss Plaintiffs' coalition claims under Section 2 of the VRA and respectfully move for such dismissal.

Defendants' Reply Brief re Effect of *Petteway*
October 21, 2024
Page | 4

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

*/s/ Ryan G. Kercher*
RYAN G. KERCHER
Deputy Chief, Special Litigation
Division Texas State Bar No. 24060998
ryan.kercher@oag.texas.gov

KATHLEEN T. HUNKER
Special Counsel
Texas State Bar No. 24118415
kathleen.hunker@oag.texas.gov

WILLIAM D. WASSDORF
Deputy Chief, General Litigation
Division Texas State Bar No. 24103022
will.wassdorf@oag.texas.gov

LANORA C. PETTIT
Principal Deputy Solicitor General
Texas State Bar No. 24115221
lanora.pettit@oag.texas.gov

COUNSEL FOR STATE DEFENDANTS