October 21, 2024

**VIA CM/ECF**

The Honorable Judge Smith
The Honorable Judge Brown
The Honorable Judge Guaderrama
United States District Court for the Western District of Texas
El Paso Division
262 West Nueva Street, Room 1-400
San Antonio, Texas 78207

Re:  Letter Reply of Fair Maps Plaintiffs responding to Order of the Court, ECF No. 810, in *League of United Latin American Citizens, et al.* v. *Abbott*, Lead Case No. EP-21-CV-00259-DCG-JES-JVB (W.D. Tex.)

Dear Judge Smith, Judge Brown, and Judge Guaderrama,

We write on behalf of Fair Maps Plaintiffs[1] in response to the Court's September 30, 2024 order ("Order") providing an opportunity for the parties to submit letter replies addressing the applicability of No. 23-40582, *Petteway v. Galveston Cnty.*, 111 F.4th 596 (5th Cir. 2024), to claims that the redistricting plans enacted by Texas following the 2020 census violate Section 2 of the Voting Rights Act ("VRA") and the United States Constitution.

As stated in our October 15, 2024, Letter Brief (ECF No. 816), the Court need not reach the issue of *Petteway*'s applicability at this time, and there is good reason not to resolve this complex and novel question of law at this stage of the case. *Id.* at 1–3. We will not, however, repeat the authorities and arguments set forth in Fair Maps' Letter Brief. Instead, Fair Maps Plaintiffs briefly respond here to the briefing submitted by other parties, all of which explains why this Court should defer until trial a ruling in *Petteway*'s applicability, pursuant to Rule 12(i).

*First*, the other plaintiffs who submitted Letter Briefs generally agree that there is good reason for the Court to defer a ruling on *Petteway*'s applicability to VRA Section 2 coalition claims until final judgment. *See* ECF No. 819 at 2 (Brooks Plaintiffs) (noting counsel is "unaware of authority establishing" the Fifth Circuit's precedent is binding on three-judge panels in this posture, but that if the Court disagrees "the appropriate course is to reject any such claims at final judgment"); ECF No. 817 at 2 (NAACP Plaintiffs) (noting "the plaintiffs in *Petteway* have yet to exhaust their appellate rights, and the Supreme Court may issue a decision that is contrary to this Circuit's en banc ruling" and suggesting to "conserve judicial resources during the pendency of any such appeal . . . the Court not dismiss its Section 2 coalition-based

---

[1]  Plaintiffs in the consolidated action *Fair Maps Texas Action Committee v. Abbott*, No. 3:21-cv-01038 (W.D. Tex.).

vote dilution claims and either permit Texas NAACP to try these claims while an appeal is pending or instead hold these claims in abeyance pending any appeal").[2]

By contrast, State Defendants provide no compelling reason why the Court should rule now (ECF No. 815). As Fair Maps Plaintiffs explained in their Letter Brief, the legality of each of the challenged districts will be contested at trial regardless of the disposition of the Section 2 vote dilution claims, because Fair Maps Plaintiffs (like other plaintiffs) have challenged those districts as products of intentional discrimination in violation of Section 2 and the U.S. Constitution. Dismissing Fair Maps Plaintiffs' Section 2 vote dilution claims at this stage, as a matter of law, thus will not meaningfully conserve resources. But it *would* prejudice Fair Maps Plaintiffs and waste judicial resources if *Petteway* is later overturned by the Supreme Court.

*Second*, State Defendants err in implying that the Supreme Court's decision in *Bartlett v. Strickland*, 556 U.S. 1 (2009), supports the reasoning in *Petteway* or warrants dismissal here. In *Bartlett*, a Supreme Court plurality set forth a bright line "majority-minority requirement" to satisfy the first *Gingles* precondition, *id.* at 17, holding that Section 2 does not require "crossover" districts "in which minority voters make up less than a majority of the voting-age population." *Id.* at 13. But the *Bartlett* plurality took great care to make clear it was not addressing minority coalition claims, noting that crossover districts should not be confused with "coalition-district claims in which two minority groups form a coalition to elect the candidate of the coalition's choice" and that it was "not address[ing] that type of coalition district here." *Id.* 13–14.

Moreover, the Court's primary justifications for establishing a majority-minority threshold do not translate to a single-race requirement set forth in *Petteway*, since crossover claims were rejected due to (i) a concern that requiring such districts would result in protecting mere political alliances (contravening Section 2's mandate to remedy only racial harms); (ii) administrability concerns; and (iii) "tension with the third *Gingles* requirement that the majority votes as a bloc to defeat minority-preferred candidates." *Id.* at 14–18. Where, as alleged here, minority voters can successfully elect a candidate of their choice without relying on such "crossover" voting, and are shown to be cohesive as a minority (and not merely political) group of voters, these issues and the *Bartlett* plurality's concern that "*minorities* in crossover districts could not dictate electoral outcomes independently" are not present. *Id.* at 14–15 (emphasis added) (internal quotations omitted).

Furthermore, allowing minority coalition claims is consistent with the *Bartlett* plurality's preference for a bright-line "objective, numerical test: Do *minorities* make up more than 50 percent of the voting-age population in the relevant geographic area?" *Id.* at 18 (emphasis added). That test applies easily to coalition claims, and *Bartlett* does not support dismissal of any claims here.

---

[2]   Reference here to the submissions of others does not convey agreement with all legal positions taken therein.

*Finally*, State Defendants imply, but do not directly assert, that *Petteway* implicates Plaintiffs' intentional vote dilution claims under Section 2. Any such assertion is wrong for the reasons set forth in our Letter Brief (ECF No. 816 at 3): "An election practice violates Section 2 and the Fourteenth and Fifteenth Amendments if it is undertaken and maintained for a discriminatory purpose." *Fusilier* v. *Landry*, 963 F.3d 447, 463 (5th Cir. 2020); *see also Bartlett*, 556 U.S. at 20 (noting its holding on a Section 2 effects claim majority-minority requirement "does not apply to cases in which there is intentional discrimination against a racial minority" and agreeing that "evidence of discriminatory intent tends to suggest that the jurisdiction is not providing an equal opportunity to minority voters to elect the representative of their choice, and it is therefore unnecessary to consider the majority-minority requirement before proceeding to the ultimate totality-of-the-circumstances analysis" (internal quotation marks omitted)).

For these and the reasons stated in the Fair Maps Plaintiffs' Letter Brief (ECF No. 816), Fair Maps Plaintiffs respectfully submit that the Court need not address the applicability of *Petteway* to Fair Maps Plaintiffs' Section 2 vote dilution claims at this time, and that *Petteway*, even if applied to the facts of this case, does not require the dismissal of Fair Maps Plaintiffs' purpose-based Section 2 claims. Fair Maps Plaintiffs further request that, should the Court find *Petteway* does impact Plaintiffs' purpose-based Section 2 claims, they be given a reasonable opportunity to amend their complaint according to any new legal standard applicable to those claims.

| | |
|---|---|
| October 21, 2024 | Respectfully Submitted, |
| | */s/ Hilary Harris Klein* |
| David A. Donatti | Hilary Harris Klein* |
| TX Bar No. 24097612 | NC. State Bar No. 53711 |
| Ashley Harris | Mitchell Brown* |
| Texas Bar No. 24078344 | NC. State Bar No. 56122 |
| Thomas Buser-Clancy | Southern Coalition for Social Justice |
| Texas Bar No. 24123238 | 5517 Durham Chapel Hill Blvd. |
| ACLU Foundation of Texas, Inc. | Durham, NC 27707 |
| PO Box 8306 | Telephone: 919-323-3380 |
| Houston, TX 77288 | Fax: 919-323-3942 |
| Tel: (713) 942-8146 | hilaryhklein@scsj.org |
| Fax: (713) 942-8966 | mitchellbrown@scsj.org |
| ddonnati@aclutx.org | |
| aharris@aclutx.org | Patrick Stegemoeller* |
| tbuser-clancy@aclutx.org | NY State Bar No. 5819982 |
| | Asian American Legal Defense and Education Fund |
| Yurij Rudensky* | 99 Hudson Street, 12th Floor |
| NY State Bar No. 5798210 | New York, NY 10013 |
| Brennan Center for Justice at NYU School of Law | pstegemoeller@aaldef.org |
| 120 Broadway, Suite 1750 | Paul D. Brachman* |
| New York, NY 10271 | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| Tel: (646) 292-8310 | 2001 K Street NW |

Fax: (212) 463-7308  
rudenskyy@brennan.law.nyu.edu

Washington, DC 20006  
pbrachman@paulweiss.com  
202-223-7440

*Admitted pro hac vice*  
*Attorneys for Fair Maps Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on October 21, 2024, the foregoing document was served on counsel of record via the Court's CM/ECF system.

*/s/ Hilary Harris Klein*  
Hilary Harris Klein