# Exhibit A



250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

October 22, 2024

**VIA ECF**

Hon. Jerry E. Smith
Hon. David Guaderrama
Hon. Jeffrey V. Brown
United States District Court for the Western District of Texas, El Paso Division
525 Magoffin Avenue
El Paso, TX 79901

Re: *League of United Latin American Citizens, et al., v. Abbott, et al.*, No. EP-21-CV-00259-DCG-JES-JVB (Lead Case)

Dear Judges Smith, Guaderrama, & Brown:

I write on behalf of the plaintiffs in Case No. 1:21-cv-00965 (the "Bacy Plaintiffs") in response to Defendants' October 21, 2024, reply to Plaintiffs' letter briefs addressing the effect of *Petteway* on the resolution of this case, ECF No. 823.

Defendants' reply cherry-picks allegations in the Bacy Plaintiffs' operative Third Amended Complaint ("TAC") to misleadingly suggest a far broader effect than *Petteway* in fact has. As the Bacy Plaintiffs explained in their previous letter, ECF No. 814, and in their Opposition to the Defendants' Motion to Dismiss their Supplemental Complaint, ECF No. 789, *Petteway* affects only one of the Bacy Plaintiffs' claims regarding House districts in one county: their challenge to the Texas House districts in Tarrant County, which depends on the allegation that an additional majority Black and Latino House district could be drawn there. *See* ECF No. 613, ¶ 193; ECF No. 765, ¶ 14. The remaining references to minority coalitions in the Third Amended Complaint involve arguments in the alternative, and the Bacy Plaintiffs' claims do not depend on them. *See* ECF No. 789 at 7-8; ECF No. 814 at 2.

In their reply, Defendants pull allegations out of context to bolster their previously unsupported contention that the Bacy Plaintiffs in fact seek to create *five* coalition districts. ECF No. 823 at 3. There are four problems with Defendants' argument.

*First,* it is not true that "for proposed CD33, both sets of demonstrative maps rely on minority coalitions." ECF No. 823 at 3. Defendants selectively quote paragraphs addressing the effects of the Bacy Plaintiffs' demonstration maps on just *one* of the Plaintiffs—Cecilia Gonzales—who resides in enacted CD25 and is moved to CD33 under both demonstration maps. *Id.* But the TAC

Hon. Jerry E. Smith
Hon. David Guaderrama
Hon. Jeffrey V. Brown
October 22, 2024
Page 2

*also* makes clear that "under Plaintiffs' second demonstration map, Plaintiffs Jana Lynne Sanchez and Debbie Lynn Solis would each reside in the second demonstration map's Proposed CD12, a *majority-Latino* district in which 52.4 percent of eligible voters are Latino." ECF No. 613 ¶ 149 (emphasis added). Plaintiffs' challenge to CD33 alleges that the enacted district "pack[s] many of the region's Black *and* Latino communities." *Id.* ¶ 143 (emphasis added). The second demonstration map unpacks CD33 and places Plaintiffs Sanchez and Solis into a new 52.4 percent majority Latino district—CD12. *Id.* ¶ 149. This new, majority-Latino district satisfies the first *Gingles* precondition even after *Petteway*. *See* 111 F.4th at 601-02.

*Second*, it is neither true nor relevant that "Bacy Plaintiffs' preferred method of modifying enacted CD29" involves a coalition district. ECF No. 823 at 3 (quoting ECF No. 613 ¶ 167). As the TAC explains: "Alternatively, Plaintiffs' second demonstration map shows that Enacted CD29 could instead be split into two different districts . . . *each of which has a majority-Latino voting-eligible population*." ECF No. 613 ¶ 170 (emphasis added). The result is again an additional, majority-Latino district that satisfies *Gingles* 1 even after *Petteway*.

*Third*, the Bacy Plaintiffs' general allegations that "Texas's maps have 'the effect of denying Black *and* Latino voters' equal opportunity under Section 2," ECF No. 823 (quoting Bacy Plfs. Suppl. Compl., ECF No. 765 ¶ 1), are entirely consistent with their specific allegations that additional, majority-Latino districts can be drawn, and provide no basis for dismissing the Bacy Plaintiffs' claims. The general allegations are just that: general. They cannot fairly be read to convert every claim as to each challenged district into a coalition district claim.

*Finally*, Defendants do not even attempt to substantiate their claim that the Bacy Plaintiffs' Proposed CD25 and CD12 would create new coalition districts. Again, that claim ignores the second demonstration map altogether. As to CD25, the second demonstration map shows "Latino voters in Dallas and Tarrant Counties are also sufficiently numerous and compact to allow the creation of an additional *majority-Latino* voting-eligible-population district in the area[.]" ECF No. 613 ¶ 141. And "[p]roposed CD12 in the second demonstration map is a majority Latino district in Dallas and Tarrant Counties." *Id.* ¶ 158.

Far from forming the "fundamental legal basis," ECF No. 923 at 3, of the Bacy Plaintiffs' suit, coalition districts therefore affect only one of their claims: the challenge to the Tarrant County Texas House plan.

                                                                Sincerely,

                                                                */s/ David R. Fox*

                                                                David R. Fox
                                                                *Counsel for Bacy Plaintiffs*