IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>*Plaintiffs*,<br><br>EDDIE BERNICE JOHNSON, *et al.*,<br><br>*Plaintiff-Intervenors*,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>3:21-cv-00259-DCG-JES-JVB<br>[Consolidated Action: Lead Case] |

**ADVISORY REGARDING
THE COURT'S MAY 21, 2025 PROVISIONAL TRIAL SETTING**

State Defendants file this advisory regarding the May 21, 2025 provisional trial setting pursuant to the Court's orders of February 10, 2025 (ECF No. 845) and February 20, 2025 (ECF No. 852).

**I.      State Defendants' Position on Proceeding with the Provisional Trial Setting**

Counsel for State Defendants do not presently have preexisting, irresolvable conflicts with the May 21, 2025 trial date. However, there are some logistical difficulties with proceeding to trial in May that affect the feasibility of the current trial setting.

*First*, numerous trial witnesses are legislators and legislative staff. The Texas Legislature's 89th regular session convened on January 14, 2025 and will not adjourn *sine die* until June 2, 2025.

The legislative session becomes increasingly more demanding as it draws to a close, leading to an extremely busy May. In May 2025, Texas legislators will be in Austin attending to legislative matters; they will be unable to appear at trial in El Paso during that time. Additionally, legislative staffers must likewise attend to legislative business in Austin while the trial is underway in El Paso.

In addition to the overall crush of legislative business during session, some legislators will have an even more difficult time leaving Austin and traveling to El Paso for the trial. For example, Senator Joan Huffman is the current chair of the Senate Committee on Finance, which bears principal responsibility for preparing the state's budget. Scheduling Senator Huffman or her staff members to testify at trial in El Paso will be far more feasible after the legislative session concludes.

In conferring with Plaintiffs' counsel on scheduling matters, some parties proposed holding portions of trial in Austin to better accommodate legislative witnesses. While State Defendants remain open to such creative solutions, the reality is that the final crush of the legislative session is virtually a 24-hour undertaking. Proceedings routinely last into the wee hours. Spending hours away from the final legislative push—which would, almost certainly, result in legislators either missing votes or missing their staff during votes—is untenable.

*Second*, the Parties appear to agree on the necessity of reopening expert discovery to allow updated reports reflecting the November 2024 election cycle. Indeed, the Supreme Court has recently held that Presidential election data are more informative than gubernatorial election data because of the increased number of votes cast in a Presidential election year. *Alexander v. South Carolina State Conf. of the NAACP*, 602 U.S. 1, 32 (2024). The Texas Legislative Council made the data on the November 2024 election available today. Now that the data have been released, expert witnesses for Plaintiffs and State Defendants will need time to review the data and prepare

2

reports. Then, the expert witnesses will need additional time to review each other's reports and prepare rebuttal reports. While the Parties have conferred regarding appropriate timeframes for such discovery, the only agreement reached thus far is to obtain a finalized trial date and work backward, therefrom.

*Third*, there are some unresolved discovery disputes that remain pending. LULAC Plaintiffs' appeal of this Court's ruling on legislative privilege matters remains pending in the Fifth Circuit; it is currently set for oral argument on April 2, 2025. *See LULAC v. Abbott*, No. 24-50128 (5th Cir.) (consolidated with *LULAC v. Abbott*, No. 24-50449 (5th Cir.)). If this case proceeds to trial before a ruling from the Fifth Circuit, and if the Fifth Circuit later reverses this Court's ruling, LULAC Plaintiffs may seek to retry their claims after receipt of the documents Defendants have withheld on legislative privilege grounds. If the Court determines that State Defendants must pay attorney's fees to Plaintiffs, trying the case multiple times will greatly increase the fees State Defendants must pay. Waiting until the Fifth Circuit's resolution of the pending appeal would be a more efficient use of the Court's and the Parties' resources.

Defendants maintain the same position regarding the pending legislative privilege appeals that they have maintained all along—Plaintiffs must choose between having the documents they have sought for trial or having trial before a ruling on the pending appeals. If the May 21, 2025 trial date is "inconsistent with Plaintiffs' receiving all of the extensive (and, in State Defendants' view, improper) discovery that they have sought, then Plaintiffs should be put to a choice" between the May 21 trial date and continuing their litigation about discovery. ECF No. 679 at 5; *see* ECF No. 566 at 9 ("Plaintiffs' insistence on receiving all of the discovery they are seeking is inconsistent with maintaining the current trial schedule.").

Furthermore, the United States' document subpoena to Dave's Redistricting App and Defendant's motion to quash the subpoena remain pending in the Western District of Washington. *See Jetton v. United States*, No. 2:22-mc-69 (W.D. Wash.). If the Court rules that documents must be disclosed, then additional time would be necessary for document production, document review, and potentially reopened legislator depositions.

*Fourth*, it would be impractical to proceed to trial while pleading disputes remain unresolved. *See* ECF Nos. 801, 848. If the Court permits amendment of pleadings, Plaintiffs will need time to amend their complaints and State Defendants will need time to answer any amended complaints before preparing for trial.

More to the point, resolution of pleadings disputes—and having Plaintiffs' latest versions of their claims in-hand—is critical before experts begin their work. No party should expend expert resources evaluating districts that fall out of dispute only weeks or months later.

## II.    Conclusion

The unavailability of legislative witnesses in May, lack of an expert discovery schedule, pending discovery disputes, and pending motions to dismiss may be alleviated by setting trial in late summer or early fall. A trial setting later in the year may permit greater witness availability and completion of expert discovery, would promote judicial economy, and would afford additional time for the resolution of relevant matters pending in other courts before trial.

| | |
|---|---|
| Date: February 26, 2025 | Respectfully submitted, |
| | |
| KEN PAXTON | /s/ Ryan G. Kercher |
| Attorney General of Texas | RYAN G. KERCHER |
| | Chief, Special Litigation Division |
| BRENT WEBSTER | Tex. State Bar No. 24060998 |
| First Assistant Attorney General | |
| | KATHLEEN T. HUNKER |
| RALPH MOLINA | Deputy Chief, Special Litigation Division |
| Deputy First Assistant Attorney General | Tex. State Bar No. 24118415 |
| | |
| RYAN D. WALTERS | WILLIAM D. WASSDORF |
| Deputy Attorney General for Legal Strategy | Deputy Chief, General Litigation Division |
| | Tex. State Bar No. 24103022 |

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
(512) 463-2100
ryan.kercher@oag.texas.gov
kathleen.hunker@oag.texas.gov
will.wassdorf@oag.texas.gov

COUNSEL FOR STATE DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically via the Court's CM/ECF system on February 26, 2025, which automatically serves a copy on all counsel of record.

/s/ Ryan G. Kercher
RYAN G. KERCHER