UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>GREG ABBOTT, et al.,<br><br>    Defendants. | Civil Action<br><br>Lead Case No.:<br> 3:21-CV-00259-DCG-JES-JVB |
| AKILAH BACY, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>JANE NELSON, et al.,<br><br>    Defendants. | Consolidated Case No.:<br> 1:21-CV-00965-RP-JES-JVB |

**BACY PLAINTIFFS' MOTION
FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT**

  Plaintiffs Akilah Bacy, Orlando Flores, Marilena Garza, Cecilia Gonzales, Agustin Loredo, Cinia Montoya, Ana Ramón, Jana Lynne Sanchez, Jerry Shafer, Debbie Lynn Solis, Angel Ulloa, Mary Uribe, and Luz Maria Moreno (the "Bacy Plaintiffs"), by and through their undersigned counsel, respectfully move this Court for leave to file a Fourth Amended Complaint, attached as **Exhibit A**. A redline showing the changes from the operative Third Amended Complaint is attached as **Exhibit B**. Counsel for Defendants have stated that they do not oppose this Motion.

**BACKGROUND**

On February 21, 2025, this Court granted in part Defendants' motion to dismiss the Bacy Plaintiffs' claims asserted in their Third Amended Complaint and Supplemental Complaint. ECF No. 853. Specifically, the Court concluded that the Bacy Plaintiffs' challenge to the Texas House map in Tarrant County—which sought to create an additional majority-minority coalition district—is unsustainable in light of *Petteway v. Galveston County*, 111 F.4th 596 (5th Cir. 2024) (en banc). ECF No. 853 at 7. The Court acknowledged, however, that the remainder of the claims could potentially survive *Petteway*, and granted the Bacy Plaintiffs leave "to amend the entirety of their Complaint[] to heed the standard announced in *Petteway*." *Id.* at 13. The proposed Fourth Amended Complaint therefore removes the Bacy Plaintiffs' coalition-dependent claims and clarifies that their remaining claims seek the creation of additional majority-Latino districts. This amendment includes the dismissal of all claims by plaintiff Akilah Bacy, which relate only to coalition districts.

In the interest of streamlining the Bacy Plaintiffs' claims for trial, the Bacy Plaintiffs also request leave to make two additional changes in the Fourth Amended Complaint that are unrelated to the *Petteway* issue.

First, the Bacy Plaintiffs no longer intend to pursue their congressional claims in the area referred to in the Bacy Plaintiffs' Third Amended Complaint as "South and West Texas"—the region of the State stretching from the U.S.–Mexico border to San Antonio. *See* ECF No. 613 ¶¶ 81-133. These claims were brought by Plaintiffs Orlando Flores, Marilena Garza, Cinia Montoya, Ana Ramón, Angel Ulloa, Mary Uribe, and Luz Maria Moreno; they are removed from the Fourth Amended Complaint.

Second, the Bacy Plaintiffs no longer intend to pursue any challenge to districts for the Texas House of Representatives, and they have removed all such challenges from the Fourth Amended Complaint.

These additional changes leave the Bacy Plaintiffs with Section 2 challenges to the congressional districts in Dallas-Fort Worth and in Harris County, seeking an additional majority-Latino district in each region, brought by plaintiffs Cecilia Gonzales, Agustin Loredo, Jana Lynne Sanchez, Jerry Shafer, and Debbie Lynn Solis. If this Motion is granted, the Bacy Plaintiffs will become the Gonzales Plaintiffs.[1]

## ARGUMENT

A plaintiff's dismissal of "a fragment of an action" is "appropriately considered to be an amendment to the complaint under Rule 15." *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 n.2 (5th Cir. 1978); *see also Orthoflex v. Thermotek, Inc.*, No. 3:11-CV-0870, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011). Rule 15(a)(2) allows a party to amend its pleadings "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "A motion to amend ordinarily should be granted absent some justification for refusal." *Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013). Such justifications include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed or undue prejudice to the opposing party by virtue of the allowance of the amendment." *Id.* (cleaned up).

None of these conditions are present here. The Court has already granted leave to amend with respect to coalition district claims. *See* ECF No. 853 at 13. And the additional amendments

---

[1] The Fourth Amended Complaint also adds a reference to 42 U.S.C. § 1983 in the heading of Count I to clarify the statutory basis for that claim.

3

in the proposed Fourth Amended Complaint all serve to *narrow* the Bacy Plaintiffs' claims for trial—no new claims, facts, or parties are added.

The Court also has the power to dismiss individual plaintiffs from a multi-plaintiff lawsuit such as this one. "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Plaintiffs "may voluntarily dismiss parties under Rule 21." *Collier v. Batiste*, No. Civ.A. 05-0019, 2005 WL 3543824, *3 (E.D. La. Oct. 21, 2005). Alternatively, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[M]otions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002); *see also* 9 Wright & Miller Fed. Prac. & Proc. Civ. § 2362 (4th ed.) ("The power to drop some plaintiffs or defendants from the suit plainly exists, either explicitly in the Federal Rules or in the district court's inherent power."); *Florida Rising Together v. Lee*, No. 4:21-cv-201-MW/MJF, ECF No. 229 at 2 (N.D. Fla. Oct. 29, 2021) (construing a motion to withdraw as plaintiff as a motion for voluntary dismissal as to that plaintiff only pursuant to Rule 41(a)(2) or, in the alternative, as a motion to amend the complaint to drop the withdrawing plaintiff as a party pursuant to Rule 15(a)(2)); *Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1966) ("[I]t may not be material whether the court acts under Rule 15(a) which relates to amendments, or Rule 21 which concerns misjoinder, or Rule 41(a)(2).").

Accordingly, the Bacy Plaintiffs request that the Court grant them leave to file the attached Fourth Amended Complaint and dismiss plaintiffs Bacy, Flores, Garza, Montoya, Ramón, Ulloa, Uribe, and Moreno from this action. Plaintiffs Cecilia Gonzales, Agustin Loredo, Jana Lynne

4

Sanchez, Jerry Shafer, and Debbie Lynne Solis will continue to pursue their challenges to Texas's congressional map enacted as Senate Bill 6 as the Gonzales Plaintiffs.

Dated: March 3, 2025

Renea Hicks
Attorney at Law
Texas Bar No. 09580400
Law Office of Max Renea Hicks
P.O. Box 303187
Austin, Texas 78703-0504
(512) 480-8231
rhicks@renea-hicks.com

Respectfully submitted,

/s/ David R. Fox
David R. Fox*
Richard A. Medina*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
dfox@elias.law
rmedina@elias.law

Abha Khanna*
**ELIAS LAW GROUP LLP**
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177
akhanna@elias.law

*Counsel for Plaintiffs*

*Admitted *pro hac vice*

**CERTIFICATE OF CONFERENCE**

Counsel for the Plaintiffs conferred with counsel for the Defendants in a good-faith attempt to resolve the subject matter of this Motion, and counsel for the Defendants indicated that they do not oppose the Motion.

*/s/ David R. Fox*

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on March 3, 2025, and that all counsel of record were served by CM/ECF.

*/s/ David R. Fox*