UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LULAC, *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of Texas, *et al.*,<br><br>   *Defendants*. | Case No. 3:21-CV-00259-DCG-JES-JVB<br>[Lead Case] |

**PRIVATE PLAINTIFFS' *JOINT* OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

LULAC Plaintiffs, Brooks Plaintiffs, Texas NAACP Plaintiffs, MALC Plaintiffs, and Congressional Intervenors ("Private Plaintiffs" or 'Plaintiffs") respectfully request that the Court deny Defendants' ("the State's") motion for partial judgment on the pleadings and dismiss for lack of subject matter jurisdiction. Doc. 848.

**ARGUMENT**

**I.    The Court should treat the plaintiffs' Section 2 coalition claims consistently.[1]**

As several Plaintiff groups have previously contended, the Supreme Court has not ruled on the question of whether a three-judge district court is bound by Circuit precedent in light of the Supreme Court's direct appellate review of its decisions. But Private Plaintiffs recognize that the Court has now ruled that its contrary conclusion is the law of the case and the Court must treat all Plaintiffs' coalition claims consistently.

---

[1] The LULAC Plaintiffs have no coalition claims and thus do not join Part I of this Opposition.

1

The State, however, has not accurately identified the Brooks Plaintiffs' coalition claims and correction is required to ensure that the Court has an accurate portrayal when it rules on the motion to dismiss. The Brooks Plaintiffs' Third Amended Complaint seeks just two coalition districts: (1) Count 5 (SD10) and (2) Count 7 (HD54 & 55 in Bell County). The Brooks Plaintiffs also pleaded in the alternative with respect to their Dallas/Fort Worth Section 2 congressional claim and included both a Latino majority demonstrative district and a coalition demonstrative district in their complaint. Doc. 612 ¶¶ 129-33. Following *Petteway*, the Brooks Plaintiffs noted that they only intend to pursue the Latino-majority DFW congressional claim at trial. *See* Doc. 821 at 2 n.2. The State miscounts by adding together all the districts that the Brooks Plaintiffs identified as *contributing* to the allegedly unlawful vote dilution by cracking the region's minority population. That was not intended as an accounting of the number of *new* coalition districts sought.

## II. Plaintiffs' claims were not mooted by the legislature's ratification of the 2021 maps.

The Court should deny the State's motion for judgment on the pleadings regarding the 2023 Legislature's ratification of the 2021 state legislative maps. "[T]he standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events make it *absolutely clear* that the allegedly wrongful *behavior* could not reasonably be expected to recur." *Friends of Earth, Inc. v. Laidlaw Env't Servs.*, 528 U.S. 167, 170 (2000) (emphasis added)). Even changes to a challenged law "will not moot the case if the government repeals the challenged action and replaces it with something substantially similar." *Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 374 (5th Cir. 2022) (cleaned up).

The State's contention that Plaintiffs' claims against the state legislative maps—which *have not changed*—is somehow mooted by the Legislature's 2023 "ratification" of those maps makes no sense. The State does not begin to explain how the *ratification and continuation* of a

2

challenged practice could somehow render the challenge moot. This gets the concept of mootness exactly backwards.

*First*, the 2021 state house (H.B. 1) and state senate (S.B. 4) Acts that adopted the challenged legislative maps are *still in effect*. Both Acts set forth legal descriptions of the districts they enacted (by identifying Census Tracts and Blocks), and provided that they "supersede[] all previous enactments or orders adopting districts," that "[a]ll previous acts of the legislature adopting districts . . . are repealed," and that they applied "beginning with the primary and general elections in 2022." H.B. 1, 87th 3rd C.S., https://capitol.texas.gov/tlodocs/873/billtext/pdf/HB00001F.pdf#navpanes=0; S.B. 4, 87th 3rd C.S., https://capitol.texas.gov/tlodocs/873/billtext/pdf/SB00004F.pdf#navpanes=0.

No law has since been enacted superseding or repealing H.B. 1 or S.B 4. Rather, in 2023, the Legislature—to comply with a technical requirement of the Texas Constitution that redistricting occur in the first *regular* session following receipt of the Census data—passed H.B. 1000 (state house) and S.B. 375 (state senate) through which the Legislature "ratified" the maps enacted in 2021. H.B.1000 provides:

> The districts used to elect members of the Texas House of Representatives in 2022, established by Chapter 1 (H.B. 1), Acts of the 87th Legislature, 3rd Called Session, 2021 (PLANH2316 in the Texas Legislature's redistricting system), are hereby ratified and adopted as the districts used to elect members of the Texas House of Representatives.[2]

And S.B. 375 provides:

> The districts used to elect members of the Texas Senate in 2022, established by Chapter 5 (S.B. 4), Acts of the 87th Legislature, 3rd Called Session, 2021 (PLANS2168 in the Texas Legislature's redistricting system), are hereby ratified and adopted as the permanent districts used to elect members of the Texas Senate.[3]

---

[2] H.B. 1000, 88th Reg. Sess., available at
https://capitol.texas.gov/tlodocs/88R/billtext/pdf/HB01000F.pdf#navpanes=0.
[3] S.B. 375, 88th Reg. Sess., available at:
https://capitol.texas.gov/tlodocs/88R/billtext/pdf/SB00375F.pdf#navpanes=0.

3

Neither H.B. 1000 nor S.B. 375 contain any legal descriptions of districts nor do they purport to repeal or supersede either H.B. 1 or S.B. 4. Instead, they expressly provide that the 2021 redistricting plans for state house and senate are "ratified and adopted as the permanent districts" for the state legislature. *Id.* Both H.B. 1000 and S.B. 375 identify the Bill Numbers that adopted the maps in 2021 (H.B. 1 and S.B. 4) as well as the Texas Legislature's redistricting system Plan numbers for both ratified maps (Plan H2316 and Plan S2168). S.B. 375 reiterates that the districts "are a continuation of the districts used for the election of members of the Senate of the 88th Legislature" S.B. 375, 88th Reg. Sess, § 3, https://capitol.texas.gov/tlodocs/88R/billtext/pdf/SB00375F.pdf#navpanes=0. These are the precise Plans that Plaintiffs identify and challenge in their operative complaints and that continue in effect today. The State offers no explanation for how the current redistricting plans could possibly be "obsolete." Doc. 848 at 5.

The State contends that "[w]hen 'as here, a statute or regulation is amended or repealed after plaintiffs bring a suit challenging the legality of that statute or regulation . . . mootness is the default.'" Doc. 848 at 4 (quoting *Freedom from Religion Found v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023)). But H.B. 1 and S.B. 4 were not "amended or repealed" by the 2023 ratification bills. Both H.B. 1 and S.B. 4 remain Texas law—indeed, they are the only source of Texas law that lists the legal descriptions of the state legislative districts. If they were "obsolete," as the State remarks, then Texas would have *no* legally operative legislative districts. The State's contention that there is "no longer an ongoing controversy," Doc. 848 at 4 (quoting *Ozinga v. Price*, 855 F.3d 730, 734 (7th Cir. 2017), because the 2023 Legislature *ratified* the 2021 maps and left the Acts enacting those plans in full force and effect borders on frivolous. A challenge to a law that *remains in effect* is under no plausible definition "moot."

4

*Second*, Plaintiffs' complaints—while some also reference H.B. 1 and S.B. 4 in describing the legislative background—all seek to enjoin further use of particular *redistricting maps*—using the same TLC "Plan Numbers" that H.B. 1 and S.B. 375 themselves identify as the permanent state legislative maps. *See, e.g.*, Doc. 612 (Brooks Third Am. Complaint) ¶¶ 3, 12, 65, 81, 262, 264, 266; *see also* Requested Relief ¶¶ (a), (b), and (c) (challenging Plan S2168); *id.* ¶¶ 14, 198, 201, 211, 212, 220, 222, 223, 224, 258, 287, 290, 296, 298, 300, 302; *see also id. at* Requested Relief ¶¶ (e), (f), & (i) (challenging Plan H2316); *see also*, Doc. 714 (LULAC Fourth Am. Complaint) ¶¶ 520, 521, 528, and 529; *see also* Requested Relief ¶¶ (b), (d), (f), and (g) (challenging Plan S2168); *id*. ¶¶ 520, 521, 524, 525, 528, and 529; *see also id.* at Requested Relief ¶¶ (b), (c), (d), (f), and (g) (challenging Plan H2316).; Doc. 646 (TX NAACP Second Am. Complaint) ¶¶ 10, 247, 253, 254, 267, 281, 341, 368, 376, 380, 386; *see also id.* at Requested Relief ¶¶ ii and iv; Doc. 319 (MALC'S Second Am. Complaint) at p. 2 ("Plaintiff requests declaratory and injunctive relief against Defendants in regard to the redistricting plans adopted by the State of Texas for the Texas House of Representatives (H2316); ¶¶ 93-106 (challenging Plan H2316 West Texas systemic over-population); ¶¶ 110-117 (challenging Plan H2316 related to HD 37); ¶¶ 131-146 (challenging Plan H2316 under Section 2 for failing to draw Harris County opportunity district); and Prayer for Relief (e) (requesting permanent injunction of Plan H2316).

As Plaintiffs' complaints make clear, their challenges are to Plan S2168 and Plan H2316— the precise TLC Plan Numbers that remain in effect today and were expressly identified and ratified as the permanent plans by the 2023 Legislature in H.B. 1000 and S.B. 375. Claims against live maps are not moot.

*Third*, Plaintiffs' Section 2 claims, as the statute makes clear, challenge the State's "standard, practice, or procedure" of conducting state legislative elections under the challenged

*maps*—and not the particular legislation that adopted the maps. 52 U.S.C. § 10301(a). The State's practice of implementing Plans H2316 and S2168 has not abated.

*Fourth*, even if the State has ceased implementing the challenged maps—which it has not—the fact that it ratified and confirmed the permanence of those maps means the challenges are not moot. "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). Where the conduct is "expected to recur," *id.* at 289 n.10, the case is not moot; *see also Perez v. Abbott*, 970 F. Supp. 2d 593, 602 (W.D. Tex. 2016) (same). Here, not only is the use of Plans S2168 and H2316 *expected* to recur, but it *has* recurred.

The State asks this Court to turn the mootness doctrine on its head to conclude that legislative acts ratifying existing laws somehow rendered those laws "obsolete." The Court should not accept the State's invitation to so radically distort the mootness doctrine.

### III. The 2023 Legislature's ratification of the 2021 Legislature's maps do not void Plaintiffs' intentional discrimination claims.

The 2023 Legislature's ratification bills did not void Plaintiffs' intentional discrimination claims. Texas contends that the 2021 Legislature's intent cannot be imputed to the 2023 Legislature. This argument is both irrelevant and wrong.

*First,* the 2023 Legislature's intent did nothing to moot the 2021 Legislature's adoption of the challenged maps. As discussed above, the literal text of Texas law that established the boundaries of the allegedly discriminatory maps in 2021 was wholly unaffected by the 2023 Legislature's statement of ratification of those maps. Because the 2021 Acts defining the boundaries of the state legislative districts remains the law, the 2021 Legislature's intent in adopting those maps is relevant.

*Second*, even if H.B. 1000 and S.B. 375 could be characterized as a reenactment, this Court has already denied the State's motion to dismiss the Bacy and Fair Maps Plaintiffs' intentional discrimination claims on these exact grounds. Doc. 853. As the Supreme Court explained in *Abbott v. Perez*, intent can be imputed from one legislature to another when a discriminatory law is reenacted. *See* Order, Doc. 853 at 12; *Abbott v. Perez*, 585 U.S. 579, 604 (2018) (declining to impute intent where it was not "a case in which a law originally enacted with discriminatory intent is later reenacted by a different legislature").

The State's contention that it can evade liability for an intentionally discriminatory law by simply passing a bill ratifying that law in a subsequent legislative session is wholly unsupported.

**IV.   If the Court finds it necessary, Plaintiffs should be granted leave to amend or supplement their complaints.**

If the Court concludes that there is no live controversy unless the pleadings specify "H.B. 1000" and "S.B. 375" in seeking relief—even though the complaints already ask that the implementation of the specific maps ratified in those bills be enjoined—then Plaintiffs should be granted leave to so amend their complaints. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Five considerations guide the Court's decision: (1) "undue delay," (2), "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice by the opposing party by virtue of allowance of the amendment," and (5) "futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "Merely because a claim was not presented as promptly as possible . . . does not vest the district court with authority to punish the litigant." *Id.* (quoting *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982)). None of these factors warrant withholding leave to amend.

*First*, the State's contention that "Plaintiffs are surely without excuses for their delay," Doc. 848 at 6, is wrong because, as explained above, Plaintiffs' claims are *not moot*. And at the very least, even if this Court ultimately concludes otherwise, Plaintiffs' *belief* that the 2023 "ratification" neither mooted nor in any way affected their claims was surely a reasonable one. The Acts enacting the maps have not been repealed or otherwise changed and the exact same maps continue in effect today. The 2021 Acts—not the 2023 ratification—provides the legal descriptions of the challenged maps. Plaintiffs did not unduly delay an amendment because it reasonably appeared to them that an amendment was wholly unnecessary as a legal matter. Plaintiffs should not be punished for declining to needlessly file additional pleadings, needlessly triggering additional motions to dismiss, which would needlessly take up more of this Court's time and resources.[4]

*Second*, the State is wrong to cite this Court's December 5, 2022 Notice and Order, which observed that "the Texas Legislature will likely redistrict the state house and senate during the 2023 regular legislation session," as evidence that Plaintiffs were "on notice" of the law. Doc. 848 at 6 (quoting Doc. 665 at 1). The Court's prediction that the 2023 Legislature would "*re*district" turned out to be mistaken. The 2023 Legislature did no such thing. It left in place the literal text of the 2021 Acts that *did* redistrict the state legislative boundaries from the law previously in effect.

*Third*, as some Plaintiffs made clear to the State, repeated amendments with every passing "ratification," election cycle, or data release would be an unnecessary drain on the parties' and the Court's resources. *See, e.g.*, Doc. 848-1 at 1 ("[T]he NAACP Plaintiffs and Brooks Plaintiffs will likely amend or supplement when we have a pretrial schedule."). Plaintiffs said the same in the

---

[4] Plaintiffs' desire to avoid unnecessary filings has been, regrettably, met with the State's motion contending that a challenge is moot if the thing it challenges is still in effect.

parties' August 28, 2023 Joint Status Report. In requesting a trial date, Plaintiffs noted that upon designation of a trial date, they would "seek to meet and confer with the State Defendants and submit to the Court a proposed schedule for pre-trial proceedings—including, for example, any amendments of pleadings to account for the 88th Legislature's reenactment of the redistricting plans initially passed by the 87th Legislature." Doc. 730 at 7. To begin, as explained above, this was an inartful description—the 2023 Legislature ratified, it did not reenact, the 2021 Legislature's maps. In any event, in August 2023, Plaintiffs noted that they would await amendment until there was a trial date to ensure that to the extent amendments were necessary, they could be done *once*.

*Fourth*, none of the other factors are present here. The State cites no bad faith, no previous failure to timely file amended complaints upon being granted leave to do so, no prejudice they suffer by amendments being allowed, and no reason why amendments (aside from regarding the coalition claims) would be futile. Put simply, the State is not prejudiced by an amendment that causes it to continue defending the *exact same maps* it has been defending since these lawsuits began. Preventing the State from winning on a technicality—especially one as absurd as the contention that a *continuation* of a challenged law constitutes its *obsolescence*—does not constitute "undue prejudice." *Rosenzweig*, 332 F.3d at 864.

If it is deemed necessary, the Court should grant leave to Plaintiffs to amend their complaints to reflect the 2023 Legislature's passage of H.B. 1000 and S.B. 375. Indeed, several Plaintiffs are simultaneously or forthwith filing motions for leave to do so and to otherwise streamline their claims and help efficiently bring the case to resolution.

## CONCLUSION

For the foregoing reasons, the State's motion for judgment on the pleadings should be denied.

March 3, 2025                                                      Respectfully submitted,

*/s/ Lindsey B. Cohan*                                              */s/ Chad W. Dunn*
Lindsey B. Cohan                                                   Chad W. Dunn (Tex. Bar No. 24036507)
Texas Bar No. 24083903                                             Brazil & Dunn
DECHERT LLP                                                        1900 Pearl Street
515 Congress Avenue, Suite 1400                                    Austin, TX 78705
Austin, TX 78701                                                   (512) 717-9822
(512) 394-3000                                                     chad@brazilanddunn.com
lindsey.cohan@dechert.com

Sofia Fernandez Gold*                                              */s/ Mark P. Gaber*
David Rollins-Boyd                                                 Mark P. Gaber*
LAWYERS' COMMITTEE FOR                                             Mark P. Gaber PLLC
CIVIL RIGHTS UNDER LAW                                             P.O. Box 34481
1500 K Street, Suite 900                                           Washington, DC 20043
Washington, DC 20005                                               (715) 482-4066
(202) 662-8600                                                     mark@markgaber.com
sfgold@lawyerscommittee.org
drollins-boyd@lawyerscommittee.org                                 Jesse Gaines* (Tex. Bar. No. 07570800)
                                                                   P.O. Box 50093
Neil Steiner*                                                      Fort Worth, TX 76105
DECHERT LLP                                                        817-714-9988
1095 Avenue of the Americas                                        gainesjesse@ymail.com
New York, NY 10036
(212) 698-3822                                                     Molly E. Danahy*
neil.steiner@dechert.com                                           P.O. Box 51
                                                                   Helena, MT 59624
Robert Notzon                                                      (406) 616-3058
Texas Bar No. 00797934                                             danahy.molly@gmail.com
THE LAW OFFICE OF ROBERT
NOTZON                                                             Sonni Waknin*
1502 West Avenue                                                   10300 Venice Blvd. # 204
Austin, Texas 78701                                                Culver City, CA 90232
(512) 474-7563                                                     732-610-1283
robert@notzonlaw.com                                               sonniwaknin@gmail.com

Gary Bledsoe
Texas Bar No. 02476500                                             *Admitted *pro hac vice*
THE BLEDSOE LAW FIRM PLLC
6633 Highway 290 East #208                                         *Counsel for Brooks Plaintiffs*
Austin, Texas 78723-1157
(512)322-9992                                                      MEXICAN AMERICAN LEGAL
gbledsoe@thebledsoelawfirm.com                                     DEFENSE
                                                                   AND EDUCATIONAL FUND

10

*Attorney only as to Texas NAACP's claims related to Texas state senate and state house plans*

Anthony P. Ashton*
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-577
aashton@naacpnet.org

Janette M. Louard
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-577
jlouard@naacpnet.org
*Attorneys appearing of counsel*

*Admitted pro hac vice*

*Counsel for the Texas State Conference of the NAACP*

*/s/ Gary Bledsoe*
The Bledsoe Law Firm PLLC
State Bar No. 02476500
6633 Highway 290 East #208
Austin, Texas 78723-1157
Telephone: 512-322-9992
gbledsoe@thebledsoelawfirm.com

Nickolas A. Spencer
Spencer & Associates, PLLC
808 Travis Street, Suite 100
Houston, TX 77002
Phone: 713-863-1409
Email: nas@naslegal.com
Bar no: 24102529

*Attorneys for Congressional Intervenors*

*/s/ Nina Perales*
Nina Perales
Texas Bar No. 24005046
Fátima Menendez
Texas Bar No. 24090260
Julia Longoria
Texas Bar No. 24070166
110 Broadway, Suite 300
San Antonio, TX 78205
(210) 224-5476
FAX (210) 224-5382

*Counsel for LULAC Plaintiffs*

SOMMERMAN, MCCAFFITY, QUESADA & GEISLER, L.L.P.

*/s/ Sean J. McCaffity*
Sean J. McCaffity
State Bar No. 24013122
George (Tex) Quesada
State Bar No. 16427750
3811 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219-4461
214-720-0720 (Telephone)
214-720-0184 (Facsimile)
SMcCaffity@textrial.com
Quesada@textrial.com

*Attorneys for MALC Plaintiffs*

11

## CERTIFICATE OF SERVICE

I certify that the foregoing was served on all counsel of record on March 3, 2025 via the Court's CM/ECF system.

*/s/ Chad W. Dunn*