UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LULAC, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of Texas, *et al.*, <br><br> *Defendants*. | Case No. 3:21-CV-00259-DCG-JES-JVB <br> [Lead Case] |
| ROY CHARLES BROOKS, FELIPE GUTIERREZ, PHYLLIS GOINES, EVA BONILLA, CLARA FAULKNER, DEBORAH SPELL, SANDRA M. PUENTE, JOSE R. REYES, SHIRLEY ANNA FLEMING, LOUIE MINOR JR, NORMA CAVAZOS, LYDIA ALCALAN, and MARTIN SAENZ, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of Texas; JANE NELSON, in her official capacity as Secretary of State of Texas, and STATE OF TEXAS, <br><br> *Defendants*. | Case No. 1:21-CV-00991-DCG-JES-JVB <br> [Consolidated Case] |

**BROOKS PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

The Brooks Plaintiffs respectfully request leave to file a Fourth Amended Complaint. The proposed amended complaint is attached as Exhibit 1 (clean copy) and Exhibit 2 (redline showing changes from Third Amended Complaint, Doc. 612). The main purposes for the proposed amendment are to 1) add allegations regarding the legislature's 2023 ratification of the 2021

1

legislature's state house and senate redistricting plans, 2) separate Plaintiffs' Section 2 Dallas/Fort Worth congressional claim into distinct Counts for the Latino-majority claim and the alternative Black/Latino coalition claim to make the Court's task of identifying coalition claims it intends to dismiss easier, and 3) remove the constitutional claims regarding the Bell County and Bexar County house districts that Brooks Plaintiffs had pled in the Third Amended Complaint but do not intend to pursue at trial.

As Brooks Plaintiffs explain below, the Court should grant leave for the Fourth Amended Complaint to be filed.[1]

## ARGUMENT

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Five considerations guide the Court's decision: (1) "undue delay," (2), "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice by the opposing party by virtue of allowance of the amendment," and (5) "futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "Merely because a claim was not presented as promptly as possible . . . does not vest the district court with authority to punish the litigant." *Id.* (quoting *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982)). None of these factors should preclude the Brooks Plaintiffs from being granted leave to file their Fourth Amended Complaint.

*First*, the Brooks Plaintiffs have not unduly delayed seeking leave to file their amendment. In their amended motion to dismiss and for judgment on the pleadings, Doc. 848, the State

---

[1] In its Amended Motion to Dismiss and for Judgment on the Pleadings, the State Defendants express their opposition to plaintiffs being granted further leave to amend their complaints.

Defendants contend that various plaintiffs, including the Brooks Plaintiffs, have delayed the filing of amended or supplemental complaints regarding the 2023 legislature's ratification of the 2021 state legislative maps. Brooks Plaintiffs incorporate their response to that motion, filed today, *see* Doc. 860, herein. They could not have unduly delayed an amendment because no amendment is necessary to ensure that Brooks Plaintiffs have pled claims against the current maps. The 2023 legislature's ratification did not moot plaintiffs' claims against the 2021 maps because the ratification bills neither repealed nor amended the 2021 Acts. Indeed, they *continued* the precise same maps in effect. In other words, Brooks Plaintiffs' Third Amended Complaint sufficiently and completely challenged the maps in effect then and in effect today. Nevertheless, Brooks Plaintiffs propose making clear in their Fourth Amended Complaint that they challenge the maps enacted in 2021 and ratified in 2023, lest there be any doubt. Brooks Plaintiffs are seeking leave soon after the Court ruled on the State's motion to dismiss the Bacy and Fair Maps Plaintiffs allegations regarding the 2023 legislature, and by the same deadline the Court granted those plaintiffs to file their amended complaints. By doing so, the Brooks Plaintiffs have made efficient use of the parties' and the Court's time and resources—waiting until the Court issued a clear ruling on the State's substantive arguments regarding dismissal without duplicating filings and requiring unnecessary orders.

Moreover, the Court likewise only recently announced its intended disposition of the Section 2 coalition claims in this case. Brooks Plaintiffs propose to amend their complaint to clarify which Counts pertain to coalition claims (*i.e.* Counts 5 (SD10), 7 (DFW Congress), and 10 (Bell County State House)) so that the Court can easily identify those claims in issuing its dismissal

order.[2] And with the Court now scheduling trial, there is no delay in the Brooks Plaintiffs streamlining their claims to eliminate those they do not intend to pursue at trial.

*Second*, there is no dilatory or bad faith conduct in the Brooks Plaintiffs seeking leave to file their Fourth Amended Complaint. Its purpose is to make the Court's task in ruling on issues more efficient, to streamline the issues for trial, and to address the State Defendants' professed concern for the ratification technicality.

*Third*, the Brooks Plaintiffs have never missed a deadline by which the Court has granted leave to file an amended complaint.

*Fourth*, State Defendants will experience no undue prejudice by the amendment. As Private Plaintiffs explain in their opposition to the motion to dismiss and for judgment on the pleadings, Defendants face no prejudice from having to continue to defend the *precise same maps* that the Brooks Plaintiffs have challenged since the case was filed. Nor could they face prejudice from the Brooks Plaintiffs clarifying the distinct Latino-majority and coalition Section 2 claims or removing claims that are not going to be pursued at trial.

*Fifth*, amendment is not futile. The same operative maps will be challenged in the amendment as they were in the Third Amended Complaint.

## CONCLUSION

For the foregoing reasons, the Brooks Plaintiffs' motion for leave to file their Fourth Amended Complaint should be granted.

---

[2] Although the Court has announced its intent to dismiss coalition claims pursuant to the Fifth Circuit's *Petteway* decision, Brooks Plaintiffs include them in the Fourth Amended Complaint to ensure that their operative complaint includes them so as to preserve the ability to seek appellate review.

4

March 3, 2025                               Respectfully submitted,

*/s/ Chad W. Dunn*
Chad W. Dunn (Tex. Bar No. 24036507)
Brazil & Dunn
1900 Pearl Street
Austin, TX 78705
(512) 717-9822
chad@brazilanddunn.com

*/s/ Mark P. Gaber*
Mark P. Gaber*
Mark P. Gaber PLLC
P.O. Box 34481
Washington, DC 20043
(715) 482-4066
mark@markgaber.com

Jesse Gaines* (Tex. Bar. No. 07570800)
P.O. Box 50093
Fort Worth, TX 76105
817-714-9988
gainesjesse@ymail.com

Molly E. Danahy*
P.O. Box 51
Helena, MT 59624
(406) 616-3058
danahy.molly@gmail.com

Sonni Waknin*
10300 Venice Blvd. # 204
Culver City, CA 90232
732-610-1283
sonniwaknin@gmail.com


*Admitted *pro hac vice*

*Counsel for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

I certify that on March 3, 2025, the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Chad W. Dunn*
Chad W. Dunn