# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, § § § | |
| *Plaintiffs,* § | |
| v. § | Case No. 3:21-cv-00259-DCG-JES-JVB |
| § | [Lead Case] |
| § | |
| GREG ABBOTT, *et al.*, § § | |
| *Defendants.* § | |

## OPPOSED MOTION TO SET DEADLINE TO AMEND COMPLAINTS

Defendants, the State of Texas; Jane Nelson, in her official capacity as Secretary of State; and Dave Nelson, in his official capacity as Deputy Secretary of State, respectfully request that the Court: (1) set by order a deadline of Monday, March 17, 2025, on or before which all Plaintiffs must have submitted final operative complaints, and 2) reject as untimely any motions for leave to amend the Court receives after that date.

### INTRODUCTION

Trial in this case commences in just seventy days. Despite this rapidly approaching date, multiple Plaintiffs still refuse to amend their complaints to provide Defendants with fair notice of the scope, content, and bases of their claims. Plaintiffs have run out of excuses to explain their delay. As Defendants explained last week, it's been two and a half years since the Court postponed the original trial date, largely at the request of Plaintiffs. The Texas Legislature reconsidered the state House and Senate maps nearly twenty-two months ago, and a full year has gone by since Plaintiffs alerted Defendants that amended and supplemental complaints were imminent. Yet, Defendants are still in the dark.

At the March 5, 2025, status conference, Plaintiffs stated that they were waiting to amend their complaints until the Court set a trial date—or in their words, until "we understood that we

were ready to go." Tr. of March 5, 2025, Status Conference, at 12:6–7. That time is now. In the weeks leading to trial, the Parties still need to reopen expert discovery; disclose updated expert reports and rebuttals; conduct expert depositions; supplement disclosures and discovery responses; file pretrial briefing, including motions in limine and a joint pre-trial order; and prepare their case-in-chief. Defendants cannot perform these tasks on equal footing with Plaintiffs without knowing what claims will proceed to trial.

For this reason, Defendants sought to negotiate an amended complaint deadline with Plaintiffs. After first proposing March 7, 2025, by email, Defendants offered multiple dates at a meet and confer that would permit Defendants to organize and marshal their case-in-chief in time to meet other trial deadlines. All offers were rejected. Plaintiffs instead insisted that the deadline should be seven days after the Court's ruling on Defendants' pending motion to dismiss. Given the expedited schedule, Plaintiffs' counterproposal would prejudice Defendant's ability to prepare for trial. Defendants turn to the Court for relief.

## ARGUMENT

Plaintiffs, at bare minimum, have an obligation to "give [Defendants] fair notice of what the . . . claim is and the grounds upon which it rests." *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That notice must be given early enough that Defendants have a fair opportunity to develop their facts and evidence prior to trial. See *Taylor v. Illinois*, 484 U.S. 400, 410–11 (1988) ("The adversary process could not function effectively without adherence to rules of procedure that . . . provide each party with a fair opportunity to assemble and submit evidence."). Notwithstanding this duty, multiple Plaintiffs in this consolidated action have dithered when amending or supplementing their complaint such that further delay would "unfairly limit [Defendants'] ability to present their case at trial." *Grimes v. Avis Budget Group, Inc.*, No. 3:20-CV-0486-M-BH, 2021 WL 2167005, at *4 (N.D. Tex. May 27, 2021). As this Court well knows, trial is scheduled to start on May 21, 2025, just seventy days from the date of this filing. The immediacy of this trial date already puts the

Parties on a compressed pre-trial timeline. *See* ECF 856; *see also* Tr. of March 5, 2025, Status Conference, at 28:20–24. To make appropriate use of this compressed timeframe and prepare their case-in-chief on equal terms, Defendants must have a clear picture of the claims which they must refute.

As it stands, Plaintiffs' delay puts Defendants in an asymmetric and unequal litigating position. For example, the Parties are converging on an agreement to set March 31, 2025, as the final day to designate expert witnesses and disclose updated reports—that is nineteen days from the date of this motion. Absent an earlier pleading deadline, Plaintiffs could simply wait until after the Parties circulate the next round of reports before disclosing their claims. Plaintiffs would suffer no disadvantage because Plaintiffs know the contours of their own lawsuit and can instruct their experts accordingly. Defendants, in contrast, must guess at the content of Plaintiffs' case and then expend unnecessary resources to course correct for even the slightest error in their estimation. That same dynamic would play out all through trial preparation. Defendants would not know which districts were at issue and therefore which facts, witnesses, and arguments Defendants should target when building their presentation to the Court. This unquestionably prejudices Defendants' ability to defend this complex consolidated action. Under this compressed schedule, where the Parties have just 70 days to conduct an additional round of expert discovery and prepare for trial, Plaintiffs' delay amplifies that prejudice.

Defendants have done their best to be flexible. Defendants recognize that factual developments have occurred since this Court pushed the original trial setting that may necessitate some of the consolidated Plaintiffs to amend or supplement their complaints. That is why Defendants first raised the matter with Plaintiffs in August 2023, and why Defendants did not oppose any motion for leave until after the Court advised the Parties of its intention to reschedule the trial for May. Now that trial approaches, however, indulgence of Plaintiffs' indecision must cease. Plaintiffs have known about the need to amend their complaints for years. "Liberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time." *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981). Because each plaintiff is master

of his case, the Court should conclude that, after Monday, March 17, 2025, Plaintiffs have pled their best case, and that there is no cause to provide additional opportunity to supplement beyond what it has already given. *Cf. Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985).

## CONCLUSION

Defendants respectfully move that this Court order Plaintiffs to submit any forthcoming final amended complaints on or before March 17, 2025, and dismiss as untimely any complaints submitted after that date.

Date: March 12, 2025

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

Respectfully submitted,

*/s/ Ryan G. Kercher*
RYAN G. KERCHER
Chief, Special Litigation Division
Tex. State Bar No. 24060998

KATHLEEN T. HUNKER
Deputy Chief, Special Litigation Division
Tex. State Bar No. 24118415

WILLIAM D. WASSDORF
Deputy Chief, General Litigation Division
Tex. State Bar No. 24103022

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
ryan.kercher@oag.texas.gov
kathleen.hunker@oag.texas.gov
will.wassdorf@oag.texas.gov

**CERTIFICATE OF CONFERENCE**

I certify that on March 12, 2025, State Defendants conferred with counsel for the Plaintiffs and Intervenor-Defendants via video conference. All parties who have yet to amend, but intend to, communicated that they are opposed to any deadline to amend falling prior to a ruling on the pending motion to dismiss.

*/s/ Ryan G. Kercher*
RYAN G. KERCHER

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on March 12, 2025 and that all counsel of record were served by CM/ECF.

*/s/ Ryan G. Kercher*
RYAN G. KERCHER