UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS**, *et al.*, | § § § § § | |
| *Plaintiffs*, | § § | |
| **EDDIE BERNICE JOHNSON**, *et al.*, | § § | EP-21-CV-00259-DCG-JES-JVB [Lead Case] |
| *Plaintiff-Intervenors*, | § § | & |
| v. | § § | **All Consolidated Cases** |
| **GREG ABBOTT**, *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § § | |
| *Defendants*. | § | |

### ORDER SETTING DEADLINE TO FILE MOTIONS FOR LEAVE TO AMEND

Several of the Plaintiff Groups have expressed the desire to amend their pleadings one last time before trial to update their allegations about their members' districts of residence, remove claims that are no longer viable, cite to previously unavailable statistical evidence, and make other conforming changes.

For the reasons stated on the record at the March 5, 2025 status conference, while we agree that it's appropriate to let Plaintiffs make those changes before trial, we also agree with Defendants that it's necessary to set a date by which the Plaintiffs' pleadings must be set in stone.

The Court therefore **ORDERS** that any Plaintiff Group that wishes to amend its pleadings before trial must move to do so before **March 20, 2025**.

The Court further **EMPHASIZES** that any Plaintiff Group seeking to amend its pleadings must either file a *motion* for leave to amend or obtain Defendants' *written consent*.[1] No Plaintiff Group may upload its putative amended pleading directly onto the docket absent one of those two things.[2] Any such motion for leave to amend must comply with all applicable procedural rules, including Western District of Texas Local Rule CV-7(G)'s conference requirement.[3]

Depending on which Plaintiff Groups move to amend their pleadings, whether the Court grants those motions, and what allegations and claims those amended pleadings contain, Defendants' "First Amended Motion for Partial Judgment on the Pleadings and to Dismiss for Lack of Subject Matter Jurisdiction" (ECF No. 848) may become partly or entirely moot.[4] The Court will therefore wait to rule on Defendants' Motion until after Plaintiffs' March 20, 2025 deadline to file motions to amend their complaints.

---

[1] *See* FED. R. CIV. P. 15(a)(2) (providing (with exceptions not relevant here) that "a party may amend its pleading *only* with *the opposing party's written consent* or *the court's leave*" (emphases added)).

[2] *See id.*; *see also* W.D. TEX. L.R. CV-7(B) ("When a motion for leave to file a pleading . . . is required, an executed copy of the proposed pleading . . . shall be filed as an *exhibit* to the motion for leave. Unless otherwise ordered, *if the motion for leave is granted*, the *clerk* shall promptly file the pleading . . . ." (emphases added)).

[3] *See, e.g.*, W.D. TEX. L.R. CV-7(G) ("The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.").

[4] *See, e.g.*, *Hinojosa v. Merchants & Pro. Bureau, Inc.*, No. 1:19-CV-835, 2020 WL 13413469, at *1 (W.D. Tex. Apr. 30, 2020) ("Generally, an amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading. As a result, when a plaintiff files an amended complaint while a motion to dismiss is pending, courts often dismiss [sic] the motion to dismiss as moot. Although a district court need not necessarily deny a pending motion to dismiss as moot, courts typically only refrain from doing so when the amended complaint does not address the defects asserted in the motion to dismiss." (cleaned up)).

- 3 -

Finally, the Court **DENIES** Defendants' "Opposed Motion to Set Deadline to Amend Complaints" (ECF No. 873) as **MOOT**.

**So ORDERED and SIGNED this 12th day of March 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

*And on behalf of:*

| **Jerry E. Smith** | | **Jeffrey V. Brown** |
| **United States Circuit Judge** | *-and-* | **United States District Judge** |
| **U.S. Court of Appeals, Fifth Circuit** | | **Southern District of Texas** |