UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS,** *et al.*, | § § § § § | |
| *Plaintiffs*, | § § | |
| **EDDIE BERNICE JOHNSON,** *et al.*, | § § | EP-21-CV-00259-DCG-JES-JVB [Lead Case] |
| *Plaintiff-Intervenors*, | § § | & |
| v. | § § | **All Consolidated Cases** |
| **GREG ABBOTT,** *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § § | |
| *Defendants*. | § § | |

**PRETRIAL SCHEDULING ORDER**

As set forth below, the Court **GRANTS** "Plaintiffs' Opposed Motion to Enter Pretrial Scheduling Order" (ECF No. 874) **IN PART** and **DENIES** it **IN PART**.

**I.   Amended Complaints**

The Court **DENIES** the Motion **IN PART** to the extent Plaintiffs ask the Court to give them until "7 days from the Court's ruling on State Defendants' First Amended Motion to Dismiss" to "file amended complaints."[1]  The Court has issued an order setting a **March 20, 2025** deadline for each Plaintiff Group to amend its pleadings one last time before trial.[2]  The Court stated in that order that, because those amendments could render Defendants' Motion to Dismiss "partly or entirely moot," the Court will "wait to rule on Defendants' Motion [to

---

[1] Mot., ECF No. 874, at 1.

[2] Order Setting Deadline File Mots. Leave Amend, ECF No. 877, at 1.

Dismiss] until after Plaintiffs' March 20, 2025 deadline to file motions to amend their complaints" has expired.[3]

## II.  Discovery and Disclosures

The Court **GRANTS** Plaintiffs' Motion **IN PART** to the extent the parties have mutually agreed to the following discovery and disclosure dates and deadlines:[4]

| | |
|---|---|
| **March 21, 2025**: | Deadline to supplement initial disclosures and discovery responses; fact discovery reopens for newly-disclosed individuals and documents. |
| **March 31, 2025**: | Deadline to disclose supplemental expert reports, along with at least two dates that the expert[5] is available for deposition; expert discovery reopens. |
| **April 16, 2025**: | Deadline to disclose rebuttal expert reports, along with at least two dates the rebuttal expert is available for deposition. |
| **April 25, 2025**: | Close of discovery; parties exchange potential joint exhibits.[6] |

---

[3] *Id.* at 2.

[4] *See* Mot. at 1 (indicating that Plaintiffs and Defendants "are in agreement with all dates" proposed in Plaintiffs' Motion "except the proposed 7-day deadline for amendment of complaints").

[5] The Motion appears to propose two different deadlines for the parties to identify "at least two dates the rebuttal expert is available for deposition." *Compare id.* at 2 (proposing a March 31, 2025 deadline to do so), *with id.* (proposing an April 16, 2025 deadline to do so). The Court presumes that the March 31, 2025 deadline's reference to a *rebuttal* expert—rather than the expert who drafted the *supplemental* expert report mentioned in that portion of the Motion—is an error. *See id.* If that assumption is incorrect, though, the parties may move to modify this Order accordingly.

[6] *See id.* at 2.

**III.    Motions *in Limine***

The Court **DENIES** Plaintiffs' Motion **IN PART** to the extent it asks the Court to set various dates and deadlines pertaining to motions *in limine*.[7] Because this is a bench trial, motions *in limine* aren't necessary to avoid prejudicing the finder of fact. The Court also indicated at the March 5, 2025 status conference that, with limited exceptions (such as legislatively-privileged testimony or documents), the Court would admit all evidence into the record subject to objection (as opposed to making exclusionary evidentiary rulings from the bench). The Court thus sees no need for pretrial motion *in limine* practice here.

**IV.    Pretrial Filings**

The Court **GRANTS** Plaintiffs' Motion **IN PART** to the extent the parties have mutually agreed to a **May 2, 2025** deadline for the parties to:

(1)    "file pretrial materials, including Rule 26(a)(3) disclosures;" and

(2)    "deliver expert witness report binders to [the] chambers of each judge."[8]

---

[7] *See id.* (proposing an April 25, 2025 deadline for the parties to "confer regarding potential motions *in limine*"); *id.* (proposing a May 2, 2025 deadline for the parties to file motions *in limine*); *id.* (proposing a May 9, 2025 deadline for the parties to file responses to their opponents' motions *in limine*); *id.* (proposing that the Court hold a "hearing on motions *in limine*" at the May 20, 2025 status conference).

[8] *See id*.

This Order supersedes Western District of Texas Local Rule CV-16 to the extent it would require the parties to submit pretrial filings on dates other than those specified here. *See, e.g.*, W.D. TEX. L.R. CV-16(f) (requiring litigants to serve various information "at least 14 days before the scheduled date for trial, jury selection, docket call, or the final pretrial conference" "*[u]nless otherwise ordered by the court*" (emphasis added)).

The Motion also asks the Court to set a May 2, 2025 deadline for the parties to file a "joint pretrial order." *See* Mot. at 2. The Court doesn't perceive any need to issue a separate joint pretrial order; the instant Order should suffice to resolve all pretrial matters. If the parties perceive some need for a joint pretrial order that the Court hasn't recognized, however, they may move to amend this Order accordingly.

The Court further **GRANTS** Plaintiffs' Motion **IN PART** to the extent it asks the Court to set a **May 9, 2025** deadline for the parties to file objections to their opponents' Rule 26(a)(3) disclosures.[9]

## V.     Exhibits and Exhibit Lists

The parties' exhibit lists are due on **May 2, 2025** along with their other Rule 26(a)(3) disclosures.[10]

The parties **SHALL** name and submit their exhibits in accordance with the "Jury Evidence Recording System (JERS) Requirements" attached to this Order.

As discussed at the March 5, 2025 status conference, each Plaintiff Group **SHALL** designate its non-joint exhibits with an identifier specifying which Plaintiff Group has offered the exhibit (*i.e.*, "LULAC Plaintiffs' Exhibit 1," "Brooks Plaintiffs' Exhibit 1," etc.).

---

[9] *See* Mot. at 2.

[10] *See* FED. R. CIV. P. 26(a)(3)(A) ("[A] party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment: . . . (iii) an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.").

*See also supra* Section IV (setting a May 2, 2025 deadline for the parties to "file pretrial materials, including Rule 26(a)(3) disclosures").

Again, this Order supersedes Western District of Texas Local Rule CV-16(f)(4) to the extent it would require the parties to file exhibit lists by a different date. *See* W.D. TEX. L.R. CV-16(f)(4).

## VI. Proposed Findings of Fact and Conclusions of Law

As discussed at the March 5, 2025 status conference, the Court **WAIVES** Western District of Texas Local Rule 16(f)(8)'s requirement that the parties file Proposed Findings of Fact and Conclusions of Law ("FF/CLs") before trial.[11] The Court will set a deadline for the parties to file their Proposed FF/CLs after the close of evidence.

The parties also indicated at the March 5th conference the parties would file written closing briefs in lieu of spoken closing arguments. The Court would like the parties to clarify at the May 20, 2025 pretrial conference[12] whether they envision filing closing briefs *and* Proposed FF/CLs, only the former, or only the latter.

## VII. Pretrial Briefs

The Court **GRANTS** Plaintiffs' Motion **IN PART** to the extent that the parties have mutually agreed to set a **May 14, 2025** deadline for the parties to file pretrial briefs. Pretrial briefs shall be limited to **20 pages**, exclusive of the caption, the signature block, any certificate, and any accompanying documents.[13] As the Court suggested at the March 5, 2025 status conference, those written pretrial briefs will take the place of oral opening statements.

By **that same date**, all Plaintiffs **SHALL** also **JOINTLY FILE** a chart summarizing which Plaintiff Groups are challenging which districts, and on which legal bases.

---

[11] *See* W.D. TEX. L.R. CV-16(f) (providing that, "[i]n nonjury trials," litigants must file Proposed FF/CLs "at least 14 days before the scheduled date for trial, jury selection, docket call, or the final pretrial conference" "*[u]nless otherwise ordered by the court*" (emphasis added)).

[12] *See infra* Section X.

[13] *Cf.* W.D. TEX. L.R. CV-7(C)(2) (imposing similar page limits for dispositive motions).

## VIII. Stipulated Facts

The Court **GRANTS** Plaintiffs' Motion **IN PART** to the extent that the parties have mutually agreed to a **May 14, 2025** deadline to file stipulated facts.[14]  To streamline the trial, the parties **SHALL** endeavor to identify—and stipulate to—as many uncontested facts as they can.

## IX. Witnesses

The Court **GRANTS** Plaintiffs' Motion **IN PART** to the extent that the parties have mutually agreed to the following deadlines:

(1) Plaintiffs **SHALL SERVE AND FILE** "their first week's witness list"—which shall specify the sequence in which those witnesses will testify—by **May 17, 2025**.

(2) All parties—including Defendants—**SHALL SERVE AND FILE** their witness lists for each subsequent week of trial "one week in advance." Those lists shall likewise specify the sequence in which those witnesses will testify.[15]

Each witness list shall indicate whether any witness's testimony "is expected to be presented by means of a deposition."[16]  Except to the extent that the parties will use deposition testimony "for impeachment only," each witness list **SHALL** designate the "page and line of the [deposition] testimony to be offered."[17]  If the witness's deposition was "not taken

---

[14] *See* Mot. at 2.

Again, this Order supersedes Western District of Texas Local Rule CV-16(f) to the extent it would require the parties to file "a list of stipulated facts" by a deadline other than the one specified here. *See* W.D. TEX. L.R. CV-16(f)(3).

[15] *See* Mot. at 2.

Here too, this Order supersedes Western District of Texas Local Rule CV-16(f) to the limited extent that it would require the parties to file witness lists on dates other than those specified here. *See* W.D. TEX. L.R. CV-16(f)(5).

[16] *See* W.D. TEX. L.R. CV-16(f)(6); *see also* FED. R. CIV. P. 26(a)(3)(A)(ii).

[17] *See* W.D. TEX. L.R. CV-16(f)(6).

stenographically," the party offering that testimony **SHALL** also file "a transcript of the pertinent portions of the deposition testimony."[18]

To avoid technological mishaps, the Court strongly prefers taking all *live* testimony in person (rather than *via* Zoom or some other videoconferencing service). The Court is nonetheless willing to consider reasonable accommodations for witnesses given this case's scale and complexity. However, any party who wishes to call a witness to testify remotely must make arrangements with the Court's Courtroom Deputy far enough in advance to coordinate the technical logistics, including (but not limited to) how the remote witness will view exhibits presented in court.

As the Court stated at the March 5, 2025 status conference, all witnesses shall be subject to "The Rule."[19] The lawyers **SHALL** inform their witnesses that they're subject to The Rule, and what The Rule means.

## X. Pretrial Conference

The Court **SETS** this case for a **PRETRIAL CONFERENCE** at **1:00 P.M. Mountain Time** on **May 20, 2025**. The conference shall take place in the **Honorable Philip R. Martinez Special Proceedings Courtroom (Room 812)** on the **Eighth Floor of the United States Courthouse, 525 Magoffin Avenue, El Paso, Texas**.

---

[18] *See* W.D. TEX. L.R. CV-16(f)(6); *see also* FED. R. CIV. P. 26(a)(3)(A)(ii).

[19] *See* FED. R. EVID. 615(a) ("At a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony. Or the court may do so on its own."). *But see id.* (enumerating exceptions to The Rule).

## XI. Trial

**TRIAL** shall begin **AS CURRENTLY SCHEDULED** on **May 21, 2025** at **9:00 A.M. Mountain Time** in **the same location**.[20] The Court anticipates that the first phases of trial shall proceed as follows, in accordance with the schedule proposed in Plaintiffs' Motion:[21]

- Trial shall **begin** on **Wednesday, May 21, 2025** and continue through **Saturday, May 24, 2025**.

- The Court shall then be in **recess** for the Memorial Day holiday on Sunday, May 25, 2025 and Monday, May 26, 2025.

- Trial shall then **resume** on **Tuesday, May 27, 2025** and continue through **Saturday, May 31, 2025**.

- The Court will then be in **recess** on Monday, June 2, 2025 (*i.e.*, the day that the Texas Legislature's regular session is expected to end) and Tuesday, June 3, 2025.

- Trial shall then **resume** on **Wednesday, June 4, 2025** through **Saturday, June 7, 2025**. The Court anticipates that the parties will primarily devote those days to legislative witness testimony, though non-legislative witnesses may also testify during that week if logistical considerations require.

- Besides the trial dates that the parties explicitly proposed in Plaintiffs' Motion,[22] the Court also plans to hold trial from **Monday, June 9, 2025** through **Saturday, June 14, 2025**.

- If the trial extends beyond June 14, 2025, it is unlikely to resume before Monday, July 7, 2025.

---

[20] *See* Order Scheduling Status Conference & Provisional Trial Setting, ECF No. 845, at 3.

[21] *See* Mot. at 2.

[22] *See id.* (proposing to hold trial "through Saturday June 7," plus "[a]dditional trial days as ordered by the Court").

Case 3:21-cv-00259-DCG-JES-JVB   Document 880   Filed 03/19/25   Page 9 of 9

- 9 -

## XII. Final Note

Finally, the Court wishes to express its appreciation to the parties for their efforts during and leading up to the March 5, 2025 status conference. While the Court was aware that inclement weather had prevented some of the attorneys from successfully reaching El Paso, the Court didn't learn until after the conference that several other attorneys had experienced similar difficulties getting to the hearing, with some attorneys needing to drive all night to reach El Paso in time for the conference. The Court sincerely appreciates the significant efforts that all of the attorneys made to appear at the conference as directed.

**So ORDERED and SIGNED this 19th day of March 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

*And on behalf of:*

| | | |
|---|---|---|
| **Jerry E. Smith** | | **Jeffrey V. Brown** |
| **United States Circuit Judge** | *-and-* | **United States District Judge** |
| **U.S. Court of Appeals, Fifth Circuit** | | **Southern District of Texas** |