**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*<br><br>*Plaintiffs,*<br>V.<br><br>GREG ABBOTT, *et al.*,<br><br>*Defendants.* | § § § § § § § § § § | Case No. 3:21-cv-00259<br>[Lead Case] |
| TEXAS STATE CONFERENCE OF THE NAACP,<br><br>*Plaintiff,*<br>V.<br><br>GREG ABBOTT, *et al.*,<br><br>*Defendants.* | § § § § § § § § § § § | Case No. 1:21-cv-01006<br>[Consolidated Case] |

**PLAINTIFF TEXAS NAACP'S MOTION FOR LEAVE TO FILE THEIR THIRD**
**AMENDED COMPLAINT**

Plaintiff Texas State Conference of the NAACP ("Texas NAACP"), by and through their undersigned counsel, respectfully move this Court for leave to file a Third Amended Complaint, attached as Exhibit 1, to address this Court's February 21, 2025 decision, ECF No. 853,[1] applying the holding of *Petteway v. Galveston Cnty.*, 111 F.4th 596 (5th Cir. 2024) (*en banc*) that coalition claims are not cognizable under Section 2 of the Voting Rights Act. A redline showing the changes from the operative Second Amended Complaint is attached as Exhibit 2. A proposed order granting

---

[1] This opinion was focused on the State Defendants' motion to dismiss claims brought by the Fair Maps Plaintiffs' and the Bacy Plaintiffs' respective Supplemental Complaints.

Plaintiff's motion to amend is attached as Exhibit 3. Separately, Texas NAACP will request to file under seal the identifying information for members pseudonymously identified in the Third Amended Complaint. While Counsel for the State Defendants maintain their objections to further amendment laid out in previous pleadings, they acknowledge that the Court's March 12, 2025 Order Setting Deadline to File Motions for Leave to Amend, ECF No. 877,[2] overruled those objections and thus authorize the proposed amendments covered by this motion.

Texas NAACP's proposed amended complaint includes the coalition claims solely to obtain a definitive and appealable ruling on them. Plaintiff does not intend to pursue these claims at trial. Related to these claims, Texas NAACP's proposed Third Amended Complaint continues to include information regarding its individual members. Accordingly, Texas NAACP moves to file this information under seal pursuant to the Court's July 18, 2022 Memorandum Opinion and Order, ECF No. 439.[3]

In the interest of streamlining the Texas NAACP's claims for trial, Texas NAACP also requests leave to make a handful of additional changes that are unrelated to the *Petteway* issue. First, Texas NAACP no longer intends to pursue their racial gerrymandering claims as outlined in Count I of their Second Amended Complaint. *See* ECF No. 646 ¶¶ 367-372. These claims are thus removed from the Third Amended Complaint. Second, Texas NAACP takes this opportunity to set

---

[2] In conferring with State Defendants for this motion, they noted that notwithstanding their understanding that the Court has overruled their prior objections, they agree that the Court's order at ECF 877 authorizes Texas NAACP's proposed amendments, but they still maintain the objections to further amendments as laid out in their previous pleadings and do not waive those objections.

[3] Plaintiff does not undertake further amendment of the allegations regarding individual members in the Third Amended Complaint, which relate principally to Plaintiff's standing to bring the Section 2 coalition claims. Although it is unable to proceed with those claims at this time, ECF No. 853, Plaintiff includes this information to preserve the claims for appeal.

forth the events of the 88th Texas Legislature that occurred after the filing of the Second Amended Complaint and are relevant to Texas NAACP's intentional discrimination claims. This information has been added to the Third Amended Complaint. Finally, per the Court's instructions in its March 12, 2025 Order Setting Deadline to File Motion for Leave to Amend, Texas NAACP adds minimal additional factual and statistical evidence that was not available when the Second Amended Complaint was filed. *See* ECF No. 877.

In sum, these changes mean Texas NAACP intends to pursue at trial *only* its intentional discrimination claims under the U.S. Constitution and the intent prong of Section 2 of the Voting Rights Act.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts ruling on motions under Rule 15(a) "must entertain a presumption in favor of granting parties leave to amend." *Mayeux v. Louisiana Health Service and Indem. Co.*, 376 F.3d 420, 424 (5th Cir. 2004). To determine if this presumption is overcome, courts consider whether: (1) the party seeking leave has acted with undue delay; (2) the party seeking leave has acted in bad faith, or with intent to delay; (3) the party seeking leave has failed to cure deficiencies with prior amendments; (4) amendment would unduly prejudice the opposing party; and (5) amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Moler v. Wells*, 18 F.4th 162 (5th Cir. 2021). As discussed below, none of these conditions are present here. Texas NAACP's Third Amended Complaint is timely, adds no new claims or parties, adds only minimal facts pertaining to events that happened after the filing of Texas NAACP's Second Amended Complaint, and serves to *narrow* Plaintiff's claims for trial.

*First*, Texas NAACP has not acted with undue delay. On February 21, 2025, the Court issued its decision applying *Petteway* to the coalition claims brought under Section 2 of the VRA in this case. *See* ECF 853. Then, on March 12, 2025, the Court "agree[d]" that Plaintiffs could "update their allegations about their members' districts of residence, remove claims that are no longer viable, cite to previously unavailable statistical evidence, and make other conforming changes." *Id*. The Court set a March 20, 2025 deadline for motions for leave to amend made in light of this order. *Id*.

Here, Texas NAACP has met the Court's stated timeline, filing on March 20, 2025. Further, Texas NAACP's amendments are narrowly focused on the impact of the Court's decision to apply *Petteway*, the changes agreed to in the March 12 Order, and a few additional facts arising after the filing of Texas NAACP's Second Amended Complaint. Accordingly, Texas NAACP has not acted with undue delay.

*Second*, Texas NAACP has not acted in bad faith or with dilatory intent. On the contrary, the purpose of the Third Amended Complaint is to aid the Court and Defendants by updating Texas NAACP's allegations and limiting which claims will be heard at trial.

*Third*, Texas NAACP is not seeking leave to remedy any outstanding deficiencies it has failed to address in its previous amendments. Rather, as discussed above, the Third Amended Complaint simply streamlines and updates Texas NAACP's existing claims.

*Fourth*, granting leave to amend would not unduly prejudice Defendants. An amendment results in undue prejudice when it "fundamentally alter[s] the nature of the case." *Mayeux*, 376 F.3d at 427. The Third Amended Complaint provides minimal factual and statistical updates and clarifies the claims that will be raised at trial in light of the Court's decision regarding the Plaintiffs' coalition claims. Accordingly, the Defendants will not be prejudiced by Texas NAACP's proposed

amendments.

*Fifth*, and finally, amendment would not be futile as the proposed Third Amended Complaint maintains the same viable claims as Texas NAACP's operable complaint.

## CONCLUSION

For the foregoing reasons, Texas NAACP's motion for leave to file their proposed Third Amended Complaint should be GRANTED.

Dated: March 20, 2025

Respectfully submitted,

*s/ Lindsey B. Cohan*
Lindsey B. Cohan
Texas Bar No. 24083903
DECHERT LLP
515 Congress Avenue, Suite 1400
Austin, TX 78701
(512) 394-3000
*lindsey.cohan@dechert.com*

David Rollins-Boyd*
Sofia Fernandez Gold*
Jennifer Nwachukwu**
Jeremy Lewis**
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
*drollins-boyd@lawyerscommittee.org*
*sfgold@lawyerscommittee.org*
*jnwachukwu@lawyerscommittee.org*
*jlewis@lawyerscommittee.org*

Neil Steiner*
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036

(212) 698-3822
*neil.steiner@dechert.com*

Robert Notzon
Texas Bar No. 00797934
THE LAW OFFICE OF ROBERT NOTZON
1502 West Avenue
Austin, Texas 78701
(512) 474-7563
*robert@notzonlaw.com*

Gary Bledsoe
Texas Bar No. 02476500
THE BLEDSOE LAW FIRM PLLC
6633 Highway 290 East #208
Austin, Texas 78723-1157
(512) 322-9992
*gbledsoe@thebledsoelawfirm.com*
*Attorney only as to Texas NAACP's claims*
*related to Texas state senate and state house*
*plans*

Anthony P. Ashton*
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-577
*aashton@naacpnet.org*

Janette M. Louard
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-577
*jlouard@naacpnet.org*
*Attorneys appearing of counsel*

*Admitted *pro hac vice*.
** *Pro hac vice* motion forthcoming.

*ATTORNEYS FOR THE TEXAS STATE*
*CONFERENCE OF NAACP*

6

**CERTIFICATE OF CONFERENCE**

Counsel for the Plaintiffs conferred with counsel for the Defendants in a good-faith attempt to resolve the subject matter of this Motion, and counsel for the Defendants indicated that they do not oppose this Motion.

> *s/ Lindsey B. Cohan*
> Lindsey B. Cohan
> *Counsel for Plaintiff Texas NAACP*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing and all attachments were served on counsel of record via email on March 20, 2025.

> *s/ Lindsey B. Cohan*
> Lindsey B. Cohan
> *Counsel for Plaintiff Texas NAACP*