IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, § § § § *Plaintiffs,* § v. § § GREG ABBOTT, *et al.*, § § § *Defendants.* § | Case No. 3:21-cv-00259-DCG-JES-JVB [Lead Case] |

## MOTION TO DISMISS THE CLAIMS OF INTERVENOR-PLAINTIFFS EDDIE BERNICE JOHNSON AND SHEILA JACKSON LEE

Defendants, the State of Texas; Jane Nelson, in her official capacity as Secretary of State; and Dave Nelson, in his official capacity as Deputy Secretary of State, respectfully request that the Court: (1) dismiss all claims brought by Intervenor-Plaintiffs Eddie Bernice Johnson and Sheila Jackson Lee as contained in the Intervenor-Plaintiffs' operative second amended complaint, and 2) deny any forthcoming efforts by Plaintiffs to substitute alleged successors in interest.

### INTRODUCTION

On December 15, 2021, four prospective Intervenor-Plaintiffs—Congresswomen Eddie Bernice Johnson and Sheila Jackson Lee, Congressman Alexander Green, and then-Texas State Representative Jasmine Crockett—moved to intervene in this suit. ECF 91. On January 11, 2022, this Court granted that motion as to permissive intervention. ECF 132. Today, two of those four Intervenor-Plaintiffs are deceased: Representative Eddie Bernice Johnson passed away on December 31, 2023, and Representative Sheila Jackson Lee passed away on July 19, 2024.[1] Because

---

[1] Abby Livingston and Pooja Salhotra, *Former U.S. Rep. Eddie Bernice Johnson, Black Democratic trailblazer, dies at 89*, THE TEXAS TRIBUNE (Dec. 29, 2023), https://www.texastribune.org/2023/12/31/texas-eddie-bernice-johnson-dies/; Matthew Choi and Sejal Govindarao, *U.S. Rep. Sheila Jackson Lee is dead at 74,* THE TEXAS TRIBUNE (Jul. 19, 2024), https://www.texastribune.org/2024/07/19/sheila-jackson-lee-dies/.

no meaningful relief can be granted on the claims of the deceased Intervenor-Plaintiffs, Defendants move for dismissal of those claims.

## ARGUMENT

### I. Texas law governs the survivorship of Intervenor-Plaintiffs' claims.

Intervenor-Plaintiffs' operative second amended complaint alleges four counts of intentional racial discrimination, brought pursuant to 42 U.S.C. § 1983 and Section 3(c) of the Voting Rights Act (VRA) (codified at 52 U.S.C. § 10301). ECF 619 at 25–27. The survivorship analysis for each of these types of claims is identical. *See Perez v. Abbott*, 2017 WL 11886285 at *1 n.1 (W.D. Tex. May 1, 2017) (assessing survivorship only in regard to a § 1983 claim, but noting that "the following analysis would be the same even if the [plaintiff] is bringing VRA claims separately from the § 1983 claim.").

"A comprehensive federal statute covering survival of actions arising under federal law does not exist." *Hamilton v. Rogers*, 573 F. Supp. 452, 453 (S.D. Tex. 1983). For some narrow and specific areas of law, this statutory gap has been filled by federal statutory or common law. *See Hamilton v. Rogers,* 573 F. Supp. 452, 453 (S.D. Tex. 1983) ("A survivorship provision is included in 42 U.S.C. § 1986, but applies only to claims rising under § 1985."); *Perez*, 2017 WL 11886285 at *2 (discussing the survivorship rule created for *Bivens* cases in *Carlson v. Green*, 446 U.S. 14 (1980)). But no such gap-filling federal rule exists for Intervenor-Plaintiffs' claims.

In fact, Congress has specifically mandated in 42 U.S.C. § 1988 that "state common law is used to fill the gaps in administration of civil rights suits," meaning that "a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988." *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004) (cited in *Perez* at *2). The only exception to this rule does not apply here. *See Robertson v. Wegmann*, 436 U.S. 584, 591 (1978); *See also Hamilton*, 573 F. Supp. at 453–54 (applying Texas survivorship law); *Perez*, 2017 WL 11886285 at *2–3 (applying Texas survivorship law).

### II. Under applicable Texas law, death extinguishes Intervenor-Plaintiffs' claims.

The Texas Civil Practices and Remedies Code permits a claim to survive a plaintiff's death only when the action is for "personal injury to the health, reputation, or person of an injured person." TEX. CIV. PRAC. & REM. CODE § 71.021(a). It further provides that such an action "survives to and in favor of the heirs, legal representatives, and estate of the injured person." *Id.* § 71.021(b). This applicable law engenders two separate but interrelated reasons for dismissal of the deceased Intervenor-Plaintiffs' claims.

*First*, the injury to voting rights claimed by the deceased Intervenor-Plaintiffs is not a "personal injury" to "health, reputation, or person" within the meaning of § 71.021. *Perez*, 2017 WL 11886285 at *2. While courts have acknowledged that some civil rights claims—such as First Amendment retaliation and Title VII discrimination—fall under the ambit of § 71.021, no court has ever classified a voting rights claim as within the meaning of Texas's survivorship statute. In fact, the *Perez* court, in a situation highly similar to this one, found that voting rights claims did not qualify under Texas' survivorship law. *Id.*

*Second*, the relief requested by Intervenor-Plaintiffs is purely injunctive in nature, ECF 619 at 28–29, and thus cannot be meaningfully granted after their deaths. While monetary relief can be passed to a deceased plaintiff's estate and successors in interest, "the injunctive relief requested cannot be fashioned in a manner to benefit plaintiff's successors." *Hamilton*, 573 F. Supp. 452 at 454. "Even if the Court were to order relief in [deceased Intervenor-Plaintiffs'] districts, [deceased Intervenor-Plaintiffs] cannot obtain or benefit from that relief due to [their] passing." *Perez*, 2017 WL 11886285 at *3. The action therefore does not survive. The deceased Intervenor-Plaintiffs should be dismissed from the case.

### III. No Plaintiff has standing to challenge the makeup of Congressional District 18.

Intervenor-Plaintiffs Eddie Bernice Johnson and Jasmine Crockett brought claims related to their status as voters in Texas's 30th Congressional District. Even following Representative Johnson's passing, now-Representative Crockett's claims regarding CD 30 remain live. But there was no such duplicative intervention for Representative Lee's claims in Congressional District 18.

And the Intervenor-Plaintiffs confirmed at the March 5, 2025 status conference that they have no intention to amend. Because Representative Lee was the only Plaintiff (Intervenor or otherwise) seeking relief from the existing CD 18 map, there is now no Plaintiff with standing to prosecute those claims. Accordingly, Defendants request that this Court dismiss entirely those claims related to CD 18 for lack of standing and dismiss Representative Lee as party to this case. Defendants likewise request that this Court dismiss Representative Johnson as a party to this case and dismiss any claims regarding CD 30 that were brought solely by Representative Johnson.

Date: March 21, 2025

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

Respectfully submitted,

*/s/ Ryan G. Kercher*
RYAN G. KERCHER
Chief, Special Litigation Division
Tex. State Bar No. 24060998

KATHLEEN T. HUNKER
Deputy Chief, Special Litigation Division
Tex. State Bar No. 24118415

WILLIAM D. WASSDORF
Deputy Chief, General Litigation Division
Tex. State Bar No. 24103022

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
ryan.kercher@oag.texas.gov
kathleen.hunker@oag.texas.gov
will.wassdorf@oag.texas.gov

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on March 21, 2025 and that all counsel of record were served by CM/ECF.

*/s/ Ryan G. Kercher*
RYAN G. KERCHER