UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS,** *et al.*, | § § § § | |
| *Plaintiffs,* | § § | |
| **EDDIE BERNICE JOHNSON,** *et al.*, | § § § | EP-21-CV-00259-DCG-JES-JVB [Lead Case] |
| *Plaintiff-Intervenors,* | § § | & |
| v. | § § | All Consolidated Cases |
| **GREG ABBOTT,** *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § § | |
| *Defendants.* | § | |

### ORDER RULING ON TEXAS NAACP'S MOTIONS

Plaintiff Texas State Conference of the NAACP ("Texas NAACP") moves for leave to (1) amend its pleadings and (2) file a document under seal.[1] The Court rules on those motions as follows.

## I. DISCUSSION

**A.    The Court Grants Texas NAACP Leave to Amend**

The Court first **GRANTS** Texas NAACP's Motion for Leave to file a Third Amended Complaint over Defendants' objections.[2]

---

[1] *See* Tex. NAACP's Mot. Amend, ECF No. 883; Tex. NAACP's Mot. Seal, ECF No. 884.

[2] *See* Tex. NAACP's Mot. Amend at 2 & n.2 ("In conferring with State Defendants for this motion, they noted that notwithstanding their understanding that the Court has overruled their prior objections, they agree that the Court's order at ECF No. 877 authorizes Texas NAACP's proposed amendments, but they still maintain the objections to further amendments as laid out in their previous pleadings [sic] and do not waive those objections.").

All page citations in this order refer to the page numbers assigned by the Court's CM/ECF system, not the cited document's internal pagination.

**B.      The Court Dismisses Texas NAACP's Coalition Claims *Sua Sponte***

Like its now-superseded Second Amended Complaint,[3] Texas NAACP's Third Amended Complaint pleads coalition-based discriminatory-effects claims under Section 2 of the Voting Rights Act.[4] Texas NAACP recognizes that its coalition claims are no longer cognizable after the Fifth Circuit's *en banc* decision in *Petteway v. Galveston County*;[5] Texas NAACP has retained those claims "solely to obtain a definitive and appealable ruling on them."[6] Texas NAACP disclaims any intention to pursue its foreclosed coalition claims at trial.[7]

The Court will therefore proceed the same way as it did when a different Plaintiff Group pleaded coalition claims in its amended complaint solely to preserve them for appellate review:[8] the Court will permit Texas NAACP to file its Third Amended Complaint, but it will dismiss the coalition claims in that complaint *sua sponte*.

---

[3] *See, e.g.*, Tex. NAACP's 2d Am. Compl., ECF No. 646, at 103–06.

[4] *See, e.g.*, Tex. NAACP's Proposed 3d Am. Compl., ECF No. 883-1, at 107–110 (alleging that "[t]he map drawers failed to draw sufficient *minority coalition districts* in Plans S2168, H2316, and C2193, instead diluting the votes of *Black, Hispanic, and Asian* voters in specific regions that witnessed significant POC growth in the past decade and reducing opportunities for *voters of color* to elect candidates of their choice across the state." (emphases added)).

[5] *See* Tex. NAACP's Mot. Amend at 1 (seeking to amend "to address this Court's February 21, 2025 decision applying the holding of *Petteway v. Galveston Cnty.*, that coalition claims are not cognizable under Section 2 of the Voting Rights Act" (citations omitted)); *see also* Tex. NAACP Letter Br., ECF No. 817, at 1–2 (effectively conceding that, "[a]fter *Petteway*, Texas NAACP's Section 2 vote dilution claims"—"all of which are currently plead[ed] as coalition claims"—"are not cognizable as a matter of law").

*See generally Petteway v. Galveston Cnty.*, 111 F.4th 596 (5th Cir. 2024) (en banc); *League of United Latin Am. Citizens v. Abbott*, No. 3:21-cv-00259, 2025 WL 630663 (W.D. Tex. Feb. 21, 2025).

[6] *See* Tex. NAACP's Mot. Amend at 2.

[7] *See id.*; *see also id.* at 3 ("Texas NAACP intends to pursue at trial *only* its intentional discrimination claims under the U.S. Constitution and the intent prong of Section 2 of the Voting Rights Act.").

[8] Order Granting Brooks Pls.' Mot. Amend & Dismissing Coalition Claims, ECF No. 875, at 1–2.

### C. The Court Denies Texas NAACP's Motion to Seal Without Prejudice

The Third Amended Complaint identifies various Texas NAACP members by pseudonyms.[9] Texas NAACP thus moves to file those pseudonymous members' true identities under seal.[10]

As the Court now explains, Texas NAACP's Motion to Seal is procedurally defective in two respects. The Court therefore **DENIES** the Motion to Seal **WITHOUT PREJUDICE** to Texas NAACP filing a corrected Motion to Seal within three business days.

#### 1. The Motion to Seal Doesn't Comply with the Local Rules' Conferral Requirement

First, the Motion to Seal doesn't comply with Western District of Texas Local Rule CV-7(G), which requires litigants filing nondispositive motions to:

(1) confer with the other parties before filing the motion; and

(2) indicate the non-movants' positions on the requested relief in the motion's body.[11]

---

[9] *See* Tex. NAACP's Proposed 3d Am. Compl. at 8–49 (referring to "TX NAACP Member[s] A" through "XX").

[10] *See* Tex. NAACP's Mot. Seal.

[11] *See* W.D. TEX. L.R. CV-7(G) ("The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.").

The Motion to Seal contains no indication that Texas NAACP conferred with Defendants regarding its sealing request.[12]  The Court "may refuse to hear or may deny" the Motion for that reason alone.[13]

### 2. The Motion to Seal Doesn't Comply with the Local Rules' Service Requirement

Nor does the Motion to Seal comply with Western District of Texas Local Rule CV-5.2(e), which states that "a party moving to keep any document under seal" must "serv[e] a copy of the sealed document on all counsel of record."[14]  The Rule further provides that "[c]ounsel may *not* use the court's electronic notice facilities to serve the sealed . . . document."[15]  The latter provision exists because litigants don't automatically receive sealed documents when they're filed on the electronic docket.[16]

---

[12] *See* Tex. NAACP's Mot. Seal at 1–2 (containing no certificate of conference or any other indication that Texas NAACP complied with Rule CV-7(G)'s conferral requirement).

Although Texas NAACP's Motion to Amend indicates that Texas NAACP complied with the Rule's conferral requirement with respect to its request to *amend its pleadings*, the Motion to Amend contains no indication that Texas NAACP also conferred with the other parties about its Motion to *Seal*. *See* Tex. NAACP's Mot. Amend at 7 ("Counsel for the Plaintiffs conferred with counsel for the Defendants in a good-faith attempt to resolve the subject matter of *this* Motion [*i.e.*, the Motion to *Amend*], and counsel for the Defendants indicated that they do not oppose *this* Motion." (emphases added)); *see also id.* at 2 & n.2.

[13] *See* W.D. TEX. L.R. CV-7(G).

[14] *See* W.D. TEX. L.R. CV-5.2(e).

[15] *See id.* (emphasis added).

[16] *See* Western District of Texas, Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases § 10(b) ("Sealed documents cannot be electronically accessed by attorneys or the public.  [A Notice of Electronic Filing] will be generated for the sealed document, but the document will not be viewable. . . . Accordingly, parties may not use the Court's electronic notice facilities to serve sealed documents.  Service must be by other means.").

The Motion to Seal contains no indication that Texas NAACP served Defendants (or the other Plaintiffs) with the Motion or its attachments by some means other than the Court's electronic filing system.[17]  In fact, the Motion contains no certificate of service at all.[18]  The Court thus has no way to know that Defendants (or anyone else) have seen the information that Texas NAACP seeks to file under seal.[19]

The Court will therefore deny the Motion to Seal without prejudice to Texas NAACP filing a corrected motion that complies with the Rules identified above.  The Court will give Texas NAACP three business days to file that corrected motion.

## II.   CONCLUSION

The Court **GRANTS** "Plaintiff Texas NAACP's Motion for Leave to File Their Third Amended Complaint" (ECF No. 883).

The Clerk of Court **SHALL DOCKET** "Plaintiff Texas NAACP's Third Amended Complaint for Declaratory and Injunctive Relief" (ECF No. 883-1) with its own unique docket number as Texas NAACP's operative pleading in this case.

(The Clerk shall **NOT** assign a unique docket number to the *redlined* version of the Third Amended Complaint at ECF No. 883-2.)

---

[17] *See* Tex. NAACP's Mot. Seal at 1–2.

[18] *See id.*

[19] *See* FED. R. CIV. P. 5(d)(1)(B) (providing that "[w]hen a paper that is required to be served is served by . . . means" other than "by filing it with the court's electronic-filing system," "a certificate of service must be filed with it or within a reasonable time after service").

*See also League of United Latin Am. Citizens v. Abbott*, No. 3:21-CV-00259, 2022 WL 2806850, at *9 (W.D. Tex. July 18, 2022) (ordering Texas NAACP to "promptly deliver to Defendants" similar identifying information that the Court previously permitted Texas NAACP to file under seal (emphasis omitted)).

The Court *sua sponte* **DISMISSES** the coalition claims that Texas NAACP raises in Count I of its Third Amended Complaint.

The *intentional* discrimination claims that Texas NAACP raises in Count *II* of its Third Amended Complaint **REMAIN LIVE**.[20]  Texas NAACP shall therefore **REMAIN DESIGNATED** as an active plaintiff in this case.

The Court also **DENIES** "Texas NAACP's Motion to File Document Under Seal" (ECF No. 884) **WITHOUT PREJUDICE** to Texas NAACP filing a corrected Motion to Seal that complies with the Western District of Texas's Local Rules **within three business days** of this order.

**So ORDERED and SIGNED this 26th day of March 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

*And on behalf of:*

| | | |
|---|---|---|
| **Jerry E. Smith**<br>**United States Circuit Judge**<br>**U.S. Court of Appeals, Fifth Circuit** | *-and-* | **Jeffrey V. Brown**<br>**United States District Judge**<br>**Southern District of Texas** |

---

[20] *See* Tex. NAACP's Proposed 3d Am. Compl. at 110–12.