UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS**, *et al.*, | § § § § | |
| *Plaintiffs*, | § § | |
| **EDDIE BERNICE JOHNSON**, *et al.*, | § § | EP-21-CV-00259-DCG-JES-JVB [Lead Case] |
| *Plaintiff-Intervenors*, | § § | & |
| v. | § § | All Consolidated Cases |
| **GREG ABBOTT,** *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § | |
| *Defendants*. | § § | |

## ORDER RULING ON THE LULAC PLAINTIFFS' MOTIONS

The LULAC Plaintiffs move for leave to:

(1) voluntarily dismiss one of their challenges in the above-captioned case;[1]

(2) amend their pleadings one last time before trial;[2] and

(3) file a document under seal.[3]

The Court rules on those motions as follows.

---

[1] *See* LULAC Pls.' Mot. Amend, ECF No. 885, at 1.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, not the cited document's internal pagination.

[2] *See id.* at 1–2; *see also* LULAC's Pls.' Proposed 5th Am. Compl., ECF No. 885-1.

[3] *See* LULAC Pls.' Mot. Seal, ECF No. 886.

## I. DISCUSSION

### A. Motion to Voluntarily Dismiss Claims

The Court first **GRANTS** the LULAC Plaintiffs' Motion "to voluntarily dismiss their claim challenging the redistricting of Congressional District 23 in enacted Plan C2193."[4] The Court **DISMISSES** that challenge **WITHOUT PREJUDICE**.[5]

### B. Motion for Leave to Amend

The Court also **GRANTS** the LULAC Plaintiffs' Motion for Leave to file their Fifth Amended Complaint.[6] The Motion is timely because the LULAC Plaintiffs filed it before the March 20, 2025 deadline that the Court set by order on March 12, 2025.[7] As far as the Court can tell, the LULAC Plaintiffs' proposed pleading doesn't raise any claims that would clearly be

---

[4] *See* LULAC Pls.' Mot. Amend at 1.

[5] *See id.* at 1–2 (asking the Court to dismiss that claim "without prejudice"); *id.* at 3 (attesting that Defendants "do not oppose the relief granting leave to dismiss claims without prejudice").

[6] *See id.* at 1–2; *see also* LULAC's Pls.' Proposed 5th Am. Compl..

[7] *See* Order Setting Deadline File Mots. Leave Amend, ECF No. 877, at 1 (ordering "that any Plaintiff Group that wishes to amend its pleadings before trial must move to do so before March 20, 2025").

Although the Court's CM/ECF system suggests that the LULAC Plaintiffs belatedly filed their Motion for Leave to Amend on March *21*, 2025, that's because the Western District of Texas displays filing times in Central Time rather than Mountain Time. The Motion's Notice of Electronic Filing indicates that the LULAC Plaintiffs filed the Motion at 1:00 AM *Central* Time on March 21st, which is 12:00 PM *Mountain* Time on March *20th*. El Paso is on Mountain Time, so the LULAC Plaintiffs timely filed their Motion for Leave to Amend. *See* FED. R. CIV. P. 6(a)(4) (providing that the "last day" for electronically filing a document ends "at midnight *in the court's time zone*" (emphasis added)); *see also Charles v. Sanchez*, No. 3:13-CV-00193, 2015 WL 808417, at *1 n.2 (W.D. Tex. Feb. 24, 2015) (deeming filing timely under similar circumstances).

futile under Fifth Circuit precedent.[8]  The Court will therefore permit the proposed amendment over Defendants' objections.[9]

C.     **Motion for Leave to File Exhibit Under Seal**

Several of the LULAC Plaintiffs are organizations that have identified some of their members pseudonymously in their Fifth Amended Complaint.[10]  The LULAC Plaintiffs move to file those pseudonymous members' true identities under seal.[11]

---

[8] The Fifth Amended Complaint does contain two references to "coalition districts," *see* LULAC's Pls.' Proposed 5th Am. Compl. at 139, 152, which are no longer cognizable after the Fifth Circuit's *en banc* decision in *Petteway*, *see Petteway v. Galveston County*, 111 F.4th 596, 603 (5th Cir. 2024) (en banc) (holding that "Section 2 of the Voting Rights Act does not authorize" coalitions of "separately protected minority groups to aggregate their populations for purposes of a vote dilution claim").

However, the LULAC Plaintiffs aren't basing their effects-based vote-dilution challenges on impermissible multiracial coalitions; the references to "coalition districts" are only there to provide context.  *See* LULAC's Pls.' Proposed 5th Am. Compl. at 139 (mentioning a passing reference to "coalition districts" in the legislative record); *id.* at 152 (alleging that it's possible to redraw Congressional District 6 such that *Latinos by themselves* would constitute a majority of the district's citizen voting-age population (52.5%), without compromising a *neighboring* district's status as "a minority coalition district").  The fact that the Fifth Amended Complaint mentions "coalition districts" in passing thus doesn't require the Court to deny the Motion to Amend.

[9] *See* LULAC Pls.' Mot. Amend at 3 ("With respect to leave to amend the complaint, State Defendants stated that they maintain the objections to further amendment laid out in their previous pleadings [sic] and do not waive those objections.  State Defendants further stated that they understand the Court has overruled those objections, and acknowledge that the Court's order at ECF 877 authorizes the proposed amendments.").

*See also* Order Granting MALC's Mot. Leave Amend, ECF No. 891, at 1–2 (granting a different Plaintiff Group's Motion for Leave to Amend over Defendants' objections for essentially the same reasons).

[10] *See* LULAC's Pls.' Proposed 5th Am. Compl. at 11–20, 39–42, 44–46, 48–50, 60–61, 68–70, 72–74.

[11] *See* LULAC Pls.' Mot. Seal.

The Motion to Seal is procedurally defective. As explained in a prior order,[12] Western District of Texas Local Rule CV-5.2(e) requires any "party moving to keep [a] document under seal" to "serv[e] a copy of the sealed document on all counsel of record."[13] Because litigants don't automatically receive sealed documents when they're filed on the electronic docket,[14] Rule CV-5.2(e) further provides that "[c]ounsel may *not* use the court's electronic notice facilities to serve the sealed . . . document."[15]

The Certificate of Service attached to the Motion to Seal nonetheless states that the LULAC Plaintiffs served the Motion by "electronically submitt[ing]" it "via the Court's electronic filing system."[16] That doesn't suffice under Rule CV-5.2(e).[17] And because the Certificate of Service contains no indication that the LULAC Plaintiffs served the Motion by some other permissible method,[18] the Court can't be certain that Defendants or the other Plaintiffs have seen the information that the LULAC Plaintiffs want to file under seal.[19]

---

[12] *See* Order Ruling Texas NAACP's Mots., ECF No. 896, at 4.

[13] W.D. TEX. L.R. CV-5.2(e).

[14] *See* Western District of Texas, Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases § 10(b) ("Sealed documents cannot be electronically accessed by attorneys or the public. [A Notice of Electronic Filing] will be generated for the sealed document, but the document will not be viewable. . . . Accordingly, parties may not use the Court's electronic notice facilities to serve sealed documents. Service must be by other means.").

[15] W.D. TEX. L.R. CV-5.2(e) (emphasis added).

[16] *See* LULAC Pls.' Mot. Seal at 6.

[17] *See supra* note 15 and accompanying text.

[18] *See* LULAC Pls.' Mot. Seal, ECF No. 886, at 6.

[19] *See supra* note 14 and accompanying text; *see also* Order Ruling Texas NAACP's Mots. at 5 (denying a different Plaintiff Group's Motion to Seal for the same reason).

The Certificate of Service is also defective for the additional reason that it contains the wrong date. The Certificate erroneously states that the LULAC Plaintiffs "electronically submitted a true and correct copy of" the Motion "via the Court's electronic filing system on the *9th Day of June 2022*"—nearly three years ago.[20]

The Court will therefore deny the Motion to Seal without prejudice to the LULAC Plaintiffs filing—and validly serving—a corrected motion within three business days.

## II.   CONCLUSION

The Court **GRANTS** "LULAC Plaintiffs' Opposed Motion to Voluntarily Dismiss Claims and for Leave to File Their Fifth Amended Complaint" (ECF No. 885).

The Clerk of Court **SHALL DOCKET** "LULAC Plaintiffs' Fifth Amended Complaint for Declaratory and Injunctive Relief" (ECF No. 885-1) with its own unique docket number as the LULAC Plaintiffs' operative pleading in this case.

(The Clerk shall **NOT** assign a unique docket number to the *redlined* version of the Fifth Amended Complaint at ECF No. 885-2.)

The Clerk shall also **DESIGNATE** the following LULAC Plaintiffs as **TERMINATED PARTIES** on the Court's CM/ECF system:

    (1)    Emelda Menendez;

    (2)    Gilberto Menendez;

    (3)    Florinda Chavez; and

    (4)    Jeandra Ortiz.[21]

---

[20] *See* LULAC Pls.' Mot. Seal at 6.

[21] *See* LULAC Pls.' 5th Am. Compl. Redline, ECF No. 885-2, at 1, 94–95, 98 (indicating that LULAC Plaintiffs deleted those parties from the caption and body of their complaint).

The Court **DISMISSES** the LULAC Plaintiffs' challenge to Congressional District 23 **WITHOUT PREJUDICE**.

The LULAC Plaintiffs' other claims **REMAIN LIVE**. The remaining LULAC Plaintiffs shall therefore **REMAIN DESIGNATED** as active plaintiffs in this case.

Finally, the Court **DENIES** "LULAC Plaintiffs' Opposed Motion for Leave to File Exhibit Under Seal" (ECF No. 886) **WITHOUT PREJUDICE** to the LULAC Plaintiffs filing and serving a corrected Motion to Seal in compliance with the Western District of Texas's Local Rules **within three business days** of this order.

**So ORDERED and SIGNED this 26th day of March 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

*And on behalf of:*

| | | |
|---|---|---|
| **Jerry E. Smith**<br>**United States Circuit Judge**<br>**U.S. Court of Appeals, Fifth Circuit** | -and- | **Jeffrey V. Brown**<br>**United States District Judge**<br>**Southern District of Texas** |