# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, §§§§ | |
| *Plaintiffs,* § | |
| v. § | Case No. 3:21-cv-00259-DCG-JES-JVB |
| § | [Lead Case] |
| GREG ABBOTT, *et al.*, §§§ | |
| *Defendants.* § | |

## NOTICE THAT DEFENDANTS MAY CHALLENGE STANDING AT TRIAL

Defendants the State of Texas, Jane Nelson, in her official capacity as Secretary of State, and Dave Nelson, in his official capacity as Deputy Secretary of State, respectfully notify the Court that (1) following conference, State Defendants and Plaintiffs were unable to agree on the set of facts Plaintiffs are required to prove in order to show their standing, and (2) State Defendants intend to challenge the standing of at least some Plaintiffs during trial. State Defendants do not plan to examine additional witnesses at trial just to contest standing; rather, in order to avoid complicating trial, State Defendants have proposed that Plaintiffs introduce standing-related information by declaration or affidavit. Finally, by agreeing to accept evidence of standing by declaration, State Defendants do not waive their rights to contest the legal sufficiency of any Plaintiff's evidence of standing.

Standing for Plaintiffs' redistricting claims requires that they or their members are qualified voters who reside within the districts under challenge. *Anne Harding v. Cnty. of Dall.*, 948 F.3d 302, 307 (5th Cir. 2020); *Bush v. Vera*, 517 U.S. 952, 957-58 (1996). And throughout the proceedings, Plaintiffs have alleged their standing by identifying themselves or specific members as meeting those criteria. *See e.g.,* Dkt. 863 at 4-5, Fourth Amended Complaint, Gonzalez et al.

Nonetheless, Plaintiffs' standing-related allegations suffer at least two defects—one is practical, one rests on a matter of law. *First*, the lengthy pendency of this case raises the concern that many of the individuals whom organizational plaintiffs previously used to assert standing can no longer serve that purpose. Plaintiffs must show standing at every stage of litigation. *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008). And Defendants expect that, in the course of nearly four years, some individuals will have departed challenged districts, become deceased, lost their right to vote, or have experienced another change that vitiates a live case or controversy. Bearing out this concern, some plaintiffs have proactively amended their pleadings in order to remove the names of persons who—for the reasons listed—no longer could prove standing to challenge the State's maps or to add new persons who could. *See e.g.*, Dkt. 324; Dkt. 863.

*Second*, in addition to that practical consideration, to establish standing for vote dilution claims Plaintiffs must show a concrete injury in the form of inability to elect their preferred candidates during actual elections. *See Gill v. Whitford,* 585 U.S. 48, 65-67 (2018) (emphasizing that standing for vote dilution claims must be "concrete and particularized"); *see also United States v. Students Challenging Regul. Agency Procs.*, 412 U.S. 669, 688 (1973) ("Of course, pleadings must be something more than an ingenious academic exercise in the conceivable."). Texas's maps have been in place for two major election cycles, so if Plaintiffs have in fact been injured due to "less opportunity than other members of the electorate…to elect representatives of their choice," 52 U.S.C. § 10301(b), they are able to prove it by indicating those races governed by Texas's maps where they have lacked that opportunity.

During a counsel conference on March 12, 2025, counsel for State Defendants relayed these concerns and requested that Plaintiffs provide the following information by declaration for the individuals who provided their standing in lieu of live testimony: (1) the witness's legal name, (2) their date of birth, (3) their current address of domicile, (4) the length of time they have resided at their current address of domicile, (5) their race, (6) their voter registration status, (7) the elections they have voted in since September 2021, and (8) the names of candidates for office on the challenged maps for whom the witnesses voted but lost the election. As an alternative to (7) and

(8), State Defendants offered to accept an affirmative statement in the declaration that State Defendants had requested the information in (7) and (8), but that the witness is unable or unwilling to provide it. Counsel for Plaintiffs signaled their willingness to provide items (1)-(6) but refused (7) and (8), and also refused State Defendants' proposed alternative to (7) and (8). Plaintiffs argued that they can assert Texas's maps hinder their ability to elect preferred candidates without showing the Court that they have been unable to elect those candidates in any actual election.

Counsel for Defendants also informed Plaintiffs' counsel that they would accept affidavits or declarations testifying to (1)-(8) in order to avoid the need to produce witnesses at trial for standing only. Counsel for Plaintiffs communicated their willingness to provide (1)-(6) by declaration and agreed on the desirability of not calling standing-only witnesses.

Defendants reiterate that they will accept testimony that establishes standing by affidavit and will not call witnesses to testify concerning standing, unless Plaintiffs designate them to appear. *Cf. Parents Involved in Community Schools v. Seattle School Dist. No. 1*, 551 U.S. 701, 718 (2007) (accepting standing evidence by affidavit). After all, dozens of cross examinations that ask dozens of witnesses, "Your declaration did *not* provide the following information," would little improve the record at a bench trial. However, State Defendants do not concede the sufficiency of standing witness declarations absent (a) *all* the information in (1)-(8); and (b) that the information in (1)-(8) affirmatively demonstrates standing—e.g., that the witness did, in fact, live in the challenged district at the time of filing suit.

It is Plaintiffs' burden to prove standing. *Three Expo Events, L.L.C. v. City of Dallas, Tex.*, 907 F.3d 333, 341 (5th Cir. 2018). So, if Plaintiffs refuse to put on evidence to show standing, Defendants are content to let that nullity of evidence constitute the factual record. Plaintiffs may believe that inability to elect preferred candidates, (7) and (8), is not required to establish standing here; if they hang their hat on that view of the law, all that would remain for the Court to decide their standing is the purely legal question of whether (7) and (8) are in fact necessary.

State Defendants want trial to proceed efficiently. For that reason, they provide this Notice, hoping that keeping the Court abreast of the Parties' positions on a material issue will benefit the Court's management of trial.

| | |
|---|---|
| March 28, 2025 | Respectfully submitted, |
| | |
| KEN PAXTON<br>Attorney General | /s/ Ryan G. Kercher<br>RYAN G. KERCHER<br>Chief, Special Litigation Division<br>Tex. State Bar No. 24060998 |
| BRENT WEBSTER<br>First Assistant Attorney General | |
| | KATHLEEN T. HUNKER |
| RALPH MOLINA<br>Deputy First Assistant Attorney General | Deputy Chief, Special Litigation Division<br>Tex. State Bar No. 24118415 |
| RYAN D. WALTERS<br>Deputy Attorney General for Legal Strategy | WILLIAM D. WASSDORF<br>Deputy Chief, General Litigation Division<br>Tex. State Bar No. 24103022 |
| | OFFICE OF THE ATTORNEY GENERAL OF TEXAS<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>ryan.kercher@oag.texas.gov<br>kathleen.hunker@oag.texas.gov<br>will.wassdorf@oag.texas.gov |

**CERTIFICATE OF CONFERENCE**

I certify that on March 12, 2025, State Defendants conferred with counsel for the Plaintiffs and Intervenor-Defendants via video conference. All parties who have yet to amend, but intend to, communicated that they are opposed to any deadline to amend falling prior to a ruling on the pending motion to dismiss.

*/s/ Ryan G. Kercher*
RYAN G. KERCHER

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on March 28, 2025 and that all counsel of record were served by CM/ECF.

*/s/ Ryan G. Kercher*
RYAN G. KERCHER