UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LULAC, et. al., | )( |
| | )( |
| *Plaintiffs* | )( |
| | )( |
| Eddie Bernice Johnson, Sheila Jackson-Lee Alexander Green, and Jasmine Crockett | )( )( )( |
| | )( |
| *Plaintiff-Intervenors* | )) |
| | )( |
| v. | )( Case No.: EP-21-CV-00259-DCG- |
| | )(          JES-JVB [Lead Case] |
| GREG ABBOTT, in his official capacity As Governor of Texas, et. al. | )( )( |
| | )( |
| *Defendants* | )( |

## CONGRESSIONAL INTERVENORS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS THE CLAIMS OF INTERVENOR-PLAINTIFFS EDDIE BERNICE JOHNSON AND SHEILA JACKSON LEE

The Congressional Intervenors, by and through their undersigned counsel, hereby submit this Response in Opposition to Defendant's Motion to Dismiss.

### INTRODUCTION

The Congressional Intervenors respectfully request that this Court deny Defendant's Motion to Dismiss because: (1) claims brought by Sheila Jackson Lee in her official capacity automatically transfer to her successor pursuant to Federal Rule of Civil Procedure 25(d); (2) the Congressional Intervenors are simultaneously filing a Motion to Substitute for Sheila Jackson Lee's personal claims; and (3) judicial economy strongly favors retaining jurisdiction over claims that will soon be ripe again rather than necessitating refiling. The Congressional Intervenors expressly notify the Court that they do not proceed on any claims personal to the late Congressperson Eddie Bernice Johnson.

The words of the late Congresswoman best sum up Intervenor's response. On page 52 of her deposition in this case, she emphatically stated that the case was not about her, but about the people

of the 18th Congressional District having the ability to elect the candidates of their choice. That bit of poetry has the virtue of being supported by the US Constitution.

### THE HISTORIC SIGNIFICANCE OF THE 18TH CONGRESSIONAL DISTRICT

The 18th Congressional District of Texas is not merely a political subdivision but a historic vehicle for Black political representation with profound significance to the African-American community in Texas. As Congresswoman Jackson Lee testified in her deposition of August 2, 2022, the district was "first represented by Barbara Jordan" and later by Mickey Leland and Craig Washington before her own tenure of fourteen terms. The district's configuration has remained substantially consistent throughout its history until the recent redistricting, which Congresswoman Jackson Lee characterized as having "mutilated" the district in a manner unprecedented during the lifetime of any of its representatives.

As Congresswoman Jackson Lee testified: "It's never been an easy task to save the district for the constituents of the 18th congressional district." Her focus throughout the redistricting process was "on keeping communities of interest, neighborhoods in the historic 18th congressional district... [ensuring] neighborhoods that have traditionally been together historically who have common interests, mutuality of interests, and are contiguous neighborhoods... are, in fact, able to select a person of their choosing and to have their voices heard, which is what representative government is all about."

The significance of this district's integrity is underscored by census data showing it was only 29,921 persons above the optimum size of 766,987 for Congressional districts following the 2020 census. Despite this modest deviation requiring only minimal adjustment, the Legislature enacted sweeping changes that, according to Congresswoman Jackson Lee's testimony, "completely silenced" the 18th Congressional District. The urgency of protecting the voices of the people the 18th is made clear by the joint letter and the accompanying map the Congresswoman co-authored with Congressman Green advocating for her district.

### THE SYSTEMATIC WEAKENING OF THE 18TH CONGRESSIONAL DISTRICT

The current redistricting continues a pattern of gradually diminishing African-American voting strength in the 18th Congressional District. As Congresswoman Jackson Lee testified, the

Legislature produced a map without her input that constituted "intentional discrimination by its new configuration." She noted that the district's population was not "excessively over" the optimum number, yet the Legislature proceeded with what she described as having "splintered, imploded, mutilated" communities that had historically expressed themselves collectively.

Particularly troubling was her testimony that African-Americans were the most "moved" population in the redistricting process, with black voters being relocated "without regard to their communities of interest or neighborhoods." She further testified that before certain last-minute adjustments, she and Congressman Green "were the only incumbents in the same party placed in the same congressional district" - a telling indication of discriminatory intent.

The legislative process itself showed procedural irregularities that further support claims of intentional discrimination. When the matter went before the Texas Legislature, there was "overwhelming opposition" to the proposed Congressional Plan. Despite this, Congresswoman Jackson Lee and her colleagues were "denied an opportunity to tender their own map." Senator West had requested a one-week extension to present an alternative plan while he had COVID, but this request was denied. Congresswoman Jackson Lee made clear that when the map was drawn, it excluded her, Congressman Alexander Green, and Congresswoman Eddie Bernice Johnson, and that this exclusion "was not inadvertent."

## ARGUMENT

Federal Rule of Civil Procedure 25(d) provides that when a public officer who is a party in an official capacity "dies, resigns, or otherwise ceases to hold office while the action is pending... [t]he officer's successor is automatically substituted as a party." This automatic substitution occurs by operation of law and "the action does not abate" when there is a change in officeholder.

The motion to dismiss should be denied for three key reasons:

First, with respect to Sheila Jackson Lee's claims brought in her official capacity, Federal Rule of Civil Procedure 25(d) explicitly provides that "the action does not abate" and that "the successor is automatically substituted as a party." The rule was specifically amended to "eliminate the necessity of demonstrating, as a condition of the substitution, that the successor intended to continue the predecessor's policies." This automatic substitution occurs by operation of law without any need for

court intervention, as "the court need not become aware of the substitution" and "rule 25(d) expressly eliminates the abatement doctrine."

Substitution under Rule 25 is mandatory when properly requested. As established in Rhodes v. Collier, "if a party dies and the claim is not thereby extinguished, the court within two years after the death may order substitution of proper parties." The Congressional Intervenors are well within this timeframe in requesting substitution.

Second, the Congressional Intervenors are concurrently filing a Motion to Substitute regarding Sheila Jackson Lee's personal claims. Rule 25 provides that "a motion for substitution may be made by any party or by the decedent's successor or representative." This separate motion addresses any claims that might not fall under the automatic substitution provision of Rule 25(d).

While Defendants may argue that Texas survivorship law should govern and that voting rights claims do not survive under Texas law, the Supreme Court in *Robertson v. Wegmann* established that state survivorship rules should only be followed when not inconsistent with federal policy. Given the systematic pattern of discrimination alleged regarding the 18th Congressional District and the compelling testimony provided by Congresswoman Jackson Lee about the historic significance of this district and the need to preserve its integrity as a vehicle for minority representation, allowing these claims to abate would be inconsistent with federal civil rights policy.

Third, dismissing claims that will soon be ripe again contravenes the principles of judicial economy. Judicial economy refers to "the efficient management of litigation in the courts to minimize duplication of effort and avoid wasting the judiciary's time and resources." Dismissing these claims only to have them refiled after the election would necessitate duplicative filings, renewed motion practice, and additional expenditure of court resources. While a motion to dismiss generally "serves the very valuable function of saving judicial and party resources," in this case, dismissal would actually waste judicial resources by requiring the parties to restart litigation that could continue efficiently in its current posture.

Fourth, as a policy matter, this panel should hesitate to silence the voters of the 18th Congressional District. As the previously stated the 18th is and has been a powerful voice for African Americans in Texas and the justice demands the voices of its constituents have an opportunity to be heard on the composition of their district. The law does not command the result the State Defendants advance

and where such is the case, the balance of equities must ever exalt the commands of justice. Therefore, the full participation of the 18th Congressional District must be allowed to ensure a fair process. As the Congresswoman made clear in her previous statements, the State of Texas attempted to silence the voices of the 18th Congressional District in the redistricting process and now invites this Panel to do likewise. This panel should decline that invitation.

The Congressional Intervenors emphasize that they are not proceeding on any personal claims for Eddie Bernice Johnson. This response is limited to preserving the claims related to Sheila Jackson Lee, both in her official capacity (which will transfer to her successor) and her personal capacity (which is addressed in the separately filed Motion to Substitute).

## Conclusion

For the foregoing reasons, the Congressional Intervenors respectfully request that this Court deny Defendant's Motion to Dismiss as to the claims related to Sheila Jackson Lee. The claims in her official capacity will automatically transfer to her successor upon election, and the separate Motion to Substitute addresses her personal claims. The Congressional Intervenors do not oppose dismissal of any claims related to Eddie Bernice Johnson, as they do not proceed on those claims. Judicial economy strongly favors maintaining the current litigation rather than forcing the parties to engage in the inefficient process of dismissal and refiling.

Respectfully submitted,

Nickolas A. Spencer, J.D., MA.
Attorney and Counselor at Law
Spencer & Associates, PLLC
808 Travis Street, Suite 100
Houston, TX 77002
nas@naslegal.com
713-863-1409