UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LULAC, et. al., | )( |
| *Plaintiffs* | )( |
| Eddie Bernice Johnson, Sheila Jackson-Lee Alexander Green, and Jasmine Crockett | )( |
| *Plaintiff-Intervenors* | )( |
| v. | )(  Case No.: EP-21-CV-00259-DCG-JES-JVB [Lead Case] |
| GREG ABBOTT, in his official capacity As Governor of Texas, et. al. | )( |
| *Defendants* | )( |

# RESPONSE TO ORDER REQUIRING ADDITIONAL BRIEFING

In response to the Court's Order Requiring Additional Briefing, ECF No. 877, Intervenor Plaintiffs submit the following clarification:

**Intervenor Plaintiffs Do Not Maintain Effects-Based Claims Under Section 2**

Intervenor Plaintiffs confirm that they are NOT pursuing effects-based vote-dilution claims under Section 2 of the Voting Rights Act in their Second Amended Complaint, ECF No. 619. While references to Section 2 remain in various parts of the Second Amended Complaint and may be relevant to the proof of the actual claims being made including the Prayer section. Intervenor Plaintiffs intentionally removed Counts I and II from their First Amended Complaint, ECF No. 209, which previously contained explicit effects-based claims under Section 2.

**Claims Being Maintained**

Intervenor Plaintiffs continue to pursue the following claims as explicitly stated in their Second Amended Complaint:

1. Intentional discrimination claims and vote dilution under the Fourteenth and Fifteenth Amendments to the United States Constitution (Counts I and II, ECF No. 619 at 25-26);

2. Claims for relief under Section 3(c) of the Voting Rights Act (Count III, ECF No. 619 at 26); and

3. Racial gerrymandering and vote dilution claims under the United States Constitution (Count IV, ECF No. 619 at 26-28).

**Standing to Represent African American and Latino Voters**

Intervenor Plaintiffs note that this Court has previously ruled that "Intervenors have standing as voters to challenge the redistricting of CD 9, 18, and 30, and as incumbent legislators or legislative candidates for racial gerrymandering and intentional vote dilution" and "in their capacities as legislators or legislative candidates such claims could be brought on behalf of both Black and Latino voters." ECF No. 592. The Intervenor Plaintiffs continue to rely on this ruling with respect to their remaining claims.

**Party Substitution for Official Capacity**

Intervenor Plaintiffs respectfully note that the automatic party substitution rules applicable to official capacity claims apply equally to the late Congressman Sylvester Turner, who succeeded the late Congresswoman Sheila Jackson-Lee. Pursuant to Federal Rule of Civil Procedure 25(d), when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party.

The same principles and arguments concerning official capacity representation will apply to any eventual successor to Congressman Turner.

Respectfully Submitted,

/s/ Gary Bledsoe

The Bledsoe Law Firm PLLC
State Bar No. 02476500
6633 Highway 290 East #208
Austin, Texas 78723-1157
Telephone: 512-322-9992

Nickolas A. Spencer, J.D., M.A.

Spencer & Associates, PLLC
State Bar No. 24102529
9100 Southwest Freeway, Suite 122
Houston, Texas 77074
Telephone: 713-863-1409

Fax: 512-322-0840
gbledsoe@thebledsoelawfirm.com

Attorneys for Plaintiff-Intervenors
Sheila Jackson-Lee, Alexander Green, and
Jasmine Crockett

Fax: 713-863-1409

nas@naslegal.com

## CERTIFICATE OF SERVICE

I certify that on April the 22, 2025, a true and correct copy of Plaintiff-Intervenors' Response to ECF 877 was delivered via the Federal Court ECF system.


/s/Nickolas Spencer
Nickolas A. Spencer