# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, § § § *Plaintiffs,* § § v. § § § GREG ABBOTT, *et al.*, § § *Defendants.* § | Case No. 3:21-cv-00259-DCG-JES-JVB [Lead Case] |

## DEFENDANTS' RESPONSE TO INTERVENOR-PLAINTIFFS' ORDERED CLARIFICATION

Defendants, the State of Texas; Greg Abbott, in his official capacity as Governor of Texas; and Jane Nelson, in her official capacity as Secretary of State, as permitted by this Court's Order, ECF 916 at 8, hereby submit this response to Intervenor-Plaintiffs' ordered clarification regarding effects-based vote-dilution claims, ECF 917.

### INTRODUCTION

While Intervenor-Plaintiffs' "clarification" still leaves important questions unanswered, it accomplished its primary objective by informing this Court, and Defendants, that Intervenor-Plaintiffs do not bring any effects-based claims under § 2 of the Voting Rights Act. Ineluctably, this means that Intervenor-Plaintiffs bring no § 2 claims at all—despite the "references to Section 2 [that] remain in various parts of the Second Amended Complaint," ECF 917 at 1, and an apparent miscite to § 2 in Intervenor-Plaintiffs' Count III, ECF 619 ¶ 73. Instead, Intervenor-Plaintiffs restrict themselves to intent claims under the Fourteenth and Fifteenth Amendments to the Constitution, all of which strike at the same core argument despite being presented in three separate counts. *See* Counts I, II, and IV, ECF 619 ¶¶ 68-71, 74-79.

I.  **Intervenor-Plaintiffs have declined to maintain their § 2 claims.**

Intervenor-Plaintiffs' additional briefing confirms from the very outset that Intervenor-Plaintiffs "are NOT pursuing effects-based vote-dilution claims under Section 2 of the Voting Rights Act." ECF 917 at 1. Just a page later, Intervenor-Plaintiffs reiterate that stance, this time by omission—stating that the sum total of their claims are three intent-based Constitutional claims (Counts I, II, and IV) and a request for relief in the form of preclearance under § 3(c) of the VRA (Count III). *Id.* at 2. No claim under § 2 of the VRA is listed. Defendants therefore interpret the additional briefing as definitive notice that Intervenor-Plaintiffs have dropped their § 2 claims against Texas's statewide maps.

The absence of § 2 claims conforms with Intervenor-Plaintiffs' conscious decision not to update their complaint in the wake of *Petteway v. Galveston County*, 111 F.4th 596 (5th Cir. 2024). As this Court noted, this decision not to amend "locked into place" Intervenor-Plaintiffs operative Second Amended Complaint. ECF 916 at 2. That Complaint, on its face, did not give Defendants sufficient notice that Intervenor-Plaintiffs would bring a § 2 claim. As evidenced, in part, by this Court's inability to determine whether Intervenor-Plaintiffs' § 2 claims remained live, the operative Second Amended Complaint did not fulfill the *de minimis* Rule 8 standard of a "short and plain statement" showing that Intervenor-Plaintiffs were entitled to relief under § 2. Fed. R. Civ. P. 8(a)(2). Although such a statement is not *all* that is required for a complaint to state a claim on which relief may be granted, it is nonetheless a minimum requirement designed to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Nonetheless, this Court provided Intervenor-Plaintiffs with an opportunity to resuscitate their § 2 VRA claims via clarification. Intervenor-Plaintiffs have declined. Now that this Court has made doubly sure that Intervenor-Plaintiffs do not maintain any claims under § 2—and because trial is set to commence twenty days hence—Defendants ask this Court to take Intervenor-Plaintiffs at their word. Because no § 2 claim appears in Intervenor-Plaintiffs' operative pleadings,

no such claim should appear in Intervenor-Plaintiffs arguments at trial, and any relief granted by this Court should be limited to the grounds that Intervenor-Plaintiffs have actually asserted.

## II. Intentional discrimination is not cognizable under § 2.

Intervenor-Plaintiffs did not—and, with the arguments they proffer, cannot—bring claims under § 2. Intervenor-Plaintiffs have limited themselves to claims of discriminatory intent under the Fourteenth and Fifteenth Amendments; those claims are not cognizable under § 2. The Supreme Court has recently "reiterated that § 2 turns on the presence of discriminatory effects, not discriminatory intent." *Allen v. Milligan*, 599 U.S. 1, 25 (2023) (citing *Chisom v. Roemer*, 501 U.S. 380, 403–404 (1991)). For claims brought under § 2, "[t]he 'right' question" is not whether any racially discriminatory intent was present in the redistricting process, but "whether 'as a result of the challenged practice or structure plaintiffs do not have an equal opportunity to participate in the political processes and to elect candidates of their choice.'" *Thornburg v. Gingles*, 478 U.S. 30, 44 (1986) (quoting S. Rep. 97-417, 28, 1982 U.S.C.C.A.N. 177, 206). In short, only effects claims—and not the intent claims that Intervenor-Plaintiffs have chosen to bring—are cognizable under § 2.

## III. Intervenor-Plaintiffs' clarification itself requires clarification.

Despite Intervenor-Plaintiffs' avowal that they "are NOT" prosecuting § 2 claims, they nevertheless maintain that "references to Section 2 remain in various parts of the Second Amended Complaint and may be relevant to the proof of the actual claims being made including the Prayer section." ECF 917 at 1. Intervenor-Plaintiffs do not specify which of the "various parts" of their operative complaint contain such "relevant" references, nor do they explain how such references could relate to their prayer for relief. It is possible that those omissions were accidental—the sentence asserting the possible relevance of the remaining § 2 references does not appear to have been intended to end where it does. But as it is filed, Intervenor-Plaintiffs' clarification does not elucidate the extent to which § 2 continues to factor into their claims. This is particularly concerning because Intervenor-Plaintiffs' prayer asks this Court for a "declaratory judgment that State Defendants' actions violate the rights of Plaintiffs as protected by Section 2 of the Voting

Rights Act"—a request that is difficult to fulfill after Intervenor-Plaintiffs have disclaimed any intent to proceed on § 2 claims. ECF 619 at 28.

This problem is compounded by an apparent miscite to § 2 where the Intervenor-Plaintiffs seem to mean § 3. Intervenor-Plaintiffs' clarification makes plain that they maintain their "[c]laims for relief under Section 3(c) of the Voting Rights Act," and points the Court and Defendants to Count III of their operative Second Amended Complaint. Count III requests "equitable relief under Section 3(c) of the Voting Rights Act," but then cites to 42 U.S.C. § 1973. ECF 619 ¶ 73. Section 1973 of Title 42 no longer exists; it has been transferred to 52 U.S.C. § 10301. But despite its change of address, the statutory text that was once housed at 42 U.S.C. § 1973—and is now at 52 U.S.C. § 10301—originated as § 2 of the Voting Rights Act. Pub. L. 89–110, title I, § 2, Aug. 6, 1965, 79 Stat. 437. The § 3(c) of the VRA on which Intervenor-Plaintiffs base their Count III and to which Intervenor-Plaintiffs appear to attempt to cite to was once a subsection of 42 U.S.C. § 1973a, and is now a subsection of 52 U.S.C. § 10302. Defendants hope that this is simple error, and not an attempt to launder § 2 claims through a request for § 3(c) preclearance. But that such an error has persisted through Intervenor-Plaintiffs' clarification—and that Intervenor-Plaintiffs have taken pains to note that "references to Section 2 . . . may be relevant to the proof of the actual claims being made including the Prayer section"—does not inspire confidence that Intervenor-Plaintiffs have fully crystallized whether they intend to rely on § 2.

IV. **Intervenor-Plaintiffs improperly reassert the appropriacy of substitution for deceased Intervenors.**

This Court's Order that Intervenor-Plaintiffs provide additional clarifying briefing specifically excluded from its scope the "analytically distinct question of whether the Court should dismiss the claims of Intervenor-Plaintiffs Eddie Bernice Johnson and Sheila Jackson Lee now that they're deceased." ECF 916 at 9. Nonetheless, Intervenor-Plaintiffs opted to conclude their clarifying pleading with a discussion of precisely that question. Anxious to avoid repetition of that disregard for this Court's Order, Defendants are content to refer this Court to their previous pleadings on that issue.

## CONCLUSION

Because the Intervenor-Plaintiffs have disavowed any and all claims under § 2 of the Voting Rights Act, Defendants request that this Court limit Intervenor-Plaintiffs to arguments in support of the claims brought, and limit any relief granted to those grounds.

Date: May 1, 2025

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

Respectfully submitted,

*/s/ Ryan G. Kercher*
RYAN G. KERCHER
Chief, Special Litigation Division
Tex. State Bar No. 24060998

KATHLEEN T. HUNKER
Deputy Chief, Special Litigation Division
Tex. State Bar No. 24118415

WILLIAM D. WASSDORF
Deputy Chief, General Litigation Division
Tex. State Bar No. 24103022

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2100
ryan.kercher@oag.texas.gov
kathleen.hunker@oag.texas.gov
will.wassdorf@oag.texas.gov

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on May 1, 2025 and that all counsel of record were served by CM/ECF.

*/s/ Ryan G. Kercher*
RYAN G. KERCHER