IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Case No. 3:21-cv-00259 [Lead Case] |
| GREG ABBOTT, *et al.*, | § § § | |
| *Defendants.* | § § § | |

_____

| | | |
|---|---|---|
| TEXAS STATE CONFERENCE OF THE NAACP, *et al.*, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Case No. 1:21-cv-01006 [Consolidated Case] |
| GREG ABBOTT, *et al.*, | § § § | |
| *Defendants.* | § § | |

**DEFENDANTS' ANSWER TO NAACP PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendants, the State of Texas, Jane Nelson, in her official capacity as Secretary of State, and Dave Nelson, in his official capacity as Deputy Secretary of State, ("Defendants") respectfully file this Answer to Plaintiff Texas State Conference of the NAACP's ("Plaintiff NAACP") Third Amended Complaint for Declaratory and Injunctive Relief, Dkt. 897. Because of this case's unusual procedural history, Plaintiff NAACP did not file its Third Amended Complaint until March 26, 2025—less than 60 days from trial. Recognizing that an itemized answer would impose unnecessary and duplicative burdens on Defendants in the lead up to trial, the Parties met on multiple occasions to discuss alternatives. The form of Defendants' abbreviated answer reflects the substance of those conversations.

### ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), for each and every allegation asserted in Plaintiff NAACP's Third Amended Complaint, Defendants only admit those allegations expressly admitted herein. All allegations not expressly admitted are generally denied, and this Answer carries the effect of a general denial of each and every allegation not specifically designated. Headings and paragraphs reproduced from Plaintiff NAACP's Third Amended Complaint within this Answer are included for organizational purposes only, and Defendants do not admit any matter contained therein.

### INTRODUCTION
### Dkt. 897 at 1-5, ¶¶ 1-11

Defendants generally deny the allegations made in paragraphs 1-11 of Plaintiff NAACP's Third Amended Complaint.

### JURISDICTION AND VENUE
### Dkt. 897 at 5, ¶¶ 12-14

Defendants deny that this Court has subject matter jurisdiction over Plaintiff's claims to the extent that Plaintiff NAACP lacks standing. Notwithstanding the foregoing, Defendants admit that Plaintiff's claims purport to raise federal questions such that jurisdiction would be appropriate under 28 U.S.C. § 1331 were all other requisites met. Defendants admit that venue is proper in the in the El Paso Division of the United States District Court for the Western District of Texas. Defendants deny that "Plaintiff's members' voting rights are being infringed upon in [the Western] District." Defendant deny any remaining allegations made in paragraphs 12–14.

### REQUEST FOR THREE-JUDGE PANEL
### Dkt. 897 at 6, ¶ 15

Defendants admit that Plaintiff is challenging the constitutionality of Texas's statewide redistricting maps and that a three-judge panel is appropriate for the adjudication of this case. Defendants deny any remaining allegations made in paragraph 15.

## PARTIES
### Dkt. 897 at 6–50, ¶¶ 16–156

Defendants admit that the Texas NAACP is a plaintiff in this case. Defendants admit that Plaintiff NAACP is an association that has members who reside in Texas and that it purports to bring this action on behalf of its members. Defendants deny that under the new maps, Plaintiff NAACP's members were intentionally discriminated against. Defendants further deny that the new maps reduced the voting power of Plaintiff NAACP's members. Defendants lack sufficient information to admit or deny the remaining allegations in paragraphs 16–22 and therefore deny them.

Defendants admit that the individuals listed in paragraphs 23–154 purport to be members of Plaintiff NAACP, over 18-years of age, that live in the challenged districts; Defendants, however, lack sufficient information to admit or deny the allegations made in paragraphs 23–154 and therefore deny them. Defendants further deny that the individuals listed in paragraphs 23–154 suffered an injury in-fact that is traceable to Defendants and redressable by this Court. As Defendants explained in prior filings, Dkt. 904, Defendants will agree to accept evidence of standing by declaration. In doing so, Defendants do not waive their rights to contest the legal sufficiency of any Plaintiff's evidence of standing at trial.

Defendants admit the allegations made in paragraph 155. Defendants further admit that Jane Nelson is the Secretary of State of Texas and has the powers and authorities granted to that office by the laws and Constitution of the State of Texas. Defendants deny, however, Plaintiff NAACP's characterization in paragraph 156 that the Secretary "is responsible for administering the Texas Election Code and applying it [sic] voters, elections, voting systems, candidates, and political parties," as Texas has a decentralized election system and the Secretary's enforcement power is limited. Defendants admit that Plaintiff NAACP sued the Secretary in her official capacity. Defendants deny any remaining allegations made in paragraph 156.

All remaining allegations made in paragraphs 16–156 are denied.

SPECIFIC FACTUAL ALLEGATIONS

A. Statewide Demographic Shifts

Dkt. 897 at 50–52, ¶¶ 157–166

Defendants admit that Texas added 3,999,994 residents between 2010 and 2020, according to the 2020 Census. Defendants further admit that Texas was apportioned two additional seats in the U.S. House of Representatives following the 2020 Census.

Defendants admit the allegations made in paragraph 158: namely, that the results of the 2020 Census increased the ideal populations in Texas's districts to 194,303 for a state house district, 940,178 for a state senate district, and 766,987 for a congressional district.

Defendants either deny or lack sufficient information to admit or deny the remaining allegations made in paragraphs 157–166. Any allegations for which Defendants lack sufficient information are denied.

B. History of voting discrimination in Texas,

Dkt. 897 at 52–55, ¶¶ 167–176

Defendants admit that Texas was previously a covered jurisdiction under Section 5 of the Voting Rights Act. Defendants generally deny all other allegations made in paragraphs 167–176 of Plaintiff NAACP's Third Amended Complaint. Defendants further deny Plaintiff NAACP's characterization of the federal court cases cited in these paragraphs.

C. History of redistricting in Texas

Dkt. 897 at 55–57, ¶¶ 177–181

Defendants generally deny the allegations made in paragraphs 177–181 of Plaintiff NAACP's Third Amended Complaint. Defendants further deny Plaintiff NAACP's characterization of the federal court cases cited in these paragraphs.

D. The development and passage of redistricting plans
S2168, H2316, and C2193 during the 87th legislative session

Dkt. 897 at 57–64, ¶¶ 182–227

Defendants admit the allegations made in paragraphs 182–84. Defendants further admit that the Texas Legislature passed all four of the redistricting maps during the Third Special Session

and that Governor Abbott signed the maps into law on October 25, 2021. Defendants deny, however, that the maps will necessarily "remain in place for the next decade," as alleged in paragraph 185. All remaining allegations in paragraph 185 are denied.

Defendants admit that the election integrity bill SB1 was passed during the second special session of the 87th Texas Legislature and was signed into law by Governor Abbott on September 7, 2021, but deny Plaintiff NAACP's characterization of the law and the legislative process that preceded it. Defendants admit that in Plan C2101, the residences of Representatives Jackson Lee and Green were placed in the same district. Defendants also admit that the Texas Legislature passed the redistricting bills before the end of the Third Special Session of the 87th Texas Legislature. All remaining allegations in paragraphs 186–93 are denied.

Defendants admit the allegations made in paragraphs 194, 201–204. Defendants further admit that public hearings on House Bill 1 ("HB1") were held on October 4, 2021, that some public hearings were held prior to that date, while other scheduled public hearings were cancelled. Defendants admit that all members of the Texas House were allowed to offer amendments to HB1 consistent with House rules. Defendants also admit that on October 5, 2021, the Texas House redistricting committee reported a committee substitute favorably. All remaining allegations in paragraphs 195–200 are denied.

Defendants admit the allegations made in paragraphs 206–207, and 209. Defendants further admit that Senator Joan Huffman was Chair of the Senate Special Committee on Redistricting. Defendants admit that SB 4 of the Third Special Session of the 87th Legislature was filed on September 18, 2021. Defendants admit that the Texas Senate voted to suspend the printing rule for SB 4. Defendants admit that the Texas Senate passed SB 4 on October 4, 2021. Defendants admit that public hearings on SB4 were held on October 11, 2021. All remaining allegations in paragraphs 205, 208, 210–15 are denied.

Defendants admit the allegations made in paragraphs 216–17, 227. Defendants deny that the time legislators had to examine the final version of SB 6 was inadequate but otherwise admit the remaining allegations in paragraph 226. Defendants further admit that a hearing on SB 6 was set

for October 13, 2021. Defendants admit that multiple amendments to SB6 were passed on October 16, 2021. Defendants admit that a conference committee featuring five Texas House members and five Texas Senate members was formed in relation to SB 6. Defendants admit that the conference committee for SB 6 met on October 17, 2021. Defendants admit that Representative Senfronia Thompson was the only Democratic member of the conference committee and did not sign the committee report. All remaining allegations in paragraphs 218–25 are denied.

### E. The re-passage of redistricting plans S2168 and H2316 during the 88th legislative session
### Dkt. 897 at 64–68, ¶¶ 228–244

Defendants admit the allegations made in paragraph 228. Defendants further admit that two Texas lawmakers brought a legal action contending that the passage of the state legislative plans in a special session violated Article 3, Section 28 of the Texas Constitution; however, Defendants deny Plaintiff NAACP's characterization of the operative law. Defendants also admit that on January 11, 2023, the Texas Senate passed Senate Resolution 2, which established rules of procedure that shall be observed by the Senate for the consideration of redistricting during the 88th. That resolution was passed unanimously. All remaining allegations in paragraphs 229 and 230 are denied.

Defendants admit that Representative Drew Darby chaired the Texas House of Representatives Redistricting Committee. Defendants further admit that House Bill 1000 ("HB 1000") related to the composition of districts for the election of members in the Texas House. Defendants admit that HB 1000 received a favorable report from the House Redistricting Committee on April 13, 2023, passed its second reading in the Texas House on April 26, 2023, and passed its third reading on April 27, 2023. Defendants likewise admit that Governor Abbott signed House Bill 1000 on June 12, 2023. Finally, Defendants admit that HB 1000 reauthorized House Plain H2316, without making changes. All remaining allegations in paragraphs 231–36 are denied.

Defendants admit that Senator Joan Huffman was Chair of the Senate Special Committee on Redistricting. Defendants further admit that Senate Special Committee on Redistricting heard

public testimony on January 26, 2023, to January 28, 2023. Defendants admit that on April 3, 2023, Senate Bill 375 ("SB375") passed a second and third reading in the Texas Senate. Defendants admit that SB 375 reauthorized Plan S2168, without making changes. Finally, Defendants admit that the voting districts reauthorized in Plans H2316 and S2168 were utilized in the 2024 primary and general elections. The website cited in Footnote 5 does not contain the quoted language; Defendants therefore deny allegations in Footnote 5. All remaining allegations in paragraphs 237–44 are denied.

### F. Analysis of Texas's new plans S2168, H2316, and C2193
### Dkt. 897 at 68–107, ¶¶ 245–381

Defendants admit the assertions made in paragraph 255. Defendants admit that the Texas Senate has two Black state senators who identify as Democrats. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 256 and therefore deny them. Defendants deny the assertion in paragraph 257 that "[o]nly 6 state senators are Hispanic" and that "[a]ll 6 are Democrats and were elected from state senate districts (SDs 6, 19, 20 26, 27, and 29)." Plaintiff NAACP overlooks that in 2022, Senator Pete Flores was elected in SD 24 as a Republican and that in 2024, Senator Adam Hinojosa beat a Democrat incumbent in SD 27 as a Republican. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 257 and therefore deny them. Defendants deny that the assertions in that there are 23 Anglo senators in paragraphs 258 and 259 because they do not account for recent changes in the Texas Senate's membership. Defendants lack sufficient information to admit or deny the remaining allegations in paragraphs 258 and 259 and therefore deny them. Defendants generally deny the allegations made in paragraphs 260–263.

Defendants admit that a large portion of Fort Worth is located within Tarrant County. Defendants admit that of the Texas Senate districts in Tarrant/Dallas County, two are majority-minority districts, according to Texas Legislative Council CVAP estimates that were based on the 2015–2019 American Community Survey. Defendants further admit that benchmark SD 10 was wholly contained within Tarrant County and that enacted SD 10 encompasses seven counties

besides Tarrant County. Defendants admit that enacted SD 22 includes Arlington and parts of Tarrant County. Defendants admit that Senator Kelly Hancock is a Republican and won in the 2018 General Election for SD 9. Defendants lack sufficient information to admit or deny the allegations in paragraphs 276–277 and therefore deny them. Defendants further deny Plaintiff NAACP's characterization of the federal court cases cited in paragraph 278. Defendants admit that enacted districts SD 13, SD 17, and SD 18 are located, wholly or in part, in Fort Bend County. Defendants deny that enacted districts SD 6 and SD 15 are located in Fort Bend County. Defendants admit that some counties that were included in benchmark SD 18 are now included in enacted SD 17. All remaining allegations in paragraphs 264–293 are denied.

Defendants admit the assertions made in paragraph 294. Defendants admit that under the enacted plan there are six Texas House districts with a majority of black alone CVAP, according to Texas Legislative Council CVAP estimates that were based on the 2015–2019 American Community Survey. Defendants further admit that under the enacted plan there are 30 majority HCVAP districts, according to Texas Legislative Council CVAP estimates that were based on the 2015–2019 American Community Survey. Defendants admit that Republican Tony Tinderholt won the 2020 General Election in HD 94, that Republican David Cook won the 2020 General Election in HD 96, and that Republican Jeff Cason won the 2020 General Election in HD 92. Defendants further admit that a Republican has represented HD 96 since at least 2012. Defendants admit that none of the benchmark districts listed in paragraph 325 were majority-minority districts, according to Texas Legislative Council CVAP estimates that were based on the 2015–2019 American Community Survey. Defendants also admit that none of the enacted districts listed in paragraph 325 are majority-minority districts according to the same data source. Defendants admit that enacted districts HD 57, HD 63, and HD 65 are wholly contained within Denton County. Defendants lack sufficient information to admit or deny the allegations in paragraph 319, 323, 330, and 333–35 about the alternative configurations and therefore deny them. All remaining allegations in paragraphs 294–335 are denied.

Defendants admit that the benchmark districts referenced in paragraph 337 were located, wholly or in part, in Brazoria County. However, Defendants lack knowledge or sufficient information to form a belief about Plaintiff NAACP's intended meaning of "the last election" in paragraph 337 and therefore deny related allegations. Defendants admit that neither HD 25 nor HD 29 are majority-minority districts under the enacted plan according to Texas Legislative Council CVAP estimates that were based on the 2015–2019 American Community Survey. Defendants admit that enacted districts HD 83 and HD 84 are located, wholly or in part, in Lubbock County. Defendants further admit that neither enacted HD 83 or HD 84 is a majority-minority district according to Texas Legislative Council CVAP estimates that were based on the 2015–2019 American Community Survey. Defendants lack sufficient information to admit or deny the allegations in paragraphs 341, 345–46, 350, and 354 about the alternative configurations and therefore deny them. All remaining allegations in paragraphs 336–354 are denied.

Defendants admit that the Texas Congressional delegation will have 38 members following the 2022 General Election. Defendants admit that Republican Beth Van Duyne won the 2020 General Election in CD 24 and that Republican Ronald Wright won the 2020 General Election in CD 6. Defendants also admit that Republican Ted Poe represented CD 2 for 14 years before being succeeded by Republican Daniel Crenshaw. Defendants admit that Republican Daniel Crenshaw won the General Election in 2018 and 2020. Defendants admit that in the 2020 General Election, CDs 2, 14, and 22 elected Republicans and CDs 7, 9, 18, and 29 elected Democrats. Defendants lack knowledge or sufficient information to form a belief about Plaintiff NAACP's intended meaning of "the last election" in paragraph 366 and therefore deny related allegations. Defendants also lack sufficient information to admit or deny the allegations in paragraphs 370, 371, 380, and 381 about the alternative configurations and therefore deny them. All remaining allegations in paragraphs 355–381 are denied.

### Count I

### Dkt. 897 at 107–10, ¶¶ 382–90

Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Defendants deny the allegations made in paragraphs 382–90. Defendants further deny that Plaintiff NAACP presents a valid claim under the Voting Rights Act and deny that Plaintiffs assert any claim on which the Court can grant relief against Defendants.

### Count II

### Dkt. 897 at 110–12, ¶¶ 391–401

Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Defendants deny the allegations made in paragraphs 391–401. Defendants deny Plaintiff's characterization of federal case law, including that the terms "cracking" and "packing" are featured in *Thornburg v. Gingles*. Defendants further deny that an application of *Gingles* to the facts of this case in any way demonstrates that Defendants violated any provision of the Voting Rights Act. Defendants deny that Plaintiff NAACP presents a valid claim under either the Voting Rights Act or the Fourteenth Amendment and deny that Plaintiffs assert any claim on which the Court can grant relief against Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Defendants deny that Plaintiff NAACP is entitled to any of the relief requested herein and respectfully request that the Court upon final trial or hearing in this case enter judgment as follows:

i. Deny Plaintiffs any relief they request;

ii. Grant that Plaintiffs take nothing by this action; and

iii. Grant Defendants any fees and costs to which they are entitled under law.

### DEFENSES

Defendants assert the following affirmative and other defenses to which they are entitled:

1. Plaintiff NAACP has failed to state a claim upon which relief can be granted.

2. This Court lacks subject-matter jurisdiction to consider all claims asserted in Plaintiff NAACP's Third Amended Complaint.

3. Plaintiff NAACP lacks standing to assert all claims asserted in its Third Amended Complaint.

4. Because two major election cycles have taken place since Texas's maps took effect, if Plaintiff NAACP's members are unable to identify a candidate of their choice who did not get elected, then they lack a cognizable injury in-fact to support a vote dilution claim vis-à-vis associational standing.

5. Plaintiff NAACP lacks a right to bring its claims under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, or under any other right of action in law or equity.

6. Defendants assert all applicable immunities to Plaintiff NAACP's claims, including but not limited to their entitlement to Eleventh Amendment and sovereign immunity.

7. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it is inconsistent with the Equal Protection Clause of the 14th Amendment to the U.S. Constitution. *See Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 206 (2023).

8. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it would exceed Congress's enforcement power under the 14th and 15th Amendments to the U.S. Constitution. Imposing liability here would not be congruent and proportional to the enforcement of the 14th Amendment or 15th Amendment.

9. Defendants assert that § 2 of the Voting Rights Act is, as currently interpreted, unconstitutional because it does not give fair notice of the conduct proscribed, resulting in improper judicial intrusions on a purely legislative process.

10. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it would violate separation of powers by having the courts intrude on properly exercised legislative powers reserved to the states.

11. Pursuant to 42 U.S.C. § 1988(b) and 52 U.S.C. § 10310(e), Defendants will be entitled to recover their attorney's fees if they are the prevailing parties.

12. Defendants reserve the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

Date: May 5, 2025

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Phone: (512) 936-1700
Fax: (512) 457-4410
ryan.kercher@oag.texas.gov
kathleen.hunker@oag.texas.gov
william.wassdorf@oag.texas.gov
david.bryant@oag.texas.gov
zachary.rhines@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
zachary.berg@oag.texas.gov
ali.thorburn@oag.texas.gov
kyle.tebo@oag.texas.gov
mark.csoros@oag.texas.gov

Respectfully submitted,

*/s/ Ryan G. Kercher*
RYAN G. KERCHER
Chief, Special Litigation Division
Texas Bar No. 24060998

KATHLEEN T. HUNKER
Deputy Chief, Special Litigation Division
Texas Bar No. 24118415

WILLIAM D. WASSDORF
Deputy Chief, General Litigation Division
Texas Bar No. 24103022

DAVID BRYANT
Senior Special Counsel
Texas Bar No. 03281500

ZACHARY L. RHINES
Special Counsel
Texas Bar No. 24116957

MUNERA AL-FUHAID
Special Counsel
Texas Bar No. 24094501

ZACHARY W. BERG
Special Counsel
Texas Bar No. 24107706

ALI M. THORBURN
Assistant Attorney General
Texas Bar No. 24125064

KYLE S. TEBO
Special Counsel
Texas Bar No. 24137691

MARK A. CSOROS
Assistant Attorney General
Texas Bar No. 24142814

COUNSEL FOR STATE DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on May 5, 2025, a true and accurate copy of the foregoing document was filed and served electronically (via CM/ECF).

*/s/ Ryan G. Kercher*
RYAN G. KERCHER
Chief, Special Litigation Division