IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>GREG ABBOTT, *et al.*,<br><br>*Defendants.* | §§§§§§§§§§§ | Case No. 3:21-cv-00259<br>[Lead Case] |
| MEXICAN AMERICAN LEGISLATIVE CAUCUS, TEXAS HOUSE OF REPRESENTATIVES: SERGIO MORA; AND BOBBIE GARZA HERNANDEZ,<br><br>*Plaintiffs,*<br><br>v.<br><br>STATE OF TEXAS, *et al.*,<br><br>*Defendants.* | §§§§§§§§§§§§§§ | Case No. 3:21-cv-00988<br>[Consolidated Case] |

**DEFENDANTS' ANSWER TO MALC PLAINTIFF'S
THIRD AMENDED COMPLAINT**

Defendants, the State of Texas, Greg Abbott, in his official capacity as Governor of the State of Texas, and Jane Nelson, in her official capacity as Secretary of State (Defendants), respectfully file this Answer to Plaintiff Mexican American Legislative Caucus, Texas House of Representatives, (MALC); Sergio Mora; and Bobbie Garza-Hernandez's (MALC Plaintiffs) Third Amended Complaint, Dkt. 892. Because of this case's unusual procedural history, Plaintiff MALC did not file its Third Amended Complaint until March 24, 2025—less than 60 days from trial. Recognizing that an itemized answer would impose unnecessary and duplicative burdens on

Defendants in the lead up to trial, the Parties met on multiple occasions to discuss alternatives. The form of Defendants' abbreviated answer reflects the substance of those conversations.

## ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), for each and every allegation asserted in MALC Plaintiffs' Third Amended Complaint, Defendants only admit those allegations expressly admitted herein. All allegations not expressly admitted are generally denied, and this Answer carries the effect of a general denial of each and every allegation not specifically designated. The headings, subheadings, and paragraphs below directly correlate to those contained in Plaintiffs' Third Amended Complaint. However, State Defendants have chosen not to include Plaintiffs' erroneous descriptions within their own titles, headings, and subheadings and deny any allegations contained in those descriptions. Any titles, headings, or subheadings that remain in this original answer are reproduced for organizational purposes only, and State Defendants do not admit any matter contained in reproduced titles.

State Defendants further deny any allegation against them contained in the unnumbered introductory paragraphs in pages 1 through 8 of Plaintiffs' Third Amended Complaint.

## PARTIES
### Dkt. 892 at 4–8, ¶¶ 1–8

Defendants admit that the Mexican American Legislative Caucus is a plaintiff in this action. Defendants also admit that MALC purports to bring this action on behalf of members. Defendants lack sufficient information to admit or deny the allegations made in paragraphs 1–4 concerning MALC's mission and activities and therefore denies them. Defendants also deny that these allegations are sufficient to confer MALC standing in its own right. Defendants lack sufficient information to admit or deny the allegations made concerning the individuals listed in paragraph 5 and therefore deny them. Defendants deny that these allegations are sufficient to confer standing on the MALC Plaintiffs. As Defendants explained in prior filings, Dkt. 904, Defendants will agree to accept evidence of standing by declaration. In doing so, Defendants do not waive their rights to contest the legal sufficiency of any Plaintiff's evidence of standing at trial.

Defendants admit that MALC Plaintiffs have brought this action against the State of Texas but deny that the State of Texas "is a political subdivision covered under the provisions of the Voting Rights Act and responsible for the actions of its officials with regard to state-wide redistricting." Defendants admit that MALC Plaintiffs have brought this action against Governor Greg Abbott and Secretary Jane Nelson. Defendants also admit that Governor Abbott and Secretary Nelson are named in their official capacities. Defendants admit that Governor Abbott and Secretary Nelson have the duties and authorities assigned them by the laws and Constitution of Texas. To that end, Defendants admit that Section 31.001(a) of the Texas Election Code states, "The secretary of state is the chief election officer of the state." Defendants deny, however, that the title "chief election officer," alone, is a sufficient enforcement connection to make Secretary Nelson a proper party. Defendants deny any remaining allegations made in paragraphs 1–8 of MALC Plaintiffs' Third Amended Complaint.

## JURISDICTION AND VENUE
### Dkt. 892 at 9, ¶¶ 9–11

Defendants deny that this Court has subject matter jurisdiction over MALC Plaintiff's claims to the extent that MALC Plaintiffs lacks standing. Notwithstanding the foregoing, Defendants admit that MALC Plaintiffs' claims purport to raise federal questions such that jurisdiction would be appropriate under 28 U.S.C. § 1331, were all other requisites met. Defendants admit that venue is proper in the El Paso Division of the United States District Court for the Western District of Texas. Defendants admit that MALC Plaintiffs purport to seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 but deny that any violation of law occurred and deny that MALC Plaintiffs are entitled to such relief. Defendants deny the remaining allegations in paragraphs 9–11.

### FACTS
**Dkt. 892 at 9–53, ¶¶ 12–200**

#### A.

Defendants admit that the U.S. Census Bureau released the initial Public Law 94–171 data on August 12, 2021 (as distinguished from the full redistricting toolkit, which was released on September 16, 2021). Defendants further admit that according to the referenced U.S. Census data, Texas's population increased by about 15.9%, from 25,145,561 in 2010 to 29,145,505 in 2020. Defendants admit that according to 2020 U.S. Census data, Hispanic Texans are 39.3% of the total population of Texas. Defendants admit that the total population numbers released by the U.S. Census Bureau were used as the measure of the Texas population during the redistricting process. Defendants admit that according to 2020 U.S. Census data, Congressional District 23 had a census self-response rate of 57.2%, and the Texas state self-response rate was 62.8%. Defendants deny the remaining allegations in paragraphs 12–21.

#### B.

Defendants admit that Texas was previously a covered jurisdiction under Section 5 of the Voting Rights Act. Defendants generally deny all other allegations made in paragraphs 22–26 of MALC Plaintiffs' Third Amended Complaint. Defendants further deny MALC Plaintiffs' characterization of the federal court cases cited in these paragraphs.

#### C.
##### 1.

Defendants admit the allegations made in paragraph 27. Defendants also admit that *Perez v. Abbott*, 253 F. Supp. 3d 864, 960 (W.D. Tex. 2017), contains the text quoted in the first sentence of paragraph 28; Defendants, however, deny that the quoted text supports a conclusion that any enacted district or map was enacted with discriminatory intent or has a discriminatory effect. Furthermore, Defendants deny MALC Plaintiffs' characterization of the court case. Defendants generally deny any remaining allegations made in paragraphs 27–31.

2.

Defendants admit that Senator Joan Huffman, the Chair of the Senate Special Committee on Redistricting, filed Senate Bill 6 on September 27, 2021, and that the bill was referred to the Senate Special Committee on Redistricting on September 27, 2021. Defendants admit that the Senate Special Committee for Redistricting scheduled a public hearing on Senate Bill 6 at 9:00 a.m. on Thursday, September 30, 2021. Defendants also admit that the Senate Special Committee on Redistricting scheduled a public hearing to consider Senate Bill 6 at 9:00 a.m. on October 4, 2021.

Defendants admit that Senator Zaffirini offered Committee Amendment 2 (Plan C2109). Defendants admit that Senator Huffman opposed the amendment and that the adoption of Committee Amendment 2 (Plan C2109) failed with votes of 5 "ayes," 9 "nays," and 1 "absent." Likewise, Defendants admit that Senator Zaffirini offered Committee Amendment 3 (Plan C2110). Defendants admit that Senator Huffman opposed the amendment and that the adoption of Committee Amendment 3 (Plan C2110) failed with votes of 6 "ayes" and 9 "nays."

Defendants admit that on October 8, 2021, the Texas Senate suspended the printing rule, Senate Rule 7.12(a). Defendants admit that according to the Senate Journal, the Committee Substitute for Senate Bill 6 was passed on second reading to engrossment as amended. Defendants admit that on October 8, 2021, Senate Bill 6 was reported engrossed, the House received Senate Bill 6 from the Senate, and the House referred Senate Bill 6 to the House Redistricting Committee. Defendants admit that on October 13, 2021, the House Redistricting Committee reported Senate Bill 6 favorably without amendments.

Defendants admit that the House passed Senate Bill 6 on third reading on October 17, 2021, and that the Senate did not concur. State Defendants admit that a conference committee was appointed. Defendants admit that according to the House Journal, Representative Anchia raised a point of order against further consideration of the conference committee report on Senate Bill 6 on October 18, 2021, under Rule 13, Section 9(d)(1) of the House Rules and the point of order was overruled. Defendants admit that upon adoption of the conference committee report by both

Houses, the report was then sent to the Governor's office. Defendants deny any remaining allegations made in paragraphs 32–68.

### 3.

Defendants admit that House Bill 1, relating to the composition of districts for the election of members of the Texas House of Representatives, was filed on September 30, 2021. Defendants admit that the House Redistricting Committee held a public hearing on Monday, October 4, 2021, beginning at 9:00 a.m., to hear public testimony on House Bill 1. Defendants admit that the Senate Special Committee on Redistricting allowed testimony from witnesses from the Mexican American Legal Defense and Education Fund, the Texas NAACP, LULAC, and the Brennan Center.

Defendants admit that House Bill 1 was placed on the Major State Calendar for floor consideration on October 12, 2021, and admit that according to the House Journal, the Texas House Committee on Calendars adopted a rule that stated, "For each original amendment that will be offered during second reading consideration of the bill, the amendment elements required by Section 3(a) must be submitted to the chief clerk by 6 p.m. on Sunday, October 10."

Defendants admit that the Texas House passed House Bill 1. Defendants admit that the Texas Senate received House Bill 1 from the Texas House on October 13, 2021, and that House Bill 1 was scheduled for public hearing on October 15, 2021. State Defendants admit that on October 15, 2021, the Senate Special Committee on Redistricting reported House Bill 1 favorably without amendments. Defendants deny the remaining allegations in paragraphs 69–84.

### D.

Defendants generally deny the allegations in paragraphs 85–86 of MALC Plaintiffs' Third Amended Complaint.

### 1.a.

Defendants admit that in the benchmark plan, Plan H2100, El Paso County contains five Texas House districts. Defendants also admit that in the enacted plan, Plan H2316, Texas House District 76 is not located in El Paso and is located in Fort Bend County. Defendants deny the remaining allegations in paragraphs 87–101.

**1.b**

Defendants admit that the benchmark plan, Plan H2100, features four districts that contain portions of Harris County that are majority HCVAP. Defendants generally deny the remaining allegations in paragraphs 102–117.

**1.c**

Defendants generally deny the allegations made in paragraphs 118–122 of MALC Plaintiffs' Third Amended Complaint.

**2.a**

Defendants generally deny the allegations made in paragraphs 123–126 of MALC Plaintiffs' Third Amended Complaint.

**2.b.**

Defendants generally deny the allegations made in paragraphs 127–130 of MALC Plaintiffs' Third Amended Complaint.

**E.**

**1.**

Defendants admit that Latinos account for approximately 30% of the Citizen Voting Age Population in Texas according to the Census Bureau's 2016–2020 American Community. Defendants generally deny the remaining allegations in paragraphs 131–138.

**2.**

Defendants admit that the allegation in paragraphs 140–143 accurately reflect information cited in a report authored by a paid expert retained by Plaintiffs in this case. Defendants, however, lack sufficient knowledge, information, or the context of this assertion to form a belief about the truth of these allegations, and therefore deny them. Further, Defendants deny that this information supports a conclusion that any district or map enacted by the Texas Legislature was enacted with discriminatory intent or has a discriminatory effect. Defendants admit that Senate Bill 1 was enacted during the Second Called Session of the 87th Texas Legislature and that Senate Bill 1 is the subject of ongoing litigation; Defendants deny Plaintiffs' characterization of the statute.

Defendants also deny Plaintiffs' characterization of the legal decisions cited in paragraphs 145–147 and 149. Defendants generally deny the remaining allegations in paragraphs 139–151.

### 3.

Defendants admit that the named individual made a public statement that included the partial quote Plaintiffs reference in paragraph 154 but deny Plaintiffs' characterization of that statement and all remaining allegations in this paragraph. Defendants deny that any allegations in this paragraph support a conclusion that any district or map enacted by the Texas Legislature was enacted with discriminatory intent or has a discriminatory effect. Defendants generally deny the remaining allegations in paragraphs 152–173.

### 4.

Defendants admit that Representative Yvonne Davis offered an amendment that would have modified the boundaries between HD 54 and HD 55 in Bell County and that that amendment failed to pass, but Defendants deny that this amendment would not have split Killeen between those two districts. Defendants admit that Representative Nicole Collier offered an amendment that would have modified the boundaries between HD 54 and HD 55 in Bell County and that that amendment failed to pass, but State Defendants deny that this amendment would not have split both Killeen and Temple between those two districts. Defendants deny all remaining allegations in paragraphs 174–178.

### G.

Defendants generally deny the allegations made in paragraphs 179–188 of MALC Plaintiffs' Third Amended Complaint.

### H.

Defendants generally deny the allegations made in paragraphs 189–197 of MALC Plaintiffs' Third Amended Complaint.

I.

Defendants admit that in 2023, the Texas Legislature enacted House Bill 1000 and Senate Bill 375 to comply with Article 3, Section 28 of the Texas Constitution, which states that "[t]he Legislature shall, at its first regular session after the publication of each United States decennial census, apportion the state into senatorial and representative districts." Defendants admit that House Bill 1000 and Senate Bill 375 made no changes to House and Senate maps enacted by the Legislature in 2021. Defendants deny all remaining allegations in paragraphs 198–200.

## LEGAL CLAIMS

### Count I

### Dkt. 892 at 54, ¶¶ 201–02

Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Defendants deny that any of Texas's current electoral maps were enacted with discriminatory intent. Defendants deny that Plaintiffs present a valid claim under the Fourteenth or Fifteenth Amendments and deny that Plaintiffs assert any claim on which the Court can grant relief against Defendants. Defendants deny any remaining allegations made in in paragraphs 201–02.

### Count II

### Dkt. 892 at 54–55, ¶¶ 203–04

Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Defendants deny that Plaintiffs present a valid claim under the Voting Rights Act and deny that Plaintiffs assert any claim on which the Court can grant relief against Defendants. Defendants deny any remaining allegations made in in paragraphs 203–04.

### Count III

### Dkt. 892 at 55, ¶¶ 205–07

Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Defendants deny that MALC Plaintiffs present a valid claim under the Fourteenth Amendment and deny that MALC Plaintiffs assert any claim on which the Court can grant relief against Defendants. Defendants deny any remaining allegations made in paragraphs 205–07.

### Count IV
### Dkt. 892 at 55–56, ¶¶ 208–11

Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Defendants admit that House Bill 1 adopted Plan H2316 and was signed by the governor on October 25, 2021. Defendants also admit that Plan H2316 features an overall deviation range of 9.98%. However, Defendants deny that MALC Plaintiffs present a valid claim under the Fourteenth Amendment and deny that MALC Plaintiffs assert any claim on which the Court can grant relief against Defendants. Defendants deny any remaining allegations made in in paragraphs 208–11.

### Prayer for Relief

WHEREFORE, Defendants respectfully request that the Court upon final trial or hearing in this case enter judgment as follows:

i. Deny MALC Plaintiffs any relief they request; and

ii. Grant that MALC Plaintiffs take nothing by this action.

iii. Grant Defendants any fees and costs to which they are entitled under law.

### Defenses

Defendants assert the following affirmative and other defenses to which they are entitled:

1. MALC Plaintiffs have failed to state a claim upon which relief can be granted.

2. This Court lacks subject-matter jurisdiction to consider all claims asserted in MALC Plaintiffs' Third Amended Complaint.

3. MALC Plaintiffs lack standing to assert all claims asserted in their Third Amended Complaint.

4. Because two major election cycles have taken place since Texas's maps took effect, if MALC Plaintiffs are unable to identify a candidate of their choice who did not get elected, then MALC Plaintiffs lack a cognizable injury to support a vote dilution claim.

5. MALC Plaintiffs lack a right to bring their claims under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, or under any other right of action in law or equity.

6. Defendants assert all applicable immunities to MALC Plaintiffs' claims, including but not limited to their entitlement to Eleventh Amendment and sovereign immunity.

7. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it is inconsistent with the Equal Protection Clause of the 14th Amendment to the U.S. Constitution. *See Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 206 (2023).

8. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it would exceed Congress's enforcement power under the 14th and 15th Amendments to the U.S. Constitution. Imposing liability here would not be congruent and proportional to the enforcement of the 14th Amendment or 15th Amendment.

9. Defendants assert that § 2 of the Voting Rights Act is, as currently interpreted, unconstitutional because it does not give fair notice of the conduct proscribed, resulting in improper judicial intrusions on a purely legislative process.

10. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, as currently interpreted, unconstitutional because it would violate separation of powers by having federal courts intrude on properly exercised legislative powers reserved to the states.

11. Pursuant to 42 U.S.C. § 1988(b) and 52 U.S.C. § 10310(e), Defendants will be entitled to recover their attorney's fees if they are the prevailing parties.

12. Defendants reserve the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

Date: May 5, 2025

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Phone: (512) 936-1700
Fax: (512) 457-4410
ryan.kercher@oag.texas.gov
kathleen.hunker@oag.texas.gov
william.wassdorf@oag.texas.gov
david.bryant@oag.texas.gov
zachary.rhines@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
zachary.berg@oag.texas.gov
ali.thorburn@oag.texas.gov
kyle.tebo@oag.texas.gov
mark.csoros@oag.texas.gov

Respectfully submitted,

*/s/ Ryan G. Kercher*
RYAN G. KERCHER
Chief, Special Litigation Division
Texas Bar No. 24060998

KATHLEEN T. HUNKER
Deputy Chief, Special Litigation Division
Texas Bar No. 24118415

WILLIAM D. WASSDORF
Deputy Chief, General Litigation Division
Texas Bar No. 24103022

DAVID BRYANT
Senior Special Counsel
Texas Bar No. 03281500

ZACHARY L. RHINES
Special Counsel
Texas Bar No. 24116957

MUNERA AL-FUHAID
Special Counsel
Texas Bar No. 24094501

ZACHARY W. BERG
Special Counsel
Texas Bar No. 24107706

ALI M. THORBURN
Assistant Attorney General
Texas Bar No. 24125064

KYLE S. TEBO
Special Counsel
Texas Bar No. 24137691

MARK A. CSOROS
Assistant Attorney General
Texas Bar No. 24142814

COUNSEL FOR STATE DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on May 5, 2025, a true and accurate copy of the foregoing document was filed and served electronically (via CM/ECF).

*/s/ Ryan G. Kercher*
RYAN G. KERCHER
Chief, Special Litigation Division
