UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § | Case No. 3:21-cv-00259 <br> [Lead Case] |
| ROY CHARLES BROOKS, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> GREG ABBOTT *et al.*, <br><br> *Defendants.* | § § § § § § § § § | Case No. 1:21-CV-00988 <br> [Consolidated Case] |

**DEFENDANTS' ANSWER TO BROOKS PLAINTIFFS' FOURTH AMENDED COMPLAINT**

Defendants, the State of Texas, Greg Abbott, in his official capacity as Governor of the State of Texas, and Jane Nelson, in her official capacity as Secretary of State, (Defendants) respectfully file this Answer to Plaintiffs' Fourth Amended Complaint for Declaratory and Injunctive Relief, Dkt. 876. Because of this case's unusual procedural history, the Brooks Plaintiffs did not file their Fourth Amended Complaint until March 12, 2025—just 70 days from trial. Recognizing that an itemized answer would impose unnecessary and duplicative burdens on Defendants in the lead up to trial, the Parties met on multiple occasions to discuss alternatives. The form of Defendants' abbreviated answer reflects the substance of those conversations

## ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), for each and every allegation asserted in Plaintiff's Third Amended Complaint Defendant admits only those allegations expressly admitted herein. All allegations not expressly admitted are generally denied, and this Answer carries the effect of a general denial of each and every allegation not specifically designated. Headings and paragraphs reproduced from Plaintiff's Third Amended Complaint within this Answer are included for organizational purposes only, and Defendants do not admit any matter contained therein.

### INTRODUCTION
### Dkt. 876 at 2–5, ¶¶ 1–11

Defendants deny that any of Texas's current electoral maps unlawfully discriminates on the basis of race. Defendants deny the remaining allegations made in paragraphs 1–11.

### Jurisdiction and Venue
### Dkt. 876 at 5, ¶ 12

Defendants deny that this Court has subject matter jurisdiction over Plaintiff's claims to the extent that Plaintiffs lack standing or Defendants are entitled to sovereign immunity. Notwithstanding the foregoing, Defendants admit that Plaintiffs' claims purport to raise federal questions such that jurisdiction would be appropriate under 28 U.S.C. § 1331, were all other requisites met. Defendants admit that venue is proper in the Western District of Texas. Defendant deny any remaining allegations made in paragraph 12.

### PARTIES
### Dkt. 876 at 5–14, ¶¶ 13–45

Defendants lack sufficient information to admit or deny the allegations made concerning individual plaintiffs in paragraphs 13–42. Defendants deny that the allegations set out in paragraphs 13–42 suffice to establish Plaintiffs' standing to bring the instant challenge; Defendants therefore raise lack of subject matter jurisdiction as a defense to Plaintiff's claims. As Defendants explained in prior filings, Dkt. 904, Defendants will agree to accept evidence of standing by

declaration. In doing so, Defendants do not waive their rights to contest the legal sufficiency of any Plaintiff's evidence of standing at trial. Defendants either deny or lack sufficient information to admit or deny the remaining allegations in paragraphs 13–42.

Defendants admit that Greg Abbott is the Governor of Texas and that Jane Nelson is the Secretary of State of Texas and that both have the powers and authorities granted to their respective offices by the laws and Constitution of the State of Texas. Defendant admits that the State of Texas has been sued as a defendant. Defendants deny that any of Greg Abbott, Jane Nelson and the State of Texas are proper defendants. Defendants deny that Section 2 of the VRA is an effective constitutional waiver of Texas's sovereign immunity and assert such immunity to the fullest extent possible under law. Defendants either deny or lack sufficient information to admit or deny the remaining allegations in paragraphs 43–45.

## FACTS
### I.
### Senate District 10
### Dkt. 876 at 14–36, ¶¶ 46–133

Defendants deny that Texas's 2011 redistricting maps were racially discriminatory. Defendants deny the allegations made in paragraphs 46–50 as either untrue or misleading; although a D.C. district court found SD 10 to show discriminatory intent under the Voting Rights Act, that opinion was later vacated and remanded. *See generally, Tex. v. United States*, 570 U.S. 928 (2013). No court has issued a binding judgment finding that SD 10 or Texas's 2011 maps discriminate against minority voters. To the extent that Plaintiffs rely upon the federal-court opinion in *United States v. Texas*, 887 F. Supp. 2d 133, 166 (D.D.C. 2012), Defendants reaffirm that that opinion speaks for itself and deny any allegations relating to that case to the extent they are inconsistent with the opinion.

Defendants admit the allegations made in paragraphs 51–53. As to paragraphs 54–59, Defendants admit that the 2020 Census showed significant population growth in Texas, including substantial growth in the Black, Asian, and Hispanic subpopulations. Defendants lack sufficient

3

information to admit or deny the specific numbers reflected. Defendants deny the remaining allegations.

Defendants further admit that public hearings on House Bill 1 (HB1) were held on October 4, 2021, that some public hearings were held prior to that date, while other scheduled public hearings were cancelled. Defendants admit that all members of the Texas House were allowed to offer amendments to HB1 consistent with House rules. Defendants also admit that on October 5, 2021, the Texas House redistricting committee reported a committee substitute favorably.

Defendants admit that Senator Joan Huffman chaired the Senate redistricting committee and served on the 2011 redistricting committee. Defendants admit that SB 4 of the Third Special Session of the 87th Legislature was filed on September 18, 2021. Defendants admit that the Texas Senate voted to suspend the printing rule for SB 4. Defendants admit that the Texas Senate passed SB 4 on October 4, 2021. Defendants admit that public hearings on SB4 were held on October 11, 2021.

Defendants deny any allegations relating to U.S. Census data to the extent that they are inconsistent with the same. Defendants admit that, as of the 2020 Census and with respect to the benchmark map, SD10 has an Anglo CVAP of 53.8 percent.

Defendants admit that Wendy Davis won the state senate seat for SD 10 as a Democrat in 2008 and 2012. Defendants admit that Beverly Powell won the state senate seat for SD 10 as a Democrat in 2018.

Defendants admit that Senator Powell participated in a meeting with Senator Huffman, Anna Mackin, and Sean Opperman, during which Senator Powell attempted to show Senator Huffman maps of SD10 with racial shading. Defendants deny, or lack sufficient information to admit or deny, any remaining allegations in paragraph 85.

Defendants admit that Senator Powell wrote a letter to Senator Huffman with several attachments, including maps of SD10, which speak for themselves. The State Defendants therefore deny any allegations relating to the letter and attachments to the extent they are inconsistent with

the same. The State Defendants deny any remaining allegations in paragraph 86 and the Brooks Plaintiffs' characterization of them.

Defendants admit that Senator Powell sent the members of the Senate, House, and House Redistricting Committee several attachments and maps, which speak for themselves. The State Defendants therefore deny any allegations relating to the letter and attachments to the extent they are inconsistent with the same. The State Defendants deny any remaining allegations in paragraph 87 and the Brooks Plaintiffs' characterization of them.

Defendants admit that Senator Powell questioned Senator Huffman on the Senate floor concerning the composition of SD10. The State Defendants deny any remaining allegations in paragraph 87.

Defendants admit that Senator Kel Seliger chaired the Senate Redistricting Committee in 2011 and 2013, and that he voted in favor of Floor Amendment 2, concerning the proposed Plan S2132. This paragraph contains a quote from Senator Seliger, which speaks for itself. The State Defendants deny any related allegations or characterizations of those allegations to the extent they are inconsistent with Senator Seliger's statement. The State Defendants deny any remaining allegations in paragraph 94.

Defendants admit that Representative Turner purports to have placed maps on each member's desk. The State Defendants deny any remaining allegations in paragraph 95.

Defendants admit that the maps showing S2101—the introduced plan—were shown in the Senate Redistricting Committee hearing. The State Defendants also admit that Senator Huffman proposed Plan S2108. The State Defendants deny any remaining allegations and Brooks Plaintiffs' characterization of any allegations in paragraph 97.

Defendants admit the allegations of paragraphs 106–111 insofar as none of the allegations contained within these paragraphs attempt to ascribe the motivations and intentions of one Texas Legislator to another Texas Legislator.

Defendants deny or lack sufficient information to admit or deny the remaining allegations made in paragraphs 56–133.

## II.
## Congressional Plan C2193
### Dkt. 876 at 37–63, ¶¶ 134–268

Defendants lack sufficient knowledge to admit or deny, and deny to the extent that figures are mistaken or outdated, the allegations made in paragraphs 134–36. Defendants deny or lack sufficient knowledge to admit or deny the allegations made in paragraphs 137–268.

### Causes of Action
### Count 1
### Dkt. 876 at 64, ¶¶ 269–70

Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Defendants deny that Plaintiffs present a valid claim under the Voting Rights Act and deny that Plaintiffs assert any claim on which the Court can grant relief against Defendants. Defendants deny any remaining allegations made in paragraphs 269–70.

### Count 2
### Dkt. 876 at 64, ¶¶ 271–72

Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Defendants deny that Plaintiffs present a valid claim under the Fourteenth Amendment and deny that Plaintiffs assert any claim on which the Court can grant relief against Defendants. Defendants deny any remaining allegations made in paragraphs 271–72.

### Count 3
### Dkt. 876 at 64, ¶¶ 273–74

Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Defendants deny that Plaintiffs present a valid claim under the Fifteenth Amendment and deny that Plaintiffs assert any claim on which the Court can grant relief against Defendants. Defendants deny any remaining allegations made in paragraphs 273–74.

### Count 4
### Dkt. 876 at 65, ¶¶–78

Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Defendants deny that Plaintiffs present a valid claim under the Fourteenth Amendment and deny

that Plaintiffs assert any claim on which the Court can grant relief against Defendants. Defendants deny any remaining allegations made in paragraphs 275–78.

### Count 5
### Dkt. 876 at 65–66, ¶¶ 279–84

Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Plaintiffs' Count 5 asserts a coalitional claim under the VRA; the Court has dismissed all such coalition claims and Defendants need not answer the allegations made under this Count. Notwithstanding the foregoing, Defendants deny that Plaintiffs present a valid claim under the Voting Rights Act and deny that Plaintiffs assert any claim on which the Court can grant relief against Defendants. Defendants deny any remaining allegations made in paragraphs 279–84.

### Count 6
### Dkt. 876 at 66–67, ¶¶ 285–90

Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Defendants need not answer the allegations made under Count 6, deny that Plaintiffs present a valid claim under the Voting Rights Act, and deny that Plaintiffs assert any claim on which the Court can grant relief against Defendants. Defendants deny any remaining allegations made in paragraphs 285–90.

### Count 7
### Dkt. 876 at 67, ¶¶ 291–96

Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Plaintiffs' Count 7 asserts a coalitional claim under the VRA; the Court has dismissed all such coalition claims and Defendants need not answer the allegations made under this Count. Notwithstanding the foregoing, Defendants deny that Plaintiffs present a valid claim under the Voting Rights Act and deny that Plaintiffs assert any claim on which the Court can grant relief against Defendants. Defendants deny any remaining allegations made in paragraphs 291–96.

### Count 8

### Dkt. 876 at 67–68, ¶¶ 297–302

Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Defendants deny that Plaintiffs present a valid claim under the Voting Rights Act and deny that Plaintiffs assert any claim on which the Court can grant relief against Defendants. Defendants deny any remaining allegations made in paragraphs 297–302.

### Count 9

### Dkt. 876 at 68–69, ¶¶ 303–08

Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Defendants deny that Plaintiffs present a valid claim under the Voting Rights Act and deny that Plaintiffs assert any claim on which the Court can grant relief against Defendants. Defendants deny any remaining allegations made in paragraphs 303–08.

### Count 10

### Dkt. 876 at 69, ¶¶ 309–14

Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Plaintiffs' Count 10 asserts a coalitional claim under the VRA; the Court has dismissed all such coalition claims and Defendants need not answer the allegations made under this Count. Notwithstanding the foregoing, Defendants deny that Plaintiffs present a valid claim under the Voting Rights Act and deny that Plaintiffs assert any claim on which the Court can grant relief against Defendants. Defendants deny any remaining allegations made in paragraphs 309–14.

### Prayer for Relief

WHEREFORE, Defendants deny that the Brooks Plaintiffs are entitled to any of the relief requested herein and respectfully request that the Court upon final trial or hearing in this case enter judgment as follows:

i. Deny Plaintiffs any relief they request;
ii. Grant that Plaintiffs take nothing by this action; and
iii. Grant Defendants any fees and costs to which they are entitled under law.

## Defenses

Defendants assert the following affirmative and other defenses to which they are entitled:

1. Brooks Plaintiffs have failed to state a claim upon which relief can be granted.

2. This Court lacks subject-matter jurisdiction to consider all claims asserted in Brooks' Plaintiffs' Fourth Amended Complaint.

3. Brooks Plaintiffs lack standing to assert all claims asserted in their Fourth Amended Complaint.

4. Because two major election cycles have taken place since Texas's maps took effect, if Brooks Plaintiffs are unable to identify a candidate of their choice who did not get elected, then they lack a cognizable injury necessary to establish standing to support a vote dilution claim.

5. Brooks Plaintiffs lack a right to bring their claims under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, or under any other right of action in law or equity.

6. Defendants assert all applicable immunities to Brooks Plaintiffs' claims, including but not limited to their entitlement to Eleventh Amendment and sovereign immunity.

7. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it is inconsistent with the Equal Protection Clause of the 14th Amendment to the U.S. Constitution. *See Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 206 (2023).

8. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it would exceed Congress's enforcement power under the 14th and 15th Amendments to the U.S. Constitution. Imposing liability here would not be congruent and proportional to the enforcement of the 14th Amendment or 15th Amendment.

9. Defendants assert that § 2 of the Voting Rights Act is, as currently interpreted, unconstitutional because it does not give fair notice of the conduct proscribed, resulting in improper judicial intrusions on a purely legislative process.

10. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, as currently interpreted, unconstitutional because it would violate separation of powers by having federal courts intrude on properly exercised legislative powers reserved to the states.

11. Pursuant to 42 U.S.C. § 1988(b) and 52 U.S.C. § 10310(e), Defendants will be entitled to recover their attorney's fees if they are the prevailing parties.

12. Defendants reserve the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

| | |
|---|---|
| Date: May 5, 2025 | Respectfully submitted, |
| K<small>EN</small> P<small>AXTON</small><br>Attorney General of Texas | /s/ Ryan G. Kercher<br>R<small>YAN</small> G. K<small>ERCHER</small><br>Chief, Special Litigation Division<br>Texas Bar No. 24060998 |
| B<small>RENT</small> W<small>EBSTER</small><br>First Assistant Attorney General | K<small>ATHLEEN</small> T. H<small>UNKER</small><br>Deputy Chief, Special Litigation Division<br>Texas Bar No. 24118415 |
| R<small>ALPH</small> M<small>OLINA</small><br>Deputy First Assistant Attorney General | W<small>ILLIAM</small> D. W<small>ASSDORF</small><br>Deputy Chief, General Litigation Division<br>Texas Bar No. 24103022 |
| R<small>YAN</small> D. W<small>ALTERS</small><br>Deputy Attorney General for Legal Strategy | D<small>AVID</small> B<small>RYANT</small><br>Senior Special Counsel<br>Texas Bar No. 03281500 |
| O<small>FFICE OF THE</small> A<small>TTORNEY</small> G<small>ENERAL OF</small> T<small>EXAS</small><br>Special Litigation Division<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Phone: (512) 936-1700<br>Fax: (512) 457-4410<br>ryan.kercher@oag.texas.gov<br>kathleen.hunker@oag.texas.gov<br>william.wassdorf@oag.texas.gov<br>david.bryant@oag.texas.gov<br>zachary.rhines@oag.texas.gov<br>munera.al-fuhaid@oag.texas.gov<br>zachary.berg@oag.texas.gov<br>ali.thorburn@oag.texas.gov<br>kyle.tebo@oag.texas.gov<br>mark.csoros@oag.texas.gov | Z<small>ACHARY</small> L. R<small>HINES</small><br>Special Counsel<br>Texas Bar No. 24116957<br><br>M<small>UNERA</small> A<small>L</small>-F<small>UHAID</small><br>Special C<small>OUNSEL</small><br>Texas Bar No. 24094501<br><br>Z<small>ACHARY</small> W. B<small>ERG</small><br>Special Counsel<br>Texas Bar No. 24107706<br><br>A<small>LI</small> M. T<small>HORBURN</small><br>Assistant Attorney General<br>Texas Bar No. 24125064<br><br>K<small>YLE</small> S. T<small>EBO</small><br>Special Counsel<br>Texas Bar No. 24137691<br><br>M<small>ARK</small> A. C<small>SOROS</small><br>Assistant Attorney General<br>Texas Bar No. 24142814<br><br>C<small>OUNSEL FOR</small> S<small>TATE</small> D<small>EFENDANTS</small> |

11

CERTIFICATE OF SERVICE

    I certify that on May 5, 2025, a true and accurate copy of the foregoing document was filed and served electronically (via CM/ECF).

                                                        */s/ Ryan G. Kercher*
                                                        RYAN G. KERCHER
                                                        Chief, Special Litigation Division