**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br>*Plaintiffs,*<br>v.<br>GREG ABBOTT, *et al.*,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:21-cv-00259-DCG-JES-JVB<br>[Lead Case] |
| CECILIA GONZALES, AGUSTIN LOREDO, JANA LYNNE SANCHEZ, JERRY SHAFER, DEBBIE LYNN SOLIS,<br>*Plaintiffs,*<br>v.<br>JANE NELSON, *et al.*,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:21-CV-00965<br>[Consolidated Case] |

**DEFENDANTS' ANSWER TO GONZALES PLAINTIFFS' FOURTH AMENDED COMPLAINT**

Defendants, Greg Abbott, in his official capacity as Governor of the State of Texas, and Jane Nelson, in her official capacity as Secretary of State, (Defendants) respectfully file this Answer to Plaintiffs Cecilia Gonzales, Agustin Loredo, Jana Lynne Sanchez, Jerry Shafer, and Debbie Lynn Solis's (collectively, Gonzales Plaintiffs') Fourth Amended Complaint for Declaratory and Injunctive Relief, Dkt. 863. Because of this case's unusual procedural history, the Gonzalez Plaintiffs did not file their Fourth Amended Complaint until March 4, 2025—less than 80 days from trial. Recognizing that an itemized answer would impose unnecessary and duplicative burdens on Defendants in the lead up to trial, the Parties met on multiple occasions to discuss alternatives. The form of Defendants' abbreviated answer reflects the substance of those conversations.

## Answer

Pursuant to Federal Rule of Civil Procedure 8(b), for each and every allegation asserted in Gonzales Plaintiffs' Fourth Amended Complaint, Defendants only admit those allegations expressly admitted herein. All allegations not expressly admitted are generally denied, and this Answer carries the effect of a general denial of each and every allegation not specifically designated. Headings and paragraphs reproduced from Gonzales Plaintiff's Fourth Amended Complaint within this Answer are included for organizational purposes only, and Defendants do not admit any matter contained therein.

### Dkt. 863 at 2–3, ¶¶ 1–7

Defendants admit that Plaintiffs purport to bring claims challenging Senate Bill 6 pursuant to 52 U.S.C. § 10301, but Defendants deny that any violation of law occurred. Defendants further admit that Plaintiffs purport to seek the relief described in paragraph **7** but deny that Plaintiffs' causes of action are meritorious and deny that Plaintiffs are entitled to relief on any of their claims. Defendants also admit that according to census data, the demographics of Texas changed between 2010 and 2020 and that Texas added two new congressional districts as a result of congressional reapportionment from the 2020 Census Defendants deny the remaining allegations made in paragraphs 1–7 of Gonzales Plaintiffs' Fourth Amended Complaint.

## Jurisdiction And Venue

### Dkt. 863 at 3–4, ¶¶ 8–12

Defendants deny that this Court has subject matter jurisdiction over Gonzales Plaintiffs' claims to the extent that Gonzales Plaintiffs lack standing or Defendants are entitled to sovereign immunity. Notwithstanding the foregoing, Defendants admit that Gonzales Plaintiffs' claims purport to raise federal questions such that jurisdiction would be appropriate under 28 U.S.C. § 1331, were all other requisites met. Defendants admit that Plaintiffs purport to bring an action pursuant to the federal statutes referenced in paragraphs 10 and 11 but deny that any violation of law occurred. Defendants further deny that Plaintiffs' causes of action referenced in paragraphs 10 and 11 are meritorious and deny that Plaintiffs are entitled to relief on any of their claims.

Defendants admit that this Court has personal jurisdiction over Defendants, who reside in Texas and are sued in their official capacities, pursuant to Fed. R. Civ. P. 4(k)(1)(A). Defendants also admit that venue is proper in the El Paso Division of the United States District Court for the Western District of Texas. Defendants deny any remaining allegations in paragraphs 8–12 of Gonzales Plaintiffs' Fourth Amended Complaint.

## PARTIES

### Dkt. 863 at 4–5, ¶¶13–19

Defendants admit that Cecilia Gonzales, Agustin Loredo, Jana Lynne Sanchez, Jerry Shafer, and Debbie Lynn Solis are plaintiffs in this action; Defendants, however, lack sufficient information to admit or deny the remaining allegations made in paragraphs 13–17 concerning these individuals and therefore deny them. Defendants further deny that the facts Gonzales Plaintiffs have alleged in paragraphs 13–17 or elsewhere in this complaint are sufficient to confer standing. As Defendants explained in prior filings, Dkt. 904, Defendants will agree to accept evidence of standing by declaration. In doing so, Defendants do not waive their rights to contest the legal sufficiency of any Plaintiff's evidence of standing at trial.

Defendants admit that Gonzales Plaintiffs have brought this action against Governor Greg Abbott and Secretary Jane Nelson. Defendants admit that Governor Abbott and Secretary Nelson are named in their official capacities. Defendants admit that Governor Abbott and Secretary Nelson have the duties and authorities assigned them by the laws and Constitution of Texas. Defendants admit that Secretary Nelson is "the chief election officer of the State," but deny that the title "chief election officer," alone, is a sufficient enforcement connection to make Secretary Nelson a proper party. Defendants deny any remaining allegations made in paragraphs 13–19 of Gonzales Plaintiffs' Fourth Amended Complaint.

## LEGAL BACKGROUND

### Dkt. 863 at 6–7, ¶¶ 20–25

Defendants admit that paragraphs 20–22 contain partial quotes from the Voting Rights Act and *Thornburg v. Gingles*, which speak for themselves; Defendants, however, deny Gonzales

Plaintiffs' characterization of these legal authorities and further deny that either Voting Rights Act or *Thornburg v. Gingles* supports Gonzales Plaintiffs' claims challenging Texas's statewide maps. Defendants admit that the Senate Judiciary Committee issued a committee report that discussed the 1982 amendments to the Voting Rights Act. *See* S. Rept. 97–417. Defendants also admit that the Senate Judiciary Committee issued a committee report that discussed the 1982 amendments to the Voting Rights Act. Defendants deny any remaining allegations made in paragraphs 20–25 of Gonzales Plaintiffs' Fourth Amended Complaint.

**FACTUAL ALLEGATIONS**

**Dkt. 863 at 7–29, ¶¶ 26–132**

**A.**

Defendants admit that the United States Census Bureau released apportionment data for congressional districts on April 26, 2021. Defendants admit that according to the results of congressional reapportionment from the 2020 Census, Texas added two new congressional districts. Defendants admit that the U.S. Census Bureau released the initial Public Law 94–171 data on August 12, 2021 (as distinguished from the full redistricting toolkit, which was released on September 16, 2021). Defendants admit that according to U.S. census data, Texas's population increased by 3,999,944 people between 2010 and 2020. Defendants also admit that the 2020 Census did not collect citizenship information. Defendants deny any remaining allegations made in paragraphs 26–29 of Gonzales Plaintiffs' Fourth Amended Complaint.

**B.**

Defendants admit the allegations made in paragraph 32 and 36. Defendants also admit that the coronavirus pandemic disrupted legislative proceedings related to redistricting; Defendants deny, however, that the Texas Legislature only began collecting public input on the redistricting process in January 2021. The House Committee on Redistricting heard public testimony about redistricting as early as October 2019. Defendants admit that Governor Abbott issued a proclamation on September 7, 2021, which announced a third special session to commence on September 20, 2021, for the purpose of considering "[l]egislation relating to the apportionment of

the State of Texas into districts used to elect members of the Texas House of Representatives, the Texas Senate, the State Board of Education, and the United States House of Representatives."

Defendants admit that Senator Joan Huffman released Plan C2101, filed Senate Bill 6 on September 27, 2021, and scheduled the bill for public hearing on September 30, 2021. Defendants further admit that the Senate Special Committee on Redistricting met to consider Senate Bill 6 on October 4, 2021, and reported it favorably as substituted. Defendants admit that the full Senate considered Senate Bill 6 on October 8, 2021. Defendants admit that Senate Bill 6 was amended in accordance with Floor Amendments 1 and 2 and passed the Senate with 18 "yeas" and 13 "nays." Defendants admit that the Texas House received Senate Bill 6 from the Senate on October 8, 2021 and that the Texas House Redistricting Committee held hearings at which the public was invited to offer testimony, and that those hearings were held before the House received Senate Bill 6 from the Senate on October 8, 2021. Defendants admit that the House considered Senate Bill 6 on October 16, 2021. Defendants admit that the House met on October 17, 2021 and passed Senate Bill 6 with a vote of 79 "yeas," 56 "nays," and 1 "present and not voting."

Defendants admit that on October 17, 2021, the Senate refused to concur in the House amendments to Senate Bill 6 and a conference committee was appointed. Defendants admit that on October 17, 2021, the conference committee filed a report. Defendants admit that on October 18, 2021, the Senate and House adopted the conference committee report. Defendants admit that Governor Abbott signed Senate Bill 6 on October 25, 2021. Defendants deny any remaining allegations made in paragraphs 30–53 of Gonzales Plaintiffs' Fourth Amended Complaint.

**C.**

Defendants admit that ecological regression and ecological inference are statistical methods used by some social scientists. Defendants deny all other allegations asserted in paragraphs 54–56 of Gonzales Plaintiffs' Fourth Amended Complaint.

**D.**

Defendants admit that white voters in CD 29 and CD 33 do not vote as a bloc in opposition to black or Latino voters' preferred candidates. Defendants further admit that Harris County is the

most populous county in Texas. Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations related to Gonzales Plaintiffs' places of residence and therefore deny them. Defendants deny all other allegations asserted in paragraphs 57–93 of Gonzales Plaintiffs' Fourth Amended Complaint.

**E.**

Defendants generally deny the allegations made in paragraphs 94–98 of Gonzales Plaintiffs' Fourth Amended Complaint. Defendants further deny Gonzales Plaintiffs' characterization of the federal court cases cited in these paragraphs 94–98.

**F.**

Defendants generally deny the allegations made in paragraphs 99–120 of Gonzales Plaintiffs' Fourth Amended Complaint. Defendants further deny Gonzales Plaintiffs' characterization of the federal court cases cited in these paragraphs 99–120.

**G.**

Defendants generally deny the allegations made in paragraphs 121–128 of Gonzales Plaintiffs' Fourth Amended Complaint.

**H.**

Defendants generally deny the allegations made in paragraphs 129–131 of Gonzales Plaintiffs' Fourth Amended Complaint.

**I.**

Defendants generally deny the allegations made in paragraph 132 of Gonzales Plaintiffs' Fourth Amended Complaint.

## Claims For Relief

### Count I

### Dkt. 863 at 29–30, ¶¶ 133–40

Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Defendants deny the allegations made in in paragraphs 133–40. Defendants further deny that Plaintiffs present a valid claim under the Voting Rights Act and deny that Plaintiffs assert any claim on which the Court can grant relief against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Defendants deny that Gonzales Plaintiffs are entitled to any of the relief requested herein and respectfully request that the Court upon final trial or hearing in this case enter judgment as follows:

i. Deny Gonzales Plaintiffs any relief they request; and

ii. Grant that Gonzales Plaintiffs take nothing by this action.

iii. Grant Defendants any fees and costs to which they are entitled under law.

## DEFENSES

Defendants assert the following affirmative and other defenses to which they are entitled:

1. Gonzales Plaintiffs have failed to state a claim upon which relief can be granted.
2. This Court lacks subject-matter jurisdiction to consider all claims asserted in Gonzales Plaintiffs' Fourth Amended Complaint.
3. Gonzales Plaintiffs lack standing to assert all claims asserted in their Fourth Amended Complaint.
4. Because two major election cycles have taken place since Texas's maps took effect, if Gonzales Plaintiffs are unable to identify a candidate of their choice who did not get elected, then Gonzales Plaintiffs lack a cognizable injury to support a vote dilution claim.
5. Gonzales Plaintiffs lack a right to bring their claims under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, or under any other right of action in law or equity.
6. Defendants assert all applicable immunities to Gonzales Plaintiffs' claims, including but not limited to their entitlement to Eleventh Amendment and sovereign immunity.
7. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it is inconsistent with the Equal Protection Clause of the 14th Amendment to the U.S. Constitution. *See Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 206 (2023).

8. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it would exceed Congress's enforcement power under the 14th and 15th Amendments to the U.S. Constitution. Imposing liability here would not be congruent and proportional to the enforcement of the 14th Amendment or 15th Amendment.
9. Defendants assert that § 2 of the Voting Rights Act is, as currently interpreted, unconstitutional because it does not give fair notice of the conduct proscribed, resulting in improper judicial intrusions on a purely legislative process.
10. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, as currently interpreted, unconstitutional because it would violate separation of powers by having federal courts intrude on properly exercised legislative powers reserved to the states.
11. Pursuant to 42 U.S.C. § 1988(b) and 52 U.S.C. § 10310(e), Defendants will be entitled to recover their attorney's fees if they are the prevailing parties.
12. Defendants reserve the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

Date: May 5, 2025

Respectfully submitted,

*/s/ Ryan G. Kercher*

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Phone: (512) 936-1700
Fax: (512) 457-4410
ryan.kercher@oag.texas.gov
kathleen.hunker@oag.texas.gov
william.wassdorf@oag.texas.gov
david.bryant@oag.texas.gov
zachary.rhines@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
zachary.berg@oag.texas.gov
ali.thorburn@oag.texas.gov
kyle.tebo@oag.texas.gov
mark.csoros@oag.texas.gov

RYAN G. KERCHER
Chief, Special Litigation Division
Texas Bar No. 24060998

KATHLEEN T. HUNKER
Deputy Chief, Special Litigation Division
Texas Bar No. 24118415

WILLIAM D. WASSDORF
Deputy Chief, General Litigation Division
Texas Bar No. 24103022

DAVID BRYANT
Senior Special Counsel
Texas Bar No. 03281500

ZACHARY L. RHINES
Special Counsel
Texas Bar No. 24116957

MUNERA AL-FUHAID
Special Counsel
Texas Bar No. 24094501

ZACHARY W. BERG
Special Counsel
Texas Bar No. 24107706

ALI M. THORBURN
Assistant Attorney General
Texas Bar No. 24125064

KYLE S. TEBO
Special Counsel
Texas Bar No. 24137691

MARK A. CSOROS
Assistant Attorney General
Texas Bar No. 24142814

COUNSEL FOR STATE DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on May 5, 2025, a true and accurate copy of the foregoing document was filed and served electronically (via CM/ECF).

*/s/ Ryan G. Kercher*
RYAN G. KERCHER
Chief, Special Litigation Division