IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § | |
| *Plaintiffs,* | § | |
| v. | § § | Case No. 3:21-cv-00259-DCG-JES-JVB [Lead Case] |
| GREG ABBOTT, *et al.*, | § | |
| *Defendants.* | § | |

**STATE DEFENDANTS' ANSWER TO LEAGUE OF UNITED LATIN AMERICAN CITIZENS' FIFTH AMENDED COMPLAINT**

Defendants Greg Abbott, in his official capacity as Governor of Texas, Jane Nelson in her official capacity as Secretary of State of Texas, Dave Nelson, in his official capacity as Deputy Secretary of State, and the State of Texas (collectively, State Defendants) file this Answer Plaintiff League of United Latin American Citizens' (LULAC's) Fifth Amended Complaint. Because of this case's unusual procedural history, LULAC did not file its Fifth Amended Complaint until March 26, 2025—less than 60 days from trial. Recognizing that an itemized answer would impose unnecessary and duplicative burdens on Defendants in the lead up to trial, the Parties met on multiple occasions to discuss alternatives. The form of Defendants' abbreviated answer reflects the substance of those conversations.

Pursuant to Federal Rule of Civil Procedure 8(b), for each and every allegation asserted in Plaintiff's Fifth Amended Complaint Defendants only admit those allegations expressly admitted herein. All allegations not expressly admitted are generally denied, and this Answer carries the effect of a general denial of each and every allegation not specifically designated. Headings and paragraphs reproduced in this Answer from Plaintiff's Fifth Amended Complaint are included for organizational purposes only, and Defendants do not admit any matter contained therein.

## INTRODUCTION

Defendants generally deny the substance of LULAC's Fifth Amended Complaint, as the enacted Map accords with traditional redistricting criteria under the Constitution and the Voting Rights Act.

1.      Defendants deny Plaintiffs have standing to pursue their claims, and that the declaratory and injunctive relief the seek are necessary or appropriate to enforce the Fourteenth Amendment to the United States Constitution or the Voting Rights Act of 1965. Otherwise, admit.

2.      Defendants admit paragraphs 2–4 of LULAC's complaint.

3.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5 of LULAC's complaint and, therefore, deny them.

4.      Defendants admit the allegations of paragraphs 6–7 of LULAC's complaint.

5.      Defendants deny the allegations of paragraph 8 of LULAC's complaint.

6.      Defendants deny that Plaintiffs are entitled to any of the relief in paragraph 9 of LULAC's complaint.

7.      Defendants admit that venue is proper in this Court only to the extent that this Court has subject–matter jurisdiction over this dispute. Defendants deny all other jurisdictional allegations in Paragraph 10 of LULAC's complaint because the VRA confers no private right of action and because LULAC has suffered no cognizable injury resulting from Texas's strict adherence to traditional redistricting criteria.

## PLAINTIFFS

8.      Defendants deny that the parties listed in paragraphs 11–153 suffered an injury in fact that is traceable to Defendants and redressable by this Court. As Defendants explained in prior filings, Dkt. 904, Defendants will agree to accept evidence of standing by declaration. In doing so, Defendants do not waive their rights to contest the legal sufficiency of any Plaintiff's evidence of standing at trial. Defendants either deny or lack sufficient information to either admit or deny the remaining allegations in paragraphs 11–153; specifically, Defendants deny that Plaintiff entities have organizational or associational standing.

## DEFENDANTS

9.      Defendants admit that Gregory W. (Greg) Abbott is the Governor of Texas, the Chief Executive of the State of Texas under Article IV, Section I of the Texas Constitution, and that he is sued in his official capacity, as alleged in paragraph 154 of LULAC's complaint. Defendants deny that Governor Abbott is a proper defendant to this suit, as he has no official role in the redistricting process, holds a statewide office, and does not enforce the borders of drawn districts. Defendants also deny that Plaintiffs have standing to bring suit in this matter.

10.     Defendants admit that Jane Nelson is the Secretary of State of Texas, is Texas's chief election officer, and is sued in her official capacity as alleged in paragraph 155 of LULAC's complaint. Defendants deny that Secretary Nelson is a proper defendant to this suit, as she has no vote or final approval over any part of the redistricting process and does not enforce the borders of drawn districts. Defendants also deny that Plaintiffs have standing to bring suit in this matter.

11.     Defendants admit the State of Texas is one of the states of the United States of America. Defendants deny Plaintiffs VRA claims are cognizable as private rights of action.

## FACTS

12.     Defendants deny the allegations contained in paragraphs 157–171 of LULAC's complaint to the extent that they constitute claims of ongoing invidious discrimination. Defendants deny that Texas's 2011 redistricting maps were racially discriminatory. Defendants deny the allegations made in paragraph 170 as either untrue or misleading; although a D.C. district Court found discriminatory intent under the Voting Rights Act, that opinion was later vacated and remanded. *See generally, Texas v. United States*, 570 U.S. 928 (2013). No court has issued a binding judgment finding Texas's 2011 maps to discriminate against minority voters.

13.      Defendants either lack sufficient information to admit or deny the remaining allegations in 157–171, or else deny that such historical allegations evidence discrimination by the legislatures relevant to this case.

14.     Paragraph 172 consists of Plaintiffs' characterizations of a court decision. That decision speaks for itself. Defendants deny Plaintiffs' characterizations of the decision to the extent they are inconsistent with the decisions itself.

15.     Defendants admit the allegations of paragraph 173.

16.     Paragraph 174 consists of Plaintiffs' characterizations of a court decision. That decision speaks for itself. Defendants deny Plaintiffs' characterizations of the decision to the extent they are inconsistent with the decisions itself.

17.     Plaintiffs admit the first sentence of paragraph 175. The remainder of this paragraph consists of Plaintiffs' characterizations of court decisions. Those decisions speak for themselves. Defendants deny Plaintiffs' characterizations of those decisions to the extent they are inconsistent with the decisions themselves.

18.     Defendants admit that districts were redrawn in 2019 pursuant to federal court intervention. Defendants deny the remaining allegations in paragraph 176, particularly the insinuation that the re-drawing was to address discrimination *against* Hispanics.

19.     Defendants admit that President Trump issued a "Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak" on March 13, 2020. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 177 and, therefore, deny them.

20.     Defendants admit the allegations contained in paragraphs 178–181.

21.     Defendants deny the allegations of paragraph 182 to the extent that it contains outdated information not reflective of true population and CVAP totals. Defendants admit the allegations to the extent that they reflect information derived only from the 2020 Census.

22.     Defendants deny the allegations of paragraph 183 to the extent that they imply that the ratio of Hispanic to White population growth was uniform across the state.

23.     Defendants admit to the allegations of paragraphs 184–186.

24.     Defendants admit to the allegations of paragraph 187 only insofar as it notes that Senate Bill 1 was passed during the second special session of the 87th Texas Legislature. Defendants

deny Plaintiffs' allegations insofar as they attempt to link unrelated legislation to the present controversy.

25.     Defendants admit to the allegations of paragraph 188.

26.     Defendants deny the allegations of paragraph 189 insofar as those allegations are based on the out of court statements of a non–party opponent made outside the context of redistricting generally or Texas's 2021 or 2023 redistricting specifically. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 189.

27.     Defendants admit that public hearings on House Bill 1 (HB1) were held on October 4, 2021, that some public hearings were held prior to that date, while other scheduled public hearings were cancelled. Defendants admit that all members of the Texas House were allowed to offer amendments to HB1 consistent with House rules. Defendants also admit that on October 5, 2021, the Texas House redistricting committee reported a committee substitute favorably. Defendants admit that Senator Joan Huffman was Chair of the Senate Special Committee on Redistricting. Defendants admit that SB 4 of the Third Special Session of the 87th Legislature was filed on September 18, 2021. Defendants admit that the Texas Senate voted to suspend the printing rule for SB 4. Defendants admit that the Texas Senate passed SB 4 on October 4, 2021. Defendants admit that public hearings on SB4 were held on October 11, 2021. Defendants deny that the time legislators had to examine the final version of SB 6 was inadequate. Defendants admit that a hearing on SB 6 was set for October 13, 2021. Defendants admit that multiple amendments to SB6 were passed on October 16, 2021. Defendants admit that a conference committee featuring five Texas House members and five Texas Senate members was formed in relation to SB 6. Defendants admit that the conference committee for SB 6 met on October 17, 2021. Defendants admit that Representative Senfronia Thompson was the only Democratic member of the conference committee and did not sign the committee report. Defendants either deny or lack sufficient information to admit or deny the remaining allegations made in paragraphs 190–210.

28. Defendants deny the allegations of paragraphs 211–212 insofar as they allege any actual violation of the Voting Rights Act. Defendants lack sufficient information to admit or deny the remaining allegations made in paragraphs 211–212.

29. Defendants deny the allegations of paragraphs 213–234.

30. Defendants deny the allegations of paragraphs 235–239 to the extent that they allege that the Texas Legislature failed to adhere to traditional redistricting criteria and enacted plans in violation of the Constitution or the Voting Rights Act. Defendants lack sufficient information to admit or deny the remaining allegations made in paragraphs 235–239.

31. Defendants admit the allegations of paragraph 240 only to the extent that it exemplifies the sweeping and complex demographic changes complicating the redistricting process. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 240.

32. Defendants deny the allegations of paragraphs 241–456 to the extent that they allege that the Texas Legislature failed to adhere to traditional redistricting criteria and enacted plans in violation of the Constitution or the Voting Rights Act. Defendants lack sufficient information to admit or deny the remaining allegations made in paragraphs 241–456.

## CAUSES OF ACTION

33. Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

34. Defendants deny all claims and allegations that Texas's 2021 or 2023 redistricting process or result evinced intentional discrimination, as alleged in paragraphs 457–459 of LULAC's complaint.

35. Defendants deny all claims and allegations that Texas's 2021 or 2023 redistricting process or result constituted a violation of the Equal Protection Clause of the Fourteenth Amendment, as alleged in paragraphs 460–463 of LULAC's complaint.

36.    Defendants deny all claims and allegations that Texas's 2021 or 2023 redistricting process or result constituted a violation of the Voting Rights Act, as alleged in paragraphs 460–463 of LULAC's complaint.

### Request for a Three-Judge Court

37.    Defendants admit that a three-judge court is appropriate for the adjudication of this case, pursuant to 28 U.S.C. § 2284.

### Prayer for Relief

WHEREFORE, Defendants deny that Plaintiff LULAC is entitled to any of the relief requested herein and respectfully request that the Court upon final trial or hearing in this case enter judgment as follows:

i.   Deny Plaintiff any relief requested;

ii.  Grant that Plaintiff takes nothing by this action; and

iii. Grant Defendants any fees and costs to which they are entitled under law.

### Defenses

Defendants assert the following affirmative and other defenses to which they are entitled:

1.    Plaintiff LULAC has failed to state a claim upon which relief can be granted.

2.    This Court lacks subject-matter jurisdiction to consider all claims asserted in Plaintiff LULAC's Fifth Amended Complaint.

3.    Plaintiff LULAC lacks standing to assert all claims asserted in its Third Amended Complaint.

4.    Because two major election cycles have taken place since Texas's maps took effect, if Plaintiff LULAC's members are unable to identify a candidate of their choice who did not get elected, then they lack a cognizable injury in-fact to support a vote dilution claim vis-à-vis associational standing.

5.    Plaintiff LULAC lacks a right to bring its claims under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, or under any other right of action in law or equity.

6.      Defendants assert all applicable immunities to Plaintiff LULAC's claims, including but not limited to their entitlement to Eleventh Amendment and sovereign immunity.

7.      Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it is inconsistent with the Equal Protection Clause of the 14th Amendment to the U.S. Constitution. *See Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 206 (2023).

8.      Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it would exceed Congress's enforcement power under the 14th and 15th Amendments to the U.S. Constitution. Imposing liability here would not be congruent and proportional to the enforcement of the 14th Amendment or 15th Amendment.

9.      Defendants assert that § 2 of the Voting Rights Act is, as currently interpreted, unconstitutional because it does not give fair notice of the conduct proscribed, resulting in improper judicial intrusions on a purely legislative process.

10.     Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it would violate separation of powers by having the courts intrude on properly exercised legislative powers reserved to the states.

11.     Pursuant to 42 U.S.C. § 1988(b) and 52 U.S.C. § 10310(e), Defendants will be entitled to recover their attorney's fees if they are the prevailing parties.

12.     Defendants reserve the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

Date: May 5, 2025

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
Special Litigation Division
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Phone: (512) 936-1700
Fax: (512) 457-4410
ryan.kercher@oag.texas.gov
kathleen.hunker@oag.texas.gov
william.wassdorf@oag.texas.gov
david.bryant@oag.texas.gov
zachary.rhines@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
zachary.berg@oag.texas.gov
ali.thorburn@oag.texas.gov
kyle.tebo@oag.texas.gov
mark.csoros@oag.texas.gov

Respectfully submitted,

*/s/ Ryan G. Kercher*

RYAN G. KERCHER
Chief, Special Litigation Division
Texas Bar No. 24060998

KATHLEEN T. HUNKER
Deputy Chief, Special Litigation Division
Texas Bar No. 24118415

WILLIAM D. WASSDORF
Deputy Chief, General Litigation Division
Texas Bar No. 24103022

DAVID BRYANT
Senior Special Counsel
Texas Bar No. 03281500

ZACHARY L. RHINES
Special Counsel
Texas Bar No. 24116957

MUNERA AL-FUHAID
Special Counsel
Texas Bar No. 24094501

ZACHARY W. BERG
Special Counsel
Texas Bar No. 24107706

ALI M. THORBURN
Assistant Attorney General
Texas Bar No. 24125064

KYLE S. TEBO
Special Counsel
Texas Bar No. 24137691

MARK A. CSOROS
Assistant Attorney General
Texas Bar No. 24142814

COUNSEL FOR STATE DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that on May 5, 2025, a true and accurate copy of the foregoing document was filed and served electronically (via CM/ECF).

*/s/ Ryan G. Kercher*
RYAN G. KERCHER
Chief, Special Litigation Division