# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>    *Plaintiffs,*<br><br>v.<br><br>GREG ABBOTT, *et al.*,<br><br>    *Defendants.* | EP-21-cv-00259-DCG-JES-JVB<br>[Lead Case] |
| TREY MARTINEZ FISCHER,<br><br>PLAINTIFF,<br><br>v.<br><br>GREG ABBOTT, *et al.*,<br><br>    *Defendants.* | Case No. 3:21-cv-306<br>[Consolidated Case] |

## STATE DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF TREY MARTINEZ FISCHER'S SECOND AMENDED COMPLAINT

  Defendants, the State of Texas, Jane Nelson, in her official capacity as Secretary of State, and Dave Nelson, in his official capacity as Deputy Secretary of State, ("Defendants") respectfully file this first amended answer to Plaintiff Trey Martinez Fischer's Second Amended Complaint (ECF 504).

## ANSWER

  Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation in Plaintiff's Second Amended Complaint except for those expressly admitted here. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiff's Second Amended Complaint. Titles that are reproduced in this original answer are included for organizational purposes only, and Defendants do not admit any matter contained in reproduced titles.

# I. Introduction

1. Defendants lack sufficient knowledge or information to form a belief as to whether former U.S. Representative Henry B. Gonzalez contributed to the success of HemisFair '68, and therefore deny this allegation. Defendants admit that Hemisfair is located within a congressional district that includes part of Austin, and deny any remaining allegations in this paragraph.

2. Defendants admit that Governor Abbott signed SB6 into law on October 25, 2021, and that it provides for 38 congressional districts in Texas. Defendants admit that the HCVAP in CD 35 under the benchmark plan, C2100, was 52.6%, and that CD 35 is not a majority HCVAP district under SB6, according to the Texas Legislative Council. Defendants deny the remaining allegations in this paragraph.

3. Defendants admit that under Plan C2193, portions of Bexar County fall into Congressional Districts 20, 21, 23, 28, and 35. Defendants deny any remaining allegations in this paragraph.

4. Denied.

# II. Jurisdiction & Venue

5. Defendants admit that venue is proper in this district. Defendants deny that the cited statutes authorize Plaintiff's suit, deny that any violation of law occurred, and deny that Plaintiff is entitled to relief. Defendants admit that Plaintiff requested a three-judge district court. Defendants deny any remaining allegations in this paragraph.

# III. Parties

6. This paragraph contains assertions of law, conclusory statements, or arguments to which no response is required. To the extent this paragraph contains allegations requiring a response, Defendants admit that Plaintiff is challenging CD35 in Plan C2193. Defendants lack knowledge or sufficient information to form a belief about the truth of Plaintiff's allegation that he is a registered voter in HD116 and CD35, and therefore deny it. Defendants deny the allegation of an "intentionally discriminatory choice to dilute the strength of Latino voters in CD35." Defendants deny any remaining allegations in this paragraph.

7. Defendants admit that Greg Abbott is the Governor of Texas.

8. Defendants admit that John Scott was the Secretary of State of Texas at the time this action was filed. Secretary Scott has since been replaced with Secretary Jane Nelson. Defendants deny any remaining allegations in this paragraph to the extent Plaintiff's characterization of the Secretary of State is inconsistent with law.

## IV. Facts

9. Defendants admit that Trey Martinez Fischer is the current Texas State Representative for HD 116. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them.

10. Defendants admit that the State of Texas received the initial P.L. 94-171 data on August 12, 2021, and that the State of Texas received the full redistricting toolkit September 16, 2021. Defendants deny any remaining allegations not previously admitted.

11. Defendants admit that on September 7, 2021, Governor Abbott issued a proclamation announcing that he would convene a third special legislative session to consider, among other things: "Legislation relating to the apportionment of the State of Texas into districts used to elect members of the Texas House of Representatives, the Texas Senate, the State Board of Education, and the United States House of Representatives." Defendants deny any remaining allegations not previously admitted.

12. Defendants admit that the Texas Legislature passed Senate Bill 6 adopting Plan C2193 on October 18, 2021. Defendants admit that Governor Abbott signed this bill on October 25, 2021. Defendants admit that Senate Bill 6 becomes effective on January 18, 2022. Defendants deny any remaining allegations not previously admitted.

13. This paragraph discusses data from the Texas Legislative Council, which speaks for itself. Defendants admit that the HCVAP in CD35 under the benchmark plan, C2100, was 52.6%, according to the Texas Legislative Council. Defendants lack knowledge or sufficient information to form a belief about the truth of the rest of the allegations in this paragraph, and therefore deny.

14. Defendants lack knowledge or sufficient information to form a belief about the truth of the rest of the allegations in this paragraph, and therefore deny.

15. Denied.

16. Defendants admit that the Texas Demographic Center reported that the Travis County population increased by 265,922 between 2010 and 2020 and that the Bexar County population increased by 294,551 between 2010 and 2020. To the extent this paragraph contains allegations beyond those figures, Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations and therefore deny them.

17. Defendants lack knowledge or sufficient information to form a belief about the truth of the rest of the allegations in this paragraph, and therefore deny.

18. Defendants admit that the Texas Legislative Council reported that the Texas population increased by 3,999,944 between 2010 and 2020 and that the Texas Demographic Center reported the allegations in the second sentence of paragraph 18 of the Second Amended Complaint. To the extent this paragraph contains allegations beyond those figures, Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations and therefore deny them.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. This paragraph cites a federal court decision, which speaks for itself. Defendants deny any allegations in this paragraph to the extent they are inconsistent with that federal court decision or any decisions on appeal. Defendants deny any remaining allegations in this paragraph.

32. Denied.

33. Denied.

34. This paragraph cites a federal court decision, which speaks for itself. Defendants deny any allegations in this paragraph to the extent they are inconsistent with that federal court decision or any decisions on appeal. Defendants deny any remaining allegations in this paragraph.

35. This paragraph cites a prior court decision, which speaks for itself. Defendants deny any allegations in this paragraph to the extent they are inconsistent with that court decision or any decisions on appeal. Defendants deny any remaining allegations in this paragraph.

36. Denied.

37. Denied.

38. Defendants lack knowledge or sufficient information to form a belief about the truth of the rest of the allegations in this paragraph, and therefore deny.

39. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph, and therefore deny them.

40. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph, and therefore deny them.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

**SECTION 2 – LATINO VOTE DILUTION IN CENTRAL TEXAS**

48. Denied.

49. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

50. Denied.

51. Defendants admit that Plan C2129 was offered as an amendment and failed to be adopted on October 8, 2021. To the extent that this paragraph contains any other allegations requiring a response, denied.

52. This paragraph discusses data from an amendment offered on the floor of the Texas Senate, which speaks for itself. To the extent this paragraph contains any other allegations requiring a response, denied.

53. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

54. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

55. Defendants admit that in Plan C2129, CD 37 has 50.0% HCVAP, according to the RED-116 report from the Texas Legislative Council. Defendants admit that the report states it is based on ACS data from 2015–2019. To the extent this paragraph contains allegations beyond those figures, Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations and therefore deny them.

56. Defendants admit that the 2016–2020 ACS estimates were released on March 17, 2022, according to the U.S. Census Bureau.

57. Defendants admit that the Texas Legislative Council used data published by the U.S. Census Bureau with RedAppl, and that RedAppl is the state's redistricting software.

Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in this paragraph and therefore deny them.

58. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations and therefore deny them.

59. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

60. Denied.

61. Denied.

62. Denied.

63. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

64. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

65. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

66. Defendants admit that under Plan C2193, the HCVAP for CD28 is 69.5%, according to the Texas Legislative Council. the extent that this paragraph contains any other allegations requiring a response, denied.

67. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

68. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

69. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

70. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

71. Denied.

72.     Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

**Racially Polarized Coting in CD 37 in Plan C 2129**

73.     Denied.

74.     Denied.

75.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegation, and therefore deny them.

76.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegation, and therefore deny them.

77.     Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

78.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegation, and therefore deny them.

79.     Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

80.     Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

81.     Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

82.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

83.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

84.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

85.     Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them

86. Denied.

87. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

88. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

94. Denied.

95. Denied.

96. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

97. Denied.

98. Denied.

99. Denied.

100. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

101. Denied.

102. Denied.

### Racially Polarized Voting in CD 35 in XGOL C 2001

103. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

104. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

105. Denied.

106. Defendants lack knowledge or sufficient information to form a belief about the truth of these allegations, and therefore deny them.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

### Racial Polarization in CD 35 in Plan C 2193

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Defendants admit that Governor Abbott signed SB6 into law on October 25, 2021, which enacted Plan C2193. Defendants deny the remaining allegations in this paragraph.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

123. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

124. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

125. Defendants admit that the Texas Legislative Council has reported the information contained in paragraph 125 of the Second Amended Complaint. To the extent this paragraph contains allegations beyond those figures, Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations and therefore deny them.

126. Defendants admit that the Texas Legislative Council has reported the information contained in paragraph 126 of the Second Amended Complaint. To the extent this paragraph contains allegations beyond those figures, Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations and therefore deny them.

127. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

128. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

129. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

130. Defendants lack knowledge or sufficient information to form a belief about the truth of this allegation, and therefore deny it.

131. Denied.

132. Denied.

133. Denied.

## Intent Allegations

134. Denied.

135. Denied.

136. Defendants admit that the congressional map was drafted pursuant to a multi-step process and the Texas Legislature accepted input on the map from various individuals in multiple locations. To the extent this paragraph contains any other allegations requiring a response, denied.

137. Defendants admit that the congressional map was drafted pursuant to a multi-step process and the Texas Legislature accepted input on the map from various individuals in multiple locations. To the extent this paragraph contains any other allegations requiring a response, denied.

138. Defendants admit that the congressional map was drafted pursuant to a multi-step process and the Texas Legislature accepted input on the map from various individuals in multiple locations. To the extent this paragraph contains any other allegations requiring a response, denied.

139. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegation that "rumors abounded" and "rumors flowed", and therefore deny it. Defendants deny the remaining allegations.

140. Defendants admit that the congressional map was drafted pursuant to a multi-step process and the Texas Legislature accepted input on the map from various individuals in multiple locations. To the extent this paragraph contains any other allegations requiring a response, denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Defendants admit that in Plan C2100, eight of the 36 congressional districts are majority HCVAP, according to the Texas Legislative Council. To the extent this paragraph contains allegations beyond those figures, Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations and therefore deny them.

147. Defendants admit that in Plan C2193, seven of the 38 congressional districts are majority HCVAP, according to the Texas Legislative Council. To the extent this paragraph contains allegations beyond those figures, Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations and therefore deny them.

148. Denied.

149. Denied.

150. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in the first two sentences of paragraph 150, and therefore deny them. Defendants deny the remaining allegations in paragraph 150.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. This paragraph discusses data from the Texas Legislative Council, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

156. This paragraph discusses data from the Texas Legislative Council, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

157. This paragraph discusses data from the Texas Legislative Council, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

158. This paragraph discusses data from the Texas Legislative Council, which speaks for itself. Defendants deny the remaining allegations in this paragraph.

159. Defendants admit that CD 35 includes parts of Bexar County and Travis County. Defendants deny the remaining allegations in this paragraph.

160. Defendants admit that the Alamo is located in CD 28. Defendants deny the remaining allegations in this paragraph.

161. Denied.

162. Defendants admit that Senator Gutierrez introduced Plan C 2129. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them.

163. Defendants lack knowledge or sufficient information to form a belief about whether Plan C 2124 represented in part an agreement between Congressman Cuellar and Congressman Gonzales and therefore deny this allegation. The remaining allegations in this paragraph are denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Defendants admit that Representative Todd Hunter was the Chair of the House Redistricting Committee. The remaining allegations in this paragraph are denied.

169. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

170. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

171. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

172. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

173. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

174. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

175. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

176. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

177. This paragraph contains assertions of law, conclusory statements, or argument to which no response is required. To the extent that this paragraph contains any allegations requiring a response, denied.

### V. Causes of Action

#### Count 1 – Section 2 of the Voting Rights Act

178. Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

179. Denied.

#### Count 2 – Equal Protection Clause of the 14th Amendment to the U.S. Constitution

180. Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein.

181. Denied.

182. Denied.

### VI. VI. Request for Injunctive Relief

183. Defendants incorporate their answers to all preceding paragraphs as if fully set forth herein. Defendants deny that Plaintiffs are entitled to any of the relief requested herein.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Defendants deny that Plaintiffs are entitled to any of the relief requested herein.

## VII. Conclusion and Requests for Relief

190. Defendants deny that Plaintiffs are entitled to any of the relief requested herein.

## Defendants' Affirmative and Other Defenses

Defendants assert the following affirmative and other defenses to which they are entitled:

1. Plaintiff Trey Martinez Fischer has failed to state a claim upon which relief can be granted.

2. This lacks subject-matter jurisdiction to consider all claims asserted in Plaintiff Trey Martinez Fischer's Second Amended Complaint.

3. Plaintiff Trey Martinez Fischer lacks standing to assert all claims asserted in his Third Amended Complaint.

4. Because two major election cycles have taken place since Texas's maps took effect, if Plaintiff Trey Martinez Fischer is unable to identify a candidate of his choice who did not get elected, then he lacks a cognizable injury in-fact to support a vote dilution claim vis-à-vis associational standing.

5. Plaintiff Trey Martinez Fischer lacks a right to bring his claims under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, or under any other right of action in law or equity.

6. Defendants assert all applicable immunities to Plaintiff Trey Martinez Fischer's claims, including but not limited to their entitlement to Eleventh Amendment and sovereign immunity.

7. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it is inconsistent with the Equal Protection Clause of the 14th Amendment to the U.S. Constitution. *See Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 206 (2023).

8. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it would exceed Congress's enforcement power under the 14th and 15th Amendments to the U.S. Constitution. Imposing liability here would

    not be congruent and proportional to the enforcement of the 14th Amendment or 15th Amendment.

9. Defendants assert that § 2 of the Voting Rights Act is, as currently interpreted, unconstitutional because it does not give fair notice of the conduct proscribed, resulting in improper judicial intrusions on a purely legislative process.

10. Defendants assert that imposing liability under § 2 of the Voting Rights Act is, in this case, unconstitutional because it would violate separation of powers by having the courts intrude on properly exercised legislative powers reserved to the states.

11. Pursuant to 42 U.S.C. § 1988(b) and 52 U.S.C. § 10310(e), Defendants will be entitled to recover their attorney's fees if they are the prevailing parties.

12. Defendants reserve the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

| | |
|---|---|
| Date: May 6, 2025 | Respectfully submitted, |
| | |
| KEN PAXTON<br>Attorney General of Texas | /s/ Ryan G. Kercher<br>RYAN G. KERCHER<br>Chief, Special Litigation Division<br>Texas Bar No. 24060998 |
| BRENT WEBSTER<br>First Assistant Attorney General | |
| RALPH MOLINA<br>Deputy First Assistant Attorney General | KATHLEEN T. HUNKER<br>Deputy Chief, Special Litigation Division<br>Texas Bar No. 24118415 |
| RYAN D. WALTERS<br>Deputy Attorney General for Legal Strategy | WILLIAM D. WASSDORF<br>Deputy Chief, General Litigation Division<br>Texas Bar No. 24103022 |
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS<br>Special Litigation Division<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Phone: (512) 936-1700<br>Fax: (512) 457-4410<br>ryan.kercher@oag.texas.gov<br>kathleen.hunker@oag.texas.gov<br>william.wassdorf@oag.texas.gov | COUNSEL FOR STATE DEFENDANTS |

**CERTIFICATE OF SERVICE**

I certify that on May 6, 2025, a true and accurate copy of the foregoing document was filed and served electronically (via CM/ECF).

/s/ Ryan G. Kercher
RYAN G. KERCHER
Chief, Special Litigation Division