UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS**, *et al.*, | § § § § | |
| *Plaintiffs*, | § § | |
| **EDDIE BERNICE JOHNSON**, *et al.*, | § § | EP-21-CV-00259-DCG-JES-JVB [Lead Case] |
| *Plaintiff-Intervenors*, | § § | & |
| v. | § § | **All Consolidated Cases** |
| **GREG ABBOTT**, *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT

Defendants have moved to:

(1)   dismiss some of Plaintiffs' claims as moot; and/or

(2)   grant Defendants a favorable judgment on the pleadings on several claims.[1]

For the following reasons, we **DENY** Defendants' Motion as **MOOT**.

### I.   DISCUSSION

**A.   The Court Denies Defendants' Motion to Dismiss Several Claims as Moot**

We first **DENY** the Motion as **MOOT** to the extent it seeks to dismiss several Plaintiff Groups' challenges to Texas's House and Senate Districts.[2]

---

[1] *See generally* Defs.' Mot., ECF No. 848.

[2] *See id.* at 4–5.

All page citations in this Memorandum Opinion and Order refer to the page numbers assigned by the Court's CM/ECF system—not the cited document's internal pagination.

- 1 -

As background, the *87th* Texas Legislature originally enacted the redistricting maps at issue in this case in *2021*.[3] The *88th* Legislature then passed additional redistricting legislation in *2023*.[4] Critically, though, the 2023 legislation didn't change the boundaries of any of the maps that the Legislature enacted in 2021; in fact, the 2023 legislation explicitly "*ratified and adopted*" the 2021 House and Senate maps in their existing form.[5] The 88th Legislature passed the 2023 legislation solely to comply with a procedural requirement of the Texas Constitution.[6]

At the time Defendants filed their Motion on February 15, 2025,[7] the LULAC Plaintiffs, MALC Plaintiffs, Brooks Plaintiffs, and the Texas NAACP—whom we'll call the "Four Plaintiff

---

[3] *See generally* H.B. 1, 87th Leg. (Tex. 2021); S.B. 4, 87th Leg. (Tex. 2021).

*See also Abbott v. Mexican Am. Legis. Caucus*, 647 S.W.3d 681, 687 (Tex. 2022) ("During [the 87th Legislature's] special (third called) session, the Legislature passed H.B. 1 and S.B. 4, the two bills that reapportioned the districts for the Texas House and Senate, respectively.").

[4] *See* H.B. 1000, 88th Leg. § 1 (Tex. 2023); S.B. 375, 88th Leg. § 1 (Tex. 2023).

[5] *See* H.B. 1000, 88th Leg. § 2 (Tex. 2023) ("The districts used to elect members of the Texas House of Representatives in 2022, established by Chapter 1 *(H.B. 1), Acts of the 87th Legislature, 3rd Called Session, 2021* (PLANH2316 in the Texas Legislature's redistricting system), *are hereby ratified and adopted* as the districts used to elect members of the Texas House of Representatives." (emphases added)); S.B. 375, 88th Leg. § 2 (Tex. 2023) ("The districts used to elect members of the Texas Senate in 2022, established by Chapter 5 *(S.B. 4), Acts of the 87th Legislature, 3rd Called Session, 2021* (PLANS2168 in the Texas Legislature's redistricting system), *are hereby ratified and adopted* as the permanent districts used to elect members of the Texas Senate." (emphases added)).

[6] *See* TEX. CONST. art. III, § 28 ("The Legislature shall, *at its first regular session after the publication of each United States decennial census*, apportion the state into senatorial and representative districts . . . ." (emphasis added)).

*See also, e.g.*, *Abbott*, 647 S.W.3d at 687 (explaining that the 87th Legislature couldn't pass legislation establishing the boundaries of Texas's House and Senate Districts during its regular legislative session in early 2021 because the COVID-19 pandemic delayed the release of the decennial census until after the session was already over).

*See also* H.B. 1000, 88th Leg. § 1 (Tex. 2023) ("The purpose of this Act is to ensure that the legislature has fulfilled its duty to apportion the state into representative districts at its first regular session after the publication of the Twenty-fourth Decennial Census of the United States, *as provided by Section 28, Article III, Texas Constitution*." (emphasis added)); S.B. 375, 88th Leg. § 1 (Tex. 2023) (similar).

[7] *See* Defs.' Mot. at 8.

Groups" for the purposes of this opinion—hadn't yet amended their pleadings to reflect the Legislature's 2023 ratification and adoption of the 2021 House and Senate maps.[8] Defendants therefore argued the Four Plaintiff Groups' Texas House and Senate challenges were moot because their pleadings were attacking "obsolete redistricting statutes" that the Legislature had since superseded.[9]

The intervening legislation likely did not moot the challenges pleaded in the complaints that existed on February 15, 2025. Even when "a challenged [law] is replaced with a new [law]," that supersedure "will not moot the case if the government repeals the challenged action and replaces it with something substantially similar."[10] The 2023 legislation wasn't just "substantially similar" to the 2021 legislation; it was effectively identical. Again, the 2023 law explicitly "ratified and adopted" the 2021 Texas House and Senate maps without any change. Thus, both before and after the 2023 legislation, the Four Plaintiff Groups were challenging the

---

[8] *See id.* at 5 ("LULAC Plaintiffs, MALC Plaintiffs, NAACP Plaintiffs, and Brooks Plaintiffs have all brought claims against the State's *2021* House and Senate districts." (emphasis added)); *id.* at 4 ("Only the Bacy and Fair Maps Plaintiffs have amended [their pleadings] to redirect their state House and Senate claims against the State's current redistricting legislation.").

*See also* MALC's 2d Am. Compl., ECF No. 319 (filed June 6, 2022); Brooks Pls.' 3d Am. Compl., ECF No. 612 (filed October 13, 2022); Tex. NAACP's 2d Am. Compl., ECF No. 646 (filed November 18, 2022).

Technically, the LULAC Plaintiffs amended their pleadings on July 5, 2023—*after* the 88th Legislature had *passed* the 2023 legislation, but *before* the 2023 legislation became *effective*. Compare LULAC Pls.' 4th Am. Compl., ECF No. 714, at 193, *with* H.B. 1000, 88th Leg. § 4 (Tex. 2023), *and* S.B. 375, 88th Leg. § 5 (Tex. 2023). The LULAC Plaintiffs' July 5, 2023 pleading didn't explicitly mention the 2023 legislation, however. *See, e.g.*, LULAC Pls.' 4th Am. Compl. at 4–5 (referring to "redistricting plans" that "the *87th* Texas Legislature approved" (emphasis added)); *id.* at 5 (alleging that "[a]ll four statewide redistricting plans *enacted in 2021* discriminate . . . against Latino voters" (emphasis added)).

[9] *See* Defs.' Mot. at 4–5.

[10] *Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 374 (5th Cir. 2022) (cleaned up).

exact same maps on the exact same grounds.  It was therefore every bit as possible to grant the Four Plaintiff Groups some form of "effectual relief" after 2023 as before.[11]

We needn't reach a definitive conclusion on that issue, however.  After Defendants filed their Motion on February 15, 2025, we granted all Four Plaintiff Groups leave to amend their pleadings.[12]  All four of their operative complaints now explicitly state that they're challenging the 2021 maps *as subsequently ratified and adopted by the 2023 legislation*.[13]  Defendants thus no longer have any basis to argue that any of the Four Plaintiff Groups' operative pleadings are aimed at "obsolete redistricting statutes" that are now "defunct."[14]  So it's not the *Four Plaintiff Groups' claims* that are moot—it's *Defendants' Motion*.

---

[11] *See, e.g.*, *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.  As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." (cleaned up)).

[12] *See* Order Granting Brooks Pls.' Mot. Leave Amend & Dismissing Coalition Claims *Sua Sponte*, ECF No. 875, at 1 (March 12, 2025 order permitting the Brooks Plaintiffs to amend their pleadings); Order Granting MALC Pls.' Mot. Leave Amend, ECF No. 891, at 2 (March 24, 2025 order permitting the MALC Plaintiffs' to amend their pleadings); Order Ruling on Tex. NAACP's Mots., ECF No. 896, at 1 (March 26, 2025 order permitting Texas NAACP to amend its pleadings); Order Ruling on LULAC Pls.' Mots., ECF No. 898, at 2–3 (March 26, 2025 order permitting the LULAC Plaintiffs to amend their pleadings).

[13] *See* Brooks Pls.' 4th Am. Compl., ECF No. 876, at 32 ("[The Brooks] Plaintiffs' complaint challenges [the Texas House and Senate plans] as adopted in 2021 *and ratified as a continuation of the districts set forth therein by the 2023 legislature*." (emphasis added)); MALC Pls.' 3d Am. Compl., ECF No. 892, at 53 (similar); Tex. NAACP's 3d Am. Compl., ECF No. 897, at 64–68 (recounting the 2023 legislation's enactment and alleging that "[t]he ratification of [the Texas Senate and House plans] in 2023 [did] not remove the discriminatory taint in" the 2021 maps); LULAC Pls.' 5th Am. Compl., ECF No. 899, at 93–94 (recounting "[t]he Legislature's 2023 ratification of the State House and Senate plans" passed in 2021, and alleging that 2023 ratification "carried forward the legislative intent of the 2021 Texas Legislature in creating and enacting those redistricting plans").

[14] *Contra* Defs.' Mot., ECF No. 848, at 4–5.

**B.      The Court Denies the Motion to the Extent it Seeks a Favorable Judgment on the Pleadings on the Four Plaintiff Groups' Intentional Discrimination Claims**

In the alternative to an order *dismissing* the Four Plaintiff Groups' Texas House and Senate challenges for *lack of subject-matter jurisdiction*, Defendants seek a favorable *judgment on the pleadings* on the Four Plaintiff Groups' intentional discrimination challenges to Texas's House and Senate districts.[15] According to Defendants, any Plaintiff Groups who "declined to amend or supplement" their pleadings after the 2023 legislation's enactment have necessarily "failed to allege discriminatory intent on the part of the *88th* Legislature," because those pre-2023 pleadings could only contain allegations about the *87th* legislature's intent when enacting the *2021* legislation.[16]

Again, though, all Four Plaintiff Groups amended their complaints to address the 2023 legislation after Defendants filed their Motion. Thus, there are no longer any "Plaintiffs that . . . declined to amend or supplement" their complaints to plead allegations pertaining directly to the 88th Legislature's intent.[17] To the extent that Defendants' Motion is based on the contrary premise, we **DENY** it as **MOOT**.

---

[15] *See id.* at 5–6.

[16] *See id.* ("Claims brought under the Fifteenth or Fourteenth Amendments alleging intentional discrimination turn on legislative motivation or intent. . . . The requisite legislative intent cannot be imputed from one Legislature to another. Accordingly, allegations of racially discriminatory intent concerning the 87th Legislature cannot be repurposed to claim intentional discrimination against an act of the 88th Legislature. Plaintiffs that have declined to amend or supplement have therefore failed to allege discriminatory intent on the part of the 88th Legislature. Because that is a required element of pleading claims for intentional discrimination under the Fourteenth or Fifteenth Amendment, unamended Plaintiffs do not meet the pleading standard for such claims. Therefore, the intentional discrimination claims advanced by [the Four Plaintiff Groups] should be dismissed." (cleaned up)).

[17] *Contra id.* at 5.

### C. The Court Denies the Motion as Moot to the Extent it Seeks a Judgment on the Pleadings on Any Remaining Coalition Claims

Finally, Defendants seek a partial judgment on the pleadings on any coalition claims[18] that remain in Plaintiffs' operative complaints.[19] Defendants asserted in their Motion that at least five Plaintiff Groups' operative pleadings still contain coalition claims that no longer pass muster under Fifth Circuit precedent:

(1) the Gonzales Plaintiffs;[20]

(2) the Brooks Plaintiffs;

(3) the Texas NAACP;

(4) the Fair Maps Plaintiffs; and

(5) the Intervenor Plaintiffs.[21]

That might have been true when Defendants said it, but it isn't true now. After Defendants filed their Motion on February 15, 2025, the Gonzales Plaintiffs amended their

---

[18] This Order uses "coalition claim" as shorthand for an effects-based vote-dilution challenge under § 2 of the Voting Rights Act that seeks to reconfigure a voting district so that a coalition *of two or more* racial minority groups—rather than a *single* racial group alone—would constitute more than 50% of the district's eligible voters.

As we've explained in greater depth elsewhere, *see League of United Latin Am. Citizens v. Abbott*, --- F. Supp. 3d ----, 2025 WL 630663, at *1 (W.D. Tex. Feb. 21, 2025), coalition claims are no longer permissible following the Fifth Circuit's decision in *Petteway v. Galveston County*, 111 F.4th 596 (5th Cir. 2024) (en banc).

[19] *See* Defs.' Mot. at 1, 2, 5–6.

[20] Formerly the "Bacy" Plaintiffs. *See, e.g.*, Gonzales Pls.' Mot. Leave File 4th Am. Compl., ECF No. 859, at 3.

[21] *See* Defs.' Mot. at 3–4.

pleadings to drop their coalition claims.[22]  The Court also dismissed the coalition claims from the Brooks Plaintiffs' and Texas NAACP's operative pleadings *sua sponte*.[23]  The Fair Maps Plaintiffs voluntarily dismissed *all* of the claims they had previously asserted in this case.[24]  Finally, the Intervenor Plaintiffs have clarified that they're no longer pursuing effects-based vote-dilution claims in this case at all—let alone effects-based vote-dilution claims based on impermissible coalition allegations.[25]  Thus, to the best of the Court's knowledge, none of the Plaintiffs in this case is currently asserting any live coalition claims.  The Court can't issue a judgment in Defendants' favor on a claim that no Plaintiff is actively pursuing.

## II.     CONCLUSION

The Court therefore **DENIES** Defendants' "First Amended Motion for Partial Judgment on the Pleadings and to Dismiss for Lack of Subject Matter Jurisdiction" (ECF No. 848) as **MOOT**.

---

[22] *See generally* Gonzales Pls.' 4th Am. Compl., ECF No. 863 (docketed March 4, 2025); *see also* Gonzales Pls.' Mot. Leave File 4th Am. Compl. at 2 ("The . . . Fourth Amended Complaint . . . removes the [Gonzales] Plaintiffs' coalition-dependent claims and clarifies that their remaining claims seek the creation of [single-race-majority] districts.").

[23] *See* Order Granting Brooks Pls.' Mot. Leave Amend & Dismissing Coalition Claims *Sua Sponte* at 1–2 ("Some of the claims that the Brooks Plaintiffs raise in their Fourth Amended Complaint are coalition claims that no longer pass muster under the Fifth Circuit's *en banc* ruling in *Petteway*.  The Brooks Plaintiffs effectively concede as much; they've retained those claims in their amended pleading primarily to preserve them for appellate review.  Thus, . . . the Court dismisses the . . . coalition claims from the Brooks Plaintiffs' Fourth Amended Complaint *sua sponte* . . . ." (emphasis omitted)); Order Ruling on Tex. NAACP's Mots. at 2 (similar).

[24] *See* Stipulation of Dismissal, ECF No. 890; Order Dismissing Fair Maps Pls.' Claims, ECF No. 894.

[25] *See* Resp. Order Requiring Additional Briefing, ECF No. 917, at 1 ("Intervenor Plaintiffs confirm that they are NOT pursuing effects-based vote-dilution claims under Section 2 of the Voting Rights Act in their Second Amended Complaint." (citation omitted)).

**So ORDERED and SIGNED this 7th day of May 2025.**

_____
**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**

*And on behalf of:*

| **Jerry E. Smith**<br>**United States Circuit Judge**<br>**U.S. Court of Appeals, Fifth Circuit** | *-and-* | **Jeffrey V. Brown**<br>**United States District Judge**<br>**Southern District of Texas** |