UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LULAC, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of Texas, *et al.*, <br><br> *Defendants*. | Case No. 3:21-CV-00259-DCG-JES-JVB <br> [Lead Case] |

**PLAINTIFFS' MOTION TO EXCLUDE LEGISLATIVE PURPOSE EVIDENCE PROFFERED BY DEFENDANTS**

The Brooks Plaintiffs, LULAC Plaintiffs, MALC Plaintiffs, and Texas NAACP Plaintiffs ("Plaintiffs") respectfully move to exclude legislative purpose evidence proffered by Defendants.[1] In particular, Plaintiffs move the Court for an order that the Court will disregard any testimony or exhibits, or portions thereof, in which legislators or legislative staff purport to have configured district lines in a race-blind manner or for partisan purposes. Such a ruling is necessary because the legislators and legislative staff responsible for redistricting, including Senator Huffman, Representative Hunter, and their staff members, have successfully asserted legislative privilege and obtained the exclusion from the trial record of testimony and evidence probing the legislative purpose in adopting the challenged Texas redistricting plans. *See* Order, ECF No. 746. These same

---

[1] Plaintiffs understand that the Court indicated a preference that the parties not file motions *in limine* given that this is a bench trial. Because this issue may affect the parties' presentations of their cases, however, Plaintiffs file this short motion to permit consideration and decision on this important issue in advance of trial.

Defendants oppose this motion.

1

legislators, however, made selective and self-serving public statements during the legislative process claiming that maps were drawn blind to race or for partisan purposes.

Defendants cannot be permitted to use legislative privilege both as a shield and a sword. They cannot successfully shield from the trial record testimony and documentary evidence regarding legislative intent and then simultaneously proffer public statements from those same legislators asserting that the map was drawn blind to race or for partisan purposes. Because the Court has sustained Defendants' legislative privilege objections to the admission of testimony or exhibits that relate to legislative purpose, the Court should enter an order that it will disregard any public statements by legislators or their staff on the same subject. A contrary ruling would offend basic notions of fair play and due process and would create an incentive for legislators to falsely seed the public legislative record with litigation-convenient statements while evading the discovery or introduction of competing evidence.

## ARGUMENT

Legislative privilege, like any privilege, cannot be selectively waived and thus used as both a shield and sword in order to gain an advantage in litigation. *See Powell v. Ridge*, 247 F.3d 520, 525 (3d Cir. 2001). In *Singleton v. Merrill*, a three-judge court concluded that legislators had waived the legislative privilege by seeking to defend the lawfulness of a redistricting plan in court while asserting legislative privilege over any discovery into their motivations in enacting the map. 576 F. Supp. 3d 931, 941 (N.D. Ala. 2021). This, the court explained, created a "sword/shield problem" for the legislators. *Id.* "[T]he Legislators have put in issue factual and legal defenses that depend on their assertions about their intent and motives during the legislative process, but then refuse to participate in any discovery that would allow the *Milligan* plaintiffs to challenge those assertions." *Id.* This rule is hardly unique to legislative privilege. Indeed, it is a "maxim that the

2

privilege cannot be used as both sword and shield." *In re Itron, Inc.*, 883 F.3d 553, 558 (5th Cir. 2018). Moreover, this Court has observed that courts may draw a negative inference from the invocation of legislative privilege. Mem. Opinion at 49, ECF No. 258.

Here, Defendants have succeeded in shielding legislators and their staff members from having testimony and documents related to legislative intent in configuring Texas's redistricting plans from being introduced into the trial record. *See* Order, ECF No. 746. Yet these same legislators selectively waived legislative privilege by making public statements during the legislative process claiming that the maps were drawn blind to race or that partisan goals explained the districts' unnatural configurations. This includes legislators who voluntarily appeared and selectively testified before this Court on legislative purpose. *See* Jan. 27, 2022 Prelim. Inj. Hrg. Tr. Vol. 6, at 24 (Sen. Huffman testifying regarding her purpose in drawing Senate District 10, over the objections of counsel that her voluntary appearance in court waived any privilege.). For example, as part of the preliminary injunction proceedings regarding SD10, Defendants proffered—and this Court relied upon—statements by Senator Huffman that the maps were drawn blind to race and that partisanship explained the district's configuration. *See, e.g.*, *LULAC v. Abbott*, 601 F. Supp. 3d 147, 172 (W.D. Tex. 2022) (citing Senator Huffman's claim that "she willfully 'blinded [her]self' to race in drawing the maps"); *id.* at 174 (observing that Sen. Huffman cited "partisan considerations" as explaining the maps' configuration). After this Court's ruling on the preliminary injunction, Defendants invoked—successfully—legislative privilege regarding these same topics. As a result of that invocation—which this Court sustained, ECF No. 746—Plaintiffs cannot enter into the trial record testimony or documentary evidence on these topics.[2]

---

[2] At the preliminary injunction hearing, the Court ruled that Sen. Huffman would not waive legislative privilege by merely testifying so long as her testimony was limited to the public record. *See* Jan. 26, 2022 Prelim. Inj. Hr'g Tr. Vol. 5 at 152. But this was before the Court's ruling on the

Indeed, Defendants invoked legislative privilege objections—which this Court sustained—to deposition questions specifically asking Sen. Huffman to explain the meaning behind her public statements about a race-blind mapping process. *See* Doc 746 at 285 (ruling on objections in Huffman Depo. Tr. at 231:15-232:17).

Defendants cannot be allowed to succeed in shielding from the trial record evidence of legislative intent based upon an assertion of privilege and then simultaneously proffer into the trial record self-serving public statements from legislators on the same topic of legislative intent. The topic of legislative intent is either privileged or it is not. Here, Defendants have prevailed over Plaintiffs in asserting privilege regarding the topic of the Legislature's intent in configuring district lines. Defendants cannot then come to trial and proffer public statements from legislators or their staff claiming a lawful intent in drawing the maps. Having ruled in Defendants' favor on their claims of legislative privilege, the Court should enter an order that it will disregard and not consider any evidence of public statements of legislators who asserted privilege, or their staff regarding their intent, including legislators who voluntarily but selectively testified in court, or made statements regarding intent in the legislative record. In particular, the Court should disregard any public statements of Senator Huffman, Representative Hunter, any other legislators, or any legislative staff who asserted privilege, claiming that the maps were drawn blind to race or that partisanship explained their configuration.[3] Such a ruling is consistent with the Court's power to

---

scope of legislative privilege, which has severely limited Plaintiffs' ability to present evidence at trial. It works a manifest injustice to allow Defendants to proffer selectively released, self-serving public statements from legislators and then disallow any non-public evidence on the same topic from being introduced into the trial record.

[3] This rule should likewise apply to the Court's consideration on final judgment of the evidence proffered in the preliminary injunction proceeding regarding SD10.

4

draw a negative interest from the invocation of the legislative privilege. *See* Mem. Opinion at 49, ECF No. 258. And a contrary ruling would work a substantial injustice on Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted.

May 8, 2025

Respectfully submitted,

<u>*/s/ Lindsey B. Cohan*</u>
Lindsey B. Cohan
Texas Bar No. 24083903
DECHERT LLP
515 Congress Avenue, Suite 1400
Austin, TX 78701
(512) 394-3000
lindsey.cohan@dechert.com

*Counsel for the Texas State Conference of the NAACP*

*MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND*

<u>*/s/ Nina Perales*</u>
Nina Perales
Texas Bar No. 24005046
Fátima Menendez
Texas Bar No. 24090260
Julia Longoria
Texas Bar No. 24070166
110 Broadway, Suite 300
San Antonio, TX 78205
(210) 224-5476
FAX (210) 224-5382

*Counsel for LULAC Plaintiffs*

<u>*/s/ Chad W. Dunn*</u>
Chad W. Dunn (Tex. Bar No. 24036507)
Brazil & Dunn
4407 Bee Caves Road
Building 1, Ste. 111
Austin, TX 78746
(512) 717-9822
chad@brazilanddunn.com

<u>*/s/ Mark P. Gaber*</u>
Mark P. Gaber*
Mark P. Gaber PLLC
P.O. Box 34481
Washington, DC 20043
(715) 482-4066
mark@markgaber.com

Jesse Gaines* (Tex. Bar. No. 07570800)
P.O. Box 50093
Fort Worth, TX 76105
817-714-9988
gainesjesse@ymail.com

Molly E. Danahy*
P.O. Box 51
Helena, MT 59624
(406) 616-3058
danahy.molly@gmail.com

Sonni Waknin*
10300 Venice Blvd. # 204
Culver City, CA 90232
732-610-1283
sonniwaknin@gmail.com

SOMMERMAN, MCCAFFITY,
QUESADA & GEISLER, L.L.P.

*Admitted *pro hac vice*

*/s/ Sean J. McCaffity*
Sean J. McCaffity
State Bar No. 24013122
George (Tex) Quesada
State Bar No. 16427750
3811 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219-4461
214-720-0720 (Telephone)
214-720-0184 (Facsimile)
SMcCaffity@textrial.com
Quesada@textrial.com

*Counsel for Brooks Plaintiffs*

*Attorneys for MALC Plaintiffs*

...

## CERTIFICATE OF SERVICE

I certify that the foregoing was served on all counsel of record on May 8, 2025 via the Court's CM/ECF system.

<em>/s/ Chad W. Dunn</em>