UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS**, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| **Eddie Bernice Johnson, Sheila Jackson-Lee, Alexander Green, and Jasmine Crockett,** | § § § § § | **EP-21-cv-00259-DCG-JES-JVB** [Lead Case] & |
| *Plaintiff-Intervenors*, v. | § § § § | **All Consolidated Cases** |
| **GREG ABBOTT**, *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § § | |
| *Defendants.* | § | |

### ORDER GRANTING MOTION TO DISMISS THE CLAIMS OF INTERVENOR-PLAINTIFFS EDDIE BERNICE JOHNSON AND SHEILA JACKSON LEE

Before the Court is the defendants' motion to dismiss the claims of congressional intervenors, the late Congresswomen Eddie Bernice Johnson and Sheila Jackson Lee (ECF No. 888). After careful consideration, the Court **GRANTS** the motion and **DISMISSES** 1) Representatives Johnson and Jackson Lee as parties to this case, 2) all congressional intervenors' claims related to Congressional District 18 (CD 18), and 3) any of congressional intervenors' claims related to Congressional District 30 (CD 30) that are attributable solely to Representative Johnson.

I.

In January 2022, this Court permitted four prospective intervenor-plaintiffs—Congresswomen Eddie Bernice Johnson and Sheila Jackson Lee, Congressman Alexander Green, and then-Texas State Representative Jasmine Crockett—to intervene. *See* Order

Granting Congressional Intervenors Mot. Intervene, ECF No. 132. The congressional intervenors alleged four counts of intentional racial discrimination under 42 U.S.C. § 1983 and Section 3(c) of the Voting Rights Act (VRA).[1] Congressional Intervenors 2nd Am. Compl., ECF No. 619, at 25–27. Since then, two of the four intervenors have passed away: Representative Johnson on December 31, 2023, and Representative Jackson Lee on July 19, 2024. The defendants moved to dismiss Representative Johnson's and Representative Jackson Lee's claims.[2]

II.

Congressional Intervenors aver that Representative Jackson Lee's claims should not be dismissed because they automatically transfer to her successor under Federal Rule of Civil Procedure 25(d). That rule allows the "automatic substitution" of a "public officer who is a party in *an official capacity*" upon death. FED. R. CIV. P. 25(d) (emphasis added). Alternatively, congressional intervenors aver that her claims should not be dismissed because they will file a motion to substitute under Federal Rule of Civil Procedure 25(a)(1).[3] That rule allows for substitution only "[i]f a party dies *and the claim is not extinguished*." FED. R. CIV. P. 25(a)(1) (emphasis added). Accordingly, the Court must determine whether Representative Jackson

---

[1] We reiterate that the congressional intervenors cannot pursue a standalone claim under VRA § 3(c) because it's "a *remedy* for violations of the Fourteenth and Fifteenth Amendments, rather than a freestanding cause of action." *League of United Latin Am. Citizens v. Abbott*, No. EP-21-VC-00259, 2022 WL 4545757, at *1 n.10 (W.D. Tex. Sept. 28, 2022).

[2] Congressional Intervenors do not contest the dismissal of Representative Johnson's claims. *See* Congressional Intervenors Resp. Defendants' Mot. Dismiss, ECF No. 907, at 1 ("The Congressional Intervenors expressly notify the Court that they do not proceed on any claims personal to the late Congressperson Eddie Bernice Johnson.").

[3] Despite stating in their Response to Defendants' Motion to Dismiss that they were "concurrently filing a Motion to Substitute regarding Sheila Jackson Lee's personal claims," *see* Congressional Intervenors Resp. Defendants' Mot. Dismiss, ECF No. 907, at 4, congressional intervenors have not filed a motion to substitute.

Lee's claims were brought in her official or individual capacity.

The Court finds that Representative Jackson Lee brought her claims, both in her capacity as a voter and as an incumbent legislator, in her individual capacity, and that Rule 25(a) rather than Rule 25(d) provides the governing standard here. First, Representative Jackson Lee never took part in the drawing of the district maps, so she is suing in her individual capacity.[4] Second, the congressional intervenors' second amended complaint never identifies any claims brought in the Representative's official capacity. *See* Congressional Intervenors 2nd Am. Compl., ECF No. 619, at 4–5. And third, Rule 25(d) "applies to all actions brought *by public officers for the government* . . . ." FED. R. CIV. P. 25(d) (emphasis added); MOORE'S FED. PRAC. § 25.40 (3d Edition). There is no indication that Representative Jackson Lee is suing on behalf of the government.

Having resolved that threshold determination, the Court turns to whether her claims are extinguished. "Whether a claim survives the death of a party is a matter of substantive law and is decided by the law, whether state or federal, that creates the cause of action." MOORE'S FED. PRAC. § 25:11 [1] (3d Edition). Because a comprehensive federal statute covering the survival of actions arising under federal law does not exist, 42 U.S.C. § 1988 provides that, with respect to federal civil rights claims, "state common law is used to fill the gaps in administration of civil rights suits." *See Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004).[5] And in *Perez v. Abbott*, a different panel from this Court held that voting rights claims brought in Texas are

---

[4] *See League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 188 (5th Cir. 1989) (holding that elected state judges, because they do not take part in the drawing of district maps, challenge election districts in their individual instead of their official capacities).

[5] State common law includes "the common law[] as modified and changed by the constitution and statutes of the State*." See* 42 U.S.C. 1988(a).

subject to Texas survivorship law.  *See* No. SA-11-CV-360, 2017 WL 11886285, at *2–3 (W.D. Tex. May 1, 2017); *id.* at *1 n.1 (holding that Texas's survivorship statute applies to claims under 42 U.S.C § 1983 and the VRA).  The Court thus looks to Texas survivorship law to determine whether Representative Jackson Lee's claims are extinguished.

Under Texas survivorship law, the claims are extinguished.  Texas' survivorship statute permits actions regarding a "personal injury to the health, reputation, or person of an injured person . . . survives to and in favor of the heirs, legal representatives, and estate of the injured person." TEX. CIV. PRAC. & REM. CODE § 71.021(a).  First, because congressional intervenors have not provided any authority to show that a voting rights violation is a personal injury to the plaintiff's "health, reputation, or person," such a claim does not survive the claimant's death. *See Perez*, 2017 WL 11886285, at *2.

Second, the nature of the relief that intervenors seek further indicates that the claim does not survive Representative Jackson Lee's death.  Congresswoman Jackson Lee requested declaratory and injunctive relief in her amended complaint, *see* Congressional Intervenors 2nd Am. Compl., ECF No. 619, at 28–29, and the requested relief cannot be meaningfully granted in favor of any "heirs, legal representatives, [or] estate" after the Congresswoman's death. *See Perez*, 2017 WL 11886285, at *3.  Unlike monetary damages, the requested relief "cannot be fashioned in a manner to benefit the plaintiff's successors." *Hamilton v. Rogers*, 573 F. Supp. 452, 454 (S.D. Tex. 1983).  That logic is particularly powerful where, as here, congressional intervenors have not provided any indication of who Representative Jackson Lee's heirs are or whether they reside and are eligible to vote in CD 18. *See Perez*, 2017 WL 11886285, at *1, *3 (denying motion to substitute decedent voter's daughter as a named plaintiff partly because daughter did not reside in the same district as her mother).  And though state survivorship rules

- 4 -

should only be followed when not inconsistent with federal policy, the congressional intervenors vague claim that "allowing [Representative Jackson Lee's] claims to abate would be inconsistent with federal civil rights policy" is insufficient to ignore state law. *See Robertson v. Wegmann*, 436 U.S. 584, 590 (1978) ("[W]e can find nothing in [§ 1983] or its underlying policies to indicate that a state law causing abatement of a particular action should invariably be ignored in favor of a rule of absolute survivorship.").

Representative Jackson Lee's claims are thus extinguished, and no substitution is permitted under Federal Rule of Civil Procedure 25(a)(1).[6]

III.

The Court therefore **GRANTS** defendants' motion to dismiss Representative Jackson Lee and Representative Johnson as parties to this case (ECF No. 888) and denies any forthcoming efforts by congressional intervenors to substitute alleged successors in interest.

Because Representative Alexander Green's and Representative Jasmine Crockett's claims remain live, they **SHALL REMAIN DESIGNATED** as active Plaintiffs in this case.

**So ORDERED and SIGNED this 13th day of May, 2025.**

_____
**JERRY E. SMITH**
**U.S. CIRCUIT JUDGE**

*And on behalf of:*

| | | |
|---|---|---|
| **David C. Guaderrama** | | **Jeffrey V. Brown** |
| **Senior United States District Judge** | *-and-* | **United States District Judge** |
| **Western District of Texas** | | **Southern District of Texas** |

---

[6] Because Representative Jackson Lee's claims are extinguished, any subsequent motion to substitute from congressional intervenors will be denied.