UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS**, *et al.*,<br><br>*Plaintiffs*<br><br>v.<br><br>**GREG ABBOTT**, *in his official capacity as Governor of the State of Texas*, *et al.*,<br><br>*Defendants.* | EP-21-cv-00259-DCG-JES-JVB<br>**[Lead Case]**<br><br>&<br><br>All Consolidated Cases |

### ORDER DENYING MOTION TO EXCLUDE

This order addresses State defendants' motion to exclude expert reports and testimony. *See* **ECF 920**. We deny the motion.

### Discussion

**I. Grumbach Report and Testimony**

Defendants first ask the Court to exclude expert reports from Jacob Grumbach, a formerly designated LULAC expert witness, and any data on which he relied. **ECF 920, at 13**. LULAC plaintiffs urge the Court to deny the motion as moot because they no longer intend to call Grumbach as an expert witness at trial. **ECF 943**. LULAC plaintiffs advise the Court that "[a]ll Plaintiff groups in this case have confirmed to LULAC counsel that they will not use . . . Grumbach's analysis, reports, or data at trial." **ECF 961**. In addition, LULAC "further clarif[ied] that [they] will not call" Grumbach "as a witness in the trial of this case, and will not rely on any of his elections analysis in this case." **ECF 961**. Defendants counter that the issue is not moot because the plaintiffs could change their mind, because trial testimony might depend on the objected-to data, and because other plaintiffs might rely on Grumbach's reports at trial. **ECF**

1

**956**.

The Court will hold all plaintiffs to their representation that they will not use Grumbach's analysis or testimony in any way. Accordingly, Defendants' motion to exclude Grumbach's reports and data is denied as moot.

## II. Rush Report and Testimony

Defendants also move to exclude the testimony and report of Tye Rush. **ECF 920, at 13–17**.

**A.** First, Defendants move to exclude the Rush Report opinions on Texas districts CD 15, SD 27, and HD 37. They contend that, because only Brooks plaintiffs designated him as a retained expert witness, **ECF 920, at 13**,[1] Rush's expert opinions and testimony should be limited to Brooks plaintiffs' claims. **ECF 920, at 13–14**. Brooks, LULAC, and MALC plaintiffs urge the Court to deny the motion in part as moot because they "are not aware of any party that intends to offer opinions from . . . Rush with respect to those districts" or of any party who even has claims with respect to those districts. **ECF 953, at 5.** Further, these plaintiffs aver that other plaintiff groups, who have cross-designated Rush as a non-retained expert witness, may properly call Rush as a witness regardless of whether his expert report was sufficient. **ECF 953, at 4** (quoting FED. R. CIV. P. 26(a)(2) (requiring an expert report only from "retained or specially employed" expert witnesses)).

According to Plaintiffs' chart of active claims, **ECF 982**, no plaintiff seeks to challenge CD 15, SD 27, or 37. There is no reason to think that any plaintiff will ask Rush to testify about any of those districts. Defendants' motion to exclude testimony as to those three districts on

---

[1] An apparently incorrect contention; the Brooks plaintiffs point out that MALC plaintiffs also designated Rush as a retained expert and LULAC plaintiffs designated Rush as a non-retained expert. *See* **ECF 953, at 3**.

those grounds is denied as moot.

      **B.** State defendants next take issue with Rush's analysis on CD 15, HD 118, HD 37, and SD 27. **ECF 920, at 14**. Because no plaintiff challenges CD 15, SD 27, or HD 37, Defendants' motion to exclude evidence on those districts on these grounds is denied as moot, and we address only Rush's analysis of HD 118.

      Rush's report incorporated and "agree[d] with" a report of Henry Flores, who had submitted an expert report but is no longer slated to testify. **ECF 920, at 14–15; ECF 953-4, at 5**. "In substance," the defendants accuse, "Rush merely read and agreed with . . . Flores'" report. **ECF 920, at 15**. The defendants claim that the Flores Report is inadmissible hearsay and, thus, that Rush's opinions and trial testimony on that report should be excluded. **ECF 920, at 15**. In addition, they complain that Rush's report did not review Flores's supplemental report, which allegedly violated "reasonable professional standards." **ECF 920, at 15**.

      The plaintiffs counter that, "even if otherwise inadmissible," an expert "may offer opinions based on facts and data they have been made aware of, . . . so long as 'experts in the field would reasonably rely on those kinds of facts or data.'" **ECF 953, at 5 (quoting FED. R. EVID. 703)**. Plaintiffs say that Rush "reviewed the data and methodology" in Flores's report, and the data "is commonly used by experts evaluating changes made between districting plans." **ECF 953, at 5**. Further, they point out that Defendants "do not dispute the scientific validity, nor the reliability of the methodology," of the analysis or data. *Id.*

      Under Federal Rule of Evidence 703, "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." "If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." FED. R. EVID. 703.

3

Rush's expert report cited the data underlying his opinions and explained those opinions, even if in a conclusionary manner and even if he largely relied on Flores's analysis. *See, e.g.*, **ECF 953-4, at 5–6** (observing decrease in Hispanic surname voters in HD 118 and opining that, as a result, "the ability for Latinos to elect their candidates of choice has been diluted"); *see also* **ECF 973, at 4** (defendants' motion quoting Rush's deposition testimony that he "formed an opinion" after "look[ing] at the TLC data [in Flores's report] and the things that were available there"). Defendants do not dispute that "experts in the particular field would reasonably rely on those kinds of facts or data." *See* FED. R. EVID. 703. And, although Rush may have relied on hearsay, an expert is not automatically prohibited from doing so.[2] *See id*. At least on the current record, the Court does not find that Rush "merely read and agreed with" Flores's analysis and "parrot[ed]" it, or that he failed to abide by "reasonable professional standards" in preparing his opinions. *Contra* **ECF 973, at 2, 4; ECF 920, at 15.** We accordingly find no reason now to exclude Rush's report and testimony.

Defendants' motion to exclude Rush's testimony on HD 118 on these grounds is accordingly denied. Nothing here prevents defendants from raising the same objections to Rush's testimony at trial, where it may become clear that Defendants' motion to exclude should be granted.

**C.** The defendants also complain that Rush's report and deposition were unhelpful and did not comply with the requirements for expert witnesses under Federal Rule of Civil Procedure 26(a)(2)(B). **ECF 920, at 15–17.**

Rule 26(a)(2)(B) requires that a retained expert witness provide a report containing, among other things: "(i) a complete statement of all opinions the witness will express and the

---

[2] Defendants say that Rush "cannot rely on double hearsay, or hearsay within hearsay," **ECF 973, at 2**, but point to no authority holding so. *See McDaniels v. City of Philadelphia*, 234 F. Supp. 3d 637, 649 n.88 (E.D. Pa. 2017).

basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them[.]"

Though Defendants claim that the Rush Report fails Rule 26(a)(2)(B), they do not explain how.  Rush stated his opinions that several demonstrative redistricting configurations would allow Latinos to "constitute a majority in an additional single-member district without disturbing other Latino opportunity districts" and that the configurations "compl[y] with traditional redistricting criteria."  *See, e.g.*, **ECF 953-4, at 2–3.**  For support, the Report cites data attached to its appendix (which defendants do not contest) showing the "demographic breakdown" of populations.  *See, e.g.*, **ECF 953-4, at 2**.  It advises that Rush will testify about "the data, geography, compactness and other characteristics" of the districts created by the proposed plans, including the "historical and expected electoral performance of districts in the plan."  *See, e.g.*, **ECF 953-4, at 2–3**.  To support that testimony of electoral performance, Rush cites data from the Census Bureau and the Texas Legislative Council.  **ECF 953-4, at 2**.

Defendants also complain that Rush, at his deposition, "repeatedly stated that he could not provide" specifics about the geography and electoral data supporting his testimony.  **ECF 920, at 16**.  But, when asked about, for example, the "geography of proposed Plan C2[1]63 that you could describe at trial in your testimony," Rush answered, "I could describe anything about the shape of the district.  I could stuff [sic] about the city's census designated places, things like that, anything that would be descriptive about the district and what's included in it."  **ECF 920-1, at 112.**  And when asked about his testimony about proposed CD 29's "historical or expected electoral performance," Rush responded that he could testify about "performance analyses," "candidate choice," and "electoral information results."  **ECF 920-1, at 114–15**.

Regardless of whether Rush's opinions are credible, the Court finds that his deposition

5

explanations, together with his expert report, are sufficient to satisfy his burden under Rule 26(a)(2)(B) to disclose the opinions he will express, the basis and reasons for them, and the facts and data upon which he relied in forming them. The State defendants' motion to exclude the Rush Report and testimony is denied.

### III. Barreto Report and Testimony

The State defendants also moved to exclude conditionally Matt Barreto's expert report, suggesting that it may have been co-authored by Rush. **ECF 920, at 17–20.** The defendants promised to supplement the motion after May 1, when they were scheduled to depose Barreto; they expected that the deposition would reveal whether the report was a "result of undisclosed collaboration or collusion." **ECF 920, at 17**. Having not received a supplement to the defendants' motion, even in the defendants' reply (**ECF 973**), and identifying no other grounds on which to grant the motion, the Court denies the defendants' motion to exclude Barreto's declaration.

* * *

Accordingly, Defendants' motion to exclude the Grumbach reports and testimony (ECF No. 920) is **DENIED AS MOOT**, and their motion to exclude the Rush and Barreto reports and testimony (ECF No. 920) is **DENIED**. Nothing in this opinion precludes State Defendants from raising the same objections at trial, where it may become clear that Defendants' objections have merit.

 

**JERRY E. SMITH**
**U.S. CIRCUIT JUDGE**

*And on behalf of:*

| | | |
|---|---|---|
| **David C. Guaderrama** | | **Jeffrey V. Brown** |
| **Senior United States District Judge** | *-and-* | **United States District Judge** |
| **Western District of Texas** | | **Southern District of Texas** |