UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS**, *et al.*, | § § § § | |
| *Plaintiffs*, | § § | |
| **EDDIE BERNICE JOHNSON**, *et al.*, | § § | EP-21-CV-00259-DCG-JES-JVB [Lead Case] |
| *Plaintiff-Intervenors*, | § § | & |
| v. | § § | All Consolidated Cases |
| **GREG ABBOTT**, *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § § | |
| *Defendants*. | § | |

**ORDER RULING ON MOTION TO PRESENT LIVE TESTIMONY VIA VIDEOCONFERENCE AND NOTICE REGARDING WITNESS TESTIMONY**

Before the Court is the "LULAC Plaintiffs' Partially Opposed Motion for Leave to Present Live Testimony via Videoconference at Trial" (ECF No. 1001).

Insofar as the Motion seeks permission for **Ms. JoAnn Acevedo James** to testify remotely on **Saturday, May 24, 2025**, the Court **DENIES** the Motion **IN PART WITHOUT PREJUDICE**.  Given the nature of Ms. Acevedo James's conflict—as well as the fact that Defendants don't oppose Ms. Acevedo James testifying remotely—the Court will permit her to do so.  However, the Court's IT staff will only be on-call (rather than on-site) for the Saturday trial settings.  Because the Court frequently encounters technological issues when witnesses testify remotely, the Court is uncomfortable taking remote testimony during any of the Saturday sessions.  The LULAC Plaintiffs **MAY RENEW** their motion to have Ms. Acevedo James testify remotely during one of the weekday sessions.

- 1 -

Insofar as the Motion seeks permission for **Mr. Domingo Garcia** to testify remotely on **Wednesday, May 21, 2025**, the Court **DENIES** the Motion **IN PART <u>WITH</u> PREJUDICE**. Mr. Garcia's scheduling conflicts appear to be date-specific, and the LULAC Plaintiffs have identified no specific reason why Mr. Garcia must testify on May 21st (as opposed to any of the other numerous trial dates scheduled in this case). The Court strongly prefers to have Mr. Garcia testify in person because:

(1) Defendants oppose the LULAC Plaintiffs' request to have Mr. Garcia testify remotely, presumably because that will make cross-examination more difficult;

(2) due to technological limitations, the Court frequently has difficulty hearing and observing the demeanor of witnesses who testify remotely;

(3) in the Court's experience, connectivity issues frequently interfere with remote testimony; and

(4) given the anticipated subjects of Mr. Garcia's testimony, his testimony will likely be particularly important.

The Court will therefore require Mr. Garcia to testify **IN PERSON** on a different date.

The Court has also received and reviewed the "Notice of Plaintiffs' First Week Witness List" (ECF No. 1000). The Court notifies the parties that it expects each side to be ready to present its next witness at the end of each witness's testimony. As a matter of fairness and efficiency, each session (except for the two shortened Saturday sessions)[1] will last a full day. If either side has no further witnesses before trial is scheduled to conclude for the day, that side will be deemed to have rested. The Court will be flexible as circumstances require, but the attorneys for each side are expected to anticipate and avoid unnecessary breaks in the compressed trial— even if that involves longer travel schedules and waiting times for some witnesses. Thus, given

---

[1] *See* Order Modifying Trial Schedule, ECF No. 971.

- 3 -

the Court's denial of the LULAC Plaintiffs' Motion above, Plaintiffs will likely need to designate other witnesses to fill the resulting space.

**So ORDERED and SIGNED this 19th day of May 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

*And on behalf of:*

| | | |
|---|---|---|
| **Jerry E. Smith** | | **Jeffrey V. Brown** |
| **United States Circuit Judge** | *-and-* | **United States District Judge** |
| **U.S. Court of Appeals, Fifth Circuit** | | **Southern District of Texas** |