IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LULAC, et. al., | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| Eddie Bernice Johnson, Sheila Jackson-Lee Alexander Green, and Jasmine Crockett | § § § | |
| | § | |
| *Intervenors* | § | |
| | § | |
| v. | § § | Case No.: 3-21-CV-00259-DCG-JES-JVB [Lead Case] |
| GREG ABBOTT, in his official capacity As Governor of Texas, et. al. | § § § | |
| *Defendants* | | |

## INTERVENORS ALEXANDER GREEN AND JASMINE CROCKETT REQUEST TO CLARIFY THE COURT'S NOTICE TO INTERVENOR PLAINTIFFS

On May 16, 2025, this Court issued a Notice to Intervenors Plaintiffs regarding CD18. The Court stated in relevant part the following

"The Court therefore **NOTIFIES** the Intervenors that the Court will **NOT** permit them to pursue claims at trial that the Court has dismissed."  Intervenors have not only intended to comply with this order but have done so continuously.  We regret that our filing has generated this important discussion.  We appreciate the Court's notice , respect the court's authority and want to assure the Court we understand the ruling dismissing the claim involving Congressional District 18, and always intended to comply with it.  The brief noted the Intervenors were and are fully aware of the Courts dismissal of the claims of Plaintiff Intervenors Eddie Bernice Johnson and Sheila Jackson Lee. Order Granting Mot. Dismiss, ECF No. 972. We are fully aware that it would not be

a good strategy to ask a panel of judges to rule in our favor on claims already dismissed by that panel.

In addition, we would like to point out that the brief made it clear that it was being submitted in behalf of Congressman Alexander Green of the 9th Congressional District and Congresswoman Jasmine Crockett of the 30th Congressional District only, and no one else. The Intervenors further noted the Court's denial of Intervenors Motion to Substitute. *Id*. The Intervenors understood this to mean that it had no remaining lives claims in the 18th Congressional District. This Panel requested that the Plaintiff Parties inform it of the live claims being made by each plaintiff group. Intervenors that this document would govern what specific districts were at issue, even though the court would no doubt receive additional evidence to support these contentions as permitted by law. In that document, Intervenors informed the Court that its live claims were respecting Congressional Districts 9 and 30. It did not mention Congressional District 18. Chart of Plaintiff's Claims, ECF 986.

The inclusion of the discussion or any information about Congressional District 18 or other districts was not intended to be part of a claim based directly on the drawing of any such district. We regret if this was not clear in our submission, but wish to assure the Court we understand that our claims directly involve Congressional Districts 9 and 30. As mentioned in the introduction, we indicate that Congresswomen Johnson and Jackson Lee are no longer intervenors because they are deceased, and that the brief is submitted by Congressional Intervenors who are described as Congressman Alexander Green and Congresswoman Jasmine Crockett. It is further imperative to note the document illustrating the different claims of the parties and the districts each party is challenging show very clearly that the Intervenors are *only* challenging Congressional District 9 and Congressional District 30 as current claims in the litigation, and that the evidence

regarding Congressional District 18 or any other district can be proffered only as evidence to support a claim of discrimination or gerrymandering involving Congressional Districts 9 or 30.

Pursuant to our understanding of the applicable law that seems to be shared by many other parties, that evidence as to what occurred in other districts is frequently relevant in these cases. In this case there were voters moved between the 9th and 18th and the Congresspersons were initially paired. Even the State's actions regarding Congressional District 18 make it apparent that they too understand matters relating to it are still an issue. *Bethune-Hill v. Virginia State Bd. of Elections*, 580 U.S. 178 (2017). Presenting evidence about neighboring districts is sometimes necessary in both racial gerrymandering and intentional discrimination cases and even statewide information has sometimes been used to substantiate specific district claims. This evidence can help establish that race was the predominant factor in drawing district lines or help establish important motivations.

To be clear, the inclusion of any information about Congressional District 18 is not intended to reprise a claim based on Congressional District 18, but instead is submitted for proper evidentiary purposes. We respect the Court and its decisions and were in no way attempting to add an additional claim. However, Intervenors further note that any remedy to repair the intentional discrimination in Congressional District 9 will necessarily impact the boundaries of Congressional District 18.

    Respectfully Submitted,

    By: /s/ Gary Bledsoe
      Gary L. Bledsoe
      State Bar No. 02476500
      The Bledsoe Law Firm, PLLC
      6633 Highway 290 East #208
      Austin, Texas 78723-1157
      Telephone: 512-322-9992

                          Fax: 512-322-0840
                          gbledsoe@thebledsoelawfirm.com

                          Nickolas Spencer
                          State Bar No. 24102529
                          Spencer & Associates, PLLC.
                          9100 Southwest Freeway, Suite 122
                          Houston, TX 77074
                          nas@naslegal.com

                          Attorneys for Plaintiff-Intervenors Alexander Green,
                          and Jasmine Crockett

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2025, this motion was served via CM/ECF on all counsel of record.

**/s/ Nickolas A. Spencer**