UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LULAC, et. al., § § *Plaintiffs* § § Alexander Green, and Jasmine Crockett § § *Plaintiff-Intervenors* § § v. § § GREG ABBOTT, in his official capacity As Governor of Texas, et. al. § § *Defendants* § § | Case No.: 3-21-CV-00259-DCG-JES-JVB [Lead Case] |

### BRIEF IN OPPOSITION TO STATE DEFENDANTS' MOTION TO STRIKE THE TESTIMONY OF DR. MOON DUCHIN

In the Fifth Circuit, it is generally inappropriate to exclude an expert witness's testimony solely because they conducted a separate calculation after issuing their report, which was not used in forming their opinion. The admissibility of expert testimony is primarily governed by Federal Rule of Evidence 702, which requires that the testimony be based on sufficient facts or data, be the product of reliable principles and methods, and reflect a reliable application of those principles and methods to the facts of the case.

The Fifth Circuit has consistently held that criticisms regarding the bases and sources of an expert's opinion typically affect the weight of the testimony rather than its admissibility. In *Jacked Up, LLC v. Sara Lee Corporation*, the court noted that defendants' criticisms of the expert's reliance on certain data affected the weight of the expert's opinions, not their admissibility. 854 F.3d 797 (5th Cir. 2017). Similarly, in *U.S. Alliance Group, Inc. v. Cardtronics USA, Inc.*, the court emphasized that while experts have wide latitude in choosing their sources, any deficiencies in the expert's analysis are matters for cross-examination rather than grounds for exclusion. No. 2:2021cv01074.

Federal Rule of Civil Procedure 37(c)(1) provides the exclusionary sanction for failure to disclose, but only when the failure was not "substantially justified or is harmless." The Fifth Circuit evaluates harmlessness using four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."

## Analysis

### A. Dr. Duchin's Additional Analysis Falls Within Accepted Fifth Circuit Standards

The Fifth Circuit has established that post-report calculations that do not form the basis of an expert's opinion are generally not grounds for exclusion. Dr. Duchin explicitly testified that her partisan analysis was conducted "as a robustness check after the fact"[1] and that the results were "consistent with the findings" in her report. This additional research represents exactly the type of confirmatory analysis that the Fifth Circuit has found acceptable - separate calculations that verify rather than contradict disclosed opinions.

In *Prejean v. Satellite Country, Inc.,* the court allowed expert testimony despite excluding the expert's report, noting that the expert's review and synthesis of complex documents would assist the trier of fact. 474 F. Supp. 3d 829 (W.D. La. 2020). Here, Dr. Duchin's sensitivity analysis serves a similar function - providing additional verification of her disclosed methodology without introducing new conclusions.

### B. State Defendants Elicited the Testimony Through Cross-Examination

The record demonstrates that Dr. Duchin's testimony regarding partisan analysis arose directly from State Defendants' cross-examination strategy. When questioned about whether partisan considerations could explain her ensemble findings, Dr. Duchin responded by explaining additional robustness checks that confirmed her original conclusions.

State Defendants cannot now claim surprise or prejudice from testimony they themselves elicited. The doctrine of invited error prevents parties from objecting to evidence they brought forth through their own questioning strategy.

---

[1] The "fact" being after her report was completed and after it was disclosed in this case.

### C. The Analysis Represents Standard Academic Verification Practice

Dr. Duchin testified that she conducted this analysis in response to Supreme Court guidance in *Alexander v. S.C. State Conference of the NAACP* and *Allen v. Milligan*, which provided additional factors for redistricting analysis. This reflects the type of independent verification that the Fifth Circuit has recognized as necessary for reliable expert testimony. Dr. Duchin's post-report robustness checking demonstrates exactly this type of diligent verification - ensuring that her disclosed methodology remained sound in light of evolving legal guidance.

### D. No "Analytical Gap" Exists Between Data and Opinion

The Fifth Circuit addresses exclusion when there is "too great an analytical gap" between the data and the expert's opinion, as in *Holcombe v. United States*. Here, no such gap exists because Dr. Duchin's partisan analysis confirmed rather than contradicted her disclosed findings. The analysis served as a quality check rather than forming new conclusions, thus eliminating any analytical disconnect.

### E. The Harmlessness Factors Weigh Against Exclusion

Applying the Fifth Circuit's four-factor harmlessness test:

1. **Importance of Evidence**: The post-report partisan analysis was confirmatory rather than foundational, serving only to verify the robustness of Dr. Duchin's disclosed methodology.

2. **Prejudice to Opposing Party**: Any prejudice is minimal because the analysis confirmed rather than changed Dr. Duchin's conclusions. Additionally, State Defendants elicited this testimony themselves and cannot claim unfair surprise.

3. **Possibility of Cure**: The confirmatory nature of the analysis and State Defendants' role in eliciting the testimony reduces any need for additional discovery.

4. **Explanation for Failure to Disclose**: Dr. Duchin's explanation that the analysis was a post-report robustness check in response to Supreme Court guidance postdating the Report is reasonable and reflects standard academic practice.

### F. State Defendants Mischaracterize the Nature of Expert Methodology

In *Texokan Operating, Inc. v. Hess Corp.*, the court excluded expert testimony because the expert failed to explain why using certain data was appropriate and did not conduct independent evaluation. Here, the opposite occurred - Dr. Duchin conducted additional independent evaluation after her report was produced and disclosed in this case as an after-the-fact check to ensure her methodology remained sound, which is exactly what the Fifth Circuit expects from reliable expert testimony.

## Conclusion

For the foregoing reasons, Congressional Intervenors respectfully request that this Court deny State Defendants' Motion to Strike Dr. Duchin's testimony. Under Fifth Circuit precedent, post-report calculations that confirm rather than contradict disclosed opinions are not grounds for exclusion, particularly when elicited by opposing counsel's cross-examination. The testimony represents legitimate academic verification that enhances rather than undermines the reliability of Dr. Duchin's disclosed methodology.

Respectfully submitted,

/s/ Gary Bledsoe
Gary L. Bledsoe
The Bledsoe Law Firm PLLC
State Bar No. 02476500
6633 Highway 290 East #208
Austin, Texas 78723-1157
Telephone: 512-322-9992
Fax: 512-322-0840
gbledsoe@thebledsoelawfirm.com

/s/ Robert Notzon
**Robert Notzon**
Law Office of Robert S. Notzon
1502 West Avenue
Austin, Texas 78701
Robert@NotzonLaw.com
512-474-7563
State Bar No. 00797934

**Attorneys for Plaintiff-Intervenors Alexander Green and Jasmine Crockett**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that he has electronically submitted a true and correct copy of the above and foregoing via the Court's electronic filing system on the 10th day of June 2025.

<em>/s/Robert Notzon</em>