UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS**, *et al.*, | § § § § | |
| *Plaintiffs*, | § § | |
| **ALEXANDER GREEN**, *et al.*, | § § | EP-21-CV-00259-DCG-JES-JVB [Lead Case] |
| *Plaintiff-Intervenors*, | § § | & |
| v. | § § | All Consolidated Cases |
| **GREG ABBOTT**, *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § | |
| *Defendants*. | § § | |

## ORDER RESERVING RULING ON DEFENDANTS' MOTION

After Plaintiffs concluded their case-in-chief at trial, Defendants filed a document styled as a "Motion for Judgment as a Matter of Law."[1] The Motion asks the Court to render judgment in Defendants' favor on several of Plaintiffs' claims.[2]

Because the trial isn't proceeding before a jury, the Court construes Defendants' "Motion for Judgment *as a Matter of Law*" as a Motion for Judgment *on Partial Findings* under Federal Rule of Civil Procedure 52(c).[3] That Rule provides:

---

[1] *See* Mot., ECF No. 1082, at 1.

[2] *See, e.g.*, *id.* ("At the close of Plaintiffs' case in chief, State Defendants are entitled to judgment as a matter of law on at least three categories of claims: (1) vote dilution claims under the Fifteenth Amendment, (2) intentional discrimination claims under § 2 of the Voting Rights Act ("VRA"), and (3) all intentional discrimination claims under both the Fourteenth and Fifteenth Amendments.").

[3] *See, e.g.*, *Fox v. Wardy*, No. 3:04-CV-00439, 2006 WL 504924, at *1 n.1 (W.D. Tex. Feb. 3, 2006) ("A 'Judgment *as a Matter of Law*' pursuant to Federal Rule of Civil Procedure *50* applies only to *jury* trials. Because the Court conducted a *bench* trial, it construes Defendants' Motion as a 'Judgment *on Partial Findings*' pursuant to Federal Rule of Civil Procedure *52(c)* . . . ." (emphases added) (citation omitted)).

- 1 -

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.[4]

"The rule's objective is to conserve time and resources by making it unnecessary for the court to hear evidence on additional facts when the result would not be different even if those additional facts were established."[5]

Ruling on Defendant's Motion now wouldn't further that objective. The Court estimates that, by the time the Court issues the instant order, Defendants will be done presenting their side of the case (or close to it). Thus, even if the Court ultimately ruled in Defendants' favor on the Motion,[6] that would not save the parties any meaningful amount of time or effort.

Thus, as Rule 52(c) explicitly permits, the Court will instead "decline to render any judgment until the close of the evidence."[7] That is, the Court will reserve ruling on Defendants' arguments until the Court issues its ultimate Findings of Fact and Conclusions of Law at some point after the trial.[8] That will give the Court the time it needs to carefully evaluate Defendants' arguments in light of the full trial record and the applicable caselaw.

---

[4] FED. R. CIV. P. 52(c).

[5] *E.g.*, *NXIVM Corp. v. Sutton*, No. 06-1051, 2019 WL 4010859, at *1 n.1 (D.N.J. Aug. 26, 2019) (citation modified).

[6] The Court expresses no view on the merits of Defendants' arguments now.

[7] *See* FED. R. CIV. P. 52(c).

[8] *See* FED. R. CIV. P. 52(a)(1) ("In an action tried on the facts without a jury . . . the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court.").

*See also, e.g.*, *Nettles v. Daphne Utils.*, No. 13-0605, 2015 WL 4910983, at *1 n.2 (S.D. Ala. Aug. 17, 2015) ("While Rule 52(c) authorizes district courts in non-jury trials to issue judgment on partial findings, it does not require them to do so, but instead allows district courts to 'decline to render any judgment until the close of the evidence.' Under the circumstances presented here, the difference between tackling the merits of a Rule 52(c) at the close of all the evidence and issuing Rule 52(a) findings

The Court therefore **RESERVES RULING** on "State Defendants' Motion for Judgment as a Matter of Law" (ECF No. 1082).

The Court **WILL ADDRESS** the arguments that Defendants raise in their Motion in the Court's post-trial Findings of Fact and Conclusions of Law.

**So ORDERED and SIGNED this 11th day of June 2025.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

*And on behalf of:*

| | | |
|---|---|---|
| **Jerry E. Smith**<br>**United States Circuit Judge**<br>**U.S. Court of Appeals, Fifth Circuit** | *-and-* | **Jeffrey V. Brown**<br>**United States District Judge**<br>**Southern District of Texas** |

---

of fact and conclusions of law appears to be largely one of semantics. There is no material difference between entering a judgment pursuant to Rule 52(a) and doing so under Rule 52(c) at the close of all the evidence; rather, the Motion for Judgment [on Partial Findings] would entail the functional equivalent of the Rule 52(a) protocol that this Court must follow anyway." (citations omitted)).