IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LULAC, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of Texas, *et al.*, <br><br> *Defendants.* | Case No.: 3:21-CV-00259-DCG-JES-JVB <br> [Lead Case] |

**BROOKS PLAINTIFFS' BRIEF IN SUPPORT OF ADMISSION OF BROOKS EXHIBITS 249, 250, 251, AND 252**

The Brooks Plaintiffs respectfully request that the Court admit Brooks Plaintiffs' exhibits 249, 250, 251, and 252 over the objections of Defendants. Exhibit 249 is not an expert opinion, but a map that was created as a result of the cross examination of Defendants' expert Dr. Sean Trende. The map itself is not an opinion, but contrary evidence that rebuts Defendants' expert's testimony. Further, the Brooks Plaintiffs' exhibits 250, 251, and 252 should be admitted as rebuttal evidence created to address Dr. Trende's contention that the Brook's Plaintiffs' Exhibit 249 map does not comply with traditional redistricting principals. The Brooks Plaintiffs also join in the arguments of other Plaintiffs' counsel filed regarding exhibit admission today.

**ARGUMENT**

**I.      Exhibit 249 should be admitted over Defendants' objections because it is not undisclosed expert testimony.**

This Court should admit the Brooks Plaintiffs' Exhibit 249 over the Defendants' objections that the evidence is undisclosed expert opinion. First, the exhibit is not an expert opinion, but a map that was created through the testimony of Defendants' expert witness on cross examination with corresponding data that that the expert admitted was accurate, reliable, and created using the

1

same software and data that the expert utilized in the creation of his report. *See* Trial Tr. PM (June 9, 2025) at 24:1-26:19. None of the opinions expressed by Dr. Trende on cross examination that support the creation of the map were subject to objection by Defendants. *See Id.* at 65:87-75:21. The map is merely an illustration of the data about which he testified with no objection from Defendants. Brooks Plaintiffs were under no obligation therefore to produce the map in advance of the cross examination because it is not an "opinion" which Rule 26(a)(2)(B) or (C) require to be disclosed in advance.

Second, the exhibit is contrary evidence to undermine through cross examination Dr. Trende's opinions on the configuration of HD 118. In addition to merely illustrating the data and opinions he testified to on cross examination without objection, the map itself is embodiment of "[v]igorous cross-examination, presentation of contrary evidence… [that] are the traditional and appropriate means of attacking" expert testimony. *See Taylor v. B&J Martin, Inc.,* 611 F. Supp. 3d 278, 288 (E.D. La. 2020). It impeaches his contention in his report and in his direct examination that race was not involved in the configuration of HD118.

Third, even if Rule 26's disclosure requirements could be construed to apply to a map created on cross examination with an opposing party's retained expert witness (on a topic that was the subject of his expert report), the Brooks Plaintiffs' cross designated Dr. Trende in their expert designations. Specifically, the Brooks Plaintiffs "reserve the right to elicit by way of direct/cross examination, opinion testimony for experts designated and/or called by other parties to the suit." *See* Brooks Second Amended Expert Designations (March 31, 2025), Ex. A. While unretained experts are not required to submit a report, Dr. Trende did submit a report that addressed the configuration of HD 118 and his opinion that partisanship not race explained the districting of Texas House districts within Bexar County. *See* Defs. Ex. 8 (Dr. Trende Expert Report July 23,

2022) at 195- 197; Ex. 9 (Dr. Trende Supplemental Report March 31, 2025); Ex. 10 (Dr. Trende Supplemental Report April 17, 2025) at pages 6-8. The questions asked of Dr. Trende stem directly from his written opinions in his report on HD 118 that were offered on behalf of Defendants. As such, Dr. Trende's report and direct examination trial testimony put Defendants on notice that Dr. Trende would testify about whether the configuration of HD 118 and surrounding Bexar County House districts are a result of political or racial motivations by map drawers. Moreover, Defendants had the opportunity on redirect examination to question Dr. Trende regarding the corresponding data underlying Exhibit 249 and chose not to do so. *See* Trial Tr. PM ( June 9, 2025) at 154:9-155:4.

Because Defendants had notice that Dr. Trende's opinions regarding HD 118 were going to be a subject of examination, they cannot claim now that they did not have notice that Dr. Trende would be testifying about those issues. At bottom, Defendants objection regarding notice is really asking for premature disclosure of cross examination strategy by Plaintiffs. Plaintiffs have no obligations under Rule 26 to provide such premature disclosure.

Lastly, "[T]he federal rules and practice favor the admission of evidence rather than its exclusion if it has any probative value at all." *Rhodes v. Nova Transp. LLC*, No. 1:21-CV-6191-DAE, 2022 WL 17721603, at *5 (W.D. Tex. Nov. 8, 2022) (citing *Young v. Ill. Cent. Gulf R.R. Co.*, 618 F. 2d 332, 337 (5th Cir. 1980). Exhibit 249 has probative value to the court's consideration in how much, if any, weight to give to Dr. Trende's testimony that racial considerations did not drive the configuration of HD 118. As such, this Court should use its broad discretion and admit the Brooks Plaintiffs' Exhibit 249 over the Defendants' objections.

## II. Exhibits 250-252 should be admitted over Defendants objections because they are permissible rebuttal evidence.

This Court should admit the Brooks Plaintiffs exhibits 250, 251, and 252 over the Defendants' objections because the exhibits constitute rebuttal evidence. Rebuttal evidence is evidence introduced by plaintiffs to meet *new* facts brought out by the other party's case in chief. *See Rodriguez v. Olin Corp.*, 780 F. 2d 491, 494 (5th Cir. 1986). "Rebuttal evidence is admissible 'either to counter facts presented in the defendant's case in chief or to rebut evidence unavailable earlier through no fault of the plaintiff. *Tramonte,* 947 F.2d at 764 (internal citations omitted)'" *GWTP Invs., L.P. v. SES Americom, Inc.*, No. 3:04-CV-1383-L, 2007 WL 7630459, at *9 (N.D. Tex. Aug. 3, 2007). "When considering whether rebuttal evidence is admissible, '[t]he question is not whether [the plaintiff] had an opportunity or right to overcome any statements or misstatements but whether [the testimony of the defendant's expert] raised new matters.'" *Id.*

In *Rodriguez v. Olin Corp.*, 780 F. 2d 491, the Fifth Circuit reversed a lower court's exclusion of new expert rebuttal testimony because the rebuttal testimony was directly related to new evidence raised in the opposing party's case in chief. *Id.* at 495-97. In reversing, the Court determined that "rebuttal evidence is designed to meet facts not raised before the Defendants' case in chief, not facts that *could* have been raised." *Id.* at 496.

Here, Brooks Plaintiffs exhibits 250, 251, and 252 are evidence that is being offered to counter Dr. Trende's assertions that the map *created on cross examination* (and therefore unavailable earlier to Plaintiffs) may pair incumbents. Trial Tr. PM (June 9, 2025) at 155:18-22. The exhibits were created for the purpose of rebutting Dr. Trende's in-trial testimony. They could not have been available to Plaintiffs prior to when Plaintiffs disclosed the exhibits to Defendants on June 10, 2025, because the map and opinions at issue only arose a day prior.. Defendants' objections to these exhibits are solely with respect to the ability of their expert witness being able

4

to be questioned about the TLC data that corresponds to a map that Defendants expert testified about on cross examination. *Id.* at 83:1-4. For purposes of judicial economy, the Brooks Plaintiffs offered these rebuttal exhibits in leu of calling a live witness to testify about publicly available information regarding where incumbent legislators live within a new mapping configuration. As such, this Court should admit these exhibits over Defendants objections. This is especially so as they are Texas Legislative Council exhibits—Defendants do not question the veracity of the incumbent residence information they report, nor do they dispute the authenticity of the exhibits. *See* Trial Tr. (June 11, 2025) 82:7-8. Rather, Defendants ask the Court to exclude from the evidentiary record rebuttal evidence that contradicts testimony they elicited from Dr. Trende on redirect during trial. The Court should not entertain that request.

## CONCLUSION

For these reasons, should admit the Brooks Plaintiffs exhibits 249, 250, 251, and 252 over Defendants' objections.

| | |
|---|---|
| June 17, 2025 | Respectfully submitted, |
| | */s/ Chad W. Dunn* |
| | Chad W. Dunn (Tex. Bar No. 24036507) |
| | Brazil & Dunn |
| | 4407 Bee Caves Road |
| | Building 1, Ste. 111 |
| | Austin, TX 78746 |
| | (512) 717-9822 |
| | chad@brazilanddunn.com |
| | |
| | */s/ Mark P. Gaber* |
| | Mark P. Gaber* |
| | Mark P. Gaber PLLC |
| | P.O. Box 34481 |
| | Washington, DC 20043 |
| | (715) 482-4066 |
| | mark@markgaber.com |
| | |
| | Jesse Gaines* (Tex. Bar. No. 07570800) |
| | P.O. Box 50093 |
| | Fort Worth, TX 76105 |

817-714-9988
gainesjesse@ymail.com

Molly E. Danahy*
P.O. Box 51
Helena, MT 59624
(406) 616-3058
danahy.molly@gmail.com

Sonni Waknin*
10300 Venice Blvd. # 204
Culver City, CA 90232
732-610-1283
sonniwaknin@gmail.com

*Counsel for Brooks Plaintiffs*

**CERTFIICATE OF SERVICE**

I certify that the foregoing was served on June 17, 2025 on all counsel of record via the Court's CM/ECF system.

*/s/ Chad W. Dunn*
