IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of the State of Texas, *et al.*, <br><br> *Defendants*. | CIVIL ACTION NO. <br> 3:21-cv-00259-DCG-JES-JVB <br> [Lead Case] <br> & <br> All Consolidated Cases |

**LULAC PLAINTIFFS' BRIEF REGARDING ADMISSIBILITY
OF EVIDENCE FROM THE TEXAS LEGISLATIVE COUNCIL**

Plaintiffs LULAC, *et al.*, ("LULAC Plaintiffs") file this brief pursuant to the Court's request and in response to State Defendants' arguments that certain redistricting plan reports from the Texas Legislative Council (TLC) are inadmissible. *See* Tr. 6/11/25 at 109. The exhibits at issue are standard redistricting plan reports from TLC that LULAC Plaintiffs identified as missing from the Joint Exhibit List when it was filed on June 6, 2025. *See* LULAC Exhibits 195-803, and LULAC Exhibits 809-826; *see also* Tr. 6/11/25 at 117-118 (identifying these exhibits as "bucket two").

**I. Introduction**

In the lead-up to trial, and into trial, the parties worked together to assemble a complete record of redistricting plan reports from TLC for all relevant redistricting plans. *See e.g.* Ex. I. As part of that process, LULAC Plaintiffs identified TLC reports (and other documents) that were missing from the Joint Exhibit list. LULAC Plaintiffs sent these documents to State Defendants

1

for inclusion in the Joint Exhibit list. When State Defendants filed the Joint Exhibit list on June 6, 2025, LULAC Plaintiffs informed the Court that LULAC Plaintiffs had identified more missing TLC reports and would, for the sake of efficiency, add them to the LULAC Plaintiffs' exhibit list. Tr. 6/6/25 at 118-119 ("[W]ith respect to the work on the joint exhibit list, plaintiffs have identified additional exhibits that we believe should be included on the joint exhibit list. We have, just for efficiency purposes, added them to our own exhibit list, and we are still working on finishing with those reports of the Texas Legislative Council."); *id*. at 122.

The Texas Legislative Council is a state agency. *See* Texas Gov't Code, Sec. 323.001 *et seq*. The TLC makes available, to legislators and the public, information about the redistricting process and redistricting plans. *Id.* at Sec. 323.0145. Inclusion of the disputed exhibits can be no surprise to State Defendants, who added to the Joint Exhibit list many of the same TLC reports and who had equal access (if not greater access) to TLC reports since the beginning of the litigation. Since April, the joint exhibit list has contained the standard set of TLC reports for a number of redistricting plans; ensuring that the *same* standard TLC reports are in evidence for other redistricting plans on the Joint Exhibit list serves to complete the record and does not disadvantage any party.

At the same time, exclusion of these exhibits would severely prejudice LULAC Plaintiffs who have worked, in good faith and transparently, to inventory the joint exhibit list and complete the evidentiary record. TLC reports are the gold standard of evidence regarding the redistricting plans at issue in this litigation. The reports include undisputed information about geography, demographics and election data such as voter registration, votes won by candidates and the number of voters who participated in elections. LULAC Plaintiffs' exhibits that are TLC reports complete the standard reports for redistricting plans and should be admitted for reasons of reliability and to

ensure that all parties are able to cite to this evidence in their proposed findings of fact and conclusions of law.

## II. Fact Background

Beginning March 8, 2025, three days after the Court's status conference at which it set the trial date, LULAC Plaintiffs began assembling proposed joint exhibits that were standard redistricting plan reports from the Texas Legislative Council ("TLC"). Ex. A at 1. These reports included information about geographic, demographic and electoral characteristics of the redistricting plans at issue in the case.

As part of their collaborative work on the Joint Exhibit list, LULAC Plaintiffs and State Defendants began exchanging their respective joint exhibit lists and links to filesharing platforms which hosted the joint exhibits. *See* Exs. B and C.

The parties exchanged initial proposals for joint exhibits, including thousands of TLC reports, on April 25, 2025 pursuant to the Court's pretrial Order. Dkt. 880 at 2. The combined proposed joint exhibit list included both duplicates and missing TLC reports. The parties continued to work on the Joint Exhibit list and filed a Joint Notice on May 2, 2025 notifying the Court that "the Parties intend to file a *complete and de-duplicated* joint exhibit list." ECF 939 (emphasis added).

In order to compile a complete set of standard reports for every redistricting plan at issue in the case, the parties downloaded TLC reports from the TLC website and also requested reports from TLC. Although TLC maintains the same data for every redistricting plan in the TLC system, and the information is publicly available, the number of plan reports posted by TLC staff on the

agency's website varies by redistricting plan.[1]  In order for each redistricting plan to have the same standard reports in the Joint Exhibit list, the parties at times had to request the reports from TLC. *See* Ex. A.

On May 8, 2025, as part of their effort to ensure that the Joint Exhibit list included standard TLC reports for every redistricting plan on the list, LULAC Plaintiffs asked State Defendants to explain which TLC reports State Defendants planned to include for each redistricting plan on the list.  *See* Ex. D (May 8, 2025 email from Nina Perales).  State Defendants did not respond and LULAC Plaintiffs continued to work towards their goal of including standard TLC reports for every plan on the Joint Exhibit list.

As a result of all of the parties' additions, the Joint Exhibit list included a complete set of standard TLC reports for a number of redistricting plans at issue in the case.  *See e.g.* Dkt. 1063 (Joint Exhibit list) at 1-40.  For example: JEX 1-182 are TLC standard reports for C2100, the benchmark congressional plan; JEX 888-1194 are TLC standard reports for C2193, the enacted congressional plan, including reports comparing C2193 to other plans at issue; JEX 1375-1517 are TLC standard reports for C2200, LULAC Plaintiffs' demonstrative congressional plan.

However, because the Joint Exhibit list contained over 3,000 TLC reports, LULAC Plaintiffs did not know which redistricting plans had a complete set of standard TLC reports on the list and which redistricting plans were missing TLC reports on the list.

In the days leading up to trial and into the trial, State Defendants and LULAC Plaintiffs (on behalf of all Plaintiffs) continued to inventory and identify missing joint exhibits and add them

---

[1] For example, *compare* the TLC plan reports posted for the enacted congressional redistricting plan, available at https://data.capitol.texas.gov/dataset/planc2135, *with* the TLC plan reports posted for LULAC Plaintiffs' demonstrative congressional redistricting plan, available at https://data.capitol.texas.gov/dataset/planc2200.

to the Joint Exhibit list. *See e.g.* Exs. E, I. For example, on June 2, 2025, LULAC Plaintiffs identified ten House and Senate Journals that were missing from the joint exhibit list, and State Defendants agreed the following day to add those exhibits. Ex. F.

On June 3, 2025, LULAC Plaintiffs informed State Defendants that the Joint Exhibit list included the incorrect bill language for the enacted redistricting plans for State House and Congress. Ex. G. LULAC Plaintiffs added the correct documents to the LULAC exhibit list as exhibits 190-192 and State Defendants did not oppose their admission into evidence. *Id.*

On June 4, 2025 State Defendants informed Plaintiffs that they sought to add 11 additional documents to the Joint Exhibit list. State Defendants described the documents as legislative history materials and Plaintiffs did not object. Ex. H.

On June 6, 2025, State Defendants moved admission of the Joint Exhibit list. Plaintiffs did not object, but did inform the Court that they had identified more missing exhibits from the Joint Exhibit list. Tr. 6/6/25 at 118-119 ("[W]ith respect to the work on the joint exhibit list, plaintiffs have identified additional exhibits that we believe should be included on the joint exhibit list. We have, just for efficiency purposes, added them to our own exhibit list, and we are still working on finishing with those reports of the Texas Legislative Council."); *id*. at 122.

On June 7, 2025, LULAC Plaintiffs wrote State Defendants with the results of LULAC Plaintiffs' inventory of the TLC reports missing from the Joint Exhibit list. LULAC Plaintiffs identified 625 specific TLC reports that were missing from the Joint Exhibit list and added them to the LULAC exhibit list. On June 9, 2025, LULAC Plaintiffs notified State Defendants that they had identified a final group of 17 missing joint exhibits. *See* Ex. L.

For example, LULAC Plaintiffs added a missing TLC RED-202 report (Election and Population Data) for Plan C2100, the benchmark congressional plan, to the LULAC Exhibit list as LULAC 238.

In another example, the Joint Exhibit list contained the TLC RED-225 reports (District Election Analysis), for the enacted *congressional* plan, C2193, at JEX 962-979, but omitted those same reports for the enacted *state house* plan (H2316). LULAC Plaintiffs added the RED-225 reports for the enacted state house plan at LULAC exhibits 239-256.

Similarly, the Joint Exhibit list contained the RED-235 reports for the enacted *congressional* plan at JEX 980-997, but omitted those same reports for the enacted *state house* plan (H2316). LULAC Plaintiffs added these reports for the enacted state house plan at LULAC exhibits 257-274. Following trial, LULAC Plaintiffs have prepared an inventory of the TLC reports missing from the Joint Exhibit list, with the corresponding LULAC exhibit numbers. That list is attached at Exhibit K. Some of the missing TLC reports that LULAC Plaintiffs added to their exhibit list to complete the standard reports for redistricting plans included reports that were not posted by TLC on its website for those redistricting plans but are made from the data maintained by TLC and made into reports on request. Similar TLC reports were already on the Joint Exhibit list for other redistricting plans. *See e.g.* Dkt. 1063 at 3-4 (showing RED-340 reports for the benchmark congressional plan C2100).

As the trial progressed, State Defendants placed more redistricting plans at issue. For example, on June 7, 2025, during its case, State Defendants examined Senator Joan Huffman on her introduced congressional redistricting bill C2101. Tr. 6/7/25 PM at 20-43. However, the State's exhibit list and the Joint Exhibit list contained only a handful of reports on C2101. LULAC Plaintiffs assembled the standard TLC reports for C2101 and added them to the LULAC exhibit

list at LULAC Exs. 195-231.  LULAC Plaintiffs also added to their exhibit list TLC standard plan reports for three redistricting plans discussed by LULAC Plaintiffs' witness Ina Minjarez in her testimony about floor amendments and that were not included in the Joint Exhibit list.

Thus, LULAC Plaintiffs added TLC reports to their exhibit list upon determining that the reports were missing from the Joint Exhibit list and related to redistricting plans at issue in the case.  Because the Joint Exhibit list contained 4,314 exhibits, and 3,902 of those were TLC reports, the process of identifying and adding missing TLC reports was resource-intensive and challenging during trial.  As a result, LULAC Plaintiffs added the final missing TLC reports to their exhibit list on June 9, 2025.

During trial, State Defendants also created and added exhibits to the State's exhibit list and the Joint Exhibit list.  For example, State Defendants added 18 exhibits to their list between May 21 and June 3, 2025.  Ex. J.  On May 26, 2025, State Defendants created Ex. 540 and uploaded it to the State's exhibit box.  On June 4, 2025 State Defendants created Ex. 552 and the following day uploaded it to the State's exhibit box. On June 5, State Defendants added Ex. 549 to their exhibit list.  That same day, State Defendants added Ex. 562 to their exhibit list -- a court reporter transcript of a Senate hearing that was created on May 26, 2024.  In all of these instances, State Defendants either created the exhibit after the start of trial or added the exhibit to their list after the start of trial and without previously disclosing it.

### III. Argument

The disputed TLC report exhibits are admissible because they were missing from the Joint Exhibit list, LULAC Plaintiffs' addition of the exhibits was substantially justified, and the admission of the evidence is harmless to State Defendants.

A. Substantially Justified

The facts of LULAC Plaintiffs' discovery and addition of missing joint exhibits to their own exhibit list differ significantly from cases involving discovery disputes. But even applying the standards of those cases, the disputed exhibits here are admissible. Although permissible supplementation of disclosures can only occur in certain limited circumstances, "[t]hose circumstances [include] when the party or expert learns the information previously disclosed is incomplete or incorrect in some material respect." *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 421 (S.D. Tex. 2012) (*quoting Cook v. Rockwell Int'l Corp.*, 580 F.Supp.2d 1071, 1169 (D.Colo.2006)).

Even when the objected-to new information was available before the disclosure deadline, late disclosure is substantially justified when the party could not have anticipated or addressed the need for the additional information. *Holcombe v. United States*, 516 F. Supp. 3d 660, 670–71 (W.D. Tex. 2021). Here, LULAC Plaintiffs worked diligently up to and into trial to identify missing joint exhibits, including legislative history, bill language and TLC reports. LULAC plaintiffs assembled and added the missing TLC reports to their exhibit list upon completing their inventory. Thus, admitting the missing TLC reports into evidence merely supplies what should have been there for the record to be complete. *Eugene Baratto, Textures, LLC v. Brushstrokes Fine Art, Inc.*, 701 F. Supp. 2d 1068, 1072 (W.D. Wis. 2010).

B. Harmless

When evaluating whether a Rule 26 disclosure is harmless for purposes of Rule 37(c)(1), the Court looks to four factors: (1) the explanation for the failure to disclose; (2) the importance of the testimony/evidence; (3) potential prejudice to the opposing party in allowing the

testimony/evidence; and (4) the possibility of a continuance to cure such prejudice. *Kumar v. Frisco Indep. Sch. Dist.*, 476 F. Supp. 3d 439, 467–68 (E.D. Tex. 2020).

As described above, LULAC Plaintiffs' explanation for their addition of the missing joint exhibit TLC reports demonstrates that the disclosure was substantially justified. The information from the missing joint exhibit TLC reports is important because it provides undisputed, authentic and reliable statistical information, from a state agency, about the geography, demographic characteristics and electoral characteristics of the redistricting plans at issue in the case.

State Defendants are not prejudiced by the admission of evidence that should have been, but was not, included on the Joint Exhibit list. As described above, State Defendants included standard TLC reports on the Joint Exhibit list for some redistricting plans but not others. Completing the TLC reports does not disadvantage State Defendants. On the other hand, excluding the standard TLC reports prejudices Plaintiffs who will cite the reports in their proposed findings, and exclusion makes it more difficult for the Court to evaluate the various redistricting plans at issue in the case.

At trial, State Defendants argued that without the TLC reports that were added by LULAC Plaintiffs, State Defendants lost an opportunity to cross examine one of Plaintiffs' witnesses. Tr. 6/11/25 AM at 91 ("Surely if we had had that, we probably would have wanted to cross-examine on the CVAP data of the Minjarez amendment when we were examining Ms. Minjarez on other R-116s.") First, State Defendants had equal access to TLC reports and if they had wanted to cross examine Ms. Minjarez on her amendment they could have obtained the missing RED-116 report and used it. Second, State Defendants *benefit* by inclusion of the missing TLC reports in the record because they can rely on the facts within those reports if they believe those facts undermine Ms. Minjarez's testimony. The burden to show potential prejudice lies squarely with State Defendants,

9

and State Defendants have not carried that burden. *See Reyes v. City of Farmers Branch, Texas*, No. 3:07-CV-900-O, 2008 WL 4791498, at *5 (N.D. Tex. Nov. 4, 2008), *aff'd sub nom. Reyes v. City of Farmers Branch, Tex.*, 586 F.3d 1019 (5th Cir. 2009) ("Defendant did not articulate any specific prejudice that would be caused by this untimely disclosure [and] the importance of this exhibit and related testimony weighs against excluding this evidence.")

## IV. Conclusion

For the reasons set out above, LULAC Plaintiffs respectfully request that the Court overrule the objections of State Defendants and admit LULAC Exhibits 195-803, and LULAC Exhibits 809-826.

Dated: June 17, 2025

Respectfully submitted

*/s/ Nina Perales*
Nina Perales
Julia Longoria
Sabrina Rodriguez
Mexican American Legal Defense and
Educational Fund (MALDEF)
110 Broadway Street, Suite 300
San Antonio, TX 78205
(210) 224-5476
Fax: (210) 224-5382
nperales@maldef.org
jlongoria@maldef.org
srodriguez@maldef.org

Ernest I. Herrera
Mexican American Legal Defense and
Educational Fund (MALDEF)
634 S. Spring Street, 11th Floor
Los Angeles, CA  90014
(210) 629-2512
eherrera@maldef.org

Andrea E. Senteno
Mexican American Legal Defense and
Educational Fund (MALDEF)

        1016 16th Street, Suite 100
        Washington, DC  20036
        (202) 293-2828
        Asenteno@maldef.org

        Khrystan N. Policarpio*
        Mexican American Legal Defense and
        Educational Fund (MALDEF)
        1512 14th Street
        Sacramento, CA  95814
        (916) 444-3031
        kpolicarpio@maldef.org


        *Admitted *pro hac vice*
        *Counsel for LULAC Plaintiffs*


## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that she has electronically submitted a true and correct copy of the above and foregoing via the Court's electronic filing system on the 17th day of June 2025.

        */s/ Nina Perales*
        Nina Perales