# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS**, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| **ALEXANDER GREEN**, *et al.*, | § § | **EP-21-CV-00259-DCG-JES-JVB** **[Lead Case]** |
| *Plaintiff-Intervenors*, **v.** | § § § | **&** |
| **GREG ABBOTT**, *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § | **All Consolidated Cases** |
| *Defendants*. | § § | |

## ORDER GRANTING MOTION FOR ENLARGEMENT OF TIME

At the end of trial in this case, the Court orally ordered the parties to submit briefing on certain evidentiary issues by 5:00 PM Mountain Time on June 17, 2025. However, the LULAC Plaintiffs didn't file their brief until 11:37 PM Mountain Time—about 6½ hours after the deadline.[1]

Then, at 11:42 PM, the LULAC Plaintiffs filed a motion to retroactively deem their late-filed briefing timely.[2] The LULAC Plaintiffs claim that it wasn't possible to file the brief before the 5:00 PM deadline because they needed more time "to re-review their exhibit list and the joint exhibit list, review correspondence among the parties leading up to and during the trial, and

---

[1] *See* Notice of Electronic Filing, ECF No. 1103.

[2] *See* Mot., ECF No. 1104, at 1.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, not the cited document's internal pagination.

- 1 -

create new exhibits in support of their arguments, including a new exhibit comparing their inventory of the joint exhibit list with the disputed LULAC exhibits."[3]

Although the LULAC Plaintiffs conferred with Defendants[4] about the extension request "on the night of June 17, 2025," the LULAC Plaintiffs "did not receive a response before filing" their motion.[5]  Thus, in accordance with the Court's Local Rules, we will assume Defendants oppose the motion[6] and assess whether it would be legally appropriate to grant the extension over Defendants' presumed objection.

## I.    DISCUSSION

Because the LULAC Plaintiffs didn't move to extend the 5:00 PM deadline until *after* it had already expired, they must satisfy a more rigorous standard than would apply if they had sought the extension *before* 5:00 PM.[7]  Specifically, the LULAC Plaintiffs must show that their failure to meet the original deadline resulted from "excusable neglect."[8]

---

[3] *Id.* at 1–2.

[4] The Certificate of Conference states that LULAC Plaintiffs' counsel "conferred with counsel for *Movants* . . . before filing th[e] motion."  *Id.* at 4 (emphasis added).  However, the LULAC Plaintiffs *are* the "Movants" here.  The Court thus presumes that the LULAC Plaintiffs meant to say that they conferred with "counsel for the *Non*-Movants."

[5] *Id.*

[6] W.D. Tex. L.R. CV-7(G) ("A motion is unopposed only if there has been an actual conference with opposing counsel and there is no opposition to any of the relief requested in the motion.").

[7] *Compare* Fed. R. Civ. P. 6(b)(1)(A), *with* Fed. R. Civ. P. 6(b)(1)(B).

*See also, e.g.*, *Sauceda v. City of San Benito*, 78 F.4th 174, 191 (5th Cir. 2023).

[8] *See* Fed. R. Civ. P. 6(b)(1)(B).

To determine whether the LULAC Plaintiffs have satisfied that burden, the Court must consider:

(1)    "the danger of prejudice to the opposing party,"

(2)    "the length of the delay and its potential impact on judicial proceedings,"

(3)    "the reason for the delay, including whether it was within the reasonable control of the movant," and

(4)    "whether the movant acted in good faith."[9]

Three of those factors clearly favor the requested extension.  The Court perceives no way in which the delay would prejudice Defendants now that the bench trial is over.  The brief 6½-hour delay had no impact on these proceedings.  And the Court has no reason to question the LULAC Plaintiffs' good faith here.

The only close question is whether the "reason for the delay" factor favors the LULAC Plaintiffs.  While the Court has no doubt that preparing the briefing was a time-intensive task, it's not self-evident that the amount of time the Court gave the parties was insufficient.  More importantly, the Court doesn't perceive any reason why the LULAC Plaintiffs couldn't have requested the extension *before* the deadline expired.

While it would have been better for the LULAC Plaintiffs to seek permission rather than forgiveness, the LULAC Plaintiffs' strong showing on the other excusable neglect factors persuade us that a retroactive extension is appropriate here.  The Court will therefore grant the Motion.

---

[9] *U.S. Bank Tr. Nat'l Ass'n v. Walden*, 124 F.4th 314, 321 (5th Cir. 2024) (quoting *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995)) (citation modified).

The Court therefore **GRANTS** the "LULAC Plaintiffs' Motion for Enlargement of Time to File LULAC Plaintiffs' Brief Regarding Evidence from the Texas Legislative Council" (ECF No. 1104).

The "LULAC Plaintiffs' Brief Regarding Admissibility of Evidence from the Texas Legislative Council" (ECF No. 1103) shall therefore be **DEEMED TIMELY**.

**So ORDERED and SIGNED this 18th day of June 2025.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

*And on behalf of:*

| | | |
|---|---|---|
| **Jerry E. Smith** | | **Jeffrey V. Brown** |
| **United States Circuit Judge** | *-and-* | **United States District Judge** |
| **U.S. Court of Appeals, Fifth Circuit** | | **Southern District of Texas** |