# EXHIBIT A

# Attorney General Ken Paxton's Response to DOJ Letter



**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

July 11, 2025

The Honorable Harmeet K. Dhillon
Assistant Attorney General
U.S. Department of Justice, Civil Rights Division
950 Pennsylvania Ave., NW
Washington, DC 20530
Harmeet.Dhillon@usdoj.gov

Dear Assistant Attorney General Dhillon,

    I am in receipt of your July 7, 2025, letter concerning Texas congressional districts and welcome a discussion both of the constitutionality of those districts, and how they can best serve Texans. I fully support Governor Abbott calling a special session for the Texas Legislature to conduct congressional redistricting to take advantage of recent changes to the legal and political landscape.

    As you know, I have stood shoulder to shoulder with President Trump in fighting for the constitutional rights of Texans, and of all Americans. My office filed 107 lawsuits against the unconstitutional policies of the Biden-Harris Administration, setting the constitutional framework for opposing the liberal agenda including DEI, open borders, anti-gun hysteria, and transgender procedures forced on children. I also filed the landmark *Texas v. Pennsylvania* lawsuit and have vigorously defended one of the most comprehensive election integrity bills anywhere in the country. Nothing is more important to me or the office I am proud to lead than upholding the Constitution and combatting the left-wing assault on American values.

    We agree that the time for race-based decisions in government is over. As Chief Justice Roberts wrote in *SFFA v. Harvard*, "Eliminating racial discrimination means eliminating all of it." 600 U.S. 181, 206 (2023). We also agree that Justice Kavanaugh has acknowledged temporal constraints on race-based decisions required under Section 2 of the Voting Rights Act. *Allen v. Milligan*, 599 U.S. 1, 45 (2023) (Kavanaugh, J., concurring).

    I am also keenly aware of the Fifth Circuit's decision in *Petteway v. Galveston County*, 111 F.4th 596 (5th Cir. 2024) (*en banc*). My office successfully briefed that case's implications for Texas

congressional districts earlier this year. *See* First Amended Motion for Partial Judgment, *LULAC v. Abbott*, No. 3:21-cv-00259 (W.D. Tex. Feb. 15, 2025), ECF 848; *see also* Defendants' Brief Addressing the Effect of *Petteway*, *id.,* ECF 815. Indeed, a coalition claim under the Voting Rights Act brought against Texas Congressional District 18 has been dismissed under *Petteway*. *See* Order Granting Motion to Dismiss, *id.,* ECF 972; *see also* Response to Order Requiring Additional Briefing, *id.,* ECF 917. Around the same time—which is to say, after the *Petteway* decision—your office dismissed all of its claims against Texas election districts. I agreed with your decision in that regard, and still do. I applaud your leadership and legal acumen in recognizing the futility of the claims brought against Texas under the Biden-Harris administration.

We also agree that, had the Texas legislature felt compelled under pre-*Petteway* strictures to create coalition districts, the basis for such decisions—as you say—"no longer exists." However, my office has just completed a four-week trial against various plaintiff groups concerning the constitutionality of Texas's congressional districts, as well as its State House and State Senate maps. The evidence at that trial was clear and unequivocal: **the Texas legislature did not pass race-based electoral districts for any of those three political maps**. Texas State Senator Joan Huffman, who chaired the Senate Redistricting Committee, testified under oath that she drew Texas districts blind to race, and sought to maximize Republican political advantage balanced against traditional redistricting criteria. *See*, *e.g.*, Tr. Jun. 7, 2025, PM Session at 33; Tr. Jun 9, 2025, AM Session at 54. Dr. Sean Trende, renowned redistricting expert, testified on behalf of Texas that its electoral maps correlate more closely with partisan advantage than any racial consideration. *See* Tr. Jun. 9, 2025, AM Session at 67–177, *id*.

Finally, we agree that there have been substantial changes in the law since Texas drew its congressional districts in 2021. In the four short years since then, the Supreme Court has issued *Milligan*, *SFFA*, and *Alexander v. South Carolina State Conference of the NAACP*, 602 U.S. 1 (2024). At the same time, voting patterns in the state have undergone tremendous change, including—as you are certainly aware—Texas's historic support for President Trump in the 2024 Presidential Election.

The Texas Legislature has led the Nation in rejecting race-based decision-making in its redistricting process—it has drawn its current maps in conformance with traditional, non-racial redistricting criteria to ensure Texas continues to adopt policies that will truly Make America Great Again. As permitted by federal law, the congressional maps in 2021 were drawn on a partisan basis. *See Rucho v. Common Cause*, 588 U.S. 684 (2019).

      For these reasons, I welcome continued dialogue about how Texas's electoral districts can best serve Texas voters without regard to outdated and unconstitutional racial considerations. My office stands ready to support President Trump, Governor Abbott, and the Texas Legislature in their redistricting goals and will defend any new maps passed from challenges by the radical Left.

                                                                           Respectfully,

                                                      Ken Paxton