UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS,** *et al.*, | § § § § | |
| *Plaintiffs*, | § § | |
| **ALEXANDER GREEN,** *et al.*, | § § | EP-21-CV-00259-DCG-JES-JVB [Lead Case] |
| *Plaintiff-Intervenors*, | § § | & |
| v. | § § | All Consolidated Cases |
| **GREG ABBOTT,** *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § § | |
| *Defendants*. | § | |

### ORDER DENYING MOTION TO REOPEN WITHOUT PREJUDICE

The Brooks, Gonzales, and MALC Plaintiffs ("Movants") move to reopen the trial record to question Texas Senator Joan Huffman, Chris Gober, and Adam Kincaid about whether they truthfully testified that they drew Texas's congressional map blind to race.[1] Movants further seek to reexamine those witnesses before the Texas Legislature's special session begins on Monday, July 21, 2025 (roughly a week from now).[2]

### I. DISCUSSION

The Court perceives no compelling reason to hale everyone back to El Paso for another round of witness examination *right now*, on an emergency basis, before the special session starts.

---

[1] *See* Mot., ECF No. 1114, at 1, 6.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, not the cited document's internal pagination.

[2] *See id.* at 2, 7–8; *see also* Proclamation, ECF No. 1114-1, at 2 ("I, Greg Abbott, Governor of the State of Texas . . . do hereby call a Special Session of the 89th Legislature . . . commencing at 12:00 p.m. on Monday, July 21, 2025 . . . .").

- 1 -

If the Legislature ends up passing new congressional maps in the upcoming special session,[3] then the question of whether the *2021* mapdrawers truthfully testified that they drew the congressional map blind to race could well become moot. Movants would then presumably shift their focus to the *newly-enacted* maps, and whether the *2025* mapdrawers allowed racial considerations to predominate over traditional, race-neutral redistricting principles.

If, by contrast, the Legislature *doesn't* pass redistricting legislation during the special session—which is entirely possible given the complexity of redistricting, the sheer number of items on the legislative agenda,[4] and the fact that the special session can't exceed 30 days[5]—then there would have been no compelling reason to reopen the trial before the special session began. We'd then be at the same place at the end of the session as we are now—waiting for the parties to file their Proposed Findings of Fact and Conclusions of Law on September 3, 2025.[6] If we found Movants' arguments for reopening the trial record persuasive at that time,[7] we could then suspend the September 3, 2025 deadline and schedule the witness reexamination for a date that wouldn't force two out-of-town Judges, three out-of-town witnesses, and a gaggle of attorneys to frantically hurry to El Paso on just a few days' notice.

There's also another reason not to hold a new round of witness questioning right now: The Supreme Court has ordered supplemental briefing and reargument in a pending redistricting

---

[3] *See* Proclamation at 2–3 (calling the special session to (among other things) "consider and act upon . . . [l]egislation that provides a revised congressional redistricting plan").

[4] *See generally id.*

[5] *See* TEX. CONST. art. III, § 40 ("[N]o [special legislative] session shall be of longer duration than thirty days.").

[6] *See* Order for Proposed FFs & CLs, ECF No. 1098, at 2.

[7] As discussed below, we take no position in this Order on whether those arguments have merit. *See infra* Section II.

case, but hasn't yet identified the additional issues it wants the parties to argue.[8] Until we know what those additional issues are, we won't know whether (or how) the Supreme Court's rulings on those issues could affect the relevance of the trial testimony that Movants want to revisit. That further supports waiting until after the special session to see where things stand.

## II.    CONCLUSION

The Court therefore **DENIES** "Plaintiffs' Emergency Motion to Reopen Record and Take Additional Testimony" (ECF No. 1114) **WITHOUT PREJUDICE** to Movants filing a renewed motion to reopen the record and take additional testimony after the special legislative session.

By denying the Motion without prejudice, the Court doesn't imply anything either way about whether it would be appropriate to reopen the trial after the special session. Defendants have raised weighty arguments against reopening the record *at all*, which this Court may have to consider at a later date.[9] Nor does the Court imply anything either way about whether the Governor's decision to add redistricting to the legislative agenda implies that Senator Huffman, Mr. Gober, or Mr. Kincaid gave untruthful testimony. All the Court decides right now is that it wouldn't be sensible to schedule an emergency round of witness reexamination *this week*.

All deadlines remain in effect, subject to further order.

---

[8] *See* Text Order, *Louisiana v. Callais*, No. 24-109 (June 27, 2025), ECF No. 55 ("These cases are restored to the calendar for reargument. In due course, the Court will issue an order scheduling argument and specifying any additional questions to be addressed in supplemental briefing."); Text Order, *Robinson v. Callais*, No. 24-110 (June 27, 2025), ECF No. 18 (same).

[9] *See generally* Resp., ECF No. 1116.

- 4 -

**So ORDERED and SIGNED this 13th day of July 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

*And on behalf of:*

| | | |
|---|---|---|
| **Jerry E. Smith**<br>**United States Circuit Judge**<br>**U.S. Court of Appeals, Fifth Circuit** | *-and-* | **Jeffrey V. Brown**<br>**United States District Judge**<br>**Southern District of Texas** |