**FILED**
July 14, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____MRC_____
DEPUTY

## United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

July 14, 2025

Mr. Philip Devlin
Western District of Texas, El Paso
United States District Court
525 Magoffin Avenue
Room 108
El Paso, TX 79901-0000

```
     No. 24-50128    LULAC v. Abbott
                     USDC No. 3:21-CV-259
                     USDC No. 3:21-CV-299
                     USDC No. 3:21-CV-259
```

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Renee S. McDonough, Deputy Clerk
504-310-7673

cc:
    Mr. Frank H Chang
    Mr. William Francis Cole
    Mr. Daniel Joshua Freeman
    Ms. Katherine Elmlinger Lamm
    Ms. Taylor A.R. Meehan
    Ms. Nina Perales
    Mr. Patrick Strawbridge



# United States Court of Appeals
## for the Fifth Circuit

**Certified as a true copy and issued as the mandate on Jul 14, 2025**

**Attest:**
*Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

United States Court of Appeals
Fifth Circuit
**FILED**
May 22, 2025
Lyle W. Cayce
Clerk

No. 24-50128
CONSOLIDATED WITH
No. 24-50449

_____

LEAGUE OF UNITED LATIN AMERICAN CITIZENS; SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT; MI FAMILIA VOTA; AMERICAN GI FORUM OF TEXAS; LA UNION DEL PUEBLO ENTERO; MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS; TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION; WILLIAM C. VELASQUEZ INSTITUTE; FIEL HOUSTON, INCORPORATED; TEXAS ASSOCIATION OF LATINO ADMINISTRATORS AND SUPERINTENDENTS; EMELDA MENENDEZ; GILBERTO MENENDEZ; JOSE OLIVARES; FLORINDA CHAVEZ; JOEY CARDENAS; PROYECTO AZTECA; REFORM IMMIGRATION FOR TEXAS ALLIANCE; WORKERS DEFENSE PROJECT; PAULITA SANCHEZ; JO ANN ACEVEDO; DAVID LOPEZ; DIANA MARTINEZ ALEXANDER; JEANDRA ORTIZ,

*Plaintiffs—Appellants*,

versus

GREG ABBOTT, *in his official capacity as Governor of the State of Texas*,

*Defendant—Appellee*,

AND

LIEUTENANT GOVERNOR DAN PATRICK; SPEAKER OF THE TEXAS HOUSE OF REPRESENTATIVES REP. DADE PHELAN; SEN. JOAN HUFFMAN; SEN. BRYAN HUGHES; SEN. PAUL BETTENCOURT; SEN. DONNA CAMPBELL; SEN. JANE NELSON;

No. 24-50128
c/w No. 24-50449

Sen. Brian Birdwell; Sen. Charles Perry; Sen. Robert Nichols; Sen. Kelly Hancock; Rep. Todd Hunter; Rep. Brooks Landgraf; Rep. J.M. Lozano; Rep. Jacey Jetton; Rep. Ryan Guillen; Rep. Mike Schofield; Rep. Andrew Murr; Rep. Dan Huberty; Rep. Hugh Shine; Rep. Brad Buckley; Sharon Carter; Anna Mackin; Sean Opperman; Chris Gober; Colleen Garcia; Adam Foltz,

*Third-party Respondent- Appellees*,

---

United States of America,

*Plaintiff—Appellee*,

*versus*

State of Texas; Jane Nelson, *in her Official Capacity as Texas Secretary of State*,

*Defendants*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CV-259
USDC No. 3:21-CV-299

---

Before Dennis, Haynes, and Engelhardt, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

2

No. 24-50128
c/w No. 24-50449

IT IS ORDERED and ADJUDGED that the appeal is DISMISSED.

IT IS FURTHER ORDERED that each party bear its own costs on appeal.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
May 22, 2025
Lyle W. Cayce
Clerk

No. 24-50128
CONSOLIDATED WITH
No. 24-50449

---

LEAGUE OF UNITED LATIN AMERICAN CITIZENS; SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT; MI FAMILIA VOTA; AMERICAN GI FORUM OF TEXAS; LA UNION DEL PUEBLO ENTERO; MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS; TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION; WILLIAM C. VELASQUEZ INSTITUTE; FIEL HOUSTON, INCORPORATED; TEXAS ASSOCIATION OF LATINO ADMINISTRATORS AND SUPERINTENDENTS; EMELDA MENENDEZ; GILBERTO MENENDEZ; JOSE OLIVARES; FLORINDA CHAVEZ; JOEY CARDENAS; PROYECTO AZTECA; REFORM IMMIGRATION FOR TEXAS ALLIANCE; WORKERS DEFENSE PROJECT; PAULITA SANCHEZ; JO ANN ACEVEDO; DAVID LOPEZ; DIANA MARTINEZ ALEXANDER; JEANDRA ORTIZ,

*Plaintiffs—Appellants*,

versus

GREG ABBOTT, *in his official capacity as Governor of the State of Texas*,

*Defendant—Appellee*,

AND

LIEUTENANT GOVERNOR DAN PATRICK; SPEAKER OF THE TEXAS HOUSE OF REPRESENTATIVES REP. DADE PHELAN; SEN. JOAN HUFFMAN; SEN. BRYAN HUGHES; SEN. PAUL BETTENCOURT; SEN. DONNA CAMPBELL; SEN. JANE NELSON; SEN. BRIAN BIRDWELL; SEN. CHARLES PERRY; SEN. ROBERT

Nichols; Sen. Kelly Hancock; Rep. Todd Hunter; Rep. Brooks Landgraf; Rep. J.M. Lozano; Rep. Jacey Jetton; Rep. Ryan Guillen; Rep. Mike Schofield; Rep. Andrew Murr; Rep. Dan Huberty; Rep. Hugh Shine; Rep. Brad Buckley; Sharon Carter; Anna Mackin; Sean Opperman; Chris Gober; Colleen Garcia; Adam Foltz,

*Third-party Respondent- Appellees*,

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

State of Texas; Jane Nelson, *in her Official Capacity as Texas Secretary of State*,

*Defendants*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 3:21-CV-259, 3:21-CV-299,

_____

Before Dennis, Haynes, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

  In this redistricting dispute, Plaintiffs moved to compel discovery from non-party legislators and the State of Texas, among others. The district court largely denied Plaintiffs' motions based on legislative privilege, so

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

2

24-50128
c/w No. 24-50449

Plaintiffs appealed. But the orders are not immediately appealable, so we must DISMISS for lack of jurisdiction.

We generally have jurisdiction to review only final decisions that end the litigation on the merits. 28 U.S.C. § 1291; *X Corp. v. Media Matters for Am.*, 120 F.4th 190, 195 (5th Cir. 2024). The "collateral order doctrine" provides a narrow exception to review interlocutory decisions that are (1) conclusive, (2) resolve important questions separate from the merits, and (3) are effectively unreviewable on appeal from the final judgment. *Whole Woman's Health v. Smith*, 896 F.3d 362, 367 (5th Cir. 2018) (citing *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009)). Because Defendants concede the first two prongs, we address only the third.

Discovery orders "are traditionally unappealable" under the collateral order doctrine. *Mississippi v. JXN Water*, 134 F.4th 312, 318 (5th Cir. 2025). We have departed from this proposition where non-parties are compelled to produce potentially privileged documents because "non-parties . . . cannot move for a new trial," and "even if they could, a new trial cannot retract privileged information that has been shared into the public domain." *La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228, 234 (5th Cir. 2023); *see La Union del Pueblo Entero v. Abbott*, 93 F.4th 310, 319 (5th Cir. 2024); *Whole Woman's Health v. Smith*, 896 F.3d 362, 367–68 (5th Cir. 2018).

The discovery orders at issue here do not fall within that unique set of circumstances or implicate similar concerns. The district court *denied* Plaintiff parties' request for discovery, keeping whatever legislative privilege may exist intact. Plaintiffs can appeal that denial when the litigation concludes without suffering harm other than the customary delay that attends all litigation. *See P.H. Glatfelter Co. v. Windward Prospects Ltd.*, 847 F.3d 452, 459 (7th Cir. 2017) ("[P]lenary appeal from a final judgment is precisely why discovery orders" denying motions to compel "are

3

24-50128
c/w No. 24-50449

interlocutory and not immediately appealable"). Plaintiffs undoubtedly prefer review now. But we cannot manufacture jurisdiction merely because an adverse ruling "may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment." *Mohawk Indus.*, 558 U.S. at 107. The district court's orders denying discovery are not appealable at this juncture. The appeal is DISMISSED.