UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § | |
| *Plaintiffs* | § § | EP-21-cv-00259-DCG-JES-JVB [Lead Case] |
| v. | § § | & |
| GREG ABBOTT, *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § | All Consolidated Cases |
| *Defendants.* | § § § § | |

**ORDER SUSPENDING DEADLINE**
**FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court previously ordered the parties to file proposed findings of fact and conclusions of law by September 3, 2025. **ECF 1098**. Several consequential developments have occurred since the Court issued that order. The viability of several claims in this case may now depend on whether the Texas Legislature enacts redistricting legislation in its current Called Session or a subsequent legislative session, the Supreme Court's pending decisions in *Louisiana v. Callais*, No. 24-109, and *Robinson v. Callais*, No. 24-110,[1] and whether the plaintiffs seek (and the Supreme Court ultimately grants) *certiorari* in *Turtle Mountain Band of Chippewa Indians v.*

---

[1] The Supreme Court directed the *Callais* parties to brief "[w]hether the State's intentional creation of a second majority-minority congressional district violates the Fourteenth or Fifteenth Amendments to the U. S. Constitution." *See* Text Order, *Louisiana v. Callais*, No. 24-109 (Aug. 1, 2025).

*Howe*.[2] The Court thus deems it prudent to suspend the September 3, 2025 deadline until the law in this area becomes more settled.

The Court therefore **SUSPENDS** the September 3 deadline pending resolution of those matters. The Court may issue a new deadline at any time, depending on future developments.

**So ORDERED and SIGNED on August 11, 2025.**

_____
**JERRY E. SMITH**
**U.S. CIRCUIT JUDGE**

*And on behalf of:*

| **David C. Guaderrama** | | **Jeffrey V. Brown** |
| **Senior United States District Judge** | -and- | **United States District Judge** |
| **Western District of Texas** | | **Southern District of Texas** |

---

[2] *See Turtle Mountain Band of Chippewa Indians v. Howe*, 137 F.4th 710, 713 (8th Cir. 2025) (holding that "private plaintiffs [cannot] maintain a private right of action for alleged violations of § 2 [of the Voting Rights Act] through 42 U.S.C. § 1983"); Emergency Application to Stay the Eighth Circuit's Mandate Pending Petition for Writ of Certiorari at 2–3, *Turtle Mountain Band of Chippewa Indians v. Howe*, No. 25A62 (July 15, 2025) (arguing that the Eighth Circuit's decision "starkly split[s] from those of the Fifth, Sixth, and Eleventh Circuits" and "make[s] the Eighth Circuit the only Circuit in which private plaintiffs cannot enforce Section 2"); Text Order, *Turtle Mountain Band of Chippewa Indians v. Howe*, No. 25A62 (July 24, 2025) (staying the issuance of the Eighth Circuit's mandate "pending the filing and disposition for a writ of certiorari"); Sup. Ct. R. 13 (indicating that the parties' 90-day deadline "to file [a] petition for a writ of certiorari" in *Turtle Mountain Band* "runs from the date of the [Eighth Circuit's] denial of rehearing"—*i.e.*, from July 3, 2025).