# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| LULAC, *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of Texas, *et al.*,<br><br>   *Defendants*. | Case No. 3:21-CV-00259-DCG-JES-JVB<br>[Lead Case] |

## MOTION TO SCHEDULE PRELIMINARY INJUNCTION HEARING AND TO VACATE AUGUST 11, 2025 ORDER SUSPENDING DEADLINE AS TO STATE LEGISLATIVE MAP CHALLENGES

The Brooks Plaintiffs, LULAC Plaintiffs, and Gonzales Plaintiffs respectfully request that the Court set aside dates for an expedited September hearing to adjudicate forthcoming motions for preliminary injunctions raising claims against the soon-to-be-enacted 2025 congressional redistricting plan. Moreover, Plaintiffs respectfully request that the Court vacate, as to the state legislative challenges, its August 11, 2025, order suspending the deadline for submitting proposed findings of fact and conclusions of law.

Plaintiffs conferred with State Defendants, who report that they are not opposed to a preliminary injunction hearing generally, believe a hearing in "early" September is "too soon, especially if [they] are briefing FOFCOL concurrent with hearing prep," and oppose the lifting of the suspension on the briefing deadline.

1

## ARGUMENT

I.    **Plaintiffs request that the Court schedule an expedited September preliminary injunction hearing.**

Plaintiffs respectfully request that the Court schedule an expedited September preliminary injunction hearing on Texas's soon-to-be-enacted congressional map. The map is egregiously unconstitutional, and its implementation must be immediately enjoined. Plaintiffs intend to expeditiously supplement their complaints and move for a preliminary injunction on account of the new map's blatant constitutional violations.[1] Plaintiffs will request expedited consideration of that motion to ensure relief is available for the 2026 election (including time for emergency Supreme Court review as needed).[2]

Separate from the forthcoming motions for preliminary injunction regarding the new map's blatant constitutional violations, Plaintiffs note that their Section 2 claims regarding Texas's failure to create a second Latino opportunity district in Harris County and one in the Dallas Fort Worth area—claims that have been fully tried—are not mooted by the enactment of the new map. This is so because Texas has not even purported to cease the challenged conduct. *See Friends of the Earth, Inc. v. Laidlaw Envt'l Servs., Inc.*, 528 U.S. 167, 189 (2000) (explaining that "the standard . . . for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." (cleaned up)). The new map does not create

---

[1] State Defendants have indicated that do not oppose supplementation or amendment to address a new congressional map, should one pass during this special session. Likewise, State Defendants would not oppose additional parties in support of claims against the new congressional map.

[2] The motions will raise claims that are unaffected by any of the rationales this Court has cited for suspending the deadline for submitting proposed findings for the four-week trial that recently concluded.

the districts that Plaintiffs have proved at trial are required by law, and thus those fully-tried claims remain pending and are unaffected by the passage of a new map.

The existing trial record is important in any event to Plaintiffs' forthcoming preliminary injunction motions. As one example, the State's trial witnesses' testimony regarding the race-blind manner in which the 2021 map was drawn is highly relevant to the unconstitutionality of the State's subsequent targeting of certain of those race-neutral districts on account of their happenstance racial composition.

## II.    The Court should vacate its August 11, 2025 order and expeditiously issue separate final judgment on Plaintiffs' state legislative map claims.

The Court cited two "consequential developments" as the basis for its suspension of the September 3, 2025 deadline for post-trial submissions: the fact that the Texas Legislature is poised to "enact[] redistricting legislation in its current Called Session or a subsequent legislative session" and "the Supreme Court's pending decisions" in several VRA cases. ECF No. 1126 at 1. Respectfully, neither warrants delaying resolution of Plaintiffs' claims as to state legislative districts.

As an initial matter, the Court's August 11 order cites no reason—and there is none—to postpone deciding Plaintiffs' constitutional claims against the Texas House of Representatives and Senate maps. Those claims are unaffected by either the pending Supreme Court cases or the adoption of a new congressional map. It is highly prejudicial to Plaintiffs, whose claims have been pending for close to four years and through two election cycles, for the Court to allow another election cycle to pass without those claims being adjudicated because of unrelated developments.

Second, the potential for future developments in the case law provides no basis for refusing to decide *any* of Plaintiffs' time-sensitive claims under the law *as it exists today*. The Court cited two pending cases that are (or are likely to be) before the Supreme Court in its October 2025 Term

as reason to avoid deciding this case "until the law in this area becomes more settled." ECF No. 1126 at 2. The *Callais* case will be reargued on the topic of whether *Louisiana's* intentional use of race in drawing a particular *Louisiana* congressional district complies with the Fourteenth and Fifteenth Amendments. The circumstances of that case and Louisiana CD 6 are far different than what is at issue in this case. And the challenged district in *Callais*—drawn in response to court decisions granting and affirming preliminary injunctions under Section 2—remains in place because the Supreme Court *stayed* the three-judge district court's finding of a Fourteenth Amendment racial gerrymandering violation. Likewise, in *Turtle Mountain*, the Supreme Court has *stayed* the Eighth Circuit's decision holding that Section 2 is not privately enforceable. The status quo in both cases, therefore, is that Section 2 relief remains in place for the 2026 election.

By staying the aberrant district court and circuit court decisions in *Callais* and *Turtle Mountain*, the Supreme Court has done exactly what this Court should do—apply the law as it exists today to the claims before it. If the Supreme Court believes that the law in this area is about to change, *it* can say so in any appeal from this Court's judgment. But this Court should not decline to decide Plaintiffs' claims merely because cases about the VRA are pending in the Supreme Court. Indeed, VRA cases are consistently pending before the Supreme Court and if this Court stayed VRA litigation in every such circumstance, it would never decide a VRA case. This rationale would result in permanent indecision.

Fifth Circuit precedent only confirms that the Court must proceed to adjudicate Plaintiffs' VRA claims. This Court has previously ruled that it is bound to follow Fifth Circuit precedent. *League of United Latin Am. Citizens v. Abbott*, 604 F. Supp. 3d 463, 492-93 (W.D. Tex. 2022). In the VRA litigation regarding the same Louisiana district at issue in *Callais*, the Fifth Circuit affirmed the district court's finding of a likely Section 2 violation. *See Robinson v. Ardoin*, 86

F.4th 574 (5th Cir. 2023). And just days ago—after this Court issued its order suspending the deadline to submit findings of fact and conclusions of law—the Fifth Circuit held that Section 2 is constitutional and is privately enforceable, dispensing with the arguments raised in both *Callais* and *Turtle Mountain*. *See Nairne v. Landry*, No. 24-30115, slip op. at 52 (Aug. 14, 2025) ("[T]he State's challenge to the constitutionality of § 2 is foreclosed by decades of binding precedent affirming Congress's broad enforcement authority under the Fifteenth Amendment."); *id.* at 52 n.26 (applying Fifth Circuit's rule of orderliness to follow prior precedent finding that Section 2 is privately enforceable). The Fifth Circuit did not decline to decide *Nairne* because *Callais* and *Turtle Mountain* will be considered in the coming Supreme Court Term. This Court's obligation is to follow the Fifth Circuit's precedent—including its approach in *Nairne*—and decide this case in time to afford any necessary relief prior to the 2026 election.[3]

There is no justification whatsoever to withhold judgment on Plaintiffs' constitutional challenges to the state legislative map. And the rationale for doing so with respect to Plaintiffs' Section 2 challenges to those maps is unpersuasive. The Court should vacate its order suspending the deadline for proposed findings of fact and conclusions of law as to these claims and proceed expeditiously to issue final judgment on them so that relief can be in place for the 2026 election. In doing so, the Court should expressly find pursuant to Rule 54(b) that there is "no just reason for delay" in issuing a separate final judgment as to Plaintiffs' state legislative map. Fed. R. Civ. P. 54(b). The fact that the Legislature—just as trial closed and after Senator Huffman testified that a new congressional map would *not* be taken up—reversed course and took up passage of a new

---

[3] A subsequent order has indicated that a Fifth Circuit judge—without identifying who—has requested that the mandate in *Nairne* be withheld.

congressional map should not be allowed to prejudice Plaintiffs' right to obtain final judgment on their state legislative claims.

That would leave final adjudication of Plaintiffs' claims and supplemental claims against the new congressional map. Regardless of whether Plaintiffs' supplemental complaints against the new congressional map raise VRA or constitutional claims, Plaintiffs will be entitled to prompt final adjudication and resolution of those claims. Plaintiffs' lawsuits have been pending for close to four years, during which time two elections cycles have come and gone. The Texas Legislature's and Governor's insistence on doubling down on their discriminatory redistricting efforts—particularly after a weeks-long, resource-intensive trial on the previous map—warrants swift action to ensure that this gamesmanship is not rewarded.

But the ultimate need for further proceedings to obtain final judgment on Plaintiffs' claims and supplemental claims against the new congressional map cannot be allowed to stand in the way of (1) preliminary injunctive relief as to the egregious constitutional violations in that map and (2) final judgment on Plaintiffs' fully tried state legislative claims.

## CONCLUSION

For the foregoing reasons, the Court should (1) set aside dates for an expedited September preliminary injunction hearing on Plaintiffs' forthcoming motions for preliminary injunction against the new congressional map on account of its constitutional infirmity and (2) vacate its August 11 order suspending the deadline to submit proposed factual findings and legal conclusions regarding Plaintiffs' state legislative claims and proceed to expeditiously enter final judgment on those claims, expressly noting in such judgment that there is "no just reason for delay" in issuing final judgment on those claims separate from the congressional claims in light of the duration that the claims have been pending and the recent enactment of a new congressional map.

August 18, 2025

Respectfully submitted,

*/s/ Nina Perales*
Nina Perales
Texas Bar No. 24005046
Julia Longoria
Sabrina Rodriguez
Mexican American Legal Defense and
Educational Fund (MALDEF)
110 Broadway, Suite 300
San Antonio, TX 78205
(210) 224-5476
FAX (210) 224-5382
nperales@maldef.org
jlongoria@maldef.org
srodriguez@maldef.org

Ernest I. Herrera
Mexican American Legal Defense and
Educational Fund (MALDEF)
634 S. Spring Street, 9th Floor
Los Angeles, CA 90014
(210) 629-2512
eherrera@maldef.org

Khrystan N. Policarpio*
Mexican American Legal Defense and
Educational Fund (MALDEF)
1512 14th Street
Sacramento, CA 95814
(916) 444-3031
kpolicarpio@maldef.org

*Admitted *pro hac vice*

*Counsel for LULAC Plaintiffs*

*/s/ Chad W. Dunn*
Chad W. Dunn (Tex. Bar No. 24036507)
Brazil & Dunn
4407 Bee Caves Road
Building 1, Ste. 111
Austin, TX 78746
(512) 717-9822
chad@brazilanddunn.com

*/s/ Mark P. Gaber*
Mark P. Gaber*
Mark P. Gaber PLLC
P.O. Box 34481
Washington, DC 20043
(715) 482-4066
mark@markgaber.com

Jesse Gaines* (Tex. Bar. No. 07570800)
P.O. Box 50093
Fort Worth, TX 76105
817-714-9988
gainesjesse@ymail.com

Molly E. Danahy*
P.O. Box 51
Helena, MT 59624
(406) 616-3058
danahy.molly@gmail.com

Sonni Waknin*
10300 Venice Blvd. # 204
Culver City, CA 90232
732-610-1283
sonniwaknin@gmail.com

*Admitted *pro hac vice*

*Counsel for Brooks Plaintiffs*

*/s/ David R. Fox*
David R. Fox
Richard A. Medina
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
dfox@elias.law
rmedina@elias.law

Abha Khanna*
**ELIAS LAW GROUP LLP**
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177
akhanna@elias.law

Renea Hicks
Attorney at Law
Texas Bar No. 09580400
Law Office of Max Renea Hicks
P.O. Box 303187
Austin, Texas 78703-0504
(512) 480-8231
rhicks@renea-hicks.com

*Admitted pro hac vice

*Counsel for Gonzales Plaintiffs*

**CERTIFICATE OF SERVICE**

The foregoing was served on all counsel of record via the Court's CM/ECF system on August 18, 2025.

*/s/ Mark P. Gaber*