# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GREG ABBOTT, et al.,<br><br>Defendants. | Civil Action<br><br>Lead Case No.:<br>   3:21-CV-00259-DCG-JES-JVB |
| CECILIA GONZALES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JANE NELSON, et al.,<br><br>Defendants. | Consolidated Case No.:<br>   1:21-CV-00965-DCG-JES-JVB |

## GONZALES PLAINTIFFS' UNOPPOSED MOTION
## FOR LEAVE TO FILE A SECOND SUPPLEMENTAL COMPLAINT

Plaintiffs Cecilia Gonzales, Agustin Loredo, Jana Lynne Sanchez, Jerry Shafer, Debbie Lynn Solis, Charles Johnson Jr., Vincent Sanders, Rogelio Nuñez, Marci Madla, Mercedes Salinas, Heidi Cruz, Sylvia Bruni, and Gwendolyn Collins (the "Gonzales Plaintiffs"), by and through their undersigned counsel, respectfully move this Court for leave to file a Second Supplemental Complaint, pursuant to Fed. R. Civ. P. 15(d). The proposed Second Supplemental Complaint is attached as **Exhibit A**. Defendants do not oppose this Motion.

The Gonzales Plaintiffs seek to file the Second Supplemental Complaint to address the new congressional districts recently enacted by the Texas Legislature as House Bill 4, by stating

constitutional and statutory challenges to the new districts and joining additional plaintiffs affected by the new districts. The Second Supplemental Complaint comprehensively addresses the new congressional districts. The Gonzales Plaintiffs seek to file it as a supplemental complaint, however, to preserve their prior pleadings challenging the prior set of congressional districts, so that they can be revived in the event that—as the Gonzales Plaintiffs ask—House Bill 4 is held unlawful.

## BACKGROUND

In October 2021, Governor Abbott signed Senate Bill 6 ("SB 6"), establishing new congressional districts for Texas after the 2021 census. That same day, the Gonzales Plaintiffs sued to challenge Senate Bill 6. Three-and-a-half years later, the Court held a bench trial in May and June 2025 in a consolidated case that included the Gonzales Plaintiffs' claims among others.

Before the Court could rule on those legal challenges to the prior congressional districts, however, Governor Abbott convened a special session of the Texas legislature in July 2025 to draw new congressional districts, and on August 23, 2025, the legislature passed House Bill 4, which adopts new districts. Governor Abbott has promised to sign the bill. As the proposed Second Supplemental Complaint explains, those new districts are even worse for minority voters in Texas than the prior districts, and even more obviously unlawful.

The proposed Second Supplemental Complaint contains only challenges to the new districts in House Bill 4. It includes an intentional vote dilution claim alleging that the House Bill 4 was intentionally enacted to discriminate against non-Anglo Texans by destroying districts in which they make up a majority of voters; a racial gerrymandering claim alleging that racial considerations predominated in drawing the district lines enacted by the 2025 Texas congressional plan; a revised effects claim under Section 2 of the Voting Rights Act for failure to draw additional minority opportunity districts; and an Equal Protection Clause claim based on malapportionment

and the unnecessary use of racial data and any pursuit of partisan advantage as part of a voluntary mid-decade revision to existing legislatively enacted districts.

The Gonzales Plaintiffs also seek to add additional Texas voter plaintiffs Charles Johnson Jr., Vincent Sanders, Rogelio Nuñez, Marci Madla, Mercedes Salinas, Heidi Cruz, Sylvia Bruni, and Gwendolyn Collins as plaintiffs. Each of these plaintiffs resides in a part of the state that is affected by House Bill 4.

## ARGUMENT

Federal Rule of Civil Procedure 15(d) allows the Court to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "The purpose of Rule 15(d) 'is to promote as complete an adjudication of the dispute between the parties as is possible.'" *Enniss Family Realty I, LLC v. Schneider Nat. Carriers, Inc.*, 916 F. Supp. 2d 702, 717 (S.D. Miss. 2013) (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1504 (3d ed.)). In addition to "the obvious and reasonable requirement that the supplementation have 'some relation' to what is sought to be supplemented," courts in this Circuit consider the "totality of circumstances" when deciding whether to allow supplementation. *Jackson Women's Health Org. v. Dobbs*, 379 F. Supp. 3d 549, 551 (S.D. Miss. 2019) (internal quotation marks omitted). The "totality of the circumstances" analysis under Rule 15(d) is similar to the analysis of a motion to amend under Rule 15(a). Courts consider factors such as "(1) undue delay, (2) bad faith or dilatory motive by the movant, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, or (5) futility of amendment." *Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir. 1982), *rev'd on other grounds*, 460 U.S. 1007 (1983); *see also Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983) ("[T]he discretion exercised in deciding whether to grant leave to amend is similar to that for leave to file a supplemental pleading.").

None of these conditions are present here. There is no undue delay or bad motive behind the Gonzales Plaintiffs' request to supplement; Plaintiffs file this motion the same day the legislature passed Texas's new congressional plan into law. And Defendants will not be unfairly prejudiced—the Gonzales Plaintiffs are entitled to bring legal challenges to the new congressional districts, and doing so via a supplemental pleading in this case will serve the interests of justice and judicial economy. Under the analogous amendment rule, "[t]he touchstone of the inquiry . . . is whether the proposed amendment would unfairly prejudice the defense by denying the defendants notice of the nature of the complaint." *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997) (emphasis added) (citation omitted). There is no lack of notice here, and Defendants do not oppose this motion.

The Gonzales Plaintiffs accordingly request that the Court grant their unopposed motion for leave to file the attached Second Supplemental Complaint.

| | |
|---|---|
| Dated: August 23, 2025 | Respectfully submitted, |
| Renea Hicks<br>Attorney at Law<br>Texas Bar No. 09580400<br>Law Office of Max Renea Hicks<br>P.O. Box 303187<br>Austin, Texas 78703-0504<br>(512) 480-8231<br>rhicks@renea-hicks.com | */s/ David R. Fox*<br>David R. Fox<br>Richard A. Medina<br>James J. Pinchak<br>**ELIAS LAW GROUP LLP**<br>250 Massachusetts Ave. NW, Suite 400<br>Washington, D.C. 20001<br>Telephone: (202) 968-4490<br>dfox@elias.law<br>rmedina@elias.law<br>jpinchak@elias.law<br><br>Abha Khanna<br>**ELIAS LAW GROUP LLP**<br>1700 Seventh Ave, Suite 2100<br>Seattle, WA 98101<br>Telephone: (206) 656-0177<br>akhanna@elias.law<br><br>*Counsel for Plaintiffs* |

## CERTIFICATE OF CONFERENCE

Counsel for the Plaintiffs conferred with counsel for the Defendants in a good-faith attempt to resolve the subject matter of this Motion, and counsel for the Defendants indicated that they do not oppose the Motion.

*/s/ David R. Fox*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on August 23, 2025, and that all counsel of record were served by CM/ECF.

/s/ David R. Fox