UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.* <br><br> *Plaintiffs,* <br> V. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § | Case No. 3:21-cv-00259 <br> [Lead Case] |
| TEXAS STATE CONFERENCE OF THE NAACP, <br><br> *Plaintiff,* <br> V. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants.* | § § § § § § § § § § § | Case No. 1:21-cv-01006 <br> [Consolidated Case] |

**PLAINTIFF TEXAS NAACP'S UNOPPOSED MOTION FOR LEAVE TO FILE A FIRST SUPPLEMENT TO THIRD AMENDED COMPLAINT**

Plaintiff Texas NAACP, by and through undersigned counsel, respectfully move this Court for leave to file a First Supplement to Third Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(d). The proposed First Supplement to Third Amended Complaint is attached hereto as Exhibit A. Defendants do not oppose this motion.

Plaintiff Texas NAACP seeks to file the First Supplement to Third Amended Complaint to add claims and allegations relating to the new congressional districts recently enacted by the Texas Legislature as House Bill 4 ("HB 4") on August 23, 2025. The First Supplement to Third Amended Complaint also identifies additional members of Texas NAACP affected by HB 4.

## ARGUMENT

As the Court is well-aware, various plaintiffs, including Plaintiff Texas NAACP, filed suit in 2021 to challenge the legality of the state senate, state house, and United States Congressional maps that were enacted into law following the 2021 census. Those claims proceeded to trial in May 2025. Several weeks after the conclusion of that trial, on August 23, 2025, the Texas legislature enacted HB 4, which adopts a new United States Congressional map. As set forth in the First Supplement to Third Amended Complaint, HB 4, like its predecessor, was enacted with a discriminatory purpose and results in even further discriminatory effect on Black and other voters of color in Texas.

Pursuant to Federal Rule of Civil Procedure 15(d), the Court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The supplementation must have "some relation" to the original complaint and will be approved if the totality of circumstances warrants it. *Jackson Women's Health Org. v. Dobbs*, 379 F. Supp. 3d 549, 551 (S.D. Miss. 2019). The "totality of circumstances" includes factors such as "(1) undue delay, (2) bad faith or dilatory

motive by the movant, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, [and] (5) futility of amendment." *Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir. 1982), *rev'd on other grounds*, 460 U.S. 1007 (1983); *see also Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983) ("[T]he discretion exercised in deciding whether to grant leave to amend is similar to that for leave to file a supplemental pleading.").

None of these factors is present here. Plaintiff Texas NAACP's supplemental pleading comes within days of the passage of HB 4 and does not unfairly prejudice Defendants.[1] Indeed, as stated, Defendants do not oppose this motion.

## CONCLUSION

For the foregoing reasons, Plaintiff Texas NAACP respectfully requests that the Court grant this motion for leave to file the attached First Supplement to Third Amended Complaint.

Dated: August 26, 2025

---

[1] Pursuant to the Court's July 18, 2022, Memorandum Opinion and Order [ECF 439], upon the granting of this Motion for Leave, Plaintiff Texas NAACP intends to move to file under seal the identifying information for additional members pseudonymously identified in the First Supplement Complaint attached as Exhibit A. In order to avoid any prejudice to Defendants that may result from a delay in the entering of an Order granting Plaintiff Texas NAACP's Motion for Leave (and therefore, a delay in the filing of Plaintiff Texas NAACP's motion to file under seal), contemporaneous with this filing, Plaintiff Texas NAACP is providing via email the additional member information that will be the subject of its forthcoming motion to file under seal. Plaintiff Texas NAACP is providing that confidential information to Defendants subject to their agreement that it will not be disclosed until the Court rules on the forthcoming motion to seal.

Respectfully submitted,

/s/ Lindsey B. Cohan
Lindsey B. Cohan
Texas Bar No. 24083903
DECHERT LLP
515 Congress Avenue, Suite 1400
Austin, TX 78701
(512) 394-3000
lindsey.cohan@dechert.com

Robert N. Weiner (pro hac vice pending)
David Rollins-Boyd*
Jennifer Nwachukwu
Jeremy Lewis*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
robert.weiner@lawyerscommittee.org
drollins-boyd@lawyerscommittee.org
jnwachukwu@lawyerscommittee.org
jlewis@lawyerscommittee.org

Neil Steiner*
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
neil.steiner@dechert.com

Robert Notzon
Texas Bar No. 00797934
THE LAW OFFICE OF ROBERT NOTZON
1502 West Avenue
Austin, Texas 78701
(512) 474-7563
robert@notzonlaw.com

Gary Bledsoe
Texas Bar No. 02476500
THE BLEDSOE LAW FIRM PLLC
6633 Highway 290 East #208
Austin, Texas 78723-1157
(512) 322-9992

3

*gbledsoe@thebledsoelawfirm.com*
*Attorney only as to Texas NAACP's claims related to Texas state senate and state house plans*

Anthony P. Ashton*
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-577
*aashton@naacpnet.org*

Janette M. Louard
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
(410) 580-577
*jlouard@naacpnet.org*
*Attorneys appearing of counsel*

*Admitted pro hac vice.*

*ATTORNEYS FOR THE TEXAS STATE CONFERENCE OF NAACP*

**CERTIFICATE OF CONFERENCE**

On August 23, 2025, undersigned counsel for Plaintiff Texas NAACP met and conferred with counsel for Defendants. Counsel for Defendants represented that they do not oppose this motion.

*/s/ Lindsey B. Cohan*
Lindsey B. Cohan
*Counsel for Plaintiff Texas NAACP*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on counsel of record via the Court's ECF system on August 26, 2025.

*/s/ Lindsey B. Cohan*
Lindsey B. Cohan
*Counsel for Plaintiff Texas NAACP*