UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS,** *et al.*, | § § § § | |
| *Plaintiffs*, | § § | |
| **ALEXANDER GREEN,** *et al.*, | § § § | EP-21-CV-00259-DCG-JES-JVB [Lead Case] |
| *Plaintiff-Intervenors*, | § § | & |
| v. | § § | All Consolidated Cases |
| **GREG ABBOTT,** *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § § | |
| *Defendants*. | § | |

### ORDER REQUIRING MOVANTS TO FILE CHART OF CLAIMS TO BE LITIGATED AT PRELIMINARY INJUNCTION HEARING

Before the trial that the Court previously held in this case, the Court ordered Plaintiffs to "jointly file a chart summarizing which Plaintiff Groups [were] challenging which districts, and on which legal bases."[1] The Court found that chart very useful, as it helped the Judges follow which trial evidence corresponded with which Plaintiff Group's claims.[2]

The Court's initial review of the Plaintiffs' Preliminary Injunction Motions suggests that it would be valuable to have a similar chart for the upcoming Preliminary Injunction Hearing.

---

[1] Pretrial Scheduling Order, ECF No. 880, at 5 (emphases omitted).

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[2] *See generally* Pls.' Notice of Joint Filing of Chart of Claims, ECF No. 982.

Not only do the various Plaintiff Groups focus their challenges on different districts,[3] they also base their challenges on different legal theories.[4]

Thus, by **September 24, 2025**, Plaintiffs **SHALL JOINTLY FILE** a chart summarizing which Plaintiff groups will be challenging which districts at the upcoming Preliminary Injunction Hearing, and on which legal theories (*i.e.*, intentional vote dilution under the U.S. Constitution, effects-based vote dilution under Section 2 of the Voting Rights Act, racial gerrymandering under the U.S. Constitution, malapportionment under the Equal Protection Clause, etc.).

**So ORDERED and SIGNED this 16th day of September 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

*And on behalf of:*

| **Jerry E. Smith** | | **Jeffrey V. Brown** |
| **United States Circuit Judge** | *-and-* | **United States District Judge** |
| **U.S. Court of Appeals, Fifth Circuit** | | **Southern District of Texas** |

---

[3] *Compare, e.g.*, Texas NAACP's Prelim. Inj. Mot., ECF No. 1142, at 17 ("Plaintiff Texas NAACP challenges the following districts: *CD 32 and CD 33* (Dallas and Tarrant Counties); *CD9* (Harris and Fort Bend counties); and *CD 35* (Austin-San Antonio Area)." (emphases added)), *with, e.g.*, Brooks, LULAC, & MALC Pls.' Joint Prelim. Inj. Mot., ECF No. 1150, at 40–44 (also raising challenges to various districts not listed in the preceding parenthetical, including CD18, CD27, and CD30).

[4] *Compare, e.g.*, Reply Supporting Mot. Schedule Prelim. Inj. Hr'g, ECF No. 1130, at 2 (indicating that neither the LULAC Plaintiffs, nor the Brooks Plaintiffs, nor the Gonzales Plaintiffs, nor MALC "seek a preliminary injunction on Section 2 grounds"), *with* Intervenors' Prelim. Inj. Mot., ECF No. 1143, at 9–11 (claiming that "Plan C2333 violates Section 2" under the *Gingles* standard).