IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, *et al.*, <br><br> *Defendants*. | Civil Action No. 3:21-cv-00259-DCG-JES-JVB <br> [Lead Case] <br><br> & <br><br> All Consolidated Cases |

**NON-PARTIES' UNOPPOSED
MOTION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE**

Non-Parties Asian Texans for Justice, OCA-Greater Houston, Emgage, the South Asian American Justice Collaborative, CAIR Action Texas, and Fair Maps Texas Action Committee (collectively, "*Amici*") respectfully request this Court's leave to file the proposed brief (Ex. 1) as amici curiae in support of motions for preliminary injunction (Dkts. 1142, 1143, 1149, 1150) filed by Plaintiffs Texas NAACP; United States Representatives Alexander Green and Jasmine Crockett; Gonzales Plaintiffs; and jointly by Brooks Plaintiffs, the Mexican American Legislative Caucus ("MALC"), and the League of United Latin American Citizens ("LULAC") (collectively, "Plaintiffs").

Amici are nonprofit and nonpartisan organizations representing over two million Asian, Asian American, Native Hawaiian, and Pacific Islander Texans, including substantial communities in the Houston, Dallas-Fort Worth, Austin, and San Antonio metropolitan areas. Amici's work involves encouraging civic engagement among these constituents, including via policy advocacy

1

during the 2025 redistricting process. The maps that Plaintiffs seek to enjoin directly undermine those efforts by intentionally splitting Asian American communities among multiple congressional districts, further exacerbating the existing underrepresentation of Asian Texans. These maps were developed during a rushed, opaque, and exclusionary mid-decade redistricting process that relied on unsound legal theories to target "coalition" districts where Asian, Black, and Latino voters exercise political power. *Amici* therefore share Plaintiffs' compelling interest in preventing the implementation of congressional maps under House Bill 4 ("HB 4") that would intentionally minimize the voting capacity of racial minority groups in Texas, and specifically that of Asian American voters. In addition, *Amici* request that any remedial map ordered by this Court respects and keeps whole the Asian communities of interest described in this brief.

Although this Court's Local Rules do not address amicus curiae briefs, federal courts have inherent authority to allow the filing of such briefs. *See, e.g.*, Order, *Division 80 L.L.C. v. Garland*, No. 3:22-CV-00148 (S.D. Tex. July 15, 2022) (Brown, J.) (granting motion for leave to file amicus brief); *United Nat'l Ins. Co. v. Mundell Terminal Sevs.*, 915 F. Supp. 2d 809 (W.D. Tex. 2012) (Guaderrama, J.) (considering an amicus brief along with pending summary judgment motions). In assessing whether to permit such a filing, district courts typically look to whether the proffered information is "timely and useful or otherwise necessary to the administration of justice." *Does 1-7 v. Round Rock Indep. Sch. Dist.*, 540 F. Supp. 2d 735, 739 n.2 (W.D. Tex. 2007) (cleaned up); *see also Canamar v. McMillin Tex. Mgmt. Servs., LLC*, 2009 U.S. Dist. LEXIS 108986, at *2 (W.D. Tex. Nov. 20, 2009) (granting motion for leave to file amicus briefing when the information supplied would be *potentially* useful to the Court). This Court has recognized the utility of amicus briefs where, as here, Amici seek to provide important context about "legal issues that have potential ramifications beyond the parties directly involved" or include "'unique information or

perspective that can help the court.'" *United States v. Texas*, 2022 WL 22878039, at *2 (W.D. Tex. Jan. 11, 2022) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061, 1067 (N.D. Cal. 2005)).

Amici's proposed brief addresses relevant and important issues that the parties' briefs have not fully developed and will assist the Court in resolving the pending motions for a preliminary injunction. Specifically, the proposed brief highlights the otherwise unaddressed effects of HB 4 on Asian communities, who despite being the fastest growing voting bloc in Texas, have been repeatedly discriminated against and prevented from electing representatives who are responsive to their needs. Asian Texans are significant constituencies in the districts targeted by HB 4, but they are not otherwise represented in this litigation. The proposed brief discusses how these communities have been subject to intense racial discrimination, vote dilution, and racial gerrymandering, including during the 2025 redistricting process. It aims to assist the Court in developing a full understanding of the irreparable harm that Asian communities face as a result of a rushed, underinclusive, and racially-discriminatory redistricting process.

For these reasons, Amici respectfully request that this motion be granted and that they be granted leave to file the attached proposed brief as amicus curiae.

Respectfully submitted,

*/s/ Sarah Xiyi Chen*

Sarah Xiyi Chen (TX Bar No. 24144784)
Veronikah Warms (TX Bar No. 24132682)*
Zachary Dolling (TX Bar No. 24105809)
Texas Civil Rights Project
P.O. Box 17757
Austin, Texas 78760
Telephone: (512) 474-5073
Fax: (512) 474-0726
schen@texascivilrightsproject.org
veronikah@texascivilrightsproject.org

3

zachary@texascivilrightsproject.org

Nina L.M. Oishi (TX Bar No. 24142250)
Texas Civil Rights Project
P.O. Box 1108
Houston, Texas 77251-1108
Telephone: (512) 474-5073
Fax: (512) 474-0726
noishi@texascivilrightsproject.org

Patrick Stegemoeller*
Asian American Legal Defense and Education Fund
99 Hudson Street, 12th Floor
New York, NY 10013
Telephone: (212) 966-5932
Fax: (212) 966 4303
pstegemoeller@aaldef.org

*Counsel for Amici Curiae*

*admitted *pro hac vice*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), I hereby certify that counsel for Amici Curiae conferred with counsel for Plaintiffs and Defendants by email on September 16, 2025, and all parties consented to the filing of the motion and the attached amicus brief.

/s/ *Sarah Xiyi Chen*
Sarah Xiyi Chen
*Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document and its attachments has been served on all counsel of record by using the CM/ECF system which will send notification of the filing to all counsel of record on September 17, 2025.

/s/ *Sarah Xiyi Chen*
Sarah Xiyi Chen
*Counsel for Amici Curiae*