UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| ALEXANDER GREEN, *et al.*, | § § § | EP-21-CV-00259-DCG-JES-JVB [Lead Case] |
| *Plaintiff-Intervenors*, | § § | |
| v. | § § | & |
| GREG ABBOTT, *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § § | All Consolidated Cases |
| *Defendants*. | § § § | |

ORDER PROVISIONALLY GRANTING
MOTION FOR ADMISSION PRO HAC VICE

Attorney Veronikah Rhea Warms has moved to appear *pro hac vice* on behalf of various *amici* in the above-captioned case.[1]

Ms. Warms has previously appeared *pro hac vice* in at least three other cases in this District.[2]  The Western District of Texas's January 6, 2014 Standing Order regarding *pro hac vice* fees states that once an "attorney not admitted to the bar of this Court" has "represent[ed] a party in any matter pending before this Court," that attorney must comply with "the full and complete admissions requirements . . . set forth in Local Court Rule AT-1" if she "wishes to practice in this Court in subsequent matters."[3]  "In plainer terms, once an attorney has appeared

---

[1] *See Pro Hac Vice* Mot., ECF No. 1178; *see also* Mot. Leave File Amicus Br., ECF No. 1188.

[2] *See Pro Hac Vice* Mot. at 2 (listing those cases).

[3] A copy of that Standing Order is available at https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Order-Regarding-Pro-Hac-Vice-Fees.pdf.

*pro hac vice* in the Western District of Texas, she must apply to become a member of the Western District of Texas's bar if she wishes to appear in another case in this District."[4]

The undersigned Judge's usual practice "when an attorney files a successive motion to appear *pro hac vice* in the Western District of Texas" is not to "deny that motion outright," but instead to "grant the motion subject to the condition that the attorney:"

(1)    "applies for admission to the Court's bar by a specified date;"

(2)    "pursues that application diligently;" and

(3)    "pays the applicable *pro hac vice* application fee."[5]

The panel will follow that practice here.

The Court therefore **GRANTS** Veronikah Rhea Warms's "Motion for Admission *Pro Hac Vice*" (ECF No. 1178) **IN PART**.

Ms. Warms **SHALL APPLY** for admission to practice before the U.S. District Court for the Western District of Texas on or before **October 20, 2025**.

Ms. Warms **SHALL PURSUE** that application diligently until the Court either admits her to practice or denies her application.

Should Ms. Warms fail to comply with those directives, the Court shall remove her as counsel of record in this case.

In the meantime, Ms. Warms **MAY** act as counsel of record in this case until the Court either admits her to practice before the Western District of Texas, denies her application for admission, or removes her as counsel of record for failure to comply with this Order.

---

[4] *See, e.g., Cacho v. Am. Health Plans, LLC*, No. 3:23-CV-00372, 2024 WL 3041017, at *1 (W.D. Tex. Jan. 3, 2024) (Guaderrama, J.).

[5] *See, e.g., id.*

- 3 -

If Ms. Warms has not already done so, she **SHALL TENDER** the $100 *pro hac vice*

application fee to the Clerk of Court immediately.

**So ORDERED and SIGNED this 18th day of September 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

*And on behalf of:*

| **Jerry E. Smith** | | **Jeffrey V. Brown** |
| **United States Circuit Judge** | *-and-* | **United States District Judge** |
| **U.S. Court of Appeals, Fifth Circuit** | | **Southern District of Texas** |