UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS,** *et al.*, | § § § § | |
| *Plaintiffs*, | § § | |
| **ALEXANDER GREEN,** *et al.*, | § § | **EP-21-CV-00259-DCG-JES-JVB** [Lead Case] |
| *Plaintiff-Intervenors*, | § § | & |
| v. | § § | **All Consolidated Cases** |
| **GREG ABBOTT,** *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § § | |
| *Defendants.* | § | |

## ORDER TO FILE CORRECTED CHART OF CLAIMS

The Court previously ruled that the Intervenor Plaintiffs only have Article III standing to challenge the voting districts where they live.[1] Thus, because there are only two Intervenor Plaintiffs remaining in this lawsuit,[2] the Intervenor Plaintiffs have standing to challenge (at most) two congressional districts at the upcoming preliminary injunction hearing.

---

[1] *See League of United Latin Am. Citizens v. Abbott*, No. 3:21-CV-00259, 2022 WL 4545757, at *4 (W.D. Tex. Sept. 28, 2022) ("The Supreme Court has held that plaintiffs who do not live in the district that is the primary focus of their racial gerrymandering claim lack standing to challenge gerrymandering in that district. . . . Thus, Intervenors lack standing to challenge alleged racial gerrymandering anywhere other than [the districts in which they reside]." (citation modified)); *id.* at *5 ("As for Intervenors' standing to pursue their *vote dilution* claims, the Supreme Court has likewise explained that the injury resulting from vote dilution is district specific. Mere proximity to other districts where vote dilution may have occurred does not create standing to challenge those districts. Thus, just as Intervenors lack standing to challenge racial gerrymandering in any district other than [the districts where they live], they also lack standing to challenge alleged vote dilution in those other districts." (citation modified)).

[2] *See generally* Order Granting Mot. Dismiss Claims Intervenor-Pls. Eddie Bernice Johnson & Sheila Jackson Lee, ECF No. 972.

In direct contravention of the Court's prior ruling, the Intervenor Plaintiffs indicated in the Plaintiffs' Joint "Chart of Claims to be Litigated at Preliminary Injunction Hearing" that they intend to challenge *six* congressional districts at the upcoming hearing.[3] Notably, this is the second time the Intervenor Plaintiffs have attempted to litigate claims they lack standing to pursue.[4]

The Court therefore **ORDERS** the Plaintiffs to **JOINTLY FILE** a Corrected Chart of Claims by **September 29, 2025** that **OMITS** any challenges by the Intervenor Plaintiffs that the Intervenor Plaintiffs lack standing to maintain.

---

[3] *See* Chart, ECF No. 1201-1, at 2–3 (stating that Intervenor Plaintiffs intend to litigate "[u]nconstitutional intentional racial vote dilution" and "[u]nconstitutional racial gerrymandering" challenges to "CD9, 18 and 29" and "CDs 30, 32 and 33").

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

[4] *See* Notice Intervenor Pls., ECF No. 992, at 1–2 ("On May 13, 2025, the Court dismissed the Intervenor Plaintiffs' challenge to Congressional District 18 because there's no longer any living Intervenor who has standing to challenge that district. On May 15, 2025, however, the Intervenors filed a pretrial brief that suggests that they still plan to pursue their CD18 challenge at trial. The Court therefore notifies the Intervenors that the Court will not permit them to pursue claims at trial that the Court has dismissed." (emphases omitted)).

- 3 -

**So ORDERED and SIGNED this 25th day of September 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

*And on behalf of:*

| | | |
|---|---|---|
| **Jerry E. Smith** | *-and-* | **Jeffrey V. Brown** |
| **United States Circuit Judge** | | **United States District Judge** |
| **U.S. Court of Appeals, Fifth Circuit** | | **Southern District of Texas** |