UNITED STATES DISTRICT COURT

For the Western District of Texas

Paso Division

L.U.L.A.C., et al.

    Plaintiffs,

v.

Gregg Abbott, in his official capacity as Governor of Texas, et al.

    Defendants.

---

Robert A. Heghmann,

    Plaintiff-Intervenor

v.

Alexander Green,

    Plaintiff-Intervenor,

and

State of Texas

    Defendant.

Case No. 3:21-CV-00259

DCG-JES-JVB (Lead Case)

FILED OCT 02 2025 CLERK, U.S. DISTRICT COURT WESTERN DISTRICT OF TEXAS BY ___ DEPUTY CLERK

---

**MOTION TO INTERVENE AS PLAINTIFF-INTERVENOR**

The Intervening Plaintiff is a voter in the 31st Congressional District. Alexander Green is the Representative in the 9th Congressional District. Jasmine Crocket Is the Representative in the 30th Congressional District. As a result of apportionment without regard to citizen characteristics,

1

votes cast in the the 9th and 39th Districts have a greater weight than the vote of the Intervening Plaintiff in the 31st District.

As a result of apportionment without regard for citizen characteristics, the votes cast in suburban/rural voting districts such as the 31st C.C. are debased and diluted when compared to urban voting districts such as the 9th and 30th C.D.s. In fact, fully half of the Congressional Districts in Texas and between 25% and 50% if the Congressional Districts in the United States are apportioned in violation of the One Person, One Vote Mandate.

As a rural voter who cast votes first in Virginia and more recently in Texas, the Intervening Plaintiff has had his votes debased and diluted repeatedly. As is discussed below, he has filed three law suits in U. S. District Courts, one in the Northern District of Virginia and two in the Western District of Texas to restore the weight of his vote. For reasons not made clear, the District Court Judges to whom the cases were assigned refused to convene a three-judge panel as requested in the complaints and required by the U.S. Code. As a result, their dismissal of the complaints are void. Technically, the two Western District of Texas cases are still open and should have been consolidated into this case months ago.

This Moton to Intervene is timely. Just in the last two weeks a new complaint was filed in this action concerning the re-apportionment of Congressional Districts in the recent Special Session signed into law by Governor Abbott on August 29th. That Complaint beginning at paragraph 49 discusses the application of One Person, One Vote to this case. Unfortunately, the drafter of that complaint has absolutely no idea what One Person, One Vote requires.

As is discussed in the Memorandum of Law in Support of this Motion, I am the only attorney in the U.S. who has represented a voter plaintiff in a federal court challenge to apportionment based upon the One Person, One Vote Mandate and citizen characteristics. The decision of the Three-Judge Panel in that case is the basis of my claim that half of the Congressional Districts in Texas are unconstitutional. It is my unique litigation experience which enables me to bring this Motion before the Court.

*Previous attempts by the Intervening Plaintiff to restore the weight of his vote*

This is the third time I have filed an action designed to restore the weight of my vote in a suburban or rural Congressional District. See, *Heghmann v. Trump*, No. 2:20-cv-159 (E.D. Va 2020), *Heghmann v. Kamela Harris*, No. 1:22-cv-00627 (W.D. Texas 2023) and *Heghmann v. Biden*, No. 6:24-cv-00076 (W.D. Texas 2024) In each case, I specified a Three-Judge Panel was required under 28 U.S.C. Sec. 2284. Under the U.S. Code, when a single judge decides issues requiring a three-judge panel, the judgment is void. This is set forth at 28 U.S.C. Sec. 2284(b)(3), ("in any action required to be heard and determined by a district court of three judges, a single judge shall not ...enter judgment on the merits.") Further, the First Circuit Court of Appeals has ruled that such a judgment entered by one judge cannot be appealed. *Igartua v. Obama*, 842 F.3d 149, 152 (1st Cir. 2016), *cert denied sub. nom, Igartua v. Trump*, 138 S. Ct. 2649 (2018) citing *Stratton v. St. Louis Sw. Ry. Co.*, 282 U.S. 10, 16 (1930). In the three previous cases, the judge to whom the case was assigned decided the issues. Thus, those three cases resulted in no decision on the merits and they could not be appealed.

In the cases I paid the $402 dollar filing fee. When the judges decided to decide the issues on their own, $804 of my money was flushed down the toilet. I am a retired attorney living on a fixed income. Since the district court in the Western District took my $402 filing fee and then denied me a meaningful hearing, I think it is fair to ask this Court to allow me to intervene in this case.

## Conclusion

The Motion to Intervene should be granted. Furthermore, the issues raised by the Intervening Plaintiff should be decided before this Court reaches any of the other issues before it. Otherwise, after a great deal of time and effort, this Court may have to re-apportion every Congressional District in this state.

Dated: September 26, 2025

Respectfully submitted,

Robert A. Heghmann
P.O. Box 2108
Leander, Texas 78646
Bob_Heghmann@Reagan.com

## CERTIFICATION

The Plaintiff-Intervenor hereby certifies that a copy of this certifies that a copy of this pleading was sent to the first Lead Counsel to be Notified listed for each remaining Party in this case via e-mail on September 26, 2025.

Robert A. Heghmann

4






US POSTAGE PAID
$11.00
Origin: 76513
09/29/25
4806750513-13

PRIORITY MAIL®

0 Lb 9.80 Oz

RDC 03

EXPECTED DELIVERY DAY: 10/02/25

C015

SHIP TO:
RM 105
525 MAGOFFIN AVE
EL PASO TX 79901-2578

USPS TRACKING® #
9505 5163 1683 5272 3364 20

FILED
OCT 02
U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEPUTY CLERK

FROM:
R. A. Heighmann
6736 Athens St.
Belton, TX
76513

TO:
U.S. District Clerk's Ofc
525 Magoffin Ave.
Suite 105
El Paso, TX
79901