# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, et al., <br><br> Defendants. | Civil Action <br><br> Lead Case No.: <br> 3:21-CV-00259-DCG-JES-JVB |
| CECILIA GONZALES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JANE NELSON, in her official capacity as Texas Secretary of State, and GREGORY WAYNE ABBOTT, in his official capacity as the Governor of Texas, <br><br> Defendants. | Consolidated Case No.: <br> 1:21-CV-00965-DCG-JES-JVB |

**GONAZALES PLAINTIFFS' MOTION TO RECONSIDER ORAL RULING SUSTAINING GOVERNOR ABBOTT'S ASSERTION OF LEGISLATIVE PRIVILEGE**

Plaintiffs in Case No. 1:21-cv-00965 (the "Gonzales Plaintiffs") respectfully request that the Court reconsider its oral ruling sustaining Defendant Governor Abbott's claims of legislative privilege with respect to the Governor's communications with Adam Kincaid and with White House officials. This Court rejected the application of legislative privilege to Governor Abbott in this very case in 2022, and nothing has changed since then. *LULAC v. Abbott*, No. EP-21-cv-00259-DCG-JES-JVB, 2022 WL 3233406, at *1 (W.D. Tex. Aug. 10, 2022) (ECF No. 526). If the Governor wanted to seek reconsideration of the Court's order, he should have done so through a timely motion for reconsideration—not via an oral objection during the cross-examination of a defense witness that the Governor elected to call.

## LEGAL STANDARD

The Court may reconsider a prior order under Rule 54(b) "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210-11 (5th Cir. 2010). "Rule 54(b) motions to reconsider interlocutory orders are considered more leniently than motions filed under the more exacting Rule 59(e) standard." *Bellard v. Univ. of Texas MD Anderson Cancer Ctr.*, No. 3:22-CV-88, 2023 WL 6371028, at *2 (S.D. Tex. Aug. 2, 2023) (quoting *Flores v. Harris*, No. CV H-17-3817, 2019 WL 3216581, at *2 (S.D. Tex. July 17, 2019)).

## ARGUMENT

**1.** This Court already held, in this case in 2022, that "Governor Abbott cannot invoke the legislative privilege" in connection with calling a special session because "the Governor does not exercise legislative power when calling a special session." *LULAC*, 2022 WL 3233406, at *1. In doing so, the Court rejected Governor Abbott's argument, echoed by his counsel today, that he can invoke the legislative privilege on the theory that "calling a special session can be understood as a

legislative action." *Id.* at *2. The Court based its ruling on the Texas Supreme Court's holding that under the Texas Constitution,

> The powers to veto legislation and call special legislative sessions belong constitutionally to the Governor, not the Legislature. [In doing either,] [t]he Governor has expressed his view on legislative priorities, as he is entitled to do, but he has not exercised the Legislature's power to order its own proceedings.

*Id.* at *2 (quoting *In re Turner*, 627 S.W.3d 654, 660 (Tex. 2021)) (alterations in original).

Under the law of the case doctrine, the Court's 2022 decision on this question "should continue to govern the same issues in subsequent stages in th[is] same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). The Court should revisit that decision only if it is "convinced that it is clearly erroneous and would work a manifest injustice." *Id.* at 618 n.8. The Governor has made no such showing—indeed, he did not even acknowledge the Court's prior ruling on this question.

Neither of the decades-old U.S. Supreme Court cases cited orally by the Governor's counsel at trial call into doubt the Court's previous conclusion, which turned on a question of Texas law. In *Bogan v. Scott-Harris*, 523 U.S. 44 (1998)—which the Governor also cited in the 2022 dispute, ECF 423 at 10—the Supreme Court held that the mayor of Fall River, Massachusetts was entitled to legislative immunity for his action because the "introduction of a budget and signing into law of an ordinance . . . were formally legislative, even though he was an executive official." *Id.* at 55. That, of course, says nothing about the legislative or executive nature of the Governor's power to call a special session under the Texas Constitution. And the other case, *Smiley v. Holm*, 285 U.S. 355 (1932), does not address legislative privilege *or* immunity. It holds only that the term "legislature" in Article 1, § 4 of the U.S. Constitution does not "render[] inapplicable the conditions which attach to the making of state laws," including the Governor's veto power, to the passage of congressional districts. *Id.* at 367–68. In so holding, the Supreme Court was clear that it was *not* defining the term "legislature" or the legislative process for all purposes. *See id.* at

3

366 ("Wherever the term 'legislature' is used in the Constitution, it is necessary to consider the nature of the particular action in view.").

**2.** The Governor's objection was based on the legislative privilege, but to the extent that the Governor tries instead to invoke the deliberative process privilege, that invocation also fails. As this Court also held in that same 2022 opinion, "deliberative process privilege protects *internal deliberations* so that executive officials' discussions will be candid and result in what's best for the public." *LULAC*, 2022 WL 3233406, at *2 (emphasis added). "[T]he executive waives that privilege when it shares materials outside of the executive branch, including with the legislature." *Id.* at *4 (citing *Gilby v. Hughs*, 471 F. Supp. 3d 763, 767-68 (W.D. Tex. 2020). Mr. Kincaid and White House officials are, of course, even further removed from the Texas executive branch—they are a private individual and employees of an entirely separate sovereign. Communications between Governor Abbott, Mr. Kincaid, and White House officials therefore are not "internal deliberations" of the executive branch. Governor Abbott has therefore waived the deliberative process privilege as to any communications involving Mr. Kincaid or White House officials.

Finally, *La Union del Pueblo Entero v. Abbott*, 93 F.4th 310, 321-23 (5th Cir. 2024), is not to the contrary. That case concerned the legislative privilege, not the deliberative process privilege, and its holding on waiver was based specifically on the scope of the legislative process, which has no applicability to the deliberative process privilege.

## CONCLUSION

For the foregoing reasons, the Court should reconsider its oral ruling and overrule Governor Abbott's assertion of any privilege relating to the Governor's conversations with Adam Kincaid or the White House.

Dated: October 7, 2025

Respectfully submitted,

*/s/ David R. Fox*
David R. Fox
Richard A. Medina
James J. Pinchak
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400f
Washington, D.C. 20001
Telephone: (202) 968-4490
dfox@elias.law
rmedina@elias.law
jpinchak@elias.law

Abha Khanna
**ELIAS LAW GROUP LLP**
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177
akhanna@elias.law

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on October 7, 2025, and that all counsel of record were served by CM/ECF.

*/s/ David R. Fox*