IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREG ABBOTT, et al., <br><br> Defendants. | Civil Action <br><br><br> Lead Case No.: <br> 3:21-CV-00259-DCG-JES-JVB |
| CECILIA GONZALES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JANE NELSON, in her official capacity as Texas Secretary of State, and GREGORY WAYNE ABBOTT, in his official capacity as the Governor of Texas, <br><br> Defendants. | <br><br><br><br> Consolidated Case No.: <br> 1:21-CV-00965-DCG-JES-JVB |

**GONAZALES PLAINTIFFS' MOTION FOR RULE 54(B) ENTRY OF FINAL JUDGMENT AS TO COUNT IV OF THEIR SECOND SUPPLEMENTAL COMPLAINT**

Plaintiffs in Case No. 1:21-cv-00965 (the "Gonzales Plaintiffs") file this motion for Rule 54(b) entry of final judgment as to Count IV of their Second Supplemental Complaint, ECF No. 1147 ("SSC"). Count IV of the SSC alleged that House Bill 4 was unconstitutionally malapportioned because it was based on five-year-old census data that no longer reflects Texas's current population distribution. The Gonzales Plaintiffs' pending August 28 preliminary injunction motion seeks preliminary relief based on Count IV, along with Counts I, II, and V. On September 30, however, the Court granted Texas's partial motion to dismiss Count IV for failure to state a claim. ECF No. 1226.

Whatever the Court's ruling on the pending preliminary injunction motion, the Gonzales Plaintiffs anticipate that it will almost certainly be appealed by one side or the other to the Supreme Court. *See* 28 U.S.C. § 1253. The Gonzales Plaintiffs respectfully submit that their Count IV malapportionment claim should be part of any such appeal. If the Gonzales Plaintiffs are correct that the districts created by HB 4 are unconstitutionally malapportioned, it would obviate the need for the Supreme Court to address other, more legally and factually complicated issues in this case. And while this Court has held that the Supreme Court's plurality opinion in *LULAC v. Perry* forecloses Count IV, 548 U.S. 399, 420–23 (2006), the Supreme Court might interpret that opinion differently, or choose to clarify it. To ensure that the Supreme Court has before it the full array of relevant issues in this case, and avoid unnecessary jurisdictional disputes, the Gonzales Plaintiffs respectfully request that this Court enter a partial final judgment on the Gonzales Plaintiffs' Count IV under Federal Rule of Civil Procedure 54(b) as part of the Court's ruling on the pending preliminary injunction motions.

The Gonzales Plaintiffs conferred with Defendants about this Motion, and Defendants indicated that they oppose it.

**ARGUMENT**

To avoid any complex jurisdictional questions that might arise in an appeal from this Court's forthcoming preliminary injunction order, and to ensure that the Supreme Court can review the merits of each of the Gonzales Plaintiffs' claims for relief at once, the Court should enter final judgment as to Count IV under Federal Rule of Civil Procedure Rule 54(b) when it decides the pending motions for a preliminary injunction. In particular, there remains a serious question as to the scope of the plurality opinion in *LULAC v. Perry*, 548 U.S. at 420–23, that forms the basis of this Court's September 30 ruling. Entering judgment now as to Count IV's *per se* malapportionment claim under Article I, § 2, which—if successful—has the potential to moot the remaining claims before this Court, will promote judicial efficiency by ensuring that the Supreme Court can review the merits of each of the Gonzales Plaintiffs' claims at once in any subsequent appeal.

"Once certified by the district court," "a Rule 54(b) judgment is a final decision capable of immediate appellate review." *Mandawala v. Baptist Sch. of Health Pros.*, No. SA-19-CV-01415-JKP-ESC, 2020 WL 10352339, at *1 (W.D. Tex. Nov. 23, 2020) (citation omitted). "A district court deciding whether to certify a judgment under Rule 54(b) must make two determinations." *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 539 (5th Cir. 1999) (citation omitted). First, there must be a "final judgment," meaning there is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). Second, "the court must 'determine whether there is any just reason for delay.'" *FCCI Ins. Co. v. Caraway*, No. 1:23-CV-00523-DAE, 2025 WL 1831018, at *2 (W.D. Tex. June 9, 2025) (quoting *Curtiss–Wright Corp.*, 446 U.S. at 8). "The determination of whether no just reason for delay exists is 'left to the sound judicial discretion of

the district court.'" *Mandawala*, 2020 WL 10352339, at *1 (quoting *Curtiss–Wright Corp.*, 446 U.S. at 8). Both prongs are satisfied here.

First, the Court's September 30, 2025, order dismissing the Gonzales Plaintiffs' Count IV is unquestionably a final judgment for purposes of Rule 54(b) because it is "an ultimate disposition of an individual claim," and was "entered in the course of a multiple claims action." *Curtiss–Wright Corp.*, 446 U.S. at 7 (citation omitted); *see also Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956) (concluding that a "dismissal constitutes a 'final decision' on individual claims" under Rule 54(b)).

Second, there is no "just reason for delay" in entering final judgment as to Count IV. Fed. R. Civ. P. 54(b). The Gonzales Plaintiff's Count IV is "separable from the other[]" claims that are "remaining to be adjudicated." *Curtiss–Wright Corp.*, 446 U.S. at 8. Each of the Gonzales Plaintiffs' remaining claims against HB 4 involve either determinations of the Texas Legislature's constitutionally impermissible *intent* in enacting HB 4 or HB 4's *discriminatory impact* against Hispanic and Black Texans. *See* SSC Count I (intentional vote dilution claim); Count II (racial gerrymandering claim); Count III (discriminatory effects claim under Section 2 of the Voting Rights Act); Count V (alleging impermissibility of the Texas Legislature's "consideration of racial information and pursuit of partisan advantage"). But those claims are legally separate from the Gonzales Plaintiffs' *per se* arguments under Count IV—that "HB 4 is unconstitutional at the outset because its districts are grossly and unjustifiably malapportioned." ECF No. 1149 at 20; *see also* ECF No. 1222 at 15 ("Count V is distinct from [Gonzales] Plaintiffs' malapportionment claim" under Count IV.). The Court recognized this distinction when it concluded that "[t]he Texas Legislature's motivations for mid-decade redistricting are a separate legal issue that does not bear on the outcome of the State Defendants' motion to dismiss." ECF No. 1226 at 4 n.16. While Count

4

IV and the remaining claims might "arise out of the same nucleus of facts," i.e., the passage of HB 4, "the fact that a similar claim remains before the district court does not necessarily preclude Rule 54(b)." *Mandawala*, 2020 WL 10352339, at *1 (quoting *H & W Indus., Inc. v. Formosa Plastics Corp.*, 860 F.2d 172, 175 (5th Cir. 1988)). Accordingly, they "present separate claims for relief and thus can be appealed separately upon certification under Rule 54(b)." *H & W Indus., Inc.*, 860 F.2d at 176 (affirming Rule 54(b) certification of Sherman Act claim where Clayton Act claim remained in district court, notwithstanding that the issue of "market share [was] relevant to both . . . claims").

Entry of judgment under Rule 54(b) alongside the Court's forthcoming preliminary injunction ruling will also advance "judicial administrative interests." *Curtiss–Wright Corp.*, 446 U.S. at 8. This Court will likely rule on the Gonzales Plaintiffs' likelihood of success as to their intentional discrimination and racial gerrymandering claims in its forthcoming preliminary injunction order, which will be reviewable by the Supreme Court as an order granting or denying an interlocutory injunction. 28 U.S.C. § 1253. Those claims present legal and factual questions that the Supreme Court would not need to resolve if it agrees with the Gonzales Plaintiffs on Count IV, and judicial efficiency therefore favors placing Count IV before the Supreme Court at the same time as the Gonzales Plaintiffs' other claims. *Cf. Easter v. Caldwell*, No. CIV.A. 14-0967, 2015 WL 6511862, at *1 (W.D. La. Oct. 27, 2015) (granting Rule 54(b) motion where appellate review over one claim could "enhance judicial efficiency because appellate reversal would no longer require the district court to retry the remaining claims" (citing *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 332 (5th Cir. 2002))).

To be sure, the Gonzales Plaintiffs believe that entry of final judgment under Rule 54(b) is unnecessary for Count IV to be before the Supreme Court in any appeal of a preliminary injunction

5

order. The Gonzales Plaintiffs sought a preliminary injunction on Count IV, and the Court's subsequent order dismissing Count IV is therefore "inextricably intertwined with the [preliminary] injunction ruling[]." *Targeted Just., Inc. v. Garland*, No. 23-20342, 2024 WL 1007469, at *1 (5th Cir. Mar. 8, 2024) (per curiam) (citation omitted) (exercising pendent jurisdiction over dismissal ruling where district court "denied the preliminary injunction because it had dismissed" the underlying claims), *cert. denied*, 145 S. Ct. 277 (2024); *see also Jiao v. Xu*, 28 F.4th 591, 596 (5th Cir. 2022); *Roake v. Brumley*, 141 F.4th 614, 629 (5th Cir. 2025); *In re Lease Oil Antitrust Litig. (No. II)*, 200 F.3d 317, 319–20 (5th Cir. 2000); *Arc of Cal. v. Douglas*, 757 F.3d 975, 994 (9th Cir. 2014); *Pathways, Inc. v. Dunne*, 329 F.3d 108, 113 (2d Cir. 2003); *Petrella v. Brownback*, 787 F.3d 1242, 1255 (10th Cir. 2015); *Cath. Healthcare Int'l, Inc. v. Genoa Charter Twp.*, 82 F.4th 442, 448 (6th Cir. 2023). But because pendent jurisdiction is generally disfavored, *see Johnson v. Bowe*, 856 F. App'x 487, 491 (5th Cir. 2021), district courts regularly grant Rule 54(b) motions in similar circumstances, ensuring appellate jurisdiction over dismissal rulings even where pendent jurisdiction likely would have existed. *See, e.g.*, *Long Term Care Partners, LLC v. United States*, No. CIV. JFM-06-475, 2006 WL 3537784, at *1 (D. Md. Aug. 15, 2006) ("[I]n light of the fact that plaintiff has stated his intention to appeal my denial of his motion for a preliminary injunction, I am fully satisfied that 'there is no just reason for delay' in appealing my [dismissal] ruling on the merits."); *Amgen Inc. v. Sandoz Inc.*, No. 3:14-CV-04741-RS, 2015 WL 13688445 (N.D. Cal. Mar. 25, 2015) (similar). And the Gonzales Plaintiffs submit that the interests of justice favor entry of a Rule 54(b) judgment to avoid an unnecessary jurisdictional fight.

To avoid any potential jurisdictional questions down the road and to ensure that each of the Gonzales Plaintiffs' claims are reviewed at once, the Court should enter judgment under Rule 54(b) as to Count IV when it issues its preliminary injunction order on the remaining claims.

## CONCLUSION

For the foregoing reasons, the Court should enter final judgment as to Count IV of the Gonzales Plaintiffs' Second Supplemental Complaint under Federal Rule of Civil Procedure 54(b).

Dated: October 9, 2025

                                             Respectfully submitted,

                                             */s/ David R. Fox*
                                             David R. Fox
                                             Richard A. Medina
                                             James J. Pinchak
                                             **ELIAS LAW GROUP LLP**
                                             250 Massachusetts Avenue NW, Suite 400
                                             Washington, D.C. 20001
                                             Telephone: (202) 968-4490
                                             dfox@elias.law
                                             rmedina@elias.law
                                             jpinchak@elias.law

                                             Abha Khanna
                                             **ELIAS LAW GROUP LLP**
                                             1700 Seventh Ave, Suite 2100
                                             Seattle, WA 98101
                                             Telephone: (206) 656-0177
                                             akhanna@elias.law

                                             *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on October 9, 2025, and that all counsel of record were served by CM/ECF.

                                              */s/ David R. Fox*