**U.S. Department of Justice**

Civil Rights Division

---

Office of the Assistant Attorney General　　　　　　　　　Washington, D.C. 20530

July 7, 2025

The Honorable Gregory Abbott
Office of the Governor
Texas Capitol
1100 Congress Avenue, 2S.1
Austin, Texas 78701

The Honorable Ken Paxton
Office of the Attorney General of Texas
Attention: Austin Kinghorn/Ryan Walters
Post Office Box 12548
Austin Texas 78711-2548

　　　　Re:　Unconstitutional Race-Based Congressional Districts
　　　　　　TX-09, TX-18, TX-29 and TX-33

Dear Governor Abbott and Attorney General Paxton,

　　　　This letter will serve as formal notice by the Department of Justice to the State of Texas of serious concerns regarding the legality of four of Texas's congressional districts. As stated below, Congressional Districts TX-09, TX-18, TX-29 and TX-33 currently constitute unconstitutional "coalition districts" and we urge the State of Texas to rectify these race-based considerations from these specific districts.

　　　　In *Allen v. Milligan*, 599 U.S. 1, 45 (2023), Justice Kavanaugh noted that "even if Congress in 1982 could constitutionally authorize race-based redistricting under § 2 for some period of time, the authority to conduct race-based redistricting cannot extend indefinitely into the future." 599 U.S. 1, (Kavanaugh, J., concurring). In *SFFA v. Harvard*, the Supreme Court reiterated that "deviation from the norm of equal treatment" on account of race "must be a temporary matter." 600 U.S. 181, 228 (2023). When race is the predominant factor above other traditional redistricting considerations including compactness, contiguity, and respect for political subdivision lines, the State of Texas must demonstrate a compelling state interest to survive strict scrutiny.

PI-1

It is well established that so-called "coalition districts" run afoul the Voting Rights Act and the Fourteenth Amendment. In *Petteway v. Galveston County*, No. 23-40582 (5th Cir. 2024), the en banc Fifth Circuit Court of Appeals made it abundantly clear that "coalition districts" are not protected by the Voting Rights Act. This was a reversal of its previous decision in *Campos v. City of Baytown*, 840 F.2d 1240 (5th Cir. 1988). In *Petteway*, the Fifth Circuit aligned itself with the Supreme Court's decision in

*Bartlett v. Strickland*, 556 U.S. 1 (2009), and determined that a minority group must be geographically compact enough to constitute more than 50% of the voting population in a single-member district to be protected under the Voting Rights Act. *See also Thornburg v. Gingles*, 478 U.S. 30 (1986). Opportunity and coalition districts are premised on either the combining of two minority groups or a minority group with white crossover voting to meet the 50% threshold. Neither meets the first *Gingle's* precondition. Thus, the racial gerrymandering of congressional districts is unconstitutional and must be rectified immediately by state legislatures.

It is the position of this Department that several Texas Congressional Districts constitute unconstitutional racial gerrymanders, under the logic and reasoning of *Petteway*. Specifically, the record indicates that TX-09 and TX-18 sort Houston voters along strict racial lines to create two coalition seats, while creating TX 29, a majority Hispanic district. Additionally, TX-33 is another racially-based coalition district that resulted from a federal court order years ago, yet the Texas Legislature drew TX-33 on the same lines in the 2021 redistricting. Therefore, TX-33 remains as a coalition district.

Although the State's interest when configuring these districts was to comply with Fifth Circuit precedent prior to the 2024 *Petteway* decision, that interest no longer exists. Post-*Petteway*, the Congressional Districts at issue are nothing more than vestiges of an unconstitutional racially based gerrymandering past, which must be abandoned, and must now be corrected by Texas.

Please respond to this letter by July 7, 2025, and advise me of the State's intention to bring its current redistricting plans into compliance with the U.S. Constitution. If the State of Texas fails to rectify the racial gerrymandering of TX-09, TX-18, TX-29 and TX 33, the Attorney General reserves the right to seek legal action against the State, including without limitation under the 14th Amendment.

Respectfully,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

MICHAEL E. GATES
Deputy Assistant Attorney General
Civil Rights Division