UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS,** *et al.*, | § § § § | |
| *Plaintiffs*, | § § | |
| **ALEXANDER GREEN,** *et al.*, | § § | EP-21-CV-00259-DCG-JES-JVB [Lead Case] |
| *Plaintiff-Intervenors*, | § § | & |
| v. | § § | All Consolidated Cases |
| **GREG ABBOTT,** *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § § | |
| *Defendants*. | § | |

## ORDER GRANTING MOTION FOR PARTIAL FINAL JUDGMENT

The Gonzales Plaintiffs claim that Texas's 2025 congressional map is unconstitutionally malapportioned because it relies on the decennial census's population figures without accounting for intervening population changes.[1] The Court previously granted the State Defendants' motion to dismiss that claim.[2] On October 9, 2025, the Gonzales Plaintiffs moved pursuant to Federal Rule of Civil Procedure 54(b) for a partial final judgment on their malapportionment claim.[3] For the following reasons, the Court **GRANTS** the Motion.

---

[1] *See* Gonzales Pls.' 2d Suppl. Compl., ECF No. 1147, at 62–64.

[2] *See generally* Mem. Op. & Order, ECF No. 1226.

[3] *See generally* Mot., ECF No. 1265.

*See also* FED. R. CIV. P. 54(b) ("When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.").

The Gonzales Plaintiffs conferred with the State Defendants in accordance with Western District of Texas Local Rule CV-7(G) before filing their Motion.[4]  The State Defendants "indicated that they oppose" the Motion.[5]  However, the State Defendants never filed a formal response to the Motion, and their time to do so has expired.[6]  Thus, under the Local Rules, the Court may grant the Motion as unopposed.[7]

In any event, the Court independently concludes that it's proper to enter a partial final judgment on the malapportionment claim.  Because the Gonzales Plaintiffs and the other Plaintiff Groups still have live claims in this case, the Court's order dismissing the malapportionment claim "is an ultimate disposition of an individual claim entered in the course of a multiple claims action."[8]  The Court also "expressly determines," for the reasons stated in the Gonzales Plaintiffs' Motion, "that there is no just reason for delay here."[9]

Accordingly, the Court **GRANTS** the "Gonzales Plaintiffs' Motion for Rule 54(b) Entry of Final Judgment as to Count IV of their Second Supplemental Complaint" (ECF No. 1265).

The Court will issue the partial final judgment separately.

---

[4] *See* Mot. at 2; *see also* W.D. TEX. L.R. CV-7(G).

[5] *See* Mot. at 2.

[6] *See* W.D. TEX. L.R. CV-7(D)(2) (providing, with various exceptions, that a response to a motion "shall be filed not later than 14 days after the filing of the motion").

[7] *See id.* ("If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.").

[8] *See, e.g.*, *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 539 (5th Cir. 1999).

[9] *See* FED. R. CIV. P. 54(b); *see generally* Mot.

- 3 -

**So ORDERED and SIGNED this 21st day of November 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

*And on behalf of:*

| **Jerry E. Smith** | | **Jeffrey V. Brown** |
| **United States Circuit Judge** | *-and-* | **United States District Judge** |
| **U.S. Court of Appeals, Fifth Circuit** | | **Southern District of Texas** |