UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS**, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| **ALEXANDER GREEN**, *et al.*, | § § § | **EP-21-CV-00259-DCG-JES-JVB** **[Lead Case]** |
| *Plaintiff-Intervenors*, | § § | **&** |
| v. | § § | **All Consolidated Cases** |
| **GREG ABBOTT**, *in his official capacity as Governor of the State of Texas*, *et al.*, | § § § § | |
| *Defendants*. | § | |

### ORDER DENYING MOTION TO INTERVENE AS PLAINTIFF-INTERVENOR

*Pro se* litigant Robert A. Heghmann has moved to intervene in the above-captioned case.[1] This Motion suffers from several fatal flaws. First, it is untimely under Fed. R. Civ. P. 24(b)(1)(B).[2] Second, it seeks to improperly "inject collateral issues" into the case.[3] Third, it ignores this District's prior dismissal of the exact same claims.[4]

---

[1] *See generally* Mot. Intervene, ECF No. 1239; *see also* Mem. Law, ECF No. 1240.

[2] *See Louisiana v. Burgum*, 132 F.4th 918, 923 (5th Cir. 2025) (citation modified). *Cf. Van Valin v. Gutierrez*, No. 08-941, 2008 WL 7759966, at *2 (D.D.C. Aug. 19, 2008) (ruling that motion to intervene filed "only two days before the preliminary injunction hearing" "was not timely"); *see also United States ex rel. Hernandez v. Team Fin., L.L.C.*, 80 F.4th 571, 578 (5th Cir. 2023) ("Whether intervention is timely is largely committed to the discretion of the district court." (citation modified)).

Other procedural mechanisms for intervention do not apply here. *See* FED. R. CIV. P. 24(a)(1), 24(a)(2), and (b)(1)(A); *see also* Mot. Intervene at 1–4.

[3] *Wash. Elec. Coop, Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990); *see* Proposed Compl., ECF No. 1239-1, at 17 (seeking declaratory judgment on the constitutionality of federal budgets from 2010 to present).

[4] Although Mr. Heghmann maintains that the District's dismissal was "void" because the Prior Court "refused to convene a three-judge panel" to adjudicate his claims, Mot. Intervene at 2, the Prior Court considered and rejected that very argument, and the docket contains no indication that Mr.

- 1 -

Accordingly, the Court **DENIES** Robert A. Heghmann's "Motion to Intervene as Plaintiff-Intervenor" (ECF No. 1239).

The Clerk of Court **SHALL MAIL** this Order to:

Robert A. Heghmann
P.O. Box 2108
Leander, TX 78646

**So ORDERED and SIGNED this 17th day of December 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

*And on behalf of:*

| **Jerry E. Smith** | | **Jeffrey V. Brown** |
| **United States Circuit Judge** | *-and-* | **United States District Judge** |
| **U.S. Court of Appeals, Fifth Circuit** | | **Southern District of Texas** |

---

Heghmann appealed the Prior Court's ruling. *Compare* Plaintiff's Motion for Relief from Judgment at 4, *Heghmann v. Harris*, No. 1:22-cv-00627 (W.D. Tex. Jan. 20, 2023), ECF No. 25, *with* Order at 1–2, *Heghmann v. Harris*, No. 1:22-cv-00627 (W.D. Tex. Jan. 27, 2023), ECF No. 26. *See Heghmann v. Harris*, No. 1:22-CV-627, 2022 WL 22837526, at *2–4 (W.D. Tex.), *report and recommendation accepted by* 2022 WL 22837524 (W.D. Tex. Dec. 15, 2022).